# EXHIBIT B

Stephen A. Swedlow (admitted *pro hac vice*)
  stephenswedlow@quinnemanuel.com
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606-1881
(312) 705-7400

Kevin Y. Teruya (Bar No. 235916)
  kevinteruya@quinnemanuel.com
Adam B. Wolfson (Bar No. 262125)
  adamwolfson@quinnemanuel.com
Brantley I. Pepperman (Bar No. 322057)
  brantleypepperman@quinnemanuel.com
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
(213) 443-3000

Warren Postman (Bar No. 330869)
  wdp@kellerlenkner.com
Jason Ethridge (*pro hac vice forthcoming*)
  jason.ethridge@kellerlenkner.com
**KELLER LENKNER LLC**
1300 I Street, N.W., Suite 400E
Washington, DC 20005
(202) 918-1123

Ashley Keller (*pro hac vice forthcoming*)
  ack@kellerlenkner.com
Benjamin Whiting (*pro hac vice forthcoming*)
  ben.whiting@kellerlenkner.com
**KELLER LENKNER LLC**
150 N. Riverside Plaza, Suite 4270
Chicago, IL 60606
(312) 741-5220

*Attorneys for Non-Parties Maximilian Klein and Sarah Grabert and the Putative Antitrust Consumer and Unjust Enrichment Consumer Classes*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| REVEAL CHAT HOLDCO, LLC, a Delaware limited liability company, USA TECHNOLOGY AND MANAGEMENT SERVICES, INC. (d/b/a Lenddo USA), a Delaware corporation, and BEEHIVE BIOMETRIC, INC., a dissolved Delaware corporation,<br><br>*Plaintiffs,*<br><br>vs.<br><br>FACEBOOK, INC., a Delaware corporation headquartered in California,<br><br>*Defendant.* | Case No. 5:20-cv-00363-BLF<br><br>***KLEIN* PLAINTIFFS' OPPOSITION TO FACEBOOK'S MOTION FOR ADMINISTRATIVE RELIEF TO CONSIDER WHETHER CASES SHOULD BE RELATED**<br><br>Judge: The Honorable Beth Labson Freeman |

# INTRODUCTION

Facebook, Inc.'s ("Facebook") motion, dkt. 85 ("Mot."), incorrectly presumes that *any* two antitrust cases against Facebook are necessarily related. But *Maximilian Klein, et al., v. Facebook, Inc.*, Case No. 5:20-cv-08570-LHK ("*Klein*") and *Reveal Chat Holdco LLC*, *et al.*, *v. Facebook, Inc.*, 5:20-cv-00363-BLF ("*Reveal Chat*") are two ships passing in the night. *Klein* involves Facebook's deception of **consumers** regarding its privacy practices, which induced them to use Facebook, Instagram, and WhatsApp and allowed Facebook to amass and retain users at the expense of competitors like MySpace and Google+. By contrast, *Reveal Chat* involves Facebook's conduct towards **app developers**, primarily focusing on its refusals to provide them data from its "Platform"—a sort of operating system. These distinctions present fundamental and meaningful differences between *Klein* and *Reveal Chat*: different plaintiffs, different classes, different counsel, different legal theories, different product markets, different geographic markets, different injuries, and different claims.[1] In light of these differences, there is minimal risk of repetitive labor and expense or conflicting results should these cases be heard by different judges.

Civil Local Rule 3-12 provides that "[a]n action is related to another when: (1) The actions concern substantially the same parties, property, transaction or event; *and* (2) It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." N.D. Cal. L.R. 3-12(a) (emphasis added). The rule is written in the conjunctive—*both* elements are necessary for two actions to be deemed "related." And, the burden is on the party seeking relation—Facebook—to show these requirements are met. *ESS Tech., Inc. v. PC-Tel, Inc.*, No. 01-cv-01300-VRW, 2001 WL 1891713, at *3 (N.D. Cal. Nov. 28, 2001). Because neither (let alone both) of these elements is present, Facebook's motion should be denied.

---

[1] Facebook concedes that *Klein* and *Reveal Chat* involve different relevant markets consisting of different product markets and geographic markets. Mot. at 4. *Reveal Chat* concerns the **Social Data Market** and the **Social Advertising Market**, both in the United States and globally. *Reveal Chat*, Dkt. 62 at ¶¶ 333, 421. By contrast, *Klein* concerns the **Social Network Market** and the **Social Media Market** in the United States only. *Klein*, Dkt. 1 at ¶¶ 13, 74.

-1- Case No. 5:20-cv-00363-BLF
*KLEIN* PLAINTIFFS' OPPOSITION TO FACEBOOK'S MOTION FOR ADMINISTRATIVE RELIEF

## ARGUMENT

**I. The Cases Do Not Concern Substantially the Same Parties, Transaction, or Event.**

*The Cases Involve Different Plaintiffs, Classes, and Counsel.*

Courts in this district routinely deny motions to relate where the two cases involve different plaintiffs, different classes, and different counsel. *See, e.g.*, *Tecson v. Lyft, Inc.*, No. 18-cv-06782-YGR, 2019 WL 1903263, at *3 (N.D. Cal. Apr. 29, 2019); *DeSoto Cab Co., Inc. v. Uber Techs., Inc.*, No. 16-cv-06385-JSW (N.D. Cal. Jan. 7, 2019), Dkt. 76; *City of San Jose v. Office of the Commission of Baseball*, No. 13-cv-02787-RMW (N.D. Cal. Mar. 2, 2015), Dkt. 69; *Nozolino v. Hartford Life & Acc. Ins. Co.*, No. 12-cv-04314-JST, 2013 WL 2468350, at *1 (N.D. Cal. June 7, 2013). That is precisely the situation here.

*First*, as Facebook implicitly concedes, the *Klein* and *Reveal Chat* plaintiffs are not the same; nor are they even remotely similar. The *Klein* plaintiffs are two individuals, Maximilian Klein and Sarah Grabert, who created Facebook accounts and used Facebook's social network and social media products—Facebook, Instagram, WhatsApp, and Messenger—to interact with their friends and families. *Klein*, Dkt. 1 ¶¶ 18–25. The *Reveal Chat* plaintiffs are corporate entities—application developer companies that use Facebook's Platform, akin to an operating system, to "produce[] apps that consume social data, harvest social data, and/or monetize social data." *Reveal Chat*, Dkt. 62 at ¶¶ 18–65, 334.

*Second*, contrary to Facebook's assertion, Mot. at 4–5, the putative classes are not substantially similar in any way. *Reveal Chat* involves a putative class of **app developers** who have a business-to-business relationship with Facebook. *Id.* at ¶ 478. *Klein* involves a putative class of **Facebook users** who have a consumer relationship with Facebook.

*Third*, the *Reveal Chat* and *Klein* plaintiffs are represented by different counsel.

Because the classes in *Reveal Chat* and *Klein* are "significantly different, if not wholly separate," "the factual inquiries for each putative class would be unique." *Tecson*, 2019 WL 1903263, at *3. Under Facebook's reading, practically every action involving the same general area of law against the same defendant would be related. But courts in this district regularly reject that view. *See, e.g.*, *City*, Dkt. 69 at 2 (denying motion to relate cases which "generally involve

the application of the long-standing baseball antitrust exemption" because, *inter alia*, "the cases involve different plaintiffs and plaintiffs' counsel."); *DeSoto Cab Co.*, Dkt. 76 (denying motion to deem two antitrust cases related simply because cases featured same defendant, Uber, and same statute, the Sherman Act); *Nozolino*, 2013 WL 2468350, at *1 (denying motion to relate because "[t]he only ties between this case and *Arko* are that both cases involved claims brought under ERISA and that Hartford is a defendant in both actions.").

***The Cases Involve Different Exclusionary Conduct, During Different Time Periods, Aimed at Different Participants in Different Markets, and Resulting in Different Injuries.***

The gravamen of the *Klein* plaintiffs' claims is that—as early as 2007 and continuing until at least as recently as May 2020[2]—Facebook engaged in an anticompetitive scheme to amass market share by deceiving users into choosing Facebook over its competitors based on Facebook's avowed commitment to its users' privacy. *Klein*, Dkt. 1 at ¶¶ 3, 106–07, 113–14, 130–31, 188. As Facebook concedes in its motion, Mot. at 4, this theory appears *nowhere* in *Reveal Chat*.[3]

The different exclusionary conduct alleged in each case—Facebook's deception of ***users*** in *Klein* versus Facebook's mistreatment of ***developers*** in *Reveal Chat*—reflects another fundamental difference between the two cases: each case involves different relevant product markets. *See Adobe Sys. Inc. v. A & S Elecs., Inc.*, No. 15-cv-2288-SBA, 2016 WL 9105173, at *3 (N.D. Cal. Oct. 13, 2016) (determining "*Adobe I* and *Adobe II* are not 'related'" because "different software products are at issue in each case."). Indeed, these distinctions in product markets *and* geographic markets provide yet another basis for denying Facebook's motion. *See DeSoto,* No. 16-cv-06385-JSW, Dkt. 76 (denying motion to relate two antitrust cases featuring same defendant where, *inter alia*, cases presented different product markets and different geographic markets).

Facebook's motion places talismanic weight on several instances in which the *Reveal Chat*

---

[2] *Reveal Chat* relies on Facebook's conduct between 2012 and 2015. *Reveal Chat*, Dkt. 62 ¶ 6.

[3] The *Klein* plaintiffs describe other events that appear nowhere in the *Reveal Chat* plaintiffs' complaint including, *inter alia*: (1) Facebook's deception regarding its "Beacon" program in 2007; (2) Facebook's deception regarding its 2010 introduction of the "Like" Button; (3) Facebook's deception regarding its compliance with its 2012 settlement with the Federal Trade Commission; and (4) Facebook's 2020 acquisition of Giphy. *Id.* at ¶¶ 106–07, 113–14, 130–31, 188.

and *Klein* complaints use similar language to describe basic events including Facebook's acquisition of Instagram and WhatsApp, its data-sharing agreements with app developers, its acquisition and use of Onavo, and its dealings with Snapchat. *See* Mot. at 1–4. But, as this Court has recognized, that two cases reference some of the same facts is insufficient where "there are myriad case-specific facts and issues that do not overlap." *ASUS Computer Int'l v. Interdigital, Inc.*, No. 15-cv-01716-BLF, 2015 WL 13783764, at *1 (N.D. Cal. June 15, 2015) (Freeman, J.). That is the case here.

Facebook's argument that "the complaints . . . claim similar anticompetitive effects" similarly misses the mark. Mot. at 4. The *Reveal Chat* plaintiffs allege that "Facebook's anticompetitive scheme has allowed it to raise prices [charged to **app developers**] for social data and for social advertising[.]" *Reveal Chat*, Dkt. 62 at ¶ 443. The *Klein* plaintiffs assert that Facebook's anticompetitive conduct has caused **consumers** to receive less value for their data than they would have in the but-for world. *Klein*, Dkt. 1 at ¶¶ 11, 204. The two cases allege different anticompetitive impacts in entirely different product markets on entirely different groups. The *Reveal Chat* developers assert they should have had access to Facebook users' data, while the *Klein* consumers claim that they should have received more compensation for access to their data.[4]

## II. Litigating the Cases Separately Will Not Duplicate Labor or Risk Conflicting Results.

Although this Court has expended time and effort in *Reveal Chat* to date, evaluating the new and wholly different factual and legal issues presented in *Klein* will require judicial time and resources that are not conserved by relation.[5] *See ASUS*, 2015 WL 13783764, at *1 (Freeman, J.) ("the cases can proceed before different judges without being unduly burdensome because there

---

[4] And, Facebook fails to mention that unlike *Reveal Chat*, *Klein* includes an unjust enrichment claim. *See Adobe*, 2016 WL 9105173, at *3 (denying motion to relate cases because, *inter alia*, "the claims are different."); *accord ASUS*, 2015 WL 13783764, at *1 (Freeman, J.).

[5] Facebook argues that it would be inefficient to have "two different judges govern discovery disputes." Mot. at 5. But because the two cases are legally and factually distinct, discovery in each case is likely to present different discovery disputes. Moreover, no Magistrate Judge has yet been assigned in *Reveal Chat*. Should a discovery dispute arise in *Reveal Chat*, Local Rule 72-1 would allow the Court to refer the dispute to the same Magistrate Judge to whom discovery disputes have been referred in *Klein*.

are myriad case-specific facts and issues that do not overlap[.]"). Should the Court dismiss the *Reveal Chat* plaintiffs' claims with prejudice, there will be even less efficiency to be gained.

Facebook argues that absent relation, there is a risk of conflicting results since it "anticipates raising similar defenses" in both cases regarding statute of limitations and exclusionary conduct. Mot. at 4. But Facebook conflates deciding issues *differently* with deciding them *inconsistently*. The limitations inquiry necessarily turns on the facts of each case, including what plaintiffs or Class members knew, or what Facebook represented to them, at a given time. Because the plaintiffs, Classes, and relevant conduct are different in *Reveal Chat* and *Klein*, resolution of the limitations issue in one case does not dictate the resolution of the issue in the other case.[6] Similarly, resolution of whether the *Reveal Chat* plaintiffs sufficiently alleged exclusionary conduct based on Facebook's refusal to deal with competing developers has no bearing on the *Klein* plaintiffs' exclusionary conduct theory based on consumer deception. *Cf. City*, No. 13-cv-02787-RMW, Dkt. 69 at 3 (declining to relate cases because "[w]hile . . . both cases ultimately turn on the application of the baseball antitrust exemption, the specific legal issues are largely distinct.").

Finally, Facebook raises the Federal Trade Commission's filing of a case against Facebook in the District of Columbia. Mot. at 5. If anything, the existence of another case against Facebook outside this district only confirms that relation of *Reveal Chat* and *Klein* would not mitigate any risk of inconsistent rulings. *See Hynix Semiconductor Inc. v. Rambus Inc.*, No. 00-cv-20905-RMW, 2008 WL 3916304, at *2 (N.D. Cal. Aug. 24, 2008) ("Conflicting results could occur on some issues and have occurred in the past. But relating the cases would not meaningfully mitigate that risk given the many jurisdictions in which *Rambus* cases are pending.").

## CONCLUSION

For these reasons, Facebook's motion should be denied.

---

[6] The same is true even were the cases to be related. *See, e.g.*, *Ryan v. Microsoft Corp.*, 147 F. Supp. 3d 868, 877 (N.D. Cal. 2015) (dismissing antitrust claims on statute of limitations grounds notwithstanding fact that same court denied motion to dismiss antitrust claims in related *In re High-Tech Employee Antitrust Litigation* on statute of limitations grounds).

*KLEIN* PLAINTIFFS' OPPOSITION TO FACEBOOK'S MOTION FOR ADMINISTRATIVE RELIEF

| | |
|---|---|
| Dated: December 14, 2020 | Respectfully submitted, |
| | */s/ Adam B. Wolfson* |
| Stephen A. Swedlow (admitted *pro hac vice*)<br>  stephenswedlow@quinnemanuel.com<br>**QUINN EMANUEL URQUHART & SULLIVAN, LLP**<br>191 N. Wacker Drive, Suite 2700<br>Chicago, IL 60606-1881<br>(312) 705-7400 | Warren Postman (Bar No. 330869)<br>  wdp@kellerlenkner.com<br>Jason Ethridge (*pro hac vice forthcoming*)<br>  jason.ethridge@kellerlenkner.com<br>**KELLER LENKNER LLC**<br>1300 I Street, N.W., Suite 400E<br>Washington, DC 20005<br>(202) 918-1123 |
| Kevin Y. Teruya (Bar No. 235916)<br>  kevinteruya@quinnemanuel.com<br>Adam B. Wolfson (Bar No. 262125)<br>  adamwolfson@quinnemanuel.com<br>Brantley I. Pepperman (Bar No. 322057)<br>  brantleypepperman@quinnemanuel.com<br>**QUINN EMANUEL URQUHART & SULLIVAN, LLP**<br>865 South Figueroa Street, 10th Floor<br>Los Angeles, CA 90017-2543<br>(213) 443-3000 | Ashley Keller (*pro hac vice forthcoming*)<br>  ack@kellerlenkner.com<br>Ben Whiting (*pro hac vice forthcoming*)<br>  ben.whiting@kellerlenkner.com<br>**KELLER LENKNER LLC**<br>150 N. Riverside Plaza, Suite 4270<br>Chicago, IL 60606<br>(312) 741-5220 |
| | *Attorneys for Non-Parties Maximilian Klein and Sarah Grabert and the Putative Antitrust Consumer and Unjust Enrichment Consumer Classes* |

## **ATTESTATION OF ADAM B. WOLFSON**

This document is being filed through the Electronic Case Filing (ECF) system by attorney Adam B. Wolfson. By his signature, Mr. Wolfson attests that he has obtained concurrence in the filing of this document from each of the attorneys identified on the caption page and in the above signature block.

Dated: December 14, 2020     By  */s/ Adam B. Wolfson*
                                  Adam B. Wolfson

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 14th day of December 2020, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System, causing the document to be served on all attorneys of record in this case.

                                  By  */s/ Adam B. Wolfson*
                                      Adam B. Wolfson

| | |
|---|---|
| Stephen A. Swedlow (admitted *pro hac vice*)<br>  stephenswedlow@quinnemanuel.com<br>**QUINN EMANUEL URQUHART & SULLIVAN, LLP**<br>191 N. Wacker Drive, Suite 2700<br>Chicago, IL 60606-1881<br>(312) 705-7400<br><br>Kevin Y. Teruya (Bar No. 235916)<br>  kevinteruya@quinnemanuel.com<br>Adam B. Wolfson (Bar No. 262125)<br>  adamwolfson@quinnemanuel.com<br>Brantley I. Pepperman (Bar No. 322057)<br>  brantleypepperman@quinnemanuel.com<br>**QUINN EMANUEL URQUHART & SULLIVAN, LLP**<br>865 South Figueroa Street, 10th Floor<br>Los Angeles, CA 90017-2543<br>(213) 443-3000 | Warren Postman (Bar No. 330869)<br>  wdp@kellerlenkner.com<br>Jason Ethridge (*pro hac vice forthcoming*)<br>  jason.ethridge@kellerlenkner.com<br>**KELLER LENKNER LLC**<br>1300 I Street, N.W., Suite 400E<br>Washington, DC 20005<br>(202) 918-1123<br><br>Ashley Keller (*pro hac vice forthcoming*)<br>  ack@kellerlenkner.com<br>Benjamin Whiting (*pro hac vice forthcoming*)<br>  ben.whiting@kellerlenkner.com<br>**KELLER LENKNER LLC**<br>150 N. Riverside Plaza, Suite 4270<br>Chicago, IL 60606<br>(312) 741-5220 |

*Attorneys for Non-Parties Maximilian Klein and Sarah Grabert and the Putative Antitrust Consumer and Unjust Enrichment Consumer Classes*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| REVEAL CHAT HOLDCO, LLC, a Delaware limited liability company, USA TECHNOLOGY AND MANAGEMENT SERVICES, INC. (d/b/a Lenddo USA), a Delaware corporation, and BEEHIVE BIOMETRIC, INC., a dissolved Delaware corporation,<br><br>*Plaintiffs,*<br><br>vs.<br><br>FACEBOOK, INC., a Delaware corporation headquartered in California,<br><br>*Defendant.* | Case No. 5:20-cv-00363-BLF<br><br>***KLEIN* PLAINTIFFS' [PROPOSED] ORDER DENYING FACEBOOK'S MOTION FOR ADMINISTRATIVE RELIEF TO CONSIDER WHETHER CASES SHOULD BE RELATED** |

Case No. 5:20-cv-00363-BLF
[PROPOSED] ORDER DENYING FACEBOOK'S MOTION TO RELATE CASES

1 **[PROPOSED] ORDER**

On December 10, 2020, Defendant Facebook, Inc. ("Facebook") filed a motion for administrative relief to consider whether *Maximilian Klein, et al., v. Facebook, Inc.*, Case No. 5:20-cv-08570-LHK should be related to *Reveal Chat Holdco LLC*, *et al.*, *v. Facebook, Inc.*, 5:20-cv-00363-BLF. Dkt. 85. Non-parties Maximilian Klein and Sarah Grabert filed an opposition on December 14, 2020, requesting that the Court deny Facebook's motion. Dkt. __.

Having reviewed Facebook's motion, the *Klein* plaintiffs' opposition, the record, the arguments of counsel, and the relevant authorities, the Court concludes that the requirements of Civil L.R. 3-12 have not been met. For these reasons, Facebook's motion is **DENIED.**

**IT IS SO ORDERED.**

Dated: December __, 2020

Hon. Beth Labson Freeman
United States District Judge

| | |
|---|---|
| Dated: December 14, 2020 | Respectfully submitted, |
| | */s/ Adam B. Wolfson* |
| Stephen A. Swedlow (admitted *pro hac vice*)<br>  stephenswedlow@quinnemanuel.com<br>**QUINN EMANUEL URQUHART & SULLIVAN, LLP**<br>191 N. Wacker Drive, Suite 2700<br>Chicago, IL 60606-1881<br>(312) 705-7400 | Warren Postman (Bar No. 330869)<br>  wdp@kellerlenkner.com<br>Jason Ethridge (*pro hac vice forthcoming*)<br>  jason.ethridge@kellerlenkner.com<br>**KELLER LENKNER LLC**<br>1300 I Street, N.W., Suite 400E<br>Washington, DC 20005<br>(202) 918-1123 |
| Kevin Y. Teruya (Bar No. 235916)<br>  kevinteruya@quinnemanuel.com<br>Adam B. Wolfson (Bar No. 262125)<br>  adamwolfson@quinnemanuel.com<br>Brantley I. Pepperman (Bar No. 322057)<br>  brantleypepperman@quinnemanuel.com<br>**QUINN EMANUEL URQUHART & SULLIVAN, LLP**<br>865 South Figueroa Street, 10th Floor<br>Los Angeles, CA 90017-2543<br>(213) 443-3000 | Ashley Keller (*pro hac vice forthcoming*)<br>  ack@kellerlenkner.com<br>Ben Whiting (*pro hac vice forthcoming*)<br>  ben.whiting@kellerlenkner.com<br>**KELLER LENKNER LLC**<br>150 N. Riverside Plaza, Suite 4270<br>Chicago, IL 60606<br>(312) 741-5220 |

*Attorneys for Non-Parties Maximilian Klein and Sarah Grabert and the Putative Antitrust Consumer and Unjust Enrichment Consumer Classes*

## **ATTESTATION OF ADAM B. WOLFSON**

This document is being filed through the Electronic Case Filing (ECF) system by attorney Adam B. Wolfson. By his signature, Mr. Wolfson attests that he has obtained concurrence in the filing of this document from each of the attorneys identified on the caption page and in the above signature block.

Dated: December 14, 2020     By   */s/ Adam B. Wolfson*
                                     Adam B. Wolfson