# EXHIBIT B

Stephen A. Swedlow (admitted *pro hac vice*)
  stephenswedlow@quinnemanuel.com
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606-1881
(312) 705-7400

Kevin Y. Teruya (Bar No. 235916)
  kevinteruya@quinnemanuel.com
Adam B. Wolfson (Bar No. 262125)
  adamwolfson@quinnemanuel.com
Brantley I. Pepperman (Bar No. 322057)
  brantleypepperman@quinnemanuel.com
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
(213) 443-3000

Warren Postman (Bar No. 330869)
  wdp@kellerlenkner.com
Jason Ethridge (*pro hac vice forthcoming*)
  jason.ethridge@kellerlenkner.com
**KELLER LENKNER LLC**
1300 I Street, N.W., Suite 400E
Washington, DC 20005
(202) 918-1123

Ashley Keller (*pro hac vice forthcoming*)
  ack@kellerlenkner.com
Benjamin Whiting (*pro hac vice forthcoming*)
  ben.whiting@kellerlenkner.com
**KELLER LENKNER LLC**
150 N. Riverside Plaza, Suite 4270
Chicago, IL 60606
(312) 741-5220

*Attorneys for Non-Parties Maximilian Klein and Sarah Grabert and the Putative Antitrust Consumer and Unjust Enrichment Consumer Classes*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| REVEAL CHAT HOLDCO, LLC, a Delaware limited liability company, USA TECHNOLOGY AND MANAGEMENT SERVICES, INC. (d/b/a Lenddo USA), a Delaware corporation, and BEEHIVE BIOMETRIC, INC., a dissolved Delaware corporation,<br><br>*Plaintiffs,*<br><br>vs.<br><br>FACEBOOK, INC., a Delaware corporation headquartered in California,<br><br>*Defendant.* | Case No. 5:20-cv-00363-BLF<br><br>***KLEIN* PLAINTIFFS' OPPOSITION TO FACEBOOK'S SECOND MOTION FOR ADMINISTRATIVE RELIEF TO CONSIDER WHETHER CASES SHOULD BE RELATED**<br><br>Judge: The Honorable Beth Labson Freeman |

Defendant Facebook, Inc.'s ("Facebook") motion to relate *Klein v. Facebook, Inc.*, No. 5:20-cv-08570-LHK ("*Klein*") and later-filed cases—*Sherman v. Facebook, Inc.*, No. 3:20-cv-08721-LB ("*Sherman*"); *Kupcho v. Facebook, Inc.*, No. 4:20-cv-08815-JSW ("*Kupcho*"); and *Dames v. Facebook, Inc.*, No. 3:20-cv-08817-TSH ("*Dames*")—to *Reveal Chat Holdco, LLC v. Facebook, Inc.*, No. 5:20-cv-00363-BLF ("*Reveal Chat*") continues to incorrectly presume that any and all antitrust cases against Facebook are necessarily related. The *Klein* plaintiffs, non-parties in the *Reveal Chat* case, submit this opposition to correct several factual and legal misstatements in Facebook's newest motion, dkt. 87 ("Mot.").[1]

*First*, Facebook cites Judge Gonzalez Rogers' decision in *Pepper v. Apple, Inc.* for the proposition that "Rule 3-12(a)(1) allows for relation of actions even where plaintiff classes differ, including classes of consumers as opposed to content creators." Mot. at 3 (citing *Pepper v. Apple Inc.*, 2019 WL 4783951, at *1 (N.D. Cal. Aug. 22, 2019)).[2] But each of the three cases that were the subject of Judge Gonzalez Rogers' decision—*Pepper*, *Cameron*, and *Sermons*—involved the same alleged product markets and essential theory of monopolization within those markets. *See Robert Pepper, et al., v. Apple Inc.*, No. 4:11-cv-06714-YGR, Dkt. 121 (*Pepper* Second Amended Complaint) at ¶ 49 (referring to a "iPhone apps distribution market"); *Cameron, et al., v. Apple, Inc.*, No. 4:19-cv-03074-YGR, Dkt. 1 (*Cameron* Complaint) at ¶ 100 (defining relevant product market as the "market for iOS app and in-app-product distribution services."); *Sermons v. Apple Inc.*, No. 4:19-cv-03796-YGR, Dkt. 1 (*Sermons* Complaint) at ¶ 63 (defining relevant product market as the "market for iOS app and in-app-product distribution services[.]"). That is why,

---

[1] Facebook previously filed a motion to relate the *Klein* case to the *Reveal Chat* case on December 10, 2020, and the *Klein* plaintiffs filed an opposition to Facebook's motion on December 14, 2020. Dkts. 85, 86. That motion is still pending before the Court.

[2] Facebook did not cite *Pepper* in its motion to relate *Klein* to *Reveal Chat*. But Facebook now raises *Pepper* for the first time in its present motion, which references *Klein* and argues that *Klein* and the later-filed *Sherman*, *Kupcho*, and *Dames* are all related to *Reveal Chat*.

notwithstanding differences in the classes (consumers versus developers), Judge Gonzalez Rogers related *Cameron* and *Sermons* to *Pepper*. See *Pepper*, 2019 WL 4783591, at *1 (relating cases because they all involved "Apple's alleged monopolization of the distribution and sale of iPhone apps."). In contrast to *Pepper*, which featured different classes and the same product market, *Klein* and *Reveal Chat* not only feature different classes (consumers versus developers), but also address different legal theories of anticompetitive conduct and harm in different product markets (the Social Network and Social Media Markets, as compared to the wholly different Social Data and Social Advertising product markets).

*Second*, Facebook's motion incorrectly suggests that it is the *Klein* plaintiffs' burden (and the *Sherman*, *Kupcho*, and *Dames* plaintiffs' burden) to "defeat relation." Mot. at 4. But Facebook has it backwards. See *ESS Tech., Inc. v. PC-Tel, Inc.*, No. 01-cv-1300-VRW, 2001 WL 1891713, at *3 (N.D. Cal. Nov. 28, 2001) (indicating that "[a] party seeking to relate two or more cases must show that [Rule 3-12]'s criteria are met[.]"). The reason for this is that random assignment to different Judges "eliminate[s] any hint of the appearance of judge- or case-shopping." *UCP Int'l Co. Ltd. v. Balsam Brands Inc.*, 261 F. Supp. 3d 1056, 1060 (N.D. Cal. 2017). Thus, by placing the burden on the party seeking relation, the related case rule avoids "[t]he potential for manipulation" that would arise if a single defendant "could relate any matter arising from its" alleged wrongdoing "to a single judge on this Court, irrespective of the particularities of each case." *Comm. on Judiciary v. McGahn*, 391 F. Supp. 3d 116, 122 (D.D.C. 2019).[3] Presumably, that is why, notwithstanding the (minimal) risk of inconsistent rulings that is always present any time multiple cases are filed against the same defendant, cases against Facebook arising from its misuse of its users' data have consistently been assigned to different judges of the Northern District. See, e.g., *In re Facebook, Inc., Consumer Privacy User Profile Litig.*, 18-md-02843-VC (Chhabria, J.); *Williams v. Facebook, Inc.*, 18-cv-01881-RS (Seeborg, J.);

---

[3] This potential is particularly acute once a judge has expressed his or her views on the merits in one of the cases.

*In re Facebook Biometric Info. Privacy Litig.*, No. 15-cv-03747-JD (Donato, J.); *In re Facebook, Inc. Internet Tracking Litig.*, No. 12-md-02314-EJD (Davila, J.).[4]

***Third***, Facebook erroneously states that *Klein* "follow[s] the highly-publicized antitrust lawsuits filed by the FTC and the Attorneys General of 46 states, D.C., and Guam . . . against Facebook." Mot. at 1. A simple check of the dockets in each case makes clear that is incorrect. Unique among the cases Facebook seeks to relate here, the *Klein* plaintiffs filed suit before the FTC and States filed their own suits (December 3, 2020 versus December 9, 2020). *Compare Klein*, Dkt. 1 (Dec. 3, 2020); *with State of New York et al. v. Facebook, Inc.*, No. 1:20-cv-03589-JEB (D.D.C.), Dkt. 1 (Dec. 9, 2020); *Federal Trade Commission v. Facebook, Inc.*, No. 1:20-cv-03590-CRC (D.D.C.), Dkt. 1 (Dec. 9, 2020).

Because *Klein* and *Reveal Chat* involve different plaintiffs, different classes, different product markets, and different theories of liability, Facebook has not met its burden to show that the two cases should be related, and Facebook's motion should be denied.

---

[4] Moreover, the risk of duplicative or inconsistent discovery rulings is minimal and, in any event, does not justify the relation of the cases. *See Univ. of California v. Eli Lilly & Co.*, No. 90-cv-0373-DLJ-JSB, 1991 WL 332056, at *10 (N.D. Cal. Nov. 4, 1991) (denying motion to relate cases to same district judge and determining that any risk of inconsistent discovery rulings between cases could be eliminated by assigning "management of all discovery disputes" in cases to same magistrate judge).

| | |
|---|---|
| Dated: December 21, 2020 | Respectfully submitted, |
| | */s/ Adam B. Wolfson* |
| Stephen A. Swedlow (admitted *pro hac vice*)<br>  stephenswedlow@quinnemanuel.com<br>**QUINN EMANUEL URQUHART & SULLIVAN, LLP**<br>191 N. Wacker Drive, Suite 2700<br>Chicago, IL 60606-1881<br>(312) 705-7400 | Warren Postman (Bar No. 330869)<br>  wdp@kellerlenkner.com<br>Jason Ethridge (*pro hac vice forthcoming*)<br>  jason.ethridge@kellerlenkner.com<br>**KELLER LENKNER LLC**<br>1300 I Street, N.W., Suite 400E<br>Washington, DC 20005<br>(202) 918-1123 |
| Kevin Y. Teruya (Bar No. 235916)<br>  kevinteruya@quinnemanuel.com<br>Adam B. Wolfson (Bar No. 262125)<br>  adamwolfson@quinnemanuel.com<br>Brantley I. Pepperman (Bar No. 322057)<br>  brantleypepperman@quinnemanuel.com<br>**QUINN EMANUEL URQUHART & SULLIVAN, LLP**<br>865 South Figueroa Street, 10th Floor<br>Los Angeles, CA 90017-2543<br>(213) 443-3000 | Ashley Keller (*pro hac vice forthcoming*)<br>  ack@kellerlenkner.com<br>Ben Whiting (*pro hac vice forthcoming*)<br>  ben.whiting@kellerlenkner.com<br>**KELLER LENKNER LLC**<br>150 N. Riverside Plaza, Suite 4270<br>Chicago, IL 60606<br>(312) 741-5220 |
| | *Attorneys for Non-Parties Maximilian Klein and Sarah Grabert and the Putative Antitrust Consumer and Unjust Enrichment Consumer Classes* |

## ATTESTATION OF ADAM B. WOLFSON

This document is being filed through the Electronic Case Filing (ECF) system by attorney Adam B. Wolfson. By his signature, Mr. Wolfson attests that he has obtained concurrence in the filing of this document from each of the attorneys identified on the caption page and in the above signature block.

Dated: December 21, 2020     By  */s/ Adam B. Wolfson*
                                                   Adam B. Wolfson

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of December 2020, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System, causing the document to be served on all attorneys of record in this case.

By  */s/ Adam B. Wolfson*
         Adam B. Wolfson

-4-     Case No. 5:20-cv-00363-BLF
*KLEIN* PLAINTIFFS' OPPOSITION TO FACEBOOK'S SECOND MOTION FOR ADMINISTRATIVE RELIEF

| | |
|---|---|
| Stephen A. Swedlow (admitted *pro hac vice*)<br>  stephenswedlow@quinnemanuel.com<br>**QUINN EMANUEL URQUHART & SULLIVAN, LLP**<br>191 N. Wacker Drive, Suite 2700<br>Chicago, IL 60606-1881<br>(312) 705-7400<br><br>Kevin Y. Teruya (Bar No. 235916)<br>  kevinteruya@quinnemanuel.com<br>Adam B. Wolfson (Bar No. 262125)<br>  adamwolfson@quinnemanuel.com<br>Brantley I. Pepperman (Bar No. 322057)<br>  brantleypepperman@quinnemanuel.com<br>**QUINN EMANUEL URQUHART & SULLIVAN, LLP**<br>865 South Figueroa Street, 10th Floor<br>Los Angeles, CA 90017-2543<br>(213) 443-3000 | Warren Postman (Bar No. 330869)<br>  wdp@kellerlenkner.com<br>Jason Ethridge (*pro hac vice forthcoming*)<br>  jason.ethridge@kellerlenkner.com<br>**KELLER LENKNER LLC**<br>1300 I Street, N.W., Suite 400E<br>Washington, DC 20005<br>(202) 918-1123<br><br>Ashley Keller (*pro hac vice forthcoming*)<br>  ack@kellerlenkner.com<br>Benjamin Whiting (*pro hac vice forthcoming*)<br>  ben.whiting@kellerlenkner.com<br>**KELLER LENKNER LLC**<br>150 N. Riverside Plaza, Suite 4270<br>Chicago, IL 60606<br>(312) 741-5220 |

*Attorneys for Non-Parties Maximilian Klein and Sarah Grabert and the Putative Antitrust Consumer and Unjust Enrichment Consumer Classes*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| REVEAL CHAT HOLDCO, LLC, a Delaware limited liability company, USA TECHNOLOGY AND MANAGEMENT SERVICES, INC. (d/b/a Lenddo USA), a Delaware corporation, and BEEHIVE BIOMETRIC, INC., a dissolved Delaware corporation,<br><br>*Plaintiffs,*<br><br>vs.<br><br>FACEBOOK, INC., a Delaware corporation headquartered in California,<br><br>*Defendant.* | Case No. 5:20-cv-00363-BLF<br><br>***KLEIN* PLAINTIFFS' [PROPOSED] ORDER DENYING FACEBOOK'S SECOND MOTION FOR ADMINISTRATIVE RELIEF TO CONSIDER WHETHER CASES SHOULD BE RELATED** |

|   |   |
|---|---|
| 1 | **[PROPOSED] ORDER** |

On December 16, 2020, Defendant Facebook, Inc. ("Facebook") filed a motion for administrative relief to consider whether *Maximilian Klein, et al., v. Facebook, Inc.*, Case No. 5:20-cv-08570-LHK; *Sherman v. Facebook, Inc.*, No. 3:20-cv-08721-LB; *Kupcho v. Facebook, Inc.*, No. 4:20-cv-08815-JSW; and *Dames v. Facebook, Inc.*, No. 3:20-cv-08817-TSH should be related to *Reveal Chat Holdco LLC, et al., v. Facebook, Inc.*, 5:20-cv-00363-BLF. Dkt. 87. Non-parties Maximilian Klein and Sarah Grabert filed an opposition on December 21, 2020, requesting that the Court deny Facebook's motion. Dkt. __.

Having reviewed Facebook's motion, the *Klein* plaintiffs' opposition, the record, the arguments of counsel, and the relevant authorities, the Court concludes that the requirements of Civil L.R. 3-12 have not been met. For these reasons, Facebook's motion is **DENIED.**

**IT IS SO ORDERED.**

Dated: December__, 2020

_____
Hon. Beth Labson Freeman
United States District Judge

Dated: December 21, 2020        Respectfully submitted,

 */s/ Adam B. Wolfson*

Stephen A. Swedlow (admitted *pro hac vice*)
  stephenswedlow@quinnemanuel.com
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606-1881
(312) 705-7400

Kevin Y. Teruya (Bar No. 235916)
  kevinteruya@quinnemanuel.com
Adam B. Wolfson (Bar No. 262125)
  adamwolfson@quinnemanuel.com
Brantley I. Pepperman (Bar No. 322057)
  brantleypepperman@quinnemanuel.com
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
(213) 443-3000

Warren Postman (Bar No. 330869)
  wdp@kellerlenkner.com
Jason Ethridge (*pro hac vice forthcoming*)
  jason.ethridge@kellerlenkner.com
**KELLER LENKNER LLC**
1300 I Street, N.W., Suite 400E
Washington, DC 20005
(202) 918-1123

Ashley Keller (*pro hac vice forthcoming*)
  ack@kellerlenkner.com
Ben Whiting (*pro hac vice forthcoming*)
  ben.whiting@kellerlenkner.com
**KELLER LENKNER LLC**
150 N. Riverside Plaza, Suite 4270
Chicago, IL 60606
(312) 741-5220

*Attorneys for Non-Parties Maximilian Klein and Sarah Grabert and the Putative Antitrust Consumer and Unjust Enrichment Consumer Classes*

## **ATTESTATION OF ADAM B. WOLFSON**

This document is being filed through the Electronic Case Filing (ECF) system by attorney Adam B. Wolfson. By his signature, Mr. Wolfson attests that he has obtained concurrence in the filing of this document from each of the attorneys identified on the caption page and in the above signature block.

Dated: December 21, 2020        By   */s/ Adam B. Wolfson*
                                          Adam B. Wolfson

-2-                                                              Case No. 5:20-cv-00363-BLF
[PROPOSED] ORDER DENYING FACEBOOK'S SECOND MOTION TO RELATE CASES