# EXHIBIT B

1  **KESSLER TOPAZ MELTZER & CHECK, LLP**
   Jennifer L. Joost (Bar No. 296164)
2  One Sansome Street, Suite 1850
   San Francisco, CA 94104
3  Tel: (415) 400-3000
4  Fax: (415) 400-3001
   jjoost@ktmc.com
5
6  [*Additional Counsel on Signature Page*]
7  *Counsel for Plaintiffs DEBORAH DAMES*
   *and TIMOTHY MATHEWS, individually and*
8  *on behalf of all others similarly situated*

   **UNITED STATES DISTRICT COURT**

   **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

   **SAN JOSE DIVISION**

| | |
|---|---|
| REVEAL CHAT HOLDCO LLC, a Delaware limited liability company, USA TECHNOLOGY AND MANAGEMENT SERVICES, INC. (d/b/a Lenddo USA), a Delaware corporation, CIR.CL, INC., a dissolved Delaware corporation, and BEEHIVE BIOMETRIC, INC., a dissolved Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>FACEBOOK, INC., Delaware corporation,<br><br>Defendant. | Case No. 5:20-cv-00363-BLF<br><br>***DAMES* PLAINTIFFS' OPPOSITION TO DEFENDANT FACEBOOK, INC.'S MOTION FOR ADMINISTRATIVE RELIEF TO CONSIDER WHETHER CASES SHOULD BE RELATED PURSUANT TO CIVIL L.R. 3-12**<br><br>Judge: Hon. Beth Labson Freeman |

## I. INTRODUCTION

Facebook, Inc.'s ("Facebook") Motion for Administrative Relief to Consider Whether Cases Should be Related Pursuant to Civil L.R. 3-12 (the "Motion") is a misguided attempt to link all cases against Facebook relating to its antitrust violations, regardless of the class of plaintiffs harmed or the nature of the injury. There is no basis to relate *Dames*[1] to *Reveal Chat*.[2] The Cases do not involve the same parties, the same classes, the same counsel, the same markets, the same legal theories or the same harm. *See* Civil Local Rule 3-12. Plaintiffs Deborah Dames and Timothy Mathews (the "*Dames* Plaintiffs"), Facebook users who allege they received less value for their data and fewer alternatives for personal social networking are in no way related to the app developers in *Reveal Chat* who claim harm based on exclusion from the markets for social data (the "Social Data Market") and social advertising (the "Social Advertising Market")—markets in which the *Dames* Plaintiffs do not participate. *Dames v. Facebook, Inc.*, No. 5:20-cv-8817, (N.D. Cal. Dec. 11, 2020), ECF No. 1 (the "*Dames* Complaint"); *Reveal Chat Holdco, LLC v. Facebook, Inc.*, No. 20-cv-00363-BLF (N.D. Cal. Jan. 16, 2020), ECF No. 1 (the "*Reveal Chat* Complaint"). Given these significant differences, the Cases do not "concern substantially the same parties, property, transaction or event" and litigating the Cases in front of separate judges would not lead to unduly burdensome duplication of labor or conflicting results. Civil Local Rule 3-12; *Nozolino v. Hartford Life & Accident Ins. Co.*, No. 12-cv-4314, 2013 WL 2468350, at *1 (N.D. Cal. June 7, 2013) (denying motion to relate where only overlap was defendants and ERISA claims). Accordingly, the *Dames* Plaintiffs respectfully request the Motion be denied.

## II. ARGUMENT

### A. FACEBOOK HAS NOT ESTABLISHED RELATING THE CASES IS APPROPRIATE UNDER CIVIL LOCAL RULE 3-12

Facebook has failed to meet its burden to show that *Dames* and *Reveal Chat* should be related. *See ESS Tech., Inc. v. PC-Tel, Inc.*, No. 01-cv-01300-VRW, 2001 WL 1891713, at *3 (N.D. Cal. Nov. 28, 2001) ("A party seeking to relate two or more cases must show that Rule 3-12(b)'s criteria are met," and

---

[1] *Dames* refers to *Dames et al. v. Facebook, Inc.*, No. 5-20-cv-8817 (N.D. Cal.).

[2] *Reveal Chat* refers to *Reveal Chat Holdco LLC et al. v. Facebook, Inc.*, No. 5-20-cv-00363 BLF (N.D. Cal.). *Reveal Chat* and *Dames* are referred to herein as the "Cases".

that relation will "conserve judicial resources and promote an efficient determination of the action(s)."). Pursuant to Civil Local Rule 3-12, "[c]ases are related when they 'concern substantially the same parties, property, transaction, or event; and [i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges.'" *ASUS Comput. Int'l v. Interdigital, Inc.*, No. 15-cv-01716-BLF, 2015 WL 13783764, at *1 (N.D. Cal. June 15, 2015) (Freeman, J.) (quoting Civil L.R. 3-12(a)(1)-(2)). Neither of these requirements is met here.

### 1. The Cases Do Not Concern Substantially the Same Parties, Property, Transaction, or Event

The Motion should be denied because the Cases involve different parties and different claims on behalf of different classes during different time periods. As an initial matter, the *Dames* Plaintiffs are consumers and Facebook users while the *Reveal Chat* Plaintiffs are app developers and competitors of Facebook.[3] *See* Order Denying Mot. to Relate at 2, *City of San Jose v. Office of the Comm'r of Baseball*, No. 13-cv-2787-RMW (N.D. Cal. Mar. 2, 2015), ECF No. 69 ("*City of San Jose* Order") (denying motion to relate because, in part, cases involved different plaintiffs). Not surprisingly, these different types of plaintiffs assert very different claims and injuries. The *Dames* Plaintiffs allege they were undercompensated for their data and denied other social networking alternatives as a result of Facebook's conduct. In contrast, the *Reveal Chat* Plaintiffs allege they were improperly excluded from accessing consumers' data and competing in the markets for social data and social advertising. Indeed, both the relevant product markets and geographic markets are different in the Cases. Order Denying Mot. to Relate at 1, *DeSoto Cab Co., Inc. v. Uber Techs., Inc.*, No. 16-cv-06385-JSW (N.D. Cal. Jan. 7, 2019), ECF No. 76 ("*DeSoto* Order") (denying motion to relate "given the differences between the two cases," including different relevant markets).

The differences don't end there. While Dames asserts claims on behalf of persons and entities "in the United States *who maintained a Facebook profile at any point from 2007*" through the present, Reveal Chat asserts claims on behalf of "persons, entities, corporations in the United States *who were excluded from the Social Data Market or injured by Facebook's decision to withdraw the Graph APIs, for the period beginning May 24, 2010 until April 30, 2015*." *See Dames* Complaint at ¶ 114; *Reveal Chat*

---

[3] The *Dames* Plaintiffs and the *Reveal Chat* plaintiffs are also represented by different counsel.

Complaint at ¶ 389. The varying class definitions create meaningful differences that weigh against relation. *See Tecson v. Lyft, Inc.*, No. 18-cv-06782-YGR, 2019 WL 1903263, at *3 (N.D. Cal. Apr. 29, 2019) ("[T]he factual inquiries for each putative class would be unique because the class putative members have different relationships with [the defendant]."). And although both of the Cases assert Sherman Act claims for monopolization and attempted monopolization, as discussed above, the claims are different because they allege monopolization of and anticompetitive impact in completely different markets. The *Dames* Plaintiffs do not participate in the *Reveal Chat* "Relevant Markets" and vice versa. *See Reveal Chat* Complaint at ¶¶ 315-347 (defining a Social Data Market as a market in which participants acquire data from their users and the Social Advertising Market as a market in which social media networks sell advertising space on their websites); *Dames* Complaint at ¶ 33 (defining a Personal Social Networking Market as a market used by people to maintain personal connections in a shared social space). *See also DeSoto* Order at 1 (denying motion to relate despite overlap in Sherman Act claims where the "cases concern different plaintiffs, contain different factual allegations, address dissimilar scopes, and, for the most part, entail different claims").

Moreover, the *Dames* Plaintiffs also assert an unjust enrichment claim on behalf of consumers alleging that Facebook was unjustly enriched when it sold users personal data—an entirely distinct claim not asserted in *Reveal Chat*. *See Nozolino*, 2013 WL 2468350, at *1 (finding "[t]he only ties between this case and Arko are that both cases involve claims brought under ERISA and that Harford is a defendant in both actions" and holding that "[t]hese ties are insufficient to find that the actions concern substantially the same parties, transaction, or event"). Finally, the Cases are also at different procedural stages. While *Reveal Chat* has been pending for almost a year and a second motion to dismiss has already been fully briefed and argued, *Reveal Chat*, No. 20-cv-00363-BLF, (N.D. Cal.), *Dames* was just recently filed. *Dames*, No. 5:20-cv-8817, (N.D. Cal.).

Facebook's citation to a few common facts does not alter this analysis. *See* Motion at 2. Indeed, any case describing Facebook's acquisition history would include these same facts; that is not enough to relate the Cases. *Adobe Sys. Inc. v. A & S Elecs., Inc.*, 2016 WL 9105173, at *3 (N.D. Cal. Oct. 13, 2016) (finding despite certain overlapping facts, cases are not related where different parties, products and claims are involved); *ESS Tech.*, 2001 WL 1891713, at *3-4 (affirming decision finding the cases not related

despite the cases sharing "a common issue regarding the reasonableness of a license proposal"); *Univ. of Cal. v. Eli Lilly & Co.*, 1991 WL 332056, at *10 (N.D. Cal. Nov. 4, 1991) (denying motion to relate cases even though both cases involve the same plaintiff and defendant, the same basic recombinant DNA technology, and many of the same researchers). Notably, Facebook cites a single case in support of its argument that the Cases concern substantially the same parties, property, transaction or event (Motion at 3), recognizing that the majority of California courts require much more than a mere overlap of certain facts to relate cases. *See Tecson*, 2019 WL 1903263, at *2; *DeSoto* Order at 1; *City of San Jose* Order at 2; *Ortiz v. CVS Caremark Corp.*, 2013 WL 12175002, at *2 (N.D. Cal. Oct. 15, 2013) (denying motion to relate cases because "the limited overlap of some class members is not enough to reach the 'substantial similarity' threshold"). Indeed, Facebook admits the Cases differ. Motion at 3.

As described above, those differences are significant and preclude relation.[4] *See Nozolino*, 2013 WL 2468350, at *1; *Hill v. Goodfellow Top Grade*, 2019 WL 2716487, at *1 (N.D. Cal. June 28, 2019) (denying motion to relate because, although the cases concerned overlapping events and witnesses, "do not concern substantially the same parties, property, transaction, or event"); *Hodges v. Akeena Solar, Inc.*, 2010 WL 2756536, at *1 (N.D. Cal. July 9, 2010) (denying motion to relate cases because "the legal claims, named defendants, and procedural posture are different").

### 2. There Will Be No Unduly Burdensome Duplication of Labor or Conflicting Results if the Cases Are Litigated Before Different Judges

Facebook has also not shown that there will be unduly burdensome duplication of labor or conflicting results if the Cases are litigated separately. Given the different classes and the different claims based on different markets, there is no overlap of work or risk of conflicting opinions. *Asus Comput. Int'l*, 2015 WL 13783764, at *1 (finding "the cases can proceed before different judges without being unduly

---

[4] It's a red herring for Facebook to suggest that "[r]elation does not require identical legal theories of liability" because otherwise "creative pleading" would take place. Motion at 4. There is no creative pleading here—as compared to *Reveal Chat*, the *Dames* Plaintiffs plead entirely distinct injuries based on Facebook's monopolization and attempted monopolization of entirely distinct markets as well as unjust enrichment resulting from, *inter alia*, Facebook's deception and misrepresentations regarding its privacy practices, an entirely distinct claim. *See Dames* Complaint, at ¶¶ 126-157.

burdensome because there are myriad case-specific facts and issues that do not overlap, even if the cases both involve similar licensing agreements, and that it is unlikely that there would be conflicting results were the cases to be tried before different judges"). Nor will there be substantial overlap in discovery or depositions, as the cases involve different theories of liability based on different conduct by Facebook.[5] *Dames'* theory of liability is entirely distinct from *Reveal Chat*; the *Dames* Plaintiffs assert that Facebook deceived users by misrepresenting that it was committed to "industry-leading privacy practices" (*Dames* Complaint at ¶ 7) while simultaneously selling that data to advertisers for hefty fees and monopolizing the market for Personal Social Networking. *See Dames* Complaint at ¶ 98. This theory of liability does not exist in *Reveal Chat*.

And Facebook's arguments raised against consumers in *Dames* will not mirror those raised against competitor plaintiffs in *Reveal Chat*. For example, in its motion to dismiss the amended complaint in *Reveal Chat*, Facebook argues, *inter alia*, that the *Reveal Chat* plaintiffs have not suffered antitrust injury because they do not compete in the *Social Data Market* and because their "purported 'foreclosure' from the [*Social Advertising Market*] as competitors, [ ] is not sufficient to allege an antitrust injury." Mot. to Dismiss at 18, *Reveal Chat*, No. 5:20-cv-000363-BLF, ECF No. 71. Facebook further argues that it "did not have a duty to deal" with the competitor plaintiffs in *Reveal Chat*. *Id.* at 20. These arguments are not relevant in *Dames* and thus, the Court's findings in *Reveal Chat* will not affect *Dames*.[6] As such, there is no duplication of effort or risk of conflicting results and relation is inappropriate. *See* Civil L.R. 3-12.

### III. CONCLUSION

For the foregoing reasons, the *Dames* Plaintiffs respectfully request the Court deny Facebook's Motion.

DATED: December 21, 2020                         Respectfully submitted,

/s/ Jennifer L. Joost
**KESSLER TOPAZ MELTZER & CHECK, LLP**
Jennifer L. Joost (Bar No. 296164)

---

[5] To the extent there is any minimal overlap, discovery can be coordinated.

[6] *See also* Motion at 5 (acknowledging *Dames* involves "different relevant markets with different market participants").

|   |   |
|---|---|
| 1 | One Sansome Street, Suite 1850 |
| 2 | San Francisco, CA 94104 |
|   | Telephone: (415) 400-3000 |
| 3 | Facsimile: (415) 400-3001 |
|   | jjoost@ktmc.com |

Joseph H. Meltzer*
Terence S. Ziegler*
Melissa L. Troutner*
Lauren McGinley*
**KESSLER TOPAZ MELTZER & CHECK, LLP**
280 King of Prussia Road
Radnor, PA 19087
Tel: (610) 667-7706
Fax: (610) 667-7056
jmeltzer@ktmc.com
tziegler@ktmc.com
mtroutner@ktmc.com
lmcginley@ktmc.com

\**pro hac vice* forthcoming

*Counsel for Plaintiffs DEBORAH DAMES and TIMOTHY MATHEWS and the putative Class*

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on December 21, 2020, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the Electronic Mail Notice List maintained by the Court, and I hereby certify that I caused the mailing of the foregoing via electronic mail to the following non-CM/ECF participants:

| | |
|---|---|
| Shana E. Scarlett<br>HAGENS BERMAN SOBOL SHAPIRO LLP<br>715 Hearst Avenue, Suite 202<br>Berkeley, CA 94710<br>shanas@hbsslaw.com<br><br>Steve W. Berman<br>1301 Second Avenue, Suite 2000<br>HAGENS BERMAN SOBOL SHAPIRO LLP<br>Seattle, WA 98101<br>steve@hbsslaw.com<br><br>W. Joseph Bruckner<br>Brian D. Clark<br>Robert K. Shelquist<br>Rebecca A. Peterson<br>Arielle S. Wagner<br>Stephanie Chen<br>LOCKRIDGE GRINDAL NAUEN P.L.L.P.<br>100 Washington Avenue South, Suite 2200<br>Minneapolis, MN 55401<br>wjbruckner@locklaw.com<br>bdclark@locklaw.com<br>rkshelquist@locklaw.com<br>rapeterson@locklaw.com<br>aswagner@locklaw.com<br>sachen@locklaw.com<br><br>*Counsel for Plaintiff Rachel Banks Kupcho* | Tina Wolfson<br>Robert Ahdoot<br>Theodore W. Maya<br>Rachel Johnson<br>AHDOOT & WOLFSON, PC<br>2600 West Olive Avenue, Suite 500<br>Burbank, CA, 91505<br>twolfson@ahdootwolfson.com<br>rahdoot@ahdootwolfson.com<br>tmaya@ahdootwolfson.com<br>rjohnson@ahdootwolfson.com<br><br>*Counsel for Plaintiffs Vickie Sherman, Lezah Neville-Marrs, Katherine Loopers, and Jarred Johnson* |

|   |   |   |
|---|---|---|
| 1 | Pursuant to L.R. 3-12, I hereby certify that I caused the following document to be lodged with the Chambers of all Judges identified in motion. | |
| 2 | | |
| 3 | DATED: December 21, 2020 | /s/ Jennifer L. Joost |
| 4 | | **KESSLER TOPAZ MELTZER & CHECK, LLP**<br>Jennifer L. Joost (Bar No. 296164) |
| 5 | | One Sansome Street, Suite 1850<br>San Francisco, CA 94104 |
| 6 | | Telephone: (415) 400-3000<br>Facsimile: (415) 400-3001 |
| 7 | | jjoost@ktmc.com |

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| REVEAL CHAT HOLDCO LLC, a Delaware limited liability company, USA TECHNOLOGY AND MANAGEMENT SERVICES, INC. (d/b/a Lenddo USA), a Delaware corporation, CIR.CL, INC., a dissolved Delaware corporation, and BEEHIVE BIOMETRIC, INC., a dissolved Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>FACEBOOK, INC., Delaware corporation,<br><br>Defendant. | Case No. 5:20-cv-00363-BLF<br><br>**[PROPOSED] ORDER DENYING DEFENDANT FACEBOOK, INC.'S MOTION FOR ADMINISTRATIVE RELIEF TO CONSIDER WHETHER CASES SHOULD BE RELATED PURSUANT TO CIVIL L.R. 3-12**<br><br>Judge: Hon. Beth Labson Freeman |

On December 16, 2020, Defendant Facebook, Inc. ("Facebook") filed a Motion for Administrative Relief to Consider Whether Cases Should be Related Pursuant to Civil L.R. 3-12 (ECF No. 87) (the "Motion") seeking to consider whether to relate *Sherman v. Facebook, Inc.,* No. 3:20-cv-08721-LB ("*Sherman*"), *Kupcho v. Facebook, Inc.*, No. 4:20-cv-08815-JSW ("*Kupcho*"), and *Dames v. Facebook, Inc.*, No. 3:20-cv-08817-TSH ("*Dames*") to *Reveal Chat Holdco, LLC v. Facebook, Inc.*, No. 5:20-cv-00363-BLF ("*Reveal Chat*"). On December 21, 2020, Deborah Dames and Timothy Mathews ("the *Dames* Plaintiffs") filed a response in opposition to Facebook's Motion, asserting that *Dames* should not be related to *Reveal Chat* given the significant differences in the cases. ECF No. 93 (the "Opposition").

Having considered the Motion, the *Dames* Plaintiffs' Opposition, the record, the arguments of counsel, and the relevant authorities, the Court concludes that the requirements of Civil L.R. 3-12 have not been met. For these reasons, Facebook's Motion is hereby **DENIED**.

**IT IS SO ORDERED.**

Dated: _____

                                                    Hon. Beth Labson Freeman
                                                    United States District Judge