SONAL N. MEHTA (SBN 222086)
  Sonal.Mehta@wilmerhale.com
WILMER CUTLER PICKERING
 HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, California 94306
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

DAVID Z. GRINGER (*pro hac vice pending*)
  David.Gringer@wilmerhale.com
WILMER CUTLER PICKERING
 HALE AND DORR LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006
Telephone: (202) 663-6000
Facsimile: (202) 663-6363

*Attorneys for Defendant*
FACEBOOK, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| MAXIMILIAN KLEIN and SARAH GRABERT, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FACEBOOK, INC., a Delaware Corporation headquartered in California,<br><br>Defendant. | Case No. 5:20-cv-08570-LHK<br><br>**DEFENDANT FACEBOOK, INC.'S RESPONSE TO ADMINISTRATIVE MOTION TO RELATE CASES PURSUANT TO L.R. 3-12(b) AND L.R. 7-11**<br><br>Judge: Hon. Lucy H. Koh |
| VICKIE SHERMAN, LEZAH NEVILLE-MARRS, KATHERINE LOOPERS, and JARRED JOHNSON, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FACEBOOK, INC., a Delaware Corporation headquartered in California,<br><br>Defendant. | Case No. 3:20-cv-08721-LB |

Over the last three weeks, a spate of putative class actions have been filed against Facebook in this District:

- *Klein v. Facebook, Inc.*, No. 5:20-cv-08570-LHK ("*Klein*")
- *Sherman v. Facebook, Inc.*, No. 3:20-cv-08721-LB ("*Sherman*")
- *Kupcho v. Facebook, Inc.*, No. 4:20-cv-08815-JSW ("*Kupcho*")
- *Dames v. Facebook, Inc.*, No. 3:20-cv-08817-TSH ("*Dames*")
- *Steinberg v. Facebook, Inc.*, No. 3:20-cv-09130-SK ("*Steinberg*")
- *Affilious, Inc. v. Facebook, Inc.*, No. 4:20-cv-09217-KAW ("*Affilious*")

These putative antitrust class actions were filed in anticipation of, or immediately on the heels of, the highly-publicized antitrust lawsuits filed by the FTC and the Attorneys General of 46 states, D.C., and Guam (collectively "the States") against Facebook. Critically, they also follow by nearly a year the complaint in *Reveal Chat Holdco, LLC v. Facebook, Inc.*, No. 5:20-cv-00363-BLF (filed Jan. 16, 2020) ("*Reveal Chat*"), a putative antitrust class action raising substantially overlapping claims based on substantially overlapping factual allegations that was filed months before the FTC's and States' cases and the cases listed above.

All of these cases proceed under a "monopoly broth" theory of anticompetitive conduct much like the one alleged in the *Reveal Chat* case. While the cases vary slightly in the "ingredients" they challenge (and with respect to the putative classes themselves), all focus on Facebook's acquisitions of Instagram and WhatsApp, its purported use of Onavo for "surveillance," and its regulation of developer usage of Facebook APIs. Recognizing that these theories are also at the heart of the *Reveal Chat* case, which has been pending before Judge Freeman for nearly a year, Facebook has motions pending before Judge Freeman to relate *Sherman*, *Klein*, and several other cases to *Reveal Chat*. *See* Declaration of David Z. Gringer Exs. 1, 2. As set forth in Facebook's pending motions, the recently filed cases and *Reveal Chat* share substantial overlap in the accused conduct, theories of harm, and legal issues; resources

and effort will be wasted absent relation; and there is a significant risk of conflicting results.[1]

Local Rule 3-12 motions to relate to *Reveal Chat* are now fully briefed with respect to *Sherman*, *Klein*, *Dames*, and *Kupcho*, with briefing to come in *Steinberg* and a stipulated request to come in *Affilious*.[2] Civil L.R. 3-12(f)(2) provides that, "where there are more than two potentially related cases," "the Judge assigned to the lowest-numbered [potentially related] case" should first decide whether the cases are related, and then "the Judges assigned to the other cases in order of filing" should decide. Accordingly, ruling on the instant motion should be deferred until Judge Freeman has made her decision in *Reveal Chat*, the earliest-filed case.

Moreover, in filing the instant motion to relate their case to *Klein*, the *Sherman* plaintiffs apparently recognize that these cases heavily overlap and that they should be managed by a single judge to avoid significant duplication of efforts and inconsistent orders or judgments. Strangely though, the *Sherman* plaintiffs oppose relation to *Reveal Chat* despite the fact that the two cases present many identical issues. Gringer Decl. Ex. 2 at 2, 4-5. The *Sherman* plaintiffs are thus effectively asking this Court to rule that *Reveal Chat* is *not* related to *Klein* or *Sherman*, but that the other overlapping cases *are*. This contradictory position is untenable.

In opposing relation to *Reveal Chat*, the *Sherman* plaintiffs rely heavily on the fact that they are consumers or advertisers, instead of app developers like the plaintiffs in *Reveal Chat*. Gringer Decl. Ex. 3 at 1. But this minor difference in parties does not change the undeniable fact

---

[1] So much so that Facebook and the *Reveal Chat* plaintiffs recognize that *Klein, Sherman*, *Kupcho*, and *Dames* are related to *Reveal Chat*. Gringer Decl. Ex. 1 at 1, Ex. 2 at 1. Both the FTC and the States acknowledge that their recently-filed lawsuits, which are predicated on some of the same purported conduct, are related to *Reveal Chat*, *Klein*, *Sherman*, and *Kupcho*. ECF Nos. 4, 5, 10, 28, *FTC v. Facebook, Inc.*, No. 1:20-cv-03590-CRC (D.D.C.); ECF Nos. 5, 6, 9, 14, *State of N.Y. v. Facebook, Inc.*, No. 1:20-cv-03589-JEB (D.D.C.). In its filing, the FTC has also identified *Steinberg* as related. ECF No. 31, *FTC v. Facebook, Inc.*, No. 1:20-cv-03590-CRC (D.D.C.).

[2] The *Affilious* plaintiffs have asked Facebook to stipulate to a request to relate *Affilious* to *Reveal Chat*. Facebook has agreed.

that the recently filed complaints are based on the same "transaction or event" as those alleged in the *Reveal Chat* complaint. *See Ervin v. Judicial Council of Calif.*, 2007 WL 1489165, at *2 (N.D. Cal. May 18, 2007) (finding cases related because they involved the "same issues" despite differences in parties and causes of action). The thrust of all the complaints, new and old, is that Facebook allegedly used Onavo to collect user data, enabling Facebook to identify potential competitive threats, and that Facebook eliminated those threats by either acquiring them or denying them access to Facebook's APIs unless they entered into data-sharing agreements. That some plaintiffs may be "app developers" while others are "consumers" is immaterial when the cases fundamentally "center around the same technology and economic structures." *Pepper v. Apple, Inc.*, 2019 WL 4783951, at *1 (N.D. Cal. Aug. 22, 2019).

The *Sherman* plaintiffs next assert that relation is inappropriate here because the recently filed matters label the relevant product markets differently than those alleged in *Reveal Chat*. Wrong again. All the allegations in all complaints, new and old, relate to the Facebook, Instagram, and WhatsApp products. If different courts were to treat the same products as participating in different relevant markets, the risk of inconsistent judgments as to Facebook's purported monopoly power and the markets in which Facebook is alleged to participate would be untenable. If decisions on these pivotal issues are inconsistent, not only would it lead to disarray among the various private and government cases, but also potentially disrupt the operations of the dynamic markets in which Facebook competes today.

| | | |
|---|---|---|
| 1 | Dated: December 28, 2020 | Respectfully submitted, |
| 2 | | |
| 3 | | By: */s/ Sonal N. Mehta* |
| | | SONAL N. MEHTA (SBN 222086) |
| 4 | | sonal.mehta@wilmerhale.com |
| 5 | | WILMER CUTLER PICKERING HALE AND DORR LLP |
| | | 2600 El Camino Real, Suite 400 |
| 6 | | Palo Alto, CA 94306 |
| 7 | | Telephone: (650) 858-6000 |
| 8 | | DAVID Z. GRINGER (*pro hac vice pending*) |
| | | david.gringer@wilmerhale.com |
| 9 | | WILMER CUTLER PICKERING HALE AND DORR LLP |
| 10 | | 1875 Pennsylvania Avenue, NW |
| 11 | | Washington, DC 20006 |
| | | Telephone: (202) 663-6000 |

**CERTIFICATE OF SERVICE**

I hereby certify that on this 28th day of December 2020, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System. And I hereby certify that I have served the foregoing document on counsel for the plaintiffs in the action in which relation is sought pursuant to agreement between the parties.

*/s/ Sonal N. Mehta*
Sonal N. Mehta