# EXHIBIT 2

1  SONAL N. MEHTA (SBN 222086)
    Sonal.Mehta@wilmerhale.com
2  WILMER CUTLER PICKERING
    HALE AND DORR LLP
3  2600 El Camino Real, Suite 400
   Palo Alto, California 94306
4  Telephone: (650) 858-6000
   Facsimile: (650) 858-6100
5
6  DAVID Z. GRINGER (*pro hac vice*)
    David.Gringer@wilmerhale.com
7  ARI HOLTZBLATT (*pro hac vice*)
    Ari.Holtzblatt@wilmerhale.com
8  MOLLY M. JENNINGS (*pro hac vice*)
    Molly.Jennings@wilmerhale.com
9  WILMER CUTLER PICKERING
   HALE AND DORR LLP
10 1875 Pennsylvania Avenue, NW
   Washington, DC 20006
11 Telephone: (202) 663-6000
   Facsimile: (202) 663-6363
12
13 *Attorneys for Defendant*
   FACEBOOK, INC.
14

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| REVEAL CHAT HOLDCO, LLC, a Delaware limited liability company, USA TECHNOLOGY AND MANAGEMENT SERVICES, INC. (d/b/a Lenddo USA), a Delaware corporation, and BEEHIVE BIOMETRIC, INC., a dissolved Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>FACEBOOK, INC., a Delaware corporation,<br><br>Defendant. | Case No. 5:20-cv-00363-BLF<br><br>**DEFENDANT FACEBOOK, INC.'S MOTION FOR ADMINISTRATIVE RELIEF TO CONSIDER WHETHER CASES SHOULD BE RELATED PURSUANT TO CIVIL L.R. 3-12**<br><br>Judge: Hon. Beth Labson Freeman |

Pursuant to Civil Local Rule 3-12, defendant Facebook, Inc. respectfully moves the Court to consider whether to relate *Sherman v. Facebook, Inc.*, No. 3:20-cv-08721-LB ("*Sherman*"), *Kupcho v. Facebook, Inc.*, No. 4:20-cv-08815-JSW ("*Kupcho*"), and *Dames v. Facebook, Inc.*, No. 3:20-cv-08817-TSH ("*Dames*") to *Reveal Chat Holdco, LLC v. Facebook, Inc.*, No. 5:20-cv-00363-BLF ("*Reveal Chat*"). The *Reveal Chat* plaintiffs agree that the cases should be related. The *Sherman* and *Dames* plaintiffs do not agree that the cases should be related. The *Kupcho* plaintiffs did not respond to Facebook's inquiry regarding their position. A declaration from David Z. Gringer accompanies this motion.

Under Civil Local Rule 3-12(a), actions are related "when: (1) The actions concern substantially the same parties, property, transaction or event; and (2) It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." These putative antitrust class actions, like the recently filed *Klein* case, all follow the highly-publicized antitrust lawsuits filed by the FTC and the Attorneys General of 46 states, D.C., and Guam (collectively "the States") against Facebook. These putative antitrust class actions all proceed under a "monopoly broth" theory of anticompetitive conduct, much like the one alleged in the *Reveal Chat* case. While the cases vary slightly in the "ingredients" they challenge (and with respect to the putative classes themselves), all focus on Facebook's acquisitions of Instagram and WhatsApp, its purported use of Onavo for "surveillance," and its regulation of developer usage of Facebook APIs. As the Court knows, these theories are also at the heart of the *Reveal Chat* case, which has been pending in this Court for nearly a year. It is telling that *both* Facebook and the *Reveal Chat* plaintiffs recognize that *Sherman, Kupcho, and Dames* are related to *Reveal Chat*. Similarly, both the FTC and the States acknowledge that their recently-filed lawsuits, which are predicated on some of the same conduct, are related to each of these private cases. Dispersing these largely identical actions across the dockets of multiple judges on this Court would result in a significant duplication of efforts and ultimately poses a risk of inconsistent judgments and other orders as the litigation advances. These challenges and burdens can be easily avoided by relating the

cases.

In light of the substantial factual and legal overlap, the threat of duplicative discovery, and the real threat of inconsistent judgments, the cases easily exceed the relevant standard for relation.

*First*, the cases all "concern substantially the same parties, property, transaction or event." Civil L.R. 3-12(a)(2)(1). Facebook is the defendant in all the cases. With respect to legal theories, the cases all allege that Facebook unlawfully monopolized or attempted to monopolize markets in violation of Section 2 of the Sherman Act, 15 U.S.C. § 2. And the plaintiffs in all cases, like the plaintiffs in *Reveal Chat* (and *Klein*), all allege the following as part of their unlawful monopolization theories:

- Facebook acquired Instagram (*compare Reveal Chat* Am. Compl. ¶¶ 287-299, *with Sherman* Compl. ¶¶ 105-108, *Kupcho* Compl. ¶¶ 171-179, *and Dames* Compl. ¶¶ 59-63; *see also* ECF No. 85-2 ("*Klein* Compl.") ¶¶ 170-177), and WhatsApp (*compare Reveal Chat* Am. Compl. ¶¶ 323-332, *with Sherman* Compl. ¶¶ 110-111, *Kupcho* Compl. ¶¶ 186-188, *and Dames* Compl. ¶¶ 65-68; *see also Klein* Compl. ¶¶ 184-186), allegedly to eliminate potential competition;

- Facebook allegedly imposed conditions on or restricted access to its Platform for third-party developers, including through withdrawal of access to APIs (*compare Reveal Chat* Am. Compl. ¶¶ 247-261, *with Sherman* Compl. ¶¶ 112, 114, *Kupcho* Compl. ¶¶ 165-167, 169, *and Dames* Compl. ¶¶ 74-81; *see also Klein* Compl. ¶¶ 164-166, 168); and

- Facebook allegedly acquired and used Onavo to collect user data and employed that data to identify and target competitive threats (*compare Reveal Chat* Am. Compl. ¶¶ 266-286, *with Sherman* Compl. ¶¶ 112-114, *Kupcho* Compl. ¶¶ 149-154, *and Dames* Compl. ¶¶ 55-56; *see also Klein* Compl. ¶¶ 148-153).

Recognizing these similarities, both the FTC and the States listed *Reveal Chat*, *Sherman*, and *Kupcho* as related to cases they respectively filed on December 9, 2020 in the United States District Court for the District of Columbia challenging Facebook's acquisitions of WhatsApp

and Instagram and its platform policies. The FTC stated that *Reveal Chat*, *Sherman*, and *Kupcho* "involve[] common issues of fact" and "grow[] out of the same event or transaction" as the FTC's case. ECF Nos. 5, 10, 28, *FTC v. Facebook, Inc.*, No. 1:20-cv-03590-CRC (D.D.C.). The States similarly told the court that *Reveal Chat* and *Sherman* "involve[] common issues of fact," and that *Kupcho* both "involves common issues of fact" and "grows out of the same event or transaction." ECF Nos. 6, 9, 14, *State of N.Y. v. Facebook, Inc.*, No. 1:20-cv-03589-JEB (D.D.C.).[1] Indeed, the timing of the complaints makes it clear that these lawsuits were filed either in anticipation of or in the wake of the FTC's and the States' lawsuits.

To be sure, the plaintiffs in the various cases do differ somewhat. However, "Rule 3-12(a)(1) allows for relation of actions even where plaintiff classes differ, including classes of consumers as opposed to content creators." *Pepper v. Apple Inc.*, 2019 WL 4783951, at *1 (N.D. Cal. Aug. 22, 2019). In *Pepper*, Judge Gonzalez Rogers correctly held that the fact that the plaintiffs in certain of the related cases were "app developers" while others were "consumers" did not defeat relation because the "bases of plaintiffs' complaints[] center around the same technology and economic structure[]." *Id*. So it is here. The plaintiffs all challenge Facebook's supposed dominance over social networking (however denominated), the competitive structure in that market, and the impact of similar or identical conduct on competition in that industry.

Nor is relation defeated by the fact that the *Sherman*, *Kupcho*, and *Dames* complaints, like the complaint in *Klein*, allege as one component of their monopoly broth theory that Facebook deceived users about its data privacy practices, while that theory is currently absent from the *Reveal Chat* complaint. *Compare Klein* Compl. ¶¶ 91-125, *with Sherman* Compl. ¶¶

---

[1] The FTC and the States also listed *Klein* as a related case. The FTC indicated that *Klein* both "involves common issues of fact" and "grows out of the same event or transaction." ECF No. 4, *FTC v. Facebook, Inc.*, No. 1:20-cv-03590-CRC (D.D.C.). The States also indicated that *Klein* "involves common issues of fact." ECF No. 5, *State of N.Y. v. Facebook, Inc.*, No. 1:20-cv-03589-JEB (D.D.C.).

92-100, *Kupcho* Compl. ¶¶ 93-101, *and Dames* Compl. ¶¶ 83-93.  Relation does not require identical theories of liability.  *See, e.g.*, *Pepper*, 2019 WL 4783951, at *2.  Were it otherwise, parties who wished to defeat relation could do so easily through creative pleading or strategic timing of amendments.

**Second**, given the substantial factual and legal overlap between the cases, it is "likely that there will be an unduly burdensome duplication of labor and expense … if the cases are conducted before different Judges."  Civil L.R. 3-12(a)(2).  Because all of these cases involve the same activity and substantially the same legal theories, any discovery, motion practice, trials, and potential remedies will substantially overlap.  At the center of all of these cases will be an examination of the relevant markets in which Facebook operated, Facebook's conduct in the relevant markets, including the competitive effects of the challenged acquisitions, the viability of app developers as emergent competitors to Facebook, how, if at all, Facebook used data from Onavo, and Facebook's API practices.  Substantial efficiencies will be available in discovery into each of these theories if these cases are related.  Likewise, it would be inefficient and unduly burdensome to "hav[e] … different judges govern discovery disputes."  *Financial Fusion, Inc. v. Ablaise Ltd.*, 2006 WL 3734292, at *3 (N.D. Cal. Dec. 18, 2006).  Moreover, given the time and effort that the Court has already expended in assessing similar legal claims premised on a shared factual predicate, relating *Reveal Chat*, *Sherman*, *Kupcho*, and *Dames* would conserve judicial resources.  Discovery in *Reveal Chat* has not yet begun, meaning that it is not far ahead of *Sherman*, *Kupcho*, or *Dames*.  *Id*. at *4 (noting lack of delay as factor in favor of relation).

**Third**, absent relation, there is a serious risk "of conflicting results."  *See* Civil L.R. 3-12(a).  Facebook anticipates raising similar defenses to the *Sherman*, *Kupcho*, and *Dames* allegations as it has raised in *Reveal Chat*, including that the claims are untimely and that the plaintiffs have failed to plausibly allege exclusionary conduct.  If the cases are not related and related to *Reveal Chat*, there is the real prospect, for example, that different courts could reach different conclusions about whether fraudulent concealment theories can ever be resolved on motions to dismiss, whether Facebook owed any duty to any of the plaintiffs to disclose its plan

for the API withdrawal, or findings regarding whether Facebook's intent was sufficient to support a fraudulent concealment claim.  And while *Sherman*, *Kupcho*, and *Dames* allege the existence of different relevant markets with different market participants than *Reveal Chat*, the allegations all focus on the same *product*: the Facebook platform.  *Reveal Chat* Am. Compl. ¶¶ 130-142, *Sherman* Compl. ¶¶ 23-24, *Kupcho* Compl. ¶¶ 38-52, *Dames* Compl. ¶¶ 22-25; *see also Klein* Compl. ¶¶ 37-51.  Treating the same product as part of different alleged relevant markets increases the prospect for inconsistent judgments as to Facebook's purported monopoly power and the markets in which Facebook is alleged to participate.  If decisions on these pivotal issues are inconsistent, not only would it lead to disarray among the various private and government cases, but also potentially disrupt the operations of the dynamic markets in which Facebook competes today.

      Because of the substantial overlap between these cases, and because the Court is already familiar with many of the legal and factual issues implicated in the cases, Facebook respectfully requests that the Court enter an order relating *Reveal Chat*, *Sherman*, *Kupcho*, and *Dames*.

| | | |
|---|---|---|
| 1 | Dated: December 16, 2020 | Respectfully submitted, |
| 2 | | |
| 3 | | By: /s/ Sonal N. Mehta |
| | | SONAL N. MEHTA (SBN 222086) |
| 4 | | sonal.mehta@wilmerhale.com |
| | | WILMER CUTLER PICKERING HALE |
| 5 | | AND DORR LLP |
| | | 2600 El Camino Real, Suite 400 |
| 6 | | Palo Alto, CA 94306 |
| | | Telephone: (650) 858-6000 |
| 7 | | |
| 8 | | DAVID Z. GRINGER (*pro hac vice*) |
| | | david.gringer@wilmerhale.com |
| 9 | | ARI HOLTZBLATT (*pro hac vice*) |
| | | ari.holtzblatt@wilmerhale.com |
| 10 | | MOLLY M. JENNINGS (*pro hac vice*) |
| | | molly.jennings@wilmerhale.com |
| 11 | | WILMER CUTLER PICKERING HALE |
| | | AND DORR LLP |
| 12 | | 1875 Pennsylvania Avenue, NW |
| 13 | | Washington, DC 20006 |
| | | Telephone: (202) 663-6000 |
| 14 | | |

No. 5:20-cv-00363-BLF          FACEBOOK'S MOTION FOR ADMINISTRATIVE
                               RELIEF TO CONSIDER WHETHER CASES SHOULD BE RELATED

**CERTIFICATE OF SERVICE**

I hereby certify that on this 16th day of December 2020, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System. And I hereby certify that I have served the foregoing document on counsel for the plaintiffs in the action in which relation is sought pursuant to agreement between the parties.

*/s/ Sonal N. Mehta*
Sonal N. Mehta