# EXHIBIT 3

Tina Wolfson (SBN 174806)
Robert Ahdoot (SBN 172098)
Theodore W. Maya (SBN 223242)
Rachel R. Johnson (SBN 331351)
**AHDOOT & WOLFSON, PC**
2600 West Olive Avenue, Suite 500
Burbank, CA 91505
Tel: (310) 474-9111
Fax: (310) 474-8585
twolfson@ahdootwolfson.com
rahdoot@ahdtootwolfson.com
tmaya@ahdootwolfson.com
rjohnson@ahdootwolfson.com

*Counsel for Plaintiff and the Proposed Class*

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| REVEAL CHAT HOLDCO LLC, a Delaware limited liability company, USA TECHNOLOGY AND MANAGEMENT SERVICES, INC. (d/b/a Lenddo USA), a Delaware corporation, CIR.CL, INC., a dissolved Delaware corporation, and BEEHIVE BIOMETRIC, INC., a dissolved Delaware corporation,<br><br>    Plaintiffs,<br><br>    v.<br><br>FACEBOOK, INC., Delaware corporation,<br><br>    Defendant. | Case No. 5:20-cv-00363-BLF<br><br>***SHERMAN* PLAINTIFFS' OPPOSITION TO DEFENDANT FACEBOOK, INC.'S MOTION FOR ADMINISTRATIVE RELIEF TO CONSIDER WHETHER CASES SHOULD BE RELATED PURSUANT TO CIVIL L.R. 3-12** |

## I. INTRODUCTION

Facebook, Inc.'s ("Facebook") Motion for Administrative Relief to Consider Whether Cases Should be Related Pursuant to Civil L.R. 3-12 (the "Motion") is a faulty attempt to tie actions together using the broadest of antitrust generalities and cherry-picked facts. Facebook has failed to demonstrate any basis whatsoever to relate *Sherman v. Facebook, Inc.,* No. 3:20-cv-08721-LB (N.D. Cal.) to *Reveal Chat Holdco LLC et al, v. Facebook, Inc.*, No. 5-20-cv-00363 BLF (N.D. Cal.) (*Reveal Chat* and *Sherman* are referred to herein as the "Cases").  The Cases involve entirely *different* classes of plaintiffs, legal theories, transactions, market definitions, business considerations, business units within Facebook, economic realities, and historical conduct. *See* Civil Local Rule 3-12. Plaintiffs Vickie Sherman and Lezah Neville-Marrs ("User Plaintiffs"), the Facebook users who allege they received low quality social networking services in exchange for troves of data, and Plaintiffs Katherine Loopers and Jarred Johnson ("Advertiser Plaintiffs), advertisers who allege they paid supra-competitive prices for low quality digital display advertising services, are in no way related to the app developer competitors of Facebook in *Reveal Chat* who claim harm based on *exclusion from* the "Social Data Market" and "Social Advertising Market." *Sherman*, No. 3:20-cv-08721-LB  (N.D. Cal. Dec. 9, 2020), ECF No. 1 (the "*Sherman* Complaint"); *Reveal Chat*, No. 20-cv-00363-BLF (N.D. Cal. Aug. 7 2020), ECF No. 62 (the "*Reveal Chat* Complaint"). Given these significant differences, the Cases do not "concern substantially the same parties, property, transaction or event" and litigating the Cases in front of separate judges would not lead to unduly burdensome duplication of labor or conflicting results. Civil Local Rule 3-12. Accordingly, the *Sherman* Plaintiffs respectfully request the Motion be denied.

## II. FACEBOOK FAILS TO ESTABLISH THAT *SHERMAN* AND *REVEAL CHAT* ARE RELATED UNDER LOCAL RULE 3-12

Facebook fails to meet its burden to show that *Sherman* and *Reveal Chat* should be related. "[A]n action is related to another when: (1) The actions concern substantially the same parties, property, transaction or event; *and* (2) It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." N.D. Cal. L.R. 3-12(a) (emphasis added). The burden is on the party seeking relation to show that *both* of these requirements are met. *ESS Tech., Inc. v. PC-Tel, Inc.*, No. 01-cv-01300-VRW, 2001 WL 1891713, at *3 (N.D. Cal. Nov. 28, 2001). Because neither (let

alone both) of these elements is present, Facebook's motion should be denied.

### A. The Cases Involve Entirely Different Plaintiffs, Classes, and Markets

The Motion should be denied because the Cases involve different parties bringing different claims on behalf of different classes during different time periods. *See City of San Jose v. Office of the Comm'r of Baseball*, No. 13-cv-2787-RMW (N.D. Cal. March 2, 2015), Dkt. No. 69 at 2 (denying motion to relate because, in part, cases involved different plaintiffs). First, the *Sherman* plaintiffs are consumers and advertisers representing putative classes of **Facebook users** and **purchasers of Facebook's advertising services**. *Sherman* asserts claims on behalf of persons and entities "*who maintained a Facebook profile at any point from 2007*" through the present. *Sherman* at ¶ 181. In contrast, the *Reveal Chat* plaintiffs are corporate entities representing a putative class of **app developers** and competitors of Facebook that seek to "produce[] apps that consume social data, harvest social data, and/or monetize social data." *Reveal Chat*, Dkt. 62 at ¶¶ 18–65, 334.[1] *Reveal Chat* asserts claims on behalf of "persons, entities, corporations in the United States *who were excluded from the Social Data Market or injured by Facebook's decision to withdraw the Graph APIs, for the period beginning May 24, 2010 until April 30, 2015*." *Reveal Chat* at ¶ 389. Varying class definitions create meaningful differences that weigh against relation. *See Tecson v. Lyft, Inc.*, No. 18-cv-06782-YGR, 2019 WL 1903263, at *3 (N.D. Cal. Apr. 29, 2019) ("[T]he factual inquiries for each putative class would be unique because the class putative members have different relationship with [the defendant].").

Second, plaintiffs in these cases allege monopolization of and anticompetitive impact in completely different markets. *DeSoto Cab Co., Inc. v. Uber Techs., Inc.*, No. 16-cv-06385-JSW (N.D. Cal. Jan. 7, 2019), Dkt. 76 (denying motion to relate "given the differences between the two cases," including different relevant markets and denying motion to relate despite overlap in Sherman Act claims where the "cases concern different plaintiffs, contain different factual allegations, address dissimilar scopes, and, for the most part, entail different claims"). The *Sherman* plaintiffs are consumers in the Social Media, Social Networking, and Display Advertising markets. *Sherman* at ¶¶ 28, 29, 157, 161-164 (defining the **Social Networking Market** as platforms facilitate their users finding, interacting, and networking with other

---

[1] The *Sherman* plaintiffs and the *Reveal Chat* plaintiffs are also represented by different counsel.

people they already know online; **the Social Media Market** as platforms allowing users to stream, share, and view content; and the **Digital Display Advertising** Market as the delivery of ads on websites and mobile apps the buying and selling of which involves real-time bidding). In contrast, *Reveal Chat* plaintiffs allege antitrust injury as competitors in the Social Data and Social Advertising markets. *Reveal Chat* at ¶¶ 7, 315-347 (defining a Social Data Market as participants acquiring data from their users and the Social Advertising Market as social media networks selling advertising space on their websites).

  **B.** **The Cases Involve Entirely Different Anticompetitive Conduct During Different Time Periods, Aimed at Different Market Participants, Resulting in Different Injuries to Unrelated Plaintiffs and Classes**

  The gravamen of *Sherman* is that, beginning in 2007 and continuing through 2020, Facebook deployed misleading and fraudulent behavior regarding its data collection efforts so that it could amass market share. *Sherman* at ¶¶ 56-62, 78-100. Facebook concedes as much in its motion, Motion at 4, that these theories appear nowhere in *Reveal Chat*[2], which is based on Facebook's conduct between 2012 and 2015. *Reveal Chat* at ¶ 6. These differences are significant and preclude relation. See *Hill v. Goodfellow Top Grade*, 2019WL 2716487, at *1 (N.D. Cal. June 28, 2019) (denying motion to relate because, although the cases concerned overlapping events and witnesses, "do not concern substantially the same parties, property, transaction, or event.").

  Facebook's motion therefore grossly mischaracterizes *Sherman* as "focusing" on Facebook's acquisitions of Instagram and Whatsapp, restricting API access to developers, and use of Onavo to surveil competitors. Motion at 1. As to acquisitions, Facebook's citation to a few common facts does not come close to illustrating substantial overlap. Motion at 2. Any case describing Facebook's acquisition history would include these facts, but such facts are insufficient to relate the Cases. As this Court has recognized, that two cases reference some similar facts is deficient where "there are myriad case-specific facts and issues that do not overlap." *ASUS Computer Int'l v. Interdigital, Inc.,* No. 15-cv-01716-BLF,

---

[2] The *Sherman* plaintiffs also describe other events and allegations that appear nowhere in the *Reveal Chat* plaintiffs' complaint including, inter alia: (1) dark patterns and obfuscations used in Facebook's privacy policies; (2) Facebook's deception regarding its "Beacon" program in 2007; (3) Facebook's deception regarding its 2010 introduction of the "Like" Button (4) Facebook's deception regarding psychological manipulation of its users and other cognitive harms; and (5) Facebook's 2020 acquisition of Giphy. *Sherman* at ¶¶ 60-61, 65-77, 81-93, 95, 97, 115.

2015 WL 13783764, at *1 (N.D. Cal. June 15, 2015) (Freeman, J.). Such is the case here. *See also Adobe Sys. Inc. v. A & S Elecs., Inc.*, 2016 WL 9105173, at *3 (N.D. Cal. Oct. 13, 2016) (finding cases not related where different parties, products, and claims were involved). In identifying only a single case in support of its argument that the Cases concern substantially the same parties, property, transaction or event, Facebook recognizes that the majority of California courts require much more than a mere overlap of certain facts to relate cases. *See Tecson,* 2019 WL 1903263, at *2; *DeSoto Cab*, No. 16-cv-06385-JSW, Dkt. No. 76; *City of San Jose*, No. 13-cv-2787-RMW, Dkt. No. 69, at 2; *Ortiz v. CVS Caremark Corp.,* 2013 WL 12175002, at *2 (N.D. Cal. Oct. 15, 2013) (denying motion to relate cases because "the limited overlap of some class members is not enough to reach the 'substantial similarity' threshold."). Indeed, Facebook concedes the Cases differ. Motion at 3.

While conveniently overlooking the primary focus of *Sherman*, Facebook fails to address yet another key distinction: *Reveal Chat*'s allegations are narrowly limited to Facebook's conduct *only* as it relates to mobile applications in the mobile environment. Unlike *Reveal Chat*, *Sherman*'s allegations depend upon Facebook's broad collection of data and surveillance across several mediums including *any* means of connection to Facebook's services from desktop to mobile devices, even aggregating user activity across multiple devices. *Sherman* at ¶¶ 88, 152. Not surprisingly, the different plaintiffs assert very different claims and injuries. Th*e Sherman* User and Advertiser plaintiffs respectively allege paying supra-competitive, quality-adjusted, and monetary prices as a result of Facebook's deceptive and anticompetitive conduct. In contrast, the *Reveal Chat* plaintiffs allege they were improperly excluded from accessing consumers' data and competing in the markets for social data and social advertising.[3]

Any ostensible overlap between *Reveal Chat* and *Sherman* in advertising markets is a red herring. *Sherman* plaintiffs allege direct, tangible injury in the forms of supra-competitive pricing, lack of transparency, and low quality advertising they purchased. *Sherman* at ¶¶ 74-77 and 116-130. *Reveal Chat* plaintiffs allege indirect relation to advertising, stating that their injury in exclusion from the Social Data Market was the means by which Facebook obtained and maintained its monopoly in Social Advertising.

---

[3] The *Reveal Chat* plaintiffs' alleged injuries conflict with the *Sherman* User plaintiffs' claims, as the *Sherman* plaintiffs wish to maximize their privacy and limit the amount of their personal data amassed by online platforms.

*Reveal Chat* at ¶ 9. *Reveal Chat* does not mention advertising in its class definition or issues common to the class. *Id* at ¶ 478-482. Any advertising harm to *Reveal Chat* plaintiffs is narrowly limited to Facebook denying access to its "NEKO" platform of which *Sherman* makes no mention. *Id* at ¶¶ 185-187.

      **C.**      **Litigating the Cases Separately Will Not Duplicate Labor or Risk Conflicting Results**

Facebook similarly fails to show that unduly burdensome duplication of labor or conflicting will result if the Cases are litigated separately. Given the different classes and the different claims based on different markets, there is no overlap of work or risk of conflicting opinions. *Asus Computer I'ntl*, 2015 WL 13783764, at *1 (finding "the cases can proceed before different judges without being unduly burdensome because there are myriad case-specific facts and issues that do not overlap, even if the cases both involve similar licensing agreements, and that it is unlikely that there would be conflicting results were the cases to be tried before different judges"). Nor will there be substantial overlap in discovery as the cases involve different theories of liability based on different conduct by Facebook.[4] As explained above, *Sherman*'s theories of liability are entirely distinct from and do not exist in *Reveal Chat*.

    Facebook's arguments raised against consumers in *Sherman* will not mirror those raised against competitors in *Reveal Chat*. For example, in its motion to dismiss in *Reveal Chat* Facebook argues, *inter alia*, that the *Reveal Chat* plaintiffs have not suffered antitrust injury because they do not compete in the *Social Data Market* and because their "purported 'foreclosure' from the [*Social Advertising Market*] as competitors, [ ] is not sufficient to allege an antitrust injury." *Reveal Chat*, No. 5:20-cv-000363-BLF, ECF No. 71. Facebook further argues that it "did not have a duty to deal" with the competitor plaintiffs in *Reveal Chat*. *Id.* at 20. These arguments are not relevant in *Sherman* and thus, the Court's findings in *Reveal Chat* will not affect *Sherman*. As such, there is no duplication of effort or risk of conflicting results and relation is inappropriate. Civil L.R. 3-12.

**III.**    **CONCLUSION**

For these reasons, the *Sherman* Plaintiffs respectfully request the Court deny Facebook's Motion.

DATED: December 21, 2020                   Respectfully submitted,

                                                    /s/ Tina Wolfson

---

[4] To the extent there is any minimal overlap, discovery can be coordinated.

1  
2  
3  
4  
5  
6  
7  
8  

TINA WOLFSON (SBN 174806)  
ROBERT AHDOOT (SBN 172098)  
THEODORE W. MAYA (SBN 223242)  
RACHEL R. JOHNSON (SBN 331351)  
**AHDOOT & WOLFSON, PC**  
2600 WEST OLIVE AVENUE, SUITE 500  
BURBANK, CA 91505  
TEL: (310) 474-9111  
FAX: (310) 474-8585  
twolfson@ahdootwolfson.com  
rahdoot@ahdtootwolfson.com  
tmaya@ahdootwolfson.com  
rjohnson@ahdootwolfson.com

# **CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury that on December 21, 2020, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the Electronic Mail Notice List maintained by the Court, and I hereby certify that I caused the mailing of the foregoing via e-mail and the United States Postal Service to the following non-CM/ECF participants:

Shana E. Scarlett
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
shanas@hbsslaw.com

Steve W. Berman
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
steve@hbsslaw.com

W. Joseph Bruckner
Brian D. Clark
Robert K. Shelquist
Rebecca A. Peterson
Arielle S. Wagner
Stephanie Chen
LOCKRIDGE GRINDAL NAUEN P.L.L.P.
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
wjbruckner@locklaw.com
bdclark@locklaw.com
rkshelquist@locklaw.com
rapeterson@locklaw.com
aswagner@locklaw.com
sachen@locklaw.com

*Counsel for Plaintiff Rachel Banks Kupcho*

Jennifer L. Joost (Bar No. 296164)
KESSLER TOPAZ MELTZER & CHECK, LLP
One Sansome Street, Suite 1850
San Francisco, CA 94104
Telephone: (415) 400-3000
Facsimile: (415) 400-3001
jjoost@ktmc.com

Joseph H. Meltzer*
Terence S. Ziegler*
Melissa L. Troutner*
Lauren McGinley*
KESSLER TOPAZ MELTZER & CHECK, LLP
280 King of Prussia Road
Radnor, PA 19087
Tel: (610) 667-7706
Fax: (610) 667-7056
jmeltzer@ktmc.com
tziegler@ktmc.com
mtroutner@ktmc.com
lmcginley@ktmc.com

*Counsel for Plaintiffs Deborah Dames and Timothy Mathews*

    Pursuant to L.R. 3-12, I hereby certify that I caused the following document to be lodged with the Chambers of all Judges identified in motion.

DATED: December 21, 2020      /s/ *Tina Wolfson*
    Tina Wolfson
    AHDOOT & WOLFSON PC
    2600 West Olive Avenue, Suite 500
    Burbank, CA 91505