Stephen A. Swedlow (admitted *pro hac vice*)
 stephenswedlow@quinnemanuel.com
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606-1881
(312) 705-7400

Kevin Y. Teruya (Bar No. 235916)
 kevinteruya@quinnemanuel.com
Adam B. Wolfson (Bar No. 262125)
 adamwolfson@quinnemanuel.com
Brantley I. Pepperman (Bar No. 322057)
 brantleypepperman@quinnemanuel.com
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
(213) 443-3000

Warren Postman (Bar No. 330869)
 wdp@kellerlenkner.com
Jason Ethridge (admitted *pro hac vice*)
 jason.ethridge@kellerlenkner.com
**KELLER LENKNER LLC**
1300 I Street, N.W., Suite 400E
Washington, DC 20005
(202) 918-1123

Ashley Keller (admitted *pro hac vice*)
 ack@kellerlenkner.com
Benjamin Whiting (admitted *pro hac vice*)
 ben.whiting@kellerlenkner.com
**KELLER LENKNER LLC**
150 N. Riverside Plaza, Suite 4270
Chicago, IL 60606
(312) 741-5220

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| MAXIMILIAN KLEIN and SARAH GRABERT, individually and on behalf of all others similarly situated,<br><br>       *Plaintiffs,*<br><br>    vs.<br><br>FACEBOOK, INC., a Delaware corporation headquartered in California,<br><br>       *Defendant.* | Case No. 5:20-cv-08570-LHK<br><br><br>**PLAINTIFFS' MOTION FOR ADMINISTRATIVE RELIEF TO CONSIDER WHETHER CONSUMER CASES SHOULD BE RELATED PURSUANT TO CIVIL LOCAL RULE 3-12** |

1

**<u>INTRODUCTION</u>**

2    Currently, at least seven putative antitrust class actions are pending against defendant

3    Facebook, Inc. ("Facebook") before six different judges in the Northern District of California.

4    These seven cases should be assigned into one of two unrelated groups.

5    The first consists of two cases: *Reveal Chat Holdco LLC et al. v. Facebook, Inc.*, Case No.

6    5:20-cv-00363-BLF (Freeman, J.) and the later-filed *Affilious, Inc. et al. v. Facebook, Inc.*, Case

7    No. 4:20-cv-09217-KAW (Westmore, J.) (collectively, the "*Reveal Chat* group").  *Reveal Chat*

8    and *Affilious* raise allegations about Facebook's conduct towards **app developers** and **advertisers**

9    in the "Social Data" and "Social Advertising" relevant markets, focus on Facebook's refusal to

10   provide them with access to data from its "Platform", and were filed by the same plaintiffs'

11   counsel.  Facebook, the *Reveal Chat* plaintiffs, and the *Affilious* plaintiffs stipulated to relate

12   *Affilious* to *Reveal Chat* before Judge Freeman on December 30, 2020.  *See Reveal Chat*, Dkt. 98.

13   The second consists of four cases: *Klein et al. v. Facebook, Inc.*, Case No. 5:20-cv-08570-

14   LHK (this case) and the later-filed *Kupcho v. Facebook, Inc.*, No. 4:20-cv-08815-JSW (White, J.);

15   *Dames et al. v. Facebook, Inc.*, No. 3:20-cv-08817-HSG (Gilliam, J.); and *Steinberg v. Facebook,*

16   *Inc.* 3:20-cv-09130-VC (Chhabria, J.) (collectively, the "*Klein* group").  Unlike *Reveal Chat* and

17   *Affilious*, *Klein* and the later-filed *Kupcho*, *Dames*, and *Steinberg* raise allegations about

18   Facebook's anticompetitive deception of **consumers** in the "Social Network" and/or "Social

19   Media"[1] relevant markets.  Because the *Klein* group is unrelated to the *Reveal Chat* group, Local

20   Rule 3-12 does not require the same District Judge to preside over all actions simply because they

21   are antitrust cases against Facebook.  In fact, antitrust class actions involving different plaintiff

22   classes and different relevant markets are frequently assigned to different judges in the Northern

23   District of California despite involving the same defendant or "platform."  *Compare In re Google*

24   ---
      [1] *Klein* and the later-filed *Kupcho* allege anticompetitive behavior in the Social Network

25   and Social Media Markets.  *Dames* and *Steinberg* both allege anticompetitive behavior in the

26   "Personal Social Networking Market," which, but for the name, is substantially similar to the

27   Social Network Market first alleged in the earlier-filed *Klein*.

28

*Digital Advertising Antitrust Litig.*, Case No. 5:20-cv-03556-BLF (Freeman, J.) (putative class of users of Google's search advertising services in "Online Display Advertising Services Market"); with *In re Google Play Consumer Antitrust Litig.*, Case No. 3:20-cv-05761-JD (Donato, J.) (putative class of consumers in "App Distribution Market" that purchased mobile apps using Google Play app store).

 A seventh case—*Sherman et al. v. Facebook, Inc.*, Case No. 3:20-cv-08721-JSW (White, J.)—is an outlier because it, unlike the others, could arguably be assigned to either group. *Sherman* asserts claims on behalf of consumers based on the same anticompetitive deception of consumers first alleged in *Klein*.[2]  *See, e.g.*, *Sherman*, Dkt. 1, at ¶¶ 12–17, 79–89.  But unlike the cases in the *Klein* group, and like the cases in the *Reveal Chat* group, *Sherman* also asserts claims on behalf of non-consumers based on Facebook's conduct aimed at those non-consumers.  *Id.* at ¶¶ 18–21, 74–77.  And, unlike the cases in the *Klein* group—which involve only putative classes of consumers—the *Sherman* plaintiffs seek to represent both an "Antitrust Facebook User Class" *and* an "Antitrust Facebook Advertiser Class."  *Id.* at ¶ 181.

 Several piece-meal motions to relate these seven cases are pending before different judges in the Northern District of California.  Pending before Judge Freeman in *Reveal Chat* are: (1) Facebook's motion to relate *Klein* to *Reveal Chat* (which the *Klein* Plaintiffs oppose); (2) Facebook's motion to relate the later-filed *Sherman, Kupcho,* and *Dames* to *Reveal Chat*[3]; (3) the

---

[2] Facebook has previously conceded that the anticompetitive deception of consumers theory first alleged in *Klein* and then alleged in the later-filed cases "is absent from the *Reveal Chat* complaint."  *Reveal Chat*, Dkt. 87, at 3; *see also Reveal Chat*, Dkt. 85, at 4.

[3] The *Dames* and *Sherman* plaintiffs each opposed Facebook's motion to relate *Dames* and *Sherman* to *Reveal Chat*.  *Reveal Chat*, Dkts. 93, 94.  The *Kupcho* plaintiff filed a response indicating that she "does not oppose the relation or any necessary coordination among the cases" but "opposes any consolidation of the Facebook User Cases . . . with the *Reveal Chat* case, based on the factual and legal differences between the cases."  *Reveal Chat*, Dkt. 92, at 1.

1    *Affilious* plaintiffs' unopposed motion to relate *Affilious* to *Reveal Chat*; and (4) Facebook's

2    motion to relate *Steinberg* to *Reveal Chat* (which the *Steinberg* plaintiff opposes).  *Reveal Chat*,

3    Dkts. 85, 87, 98, 99.  Already pending before this Court is the *Sherman* plaintiffs' motion to relate

4    *Sherman* to *Klein* rather than to *Reveal Chat*.  *Klein*, Dkt. 19.

5           The *Klein* Plaintiffs' present motion defers to the Court and takes no position on which

6    judge should decide which motion first.  Nor does the motion seek to relate *Sherman* to *Klein*

7    (which is the subject of the *Sherman* plaintiffs' already pending motion, which the *Klein* Plaintiffs

8    do not oppose).[4]  Instead, the motion recognizes that these seven cases are the subject of multiple

9    piece-meal motions to relate that are pending before multiple courts, including this one.

10   Accordingly, to comply with Local Rule 3-12(b) and to assist the Court (and the Northern District

11   of California) with the orderly management of the cases in the *Klein* group, Plaintiffs in this

12   case—the "lowest-numbered" case challenging Facebook's anticompetitive deception of

13   consumers—move to relate the later-filed *Kupcho*, *Dames*, and *Steinberg* to the earlier-filed

14   *Klein*.[5]

15

16

17

18

19          [4] The *Klein* plaintiffs filed a response to the *Sherman* plaintiffs' motion maintaining that

20   "[w]ith respect to the proper assignment of *Klein*, . . . *Klein* is not related to *Reveal Chat*," but that

21   with respect to the assignment of *Sherman*, the *Klein* Plaintiffs "do not oppose the *Sherman*

22   plaintiffs' motion to relate their later-filed *Sherman* case to *Klein* rather than to *Reveal Chat*."

23   *Klein*, Dkt. 24 at 1.

24          [5] The *Steinberg* and *Dames* plaintiffs agreed to stipulate that their respective cases are

25   related to *Klein*.  *See* Dkt. 34-2, ¶¶ 6, 9.  The *Kupcho* plaintiff indicated that she takes no position

26   as to the *Klein* Plaintiffs' motion to relate while Facebook's motions to relate are pending before

27   Judge Freeman in *Reveal Chat*.  *Id.*, ¶ 8.  Facebook opposes the *Klein* Plaintiffs' motion.  *Id.*, ¶ 7.

28

1

## ARGUMENT

2    *First*, *Klein* and the later-filed *Kupcho*, *Dames*, and *Steinberg* concern substantially similar

3    parties, transactions, and events.  *See* N.D. Cal. L.R. 3-12(a)(1).  The below chart highlights some

4    of these similarities.

5

| | ***Klein*** | ***Kupcho*** | ***Dames*** | ***Steinberg*** |
|---|---|---|---|---|
| **Plaintiffs** | Two individual Facebook users: Maximilian Klein and Sarah Grabert.<br><br>Exh. 1, ¶¶ 18–25. | One individual Facebook user: Rachel Banks Kupcho.<br><br>Exh. 2, ¶¶ 20–22. | Two individual Facebook users: Deborah Dames and Timothy Mathews.<br><br>Exh. 4, ¶¶ 11–14. | One individual Facebook user: Charles Steinberg.<br><br>Exh. 6, ¶ 16. |
| **Relevant Market(s)** | The Social Network Market and the Social Media Market in the United States.<br><br>Exh. 1, ¶¶ 52, 74. | The Social Network Market and the Social Media Market in the United States.<br><br>Exh. 2, ¶¶ 53, 75. | The Personal Social Networking Market in the United States.<br><br>Exh. 4, ¶¶ 33, 38. | The Personal Social Networking Market in the United States.<br><br>Exh. 6, ¶¶ 20–21. |
| **Putative Classes(s)** | The Antitrust Consumer Class and the Unjust Enrichment Consumer Class.[6]<br><br>Exh. 1, ¶ 216. | The Antitrust Consumer Class and the Unjust Enrichment Consumer Class.<br><br>Exh. 2, ¶ 218. | The Antitrust Class and the Unjust Enrichment Class.<br><br>Exh. 4, ¶ 114. | The Antitrust Class and the Unjust Enrichment Class.<br><br>Exh. 6, ¶ 60. |

---

[6] The *Klein* Plaintiffs' proposed classes include: "All persons or entities in the United States who maintained a Facebook profile from 2007 up to the date of the filing of this action." Each of the later-filed *Kupcho*, *Dames*, and *Steinberg* include class definitions that are identical to those in *Klein*.  *See* Exh. 2, ¶ 218; Exh. 4, ¶ 114; Exh. 6, ¶ 60.

| | ***Klein*** | ***Kupcho*** | ***Dames*** | ***Steinberg*** |
|---|---|---|---|---|
| **Consumer Deception as Anti-Competitive Conduct**[7] | Yes.<br><br>Exh. 1, ¶¶ 91–141. | Yes.<br><br>Exh. 2, ¶¶ 92–142. | Yes.<br><br>Exh. 4, ¶¶ 83–93. | Yes.<br><br>Exh. 6, ¶¶ 44–47. |

***Second***, assignment of *Klein*, *Kupcho*, *Dames*, and *Steinberg* to a single United States District Judge would best conserve judicial resources, promote economy and efficiency, and eliminate the potential for conflicting results.[8]  *See* N.D. Cal. L.R. 3-12(a)(2).  Given the common plaintiff classes, allegations regarding Facebook's anticompetitive deception of consumers, relevant markets, and requested relief, separate adjudication of *Klein* and the later-filed *Kupcho*, *Dames*, and *Steinberg* would create an unduly burdensome duplication of labor and expense. Because *Klein*, *Kupcho*, *Dames*, and *Steinberg* are at preliminary stages (Facebook has not filed a responsive pleading or motion in any of these cases), relation of these cases would not prejudice any of the parties.

## CONCLUSION

For the foregoing reasons, *Kupcho*, *Dames*, and *Steinberg* should be related to the earlier-filed *Klein*.

---

[7] Contrary to Facebook's dismissive assertion, *Klein* and the later-filed consumer cases do not focus on "monopoly broth" (a mix of various ingredients which are separately not actionable) as anticompetitive conduct.

[8] While there is a risk of conflicting results should these cases be adjudicated separately from each other, there is no risk of conflicting results on the merits should they be adjudicated separately from the wholly-different cases in the *Reveal Chat* group.  *See Reveal Chat*, Dkt. 86, at 4–5; Dkt. 91, at 1–2.  To the extent necessary, discovery in cases in both groups can be assigned to a single Magistrate Judge, further eliminating any need for the cases in both groups to be assigned to a single District Judge.  *See Univ. of California v. Eli Lilly & Co.*, No. 90-cv-0373-DLJ-JSB, 1991 WL 332056, at *10 (N.D. Cal. Nov. 4, 1991).

1      Dated: January 4, 2021                    Respectfully submitted,

2
                                                  /s/ Adam B. Wolfson
3  Stephen A. Swedlow (admitted *pro hac vice*)     Warren Postman (Bar No. 330869)
     stephenswedlow@quinnemanuel.com                   wdp@kellerlenkner.com
4  **QUINN EMANUEL URQUHART & SULLIVAN, LLP**       Jason Ethridge (admitted *pro hac vice*)
5  191 N. Wacker Drive, Suite 2700                    jason.ethridge@kellerlenkner.com
   Chicago, IL 60606-1881                          **KELLER LENKNER LLC**
6  (312) 705-7400                                   1300 I Street, N.W., Suite 400E
                                                    Washington, DC 20005
7  Kevin Y. Teruya (Bar No. 235916)                 (202) 918-1123
     kevinteruya@quinnemanuel.com
8  Adam B. Wolfson (Bar No. 262125)                 Ashley Keller (admitted *pro hac vice*)
     adamwolfson@quinnemanuel.com                     ack@kellerlenkner.com
9  Brantley I. Pepperman (Bar No. 322057)           Ben Whiting (admitted *pro hac vice*)
     brantleypepperman@quinnemanuel.com               ben.whiting@kellerlenkner.com
10 **QUINN EMANUEL URQUHART & SULLIVAN, LLP**       **KELLER LENKNER LLC**
   865 South Figueroa Street, 10th Floor            150 N. Riverside Plaza, Suite 4270
11 Los Angeles, CA 90017-2543                       Chicago, IL 60606
   (213) 443-3000                                   (312) 741-5220
12
                                                    *Attorneys for Plaintiffs*
13              **ATTESTATION OF ADAM B. WOLFSON**

14          This document is being filed through the Electronic Case Filing (ECF) system by attorney

15 Adam B. Wolfson.  By his signature, Mr. Wolfson attests that he has obtained concurrence in the

16 filing of this document from each of the attorneys identified on the caption page and in the above

17 signature block.

18          Dated: January 4, 2021              By    /s/ Adam B. Wolfson
                                                         Adam B. Wolfson
19
                    **CERTIFICATE OF SERVICE**
20
21          I hereby certify that on this 4th day of January 2021, I electronically transmitted the

22 foregoing document to the Clerk's Office using the CM/ECF System.  In addition, I hereby certify

23 that I have served the foregoing document on counsel by electronic mail.

24
                                                By    /s/ Adam B. Wolfson
25                                                       Adam B. Wolfson

26
27
28