Stephen A. Swedlow (admitted *pro hac vice*)
  stephenswedlow@quinnemanuel.com
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606-1881
(312) 705-7400

Kevin Y. Teruya (Bar No. 235916)
  kevinteruya@quinnemanuel.com
Adam B. Wolfson (Bar No. 262125)
  adamwolfson@quinnemanuel.com
Brantley I. Pepperman (Bar No. 322057)
  brantleypepperman@quinnemanuel.com
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
(213) 443-3000

Warren Postman (Bar No. 330869)
  wdp@kellerlenkner.com
Jason Ethridge (admitted *pro hac vice*)
  jason.ethridge@kellerlenkner.com
**KELLER LENKNER LLC**
1300 I Street, N.W., Suite 400E
Washington, DC 20005
(202) 918-1123

Ashley Keller (admitted *pro hac vice*)
  ack@kellerlenkner.com
Benjamin Whiting (admitted *pro hac vice*)
  ben.whiting@kellerlenkner.com
**KELLER LENKNER LLC**
150 N. Riverside Plaza, Suite 4270
Chicago, IL 60606
(312) 741-5220

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| MAXIMILIAN KLEIN and SARAH GRABERT, individually and on behalf of all others similarly situated,<br><br>*Plaintiffs,*<br><br>vs.<br><br>FACEBOOK, INC., a Delaware corporation headquartered in California,<br><br>*Defendant.* | Case No. 5:20-cv-08570-LHK<br><br>**DECLARATION OF BRANTLEY I. PEPPERMAN IN SUPPORT OF PLAINTIFFS' MOTION FOR ADMINISTRATIVE RELIEF TO CONSIDER WHETHER CONSUMER CASES SHOULD BE RELATED PURSUANT TO CIVIL LOCAL RULE 3-12** |

I, Brantley I. Pepperman, declare:

1. I am an associate at the law firm of Quinn Emanuel Urquhart & Sullivan, LLP, co-counsel for Plaintiffs Maximilian Klein and Sarah Grabert ("the *Klein* Plaintiffs") in the case captioned *Klein et al. v. Facebook, Inc.*, Case No. 5:20-cv-08570-LHK. I make this declaration of my own personal, firsthand knowledge, and if called and sworn as a witness, I could and would competently testify as follows.

2. The *Klein* Plaintiffs filed this action against defendant Facebook, Inc. ("Facebook") on December 3, 2020. A true and correct copy of the *Klein* Plaintiffs' complaint is attached hereto as **Exhibit 1**.

3. Rachel Banks Kupcho filed the case captioned *Kupcho v. Facebook, Inc.*, Case No. 5:20-cv-08815 on December 11, 2020. A true and correct copy of the *Kupcho* complaint is attached hereto as **Exhibit 2**.

4. Deborah Dames and Timothy Mathews filed the case captioned *Dames et al. v. Facebook, Inc.*, Case No. 5:20-cv-08817 on December 11, 2020. A true and correct copy of the civil cover sheet filed in the *Dames* case, listing *Klein* as a related action, is attached hereto as **Exhibit 3**. A true and correct copy of the *Dames* complaint is attached hereto as **Exhibit 4**.

5. Charles Steinberg filed the case captioned *Steinberg v. Facebook, Inc.*, Case No. 3:20-cv-09130 on December 17, 2020. A true and correct copy of the civil cover sheet filed in the *Steinberg* case, listing *Klein* as a related action, is attached hereto as **Exhibit 5**. A true and correct copy of the *Steinberg* complaint is attached hereto as **Exhibit 6**.

6. On December 30, 2020, I emailed counsel for the *Steinberg* plaintiff and asked whether they would stipulate to the *Klein* Plaintiffs' motion. The next day, counsel for the *Steinberg* plaintiff responded, indicating that they agreed to stipulate to the *Klein* Plaintiffs' motion. A true and correct copy of the exchange is attached hereto as **Exhibit 7**.

7. On December 30, 2020, I emailed counsel for Facebook and asked whether they would stipulate—separate and aside from the question of whether *Reveal Chat* is a lower-number related case than *Klein*—that *Kupcho*, *Dames*, and *Steinberg* are each related to *Klein*. Later that evening, counsel for Facebook indicated that they would not so stipulate without first seeing a

draft of the *Klein* Plaintiffs' motion.[1]  On January 4, 2021, I sent Facebook's counsel a draft of the *Klein* Plaintiffs' motion.  Later that day, counsel for Facebook responded, indicating that Facebook opposed the *Klein* Plaintiffs' motion.  A true and correct copy of the exchange is attached hereto as **Exhibit 8**.

8. On December 30, 2020, I emailed counsel for the *Kupcho* plaintiff and asked whether they would stipulate that *Kupcho*, *Dames*, and *Steinberg* are each related to *Klein*.  On January 4, 2021, counsel for the *Kupcho* plaintiff responded, indicating that they would not take a position on the *Klein* Plaintiffs' motion to relate while Facebook's motions to relate are pending before Judge Freeman in *Reveal Chat*.  A true and correct copy of the exchange is attached hereto as **Exhibit 9**.

9. On December 30, 2020, I emailed counsel for the *Dames* plaintiffs and asked whether they would stipulate to the *Klein* Plaintiffs' motion.  On January 4, 2021, counsel for the *Dames* plaintiffs responded, indicating that they agreed to stipulate that *Dames* is related to *Klein*.  A true and correct copy of the exchange is attached hereto as **Exhibit 10**.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 4th day of January 2021 in Los Angeles, California.

By   /s/ Brantley I. Pepperman
Brantley I. Pepperman

---

[1] The next day, counsel for Facebook filed, in *Reveal Chat*, a motion to relate *Steinberg* to *Reveal Chat*, which the *Steinberg* plaintiff opposes.