SONAL N. MEHTA (SBN 222086)
  Sonal.Mehta@wilmerhale.com
WILMER CUTLER PICKERING
 HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, California 94306
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

DAVID Z. GRINGER (*pro hac vice*)
  David.Gringer@wilmerhale.com
WILMER CUTLER PICKERING
 HALE AND DORR LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006
Telephone: (202) 663-6000
Facsimile: (202) 663-6363

*Attorneys for Defendant*
FACEBOOK, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

|  |  |
|---|---|
| MAXIMILIAN KLEIN and SARAH GRABERT, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FACEBOOK, INC., a Delaware Corporation headquartered in California,<br><br>Defendant. | Case No. 5:20-cv-08570-LHK<br><br>**DEFENDANT FACEBOOK, INC.'S RESPONSE TO MOTION FOR ADMINISTRATIVE RELIEF TO CONSIDER WHETHER CONSUMER CASES SHOULD BE RELATED PURSUANT TO CIVIL LOCAL RULE 3-12**<br><br>Judge: Hon. Lucy H. Koh |

1      The *Klein* plaintiffs' latest motion is little more than a thinly-veiled, procedurally-

2  improper attempt to avoid relation between this case and *Reveal Chat*.  *Klein*—like all seven

3  antitrust cases pending against Facebook in this District—challenges Facebook's acquisitions of

4  Instagram and WhatsApp, and its supposed imposition of restrictions on developer use of

5  Platform APIs, as violations of Section 2 of the Sherman Act.  The *Klein* Complaint levels these

6  allegations in scores of paragraphs quoted ***verbatim*** from the operative Complaint in *Reveal*

7  *Chat*.  *Reveal Chat* Dkt. No. 85 at 2-4 (also filed at *Klein* Dkt. No. 16-1 at 2-4).[1]  Thus, the *Klein*

8  plaintiffs should not be able to avoid relation with *Reveal Chat*.

9      At the outset, relitigating the *Reveal Chat* motion in the guise of a motion to relate

10  different cases is procedurally improper, and this Court should not rule on plaintiffs' motion,

11  unless and until Judge Freeman denies Facebook's pending motions to relate *Klein, Kupcho*,

12  *Dames*, and *Steinberg* to *Reveal Chat*.  *See* Civil L.R. 3-12(f)(2).

13      On the merits, the *Klein* plaintiffs' position—that their case is unrelated to *Reveal Chat*,

14  and, more broadly, that the seven relevant cases should be grouped into two or possibly three

15  categories, Mot. at 1-2 (also filed at *Reveal Chat* Dkt. No. 105-1 at 1-2)—appears to rest on two

16  fundamentally incorrect premises.  *First*, they assert that the cases are unrelated because the

17  plaintiffs in some of the cases are "consumers" and the plaintiffs in others are app developers or

18  advertisers (each of whom are also themselves likely "consumers").  Mot. at 1.  This position

19  finds no support in the law.  Though the "plaintiffs differ and their relationship to the defendant

20  also differs …. , each case stems from the use of the exact same technology and the economics

21  regarding that same technology."  *Pepper v. Apple, Inc.*, 2019 WL 4783951, at *1 (N.D. Cal.

22  Aug. 22, 2019).  In these circumstances, "Local Rule 3-12(a)(1) allows for relation of actions

23  even where plaintiff classes differ, including classes of consumers," "content creators," and,

24  here, app developers and advertisers.  *Id.*  The two sets of Google cases plaintiffs cite (at 1-2)

25  involve entirely different lines of business and thus, unlike the cases at issue here, do not involve

26

27  ───────────

28  [1] The Complaint in *Kupcho* does the same.  *Compare Klein* Compl. ¶¶ 142-201 *with Kupcho*

Compl. ¶¶ 143-203 (filed at *Klein* Dkt. No. 17-1 at 73-173 and at *Reveal Chat* Dkt. No. 87-3).

1  the same technology or products, and as a result do not meet the requirements of the rule.

2       Equally without support is the *Klein* plaintiffs' similar contention that different relevant

3  market allegations in some of the complaints render the cases unrelated.  *Reveal Chat* Dkt. No.

4  86 at 3 (also filed at *Klein* Dkt. No. 16-2 at 3).  This is particularly true because whatever label

5  the plaintiffs apply to the market at issue, each case involves "[the] same technology."  *Pepper*,

6  2019 WL 4783951, at *1.  A plaintiff cannot escape relation—and it remains unclear *why*

7  plaintiffs doth protest so much—simply by alleging that the same product is part of a different

8  relevant market.

9       *Second*, the *Klein* plaintiffs assert that some of the cases are unrelated simply because

10 they *also* challenge other conduct *in addition to* the Instagram and WhatsApp acquisitions and

11 Facebook's Platform policies.  *Reveal Chat* Dkt. No. 86 at 3-4 (also filed at *Klein* Dkt. No. 16-2

12 at 3-4).  This position is again without support in law or logic.  As the Court knows, antitrust

13 cases that advance beyond the pleadings are "massive factual controvers[ies]."  *Feitelson v.*

14 *Google Inc.*, 80 F. Supp. 3d 1019, 1025 (N.D. Cal. 2015) (quoting *Associated Gen. Contractors*

15 *of Calif., Inc. v. Carpenters*, 459 U.S. 519, 528 n. 17 (1983)).  That is particularly true where, as

16 here, the challenged conduct includes two mergers and a purported scheme to exclude

17 competitors from an entire segment of the economy.  It would certainly involve "an unduly

18 burdensome duplication of labor" for two or potentially three different Judges in this District to

19 preside over separate cases—potentially including separate summary judgment briefing and

20 trials—concerning the exact same complex "transaction[s] [and] event[s]," Civil L.R. 3-12(a),

21 just because some cases have an additional (but still related) theory of competitive effects.

22 Tellingly, plaintiffs cite no authority for their novel theory.

23      The best plaintiffs have been able to muster throughout their month-long campaign to

24 oppose relation of this case to *Reveal Chat* is their insistence that the "gravamen" of their

25 Complaint is alleged user deception.  *Reveat Chat* Dkt. No. 86 at 3 (also filed at *Klein* Dkt. No.

26 16-2 at 3).  Even setting aside that this is little more than a dressed-up state law consumer

27 protection claim, and not a cognizable antitrust theory, plaintiffs have consistently ignored the

28 nearly sixty paragraphs of allegations in their Complaint challenging the same conduct at issue in

1  *Reveal Chat*.  Compl. ¶¶ 142-201.  In light of these (often identically worded) allegations, the

2  *Klein* plaintiffs do not and cannot provide any explanation of why proceeding on separate tracks,

3  arbitrarily divided by plaintiff constituencies, is the more efficient method for resolving these

4  cases.  Plainly, it is not.

5      The government plaintiffs who have brought lawsuits against Facebook have

6  acknowledged in filings in the District Court in Washington, D.C. that these cases—*Reveal Chat*

7  included—are related.  Gringer Decl. Exs. 1–2.  The *Reveal Chat* plaintiffs themselves and

8  Facebook agree as well.  And relation is apparent on the face of the (at times identical)

9  complaints themselves.

10  **CONCLUSION**

11      *Klein*, *Kupcho*, *Dames*, and *Steinberg* (along with *Sherman* and *Affilious*[2]) are all related

12  to *Reveal Chat*.  Because *Reveal Chat* is the lower-numbered related case, this Court should not

13  rule on the *Klein* plaintiffs' instant motion unless and until Judge Freeman denies Facebook's

14  pending motions to relate *Klein*, *Kupcho*, *Dames*, and *Steinberg* to *Reveal Chat*.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[2] The *Affilious* plaintiffs also agree that their case is related to *Reveal Chat*.

3

1     Dated:  January 6, 2021                   Respectfully submitted,

2

3                                       By:  */s/ Sonal N. Mehta*

4                                       SONAL N. MEHTA (SBN 222086)
sonal.mehta@wilmerhale.com

5                                       WILMER CUTLER PICKERING HALE
AND DORR LLP
2600 El Camino Real, Suite 400

6                                       Palo Alto, CA 94306
Telephone: (650) 858-6000

7

8                                       DAVID Z. GRINGER (*pro hac vice*)
david.gringer@wilmerhale.com

9                                       WILMER CUTLER PICKERING HALE
AND DORR LLP

10                                     1875 Pennsylvania Avenue, NW
Washington, DC 20006

11                                       Telephone: (202) 663-6000

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**CERTIFICATE OF SERVICE**

2          I hereby certify that on this 6th day of January 2021, I electronically transmitted the

3    foregoing document to the Clerk's Office using the CM/ECF System.  And I hereby certify that I

4    have served the foregoing document on counsel for the plaintiffs in the actions in which relation

5    is sought pursuant to agreement between the parties.

6

7                                                    */s/ Sonal N. Mehta*
                                                     Sonal N. Mehta

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28