Tina Wolfson (SBN 174806)
Robert Ahdoot (SBN 172098)
Theodore W. Maya (SBN 223242)
Rachel R. Johnson (SBN 331351)
**AHDOOT & WOLFSON, PC**
2600 West Olive Avenue, Suite 500
Burbank, CA 91505
Tel: (310) 474-9111
Fax: (310) 474-8585
twolfson@ahdootwolfson.com
rahdoot@ahdtootwolfson.com
tmaya@ahdootwolfson.com
rjohnson@ahdootwolfson.com

*Counsel for Plaintiffs*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAXIMILIAN KLEIN and SARAH GRABERT, individually and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br>v.<br><br>FACEBOOK, INC., a Delaware corporation headquartered in California,<br><br>*Defendant*. | Case no.: 5:20-cv-08570-LHK<br><br>***SHERMAN* PLAINTIFFS' RESPONSE TO *KLEIN* PLAINTIFFS' MOTION FOR ADMINISTRATIVE RELIEF TO CONSIDER WHETHER CONSUMER CASES SHOULD BE RELATED PURSUANT TO CIVIL LOCAL RULE 3-12** |

Plaintiffs Vickie Sherman, Lezah Neville-Marrs, Katherine Loopers, and Jarred Johnson representing putative classes in *Sherman et al v. Facebook, Inc.*, No. 3:20-cv-08721-JSW (*Sherman* Plaintiffs), agree with Plaintiffs in *Klein et al v. Facebook, Inc.*, No. 5:20-cv-08570-LHK (*Klein* Plaintiffs), that the currently pending antitrust class actions against Facebook should be assigned into one of two unrelated groups. *Sherman* Plaintiffs also submit this response to clarify that *Sherman* is not an outlier from the *Klein* group,[1] but is distinguished from *Reveal Chat Holdco LLC et al. v. Facebook, Inc.*, No.5:20-cv-00363-BLF, and *Affilious, Inc. et al. v. Facebook, Inc.*, No. 4:20-cv-09217-KAW, (*Klein* Plaintiffs refer to *Reveal Chat* and *Affilious* in their motion as the "*Reveal Chat* group"), despite the ostensible overlap between the putative classes in *Affilious* and *Sherman*, of persons and entities who purchased Facebook advertising services (Advertiser class).

**Sherman is related to Klein**, and thus belongs in the "*Klein* group." *Sherman* Plaintiffs' motion to relate *Sherman* to *Klein* rather than to *Reveal Chat* is pending before this Court. *Klein*, Dkt. 19. *Klein* Plaintiffs do not oppose *Sherman* Plaintiffs' motion to relate *Sherman* to *Klein* rather than to *Reveal Chat*. Mot at 3. Additionally, *Sherman* Plaintiffs have opposed Facebook's motion to relate *Sherman* to *Reveal Chat*. *Reveal Chat*, Dkt. 94.

*Sherman* can and should be added to the motion's chart illustrating case similarities. Mot. 4-5. Just like all four cases listed on that chart, *Sherman* has two individual Facebook users, Vickie Sherman and Lezah Neville-Marrs (*Sherman* Compl. ¶¶12-17); *Sherman* identifies relevant markets to include "Online Social Networks" and "Online Social Media" in the United States (*Sherman* Compl. ¶¶145-160); *Sherman*'s putative classes include the Antitrust Facebook User Class and Unjust Enrichment Class (*Sherman* Compl. ¶181); and Facebook's anticompetitive deception of consumers is at the core of *Sherman*'s allegations regarding Facebook's acquisition and maintenance of monopoly power. (*Sherman* Compl. ¶¶79-100.)

---

[1] *See* Mot at 1, *Klein et al. v. Facebook, Inc., No. 5:20-cv-08570-LHK, Kupcho v. Facebook, Inc.,* No. 4:20-cv-08815-JSW*; Dames et al. v. Facebook, Inc.,* No. 3:20-cv-08817-HSG*; and Steinberg v. Facebook, Inc.* 3:20-cv-09130-VC are collectively referred to as the "*Klein* group"

2

The additional advertising class and associated antitrust harms do not make *Sherman* less related to *Klein* or related to *Reveal Chat*. Indeed, the *Klein* cases acknowledge advertising's dominant contribution to Facebook's revenue. Like users, advertisers are consumers who are harmed by Facebook's monopoly power, which was achieved through the same anticompetitive conduct that harms Facebook's users. The putative advertising class *Sherman* represents does not consist of purchasers of data,[2] but purchasers of *advertising services* and *placements*. The antitrust harms suffered by advertisers and users alike concern the same deceptive conduct by Facebook, as alleged in both *Klein* and *Sherman*. For example, as *Sherman* points out, users receive a lower quality product, and advertisers pay higher prices for lower quality ads and ad placement services, as a result of Facebook's monopoly achieved through deceptive conduct. *Sherman* Compl. ¶ 63-64, 77.

Facebook's monopoly in the display advertising market is not separate and distinct from, but is in fact dependent upon, its monopoly in the social networking and social media markets. Indeed, advertisers are beholden to Facebook because of Facebook's all-encompassing *reach* in social media and social networking as well as vast troves of data achieved through deceptive practices.

**For the same reasons *Sherman* is related to *Klein*, it is unrelated to *Reveal Chat* and *Affilious*.** *Sherman* Plaintiffs filed a response opposing *Affilious* Plaintiffs' motion to relate *Affilious* to *Reveal Chat* solely on the premise that the allegations contained in *Affilious*[3] are inconsistent with the definition of the advertiser class *Affilious* purports to represent. A case (such as *Sherman*) involving a class of Facebook users, and a class of advertisers who purchased advertising on Facebook, does not involve similar markets, plaintiffs, or antitrust harms as a case with a class consisting of app developers. *Sherman* and *Affilious* involve

---

[2] *Reveal Chat* and *Affilious* focus on plaintiffs who were harmed by being excluded from the social data market, including purchase of user data. *Klein* similarly mentions purchasers of user data in their complaint. *Sherman* Plaintiffs do not include purchasers of data.

[3] The factual allegations in *Affilious* are nearly identical to those in *Reveal Chat*.

3

*SHERMAN* PLAINTIFFS' RESPONSE TO *KLEIN* PLAINTIFFS' MOTION FOR ADMINISTRATIVE RELIEF
TO CONSIDER WHETHER CONSUMER CASES SHOULD BE RELATED

1  entirely different legal theories, transactions, market definitions, business considerations,
2  business units within Facebook, economic realities, and historical conduct.

3  Although both *Sherman* and *Affilious* plaintiffs purport to represent an advertiser
4  class, except for swapping out app developer plaintiffs for advertiser plaintiffs, the *Affilious*
5  and *Reveal Chat* complaints mirror each other almost identically.[4] As highlighted by *Klein*
6  plaintiffs in their motion, *Reveal Chat* and *Affilious* were filed by the same plaintiffs' counsel.
7  *Affilious* purportedly represents advertisers but alleges the same factual allegations as *Reveal*
8  *Chat*'s case on behalf of app developers. This is particularly problematic because varying
9  class definitions create meaningful differences that weigh against relation. *See Tecson v. Lyft,*
10 *Inc.*, No. 18-cv-06782-YGR, 2019 WL 1903263, at *3 (N.D. Cal. Apr. 29, 2019) ("[T]he
11 factual inquiries for each putative class would be unique because the class putative
12 members have different relationship with [the defendant]."). Hence, aside from the mere
13 listing as advertisers as plaintiffs in *Affilious*, *Sherman* has no more overlap with *Affilious* or
14 *Reveal Chat* than do cases in the *Klein* group.

15 Any ostensible or asserted factual overlap between *Reveal Chat*, *Affilious*, and *Sherman*
16 in advertising markets is a red herring. *Reveal Chat*'s allegations are limited to Facebook's
17 conduct *only* as it relates to mobile applications in the mobile environment, which is
18 inconsistent with representation of a broad class of advertisers as defined by both *Affilious*
19 and *Sherman*. Unlike *Reveal Chat*, *Sherman*'s allegations depend upon Facebook's broad
20 collection of data and surveillance across several mediums including *any* means of
21 connection to Facebook's services from desktop to mobile devices, even aggregating user
22 activity across multiple devices. *Sherman* at ¶¶ 88, 152.

23 Indeed, while claiming to represent advertisers, the *Affilious* complaint is
24 overwhelmingly about Facebook's conduct as to mobile apps, APIs, and app developers.

---

[4] The allegations in *Reveal Chat* and *Affilious* are nearly identical except for the definition of Plaintiff class. Attached as **Exhibit 1** is the *Affilious* complaint with highlighted sections showing any differences from, or material added in addition to the *Reveal Chat* complaint representing a class of app developers. The dearth of new allegations glaringly illustrates that *Affilious* is nothing more than *Reveal Chat* with new plaintiffs.

4

The *only* Facebook advertising product mentioned in the allegations of *Affilious* is NEKO, a mobile advertising product that has long been extinguished at Facebook for several years. *Affilious* Dkt. 1 ¶ 6. NEKO is mentioned nowhere in *Sherman*, and *Affilious* fails to tether its factual allegations specifically to an advertiser class other than alleging payment of "supracompetitive prices." *Sherman* alleges far more harm to advertisers and users, arising from completely different anticompetitive conduct not even mentioned in *Affilious*. Indeed, the "technology and economic structure" alleged in *Affilious* and *Reveal Chat* is narrowly limited to Facebook's exclusion of app developers and Facebook's "NEKO" platform. *Sherman*, in contrast, seeks redress on behalf of advertisers who allege Facebook's anticompetitive conduct beyond the mobile app environment.

Finally, the class definitions in *Affilious* make the distinction from *Sherman*, strikingly clear. *Affilious* defines two separate classes: "the pre-2018 nationwide advertiser class" and the "post-2018 advertiser class. " Affilious, Dkt. 1, ¶¶ 411-416. *Affilious* presents advertisers as competitors of Facebook, just as app developers are presented as competitors of Facebook in *Reveal Chat*. In contrast to *Affilious* (and *Reveal Chat*), *Sherman* makes no pre- and post-2018 distinction, but defines its advertiser class (and marketer issue subclass) as "All persons and entities in the United States who, from January 1, 2014 to the present, directly paid Facebook for advertising services" (or in the case of marketers, paid Facebook directly as an intermediary). *Sherman*, Dkt. 1, ¶ 181. *Sherman* also does not present advertisers as competitors of Facebook, but as consumers who have been exploited by Facebook's monopoly.

Accordingly, *Sherman* should be related to *Klein* and not to *Affilious* or *Reveal Chat*.

5

*SHERMAN* PLAINTIFFS' RESPONSE TO *KLEIN* PLAINTIFFS' MOTION FOR ADMINISTRATIVE RELIEF
TO CONSIDER WHETHER CONSUMER CASES SHOULD BE RELATED

|  |  |
|---|---|
| Dated: January 8, 2021 | Respectfully submitted,<br><br>*/s/ Tina Wolfson*<br>Tina Wolfson (SBN 174806)<br>Robert Ahdoot (SBN 172098)<br>Theodore W. Maya (SBN 223242)<br>Rachel R. Johnson (SBN 331351)<br>**AHDOOT & WOLFSON, PC**<br>2600 West Olive Avenue, Suite 500<br>Burbank, CA 91505<br>Tel: (310) 474-9111<br>Fax: (310) 474-8585<br>twolfson@ahdootwolfson.com<br>rahdoot@ahdtootwolfson.com<br>tmaya@ahdootwolfson.com<br>rjohnson@ahdootwolfson.com<br><br>*Counsel for Plaintiffs and the Proposed Classes* |

6

*SHERMAN* **PLAINTIFFS' RESPONSE TO** *KLEIN* **PLAINTIFFS' MOTION FOR ADMINISTRATIVE RELIEF TO CONSIDER WHETHER CONSUMER CASES SHOULD BE RELATED**

# CERTIFICATE OF SERVICE

Pursuant to Local Rule 5.5, I hereby certify that on January 8, 2021, I caused the foregoing to be electronically filed with the Clerk of the Court. I understand that the Court will provide electronic notification of and access to such filing to the counsel of record in this matter who are registered on the CM/ECF.

DATED: January 8, 2021              AHDOOT & WOLFSON PC
                                    /s/ *Tina Wolfson*
                                    Tina Wolfson

                                    Tina Wolfson (SBN 174806)
                                    Robert Ahdoot (SBN 172098)
                                    Theodore W. Maya (SBN 223242)
                                    Rachel Johnson (SBN 331351)
                                    **AHDOOT & WOLFSON, PC**
                                    2600 West Olive Avenue, Suite 500
                                    Burbank, CA 91505
                                    Tel: (310) 474-9111
                                    Fax: (310) 474-8585
                                    twolfson@ahdootwolfson.com
                                    rahdoot@ahdtootwolfson.com
                                    tmaya@ahdootwolfson.com
                                    rjohnson@ahdootwolfson.com

                                    *Attorneys for Plaintiffs*

7

*SHERMAN* PLAINTIFFS' RESPONSE TO *KLEIN* PLAINTIFFS' MOTION FOR ADMINISTRATIVE RELIEF TO CONSIDER WHETHER CONSUMER CASES SHOULD BE RELATED