SONAL N. MEHTA (SBN 222086)
  Sonal.Mehta@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, California 94306
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

DAVID Z. GRINGER (*pro hac vice*)
  David.Gringer@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006
Telephone: (202) 663-6000
Facsimile: (202) 663-6363

*Attorneys for Defendant*
FACEBOOK, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

|  |  |
|---|---|
| MAXIMILIAN KLEIN and SARAH GRABERT, individually and on behalf of all others similarly situated,<br><br>      Plaintiffs,<br><br> v.<br><br>FACEBOOK, INC., a Delaware Corporation headquartered in California,<br><br>      Defendant. | Case No. 5:20-cv-08570-LHK<br><br>**DEFENDANT FACEBOOK, INC.'S NOTICE OF MOTION AND MOTION TO STAY PENDING RELATION ORDERS AND CASE MANAGEMENT CONFERENCE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Hearing date: May 20, 2021<br>Time: 1:30 p.m.<br>Judge: Hon. Lucy H. Koh |

## NOTICE OF MOTION AND MOTION TO STAY

PLEASE TAKE NOTICE that on or before May 20, 2021, Defendant Facebook, Inc. ("Facebook") will and hereby does respectfully move to stay all pending deadlines in this action, which is subject to multiple motions to relate in this Court and another, pending ruling on the relation motions and, if it remains in this Court, a Case Management Conference and Case Management Order.

This Motion is based upon this Notice, Facebook's Memorandum of Points and Authorities, the Declaration of David Z. Gringer ("Gringer Decl.") and the exhibits thereto, all matters on which judicial notice may be taken, and on such other evidence and/or argument as the Court may deem appropriate. As explained further in the attached Memorandum of Points and Authorities, a stay is likely to conserve judicial resources and prevent hardship to Facebook without prejudicing the Plaintiffs.

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.   INTRODUCTION

Pending before Judge Freeman and this Court are multiple motions to relate this case to six other similar antitrust putative class action lawsuits against Facebook pending in this district, five of which were filed shortly before or after the Federal Trade Commission ("FTC"), 46 States, the District of Columbia, and Guam filed suit against Facebook on similar theories.  There is substantial overlap among the complaints in all of these cases, as Plaintiffs, the State Attorneys General, and the FTC have recognized in seeking to relate this case to others.

In light of this substantial overlap, a coordinated case management approach is sorely needed—including a coordinated pretrial schedule, a governance structure among the various counsel seeking to represent the same classes, and a decision on whether to require plaintiffs to file a single Consolidated Complaint.  But neither Judge Freeman nor this Court has had the chance to address these issues, because a threshold issue—whether the six recently-filed cases should be related to *Reveal Chat* or to *Klein*—is still pending before both courts.  Facebook therefore sought, but Plaintiffs declined to grant, a stipulated stay of all deadlines until after a Case Management Conference can be held and the cases can be organized.

While Judge Freeman and this Court assess the related case briefing and determine how best to move this sprawling litigation forward, it makes little sense for Facebook to begin responding to the substantially overlapping complaints one at a time.  Until Judge Freeman and/or this Court resolve the pending relation motions and establish a logical case management plan for these matters, it cannot be known in which court this case will proceed or how it might be coordinated and/or consolidated with other cases.  Indeed, if this case is not stayed and the relation and case management orders do not issue before Facebook's response deadline, Facebook would need to file, and the Court would need to consider, serial motions to dismiss that may need to be resubmitted to Judge Freeman or that would be rendered moot by an order requiring a consolidated class action complaint.  And all plaintiffs would also get a "free look" at Facebook's arguments in support of dismissal.  To avoid this potential unnecessary duplication of labor by Facebook and the Court, Facebook requests a brief stay of any further proceedings, including Facebook's

deadline to respond to the complaint, until the orders on relation have been issued, and a Case Management Conference is held before the judge or judges that will handle these matters. Plaintiffs will not be prejudiced by this brief delay.  Rationally, in three of the other cases sought to be related, both the parties and the courts agreed that Facebook's deadlines should be stayed pending the relation rulings and a Case Management Conference. The Court should do the same here.

## II.   BACKGROUND

The following seven putative antitrust class actions are all currently subject to various motions to relate:

- *Klein v. Facebook, Inc.*, No. 5:20-cv-08570-LHK ("*Klein*");
- *Sherman v. Facebook, Inc.*, No. 3:20-cv-08721-JSW ("*Sherman*");
- *Kupcho v. Facebook, Inc.*, No. 4:20-cv-08815-JSW ("*Kupcho*");
- *Dames v. Facebook, Inc.*, No. 3:20-cv-08817-HSG ("*Dames*");
- *Steinberg v. Facebook, Inc.*, No. 3:20-cv-09130-VC ("*Steinberg*");
- *Affilious, Inc. v. Facebook, Inc.*, No. 4:20-cv-09217-KAW ("*Affilious*"); and
- *Reveal Chat Holdco, LLC v. Facebook, Inc.*, No. 5:20-cv-00363-BLF ("*Reveal Chat*") (collectively, "the Potentially Related Cases").

*See Klein* Dkt. No. 34 (seeking to relate *Klein*, *Kupcho*, *Dames*, and *Steinberg* and to relate *Reveal Chat* and *Affilious*); *Klein* Dkt. No. 19 (seeking to relate *Sherman* and *Klein*); *Reveal Chat* Dkt. No. 98 (seeking to relate *Reveal Chat* and *Affilious*); *Reveal Chat* Dkt. No. 99 (seeking to relate *Reveal Chat* and *Steinberg*); *Reveal Chat* Dkt. No. 87 (seeking to relate *Reveal Chat*, *Sherman*, *Kupcho*, and *Dames*); *Reveal Chat* Dkt. No. 85 (seeking to relate *Reveal Chat* and *Klein*).

In the *Sherman*, *Steinberg*, and *Affilious* cases, the parties have already stipulated to stays of Facebook's deadlines to respond to the respective complaints until a Case Management Order has been issued.  The *Sherman* and *Affilious* stays were entered by the respective courts.  *See Gringer* Decl. Exs. 1, 2.  In *Steinberg*, Judge Chhabria vacated Facebook's response deadline altogether, stayed the case pending the rulings on the relevant motions to relate, and noted that,

should relation be denied, Facebook's response deadline would be reset at a future case management conference. *See Gringer* Decl. Ex. 3.

In *Klein*, plaintiffs agreed to a stay only until the earlier of (a) February 16, 2021, or (b) the date on which Facebook files its response to the complaints in any of the other Potentially Related Cases. *See* Gringer Decl. Ex. 4. In *Dames*, the parties agreed to a stay only until the earlier of: (a) March 5, 2021; or (b) the date on which Facebook files a response to the complaints in any of the other Potentially Related Cases. *See* Gringer Decl. Ex. 5. In *Kupcho*, the parties initially agreed to a stay only until the earlier of (a) the date when the court overseeing any related or coordinated proceedings orders a response, or (b) the date on which Facebook files its response to the complaints in any of the other Potentially Related Cases, *see* Gringer Decl. Ex. 6, and then agreed to a further 30-day extension, *see* Gringer Decl. ¶ 6. *Klein* and *Dames* are therefore the only cases in which Plaintiffs have refused to meaningfully extend Facebook's deadline to allow for effective case management.

## III.   ARGUMENT

The Court has the inherent power to control its own docket, including the power to stay proceedings in the interests of judicial economy. *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936). When considering whether to grant a stay, courts in this District consider: (1) the orderly course of justice; (2) hardship and inequity to the moving party if the action is not stayed; and (3) potential prejudice to the non-moving party. *Zurich Am. Ins. Co. v. Omnicell, Inc.*, No. 18-CV-05345-LHK, 2019 WL 570760, at *5 (N.D. Cal. Feb. 12, 2019). Each of those factors favors a stay until the relation motions are resolved and the court ultimately assigned the Potentially Related Cases is able to hold a Case Management Conference and issue coordinated Case Management Order(s). Courts regularly grant such stays in cases involving multiple class actions. *See JBR, Inc. v. Keurig Green Mountain, Inc.*, No. 2:14-CV-00677-KJM, 2014 WL 1767701, at *3 (E.D. Cal. May 2, 2014) (staying case pending MDL decision on transfer and coordination/consolidation); *Arnold v. Bristol-Myers Squibb Co.*, No. C12-6426 TEH, 2013 WL 12174303, at *1 (N.D. Cal. Apr. 3, 2013) (staying case pending decision on transfer and relation); *In Re: Volkswagen "Clean Diesel" Marketing, Sales Practices, and Products Liability Litigation*,

No. 3:15-md-02672-CRB (JSC), Dkt. 2 (N.D. Cal. Dec. 9, 2015) (staying cases pending coordinated case management conference).

### A.  A Stay Will Conserve Judicial Resources And Avoid Duplicative Litigation

First, a stay would conserve judicial resources, because it will allow the Court to first address relation and then to address resulting case management issues in a coordinated manner.  If *Klein* is related to any other case, among the case management issues that will need to be addressed at a Case Management Conference are (1) the appropriate level of pretrial consolidation and/or coordination across the related cases, (2) whether the Court will require consolidated pleadings and/or motions to dismiss, and (3) whether some kind of formal governance structure is required among class counsel to avoid duplicative filings and discovery requests that impose unnecessary burdens on the Court.

Requiring Facebook to respond to the *Klein* and *Dames* complaints before these threshold issues have been addressed would mean that Facebook would have to file two substantially overlapping motions to dismiss before two different courts in this district on February 16.  In both cases, Facebook must respond to allegations that it has violated the Sherman Act by acquiring Instagram and WhatsApp (*Reveal Chat* Dkt. No. 87 at 2) and by deceiving consumers in social networking markets (*id.* at 3).  Those same allegations also appear in the cases where plaintiffs have agreed to a stay, including *Sherman* and *Steinberg*.  *Reveal Chat* Dkt. No. 87 at 2, Dkt. No. 99 at 2.  Indeed, the *Klein* plaintiffs themselves have acknowledged these similarities by requesting relation of *Sherman*, *Kupcho, Steinberg*, and *Dames* to *Klein*.  *See Klein* Dkt. Nos. 19, 34.  Facebook's and the multiple courts' efforts may then be rendered unnecessary by decisions made regarding relation and once the judge or judges that ultimately are assigned these cases establish an approach for case management.  For example, if this case is related to *Reveal Chat*, it will be transferred to Judge Freeman, and this Court will have wasted its time familiarizing itself with the issues and considering Facebook's motion to dismiss.  *See, e.g.*, *JBR*, 2014 WL 1767701, at *3 ("If the transfer motion is granted, 'this [c]ourt will have needlessly expended its energies familiarizing itself with the intricacies of a case that would be heard by another judge.'") (citation omitted); *Arnold*, 2013 WL 12174303, at *1 ("Staying this case pending possible relation to a

single judge in this district or to the MDL court would promote judicial economy and uniform decision-making."); *Gonzalez v. Organon USA*, No. C 12-6161 PJH, 2013 WL 664551, at *1 (N.D. Cal. Feb. 22, 2013) ("Staying an action pending transfer can help prevent duplicative litigation and inconsistent rulings.").

Moreover, even after the pending related case motions are resolved, there will be an acute need for one or more Case Management Conferences to address how these matters will be managed, including to coordinate across the seven Potentially Related Cases.  As the Manual for Complex Litigation advises, a court facing multiple overlapping class actions should first "obtain complete information from the parties about other pending or terminated actions in federal or state courts relating to the claims presented" and then may "order consolidated pleadings and motions to decide how to resolve competing claims for … appointment of class counsel, and appointment of lead class counsel."  Manual for Complex Litigation, Federal Judicial Center 275 (4th ed. 2004).  If all of the cases are ultimately assigned to Judge Freeman, it will be important for Judge Freeman to have the opportunity to review the complaints, hold a Case Management Conference, and develop a coordinated case-management plan before Facebook is required to file multiple motions to dismiss multiple substantially similar complaints.  The same is true if the cases are related before this Court or another judge in this district.  *See In Re: Volkswagen "Clean Diesel" Marketing, Sales Practices, and Products Liability Litigation*, No. 3:15-md-02672, Dkt. 2 (staying cases pending coordinated case management conference), Dkt. 1087 (N.D. Cal. Jan. 22, 2016) (ordering consolidated class action complaint).  Moreover, the inefficiencies inherent in requiring Facebook to respond to the complaints case-by-case are only compounded if the transferee court determines a consolidated class-action complaint is required, as is common where different groups of plaintiffs file multiple, overlapping class action complaints.  *See, e.g.*, *In Re Anthem Inc. Data Breach Litigation*, No. 15-md-02617-LHK, Dkt. 153 (N.D. Cal. July 31, 2015) (ordering consolidated complaint).  Granting a stay now would avoid such duplicative litigation, and the attendant burden and expense placed on the Court.

**B.  Facebook Will Face Hardship And Inequity If The Cases Are Not Stayed**

Second, there is little question that Facebook will face hardship and inequity if it is required

to file multiple motions to dismiss in separate courts, addressing very similar substantive claims arising from the same underlying facts. The threat that Facebook would have to file such duplicative papers *by itself* supports a stay. *See JBR*, 2014 WL 1767701, at *2 (E.D. Cal. May 2, 2014) (finding this factor weighed in favor of stay where "[t]he core facts in all the related cases stem from the same alleged anticompetitive scheme designed by defendant" because "without a stay, defendant is likely to be drawn into duplicative discovery and litigation in multiple cases."). The potential hardship and inequity to Facebook is further heightened by the fact that relation and the resulting Case Management Conference may well result in a case management structure that simplifies the pleadings—again, making Facebook's original motions to dismiss a number of overlapping purported class action complaints irrelevant and highly inefficient.

### C.  Plaintiffs Will Not Be Prejudiced By A Brief Stay

Third, the brief stay Facebook is requesting will not prejudice Plaintiffs. *Klein* was just recently filed and there has been no Case Management Conference. *See Sensibaugh v. EF Educ. First, Inc.*, No. 20-cv-1068-MWF-PVC, 2020 WL 3455641, at *2 (C.D. Cal. May 7, 2020) (plaintiff was unlikely to suffer any significant harm by stay because action was in early stages of litigation). Plaintiffs have not requested preliminary injunctions or otherwise indicated in any way that they are facing any imminent harm that might be worsened by a brief stay. Nor have they suggested that they "will be unable to obtain effective relief until after the stay is lifted." *JBR*, 2014 WL 1767701, at *2. To the contrary, Plaintiffs allege that their purported injuries have occurred over many years, and were revealed in March 2018, nearly three years before these cases were filed. *See Klein* Compl. ¶¶ 91, 106, 208-209. Facebook disagrees with these allegations and will show that Plaintiffs' claims are meritless and untimely, but having made these allegations, Plaintiffs cannot credibly claim that they will be prejudiced by a brief stay until the motions on relation have been ruled upon and until the Court and parties develop a plan to manage any related cases.

The plaintiffs in *Sherman*, *Steinberg*, and *Affilious* have stipulated to stays similar to that which Facebook requests here, and those stipulated stays have already been approved by their respective courts. Gringer Decl. Exs. 1-3. Notably, in *Steinberg*, Judge Chhabria went further to

ensure that the cases could be managed logically: he *sua sponte* vacated Facebook's response deadline altogether, stayed the case pending the rulings on the relevant motions to relate, and noted that, should relation be denied, Facebook's response deadline would be reset at a future case management conference. *See* Gringer Decl. Ex. 3. The fact of those plaintiffs' agreement and judges' approval simply confirms what is otherwise apparent: the brief stay that Facebook requests will not cause any cognizable harm to the plaintiffs.

## IV.    CONCLUSION

For the reasons stated above, Facebook respectfully requests that the Court stay proceedings in this case until the pending relation motions have been ruled upon and the transferee court or this Court has held a Case Management Conference and issued a Case Management Order.

Dated:  January 19, 2021                              Respectfully submitted,


By:  */s/ Sonal N. Mehta*
SONAL N. MEHTA (SBN 222086)
sonal.mehta@wilmerhale.com
WILMER CUTLER PICKERING HALE
AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Telephone: (650) 858-6000

DAVID Z. GRINGER (*pro hac vice*)
david.gringer@wilmerhale.com
WILMER CUTLER PICKERING HALE
AND DORR LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006
Telephone: (202) 663-6000

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of January 2021, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System.


*/s/ Sonal N. Mehta*
Sonal N. Mehta