Stephen A. Swedlow (admitted *pro hac vice*)
stephenswedlow@quinnemanuel.com
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606-1881
(312) 705-7400

Kevin Y. Teruya (Bar No. 235916)
kevinteruya@quinnemanuel.com
Adam B. Wolfson (Bar No. 262125)
adamwolfson@quinnemanuel.com
Brantley I. Pepperman (Bar No. 322057)
brantleypepperman@quinnemanuel.com
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
(213) 443-3000

Warren Postman (Bar No. 330869)
wdp@kellerlenkner.com
Jason Ethridge (admitted *pro hac vice*)
jason.ethridge@kellerlenkner.com
**KELLER LENKNER LLC**
1300 I Street, N.W., Suite 400E
Washington, DC 20005
(202) 918-1123

Ashley Keller (admitted *pro hac vice*)
ack@kellerlenkner.com
Benjamin Whiting (admitted *pro hac vice*)
ben.whiting@kellerlenkner.com
**KELLER LENKNER LLC**
150 N. Riverside Plaza, Suite 4270
Chicago, IL 60606
(312) 741-5220

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

MAXIMILIAN KLEIN and SARAH GRABERT, individually and on behalf of all others similarly situated,

*Plaintiffs*,

vs.

FACEBOOK, INC., a Delaware corporation headquartered in California,

*Defendant*.

Case No. 5:20-cv-08570-LHK

***KLEIN* PLAINTIFFS' CASE MANAGEMENT UPDATE AND OPPOSITION TO DEFENDANT FACEBOOK, INC.'S MOTION TO STAY PENDING RELATION ORDERS AND CASE MANAGEMENT CONFERENCE**

**I. Introduction**

Facebook's motion, Dkt. 38 ("Mot."), seeks a stay of this case. Particularly in light of recent developments in the time since Facebook first filed its motion, Facebook's request is unnecessary.[1] For example, Facebook's motion contends that a stay is necessary because "a threshold issue"—whether this case (*Klein*) and multiple later-filed cases should be reassigned because they are related to *Reveal Chat Holdco LLC et al. v. Facebook, Inc.*, Case No. 5:20-cv-00363-BLF (Freeman, J.)—"is still pending[.]" Mot. at 1. But in the time since Facebook first filed its motion to stay *Klein*, Judge Freeman *denied* each and every one of the various motions to relate the first-filed *Klein* and later-filed cases to *Reveal Chat*. *See Reveal Chat*, Dkt. 110. Accordingly, this case—not *Reveal Chat*—is now indisputably the lowest-numbered case challenging Facebook's anticompetitive deception, mooting one the bases for Facebook's motion.

Facebook's motion also asserts that a stay is required because "a coordinated case management approach is sorely needed—including a coordinated pretrial schedule, a governance structure among the various counsel seeking to represent the same classes, and a decision on whether to require plaintiffs to file a single Consolidated Complaint." Mot. at 1. However, counsel for the *Klein* Plaintiffs are currently engaged in ongoing discussions with counsel for Facebook and counsel for the plaintiffs in several nearly identical later-filed cases regarding the parties' respective views on case management issues such as: (1) assignment of the later-filed cases to this Court; (2) the potential consolidation of particular cases; (3) the schedule for the filing of any applications for appointment as class counsel or other designated counsel; and (4) requiring that Facebook only respond to any superseding consolidated complaints filed by class counsel, once class counsel is

---

[1] In connection with its stay motion, Facebook also filed a motion to shorten the time, requesting that Plaintiffs Maximilian Klein and Sarah Grabert ("the *Klein* Plaintiffs") file any response to Facebook's stay motion no later than January 27, 2021. Dkt. 39. While the Court has not yet ruled on Facebook's motion to shorten time, the *Klein* Plaintiffs file the present response in an abundance of caution, in an effort to work on case management issues with Facebook, and in the interest of keeping the Court apprised of current developments.

appointed. Moreover, the *Klein* Plaintiffs have already extended Facebook's time to respond to the *Klein* complaint by 45 days, to February 16, 2021, rendering an indefinite stay unnecessary while the parties continue discussions regarding these case management issues.

**II. Procedural Background**

The *Klein* Plaintiffs filed this first-of-its-kind consumer antitrust action against Facebook on December 3, 2020. *See Klein v. Facebook, Inc.*, No. 5:20-cv-08570-LHK, Dkt. 1. Following the filing of the *Klein* Plaintiffs' complaint, several putative antitrust class actions were filed in the Northern District of California against Facebook, most of which raise nearly identical antitrust theories relating to Facebook's anticompetitive deception of consumers. As the *Klein* Plaintiffs explained in their pending Motion for Administrative Relief to Consider Whether Consumer Cases Should Be Related Pursuant to Local Rule 3-12, *see Klein*, Dkt. 34, three of those later-filed cases raise nearly identical allegations about Facebook's anticompetitive deception of consumers in the Social Network Market and/or the Social Media Market.[2] *See Kupcho v. Facebook, Inc.*, No. 4:20-cv-08815-JSW (White, J.); *Dames et al. v. Facebook, Inc.*, No. 3:20-cv-08817-HSG (Gilliam, J.); and *Steinberg v. Facebook, Inc.*, 3:20-cv-09130-VC (Chhabria, J.). Given the substantial similarities between this group of four cases, the *Klein* Plaintiffs's position is that *Kupcho*, *Dames*, and *Steinberg* are related to *Klein*. *See Klein*, Dkt. 34.

Another group of two cases raised allegations about Facebook's conduct against a different group of plaintiffs and in different markets. *See Reveal Chat Holdco LLC et al. v. Facebook, Inc.*, Case No. 5:20-cv-00363-BLF (Freeman, J.); and *Affilious, Inc. et al. v. Facebook, Inc.*, Case No. 4:20-cv-09217-KAW (Westmore, J.). *Reveal Chat* and the later-filed *Affilious* case allege that Facebook engaged in anticompetitive conduct towards ***app developers*** and ***advertisers***, not consumers, in the "Social Data" and "Social Advertising" Markets.[3]

---

[2] *Kupcho* alleged anticompetitive conduct in the Social Network and Social Media Markets, just as in the earlier-filed *Klein* action. *Dames* and *Steinberg* allege similar anticompetitive conduct in the nearly identical "Personal Social Networking Market."

[3] Additionally, a later-filed, outlier case—*Sherman et al. v. Facebook, Inc.*, Case No. 3:20-

Facebook moved to relate both the advertiser and consumer class cases to the *Reveal Chat* case before Judge Freeman, but that motion was denied. While the *Steinberg* and *Dames* plaintiffs agreed to stipulate that their respective cases are related to Klein, *see Klein* Dkt. 34-2, ¶¶ 6, 9, the *Kupcho* plaintiff initially indicated that she takes no position as to the *Klein* Plaintiffs' motion to relate while Facebook's motion in *Reveal Chat* was pending, *id.*, ¶ 8. Now that Facebook's motion has been denied by Judge Freeman, the *Klein* Plaintiffs understand that *Steinberg*, *Dames*, *Kupcho*, and *Facebook* all agree that the consumer cases are related to *Klein*.

### III. Facebook's Motion to Stay *Klein*

The *Klein* plaintiffs filed the first consumer antitrust action against Facebook on December 3, 2020, serving the complaint on December 9, 2020. *See Klein*, Dkt. 15. Facebook's answer was originally due on December 30, 2020. *Id.* On December 23, 2020, the *Klein* Plaintiffs stipulated to Facebook's request to extend the deadline for Facebook's responsive pleading while the various motions to relate remained pending, which this Court entered on December 29, 2020. *Klein*, Dkt. 23, 27. The Stipulation and Order "extend[ed] Facebook's time to answer or otherwise respond to the Complaint until the earlier of (a) February 16, 2021, or (b) the date on which Facebook files its response to the Complaints in [cases where motions to relate remain pending]." *Id.*

On January 13, 2021, Facebook informed the *Klein* Plaintiffs that Facebook believed that *Klein* should be stayed and that it intended to file a motion to that effect. The *Klein* Plaintiffs reiterated their position that (1) *Klein* is not related to *Reveal* Chat, (2) the Local Rules require that all consumer antitrust class actions be related to *Klein*, and (3) a decision on the various motions to relate is imminent so Facebook's stay motion would be premature. The *Klein* Plaintiffs explained that there was no reason to burden the Court with additional motions practice regarding schedules

---

cv-08721-JSW (White, J.)—alleges the same anticompetitive-deception-of-consumers theory as in *Klein*, but asserts claims on behalf of both an "Antitrust Facebook User Class" and an "Antitrust Facebook Advertiser Class." The *Sherman* plaintiffs have moved to relate their case to *Klein*, and—to the extent that *Klein* is not related to *Reveal Chat*—the *Klein* Plaintiffs did not oppose the *Sherman* Plaintiffs' motion. *Klein*, Dkt. 24 at 1.

with Facebook's deadline to respond still more than a month away. Finally, the *Klein* Plaintiffs explained that they would be happy to discuss scheduling issues once the motions to relate were decided. Facebook filed its Motion to Stay and Motion to Shorten Time on January 19, 2021.

On January 21, 2021, Judge Freeman denied Facebook's motion to relate both the consumer cases (*Klein*, *Kupcho*, *Dames*, *Steinberg*) and the other advertiser cases (*Affilious*) to *Reveal Chat*. *See Reveal Chat*, Dkt. 110. Judge Freeman also denied Facebook's motion with respect to *Sherman*, which includes both consumer and advertiser classes. *Id.*

Following Judge Freeman's decision in *Reveal Chat*, the plaintiff in another later-filed case (involving only a class of advertisers)—*Layser v. Facebook, Inc.*, Case No. 3:21-cv-00337-LB—filed an administrative motion on January 26, 2021, to consider whether that case (*Layser*) should be related to *Klein* and assigned to this Court pursuant to Civil Local Rule 3-12. *Klein*, Dkt. 41.

## IV. The *Klein* Plaintiffs are Currently Discussing a Global Stipulation

After Judge Freeman denied Facebook's motion to relate the consumer and advertiser cases to *Reveal Chat*, the *Klein* Plaintiffs' counsel reached out to counsel for Facebook and several other plaintiffs in the later-filed cases to discuss a stipulation that would address Facebook's scheduling concerns and provide a possible case management framework for relating and consolidating the various cases against Facebook in an efficient manner.

The *Klein* Plaintiffs have proposed a stipulation that would provide a case management solution for this Court's consideration, continue to move these cases forward, and avoid wasting this Court's and the parties' resources. Counsel for Facebook and the various Plaintiffs groups are currently discussing their respective views of these case management issues, including: (1) proper assignment of the later-filed cases to this Court; (2) the potential consolidation of particular cases; (3) the schedule for the filing of any applications for appointment as class counsel or other designated counsel; and (4) requiring that Facebook only respond to any superseding consolidated complaints filed by class counsel, once class counsel is appointed.

## V. This Court Should Deny Facebook's Motion to Stay

The *Klein* Plaintiffs respectfully request that this Court **DENY** Facebook's Motion to Stay. Many of the issues raised by Facebook's motion are rendered moot by Judge Freeman's ruling

denying Facebook's motion to relate *Klein* to *Reveal Chat*. The parties and plaintiffs in later-filed class action cases are also engaged in discussions regarding the framework for resolving case management issues that would further obviate the need for a stay of *Klein*. And, in any event, as the first-filed consumer antitrust complaint filed against Facebook, it makes little sense to enter a stay in *Klein*.

However, should this Court grant Facebook's present Motion to Stay, the *Klein* Plaintiffs respectfully request that any stay be limited to (1) the time at which the pending motions to relate are decided or (2) the time at which any other stay in a current or future consumer antitrust case against Facebook is lifted, or that case otherwise moves forward.

## VI. Conclusion

Facebook's stay request should be denied or otherwise limited, as stated above.

Dated: January 27, 2021

Respectfully submitted,

*/s/Adam B. Wolfson*

Stephen A. Swedlow (admitted *pro hac vice*)
stephenswedlow@quinnemanuel.com
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606-1881
(312) 705-7400

Kevin Y. Teruya (Bar No. 235916)
kevinteruya@quinnemanuel.com
Adam B. Wolfson (Bar No. 262125)
adamwolfson@quinnemanuel.com
Brantley I. Pepperman (Bar No. 322057)
brantleypepperman@quinnemanuel.com
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
(213) 443-3000

Warren Postman (Bar No. 330869)
wdp@kellerlenkner.com
Jason Ethridge (admitted *pro hac vice*)
jason.ethridge@kellerlenkner.com
**KELLER LENKNER LLC**
1300 I Street, N.W., Suite 400E
Washington, DC 20005
(202) 918-1123

Ashley Keller (admitted *pro hac vice*)
ack@kellerlenkner.com
Benjamin Whiting (admitted *pro hac vice*)
ben.whiting@kellerlenkner.com
**KELLER LENKNER LLC**
150 N. Riverside Plaza, Suite 4270
Chicago, IL 60606
(312) 741-5220

*Attorneys for Plaintiffs*

**ATTESTATION OF ADAM B. WOLFSON**

This document is being filed through the Electronic Case Filing (ECF) system by attorney Adam B. Wolfson. By his signature, Mr. Wolfson attests that he has obtained concurrence in the filing of this document from each of the attorneys identified on the caption page and in the above signature block.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 27th day of January 2021, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System.

Dated: January 27, 2021

By *_/s/ Adam B. Wolfson_*
Adam B. Wolfson