SONAL N. MEHTA (SBN 222086)
  Sonal.Mehta@wilmerhale.com
WILMER CUTLER PICKERING
 HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, California 94306
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

DAVID Z. GRINGER (*pro hac vice*)
  David.Gringer@wilmerhale.com
WILMER CUTLER PICKERING
 HALE AND DORR LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006
Telephone: (202) 663-6000
Facsimile: (202) 663-6363

*Attorneys for Defendant*
FACEBOOK, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| MAXIMILIAN KLEIN and SARAH GRABERT, individually and on behalf of all others similarly situated,<br><br>      Plaintiffs,<br><br> v.<br><br>FACEBOOK, INC., a Delaware Corporation headquartered in California,<br><br>      Defendant. | Case No. 5:20-cv-08570-LHK<br><br>**DEFENDANT FACEBOOK, INC.'S REPLY IN SUPPORT OF MOTION TO STAY PENDING RELATION ORDERS AND CASE MANAGEMENT CONFERENCE**<br><br>Judge: Hon. Lucy H. Koh |

Plaintiffs' opposition to Facebook's motion to stay does not disagree that a stay would promote the orderly course of justice, that Facebook would face hardship absent a stay, or that Plaintiffs would not be prejudiced by one. *Zurich Am. Ins. Co. v. Omnicell, Inc.*, No. 18-CV-05345-LHK, 2019 WL 570760, at *5 (N.D. Cal. Feb. 12, 2019). Instead, Plaintiffs' only arguments are (1) that Facebook's motion is *partially* rendered moot by Judge Freeman's denial of several motions to relate, and (2) that Facebook's request *might* one day be rendered moot by negotiations with Plaintiffs over a proposed stipulation. Neither of these arguments have merit.

First, Plaintiffs' argument that Facebook's motion is *partially* rendered moot by Judge Freeman's denial of several motions to relate is hollow. This Court must now determine whether those cases—save for *Reveal Chat*—should be related. *See* Civil L.R. 3-12(f)(2) ("If the Judge assigned to the lowest-numbered case decides that the cases are not related. . . the Clerk shall submit the order to the Judges assigned to the other cases in order of filing with a form of order to decide within 14 days if the cases are or are not related."). Moreover, yet another consumer case has been filed just this week and therefore has yet to be considered for relation. No. 4:21-cv-00618-KAW (Jan. 26, 2021). The need for relation and case management issues to be resolved before Facebook responds to the complaint is just as strong as it was when Facebook filed its motion, if not stronger because now more time has passed without the cases being related, bringing Facebook's deadline to respond closer.

Likewise, it is of no moment that the plaintiffs granted Facebook an extension of time to respond to the complaint. Facebook requested a stay until the various relation issues could be resolved and a coordinated case management conference could be held. Many plaintiffs in related cases agreed. These plaintiffs refused. As a result, Facebook had no choice but to agree to plaintiffs' proposal. While Facebook hoped that the case management issues would be resolved in time for a consolidated class action complaint to be filed before its current response deadline, it

is now clear that will not happen.[1]

Second, Facebook's request is not rendered moot by a *potential* and still unseen stipulation with certain plaintiffs. Not only has such an agreement not been reached, it has not even been formally proposed to Facebook. And unless and until such an agreement is reached, a stay is necessary to avoid burdening the parties and the Court with unnecessary and burdensome briefing, primarily because Plaintiffs refuse to agree to further extend Facebook's deadline to respond even though they acknowledge that there will ultimately be a consolidated class action complaint.

And the potential agreement Plaintiffs reference may not completely resolve all of the related case issues in any event. Facebook agrees with Plaintiffs that the putative consumer class cases referenced in its response are related, but Plaintiffs' counsel does not yet speak on behalf of all of the consumer cases, and has confirmed that they do not know whether plaintiffs in the other cases agree to the proposed stipulation. Gringer Decl. ¶ 3-4. Plaintiffs also have taken a somewhat muddled position regarding whether the advertiser cases should be related to the consumer cases, and apparently intend to argue that regardless of relation the advertiser cases should not be consolidated with the consumer cases. *Id.* ¶ 2. However, both classes allege many overlapping theories of fact and law, including that Facebook deceived consumers about its privacy policies (*Klein* Compl. ¶¶ 91-125; *Layser* Compl. ¶¶ 98-104), that Facebook withdrew third party app developers' access to APIs (*Klein* Compl. ¶¶ 164-166, 168; *Affilious* Compl. ¶¶ 117-168), that Facebook acquired and used Onavo to collect user data and employed that data to identify and target competitive threats (*Klein* Compl. ¶¶ 148-153; *Layser* Compl. ¶¶ 109-119; *Affilious* Compl. ¶¶ 231-251), and that Facebook acquired Instagram and WhatsApp to eliminate potential competition (*Klein* Compl. ¶¶ 170-177, 184-186; *Layser* Compl. ¶¶ 124-137, 138-156; *Affilious* Compl. ¶¶ 252-278, 279-297). Plaintiffs' only expressed reason against consolidation is that there

---

[1] Facebook has timely filed motions to relate across the various cases and anticipates that this Court will soon rule on those motions. *See* Civil L.R. 3-12(f)(1) ("Due to the need for parties and affected Judges to have a speedy determination of the motion or referral, the Judge assigned to the lowest-numbered case shall act on the motion or referral within 14 days after the date a response is due."); *see also* Civil L.R. 3-12(f)(2).

are hypothetical "tensions" between the classes that might one day emerge.[2]  Gringer Decl. ¶ 2.

If a stipulation is ultimately reached, Facebook will promptly notify the Court.  But until then a stay makes the most sense to allow for the cases to get organized, interim class counsel to be appointed, a consolidated amended complaint to be filed, and a deadline for Facebook to respond to that complaint is set.  Alternatively, coordination among the cases can be achieved were the Court to vacate Facebook's deadline to respond to the complaint, pending resolution of the motions to relate and a case management conference.  This is an approach that at least one other court has followed in a putatively related case (Mot. 2-3, 6-7), and is the minimum relief that Facebook requests here.

Dated:  January 29, 2021                                          Respectfully submitted,


By:  /s/ Sonal N. Mehta
SONAL N. MEHTA (SBN 222086)
sonal.mehta@wilmerhale.com
WILMER CUTLER PICKERING HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Telephone: (650) 858-6000

DAVID Z. GRINGER (*pro hac vice*)
david.gringer@wilmerhale.com
WILMER CUTLER PICKERING HALE AND DORR LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006
Telephone: (202) 663-6000

---

[2] The *Sherman* case is brought on behalf of *both* a putative consumer class and putative advertiser classes.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 29th day of January 2021, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System.

*/s/ Sonal N. Mehta*
Sonal N. Mehta