SONAL N. MEHTA (SBN 222086)
  Sonal.Mehta@wilmerhale.com
WILMER CUTLER PICKERING
 HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, California 94306
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

DAVID Z. GRINGER (*pro hac vice*)
  David.Gringer@wilmerhale.com
ARI HOLTZBLATT (*pro hac vice*)
  Ari.Holtzblatt@wilmerhale.com
MOLLY M. JENNINGS (*pro hac vice*)
  Molly.Jennings@wilmerhale.com
WILMER CUTLER PICKERING
 HALE AND DORR LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006
Telephone: (202) 663-6000
Facsimile: (202) 663-6363

*Attorneys for Defendant*
 FACEBOOK, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MAXIMILIAN KLEIN and SARAH GRABERT, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FACEBOOK, INC., a Delaware corporation,<br><br>Defendant. | Case No. 5:20-cv-08570-LHK<br><br>**DEFENDANT FACEBOOK, INC.'S MOTION FOR ADMINISTRATIVE RELIEF TO CONSIDER WHETHER CASES SHOULD BE RELATED PURSUANT TO CIVIL L.R. 3-12**<br><br>Judge: Hon. Lucy H. Koh |

Pursuant to Civil Local Rule 3-12, defendant Facebook, Inc. respectfully moves the Court to consider whether to relate *Rosenman v. Facebook, Inc.*, No. 3:21-cv-00336-VC ("*Rosenman*") to *Klein v. Facebook, Inc.*, No. 5:20-cv-08570-LHK ("*Klein*").  The *Klein* plaintiffs do not oppose relation so long as there is no delay in their case occasioned by any motion to remand filed by the *Rosenman* plaintiffs.  Facebook sought *Rosenman* plaintiffs' position on whether the cases should be related, but have not received a response as of the filing of this motion.  A declaration from David Z. Gringer accompanies this motion.

Under Civil Local Rule 3-12(a), actions are related "when: (1) The actions concern substantially the same parties, property, transaction or event; and (2) It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges."  That standard is easily met here.  *Rosenman*, like *Klein*, is brought on behalf a putative class of Facebook users.  *Rosenman*, like *Klein*, also contends that Facebook unlawfully obtained a monopoly by misrepresenting its privacy policies, *see Klein* Compl. ¶¶ 91-125 and *Rosenman* Am. Compl. ¶¶ 25-27, 30, 75, 85); and  *Rosenman*, like *Klein*, contends that Facebook unlawfully maintained that monopoly through acquisitions.  In addition, both plaintiffs apparently seek monetary relief on the same unprecedented basis, arguing that notwithstanding the fact that Facebook is free, *see Rosenman* Am. Compl. ¶ 42, Facebook should pay the plaintiffs for using the product.  In light of the substantial factual and legal overlap, the threat of duplicative discovery, and the real threat of inconsistent judgments, *Rosenman* and *Klein* easily exceed the relevant standard for relation.

*First*, the cases both "concern substantially the same parties, property, transaction or event."  Civil L.R. 3-12(a)(2)(1).  Facebook is the defendant in both cases and both cases are brought on behalf of putative classes of Facebook users.  *Klein* Compl. ¶ 216; *Rosenman* Am. Compl. ¶ 47.  Furthermore, both sets of plaintiffs contend as their core theory of liability that:

- Facebook allegedly deceived consumers about its privacy policies (*compare Klein* Compl. ¶¶ 91-125, *with Rosenman* Am. Compl. ¶¶ 25-27, 30, 75, 85);

- Facebook acquired other companies, including Instagram and WhatsApp, allegedly to

FACEBOOK'S MOTION FOR ADMINISTRATIVE
                                                    RELIEF TO CONSIDER WHETHER CASES SHOULD BE RELATED

eliminate potential competition (*compare Klein* Compl. ¶¶ 170-177, 184-186, *with Rosenman* Am. Compl. ¶¶ 14, 18-19); and

- Facebook allegedly achieved and maintained its purported monopoly by harvesting user data (*compare Klein* Compl. ¶¶ 148-153, *with Rosenman* Am. Compl. ¶¶ 21-43, 85).

None of this overlap is undermined by the fact that the *Rosenman* plaintiffs have brought their case under the UCL while the *Klein* plaintiffs are proceeding under the Sherman Act.  Civil Local Rule 3-12 does not require unanimity of causes of action for cases to be related.  *See, e.g.*, *LegalForce RAPC Worldwide, P.C. et al. v. LegalZoom.Com, Inc. et al.*, No. 3:17-cv-07194-MMC, Dkt. Nos. 93, 101 (N.D. Cal. Apr. 9, 2018) (relating cases with claims brought under different statutes); *O'Connor et al v. Uber Technologies, Inc. et al.*, No. 3:13-cv-03826-EMC, Dkt. Nos. 968, 969 (N.D. Cal. Sept. 27, 2019) (same).  In addition, there are other pending class actions that will likely be related to *Klein*, at least three of which include a UCL claim, *see* Nos. 4:20-cv-08815-JSW; 3:20-cv-09130-VC; 4:21-cv-00618-KAW, and it is therefore reasonably probable that any consolidated complaint will include a UCL claim too.

***Second***, given the substantial factual and legal overlap between the cases, it is "likely that there will be an unduly burdensome duplication of labor and expense … if the cases are conducted before different Judges."  Civil L.R. 3-12(a)(2).  Because both of these cases involve the same activity and many of the same legal theories, any discovery, motion practice, trials, and potential remedies will substantially overlap.  Thus, substantial efficiencies will be available in discovery into each of these theories if these cases are related.  Likewise, it would be inefficient and unduly burdensome to "hav[e] … different judges govern discovery disputes."  *Financial Fusion, Inc. v. Ablaise Ltd.*, 2006 WL 3734292, at *3 (N.D. Cal. Dec. 18, 2006).  Both of these cases were recently filed and Facebook has not responded to either complaint, meaning that *Klein* is not ahead of *Rosenman*.  *Id*. at *4 (noting lack of delay as factor in favor of relation).

***Third***, absent relation, there is a serious risk "of conflicting results."  *See* Civil L.R. 3-12(a).  Facebook anticipates raising similar defenses to the *Rosenman* and *Klein* allegations, including that the claims are untimely and that the plaintiffs' damages theory is not cognizable.

1   If the cases are not related, there is the real prospect, for example, that different courts could

2   reach different conclusions about whether fraudulent concealment theories can ever be resolved

3   on motions to dismiss or whether Facebook's intent was sufficient to support a fraudulent

4   concealment claim.  And because the two proposed classes overlap, conflicting decisions could

5   result in inconsistent remedies among a single group of people.

6           Because of the substantial overlap between these cases, Facebook respectfully requests

7   that the Court enter an order relating *Rosenman* to *Klein*.

8

9   Dated: February 5, 2021                          Respectfully submitted,

10                                                    By:  */s/ Sonal N. Mehta*
                                                      SONAL N. MEHTA (SBN 222086)
11                                                    sonal.mehta@wilmerhale.com
                                                      WILMER CUTLER PICKERING HALE
12                                                    AND DORR LLP
                                                      2600 El Camino Real, Suite 400
13                                                    Palo Alto, CA 94306
                                                      Telephone: (650) 858-6000
14
                                                      DAVID Z. GRINGER (*pro hac vice*)
15                                                    david.gringer@wilmerhale.com
                                                      ARI HOLTZBLATT (*pro hac vice*)
16                                                    ari.holtzblatt@wilmerhale.com
                                                      MOLLY M. JENNINGS (*pro hac vice*)
17                                                    molly.jennings@wilmerhale.com
                                                      WILMER CUTLER PICKERING HALE
18                                                    AND DORR LLP
                                                      1875 Pennsylvania Avenue, NW
19                                                    Washington, DC 20006
                                                      Telephone: (202) 663-6000
20

21

22

23

24

25

26

27

28

3

1

**CERTIFICATE OF SERVICE**

2   I hereby certify that on this 5th day of February 2021, I electronically transmitted the

3 foregoing document to the Clerk's Office using the CM/ECF System. And I hereby certify that I

4 have served the foregoing document on counsel for the plaintiffs in the action in which relation is

5 sought pursuant to agreement between the parties.

6

7                    */s/ Sonal N. Mehta*
                     Sonal N. Mehta

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28