SONAL N. MEHTA (SBN 222086)
 Sonal.Mehta@wilmerhale.com
WILMER CUTLER PICKERING
 HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, California 94306
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

DAVID Z. GRINGER (*pro hac vice*)
 David.Gringer@wilmerhale.com
ARI HOLTZBLATT (*pro hac vice*)
 Ari.Holtzblatt@wilmerhale.com
MOLLY M. JENNINGS (*pro hac vice*)
 Molly.Jennings@wilmerhale.com
WILMER CUTLER PICKERING
 HALE AND DORR LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006
Telephone: (202) 663-6000
Facsimile: (202) 663-6363

*Attorneys for Defendant*
FACEBOOK, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| MAXIMILIAN KLEIN and SARAH GRABERT, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FACEBOOK, INC., a Delaware corporation,<br><br>Defendant. | Case No. 5:20-cv-08570-LHK<br>*(Consolidated with Nos. 4:20-cv-08817, 4:20-cv-08815, 3:21-cv-00337, 3:21-cv-00336, 3:20-cv-09217, 4:20-cv-08721, 3:20-cv-09130)*<br><br>**DEFENDANT FACEBOOK, INC.'S UNOPPOSED MOTION FOR ADMINISTRATIVE RELIEF TO CONSIDER WHETHER CASES SHOULD BE RELATED PURSUANT TO CIVIL L.R. 3-12**<br><br>Judge: Hon. Lucy H. Koh |

Pursuant to Civil Local Rule 3-12, defendant Facebook, Inc. respectfully moves the Court, unopposed, to consider whether *Kovacevich v. Facebook, Inc.*, No. 3:21-cv-01117 ("*Kovacevich*") should be related to *Klein v. Facebook, Inc.*, No. 5:20-cv-08570-LHK ("*Klein*"). A stipulation pursuant to Civil Local Rule 7-12 accompanies this motion.

On February 9, 2021, the Court ordered that seven other putative class action antitrust lawsuits recently filed against Facebook be related to and consolidated with *Klein*. Dkt. No. 47. *Kovacevich,* which is not materially different from the other consumer cases, should also be related to and consolidated with *Klein* and these other cases.

***First***, the cases "concern substantially the same parties, property, transaction or event." Civil L.R. 3-12(a)(2)(1). Facebook is the defendant in the cases, and the consumer cases are brought on behalf of Facebook users who have maintained a Facebook profile since 2007. With respect to legal theories, the cases allege that Facebook unlawfully monopolized or attempted to monopolize a putative Social Network market in violation of Section 2 of the Sherman Act, 15 U.S.C. § 2. The cases focus primarily on Facebook's use of consumer data, its communications to users about its privacy policies, its acquisitions of Instagram and WhatsApp, and its regulation of access to Facebook APIs. And those cases brought on behalf of consumers all seek damages even though Facebook is free.

***Second***, given the substantial factual and legal overlap between the cases, it is "likely that there will be an unduly burdensome duplication of labor and expense … if the cases are conducted before different Judges." Civil L.R. 3-12(a)(2). Because these cases challenge the same activity and allege substantially the same legal theories, any discovery, motion practice, trials, and potential remedies will substantially overlap. Substantial efficiencies will be available in discovery into each of these theories if these cases are related. Likewise, it would be inefficient and unduly burdensome to "hav[e] … different judges govern discovery disputes." *Financial Fusion, Inc. v. Ablaise Ltd.*, 2006 WL 3734292, at *3 (N.D. Cal. Dec. 18, 2006). Finally, Facebook has yet to respond to any of the complaints, meaning that relation will not cause delay. *Id*. at *4 (noting lack of delay as factor in favor of relation).

*Third*, absent relation, there is a serious risk "of conflicting results." *See* Civil L.R. 3-12(a). Facebook anticipates raising similar defenses in *Kovacevich* to the other consumer class actions, including that the claims are untimely, the relevant markets are implausible, the damages theory is non-cognizable, and that the plaintiffs have failed to plausibly allege exclusionary conduct.

Because of the substantial overlap between these cases, Facebook respectfully requests that the Court enter an order relating *Kovacevich* to *Klein* and consolidating *Kovacevich* to the other cases.

Dated: February 19, 2021

Respectfully submitted,

By: */s/ Sonal N. Mehta*
SONAL N. MEHTA (SBN 222086)
sonal.mehta@wilmerhale.com
WILMER CUTLER PICKERING HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Telephone: (650) 858-6000

DAVID Z. GRINGER (*pro hac vice*)
david.gringer@wilmerhale.com
ARI HOLTZBLATT (*pro hac vice*)
ari.holtzblatt@wilmerhale.com
MOLLY M. JENNINGS (*pro hac vice*)
molly.jennings@wilmerhale.com
WILMER CUTLER PICKERING HALE AND DORR LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006
Telephone: (202) 663-6000

**CERTIFICATE OF SERVICE**

I hereby certify that on this 19th day of February 2021, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System. And I hereby certify that I have served the foregoing document on counsel for the plaintiffs in the action in which relation is sought pursuant to agreement between the parties.

*/s/ Sonal N. Mehta*
Sonal N. Mehta
