# EXHIBIT C



Portfolio Media. Inc. | 111 West 19th Street, 5th floor | New York, NY 10011 | www.law360.com
Phone: +1 646 783 7100 | Fax: +1 646 783 7161 | customerservice@law360.com

# 10 Tips For A Successful Remote Arbitration Hearing

By **Kate Shih** (June 29, 2020, 12:51 PM EDT)

What do you do when a global pandemic scuttles your plans for an in-person arbitration hearing? With increasing frequency, parties and tribunals are opting to proceed remotely rather than postpone proceedings indefinitely.

And although this may sound like a daunting proposition — after all, many in our profession had never participated in a single videoconference before COVID-19, let alone a full-length arbitration hearing — it turns out that the remote hearing format can replicate the experience of an in-person hearing surprisingly well, and may actually be superior in certain respects.



Kate Shih

Our team recently completed an eight-day international arbitration merits hearing entirely remotely. Participants logged in from more than a dozen cities on three different continents. The tribunal, counsel and witnesses each participated from their individual locations.

We were pleasantly surprised that, with the exception of a handful of minor technical glitches, the proceedings went off without a hitch. By the end of the hearing, we were convinced that this format is here to stay, pandemic or not.

But adapting traditional trial preparation techniques to this new virtual reality requires significant advance planning. Below are 10 tips to ensure a successful remote arbitration hearing.

**1. Choose a remote hearing platform early.**

You don't need to start from scratch in planning your remote arbitration hearing. In the wake of the pandemic, numerous vendors have begun offering integrated remote hearing platforms that include video conferencing, document and graphics display, court reporting, and real-time transcription. Start interviewing vendors as soon as you know you will be proceeding remotely, and ask for demonstrations, since each platform has slightly different features.

Your vendor will ultimately be a key resource in working through the technical logistics for the hearing. Some vendors will also supply the necessary equipment, shipping hardware directly to participants as needed.

**2. Get a head start on a remote hearing protocol.**

If your procedural order was entered before the COVID-19 pandemic hit, chances are that it does not contemplate a remote arbitration hearing. You will need a separate protocol to address the procedural specifics of a remote hearing, including the technical specifications for equipment, agreed procedures for contingencies such as the loss of a participant's internet connection, parameters for the questioning and sequestration of witnesses that takes into account due process considerations, online security and privacy measures, and numerous other issues.

As part of this process, consider whether it feasible to shorten the length of each hearing day, perhaps by holding the hearing over a longer span of days. A hearing day conducted entirely by videoconference can be much more tiring than a day of equivalent length at an in-person hearing.

Several arbitration organizations, including the International Institute on Conflict Prevention and Resolution and the International Chamber of Commerce, have recently published thoughtful model protocols that can serve as a useful starting point. Start drafting early, as the parties and tribunal will likely have numerous logistical points to work through before the protocol is finalized.

### 3. Don't delay in ordering, setting up and testing equipment.

Gone are the days when the "equipment" to be acquired before a hearing consisted of a tailored suit and a nice pair of shoes.

For a remote hearing, although exact technical specifications will vary, you will need a high definition webcam, a good quality headset, and a second monitor for your computer. If you do not already have these things, order them well in advance. Consider using a high-quality external webcam; these frequently offer far better image quality than the webcams built into laptops.

Set up your equipment as soon as you receive it and do a trial run using the videoconferencing platform for the hearing.

Position the webcam so that it is just above your line of sight. Declutter your background or utilize a virtual backdrop. Eliminate backlighting, which can put your face in shadows, and consider buying a light specifically made for online videos. A soft light directed toward you will ensure that your face is properly lit. Make these adjustments well in advance so that you are not preoccupied at the hearing.

### 4. Practice, practice, practice.

Once your equipment is set up, take every opportunity to interact with your legal team and witnesses by videoconference. Use this time to work on your videoconference presence: Look directly at the webcam, speak more clearly and deliberately than you otherwise would, and avoid face-touching and similar behaviors. The more comfortable you become in this format, and the better your team becomes at interacting remotely, the more effective you all will be at the hearing.

### 5. Have a backup plan for connectivity.

Even the best internet connections can weaken or fail at unexpected or inopportune times. Have an internet hot spot ready in case of disaster. If you will be participating in the hearing from home, ensure that no one in your household plans on using significant bandwidth during hearing hours. If bandwidth more generally is an issue, consider dialing in by phone rather than using computer audio.

### 6. Prepare your witnesses early and often.

Zoom fatigue is real. A full-day prep session over videoconference is an exhausting proposition for witness and counsel alike. And it can be much more difficult to build rapport by videoconference than in person. If you are able to meet live with your witnesses to prepare them for the hearing, then take advantage of that opportunity — but be cognizant of the fact that the witness will ultimately need to get comfortable testifying by video conference.

If you can only meet with your witnesses remotely, certain adaptations will make the process more effective. In lieu of days-long sessions shortly before the witness testifies, schedule multiple 90-minute sessions well in advance, with a longer final session right before the hearing. Create a written agenda for yourself to keep the sessions focused. And spend even more time on mock cross-examination than you otherwise would, to equip the witness for the surprisingly intense experience that cross-examination at a remote hearing can be.

Although connectivity for videoconferencing is excellent from many parts of the globe, you may discover that one or more of your witnesses are located in geographic areas where connectivity is unreliable.

Early preparation will allow you to flag this issue to opposing counsel and the tribunal before the hearing begins. The tribunal may build in additional contingency planning for loss of connectivity or make alternative arrangements to secure the witness's testimony. The key is to raise these issues early and avoid surprises.

### 7. Up your graphics game.

A remote hearing presents a unique opportunity to present compelling graphics content. Unlike in an in-person hearing, where participants may need to crane their necks to see a shared screen, at a remote hearing, every participant will have a front-row seat to your visual presentation. Take this opportunity to enhance your case through demonstratives and pictures that complement and bolster your words.

Most remote hearing platforms offer a screen-share option that allows you to utilize your trial graphics software of choice, which your trial consultant can run essentially as they would at an in-person hearing.

### 8. Prepare opening and closing arguments with extra care.

Presenting opening and closing argument remotely can be a very different experience than at an in-person hearing. Adrenaline levels may be lower without a live audience in the room; you will be delivering your content seated or standing, but likely not moving around. It will all look and feel very different.

Here, again, preparation is key. Rehearse your presentation more times than you otherwise would. Practice converting full-body communication style into facial and hand gestures. Assemble a remote mock panel to simulate the real event and provide feedback.

### 9. Enjoy the surprising perks of remote cross-examination.

For whatever reason, witnesses in a remote arbitration setting tend to be more verbose and less disciplined than at an in-person hearing. Be prepared to exploit these tendencies during cross-examination. Be even more comprehensive and flexible in your outline and preparations than you otherwise would be.

Anticipate potential tangents that the witness might take and have the proper exhibits and citations prepared to capitalize on them. Somewhat counterintuitively, the pace of cross-examination is often faster than at an in-person hearing — a feature that can be tremendous fun for the lawyer asking the questions.

### 10. Observe your audience.

One neat feature of the remote setting is the ability to get a close-up view of participants' reactions to the arguments and evidence as they are presented. This feedback can be invaluable. Watch facial expressions and body language carefully and adjust in real time to account for what appears to be working and what is not. Have your team and witnesses do the same.

---

*Kate Kaufmann Shih is a partner at Quinn Emanuel Urquhart & Sullivan LLP.*

*The opinions expressed are those of the author(s) and do not necessarily reflect the views of the firm, its clients, or Portfolio Media Inc., or any of its or their respective affiliates. This article is for general information purposes and is not intended to be and should not be taken as legal advice.*

---

All Content © 2003-2021, Portfolio Media, Inc.