# EXHIBIT D

# THE NATIONAL LAW JOURNAL

**NOT FOR REPRINT**

🖶 Click to print or Select **'Print'** in your browser menu to print this document.

Page printed from: *https://www.law.com/nationallawjournal/2020/11/01/in-their-words-how-lawyers-are-handling-virtual-trials/*

# In Their Words: How Lawyers Are Handling Virtual Trials

As courts try to adjust amid COVID restrictions, lawyers open up about how they're handling the nation's first-ever virtual trials.

By Jacqueline Thomsen | November 01, 2020



**Judge Antonia "Toni" Arteaga of Bexar County's 57th Civil District Court swears in a jury pool for virtual jury selection on Wednesday, Aug. 19, 2020. But the trial was delayed until Sept. 21, because no lawyers consented for their case to go to trial yet. Photo: 57th District Court YouTube channel**

After courthouses across the country remained shuttered with no resumption of regular proceedings in sight, some venues have turned to virtual trials as a way to keep on keeping on. Hearings in both criminal and civil proceedings have continued remotely since the start of the pandemic. But trials, particularly ones with juries, have presented difficult questions on topics such as access to technology and jury selection.

The National Law Journal spoke with attorneys who have participated in some of the country's first virtual trials. Here's what they had to say about their experience, and their advice for litigators taking on the proceedings in the future. Answers have been lightly edited for length and clarity.

Thomas Arena and Sean Murphy of Milbank were co-counsel in a bench trial in the U.S. District Court for the Southern District of New York.

**How did you prepare for the virtual trial, and how did it differ from your typical trial preparations?**



**Tom Arena, left, and Sean Murphy, right. Courtesy photos**

Preparation for a virtual trial differed from typical trial preparation in two principal ways. First, all of our witness preparation was conducted remotely. We were in New York City, but our main witnesses were located in Boston, Chicago, Washington, D.C., and Los Angeles. We had to ship thousands of pages of documents to our witnesses and provide them with technological support so that we could prepare their testimony over a Zoom hookup. For an ordinary trial, we would have been in the same room with our witnesses, surrounded by our mountain of documents, as we prepared their testimony. Not being in the same physical space as our witnesses made preparation a bit more cumbersome than it otherwise would have been. Second, the actual trial required an enormous amount of technological preparation. We set up tables and workstations around the perimeter of a large war room, with the lawyers all facing inwards. This allowed each member of the team to see everyone else when necessary, but also provided the necessary social spacing and gave each lawyer the ability to focus on their own monitor to participate in the trial. We heavily relied on a number of technical support specialists to make sure this worked smoothly.

**Did anything come up during the virtual trial that you didn't anticipate, and how did you navigate that situation?**

It was slightly harder to control an adverse witness during cross-examination in a virtual trial than in an ordinary trial. Think of talking heads on a television news show when the host tries to cut off a guest who is going off on a tangent. That scenario came up a few times.

The other surprise is what you might call the hot mic problem. In our virtual trial, only one lawyer for each side was visible on the Zoom screen, with the judge and the witness, at any point in time. But the other lawyers on the team, who were not on camera, could sometimes be heard over the audio pickup. Given that most lawyers have strong opinions about everything under the sun, you can see the potential for some embarrassing episodes to occur, especially when something unexpected comes up in testimony.

**Going forward, do you think virtual trials are a sustainable option? What advice would you give to attorneys navigating them in the future?**

Certainly for bench trials. I am not sure about jury trials. But virtual trials are not optimal. District judges are the face of the court. In a live, in-person trial, members of the public can walk into the courthouse and watch the entire proceeding in person. In a virtual trial, members of the public were able to dial in and hear the proceedings, but they could not see the court, the witnesses, the lawyers or the documentary evidence. To the extent we will need to live with virtual trials for much longer, it would be great if technology could develop that would allow members of the public to watch the proceedings on their computer monitors.

Alex Spiro, a partner with Quinn Emanuel Urquhart & Sullivan, argued in a virtual trial stemming from a records lawsuit in the Delaware Court of Chancery.

**How did you prepare for the virtual trial, and how did it differ from your typical trial preparations?**

My personal preparation was similar to trials in normal times. I take every even remotely relevant document and go through them and organize my thoughts. I do this alone and usually in a home office anyway.

The team preparation—which is the most important—was markedly different. Rather than meeting in person we were meeting virtually. I know some people say that it is not materially different, but for me it is. To really debate ideas, I need to be in person. And all of my best ideas come from my law partner Ellyde Thompson, and she was stuck dealing with me over the phone.



**Quinn Emanuel partner Alex Spiro.**

**Did anything come up during the virtual trial that you didn't anticipate, and how did you navigate that situation?**

I just think it's harder to present virtually. Arguments are less passionate, and mundane demonstrations less compelling. I was also alone to try and find certain exhibits when normally I'm relying on teammates.

But by far the biggest downside is not being able to meet with colleagues and strategize and pivot mid-trial. To brainstorm and make those critical decisions you have to be in person to get the best results.

**Going forward, do you think virtual trials are a sustainable option? What advice would you give to attorneys navigating them in the future?**

I think for bench trials without critical credible determinations and with largely "legal" as opposed to factual issues they work as an OK substitute. They may even allow for the system to become less backlogged and operate more efficiently. But for jury trials, or for more nuanced factual matters, they are no substitute in my view. The stakes are too high.

**How did you prepare for the virtual trial, and how did it differ from your typical trial preparations?**

Because of the novelty of doing it remotely via Zoom, I participated in a mock trial the week before, and I can't say that I've ever done that before. The preparations were different to the extent that I did that.

Unlike the usual trial where you would have your exhibits lined up for submission to the clerk, I had to get comfortable with the format of pulling electric exhibits from a screen. In this case I used two screens, because in the preparation I realized it would be virtually impossible to do this with one screen—in order to get exhibits you'd have to minimize to get them into the share-screen format. I actually used one of my partners' workstations, as he's more tech-savvy than I am and has two monitors set up. I had to play around with pulling exhibits digitally.

**How did you prepare for the virtual trial, and how did it differ from your typical trial preparations?**



When I tried to start publishing exhibits—as I said I'm not the most tech-savvy guy—I encountered a problem in recalling how to do that from the week before. We had to take a brief recess where I had to reeducate myself on the technology of actually being able to pull exhibits into the platform. I was having difficulty, and when you're doing that with jurors looking at you, you immediately ask for a recess and shut it down to get it straightened out.

**Matthew Kachergus, with Sheppard, White, Kachergus, DeMaggio, & Wilkison. Courtesy photo**

There would occasionally be connectivity issues with the internet. When that happens and you lose touch with what's going on in the Zoom courtroom, my approach is just fake it until you make it. You have to remember there's a camera on you, and even though you're looking at a screen that may be frozen you can't assume the jurors in the court and everyone else are seeing you frozen. You have to assume that they're seeing you just as if you were sitting there, conducting trial. You try to look like you're engaged in following what's going on, desperately hoping for the internet to reconnect, that you don't lose too much and don't look like you're freaking out while that's happening.

**Going forward, do you think virtual trials are a sustainable option? What advice would you give to attorneys navigating them in the future?**

My area of practice is primarily criminal. The case I tried was a civil case, and I tried it because there was a non-appearing corporate defendant. I had already obtained a default, and this was the only way I saw in the foreseeable future to try to get a judgment on behalf of my client to collect. I'm not sure I would have agreed to this if there had been opposition on the other side. I think it's very hard for jurors to get a feel for credibility in a two-dimensional format. I don't think it occurred in this case, but there's a possibility for outside influences on witnesses even as they're testifying, with people off-screen or access to materials. It just doesn't come across quite the same way as live testimony does.

Get very familiar with the technology before appearing at the trial, I would highly recommend doing a mock trial. I would spend a lot of time with your exhibits and learn how to get them published. Get familiar with whatever application you're using, so the technology doesn't stymie you in the middle of what you're doing. If at all possible, get an assistant or a paralegal or another attorney in your office to handle those tech things, so you can focus on being the lawyer and not an IT professional.

**Copyright 2021. ALM Media Properties, LLC. All rights reserved.**