Stephen A. Swedlow (admitted *pro hac vice*)
  stephenswedlow@quinnemanuel.com
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606-1881
(312) 705-7400

Kevin Y. Teruya (Bar No. 235916)
  kevinteruya@quinnemanuel.com
Adam B. Wolfson (Bar No. 262125)
  adamwolfson@quinnemanuel.com
Brantley I. Pepperman (Bar No. 322057)
  brantleypepperman@quinnemanuel.com
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
(213) 443-3000

*Attorneys for the Klein Plaintiffs*

Warren Postman (Bar No. 330869)
  wdp@kellerlenkner.com
Jason Ethridge (admitted *pro hac vice*)
  jason.ethridge@kellerlenkner.com
**KELLER LENKNER LLC**
1300 I Street, N.W., Suite 400E
Washington, DC 20005
(202) 918-1123

Ashley Keller (admitted *pro hac vice*)
  ack@kellerlenkner.com
Benjamin Whiting (admitted *pro hac vice*)
  ben.whiting@kellerlenkner.com
Jason A. Zweig (admitted *pro hac vice*)
  jaz@kellerlenkner.com
**KELLER LENKNER LLC**
150 N. Riverside Plaza, Suite 4270
Chicago, IL 60606
(312) 741-5220

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| MAXIMILIAN KLEIN and SARAH GRABERT, individually and on behalf of all others similarly situated,<br><br>*Plaintiffs,*<br><br>vs.<br><br>FACEBOOK, INC., a Delaware corporation headquartered in California,<br><br>*Defendant.* | Case No. 5:20-cv-08570-LHK<br><br>Hon. Lucy H. Koh<br><br>Hearing Date:  March 18, 2021<br><br>**DECLARATION OF WARREN D. POSTMAN IN SUPPORT OF *KLEIN* PLAINTIFFS' APPLICATION TO APPOINT QUINN EMANUEL URQUHART & SULLIVAN, LLP AND KELLER LENKNER LLC AS INTERIM CO-LEAD USER CLASS COUNSEL** |

I, Warren D. Postman, declare:

1.      I am a partner at Keller Lenkner LLC ("Keller Lenkner") and serve as lead counsel for plaintiffs Maximilian Klein and Sarah Grabert ("the *Klein* Plaintiffs") in the case captioned *Klein et al v. Facebook, Inc.*, Case No. 5:20-cv-08570-LHK.  Stephen A. Swedlow of the law firm of Quinn, Emanuel, Urquhart & Sullivan LLP ("Quinn Emanuel"), serves as co-lead counsel for the *Klein* Plaintiffs.

2.      I respectfully submit this declaration in support of the *Klein* Plaintiffs' Application to appoint myself, Stephen A. Swedlow, and our respective firms—Quinn Emanuel and Keller Lenkner—as Interim Co-Lead User Class Counsel.  I have been actively involved in this action, am familiar with the proceedings, and have personal knowledge of the matters stated herein.

## KELLER LENKNER'S QUALIFICATIONS AND EXPERIENCE

3.      Keller Lenkner was founded three years ago with the mission of creating one of the leading complex plaintiff's litigation firms in the United States.  To fulfill this mission, Keller Lenkner has amassed an elite, unique, creative and ambitious group of litigators.  In just three years, Keller Lenkner has gone from three lawyers to 35 lawyers and nearly 60 professional staff across three offices (Chicago, Washington, D.C., and Austin, Texas).  Approximately 80% of Keller Lenkner's attorneys have practiced at some of the top national defense-oriented firms, with 60% having trained at AmLaw 25 firms and elite trial boutiques.  All attorneys involved in this matter have extensive experience with complex hard-fought litigation against sophisticated and well-financed adversaries.  Nearly 63% of Keller Lenkner's partners and associates were law clerks at a federal court of appeals or district court, and four of Keller Lenkner's nine partners clerked for Justices on the United States Supreme Court.

4.      Keller Lenkner's practice areas focus primarily on antitrust and consumer protection, product liability, privacy, and employment.

5.      In connection with its antitrust, privacy and employment practices, Keller Lenkner has pioneered the ability to bring thousands of arbitrations on behalf of consumers and employees who are subject to forced-arbitration clauses.  Courts have recognized Keller Lenkner's creativity and skill in preventing companies from avoiding their own arbitration clauses.  For example, during

an October 8, 2020 hearing, the Honorable Terry Green remarked of Keller Lenkner, "let's give them, you know, a toast. Good work. It's good work." Attached here to as **Exhibit F** is an excerpted copy of the October 8, 2020 transcript in *Intuit, Inc. v. 99322 Individuals*, Case No. 20STCV22761, Superior Court of State of California, County of Los Angeles. In that vein, Keller Lenkner has made substantial investments in people and technology and created case management systems in order to be able to bring and manage these arbitrations.

6.      With respect to its product liability practice, Keller Lenkner has quickly established itself as a leader in the plaintiff's product-liability bar. Given the backgrounds of Keller Lenkner's attorneys, Keller Lenkner is frequently called upon to advise on complex litigation issues such as preemption. Keller Lenkner has been appointed to the Plaintiffs' Steering Committee in four large multi-district litigations, including perhaps the largest current MDL (*In re Zantac (Ranitidine) Products Liability Litigation*). Keller Lenkner also represents the State of Arizona and many municipalities in connection with their claims related to the opioids epidemic.

7.      Keller Lenkner's firm resume is attached hereto as **Exhibit G**.

**The Keller Lenkner Team in This Case**.

8.      I lead the *Klein* Plaintiffs' case along with my partners at Keller Lenkner—Ashley Keller, Ben Whiting, and Jason Zweig—associate Jason Ethridge, and our co-counsel at Quinn Emanuel. Below, I provide biographies summarizing some of our relevant experience.

9.      **Warren D. Postman**: I am a Partner at Keller Lenkner, where I lead the firm's arbitration practice as well as many of the firm's complex class and mass actions. Before joining Keller Lenkner, I served as Vice President and Chief Counsel for Appellate Litigation at the U.S. Chamber Litigation Center and was an attorney in the Issues & Appeals practice at Jones Day, where I helped guide trial and appellate strategy in some of the firm's most complex and high-stakes cases. I previously served as a law clerk for Justice David H. Souter at the Supreme Court of the United States and Judge William A. Fletcher at the U.S. Court of Appeals for the Ninth Circuit. I have been selected as one of the *National Law Journal*'s Plaintiff's Lawyers Trailblazers and have been recognized by *Lawdragon* as one of the 500 Leading Lawyers in America. My representative experiences include:

a. ***State of Texas, et al., v. Google LLC*, 4:20-cv-957-SDJ (E.D. Tex.).**  I am counsel for the States of Texas, North Dakota, and Idaho in a multi-state antitrust litigation against Google for its monopolization of the advertising market.

b. ***Intuit Arbitrations* (AAA).**  I am lead counsel in Keller Lenkner's representation of over 100,000 arbitration claimants, who have alleged antitrust violations against Intuit, the maker of TurboTax.

c. ***Large Antitrust Arbitration matter.***  I am lead counsel in Keller Lenkner's representation of tens of thousands of arbitration claimants who have brought antitrust claims against a large international retailer.  The proceedings are confidential.

d. ***Olivia Van Iderstine et al v. Live Nation Entertainment, Inc. et al*, Case No. 2:20-cv-03888 (C.D. Cal.).**  I currently serve as lead counsel for Keller Lenkner which, together with Quinn Emanuel, represents a putative class of ticket purchasers in an antitrust class action against Live Nation and Ticketmaster.  The plaintiffs allege that Live Nation and Ticketmaster violated federal antitrust laws by monopolizing the relevant markets for primary and secondary ticketing services for major concert venues, and by retraining competition in those markets.

e. ***Blessing v. Sirius XM*, Case No. 09-cv-10035 (S.D.N.Y.).**  I defended Sirius XM against claims that, following FCC approval of the merger between Sirius Satellite Radio and XM Satellite Radio, the combined company engaged in anticompetitive conduct by allegedly failing to comply with conditions imposed by the FCC.

10.  **Ashley C. Keller**: Mr. Keller co-founded Keller Lenkner in early 2018.  He is a seasoned trial and appellate lawyer with deep substantive knowledge across a wide variety of practice areas and claims.  Prior to founding Keller Lenkner, Mr. Keller was an associate and then partner at Bartlitt Beck Herman Palenchar & Scott LLP in Chicago where he handled various trial

and appellate matters involving multi-billion dollar securities and patent cases, contract disputes, mass torts and class actions.  Prior to Bartlitt Beck, Mr. Keller was a law clerk to Justice Anthony Kennedy at the United States Supreme Court and Richard Posner at the U.S. Court of Appeals for the Seventh Circuit.  Some of Mr. Keller's representative experiences include:

    a.   ***State of Texas, et al., v. Google LLC*, 4:20-cv-957-SDJ (E.D. Tex.).**  Mr. Keller is co-lead counsel for the States of Texas, North Dakota, and Idaho in a multi-state antitrust litigation against Google for its monopolization of the advertising market.

    b.   ***In re Zantac (Ranitidine) Products Liability Litig.*, 20-md-2924 (S.D. FL.).**  Mr. Keller was appointed Chair of the Law and Briefing Committee in this large multi-district litigation alleging that the popular heartburn medication known as Zantac (ranitidine) contained carcinogens and caused the cancer of tens of thousands of individuals.

    c.   ***Intuit Arbitrations* (AAA).**  Mr. Keller is involved in Keller Lenkner's representation of over 100,000 arbitration claimants, who have alleged antitrust violations against Intuit, the maker of TurboTax.

    d.   ***Large Antitrust Arbitration matter.***  Mr. Keller is currently counsel to tens of thousands of arbitration claimants who have brought antitrust claims against a large international retailer.  The proceedings are confidential.

    e.   ***Razak et al., v. Uber Technologies, Inc.,* No. 18-1944 (3d Cir.).**  Mr. Keller and Keller Lenkner were retained as appellate counsel following a district court decision finding that "Uber Black" drivers were not employees as a matter of law under the Fair Labor Standards Act.  Following appellate briefing and oral argument, the United States Court of Appeals for the Third Circuit reversed, finding that the employee status of "Uber Black" drivers was a question of fact for the fact finder.  *See Razak et. al. v. Uber*

1      *Technologies, Inc.*, 951 F.3d 137 (3d Cir. 2020).[1]  The decision in *Razak* is

2      the first federal Court of Appeals decision to apply federal wage-and-hour

3      law to gig economy workers.

4         11.    **Ben Whiting**: Ben Whiting joined Keller Lenkner's Chicago office as a Partner in

5 August 2020.  Mr. Whiting was previously a partner at Bartlit Beck LLP, where he practiced from

6 January 2011 to August 2020.  Over the last decade, Mr. Whiting has had the opportunity to serve

7 as a trial lawyer for both plaintiffs and defendants across a wide range of practice areas, including

8 mass tort product liability, toxic torts, patent disputes, commercial disputes, major professional

9 negligence, and consumer fraud matters.  In that time, Mr. Whiting has taken several cases to

10 verdict, securing both complete defense verdicts and plaintiff-side trial victories.

11        a.    ***Erfindergemeinschaft UroPep GbR v. Eli Lilly & Co.***, **Case No. 2:15-cv-**

12            **1202-WCB (E.D. Tex.).** Mr. Whiting served on the trial team that

13            represented a small group of professors suing Eli Lilly for patent

14            infringement over the way its product Cialis treated benign prostate

15            hyperplasia.  The one-week trial in Marshal, Texas, was before Judge

16            William Bryson sitting by designation and resulted in a **$20 million** plaintiff

17            verdict.  Mr. Whiting also served on the appellate team addressing Eli Lilly's

18            various appeals to the United States Court of Appeals for the Federal Circuit

19            and the United States Supreme Court.  The verdict was affirmed by Judge

20            Bryson and the Federal Circuit.  The Supreme Court requested a brief in

21            opposition, but ultimately rejected Eli Lilly's cert petition.

22        b.    ***Confidential AAA Arbitration*** **(Chicago, New York).** Mr. Whiting served

23            on the trial team that represented a major accounting firm in a confidential

24            arbitration where the claimant sought approximately one billion dollars.  The

25

26

27 ─────────────

28     [1]  *See* https://www2.ca3.uscourts.gov/oralargument/audio/18
1944RazaketalvUberTechnologiesIncetal.mp3 (link to oral argument).

1    trial team secured a complete defense verdict following a two week

2    arbitration.

3    c.    ***In re: Yasmin and YAZ (Drospirenone) Marketing, Sales Practices, and***

4          ***Products Liability Litigation*, Case No. 3:09-md-02100-DRH-PMF (S.D.**

5          **Ill.).** Mr. Whiting served as trial counsel for Bayer on several individual

6          product liability matters related to combined oral contraceptives with the

7          progestin drospirenone. In those cases, Mr. Whiting led the day-to-day

8          litigation specific to these cases, taking all expert and fact depositions,

9          arguing dispositive motions, preparing for trial, and eventually negotiating

10         favorable settlements.

11   d.    ***Confidential AAA Arbitration*** **(New York).** Mr. Whiting was trial counsel

12         for a "Big Four" accounting firm in AAA arbitrations against former

13         executives of Fortune 100 company. The claimants alleged that the tax

14         shelter advice of Mr. Whiting's client led to hundreds of millions of dollars

15         in damages. Cases resolved favorably on confidential terms.

16   12.   **Jason A. Zweig:** Jason Zweig joined Keller Lenkner's Chicago office as a Partner

17   in January 2021. For nearly the last 19 years, Mr. Zweig's practice has focused exclusively on the

18   representation of plaintiffs in class-action (primarily antitrust matters) and individual litigation. Mr.

19   Zweig has played significant roles in over 30 antitrust class actions, almost all of which resolved

20   successfully. Mr. Zweig also represents large corporate entities in opt-out antitrust litigation,

21   including FedEx, American Airlines, JetBlue, Alaska Airlines, Southwest Airlines, and others.

22   Before joining KL, Mr. Zweig was a Partner at Hagens Berman Sobol Shapiro LLP from February

23   2011 through January 2021 (in New York from February 2011–June 2015 and Chicago from June

24   2015–January 2021). Before that, from 2003 through February 2011, Mr. Zweig practiced in New

25   York at Kaplan Fox & Kilsheimer. And before Kaplan Fox, Mr. Zweig was an associate at

26   Proskauer Rose in New York from 1998 until February 2003. Mr. Zweig served as a judicial intern

27   to the Honorable Jed. S. Rakoff, United States District Court Judge for the Southern District of New

28   York. Some of Mr. Zweig's representative experiences include:

a. ***In re LIBOR-Based Financial Instruments Antitrust Litig.*, 11-md-2262 (S.D.N.Y.).**  Mr. Zweig was appointed by the Court as co-lead counsel for the class-plaintiffs in this antitrust class-action litigation involving an alleged illegal agreement among the U.S. Dollar LIBOR Panel banks to artificially depress U.S. Dollar LIBOR during the Financial Crisis.  There have been partial settlements in the case, with the remainder of the case stayed pending appeals.

b. ***In re Hydrogen Peroxide Antitrust Litigation*, 05-666 MDL No. 1682 (E.D. Pa.).**  Mr. Zweig represented the class plaintiffs in this class action alleging price fixing of hydrogen peroxide and derivative chemicals by the world's leading hydrogen peroxide manufacturers.  Mr. Zweig was one of the principal partners at his firm, which had been appointed co-lead counsel, handling all aspects of this case.  The case settled for nearly **$100 million**.

c. ***In re High Fructose Corn Syrup Antitrust Litig.*, 95-1477 (C.D. Ill.).**  Mr. Zweig represented class plaintiffs in this class action alleging price fixing of the ubiquitous food and beverage ingredient high fructose corn syrup.  Mr. Zweig was one of the principal lawyers at his firm, which had been appointed co-lead counsel, handling all aspects of this case.  The case settled for **$531 million** after the Seventh Circuit Court of Appeals reversed the district court's grant of summary judgment to the defendants.

d. ***In re New Jersey Tax Sales Certificates Antitrust Litig.*, 3:12-cv-01893 (D.N.J.).**  Mr. Zweig represented the class plaintiffs in this class action alleging that various individual and entities violated the antitrust laws by colluding with each other at municipal property tax lien auctions, to keep the interest rates associated with the liens artificially high.  Mr. Zweig was co-lead counsel in the case.  The case settled for nearly **$10 million**.

e. ***In re Interest Rate Swaps Antitrust Litigation*, 16-md-2704 (S.D.N.Y.).**  This case involved allegations that the largest prime brokers engaged an

1  illegal group boycott to thwart the emergence of electronic trading

2  platforms for interest rate swaps.  The case is being led by Quinn Emanuel

3  and another firm, and Mr. Zweig was responsible for his former firm's

4  representation in this case.  The case remains ongoing.

5        f.    *In re Payment Card Interchange Fee and Merchant Discount Antitrust*

6          *Litig.*, **14-md-1720 (E.D.N.Y.)**.  This case involved alleged illegal

7  agreements and monopolization with respect to the Visa and MasterCard

8  credit card markets.  Mr. Zweig represented a number of large corporate

9  entities which opted out of the multi-billion dollar class-action settlement

10  including: Alaska Airlines, American Airlines, Bloomin' Brands, British

11  Airways, DSW Shoes, FedEx, Hawaiian Airlines, JetBlue, The Minnesota

12  Twins, Outrigger Hotels, SafeAuto Insurance Co., and Southwest Airlines.

13  These claims were resolved successfully on a confidential basis.

14      13.    **Jason Ethridge**: Mr. Ethridge is an Associate in Keller Lenkner's D.C. Office.  Mr.

15  Ethridge has represented clients in several nationwide class actions, including cases involving unfair

16  competition, consumer fraud, data privacy, and antitrust claims, primarily against large technology

17  companies.  Before joining Keller Lenkner, Mr. Ethridge served as a law clerk to Judge Pamela Ann

18  Harris of the United States Court of Appeals for the Fourth Circuit and Judge Dabney L. Friedrich

19  of the United States District Court for the District of Columbia. Before that, Mr. Ethridge was an

20  Associate at Kellogg, Hansen, Todd, Figel & Frederick, P.L.L.C., where he represented plaintiffs in

21  antitrust cases in both trial and appellate courts.  Mr. Ethridge's representative experiences include:

22        a.    *In Re LinkedIn Advertising Metrics Litigation*, **Case No. 5:20-cv-08324-**

23          **SVK (N.D. Cal.)**.  Mr. Ethridge currently represents TopDevz, LLC and

24  Noirefy, Inc. and a putative class of digital advertisers pursuing claims

25  against LinkedIn.  The plaintiffs allege that LinkedIn misrepresented its

26  digital advertising metrics in a number of ways.  The case was recently

27  consolidated and remains pending.

28

POSTMAN DECLARATION ISO QUINN EMANUEL AND KELLER LENKNER APPLICATION

b.    ***In Re Dealer Management Systems Antitrust Litigation*, Case No. 1:18-cv-00864 (N.D. Ill.).**  As an Associate at Kellogg Hansen, Mr. Ethridge represented individual and putative class-action plaintiffs in an antitrust MDL against CDK Global, LLC and the Reynolds and Reynolds Company.  As part of that representation, Mr. Ethridge took and defended several depositions and worked with expert economists and damages experts.  The case remains pending.

### COMMITMENT TO FEE, TIME, AND COST CONTROLS

14.    I, Warren Postman, and the other Quinn Emanuel and Keller Lenkner attorneys pursing this case are committed to litigating the User Class's claims as efficiently as possible.

15.    Quinn Emanuel and Keller Lenkner each have renowned technological capabilities that we have utilized to reduce costs.

16.    I, Warren Postman, and the other Quinn Emanuel and Keller Lenkner attorneys pursuing this case are familiar with the Court's expectations regarding attorneys' fees in class actions, as reflected in the Court's orders appointing interim class counsel in other cases.

17.    Should the Court appoint Quinn Emanuel and Keller Lenkner as Interim Co-Lead User Class Counsel, we will:

a.    Perform a monthly review of all billing records for all staff, consultants, experts, and attorneys performing work on behalf of the User Class, striking duplicative or inefficient billing.

b.    Require that all billing be by task, and that such billing be contemporaneous, meaning that billing for each task will be recorded within 7 days of the task.

c.    Ensure that only those law firms that the Court has previously authorized will perform work on behalf of the User Class.  Should the assistance of additional firms be required, Quinn Emanuel and Keller Lenkner will seek approval from the Court, identifying the additional counsel, their background, the specific proposed tasks, and why such additional assistance is required.

18.    Mr. Swedlow and I will be responsible for ensuring that these cost controls are implemented and followed.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 5th day of March 2021 in Arlington, VA.

By    /s/ *Warren D. Postman*

Warren D. Postman