# EXHIBIT F

```
1            THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

2                      FOR THE COUNTY OF LOS ANGELES

3     DEPARTMENT 14                            HON. TERRY GREEN, JUDGE

4

5     INTUIT INC. AND                  )
      INTUIT CONSUMER GROUP, LLC,      )
6                                      )
                     PLAINTIFF(S),     )CASE NO. 20STCV22761
7                                      )
      9,933 INDIVIDUALS,               )
8                                      )
                     DEFENDANT(S).     )
9                                      )

10
                    REPORTER'S TRANSCRIPT OF PROCEEDINGS
11
                             OCTOBER 8, 2020
12
                          (VIA LA COURT CONNECT)
13

14             APPEARANCES OF COUNSEL ON FOLLOWING PAGE

15

16

17

18

19

20

21

22

23

24

25

26     REPORTED BY:

27     LISA A. AUGUSTINE, RPR, CSR #10419
       OFFICIAL COURT REPORTER PRO TEMPORE
28     JOB NO. 10073375
```

```
 1                  APPEARANCE OF COUNSEL

 2

 3     ATTORNEYS FOR PLAINTIFFS INTUIT INC. AND
       INTUIT CONSUMER GROUP LLC:
 4


 5     MATTHEW BENEDETTO (SBN 252379)
       WILMER CUTLER PICKERING
 6     HALE AND DORR LLP
       350 SOUTH GRAND AVE. SUITE 2400
 7     LOS ANGELES, CA 90071
       (213) 443-5300
 8
       MATTHEW.BENEDETTO@WILMERHALE.COM
 9     JONATHAN E. PAIKIN (PRO HAC VICE PENDING)
       DAVID GRINGER (PRO HAC VICE PENDING)
10     BENJAMIN CHAPIN (PRO HAC VICE PENDING)
       KEVIN M. LAMB (PRO HAC VICE PENDING)
11     WILMER CUTLER PICKERING
       HALE AND DORR LLP
12     1875 PENNSYLVANIA AVENUE NW
       WASHINGTON, DC 20006
13     (202) 663-6000
       JONTHAN.PAIKIN@WILMERHALE.COM
14     DAVID.GRINGER@WILMERHALE.COM
       BENJAMIN.CHAPIN@WILMERHALE.COM
15     KEVIN.LAMB@WILMERHALE.COM

16
       RODGER R. COLE (SBN 178865)
17     FENWICK & WEST LLP
       SILICON VALLEY CENTER
18     801 CALIFORNIA STREET
       MOUNTAIN VIEW, CA 94041
19     (650) 988-8500
       RCOLE@FENWICK.COM
20
       MOLLY R. MELCHER (SBN 272950)
21     FENWICK & WEST LLP
       555 CALIFORNIA STREET, 12TH FLOOR
22     SAN FRANCISCO, CA 94104
       (415) 875-2300
23     MMELCHER@FENWICK.COM

24

25

26

27

28
```

```
 1                    APPEARANCES CONTINUED

 2

 3       FOR THE DEFENDANT(S):

 4       WARREN POSTMAN (#330869)
         WDP@KELLERLENKNER.COM
 5       KELLER LENKNER LLC
         1300 I STREET, N.W., SUITE 400E
 6       WASHINGTON, D.C. 20005
         (202) 749-8334
 7
         SEAN DUDDY (PRO HAC VICE FORTHCOMING)
 8       SKD@KELLERLENKNER.COM
         ASHLEY KELLER
 9       BEN WHITING
         KELLER LENKNER LLC
10       150 N. RIVERSIDE PLAZA, SUITE 4270
         CHICAGO, ILLINOIS 60606
11       (312) 741-5220

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
```

```
 1                         I N D E X

 2                       OCTOBER 8, 2020

 3

 4             CHRONOLOGICAL INDEX OF WITNESSES

 5                    DIRECT   CROSS   REDIRECT   RECROSS

 6                       (NONE)

 7

 8

 9
                          EXHIBITS
10
                              MARKED    RECEIVED
11

12                       (NONE)

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
```

```
 1   CASE NUMBER: 20STCV22761
 2   CASE NAME:  INTUIT VS. 9,933 INDIVIDUALS
 3   LOS ANGELES, CALIFORNIA - THURSDAY, OCTOBER 8 , 2020
 4   DEPT. 14                              HON. TERRY GREEN, JUDGE
 5   APPEARANCES:  (AS HERETOFORE NOTED.)
 6   REPORTER: LISA A. AUGUSTINE, CSR. NO. 10419
 7   TIME:  8:45 A.M.
 8                           ---OOO---
 9           THE COURT:  OKAY.  SO NOW WE HAVE THE INTUIT
10   MATTER.
11                 SOME OF YOU ARE OUT THERE IN TV LAND.  HOW
12   YOU DOING?
13                 OKAY.  LET'S HAVE THE COURT REPORTER MAKE
14   HIS OR HER APPEARANCE FIRST, THEN WE'LL HAVE COUNSEL STATE
15   THEIR APPEARANCE.
16                 COURT REPORTER, STATE YOUR APPEARANCE,
17   PLEASE.
18         MS. REPORTER:  GOOD MORNING, YOUR HONOR.  LISA
19   AUGUSTINE COURT REPORTER.
20         THE COURT:  WELCOME.  THANK YOU FOR BEING HERE.
21                 OKAY.  AND NOW, COUNSEL, PLEASE STATE YOUR
22   APPEARANCES.
23         MR. BENEDETTO:  GOOD MORNING, YOUR HONOR.  MATTHEW
24   BENEDETTO, WILMER & HALE ON BEHALF OF INTUIT.
25         MR. COLE:  GOOD MORNING, YOUR HONOR.  ROGER COLE,
26   OF FENWICK & WEST ALSO FOR INTUIT.
27         MR. PAIKIN:  GOOD MORNING, YOUR HONOR.  JONATHAN
28   PAIKIN ALSO FOR INTUIT.
```

1        MR. LAMB:  GOOD MORNING, YOUR HONOR.  THIS IS
2    KEVIN LAMB ALSO FOR INTUIT.
3        MS. MELCHER:  GOOD MORNING, YOUR HONOR.  THIS IS
4    MOLLY MELCHER FROM FENWICK & WEST ALSO COUNSEL FOR INTUIT.
5        MR. CHAPIN:  GOOD MORNING, YOUR HONOR.  BENJAMIN
6    CHAPIN, WILMER HALE, ON BEHALF OF INTUIT.
7        MR. GRINGER:  GOOD MORNING, YOUR HONOR.  DAVID
8    GRINGER ALSO WITH WILMER HALE, ALSO ON BEHALF OF INTUIT.
9        THE COURT:  WE HAVE 9,933 ON THE DEFENDANTS.
10       MR. POSTMAN:  GOOD MORNING, YOUR HONOR.  WARREN
11   POSTMAN OF KELLER LENKNER FOR DEFENDANTS.  AND I BELIEVE
12   I'M JOINED BY ASHLEY KELLER, BEN WHITING AND SEAN DUDDY,
13   ALSO KELLER LENKNER, ALSO FOR DEFENDANTS.
14       THE COURT:  OKAY.  WELCOME.  YOU GUYS CAN PRETTY
15   MUCH FIELD TWO FOOTBALL TEAMS OVER HERE WITH ALL THE
16   COUNSEL APPEARING.  ALL RIGHT.  THIS IS AN INTERESTING
17   CASE.  AS TO THE PRO HAC VICE THIS IS USUALLY PROFORMA,
18   BUT BEFORE I CAN SAY "YES" I'M SURE I WILL SAY "YES," AND
19   I DON'T KNOW, AFTER I HEAR THIS, WHETHER YOU -- NEVER
20   MIND.
21            UNDER RULE 940 SERVE THE APPLICATION ON THE
22   STATE BAR AND PAY 50 BUCKS.  I'M SURE YOU GUYS WILL DO
23   THAT.  BUT AS SOON AS YOU DO THAT I'LL GRANT THESE
24   MOTIONS.
25            ALL RIGHT.  LET'S TALK ABOUT THIS.  SO I
26   DON'T KNOW HOW MANY CLAIMANTS ARE OUT THERE WHO ARE ANGRY
27   WITH INTUIT THAT FEEL THAT THEY WERE STEERED INTO PAYING A
28   NOMINAL SUM FOR WHAT THEY COULD HAVE HAD FOR FREE, BUT I

```
 1    PLEASURE READING YOUR PAPERS AND WORKING WITH SUCH GREAT
 2    LAWYERS, BUT THE POINT IS THAT THEY -- YOUR CLIENT WROTE
 3    THIS, AND NO DOUBT PAID OUTSTANDING COUNSEL TO WRITE IT
 4    EXACTLY THE WAY THEY WANT IT.  AND SO -- BUT THE LANGUAGE
 5    IS VERY CLEAR.  AND YOU SAY THAT JUST THE NOTICE
 6    PROVISION -- WELL, ACTUALLY, YOU KNOW, I DO THIS ALL THE
 7    TIME AND I'M CONSTANTLY READING ARBITRATION AGREEMENTS
 8    FROM BIG CORPORATIONS WHO HIRE THE BEST LAW FIRMS, AND THE
 9    AGREEMENT USUALLY STATES, OR IS VERY CLEAR ABOUT THE FACT
10    THAT BOTH PARTIES HAVE THIS REMEDY, OR ONE PARTY HAS THAT
11    REMEDY, OR NEITHER PARTY HAS THIS REMEDY.  IT'S VERY
12    CLEARLY SPELLED OUT IN THE VAST MAJORITY OF CONTRACTS THAT
13    I HAVE READ.  IT IS NOT UNUSUAL TO READ THIS EXCEPT THAT
14    YOU MAY ASSERT CLAIMS IN SMALL CLAIMS COURT.  AND YOU SAY
15    IT'S A NOTICE PROVISION AS IF IT WERE SUBROGATED IN ITS
16    OWN PARAGRAPH OR ITS OWN PAGE UNDER A NEON LIGHT THAT
17    SAYS, BLINKING LIGHT, THAT SAID NOTICE, NOTICE, NOTICE.
18    IT IS PART OF THE CONTRACT.  AND I HAVE TO ASSUME THAT
19    THIS IS WHAT YOUR CLIENT WANTED, AND PUT THIS LANGUAGE IN
20    THERE FOR A REASON.
21              AND I GATHER FROM READING THE BRIEFS THAT
22    LANGUAGE HAS BEEN MODIFIED NOW TO READ LIKE VIRTUALLY
23    EVERY OTHER CONTRACT I'VE SEEN THAT WANTS BOTH PARTIES TO
24    HAVE THE SAME RIGHT TO SAY THAT.
25              SO, YOU KNOW, I TAKE THIS AT FACE VALUE.
26    AND I DON'T THINK IT'S THAT UNUSUAL AS GIVING THE CONSUMER
27    A WAY OUT OF GOING TO A PROCEEDING WHICH IS GOING TO BE
28    EXPENSIVE FOR YOUR CLIENT.
```

```
 1                    SO I DON'T SEE IT AS BEING A VIOLATION OF
 2      ANY DUE PROCESS RIGHT.  AND -- BUT EITHER WE'RE GOING TO
 3      BE MODIFYING -- EITHER WE'RE GOING TO USE ONE (INAUDIBLE)
 4      TO MODIFY THE RULES AND ALLOW YOU IN COURT IN THE FIRST
 5      PLACE BY SAYING THAT THE SAME PARAGRAPH, I BELIEVE, SAYS,
 6      YEAH, NOTWITHSTANDING ANYTHING TO THE CONTRARY, ANY
 7      PARTY -- ANY PARTY TO THE ARBITRATION -- NOT JUST YOU --
 8      BUT ANY PARTY TO THE ARBITRATION CAN SEEK INJUNCTIVE OR
 9      OTHER FORMS OF EQUITABLE RELIEF.
10                    SO IF I WANT TO TAKE THAT PARAGRAPH AND
11      MODIFY THE RULES TO GET YOU INTO SUPERIOR COURT, AS
12      OPPOSED TO IN FRONT OF THE ARBITRATOR, THEN I HAVE -- I
13      CAN'T BLEW COUNSEL'S PREVIOUS SENTENCE.  SO I HAVE TO GO
14      BACK AND TAKE THE PREVIOUS SENTENCE AND SAY, WELL, WHAT
15      DOES THAT DO?  WHAT DOES THAT DO TO RULE 9?  CLEARLY IT
16      MODIFIES RULE 9.  THEY'RE NOT CONSISTENT.  IT CLEARLY
17      MODIFIES IT.
18                    SO IT'S GOOD NEWS/BAD NEWS.  THE GOOD NEWS
19      IS YOU'RE HERE UNDER ONE OF THE SENTENCES IN THAT
20      PARAGRAPH, AND THE BAD NEWS IS YOU'RE BACK TO ARBITRATION
21      UNDER ANOTHER SENTENCE IN THAT PARAGRAPH.
22                    AND AS FAR AS VIOLATING DUE PROCESS, YOU
23      KNOW, I THINK, AS I RECALL FROM WHAT I WAS READING, THAT
24      THE AAA CAN REJECT AN ARBITRATION CONTRACT IF THEY FEEL IT
25      VIOLATES DUE PROCESS, AND OBVIOUSLY THEY DIDN'T BECAUSE
26      THEY TOOK THE -- THEY TOOK THE CASE AND THAT'S THEIR WAY
27      OF SAYING IT DOESN'T VIOLATE DUE PROCESS I GUESS, AND THEY
28      OBVIOUSLY DON'T THINK THAT MAKING THE ARBITRATOR -- OR
```

```
 1   HAVING THE INDIVIDUAL ARBITRATOR RULE ON THIS VIOLATES DUE
 2   PROCESS, THAT'S WHAT THEY SAID TO DO.
 3               SO I CERTAINLY HEAR WHERE YOU'RE COMING FROM
 4   AND IT HAD REACHED A RESULT THAT WAS FULLY UNINTENDED WHEN
 5   IT WAS DRAFTED, THAT DOESN'T NECESSARILY MEAN THAT YOU
 6   THROW IT OUT.
 7               AND I DON'T KNOW THAT IT'S NECESSARILY AN
 8   ABSURD RESULT.  IT'S JUST A NEGATIVE RESULT FOR YOUR
 9   CLIENT BECAUSE, FRANKLY, THERE'S BEEN SOME -- LET'S GIVE
10   THE CONSUMERS -- KELLER FIRM, ISN'T IT?  LET'S GIVE THEM,
11   YOU KNOW, A TOAST.  GOOD WORK.  IT'S GOOD WORK.
12               AS I SAID AT THE OUTSET, I ENJOY THIS AS AN
13   ART FORM AS WELL AS AN INTELLECTUAL EXERCISE AS WELL BEING
14   COMMITTED TO SAYING DUE PROCESS IS DONE, AND I JUST DON'T
15   SEE -- I SEE IT'S A BAD RESULT FOR YOUR CLIENT.  I DON'T
16   KNOW THAT THAT TRANSLATES INTO VIOLATION OF DUE PROCESS.
17               WOULD YOU LIKE TO ANSWER THOSE BEFORE IT
18   GOES TO THE CONSUMERS?
19          MR. PAIKIN: YOUR HONOR, ALL THE CONSUMERS DO HAVE
20   NOTICE OF ALL OF THE RULES.  THEY'RE IN THAT PARAGRAPH 4.
21   IT SPECIFIES AS WELL THAT THE ARBITRATION WOULD BE
22   CONDUCTED UNDER THE AAA RULES, WHICH IT GIVES THE WEBSITE
23   SO THAT PEOPLE CAN ACCESS THEM OR CALL AND GET THEM.  AND
24   RULE 9B IS AS MUCH A PART OF THIS PARAGRAPH AS ANYTHING
25   ELSE.
26               AND THAT RULE, EVEN THOUGH IT DOESN'T APPEAR
27   IN THE ACTUAL TEST OF 14, IS PART AND PARCEL OF THE
28   CONTRACT, AND NEEDS TO BE READ IN CONJUNCTION WITH WHAT
```

```
 1    THE KELLER FIRM IS POINTING TO THE NOTICE PROVISION.
 2                 THE NOTWITHSTANDING LANGUAGE, THE 9TH
 3    CIRCUIT AND JUDGE BREYER HAVE ALREADY EXPLAINED THAT THAT
 4    MEANS THAT IT GIVES PERMISSION TO SEEK JUDICIAL
 5    INTERVENTION IN AID OF THE ARBITRATION.
 6                 HONESTLY, YOU DON'T EVEN NEED THAT PROVISION
 7    BECAUSE ANYTIME YOU HAVE A FIGHT OVER THE MANNER IN WHICH
 8    ARBITRATION SHOULD PROCEED YOU CAN GO TO COURT AND HAVE
 9    THE COURT TRY TO ADJUDICATE THE SHAPE OF THOSE TABLE
10    ISSUES.  THAT'S WHAT THE SUPREME COURT CASE BOLT AND OTHER
11    CASES ARE ALL ABOUT.
12                 AND SO INTUIT DID NOT, YOU KNOW, DRAFTED THE
13    CONTRACT AND AGREED TO USE THE AAA AS THE ADMINISTRATIVE
14    BODY ON THE UNDERSTANDING THAT IT WAS THOSE RULES THAT
15    WERE GOING TO APPLY, AND THAT THE DUE PROCESS PROTOCOLS
16    THAT ARE ALSO PART AND PARCEL OF THOSE RULES ARE ALSO
17    GOING TO APPLY.
18                 IT NEVER WOULD HAVE AGREED TO A SITUATION
19    WHERE -- WHERE IT COULD BE HELD UP WITH NO SAFETY VALVE TO
20    HAVE TO PAY $3,200 IN FEES FOR $100 CLAIMS.
21                 THE LAST PART I WANT TO MAKE, JUDGE, IS THE
22    9B ISSUE IS NOT THE ONLY CLAIM THAT'S AT ISSUE HERE.
23    THERE'S THE PREEMPTION QUESTION UNDER SB 707.
24                 AND WHAT MAKES THIS SITUATION PARTICULARLY
25    MORE PRONOUNCED BECAUSE OF SB 707, IN THE NORMAL COURSE
26    BEFORE SB 707, AND THIS IS WHAT THE KELLER FIRM SUGGESTED
27    IN THEIR BRIEF, INTUIT COULD NOT -- COULD CHOOSE NOT TO
28    PAY THE FEES, THIS COULD BE PRESENTED ON A MOTION TO
```