**KESSLER TOPAZ MELTZER & CHECK, LLP**
Jennifer L. Joost (Bar No. 296164)
One Sansome Street, Suite 1850
San Francisco, CA 94104
Tel: (415) 400-3000
Fax: (415) 400-3001
jjoost@ktmc.com

[*Additional Counsel on Signature Page*]

*Counsel for Plaintiffs DEBORAH DAMES
and TIMOTHY MATHEWS, individually and
on behalf of all others similarly situated*

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| MAXIMILLIAN KLEIN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>FACEBOOK, INC.,<br><br>Defendant. | Case No. 20-CV-08570-LHK<br><br>**THE *DAMES* PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR APPOINTMENT OF INTERIM LEAD PLAINTIFFS' COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Hearing Date: March 18, 2021<br>Time: 1:30 p.m.<br>Judge: Hon. Lucy H. Koh |

**NOTICE OF MOTION AND MOTION FOR**

**<u>APPOINTMENT OF INTERIM LEAD PLANTIFFS' COUNSEL</u>**

PLEASE TAKE NOTICE that on or before March 18, 2021, Plaintiffs Dames and Mathews (the "*Dames* Plaintiffs") hereby respectfully request that this Court appoint Quinn Emanuel Urquhart & Sullivan, LLP ("Quinn") and Keller Lenkner LLC ("Keller") (collectively with Quinn, "Quinn and Keller") as Interim Co-Lead Counsel for the putative "User Class" and Kessler Topaz Meltzer & Check LLP ("Kessler Topaz") to assist Interim Co-Lead Counsel as the Court sees fit or to any committee appointed by the Court.

This Motion is based upon this Notice, Memorandum of Points and Authorities, the Declaration of Melissa L. Troutner ("Troutner Decl.") and the exhibits thereto, all matters on which judicial notice may be taken, and on such other evidence and/or argument as the Court may deem appropriate. As explained further in the attached Memorandum of Points and Authorities, Quinn and Keller and Kessler Topaz meet the criteria set forth in Federal Rule of Civil Procedure 23(g) and are highly qualified to represent Plaintiffs and the User Class. As such, Quinn and Keller should be appointed as Interim Co-Lead Counsel for the User Class and Kessler Topaz should be appointed to assist Interim Co-Lead Counsel or to any committee appointed by the Court.

## MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to Federal Rule of Civil Procedure 23(g) and the Court's Order Granting Motions to Relate; Consolidating Cases; Setting Case Schedule; Denying Stipulation and Motions as Moot (ECF No. 47), the *Dames* Plaintiffs, by and through their attorneys, submit this memorandum in support of the appointment of Quinn Emanuel Urquhart & Sullivan, LLP ("Quinn") and Keller Lenkner LLC ("Keller") (collectively with Quinn, "Quinn and Keller") as Interim Co-Lead Counsel for the putative User Class. The *Dames* Plaintiffs further submit that their counsel, Kessler Topaz Meltzer & Check LLP ("Kessler Topaz"), is well-suited to assist Quinn and Keller in representing the User Class, and should be appointed to assist Interim Co-Lead Counsel as the Court deems appropriate or to any committee appointed by the Court.

## I.    INTRODUCTION

On December 11, 2020, the *Dames* Plaintiffs filed an action on behalf of themselves and two proposed classes of Facebook users who maintained a Facebook profile at any point from 2007 through December 11, 2020 (the "Class Period").[1] The *Dames* Complaint alleges that Facebook harmed its users by willfully acquiring and maintaining monopoly power in the relevant market and was unjustly enriched through its misconduct during the Class Period in violation of Section 2 of the Sherman Act, 15 U.S.C. § 2, and unjust enrichment laws.

On January 21, 2021, Judge Beth L. Freeman held that *Reveal Chat Holdco LLC v. Facebook*, No. 20-cv-00363 ("*Reveal Chat*") was not related to *Klein et al. v. Facebook, Inc.*, No. 5:20-cv-08570-LHK ("*Klein*"); *Sherman v. Facebook, Inc.*, No. 3:20-cv-08721-LB ("*Sherman*"); *Dames v. Facebook, Inc.*, No. 3:20-cv-08817-TSH ("*Dames*"); *Kupcho v. Facebook, Inc.*, No. 4:20-cv-08815-JSW ("*Kupcho*"); and *Steinberg v. Facebook, Inc.*, No. 3:20-cv-09130-SK ("*Steinberg*"), finding that the "proposed classes and market definitions differ significantly from" *Reveal Chat*. Order Determining That Cases Are Not Related, *Reveal Chat Holdco LLC v. Facebook, Inc.*, No. 20-cv-00363-BLF, ECF No. 110.

On February 9, 2021, this Court granted the motions to relate *Klein* to *Sherman*, *Dames*, *Kupcho*,

---

[1]  *Dames v. Facebook, Inc.*, 5:2020-cv-08817 (N.D. Cal. Dec. 11, 2020), ECF No. 1 (the "*Dames* Complaint"). The *Dames* Plaintiffs assert both an antitrust class and an unjust enrichment class seeking disgorgement of Facebook's profits resulting from their misconduct.

*Steinberg*, *Layser v. Facebook, Inc.*, No. 21-cv-00337-VC ("*Layser*"), and *Rosenman v. Facebook, Inc.*, No. 21-cv-00336-VC ("*Rosenman*"), and found that *Affilious, Inc.*, No. 20-cv-09217-EMC ("*Affilious*") is also related. ECF No. 47. The Court consolidated the related actions and ordered plaintiffs to file a Motion for Appointment of Interim Lead Plaintiffs' Counsel addressing the criteria for appointment set forth in Federal Rule of Civil Procedure 23(g) by no later than March 5, 2021. *Id.* On February 25, 2021, this Court also related and consolidated *Garvin v. Facebook, Inc.*, No. 21-cv-00618-KAW ("*Garvin*") and *Kovacevich v. Facebook, Inc.*, No. 21-cv-01117-LHK ("*Kovacevich*"). ECF No. 50.[2]

Eight related actions assert claims on behalf of classes of Facebook users who were harmed by Facebook's anticompetitive conduct in the "Social Network" and/or "Social Media" markets (the "User Class").[3] Three related actions assert claims on behalf of advertisers, alleging Facebook's anticompetitive conduct harmed advertisers in the "Social Advertising" market (the "Advertiser Class").[4] Because these two groups are distinguishable by their relevant markets and putative classes, the *Dames* Plaintiffs propose that separate interim lead counsel be appointed for the User Class and the Advertiser Class.

Quinn and Keller are highly qualified to serve as Interim Co-Lead Counsel for the User Class.  On December 3, 2020, Quinn and Keller filed the first action on behalf of Facebook users who were injured by Facebook's anticompetitive conduct—six days before the Federal Trade Commission ("FTC") and 40 state Attorneys General ("AGs") filed similar antitrust actions against Facebook. *See* ECF No. 1. Multiple related actions followed. Since then, Quinn and Keller have effectively organized and communicated with plaintiffs' counsel with regard to coordinating the related actions and efficiently dealing with case management issues.

Quinn and Keller easily meet the requirements of Rule 23(g) and should be appointed as Interim Co-Lead Counsel; they expended significant time and effort investigating and developing the claims at

---

[2] Two actions were subsequently filed that were not addressed in this Court's orders consolidating cases: *Cliffy Care Landscaping LLC v. Facebook, Inc., et al.*, No. 21-cv-00360 (D.D.C. Feb. 9, 2021) ("*Cliffy Care*") and *Wasvary v. Facebook, Inc.*, No. 21-cv-01518-SK (N.D. Cal. Mar. 3, 2021) ("*Wasvary*").

[3] The following related actions assert claims on behalf of classes of Facebook users who were harmed by Facebook's anticompetitive conduct: *Klein*; *Sherman*; *Dames*; *Kupcho*; *Steinberg*; *Rosenman*; *Garvin*; and *Kovacevich*.

[4] The following related actions assert claims on behalf of classes of advertisers who were harmed by Facebook's anticompetitive conduct: *Sherman*; *Affilious*; and *Layser*.

issue, offer vast experience in antitrust class actions and knowledge relevant to this case, and possess and will commit the resources necessary to effectively prosecute this action on behalf of the User Class. Kessler Topaz is ready and willing to assist Quinn and Keller and serve in any role representing the User Class that the Court deems appropriate. Kessler Topaz is one of the nation's largest firms specializing in the prosecution of complex class action litigation, has substantial antitrust class action experience, and has the resources and ability to vigorously represent Plaintiffs and the putative User Class in this matter. Kessler Topaz is committed to working productively and efficiently with Quinn and Keller if either or both are appointed as Interim Lead Counsel.

## II.    LEGAL STANDARD

Rule 23(g)(3) provides that "[t]he court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). Designation of interim class counsel is appropriate here "to protect the interests of the putative class." Fed. R. Civ. P. 23, advisory committee's notes on 2003 amendments. Appointing interim counsel facilitates "achieving efficiency and economy without jeopardizing fairness to the parties." MANUAL FOR COMPLEX LITIGATION § 10.221 (4th ed. 2013) ("MANUAL"). *See also id.*, § 10.22 (explaining interim counsel "assume a responsibility to the court and an obligation to act fairly, efficiently, and economically in the interests of all parties and parties' counsel").

Because the responsibilities of interim class counsel mirror those of class counsel (appointed after the class has been certified), courts consider the same factors enumerated in Rule 23(g)(1) in selecting interim class counsel. *See In Re: Yahoo! Inc. Customer Data Security Breach Litigation*, No. 16-md-02752, slip op. at 1 (N.D. Cal. Feb. 9, 2017) (Koh, J.). Rule 23(g)(1) instructs courts to consider the following when appointing class counsel: (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation and claims of the type asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources counsel will commit to representing the class. *See* Fed. R. Civ. P. 23(g)(1)(A). The court may also consider any other matter "pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B).

III.   **ARGUMENT**

A.   **Quinn and Keller Have Committed the Resources to Investigate and Develop the Claims, Have Worked Collaboratively to Organize the Related Actions, and Are Highly Qualified to Represent the User Class**

Quinn and Keller easily meet the requirements of Rule 23(g) and should be appointed Interim Co-Lead Counsel of the User Class.[5] Quinn and Keller have performed extensive work identifying and investigating the potential claims in this action as required under Rule 23(g)(1)(A)(i). Quinn and Keller filed the first antitrust action against Facebook in early December 2020—without the aid of a governmental investigation. It is clear from both the timing and thoroughness of their complaint that Quinn and Keller have devoted significant time and resources to investigating and developing claims against Facebook on behalf of Facebook users. *See, e.g.*, *In re Mun. Derivatives Antitrust Litig.*, 252 F.R.D. 184, 186 (S.D.N.Y. 2008) (appointing firms as interim co-lead class counsel because firms developed antitrust claims at issue and "filed the first complaints in this case," and declining to appoint later filing counsel). Other actions were filed over a month after *Klein*. Quinn and Keller also performed extensive work to coordinate the subsequently-filed related actions and to efficiently manage negotiations with Facebook and case management issues.

In addition, Quinn and Keller have substantial experience handling complex, antitrust class actions such as this one, which would serve to benefit the User Class. *See* Rule 23(g)(1)(A)(ii) & (iii). Both firms have ample experience in litigating antitrust class actions on behalf of plaintiffs, often serving as lead or co-lead counsel. The firms also have institutional knowledge of the substantive and procedural law applicable to the claims in this case.  And Quinn and Keller have the resources to vigorously represent the User Class and prosecute this action against a well-funded defendant such as Facebook. *See* Rule

---

[5] Separate interim lead counsel should be appointed for the User Class and the Advertiser Class because these two groups assert different claims on behalf of different classes based on the effect of Facebook's anticompetitive conduct in different relevant markets. Courts frequently appoint separate counsel for different plaintiff classes in antitrust cases and this Court should do the same. *See In re LIBOR-Based Fin. Instruments Antitrust Litig.*, 2011 WL 5007957, at *3 (S.D.N.Y. Oct. 18, 2011) (rejecting proposal to appoint same interim lead counsel for multiple plaintiff classes since "[a] far more commonsense approach is to divide plaintiffs into two putative classes and appoint interim lead counsel for each class"); *In re Packaged Seafood Prods. Antitrust Litig.*, No. 15-md-2670, slip op. at 1 (S.D. Cal. Mar. 24, 2016) ("The Court finds that this litigation will proceed most efficiently with four groups, or 'tracks,' of Plaintiffs" and proceeding to appoint different interim class counsel for each group.).

23(g)(1)(A)(iv). As one of the largest business litigation firms in the world, Quinn has the resources necessary to efficiently and effectively prosecute this case and represent Plaintiffs and the User Class. Keller, a large firm with substantial antitrust expertise, also has the experience and resources to perform the responsibilities of Co-Lead Interim Counsel for the User Class with Quinn.

Finally, Rule 23(g)(1)(B) allows the Court to consider any other matter "pertinent to counsel's ability to fairly and adequately represent the interests of the class." Quinn and Keller have already demonstrated a desire and drive to lead plaintiffs' counsel in this action by organizing, coordinating, communicating and working cooperatively with plaintiffs' counsel on case management issues. Since filing the first action, Quinn and Keller have led the effort to organize the related actions. Prior to filing a motion to relate *Kupcho*, *Dames*, and *Steinberg* to *Klein* on January 4, 2021—to facilitate the transfer of these cases to this Court—Quinn and Keller reached out to Kessler Topaz and other plaintiffs' counsel  on December 30, 2020. Kessler Topaz agreed to stipulate to Quinn and Keller's motion to relate.

Quinn and Keller have also communicated effectively with defense counsel on behalf of plaintiffs and the putative classes. For example, Quinn and Keller worked together with Kessler Topaz, as well as counsel for the *Kupcho* and *Steinberg* plaintiffs, to properly assign and relate the cases before this Court. After Judge Freeman denied the various motions to relate in *Reveal Chat*, Quinn and Keller immediately reached out to Kessler Topaz and self-organized plaintiffs' counsel to discuss the proper assignment of the other cases and motions for interim lead counsel. Quinn and Keller proposed a framework for the case management issues, and drafted and circulated a stipulation, including a proposed case management schedule, which was provided to Facebook regarding the relation of the then-pending User and Advertiser actions. Kessler Topaz and the majority of plaintiffs' counsel agreed with the Quinn and Keller proposal. After the cases were consolidated before this Court, Quinn and Keller continued to take a leadership role in organizing plaintiffs' counsel to move forward productively in the consolidated matter. From our experience to date, we have seen firsthand Quinn and Keller's leadership and consensus-building efforts and abilities.  The User Class will be well-served by the appointment of Quinn and Keller as Interim Co-Lead Counsel.

**B.     Kessler Topaz Is Best Positioned to Assist Interim Co-Lead Counsel**

Kessler Topaz is well positioned to assist Interim Co-Lead Counsel and serve the User Class. *See*

*In Re: Yahoo! Inc. Customer Data Security Breach Litigation*, No.16-md-02752, slip op. at 2 (N.D. Cal. Feb. 9, 2017) (appointing a plaintiffs' executive committee). Kessler Topaz has worked cooperatively and productively with Quinn and Keller throughout the early stages of this litigation and will continue to do so on behalf of Plaintiffs and the User Class. In addition, Kessler Topaz easily satisfies the Rule 23(g) criteria. Kessler Topaz is one of the nation's largest firms specializing in the prosecution of complex class action litigation. Since its founding, the firm has developed a reputation for excellence in litigating complex cases, including complex antitrust, consumer fraud and unfair and deceptive trade practices class actions, and has recovered billions of dollars on behalf of the clients and classes it represents. As described in the firm resume attached as Exhibit 1 to the Troutner Decl., attorneys at Kessler Topaz, including Joseph H. Meltzer, who leads the firm's Antitrust and Fiduciary Litigation Group, have decades of experience litigating some of the nation's most complicated antitrust class actions and have successfully recovered billions of dollars in damages for class members. Mr. Meltzer has been appointed by courts throughout the country to lead positions in class actions and multidistrict litigations. *See* Exhibit 1, Kessler Topaz Firm Resume. He has spoken at many conferences on issues related to litigating complex class actions and is a Hearing Committee Member of the Disciplinary Board of the Supreme Court of Pennsylvania. Partner Melissa L. Troutner is also assigned to this action. Ms. Troutner has nearly two decades of litigation experience, including significant expertise in advocating on behalf of plaintiffs and class members in complex class actions such as this. *See id.*

To date, Kessler Topaz has devoted extensive time and effort to researching and investigating the potential claims of the case and developing the factual support necessary to support those claims. Additionally, members of the firm interviewed class members and undertook a thorough investigation and analysis of the law and the potential claims available to the putative classes. Kessler Topaz has also conferred with Quinn and Keller and Facebook with respect to negotiating stipulations, case management matters, briefing schedules, and other preliminary matters. And with nearly 100 attorneys, experienced support staff, and offices on both coasts, including within this District in San Francisco, Kessler Topaz has the resources required to litigate this case efficiently and effectively as well as a demonstrated history of pursuing class litigation zealously against well-funded defendants like Facebook. Kessler Topaz knows from experience how to litigate zealously but efficiently and has repeatedly brought about successful and

appropriate resolutions to large complex lawsuits.

Moreover, Kessler Topaz has demonstrated a willingness and ability to work cooperatively and effectively in leadership structures in the past, including with many of the firms that have filed complaints in the related actions. *See* MANUAL § 10.224 (Courts should assess "the attorneys' ability to command the respect of their colleagues and work cooperatively . . . "). Kessler Topaz works diligently to streamline litigation and save significant expense for all parties through cost-sharing and reduced duplication of effort. *See id.* § 10.22 (courts often consider whether the proposed leadership will "act fairly, efficiently, and economically in the interest of all parties and parties' counsel"). Kessler Topaz has a proven track record of working successfully and collaboratively in hundreds of cases with co-counsel, defense counsel, federal and state law enforcement, and the courts. Indeed, that Kessler Topaz has already been working cooperatively and effectively with plaintiffs' counsel, including Quinn and Keller, among others, to negotiate proposed stipulations and case management matters further demonstrates Kessler Topaz's commitment to collaboration, cooperation, and the efficient representation of the User Class.

Kessler Topaz stands ready to assist Quinn and Keller with their Interim Co-Lead Counsel responsibilities on behalf of its clients and the User Class as the Court deems appropriate.

## IV.    CONCLUSION

For the foregoing reasons, the *Dames* Plaintiffs respectfully request the Court appoint Quinn and Keller as Interim Co-Lead Counsel for the User Class and appoint Kessler Topaz to assist Interim Co-Lead Counsel or to any committee appointed by the Court.

DATED: March 5, 2021                          Respectfully submitted,

*/s/ Melissa L. Troutner*
Joseph H. Meltzer (admitted *pro hac vice*)
Terence S. Ziegler (admitted *pro hac vice*)
Melissa L. Troutner (admitted *pro hac vice*)
Lauren McGinley (admitted *pro hac vice*)
**KESSLER TOPAZ MELTZER & CHECK, LLP**
280 King of Prussia Road
Radnor, PA 19087
Tel: (610) 667-7706
Fax: (610) 667-7056
jmeltzer@ktmc.com

tziegler@ktmc.com
mtroutner@ktmc.com
lmcginley@ktmc.com

Jennifer L. Joost (Bar No. 296164)
**KESSLER TOPAZ MELTZER & CHECK, LLP**
One Sansome Street, Suite 1850
San Francisco, CA 94104
Telephone: (415) 400-3000
Facsimile: (415) 400-3001
jjoost@ktmc.com

*Counsel for Plaintiffs DEBORAH DAMES and TIMOTHY
MATHEWS and the putative Classes*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury that on March 5, 2021, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the Electronic Mail Notice List maintained by the Court.

DATED: March 5, 2021

*/s/ Melissa L. Troutner*
Melissa L. Troutner (admitted *pro hac vice*)
**KESSLER TOPAZ MELTZER & CHECK, LLP**
280 King of Prussia Road
Radnor, PA 19087
Tel: (610) 667-7706
Fax: (610) 667-7056
mtroutner@ktmc.com