| | |
|---|---|
| **AHDOOT & WOLFSON, PC**<br>Tina Wolfson (CA 174806)<br>Robert Ahdoot (CA 172098)<br>Theodore W. Maya (CA 223242)<br>Rachel Johnson (CA 331351)<br>2600 West Olive Avenue, Suite 500<br>Burbank, CA 91505<br>Telephone: 310-474-9111<br>twolfson@ahdootwolfson.com<br>rahdoot@ahdootwolfson.com<br>tmaya@ahdootwolfson.com<br>rjohnson@ahdootwolfson.com | **LEVIN SEDRAN & BERMAN LLP**<br>Keith J. Verrier (*pro hac vice*)<br>Austin B. Cohen (*pro hac vice*)<br>510 Walnut Street, Suite 500<br>Philadelphia, PA 19106-3997<br>Telephone: 215-592-1500<br>kverrier@lfsblaw.com<br>acohen@lfsblaw.com |

**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
David R. Scott (*pro hac vice* forthcoming)
Kristen M. Anderson (CA 246108)
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169
Telephone: 212-233-6444
david.scott@scott-scott.com
kanderson@scott-scott.com

[Additional counsel on signature page.]

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| MAXIMILIAN KLEIN, et al.,<br><br>                Plaintiffs,<br><br>vs.<br><br>FACEBOOK, INC.,<br><br>                Defendant. | Case No. 20-CV-08570-LHK<br><br>**[PROPOSED] ORDER APPOINTING INTERIM CO-LEAD COUNSEL AND EXECUTIVE COMMITTEE TO REPRESENT PROPOSED ADVERTISER CLASS**<br><br>Date: March 18, 2021<br>Time: 1:30 p.m.<br>Courtroom: 8 |
| VICKIE SHERMAN, et al.,<br><br>                Plaintiffs,<br><br>vs.<br><br>FACEBOOK, INC.,<br><br>                Defendant. | Case No. 20-CV-08721-LHK |

| | | |
|---|---|---|
| 1 | RACHEL BANKS KUPCHO, | Case No. 20-CV-08815-LHK |
| 2 | Plaintiffs, | |
| 3 | vs. | |
| 4 | FACEBOOK, INC., | |
| 5 | Defendant. | |
| 6 | JESSICA L. LAYSER, | Case No. 21-CV-00337-LHK |
| 7 | Plaintiffs, | |
| 8 | vs. | |
| 9 | FACEBOOK, INC., | |
| 10 | Defendant. | |
| 11 | AFFILIOUS, INC., et al., | Case No. 20-CV-09217-LHK |
| 12 | Plaintiffs, | |
| 13 | vs. | |
| 14 | FACEBOOK, INC., | |
| 15 | Defendant. | |
| 16 | DEBORAH DAMES, et al., | Case No. 20-CV-08817-LHK |
| 17 | Plaintiffs, | |
| 18 | vs. | |
| 19 | FACEBOOK, INC., | |
| 20 | | |
| 21 | Defendant. | |
| 22 | CHARLES STEINBERG, | Case No. 20-CV-09130-LHK |
| 23 | Plaintiffs, | |
| 24 | vs. | |
| 25 | FACEBOOK, INC., | |
| 26 | Defendant | |
| 27 | | |
| 28 | | |

| | |
|---|---|
| RITA GARVIN,<br>                      Plaintiffs,<br>    vs.<br>FACEBOOK, INC.,<br>                      Defendant. | Case No. 21-CV-00618-LHK |
| JOE KOVACEVICH,<br>                      Plaintiffs,<br>    vs.<br>FACEBOOK, INC.,<br>                      Defendant. | Case No. 21-CV-01117-LHK |

**WHEREAS**, beginning in December 2020, the above-captioned class action complaints against Facebook Inc., were filed in this District;

**WHEREAS**, on February 9, 2021, this Court issued an Order Granting Motions to Relate; Consolidating Cases; Setting Case Schedule; Denying Stipulations and Motions as Moot, Case 20-CV-08570-LHK ECF No. 47 ("February 9 Order"), that set the last day to file applications for appointment of interim lead plaintiffs' counsel on March 5, 2021 and oppositions, if any, on March 10, 2021, and

**WHEREAS**, the Court's February 9 Order also set a case schedule, including the filing of a consolidated class action complaint on April 22, 2021,

**ACCORDINGLY, IT IS HEREBY ORDERED THAT**:

**I.     INTERIM CO-LEAD AND LIAISON COUNSEL AND THE PLAINTIFFS' EXECUTIVE COMMITTEE FOR THE CLASS**

1.     The Court has received applications from law firms seeking to serve as interim lead class counsel on behalf of the proposed advertiser class and the proposed user class in the instant action. Having reviewed all of the submissions and considering the factors enumerated in Rule 23(g)(1)(A), the Court hereby GRANTS the motion for appointment as interim class counsel filed by the plaintiffs Katherine Loopers, Jarred Johnson, Affilious, Inc., Jessyca Frederick, NJ Premier Inc., Timothy Mills, Mark Young, Danny Collins, Joshua Jeon, 406 Property Services, PLLC, Mark Berney, MarQuisha Cork, Jessica L. Layser, and Mark K. Wasvary, P.C. (collectively, "Advertiser Plaintiffs").

2.     Pursuant to Fed. R. Civ. P. 23(g), the Court appoints the following firms as interim co-lead class counsel for the proposed advertiser class: Ahdoot & Wolfson, PC, Scott+Scott Attorneys at Law LLP, and Levin Sedran & Berman LLP.

3.     Interim co-lead counsel shall have exclusive authority over the following matters on behalf of the proposed advertiser class: (a) convening meetings of counsel; (b) drafting all pleadings; (c) initiating, responding, scheduling, briefing, and arguing of all motions; (d) determining the scope, order, and conduct of all discovery proceedings, and coordinating discovery with interim lead counsel for the proposed user class; (e) delegating such work assignments to

members of the plaintiffs' executive committee as they may deem appropriate; (f) retaining experts; (g) designating which attorneys may appear at hearings and conferences with the Court; (h) addressing the timing and substance of any settlement negotiations, and of any proposed settlements, with the defendants; (i) reviewing, auditing and approving all submitted time on a rolling basis, (j) approving all expenses; and (k) other matters concerning prosecuting or resolving these cases.

4.  Pursuant to Fed. R. Civ. P. 23(g), the Court appoints the following firms to plaintiffs' executive committee: Bathaee Dunne LLP and Reinhardt Wendorf & Blanchfield.

5.  The plaintiffs' executive committee shall provide advice and input to interim co-lead counsel regarding briefing, discovery proceedings, and other matters concerning prosecuting or resolving these cases and perform work assignments or attend hearings as directed by interim co-lead counsel.

6.  Other than interim co-lead counsel and the plaintiffs' executive committee, no other law firms shall work on this matter without leave of Court. Motions for approval of additional plaintiffs' counsel shall identify the additional counsel and their backgrounds, the specific proposed tasks, and why interim co-lead counsel and the plaintiffs' executive committee cannot perform these tasks. If attorneys' fees are ultimately awarded in this case, the Court will not award fees for additional plaintiffs' counsel whom the Court has not approved.

7.  Only interim co-lead counsel may initiate or file any motions on behalf of Advertiser Plaintiffs and the proposed advertiser class.

8.  Only interim co-lead counsel and the plaintiffs' executive committee have the authority to communicate with defense counsel on behalf of Advertiser Plaintiffs and the proposed advertiser class. Defense counsel may rely on all agreements made by interim co-lead and the plaintiffs' executive committee. All such agreements shall be binding on all counsel representing Advertiser Plaintiffs and the proposed advertiser class.

## II. APPLICATION OF THIS ORDER TO SUBSEQUENTLY FILED OR TRANSFERRED CASES

9. When a case which relates to the subject matter of this action is hereafter filed in this Court or transferred here from another court, counsel will promptly mail a copy of this Order to counsel for the plaintiff(s) in each subsequently filed or transferred related action and to counsel for any defendant(s) in each such action not already a party to this action. Promptly thereafter, upon notice to counsel for the parties in each such action, counsel for plaintiffs in this action shall submit to the Court a proposed order consolidating any such action with this action. Unless a party in such newly-filed or transferred action objects to consolidation within ten (10) days after the date upon which a copy of this Order is served on counsel for such party, by filing an application for relief and this Court deems it appropriate to grant such application, each new case that arises out of the same subject matter of the action which is filed in this Court or transferred to this Court, shall be consolidated with this action and this Order shall apply thereto.

## III. CASE MANAGEMENT AND SCHEDULING

10. Interim co-lead counsel for the proposed advertiser class shall file a Consolidated Class Action Complaint on or before April 22, 2021.

## IV. PLAINTIFFS' COUNSEL'S TIME AND EXPENSE SUBMISSIONS

11. Consistent with the representations made to this Court in their application, all plaintiffs' counsel seeking fees/and or expenses, must adhere to the following standards and procedures:

### A. General Standards

12. Each attorney submitting time and expenses pursuant to this Order shall be considered as representing to the Court, under oath, that the time and expenses submitted meet the criteria set forth below. Reimbursement for costs and/or fees for services of plaintiffs' counsel performing functions in accordance with this Order will be set at a time and in a manner established by the Court after due notice to all counsel and after a hearing.

13. This protocol shall be used by any person or firm who intends to seek attorneys' fees and/or expense reimbursement from a settlement or judgment.

14. Only time and expenses authorized by interim co-lead counsel and incurred on matters that advance the common benefit effort of the proposed advertiser class will be considered as compensable.

**B.      Time Reporting**

15. All time for each firm shall be maintained in tenth-of-an hour increments. Time entries not maintained in tenth-of-an-hour increments may be disallowed.

16. Plaintiffs' counsel and members of their firms shall keep contemporaneous records (i.e., recorded within seven days of the task) of their time spent in connection with work on this litigation, indicating the activity performed with specificity, the time spent, and his/her position in the firm (e.g., partner or equivalent, of counsel, senior counsel, associate, staff attorney, law clerk, paralegal, or contract attorney).

17. Time records must report the billing rates for each individual listed. Billing rates may be adjusted at the conclusion of the matter dependent on uniform or local rates given relative years of experience to ensure the rate change reflects the value added.

18. Full descriptions of the work performed are required. Time entries that are not sufficiently detailed will not be considered for payment. All time billing shall be recorded by task; block billing is not permitted, and such time may be struck. The failure to secure the proper authority from interim co-lead counsel to incur common benefit time and expenses, to maintain and timely provide such records, or to provide a sufficient description of the activity will be grounds for denying the recovery of attorneys' fees or expenses in whole or in part.

19. Failure to timely submit time and expenses to interim co-lead counsel on a monthly basis may result in such time and expenses not being included in any fee petition or similar request for payment.

20. Interim co-lead counsel will establish one or more bank accounts for the collection and deposit of assessments and for the payment of Shared Costs as defined herein, as well as any other such functions as may be necessary and appropriate. Interim co-lead counsel will periodically provide statements for these accounts to plaintiffs' counsel.

21. Only time spent on matters undertaken for the common benefit of the class (or classes) will be considered in determining fees.

22. It is the responsibility of interim co-lead counsel and any individual firm employing contract attorneys to ensure that all contract attorney work is performed in an efficient manner. Contract attorneys should be billed at rates reasonable for the type of work performed and the experience of the individual, and counsel shall in any event maintain a record of actual costs incurred in retaining contract attorneys.

### 1. Compensable Time

23. Compensable common benefit work done on behalf of the proposed class may include, but is not limited to:

- fact investigation and factual and legal research;
- preparation of research memoranda, pleadings, and briefs;
- conducting document discovery (e.g., reviewing, indexing, and coding documents);
- preparation for and attendance at depositions;
- preparation of and responding to written discovery requests;
- preparation for and attendance at hearings;
- attendance at meetings called by interim co-lead counsel;
- work with clients;
- work with expert witnesses;
- settlement and settlement negotiations;
- trial preparation and trial; and
- performance of administrative matters specifically related to tasks by interim co-lead counsel.

### 2. Non-Compensable Time

24. Common benefit work does not include:

- work not authorized by interim co-lead counsel;
- excessive time for a particular task;
- work performed by a person more senior than necessary for the task;
- duplicative time;
- "read and review" time (e.g., billing 15 minutes for reading every document filed on the court's docket regardless of whether it related to the individual's responsibilities) unless specifically related to a task assigned by interim co-lead counsel;
- time for which descriptions are missing or incomplete;
- internal firm time for firm management; and
- time spent seeking appointment as class counsel, time related to fee issues, time spent preparing or reviewing time and expenses.

25. Interim co-lead counsel shall impose and enforce limits on the number of lawyers assigned to each task.

### C. Expense Reporting

26. Interim co-lead counsel has advised that they are entirely self-funded for this matter. If that changes, they must report the change to the Court within 14 days.

27. Advanced costs will be deemed as either "Shared Costs" or "Held Costs."

    a. Shared Costs are costs that will be paid out of a separate litigation fund account to be established and administered by interim co-lead counsel, in accordance with Paragraph 20, and funded by plaintiffs' counsel. Shared costs include, *inter alia*, court filing fees, deposition and court reporter fees, costs of document repositories, expert witness fees, and accounting fees.

    b. Held Costs are those that will be carried by each plaintiffs' counsel firm and reimbursed following a judgment or settlement. Held costs include, *inter alia*, legal research, telephone and postage, travel accommodations, and reasonable meals.

28. Each firm appointed under this order (or any amendment to this order) may be obligated to contribute to the litigation fund at times and in amounts sufficient to cover the administration of the litigation. Interim co-lead counsel will determine the timing and amount of each assessment. In all events, however, interim co-lead counsel shall be fully responsible for ensuring that the interests of Advertiser Plaintiffs and the proposed advertiser class are protected by ensuring that the prosecution of the case is adequately funded and staffed.

#### 1. Common Benefit Expenses

29. In order to be eligible for reimbursement of expenses, expenses must meet the requirements of this section and must be:
    - for the common benefit;
    - appropriately authorized by interim co-lead counsel;
    - timely submitted;
    - reasonable in amount; and
    - supported by adequate documentation.

30. Common benefit expenses include, but may not be limited to:
    - assessments paid at the request of interim co-lead counsel;
    - costs related to obtaining, reviewing, indexing, and paying for hard copies of computerized images of documents;

- deposition and court reporter costs;
- costs for the electronic storage, retrieval, and searches of ESI;
- court, filing, and service costs;
- group administration matters, such as meetings and conference calls;
- reasonable travel expenses, including lodging and meals, and expenses incurred in connection with meetings called by interim co-lead counsel and other common benefit tasks;
- expert witness and consultant fees and expenses approved in advance by interim co-lead counsel;
- investigator fees and expenses approved in advance by interim co-lead counsel;
- printing, copying, coding, and scanning;
- data and materials provided by outside third-party vendors, consultants, and attorneys approved in advance by interim co-lead counsel;
- witness expenses, including travel;
- translation costs; and
- bank or financial institution charges.

### 2. Expense Limitations

31. Only reasonable expenses will be reimbursed. Except in extraordinary circumstances approved by interim co-lead counsel, all travel reimbursements are subject to the following limitations:

- Maximize remote communications: Without requiring it in all instances, interim co-lead counsel shall seek to maximize the use of remote communications when practicable.
- Airfare: Only the price of a coach seat for a reasonable itinerary will be reimbursed. Business/first class airfare will not be fully reimbursed. Use of a private aircraft will not be reimbursed. If business class/first class airfare is used, then an estimate of the difference between the business class/first class airfare and coach fare must be shown on the travel reimbursement form, and only the coach fare will be reimbursed.
- Hotel: Hotel room charges for the average available room rate of a business hotel, such as the Hyatt, Westin, and Marriott hotels, in the city in which the stay occurred will be reimbursed. Unless a special discounted rate is negotiated, luxury hotels will not be fully reimbursed but will be reimbursed at the average available rate of a business hotel.
- Meals: Meal expenses must be reasonable. Meal expense submissions must be supported by receipts or credit card statements that reflect the date and those partaking in the meal. Alcohol is not a reimbursable expense.
- Cash Expenses: Miscellaneous cash expenses for which receipts generally are not available (tips, luggage handling, short taxi rides, etc.) will be reimbursed up to $50.00 per day, as long as the expenses are properly itemized.

- Rental Automobiles:  Luxury automobile rentals will not be reimbursed. If luxury automobiles are selected when non-luxury vehicles are available, then the difference between the luxury and non-luxury vehicle rates must be shown on the travel reimbursement form, and only the non-luxury rate may be claimed, unless such larger sized vehicle is needed to accommodate several people.
- Mileage:  Mileage claims must be documented by stating origination point, destination, total actual miles for each trip, and the rate per mile paid by the member's firm. The maximum allowable rate will be the maximum rate allowed by the IRS (currently $0.56 per mile).
- Parking:  Will be limited to actual documented costs.

32. Other non-travel expenses will be limited as follows:
- Long Distance and Cellular Telephone:  Long distance and cellular telephone charges must be documented.
- Shipping, Courier, and Delivery Charges:  All such claimed expenses must be documented.
- Postage Charges:  A contemporaneous postage log or other supporting documentation must be maintained. Postage charges are to be reported at actual cost.
- In-House Photocopy:  A contemporaneous photocopy log or other supporting documentation must be maintained. The maximum copy charge is $0.10 per page.
- Computerized Research:  Claims for LEXIS or Westlaw, and other computerized legal research expenses should be in the exact amount charged to the firm for such services.

### 3. Verification of Expenses

33. Plaintiffs' counsel shall maintain receipts in order to adequately document all expenses. Credit card receipts or monthly credit card statements are an appropriate form of verification. Hotel and restaurant costs must be proven by credit card statements, hotel invoice or restaurant bill. The description of unclaimed expenses on the statement or invoice may be redacted. All documentation shall be maintained by the attorneys and may be requested later by interim co-lead counsel or the Court as a condition of payment.

### D. Timing and Specifics of Time/Expense Reports

34. Consistent with the representations made to this Court in their application, all plaintiffs' counsel shall submit time and expense reports to co-lead counsel on a monthly basis.

Such reports shall be submitted no later than the twenty-first day of the month, following the end of the month being reported.

35. Any time or expense records submitted more than three (3) months in arrears may not be considered or included in any compilation of time or expense calculation and may be disallowed, except for good cause shown, and with Court approval.

36. Each monthly submission should include a detailed time report with:

   a. the name and title of each person who performed common benefit work for the litigation during the reporting period;

   b. an itemization of the number of hours each person worked each day during the reporting period, in tenth-of-an-hour increments, separated by task category; and

   c. a detailed description of the work performed in relation to each task category on each day.

37. Each monthly submission should also include a detailed expense report that itemizes each expense incurred on each date, separated by expense category. Time and expense entries that are not sufficiently detailed will not be considered for payment.

38. Interim co-lead counsel shall review all billing records for all billers on a periodic basis (no less than quarterly) and strike inefficient or unplanned redundant billing.

**IT IS SO ORDERED**

Dated: _____

_____
Hon. Lucy H. Koh
United States District Judge