1

Shana E. Scarlett
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202

2

Berkeley, CA 94710

3

Telephone: (510) 725-3000
Facsimile: (510) 725-3001

4

shanas@hbsslaw.com

5

*Counsel for Plaintiff Rachel Banks Kupcho*
*[Additional Counsel Listed in Signature Block]*

6

7

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

8

9

MAXIMILLIAN KLEIN, *et al.*,

Case No. 20-cv-08570-LHK

10

Plaintiffs,

PLAINTIFF BANKS KUPCHO'S NOTICE

11

v.

OF MOTION AND MOTION TO APPOINT
SHANA E. SCARLETT OF HAGENS
BERMAN SOBOL SHAPIRO LLP AND

12

FACEBOOK, INC.,

BRIAN D. CLARK OF LOCKRIDGE
GRINDAL NAUEN P.L.L.P. INTERIM CO-

13

Defendant.

LEAD COUNSEL; MEMORANDUM IN
SUPPORT

14

15

This document relates to:

Date:  March 18, 2021
Time:  1:30 p.m.

16

*Kupcho v. Facebook, Inc.*, No. 20-cv-08815-
LHK

Dept:  Courtroom 8 - 4th Floor
Judge: Hon. Lucy H. Koh

17

18

19

20

21

22

23

24

25

26

27

28

1

**NOTICE OF MOTION AND MOTION**

2

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

3

PLEASE TAKE NOTICE that on March 18, 2021, at 1:30 p.m., or as soon thereafter as

4

the matter may be heard in the courtroom of the Hon. Lucy H. Koh, United States District

5

Judge, at the Robert F. Peckham Federal Building, 280 South 1st Street, San Jose, California,

6

Plaintiff Rachel Banks Kupcho will, and hereby does, move the Court pursuant to Federal Rule

7

of Civil Procedure 23(g) for an order appointing Interim Co-Lead Class Counsel for the Plaintiff

8

Class in the above-captioned actions. Specifically, Plaintiff requests the Court appoint Shana E.

9

Scarlett of the law firm Hagens Berman and Brian D. Clark of the law firm LGN as Interim Co-

10

Lead Counsel, and approve as team leads a slate of attorneys from the two firms to address key

11

areas of the litigation.

12

This motion is based on this Notice and Motion, the accompanying memorandum of

13

points and authorities in support of the Motion, the concurrently filed Declarations of Shana E.

14

Scarlett and Brian D. Clark and the Proposed Order lodged concurrently herewith.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## STATEMENT OF ISSUES

Two partners, Shana Scarlett of Hagens Berman and Brian Clark of Lockridge Grindal Nauen, P.L.L.P. ("LGN") move to be appointed as co-lead counsel on behalf of the consumer class in this litigation. Ms. Scarlett is based close to the Court, in Berkeley, California. Mr. Clark is a short distance away in Minneapolis, Minnesota. Hagens Berman and LGN are both preeminent plaintiffs' firms, deeply immersed in the antitrust bar, with unparalleled expertise in this field. Standing behind the two individuals is a deep group of partners, associates and staff attorneys specializing in the antitrust laws. Moreover, both firms have a deep commitment to diversity and the development of younger attorneys. Given this, should Ms. Scarlett and Mr. Clark be appointed as co-lead counsel on behalf of a class of consumers.

1

**TABLE OF CONTENTS**

2
**Page**

3

I.      INTRODUCTION ................................................................................................ 1

4

II.     ARGUMENT ...................................................................................................... 2

5

        A.      Hagens Berman and LGN Propose a Leadership Team Consisting of Highly
6               Qualified Attorneys Who Represent the Diversity of the Justice System. ............. 3

7               1.      Co-Lead Counsel. ........................................................................ 4

8               2.      Experts. ....................................................................................... 6

9               3.      Briefing. ...................................................................................... 7

10              4.      Offensive Discovery. ................................................................... 8

11              5.      Defensive Discovery. .................................................................. 9

12              6.      Trial. ......................................................................................... 10

13              7.      Other Hagens Berman Team Members. ................................... 11

14              8.      Other LGN Team Members ...................................................... 12

15              9.      Younger Attorney Promise. ...................................................... 13

16      B.      Hagens Berman and LGN Have Specialized Expertise in the Unique Issues
17              Raised by this Case. ............................................................................................. 14

18      C.      Hagens Berman and LGN Consistently Obtain Superior Results in Class Action
        Litigation in this District. ................................................................................... 15

19      D.      Hagens Berman and LGN Will Work Cooperatively, Efficiently, and
20              Professionally with the Advertiser Class Counsel. .............................................. 16

21      E.      Hagens Berman and LGN Have Unmatched Human and Financial Resources... 17

22      F.      Hagens Berman and LGN Will Ensure the Cost-Effective Litigation of this
        Matter. ................................................................................................................ 17

23      III.    CONCLUSION ................................................................................................ 19

24

25

26

27

28

1

**TABLE OF AUTHORITIES**

2

**Page(s)**

3

**FEDERAL CASES**

4

*Baker v. Saint-Gobain Performance Plastics Corp.*,
   2016 WL 4028974 (N.D.N.Y. July 27 2016) ..........................................................16

*In re Hyundai & Kia Fuel Economy Litig.*,
   926 F.3d 539 (9th Cir. 2019) .................................................................................7

*Minn-Chem, Inc. v. Agrium Inc.*,
   683 F.3d 845 (7th Cir. 2012) .................................................................................7

*In re Nat'l Collegiate Athletic Ass'n Athletic Grant-in-Aid Cap Antitrust Litig.*,
   375 F. Supp. 3d 1058 (N.D. Cal. 2019) ...............................................................10

*Smith v. State Farm Mut. Auto. Ins. Co.*,
   301 F.R.D. 284 (N.D. Ill. 2014) ..........................................................................17

*In re SSA Bonds Antitrust Litig.*,
   2016 WL 7439365 (S.D.N.Y. Dec. 22, 2016) .....................................................17

**FEDERAL RULES**

Federal Rule of Civil Procedure 23(g) ...........................................................................2,15

**OTHER AUTHORITIES**

Manual for Complex Litig. § 21.11 (Fourth ed. 2004) ......................................................3

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## I.   INTRODUCTION

Plaintiff respectfully requests the Court appoint Shana E. Scarlett from Hagens Berman Sobol Shapiro LLP ("Hagens Berman") and Brian D. Clark from Lockridge Grindal Nauen P.L.L.P. ("LGN") as Interim Co-Lead Class Counsel for the Plaintiff Class (on behalf of the consumers, i.e., Facebook users),[1] along with the team of attorneys from their respective firms. These two individuals represent the next generation of leaders from each of their firms—firms which have deep roots in the antitrust bar. Ms. Scarlett and Mr. Clark propose that from their firms, a small set of attorneys are approved as team leads to head up key areas of the litigation, including experts, briefing, offensive discovery, defensive discovery, and trial. The proposed leadership team provides an excellent blend of experienced, up and coming, and diverse attorneys to ensure the class is adequately represented and this case is vigorously prosecuted. The proposal also provides accountability, both to the Court and to the Class, of attorneys responsible for specific tasks who will ensure that this litigation proceeds efficiently and effectively. The proposed roles are as follows:

| Team Role | Team Leads |
|---|---|
| Co-Lead Counsel | Shana Scarlett & Brian Clark |
| Experts | Joe Bruckner |
| Briefing | Elaine Byszewski |
| Offensive Discovery | Arielle Wagner & Bree Van Engelen |
| Defensive Discovery (*i.e.*, discovery from Plaintiffs) | Stephanie Chen |
| Trial | Steve Berman |

**Attachment A** shows the profiles of each of these proposed attorneys and a brief statement

[1] As the Court is aware, the litigation against Facebook also alleges harm on behalf of advertisers. *See Affilious, Inc. et al. v. Facebook, Inc.*, No. 20-cv-09217-LHK. Plaintiff seeks leadership appointment on behalf of Facebook consumers, but not on behalf of advertisers, due to the potential conflict of interests between the two groups of plaintiffs. The complaints allege differences in conduct by Facebook affecting consumers compared to advertisers, as well as different harms for each of the two groups of plaintiffs, given the distinct nature of relationships each group of plaintiffs has with Facebook. For example, the advertiser plaintiffs' allegations focus on Facebook's exploitative overcharges and Facebook's use of market power to raise advertising prices—issues that do not directly affect the consumer plaintiffs' interests. Rather, the consumer plaintiffs' allegations focus on Facebook's deception about its data practices and misuse of the information due to its monopoly power.

of their qualifications.

Hagens Berman and LGN will litigate the entire case with a tight-knit team of attorneys with deep experience litigating complex antitrust cases and class actions. There will be no executive committees, layers of firms, or work farmed out on an ad hoc basis to the myriad of lawyers at the dozens of different firms who have filed cases. Attorneys who oversee the document review will know the facts—leading to well-written and well-supported briefs. A focused and informed group of attorneys will take related depositions, accumulate working knowledge of the facts (and previous testimony), and hone the questioning and development of consistent themes during cross-examination. These and the other collaborative efforts and efficiencies will only be obtained by a small, coherent team of attorneys dedicated to this case. Hagens Berman and LGN's proposed leadership structure is what putative class members deserve—effective representation with minimal duplication and without wasted effort.

In addition to nationally recognized experience and decades of antitrust success, Hagens Berman and LGN have a depth of experience with antitrust matters unmatched by any other firm applying for lead counsel. This specialized expertise will be a substantial benefit to the Class and the Court. The two firms' attorneys have repeatedly tried antitrust cases to verdict—no other firm has a comparable base of knowledge. This knowledge includes an understanding of the complexities of data privacy issues on technology platforms.

Hagens Berman and LGN respectfully submit their approach is most effective for the class members, and the two firms have been very successful in representing class members in comparable litigation in this District and elsewhere. If appointed, Hagens Berman and LGN will work tirelessly to secure an outstanding result for the class. As detailed below, the class would be best served by this appointment based on the firms' knowledge and expertise in complex antitrust litigation and the firms' track record of a higher percentage recovery for the class than other firms.

## II.    ARGUMENT

Federal Rule of Civil Procedure 23 (g)(3) permits a court to "designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Designating interim class counsel is essential because it "clarifies responsibility for protecting the

1    interests of the class during precertification activities, such as making and responding to motions,

2    conducting any necessary discovery, moving for class certification, and negotiating settlement."

3    Manual for Complex Litig. § 21.11, at 246-47 (Fourth ed. 2004). This Court should appoint interim

4    co-lead counsel to allow coordination of discovery, depositions, motion practice, employment of

5    experts, meet deadlines, and otherwise efficient prosecution of this litigation.

6         The Hagens Berman and LGN team is best suited to represent the proposed Class because

7    the firms: (1) have extensive experience in all aspects of complex litigation such as this; (2) will

8    litigate this case with a dedicated team of attorneys within the two firms with efficiency measures to

9    ensure cost-effective prosecution; (3) possess specialized expertise in data privacy issues to

10   understand any particular complexities raised by this case; (4) have consistently achieved superior

11   results in the most complex antitrust class actions; and (5) possess sufficient resources to litigate this

12   case.

13   **A.    Hagens Berman and LGN Propose a Leadership Team Consisting of Highly Qualified**
         **Attorneys Who Represent the Diversity of the Justice System.**

14

15        Hagens Berman and LGN are committed to litigating this case efficiently with a dedicated

16   team of attorneys, whose collective and individual qualifications are set forth below and in the

17   Declarations of Shana E. Scarlett and Brian D. Clark.[2] The two firms are also committed to

18   encouraging diversity in their practices. Scarlett Decl., ¶ 6; Clark Decl., ¶ 11. Diversity in multi-

19   district litigation (MDL) proceedings rightly has received increased attention in recent years, with

20   many judges seeking to make appointments "that are consistent with the diversity of our society and

21   the justice system."[3] One of the proposed standards and best practices for large and mass-tort MDLs

22   asks transferee judges to "take into account whether the leadership team adequately reflects the

23

24   ─────────────────────

25        [2] Declaration of Shana E. Scarlett in Support of Motion to Appoint Shana E. Scarlett of Hagens
     Berman Sobol Shapiro LLP and Brian D. Clark of Lockridge Grindal Nauen P.L.L.P. Interim Co-
26   Lead ("Scarlett Decl."), Exs. A-H; Declaration of Brian D. Clark in Support of Motion to Appoint
     Shana E. Scarlett of Hagens Berman Sobol Shapiro LLP and Brian D. Clark of Lockridge Grindal
27   Nauen P.L.L.P. Interim Co-Lead ("Clark Decl."), Exs. A-F.

         [3] Scarlett Decl., Ex. I (Resolution on Diversity in Trial Court Appointments, National
28   Association of Women Judges).

diversity of legal talent available and the requirements of the case."[4] Recommended best practices ask judges to appoint a diverse group, taking into account gender, race and national origin, age, and sexual orientation, while also being "mindful of creating a team with diversity of experience, balancing the benefits of selecting leadership members who have worked well together in the past."[5]

With these goals in mind, Hagens Berman and LGN propose: (1) one attorney from each firm, Shana E. Scarlett from Hagens Berman and Brian D. Clark from LGN, be named as lead attorneys; and (2) the Court approve the following proposed team leads who will support the two lead attorneys and oversee the various aspects of this action. This straightforward structure will efficiently serve the proposed Class's interests.

**Co-Lead Counsel.** Hagens Berman partner Shana E. Scarlett and LGN partner Brian D. Clark will serve as co-lead counsel.

**Experts.** LGN partner W. Joseph Bruckner will lead the employment of expert witnesses and development of expert testimony for this litigation.

**Briefing.** Hagens Berman partner Elaine T. Byszewski will lead the briefing for this litigation.

**Offensive Discovery.** Hagens Berman associate Breanna Van Engelen and LGN associate Arielle S. Wagner will lead the offensive discovery of the defendant for this litigation.

**Defensive Discovery.** LGN associate Stephanie A. Chen will lead the defensive discovery on behalf of all plaintiffs for this litigation.

**Trial.** Hagens Berman managing partner Steve W. Berman will lead the trial-related matters for this litigation.

### 1.     Co-Lead Counsel.

Ms. Scarlett and Mr. Clark come to this litigation with experience, having been active in the antitrust bar for twenty and twelve years, respectively. Each has been personally appointed as co-lead counsel in one prior case, discussed below, but each also represent the fresh perspective of

---

[4] *Id.*, Ex. J (Standards and Best Practices for Large and Mass-Tort MDLs).

[5] *Id.*

younger partners from established law firms. This proposal strikes a balance of allowing new voices into leadership structures, while ensuring that these lawyers are supported by teams of litigators at established firms. The firms of Hagens Berman and LGN bring with them a wealth of experienced counsel and specialized talents, and both firms have sufficient resources to ensure a vigorous representation of the proposed Class's interests. And as partners at these firms, both Ms. Scarlett and Mr. Clark have demonstrated their skills and leadership as attorneys.

**Shana E. Scarlett** practices in federal courts across the country, specializing in antitrust and unfair competition. Ms. Scarlett is a graduate of Stanford Law School and the managing partner in Hagens Berman's Berkeley office. In 2020, Ms. Scarlett joined the nationwide Management Committee of Hagens Berman. Ms. Scarlett has been named a Northern California Super Lawyer each year since 2013. In 2019, Judge Alsup <u>*sua sponte* appointed Ms. Scarlett personally as one of the lead counsel in the generic drug litigation</u> *In re Glumetza Antitrust Litig.*, No. C19-05822 (N.D. Cal.).

Ms. Scarlett played a leading role in many of Hagens Berman's large antitrust cases, including: *In re EBooks Antitrust Litig.*, No. 11-md-02293 (S.D.N.Y.) (firm appointed; recovery of $568 million); *In re Optical Disk Drive Antitrust Litig.,* No. 10-md-02143 (N.D. Cal.) (firm appointed lead counsel; recovery of $205 million); *In re Lithium Ion Batteries Antitrust Litig.,* No. 13-md-02420 (N.D. Cal.) (firm appointed co-lead counsel; recovery of $113.45 million); *In re Animation Workers Antitrust Litig.*, No. 14-cv-4062 (N.D. Cal.) (firm appointed; recovery of nearly $169 million); *In re Broiler Chicken Antitrust Litig.*, No. 16-CV-08637 (N.D. Ill.) (firm appointed co-lead counsel for indirect purchaser class; recovery to date of $106 million); *In re Glumetza Antitrust Litig.,* No. C19-05822 (N.D. Cal.) (personally appointed co-lead counsel); *In re Pork Antitrust Litig.*, No. 18-cv-01776 JRT-HB (D. Minn.) (firm appointed co-lead counsel for indirect purchaser class); *In re Beef Purchasers Antitrust Litig. (Peterson v. JBS USA Food Co. Holdings et al.)*, No. 0:19-cv-01129 (D. Minn.) (firm appointed co-lead counsel for indirect purchaser class); *In re Turkey Antitrust Litig.*, No. 1:19-cv-08318 (N.D. Ill.) (firm appointed co-lead counsel for direct purchaser class); and *Jien v. Perdue Farms, Inc.*, No. 19-cv-2521 (D. Md.) (co-lead counsel for class).

1        **Brian D. Clark** is a partner in LGN and is a longtime member of the firm's antitrust law

2    group, and practices extensively in antitrust litigation in federal and state courts nationwide. Mr.

3    Clark has led the charge in many recent antitrust cases in the agricultural area, including price-

4    fixing cases involving chicken, pork, beef, turkey and peanuts, which have to date led to the

5    recovery of nearly $300 million. Mr. Clark also leads the firm's e-discovery practice group in which

6    he advises clients of all sizes on e-discovery matters. Mr. Clark has been consistently named as a

7    Super Lawyers Rising Star or Super Lawyer by his peers since 2015.

8        Mr. Clark has been extensively involved in a number of nationwide antitrust class actions in

9    leadership positions, including: *In re Peanut Farmers Antirust Litig.*, No. 2:19-cv-00463 (E.D. Va.)

10   (personally appointed co-lead counsel); *In re Pork Antitrust Litig.*, No. 18-cv-01776 JRT-HB (D.

11   Minn.) (firm appointed co-lead counsel); *In re Broiler Chicken Antitrust Litig.*, No. 16-CV-08637

12   (N.D. Ill.) (firm appointed co-lead counsel); *In re Beef Purchasers Antitrust Litig. (Peterson v. JBS

13   USA Food Co. Holdings et al.)*, No. 0:19-cv-01129 (D. Minn.) (firm appointed co-lead counsel); *In

14   re Turkey Antitrust Litig.*, No. 1:19-cv-08318 (N.D. Ill.) (firm appointed co-lead counsel); *Kleen

15   Prods. LLC, et al. v. Int'l Paper, et al.*, No. 10-cv-05711 (N.D. Ill.) (firm appointed to plaintiffs'

16   executive committee); and *In re Cedar Shakes & Shingles Antitrust Litig.*, No. 19-CV-00288 (W.D.

17   Wash.) (firm appointed co-lead counsel).

18        **2.    Experts.**

19        **W. Joseph Bruckner** is a senior partner in LGN, and has specialized in nationwide antitrust

20   litigation for over thirty years. After graduating from the Creighton University School of Law, he

21   served as a law clerk to the Hon. Donald P. Lay, then chief judge of the U.S. Court of Appeals for

22   the Eighth Circuit. He has served as lead or co-lead counsel in many federal antitrust and

23   competition cases, and has been part of leadership teams in many others. His practice includes trials,

24   all aspects of trial, pretrial, and appellate proceedings, mediation, settlement, and distribution of

25   proceeds to class members. He has served as Chair of the Minnesota State Bar Association Antitrust

26   Law Section, and as President of COSAL, an antitrust advocacy organization. He also serves on the

27   Board of Directors of the American Antitrust Institute, an independent, nonprofit organization

28   devoted to promoting competition, and has served on ABA antitrust committees and programs.

One case Mr. Bruckner led is *Precision Assocs., Inc. v. Panalpina World Transp. (Holdings) Ltd.*, No. 08-CV-0042 (E.D.N.Y.), an antitrust class action in which the firm recovered over $400 million from thirty-one defendants. In another example, *In re Potash Antitrust Litig. (II)*, No. 1:08-cv-06910 (N.D. Ill.), another antitrust class action, the firm recovered $90 million for the direct plaintiff purchaser class, and developed the law of the Foreign Trade Antitrust Improvements Act of 1982, 15 U.S.C. § 6a, in a precedent-setting *en banc* decision. *Minn-Chem, Inc. v. Agrium Inc.*, 683 F.3d 845 (7th Cir. 2012) (en banc).

Mr. Bruckner, who is proposed as a member of the expert team in this case, has extensive experience working with experts and developing expert testimony in complex litigation such as this, including, for example, *Precision Assocs., Inc. v. Panalpina World Transp. (Holdings) Ltd.*, No. 08-CV-0042 (E.D.N.Y.); *In re Broiler Chicken Antitrust Litig.*, No. 16-CV-08637 (N.D. Ill.); *In re Wholesale Grocery Prods. Antitrust Litig.*, No. 0:09-md-2090 (D. Minn.); *In re MSG Antitrust Litig.*, No. 00-md-01328 (D. Minn.); and *In re Pressure Sensitive Labelstock Antitrust Litig.*, No 3:03-mdl-01556 (M.D. Pa.).

### 3. Briefing.

**Elaine T. Byszewsi** is a graduate of Harvard Law School and a partner in Hagens Berman's Los Angeles office. Ms. Byszewski has litigated a number of complex class actions on behalf of consumers, employees and whistleblowers resulting in multimillion-dollar settlements, including cases against Toyota, Ford, AstraZeneca Pharmaceuticals, Berkeley Premium Nutraceuticals, Solvay Pharmaceuticals, Costco, Apple and KB Homes. Currently, Ms. Byszewski focuses her practice on brief writing for a wide variety of firm cases, including collusion in the agriculture industry and *Hotels Antitrust*, a conspiracy to eliminate competition for online search ads using branded keywords. Ms. Byszewski drafted the petition for *en banc* review in *Hyundai & Kia Fuel Economy Litig.*, No. MDL 13-2424 (C.D. Cal.), which was granted and resulted in affirmance of the nationwide class action settlement in 2019. *See In re Hyundai & Kia Fuel Economy Litig.*, 926 F.3d 539 (9th Cir. 2019). Ms. Byszewski was a critical team member and primary drafter of nearly all briefs in *Edwards v. Nat'l Milk Producers Fed.*, No. 11-cv-04766 (N.D. Cal.), before Judge White from complaint filing to settlement of $52 million and received the American Antitrust Institute's

2018 award for Outstanding Antitrust Litigation Achievement in Private Law Practice. Ms. Byszewski was also a member of the litigation team that settled *In re: Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices, & Prods. Liab. Litig.*, No. 8:10-MDL-2151 JVS (C.D. Cal.), and was a finalist for Public Justice's 2014 Trial Lawyer of the Year award.

### 4. Offensive Discovery.

**Breanna Van Engelen** is an associate at Hagens Berman's Seattle office and a 2014 graduate of the University of Michigan Law School. Since joining Hagens Berman, Ms. Van Engelen has represented class members in numerous antitrust cases, including: *In re Broiler Chicken Antitrust Litig.*, No. 16-CV-08637 (N.D. Ill.); *Jien et al v. Perdue Farms et al.*, No. 1:19-cv-02521-SAG (D. Md.); *In re Pork Antitrust Litig.*, No. 18-cv-01776 JRT-HB (D. Minn.); and *In re Beef Purchasers Antitrust Litig. (Peterson v. JBS USA Food Co. Holdings et al.)*, No. 0:19-cv-01129 (D. Minn.). In this capacity, Ms. Van Engelen led negotiations with sophisticated defendants and third parties, drafted discovery requests and ESI protocols, and has overseen taking and defending numerous depositions, of defendants, experts, and class representatives. As part of her *pro bono* practice, Ms. Van Engelen previously represented two victims of a cyberstalking campaign, which involved serving third-party discovery requests on Facebook other technology companies. Using documents produced by Facebook, Ms. Van Engelen took this first-of-its kind cyberstalking case to trial, where she gave the closing argument that led to an $8.9 million dollar verdict in favor of the victims. Ms. Van Engelen is a recipient of the 2018-2019 Public Service & Leadership Award sponsored by the Washington Young Lawyers Committee and brings a diverse perspective as a young lawyer and first-generation college and law school graduate.

**Arielle S. Wagner** is an associate at LGN, and brings a diverse perspective as a newer attorney, Native American (enrolled citizen of the Bois Forte Band of Chippewa), queer, and a first-generation college and law school graduate. Ms. Wagner practices in the firm's class action group. Since joining the firm, she has been involved in all facets of complex civil litigation, including managing e-discovery and document review, subpoena practice, drafting of pleadings, motions, correspondence, and discovery requests and responses. Ms. Wagner represents plaintiffs in a number of matters including *In re Juul Labs., Inc. Antitrust Litig.*, No. 3:20-cv-02345 (N.D. Cal.);

1   *In re Generic Pharms. Pricing Antitrust Litig.*, No. 16-md-2724 (E.D. Pa.); *In re Pork Antitrust*

2   *Litig.*, No. 18-cv-01776-JRT-HB (D. Minn.); and *In re Beef Antitrust Litig.*, No. 0:19-cv01129-JRT-

3   HB (D. Minn.).

4   Ms. Wagner, who is proposed as a member of the offensive discovery team in this case,

5   brings experience as a key player on the co-lead counsel team leading offensive discovery efforts in

6   *In re Pork Antitrust Litig.*, No. 18-cv-01776 (D. Minn.), and as a member of the discovery

7   committee in *In re Generic Pharms. Pricing Antitrust Litig.*, No. 16-md-2724 (E.D. Pa.).

8   **5.    Defensive Discovery.**

9   **Stephanie A. Chen** is an associate at LGN, and brings a diverse perspective as a newer

10   attorney under thirty years of age, first-generation law school graduate, and a daughter of

11   immigrants. Ms. Chen is a graduate of the University of Virginia School of Law, where she served

12   on the *Virginia Law & Business Review*, and received her undergraduate degree *magna cum laude*

13   from the University of Southern California. Since joining LGN, Ms. Chen has been actively

14   involved in a number of antitrust and other complex class action matters across different stages of

15   the litigation process, including in the following matters: *In re Peanut Farmers Antitrust Litig.*, No.

16   2:19-cv-00463 (E.D. Va.); *In re Pork Antitrust Litig.*, No. 18-cv-01776 (D. Minn.); *In re Generic*

17   *Pharms. Pricing Antitrust Litig.*, No. 16-MD-2724 (E.D. Pa.); and *Roley v. Google LLC*, No. 5:18-

18   cv-7537 (N.D. Cal.).  She was also recognized by the Minnesota State Bar Association as a North

19   Star Lawyer for her dedicated pro bono practice representing foster care children, small or minority-

20   owned businesses, and immigrants. Ms. Chen serves on the executive board of the Minnesota Asian

21   Pacific American Bar Association, and assists with the endorsement process of judicial candidates

22   on behalf of the association.

23   Ms. Chen, who is proposed as a member of the defensive discovery team in this case, brings

24   experience coordinating discovery of plaintiffs in *In re Peanut Farmers Antirust Litig.*, No. 2:19-cv-

25   00463 (E.D. Va.), ranging from document and electronic data collection and production to preparing

26   the plaintiffs for and helping defend their depositions. She also brings experience in plaintiff-side

27   discovery in *Roley v. Google LLC*, No. 5:18-cv-7537 (N.D. Cal.), in which she worked directly with

28   the named plaintiff to identify and collect emails and electronic data and prepare for and help

defend his deposition.

**6.  Trial.**

**Steve W. Berman** is the founding partner of Hagens Berman and the nationwide managing partner of its nine offices. Mr. Berman brings to this case a vast wealth of experience that is almost unmatched in the plaintiffs' bar. Mr. Berman has served as lead or co-lead counsel in antitrust, securities, consumer, products liability, and employment class actions, and complex litigations throughout the country, including in MDL actions too numerous to count. Mr. Berman was co-lead counsel in *In re Visa Check/Mastercard Antitrust Litig.*, No. 96-cv-05238 (E.D.N.Y.) with only one other firm, a case which settled on the eve of trial for over $3 billion in cash and over $20 billion in injunctive relief, making it one of the largest antitrust settlements in history. Mr. Berman was the lead trial lawyer in *In re Pharm. Indus. Average Wholesale Price Litig.*, MDL No. 1456 (D. Mass.), where he tried the class case against four manufacturers and successfully argued the appeal from the trial before the First Circuit. Mr. Berman was also the lead counsel in *New England Carpenters v. First DataBank*, No. 05-11148-PBS (D. Mass.) on behalf of a nationwide class of private payors that purchased prescription brand name drugs. Hagens Berman achieved a $350 million settlement eleven days before trial was scheduled to start. In *In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices, & Prods. Liab. Litig.*, No.10-MDL-2151 JVS (FMOx) (C.D. Cal.), Judge James V. Selna *sua sponte* identified Mr. Berman as a presumptive co-lead counsel when Judge Selna was assigned the Toyota MDL. The Toyota MDL settled for over $1.4 billion, one of the largest class settlements in the history of automobile litigation in this country.

In *In re NCAA Grant-in-Aid Cap Antitrust Litig.*, Mr. Berman led Hagens Berman's trial team in a 10-day trial in September 2019 before former N.D. Cal. Chief Judge Claudia Wilken, successfully obtaining an injunction against the NCAA relating to caps on compensation available to college student-athletes, which was upheld on appeal by the Ninth Circuit. *See In re Nat'l Collegiate Athletic Ass'n Athletic Grant-in-Aid Cap Antitrust Litig.*, 375 F. Supp. 3d 1058 (N.D. Cal. 2019), *aff'd*, 958 F.3d 1239 (9th Cir. 2020). Mr. Berman was the lead trial lawyer in *In re Pharm. Industry Average Wholesale Price Litig.*, MDL No. 1456 (D. Mass.), where he tried the

class case against four manufacturers and successfully argued the appeal from the trial before the First Circuit.

### 7. Other Hagens Berman Team Members.

**Rio S. Pierce** is a partner in Hagens Berman's Berkeley Office. Mr. Pierce is a 2013 graduate of Harvard Law School and served as a law clerk to the Hon. Jerome Farris of the U.S. Court of Appeals for the Ninth Circuit. Mr. Pierce has frequently represented classes of indirect purchasers in large MDLs, including representing consumers in the *Qualcomm, Broiler Chicken*, *Pork*, and *Turkey* litigation matters. In the *Qualcomm Antitrust Litig.*, No. 17-md-02773 (N.D. Cal.), Mr. Pierce took numerous depositions, including of key Qualcomm executives and of defendants' experts, handled extensive negotiations with third parties regarding the production of transactional data, and argued numerous discovery motions before Magistrate Judge Cousins

**Jongguk Choi** is a staff attorney at Hagens Berman's Seattle Office. Mr. Choi graduated with a J.D. from Tulane University School of Law and an LL.M from SMU Dedman School of Law. He has over eight years of experience in review of discovery in document-intensive antitrust cases, including *Optical Disk Drive*, *Batteries*, *Qualcomm*, *Resistors*, *Broiler Chicken* and *DRAM*.

**Helen Hsu** is a staff attorney at Hagen Berman. Ms. Hsu graduated with a J.D. from Washington University in St. Louis. She has over nine years of experience performing in-depth document review and assisting with other discovery tasks including deposition preparation in complex litigation matters related to antitrust cases.

**Patrick Ryan** is a 1993 graduate of the University of Colorado Law School and a staff attorney in Hagens Berman's Seattle office. At Hagens Berman, Mr. Ryan has several years of experience as part of a team that represents indirect purchasers in large MDLs, including in the *Optical Disk Drive Antitrust Litig.*, and in protein antitrust cases *Pork* and *Broiler Chicken*, and direct purchasers in the *Turkey* litigation. Prior to joining Hagens Berman, Mr. Ryan has worked as a contract attorney and document reviewer at several firms including Seattle-area firms K&L Gates LLP and eLex PLLC, as well as Williams & Connolly LLP and CPA Global in the Washington, D.C. area.

1

**8.       Other LGN Team Members.**

2       **Robert K. Shelquist** is a partner in LGN. He is a graduate of the University of California at

3   Berkeley (A.B. Legal Studies; A.B. Political Science with high honors 1987) and the University of

4   Minnesota Law School (J.D. *cum laude* 1990). Mr. Shelquist has been active in class action,

5   consumer fraud, product liability, antitrust class action, and other complex litigation, including court

6   appointed co-lead counsel, class counsel, or steering committee appointments. Mr. Shelquist has

7   prosecuted national class actions to verdict in two cases. In *Peterson v. BASF Corp.*, Mr. Shelquist

8   was court-appointed class counsel and was one of the trial attorneys who secured a jury verdict for a

9   nation-wide class seeking redress for defendant's marketing of its herbicide products. After multiple

10  state appellate opinions and two trips to the United States Supreme Court, a judgment in excess of

11  $60,000,000 was paid. He also was one of the court-appointed class counsel and trial counsel

12  representing a certified sub-class as part of a nationwide antitrust trial in *In re Laminates*, which was

13  tried to verdict in the United States District Court for the Southern District of New York. Mr.

14  Shelquist has been recognized as a Super Lawyer by *Minnesota Law and Politics* and listed by the

15  *Guide to Leading American Attorneys*.  He is currently a member of AAJ (American Association of

16  Justice), the Federal Bar Association, and the Minnesota State Bar Association. Mr. Shelquist has

17  extensive experience working on trial and trial-related matters in complex litigation, including jury

18  research presentations, motions in limine, direct and cross examinations of both lay and expert

19  witnesses, preparing lay and expert witnesses for trial, directed verdict motions, jury charge

20  motions, and judgment notwithstanding the verdict motions. One recent case that Mr. Shelquist was

21  involved in as liaison counsel was *In re Syngenta Litig. (Minn. Producers)*, No. 27-cv-15-3785

22  (Henn. Co. Dist. Ct., Minn.), which settled during trial and for which Mr. Shelquist and his team

23  were recognized as Attorneys of the Year by Minnesota Lawyer in 2017.

24       **Rebecca A. Peterson** is a partner in the firm's class action group with a focus on consumer

25  protection, product liability, and pet food regulation cases and accompanying regulatory issues. Ms.

26  Peterson has been part of successful prosecution of actions on behalf of consumers in both state and

27  federal courts. Ms. Peterson has been appointed lead counsel and, alongside a group of attorneys,

28  was recognized as Attorney of the Year by Minnesota Lawyer for her work on behalf of U.S.

farmers. Prior to joining the firm, Ms. Peterson practiced in California and had extensive experience in complex class actions, appeals and public relations. Ms. Peterson carries that experience over to her practice today in fighting to protect the rights of consumers in both federal and state courts, as well as before regulatory and quasi-regulatory bodies. Ms. Peterson is admitted to the state bar of the States of Minnesota and California. She received her law degree from the University of San Diego School of Law and her B.A. from St. Olaf College. She is an Advisory Board Member of the Page Education Foundation and a Board Member of the animal rescue and sanctuary of Misfit Hounds. Ms. Peterson has extensive experience in both motion practice and appellate work. This includes class certification, dispositive motions and *Daubert* motions in numerous cases, including cases pending in California federal courts. Ms. Peterson has likewise argued these same motions in California federal courts. Ms. Peterson also has briefed and argued numerous appeals in this Circuit and others.

### 9. Younger Attorney Promise.

Hagens Berman and LGN pledge to fulfill this Court's expressed desire for younger attorneys to have meaningful opportunities in court (with appropriate supervision).[6] There is no better proof of this than counsel's prior experience in complex federal cases in this District and across the country. For example, LGN associate Arielle Wagner plays a key role on the co-lead counsel team leading offensive discovery efforts in the *In re Pork Antitrust Litig.*, No. 18-cv-01776 (D. Minn.) and on the discovery committee in the *In re Generic Pharms. Pricing Antitrust Litig.*, No. 16-md-2724 (E.D. Pa.). She was recently appointed to the litigation team in *In re Juul Labs., Inc. Antitrust Litig.*, No. 3:20-cv-02345 (N.D. Cal.).

Similarly, Breanna Van Engelen of Hagens Berman plays a critical role in the *In re Broiler Chicken Antitrust Litig.*, pending in the Northern District of Illinois, including taking the lead role on depositions of the defendant executives, playing a lead role in drafting discovery motions and the pending motion for class certification, and being a critical team member overseeing the document

---

[6] If a senior lawyer attends a hearing with a younger lawyer for supervision only, the senior lawyer will not bill for her or his time.

review and the incorporation of documents into briefing and deposition testimony.

**B.      Hagens Berman and LGN Have Specialized Expertise in the Unique Issues Raised by this Case.**

While this litigation poses unique challenges, Hagens Berman and LGN possess the expertise necessary to handle the nuances of data collection practices and privacy issues when it comes to major technology platforms, such as that of defendant Facebook. This case alleges, among other things, that Facebook's unlawfully maintained monopoly power gives it wide latitude to determine how its users' private information is collected, used, and protected, allowing Facebook to use the private information solely to further its business interests free from competitive restraints. Class Action Compl., ¶ 7 (ECF No. 1). The firms' experiences in data privacy cases, including cases against Facebook, means the firms will bring to this action the technical expertise and nuanced understanding of data collection practices, data protection and security measures, and most importantly, the value of consumers' personal information.

Hagens Berman has decades of experience representing consumers in technically challenging cases and privacy cases. In *In re Carrier IQ, Inc., Consumer Privacy Litig.*, MDL No. 2330 (N.D. Cal.), Hagens Berman acted as co-lead counsel on behalf of consumers against a number of smartphone manufacturers alleging that millions of smart phones included key logging software developed by Carrier IQ. *Carrier IQ* included claims of violation of the Federal Wiretap Act, the state privacy acts, and various state consumer protection acts. The case settled in 2016.

Hagens Berman also currently represents app developers against both Google and Apple in the *In re Google Play Store Antitrust Litig.*, No. 3:21-md-02981-JD, and *Cameron v. Apple Inc.*, No. 4:19-03074-YGR, where they are acting as lead counsel. Both these cases allege that these internet giants wrongfully obtained monopoly power over the distribution of apps and in-app products and the billing systems for both types of digital products.

LGN has served on the forefront of international data privacy and data breach litigation, recovering millions of dollars in settlement to date on behalf of clients and classes. LGN has represented both consumers and financial institutions against a range of companies, including large retailers such as Target and Home Depot, restaurant chains such as Chipotle, Arby's, and Wendy's,

and technology platforms such as Yahoo!, Ashley Madison, Google, and Facebook. *See, e.g.*, *In re Target Corp. Customer Data Sec. Breach Litig.*, No. 14-02522 (D. Minn.) (liaison counsel for financial institution plaintiffs and plaintiffs' leadership committee; settled); *In re Home Depot, Inc., Customer Data Sec. Breach Litig.*, No. 14-02583 (N.D. Ga.) (financial institution plaintiffs' steering committee; settled); *Bellwether Cmty. Credit Union v. Chipotle Mexican Grill, Inc.*, No. 17-01102 (D. Colo.) (financial institution plaintiffs' executive committee; settled); *In re Arby's Rest. Grp., Inc. Data Sec. Litig.*, No. 17-00514 (N.D. Ga.) (co-lead counsel for financial institutions; settled); *First Choice Fed. Credit Union v. The Wendy's Co.*, No. 16-00506 (W.D. Pa.) (financial institution plaintiffs' executive committee; settled); *In re Yahoo Inc. Customer Data Sec. Breach Litig.*, No. 16-02752 (N.D. Cal.) (plaintiffs' executive committee; settled pending appeal); *In re Ashley Madison Customer Data Breach Sec. Litig.*, MDL No. 2669  (E.D. Mo.); *In re Google Android Consumer Privacy Litig.*, No. 11-md-2264 (N.D. Cal.); *Adkins v. Facebook, Inc.*, No. 18-cv-05982 (N.D. Cal.); *In re Facebook, Inc. Customer Privacy User Profile Litig.*, No. 18-02843 (N.D. Cal.).

LGN attorneys in this proposed leadership structure have experience with data privacy and data breach matters. Ms. Wagner represented consumers in *In re Premera Blue Cross Customer Data Sec. Incident Litig.*, No. 3:15-md-2633-SI (D. Or.) resulting from a cyberattack of the largest healthcare insurer in the Pacific Northwest, and helped obtain credit monitoring, reimbursement costs, and settlement payments for class members. Ms. Wagner and Ms. Chen have also assisted with various aspects of the discovery process in other data privacy matters, including most recently in *In re Capital One Customer Data Sec. Breach Litig.*, No. 1:19-md-02915 (E.D. Va.). Additionally, other data privacy attorneys and leaders at LGN will be available for consultation as this litigation proceeds.

**C.      Hagens Berman and LGN Consistently Obtain Superior Results in Class Action Litigation in this District.**

Class members should be represented by counsel that will obtain for the class the best results possible. *See* Fed. R. Civ. P. 23(g)(1)(A)(ii). This team of attorneys has consistently won compensation for class members that far surpass outcomes in comparable litigation, and have otherwise demonstrated their ability to closely cooperate in the prosecution of many antitrust class

actions. *See Baker v. Saint-Gobain Performance Plastics Corp.*, No. 1:16-CV-0220 (LEK/DJS), 2016 WL 4028974, at *4 (N.D.N.Y. July 27, 2016) (interim counsel's "ability to command the respect of their colleagues and work cooperatively with opposing counsel and the court" are important considerations) (internal quotation marks omitted) (citing Manual for Complex Litig. § 10.224).

For example, Hagens Berman and LGN have demonstrated success together representing consumer indirect purchasers and direct purchasers respectively in *In re Broiler Chicken Antitrust Litig.*, No. 1:16-cv-08637 (N.D. Ill.), in which they have secured in excess of $275 million in settlements to date. The two firms also work together as part of the leadership teams on behalf of different classes in *In re Pork Antitrust Litig.*, No.18-cv-01776 (D. Minn.) as co-lead counsel for the consumer indirect purchasers and direct purchasers, respectively, and coordinate various aspects of discovery and motion practice. Notably, the team was among the first to investigate the facts giving rise to those two cases, as well as to *In re Beef Purchasers Antitrust Litig.* (*Peterson v. JBS USA Food Co. Holdings et al.*), No. 0:19-cv-01129 (D. Minn.), in which Hagens Berman and LGN currently also serve as co-lead counsel on behalf of consumer indirect purchasers. The two firms' close collaboration in investigating and prosecuting those cases led to the investigation of similar antitrust conduct in *In re Turkey Antitrust Litig.*, No. 1:19-cv-08318 (N.D. Ill.), in which the firms serve as co-lead counsel on behalf of direct purchasers. The two firms have demonstrated their commitment and ability to organize complex antitrust cases, advance the litigation, and work effectively with one another and with other parties and counsel.

**D.     Hagens Berman and LGN Will Work Cooperatively, Efficiently, and Professionally with the Advertiser Class Counsel.**

Hagens Berman and LGN recognize that being experienced, skilled, and hard-working lawyers is only part of the equation; lawyers must also be collegial, collaborative, and respectful— particularly in large MDLs—in order to obtain the best possible results for the classes they represent. Here, each of the lawyers is committed to working with civility, respect, and candor towards co-counsel, the Court and defense counsel.

1      Moreover, Hagens Berman and LGN have proven they can work successfully alongside the

2  proposed counsel to represent the advertiser class. Scott+Scott Attorneys at Law LLP is one of the

3  proposed co-leads for the advertiser class, and also represents one set of plaintiffs coordinated with

4  the *Peterson* plaintiffs (represented by Hagens Berman and LGN) in the *In re Beef Purchasers*

5  *Antitrust Litig.* (*Peterson v. JBS USA Food Co. Holdings et al.*), No. 0:19-cv-01129 (D. Minn.).

6  These firms have a proven track record of working together effectively and professionally.

7  **E.      Hagens Berman and LGN Have Unmatched Human and Financial Resources.**

8      Where the putative class faces a well-financed adversary represented by capable and well-

9  funded counsel, the class should be afforded representation by counsel with similar resources. *See In*

10  *re SSA Bonds Antitrust Litig.*, 16 Civ. 3711 (ER), 2016 WL 7439365, at *3 (S.D.N.Y. Dec. 22, 2016)

11  (appointed firms had "substantially more resources at their disposal than the other applicant teams,

12  including an in-house litigation support group and more than 850 attorneys worldwide"). This Court

13  must be satisfied that counsel "will commit sufficient attorney time and financial resources to

14  vigorously prosecute the putative class's claims." *Smith v. State Farm Mut. Auto. Ins. Co.*, 301

15  F.R.D. 284, 289 (N.D. Ill. 2014). Hagens Berman and LGN clearly meet this standard.

16      These two firms are well-capitalized and possess some of the largest and most robust

17  investigatory and litigation teams in their field. Hagens Berman has 85 attorneys nationwide, and

18  LGN 45 attorneys—who are experienced, diverse professionals who have dedicated their careers to

19  consumer protection and the enforcement of the antitrust laws. The firms consistently advance

20  millions of dollars of litigation costs without third-party funding in matters of comparable or even

21  greater size and complexity. They will approach litigating against a well-funded defendant like

22  Facebook with the same advocacy and commitment.

23  **F.      Hagens Berman and LGN Will Ensure the Cost-Effective Litigation of this Matter.**

24      Hagens Berman and LGN are committed to ensuring cost-effective representation of the

25  class. Plaintiff's proposed interim co-lead counsel have agreed to the following measures to ensure

26  cost-effective prosecution of these actions: (1) primary responsibility for specific tasks will be

27  assigned to a single firm, and when appropriate, a single attorney; (2) only one attorney will attend

28  most fact depositions; (3) no more than one lawyer from each firm will attend discovery hearings;

(4) no more than one lawyer from each firm will attend significant hearings except that the lawyer taking the lead at the hearing may also bring a more junior lawyer, and a more senior lawyer may accompany a junior lawyer who is taking the lead at the hearing (*see* n.6 above); and (5) only one attorney from each firm will participate in meet and confer sessions with Facebook. Counsel will be pleased to implement any other efficiency-enhancing measures that the Court may deem appropriate.

Both firms also commit to submitting fees for no more than two attorneys to attend a particular deposition. While collectively both firms may sometimes need more than two attorneys present—either due to related depositions taking close in time or as a way to be inclusive for younger attorneys to help them grow as attorneys—both firms commit to not submitting more time for more than two attorneys to attend any deposition. Similarly, the firms are aware of the Court's prior concerns regarding submission of time for document reviewers paid by the hour. Therefore, for Tier 1 document review (which does not require the same level of expertise as document review with the intent of preparing for depositions or briefs), all reviewers will be capped at $250. For higher level document review, both firms will seek to use their in-house, salaried staff attorneys, and their rates will be capped at $350 per hour.

Both firms have robust timekeeping policies to ensure the timely and detailed records of all billable time. Time must be contemporaneously tracked by attorneys at both firms in time-keeping software, according to time codes that are already agreed upon between Hagens Berman and LGN, and are used in other large antitrust cases. Scarlett Decl., ¶ 8. Time descriptions must be sufficiently detailed to enable anyone reviewing the entries to identify the specific activity performed, the time spent on the activity and its purpose, and relationship to the matter. Time must be tracked in tenth-of-an hour increments. And time records are entered promptly at each firm, no later than the fifth day of the following month unless express permission is given by a supervising partner. Timekeeping at both Hagens Berman and LGN is considered a critical job function, and tardiness is not tolerated. *Id*.; Clark Decl., ¶ 12.

Finally, while Hagens Berman and LGN believe that a two-attorney leadership structure with personal commitments by key attorneys to lead various teams is the most cost-effective manner

1   to obtain a successful and cost-effective result for the class, but recognize the Court may wish to

2   include another firm within that structure. If the Court wishes to include another firm to assist

3   Hagens Berman and LGN, then both firms of course would abide by the Court's wishes.[7]

4                                III.    CONCLUSION

5          For the forgoing reasons, Plaintiff respectfully requests that the Court appoint Shana E.

6   Scarlett of the law firm Hagens Berman and Brian D. Clark of the law firm LGN as Interim Co-Lead

7   Counsel, and approve as team leads a slate of attorneys from the two firms to head up key areas of

8   the litigation.

9          Dated:  March 5, 2021                Respectfully submitted,

10                                              HAGENS BERMAN SOBOL SHAPIRO LLP

11                                              *s/ Shana E. Scarlett*
12                                              SHANA E. SCARLETT

13                                              715 Hearst Avenue, Suite 202
                                                Berkeley, CA 94710
14                                              Telephone: (510) 725-3000
                                                Facsimile: (510) 725-3001
15                                              shanas@hbsslaw.com

16                                              Steve W. Berman *(pro hac vice)*
                                                HAGENS BERMAN SOBOL SHAPIRO LLP
17                                              1301 Second Avenue, Suite 2000
                                                Seattle, WA 98101
18                                              Telephone: (206) 623-7292
                                                Facsimile: (206) 623-0594
19                                              steve@hbsslaw.com

20                                              W. Joseph Bruckner *(pro hac vice)*
                                                Robert K. Shelquist *(pro hac vice)*
21                                              Brian D. Clark *(pro hac vice)*
                                                Rebecca A. Peterson (SBN 241858)
22                                              Arielle S. Wagner *(pro hac vice)*
                                                Stephanie A. Chen *(pro hac vice)*
23                                              LOCKRIDGE GRINDAL NAUEN P.L.L.P.
                                                100 Washington Avenue South, Suite 2200
24

25          [7] Plaintiff believes it would be problematic to have shared leadership in decisions relating to
    briefing or settlement with Quinn Emanuel Urquhart & Sullivan, LLP (currently representing
26  Plaintiffs Maximilian Klein and Sarah Grabert in this litigation) given the fact that Quinn Emanuel is
    simultaneously defending a lawsuit similar to this one before the Court brought against Facebook's
27  competitor Google, and the firm might be in the position of taking diametrically opposed positions
    for the Class here and its other client Google regarding issues relating to privacy and competition. *See*
28  *Calhoun et al. v. Google LLC*, No. 5:20-cv-05146 (N.D. Cal.) (Koh, J.).

Minneapolis, MN 55401
Telephone: (612) 339-6900
Facsimile: (612) 339-0981
wjbruckner@locklaw.com
rkshelquist@locklaw.com
bdclark@locklaw.com
rapeterson@locklaw.com
aswagner@locklaw.com
sachen@locklaw.com

*Counsel for Plaintiff Rachel Banks Kupcho*

# ATTACHMENT A

Facebook Antitrust
# PROPOSED LEADERSHIP STRUCTURE

## HAGENS BERMAN   +   LOCKRIDGE GRINDAL NAUEN

## CO-LEAD COUNSEL



Shana Scarlett
Partner, Management Committee
HAGENS BERMAN

- Recent successes include *In re Electronic Antitrust Litigation* ($168.95 million in settlements)
- Co-lead counsel team member in *In re Lithium Ion Batteries Antitrust Litigation* ($65 million in settlements)
- Represented plaintiffs in *In re Optical Disk Drive Antitrust Litigation* ($180 million in settlements)



Brian D. Clark
Partner
LOCKRIDGE GRINDAL NAUEN

- Recent successes include *Kleen Products LLC v. International Paper Co.* ($375 million recovered) and *In re Broiler Chicken Antitrust Litigation* ($170 million in settlements to date)
- Personally appointed co-lead counsel and investigated home-grown case *In re Peanut Farmers Antitrust* (roughly $58 million in public settlements to date)
- Represented indirect plaintiffs in *In re Capacitors Antitrust Litigation* ($80.5 million in settlements)

## BRIEFING



Elaine Byszewski
Partner
HAGENS BERMAN

- Litigated a number of complex class actions on behalf of consumers, employees and whistleblowers resulting in multimillion-dollar settlements
- Litigated multi-state Milk Antitrust from complaint filing to recent $52 million settlement
- Member of litigation team that settled *Toyota Unintended Acceleration Litigation* for $1.6 billion

## DEFENSIVE DISCOVERY



Stephanie A. Chen
Associate
LOCKRIDGE GRINDAL NAUEN

- Experiences across various stages of the complex litigation process, including case investigations, discovery, motion practice, and trial strategy
- Played role in coordinating discovery of plaintiffs in *In re Peanut Farmers Antitrust Litigation* and in *Roley v. Google LLC*, working directly with named plaintiffs to collect and produce documents, and prepare for and defend depositions

Facebook Antitrust
# PROPOSED LEADERSHIP STRUCTURE

HAGENS BERMAN   **+**   LOCKRIDGE GRINDAL NAUEN

## OFFENSIVE DISCOVERY



Breanna Van Engelen
Associate
HAGENS BERMAN

- At trial, secured an $8.9 million dollar verdict – the largest awarded to a non-celebrity in an electronic impersonation/invasion of privacy case
- Vast experience in Internet and technology law
- Practice focuses on complex litigation in the realms of antitrust and consumer class actions



Arielle S. Wagner
Associate
LOCKRIDGE GRINDAL NAUEN

- Wide range of experiences in the complex civil litigation process, including managing e-discovery and document review, subpoena practice, briefing, correspondence, and discovery requests and responses
- Co-lead counsel team member in the *In re Pork Antitrust Litigation*
- Member of discovery committee in *In re Generic Pharmaceuticals Pricing Antitrust Litigation*

## TRIAL LEAD



Steve W. Berman
Managing Partner
HAGENS BERMAN

- Career highlights include serving as co-lead counsel against Big Tobacco, resulting in the largest settlement in world history
- Represented consumers against Visa and MasterCard in antitrust case ($27 billion result)
- Pioneered cases based on the firm's proprietary research, including antitrust, automotive and emissions-cheating cases

## EXPERTS



W. Joseph Bruckner
Senior Partner
LOCKRIDGE GRINDAL NAUEN

- Recent successes include Lead Counsel in *Precision Associates, Inc. v. Panalpina World Transport (Holdings) Ltd.*, recovering over $400 million from thirty-one defendants
- Recovered $90 million for direct plaintiff purchasers in *In re Potash Antitrust Litigation (II)*, and developed the law of the Foreign Trade Antitrust Improvements Act of 1982, 15 U.S.C. § 6a in a precedent-setting decision