Shana E. Scarlett
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
shanas@hbsslaw.com

*Counsel for Plaintiff Rachel Banks Kupcho*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| MAXIMILLIAN KLEIN, *et al.*,<br><br>  Plaintiffs,<br><br> v.<br><br>FACEBOOK, INC.,<br><br>  Defendant.<br><br>This document relates to:<br><br>*Kupcho v. Facebook, Inc.*, No. 20-cv-08815-LHK | Case No. 4:20-cv-08815-JSW<br><br>DECLARATION OF SHANA E. SCARLETT IN SUPPORT OF PLAINTIFF BANKS KUPCHO'S MOTION TO APPOINT SHANA E. SCARLETT OF HAGENS BERMAN SOBOL SHAPIRO LLP AND BRIAN D. CLARK OF LOCKRIDGE GRINDAL NAUEN P.L.L.P. INTERIM CO-LEAD COUNSEL<br><br>Date: March 18, 2021<br>Time: 1:30 p.m.<br>Dept: Courtroom 8 - 4th Floor<br>Judge: Hon. Lucy H. Koh |

I, Shana E. Scarlett, declare as follows:

1. I am an attorney duly licensed to practice before all of the courts of the State of California. I am a partner with the law firm of Hagens Berman Sobol Shapiro LLP, the counsel of record for Plaintiff Rachel Banks Kupcho in the above-titled action. I have personal knowledge of the matters stated herein and, if called upon, I could and would competently testify thereto.

2. I make this declaration personally in support of Plaintiff Banks Kupcho's Motion to Appoint Interim Co-Lead Counsel. I am committed to prosecuting this case. If the Court appoints me as co-lead counsel in this litigation, I will devote myself personally to the development and success of this case.

3. I joined Hagens Berman in 2007, as one of the founding members of its Berkeley office. I am currently the managing parter of the Berkeley office. In 2020, I joined the nationwide Management Committee of Hagens Berman. I have been named a Northern California Super Lawyer each year since 2013. In 2019, Judge Alsup *sua sponte* appointed me personally as one of the lead counsel in the generic drug litigation *In re Glumetza Antitrust Litig.*, No. C19-05822 (N.D. Cal.).

4. As a member of Hagens Berman's antitrust group, I have played a leading role in many of Hagens Berman's large antitrust cases, including: *In re EBooks Antitrust Litig.*, No. 11-md-02293 (S.D.N.Y.) (firm appointed; recovery of $568 million); *In re Optical Disk Drive Antitrust Litig.*, No. 10-md-02143 (N.D. Cal.) (firm appointed lead counsel; recovery of $205 million); *In re Lithium Ion Batteries Antitrust Litig.*, No. 13-md-02420 (N.D. Cal.) (firm appointed co-lead counsel; recovery of $113.45 million); *In re Animation Workers Antitrust Litig.*, Case No. 14-cv-4062 (N.D. Cal.) (firm appointed; recovery of nearly $169 million); *In re Broiler Chicken Antitrust Litig.*, No. 16-CV-08637 (N.D. Ill.) (firm appointed co-lead counsel for indirect purchaser class; recovery to date of $106 million); *In re Glumetza Antitrust Litig.*, No. C19-05822 (N.D. Cal.) (personally appointed co-lead counsel); *In re Pork Antitrust Litig.*, No. 18-CV-01776 JRT-HB (D. Minn.) (firm appointed co-lead counsel for indirect purchaser class); *In re Beef Purchasers Antitrust Litig. (Peterson v. JBS USA Food Co. Holdings et al.)*, No. 0:19-cv-01129 (D. Minn.) (firm appointed co-lead counsel for indirect purchaser class); *In re Turkey Antitrust Litig.*, No. 1:19-cv-

...

1  08318 (N.D. Ill.) (firm appointed co-lead counsel for direct purchaser class); and *Jien v. Perdue Farms, Inc.*, No. 19-cv-2521 (D. Md.) (co-lead counsel for class).

5. The expertise and experience of lead counsel is an important factor in selecting lead counsel. As demonstrated by the résumés of the group of attorneys proposed to work on this case, attached hereto as Exhibits B-I, Hagens Berman is among the most experienced and skilled practitioners in the complex litigation field, and has a long and successful track record in such cases. Hagens Berman is a nationally recognized law firm, with offices in Berkeley, Seattle, Boston, Chicago, Los Angeles, San Diego, New York, Phoenix, and London, UK. We have been consistently rated by the National Law Journal in the top ten of plaintiffs' firms in the country. The firm has extensive experience litigating complex class actions asserting claims of securities, investment fraud, product liability, tort, antitrust, consumer fraud, employment, environmental, and ERISA cases. We make sure that on any piece of litigation, each Hagens Berman attorney on the file has specific areas of focus; there is not duplication of efforts, especially among higher billers; and that projects are assigned to experienced lawyers with depth in the field who can effectively and efficiently execute the work demanded by the case. Our proposal to this Court reflects these consistent practices at Hagens Berman.

6. At Hagens Berman, we recognize that our professionals are our primary asset. We invest in recruiting and retaining a staff of varied background, gender, age, race, nationality and sexual orientation. This inclusive team brings a better understanding of our clients, different perspectives from the community and increased innovation. We believe that removing barriers to success makes us better, together. The firm pursues and encourages attorneys of varied experiences and cultures through external and internal initiatives. We showcase our firm's diversity by:

- Combining the wealth of shared experiences of our staff, legal team, clients, colleagues and those across our profession to forge a comprehensive world view;
- Constructing and fostering rich relationships via personal and professional networking and organizations; and
- Highlighting the standout work of others to make a positive impact in the legal profession and change our community for the betterment of all.

7. I am a member of Hagens Berman's hiring committee. Prior to the Covid-19 pandemic, I personally travelled to a number of law schools across the country to interview and extend offers to law students, with a specific mindset of recruiting associates of varied background, gender, age, race, nationality and sexual orientation. As the managing partner of Hagens Berman's Berkeley office, I apply this same mindset and seek to hire diverse applicants for open staff and attorney positions.

8. Hagens Berman has a robust timekeeping policy to ensure the timely and detailed records of all billable time. At Hagens Berman, time must be contemporaneously tracked by attorneys in time-keeping software, according to time codes that are already agreed upon between Hagens Berman and LGN, and are used in other large antitrust cases. Time descriptions must be sufficiently detailed to enable anyone reviewing the entries to identify the specific activity performed, the time spent on the activity and its purpose and relationship to the matter. Time must be tracked in tenth-of-an hour increments. Timekeeping at Hagens Berman is considered a critical job function, and tardiness is not tolerated.

9. Billable reports are generated and reviewed by Steve Berman, managing partner of the firm, on a monthly basis. Time must be entered no later than the fifth day of the following month unless Mr. Berman gives express permission to enter the time late. Permission is given only under extraordinary circumstances. Timekeepers who are tardy or do not follow the firm's policy are immediately notified. All timekeepers are required to comply with the firm's timekeeping policy at all times. Violations of the policy are taken into account in connection with promotions, raises, bonuses, and may be subject to disciplinary action up to and including termination.

10. Attached hereto are true and correct copies of the following documents:

Exhibit A:   Steve W. Berman attorney profile;

Exhibit B:   Shana E. Scarlett attorney profile;

Exhibit C:   Elaine Byszewski attorney profile;

Exhibit D:   Rio S. Pierce attorney profile;

Exhibit E:   Breanna Van Engelen attorney profile;

Exhibit F:   Jongguk Choi attorney profile;

Exhibit G: Helen Hsu attorney profile;

Exhibit H: Patrick Ryan attorney profile;

Exhibit I: Resolution on Diversity in Trial Court Appointments, National Association of Women Judges; and

Exhibit J: Standards and Best Practices for Large and Mass-Tort MDLs.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 5th day of March 2021 at Berkeley, California.

s/ Shana E. Scarlett<br>SHANA E. SCARLETT