Shana E. Scarlett
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
shanas@hbsslaw.com

*Counsel for Plaintiff Rachel Banks Kupcho*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| MAXIMILLIAN KLEIN, *et al.*,<br><br>                           Plaintiffs,<br><br>     v.<br><br>FACEBOOK, INC.,<br><br>                           Defendant. | Case No. 20-cv-08570-LHK<br><br>DECLARATION OF BRIAN D. CLARK IN SUPPORT OF MOTION TO APPOINT SHANA E. SCARLETT OF HAGENS BERMAN SOBOL SHAPIRO LLP AND BRIAN D. CLARK OF LOCKRIDGE GRINDAL NAUEN P.L.L.P. INTERIM CO-LEAD COUNSEL |
| This document relates to:<br><br>*Kupcho v. Facebook, Inc.*, No. 20-cv-08815-LHK | Date:   March 18, 2021<br>Time:   1:30 p.m.<br>Dept:   Courtroom 8 - 4th Floor<br>Judge:  Hon. Lucy H. Koh |

I, Brian D. Clark, hereby declare and state as follows:

1. I am an attorney licensed to practice in the State of Minnesota and have been admitted to practice in several courts across the country. For over a decade I have been an attorney with the firm of Lockridge Grindal Nauen P.L.L.P. ("LGN"), and am currently a partner with LGN. I am counsel of record for Plaintiff Rachel Banks Kupcho in the above-captioned action.

2. I make this declaration in support of Plaintiff Banks Kupcho's Motion to Appoint Interim Co-Lead Counsel. I have personal knowledge of the facts set forth herein, and if called as a witness, would testify competently thereto.

3. I am committed to prosecuting this case. If the Court appoints me as co-lead counsel in this litigation, I will devote myself personally to the case's leadership.

4. Attached as Exhibit A is a copy of my attorney profile.

5. Attached as Exhibit B is a copy of W. Joseph Bruckner's attorney profile.

6. Attached as Exhibit C is a copy of Robert K. Shelquist's attorney profile.

7. Attached as Exhibit D is a copy of Rebecca A. Peterson's attorney profile.

8. Attached as Exhibit E is a copy of Arielle S. Wagner's attorney profile.

9. Attached as Exhibit F is a copy of Stephanie A. Chen's attorney profile.

10. LGN's background, my own experience, and our client's significant stake in this litigation give my firm and me a solid foundation by which we can prosecute this case efficiently and expeditiously.

11. LGN is committed to developing and fostering a diverse and an inclusive practice environment to reflect the diversity of the clients we serve and our greater community. The firm works to mentor lawyers and provide meaningful opportunities in their practice, and will furnish the same opportunities to collaborating with attorneys from its co-counsel at Hagens Berman in this case. For the past two consecutive years, LGN has been named a Best Law Firm for Women by Working Mother, a recognition given to only sixty firms in the country. LGN is an active member of Twin Cities Diversity in Practice, a local association of more than sixty law firms and corporate legal departments, including those of Fortune 500 companies, committed to creating a

vibrant and inclusive legal community. LGN also supports a number of other local affinity bar organizations, including the Diversity Committee of the Minnesota Chapter of the Federal Bar Association, the Minnesota American Indian Bar Association, and the Minnesota Asian Pacific American Bar Association. LGN attorneys also provide pro bono services to a number of different organizations to serve diverse or historically disadvantaged groups and communities, and the firm was awarded the Children's Law Center's Distinguished Service Award in 2011 for its work representing foster care children.

12. Attached as Exhibit G is a proposed letter establishing a time and expense reporting protocol and reporting form for all Plaintiffs' counsel. If appointed interim co-lead counsel, Ms. Shana E. Scarlett and I will provide a letter and reporting form substantially in the form of Exhibit G to all Plaintiffs' co-counsel. As described in greater detail in the draft letter, the protocol proposes that time and expenses be reported on a monthly basis, in tenths of an hour, by task, and to refrain from "block billing." LGN has a robust timekeeping policy and considers timekeeping a critical job function.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 5th day of March, 2021, in Minneapolis, Minnesota.

*s/ Brian D. Clark*
Brian D. Clark