1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

MAXIMILIAN KLEIN, et al.

        Plaintiffs,

    v.

FACEBOOK, INC.,

        Defendant.

Case No. 20-CV-08570-LHK

**ORDER APPOINTING INTERIM CLASS COUNSEL AND PLAINTIFFS' EXECUTIVE COMMITTEES**

Re: Dkt. Nos. 55, 56, 57, 58, 59

      Before the Court are two motions for appointment as Interim Class Counsel for the consumer class, ECF Nos. 55, 59, and two motions supporting one of the motions. ECF Nos. 56, 57.[1] The Court received three response briefs with respect to the consumer class. ECF Nos. 60, 61, 62. Before the Court is one motion for appointment as interim class counsel for the advertiser class. ECF No. 58. The Court received two response briefs with respect to the advertiser class. ECF Nos. 60, 63.

      Having considered the parties' submissions and arguments at the March 18, 2021 hearing

---

[1] ECF Nos. 57, 58, and 59 contain a notice of motion paginated separately from the memorandum of points and authorities in support of the motion. Civil Local Rule 7-2(b) provides that the notice of motion and points and authorities must be contained in one document with the same pagination.

United States District Court
Northern District of California

on the instant motions and the factors enumerated in Rule 23(g)(1)(A), the Court hereby appoints Stephen A. Swedlow of Quinn Emanuel Urquhart & Sullivan, LLP and Shana A. Scarlett of Hagens Berman Sobol Shapiro LLP as Interim Class Counsel for the consumer class; and Yavar Bathaee of Bathaee Dunne LLP and Kristen M. Anderson of Scott + Scott LLP as Interim Class Counsel for the advertiser class.

The Court further recognizes that this antitrust litigation will require significant resources from Plaintiffs' counsel, who must advance the cost of litigation, including attorneys' and experts' fees. Thus, the Court appoints the following attorneys to serve on Plaintiffs' Executive Committee for the consumer class: Warren Postman of Keller Lenkner LLC and Brian D. Clark of Lockridge Grindal Nauen P.L.L.P. The Court appoints the following attorneys to serve on Plaintiffs' Executive Committee for the advertiser class: Tina Wolfson of Ahdoot & Wolfson, PC and Keith J. Verrier of Levin Sedran & Berman LLP.

In light of the number of attorneys and law firms appointed, and in order to ensure efficiency, the Court adopts the following protocols. Other than the Interim Class Counsel and Plaintiffs' Executive Committees, no other law firms shall work on the instant case without prior approval of the Court. Motions for approval of additional Plaintiffs' counsel shall identify the additional Plaintiffs' counsel and their background, the specific proposed tasks, and why Interim Class Counsel and Plaintiffs' Executive Committees cannot perform these tasks. Interim Class Counsel must obtain Court approval in advance in order to seek reimbursement of the fees for specific work performed by additional Plaintiffs' counsel.

Further, Interim Class Counsel and the Plaintiffs' Executive Committees shall take the following steps to ensure efficiency in representing the putative classes in the instant case. First, as Interim Class Counsel, Stephen Swedlow and/or Shana Scarlett shall review all billing records for all billers every month and strike duplicative or inefficient billing for the consumer class. Yavar Bathaee and/or Kristen M. Anderson shall do the same for the advertiser class. Second, all billing shall be contemporaneous, meaning that billing for each task shall be recorded within seven days of the task. Third, all billing shall be recorded by task, rather than by block billing. Fourth, only

2

work that has been assigned shall be eligible for compensation. Fifth, all billing by task should be billed in tenth-of-an hour increments. Sixth, Interim Class Counsel and the Plaintiffs' Executive Committees shall impose and enforce limits on the number of lawyers assigned to each task. For expenses, only coach airfare will be reimbursed.

Finally, Interim Class Counsel, the Plaintiffs' Executive Committees, and any additional Plaintiffs' counsel approved by the Court shall not bill time related to fee issues or time spent preparing or reviewing time and expenses. In other words, "fees on fees" are not billable. "Fees are not awarded for fee litigation in common fund cases because, rather than creating or preserving the common fund, the fee litigation actually depletes it." *Kinney v. Int'l Bhd. of Elec. Workers*, 939 F.2d 690, 694 n.5 (9th Cir. 1991); *accord* 5 Newberg on Class Actions § 15:93 (5th ed. Dec. 2020 update) (collecting cases).

**IT IS SO ORDERED.**

Dated: March 18, 2021

_Lucy H. Koh_
LUCY H. KOH
United States District Judge

Case No. 20-CV-08570-LHK
ORDER APPOINTING INTERIM CLASS COUNSEL AND PLAINTIFFS' EXECUTIVE COMMITTEES