SONAL N. MEHTA (SBN 222086)
  Sonal.Mehta@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, California 94306
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

DAVID Z. GRINGER (*pro hac vice*)
  David.Gringer@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006
Telephone: (202) 663-6000
Facsimile: (202) 663-6363

*Attorneys for Defendant*
FACEBOOK, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| MAXIMILIAN KLEIN and SARAH GRABERT, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FACEBOOK, INC., a Delaware corporation,<br><br>Defendant. | Case No. 5:20-cv-08570-LHK<br><br>**DEFENDANT FACEBOOK, INC.'S MOTION FOR ADMINISTRATIVE RELIEF TO CONSIDER WHETHER CASES SHOULD BE RELATED AND CONSOLIDATED**<br><br>Judge: Hon. Lucy H. Koh |

Pursuant to Civil Local Rule 3-12 and Federal Rule of Civil Procedure 42(a)(2), defendant Facebook, Inc. respectfully moves the Court to consider whether to relate *Rosenman v. Facebook, Inc.*, No. 3:21-cv-02108-LB ("*Rosenman*") to, and consolidate it with, the cases consolidated in *Klein v. Facebook, Inc.*, No. 5:20-cv-08570-LHK ("*Klein*"). Before the *Rosenman* plaintiff voluntarily dismissed her original case and re-filed it in state court, this Court previously related it to and consolidated it with *Klein*. ECF No. 47. Facebook removed the *Rosenman* plaintiff's new case to federal court in this District on March 25, 2021. Facebook sought the *Klein* plaintiffs' position on whether the cases should be related and consolidated. Counsel for the advertiser plaintiffs "take no position" on the motion; Facebook has not received a response from the user plaintiffs as of the filing of this motion. The *Rosenman* plaintiff has "not formulated a position on Facebook's motion to relate." A declaration from David Z. Gringer accompanies this motion.

Under Civil Local Rule 3-12(a), actions are related "when: (1) The actions concern substantially the same parties, property, transaction or event; and (2) It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." That standard is easily met here. *Rosenman*, cases in *Klein*, is brought on behalf a putative class of Facebook users. *Rosenman*, like the *Klein* plaintiffs, also contends that Facebook unlawfully obtained monopoly power by misrepresenting its privacy policies, *see Klein* Compl. ¶¶ 91-125 and *Rosenman* Compl. ¶¶ 24-26, 33, 79, 89; and *Rosenman*, like *Klein*, contends that Facebook unlawfully maintained that monopoly power through acquisitions. In addition, both sets of plaintiffs apparently seek monetary relief on the same unprecedented basis, arguing that notwithstanding the fact that Facebook is free, *see Rosenman* Compl. ¶ 43, Facebook should pay the plaintiffs for using the product. In light of the substantial factual and legal overlap, the threat of duplicative discovery, and the real threat of inconsistent judgments, *Rosenman* and *Klein* easily exceed the relevant standard for relation.

*First*, the cases both "concern substantially the same parties, property, transaction or event." Civil L.R. 3-12(a)(2)(1). Facebook is the defendant in both cases and both cases are

1

No. 5:20-cv-08570-LHK                     FACEBOOK'S MOTION FOR ADMINISTRATIVE
RELIEF TO CONSIDER WHETHER CASES SHOULD BE RELATED AND CONSOLIDATED

brought on behalf of putative classes of Facebook users.  *Klein* Compl. ¶ 216; *Rosenman* Compl. ¶ 50.  Furthermore, both sets of plaintiffs contend as their core theory of liability that:

- Facebook allegedly deceived consumers about its privacy policies (*compare Klein* Compl. ¶¶ 91-125, *with Rosenman* Compl. ¶¶ 24-26, 33, 79, 89); and
- Facebook allegedly achieved and maintained its purported monopoly power by "harvesting" user data (*compare Klein* Compl. ¶¶ 148-153, *with Rosenman* Compl. ¶¶ 20-44, 89).

None of this overlap is undermined by the fact that the *Rosenman* plaintiffs have through artful pleading, brought their case solely under the UCL while the *Klein* plaintiffs are proceeding under the Sherman Act.  Civil Local Rule 3-12 does not require unanimity of causes of action for cases to be related.  *See, e.g.*, *LegalForce RAPC Worldwide, P.C. et al. v. LegalZoom.Com, Inc. et al.*, No. 3:17-cv-07194-MMC, Dkt. Nos. 93, 101 (N.D. Cal. Apr. 9, 2018) (relating cases with claims brought under different statutes); *O'Connor et al v. Uber Technologies, Inc. et al.*, No. 3:13-cv-03826-EMC, Dkt. Nos. 968, 969 (N.D. Cal. Sept. 27, 2019) (same).  In addition, several other cases already consolidated with *Klein* include a UCL claim, *see Kupcho*, No. 20-cv-08815; *Steinberg*, 20-cv-09130.

**Second**, given the substantial factual and legal overlap between the cases, it is "likely that there will be an unduly burdensome duplication of labor and expense … if the cases are conducted before different Judges."  Civil L.R. 3-12(a)(2).  Because both of these cases involve the same activity and many of the same legal theories, any discovery, motion practice, trials, and potential remedies will substantially overlap.  Thus, substantial efficiencies will be available in discovery into each of these theories if these cases are related.  Likewise, it would be inefficient and unduly burdensome to "hav[e] … different judges govern discovery disputes."  *Financial Fusion, Inc. v. Ablaise Ltd.*, 2006 WL 3734292, at *3 (N.D. Cal. Dec. 18, 2006).  All of these cases were recently filed and Facebook has not responded to any of the complaints, meaning that *Klein* is not ahead of *Rosenman*.  *Id*. at *4 (noting lack of delay as factor in favor of relation).

2

No. 5:20-cv-08570-LHK    FACEBOOK'S MOTION FOR ADMINISTRATIVE RELIEF TO CONSIDER WHETHER CASES SHOULD BE RELATED AND CONSOLIDATED

*Third*, absent relation, there is a serious risk "of conflicting results." *See* Civil L.R. 3-12(a). Facebook anticipates raising similar defenses to the *Rosenman* and *Klein* allegations, including that the claims are untimely and that the plaintiffs' damages theory is not cognizable. If the cases are not related, there is the real prospect, for example, that different courts could reach different conclusions about whether fraudulent concealment theories can ever be resolved on motions to dismiss or whether Facebook's intent was sufficient to support a fraudulent concealment claim. And because the two proposed classes overlap, conflicting decisions could result in inconsistent remedies among a single group of people.

Moreover, these cases involve several "common question[s] of law or fact." Fed. R. Civ. P. 42(a). Because of the substantial overlap between these cases, Facebook respectfully requests that the Court enter an order relating *Rosenman* to, and consolidating it with, *Klein*.

Dated: April 1, 2021

Respectfully submitted,

By: /s/ *Sonal N. Mehta*
SONAL N. MEHTA (SBN 222086)
sonal.mehta@wilmerhale.com
WILMER CUTLER PICKERING HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Telephone: (650) 858-6000

DAVID Z. GRINGER (*pro hac vice*)
david.gringer@wilmerhale.com
WILMER CUTLER PICKERING HALE AND DORR LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006
Telephone: (202) 663-6000

**CERTIFICATE OF SERVICE**

I hereby certify that on this 1st day of April, 2021, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System. And I hereby certify that I have served the foregoing document on counsel for the plaintiffs in the action in which relation is sought.

/s/ Sonal N. Mehta
Sonal N. Mehta