SONAL N. MEHTA (SBN 222086)
  Sonal.Mehta@wilmerhale.com
WILMER CUTLER PICKERING
 HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, California 94306
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

DAVID Z. GRINGER (*pro hac vice*)
  David.Gringer@wilmerhale.com
WILMER CUTLER PICKERING
 HALE AND DORR LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006
Telephone: (202) 663-6000
Facsimile: (202) 663-6363

*Attorneys for Defendant*
FACEBOOK, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| MAXIMILIAN KLEIN and SARAH GRABERT, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FACEBOOK, INC., a Delaware corporation,<br><br>Defendant. | Case No. 5:20-cv-08570-LHK<br><br>**DEFENDANT FACEBOOK, INC.'S MOTION FOR ADMINISTRATIVE RELIEF TO CONSIDER WHETHER CASES SHOULD BE RELATED AND CONSOLIDATED**<br><br>Judge: Hon. Lucy H. Koh |

Pursuant to Civil Local Rule 3-12 and Federal Rule of Civil Procedure 42(a)(2), defendant Facebook, Inc. respectfully moves the Court to consider whether to relate *Ryan v. Facebook, Inc.*, No. 3:21-cv-02017 ("*Ryan*") to, and consolidate it with, the cases consolidated in *Klein v. Facebook, Inc.*, No. 5:20-cv-08570-LHK ("*Klein*").[1] Counsel for the advertiser plaintiffs agree to the relief sought; Facebook has not received a response from the user plaintiffs. The *Ryan* plaintiff agrees to the relief sought. A declaration from David Z. Gringer accompanies this motion.

Under Civil Local Rule 3-12(a), actions are related "when: (1) The actions concern substantially the same parties, property, transaction or event; and (2) It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." That standard is easily met here. *Ryan*, like many of the cases consolidated with *Klein*, is brought on behalf a putative class of Facebook advertisers. *Ryan*, like other advertiser plaintiffs, also contends that Facebook unlawfully maintained a monopoly in a "social advertising" market through acquisitions and various forms of purportedly exclusionary acts. *Compare Ryan* Compl. ¶¶ 107-325 *with Affilious* Compl. ¶¶ 117-335. In addition, the *Ryan* plaintiffs request similar relief to the other advertiser plaintiffs. In light of the substantial factual and legal overlap, the threat of duplicative discovery, and the real threat of inconsistent judgments, *Ryan* and the *Klein* cases easily exceed the relevant standard for relation.

*First*, the cases "concern substantially the same parties, property, transaction or event." Civil L.R. 3-12(a)(2)(1). Facebook is the defendant in the cases, and the advertiser cases are brought on behalf of Facebook users who purchased advertising. With respect to legal theories, the cases allege that Facebook unlawfully monopolized or attempted to monopolize a putative social advertising market in violation of Section 2 of the Sherman Act, 15 U.S.C. § 2. The cases focus primarily on Facebook's acquisitions of Instagram and WhatsApp, and its regulation of

---

[1] The *Klein* cases have both advertiser and user plaintiffs. The advertiser cases are: *Affilious, Inc. v. Facebook, Inc.*, No. 20-cv-09217, *Layser v. Facebook, Inc.*, No. 21-cv-00337, and *Mark K. Wasvary, P.C. v. Facebook, Inc.*, No. 21-cv-001518. The user cases are: *Klein*, *Kupcho v. Facebook, Inc.*, No. 20-cv-08815, *Dames v. Facebook, Inc.*, No. 20-cv-08817, *Steinberg v. Facebook, Inc.*, No. 20-cv-09130, *Garvin v. Facebook, Inc.*, No. 21-cv-00618, and *Kovacevich v. Facebook, Inc.*, No. 21-cv-01117. *Sherman v. Facebook, Inc.*, No. 20-cv-08721, has both user and advertiser plaintiffs.

1

No. 5:20-cv-08570-LHK                    FACEBOOK'S MOTION FOR ADMINISTRATIVE
                                         RELIEF TO CONSIDER WHETHER CASES SHOULD BE RELATED AND CONSOLIDATED

access to Facebook APIs.

***Second***, given the substantial factual and legal overlap between the cases, it is "likely that there will be an unduly burdensome duplication of labor and expense … if the cases are conducted before different Judges." Civil L.R. 3-12(a)(2). Because both of these cases involve the same activity and many of the same legal theories, any discovery, motion practice, trials, and potential remedies will substantially overlap. Thus, substantial efficiencies will be available in discovery into each of these theories if these cases are related. Likewise, it would be inefficient and unduly burdensome to "hav[e] … different judges govern discovery disputes." *Financial Fusion, Inc. v. Ablaise Ltd.*, 2006 WL 3734292, at *3 (N.D. Cal. Dec. 18, 2006). All of these cases were recently filed, and a consolidated complaints have not yet been filed. *Id*. at *4 (noting lack of delay as factor in favor of relation).

***Third***, absent relation, there is a serious risk "of conflicting results." *See* Civil L.R. 3-12(a). Facebook anticipates raising similar defenses to the *Ryan* and other advertiser plaintiffs' allegations, including that the claims are untimely and that the "social advertising" market is an artificial and implausible construct. *Hicks v. PGA Tour, Inc.*, 897 F.3d 1109, 1121-1123 (9th Cir. 2018). If the cases are not related, there is the real prospect, for example, that different courts could reach different conclusions about whether fraudulent concealment theories can ever be resolved on motions to dismiss or whether Facebook's intent was sufficient to support a fraudulent concealment claim. And because the two proposed classes overlap, conflicting decisions could result in inconsistent remedies among a single group of people.

For many of the same reasons, these cases involve several "common question[s] of law or fact." Fed. R. Civ. P. 42(a). Thus, Facebook respectfully requests that the Court enter an order relating *Ryan* to, and consolidating it with, *Klein*.

2

No. 5:20-cv-08570-LHK   FACEBOOK'S MOTION FOR ADMINISTRATIVE RELIEF TO CONSIDER WHETHER CASES SHOULD BE RELATED AND CONSOLIDATED

| | |
|---|---|
| Dated: April 2, 2021 | Respectfully submitted, |
| | By: */s/ Sonal N. Mehta* |
| | SONAL N. MEHTA (SBN 222086) |
| | sonal.mehta@wilmerhale.com |
| | WILMER CUTLER PICKERING HALE AND DORR LLP |
| | 2600 El Camino Real, Suite 400 |
| | Palo Alto, CA 94306 |
| | Telephone: (650) 858-6000 |
| | |
| | DAVID Z. GRINGER (*pro hac vice*) |
| | david.gringer@wilmerhale.com |
| | WILMER CUTLER PICKERING HALE AND DORR LLP |
| | 1875 Pennsylvania Avenue, NW |
| | Washington, DC 20006 |
| | Telephone: (202) 663-6000 |

**CERTIFICATE OF SERVICE**

I hereby certify that on this 2nd day of April, 2021, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System. And I hereby certify that I have served the foregoing document on counsel for the plaintiffs in the action in which relation is sought.

*/s/ Sonal N. Mehta*
Sonal N. Mehta