1  **POMERANTZ LLP**
   Jordan L. Lurie, State Bar No. 130013
2  jllurie@pomlaw.com
   Ari Y. Basser, State Bar No. 272618
3  abasser@pomlaw.com
   1100 Glendon Avenue, 15th Floor
4  Los Angeles, CA 90024
   Telephone: (310) 432-8492
5

6  *Attorneys for Plaintiff*
   *(Specially Appearing)*
7

8              **UNITED STATES DISTRICT COURT**

9              **NORTHERN DISTRICT OF CALIFORNIA**

10                     **SAN JOSE DIVISION**

11 | MAXIMILIAN KLEIN and SARAH GRABERT, individually and on behalf of all others similarly situated, | Case No. 5:20-cv-08570-LHK |
12 | | **CLASS ACTION** |
13 | Plaintiffs, | **PLAINTIFF SHARI ROSENMAN'S RESPONSE TO FACEBOOK, INC.'S MOTION FOR ADMINSTRATIVE RELIEF TO CONSIDER WHETHER CASES SHOULD BE RELATED AND CONSOLIDATED** |
14 | vs. | |
15 | FACEBOOK, INC., a Delaware corporation, | |
16 | Defendant. | |
17 | | Judge:        Hon. Lucy Koh |

1    Counsel for Plaintiff Shari Rosenman ("Plaintiff") hereby specially appear on behalf of
2    Plaintiff for the limited purpose of responding to Defendant Facebook, Inc.'s ("Facebook")
3    administrative motion ("Motion") (ECF No. 79) to consider whether to relate *Rosenman v.*
4    *Facebook, Inc.*, No. 3:21-cv-02108-LB ("*Rosenman*") to, and consolidate it with, the cases
5    consolidated in *Klein v. Facebook, Inc.*, No. 5:20-cv-08570-LHK ("*Klein*").
6    Plaintiff responds to Facebook's Motion as follows:
7    For reasons that will be fully set forth in Plaintiff's Motion to Remand (to be filed by
8    April 26, 2021, per *Rosenman* ECF No. 11), the *Rosenman* action was improvidently removed
9    and does not belong in federal court. This Court has no jurisdiction over the *Rosenman* matter.
10   The Complaint is not federal in character and does not assert a federal law claim or a violation
11   of any federal law.
12   Plaintiff's California Unfair Competition Law ("UCL") action is a standard State law
13   consumer claim that challenges Facebook's privacy policies.  The *Rosenman* Complaint alleges
14   that Facebook forced consumers to accept inferior and degraded privacy settings and
15   protections, which was unfair, unlawful, and deceptive under the UCL and that Facebook has
16   been unjustly enriched by that conduct.  Plaintiff's claim does not depend on a finding that
17   Facebook is a "monopoly" or engaged in "monopolistic conduct." Facebook's conduct as
18   alleged by Plaintiff Rosenman violates the UCL regardless of whether it represents a violation
19   of federal antitrust law.  Plaintiff's right to relief does not depend on resolution of any disputed
20   federal question, federal law is not essential to her claim, and Plaintiff will not have to establish
21   that Facebook violated any federal law in order to prevail on her claims.  The issues raised by
22   the *Rosenma*n action are purely State law issues and are properly resolved by a State, not a
23   federal, court.
24   Notwithstanding the foregoing and without conceding jurisdiction or waiving any
25   substantive arguments, it would be in the interest of judicial efficiency to relate this action to
26   *Klein* now, but only *for the sole and limited purpose of having this Court adjudicate Plaintiff*
27   *Rosenman's remand motion*. To the extent that any ruling to relate is for that limited purpose
28   only, and all of Plaintiff's arguments in support of remand are expressly reserved, Plaintiff does

not oppose Facebook's Motion to relate the cases. For the foregoing reasons, Plaintiff opposes any effort to consolidate the actions at this time.

Dated: April 5, 2021                                Respectfully submitted,

                                                    **POMERANTZ LLP**

                                            By:      /s/ Ari Y. Basser
                                                    Jordan L. Lurie
                                                    Ari Y. Basser

                                                    *Attorneys for Plaintiff*
                                                    *(Specially Appearing)*