**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Stephen A. Swedlow (admitted *pro hac vice*)
  stephenswedlow@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
(312) 705-7400

**HAGENS BERMAN SOBOL SHAPIRO LLP**
Shana E. Scarlett (Bar No. 217895)
  shanas@hbsslaw.com
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
(510) 725-3000

*Interim Co-Lead Consumer Class Counsel*

**BATHAEE DUNNE LLP**
Yavar Bathaee (Bar No. 282388)
  yavar@bathaeedunne.com
445 Park Avenue, 9th Floor
New York, NY 10022
(332) 205-7668

**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
Kristen M. Anderson (Bar No. 246108)
  kanderson@scott-scott.com
230 Park Avenue, 17th Floor
New York, NY 10169
(212) 233-6444

*Interim Co-Lead Advertiser Class Counsel*

SONAL N. MEHTA (SBN 222086)
  Sonal.Mehta@wilmerhale.com
**WILMER CUTLER PICKERING**
  **HALE AND DORR LLP**
950 Page Mill Road
Palo Alto, California 94303
Telephone: (650) 858-6000
Facsimile:  (650) 858-6100

DAVID Z. GRINGER (*pro hac vice*)
  David.Gringer@wilmerhale.com
**WILMER CUTLER PICKERING**
  **HALE AND DORR LLP**
1875 Pennsylvania Ave NW
Washington, DC 20006
Telephone:  (202) 663-6000
Facsimile:   (202) 663-6363

*Attorneys for Defendant Facebook, Inc.*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | |
|---|---|
| MAXIMILIAN KLEIN and SARAH GRABERT, individually and on behalf of all other similarly situated,<br><br>            Plaintiffs,<br><br>      v.<br><br>FACEBOOK, INC., a Delaware Corporation headquartered in California,<br><br>            Defendant. | Case No. 5:20-cv-08570-LHK-VKD<br><br>**STIPULATED [PROPOSED] INTERIM FEDERAL RULES OF EVIDENCE 502(D) CLAWBACK ORDER**<br><br>Judge: Hon. Lucy Koh<br><br>Re:  Dkt. No. 90<br><br>MODIFIED BY THE COURT |

Pursuant to Federal Rules of Evidence 502(d) the production or disclosure of any documents and accompanying metadata ("Protected Documents"), protected from discovery, including under the attorney-client privilege, work product doctrine, opinion work product doctrine, the joint defense or common interest privilege, privacy laws and regulations, or any other immunity from discovery (collectively "privilege or protection"), does not result in the waiver of any privilege or protection, including subject matter waiver, associated with such Protected Documents as to the receiving party or any third parties in this or in any other state or federal proceeding regardless of the circumstances of production. This Order provides the maximum protection allowed by Federal Rule of Evidence 502(d) with regard to Protected Documents. Federal Rule of Evidence 502(b) does not apply to any disputes regarding Protected Documents, and instead this Stipulated 502(d) Order governs all disputes regarding Protected Documents produced in this litigation. Nothing contained herein requires the production of Protected Documents

## 1. CLAWBACK AGREEMENT

In the event that a producing party discovers that it produced Protected Document(s), it shall provide written notice of the claim of privilege or protection to the receiving party (a "Clawback Notice"), sufficiently identifying the Protected Document(s) within a reasonable time..

As soon as practicable or after providing the Clawback Notice, the producing party shall provide (i) if only a portion of the document contains privileged or protected material, a new copy of the document utilizing the same bates number(s) as the original that has been redacted to protect the privilege or protected material; or (ii) if the entire document is privileged or protected, a slip sheet identifying the same bates number(s) as the original noting that the document has been withheld. Any Protected Document that is the subject of a Clawback Notice will be included on a privilege log if and as required by the privilege-logging procedures agreed to by the parties or ordered by the Court.

## 2. PROCEDURES FOLLOWING CLAWBACK NOTICE

a) Within ten (10) business days of receipt of a Clawback Notice (regardless of

whether the receiving party agrees with or plans to challenge the producing party's claim of privilege or protection), the receiving party must use reasonable efforts to return, or destroy the Protected Document(s) within a reasonable time, all copies thereof, and any notes that reproduce, copy, or otherwise disclose the substance of the Protected Documents and certify to the producing party when this ~~return or~~ return or destruction is complete.

   b) If a receiving party challenges a claim that a Protected Document specified in a Clawback Notice is privileged or protected, the receiving party shall notify the producing party of its challenge within 14 business days of receiving the Clawback Notice.

   c) Within 14 business days of the producing party receiving notification of the challenge, the parties shall meet and confer in an effort to resolve their disagreement. If the parties are unable to resolve their disagreement, either party may submit the issue to the Court for a determination. Any such disputes must be brought to the Court in compliance with the discovery dispute resolution procedure outlined in Judge DeMarchi's Standing Order for Civil Cases.

   d) The receiving party must not use or disclose the Protected Document(s) covered by the Clawback Notice during the time in which the receiving party is challenging the Protected Document(s).

   e) The parties may stipulate to extend the time periods set forth in paragraphs (a)-(c) as appropriate.

**3. PROCEDURE UPON DISCOVERY BY A RECEIVING PARTY OF PRODUCED PROTECTED DOCUMENTS**

In the event that a receiving party discovers that it has received or examined Document(s) that it reasonably believes are or may be privileged or protected, the receiving party promptly shall stop reading or reviewing the document and (i) sequester the Document(s), and (ii) within four business days of such discovery, notify the producing party of the possible production or disclosure by identifying the bates range(s) of the Document the receiving party reasonably believes are or may be privileged or protected, and were or may have been produced or disclosed (a "Production Notice"). Upon the producing party receiving a Production Notice, if the producing party determines that the subject documents are privileged

or protected, the receiving party shall use reasonable efforts to promptly ~~return or~~ *return or* destroy the Protected Documents and the producing party shall promptly provide any replacement images as described in section 2 above.

### 4. PROCEDURES DURING DEPOSITION AND HEARING

a)  If, during a deposition, a producing party claims that a document being used in the deposition (e.g., marked as an exhibit, shown to the witness, or made the subject of examination) contains material that is privileged or protected, the producing party may, in its sole discretion, do one or more of the following: (a) allow the Protected Document to be used during the deposition without waiver of any claim of privilege or protection; or (b) allow questioning about the Protected Document but instruct the witness not to answer questions concerning the parts of the Protected Document containing privileged or protected material; or (c) object to the use of the Protected Document at the deposition, in which case no questions may be asked and no testimony may be given relating to the Protected Document or the privileged or protected portion of the Protected Document until the matter has been resolved by agreement or by the Court. In all events, once the Protected Document is no longer in use at the deposition, the receiving party shall immediately sequester all copies of the Protected Document. As to any testimony subject to a claim of privilege or protection, the producing party shall serve a Clawback Notice within four business days after receipt of the final transcript of the deposition, after which the parties shall follow the procedures set forth in Sections 2 and 3, as applicable. Pending determination of any challenge to such a Clawback Notice, all parties with access to the deposition transcript shall treat the relevant testimony in accordance with Section 3. In the event the Court decides the clawback dispute in the receiving party's favor and the receiving party was denied the opportunity to examine a witness as to the materials at issue, the witness shall be made available as soon as practicable after the Court's decision.

b)  If a receiving party uses discovery materials in a brief or at a hearing, and the producing party has not served a Clawback Notice as to those materials in advance of the briefing event or hearing, the producing party must promptly object and serve a Clawback Notice

within four business days of receipt of the briefing or the hearing.  Thereafter, the procedures set forth in Section 3 apply.  To the extent any privileged or protected material is placed into the public record in connection with briefing or a hearing, and the Producing Party timely serves a Clawback Notice, the receiving party shall (a) withdraw the portion of the briefing and exhibits that contain privileged or protected material, (b) request the court seal that material, or (c) join or not oppose a motion to seal the privileged or protected material.

**5.   PROHIBITION ON USE OF PRIVILEGED INFORMATION**

To the extent any party is aware that it has obtained Protected Documents, has received a Clawback Notice, or it is reasonably apparent that the party has obtained privileged or protected information through production, disclosure, or communications, such Protected Documents and/or information may not be submitted to the Court, presented for admission into evidence, or sought in discovery in this proceeding or in any other proceeding or action. The party must promptly notify the opposing party of its possession of such privileged information and certify the return or destruction of the Protected Documents and/or information.

**IT IS SO STIPULATED**, through Counsel of Record.


DATED:  April 30, 2021

| By */s/ Shana E. Scarlett* | By */s/ Stephen A. Swedlow* |
|---|---|
| **HAGENS BERMAN SOBOL SHAPIRO LLP**<br>Shana E. Scarlett (Bar No. 217895)<br>shanas@hbsslaw.com<br>715 Hearst Avenue, Suite 202<br>Berkeley, CA 94710 | **QUINN EMANUEL URQUHART & SULLIVAN, LLP**<br>Stephen A. Swedlow (admitted *pro hac vice*)<br>  stephenswedlow@quinnemanuel.com<br>Michelle Schmit<br>  michelleschmit@quinnemanuel.com<br>191 N. Wacker Drive, Suite 2700<br>Chicago, IL 60606-1881 |

5
STIPULATED [PROPOSED] FEDERAL RULES OF EVIDENCE 502(D) CLAWBACK ORDER
CASE NO. 5:20-cv-08570-LHK-VKD

(510) 725-3000

Steve W. Berman (admitted *pro hac vice*)
  steve@hbsslaw.com
1301 Second Avenue, Suite 2000
Seattle, WA 98101
(206) 623-7292

**LOCKRIDGE GRINDAL NAUEN P.L.L.P.**
W. Joseph Bruckner (admitted *pro hac vice*)
  wjbruckner@locklaw.com
Robert K. Shelquist (admitted *pro hac vice*)
  rkshelquist@locklaw.com
Brian D. Clark (admitted *pro hac vice*)
  bdclark@locklaw.com
Rebecca A. Peterson (Bar No. 241858)
  rapeterson@locklaw.com
Arielle S. Wagner (admitted *pro hac vice*)
  aswagner@locklaw.com
Stephanie A. Chen (admitted *pro hac vice*)
  sachen@locklaw.com
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
(612) 339-6900

By */s/ Kristen M. Anderson*
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
Kristen M. Anderson (CA 246108)
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169

(312) 705-7400

Manisha M. Sheth (admitted *pro hac vice*)
  manishasheth@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, New York 10010
(212) 849-7000

Kevin Y. Teruya (Bar No. 235916)
  kevinteruya@quinnemanuel.com
Adam B. Wolfson (Bar No. 262125)
  adamwolfson@quinnemanuel.com
Brantley I. Pepperman (Bar No. 322057)
  brantleypepperman@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
(213) 443-3000

**KELLER LENKNER LLC**
Warren Postman (Bar No. 330869)
  wdp@kellerlenkner.com
Jason Ethridge (admitted *pro hac vice*)
  jason.ethridge@kellerlenkner.com
1300 I Street, N.W., Suite 400E
Washington, DC 20005
(202) 918-1123

Ashley Keller (admitted *pro hac vice*)
  ack@kellerlenkner.com
Ben Whiting (admitted *pro hac vice*)
  ben.whiting@kellerlenkner.com
Jason A. Zweig (admitted *pro hac vice*)
  jaz@kellerlenkner.com
150 N. Riverside Plaza, Suite 4270
Chicago, IL 60606
(312) 741-5220

*Interim Counsel for the Consumer Class*

By */s/ Brian Dunne*
**BATHAEE DUNNE LLP**
Yavar Bathaee (CA 282388)
Edward M. Grauman (*pro hac vice*)
Andrew C. Wolinsky (*pro hac vice*)
445 Park Avenue, 9th Floor

6
STIPULATED [PROPOSED] FEDERAL RULES OF EVIDENCE 502(D) CLAWBACK ORDER
CASE NO. 5:20-cv-08570-LHK-VKD

| | |
|---|---|
| Telephone: 212-233-6444 | New York, NY 10022 |
| Facsimile:  212-233-6334 | Telephone: 332-205-7668 |
| kanderson@scott-scott.com | yavar@bathaeedunne.com |
| | egrauman@bathaeedunne.com |
| Christopher M. Burke (CA 214799) | awolinsky@bathaeedunne.com |
| David H. Goldberger (CA 225869) | |
| Yifan (Kate) Lv (CA 302704) | Brian J. Dunne (CA 275689) |
| 600 W. Broadway, Suite 3300 | 633 West Fifth Street, 26th Floor |
| San Diego, CA 92101 | Los Angeles, CA 90071 |
| Telephone: 619-233-4565 | Telephone: 213-462-2772 |
| Facsimile:  619-233-0508 | bdunne@bathaeedunne.com |
| cburke@scott-scott.com | |
| dgoldberger@scott-scott.com | **AHDOOT & WOLFSON, PC** |
| klv@scott-scott.com | Tina Wolfson (CA 174806) |
| | Robert Ahdoot (CA 172098) |
| Patrick J. McGahan (*pro hac vice*) | Theodore W. Maya (CA 223242) |
| Michael P. Srodoski (*pro hac vice*) | Rachel Johnson (CA 331351) |
| 156 South Main Street, P.O. Box 192 | 2600 West Olive Avenue, Suite 500 |
| Colchester, CT 06415 | Burbank, CA 91505 |
| Telephone: 860-537-5537 | Telephone: 310-474-9111 |
| Facsimile:  860-537-4432 | Facsimile:  310-474-8585 |
| pmcgahan@scott-scott.com | twolfson@ahdootwolfson.com |
| msrodoski@scott-scott.com | rahdoot@ahdootwolfson.com |
| | tmaya@ahdootwolfson.com |
| **LEVIN SEDRAN & BERMAN LLP** | rjohnson@ahdootwolfson.com |
| Keith J. Verrier (*pro hac vice*) | |
| Austin B. Cohen (*pro hac vice*) | *Interim Counsel for the Advertiser Class* |
| 510 Walnut Street, Suite 500 | |
| Philadelphia, PA 19106-3997 | |
| Telephone: 215-592-1500 | |
| Facsimile:  215-592-4663 | |
| kverrier@lfsblaw.com | |
| acohen@lfsblaw.com | |
| | By: */s/ Sonal N. Mehta* |
| | |
| | Sonal N. Mehta (SBN: 222086) |
| | WILMER CUTLER PICKERING HALE |
| | AND DORR LLP |
| | 950 Page Mill Road |
| | Palo Alto, California 94303 |
| | Telephone:  (650) 858-6000 |
| | Facsimile:  (650) 858-6100 |
| | Email:  Sonal.Mehta@wilmerhale.com |
| | |
| | David Z. Gringer (*pro hac vice*) |

|   |   |
|---|---|
| 1 | WILMER CUTLER PICKERING HALE AND DORR LLP |
| 2 | 1875 Pennsylvania Avenue NW |
| 3 | Washington, DC 20006 |
|   | Telephone: (202) 663-6000 |
| 4 | Facsimile: (202) 663-6363 |
|   | Email: David.Gringer@wilmerhale.com |
| 5 |   |
| 6 | *Attorneys for Defendant Facebook, Inc.* |

AS MODIFIED BY THE COURT,
PURSUANT TO STIPULATION, IT IS SO ORDERED.
                      ^

DATED: May 3, 2021          _____
                            Virginia DeMarchi
                            United States Magistrate Judge

**SIGNATURE ATTESTATION**

I am the ECF User whose identification and password are being used to file the foregoing.  Pursuant to Civil Local Rule 5-1(i), I hereby attest that the other signatories have concurred in this filing.

Dated: April 30, 2021                                By:   */s/ Sonal N. Mehta*
                                                                         Sonal N. Mehta

STIPULATED [PROPOSED] FEDERAL RULES OF EVIDENCE 502(D) CLAWBACK ORDER
Case No. 5:20-cv-08570-LHK-VKD