# EXHIBIT B

| | |
|---|---|
| **From:** | Mehta, Sonal |
| **Sent:** | Tuesday, March 30, 2021 11:24 PM |
| **To:** | Warren Postman |
| **Cc:** | Ashley Keller; Gringer, David |
| **Subject:** | RE: Confirmation of ethical screen in Klein v. Facebook |

Warren,

Thank you for your email. You are correct that we were referring to Albert Pak during the hearing in front of Judge Koh. As you know, Keller Lenkner hired Mr. Pak in June 2020. Immediately prior to that, Mr. Pak was an attorney at Kellogg Hansen. While at Kellogg Hansen, between December 2019 and June 2020, Mr. Pak spent hundreds of hours working on behalf of Facebook on the related FTC and state AG antitrust investigations. Kellogg Hansen represented Facebook during the government investigations and is currently serving as lead trial counsel for Facebook in the resulting litigation. Mr. Pak's involvement with this matter while at Kellogg Hansen was substantive, including, for example, participating in fact gathering for witness interviews, analyzing productions in this and related matters, and substantively engaging with expert witnesses. Thus, while we appreciate your commitment to honor screening procedures for the duration of the *Klein* case, you will understand the importance of and need for a robust screen that fully complies with all applicable ethical standards and protects Facebook's interests in these circumstances.

As a threshold matter, under DC Rule 1.10(b)(3), both Keller Lenkner and Mr. Pak individually were required to provide prompt notice to Facebook of the situation and the screening procedures. In your email below, you note that the screen was put in place on November 11, 2020. Mr. Pak joined Keller Lenkner in June 2020, several months before the screen was put in place. Facebook does not have any record of having received the required notices described above. In order to clarify the record and timing of the screen, please provide us with copies of the notices and let us know when they were provided to Facebook.

Thank you also for your offer to answer questions about the screening procedure. Facebook does have further questions and needs additional information or confirmation so that it can assess the adequacy of the screen. In particular:

● On what date in June 2020 did Mr. Pak begin working at Keller Lenkner?

● Did Keller Lenkner perform a conflicts check for Mr. Pak before he began working at Keller Lenkner?

● When did Mr. Pak disclose his representation of Facebook to Keller Lenkner?

● Was any screen of Mr. Pak related to Facebook in place prior to November 11, 2020? If so, please describe the screen, including its scope and when it was implemented.

● Did Mr. Pak have access to any Facebook-related files or materials before implementation of the screen on November 11, 2020? For example, were there any technical restrictions on Mr. Pak's access to Keller Lenkner's cloud-based document management system prior to November 11, 2020?

● Has any attorney or staff member at Keller Lenkner ever had any discussion with Mr. Pak regarding any potential claims against Facebook?

● You represented to the Court: "We've spent *months and years* thinking not about the high-level fact that an antitrust case could exist against Facebook, but the real nitty gritty. I've spent many late nights working on the complaint, the memos and before the cases." See March 18, 2021 Hearing Tr. at 48 (emphasis added). When did Keller Lenkner begin investigating or analyzing potential claims against Facebook?

● On what specific date did Keller Lenkner begin working to identify potential plaintiffs for any antitrust claims relating to Facebook?

1

● Your email states "Only after the screening procedures were put in place did Keller Lenkner agree to join Quinn Emanuel in pursuing claims against Facebook and begin working on a draft complaint." What is the relevance of your affiliation with Quinn Emanuel to your implementation of a screen of Mr. Pak?

● You represented to the Court: "We -- Keller Lenkner worked to develop this case independently from Quinn Emanuel not knowing the work that they were doing. Once we had in our minds the theories worked through, we reached out to them." See March 18, 2021 Hearing Tr. at 47. On what specific date did Keller Lenkner first reach out to Quinn Emanuel? On what specific date did Keller Lenkner first discuss a potential co-counsel relationship or otherwise discuss any potential case against Facebook with Quinn Emanuel?

● Has Keller Lenkner screened Mr. Pak from the Texas AG antitrust litigation adverse to Google in which Facebook has been identified as a purported "co-conspirator"? If so, please describe the screen, including its scope and when it was implemented.

● Has Mr. Pak been screened from other matters involving Facebook aside from the *Klein* matter?

Thank you in advance for your prompt response to these questions. We may have additional questions as Facebook evaluates these issues. I am sure it goes without saying, Facebook reserves all rights.

Best,

**Sonal N. Mehta | WilmerHale**
2600 El Camino Real
Suite 400
Palo Alto, CA 94306 USA
+1 650 600 5051 (t)
+1 650 858 6100 (f)
sonal.mehta@wilmerhale.com

**Please consider the environment before printing this email.**

This email message and any attachments are being sent by Wilmer Cutler Pickering Hale and Dorr LLP, are confidential, and may be privileged. If you are not the intended recipient, please notify us immediately—by replying to this message or by sending an email to postmaster@wilmerhale.com—and destroy all copies of this message and any attachments. Thank you.

For more information about WilmerHale, please visit us at http://www.wilmerhale.com.

**From:** Warren Postman
**Sent:** Friday, March 19, 2021 3:45 PM
**To:** Mehta, Sonal
**Cc:** Ashley Keller ; Gringer, David
**Subject:** Confirmation of ethical screen in Klein v. Facebook

**EXTERNAL SENDER**

Sonal,

At the hearing yesterday, you noted that, as part of his former employment at Kellogg Hansen, a lawyer at Keller Lenkner represented Facebook in an antitrust matter. You also said Facebook would want to determine whether that attorney has been screened from the *Klein* case.

We assume that the lawyer to whom you were referring is Albert Pak. I'm writing to confirm that Albert was promptly screened from the *Klein* matter. KL imposed a screen to wall off Mr. Pak from the *Klein* matter beginning on November 11, 2020. At that time, KL had not been retained by any client adverse to Facebook; Quinn Emanuel and

KL had not yet agreed to co-counsel on, or file any case against, Facebook, and no KL lawyer had yet worked on any draft of the *Klein* complaint. Only after the screening procedures were put in place did KL agree to join Quinn Emanuel in pursuing claims against Facebook and begin working on a draft complaint.

KL imposed the following screening measures:

- All KL attorneys and staff are required to store electronic documents on our cloud-based document management system. Access to all documents related to the *Klein* matter is restricted to exclude Albert.

- All KL attorneys and staff were notified by email, marked "high priority," on November 11, 2020 that Albert had been screened from—and could not have any involvement in—the potential antitrust case KL was considering pursuing against Facebook.

- All attorneys and staff were further directed not to:

  o Speak to Albert about the potential case or any related issues;

  o Save any Facebook-related files outside of the Facebook workspace on the document management system; or

  o Leave physical case materials in unlocked or open areas that could be accessed by anyone not working on the matter.

- During a quarterly all-firm meeting conducted via Zoom on December 4, 2020, all KL attorneys and staff were reminded of this (and other) ethical screens in place at the firm and the attendant restrictions.

- All attorneys and staff who join KL are informed of this (and other) ethical screens in place at the firm and the attendant restrictions.

- The main KL "intranet" page for attorneys and staff lists current ethical screens in place at the firm, including this one.

We are committed to honoring these procedures scrupulously throughout the life of the *Klein* case. If you would like to discuss or have further questions about these procedures, please let us know and we will respond promptly.

Sincerely,


**Warren Postman**
Partner

Keller | Lenkner
1300 I Street, N.W., Suite 400E | Washington, D.C., 20005
202.749.8334 | Email | Bio | Website