# EXHIBIT D

WILMERHALE

May 4, 2021

**Sonal N. Mehta**

+1 650 600 5051 (t)
+1 650 858 6100 (f)
sonal.mehta@wilmerhale.com

Warren Postman
KELLER LENKNER
1300 I Street N.W.
Suite 400E
Washington, DC 20005

Re: Conflict of Interest in *Klein v. Facebook*, No. 5:20-cv-08570-LHK (N.D. Cal.)

Mr. Postman,

Thank you for your April 7, 2021 responses to my questions of March 30, 2021 regarding Keller Lenkner's hiring of Albert Pak.  Based on your responses, it is clear that Keller Lenkner has not met its ethical obligations under the California Rules of Professional Conduct in the above-referenced matter.  Facebook requests that Keller Lenkner withdraw from its representation of the putative class.  If Keller Lenkner declines to do so by 12 pm PT on May 6, 2021, Facebook intends to file a motion to disqualify Keller Lenkner.

Keller Lenkner's conflict of interest arises from Mr. Pak's prior representation of Facebook.  As noted in my earlier email, in the six months prior to beginning work at Keller Lenkner, Mr. Pak spent many hundreds of hours representing Facebook in the Federal Trade Commission's and State Attorneys General's antitrust investigations of the company.  During that representation, Mr. Pak performed substantive work directly for Facebook, including discussing Facebook's legal strategy, participating in fact gathering for witness interviews, analyzing and reviewing document productions, and substantively engaging with potential experts.  In so doing, Mr. Pak was entrusted with Facebook's confidential and privileged information.  These government antitrust investigations are closely related to the above-referenced private antitrust action; the complaints filed by the FTC, State Attorneys General, and private plaintiffs all allege that the same course of conduct violated Section 2 of the Sherman Act based on what you have described as "virtually identical theories of harm to competition."  *See Klein* Plaintiffs' Response to Competing Application for Appointment as Interim Co-Lead User Class Counsel, *Klein v. Facebook, Inc.*, No. 5:20-cv-08570-LHK, Dkt. No. 62 at 8 n.5 (N.D. Cal. Mar. 20, 2021).

Under the California Rules of Professional Conduct that govern lawyers appearing in the Northern District of California, Mr. Pak's representation of Facebook means your firm may not represent the putative class.  Rule 1.9(a) states that "[a] lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed written consent."  Because the private and government antitrust actions are substantially related for the reasons described above, Mr. Pak may not personally represent the putative class.  That conflict is imputed to Keller Lenkner under

WILMERHALE

May 4, 2021
Page 2

Rule 1.10(a), which states that "[w]hile lawyers are associated in a firm, none of them shall knowingly represent a client when any one of them practicing alone would be prohibited from doing so by rule[] . . . 1.9."

Rule 1.10(a) is subject to a limited exception when a firm can show that the conflicted lawyer's involvement in the prior representation was minimal, an ethical screen was timely implemented, and notice to the affected client was promptly given.  All three of these requirements must be met to invoke Rule 1.10(a), but Keller Lenkner did not comply with any of them.  First, Mr. Pak "substantially participate[d]" in the related matter because of his significant involvement in the government investigations.  *See* Rule 1.10(a)(2)(i).  Second, Mr. Pak was not timely screened from Keller Lenkner's own antitrust investigation of Facebook.  *See* Rule 1.10(a)(2)(ii).  As you explained in your April 7, 2021 email, Mr. Pak told you that he had represented Facebook in the government antitrust investigations on June 30, 2020.  He made the same disclosure in a conflicts check the next day.  But Keller Lenkner did not implement an ethical wall until November 11, 2020, more than four months later.  Finally, Keller Lenkner did not "promptly" notify Facebook of the conflict.  *See* Rule 1.10(a)(2)(iii).  Instead, it waited until March 19, 2021 to do so.  Because Keller Lenkner cannot invoke an exception to Rule 1.10(a), it may not—consistent with the firm's ethical obligations—represent the putative class.

Nothing less than disqualification can remedy this breach of the ethical rules.  Facebook recognizes that disqualification is a serious remedy, and does not request Keller Lenkner's withdrawal lightly.  Given Keller Lenkner's failure—over many months—to comply with its clear ethical obligations, anything short of disqualification leaves Facebook in the untenable position of being forced to second guess whether its privileged and confidential information even inadvertently informed (and continues to inform) Keller Lenkner's actions in this case.  To avoid precisely this situation, the law requires preventive measures to be rigorously followed.  But Keller Lenkner did not take such prophylactic steps, and the ongoing harm to Facebook can only be mitigated through disqualification.

For these reasons, Facebook asks that Keller Lenkner withdraw from its representation of the putative class.

Sincerely,

Sonal N. Mehta