# EXHIBIT E

# Keller | Lenkner

May 5, 2021

Sonal N. Mehta
Wilmer Cutler Pickering Hale and Dorr LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306

Re:   *Klein v. Facebook, Inc.*, No. 5:20-cv-08570-LHK (N.D. Cal.)

Ms. Mehta:

We received and are considering your letter asking that Keller Lenkner LLC withdraw from *Klein v. Facebook, Inc.*, No. 5:20-cv-08570-LHK. To fully consider and assess your assertion that Keller Lenkner has a conflict, we need to know more about Mr. Pak's representation of Facebook at his prior firm. We respectfully request that Facebook answer the following questions, none of which would reveal any attorney-client communications:

- How many hours did Mr. Pak bill to Facebook while at Kellogg, Hansen, Todd, Figel & Frederick PLLC ("Kellogg Hansen") for the matter at issue (per your letter, "the Federal Trade Commission's and State Attorneys General's antitrust investigations of the company")?

- How many lawyers at Kellogg Hansen have billed time to Facebook in connection with the FTC and State Attorneys General antitrust investigations, and approximately how many hours have they billed?

- How many other law firms has Facebook retained in connection with the FTC and State Attorneys General antitrust investigations?

- How many outside attorneys (across all law firms) have billed time to the FTC and State Attorneys General antitrust investigation, and approximately how many hours have they billed?

As you know, California specifically amended its Rules of Professional Conduct in 2018 to allow law firms to use an ethical screen to avoid imputation of conflicts by lateral lawyers even where the incoming lawyer worked on a substantially related matter. To the extent Facebook asserts that Mr. Pak's role in the FTC and State Attorneys General investigations was so central and extensive as to preclude the use of such a screen, the above information is necessary to evaluate that claim.

Keller | Lenkner

After we have received this information, we would appreciate the opportunity to confer with you by telephone on this issue.

Sincerely,

Warren Postman