# EXHIBIT F

WILMERHALE

May 5, 2021

**Sonal N. Mehta**

+1 650 600 5051 (t)
+1 650 858 6100 (f)
sonal.mehta@wilmerhale.com

Warren Postman
KELLER LENKNER
1300 I Street N.W.
Suite 400E
Washington, DC 20005

Re: Conflict of Interest in *Klein v. Facebook*, No. 5:20-cv-08570-LHK (N.D. Cal.)

Mr. Postman,

Thank you for your May 5, 2021 letter regarding the conflict of interest created by Keller Lenkner's hiring of Albert Pak.

In response to your questions, Mr. Pak billed more than 800 hours on the Federal Trade Commission's and State Attorneys General's antitrust investigations of Facebook in a six-month period, while working with Kellogg Hansen, Facebook's counsel in those matters and the ensuing litigation.  As for your remaining inquiries, they are not relevant to the ethical conflict created by Mr. Pak's employment.  Rule 1.10(a)(2)(i) states that an ethical screen may be used to obviate a conflict only when "the prohibited lawyer did not substantially participate in . . . a substantially related matter."  Comment One to Rule 1.10 then provides that:

> In determining whether a prohibited lawyer's previous[] participation was substantial, a number of factors should be considered, such as the lawyer's level of responsibility in the prior matter, the duration of the lawyer's participation, the extent to which the lawyer advised or had personal contact with the former client, and the extent to which the lawyer was exposed to confidential information of the former client likely to be material in the current matter.

Whether Mr. Pak's personal participation was "substantial[]" thus has nothing to do with "[h]ow many lawyers at Kellogg Hansen have billed time to Facebook in connection with the" substantially related matters, "[h]ow many other law firms" Facebook has "retained in connection with" these matters, or "[h]ow many outside attorneys (across all law firms) have billed time to the" government antitrust investigations.  The answers to those questions would not affect the critical facts described in my letter of May 4, 2021: Mr. Pak was heavily involved in the representation of Facebook, billing many hundreds of hours to these substantially related matters up until the eve of his employment at your firm.

Further, even if an ethical screen *could have* been used here—and it could not—your prior responses make clear that Keller Lenkner's "screen" was imposed more than four months after Mr. Pak began working at Keller Lenkner.  To invoke the exception set forth in Rule

WILMERHALE

May 5, 2021
Page 2


1.10(a), however, the prohibited lawyer must be "timely screened."  *See* Rule 1.10(a)(2)(ii).
Keller Lenkner's belated efforts were not "timely" within any definition of the word.

       That Keller Lenkner is only now seeking to assess the substantiality of Mr. Pak's role in
the government investigations and ensuing preparation for litigation—a determination that, as
you note, would preclude use of an ethical screen—reinforces Facebook's concerns about the
inadequacy of your firm's conflicts check and its failure to take the other preventive measures
required by the ethics rules.  We would be glad to set up a call for tomorrow morning, May 6,
2021, to discuss this matter further.  But as noted in my prior letter, if Keller Lenkner does not
commit to withdrawing from its representation of the putative class by noon PT tomorrow,
Facebook intends to file a motion to disqualify.



Sincerely,


Sonal N. Mehta