<u>**VIA CM/ECF FILING**</u>

May 14, 2021

The Honorable Virginia K. DeMarchi
Robert F. Peckham Federal Building
Courtroom 2 – 5th Floor
280 South 1st Street
San Jose, CA 95113

Re:   Joint Discovery Letter Brief Concerning Dispute Regarding Entry of FRE 502(d) Order in <u>Maximilian Klein et al. v. Facebook, Inc.; Case No. 5:20-cv-08570-LHK (N.D. Cal.)</u>

Dear Judge DeMarchi:

Pursuant to Section 4 of the Court's Standing Order for Civil Cases, the Consumer Plaintiffs, the Advertiser Plaintiffs, and Defendant Facebook, Inc. ("Facebook") respectfully request that the Court resolve a dispute concerning the entry of an FRE 502(d) Clawback Order[1] that will govern discovery in these consolidated actions.[2]

<u>**STATEMENT OF THE DISPUTE**</u>

The parties have met and conferred in good faith and agree on the parameters of a Clawback Order. But, the parties disagree as to the appropriate terms for several of the Clawback Order's specific provisions. These provisions—and the parties respective positions regarding them—are set forth below.

**A.    Paragraph 1**

**1.    <u>Plaintiffs' Position</u>**

The Clawback Order should apply only to *inadvertent* productions. Facebook's proposal would allow a party to clawback *intentionally* produced documents. But "[c]law–back provisions . . . govern only waivers by inadvertent disclosure." *Hologram USA, Inc. v. Pulse Evolution Corp.*,

---

[1] Attached hereto are Ex. A (a redline of the differences between the parties' proposed Clawback Order); Ex. B (Plaintiffs' proposed Clawback Order); and Ex. C (Facebook's proposed Clawback Order).

[2] The parties previously stipulated to an interim Clawback Order for the sole purpose of facilitating Facebook's Court-ordered production of documents that Facebook previously produced to certain governmental entities. *See* Dkt. 90. The interim Clawback Order was agreed to without prejudice to either party seeking different, additional, or fewer provisions in the final Clawback Order. *Id.* The parties agreed to exchange their final positions on the final Clawback Order by May 7, 2021, and to jointly submit any disputes to the Court in writing by May 14. *Id.*

2016 WL 3654285, at *2 (D. Nev. July 5, 2016); *Hostetler v. Dillard*, 2014 WL 6871262, at *4 (S.D. Miss. Dec. 3, 2014) ("[T]he purpose and intent of Rule 502 is to protect litigants from inadvertent disclosures."). Facebook's proposal would preclude or severely prejudice waiver challenges. *Hologram*, 2016 WL 3654285, at *2 (clawback provisions "are intended to override the common law as to inadvertent disclosure, not displace the entire common law concerning privilege."); *Smith v. Best Buy Stores, L.P.*, 2017 WL 3484158, at *2, *4 (D. Idaho Aug. 14, 2017) (clawback provision that would apply to intentional disclosures "would eviscerate the long-standing doctrine regarding selective privilege waivers and Rule 502's stated purpose.").

### 2. Facebook's Position

Plaintiffs seek to limit this agreement to "inadvertent" production or disclosure of documents. But that restriction (1) invites future disputes as to what qualifies as "inadvertent"; (2) unduly narrows the scope of the Rule 502(d) protections; (3) is inconsistent, unnecessary, and conflates the issue in view of the specific provisions agreed to by the parties; and (4) ignores that 502(b) includes a separate provision, never discussed by the parties, regarding inadvertent productions and a reasonable steps analysis. Plaintiffs' concern that the proposal would "preclude or severely prejudice waiver challenges," and allow for the intentional production of privileged documents, is misplaced. If a party intentionally relies on privileged materials, the other side could of course argue waiver. But the specific provisions of the Order should control as set forth in the Order itself, without the uncertainty, or potential future dispute, as to whether the production is "inadvertent." Indeed, that uncertainty would undermine the very purpose of Rule 502(d), which is to give parties confidence that they can produce documents—like Facebook's re-production of 12 million pages of documents without re-review for privilege—without risking waiver in this or any other case by the mere act of production.

## B. Section 2 and Section 5

### 1. Plaintiffs' Position

Plaintiffs propose allowing the receiving party to "sequester" a document claimed to be privileged, only to challenge the clawback. Facebook's proposal requires the "return" or "destruction" of documents.

Plaintiffs' proposal is supported by Rule 26[3] and this Court's prior guidance. This Court has expressly authorized a receiving party—upon receiving a clawback notice—to retain the purportedly-protected document pending the Court's adjudication of the challenge. *See Doe 1 v. McAleenan*, 2019 WL 4963196, at *6 (N.D. Cal. Oct. 8, 2019) (DeMarchi, J.).

Moreover, the Clawback Order should allow the receiving party to use the purportedly protected document to challenge the clawback. Such procedures are commonplace and efficiently allow the Court to resolve challenges. *BlackRock Allocation Target Shares: Series S Portfolio v. Wells Fargo Bank, Nat'l Ass'n*, 2017 WL 953514, at *1 (S.D.N.Y. Mar. 9, 2017) (receiving party

---

[3] Fed. R. Civ. P. 26(b)(5)(B) (following clawback, "***a party must promptly*** return, ***sequester***, or destroy the specified information and any copies it has; . . . and may promptly ***present the information to the court under seal*** for a determination of the claim.") (emphases added).

"submitt[ed] under seal seven documents that [the producing party had] designated as privileged" and "previously clawed back[.]"); *Burnett v. Ford Motor Co.*, at *1–2 (S.D.W.Va. Apr. 15, 2015) (receiving party lodged producing party's clawed-back document with the court "solely to facilitate a ruling on [its] challenge[.]"); *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, 2020 WL 8465433, at *1 (S.D.N.Y. Oct. 30, 2020).[4]

Plaintiffs further propose that where a producing party claws back more than 100 documents in 7 days, the receiving party shall be provided 7 additional business days to notify the producing party of its challenge to the Clawback Notice (increasing the time for challenge from 14 business days to 21 business days). Facebook objects on the grounds that the receiving party should not review a document following a Clawback Notice. A receiving party (and the Court) must be able to review a clawed back document, however, to determine the merits of any challenge.

Plaintiffs propose that when a disagreement is submitted to the Court, the moving party must attach for *in camera* review a copy of the documents at issue, consistent with the dispute resolution procedure provided by the Court's Standing Order for Civil Cases, which requires attachment of the specific discovery material at issue. §4(c)(vi).

### 2. **Facebook's Position**

A receiving party must not use or disclose protected documents identified in a clawback notice for any reason, including for the purposes of challenging the clawback notice itself. Documents identified in a clawback notice must be either returned to the producing party or destroyed. Sequestration is simply insufficient. *See Stinson v. City of New* York, 2014 WL 5090031, at *3 (S.D.N.Y. Oct. 10, 2014) (plaintiffs could not retain documents identified in clawback, even solely for the purpose of litigating clawback); *BNP Paribas Mortg. Corp. v. Bank of Am., N.A.*, 2013 WL 2322678, at *12 (S.D.N.Y. May 21, 2013) (enforcing that "a party receiving a clawback request is to refrain from any further use or review . . . and to return or destroy the subject documents"); *see also Chase Manhattan Bank v. Turner & Newall*, 964 F.2d 159, 165 ("If opposing counsel is allowed access to information arguably protected by privilege before an adjudication as to whether privilege applies, a pertinent aspect of confidentiality will be lost . . ."); *Peterson v. PNC Bank*, 2019 WL 2022446, at *1, *2 (M.D. Fla. May 8, 2019) (disqualifying attorneys who promised to sequester potentially privileged material and instead "improperly" used it). This approach reinforces the purpose of a 502(d) order, which gives a party the assurance that if it produces millions of pages of documents, as Facebook has already done, it will be protected from any disclosure of protected material.

Plaintiffs' proposal provides no such assurance.

---

[4] Facebook cites *Stinson v. City of New York* for the proposition that clawed back documents should be returned, but even there, the court allowed plaintiffs to "rely on any information learned" from review of the documents prior to the clawback for purposes of challenging the clawback. 2014 WL 5090031, at *4 (S.D.N.Y. Oct. 10, 2014); *see also BNP Paribas Mortg. Corp. v. Bank of Am., N.A.*, 2013 WL 2322678, at *12 (S.D.N.Y. May 21, 2013) (merely enforcing protective order already in place); *Chase Manhattan Bank, N.A. v. Turner & Newall, PLC*, 964 F.2d 159, 165 (not even involving clawed back documents).

First, Plaintiffs' proposed rule would allow parties to retain and sequester the other party's protected documents. This proposal fails to protect privileged and protected information, especially given the volume and nature of documents that have been and may be produced in this case.

Second, Plaintiffs seek to use the protected documents identified in a clawback notice to challenge the clawback itself. This is in direct contravention to the "baseline principles for the protection of privileged documents and attorney conduct." *Stinson*, 2014 WL 5090031, at *3. Once identified, protected documents cannot be used for any purpose—they must be returned or destroyed. *See Barajas v. Abbott Lab'ys, Inc.*, No. 18-CV-00839-EJD (VKD), 2018 WL 4231937, at *4 (N.D. Cal. Sept. 6, 2018) (explaining that attorneys "have an ethical duty to avoid reviewing or using obviously privileged or protected material"). Plaintiffs' reliance on *Doe* and *Blackrock* is misguided. In *Doe 1 v. McAleenan*, the procedure allowing a receiving party to retain a protected document pending a challenge was implemented only after a party had apparently abused the clawback process. *See* 2019 WL 4963196, at *6 (N.D. Cal. Oct. 8, 2019). And in *BlackRock Allocation Target Shares v. Wells Fargo Bank*, a party only submitted exemplar documents designated as privileged after the court expressly asked for them to adjudicate the clawback challenge. 2017 WL 953514, at *1 (S.D.N.Y. Mar. 9, 2017).

Third, Plaintiffs request an additional seven business days to challenge clawbacks of more than 100 documents noticed in a seven-day period. But Plaintiffs are not permitted to review, circulate, or in any way use documents identified as protected, so the decision to challenge a clawback notice is entirely independent of the number of documents identified therein. There is no reason a party would need more time, whether there 1, 10, or 100 identified documents.

Fourth, Plaintiffs propose that when a disagreement is submitted to the Court, the moving party must attach it for *in camera* review. If the Court seeks to review documents *in camera*, it is the producing party that should provide them, not the receiving party. That is the whole point of *in camera* review.

**C.    Section 3**

**1.    Plaintiffs' Position**

Section 3 obligates the receiving party to provide a Production Notice within four business days of discovering documents that it reasonably believes may be privileged or protected, to place the producing party on notice.

Plaintiffs propose a reciprocal obligation on the producing party, such that if the producing party seeks to clawback a document identified in a Production Notice, it must likewise do so within four business days of receiving a Production Notice, by serving a Clawback Notice (thereby triggering the procedures in Section 2). Facebook proposes that the producing party *has no deadline* to serve a Clawback Notice after receiving a Production Notice. This is unworkable— the producing party cannot indefinitely limit the receiving party's use of a document, by refusing to state whether it is subject to a claim of privilege.

4

Plaintiffs additionally propose that although "the receiving party promptly shall stop reading or reviewing" a document that it reasonably believes is or may be privileged, an exception should apply for the *limited* purpose of challenging the Clawback Notice.

### 2. **Facebook's Position**

Facebook's proposal removes needless time constraints placed on the producing party for responding to a Production Notice. As the potential holder of any privileges or protections, it should be the province of the producing party to conduct the necessary investigation into whether a clawback is appropriate, which may take more or less time depending on the circumstances. And because it is in the interest of the producing party to move quickly, there is no legitimate concern that the producing party would drag its feet.

Facebook's proposal also eliminates the ability of the receiving party to sequester a document following a clawback notice. *See* Section B *supra*.

**D.     Section 4**

### 1. **Plaintiffs' Position**

Deposition Procedures. Facebook demands that a producing party be able to "object to the use of [a] Protected Document[5] at [a] deposition, in which case no questions may be asked and no testimony may be given relating to the Protected Document or the privileged or protected portion of the Document . . ." Plaintiffs object for two reasons:

*First*, Facebook contends that it may clawback *entire* documents during depositions, as opposed to only the purportedly privileged *portion* of the document. This is not the law. *See Arconic Inc. v. Novelis Inc.*, 2019 WL 911417, at *2 (W.D. Pa. Feb. 26, 2019) ("if the clawed back documents can be redacted [at depositions], [the producing party] must do so" and "[a]ny facts contained in the documents cannot be redacted" on basis of attorney-client privilege).

*Second*, Facebook contends that the producing party may unilaterally cut off questioning "relating" to a purportedly protected document (including, apparently, non-protected portions of the document) until resolution by the Court. While the producing party may instruct the witness not to answer, or object to the use of the portion of the document that is purportedly protected, Facebook's position that it may cut off questioning it deems "relat[ed]" to a document that is purportedly privileged in part, is a bridge too far. Plaintiffs are entitled to ask their questions, and should not be precluded from doing so in the context of a 502(d) agreement. *See Kaiser v. Mut. Life Ins. Co. of New York*, 161 F.R.D. 378, 380 (S.D. Ind. 1994) ("deponents are expected . . . to assert their objections during the deposition and to allow questioning parties to develop circumstantial facts in order to explore the propriety of the assertion of the privilege, immunity, or other objection."); *accord Alexander v. F.B.I.*, 186 F.R.D. 21, 46 (D.D.C. 1998). To allow Facebook to cut off Plaintiffs' questioning would substantially prejudice Plaintiffs' ability to make

---

[5] Defined by Plaintiffs in paragraph 1 of the Clawback Order as inadvertently produced documents protected from discovery.

5

waiver arguments. Facebook's proposal would also create unworkable deposition practice, yielding additional disputes for the parties and this Court.

Clawback of Deposition Testimony. Facebook demands that a party be able to clawback deposition testimony within 10 business days of receipt of a *final* deposition transcript. As a compromise, Plaintiffs propose 10 business days following receipt of the *rough* transcript.

Facebook's proposal, which would allow the clawback of deposition testimony 6-plus weeks after the fact, is too long. "[C]ourts have emphasized that clawback requests should be made immediately, with delays of even a few weeks determined to be too long, much less nearly two months[.]" *Mycone Dental Supply Co Inc v. Creative Nail Design Inc*, 2013 WL 4758053, at *3 (N.D. Cal. Sept. 4, 2013) (internal citations omitted); *see also Atronic Int'l, GMBH v. SAI Semispecialists of Am., Inc.*, 232 F.R.D. 160, 165 (E.D.N.Y. 2005) (six day delay between discovery of disclosure and clawback request weighed in favor of waiver); *Arconic*, 2019 WL 991417, at *2 (rejecting arguments that clawback order "sets no time limits on when such privilege can be asserted" and allows producing party "the right to claw back any document at any time – even at trial.").

Clawback of Used Documents. The parties agree that any document used in a deposition or court filing will not be eligible for clawback if not clawed back within 10 business days. Plaintiffs propose that this provision should likewise include documents used in expert reports. It would be fundamentally unfair for a producing party to fail to timely clawback a document relied upon by the receiving party's expert.

### 2. **Facebook's Position**

Facebook objects to Plaintiffs' proposal that a deponent can continue to use privileged or protected materials in depositions after an assertion of privilege.

There is no dispute that if a claim of privilege is made as to entire document used in a deposition, the document is clawed back and cannot be used. The parties' dispute is over how to handle a deposition exhibit that is subject to only a partial claim of privilege.

This should not be controversial. If, during a deposition, a producing party asserts that a document contains material that is privileged or protected, the producing party should of course have the option to object to the use of the protected document at the deposition and stop examination on the document until the matter has been resolved. Under Plaintiffs' proposal, the questioning lawyer could continue to use the non-privileged portions of the document to question the witness, even though the document is subject to a claim of privilege. That makes no sense. The solution is simple and one that is used regularly in depositions: if it is practical to redact privileged portions of a document during a break or over the course of the deposition, the producing party should do so and questioning can proceed on the redacted document. This happens in depositions all the time. Indeed, parties are incentivized to do just this to avoid having the witness brought back for additional testimony. If that is not possible, then questioning should stop until the matter is resolved. And if it turns out the document was improperly clawed back, the parties' proposed order already necessitates that the witness shall be made available again as soon as practicable after the Court's decision. As a result, there is no scenario in which Facebook's

proposed rule would prevent a receiving party from asking questions about materials that are appropriate to use in a given witness's deposition.

Facebook disagrees that any document used in expert reports should not be eligible for clawback if not clawed back within 10 business days. The parties have yet to agree on an expert stipulation, so inclusion of expert reports in this provision is premature. In any event, 10 business days may not be long enough to identify whether a receiving party's expert has relied on a document subject to a claw back depending on the number of experts, number of documents, or types and amounts of information relied upon.

E.      **Section 6**

  1.      **Plaintiffs' Position**

Plaintiffs propose clarifying language that the Clawback Order does not operate to waive privileges other than based on the inadvertent production of documents.

Plaintiffs further request a clarification that the Clawback Order is without prejudice to either party's ability to request fees, costs, or expenses based on unreasonable or excessive clawbacks, where appropriate.

  2.      **Facebook's Position**

Plaintiffs' miscellaneous provisions are unnecessary and inappropriate in a vacuum. The proposed order is clear as to its scope. It does not authorize, but also does not waive, other arguments or requested relief that may be appropriate to raise with the Court. Consistent with this Court's prior rulings in the context of protective orders, to the extent language is unnecessary, or relates to speculative or potential issues, those issues should be addressed at the time, and the Court should take those up as they arise.

## NEED FOR HEARING

Plaintiffs defer to the Court regarding the need for a hearing. To the extent the Court feels that a hearing would assist it in resolving the parties' dispute, Plaintiffs will present these issues to the Court at the Court's convenience.

Given the significance of the disputes to the course of discovery in this case—including the burdens of privilege review and the critical protections that this 502(d) order is intended to provide—Facebook requests oral argument on the parties' disputes.

## RELEVANT DATES

The fact discovery cut-off for these consolidated actions is September 2, 2022. Dkt. 87. The expert discovery cut-off for these consolidated actions is November 4, 2022. *Id.*

## **COMPLIANCE WITH LEAD COUNSEL MEETING REQUIREMENT**

The parties conferred about this dispute by Zoom conference on May 6, 2021. Participants included: Stephen Swedlow and Shana Scarlett (Co-Lead Interim Consumer Class Counsel); Yavar Bathaee and Kristen Anderson (Co-Lead Interim Advertiser Class Counsel); and Sonal Mehta and David Gringer (lead counsel for Facebook). Additional Plaintiffs' counsel attended.

DATED: May 14, 2021

By: */s/ Yavar Bathaee*
**BATHAEE DUNNE LLP**
Yavar Bathaee (Bar No. 282388)
  yavar@bathaeedunne.com
Edward N. Grayman (admitted *pro hac vice*)
  egrauman@bathaeedunne.com
Andrew C. Wolinsky (admitted *pro hac vice*)
  awolinsky@bathaeedunne.com
445 Park Avenue, 9th Floor
New York, NY 10022
(332) 206-7668

Brian J. Dunne (Bar No. 275689)
  bdunne@bathaeedunne.com
633 West Fifth Street, 26th Floor
Los Angeles, CA 90071
(213) 462-2772


By: */s/ Kristen M. Anderson*
**SCOTT + SCOTT ATTORNEYS AT LAW LLP**
Kristen M. Anderson (Bar No. 246108)
  kanderson@scott-scott.com
230 Park Avenue, 17th Floor
New York, NY 10169
(212) 223-6444

Christopher M. Burke (Bar No. 214799)
  cburke@scott-scott.com
David H. Goldberger (Bar No. 225869)
  dgoldberger@scott-scott.com
Yifan (Kate) Lv (Bar No. 302704)
  klv@scott-scott.com
600 W. Broadway, Suite 3300
San Diego, CA 92101
(619) 233-4565

Respectfully submitted,

By: */s/ Stephen A. Swedlow*
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Stephen A. Swedlow (admitted *pro hac vice*)
  stephenswedlow@quinnemanuel.com
Michelle Schmit (admitted *pro hac vice*)
  michelleschmit@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606-1881
(312) 705-7400

Kevin Y. Teruya (Bar No. 235916)
  kevinteruya@quinnemanuel.com
Adam B. Wolfson (Bar No. 262125)
  adamwolfson@quinnemanuel.com
Brantley I. Pepperman (Bar No. 322057)
  brantleypepperman@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
(213) 443-3000

Manisha M. Sheth (admitted *pro hac vice*)
  manishasheth@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, New York 10010
(212) 849-7000


By: */s/ Shana E. Scarlett*
**HAGENS BERMAN SOBOL SHAPIRO LLP**
Shana E. Scarlett (Bar No. 217895)
  shanas@hbsslaw.com
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
(510) 725-3000

Steve W. Berman (admitted *pro hac vice*)
  steve@hbsslaw.com
1301 Second Avenue, Suite 2000
Seattle, WA 98101
(206) 623-7292

Patrick J. McGahan (admitted *pro hac vice*)
  pmcgahan@scott-scott.com
Michael P. Srodoski (admitted *pro hac vice*)
  msrodoski@scott-scott.com
156 South Main Street, P.O. Box 192
Colchester, CT 06415
(860) 537-5537


**AHDOOT & WOLFON, PC**
Tina Wolfson (Bar No. 174806)
  twolfson@ahdootwolfson.com
Robert Ahdoot (Bar No. 172098)
  rahdoot@ahdootwolfson.com
Theodore W. Maya (Bar No. 223242)
  tmaya@ahdootwolfson.com
Rachel Johnson (Bar No. 331351)
  rjohnson@ahdootwolfson.com
2600 West Olive Avenue, Suite 500
Burbank, CA 91505
(310) 474-9111


**LEVIN SEDRAN & BERMAN LLP**
Keith J. Verrier (admitted *pro hac vice*)
  kverrier@lfsblaw.com
Austin B. Cohen (admitted *pro hac vice*)
  acohen@lfsblaw.com
510 Walnut Street, Suite 500
Philadelphia, PA 19106-3997
(215) 592-1500

*Interim Counsel for the Advertiser Class*

**KELLER LENKNER LLC**
Warren Postman (Bar No. 330869)
  wdp@kellerlenkner.com
Jason Ethridge (admitted *pro hac vice*)
  jason.ethridge@kellerlenkner.com
1300 I Street, N.W., Suite 400E
Washington, DC 20005
(202) 918-1123

Ashley Keller (admitted *pro hac vice*)
  ack@kellerlenkner.com
Ben Whiting (admitted *pro hac vice*)
  ben.whiting@kellerlenkner.com
Jason A. Zweig (admitted *pro hac vice*)
  jaz@kellerlenkner.com
150 N. Riverside Plaza, Suite 4270
Chicago, IL 60606
(312) 741-5220


**LOCKRIDGE GRINDAL NAUEN P.L.L.P.**
W. Joseph Bruckner (admitted *pro hac vice*)
  wjbruckner@locklaw.com
Robert K. Shelquist (admitted *pro hac vice*)
  rkshelquist@locklaw.com
Brian D. Clark (admitted *pro hac vice*)
  bdclark@locklaw.com
Rebecca A. Peterson (Bar No. 241858)
  rapeterson@locklaw.com
Arielle S. Wagner (admitted *pro hac vice*)
  aswagner@locklaw.com
Stephanie A. Chen (admitted *pro hac vice*)
  sachen@locklaw.com
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
(612) 339-6900

*Interim Counsel for the Consumer Class*

By: */s/ Sonal N. Mehta*
**WILMER CUTLER PICKERING HALE AND DORR LLP**
Sonal N. Mehta (Cal. Bar No. 222086)
  Sonal.Mehta@wilmerhale.com
2600 El Camino Real, Suite 400
Palo Alto, PA 94306
(650) 858-6000

David Z. Gringer (admitted *pro hac vice*)
  David.Gringer@wilmerhale.com
1875 Pennsylvania Avenue NW
Washington, DC 20006
(202) 663-6000

*Attorneys for Defendant Facebook, Inc.*

## **SIGNATURE ATTESTATION**

I am the ECF User whose identification and password are being used to file the foregoing. Pursuant to Civil Local Rule 5-1(i), I hereby attest that the other signatories have concurred in this filing.

Dated: May 14, 2021        By:   */s/ Stephen A. Swedlow*
                                                      Stephen A. Swedlow