# EXHIBIT A

| | |
|---|---|
| 1  **QUINN EMANUEL URQUHART & SULLIVAN, LLP** | SONAL N. MEHTA (SBN 222086) |
| 2  Stephen A. Swedlow (admitted *pro hac vice*) | Sonal.Mehta@wilmerhale.com |
|     stephenswedlow@quinnemanuel.com | **WILMER CUTLER PICKERING** |
| 3  191 N. Wacker Drive, Suite 2700 |  **HALE AND DORR LLP** |
|    Chicago, IL 60606 | 950 Page Mill Road |
| 4  (312) 705-7400 | Palo Alto, California 94303 |
|    **HAGENS BERMAN SOBOL SHAPIRO LLP** | Telephone: (650) 858-6000 |
| 5  Shana E. Scarlett (Bar No. 217895) | Facsimile:  (650) 858-6100 |

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Stephen A. Swedlow (admitted *pro hac vice*)
  stephenswedlow@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
(312) 705-7400

**HAGENS BERMAN SOBOL SHAPIRO LLP**
Shana E. Scarlett (Bar No. 217895)
  shanas@hbsslaw.com
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
(510) 725-3000

*Interim Co-Lead Consumer Class Counsel*

**BATHAEE DUNNE LLP**
Yavar Bathaee (Bar No. 282388)
  yavar@bathaeedunne.com
445 Park Avenue, 9th Floor
New York, NY 10022
(332) 205-7668

**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
Kristen M. Anderson (Bar No. 246108)
  kanderson@scott-scott.com
230 Park Avenue, 17th Floor
New York, NY 10169
(212) 233-6444

*Interim Co-Lead Advertiser Class Counsel*

SONAL N. MEHTA (SBN 222086)
  Sonal.Mehta@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
950 Page Mill Road
Palo Alto, California 94303
Telephone: (650) 858-6000
Facsimile:  (650) 858-6100

DAVID Z. GRINGER (*pro hac vice*)
  David.Gringer@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
1875 Pennsylvania Ave NW
Washington, DC 20006
Telephone:  (202) 663-6000
Facsimile:   (202) 663-6363

*Attorneys for Defendant Facebook, Inc.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| MAXIMILIAN KLEIN and SARAH GRABERT, individually and on behalf of all other similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FACEBOOK, INC., a Delaware Corporation headquartered in California,<br><br>Defendant. | Case No. 5:20-cv-08570-LHK<br><br>[~~PLAINTIFFS~~**FACEBOOK**'S PROPOSED] FEDERAL RULES OF EVIDENCE 502(D) CLAWBACK ORDER<br><br>Judge: Hon. Virginia K. DeMarchi |

[~~PLAINTIFFS~~**FACEBOOK**'S PROPOSED] FEDERAL RULES OF EVIDENCE 502(D) CLAWBACK ORDER
CASE NO. 5:20-cv-08570-LHK

Pursuant to Federal Rules of Evidence 502(d), the ~~inadvertent~~ production or disclosure of any documents and accompanying metadata ("Protected Documents"), protected from discovery, including under the attorney-client privilege, work product doctrine, opinion work product doctrine, the joint defense or common interest privilege, privacy laws and regulations, or any other immunity from discovery (collectively "privilege or protection"), does not result in the waiver of any privilege or protection, including subject matter waiver, associated with such Protected Documents as to the receiving party or any third parties in this or in any other state or federal proceeding regardless of the circumstances of production. This Order provides the maximum protection allowed by Federal Rule of Evidence 502(d) with regard to Protected Documents. Federal Rule of Evidence 502(b) does not apply to any disputes regarding Protected Documents, and instead this Stipulated 502(d) Order governs all disputes regarding Protected Documents produced in this litigation. Nothing contained herein requires the production of Protected Documents.

### 1. CLAWBACK AGREEMENT

In the event that a producing party discovers that it produced Protected Document(s), it shall provide written notice of the claim of privilege or protection to the receiving party (a "Clawback Notice"), sufficiently identifying the Protected Document(s) within a reasonable time.

As soon as practicable or within a reasonable time after providing the Clawback Notice, the producing party shall provide (i) if only a portion of the document contains privileged or protected material, a new copy of the document utilizing the same bates number(s) as the original that has been redacted to protect the privilege or protected material; or (ii) if the entire document is privileged or protected, a slip sheet identifying the same bates number(s) as the original noting that the document has been withheld. Any Protected Document that is the subject of a Clawback Notice will be included on a privilege log if and as required by the privilege-logging procedures agreed to by the parties or ordered by the Court.

### 2. PROCEDURES FOLLOWING CLAWBACK NOTICE

a) Within ten (10) business days of receipt of a Clawback Notice (regardless of whether the receiving party agrees with or plans to challenge the producing party's claim of privilege or protection), the receiving party must use reasonable efforts to return~~, sequester,~~ or destroy the Protected Document(s), all copies thereof, and any notes that reproduce, copy, or otherwise disclose the substance of the Protected Documents and certify to the producing party when this return~~, sequestration,~~ or destruction is complete.

b) If a receiving party challenges a claim that a Protected Document specified in a Clawback Notice is privileged or protected, the receiving party shall notify the producing party of its challenge within 14 business days of receiving the Clawback Notice.  ~~However, to the extent a Producing Party seeks to claw back more than 100 documents within a 7-day period, the Receiving Party shall be provided with an additional 7 business days to challenge the Clawback Notice.~~

c) Within 14 business days of the producing party receiving notification of the challenge, the parties shall meet and confer in an effort to resolve their disagreement.  If the parties are unable to resolve their disagreement, ~~they shall comply~~<u>either party may submit the issue to the Court for a determination.  Any such disputes must be brought to the Court in compliance</u> with the discovery dispute resolution procedure outlined in Judge DeMarchi's Standing Order for Civil Cases. ~~If such a motion is made, the parties shall submit to the Court for *in camera* review a copy of the Protected Documents in connection with its motion papers.~~

d) The receiving party must not ~~otherwise~~ use or disclose the Protected Document(s) covered by the Clawback Notice during the time in which the receiving party is challenging the Protected Document(s).

e) The parties may stipulate to extend the time periods set forth in paragraphs (a)-(c) as appropriate.

3. **<u>PROCEDURE UPON DISCOVERY BY A RECEIVING PARTY OF PRODUCED PROTECTED DOCUMENTS</u>**

---

[~~PLAINTIFFS~~<u>FACEBOOK</u>'<u>S</u> PROPOSED] FEDERAL RULES OF EVIDENCE 502(D) CLAWBACK ORDER
CASE NO. 5:20-cv-08570-LHK

<u>ActiveUS 187498361v.1</u>

1    In the event that a receiving party discovers that it has received or examined Document(s) that it reasonably believes are or may be privileged or protected, the receiving party promptly shall stop reading or reviewing the document ~~(with the exception of for the limited purpose of challenging a Clawback Notice)~~ and (i) sequester the Document(s), and (ii) within four business days of such discovery, notify the producing party of the possible production or disclosure by identifying the bates range(s) of the Document the receiving party reasonably believes are or may be privileged or protected, and were or may have been produced or disclosed (a "Production Notice").  Upon the producing party receiving a Production Notice, if the producing party determines that the subject documents are privileged or protected, and ~~timely~~ serves a Clawback Notice ~~within four business days of receipt of the Production Notice~~, the receiving party shall use reasonable efforts to return~~, sequester,~~ or destroy the Protected Document(s) as described in Section 2 above, and the producing party shall promptly provide any replacement images as described in Section 2 above.

### 4. PROCEDURES DURING DEPOSITION AND HEARING

a)   If, during a deposition, a producing party claims that a document being used in the deposition (e.g., marked as an exhibit, shown to the witness<u>, or made the subject of examination</u>) contains material that is privileged or protected, the producing party may, in its sole discretion, do one or more of the following: (a) allow the Protected Document to be used during the deposition without waiver of any claim of privilege or protection; (b) allow questioning about the Protected Document but instruct the witness not to answer questions concerning the parts of the Protected Document containing privileged or protected material; or (c) object to the use of the <u>Protected Document at the deposition, in which case no questions may be asked and no testimony may be given relating to the Protected Document or the</u> privileged or protected portion of the ~~Protected~~ Document ~~at the deposition~~<u>until the matter has been resolved by agreement or by the Court</u>.  In all events, once the Protected Document is no longer in use at the deposition, the receiving party shall immediately sequester all copies of the Protected Document.  As to any testimony subject to a

claim of privilege or protection, the producing party shall serve a Clawback Notice within ten business days after receipt of the ~~rough~~ final transcript of the deposition, after which the parties shall follow the procedures set forth in Sections 2 and 3, as applicable.  Pending determination of any challenge to such a Clawback Notice, all parties with access to the deposition transcript shall treat the relevant testimony in accordance with Section 2(d).  In the event the Court decides the clawback dispute in the receiving party's favor and the receiving party was denied the opportunity to examine a witness as to the materials at issue, the witness shall be made available as soon as practicable after the Court's decision.

      b)  If a receiving party uses discovery materials in a brief or at a hearing ~~(other than in papers referred to in Section 2(c) above)~~, and the producing party has not served a Clawback Notice as to those materials in advance of the briefing event or hearing, the producing party must promptly object and serve a Clawback Notice within ten business days of receipt of the briefing or the hearing.  Thereafter, the procedures set forth in Section 2 apply.  To the extent any privileged or protected material is placed into the public record in connection with briefing or a hearing, and the Producing Party timely serves a Clawback Notice, the receiving party shall (a) withdraw the portion of the briefing and exhibits that contain privileged or protected material, (b) request the court seal that material, or (c) join or not oppose a motion to seal the privileged or protected material.

      c)  Notwithstanding the foregoing, any document used by any Party in a deposition~~,~~ ~~expert report,~~ or court filing in this action ~~(with the exception of a motion pursuant to Section 2(c) above)~~, that a Producing Party does not clawback within ten business days of use ("Used Document") shall not be eligible for clawback under this Order.  Such ineligibility for clawback of that document under this Order shall not result in a subject matter waiver in any other state or federal proceeding.

**5.   PROHIBITION ON USE OF PRIVILEGED INFORMATION**

1    To the extent any party is aware that it has obtained Protected Documents, has received a
2    Clawback Notice, or it is reasonably apparent that the party has obtained privileged or protected
3    information through production, disclosure, or communications, such Protected Documents and/or
4    information may not be submitted to the Court, presented for admission into evidence, or sought in
5    discovery in this proceeding or in any other proceeding or action ~~(with the exception of a motion~~
6    ~~pursuant to Section 2(c) above)~~. The party must promptly notify the opposing party of its
7    possession of such privileged information and certify the return~~, sequestration,~~ or destruction of
8    the Protected Documents and/or information ~~within a reasonable time~~ as described in
9    ~~Sections~~ Section 2 and 3 above.

   ~~6.  **MISCELLANEOUS**~~

   ~~a) A party is not precluded by this Stipulation and Order from arguing that a privileged protection has been waived for reasons other than the production of a document or information subsequently clawed back in accordance with the terms of this Stipulation and Order.~~

   ~~b) Nothing in this Stipulation and Order is intended to preclude either party from seeking fees or expenses associated with unreasonable or excessive clawback of documents.~~

1  PURSUANT TO STIPULATION, IT IS SO ORDERED.

3  DATED: _____  _____
4                                                        <u>Hon.</u> Virginia K. DeMarchi
                                                         United States Magistrate Judge