# EXHIBIT B

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Stephen A. Swedlow (admitted *pro hac vice*)
  stephenswedlow@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
(312) 705-7400
**HAGENS BERMAN SOBOL SHAPIRO LLP**
Shana E. Scarlett (Bar No. 217895)
  shanas@hbsslaw.com
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
(510) 725-3000

*Interim Co-Lead Consumer Class Counsel*

**BATHAEE DUNNE LLP**
Yavar Bathaee (Bar No. 282388)
  yavar@bathaeedunne.com
445 Park Avenue, 9th Floor
New York, NY 10022
(332) 205-7668
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
Kristen M. Anderson (Bar No. 246108)
  kanderson@scott-scott.com
230 Park Avenue, 17th Floor
New York, NY 10169
(212) 233-6444

*Interim Co-Lead Advertiser Class Counsel*

SONAL N. MEHTA (SBN 222086)
  Sonal.Mehta@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
950 Page Mill Road
Palo Alto, California 94303
Telephone: (650) 858-6000
Facsimile:  (650) 858-6100

DAVID Z. GRINGER (*pro hac vice*)
  David.Gringer@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
1875 Pennsylvania Ave NW
Washington, DC 20006
Telephone:  (202) 663-6000
Facsimile:  (202) 663-6363

*Attorneys for Defendant Facebook, Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

MAXIMILIAN KLEIN and SARAH GRABERT, individually and on behalf of all other similarly situated,

                             Plaintiffs,

     v.

FACEBOOK, INC., a Delaware Corporation headquartered in California,

                             Defendant.

Case No. 5:20-cv-08570-LHK

**[PLAINTIFFS' PROPOSED] PROTECTIVE ORDER**

Judge: Hon. Virginia K. DeMarchi

1. <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 11.4, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2. <u>DEFINITIONS</u>

2.1   <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2   <u>"CONFIDENTIAL" Information or Items</u>: any trade secret or other confidential research, development, or commercial information, as such terms are used in Fed. R. Civ. P. 26(c)(1)(G), or any document, transcript, or other material containing such information that has not been published or otherwise made publicly available as a result of publication not involving a violation of this Order. This includes (i) information copied or extracted, summarized or compiled from Confidential Information, and (ii) testimony, conversations, or presentations by Parties or their Counsel that might reveal Confidential Information.

2.3   <u>Counsel (without qualifier)</u>: Outside Counsel and In-House Counsel (as well as their support staff).

2.4   <u>Designated In-House Counsel</u>: means six In-House Counsel designated by Defendant who are authorized to access Highly Confidential Information pursuant to Section 7.3(b) or additional In-House Counsel who may be authorized to access Highly Confidential Information pursuant to Section 7.6 of this Order.

2.4     <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

2.5     <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6     <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation, including employees of the firm with which the expert is associated or independent contractors who assist the expert's work in this action, who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action.

2.7     <u>"HIGHLY CONFIDENTIAL" Information or Items</u>: Confidential Information or Items that, if disclosed, is likely to cause material and significant harm to a Protected Person. This includes (i) information copied or extracted, summarized or compiled from Highly Confidential Information, and (ii) testimony, conversations, or presentations by Protected Persons or their Counsel that might reveal Highly Confidential Information.

Highly Confidential Information includes trade secrets, including algorithms and source code; non-public, commercially sensitive customer lists; non-public financial, marketing, or strategic business planning information; current or future non-public information regarding prices, costs, or margins; information relating to research, development, testing of, or plans for existing or proposed future products; evaluation of the strengths and vulnerabilities of a Protected Person's product offerings, including non-public pricing and cost information; confidential contractual terms, proposed contractual terms, or negotiating positions (including internal deliberations about negotiating positions) taken with respect to Defendant or competitors to Defendant; information relating to pending or abandoned patent applications that have not been made available to the public; personnel files; sensitive personally identifiable information; and communications that disclose any Highly Confidential Information. Highly Confidential Information also includes information that a Non-Party believes would expose it or new business ventures with which it is associated to potential retribution or harm if the information were

disclosed to Defendant.  If a Protected Person is required by subpoena or court order to produce information that would cause it material and significant competitive or commercial harm, but that information does not specifically fall into one of the categories of information listed in this paragraph, upon a compelling showing, it may seek a court order that such information is Highly Confidential and should be withheld from In-House Counsel.  If a Protected Person seeks additional protection pursuant to this paragraph from the Court, the materials for which additional protection has been sought will not be provided to other persons, aside from outside counsel, until the Court has ruled.

2.8     In-House Counsel: any attorneys who are employees of a party to this action, as well as paralegals, secretaries, and clerical and administrative personnel employed by a party. In-House Counsel does not include Outside Counsel.

2.9     Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10     Outside Counsel: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action or are affiliated with a law firm which has been retained to represent or advise that party, as well as attorney support staff.

2.11     Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel (and their support staffs).

2.12     Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.13     Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14     Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL."

2.15     Protected Person: any Person (including a Party or Non-Party) that either voluntarily or under compulsory process, has provided or provides Protected Material.

2.16     Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.   <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not in violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.   <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.   <u>DESIGNATING PROTECTED MATERIAL</u>

5.1   <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2     <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of Section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) <u>for information in documentary form</u> (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" to every page of the document.

Defendant, as a Party, is not required to re-review its productions to the Federal Trade Commission and the House Judiciary Committee to designate materials, and may re-produce such productions to Plaintiffs as Highly Confidential.  However, to the extent that Facebook produces any documents in such productions in *State of New York et al v. Facebook*, *Inc.*, Case No. 1:20-cv-03589-JEB (D.D.C.) ("State AG Case") or *Federal Trade Commission v. Facebook*, *Inc.*, Case No. 1:20-cv-03590-JEB (D.D.C.) ("FTC Case"), with a lower confidentiality designation (*i.e*., "Confidential" or not designated), Facebook shall timely re-produce such documents in this case, to reflect the lower confidentiality designation or non-designation in the State AG or FTC Cases.  In addition, Plaintiffs may challenge the designation of any documents Facebook produced to the Federal Trade Commission and the House Judiciary Committee, and re-produced here as Confidential or Highly Confidential, pursuant to Section 6 herein, but agree not to challenge the designation of such documents wholesale, on the basis that their designation was mass, indiscriminate, or routinized.

(b) <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, a Protected Person shall have 30 days after the date when a complete and final copy of the transcript has been made available to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately

1  designated for protection within the 30 days shall be covered by the provisions of this Stipulated

2  Protective Order. Alternatively, when it is impractical to identify separately each portion of testimony

3  that is entitled to protection and it appears that substantial portions of the testimony may qualify for

4  protection, a Designating Party may specify that the entire transcript shall be treated as

5  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

6       Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other

7  proceeding to include Protected Material so that the other parties can ensure that only authorized

8  individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are

9  present at the time Protected Material is discussed. The use of a document as an exhibit at a deposition

10  shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

11       Transcripts containing Protected Material shall have an obvious legend on the title page that the

12  transcript contains Protected Material, and the title page shall be followed by a list of all pages

13  (including line numbers as appropriate) that have been designated as Protected Material and the level of

14  protection being asserted by the Designating Party. The Designating Party shall inform the court reporter

15  of these requirements. Any transcript that is prepared before the expiration of a 30-day period for

16  designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL"

17  in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated

18  only as actually designated.

19       (c) <u>for information produced in some form other than documentary and for any other</u>

20  <u>tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or

21  containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY

22  CONFIDENTIAL."

23       5.3   <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate

24  qualified information or items does not, standing alone, waive the Designating Party's right to secure

25  protection under this Order for such material. Upon timely correction of a designation, the Receiving

26  Party must make reasonable efforts to assure that the material is treated in accordance with the

27  provisions of this Order.

28  6.   <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1     Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time prior to 30 days before the first day of trial. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3     Judicial Intervention. If the Parties cannot resolve a challenge without court intervention, they shall comply with the discovery dispute resolution procedure outlined in Judge DeMarchi's Standing Order for Civil Cases. Failure by the parties to seek court intervention within the period set out in the Standing Order for Civil Cases shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may seek relief with respect to a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. In any such discovery letter brought pursuant to this provision the parties shall attest that they have complied with the meet and confer requirements imposed in the preceding paragraph.

1    The burden of persuasion in any such challenge proceeding shall be on the Designating Party.
2    Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary
3    expenses and burdens on other parties) may expose the Challenging Party to sanctions. All parties shall
4    continue to afford the material in question the level of protection to which it is entitled under the
5    Producing Party's designation until the court rules on the challenge.

6    If the Court finds the designation of Highly Confidential Information or Confidential Information
7    to have been inappropriate, the challenged designation shall be considered rescinded, however, in the
8    case of Highly Confidential Information the Court (or Challenging Party and Designating Party, by
9    agreement, absent a contrary ruling from the Court) may determine that the materials may appropriately
10   be designated Confidential.

11   7.    ACCESS TO AND USE OF PROTECTED MATERIAL

12   7.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed or
13   produced by another Party or by a Non-Party in connection with this case only for prosecuting,
14   defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the
15   categories of persons and under the conditions described in this Order. When the litigation has been
16   terminated, a Receiving Party must comply with the provisions of Section 12 below (FINAL
17   DISPOSITION).

18   Protected Material must be stored and maintained by a Receiving Party at a location and in a
19   secure manner that ensures that access is limited to the persons authorized under this Order.

20   7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the
21   court or permitted in writing by the Designating Party, a Receiving Party may disclose any information
22   or item designated "CONFIDENTIAL" only to:

23       (a) the Receiving Party's Outside Counsel, as well as attorney support staff who have
24   signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

25       (b) subject to Section 7.4 below, the officers, directors, and employees (including In-
26   House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation
27   and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

28       (c)  an individual named plaintiff or class representative to whom disclosure is reasonably

necessary for this litigation and who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), provided that such person shall not take possession of such information, and provided that such person has no involvement in decision-making for a competitor of Facebook;

(d) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e) the court and its personnel;

(f) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) during depositions, a Party or Non-Party witness in the action, who the Confidential Information or Items indicate, or who the Receiving Party has a good-faith basis to believe, was the author, addressee, recipient, custodian, or source of the document, to the extent he or she previously had lawful access to the document disclosed or to be disclosed; and any persons for whom the Receiving Party believes in good faith previously received or had access to the document, unless counsel for the Designating Party or the witness indicates that he or she did not have access to the document, or unless otherwise agreed by the Designating Party or ordered by the court. In addition, a Party witness, including a current or former employee of a Party, may be shown Confidential Information or Items produced from that Party's files, to the extent the Confidential Information or Items indicate, or the Receiving Party has a good-faith basis to believe, that the Confidential Information or Items were in the Party's files at the time that the current or former employee was employed by the Party. In addition, a Non-Party witness, including a current or former employee of a Non-Party, may be shown Confidential Information or Items produced from that Non-Party's files, to the extent the Confidential Information or Items quote, recount, or summarize the statements or communications of the Non-Party witness. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(h) any mediator or arbitrator that the Parties engage in this action or that the court appoints who

1   has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

2        7.3    Disclosure of "HIGHLY CONFIDENTIAL" Information or Items. Unless otherwise

3   ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose

4   any information or item designated "HIGHLY CONFIDENTIAL" only to:

5        (a) the Receiving Party's Outside Counsel, as well as attorney support staff to whom it is

6   reasonably necessary to disclose the information for this litigation and who have signed the

7   "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

8        (b) subject to Section 7.4 below, Designated In-House Counsel of the Defendant (1) who

9   has no involvement in competitive decision-making, (2) to whom disclosure is reasonably necessary for

10  this litigation, (3) who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit B), and

11  (4) as to whom the procedures set forth in Section 7.6, below, have been followed;

12       (c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is

13  reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to

14  Be Bound" (Exhibit A);

15       (d) the court and its personnel;

16       (e) court reporters and their staff, professional jury or trial consultants, and Professional

17  Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the

18  "Acknowledgment and Agreement to Be Bound" (Exhibit A);

19       (f) during depositions, a Party or Non-Party witness in the action, who the Highly

20  Confidential Information or Items indicate, or who the Receiving Party has a good-faith basis to believe,

21  was the author, addressee, recipient, custodian, or source of the document, to the extent he or she

22  previously had lawful access to the document disclosed or to be disclosed; and any persons for whom

23  the Receiving Party believes in good faith previously received or had access to the document, unless

24  counsel for the Designating Party or the witness indicates that he or she did not have access to the

25  document, or unless otherwise agreed by the Designating Party or ordered by the court.  In addition, a

26  Party witness, including a current or former employee of a Party, may be shown Highly Confidential

27  Information or Items produced from that Party's files, to the extent the Highly Confidential Information

28  or Items indicate, or the Receiving Party has a good-faith basis to believe, that the Highly Confidential

Information or Items were in the Party's files at the time that the current or former employee was employed by the Party.  In addition, a Non-Party witness, including a current or former employee of a Non-Party, may be shown Highly Confidential Information or Items produced from that Non-Party's files, to the extent the Highly Confidential Information or Items quote, recount, or summarize the statements or communications of the Non-Party witness.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(g) any mediator or arbitrator that the Parties engage in this action or that the court appoints who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

7.4    <u>Confidential or Highly Confidential Non-Party Information or Items Produced to the FTC or State AGs</u>: Any disclosure of a Non-Party's Confidential or Highly Confidential information or items, produced to the FTC or State AGs in connection with their pre-complaint inquiries into potential anticompetitive conduct by Facebook, to Facebook's officers, directors, employees, or In-House Counsel, shall be governed by the Protective Order entered in the State AG and FTC Cases.  Prior to the entry of a Protective Order in the State AG and FTC Cases, Facebook shall not disclose such information to Facebook's officers, directors, employees, or In-House Counsel.

7.5    <u>Summaries</u>: Outside Counsel for Plaintiffs may provide high level summaries or characterizations of Highly Confidential and Confidential Information to Plaintiffs and their employees who have responsibility to make decisions regarding the prosecution or settlement of the action.  Nothing in this Order is intended to bar or otherwise prevent counsel from rendering advice to their respective clients with respect to this action and, in the course of rendering such advice, from relying upon their examination or knowledge of High Confidential or Confidential Information.

7.6    <u>Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL" Information or Items to Designated In-House Counsel</u>

(a) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, Defendant may at any time before trial identify Designated In-House Counsel to whom Highly Confidential Information or Items may be disclosed (subject to Section 7.4). To qualify for access under this subpart, Designated In-House Counsel shall execute a Designated In-House Counsel Agreement

Concerning Confidentiality in the form of Exhibit B attached hereto (which executed versions shall be maintained by Outside Counsel for Defendant and available for inspection upon the request of the Court, any Party, or any non-Party Protected Person).

(b) A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose Highly Confidential Information to the identified Designated In-House Counsel (subject to Section 7.4) unless, within 14 days of delivering a copy of Exhibit B, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days of the written objection. If no agreement is reached, the parties shall comply with the discovery dispute resolution procedure outline in Judge DeMarchi's Standing Order for Civil Cases. Any discovery letter filed pursuant to this provision must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to Designated In-House Counsel is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such letter must describe the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and set forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding, the Party opposing disclosure to Designated In-House Counsel shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Designated House Counsel.

(d) Defendant may at any time before the trial of this action request disclosure of Highly Confidential Information to additional In-House Counsel by consent of the Protected Person who made such designation (the "Designating Party") or motion to the Court. Defendant shall provide a written notice to the Designating Party and all Parties to this action stating the basis for disclosure. Defendant and the Designating Party must meet and confer within seven days of the written notice to try to resolve the matter by agreement. If no agreement is reached, the parties shall comply with the discovery dispute

resolution procedures outlined in Judge DeMarchi's Standing Order for Civil Cases. Defendant will not disclose any Highly Confidential Information to additional In-House Counsel pending resolution of the dispute. If the Court finds the designated In-House Counsel has a particularized need for access to the Highly Confidential Information that outweighs the risk of harm to the Designating Party or the public interest, Defendant will be able to disclose the Highly Confidential Information to its designated In-House Counsel.

8. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

Parties may not disclose Highly Confidential or Confidential Information in other litigation absent a valid subpoena or court order. If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its Protected Material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9. <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

(a)      The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)      In the event that a Party is required, by a valid subpoena, court order, or discovery request to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.   promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.   promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.   make the information requested available for inspection by the Non-Party.

This provision is without waiver of a Party's right to object to any discovery request or subpoena seeking a Non-Party's confidential information in its possession.

(c)      If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.[1] Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material

---

[1] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this court.

to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.    MISCELLANEOUS

11.1    Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

11.2    Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

11.3 Copy of Order.  When discovery is sought from a Non-Party in this action after entry of this Order, a copy of this Order must accompany the discovery request.

11.4    Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(e) is denied by the court, then the Receiving Party may file the Protected Material in the public record pursuant to Civil Local Rule 79-5(e)(2) unless otherwise instructed by the court.

11.5 Export Control.  Disclosure of Protected Material shall be subject to all applicable laws and regulations relating to the export of technical data contained in such Protected Material, including the release of such technical data to foreign persons or nationals in the United States or elsewhere. The

1 Producing Party shall be responsible for identifying any such controlled technical data, and the

2 Receiving Party shall take measures necessary to ensure compliance.

3 12.   <u>FINAL DISPOSITION</u>

4          Within 60 days after the final disposition of this action, as defined in paragraph 4, each

5 Receiving Party must return all Protected Material to the Producing Party or destroy such material. As

6 used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries,

7 and any other format reproducing or capturing any of the Protected Material. Whether the Protected

8 Material is returned or destroyed, the Receiving Party must submit a written certification to the

9 Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline

10 that (1) identifies (by category, where appropriate) all the Protected Material that was returned or

11 destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations,

12 summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding

13 this provision, Counsel otherwise authorized to received Protective Material pursuant to this Order are

14 entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing

15 transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney

16 work product, and consultant and Expert work product, even if such materials contain Protected

17 Material, with the exception of paper copies of source code.  Any such archival copies that contain or

18 constitute Protected Material remain subject to this Protective Order as set forth in Section 4

19 (DURATION).

20

21 PURSUANT TO STIPULATION, IT IS SO ORDERED.

22

23 DATED: _____  _____

24                                                          Hon. Virginia K. DeMarchi
                                                             United States Magistrate Judge

25

26

27

28

1

<u>EXHIBIT A</u>

2

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

3

I, _____ [print or type full name], of _____

4

[print or type full address], declare under penalty of perjury that I have read in its entirety and

5

understand the Stipulated Protective Order that was issued by the United States District Court for the

6

Northern District of California on [date] in the case of *Klein v. Facebook*, Case No. 5:20-cv-08570-

7

LHK. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I

8

understand and acknowledge that failure to comply could expose me to sanctions and punishment in the

9

nature of contempt. I solemnly promise that I will not disclose in any manner any information or item

10

that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with

11

the provisions of this Order.

12

I further agree to submit to the jurisdiction of the United States District Court for the

13

Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order,

14

even if such enforcement proceedings occur after termination of this action.

15

I hereby appoint _____ [print or type full name] of

16

_____ [print or type full address and telephone number] as my

17

California agent for service of process in connection with this action or any proceedings related to

18

enforcement of this Stipulated Protective Order.

19

20

Date: _____

21

City and State where sworn and signed: _____

22

23

Printed name: _____

24

[printed name]

25

26

Signature: _____

27

[signature]

28

EXHIBIT B

IN-HOUSE COUNSEL AGREEMENT CONCERNING CONFIDENTIALITY

I, _____ [print or type full name], of _____ [print or type full address], am employed by _____ as

_____.

      I declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [date] in the case of *Klein v. Facebook*, Case No. 5:20-cv-08570-LHK.

      I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

      I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

      I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
                [printed name]

Signature: _____
              [signature]