SONAL N. MEHTA (SBN 222086)
 Sonal.Mehta@wilmerhale.com
WILMER CUTLER PICKERING
 HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94303
Telephone:  (650) 858-6000
Facsimile:  (650) 858-6100

DAVID Z. GRINGER (*pro hac vice*)
 David.Gringer@wilmerhale.com
WILMER CUTLER PICKERING
 HALE AND DORR LLP
1875 Pennsylvania Ave NW
Washington, DC 20006
Telephone:  (202) 663-6000
Facsimile:  (202) 663-6363

*Attorneys for Defendant*
FACEBOOK, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| MAXIMILIAN KLEIN, et al., individually and on behalf of all others similarly situated,<br><br>                    Plaintiffs,<br><br>        v.<br><br>FACEBOOK, INC., a Delaware Corporation headquartered in California,<br><br>                    Defendant. | Case No. 5:20-cv-08570-LHK<br><br>**[PROPOSED] ORDER ON MOTION TO DISMISS THE CONSOLIDATED USER CLASS ACTION COMPLAINT AND CONSOLIDATED ADVERTISER CLASS ACTION COMPLAINT**<br><br>Judge: Hon. Lucy H. Koh |

1

**[PROPOSED] ORDER ON MOTION TO DISMISS**

2  **Users:** Three Facebook users bring five claims on behalf of a putative class of Facebook

3  users.  Counts I and II allege violations of Section 2 of the Sherman Act, 15 U.S.C. § 2, for

4  monopolization (Count I) and attempted monopolization (Count II) of an alleged "social network"

5  market.  Counts III and IV allege violations of Section 2 of the Sherman Act, 15 U.S.C. § 2, for

6  monopolization (Count III) and attempted monopolization (Count IV) of an alleged "social media"

7  market.  Count V is a claim for unjust enrichment under California law.

8  Because it is clear on the face of Users' complaint that the challenged acts occurred more

9  than four years ago and no tolling doctrine applies, *Reveal Chat Holdco, LLC v. Facebook, Inc.*,

10  471 F. Supp. 3d 981, 994-95 (N.D. Cal. 2020); *Garrison v. Oracle Corp.*, 159 F. Supp. 3d 1044,

11  1065 (N.D. Cal. 2016), **Counts I-IV** are dismissed as time-barred to the extent they seek damages.

12  15 U.S.C. § 15b; *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th

13  Cir. 2010).  The doctrine of laches, which in this context is governed by the same principles as the

14  statute of limitations, bars **Counts I-IV** to the extent they seek injunctive relief.  *Oliver v. SD-3C*

15  *LLC*, 751 F.3d 1081, 1085 (9th Cir. 2014); *Int'l Tel. & Tel. Corp. v. Gen. Tel. & Elecs. Corp.*, 518

16  F.2d 913, 926 (9th Cir. 1975).

17  In the alternative, **Counts I-IV** are dismissed because: (1) Users have failed to plausibly

18  allege a relevant market.  Users' proposed relevant markets do not encompass all reasonable

19  substitutes, there are no allegations regarding cross-elasticity of demand, and the alleged contours

20  of those markets are insufficient to put Facebook on notice of the products included therein.  *Hicks*

21  *v. PGA Tour, Inc.*, 897 F.3d 1109, 1120 (9th Cir. 2018); *Bay Area Surgical Mgmt. LLC v. Aetna*

22  *Life Ins. Co.*, 166 F. Supp. 3d 988, 997 (N.D. Cal. 2015).  (2) Even if properly defined, Users have

23  not plausibly alleged that Facebook has monopoly power in either market or a dangerous

24  probability of obtaining monopoly power in either market.  *See, e.g.*, *Pac. Express, Inc. v. United*

25  *Airlines, Inc.*, 959 F.2d 814, 817 (9th Cir. 1992).  (3) Users have not plausibly alleged exclusionary

26  conduct.  Users' allegations that Facebook acquired monopoly power through deception about its

27  privacy practices are implausible and are not pleaded with particularity under Federal Rule of Civil

28

2

[PROPOSED] ORDER ON MOTION TO DISMISS

1    Procedure 9(b).  *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103-04 (9th Cir. 2003).

2    Moreover, Users have failed to allege facts to overcome the presumption that false advertising has

3    a "de minimis" effect on competition.  *Am. Prof. Testing Serv., Inc. v. Harcourt Brace Jovanovich*

4    *Legal & Prof. Publ., Inc.*, 108 F.3d 1147, 1152 (9th Cir. 1997).  Users' theory that Facebook

5    unlawfully maintained monopoly power through a so-called "copy, acquire, kill" strategy also fails

6    to state a claim because it is predicated primarily on product improvements, acquisitions that did

7    not adversely impact competition, and aiding putative competitors.  *See Allied Orthopedic*

8    *Appliances Inc. v. Tyco Health Care Grp. LP*, 592 F.3d 991, 998-1000 (9th Cir. 2010) (product

9    improvements), *Reveal Chat*, 471 F. Supp. 3d at 1003 (acquisitions); *Verizon Commc'ns Inc. v.*

10   *Law Offices of Curtis V. Trinko, LLP*, 540 U.S. 398, 411 (2004) (aiding competitors).  And finally,

11   (4) Users have not adequately alleged either antitrust standing, nor antitrust injury.  Users' novel

12   and unsupported theory of injury—that they are entitled to have Facebook *pay them* for their time

13   spent on Facebook (which is free) is not cognizable.  *Fine v. Barry & Enright Prods.*, 731 F.2d

14   1394, 1397 (9th Cir. 1984); *Stationary Eng'rs Local 39 v. Philip Morris, Inc.*, 1998 WL 476265,

15   at *4, *9 (N.D. Cal. Apr. 30, 1998).  Users' purported injuries were also not caused by lost

16   competition, as they fail to plausibly tie their supposed harms to any purportedly competition-

17   reducing aspect of Facebook's conduct.  *FTC v. Qualcomm Inc.*, 969 F.3d 974, 999-1000 (9th Cir.

18   2020).

19       **Count V** is likewise dismissed because: (1) there is no cause of action for unjust

20   enrichment under California law, *see, e.g.*, *Herskowitz v. Apple Inc.*, 940 F. Supp. 2d 1131, 1148

21   (N.D. Cal. 2013); (2) Users offer no basis other than their defective antitrust allegations for

22   concluding that any alleged enrichment of Facebook was unjust, *In re Late Fee Litig.*, 528 F. Supp.

23   2d 953, 967 (N.D. Cal. 2007); and (3) unjust enrichment claims are quasi-contract claims under

24   California law, *see, e.g.*,  *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015),

25   and an action based on quasi-contract cannot lie when—as here—a contractual relationship exists

26   between the parties, *O'Connor v. Uber Techs., Inc.*, 58 F. Supp. 3d 989, 999-1000 (N.D. Cal.

27   2014).

28

1    **Advertisers:** Businesses and entities who claim to have purchased advertising on

2    Facebook bring three claims on behalf of two putative classes of Facebook advertisers.  Counts I

3    and II allege violations of Section 2 of the Sherman Act, 15 U.S.C. § 2, for monopolization (Count

4    I) and attempted monopolization (Count II) of an alleged "social advertising" market.  Count III

5    alleges a violation of Section 1 of the Sherman Act, 15 U.S.C. § 1, relating to an alleged agreement

6    between Facebook and Google.

7        Because it is clear on the face of Advertisers' complaint that the challenged acts occurred

8    more than four years ago and no tolling doctrine applies, *Reveal Chat*, 471 F. Supp. 3d at 994-95;

9    *Garrison*, 159 F. Supp. 3d at 1065, **Counts I-II** are dismissed as time-barred to the extent they

10   seek damages.  15 U.S.C. § 15b; *Von Saher*, 592 F.3d at 969.  The doctrine of laches, which in this

11   context is governed by the same principles as the statute of limitations, bars **Counts I-II** to the

12   extent they seek injunctive relief.  *Oliver*, 751 F.3d at 1085; *Int'l Tel. & Tel.*, 518 F.2d at 926.

13       In the alternative, **Counts I and II** are dismissed because: (1) Advertisers have failed to

14   plausibly allege a relevant market.  The Court holds that it is implausible that there is a distinct

15   "social advertising" submarket wholly apart from other forms of advertising, and particularly other

16   forms of online advertising.  *Hicks v. PGA Tour, Inc.*, 897 F.3d 1109, 1120 (9th Cir. 2018); *In re*

17   *Google Dig. Advertising Antitrust Litig.*, No. 5:20-cv-003556-BLF, Dkt. 143, at 5-6 (N.D. Cal.

18   May 13, 2021) (expressing "particular concern" about allegations that advertising on Facebook

19   and Google are in different relevant markets).  Advertisers have not adequately explained why

20   these others forms of advertising are not reasonable substitutes for advertising on Facebook, nor

21   have they alleged—as they must—any facts regarding cross-elasticity of demand.  (2) Advertisers'

22   theory of exclusionary conduct, which is essentially identical to Users' theory discussed above,

23   fails for the same reasons.  (3) Advertisers have not adequately alleged antitrust injury.  While

24   Advertisers say they paid a "supracompetitive" price for advertising, this conclusory allegation

25   cannot be credited, and there are no other facts alleged to support the claim.  *See Intel Corp. v.*

26   *Fortress Inv. Grp. LLC*, --- F. Supp. 3d ----, 2021 WL 51727, at *14 (N.D. Cal. Jan. 6, 2021).

27

28

1    **Count III** is also dismissed.  Advertisers fail to put forth any plausible allegations that

2    Facebook's agreement with Google caused Facebook's ad prices to increase, *Somers v. Apple, Inc.*,

3    729 F.3d 953, 964 (9th Cir. 2013), and their theory of harm is too speculative to support antitrust

4    standing, *Assoc. Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519,

5    541 (1983).  In addition, five Advertisers[1] did not purchase Facebook advertising after September

6    2018, the date Advertisers allege the agreement was executed, so they cannot claim causal antitrust

7    injury, and their Count III is dismissed for them for that additional reason.  15 U.S.C. § 15(a).

8        IT IS HEREBY ORDERED:  Facebook's Motion to Dismiss the Consolidated Consumer

9    Class Action Complaint and Consolidated Advertiser Class Action Complaint is GRANTED.

10   Because this is the third time many of these claims have been brought, the Court holds further

11   amendment would be futile and dismisses with prejudice.  *Eminence Cap., LLC v. Aspeon, Inc.*,

12   316 F.3d 1048, 1052 (9th Cir. 2009).

13

14   DATED: _____

15

16                                              By: _____

17                                              Hon. Lucy H. Koh

18                                              United States District Judge

19   Submitted by:

20   WILMER CUTLER PICKERING HALE AND DORR LLP

21   By: */s/ Sonal N. Mehta*

22   SONAL N. MEHTA

23   Attorney for Defendant Facebook, Inc.

24

25

26

27   _____

28   [1] Plaintiffs Affilious, Inc., Jessyca Frederick, Mark Young d/b/a Dinkum Hair, Joshua Jeon, 406 Property Services, PLLC.