Warren Postman (Bar No. 330869)
  wdp@kellerlenkner.com
Jason Ethridge (admitted *pro hac vice*)
  jason.ethridge@kellerlenkner.com
**KELLER LENKNER LLC**
1300 I Street, N.W., Suite 400E
Washington, DC 20005
(202) 918-1123

Ashley Keller (admitted *pro hac vice*)
  ack@kellerlenkner.com
Benjamin Whiting (admitted *pro hac vice*)
  ben.whiting@kellerlenkner.com
Jason A. Zweig (admitted *pro hac vice*)
  jaz@kellerlenkner.com
**KELLER LENKNER LLC**
150 N. Riverside Plaza, Suite 4270
Chicago, IL 60606
(312) 741-5220

*Interim Counsel for the Consumer Class*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | |
|---|---|
| MAXIMILIAN KLEIN, SARAH GRABERT, and RACHEL BANKS KUPCHO, on behalf of themselves and all others similarly situated,<br><br>*Plaintiffs,*<br><br>vs.<br><br>FACEBOOK, INC.,<br><br>*Defendant.*<br><br>This Document Relates To: All Actions | Consolidated Case No. 5:20-cv-08570-LHK<br><br>**DECLARATION OF MERRI A. BALDWIN IN SUPPORT OF PLAINTIFFS' OPPOSITION TO FACEBOOK'S MOTION TO DISQUALIFY KELLER LENKNER LLC**<br><br>Hon. Lucy H. Koh<br>Date:  September 30, 2021<br>Time: 1:30 p.m.<br>Courtroom: 8 |

I, Merri A. Baldwin, declare as follows:

1.    I am an attorney licensed in the States of California and Washington as well as the District of Columbia.  I am a shareholder in the law firm of Rogers Joseph O'Donnell P.C. in San Francisco.

2.    I have been retained as a consultant and expert in this matter on behalf of Plaintiffs, to provide expert analysis and opinion on the issues of attorney ethics and conflicts of interest.

**Background and Credentials**

3.    I have a J.D. from Boalt Hall, University of California at Berkeley, and an A.B. *magna cum laude* from Smith College.  I am certified as a specialist in legal malpractice law by the California Board of Legal Specialization.  My practice focuses on issues related to attorney conduct, including legal malpractice, ethics, professional responsibility, sanctions, partnership disputes, attorney-client fee disputes and disciplinary defense.  A copy of my current curriculum vitae is attached hereto as **Exhibit A**.

4.    From 2011 to 2017, I served on the State Bar of California's Committee on Professional Responsibility and Conduct.  I was the Chair of that committee in 2015-16 and served as the advisor in 2016-17.

5.    Since 2015 I have served as a lecturer at the University of California, Berkeley School of Law, where I teach professional responsibility and the law of lawyering.  From 2011 to 2014, I was an adjunct professor at Golden Gate University School of Law.

6.    I am a co-chair of the Attorney Liability subcommittee of the American Bar Association's Professional Services Litigation Committee (Litigation Section).  I co-edited the book The Law of Lawyers' Liability, published by the ABA and First Chair Press.  I regularly lecture to attorneys on topics relating to legal ethics, malpractice, risk management and similar issues in California and nationally.  I chair the annual California Marathon program for the Practicing Law Institute and have done so since 2013.  I also regularly publish articles on legal ethics and related topics.  A detailed list of my presentations and articles is contained in my curriculum vitae attached hereto.

7.    I served as the President of the Bar Association of San Francisco and Justice and

Diversity Center in 2017 and have been active in that organization for over fifteen years.  I have served as the Chair of the Litigation Section, vice-chair of the Attorney-Client Fee Disputes Arbitration Committee, and on the boards of directors of the Bar Association Foundation as well as the Bar Association.

8.      I am a member of the California Lawyers Association Legal Ethics Committee and have served in that capacity since September 2019.

9.      In November 2020, the State Bar of California Board of Trustees appointed me as one of two vice-chairs of the Closing the Justice Gap Working Group, established to help implement a "regulatory sandbox" that will explore possible changes to lawyer regulation that will increase flexibility and innovation in the provision of legal services.

10.      I have been retained as an expert in legal ethics and professional responsibility in a number of matters and have testified at deposition, at trial and at arbitration.  I have been retained both by plaintiffs and defendants.

**Opinion in This Matter**

11.      I have been asked to provide an opinion as to the adequacy of the ethical wall and related measures the Keller Lenkner firm instituted to protect the confidentiality of any information Albert Pak may have obtained in his prior representation of Facebook while at his prior law firm, Kellogg Hansen, Todd, Figel & Frederick, P.L.L.C. ("Kellogg Hansen"), including compliance with California Rule of Professional Conduct 1.10.

12.      I have reviewed the motion to disqualify filed by Facebook, including all supporting materials, and the opposition filed concurrently herewith by the Keller Lenkner firm, along with supporting factual materials.

13.      It is my opinion that Keller Lenkner has acted appropriately and in a manner consistent with California rules and standards in screening Mr. Pak from the firm's lawyers handling this matter, both in the measures to protect confidential information put in place once the firm was considering taking on this case, and the formal screen erected when the firm commenced work on this lawsuit.

14.      My opinion is based upon what I understand to be the nature of Mr. Pak's

1   involvement in a related (but not the same) matter while at Kellogg Hansen and the measures

2   taken by Keller Lenkner to screen Mr. Pak, which in my view meet Mr. Pak's obligations under

3   California Rules of Professional Conduct 1.9, and the requirements of the limited screening

4   provisions of Rule 1.10.

5       15.     Rule 1.9 provides that a lawyer owes certain duties to a former client, including

6   primarily a duty of confidentiality, and prohibits a lawyer from representing (without informed

7   consent) another client in the same or a substantially related matter in which the interests of the

8   new client are adverse to those of the former client.  Rule 1.9(a).

9       16.     Rule 1.10 concerns imputation of conflicts, including those addressed by Rule 1.9,

10  and provides that when one lawyer in a firm is prohibited from representing a client, that conflict

11  is imputed to the other members of the firm, unless one of two exceptions exists:  (1) the conflict

12  is based on a personal interest of the conflicted (or, as the rule terms it, the "prohibited" lawyer);

13  or (2) the prohibition is based on the lawyer's association with a prior firm, and the lawyer did not

14  "participate substantially" in the prior matter, is timely screened (and apportioned no part of the

15  fee), and notice is promptly given to any affected former client.  Rule 1.10(a).  The Rule makes

16  clear that the purpose of the notice is to "enable the former client to ascertain compliance with any

17  provisions of this rule . . ."  Rule 1.10(a)(iii).

18      17.     Prior to the enactment of Rule 1.10, which became effective November 1, 2018,

19  California professional rules did not contain any provisions allowing ethical screens, although

20  California case law recognized the use of screens in certain instances as a means of avoiding

21  disqualification due to imputed conflicts.

22      18.     Rule 1.10 departs from Model Rule 1.10 by limiting screens to lawyers who did not

23  substantially participate in the prior matter, a term which is not otherwise featured in the

24  California rules, and is not present in the Model Rules.

25      19.     Comment [1] to Rule 1.10 provides guidance in determining whether an attorney's

26  participation in the prior matter was "substantial," and focuses on the lawyer's level of

27  responsibility, duration of involvement, the extent of the lawyer's direct advice to or direct contact

28  with the former client, and the extent to which the lawyer was exposed to confidential information.

20.     In my view, Mr. Pak's involvement in representing Facebook while at Kellogg Hansen does not qualify as substantial participation in the context of that matter.  As detailed in his declaration, Mr. Pak was a junior associate on a large team of lawyers, at a firm that was apparently only one of several firms involved, with specific responsibilities limited to very narrow issues; he did not have direct client contact, did not provide the client with legal advice, and primarily supported a Kellogg Hansen partner in certain fact-gathering.  In context, Mr. Pak's role was not "substantial" when considered by the factors in Comment [1].

21.     As part of my opinion, I considered whether the steps taken by the Keller Lenkner firm met the requirements of an ethical screen as set forth in Rule 1.10.  In my opinion, the firm set up an effective screen, both before it had decided to pursue a case against Facebook, when it put in place measures to protect confidential information, and after it had decided it was likely to pursue a case, when it set up a formal ethical screen at the firm.

22.     The basis of my opinion is that the steps taken by the firm, as set forth in the Declaration of Warren Postman, meet the requirements of an effective ethical screen, as is understood in California.  *See Kirk v. First American Title Ins. Co.,* 183 Cal. App. 4th 776, 812 (2010).  Mr. Pak was initially cautioned not to communicate about his work on behalf of Facebook with anyone on the Keller Lenkner team investigating the possible case, and he did not have any such communications.  Pak Decl. ¶ 20; Postman Decl. ¶¶ 15-16.

23.     Mr. Pak brought no documents to Keller Lenkner from his work at Kellogg Hansen, Pak Decl. ¶ 18, and did not access any documents concerning Keller Lenkner's investigation.  Pak Decl. ¶ 22.  On November 11, 2020, the firm notified the entire firm in a "Priority" email that Mr. Pak was screened from the Facebook case, and that no one was to have any communications with him concerning the matter.  Postman Decl. ¶ 17; Pak Decl. ¶ 21.  As Mr. Pak's declaration confirms, everyone in the firm complied with the screening requirements, Pak Decl., ¶ 22, including at the firmwide meeting on December 4, 2020, at which the firm members were reminded that Mr. Pak was screened from the Facebook case, and the Facebook case was not discussed at that meeting (or any other firm meeting which Mr. Pak attended.).  Pak Decl. ¶ 21; Postman Decl. ¶ 17.  The firm's files for the matter are inaccessible to Mr. Pak, and he has

1    confirmed that he has not accessed any documents, nor spoken with anyone about the matter

2    (beyond disclosing limited information directed at determining whether there was a conflict).  Pak

3    Decl. ¶ 22; Postman Decl. ¶ 18.

4         24.    Most importantly, these measures were clearly effective in protecting against any

5    possible disclosure of information from Mr. Pak to the Keller Lenkner team working on this

6    matter, as demonstrated by the declarations filed by those attorneys.  *See* Pak Decl. ¶ 22; Postman

7    Decl. ¶ 18; Keller Decl. ¶ 2; Whiting Decl. ¶ 2; Zweig Decl. ¶ 2; Ethridge Decl. ¶ 2; Heinz Decl.

8    ¶ 2; Watson Decl. ¶ 2; Dravillas Decl. ¶ 2; Longtin Decl. ¶ 2; Hanna Decl. ¶ 2.

9         25.    I understand that Facebook argues that the screen was not timely because it was not

10   formally put in place until the firm decided to pursue the matter.  The rules do not specify that a

11   screen must be enacted before a firm decides to take on a case; indeed, that would be a difficult

12   rule to enforce.  Instead, in my view Keller Lenkner took actions appropriate under the

13   circumstances that existed, including implementing rules prohibiting communication with Mr. Pak

14   by firm attorneys who were considering the possible matter, and then later implementing the

15   formal screen once the firm decided to take on the case.

16        26.    I also understand that Facebook argues that Keller Lenkner failed to provide notice

17   of the screen as required by Rule 1.10(a)(iii).  While the notice was not provided immediately

18   upon the firm's filing the complaint, it is not clear that the timing by which Facebook became

19   aware of the screen violated Rule 1.10, given the lack of any clear timing requirements in the Rule

20   other than that notice be provided "promptly."  Further, given that the purpose of providing notice

21   is to allow the former client to determine whether the screen measures are adequate, the fact that

22   Facebook has never challenged the specific screen measures themselves demonstrates that this is

23   at best a technical issue with no material prejudice to Facebook.

24   I declare that the foregoing is true and correct under penalty of perjury.

25   Executed May 21, 2021, in Seattle, Washington.

26

27                                         _____
                                           Merri A. Baldwin
28

# Exhibit A

**Merri A. Baldwin**                                    311 California Street, 10th Floor
                                                        San Francisco CA 94104
                                                        (415) 956-2828
                                                        mbaldwin@rjo.com

---

**LEGAL EXPERIENCE**

**Rogers Joseph O'Donnell PC**
1989-2005; 2012 to present; Shareholder

**Chapman Popik & White LLP**
Of Counsel/Partner 2005-2012

Litigation practice with focus on business litigation and matters concerning attorney liability and conduct including legal malpractice, breach of fiduciary duty, malicious prosecution, sanctions, fee disputes, partnership disputes and motions to disqualify.  Advise law firms and attorneys on legal ethics and risk management issues and serve as an expert witness/consultant in the areas of standard of care, ethics and fees.  Defend attorneys in disciplinary matters before the State Bar of California.  Represent plaintiffs and defendants in business litigation matters in state and federal court including breach of contract, fraud, trade secrets, unfair competition, employment, intellectual property, and government contracts.  Certified as a Specialist in Legal Malpractice Law, California Board of Legal Specialization.

**EDUCATION**

**University of California Berkeley School of Law**
J.D. 1989.  Co-Editor-in-Chief, Berkeley Women's Law Journal

**London School of Economics**
London, England
Fulbright scholar.  Graduate work in political sociology

**Smith College**
A.B. *magna cum laude* with high honors 1984
Phi Beta Kappa

**TEACHING**

**University of California, Berkeley School of Law,** Lecturer 2015 to present, teaching Professional Responsibility

**Golden Gate University School of Law**, Adjunct Professor 2011-2014, teaching Professional Responsibility

1

527113.1

**PROFESSIONAL AFFILIATIONS AND AWARDS**

**State Bar of California, Closing the Justice Gap Working Group** Vice-Chair 2020 to present

**California Lawyers Association Ethics Committee** Member 2019 to present

**State Bar of California Standing Committee on Professional Responsibility and Conduct**, Advisor, 2016-2017; Chair 2015-2016; Member 2011-2017

**Bar Association of San Francisco (BASF)**, President 2017; Board of Directors 2009 – 2012

**American Bar Association, Professional Services Litigation Committee**, Legal Malpractice Subcommittee Co-Chair 2007 – 2020

**Hastings College of the Law,** Mentor, Start-Up Legal Garage 2015

**American Bar Association Foundation, Fellow** Appointed 2016

**BASF Outstanding Volunteer in the Public Service Award** 2017 through 2020 for pro bono work in the area of guardianship

**BASF Legal Malpractice Section**, Co-Chair 2011-2014; Executive Committee 2015-2018

**BASF Foundation Board of Directors**, Member 2008 - 2010

**Award of Merit, Bar Association of San Francisco** 2008 for work on the Marriage Fairness Task Force

"**Super Lawyers**," Northern California 2006 – 2020

**BASF Attorney-Client Fee Dispute Committee**, Arbitrator; Vice-Chair 2003 – 2007

**Bay Area Lawyers for Individual Freedom** Member 1989-present; Co-Chair Judiciary Committee 2001-2004

**SELECTED LECTURES AND PRESENTATIONS**

Association of Professional Responsibility Lawyers
    Midyear conference, Ethics Roundtable Panelist March 2021

California MCLE Marathon
    Practicing Law Institute, San Francisco, December 2006 - 2020 (annual program)
    Chair 2013-2021

IoT:  An Existential Threat to Ethics?
    American Bar Association Internet of Things National Institute September 2020

2

**<u>Selected Lectures and Presentations (cont'd)</u>**

Show Me the Money:  Ethical Issues in Charging and Collecting Attorney Fees
    California Lawyers Association Annual Meeting September 2020

Ethical Issues in IP Practice
    California Lawyers Association Webinar May 2020

The New California Rules of Professional Conduct
    Institute for Corporate Counsel, USC Gould School of Law December 2019

Legal Fees and How to Ethically Collect Them
    ABA webinar, November 21, 2019

Recent Updates in the Law of Lawyering
    PILOT/Legis Annual Conference, Washington D.C. November 2020 and 2019

When are Conflict Waivers Effective and When Are They Not
    California Lawyers Association Annual Meeting October 11, 2019

Legal Ethics:  Who You Gonna Call?
    EarthJustice National Conference, Tucson Arizona September 12, 2019

Considering the Future of Rule 5.4
    American Bar Association Professional Responsibility Conference Vancouver B.C. May 31, 2019

Brave New World:  Technology, Connectivity and Ethics Issues
    ABA National Conference on Cloud Computing Washington D.C. March 28, 2019

Imagining Legal Practice In the U.S. Without Rule 5.4
    Association of Professional Responsibility Lawyers Mid-Year Meeting Las Vegas NV January 25, 2019

New California Rules
    Judge William A. Ingram Memorial Symposium, American Inns of Court Santa Clara University School of Law, Santa Clara CA January 16, 2019

Ethical Considerations in the Startup Space
    California Lawyers Association IP Institute, San Jose, CA November 9, 2018

New Rules of Professional Conduct
    State Bar of California, San Francisco, CA October 30, 2018

The New Rules of Professional Conduct: What All Attorneys Need to Know (webinar)
    Continuing Education of the Bar, October 9, 2018

527113.1

**Selected Lectures and Presentations (cont'd)**

Overcoming Ethical Impediments to Innovation
    American Immigration Lawyers Association National Conference San Francisco June 2018

Legal Ethics and the Cloud
    Practicing Law Institute San Francisco May 21, 2018

Ethical Issues for Privacy and Data Security Professionals
    Practicing Law Institute San Francisco May 7, 2018

Ethics for Legal Aid Lawyers
    Bar Association of San Francisco Justice and Diversity Center April 11, 2018

The Law and Ethics of Attorney Mistakes
    State Bar of California Statewide Ethics Symposium
    San Francisco CA April 6, 2018

Avoiding Bad Good-Byes: Ethical and Practical Tips for Ending a Client Relationship or Law
Practice
    Sonoma County Bar Association, Santa Rosa CA January 29, 2018

Ethics in Immigration
    Northern California Immigration Lawyers Association San Francisco January 17, 2018

Ethics in Intellectual Property Practice
    Practicing Law Institute, San Francisco, CA October 2017

Fifty Shades of Gray:  Exploring IoT Ethical Issues
    ABA Second IoT National Institute
    Washington, D.C. May 10, 2017

Ethical Issues for Privacy and Data Security Professionals
    Practicing Law Institute on Privacy and Data Security Law
    San Francisco, CA May 8, 2017; Chicago, IL June 12, 2017

What You Don't Know But Should About the New Proposed Rules
    State Bar of California Statewide Ethics Symposium
    Los Angeles, California April 21, 2017

Lawyers on the Move:  Ethical and Practical Considerations for Partner Withdrawals
    ABA Section of Litigation Roundtable (webinar) March 8, 2017

The Duty of Confidentiality: Ethical Obligations to Prospective and Former Clients
    Practicing Law Institute's California MCLE Marathon 2016
    San Francisco, California, December 12, 2016

527113.1

**<u>Selected Lectures and Presentations (cont'd)</u>**

Critical Ethics Issues for the IP Lawyer
    Practicing Law Institute's Intellectual Property Law Institute 2016
    San Francisco, California, October 25, 2016

Ethics Update 2016:  Significant Developments in the Law of Lawyering
    State Bar of California Annual Meeting
    San Diego, California, September 30, 2016

The Two-Step Shuffle:  Moving Side to Side or Lateral Movement By Lawyers
    American Bar Association National Conference on Professional Responsibility,
    Philadelphia, PA June 3, 2016

The Connected Lawyer and the Ethics Rules
    Practicing Law Institute, Institute on Privacy and Data Security Law, San Francisco, CA May 16,
    2016; Chicago July 12, 2016

Ethics in Litigation
    American law Institute (webinar) May 10, 2016

Strength in Numbers:  Ethics in Class and Mass Actions
    State Bar of California Statewide Ethics Symposium April 2016

Legal Malpractice and Professional Ethics:  Recent Developments
    Bar Association of San Francisco, January 22, 2016

Recent Developments in the Law Governing Lawyers
    State Bar of California Annual Meeting, Anaheim, CA October 2015

Intrafirm Lawyer-Client Privilege
    ABA Center for Professional Responsibility (webinar), September 9, 2015

Legal Ethics and the Cloud
    Practicing Law Institute, New York May 11, 2015 and San Francisco June 8, 2015

Privacy and Security Ethics and Risk Management
    Practicing Law Institute, San Francisco May 18, 2015 and Chicago July 13, 2015

Déjà vu All Over Again:  The New Rules Revision Commission
    California State Bar Statewide Ethics Symposium, San Diego April 2015

Ethical Preparation of Witnesses for Deposition and Trial
    ABA Litigation Section Roundtable (webinar), January 28, 2015

527113.1

**Selected Lectures and Presentations (cont'd)**

Legal Malpractice and Professional Ethics:  Recent Developments
    Bar Association of San Francisco, January 27, 2015

Ethical Issues in IP Practice
    Practicing Law Institute, San Francisco October 2014

Blogging, Tweeting and the New Frontier of Attorney Advertising
    State Bar of California Annual Meeting, San Diego 2014

Contracting Around Ethics
    ABA Professional Responsibility Conference, San Diego 2014

Disruptive Ethics?  Innovative Models of Providing Legal Services
    State Bar of California Statewide Ethics Symposium, April 12, 2014

Friend or Foe?  Ethical and Effective Use of Social Media By Attorneys
    Bar Association of San Francisco, December 7, 2013

Ethical Issues in IP Licensing
    Practicing Law Institute, San Francisco, December 2013

Ethical Issues in Representing Start-Ups
    California State Bar Annual Meeting, San Jose, California October 2013

Avoiding Malpractice: Ten Critical Junctures
    Bar Association of San Francisco, October 2013

Attorney Conduct in Blogging, List Servs and Social Media
    Association of Professional Responsibility Lawyers Annual Meeting,
    San Francisco August 2013

Update on Privilege and Confidentiality,
    ABA Professional Responsibility Conference, San Antonio Texas May 2013

Privacy and Security Ethics and Risk Management
    Practicing Law Institute, San Francisco May 2013 and Chicago July 2013

Legal Ethics in the Era of IPads, Cloud Computing and Facebook
    Practicing Law Institute, San Francisco May 2013

Effective and Ethical Marketing on the Internet
    ABA Forum on the Construction Industry, April 2013

527113.1

<u>**Selected Lectures and Presentations (cont'd)**</u>

Practicing in the Cloud With Your Feet on the Ground:  Ethical Guidance for Lawyers
     American Law Institute (webinar), April 2013

Breaking Up is Hard to Do: Ethical Issues in Law Firm Dissolutions and Partner Withdrawals
     State Bar of California Statewide Ethics Symposium, April 2013

Email and the End of Privacy as We Know It:  How to Protect the Privilege for Electronic
Documents (webinar)
     Practicing Law Institute, March 2013

**BAR AND COURT ADMISSIONS**

California
Washington
District of Columbia
United States District Court – All Districts of California
United States Court of Appeal – Ninth Circuit
Supreme Court

**SELECTED PUBLICATIONS**

"Getting Everyone On Board:  Increasing Law Student Classroom Participation," *The Woman
     Advocate* (ABA) Spring 2018, vol. 26, no. 3

"Misconduct Has Its Price:  Sanctions Against Attorneys," *California Bar Journal*, State Bar of
     California, September 2016

 "When Moving On, First Protect Clients' Interests," *Daily Journal*, December 5, 2014

 "Discoverability of Witness Interviews: To What Extent Do the Work Product Doctrine and/or the
     Attorney-Client Privilege Apply?" *Association of Workplace Investigators Journal*, October
     2014, vol. 5, no. 4

"California's MCLE Requirements:  Complying With the Rules and Your Ethical Obligations"
     *California Bar Journal*, State Bar of California, September 2014

"The Jury is Not Your 'Friend'," *Daily Journal*, May 2, 2014

"Risky Business:  Identifying, Preventing and Managing Conflicts of Interest," *The Woman
     Advocate* (ABA) Spring 2014, vol. 19, no. 3

 "An Ounce of Prevention:  Managing Disqualification Risks Through Advance Conflict Waivers,"
     *IP Litigator*, March/April 2014

527113.1

"Lawyers Representing Start-Ups: Managing Ethical Risks and Obligations," *California Bar Journal*, State Bar of California, December 2013

"Discoverability of Witness Interviews: To What Extent Do the Work Product Doctrine and/or the Attorney-Client Privilege Apply," *California Bar Journal*, State Bar of California, February 2013

The Law of Lawyers' Liability
      Co-editor; First Chair Press/American Bar Association 2012

Fee Agreement Forms Manual
      Consulting Editor, Continuing Education of the Bar (2d Ed. 2006-2018)