UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MAXIMILIAN KLEIN, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>FACEBOOK, INC.,<br><br>  Defendant. | Case No. 20-cv-08570-LHK (VKD)<br><br>**ORDER RE DISCOVERY DISPUTE RE FED. R. EVID. 502(D) ORDER**<br><br>Re: Dkt. No. 94 |

The Advertiser Plaintiffs[1] and the Consumer Plaintiffs[2] (collectively, "Plaintiffs") in these consolidated actions and defendant Facebook, Inc. ("Facebook") ask the Court to resolve their dispute regarding the terms of an order pursuant to Federal Rule of Evidence 502(d) that will govern the treatment of privileged materials disclosed during discovery. Dkt. No. 94. The Court held a hearing on the matter on May 25, 2021 (Dkt. Nos. 99, 104) and now orders as follows:

**1.  Paragraph 1[3]**

With respect to paragraph 1 of the proposed order, the parties dispute whether the order should be limited to "inadvertent" productions of privileged material or whether it should encompass any disclosure of privileged material, regardless of the circumstances of that disclosure. More specifically, the parties disagree about how to describe the circumstances in which one party may clawback a privileged document that has already been produced to another party and avoid a finding of waiver based on the act of production.

---

[1] *See* Dkt. No. 86.
[2] *See* Dkt. No. 87.
[3] The Court refers to the disputed paragraphs of the proposed 502(d) order using the parties' notation in the joint discovery dispute submission.

As the parties acknowledge, no appellate court has addressed the permissible scope of an order entered under Rule 502(d).  While some district courts have concluded that such an order may only apply to "inadvertent" disclosures of privileged materials, Rule 502(d) itself contains no such express restriction; rather, it provides that "[a] federal court may order that the privilege or protection is not waived by disclosure connected with the litigation pending before the court." Fed. R. Evid. 502(d).  In addition, the limitations on non-waiver in Rule 502(b), including that the disclosure was inadvertent, do not appear in Rule 502(d).  The commentary to Rule 502(d) indicates that this subsection was intended to allow for court orders that protect against waiver in circumstances that do not meet the criteria of Rule 502(b).  Fed. R. Evid. 502(d) advisory committee's note (revised 11/28/2007) ("[T]he court order may provide for return of documents without waiver irrespective of the care taken by the disclosing party[.]").  At the same time, the commentary reflects that Congress did not intend to authorize the district courts to completely alter applicable law regarding waiver of privilege.  Fed. R. Evid. 502(d) addendum to advisory committee's note (statement of Congressional intent) ("This subdivision is designed to enable a court to enter an order, whether on motion of one or more parties or on its own motion, that will allow the parties to conduct and respond to discovery expeditiously, without the need for exhaustive pre-production privilege reviews, while still preserving each party's right to assert the privilege to preclude use in litigation of information disclosed in such discovery.").

The parties may have different views regarding what distinguishes an "inadvertent" disclosure from an "intentional" disclosure, but the principal purpose of the proposed order, as the Court understands it, is to provide a mechanism for protecting legitimate claims of privilege without requiring an exhaustive pre- or post-production review of documents disclosed in discovery, and a mechanism for challenging post-production claims of privilege in a way that does not unfairly prejudice a receiving party who may have relied on the purportedly privileged material without knowing or suspecting the producing party's privilege claim.  Other provisions of the Rule 502(d) order address these concerns and belaboring the language of the order's introductory paragraph does not necessarily serve these important interests.  The Court notes that because the parties rely on Paragraph 1 to define "Protected Documents," it is necessary is to

1  make clear that the order applies to documents and accompanying metadata produced or disclosed
2  in this action as to which a party asserts a claim of privilege or protection.
3      Accordingly, the order shall include the following Paragraph 1:
4      Pursuant to Federal Rules of Evidence 502(d), the production
5      or disclosure of any documents and accompanying metadata
6      ("Protected Documents"), protected from discovery, including under
7      the attorney-client privilege, work product doctrine, opinion work
8      product doctrine, the joint defense or common interest privilege,
9      privacy laws and regulations, or any other immunity from discovery
10     (collectively "privilege or protection"), does not result in the waiver
11     of any privilege or protection, including subject matter waiver,
12     associated with such Protected Documents as to the receiving party
13     or any third parties in this or in any other state or federal proceeding
14     solely by virtue of such production or disclosure.  This Order
15     provides the maximum protection allowed by Federal Rule of
16     Evidence 502(d) with regard to Protected Documents.  Federal Rule
17     of Evidence 502(b) does not apply to any disputes regarding
18     Protected Documents, and instead this Stipulated 502(d) Order
19     governs all disputes regarding Protected Documents produced in this
20     litigation.  Nothing contained herein requires the production of
21     Protected Documents.
22  **2.    Sections 2 and 5[4]**
23      Sections 2 and 5 of the proposed order concern the procedures that apply when one party
24  issues a clawback notice for a Protected Document.  Plaintiffs argue that a party should be
25  permitted to sequester a document for which a claim of privilege has been made so that the party
26  may challenge the claim.  Facebook argues that such document should be returned or destroyed

---

[4] The discussion here also implicates provisions in Section 3 of the proposed order.

3

1     pending resolution of any challenge.

2         This dispute arises against the back drop of Rule 26(b)(5)(B) of the Federal Rules of Civil Procedure, which provides that "[a]fter being notified [of a privilege claim], a party must promptly return, sequester, or destroy the specified information and any copies it has [and] must not use or disclose the information until the claim is resolved . . . ." Fed. R. Civ. P. 26(b)(5)(B). Both parties' positions deviate from what Rule 26(b)(5) provides:  Plaintiffs propose to use the Protected Document to challenge a privilege claim, whereas Rule 26(b)(5) does not permit the use Plaintiffs contemplate. *See* Fed. R. Civ. P. 26(b)(5) advisory committee's notes (2006 amendment) ("In presenting the question [of whether information is privileged or protected], the [receiving] party may use the content of the information only to the extent permitted by the applicable law of privilege, protection for trial-preparation material, and professional responsibility."). Facebook proposes to require the return or destruction of the Protected Document, whereas Rule 26(b)(5) permits sequestration as well.

        The parties agree that this action will involve a large volume of production from Facebook. In addition, Facebook persuasively argues that its production is likely to include a significant number of Protected Documents. The Court agrees with Facebook that once a party is alerted to the existence of a Protected Document in the production, that party generally has an obligation to refrain from examining the document. However, if the receiving party has already examined the document and developed work product referring to the document, it is neither practical nor fair to require that party to destroy such work product, pending resolution of its challenge to the claim of privilege.

        In the context of this action, the Court concludes that the following approach will provide the best mechanism for managing the treatment of Protected Documents subject to a clawback notice:

    (a)  The clawback notice must be as specific as possible in identifying the basis for the privilege claimed, and must include at least the information required by Rule 26(b)(5)(A)(ii);

    (b)  A party receiving a clawback notice must return or destroy the Protected Document;

    (c)  A party receiving a clawback notice may sequester any notes or other work product

4

that refers to or excerpts the contents of the Protected Document;

(d) In the event of a challenge to a claim of privilege or a dispute about the claim, the producing party will submit the Protected Document for *in camera* review by the Court if any party requests its submission, or at the Court's request;

(e) The receiving party must not use or disclose the Protected Document or any work product referring to its contents until the disputed privilege claim is resolved; and

(f) If one party issues clawback notices for more than 100 documents within a seven-day period, the receiving party may have an additional seven days business days to challenge the clawback notice.

### 3. Section 3

Section of 3 of the proposed order concerns the procedures that apply when a receiving party discovers a document in another party's production that it reasonably believes is privileged. The parties agree that a receiving party must give notice within four business days of such discovery, after which the producing party must serve a clawback notice. The parties dispute whether the producing party should have to deadline for service of the clawback notice.

The Court agrees with Plaintiffs that the producing party should have a deadline to serve a clawback notice in these circumstances, and will require the producing party to serve a clawback notice within 10 business days of receipt of the Production Notice if it wishes to assert a privilege claim with respect to the document at issue.

### 4. Section 4

Section 4 of the proposed order concerns the procedures that apply to Protected Documents used in deposition or hearings. The parties dispute several aspects of these procedures. Plaintiffs' principal concern is that privilege claims should not be permitted to unnecessarily and unfairly disrupt deposition testimony. Facebook's principal concern is that a party should not be permitted to use a document that has been identified as privileged in a deposition and obtain deposition testimony about it.

As discussed at the hearing, the Court's view is that the usual procedures that govern privilege issues arising in deposition should apply to this action. Specifically:

1       (a)  If a party believes a Protected Document is about to be used in a deposition, the party must object on the record, must state the basis for the privilege claim, and must demand that the document be clawed back.

       (b)  If the Protected Document is capable of redaction to excise privileged material, the party making the privilege claim must promptly make redactions to the document and permit the witness to testify as to the non-privileged material in the document.  This redaction must be accomplished in such a way as to permit the deposition to continue with minimal disruption.

       (c)  Once alerted to the privilege claim, the party conducting the deposition must avoid eliciting testimony about the portions of the Protected Document that are claimed to be privileged, until any disputes about the privilege claim are resolved.

       By its terms (*see* Paragraph 1), the proposed Rule 502(d) order applies to documents and metadata, which are expected to be produced in large volumes without advance, document-specific privilege review.  Deposition testimony does not pose the same risk of disclosure of privileged information as this contemplated document production.  However, both parties propose that the Rule 502(d) order include a provision that addresses transcripts of deposition testimony.  *See* Dkt. No. 94-1 at ECF 5:26-6:5.  While the Court expects the parties to object to the disclosure of privileged information at the time of the deposition, the Court appreciates that some claims of privilege may not be identified until after a transcript is prepared.  In such circumstances, it is important that the privilege claim be made promptly.  The party claiming privilege shall make the claim within 10 business days of receiving a rough transcript, or if no rough transcript is received, within 10 business days of receiving the final transcript.

       As discussed on the record, the parties shall confer further regarding the procedures that will govern documents identified as having been relied on or considered in an expert report as to which a party later claims a privilege applies.  The Court agrees with Plaintiffs that there should be a deadline for raising such claims of privilege, particularly as to documents on which an expert has expressly relied, so as not to prejudice the party using that expert.  After conferring further, the parties may include such a provision in the Rule 502(d) order or may prepare a separate proposed order to govern documents identified in expert reports.

**5.     Section 6**

Plaintiffs propose two miscellaneous provisions that seek to preserve a party's ability to make arguments or request relief not foreclosed by the Rule 502(d) order. The Court agrees with Facebook that these miscellaneous provisions are unnecessary, and they shall not be included in the Rule 502(d) order.

\* \* \*

The parties shall file for the Court's review and approval a Rule 502(d) order that reflects the Court's resolution of their disputes, as set forth above. The order shall be filed no later than **June 11, 2021**.

**IT IS SO ORDERED.**

Dated: June 3, 2021

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge