UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MAXIMILIAN KLEIN, et al.,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>FACEBOOK, INC.,<br><br>　　　　　Defendant. | Case No. 20-cv-08570-LHK (VKD)<br><br>**ORDER RE DISCOVERY DISPUTE RE PROTECTIVE ORDER**<br><br>Re: Dkt. No. 95 |

The Advertiser Plaintiffs[1] and the Consumer Plaintiffs[2] (collectively, "Plaintiffs") in these consolidated actions and defendant Facebook, Inc. ("Facebook") ask the Court to resolve their dispute regarding the terms of a protective order that will govern the treatment of confidential materials disclosed during discovery. Dkt. No. 95. The Court held a hearing on the matter on May 25, 2021 (Dkt. Nos. 99, 104) and now orders as follows:

**1.　Sections 2.1 and 6.1[3]**

Sections 2.1 and 6.1 of the proposed protective order concern who may challenge a confidentiality designation and how that challenge is made. Plaintiffs ask the Court to adopt the model protective order[4] provision, which contemplates that any party or non-party may challenge a confidentiality designation and sets forth a procedure for doing so. Facebook argues that the

---

[1] *See* Dkt. No. 86.
[2] *See* Dkt. No. 87.
[3] The Court refers to the disputed paragraphs of the proposed protective order using the parties' notation in the joint discovery dispute submission.
[4] *See* Northern District of California Model Protective Order at https://cand.uscourts.gov/forms/model-protective-orders/

protective order should not include a provision that purports to authorize a non-party to challenge a confidentiality designation, and that any non-party wishing to challenge such designation should be required to articulate a legitimate basis for that relief.

To the extent Facebook contends that a non-party must make a particular showing to justify a challenge to a party's confidentiality designation, and that the model order provisions are inconsistent with applicable law, the Court disagrees. Pretrial discovery is presumptively public. *In re Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d 417, 424, 426 (9th Cir. 2011) ("As a general rule, the public is permitted access to litigation documents and information produced during discovery.") (internal quotations omitted). The party seeking to invoke the protection of a confidentiality designation under a prospective protective order must be prepared to show good cause for any such protection. *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003) ("A party asserting good cause bears the burden, for each particular document it seeks to protect, of showing that specific prejudice or harm will result if no protective order is granted.").

It appears that Facebook's principal concern is that many non-parties may attempt to challenge Facebook's confidentiality designations, and that given the large volume of documents expected to be produced, the model protective order's procedures for raising and resolving challenges to such designations are not well-suited to such challenges. The Court agrees that the model protective order's provisions and the expedited dispute resolution procedures the Court will require the parties to follow for resolution of challenges to confidentiality designations will be difficult to use for non-party challenges to a party's designations in this case. *See* Dkt. No. 95-1 (section 6.3, judicial intervention). For practical reasons, therefore, the Court will require non-parties to file a regularly noticed motion under Civil L.R. 7-2 if they wish to challenge a confidentiality designation. The procedures in sections 2.1 and 6.1-6.3 of the proposed protective order will be limited to party challenges.

The Court adopts Facebook's edit to sections 2.1 and 6.1.

**2.     Sections 2.2 and 3**

The parties dispute the portions of sections 2.2 and 3 that address what material may be

2

designated "confidential" or "highly confidential" under the protective order. Plaintiffs argue that a party should not be permitted to designate material confidential if it has already been made public even if such public status derives from a violation of a court order in another proceeding, and that the party opposing confidential treatment should be free to treat such material as presumptively public. Facebook argues that a party should be permitted to designate material confidential even if it has already been made public as a result of a publication that violates a court order in another proceeding, and that the party opposing confidential treatment should be required to treat such material as confidential if so designated.

Both Plaintiffs and Facebook express valid concerns. On the one hand, Plaintiffs cannot be charged with policing violations of confidentiality orders in other cases and should not be burdened with having to treat as confidential material that is already clearly in the public domain, even if it was published in violation of another court's order. On the other hand, Facebook understandably objects to a protective order provision that it believes immunizes, and perhaps even incentivizes, the publication of Facebook's confidential information by non-parties.

The parties' concerns can be accommodated as follows: Any party may designate as confidential material that it believes should receive confidential treatment. If a producing party's confidential material has been published by someone other than the producing party in violation of another court's order, and the producing party is aware of such publication, it should promptly notify the receiving party that it continues to request confidential treatment of the material in this action. If the receiving party disagrees that the material should continue to be treated as confidential, it may challenge the designation pursuant to sections 6.1-6.3 of the proposed protective order. If a party receives material from a non-party that bears obvious indicia that it is the confidential information of a party, the party who receives such material should make appropriate inquiries, including of the party whose information it appears to be, regarding whether the material is confidential *before* choosing to treat it as public. Any disputes about whether such material should continue to be treated as confidential may be resolved using the procedures in section 6.1-6.3.

The parties should confer and revise sections 2.2 and 3 so that they are consistent with the

3

above direction.

### 3. Section 2.7

The parties dispute the definition of "highly confidential" in section 2.7 of the proposed protective order. Plaintiffs advocate a definition that conforms to the definitions proposed by parties adverse to Facebook in parallel government actions. Facebook asks the Court to adopt the definition used in the model protective order.

For the reasons explained at the hearing, the Court will adopt the model protective order's definition of "highly confidential" for present purposes.

### 4. Section 7.4

Plaintiffs propose that the protective order include a specific provision addressed to the treatment of highly confidential information produced by non-parties to the Federal Trade Commission or to state attorneys general investigating alleged anticompetitive conduct by Facebook. Plaintiffs anticipate that these non-party materials may eventually be produced to Facebook in parallel government actions under terms that would prohibit Facebook's in-house counsel and other employees from accessing the materials. Plaintiffs further anticipate that they will ask Facebook to re-produce those non-party materials to Plaintiffs in this action. Because the parties have agreed that up to six Facebook in-house counsel may access materials designated "highly confidential" under the proposed protective order in *this* action, Plaintiffs worry that unnecessary disputes about production of non-party highly confidential material will arise if the protective order does not specifically address these non-party materials.

The Court agrees with Facebook that it is not appropriate to include a specific provision in the protective order at this time before the government entities have produced any non-party highly confidential materials to Facebook and before the restrictions on access to such production have been set in the parallel government actions. When the time comes, the Court expects the parties to negotiate appropriate terms for the exchange of any responsive non-party highly confidential materials, taking into account other court orders or restrictions that already govern the use of those materials.

The proposed protective order currently under consideration should not include Plaintiffs'

4

proposed section 7.4.

**5.     Sections 7.2 and 7.3**

Sections 7.2 and 7.3 of the proposed protective order specify to whom materials designated "confidential" or "highly confidential," respectively, may be shown. The parties' dispute concerns the criteria for showing such designated material to witnesses during depositions. For reasons that are not clear to the Court, the parties' respective proposals treat confidential and highly confidential the same way with respect to depositions. *See* Dkt. No. 95-1 (sections 7.2(g) and 7.3(f)). The competing proposals are:

| Plaintiffs' Proposal (secs. 7.2(g), 7.3(f)) | Facebook's Proposal (secs. 7.2(g), 7.3(f)) |
|---|---|
| [A] Receiving Party may disclose [Protected Materials] only to: . . . during depositions, a Party or Non-Party witness in the action, who the [Protected Materials] indicate, or who the Receiving Party has a good-faith basis to believe, was the author, addressee, recipient, custodian, or source of the document, to the extent he or she previously had lawful access to the document disclosed or to be disclosed; and any persons for whom the Receiving Party believes in good faith previously received or had access to the document, unless counsel for the Designating Party or the witness indicates that he or she did not have access to the document, or unless otherwise agreed by the Designating Party or ordered by the court. In addition, a Party witness, including a current or former employee of a Party, may be shown [Protected Materials] produced from that Party's files, to the extent the [Protected Materials] indicate, or the Receiving Party has a good-faith basis to believe, that the [Protected Materials] were in the Party's files at the time the current or former employee was employed by the Party. In addition, a Non-Party witness, including a current or former employee of a Non-Party, may be shown [Protected Materials] produced from the Non-Party's files, to the extent the [Protected Materials] quote, recount, or summarize the statements or communications of the Non-Party witness. | [A] Receiving Party may disclose [Protected Materials] only to: . . . during depositions, a Party or Non-Party witness in the action, who the [Protected Materials] indicate, or who the Receiving Party has a good-faith basis to believe, was the author, addressee, recipient, custodian, or source of the document, to the extent he or she previously had lawful access to the document disclosed or to be disclosed; and any persons for whom the Receiving Party believes in good faith previously received or had access to the document, unless counsel for the Designating Party or the witness indicates that he or she did not have access to the document, or unless otherwise agreed by the Designating Party or ordered by the court. |

Plaintiffs argue that Facebook's proposal is too restrictive and will prevent them from using designated materials to obtain relevant deposition testimony. Facebook argues that Plaintiffs' proposal creates a risk that individual witnesses will be shown highly confidential documents that they would not otherwise be permitted see, but for their depositions. Both parties compare their proposals to the model protective order: Plaintiffs point out that their proposal is more protective of "confidential" information than the provisions of the model order, while Facebook observes that its proposal for "highly confidential" information is less restrictive that the provisions of the model order.

The Court believes that it is appropriate to distinguish between "confidential" and "highly confidential" material, as the model protective order does. The Court resolves the parties' dispute as follows:

Section 7.2(g) shall state:

> [A] Receiving Party may disclose Confidential Information or Items only to: . . . during depositions, a Party or Non-Party witness in the action, who the Confidential Information or Items indicate, or who the Receiving Party has a good-faith basis to believe, was the author, addressee, recipient, custodian, or source of the document, to the extent he or she previously had lawful access to the document disclosed or to be disclosed; any witness for whom the Receiving Party believes in good faith previously received or had access to the document, unless counsel for the Designating Party or the witness indicates that he or she did not have access to the document; and any witness to whom disclosure is reasonably necessary and who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A). These restrictions shall apply unless otherwise agreed by the Designating Party or ordered by the court.

Section 7.3(f) shall state:

> [A] Receiving Party may disclose Highly Confidential Information

> or Items only to: . . . during depositions, a Party or Non-Party witness in the action, who the Highly Confidential Information or Items indicate, or who the Receiving Party has a good-faith basis to believe, was the author, addressee, recipient, custodian, or source of the document, to the extent he or she previously had lawful access to the document disclosed or to be disclosed; and any witness for whom the Receiving Party believes in good faith previously received or had access to the document, unless counsel for the Designating Party or the witness indicates that he or she did not have access to the document, or unless otherwise agreed by the Designating Party or ordered by the court.

The parties may seek (or agree to) more or less restrictive treatment of particular documents with respect to particular witnesses. If a dispute arises during a deposition with respect to a particular document, a party may, if warranted, seek a specific protective order, in accordance with Rules 26(c) and 30(d)(3) of the Federal Rules of Civil Procedure and this Court's expedited discovery dispute resolution procedures. *See* Fed. R. Civ. P. 26(c), 30(d)(3); Standing Order for Civil Cases, sec. 4.

### 6. Section 7.5

Plaintiffs propose that their counsel be permitted to share "high level summaries or characterizations" of Facebook's "highly confidential" material with the class representatives in this action. Facebook objects to disclosure of these summaries or characterizations, and proposes instead that the protective order make clear that counsel may rely on their knowledge and examination of any Protected Materials in rendering legal advice to their clients.

The Court believes Facebook's proposal aligns with the usual and expected treatment of confidential material exchanged in discovery and counsel's typical obligations with respect to that material. The Court adopts Facebook's proposal.

### 7. Section 9(c)

Section 9(c) concerns the obligations of a party asked to produce a non-party's confidential

7

1 materials.  The parties disagree about how to handle a party's contractual confidentiality
2 obligations to a non-party where those obligations include a notice period in favor of the non-
3 party.
4       As explained during the hearing, the Court believes any concern about contractual notice
5 obligations to a non-party can be accommodated as follows:  A non-party must object or seek a
6 protective order within 14 days of receiving notice and accompanying information, as described in
7 section 9(b).  However, if the party from whom the discovery is sought has a contractual
8 obligation to give a longer period of notice to the non-party, the party shall so advise the party
9 requesting the discovery.  In such event, the producing party shall have no obligation to produce
10 the non-party's material until the contractual notice period expires.

*  *  *

12       The parties shall file for the Court's review and approval a proposed protective order that
13 reflects the Court's resolution of their disputes, as set forth above.  The order shall be filed no later
14 than **June 18, 2021**.
15 **IT IS SO ORDERED.**
16 Dated: June 14, 2021

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge