| | |
|---|---|
| **QUINN EMANUEL URQUHART & SULLIVAN, LLP**<br>Stephen A. Swedlow (admitted *pro hac vice*)<br>  stephenswedlow@quinnemanuel.com<br>191 N. Wacker Drive, Suite 2700<br>Chicago, IL 60606<br>(312) 705-7400<br><br>**HAGENS BERMAN SOBOL SHAPIRO LLP**<br>Shana E. Scarlett (Bar No. 217895)<br>  shanas@hbsslaw.com<br>715 Hearst Avenue, Suite 202<br>Berkeley, CA 94710<br>(510) 725-3000<br><br>*Interim Co-Lead Consumer Class Counsel*<br><br>**BATHAEE DUNNE LLP**<br>Yavar Bathaee (Bar No. 282388)<br>  yavar@bathaeedunne.com<br>445 Park Avenue, 9th Floor<br>New York, NY 10022<br>(332) 205-7668<br><br>**SCOTT + SCOTT ATTORNEYS AT LAW LLP**<br>Kristen M. Anderson (Bar No. 246108)<br>  kanderson@scott-scott.com<br>230 Park Avenue, 17th Floor<br>New York, NY 10169<br>(212) 223-6444<br><br>*Interim Co-Lead Advertiser Class Counsel* | **WILMER CUTLER PICKERING<br>HALE AND DORR LLP**<br>SONAL N. MEHTA (SBN 222086)<br>Sonal.Mehta@wilmerhale.com<br>2600 El Camino Real, Suite 400<br>Palo Alto, California 94306<br>Telephone: (650) 858-6000<br>Facsimile: (650) 858-6100<br><br>DAVID Z. GRINGER (*pro hac vice*)<br>David.Gringer@wilmerhale.com<br>ARI HOLTZBLATT (*pro hac vice*)<br>Ari.Holtzblatt@wilmerhale.com<br>1875 Pennsylvania Ave NW<br>Washington, DC 20006<br>Telephone: (202) 663-6000<br>Facsimile: (202) 663-6363<br><br>*Attorneys for Defendant Facebook, Inc.* |

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| MAXIMILIAN KLEIN, et al.,<br><br>            Plaintiffs,<br><br>     vs.<br><br>FACEBOOK, INC.,<br><br>            Defendant.<br><br><u>This Document Relates To: All Actions</u> | Consolidated Case No. 5:20-cv-08570-LHK<br><br>**SECOND JOINT CASE MANAGEMENT STATEMENT**<br><br>The Hon. Lucy H. Koh<br><br>Hearing Date: July 7, 2021 at 2:00 p.m. |

**SECOND JOINT CASE MANAGEMENT STATEMENT**

Pursuant to Civil Local Rule 16-10(d) and the Court's Case Management Order, Dkt. 82, counsel for the putative Consumer Class, the putative Advertiser Class, and defendant Facebook, Inc. have met and conferred on certain issues and respectfully submit this Second Joint Case Management Statement in advance of the further Case Management Conference set for July 7, 2021 at 2:00 p.m. This Case Management Statement is intended to update the Court on matters that have arisen since the parties submitted the last Joint Case Management Statement on March 31, 2021.

**1.   Case Management Conference**

**Plaintiffs' Position:**

The Court has previously denied Facebook's requests for a stay, Dkts. 38, 82, and Facebook has not filed any renewed motion for a stay. Nonetheless, Facebook has attempted to delay this case by seeking a continuance of the Court's previously-scheduled Case Management Conference. Plaintiffs oppose Facebook's request and are prepared to appear and participate in the currently-scheduled Case Management Conference.

Judge Boasberg's recent dismissal orders in the State Attorneys General and Federal Trade Commission antitrust actions against Facebook do not justify a delay of these cases. As to *these* private actions in particular, the government entities have made clear that they "have no desire to be used as an obstacle to progress in matters pending in other district courts[.]" *Federal Trade Commission v. Facebook, Inc.*, Case No. 1:20-cv-03590-JEB (D.D.C. May 10, 2021), Dkt. 68 at 6. And both the Consumer Complaint and the Advertiser Complaint present legal theories and factual allegations that Judge Boasberg's decisions expressly did not resolve.

**Consumer Complaint.**  The Consumer Complaint, Dkt. 87, asserts, for example, market deception both standing alone and as part of a larger course of conduct including the use of consumers' deceptively-obtained data to identify competitors and inform acquisitions. Judge Boasberg's opinions do not address these theories in analyzing anticompetitive conduct and laches. Moreover, the Consumer Complaint does not include "naked allegations" of monopoly power; it includes different facts supporting Facebook's monopoly power. And the Consumer Complaint alleges additional acts during different time periods (*e.g.*, as recently as January 2019, well within

the limitations period), and seeks different remedies (*e.g.*, damages, which are not subject to laches) for different harms (*e.g.*, consumers not receiving adequate compensation for their data).

**Advertiser Complaint.**  The Advertiser Complaint, Dkt. 86, alleges anticompetitive conduct in an entirely separate market—the Social Advertising Market—not analyzed in Judge Boasberg's opinions.  As to anticompetitive conduct, Judge Boasberg's opinions do not address, for example, Advertiser Plaintiffs' allegations that Facebook used its Platform to bootstrap through large advertising purchases Facebook's fledgling NEKO mobile advertising product, that Facebook forced deals with targeted app developers on its Platform to feedback their own users' data to Facebook, or that Facebook and Google entered into a market allocation agreement to stay out of each other's respective advertising territories.  The Advertiser Complaint alleges additional acts during different time periods (*e.g.*, as recently as 2020, well within the limitations period), and seeks different remedies (*e.g.*, damages, which are not subject to laches) for different harms (*e.g.*, supracompetitive prices for Facebook's advertising services).

Because Facebook has made clear that it will attempt to rely on Judge Boasberg's recent decisions in its reply brief, Plaintiffs respectfully request an opportunity to address those decisions—which were issued after Plaintiffs submitted their opposition to Facebook's motion to dismiss—through supplemental briefing.  Plaintiffs propose filing a supplemental brief, not to exceed ten (10) pages, no later than July 8, 2021.

**Facebook's Position:**

Facebook respectfully suggests that a continuance of the Case Management Conference for approximately 4 weeks would be most efficient for the Court and the parties.  Facebook's motion to dismiss will be fully briefed tomorrow, July 1, with a motion hearing set for July 15, 2021.  Two days ago, on June 28, 2021, the District Court for the District of Columbia granted Facebook's motion to dismiss the two substantially-related government antitrust actions against Facebook, in *FTC v. Facebook, Inc.*, No. 1:20-cv-3590-JEB (hereinafter "FTC Case"), Dkt. No. 73, and—in a ruling that closely tracks Judge Freeman's recent dismissal of parallel claims in *Reveal Chat*, *see Reveal Chat Holdco LLC v. Facebook, Inc.*, 2021 WL 1615349 (N.D. Cal. Apr. 26, 2021)—in *New York v. Facebook, Inc.*, No. 1:20-cv-03589-JEB (hereinafter "State AG Case"), Dkt. No. 137.  The

court granted only the FTC leave to amend to attempt to remedy deficiencies identified by Judge Boasberg by July 29, 2021. *See id.* Dkt. No. 72. Continuing the Case Management Conference until a time convenient to the Court in August 2021 would provide time for the scope of this case surviving the motion to dismiss, if any, and the related government case to become clearer, making the Court's and parties' time and discussions of case management issues, including a schedule for further discovery, more efficient and effective. As Judge Boasberg put it when denying the FTC's motion to compel a Rule 26(f) conference during the pendency of Facebook's motion to dismiss, "Given that Facebook's Motion to Dismiss raises a number of serious challenges to the Complaint, it would be premature for the parties to discuss discovery until the contours of what, if anything, remains are known," and with a decision "expect[ed] to issue … next month …, there is little possibility of delay adversely affecting Plaintiff." FTC Case, Minute Order (May 11, 2021). Plaintiffs' protestations of delay (and suggestion that continuing the CMC for 4 weeks amounts to a "stay") are not credible. They have waited until this statement to request a 26(f) conference and make no arguments rooted in efficiency about why a conference makes more sense now as opposed to a month from now, after which Facebook proposes that the 26(f) schedule proceed on the timeline Plaintiffs have proposed.

If the Court would prefer to move forward with the Case Management Conference as scheduled, Facebook is of course prepared to appear and participate. Facebook respectfully suggests that the agenda for the conference might include (1) discussion of Facebook's pending motion to disqualify Keller Lenkner LLC, for which it has requested expedited treatment; and (2) the need for the parties to negotiate a formal coordination order with the related government case, depending how that case proceeds further, if at all.

As to the import of Judge Boasberg's rulings on the pending motion to dismiss, Facebook does not agree to Plaintiffs' proposal that Plaintiffs be permitted a supplemental brief on the decisions in the government cases one week before the motion hearing. Facebook expects that the Court will review for itself those decisions and their relationship to the issues in this case, as already briefed by the parties. Of course, should the Court feel that supplemental briefing would be helpful to the Court in evaluating the issues, Facebook would have no objection to such a process as long

as it is not one-sided (as Plaintiffs appear to propose) and would welcome the opportunity to provide the Court with whatever additional briefing the Court would find helpful.

**2.   Jurisdiction and Service**

**Plaintiffs' Position:**

The Court has (and Facebook has not disputed) subject matter jurisdiction over these consolidated actions pursuant to 28 U.S.C. §§ 1331, 1332, 1337(a), 1367, and 15 U.S.C. §§ 15, 26.

**Facebook's Position:**

The March 31, 2021 Joint Case Management Statement ("March 31 JCMS") noted that certain Plaintiffs had raised the issue of arbitrability of Plaintiffs' claims and that Facebook expected to assess that issue, and raise it with the Court as appropriate, once the CACs were filed and the scope of the cases became clearer. *See* Dkt. No. 78 at 1. With the CACs filed, Facebook reserves all rights and defenses with respect to unnamed members of the putative classes alleged in the CACs, including but not limited to its right to move to compel arbitration of any unnamed putative class members' claims subject to an arbitration provision at the appropriate time. *See, e.g.*, *Gutierrez v. Wells Fargo Bank, NA*, 889 F.3d 1230 (11th Cir. 2018); *Rushing v. Williams-Sonoma, Inc.*, 2020 WL 6787135 (N.D. Cal. Oct. 8, 2020); *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 2011 WL 1753784 (N.D. Cal. May 9, 2011).

**3.   Facts**

**Consumer Plaintiffs' Position:**

As described in the Consumer Complaint and in Plaintiffs' opposition to Facebook's motion to dismiss, Facebook has engaged in a multi-part anticompetitive scheme to destroy competition by deceiving consumers (and the market) about the data privacy protections it provides, and by surveilling consumers to identify competitors (and then acquiring or destroying them). Dkts. 87, 109. Consumer Plaintiffs' claims are timely, since Consumer Plaintiffs allege actionable conduct inside the four-year limitations period and also allege facts that establish tolling past that period. Dkt. 109 at 8–9, 11–13. As explained in Plaintiffs' opposition brief, Facebook's reliance on Judge Freeman's decisions in *Reveal Chat I* and *Reveal Chat II* is misplaced. Dkt. 109. As one example, both in this filing, *see infra*, Section 8, and in others, Facebook has conceded that Consumer

1  Plaintiffs' deception theory is "absent" from *Reveal Chat*. Dkt. 17-1 at 5. And, despite Facebook's
2  attempt to inject them here, Judge Boasberg's recent orders in the government cases do not resolve
3  the distinct claims at issue in these cases and should be addressed in supplemental briefing, not in a
4  case management statement.

5  **Advertiser Plaintiffs' Position:**

6  As explained in the Advertiser Complaint and in Plaintiffs' opposition to Facebook's motion
7  to dismiss, Facebook engaged in a multi-part scheme with the specific intent to harm competition
8  that included: a bait-and-switch plan in which Facebook deceptively attracted third-party developers
9  to build apps for Facebook's open Platform, then secretly manipulated Platform access (using
10 granular information gathered by deceptive Onavo sypware) to pick winners, blacklist direct
11 competitors, and extort app developers for large advertising purchases and/or their data; a market-
12 division agreement with Google; and a serial acquisition scheme that, together with other non-
13 acquisition conduct, had the purpose and effect of eliminating competition in the Social Advertising
14 Market. Dkt. 109 at 2. As explained in Plaintiffs' opposition brief, Advertiser Plaintiffs also
15 pleaded a straightforward market allocation agreement that is a classic *per se* violation of Section 1.
16 Contrary to Facebook's argument below, Advertiser Plaintiffs' Section 1 claim alleges that the
17 agreement affected both Facebook's Social Advertising Market and Google's exchange-based
18 market because Facebook and Google agreed not to compete in each other's markets. *Id.* at 33–34.

19 **Facebook's Position:**

20 Even after consolidation and amendment, both the Users' and the Advertisers' CACs are
21 still untimely and still premised on theories well beyond the outer boundaries of the antitrust laws,
22 for all the reasons Facebook explained in the March 31 JCMS, *see* Dkt. No. 78 at 5-9, and has
23 explained in its motion to dismiss, *see* Dkt. No. 97, and as both Judge Freeman and now Judge
24 Boasberg have held, twice apiece. *See* FTC Case, No. 1:20-cv-3590-JEB, Dkt. No. 73; State AG
25 Case, No. 1:20-cv-03589-JEB, Dkt. No. 137; *Reveal Chat Holdco LLC*, 2021 WL 1615349 (N.D.
26 Cal. Apr. 26, 2021); *Reveal Chat Holdco, LLC*, 471 F. Supp. 3d 981 (N.D. Cal. 2020).

27 The only new claim in the CACs is the Advertisers' allegations involving an alleged
28 agreement between Facebook and Google over advertising that takes place off Facebook on third-

party mobile applications. This "agreement" allegedly restrained competition only in the purported exchange-based ad market—which according to Plaintiffs is a separate market from the alleged "social advertising market" where the Advertisers claim they were injured. The Advertisers thus allege harm in one alleged market (social advertising) by virtue of an agreement that they say restrained competition in a separate alleged market (exchange-based advertising). As a result, Advertisers lack antitrust standing. Moreover, the Advertisers allege the agreement was executed in September 2018, but five of the named Plaintiffs cannot claim causal antitrust injury because they did not purchase advertising after this date.

### 4. Legal Issues

Consumer Plaintiffs identified the legal issues their claims presented in the March 31, 2021 case management statement. Dkt. 78 at 9. Consumer Plaintiffs have no further disputed legal issues to raise at this time.

In addition to the legal issues identified in the March 31 JCMS, *see* Dkt. No. 78 at 9-11, Facebook and Advertiser Plaintiffs identify the following additional legal issues arising from the Advertiser Complaint:

Whether the Google Network Bidding Agreement unreasonably restrained trade in violation of Section 1 of the Sherman Act.

Whether Advertisers have antitrust standing for their claim under Section 1 of the Sherman Act.

### 5. Motions

#### a. Pending Motions

*Motion to Disqualify Counsel:* On May 7, 2021, Facebook filed a motion to disqualify Keller Lenkner LLC. *See* Dkt. No. 93. The motion has been fully briefed. *See* Dkt. No. 98 (Keller Lenkner's opposition); Dkt. No. 103 (Facebook's reply). A motion hearing is scheduled for September 30, 2021. *See* Dkt. No. 93. Facebook has requested expedited treatment of this motion.

*Motion to Dismiss*: On May 20, 2021, Facebook filed a motion to dismiss the CACs. *See* Dkt. No. 97. On June 17, 2021, Plaintiffs filed an opposition to Facebook's motion to dismiss.

*See* Dkt. No. 109.  Facebook will file its reply by July 1, 2021.  A motion hearing is scheduled for July 15, 2021.

*Motion to Remand*:  In *Rosenman v. Facebook, Inc.*, No. 21-CV-02108-LB, removed to N.D. Cal. on Mar. 25, 2021, and ordered related to this case on April 9, 2021, *see* Dkt. No. 85, Plaintiff Shari Rosenman filed a motion to remand on April 26, 2021, No. 21-CV-02108-LB, Dkt. No. 17; Facebook filed an opposition to the motion to remand on May 26, 2021, *see id.* Dkt. No. 20; and Rosenman filed her reply on June 25, 2021, *see id.* Dkt. No. 19 (ordering briefing schedule).  A motion hearing is scheduled for August 12, 2021.

### b.   Anticipated Motions

In addition to the specific motions below, the parties also anticipate that there will be further motions, including motions to exclude expert testimony and motions in limine.

**Plaintiffs' Anticipated Motions:**

*Motion for Class Certification*:  Consistent with the Court's case management order, Dkt. 82 at 2, Plaintiffs intend to move for class certification by March 15, 2022.

*Responses to Motions filed by Facebook*:  Plaintiffs reserve all rights and arguments to respond to, or oppose, any future motions filed by Facebook.  To the extent Facebook anticipates filing a motion to relate additional individual actions to these consolidated actions, Plaintiffs will, at that time, evaluate such a motion and file any such response in accordance with N.D. Cal. Civil L.R. 3-12(e).  Should Facebook file any motion to compel arbitration or motion for judgment on the pleadings, Plaintiffs reserve all rights to oppose those motions.  Consistent with the Court's case management order, Dkt. 82 at 2, Plaintiffs will, by December 9, 2022, oppose any motion for summary judgment filed by Facebook.

**Facebook's Anticipated Motions:**

*Motion to Relate*: The antitrust claims from the complaint in *Loveland v. Facebook, Inc.*, No. 21-CV-03300-CRB (transferred to N.D. Cal on May 4, 2021), have been severed, and Facebook anticipates moving to relate the severed antitrust claims to this case once refiled, which appear to be largely copied from those advanced in the *Klein* complaint.

*Motion for Judgment on the Pleadings*:  In the event that this case survives Facebook's motion to dismiss, Facebook is evaluating the preclusive effect, if any, of the judgment in the State AG Case and may seek judgment on the pleadings on that basis.

*Motion to Compel Arbitration*:  Facebook reserves all rights and defenses with respect to unnamed members of the putative classes alleged in the CACs, including but not limited to its right to move to compel arbitration of any unnamed putative class members' claims subject to an arbitration provision at the appropriate time.  *See, e.g.*, *Gutierrez*, 889 F.3d 1230; *Rushing*, 2020 WL 6787135; *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 2011 WL 1753784.

*Motion for Summary Judgment*:  In the event that this case survives the motion to dismiss, Facebook anticipates moving for summary judgment pursuant to Fed. R. Civ. P. 56.

**6.     Amendment of Pleadings**

Pursuant to the Court's scheduling order, Dkt. 82, the Consumer Plaintiffs and the Advertiser Plaintiffs filed their respective consolidated class action complaints on April 22, 2021, Dkts. 86, 87.

Pursuant to the Court's April 2, 2021 Case Management Order (Dkt. No. 82), the last day to further amend pleadings or add parties is August 27, 2021.

**7.     Updates Regarding Discovery**

**a.     Facebook's Production of Documents Produced to Public Regulators**

The Court's April 2, 2021 Case Management Order required Facebook to produce to Plaintiffs, within 30 days of that order, "the documents Facebook produced to the Federal Trade Commission and the United States House of Representatives" in connection with those entities' parallel antitrust investigations into Facebook.  Dkt. 82 at 1.  On May 3, 2021, Facebook made a document production to Plaintiffs, and Plaintiffs' review of that production is currently ongoing.

**b.     Stipulated Protective and Clawback Orders**

To facilitate Facebook's Court-ordered production on May 3, 2021, the parties agreed to an interim protective order, Dkt. 89, as well as an interim clawback order pursuant to Federal Rules of Evidence 502(d), Dkt. 90.  Judge DeMarchi entered modified versions of the parties' stipulated, interim protective and clawback orders on May 3, 2021.  Dkts. 91, 92.

After Facebook's May 3, 2021 document production, the parties continued to negotiate the terms of final protective and clawback orders that would govern discovery moving forward. As to those terms of the protective and clawback orders upon which the parties could not agree, the parties submitted their disputes to Judge DeMarchi on May 14, 2021, via joint letter briefs. Dkts. 94, 95. Judge DeMarchi held a hearing on the parties' disputes on May 25, 2021, Dkt. 99, issuing orders as to the clawback order on June 3, 2021, Dkt. 105, and as to the protective order on June 14, 2021, Dkt. 108. In accordance with Judge DeMarchi's orders, the parties submitted revised, stipulated protective and clawback orders, which Judge DeMarchi has since entered. Dkts. 106, 107, 110, 111.

### c. Further Updates Regarding Discovery

The Court's April 2, 2021 Case Management Order set September 2, 2022, as the fact discovery cut-off, and November 4, 2022, as the expert discovery cut-off. Dkt. 82 at 2.

**Plaintiffs' Position:**

Plaintiffs are currently reviewing Facebook's May 3, 2021 document production. Based upon that review, Plaintiffs anticipate determining what additional discovery is needed. Plaintiffs oppose Facebook's further attempts to delay these consolidated actions, including Facebook's desire to slow the progression of discovery. After Facebook last attempted to delay the start of discovery pending the outcome of the government cases, *see* Dkt. 78 at 22–28, the Court denied "Facebook's request to stay discovery[.]" Dkt. 82 at 1. Facebook has not filed any motion for a stay, nor should the Court grant one. As such, and to meet the deadlines set in the Court's prior case management order, Dkt. 82, Plaintiffs believe that discovery should continue and propose the following schedule.

| Event | Date |
|---|---|
| Rule 26(f) Conference Deadline | July 30, 2021 |
| Rule 26(f) Report Deadline | August 13, 2021 |
| Deadline for Exchange of Initial Disclosures | August 13, 2021 |

**Defendant's Position:**

Facebook respectfully suggests that the proper time to discuss additional discovery is at a Case Management Conference continued to a time convenient for the Court in August 2021, when

the scope of this case as well as the status of the related government case will be clearer. Facebook's motion to dismiss will be fully briefed tomorrow and heard by the Court in a little over two weeks, whereas the State AG Case and the FTC Case have now been dismissed, with only the FTC granted leave to amend to attempt to remedy the deficiencies identified by Judge Boasberg, by July 29, 2021. Facebook has also produced over 12 million pages of documents to Plaintiffs, which Plaintiffs confirm they are still reviewing. A Case Management Conference and discussion about the schedule for a 26(f) conference and report are therefore likely to be far more productive and efficient if held in early August rather than early July. Facebook proposes that the parties proceed with a 26(f) conference and 26(f) report and exchange of initial disclosures promptly after an August 2021 Case Management Conference, including on a schedule paralleling the Plaintiffs' current proposal (*i.e.*, a 26(f) conference within three weeks of that Case Management Conference and the filing of a 26(f) report and exchange of initial disclosures within two weeks of the 26(f) conference), at which time the parties can negotiate a discovery schedule that accounts for the guidance from this Court's motion to dismiss decision as well as the need to negotiate a formal coordination order with the government case, to the extent it proceeds. In the interim, Plaintiffs have over 12 million pages of documents produced to the FTC and House Judiciary Committee that they can continue to review to help focus and tailor the parties' 26(f) discussions and further discovery.

**8.   Related Cases**

**Plaintiffs' Position:**

Plaintiffs do not have any related cases to bring to the Court's attention.[1] *See* Standing Order for All Judges of the Northern District of California, cl. 10 (https://www.cand.uscourts.gov/wp-content/uploads/judges/Standing_Order_All_Judges_11.1.2018.pdf). If and when Facebook files a

---

[1] Judge Freeman rejected Facebook's arguments that these cases are "related" to *Reveal Chat*. *See Reveal Chat Holdco LLC et al v. Facebook, Inc.*, Case No. 5:20-cv-00363-BLF (N.D. Cal. Jan. 21, 2021), Dkt. 110. And as to the government cases, Facebook attempts to establish factual and legal connections between those cases and these private actions based on the filing of certain "related case notices." But as the government entities have explained, these same "related case notices" are "pro forma related case filings" that "are required under" D.D.C. Local Rules, and they "do[] not involve any analysis or contemplation" of more than superficial relationships among these cases. *State of New York et al v. Facebook, Inc.*, Case No. 1:20-cv-03589-JEB (D.D.C. Jan. 11, 2021), Dkt. 96 at 6.

motion to relate *Loveland* or any other actions to these consolidated actions, Plaintiffs will, at that time, evaluate such a motion and file any such response in accordance with N.D. Cal. Civil L.R. 3-12(e).

**Defendant's Position:**

Since the Court's April 2, 2021 Case Management Order (Dkt. No. 82), the Court granted motions to relate the following two cases to this action (Dkt. No. 85)—

- *Ryan v. Facebook, Inc.*, No. 21-CV-02017-SVK (N.D. Cal. filed Mar. 23, 2021)
- *Rosenman v. Facebook, Inc.*, No. 21-CV-02108-LB (removed to N.D. Cal. on Mar. 25, 2021)

Facebook anticipates moving to relate the severed antitrust claims in *Loveland v. Facebook, Inc.*, No. 21-CV-03300-CRB (transferred to N.D. Cal on May 4, 2021), to this case, once refiled.

As noted, the District Court for the District of Columbia recently dismissed the related lawsuits filed by the FTC and State Attorneys General, granting only the FTC leave to amend to attempt to remedy the deficiencies identified by Judge Boasberg, in rulings that track Judge Freeman's decisions in *Reveal Chat*. *See* FTC Case, No. 1:20-cv-3590-JEB, Dkt. No. 73; State AG Case, No. 1:20-cv-03589-JEB, Dkt. No. 137; *Reveal Chat Holdco LLC*, 2021 WL 1615349 (N.D. Cal. Apr. 26, 2021); *Reveal Chat Holdco, LLC*, 471 F. Supp. 3d 981 (N.D. Cal. 2020).

In *Reveal Chat Holdco LLC v. Facebook, Inc.*, No. 5:20-cv-00363-BLF, which raises materially identical Section 2 claims (with the exception of Users' "deceptive promotion" theory) challenging the same conduct at issue here, Judge Freeman recently dismissed the entire case on statute of limitations and laches grounds, following her previous dismissal with partial leave to amend. *See Reveal Chat Holdco LLC*, 2021 WL 1615349 (N.D. Cal. Apr. 26, 2021); *Reveal Chat Holdco, LLC*, 471 F. Supp. 3d 981 (N.D. Cal. 2020). Plaintiffs have filed a notice of appeal.

Finally, over twenty lawsuits have been filed against Google and Facebook (or Google alone) in recent months alleging that one or both companies monopolized or suppressed competition in advertising-technology related markets, including by entering into an agreement in September 2018 known as the Google Network Bidding Agreement (GNBA). The GNBA forms the basis of the Advertiser Plaintiffs' newly added claim under Section 1 of the Sherman Act. On April 30,

2021, Google filed a petition with the Judicial Panel on Multidistrict Litigation (JPML) to centralize those lawsuits against Google and Facebook or just Google. *See In re Digital Advertising Antitrust Litigation*, MDL No. 3010, Dkt. No. 1. On May 26, 2021, Facebook filed a response in support of the petition. *See id.* Dkt. No. 75. The JPML will hold a hearing on the petition on July 29, 2021. *See id.* Dkt. No. 91.

### 9. Updates Regarding ADR

The parties agreed, at the time they filed the March 31, 2021 Case Management Statement, that ADR would not be constructive at that time. The parties continue to believe that ADR would not be productive but may be willing to engage in ADR with a private mediator as these actions progress.

### 10. Professional Conduct

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**Plaintiffs' Position:**

Plaintiffs' counsel have all complied with their "Professional Conduct" obligations pursuant to cl. 20 of the Standing Order for All Judges of the Northern District of California. Facebook has insisted on including in this section substantive argument in support of its motion to disqualify Keller Lenkner LLC. Keller Lenkner of course disputes Facebook's arguments. However, because the motion is fully briefed and submitted, Plaintiffs will not engage with Facebook's improper attempt to litigate a pending motion in a case management statement.

**Facebook's Response:**

On May 7, 2021, Facebook filed a motion to disqualify Keller Lenkner LLC, *see* Dkt. No. 93, for which it has requested expedited treatment. Keller Lenkner hired and failed for months to screen a lawyer who had—until just days before joining Keller Lenkner—represented Facebook in substantially related government antitrust matters, billing over 800 hours, in a six-month period. The lawyer was heavily involved in key aspects of the matters, including expert preparation. As further explained in Facebook's motion, Keller Lenkner's actions violated the California Rules of Professional Conduct and, especially when coupled with its misstatements to the court about the

topic, warrants disqualifying Keller Lenkner from continuing its representation of the named User Plaintiffs and putative class.

| | | |
|---|---|---|
| 1 | DATED:  June 30, 2021 | Respectfully submitted, |
| 2 | | |
| 3 | By:  */s/ Yavar Bathaee*<br>**BATHAEE DUNNE LLP** | By:  */s/ Stephen A. Swedlow*<br>**QUINN EMANUEL URQUHART & SULLIVAN, LLP** |

DATED:  June 30, 2021                                   Respectfully submitted,

By:  */s/ Yavar Bathaee*
**BATHAEE DUNNE LLP**
Yavar Bathaee (Bar No. 282388)
  yavar@bathaeedunne.com
Edward M. Grauman (admitted *pro hac vice*)
  egrauman@bathaeedunne.com
Andrew C. Wolinsky (admitted *pro hac vice*)
  awolinsky@bathaeedunne.com
445 Park Avenue, 9th Floor
New York, NY 10022
(332) 206-7668

Brian J. Dunne (Bar No. 275689)
  bdunne@bathaeedunne.com
633 West Fifth Street, 26th Floor
Los Angeles, CA 90071
(213) 462-2772

By:  */s/ Kristen M. Anderson*
**SCOTT + SCOTT ATTORNEYS AT LAW LLP**
Kristen M. Anderson (Bar No. 246108)
  kanderson@scott-scott.com
230 Park Avenue, 17th Floor
New York, NY 10169
(212) 223-6444

Christopher M. Burke (Bar No. 214799)
  cburke@scott-scott.com
David H. Goldberger (Bar No. 225869)
  dgoldberger@scott-scott.com
Yifan (Kate) Lv (Bar No. 302704)
  klv@scott-scott.com
600 W. Broadway, Suite 3300
San Diego, CA 92101
(619) 233-4565

Patrick J. McGahan (admitted *pro hac vice*)
  pmcgahan@scott-scott.com
Michael P. Srodoski (admitted *pro hac vice*)
  msrodoski@scott-scott.com
156 South Main Street, P.O. Box 192
Colchester, CT 06415
(860) 537-5537

By:  */s/ Stephen A. Swedlow*
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Stephen A. Swedlow (admitted *pro hac vice*)
  stephenswedlow@quinnemanuel.com
Michelle Schmit (admitted *pro hac vice*)
  michelleschmit@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606-1881
(312) 705-7400

Kevin Y. Teruya (Bar No. 235916)
  kevinteruya@quinnemanuel.com
Adam B. Wolfson (Bar No. 262125)
  adamwolfson@quinnemanuel.com
Brantley I. Pepperman (Bar No. 322057)
  brantleypepperman@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
(213) 443-3000

Manisha M. Sheth (admitted *pro hac vice*)
  manishasheth@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, New York 10010
(212) 849-7000


By:  */s/ Shana E. Scarlett*
**HAGENS BERMAN SOBOL SHAPIRO LLP**
Shana E. Scarlett (Bar No. 217895)
  shanas@hbsslaw.com
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
(510) 725-3000

Steve W. Berman (admitted *pro hac vice*)
  steve@hbsslaw.com
1301 Second Avenue, Suite 2000
Seattle, WA 98101
(206) 623-7292

| | | |
|---|---|---|
| 1 | **AHDOOT & WOLFSON, PC** | **KELLER LENKNER LLC** |

**AHDOOT & WOLFSON, PC**
Tina Wolfson (Bar No. 174806)
  twolfson@ahdootwolfson.com
Robert Ahdoot (Bar No. 172098)
  rahdoot@ahdootwolfson.com
Theodore W. Maya (Bar No. 223242)
  tmaya@ahdootwolfson.com
Rachel Johnson (Bar No. 331351)
  rjohnson@ahdootwolfson.com
2600 West Olive Avenue, Suite 500
Burbank, CA 91505
(310) 474-9111

**LEVIN SEDRAN & BERMAN LLP**
Keith J. Verrier (admitted *pro hac vice*)
  kverrier@lfsblaw.com
Austin B. Cohen (admitted *pro hac vice*)
  acohen@lfsblaw.com
510 Walnut Street, Suite 500
Philadelphia, PA 19106-3997
(215) 592-1500

*Interim Counsel for the Advertiser Class*

**KELLER LENKNER LLC**
Warren Postman (Bar No. 330869)
  wdp@kellerlenkner.com
Jason Ethridge (admitted *pro hac vice*)
  jason.ethridge@kellerlenkner.com
1300 I Street, N.W., Suite 400E
Washington, DC 20005
(202) 918-1123

Ashley Keller (admitted *pro hac vice*)
  ack@kellerlenkner.com
Ben Whiting (admitted *pro hac vice*)
  ben.whiting@kellerlenkner.com
Jason A. Zweig (admitted *pro hac vice*)
  jaz@kellerlenkner.com
150 N. Riverside Plaza, Suite 4270
Chicago, IL 60606
(312) 741-5220


**LOCKRIDGE GRINDAL NAUEN P.L.L.P.**
W. Joseph Bruckner (admitted *pro hac vice*)
  wjbruckner@locklaw.com
Robert K. Shelquist (admitted *pro hac vice*)
  rkshelquist@locklaw.com
Brian D. Clark (admitted *pro hac vice*)
  bdclark@locklaw.com
Rebecca A. Peterson (Bar No. 241858)
  rapeterson@locklaw.com
Arielle S. Wagner (admitted *pro hac vice*)
  aswagner@locklaw.com
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
(612) 339-6900

*Interim Counsel for the Consumer Class*

|   |   |
|---|---|
| 1 | By:   */s/ Sonal N. Mehta* |
| 2 | WILMER CUTLER PICKERING HALE AND DORR LLP |
| 3 | Sonal N. Mehta (SBN: 222086) |
|   | 2600 El Camino Real, Suite 400 |
| 4 | Palo Alto, California 94306 |
|   | Telephone: (650) 858-6000 |
| 5 | Facsimile: (650) 858-6100 |
|   | Email: Sonal.Mehta@wilmerhale.com |

David Z. Gringer (*pro hac vice*)
Ari Holtzblatt (*pro hac vice*)
1875 Pennsylvania Avenue NW
Washington, DC 20006
Telephone: (202) 663-6000
Facsimile: (202) 663-6363
Email: David.Gringer@wilmerhale.com
Email: Ari.Holtzblatt@wilmerhale.com

Attorneys for Defendant Facebook, Inc.

**ATTESTATION OF STEPHEN A. SWEDLOW**

This document is being filed through the Electronic Case Filing (ECF) system by attorney Stephen A. Swedlow.  By his signature, Mr. Swedlow attests that he has obtained concurrence in the filing of this document from each of the attorneys identified on the caption page and in the above signature block.

Dated: June 30, 2021                    By */s/ Stephen A. Swedlow*
                                                       Stephen A. Swedlow

**CERTIFICATE OF SERVICE**

I hereby certify that on this 30th day of June 2021, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System, causing the document to be electronically served on all attorneys of record.

By */s/ Stephen A. Swedlow*
Stephen A. Swedlow