BRADFORD L. GEYER (*pro hac vice*)
Brad@FormerFedsGroup.com
FORMERFEDSGROUP.COM LLC
2006 Berwick Drive
Cinnaminson, NJ 08077
Telephone:  (856) 607-5708

ROB HENNIG (SBN 174646)
Rob@employmentattorneyla.com
HENNIG, KRAMER, RUIZ & SINGH LLP
3600 Wilshire Blvd 1908
Los Angeles, CA 90010
Telephone:  (213) 292-5444

*Attorney for Plaintiffs in
No. 3:21-cv-03300-CRB*

SONAL N. MEHTA (SBN 222086)
 Sonal.Mehta@wilmerhale.com
WILMER CUTLER PICKERING
 HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, California 94306
Telephone:  (650) 858-6000
Facsimile:  (650) 858-6100

DAVID Z. GRINGER (*pro hac vice*)
 David.Gringer@wilmerhale.com
WILMER CUTLER PICKERING
 HALE AND DORR LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006
Telephone: (202) 663-6000
Facsimile: (202) 663-6363

*Attorneys for Defendant*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| MAXIMILIAN KLEIN and SARAH GRABERT, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FACEBOOK, INC., a Delaware corporation,<br><br>Defendant. | Case No. 5:20-cv-08570-LHK<br><br>**JOINT MOTION FOR ADMINISTRATIVE RELIEF TO CONSIDER WHETHER CASES SHOULD BE RELATED PURSUANT TO CIVIL L.R. 3-12**<br><br>Judge: Hon. Lucy H. Koh |

Pursuant to Civil Local Rule 3-12, defendant Facebook, Inc. and Plaintiffs in *Loveland et al. v. Facebook et al.*, 3:21-cv-03300-CRB, respectfully move the Court to relate *Loveland* to *Klein v. Facebook, Inc.*, No. 5:20-cv-08570-LHK. The *Klein* User and Advertiser plaintiffs take no position on whether the cases should be related. A declaration from David Z. Gringer accompanies this motion.

I. BACKGROUND

Between December 8, 2020 and March 23, 2021, 11 complaints were filed in this District, all alleging that Facebook has monopolized or attempted to monopolize certain alleged markets in violation of Section 2 of the Sherman Act, 15 U.S.C. § 2.[1] In a series of decisions, this Court related and consolidated the cases. *See* Dkt. 47, 50, 68, 74, 85. The Court ordered the plaintiffs to file two consolidated complaints, one by plaintiffs who advertised with Facebook (the "Advertisers") and one by Facebook users (the "Users"). *See* Dkt. 74. On April 22, 2021, Users and Advertisers filed consolidated complaints.[2] *See* Dkt. 86, 87.

In the midst of the filing of these complaints, Plaintiffs in *Loveland* filed their complaint in the Eastern District of Pennsylvania. *See* No. 2:20-cv-06260-JMY, Dkt. 1 (E.D. Pa. Dec. 11, 2020). In relevant part, the complaint alleged two causes of action alleging that Facebook unlawfully monopolized the "social network" market. Facebook's terms of service require that any claim arising out of the use of Facebook's platform "will be resolved exclusively in the U.S. District Court for the Northern District of California or a state court located in San Mateo County." *See, e.g.*, *id.*, Dkt. 12-3. Pursuant to these terms, Facebook moved to transfer the *Loveland* case to the Northern District of California. *See id.*, Dkt. 12. The court granted Facebook's motion over Plaintiffs' objection. *See id.*, Dkt. 22.

---

[1] A twelfth case, originally filed in California state court and then removed to the Northern District of California, alleges that Facebook has unlawfully maintained a monopoly in violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200. *See Rosenman v. Facebook, Inc.*, No. 21-cv-02108 (N.D. Cal. filed Mar. 25, 2021). A motion for remand is pending before this Court.

[2] Facebook has moved to dismiss the complaints; briefing is completed, and a hearing was held on July 15.

Recognizing that the antitrust claims were similar to those in *Klein* and distinct from *Loveland* Plaintiffs' other causes of action, Facebook and *Loveland* Plaintiffs agreed to sever the antitrust claims. *See* No. 3:21-cv-03300-CRB, Dkt. 40. On June 25, Judge Breyer granted the parties' stipulation. *See id.*, Dkt. 41. On July 26, *Loveland* plaintiffs filed their new antitrust complaint ("*Loveland* Complaint"), *id.*, Dkt. 42, and moved to dismiss the Constitutional, RICO, and state law claims, *id.*, Dkt. 43. On August 1, Plaintiffs voluntarily dismissed their non-antitrust claims, *id.*, Dkt. 45. The *Loveland* Complaint now alleges only antitrust violations via monopolization and attempted monopolization of alleged "social network" and "social media" markets, *id.*, Dkt. 42.

## II.  *LOVELAND* SHOULD BE RELATED TO *KLEIN*

Under Civil Local Rule 3-12(a), actions are related "when: (1) The actions concern substantially the same parties, property, transaction or event; and (2) It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." That standard is easily met here. Both cases focus on Facebook's alleged deception of users, its acquisitions of purported nascent competitors, and its regulation of access to its platform. In light of the substantial factual and legal overlap, and the threat of duplicative discovery and inconsistent judgments without relation and consolidation, *Loveland* and *Klein* exceed the relevant standard for relation.

***First***, the cases both "concern substantially the same parties, property, transaction or event." Civil L.R. 3-12(a)(2)(1). The cases involve **substantially the same parties**. Facebook is the defendant in both cases. *Loveland* Plaintiffs, who are themselves Facebook users, fall within the putative User Class in *Klein*, which includes "All persons in the United States who maintained a Facebook profile at any point from 2007 up to the date of the filing of this action." Dkt. 87, User Compl. ¶ 248. *See Loveland* Complaint ¶ 15 ("Plaintiff Sally Loveland. . . joined Facebook in or about 2009."); *id.* ¶ 16 ("Sharon Chatle. . . joined Facebook in or about 2009."); *id.* ¶ 17 ("Cortese joined HAN [Facebook group] in June 2020.").

The cases also concern **substantially the same transactions and events**. Both cases

allege that Facebook unlawfully monopolized or attempted to monopolize *the same markets*—purported "social network" and "social media" markets—in violation of Section 2 of the Sherman Act, 15 U.S.C. § 2.  *Compare* User Compl. ¶ 261 ("Facebook has willfully acquired and maintained monopoly power in the relevant Social Network Market."), *with Loveland* Compl. ¶ 48 ("Facebook has willfully acquired and maintained monopoly power in the relevant Social Network Market."); *compare also* User Compl. ¶ 285 ("Facebook has willfully acquired and maintained monopoly power in the relevant Social Media Market."), *with Loveland* Compl. ¶ 71 ("Facebook has willfully acquired and maintained monopoly power in the relevant Social Media Market.").

Both sets of plaintiffs allege that Facebook acquired and maintained monopoly power in the two markets through the *same conduct*.  *See Zakinov v. Ripple Labs, Inc.*, No. 18-CV-06753-PJH, 2020 WL 2768966, at *2 (N.D. Cal. May 28, 2020) (relating cases making "materially identical allegations of misconduct").  At the heart of both *Loveland* Plaintiffs' and Users' monopolization theory is that Facebook allegedly deceived consumers about its privacy practices and use of their data.  *Compare Loveland* Compl. ¶ 29 ("Through its deception, Facebook prevented competition on the merits . . . .  When agreeing to Facebook's Terms of Service, consumers agree to give up things of material value.  Facebook then sold its users' information, and attention to third parties, including advertisers."), *with* User Compl. ¶ 116 ("Despite claiming to provide users with enhanced privacy protections, however, Facebook increasingly made user data available to advertisers without disclosure to users.  Facebook's unrelenting deception of its users allowed Facebook to continue to amass market share in the Social Network and Social Media Markets.").

The two complaints also both allege that Facebook acquired nascent competitive threats and that Facebook excluded competitors from using its platform by regulating access to its APIs.  *Compare Loveland* Compl. ¶ 24 ("Facebook has also maintained and expanded its dominance through a series of acquisitions of companies it viewed as competitive threats, and selectively excluded competitors from using its platform to insulate itself from competitive pressure."), *with*

3

1  User Compl. ¶ 156 ("Facebook also sought to protect and expand its monopolies by regularly destroying and acquiring competitive threats, and it used its market power and data advantage to anticompetitively achieve its monopolistic objectives.").

The theories of antitrust injury are also identical. *Compare Loveland* Compl. ¶ 30 ("Absent Defendant Facebook's anticompetitive conduct which has eliminated, competition, consumers would have benefited from more robust competition in terms of non-price attributes such as data privacy practices and social media platform quality."), *with* User Compl. ¶ 220 ("Because Facebook anticompetitively restrained competition in its efforts to acquire and obtain social media and social network monopolies, competition along the dimensions of user privacy and product quality was foreclosed.").

This substantial overlap in the allegations in the two cases warrants relation. *See JaM Cellars, Inc. v. Wine Grp. LLC*, No. 19-CV-01878-HSG, 2020 WL 2322992, at *1 (N.D. Cal. May 11, 2020) (relating cases involving "same underlying legal claims"); *Pepper v. Apple Inc.*, No. 11-CV-06714-YGR, 2019 WL 4783951, at *1 (N.D. Cal. Aug. 22, 2019) (relating cases "underlined by the same operative facts—Apple's alleged monopolization of the distribution and sale of iPhone apps.").

***Second***, given the substantial factual and legal overlap between the cases, it is "likely that there will be an unduly burdensome duplication of labor and expense … if the cases are conducted before different Judges." Civil L.R. 3-12(a)(2). Because both of these cases involve the same activity and substantially the same legal theories, any discovery, motion practice, trials, and potential remedies will substantially overlap. *See Pepper*, 2019 WL 4783951, at *2. At the center of both of these cases will be an examination of the alleged relevant markets, an assessment of whether Facebook has monopoly power in the markets alleged, Facebook's conduct in the relevant markets, including the competitive effects of the challenged acquisitions and Facebook's legitimate business justifications for that conduct, Facebook's treatment of user data, and Facebook's API practices. Moreover, the parties anticipate that substantial efficiencies will be available in discovery into each of these theories if these cases are related. In contrast, it

would be inefficient and unduly burdensome to "hav[e] … different judges govern discovery disputes." *Financial Fusion, Inc. v. Ablaise Ltd.*, 2006 WL 3734292, at *3 (N.D. Cal. Dec. 18, 2006).

**Third**, absent relation, there is a serious risk "of conflicting results." *See* Civil L.R. 3-12(a).  For example, different courts could reach different conclusions about the viability of the alleged "social network" and "social media" markets or the contours of those markets.  Facebook also anticipates raising similar defenses to the *Loveland* antitrust allegations as it has raised in *Klein*, including that the claims are untimely and that the plaintiffs have failed to plausibly allege exclusionary conduct.  Not only might two judges make inconsistent decisions on the same legal issues, but because *Loveland* Plaintiffs belong to the *Klein* putative User Class, their same claims could be dismissed in one case and survive in another—which would of course be an irreconcilable result.  Further, "the fact that both sets of plaintiffs seek injunctive relief presents a sufficient risk of inconsistent results to warrant relation." *Pepper*, 2019 WL 4783951, at *2.

This Court has already related and consolidated many cases raising these same claims.  *See* Dkt. 47, 50, 68, 74, 85.  Because of the substantial overlap between *Loveland* and those cases, Facebook and *Loveland* Plaintiffs respectfully request that the Court enter an order relating *Loveland* to *Klein*.

Dated: August 18, 2021                          Respectfully submitted,

                                                By:  */s/ Sonal N. Mehta*
                                                SONAL N. MEHTA (SBN 222086)
                                                sonal.mehta@wilmerhale.com
                                                WILMER CUTLER PICKERING HALE
                                                AND DORR LLP
                                                2600 El Camino Real, Suite 400
                                                Palo Alto, CA 94306
                                                Telephone: (650) 858-6000

                                                DAVID Z. GRINGER (*pro hac vice*)
                                                david.gringer@wilmerhale.com
                                                WILMER CUTLER PICKERING HALE
                                                AND DORR LLP

1875 Pennsylvania Avenue, NW
Washington, DC 20006
Telephone: (202) 663-6000

*Attorneys for Defendant*

By: */s/ Bradford L. Geyer*
BRADFORD L. GEYER (*pro hac vice*)
Brad@FormerFedsGroup.com
FORMERFEDSGROUP.COM LLC
2006 Berwick Drive
Cinnaminson, NJ 08077
Telephone: (856) 607-5708

ROB HENNIG (SBN 174646)
Rob@employmentattorneyla.com
HENNIG, KRAMER, RUIZ & SINGH LLP
3600 Wilshire Blvd 1908
Los Angeles, CA 90010
Telephone: (213) 292-5444

*Attorneys for Plaintiffs in No. 3:21-cv-03300-CRB*

**SIGNATURE ATTESTATION**

I am the ECF User whose identification and password are being used to file the foregoing.  Pursuant to Civil Local Rule 5-1(i), I hereby attest that the other signatories have concurred in this filing.

Dated:  August 18, 2021                                            */s/ Sonal N. Mehta*
                                                                                        Sonal N. Mehta

**CERTIFICATE OF SERVICE**

I hereby certify that on this 18th day of August 2021, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System. And I hereby certify that I have served the foregoing document on counsel for the plaintiffs in the action in which relation is sought pursuant to agreement between the parties.

*/s/ Sonal N. Mehta*
Sonal N. Mehta