<u>**VIA CM/ECF FILING**</u>

August 20, 2021

The Honorable Virginia K. DeMarchi
Robert F. Peckham Federal Building
Courtroom 2 – 5th Floor
280 South 1st Street
San Jose, CA 95113

Re:   Joint Discovery Letter Brief Concerning Dispute Regarding Deposition Protocol in <u>Maximilian Klein et al. v. Facebook, Inc.</u>, Case No. 5:20-cv-08570-LHK (N.D. Cal.)

Dear Judge DeMarchi:

Pursuant to Section 4 of the Court's Standing Order for Civil Cases, the Consumer Plaintiffs, the Advertiser Plaintiffs, and Defendant Facebook, Inc. ("Facebook") respectfully request that the Court resolve a dispute concerning the entry of a Deposition Protocol[1] that will govern depositions in these consolidated actions.[2]

<u>**STATEMENT OF THE DISPUTE**</u>

The parties have met and conferred in good faith and agree on the parameters of a Deposition Protocol. But the parties disagree as to the appropriate terms for several of the Deposition Protocol's specific provisions. These provisions—and the parties' respective positions regarding them—are set forth below.

**A.   Number and Time Limits of Current Facebook Employee Depositions (Section 1(a))**

**1.   <u>Plaintiffs' Position</u>**

Plaintiffs propose that, presumptively, Consumer and Advertiser Plaintiffs may collectively depose 30 current Facebook employees (Facebook proposes 15). *Compare* Ex. B, cl. 1(a); *with* Ex. C, cl. 1(a).

---

[1] Attached hereto are Ex. A (a redline reflecting the differences between the parties' proposed Deposition Protocols); Ex. B (Plaintiffs' proposed Deposition Protocol); and Ex. C (Facebook's proposed Deposition Protocol).

[2] The parties stipulated to August 20, 2021, as the date for submitting this dispute to the Court, which—per the parties' agreement—is more than 5 court days after lead counsel for all parties met and conferred as to this dispute. *See* Standing Order, § 4(b).

On August 16, 2021, Facebook provided Plaintiffs a list of its custodians in the FTC investigation, which includes approximately *82 current Facebook employees*.³ During the parties' Rule 26(f) meet and confers, Facebook confirmed that it has identified *additional custodians* relevant to this case. And the parties' initial disclosures together already identify *more than 35 current Facebook employees* who are likely to have discoverable information relating to Plaintiffs' claims. That list will grow as the parties continue their investigation. Highlighting the differences in Consumer Plaintiffs' and Advertiser Plaintiffs' claims—which turn on different theories of liability and damages based on different events in different relevant markets—13 unique, current Facebook employees appear on Consumer Plaintiffs' disclosures, while 11 unique, current Facebook employees appear on Advertiser Plaintiffs'. As such, Facebook's proposal to *collectively* limit Consumer Plaintiffs and Advertiser Plaintiffs to 15 depositions of current Facebook employees is unreasonable. *See United States v. Town of Oyster Bay*, No. 14-cv-02317-ADS, 2016 WL 11265542, at *1 (E.D.N.Y. May 10, 2016) ("counsel's judgment about how many depositions it needs is entitled to a good deal of deference.").

And "[a]ntitrust cases, by their nature, are highly complex."⁴ *In re Currency Conversion Fee Antitrust Litig.*, 263 F.R.D. 110, 123 (S.D.N.Y. 2009) (internal alteration and citation omitted). As such, "there is a general policy of allowing liberal discovery in antitrust cases, particularly where allegations of monopolization are involved," since "broad discovery may be needed to uncover evidence of invidious design, pattern or intent[.]" *Am. Airlines, Inc. v. Travelport Ltd.*, No. 4:11-cv-244-Y, 2012 WL 12884821, at *2 (N.D. Tex. May 29, 2012); *Cyntegra, Inc. v. IDEXX Lab'ys, Inc.*, No. 06-cv-4170-PSG, 2007 WL 9701999, at *4 (C.D. Cal. June 29, 2007). Consistent with the numbers of depositions other courts have authorized in antitrust cases, Plaintiffs' proposal accounts for these complexities. *See, e.g.*, *United States v. Daily Gazette Co.*, Case 2:07-cv-00329 (S.D. W.Va. Oct. 15, 2018), Dkt. 88 at 3–5 (authorizing additional depositions in antitrust case because "there exists an overriding need for a complete evidentiary record to facilitate further pretrial proceedings and final judgment."); *United States v. Google LLC*, Case No. 1:20-cv-03010-APM (D.D.C. Feb. 3, 2021), Dkt. 108 at 2, 108-1 at 11 (ordering, in antitrust case with multiple plaintiff groups and one defendant, "80 depositions of fact witnesses" per side), *United States v. Anthem, Inc.*, Case No. 16-cv-1493-ABJ (D.D.C. Aug. 15, 2016), Dkt. 74 at 11 (authorizing, in antitrust case, "no limit on deposition of party witnesses.").

In light of this case's complexity and the scores of witnesses with potentially relevant information, Facebook's generalized protestations do not suffice. *See Laryngeal Mask Co. Ltd. v. Ambu A/S*, No. 07-cv-01988-DMS, 2009 WL 10672436, at *4 (S.D. Cal. July 17, 2009) (noting that, when considering whether to permit additional depositions, "Rule 26(b) is liberally interpreted to permit a wide range of discovery of information" and "the party opposing discovery 'must carry a heavy burden'").

---

³ The list includes 91 Facebook employees, and denotes that 9 of the employees are "former" employees.

⁴ As Judge Koh and Facebook have recognized, this case is no different. *See* Dkt. 78 at 41 (Facebook noting both that "this case is extraordinarily complex" and that the Court "describ[ed] this as a 'big complex case.'").

Moreover, Plaintiffs' proposal will increase (not decrease) the efficiency of discovery. *See* United States Department of Justice Antitrust Division Manual, Ch. 4, § C(2) at IV-33, available at https://www.justice.gov/atr/file/761146/download ("Depositions are often the most useful means of conducting pretrial discovery" and "can narrow the issues of the case" and "expedite agreements . . . between the parties"); *Del Campo v. Am. Corrective Counseling Servs., Inc.*, No. 01-cv-21151-JWP, 2007 WL 3306496, at *6 (N.D. Cal. Nov. 6, 2007) ("It would be inefficient to require an additional motion for each additional deposition sought."). And simply authorizing the depositions Plaintiffs seek will not meaningfully burden Facebook since, under the parties' agreement, Facebook would still retain its "right to object to or seek a protective order with respect to any deposition noticed[.]" Ex. A, cl. 1(c).

Plaintiffs propose that each current Facebook employee be available for seven hours of testimony pursuant to Fed. R. Civ. P. 30(d) (unless otherwise agreed or ordered by the Court), with the exception of the 30(b)(6) depositions, for which the first 21 hours of 30(b)(6) testimony would count as one deposition, with each additional seven hours counting as an additional deposition. Facebook, for its part, not only seeks to unreasonably limit the *number* of depositions of current Facebook employees in this case, but further attempts to substantially circumscribe the *time* its witnesses will be available *to less than seven hours per deposition*. Facebook seeks to limit the total deposition time of all current Facebook employees to 105 hours, including the 30(b)(6) deposition time. Subtracting the 21 hours of 30(b)(6) deposition testimony that Facebook agreed (and indeed, proposed) should count as one deposition, Plaintiffs would only have 84 hours remaining for the 14 depositions proposed by Facebook—only *six* hours per deponent. Facebook's proposal is inconsistent with Rule 30(d) and should be rejected. Plaintiffs are entitled to the seven hours of deposition time provided by the Federal Rules, and 21 hours of 30(b)(6) testimony to count as one deposition, *as proposed and agreed to by Facebook.*

### 2. **Facebook's Position**

Facebook agrees that the issues presented by this case require discovery above the presumptive limits and has proposed the following *initial* limits for depositions:

- Plaintiffs collectively may take 15 depositions of current Facebook employees, for a total of no more than 105 hours of testimony.
- Facebook may take one deposition of each named plaintiff.
- No deponent will be required to sit for more than one 7-hour deposition, absent agreement of the parties.
- The total number of hours of 30(b)(6) testimony from Facebook shall not exceed 21 hours, and to the extent it does, every additional seven hours (or portion thereof) will count as one deposition toward the total number of Facebook employee depositions.

With regard to the number of Facebook witnesses, Facebook agreed to raise the presumptive deposition limit by 50 percent just for its own employees in a good-faith recognition of the complexities presented by this case. But complexity alone cannot justify plaintiffs' bid to **triple** the baseline limit from ten to 30 depositions just of Facebook employees. *See Somerset Studios, LLC v. School Specialty, Inc.*, 2011 WL 4344596, at *8 (N.D. Cal. Sept. 14, 2011) (denying request to double deposition time despite "the complexity of the issues and the sheer number of documents that need to be reviewed"). Plaintiffs are only entitled to depositions above

3

the presumptive limits in the Federal Rules if they can satisfy "the 'benefits vs. burdens' approach of Rule 26(b)(2)." *Authentec, Inc. v. Atrua Tech., Inc.*, 2008 WL 5120767, at *1 (N.D. Cal. Dec. 4, 2008). This requires a "particularized showing" of need, *Doubt v. NCR Corp.*, 2011 WL 3740853, at *5 (N.D. Cal. Aug. 25, 2011), which plaintiffs have not done. Pointing to custodians from a broad-ranging regulatory inquiry (the scope of which extended beyond the issues in this case) and Plaintiffs' own initial disclosures does not help because those are supposed to be starting points from which Plaintiffs select individuals to depose, not justifications to triple the deposition limit. Facebook's own initial disclosures identified nine Facebook employees that are knowledgeable about the issues.

Facebook has also proposed that a total hours cap apply to depositions of current Facebook employees, including Rule 30(b)(6) corporate designees, to which Plaintiffs offer no response. Absent a total hours cap, Facebook foresees that counsel for plaintiffs may seek to extend every deposition past the seven-hour limit, making the presumptive limit more of a recommendation than a rule. The total hours limit gives plaintiffs an incentive to limit their requests for more time with any individual witness to the circumstances where additional time is truly needed. It also "promote[s] efficiency" by incentivizing plaintiffs "to end a deposition as soon as it becomes clear [they have] obtained all the relevant testimony the witness has." Discovery Order, *Perez v. Indian Harbor Insurance Co.*, 4:19-cv-7288-YGR (TSH) (N.D. Cal. July 27, 2020), ECF No. 61.

Moreover, the total hours limit should apply to both fact depositions and Rule 30(b)(6) depositions, so that plaintiffs must make a careful decision whether to seek testimony from a 30(b)(6) designee or a fact witness. "The purpose of a Rule 30(b)(6) deposition is to streamline the discovery process," *Risinger v. SOC, LLC*, 306 F.R.D. 655, 662 (D. Nev. 2015)—not to force corporate entities to prepare a parade of witnesses for days of testimony. Under Facebook's proposal, taking an additional hour of 30(b)(6) testimony beyond the presumptive seven hours per witness or 21 hours total of 30(b)(6) testimony would require plaintiffs to take that additional hour from one of their fact witness depositions—again, requiring efficiency in questioning. *See Perez*, 4:19-cv-7288-YGR (TSH), ECF No. 61. Thoughtful limits on 30(b)(6) testimony similar to those Facebook has proposed are becoming increasingly common; Judge Alsup, for example, imposes the more restrictive requirement that each 30(b)(6) designee who is deposed for more than a half-day counts separately against the deposition limit. *See* Supplemental Order to Order Setting Initial Case Management Conference in Civil Cases Before Judge William Alsup.

In any event, should plaintiffs determine that they need additional depositions, or additional deposition time, later in the case, Facebook has agreed to meet-and-confer on those requests. This approach is consistent with the accepted best practice of setting initial discovery limits that incentivize the parties to conduct reasonable, proportional, and efficient discovery, and then stipulate to or seek the court's leave for additional discovery as needed. *See Protective Optics, Inc. v. Panoptx, Inc.*, No. 05-cv-02731-CRB-EDL, 2007 WL 963972, at *2 (N.D. Cal. Mar. 30, 2007).

B.  **Applicability of Remote Depositions (Section 2(a))**

   1.  <u>**Plaintiffs' Position**</u>

Plaintiffs propose that, "[a]s part of the consultation regarding deposition scheduling required under" the Local Rules, "the Parties shall discuss whether any deposition shall occur in person or remotely" with any disputes being submitted to the Court. Ex. B, cl. 2(a). By contrast, Facebook's proposal would make remote depositions the norm, imposing on the Noticing Party "the burden to establish the need for an in-person deposition." Ex. C., cl. 2(a). But Facebook's proposal has the burden backwards. *See Music Grp. Macao Com. Offshore Ltd. v. Foote*, No. 14-cv-3078-JSC, 2015 WL 13423886, at *2 (N.D. Cal. Aug. 11, 2015) (party seeking remote deposition must demonstrate "good cause for the deposition to occur via videoconference.").

Plaintiffs understand and appreciate the significance of COVID-19 to in-person depositions. However, fact discovery in this case does not close for over a year, and, as this Court recently recognized, "it is not possible to predict when restrictions will be lifted (or reinstated)[.]" *In re Telescopes Antitrust Litig.*, 5:20-cv-03639-EJD (DeMarchi, J.), Dkt. 168 at 5. Moreover, courts in this circuit have repeatedly recognized the "disadvantages of videoconference depositions of key witnesses," including "the possibility of someone off-camera providing verbal and non-verbal cues to the deponent, the possibility of referring to other materials during the deposition, and limitations on counsel's ability to assess demeanor and credibility," and thus "denied requests for videoconference depositions of key witnesses." *Williams v. Camden USA Inc.*, No. 3:19-cv-691-AJB, 2021 WL 3022675, at *3 (S.D. Cal. July 15, 2021) (collecting cases); *cf. Google*, Dkt. 85 at 13 (entering deposition protocol during pandemic providing that "nothing . . . prevents a Party from seeking an in-person deposition.").

   2.  <u>**Facebook's Position**</u>

The parties agree to confer about whether a deposition shall take place in-person or remotely before any deposition notice is served, but dispute whether, in the event the parties cannot agree on deposition format, the burden should rest with the noticing party to establish the need for an in-person deposition. Facebook proposes that the burden of establishing the need for an in-person deposition should rest with the noticing party, so that depositions will take place remotely by default. Ex. C §2.a.

In-person depositions would necessarily include several attorneys (many of whom would be traveling to the deposition by plane, since most plaintiffs' counsel are based outside of California), a court reporter, and a videographer, all sitting in a close and closed-in space, while talking, for seven hours. For obvious reasons, including the fact that multiple deposition participants may have children who cannot yet be vaccinated, may themselves be immunocompromised, or may have immunocompromised family members, plaintiffs' refusal to accept remote depositions as the default rule is untenable.

Courts have "overwhelmingly endorsed depositions moving forward by remote means during the pandemic." *Swenson v. GEICO Casualty*, 336 F.R.D. 206, 210 (D. Nev. 2020). *See also, e.g.*, *Newirth v. Aegis Senior Communities LLC*, No. 16-cv-03991-JWS, 2020 WL 4459120, at *1 (N.D. Cal. May 27, 2020); *Whalen v. Facebook*, No. 4:20-cv-06361-JST, Dkt. No. 70 (N.D.

5

Cal. May 26, 2021); *Zellmer v. Facebook*, No. 3:18-cv-1880-JD, Dkt. No. 60 (N.D. Cal. Mar. 10, 2021). As courts in this district have "repeatedly observed," even before the COVID-19 pandemic, "remote videoconference depositions conducted through software like Skype tend to be effective and efficient." *Newirth*, 2020 WL 4459120, at *1. And courts have continued to order remote depositions even as it seemed that the risks associated with the COVID-19 pandemic were decreasing, because "the risks are still there and appreciable." *Brower v. McDonald's Corp.*, 2021 WL 3573633 at *3 (D. Nev. May 28, 2021).

There may be unlikely circumstances in which a compelling need for in-person, as opposed to remote, deposition testimony exists. In those cases, plaintiffs will surely be able to carry their burden of establishing that a particular deposition should take place in-person. And if, as plaintiffs posit, the COVID-19 pandemic improves substantially between now and the close of fact discovery, the parties can modify the deposition protocol. But in most circumstances, and in light of the current burdens and risks inherent in in-person testimony, remote depositions should suffice.

C.      **Physical Presence of Defending Counsel During Remote Depositions (Section 2(i))**

   1.      **Plaintiffs' Position**

Plaintiffs propose that for remote depositions, "[n]o person, including the witness's own attorney, shall be physically present in the same room as the witness while the witness is giving deposition testimony on the record."[5] Ex. B, cl. 2(i). Facebook, by contrast, proposes that, during a remote deposition, the defending attorney "may be in the room with the witness while the witness" is testifying. Ex. C, cl. 2(i).

Plaintiffs' proposals would apply to both sides and are consistent with the procedures other courts have implemented to ensure the integrity of remote depositions and, in light of the pandemic, allow the witness' credibility to be properly assessed. *See, e.g.*, *Mosiman v. C & E Excavating, Inc.*, No. 19-cv-00451-DRL, 2021 WL 1100597, at *3 (N.D. Ind. Mar. 23, 2021) (requiring that deponent "attend the deposition from a room where he is alone" and providing "[h]is attorney may attend remotely from a separate room," to "remove[] the threat of improper coaching and allow[] Plaintiffs to be mask-less, which will aid [] in assessing credibility"); *Sunstate Equip. Co., LLC. v. EquipmentShare*, No. 2:19-cv-00784-HCN, 2020 WL 7401630, at *1 (D. Utah Dec. 17, 2020) ("If Defendants are concerned about their health risks due to the COVID-19 pandemic, then they may certainly choose to do a remote deposition. But, that choice includes everyone using remote technology."). If the witness wants to have defending counsel present, in fairness, the deposing counsel should be able to attend. *Id.* at *1 ("If Defendants desire their counsel to be present and in-person for the deposition, then the court finds it is appropriate to have opposing counsel present too[.]").

---

[5] Plaintiffs also propose striking similar language from another section of Facebook's proposed Deposition protocol. *See* Ex. C, cl. 2(a).

### 2.   **Facebook's Position**

Facebook proposes that the witness's attorney(s) may be—not must be—physically present in the same room as the witness while the witness is giving deposition testimony on the record. Ex. C §2.i.

It is axiomatic that a deponent is entitled to have his or her attorney(s) present while giving deposition testimony.  *See Antares Maritime Pte Ltd. v. Board of Comm'ners of Port of New Orleans*, 2020 WL 7022752, at *5 (E.D. La. Nov. 30, 2020) (party had right to have attorney physically present during remote deposition).  If the witness and attorney(s) choose to be in the same physical space during a remote deposition, they should not be prohibited from doing so.  Recognizing this, courts have regularly permitted defending counsel to be physically present during remote depositions.  *See, e.g.*, *dotStrategy v. Facebook*, No. 3:20-cv-00170-WHA, Dkt. No. 112 at 2 (N.D. Cal. Feb. 22, 2021) (permitting defending counsel to be physically present with the witness during remote depositions); *Kaseberg v. Conaco, LLC*, 2016 WL 8729927, at *6 (S.D. Cal. Aug. 19, 2016) (same).

Plaintiffs' only justification for prohibiting a witness from having their attorney physically present during a deposition is that the witness would have some unfair advantage by having his or her attorney(s) physically present.  But Facebook's proposal addresses this concern by requiring that the defending attorney be visible on video at all times.  *See, e.g.*, *dotStrategy v. Facebook*, No. 3:20-cv-00170-WHA, Dkt. No. 112 (N.D. Cal. Feb. 22, 2021) (requiring physically present defending counsel to be visible on video during remote deposition); *Antares*, 2020 WL 7022752, at *5 (same).  Plaintiffs' apparent assumption that officers of the court would act with anything other than integrity without evidence to the contrary is improper.  *See Reese v. NPSG Glob., LLC,* 2019 WL 6013431, at *3 (D. Nev. Nov. 14, 2019) ("the court "presume[s] that [plaintiff's attorneys] are professionals and officers of this court who recognize and perform their ethical obligations"); *see also Perry v. Leeke*, 488 U.S. 272, 275 n.1 (1989) (noting the Court's belief that the vast majority of lawyers take seriously their ethical obligations as officers of the court").

### **NEED FOR HEARING**

Plaintiffs defer to the Court regarding the need for a hearing.  To the extent that a hearing would assist the Court in resolving the parties' dispute, Plaintiffs will present these issues to the Court at the Court's convenience.

Given the significance of the disputes above to the course of discovery in this case, Facebook requests oral argument on the parties' disputes.

### **RELEVANT DATES**

The fact discovery cut-off for these consolidated actions is September 2, 2022.  Dkt. 115.  The expert discovery cut-off for these consolidated actions is November 4, 2022.  *Id.*

### **COMPLIANCE WITH LEAD COUNSEL MEETING REQUIREMENT**

The parties conferred about this dispute by Zoom on July 30 and August 6, 2021.  Participants included: Stephen Swedlow and Shana Scarlett (Co-Lead Interim Consumer Class

Counsel); Yavar Bathaee and Kristen Anderson (Co-Lead Interim Advertiser Class Counsel); and Sonal Mehta and David Gringer (lead counsel for Facebook).  Additional counsel attended.

DATED:  August 20, 2021

By:  */s/ Yavar Bathaee*
**BATHAEE DUNNE LLP**
Yavar Bathaee (Bar No. 282388)
  yavar@bathaeedunne.com
Edward M. Grauman (admitted *pro hac vice*)
  egrauman@bathaeedunne.com
Andrew C. Wolinsky (admitted *pro hac vice*)
  awolinsky@bathaeedunne.com
445 Park Avenue, 9th Floor
New York, NY 10022
(332) 322-8835

Brian J. Dunne (Bar No. 275689)
  bdunne@bathaeedunne.com
633 West Fifth Street, 26th Floor
Los Angeles, CA 90071
(213) 462-2772


By:  */s/ Kristen M. Anderson*
**SCOTT + SCOTT ATTORNEYS AT LAW LLP**
Kristen M. Anderson (Bar No. 246108)
  kanderson@scott-scott.com
230 Park Avenue, 17th Floor
New York, NY 10169
(212) 223-6444

Christopher M. Burke (Bar No. 214799)
  cburke@scott-scott.com
David H. Goldberger (Bar No. 225869)
  dgoldberger@scott-scott.com
Yifan (Kate) Lv (Bar No. 302704)
  klv@scott-scott.com
600 W. Broadway, Suite 3300
San Diego, CA 92101
(619) 233-4565

Respectfully submitted,

By:  */s/ Stephen A. Swedlow*
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Stephen A. Swedlow (admitted *pro hac vice*)
  stephenswedlow@quinnemanuel.com
Michelle Schmit (admitted *pro hac vice*)
  michelleschmit@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606-1881
(312) 705-7400

Kevin Y. Teruya (Bar No. 235916)
  kevinteruya@quinnemanuel.com
Adam B. Wolfson (Bar No. 262125)
  adamwolfson@quinnemanuel.com
Brantley I. Pepperman (Bar No. 322057)
  brantleypepperman@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
(213) 443-3000

Manisha M. Sheth (admitted *pro hac vice*)
  manishasheth@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, New York 10010
(212) 849-7000


By:  */s/ Shana E. Scarlett*
**HAGENS BERMAN SOBOL SHAPIRO LLP**
Shana E. Scarlett (Bar No. 217895)
  shanas@hbsslaw.com
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
(510) 725-3000

Steve W. Berman (admitted *pro hac vice*)
  steve@hbsslaw.com
1301 Second Avenue, Suite 2000
Seattle, WA 98101
(206) 623-7292

Patrick J. McGahan (admitted *pro hac vice*)
  pmcgahan@scott-scott.com
Michael P. Srodoski (admitted *pro hac vice*)
  msrodoski@scott-scott.com
156 South Main Street, P.O. Box 192
Colchester, CT 06415
(860) 537-5537


**AHDOOT & WOLFSON, PC**
Tina Wolfson (Bar No. 174806)
  twolfson@ahdootwolfson.com
Robert Ahdoot (Bar No. 172098)
  rahdoot@ahdootwolfson.com
Theodore W. Maya (Bar No. 223242)
  tmaya@ahdootwolfson.com
Rachel Johnson (Bar No. 331351)
  rjohnson@ahdootwolfson.com
2600 West Olive Avenue, Suite 500
Burbank, CA 91505
(310) 474-9111


**LEVIN SEDRAN & BERMAN LLP**
Keith J. Verrier (admitted *pro hac vice*)
  kverrier@lfsblaw.com
Austin B. Cohen (admitted *pro hac vice*)
  acohen@lfsblaw.com
510 Walnut Street, Suite 500
Philadelphia, PA 19106-3997
(215) 592-1500

*Interim Counsel for the Advertiser Class*

**LOCKRIDGE GRINDAL NAUEN P.L.L.P.**
W. Joseph Bruckner (admitted *pro hac vice*)
  wjbruckner@locklaw.com
Robert K. Shelquist (admitted *pro hac vice*)
  rkshelquist@locklaw.com
Brian D. Clark (admitted *pro hac vice*)
  bdclark@locklaw.com
Rebecca A. Peterson (Bar No. 241858)
  rapeterson@locklaw.com
Arielle S. Wagner (admitted *pro hac vice*)
  aswagner@locklaw.com
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
(612) 339-6900

*Interim Counsel for the Consumer Class*


By:  */s/ Sonal N. Mehta*
**WILMER CUTLER PICKERING HALE AND DORR LLP**
Sonal N. Mehta (Cal. Bar No. 222086)
  Sonal.Mehta@wilmerhale.com
2600 El Camino Real, Suite 400
Palo Alto, PA 94306
(650) 858-6000

David Z. Gringer (admitted *pro hac vice*)
  David.Gringer@wilmerhale.com
1875 Pennsylvania Avenue NW
Washington, DC 20006
(202) 663-6000

*Attorneys for Defendant Facebook, Inc.*

10

## ATTESTATION OF STEPHEN A. SWEDLOW

This document is being filed through the Electronic Case Filing (ECF) system by attorney Stephen A. Swedlow. By his signature, Mr. Swedlow attests that he has obtained concurrence in the filing of this document from each of the attorneys identified on the caption page and in the above signature block.

Dated: August 20, 2021    By:   */s/ Stephen A. Swedlow*
                                                                     Stephen A. Swedlow

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of August 2021, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System, causing the document to be electronically served on all attorneys of record.

Dated: August 20, 2021    By:   */s/ Stephen A. Swedlow*
                                                                     Stephen A. Swedlow