<u>**VIA CM/ECF FILING**</u>

August 20, 2021

The Honorable Virginia K. DeMarchi
Robert F. Peckham Federal Building
Courtroom 2 – 5th Floor
280 South 1st Street
San Jose, CA 95113

Re:   Joint Discovery Letter Brief Concerning Dispute Regarding Entry of Expert Protocol in <u>Maximilian Klein et al. v. Facebook, Inc.</u>, Case No. 5:20-cv-08570-LHK (N.D. Cal.)

Dear Judge DeMarchi:

Pursuant to Section 4 of the Court's Standing Order for Civil Cases, the Consumer Plaintiffs, the Advertiser Plaintiffs, and Defendant Facebook, Inc. ("Facebook") respectfully request that the Court resolve a dispute concerning the entry of an Expert Protocol[1] that will govern expert discovery in these consolidated actions.[2]

**STATEMENT OF THE DISPUTE**

The parties have met and conferred in good faith and agree on the parameters of an Expert Protocol. But the parties disagree as to the appropriate terms for one of the Expert Protocol's specific provisions. That provision—and the parties' respective positions on it—are set forth below.

**Timing to Claw Back Documents Relied Upon by Experts**

**1.   <u>Plaintiffs' Position</u>**

The parties agree that that any document *cited* in an expert report, declaration, or affidavit must be clawed back within fourteen (14) business days after service of those materials. Ex. A, cl. 2. Within three (3) days of service of an expert report, declaration, or affidavit, the parties further agree to provide "a list of all documents relied upon by the expert in forming any opinions in his or her report[.]" *Id.*, cl. 1. Plaintiffs propose that the 14 business day clawback period should

---

[1] Attached hereto are Ex. A (a redline reflecting the difference between the parties' proposed Expert Protocols); Ex. B (Plaintiffs' proposed Expert Protocol); and Ex. C (Facebook's proposed Expert Protocol).

[2] The parties stipulated to August 20, 2021, as the date for submitting this dispute to the Court, which—per the parties' agreement—is more than 5 court days after lead counsel for all parties met and conferred as to this dispute. *See* Standing Order, § 4(b).

1

also apply to such documents that the expert "relied upon" "in forming any opinions[.]" Ex. B, cl. 2. Facebook objects to any obligation to timely clawback documents "relied upon" by experts.

This Court previously addressed this issue during the hearing on the parties' disputes regarding the entry of a Rule 502(d) Order, stating: as to "the procedures that will govern documents identified as having been **relied on or considered in an expert report** as to which a party later claims a privilege applies," "**[t]he Court agrees with Plaintiffs that there should be a deadline for raising such claims or privilege**, particularly as to documents on which an expert has expressly relied, **so as to not prejudice the party using that expert.**" Dkt. 105 at 6 (emphases added). The Court instructed the parties: "the parties may include such a provision in the Rule 502(d) order or may prepare a separate proposed order to govern documents identified in expert reports." *Id.*

Despite the Court's prior order and instruction, Facebook seeks *no* timeliness requirement for the clawback of these materials. Instead, Facebook proposes *only* a timeliness requirement on the clawback of those documents expressly "cited" in expert materials. *See* Ex. C, cl. 2. But "the producing party must raise a *timely* assertion of privilege." *Arconic Inc. v. Novelis Inc.*, No. 17-cv-1434, 2019 WL 911417, at *2 (W.D. Pa. Feb. 26, 2019); *see also Mycone Dental Supply Co Inc v. Creative Nail Design Inc*, No. 12-cv-00747-RS, 2013 WL 4758053, at *3 (N.D. Cal. Sept. 4, 2013) (Ryu, J.) ("The courts have emphasized that clawback requests should be made immediately, with delays of even a few weeks determined to be too long"). The reasons for requiring timely clawback are obvious: "[p]rivilege disputes at trial would be unduly disruptive," *Arconic*, 2019 WL 911417, and (as the Court previously recognized as to this very dispute) the absence of such a requirement would "prejudice the party using that expert." Dkt. 105 at 6.

Given the schedule in this case—with less than one month between the dates for opening and rebuttal expert reports, less than two months between the dates for opening expert reports and dispositive motions, and less than one month between the dates for rebuttal expert reports and dispositive motions, *see* Dkt. 115 at 2—Plaintiffs' 14 business day proposal is more than reasonable. *Cf. Harmony Gold U.S.A., Inc. v. FASA Corp.*, 169 F.R.D. 113, 117 (N.D. Ill. 1996) (describing producing party's efforts to claw back documents, fourteen days after discovery, as "lax at best."). Plaintiffs' 14 business day proposal is also necessary, in order to reasonably allow the Court to timely adjudicate any clawback dispute given the timing of dispositive motions, the time for submitting a clawback challenge to the Court per the parties' 502(d) Order, dkt. 107, cl. 2(c)(d), and the Court's discovery dispute resolution procedures. Facebook characterizes Plaintiffs' proposal as 'arbitrary,' yet, as to the clawback of these documents, Facebook makes no proposal at all.

### 2. <u>Facebook's Position</u>

Facebook is willing to compromise with plaintiffs' demand that each party have only 14 days after an expert disclosure is provided to clawback any inadvertently produced privileged material expressly cited in the expert's report. Facebook disagrees, however, that the same 14-day deadline should apply to materials that are only "relied upon" or "considered" but not cited or discussed in the body of the report (e.g., materials only listed in an appendix to the report). Ex. C §2.

2

Plaintiffs' proposed timetable is unreasonable because expert reports often list a substantial number of documents not cited in the report itself. May 25, 2021 Hr'g Tr. at 31:5-6 (noting there could be "thousands of documents attached to the expert reports" and that "we don't know how many experts there are"). *See also, e.g.*, *In re Bard IVC Filters Prod. Liab. Litig.*, No. MDL 15-02641-PHX DGC, 2017 WL 6523833, at *2 (D. Ariz. Dec. 21, 2017) (noting expert report listed "hundreds of documents" reviewed while preparing report).

Under plaintiffs' proposal, Facebook will have to conduct a separate review of all documents listed in any opposing expert's appendix upon receiving the report—documents that may not otherwise be referenced or reviewed in connection with Facebook's analysis of that expert disclosure—or else sacrifice its right to claw back any inadvertently produced privileged documents that happen to be listed. As this Court has already recognized, there is a significant distinction between "specific documents" on which an expert report "actually" or "expressly" relies, and "the pile of things that [the expert] might have looked at" when it comes to assessing whether a party has waived an otherwise-applicable privilege. May 25, 2021 Hr'g Tr. at 31:12-15. Surely the latter—which is all that Facebook seeks to carve out—is not what the court meant by "documents on which an expert expressly relied." Dkt. 105 at 6. Documents listed as "considered" or "relied upon" by an expert but not cited or discussed in the body of the report (which, in a case of this nature and with this volume of documents could number in the thousands) should not be subject to an arbitrary 14-day clawback requirement at the risk of waiver..

## NEED FOR HEARING

Plaintiffs defer to the Court regarding the need for a hearing. To the extent that a hearing would assist the Court in resolving the parties' dispute, Plaintiffs will present these issues to the Court at the Court's convenience.

Facebook does not believe a standalone hearing is necessary to resolve the parties' disputes concerning the expert protocol. However, to the extent the Court holds a hearing on the pending disputes concerning the ESI, deposition, and privilege protocols, Facebook requests that the dispute above related to the expert protocol be heard during that hearing as well.

## RELEVANT DATES

The fact discovery cut-off for these consolidated actions is September 2, 2022. Dkt. 115. The expert discovery cut-off for these consolidated actions is November 4, 2022. *Id.*

## COMPLIANCE WITH LEAD COUNSEL MEETING REQUIREMENT

The parties conferred about this dispute by Zoom on July 30 and August 6, 2021. Participants included: Stephen Swedlow and Shana Scarlett (Co-Lead Interim Consumer Class Counsel); Yavar Bathaee and Kristen Anderson (Co-Lead Interim Advertiser Class Counsel); and Sonal Mehta and David Gringer (lead counsel for Facebook). Additional counsel attended.

| | |
|---|---|
| DATED:  August 20, 2021 | Respectfully submitted, |

By:  */s/ Yavar Bathaee*
**BATHAEE DUNNE LLP**
Yavar Bathaee (Bar No. 282388)
  yavar@bathaeedunne.com
Edward M. Grauman (admitted *pro hac vice*)
  egrauman@bathaeedunne.com
Andrew C. Wolinsky (admitted *pro hac vice*)
  awolinsky@bathaeedunne.com
445 Park Avenue, 9th Floor
New York, NY 10022
(332) 322-8835

Brian J. Dunne (Bar No. 275689)
  bdunne@bathaeedunne.com
633 West Fifth Street, 26th Floor
Los Angeles, CA 90071
(213) 462-2772


By:  */s/ Kristen M. Anderson*
**SCOTT + SCOTT ATTORNEYS AT LAW LLP**
Kristen M. Anderson (Bar No. 246108)
  kanderson@scott-scott.com
230 Park Avenue, 17th Floor
New York, NY 10169
(212) 223-6444

Christopher M. Burke (Bar No. 214799)
  cburke@scott-scott.com
David H. Goldberger (Bar No. 225869)
  dgoldberger@scott-scott.com
Yifan (Kate) Lv (Bar No. 302704)
  klv@scott-scott.com
600 W. Broadway, Suite 3300
San Diego, CA 92101
(619) 233-4565

By:  */s/ Stephen A. Swedlow*
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Stephen A. Swedlow (admitted *pro hac vice*)
  stephenswedlow@quinnemanuel.com
Michelle Schmit (admitted *pro hac vice*)
  michelleschmit@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606-1881
(312) 705-7400

Kevin Y. Teruya (Bar No. 235916)
  kevinteruya@quinnemanuel.com
Adam B. Wolfson (Bar No. 262125)
  adamwolfson@quinnemanuel.com
Brantley I. Pepperman (Bar No. 322057)
  brantleypepperman@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
(213) 443-3000

Manisha M. Sheth (admitted *pro hac vice*)
  manishasheth@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, New York 10010
(212) 849-7000


By:  */s/ Shana E. Scarlett*
**HAGENS BERMAN SOBOL SHAPIRO LLP**
Shana E. Scarlett (Bar No. 217895)
  shanas@hbsslaw.com
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
(510) 725-3000

Steve W. Berman (admitted *pro hac vice*)
  steve@hbsslaw.com
1301 Second Avenue, Suite 2000
Seattle, WA 98101
(206) 623-7292

4

Patrick J. McGahan (admitted *pro hac vice*)
  pmcgahan@scott-scott.com
Michael P. Srodoski (admitted *pro hac vice*)
  msrodoski@scott-scott.com
156 South Main Street, P.O. Box 192
Colchester, CT 06415
(860) 537-5537


**AHDOOT & WOLFSON, PC**
Tina Wolfson (Bar No. 174806)
  twolfson@ahdootwolfson.com
Robert Ahdoot (Bar No. 172098)
  rahdoot@ahdootwolfson.com
Theodore W. Maya (Bar No. 223242)
  tmaya@ahdootwolfson.com
Rachel Johnson (Bar No. 331351)
  rjohnson@ahdootwolfson.com
2600 West Olive Avenue, Suite 500
Burbank, CA 91505
(310) 474-9111


**LEVIN SEDRAN & BERMAN LLP**
Keith J. Verrier (admitted *pro hac vice*)
  kverrier@lfsblaw.com
Austin B. Cohen (admitted *pro hac vice*)
  acohen@lfsblaw.com
510 Walnut Street, Suite 500
Philadelphia, PA 19106-3997
(215) 592-1500

*Interim Counsel for the Advertiser Class*

**LOCKRIDGE GRINDAL NAUEN P.L.L.P.**
W. Joseph Bruckner (admitted *pro hac vice*)
  wjbruckner@locklaw.com
Robert K. Shelquist (admitted *pro hac vice*)
  rkshelquist@locklaw.com
Brian D. Clark (admitted *pro hac vice*)
  bdclark@locklaw.com
Rebecca A. Peterson (Bar No. 241858)
  rapeterson@locklaw.com
Arielle S. Wagner (admitted *pro hac vice*)
  aswagner@locklaw.com
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
(612) 339-6900

*Interim Counsel for the Consumer Class*


By:  */s/ Sonal N. Mehta*
**WILMER CUTLER PICKERING HALE AND DORR LLP**
Sonal N. Mehta (Cal. Bar No. 222086)
  Sonal.Mehta@wilmerhale.com
2600 El Camino Real, Suite 400
Palo Alto, PA 94306
(650) 858-6000

David Z. Gringer (admitted *pro hac vice*)
  David.Gringer@wilmerhale.com
1875 Pennsylvania Avenue NW
Washington, DC 20006
(202) 663-6000

*Attorneys for Defendant Facebook, Inc.*

5

## ATTESTATION OF STEPHEN A. SWEDLOW

This document is being filed through the Electronic Case Filing (ECF) system by attorney Stephen A. Swedlow.  By his signature, Mr. Swedlow attests that he has obtained concurrence in the filing of this document from each of the attorneys identified on the caption page and in the above signature block.

Dated:  August 20, 2021  By:  */s/ Stephen A. Swedlow*
Stephen A. Swedlow

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of August 2021, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System, causing the document to be electronically served on all attorneys of record.

Dated:  August 20, 2021  By:  */s/ Stephen A. Swedlow*
Stephen A. Swedlow