# Exhibit B

| | |
|---|---|
| SONAL N. MEHTA (SBN 222086)<br>Sonal.Mehta@wilmerhale.com<br>**WILMER CUTLER PICKERING**<br>  **HALE AND DORR LLP**<br>2600 El Camino Real, Suite 400<br>Palo Alto, California 94306<br>Telephone: (650) 858-6000<br>Facsimile: (650) 858-6100<br><br>DAVID Z. GRINGER (*pro hac vice*)<br>David.Gringer@wilmerhale.com<br>**WILMER CUTLER PICKERING**<br>  **HALE AND DORR LLP**<br>1875 Pennsylvania Ave NW<br>Washington, DC 20006<br>Telephone: (202) 663-6000<br>Facsimile: (202) 663-6363<br><br>*Attorneys for Defendant Facebook, Inc.* | **QUINN EMANUEL URQUHART &**<br>**SULLIVAN, LLP**<br>Stephen A. Swedlow (*pro hac vice*)<br>stephenswedlow@quinnemanuel.com<br>191 N. Wacker Drive, Suite 2700<br>Chicago, IL 60606<br>(312) 705-7400<br><br>**HAGENS BERMAN SOBOL SHAPIRO LLP**<br>Shana E. Scarlett (Bar No. 217895)<br>shanas@hbsslaw.com<br>715 Hearst Avenue, Suite 202<br>Berkeley, CA 94710<br>(510) 725-3000<br><br>*Interim Co-Lead Consumer Class Counsel*<br><br>**BATHAEE DUNNE LLP**<br>Yavar Bathaee (Bar No. 282388)<br>yavar@bathaeedunne.com<br>445 Park Avenue, 9th Floor<br>New York, NY 10022<br>(332) 322-8835<br><br>**SCOTT+SCOTT ATTORNEYS AT LAW LLP**<br>Kristen M. Anderson (Bar No. 246108)<br>kanderson@scott-scott.com<br>230 Park Avenue, 17th Floor<br>New York, NY 10169<br>(212) 233-6444<br><br>*Interim Co-Lead Advertiser Class Counsel* |

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| MAXIMILIAN KLEIN, et al., on behalf of themselves and all others similarly situated,<br><br>            Plaintiffs,<br><br>      v.<br><br>FACEBOOK, INC., a Delaware Corporation headquartered in California,<br><br>            Defendant. | Case No. 5:20-cv-08570-LHK<br><br>**[PROPOSED] ORDER REGARDING EXPERT DISCOVERY**<br><br>Judge: Hon. Virginia K. DeMarchi |

1. <u>Expert Discovery</u>.  Expert reports under Fed. R. Civ. P. 26(a)(2) shall be exchanged pursuant to the schedule governing this case, except that (a) neither side must preserve or disclose to the other side, for purposes of complying with Fed. R. Civ. P. 26(a)(2), the following documents or materials: (i) any form of oral or written communications, correspondence, or work product not relied upon by the expert in forming any opinions in his or her final report shared between: (A) the expert and any persons assisting the expert; (B) any parties' counsel and their experts, or between any agent or employee of any parties' counsel and their experts; (C) testifying and non-testifying experts; (D) non-testifying experts; or (E) testifying experts; (ii) expert's notes, except for notes of interviews participated in or conducted by the expert if the expert relied upon such notes in forming any opinions in his or her final report; (iii) drafts of expert reports, draft agreements, draft expert affidavits, draft expert declarations, or work papers, and other types of preliminary work created by or for experts; and (iv) data formulations, data runs, data calculations, data analyses, or any database-related operations not relied upon by the expert in forming any opinions in his or her final report.

(b) The parties agree that the following materials will be disclosed within three days of each expert report, affidavit, or declaration (with the exception of any report, affidavit or declaration in support of, or in opposition to class certification, when such information must be disclosed at the same time as service of the submission) is served (i) a list of all documents relied upon by the expert in forming any opinions in his or her report, affidavit, or declaration including Bates numbers of documents previously produced; (ii) copies of all materials relied upon by the expert in forming any opinions in his or her report, affidavit, or declaration that were not previously produced and that are not readily available publicly; (iii) a list of all publications authored by the expert in the previous 10 years; (iv) copies of all publications authored by the expert in the previous 10 years that are not readily available publicly; (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition, including tribunal and case number; and (vi) for all calculations appearing in the report, the data set and programs underlying the calculations that were relied upon by the expert, including all programs and codes

necessary to recreate the calculations from the data sets.  The parties shall meet-and-confer concerning any use of demonstratives prepared by an expert at any hearing or at trial.

2. <u>Clawback</u>.  Any document cited in an expert report, declaration, or affidavit or listed pursuant to Section 1(b)(i) as relied upon by the expert in forming any opinions in his or her report, affidavit, or declaration that has been produced in this action that a party does not clawback within 14 business days of service of the expert submission shall not be eligible for clawback under this Order.  Such ineligibility for clawback of that document under this Order shall not result in a subject matter waiver in this or any other state or federal proceeding.

3. <u>Format of Expert Discovery</u>.  No subpoena for deposition or documents need be served on any testifying Expert.  Instead, the party who retained the Expert shall make the Expert available for a deposition at a time and place mutually agreeable to the parties.

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: _____

_____
Hon. Virginia K. DeMarchi
United States Magistrate Judge