<u>**VIA CM/ECF FILING**</u>

August 20, 2021

The Honorable Virginia K. DeMarchi
Robert F. Peckham Federal Building
Courtroom 2 – 5th Floor
280 South 1st Street
San Jose, CA 95113

Re:    Joint Discovery Letter Brief Concerning Dispute Regarding Entry of Privilege Protocol in
       <u>Maximilian Klein et al. v. Facebook, Inc., Case No. 5:20-cv-08570-LHK (N.D. Cal.)</u>

Dear Judge DeMarchi:

Pursuant to Section 4 of the Court's Standing Order for Civil Cases, the Consumer Plaintiffs, the Advertiser Plaintiffs, and Defendant Facebook, Inc. ("Facebook") respectfully request that the Court resolve a dispute concerning the entry of a Privilege Protocol[1] that will govern the production of privilege logs in these consolidated actions.[2]

## <u>STATEMENT OF THE DISPUTE</u>

The parties have met and conferred in good faith and agree on the some of the parameters of a Privilege Protocol. But the parties disagree as to the appropriate terms for several of the Privilege Protocol's specific provisions. These provisions—and the parties' respective positions regarding them—are set forth below.

### A.    Timing of Production of Privilege Logs (Section 2A)

#### 1.    <u>Plaintiffs' Position</u>

Plaintiffs propose that privilege logs "shall be produced no later than 30 days after the corresponding production." Ex. B, cl. 2(A). Facebook objects to *any* specific time frame for the production of privilege logs.

Facebook argues that "[n]o statute or rule imposes a hard deadline for privilege logs," but overlooks this Court's Standing Order for Civil Cases, which provides that "[p]rivilege logs shall be promptly provided, and updated periodically, as documents are reviewed for production. *The*

---

[1] Attached hereto are Ex. A (a redline reflecting the differences between the parties' proposed Privilege Protocols); Ex. B (Plaintiffs' proposed Privilege Protocol); and Ex. C (Facebook's proposed Privilege Protocol).

[2] The parties stipulated to August 20, 2021, as the date for submitting this dispute to the Court, which—per the parties' agreement—is more than 5 court days after lead counsel for all parties met and conferred as to this dispute. *See* Standing Order, § 4(b).

*parties should agree on interim and final dates for the exchange of privilege logs* that permit any disputes . . . to be addressed in advance of the discovery cut-off." (emphasis added); *see also Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Ct. for Dist. of Mont.*, 408 F.3d 1142, 1149–50 (9th Cir. 2005) (Rule 34's 30-day time limit is a "default guideline" for the production of privilege logs); *Botell v. United States*, No. 11-cv-1545-GEB, 2012 WL 4208173, at *2 (E.D. Cal. Sept. 19, 2012) (similar); *Micillo v. Liddle & Robinson LLP*, No. 15-cv-06141-JMF, 2016 WL 2997507, at *3 (S.D.N.Y. May 23, 2016) (party's failure to serve "a privilege log until days before fact discovery was originally set to close" rendered parties "unable to complete fact discovery by that deadline").

### 2.    Facebook's Position

Rather than a rigid 30-day privilege log deadline, Facebook proposes that parties produce logs "promptly" and on a rolling basis.

No statute or rule imposes a hard deadline for privilege logs. Rather, as plaintiffs' own cases establish, determining proper privilege log timing requires a "case-by-case determination" that takes into account "the magnitude of the document production" as well as "other particular circumstances of the litigation that make responding to discovery unusually easy … or unusually hard." *Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Ct.*, 408 F.3d 1142, 1149 (9th Cir. 2005). It is premature to make this determination. The parties do not currently know how many documents they will produce, how many privileged documents they will withhold or redact, whether categorical logs can be used, or whether logs must include redactions.

In light of these uncertainties, multiple courts in this district have approved protocols with similar provisions. *See, e.g., Heeger v. Facebook, Inc.*, No. 3:18-cv-06399-JD, Dkt. 57 (N.D. Cal. Oct. 2, 2019) ("Privilege logs must be produced 'promptly'…. The privilege logs may be produced on a rolling basis."); *LLE One, LLC v. Facebook, Inc.*, No. 4:16-cv-06232-JSW, Dkt. 139 (N.D. Cal. July 18, 2018) ("Privilege and redaction logs will be produced on a rolling basis.").

Of course, for some productions, Facebook may be able to produce logs within 30 days. But for other, larger productions, Facebook may need substantial additional time. If plaintiffs believe Facebook is not providing logs sufficiently promptly, the parties can meet and confer about the issue raise it with the Court as needed.

For these reasons, no hard deadline is necessary. If the Court is inclined to set a fixed deadline, Facebook would urge the Court to set a 75-day deadline, although Facebook would of course log in less than 75 days where reasonable and practical to do so.

## B.    Exclusions from Logging (Section 2B)

### 1.    Plaintiffs' Position

Plaintiffs propose that privilege logs "shall be produced no later than 30 days after the corresponding production." Ex. B, cl. 2(A). Facebook objects to *any* specific time frame for the production of privilege logs.

Facebook argues that "[n]o statute or rule imposes a hard deadline for privilege logs," but overlooks this Court's Standing Order for Civil Cases, which provides that "[p]rivilege logs shall be promptly provided, and updated periodically, as documents are reviewed for production. *The parties should agree on interim and final dates for the exchange of privilege logs* that permit any disputes . . . to be addressed in advance of the discovery cut-off." (emphasis added); *see also Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Ct. for Dist. of Mont.*, 408 F.3d 1142, 1149–50 (9th Cir. 2005) (Rule 34's 30-day time limit is a "default guideline" for the production of privilege logs); *Botell v. United States*, No. 11-cv-1545-GEB, 2012 WL 4208173, at *2 (E.D. Cal. Sept. 19, 2012) (similar); *Micillo v. Liddle & Robinson LLP*, No. 15-cv-06141-JMF, 2016 WL 2997507, at *3 (S.D.N.Y. May 23, 2016) (party's failure to serve "a privilege log until days before fact discovery was originally set to close" rendered parties "unable to complete fact discovery by that deadline").

## 2. <u>Facebook's Position</u>

Although Plaintiffs agree that attorney communications or work product that post-date the complaint or relate to this case need not be logged, they would have Facebook log all communications or attorney work product that relate to the subject-matter of this case and post-date the FTC's investigation.

In light of the government investigations that plaintiffs themselves believe substantially overlap with this case, Facebook should not be required to log communications in-house or outside counsel concerning the subject matter of this litigation that were created after the FTC first informed Facebook of its investigation in June 2019. These communications and work product should be treated the same way as those created after a complaint is filed, particularly in light of the overlapping nature of the claims. *See In re Gen. Motors LLC Ignition Switch Litig.*, 80 F. Supp. 3d 521, 531 & 533 (S.D.N.Y. 2015) (company's "claim to the privilege" was "strengthen[ed]" by being with outside counsel "in light of … accompanying governmental investigations"); *see also Dolby Labs. Licensing Corp. v. Adobe Inc.*, 402 F. Supp. 3d 855 (N.D. Cal. 2019) ("[C]ommunications with outside counsel [] are presumed to be made for the purpose of seeking legal advice.").

Plaintiffs insist that Facebook must log communications and work product created by in-house counsel after the FTC investigation was opened because communications with in-house counsel are not afforded the same presumption of privilege as communications with outside counsel. The general rule they cite, however, exists "[b]ecause in-house counsel may operate in a purely or primarily business capacity in connection with many corporate endeavors." *United States v. Chevron Texaco Corp.*, 241 F. Supp. 2d 1065, 1076 (N.D. Cal. 2002). Facebook's subject-matter restriction addresses this concern by carving out from Facebook's logging requirements ESI that clearly relates to in-house counsel's legal, as opposed to business, function. Those materials should be treated the same as materials involving outside counsel. *See U.S. v. Rowe*, 96 F.3d 1294, 1296 (9th Cir. 1996) ("In determining the existence of a privilege, no attempt is made to distinguish between inside and outside counsel.").

**C.      Categorical Logging (Defendant's Section 2)**

**1.      <u>Plaintiffs' Position</u>**

Plaintiffs propose that privileged documents should be individually logged, through the production of agreed-upon metadata fields, along with "the privilege or protection being asserted . . . and a description of the document."  Ex. B, cl. 2(C).  Facebook, however, proposes that "[d]ocuments may be identified on a privilege log by category rather than individually."  Ex. C, cl. 2.

Facebook has provided no basis for the use of a categorical log in this case.  In *Song v. Drenberg*, this Court held that a privilege log did "not meet the requirements of Rule 26(b)(5)" where the party producing the log failed to "provid[e] a document-specific privilege log."  2019 WL 5095743, at *4.  This Court reasoned that the party had failed to make "any showing that the documents in question are so voluminous that it would be unduly burdensome for him to prepare such a log."  The same is true here.  *See also Narayan v. EGL, Inc.*, No. 05-cv-04181-RMW, 2006 WL 3050851, at *2 (N.D. Cal. Oct. 24, 2006) (rejecting categorical privilege log where defendant had "made no effort to describe the volume of documents," "nor has it given the court a picture of the categorical scheme that might be employed."); *In re Subpoena on Sorrento Therapeutics, Inc.*, No. 3:17-cv-2442-WQH, 2018 WL 788899, at *4 (S.D. Cal. Feb. 8, 2018) (similar).

To the extent that Facebook wishes to categorically describe documents on its log, Plaintiffs do not object to Facebook doing so—however, those documents should be individually logged.  Given the parties' agreement that the privilege log may be populated by agreed-upon metadata fields, there is no reason that Facebook cannot individually log documents, which is merely a matter of exporting metadata fields to populate a privilege log.  *Favors v. Cuomo*, 285 F.R.D. 187, 223 (E.D.N.Y. 2012) ("given today's litigation technology, there is no good reason why privilege logs should not include . . . readily accessible metadata for electronic documents, including, but not limited to: addressee(s), copyee(s), blind copyee(s), date, time, subject line, file name, file format, and a description of any attachments").  Facebook's proposal excludes even basic information necessary for the claim of privilege to be assessed, such as the author, sender, or recipient of a document.  *Cf. Williams v. Duke Energy Corp.*, No. 1:08-cv-00046, 2014 WL 3895227, at *18 (S.D. Ohio Aug. 8, 2014) (privilege log insufficient when authors and recipients were not identified and their description did not permit the court to "determine whether the communications are business communications or attorney-client communications").

Plaintiffs propose that the parties' privilege logs include a description of the documents withheld, as is common practice.  *See Friends of Hope Valley v. Frederick Co.*, 268 F.R.D. 643, 651–52 (E.D. Cal. 2010) (a party "must provide a description of the general topic that is detailed enough . . . [to] ascertain whether the communication is truly privileged"); *Loop AI Labs Inc. v. Gatti*, No. 15-cv-00798-HSG, 2016 WL 2908415, at *3 (N.D. Cal. May 13, 2016) ("Plaintiff's privilege log is plainly deficient.  It contains no . . . descriptions of the withheld documents . . . This is exactly the kind of information that would enable [a party] to assess whether the assertion of privilege or protection is justified . . . [and] required by Rule 26(b)(5) . . ."); *Kannan v. Apple Inc.*, No. 17-cv-07305-EJD, 2019 WL 5589000, at *3 (N.D. Cal. Oct. 30, 2019) (requiring a party to provide more than "generic descriptions" on its privilege log) (DeMarchi, J.).  Again, Plaintiffs do not object to the provision of categorical descriptions.

2.     **Facebook's Position**

Facebook proposes to log withheld documents by category, rather than on a document-by-document basis.  Under Facebook's proposal, categorical logs would include ample information (date range; category description; privilege justification; and number of documents withheld) to permit evaluation of the claimed privilege.  *See Auto. Club of N.Y., Inc. v. Port Auth. of N.Y. & N.J.*, 297 F.R.D. 55, 61 (S.D.N.Y. 2013) (accepting categorical privilege log where descriptions provide adequate basis to evaluate merits of claim).  Facebook's proposal also permits the receiving party to seek more information if needed to assess the claimed privilege; in that scenario, the producing party would provide a document-by-document log.

Plaintiffs claim that categorical logs cannot be used unless Facebook demonstrates that the documents to be logged are "so voluminous" that it cannot prepare a document-by-document privilege log.  But it is, of course, impossible for Facebook to make that showing now, before plaintiffs have served discovery requests.  And Facebook's proposal is in line with previous rulings accepting the use of categorical logs, especially in complex cases like this one.  *See Vasudevan Software, Inc. v. Microstrategy Inc.*, No. 11-cv-06637-RS-PSG, 2012 WL 5637611, at *7 (N.D. Cal. Nov. 15, 2012) (holding item-by-item logs unreasonable and permitting party to "provide categorical logs, essentially grouping documents by type and indicating how each of those categories is privileged."); *Schmidt v. Levi Strauss & Co.*, No. C04-01026 RMW (HRL), 2007 WL 628660 (N.D. Cal. Feb. 28, 2007) (approving use of categorical logs and citing the Advisory Committee Note to Fed. R. Civ. P. 26(b)(5), which states that "[d]etails concerning time, persons, general subject matter, and other factors may be appropriate if only a few items are withheld, but may be unduly burdensome when voluminous documents are claimed to be privileged or protected, particularly if the items can be described by categories.").  *See also* N.D. Cal. Model Stipulated Order Re: Discovery of Electronically Stored Information for Standard Cases ("Communications may be identified on a privilege log by category, rather than individually, if appropriate.").

The parties additionally dispute the information that must be included on a document-by-document log, to the extent one is required.  Facebook agrees that the parties should provide comprehensive metadata in addition to the privilege or protection being asserted.  Further, Facebook proposes that if the basis for a privilege assertion is not clear from such information, the Producing Party will provide the name of the attorney(s) involved and a description of the nature of the privileged or protected communication.  Plaintiffs, on the other hand, would require the parties to craft a description of every document, regardless of whether the privilege claim can be assessed from the document, metadata, and privilege basis.  But a party "does not have to provide a description of the subject matter of each document to meet its burden."  *In re Subpoenas to Intel Corp.*, No. 4:17-MC-80099-KAW, 2018 WL 984776, at *4 (N.D. Cal. Feb. 20, 2018) (citing *In re Grand Jury Investigation*, 974 F.2d 1068, 1071 (9th Cir. 1992)).  While Facebook's proposal will "reduce costs and increase efficiency and speed" of logging, *see* ESI Guideline 2.02(f), Plaintiffs' proposal will do the opposite—particularly in light of their other burdensome demands.

**D.**     **Logging Redactions (Plaintiffs' Section 2A & Defendant's Section 2)**

**1.**     **Plaintiffs' Position**

Plaintiffs object to Facebook's proposal that redacted documents need not be logged "as long as the metadata fields of to, from, cc, bcc, recipients, date, and time are not redacted" and the privilege asserted is noted on the face of the document. Ex. C, cl. 2. Facebook's position is again inconsistent with the law. *Orthopaedic Hosp. v. DJO Glob., Inc*., No. 3:19-cv-00970-JLS, 2020 WL 7625123, at *5 (S.D. Cal. Dec. 22, 2020) ("The default standard . . . is that Plaintiff is required to log any redactions based upon privilege."); *Caccamise v. Credit One Bank, N.A*., No. 18-cv-00971-JLS, 2019 WL 1900908, at *5 (S.D. Cal. Apr. 26, 2019) (similar); *Sherman v. CLP Res., Inc*., No. 12-cv-08080-GW, 2015 WL 13543541, at *6 (C.D. Cal. July 17, 2015) (similar).

Facebook's proposal does not require a description of the document. As a result, Plaintiffs will not know the factual basis for the privilege.[3] Second, Facebook's proposal would not identify the attorneys on redacted documents—as the parties have agreed to do for documents that are logged. Third, Facebook's contention that "[t]he burden associated with logging redactions is significant" is unsupported, particularly in view of the parties' agreement that the log may be populated by agreed-upon metadata fields. And indeed, Facebook has agreed to log redactions in other class actions. *See In re Facebook, Inc. Consumer Privacy User Profile Litig.*, Case No. 3:18-md-02843-VC (N.D. Cal. Dec. 8, 2020), Dkt. 462 at 1.

**2.**     **Facebook's Position**

The parties' dispute centers on treatment of privilege redactions. Facebook proposes that redacted documents need not be logged so long as certain metadata fields are not redacted, and the reason for the redaction (e.g., Attorney Client Communication or Work Product) is noted on the face of the document. To the extent the basis for withholding the redacted information is not clear from the un-redacted portions of the document, a receiving party may make reasonable requests for redaction logs. Plaintiffs have rejected this proposal out of hand.

Facebook's proposal would reduce the burden of privilege logging without impacting plaintiffs' ability to challenge any particular privilege claim; this is especially important given the Court's aggressive schedule for the case when compared against the likely scope of discovery. The burden associated with logging redactions is significant. At the same time, leaving redactions off a log would not materially impact plaintiffs' ability to assess Facebook's claims of privilege. The purpose of a privilege log is to allow a receiving party to understand what has been withheld, because without a log, a party would have no idea how much material was simply not produced. *See Raymond James & Assocs., Inc v. Terran Orbital Corp.*, 2020 WL 6083433, at *5 (C.D. Cal. June 10, 2020). A partially redacted document, however, is different in kind; where only part of a document is redacted, and the remainder of the document is available to the other side, it is clear

---

[3]     This is particularly true if Facebook purports to redact documents on some basis other than privilege. Indeed, in another class action, Facebook took the position (which Judge Donato rejected) that it could summarily redact portions of documents it deemed "irrelevant." *See In re Facebook Biometric Information Privacy Litig.*, No. 3:15-cv-03747-JD (N.D. Cal. Jan. 9, 2017), Dkt. 183 at 2.

that something has been withheld, and the context is readily available.  This reality led the Sedona Conference to recognize that, when a document is produced with metadata, and "[i]f the author, recipient, and subject information within the email chain is also left unredacted (so that this information is available for lower emails in the thread), it seems that a privilege log would be largely redundant of information already available within the document and supplied in the metadata."  Sedona Conference, *Commentary on Protection of Privileged ESI* 163-164 (2015), https://thesedonaconference.org/download-publication?fid=4843.

## NEED FOR HEARING

Plaintiffs defer to the Court regarding the need for a hearing.  To the extent that a hearing would assist the Court in resolving the parties' dispute, Plaintiffs will present these issues to the Court at the Court's convenience.

Given the significance of the disputes above to the course of discovery in this case, Facebook requests oral argument on the parties' disputes.

## RELEVANT DATES

The fact discovery cut-off for these consolidated actions is September 2, 2022.  Dkt. 115. The expert discovery cut-off for these consolidated actions is November 4, 2022.  *Id.*

## COMPLIANCE WITH LEAD COUNSEL MEETING REQUIREMENT

The parties conferred about this dispute by Zoom on July 30 and August 6, 2021. Participants included: Stephen Swedlow and Shana Scarlett (Co-Lead Interim Consumer Class Counsel); Yavar Bathaee and Kristen Anderson (Co-Lead Interim Advertiser Class Counsel); and Sonal Mehta and David Gringer (lead counsel for Facebook).  Additional counsel attended.

DATED:  August 20, 2021

By:  */s/ Yavar Bathaee*
**BATHAEE DUNNE LLP**
Yavar Bathaee (Bar No. 282388)
  yavar@bathaeedunne.com
Edward M. Grauman (admitted *pro hac vice*)
  egrauman@bathaeedunne.com
Andrew C. Wolinsky (admitted *pro hac vice*)
  awolinsky@bathaeedunne.com
445 Park Avenue, 9th Floor
New York, NY 10022
(332) 206-7668

Brian J. Dunne (Bar No. 275689)
  bdunne@bathaeedunne.com
633 West Fifth Street, 26th Floor
Los Angeles, CA 90071
(213) 462-2772


By:  */s/ Kristen M. Anderson*
**SCOTT + SCOTT ATTORNEYS AT LAW LLP**
Kristen M. Anderson (Bar No. 246108)
  kanderson@scott-scott.com
230 Park Avenue, 17th Floor
New York, NY 10169
(212) 223-6444

Christopher M. Burke (Bar No. 214799)
  cburke@scott-scott.com
David H. Goldberger (Bar No. 225869)
  dgoldberger@scott-scott.com
Yifan (Kate) Lv (Bar No. 302704)
  klv@scott-scott.com
600 W. Broadway, Suite 3300
San Diego, CA 92101
(619) 233-4565

Respectfully submitted,

By:  */s/ Stephen A. Swedlow*
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Stephen A. Swedlow (admitted *pro hac vice*)
  stephenswedlow@quinnemanuel.com
Michelle Schmit (admitted *pro hac vice*)
  michelleschmit@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606-1881
(312) 705-7400

Kevin Y. Teruya (Bar No. 235916)
  kevinteruya@quinnemanuel.com
Adam B. Wolfson (Bar No. 262125)
  adamwolfson@quinnemanuel.com
Brantley I. Pepperman (Bar No. 322057)
  brantleypepperman@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
(213) 443-3000

Manisha M. Sheth (admitted *pro hac vice*)
  manishasheth@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, New York 10010
(212) 849-7000


By:  */s/ Shana E. Scarlett*
**HAGENS BERMAN SOBOL SHAPIRO LLP**
Shana E. Scarlett (Bar No. 217895)
  shanas@hbsslaw.com
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
(510) 725-3000

Steve W. Berman (admitted *pro hac vice*)
  steve@hbsslaw.com
1301 Second Avenue, Suite 2000
Seattle, WA 98101
(206) 623-7292

Patrick J. McGahan (admitted *pro hac vice*)
  pmcgahan@scott-scott.com
Michael P. Srodoski (admitted *pro hac vice*)
  msrodoski@scott-scott.com
156 South Main Street, P.O. Box 192
Colchester, CT 06415
(860) 537-5537


**AHDOOT & WOLFSON, PC**
Tina Wolfson (Bar No. 174806)
  twolfson@ahdootwolfson.com
Robert Ahdoot (Bar No. 172098)
  rahdoot@ahdootwolfson.com
Theodore W. Maya (Bar No. 223242)
  tmaya@ahdootwolfson.com
Rachel Johnson (Bar No. 331351)
  rjohnson@ahdootwolfson.com
2600 West Olive Avenue, Suite 500
Burbank, CA 91505
(310) 474-9111


**LEVIN SEDRAN & BERMAN LLP**
Keith J. Verrier (admitted *pro hac vice*)
  kverrier@lfsblaw.com
Austin B. Cohen (admitted *pro hac vice*)
  acohen@lfsblaw.com
510 Walnut Street, Suite 500
Philadelphia, PA 19106-3997
(215) 592-1500

*Interim Counsel for the Advertiser Class*

**LOCKRIDGE GRINDAL NAUEN P.L.L.P.**
W. Joseph Bruckner (admitted *pro hac vice*)
  wjbruckner@locklaw.com
Robert K. Shelquist (admitted *pro hac vice*)
  rkshelquist@locklaw.com
Brian D. Clark (admitted *pro hac vice*)
  bdclark@locklaw.com
Rebecca A. Peterson (Bar No. 241858)
  rapeterson@locklaw.com
Arielle S. Wagner (admitted *pro hac vice*)
  aswagner@locklaw.com
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
(612) 339-6900

*Interim Counsel for the Consumer Class*


By:  */s/ Sonal N. Mehta*
**WILMER CUTLER PICKERING HALE AND DORR LLP**
Sonal N. Mehta (Cal. Bar No. 222086)
  Sonal.Mehta@wilmerhale.com
2600 El Camino Real, Suite 400
Palo Alto, PA 94306
(650) 858-6000

David Z. Gringer (admitted *pro hac vice*)
  David.Gringer@wilmerhale.com
1875 Pennsylvania Avenue NW
Washington, DC 20006
(202) 663-6000

*Attorneys for Defendant Facebook, Inc.*

## **ATTESTATION OF STEPHEN A. SWEDLOW**

This document is being filed through the Electronic Case Filing (ECF) system by attorney Stephen A. Swedlow.  By his signature, Mr. Swedlow attests that he has obtained concurrence in the filing of this document from each of the attorneys identified on the caption page and in the above signature block.


Dated:  August 20, 2021                           By:    */s/ Stephen A. Swedlow*          
                                                               Stephen A. Swedlow


## **CERTIFICATE OF SERVICE**

I hereby certify that on this 20th day of August 2021, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System, causing the document to be electronically served on all attorneys of record.


Dated:  August 20, 2021                           By:    */s/ Stephen A. Swedlow*          
                                                               Stephen A. Swedlow