# Exhibit B

SONAL N. MEHTA (SBN 222086)
Sonal.Mehta@wilmerhale.com
**WILMER CUTLER PICKERING
HALE AND DORR LLP**
2600 El Camino Real, Suite 400
Palo Alto, California 94306
Telephone: (650) 858-6000
Facsimile:  (650) 858-6100

DAVID Z. GRINGER (*pro hac vice*)
David.Gringer@wilmerhale.com
**WILMER CUTLER PICKERING
HALE AND DORR LLP**
1875 Pennsylvania Ave NW
Washington, DC 20006
Telephone:  (202) 663-6000
Facsimile:   (202) 663-6363

*Attorneys for Defendant Facebook, Inc.*

**QUINN EMANUEL URQUHART &
SULLIVAN, LLP**
Stephen A. Swedlow (*pro hac vice*)
stephenswedlow@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
(312) 705-7400

**HAGENS BERMAN SOBOL SHAPIRO LLP**
Shana E. Scarlett (Bar No. 217895)
shanas@hbsslaw.com
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
(510) 725-3000

*Interim Co-Lead Consumer Class Counsel*

**BATHAEE DUNNE LLP**
Yavar Bathaee (Bar No. 282388)
yavar@bathaeedunne.com
445 Park Avenue, 9th Floor
New York, NY 10022
(332) 322-8835

**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
Kristen M. Anderson (Bar No. 246108)
kanderson@scott-scott.com
230 Park Avenue, 17th Floor
New York, NY 10169
(212) 233-6444

*Interim Co-Lead Advertiser Class Counsel*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| MAXIMILIAN KLEIN, et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FACEBOOK, INC., a Delaware Corporation headquartered in California,<br><br>Defendant. | Case No. 5:20-cv-08570-LHK<br><br>**[PROPOSED] JOINT STIPULATED PRIVILEGE PROTOCOL**<br><br>Judge: Hon. Virginia K. DeMarchi |

## 1. PURPOSE AND LIMITATIONS

For good cause shown, the Court hereby enters the following Privilege Protocol and order governing the production of privilege logs in this proceeding.[1]  Capitalized terms not defined in this Protocol shall have the meaning ascribed to them in the Protective Order, the 502(d) Order, the Expert Protocol and/or the ESI Protocol.

## 2. CLAIMS OF PRIVILEGE

A. <u>Production of Privilege Logs</u>:  Except as provided otherwise below, for any document withheld in whole or in part, the Producing Party will produce privilege logs in MS Excel format. Each Party must produce such logs promptly, and logs may be produced on a rolling basis, but in all cases logs shall be produced no later than 30 days after the corresponding production.

B. <u>Exclusions from Logging Documents Reflecting Privileged Communications or Work Product</u>:  Communications or work product involving counsel that post-date the filing of the complaint need not be placed on a privilege log.  Communications or work product involving counsel that relate to this case likewise need not be placed on a privilege log.

C. <u>Metadata Log</u>.  Each Party's Privilege Log must provide the objective metadata listed below (to the extent it is reasonably available and does not reflect privileged or protected information) and the privilege or protection being asserted (e.g., attorney-client; attorney work product; joint defense and/or common interest, etc.) and a description of the document, including the factual basis sufficient to support the claim that the document is privileged and/or protected.  Attorneys or their staff must be identified on the log with an asterisk (or similar notation).

   i. Objective metadata includes the following fields, as defined in the Order Regarding Discovery of Electronically Stored Information (to the extent these fields are available for a particular document), though it does not have to be in

---

[1] For the avoidance of doubt, the provisions of this Privilege Protocol shall not apply to privilege logs created for purposes of other cases or investigations and re-produced in this case.  To the extent such logs are re-produced, they shall be provided in the same format in which they were originally produced.

the order set forth below:

1. BEGBATES[2]
2. ENDBATES
3. BEGATTACH
4. ENDATTACH
5. FILENAME
6. EMAILSUBJECT
7. AUTHOR
8. TO/FROM/CC/BCC
9. DATESENT
10. DATERECEIVED
11. DATECREATED
12. CUSTODIAN
13. ALLCUSTODIANS

ii. <u>Email.</u>  If there is more than one branch of (i.e., more than one unique group of recipients of) an email thread, each branch will be individually logged; however, each individual email within the thread need not be logged if the recipients of the email chain are all identical.  Attachments to emails shall be logged as separate documents on the log, with family relationships identified.

iii. Following the receipt of a Privilege Log, a Receiving Party may challenge, in writing, any entry on the log.  The producing Party shall endeavor to respond to such reasonable requests (in number or volume) within 14 days.  The Producing Party and the Receiving Party shall meet and confer on this challenge to try to reach a mutually agreeable solution.  If they cannot agree, the matter may be brought to the Court in accordance with the procedure outlined in Magistrate Judge DeMarchi's Standing Order for Civil Cases.

iv. <u>Challenges to Privilege Claims</u>: Following the receipt of a privilege log or

---

[2] A document being entirely withheld may not receive a Bates ID and an alternative ID may be provided.

documents that have been redacted for privilege, a Receiving Party may identify, in writing (by Bates/unique ID), the particular documents that it believes require further explanation.  The Producing Party shall use reasonable efforts to respond to reasonable requests (in number or volume) within 14 days.  If a Party challenges a request for further information, the Parties shall meet and confer to try to reach a mutually agreeable solution.  If they cannot agree, the matter may be brought to the Court in accordance with the procedure outlined in Magistrate Judge DeMarchi's Standing Order for Civil Cases.

    v. <u>Changes to Redactions or Privilege Designations</u>: Where a Producing Party changes, in whole or in part, the redaction or privilege designation of a document, the updated document shall be produced with an overlay and load file indicating the document being replaced. The replacement document shall bear the same Bates numbers.

**3. NO WAIVER**

A. Nothing in this Privilege Protocol shall be interpreted to require disclosure of irrelevant information or relevant information protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or immunity. Neither this Protocol nor the accompanying order waives any applicable privilege or other legal basis under which information may not be subject to production.

B. The Parties do not waive any objections to the production, discoverability, admissibility, or confidentiality of documents and ESI.

C. Nothing in this Protocol shall preclude or impair any and all protections provided by any Protective Order(s), 502(d) Order, Expert Protocol or ESI Protocol agreed and entered into by the Parties.

**3. MODIFICATION**

This Privilege Protocol may be modified by a stipulated order of the Parties or by the Court for good cause shown.

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: _____

_____
Hon. Virginia K. DeMarchi
United States Magistrate Judge