# Exhibit C

SONAL N. MEHTA (SBN 222086)
  Sonal.Mehta@wilmerhale.com
**WILMER CUTLER PICKERING**
  **HALE AND DORR LLP**
2600 El Camino Real, Suite 400
Palo Alto, California 94306
Telephone: (650) 858-6000
Facsimile:  (650) 858-6100

DAVID Z. GRINGER (*pro hac vice*)
  David.Gringer@wilmerhale.com
**WILMER CUTLER PICKERING**
  **HALE AND DORR LLP**
1875 Pennsylvania Ave NW
Washington, DC 20006
Telephone:  (202) 663-6000
Facsimile:   (202) 663-6363

*Attorneys for Defendant Facebook, Inc.*

**QUINN EMANUEL URQUHART &**
**SULLIVAN, LLP**
Stephen A. Swedlow (*pro hac vice*)
stephenswedlow@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
(312) 705-7400

**HAGENS BERMAN SOBOL SHAPIRO LLP**
Shana E. Scarlett (Bar No. 217895)
shanas@hbsslaw.com
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
(510) 725-3000

*Interim Co-Lead Consumer Class Counsel*

**BATHAEE DUNNE LLP**
Yavar Bathaee (Bar No. 282388)
yavar@bathaeedunne.com
445 Park Avenue, 9th Floor
New York, NY 10022
(332) 322-8835
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
Kristen M. Anderson (Bar No. 246108)
kanderson@scott-scott.com
230 Park Avenue, 17th Floor
New York, NY 10169
(212) 233-6444

*Interim Co-Lead Advertiser Class Counsel*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| MAXIMILIAN KLEIN, et al., on behalf of themselves and all others similarly situated, | Case No. 5:20-cv-08570-LHK |
| Plaintiffs, | **[PROPOSED] JOINT STIPULATED PRIVILEGE PROTOCOL** |
| v. | |
| FACEBOOK, INC., a Delaware Corporation headquartered in California, | Judge: Hon. Virginia K. DeMarchi |
| Defendant. | |

## I.  PURPOSE AND LIMITATIONS

For good cause shown, the Court hereby enters the following Privilege Protocol and order governing the production of privilege logs in this proceeding.[1]  Capitalized terms not defined in this Protocol shall have the meaning ascribed to them in the Protective Order, the 502(d) Order, the Expert Protocol and/or the ESI Protocol.

## II.  CLAIMS OF PRIVILEGE

A. <u>Production of Privilege Logs</u>:  Except as provided otherwise below, for any document withheld in its entirety, the Producing Party will produce privilege logs in MS Excel format. Each Party must produce such logs promptly, and logs may be produced on a rolling basis.

B. <u>Exclusions from Logging Documents Reflecting Privileged Communications or Work Product</u>:  Communications or work product involving counsel related to the subject-matter of this case that post-date the opening of the related FTC investigation in June 2019 need not be placed on a privilege log.

C. Redacted email and non-email documents need not be logged as long as the metadata fields of to, from, cc, bcc, recipients, date, and time are not redacted and the reason for the redaction, including the nature of the privilege asserted (e.g., Attorney Client Communication or Work Product), is noted on the face of the document, or, if noting the nature on the face of the document is not technologically feasible, is noted in the metadata field provided.  All redactions shall comply with the specifications listed in the ESI Protocol.

D. <u>Use of Categorical Logs</u>:

---

[1] For the avoidance of doubt, the provisions of this Privilege Protocol shall not apply to privilege logs created for purposes of other cases or investigations and re-produced in this case.  To the extent such logs are re-produced, they shall be provided in the same format in which they were originally produced.

-1-

a. Documents may be identified on a privilege log by category rather than individually, as the Producing Party deems appropriate.

b. For categorical privilege logs, each Party's privilege log must include the following information:

    i. Category Number

    ii. Date Range

    iii. Category Description

    iv. Privilege Justification

    v. Number of Documents Withheld, including any Families

c. Following the receipt of a categorical privilege log, a requesting Party may challenge, in writing, the appropriateness of a particular use of categorical logging. Within 30 days the producing Party and the requesting Party shall meet and confer on this challenge to try to reach a mutually agreeable solution.  If they cannot agree, the matter may be brought to the Court in accordance with the procedure outlined in Magistrate Judge DeMarchi's Standing Order for Civil Cases.

E. <u>Use of Non-Categorical Logs</u>: Any documents not identified on a categorical privilege log or as a result of a challenge by the Receiving Party to the Categorical Privilege Log as agreed upon by the Producing Party or ordered by the Court, must be logged individually.

F. <u>Metadata Log</u>.  Each Party's Non-Categorical Privilege Log must provide the objective metadata listed below (to the extent it is reasonably available and does not reflect privileged or protected information) and the privilege or protection being asserted (e.g., attorney-client; attorney work product; joint defense and/or common interest, etc.).  Attorneys or their staff must be identified on the log with an asterisk (or similar notation).

a. Objective metadata includes the following fields, as defined in the Order Regarding Discovery of Electronically Stored Information (to the extent these fields are available for a particular document), though it does not have to be in the order set forth below:

    i. BEGBATES[2]

    ii. ENDBATES

    iii. BEGATTACH

    iv. ENDATTACH

    v. FILENAME

    vi. EMAILSUBJECT

    vii. AUTHOR

    viii. TO/FROM/CC/BCC

    ix. DATESENT

    x. DATERECEIVED

    xi. DATECREATED

    xii. CUSTODIAN

    xiii. ALLCUSTODIANS

b. In addition to the above objective metadata fields, a Party must also include an additional field on its privilege log, entitled "Attorney/Description of Privileged Material," if the basis for the privilege asserted is not apparent from the objective metadata (e.g., the name of the attorney will be provided if not included in the objective metadata and a brief description of the nature of the privileged communication).

G. <u>Email.</u> If there is more than one branch of (i.e., more than one unique group of recipients of) an email thread, each branch will be individually logged; however, each individual

---

[2] A document being entirely withheld may not receive a Bates ID and an alternative ID may be provided.

email within the thread need not be logged if the recipients of the email chain are all identical. Attachments to emails shall be logged as separate documents on the log, with family relationships identified.

H. Following the receipt of a Non-Categorical Privilege Log, a Receiving Party may challenge, in writing, any entry on the log. The producing Party shall endeavor to respond to such reasonable requests (in number or volume) within 14 days. The Producing Party and the Receiving Party shall meet and confer on this challenge to try to reach a mutually agreeable solution. If they cannot agree, the matter may be brought to the Court in accordance with the procedure outlined in Magistrate Judge DeMarchi's Standing Order for Civil Cases.

I. <u>Challenges to Privilege Claims</u>: Following the receipt of a privilege log or documents that have been redacted for privilege, a Receiving Party may identify, in writing (by Bates/unique ID), the particular documents that it believes require further explanation. The Producing Party shall use reasonable efforts to respond to reasonable requests (in number or volume) within 14 days. If a Party challenges a request for further information, the Parties shall meet and confer to try to reach a mutually agreeable solution. If they cannot agree, the matter may be brought to the Court in accordance with the procedure outlined in Magistrate Judge DeMarchi's Standing Order for Civil Cases.

J. <u>Changes to Redactions or Privilege Designations</u>: Where a Producing Party changes, in whole or in part, the redaction or privilege designation of a document, the updated document shall be produced with an overlay and load file indicating the document being replaced. The replacement document shall bear the same Bates numbers.

## III.   NO WAIVER

A. Nothing in this Privilege Protocol shall be interpreted to require disclosure of irrelevant information or relevant information protected by the attorney-client privilege, work-

-4-

product doctrine, or any other applicable privilege or immunity. Neither this Protocol nor the accompanying order waives any applicable privilege or other legal basis under which information may not be subject to production.

B.  The Parties do not waive any objections to the production, discoverability, admissibility, or confidentiality of documents and ESI.

C.  Nothing in this Protocol shall preclude or impair any and all protections provided by any Protective Order(s), 502(d) Order, Expert Protocol or ESI Protocol agreed and entered into by the Parties.

## IV.  MODIFICATION

This Privilege Protocol may be modified by a stipulated order of the Parties or by the Court for good cause shown.

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: _____        _____

Hon. Virginia K. DeMarchi
United States Magistrate Judge