UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MAXIMILIAN KLEIN, et al.,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>FACEBOOK, INC.,<br><br>　　　　　Defendant. | Case No. 20-cv-08570-LHK (VKD)<br><br>**ORDER PARTIALLY RESOLVING AUGUST 20, 2021 DISCOVERY DISPUTE RE DEPOSITION PROTOCOL**<br><br>Re: Dkt. No. 132 |

The parties ask the Court to resolve several disputes concerning the conduct of depositions in this case. Dkt. No. 132. The Court held a hearing on these disputes on August 31, 2021. Dkt. Nos. 144, 146. Thereafter, the Court issued an interim order requiring the parties to confer further and to make a further submission regarding several issues relating to the depositions of current and former Facebook employees. Dkt. No. 145. This order resolves two remaining disputes concerning the conduct of depositions.

**1.     Remote v. in person depositions**

The parties disagree regarding whether there should be a presumption that depositions will be conducted by remote means. Dkt. No. 132 at 5-6. Facebook advocates for such a presumption; plaintiffs oppose it. *Id.*

The Court declines to set a presumption of remote depositions. However, while public health conditions and travel restrictions make it difficult or impossible for depositions to be conducted safely in person, the Court encourages the parties to conduct depositions by remote means. The presiding judge has set deadlines for the completion of discovery, and the parties are well-advised not to delay taking depositions in the hope that circumstances will eventually permit

1  normal litigation to proceed.  If the parties cannot agree regarding the means for taking a particular
2  deposition, they must submit the issue to the Court for resolution using the discovery dispute
3  resolution procedure.

### 2. Presence of counsel in same room as deponent

The parties disagree regarding whether counsel defending a deposition should be able to be in the same room as the witness during an otherwise remote deposition.  Dkt. No. 132 at 6-7. Plaintiffs ask for an order excluding defending counsel unless opposing counsel is also present. Facebook argue there is no need to exclude defending counsel.  *Id.*

The Court agrees with Facebook that there is no justification here for excluding counsel defending the witness from being physically present in the same room as the witness, and the Court adopts Facebook's proposal.  The Court expects all counsel to behave ethically and professionally.  In particular, defending counsel must avoid improper coaching or other communication with the witness.  Any party may ask the Court to revisit this issue if circumstances warrant.

**IT IS SO ORDERED.**

Dated:  September 13, 2021

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge