UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MAXIMILIAN KLEIN, et al.,<br><br>  Plaintiffs,<br><br>v.<br><br>FACEBOOK, INC.,<br><br>  Defendant. | Case No. 20-cv-08570-LHK (VKD)<br><br>**ORDER PARTIALLY RESOLVING AUGUST 20, 2021 DISCOVERY DISPUTE RE ESI PROTOCOL**<br><br>Re: Dkt. No. 133 |

The parties ask the Court to resolve disputes involving several provisions of their ESI protocol. Dkt. No. 133. The Court held a hearing on these disputes on August 31, 2021. Dkt. Nos. 142, 146. Thereafter, the Court issued an interim order requiring the parties to confer further and to make a further submission regarding the categories of documents that must be preserved and those that need not be preserved. Dkt. No. 145.

This order resolves several remaining disputes concerning the ESI protocol. For the reasons stated on the record during the hearing and as further explained below, the Court orders as follows:

**1.   Statement of Sedona Principle No. 6**

The parties dispute whether the ESI protocol should include the following text proposed by Facebook: "Responding parties are best situated to evaluate the procedures, methodologies, and technologies appropriate for preserving and producing their own electronically stored information." Dkt. No. 133 at 1-2. The Court will not require the parties' ESI protocol to recite this statement, nor will the Court require that the parties adopt this principle in the abstract.

**2.     Use of Technology Assisted Review**

The parties disagree regarding what information a party should be required to disclose regarding that party's use of technology assisted review ("TAR") and whether such review should be subject to an agreed or court-ordered protocol. *Id.* at 5.

Given the volume of documents, any party may use TAR, predictive coding, or other machine learning tools to identify relevant and responsive documents for production and/or to exclude documents that are not relevant and responsive. The Court agrees with Facebook that it may not require any party to adopt a particular TAR protocol or to negotiate in advance the details of its implementation of TAR or a similar tool. *See In re Viagra (Sildenafil Citrate) Products Liability Litig.*, No. 16-md-02691-RS (SK), 2016 WL 7336411 at *1-2 (N.D. Cal. Oct. 14, 2016). However, the Court will require a party to disclose its intent to use any such tools. In addition, the Court will require the parties to discuss whether and how TAR or a similar tool will or will not be used in conjunction with search terms to identify potentially relevant and responsive documents. *See, e.g., In re Valsartan, Losartan, and Irbesartan Products Liability Litig.*, 337 F.R.D. 610, 614 (D.N.J. 2020) (contrasting use of TAR to prioritize documents for production with use of TAR as an alternative to use of search terms). Finally, any party that chooses to use TAR or a similar tool must be prepared to defend the sufficiency of the resulting document production if another party contends that the production is insufficient, just as it would if the party had chosen not to use such a tool. *See In re Viagra*, 2106 WL 73366411. at *2.

**3.     Search Term Hit Reports**

The parties disagree regarding whether Facebook should be required to disclose, upon request, the number of documents hit by each search term, the number of unique documents hit by each such term, and the total number of documents that would be returned by a particular search term list. Dkt. No. 133 at 5-6; Dkt. No. 133-1 (disputed language in sec. 5.c.). Plaintiffs argue that such a requirement should be part of the ESI protocol; Facebook disagrees.

While the Court agrees that information about search term hits can be helpful in assessing whether a particular term is over- or under-inclusive, the Court will not require the parties to adopt plaintiffs' proposed provision as part of the ESI protocol. However, the Court expects the parties

to exchange relevant information as the need arises in order to efficiently resolve disputes about the efficacy of particular search terms.

### 4. Identity of ESI Custodians

The parties dispute when Facebook must provide a list of document custodians and about how those custodians should be identified. Dkt. No. 133 at 6-7. This dispute was not well-developed in the parties' joint submission, and the Court believes that it is premature, as plaintiffs have not (at least as of the date of the hearing) served any document requests for which custodians might be identified.

At this time, the Court will not require Facebook to disclose to plaintiffs the list of custodians who received a litigation hold notice. The Court does expect Facebook to identify document custodians believed to have responsive documents after Facebook has an opportunity to review plaintiffs' document requests. Thereafter, the parties should discuss how to proceed as part of their meet-and-confer process. To facilitate those discussions, if Facebook believes a particular custodian has documents that are duplicative of another custodians' documents, Facebook may so indicate.

**IT IS SO ORDERED.**

Dated: September 15, 2021



VIRGINIA K. DEMARCHI
United States Magistrate Judge