<u>**VIA CM/ECF FILING**</u>

September 15, 2021

The Honorable Virginia K. DeMarchi
Robert F. Peckham Federal Building
Courtroom 2 – 5th Floor
280 South 1st Street
San Jose, CA 95113

Re:   Joint Discovery Letter Brief Regarding Depositions in Maximilian Klein et al. v. Facebook, Inc., Case No. 5:20-cv-08570-LHK (N.D. Cal.)

Dear Judge DeMarchi:

Pursuant to the Court's instructions in its September 3, 2021 Interim Discovery Order, Dkt. 145, and Section 4 of the Court's Standing Order for Civil Cases, the Consumer Plaintiffs, the Advertiser Plaintiffs, and Defendant Facebook, Inc. ("Facebook") respectfully request that the Court resolve a further dispute regarding the number (total hours) of depositions.

**STATEMENT OF THE PARTIES' AGREEMENTS
AND REMAINING DISPUTE**

The parties have met and conferred in good faith regarding the deposition-related items enumerated in the Court's September 3, 2021 Interim Discovery Order, and have reached several agreements, with one remaining dispute presented for resolution by the Court, summarized as follows:

The parties agree that a presumptive total hours cap should govern both the 30(b)(1) and 30(b)(6) deposition testimony of current Facebook employees. Plaintiffs propose 200 total hours, and Facebook proposes 140 total hours. The parties' respective positions on the appropriate total hours cap are set forth below.

The parties also agree that the presumptive total hours cap should be in lieu of, rather than in addition to, a limit on the *number* of depositions, to provide the parties additional flexibility. Additionally, to provide adequate protections to all parties, the parties further agree that every deposition of a current Facebook employee testifying as a 30(b)(1) witness shall count at least 3 hours towards the overall hours cap (such that a deposition that is less than 3 hours nonetheless counts as 3 hours). In other antitrust cases adopting a "cumulative hours approach" (rather than a limit on the total number of hours), courts have determined that similar "minimum charge against the total number of hours" proposals prevent unreasonably short and excessively high numbers of depositions and effectively "avoid potential for abuse[.]" *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, No. 14-md-2542-VS (S.D.N.Y. May 9, 2018), Dkt. 435 at 31:21–23.

The parties further agree that the presumptive limit for Facebook's 30(b)(6) testimony should be 21 total hours. For the avoidance of doubt, the parties agree that any 30(b)(6) testimony

1

time should be deducted from the total hours cap, but again, disagree as to the total presumptive limit (with Plaintiffs proposing 200 hours, and Facebook proposing 140 hours).

The parties additionally agree that each Rule 30(b)(1) deposition of a current Facebook employee should be presumptively limited to 7 hours, consistent with Rule 30(d)(1). To the extent that a current Facebook employee who has testified or will testify as an individual is also one of Facebook's corporate designees, the parties further agree that that witness' 30(b)(6) testimony should be presumptively limited to 7 hours (in addition to the 7 hour limit on 30(b)(1) testimony). The witness' total testimony time (both individual and corporate) would then be subtracted from the total hours cap.

Finally, the parties agree that consistent with N.D. Cal. Civil L.R. 30-1, Plaintiffs will confer with Facebook regarding the scheduling of depositions, including working with Facebook to minimize the burdens to any deponent who testifies in both individual and corporate capacities (such as by coordinating a witness' two depositions or breaking them up over multiple days).[1]

**Dispute over Total Hours Cap**

### 1.      **Plaintiffs' Position**

Plaintiffs propose a presumptive limit of 200 hours of deposition testimony for current Facebook employees and corporate designees, while Facebook proposes 140 hours. Plaintiffs' proposal is calculated based on Plaintiffs' need, reflected in their prior proposal, for approximately 29 depositions, plus the parties' agreed upon 21 hours of Facebook 30(b)(6) testimony. Plaintiffs' proposal reflects a significant compromise of ***24 hours*** from Plaintiffs' prior proposal, nearly ***3.5 full-length depositions*** (7 hours each), or up to ***8 depositions*** (3 hours each, if one were to credit Facebook's unrealistic assumption that Plaintiffs will only depose each 30(b)(1) witness for 3 hours).[2] Facebook's proposal of 140 hours of total deposition time is simply too restrictive. Subtracting the parties' agreed upon 21 hours of Facebook 30(b)(6) testimony, Facebook's proposal only allows for 17 depositions total (7 hours each) across two separate plaintiffs' classes. *But see* Aug. 31, 2021 Hrg. Tr. at 7:9–10, 14:22 (this Court stating that "in a case like this, my general gut feeling is that 15 [depositions] is too few" and "everybody knows that's too few.").

Plaintiffs' proposal is based on the inherently "highly complex" nature of antitrust cases, the parties' and Judge Koh's recognition that ***this antitrust case*** (involving multiple plaintiff

---

[1] This filing does not address limits on testimony that Facebook may take of the Plaintiffs, non-party depositions, or expert depositions. With regard to those categories, the parties have agreed that Facebook may depose each named Plaintiff or class representative, and that the parties shall meet and confer about limitations on additional categories of depositions as the case progresses, including non-party depositions (including of former Facebook employees) and expert depositions.

[2] Plaintiffs' proposal is calculated as follows: 203 hours (29 fact depositions x 7 hours per deposition) plus 21 hours of 30(b)(6) testimony (a sub-total of 224 hours), minus 24 hours. While Plaintiffs' prior proposal based on a total number of 30 depositions would have provided Plaintiffs with 224 hours, Plaintiffs have subtracted 24 hours for simplicity and as a compromise.

groups pursuing different claims and theories) is particularly complex, and Plaintiffs' investigation to date.  Dkt. 132 at 1–3; *cf. Keurig*, No. 14-md-2542-VS, Dkt. 435 at 44:1–2 (authorizing "500 hours per side for party depositions" in antitrust case with multiple plaintiff groups); *United States v. Google LLC*, Case No. 1:20-cv-03010-APM (D.D.C. Feb. 3, 2021), Dkt. 108 (authorizing, in antitrust case, additional 15 fact depositions per side beyond previously-authorized 65—in excess of 10 per plaintiff group—so that second group "can adequately develop their separate theory of monopolistic conduct.").

Plaintiffs' ongoing investigation (and the parties' initial disclosures, after de-duplicating) confirms that *more than 54* current Facebook employees have information relevant to Plaintiffs' claims.  The parties' disclosures identify the following numbers of current Facebook employees:

|  | **Facebook** | **Consumers** | **Advertisers** | **Collective** |
|---|---|---|---|---|
| Unique Number | 3 | 9 | 29 | 41 |
| Common Number | 6 | 11 | 13 | 13 (de-duped) |
| Total Number | 9 | 20 | 42 | 54 (de-duped) |

The number of current Facebook employees with relevant information is much higher than 54, however, considering those with relevant information whom Plaintiffs will identify as their investigation and discovery progress, and considering the deficiencies in Facebook's disclosures (addressed below).

Plaintiffs' request, which equals approximately 26 fact depositions—less than half the number of the 54 current Facebook employees already identified as having relevant knowledge—is a "realistic estimate of the number of Facebook employees who will provide relevant, non-duplicative testimony[.]"[3]  Plaintiffs' disclosures are based upon Plaintiffs' review of Facebook's current document production and identify the specific topics upon which Plaintiffs' investigation confirms those specific employees have knowledge, including:

- Information regarding social networks and social media applications;

- Facebook's data collection and use practices and any related representations to the public;

- Facebook's use of consumer data to evaluate Facebook's competitive performance;

- Facebook's "Research" and "Study" paid market research applications;

- Facebook's serial acquisition strategy;

---

[3] 200 hours minus 21 hours of 30(b)(6) testimony (a sub-total of 179 hours), divided by 7 hours per deposition equals roughly 26 depositions.

- Facebook's Platform Policy and Partnership Agreements and any related representations to the public;

- The Facebook-Google Network Bidding Agreement; and

- Facebook's advertising business practices.

Facebook's attempts to restrict Plaintiffs to 17 depositions of current Facebook employees, by contrast, is not predicated on "a realistic estimate of the number" of current Facebook employees "who will provide relevant, non-duplicative testimony[.]" Dkt. 145 at 1. Aug. 31, 2021 Hrg. Tr. at 7:9–10, 14:22 ("my general gut feeling is that 15 [depositions] is too few" and "everybody knows that's too few.").

By way of example, Facebook's identification of only 9 current Facebook employees in its initial disclosures is extraordinarily underinclusive. Facebook's disclosures fail to identify current employees like Mark Zuckerberg, Sheryl Sandberg, Justin Osofsky, and George Lee, whose communications feature prominently in Plaintiffs' respective complaints. Facebook's disclosures also fail to identify Facebook's Chief Privacy Officers (Erin Egan and Michel Protti) and other current employees such as Nick Clegg (VP of Global Affairs) and Elliot Schrage (VP of Global Communications, Marketing, & Public Policy) who authored, edited, or otherwise authorized Facebook's public representations regarding its privacy practices. Contrary to Facebook's argument, these individuals and representations are relevant to Consumer Plaintiffs' antitrust claims that Facebook attracted users, obtained and maintained market share, and harmed competitors *because of* its deception as to its data collection and use practices. *See, e.g.*, Dkt. 87, ¶¶ 3, 109 (Consumer Complaint alleging that "many users chose Facebook over other compet[itors] due to Facebook's stated commitment to its users' privacy" and describing Facebook's "Secret Sauce" presentation recognizing "nexus between [Facebook's] early success and its representations regarding privacy"). Likewise, Facebook's disclosures almost completely fail to identify individuals involved in Facebook's Platform weaponization scheme, omitting at least Ime Archibong (VP, Product Partnerships), Jonathan Thaw (VP of Product Communications), Simon Cross (Director of Product, Community Integrity), and Vladimir Federov (VP of Engineering), whose conduct is central to Advertiser Plaintiffs' allegations. Yet, *none* of these 12 individuals appear on Facebook's disclosures. While Facebook raises that Advertiser Plaintiffs' "Facebook Platform" theories implicate witnesses that Consumer Plaintiffs' theories do not, such differences in the classes' theories and claims (and thus relevant witnesses) highlight why Facebook's proposal is too restrictive.

While Plaintiffs' disclosures are necessarily preliminary at this stage (such that Plaintiffs will discover even more current Facebook employees with relevant information), the Court recognized that "the initial disclosures maybe get a little closer" to identifying a realistic number of current Facebook employees "who ha[ve] relevant and nonduplicative testimony[.]" Aug. 31, 2021 Hrg. Tr. at 9:7–8. In light of this showing, and considering *Facebook's* own statement that "we don't know what we don't know," *Id.* at 9:7–8—the burden should not fall on Plaintiffs to identify, at this juncture, any overlap as to Facebook's employees and their respective knowledge of facts supporting Plaintiffs' claims.

Moreover, the relevant inquiry is whether testimony "is ***unreasonably cumulative or duplicative***[.]" Fed. R. Civ. P. 26(b)(2)(C)(i) (emphasis added). That multiple current Facebook employees may share some complementary knowledge of some information relevant to Plaintiffs' claims does not render their testimony "unreasonably duplicative and cumulative." *See Travelers Rental Co. v. Ford Motor Co.*, 116 F.R.D. 140, 145–46 (D. Mass. 1987) (rejecting, in antitrust case, argument that additional depositions of defendant's higher-level executives were "unreasonably" "duplicative and cumulative" where plaintiff had already deposed lower-level executives with knowledge of challenged agreement because one group of executives "may have greater knowledge of the manner in which the plan was implemented or administered" while other may have "their own views as to why the plan was implemented or administered in a particular way."). Even if deponents offer similar testimony, ***that*** is not "unreasonably cumulative or duplicative" because such testimony—which may corroborate or refute a particular fact—is additive. *See, e.g.*, *Scifres v. Ford Motor Co.*, No. 05-cv-1238-M, 2007 WL 201043, at *2 (W.D. Okla. Jan. 24, 2007) (finding deposition of subsequent witness "would not be cumulative or duplicative" despite prior witness's testimony "on this issue" since subsequent witness' testimony could "test the veracity of [prior] testimony"); *Byrd v. D.C.*, 259 F.R.D. 1, 6 (D.D.C. 2009) (similar); *M. Shanken Commc'ns*, *Inc. v. Variant Events*, *LLC*, No. 3:10-cv-804, 2011 WL 2078007, at *4–5 (E.D. Va. May 25, 2011) (rejecting arguments that depositions of multiple witnesses "to prove a single concept is cumulative and asking the same question to twenty-three different deponents is duplicative" since "information obtained from the depositions may support [parties'] argument"). Nor is "a Rule 30(b)(6) deposition . . . unnecessary or cumulative simply because individual deponents . . . have already testified about the topics noticed in the Rule 30(b)(6) deposition notice." *Louisiana Pac. Corp. v. Money Mkt. 1 Institutional Inv. Dealer*, 285 F.R.D. 481, 487 (N.D. Cal. 2012).

Plaintiffs understand and appreciate the Court's concerns regarding efficiency. But Facebook provides no support for its claim that its extremely restrictive proposal is somehow necessary to maintain deposition discipline. Nor could it. Were Plaintiffs to seek unreasonably duplicative deposition testimony (they will not), Facebook has multiple avenues to seek adequate relief, including: (a) a motion pursuant to Fed. R. Civ. P. 26(b)(2)(C); (b) the Court's letter brief dispute resolution mechanism; or (c) contacting the Court during a deposition, if truly necessary.

In sum, Plaintiffs' request for 200 hours of deposition testimony of current Facebook employees and corporate designees is predicated on a reasonable estimate of the number of current Facebook employees Plaintiffs will need to depose (as substantiated herein), provides adequate safeguards to the parties, and should therefore be granted.

### 2. **Facebook's Position**

In recognition of this Court's observation that a reasonable limit on the number of current-Facebook employee depositions but that Facebook's initial proposal (15 depositions of current Facebook employees) was too few, Facebook now proposes that Plaintiffs may collectively take 140 hours of current Facebook employee testimony (up from its previous proposal of 105 hours), without a cap on the number of Facebook employees Plaintiffs may depose.[4] Under Facebook's

---

[4] The weakness of Plaintiffs' position is highlighted by their repeated misrepresentation that Facebook's proposal will only let them depose 17 Facebook employees.

proposal, Plaintiffs may take deposition testimony from up to 46 Facebook employees—with each deposition counting as a minimum of 3 hours towards the total cap—so long as the total number of hours of testimony does not exceed 140 hours.

Facebook's proposal for 140 hours represents a significant increase over the total number of deposition hours available to plaintiffs under Facebook's prior proposal (105 total deposition hours) and is at least double the presumptive maximum in the federal rules (70 hours). Further, because Facebook is no longer proposing a separate limit on the total number of depositions of current Facebook employees, Plaintiffs could, in theory, depose as many as 46 current employees (if each deposition were three hours or less)—a more than fifty percent increase over even Plaintiffs' original proposed number of current-Facebook employee depositions.

Notwithstanding these material accommodations, and the Court's guidance that there need to be reasonable limitations on deposition discovery, Plaintiffs have not engaged in a meaningful manner on the overall number of deposition hours. Plaintiffs previously proposed up to 30 depositions, 29 of which would last no more than 7 hours each, and the last of which would be a 30(b)(6) deposition of up to 21 hours (224 hours in total). They now propose 200 hours of testimony from current Facebook employees, including 21 hours of testimony from corporate representatives designated under Federal Rule of Civil Procedure 30(b)(6), with no separate cap on the total number of witnesses they can depose.[5]

Plaintiffs' proposal should be rejected. Under their framework, Plaintiffs could depose as many as *66* current Facebook employees, if each deposition lasted fewer than three hours. Plaintiffs' justification is tied entirely to the names on their initial disclosures, which Plaintiffs themselves acknowledge are "necessarily preliminary"—and which this Court suggested only "maybe get a little closer to the mark" of identifying witnesses likely to provide non-cumulative testimony, Aug. 31, 2021 Tr. 8:21-23. Indeed, Plaintiffs have *admitted* that their initial disclosures contain individuals likely to provide cumulative testimony, and that their proposal makes *no* effort to eliminate deponents who may have overlapping knowledge. Plaintiffs' lack of focus is highlighted by the categories of individuals that they claim they need to depose. Individuals who wrote Facebook's privacy policies should be irrelevant to Plaintiffs' *antitrust* claims. Likewise, User Plaintiffs have already disclaimed any reliance on the platform enforcement theory they now use to justify the breadth of individuals identified on Plaintiffs' initial disclosures—a theory that has already been dismissed by two separate courts. *See Reveal Chat Holdco, LLC*, 471 F. Supp. 3d 981, 1002 (N.D. Cal. 2020); *FTC v. Facebook, Inc.*, 2021 WL 2643627, at *17 (D.D.C. June 28, 2021); *New York v. Facebook, Inc.*, 2021 WL 2643724, at *12 (D.D.C. June 28, 2021). The inherently preliminary nature of Plaintiffs' proposal is further compounded by the fact that a ruling on Facebook's pending motion to dismiss may narrow the scope of the claims at issue in this case

---

[5] Plaintiffs dropped their proposal from 220 hours of current-employee testimony (just 4 hours less than their initial proposal) to their current 200 hours of current-employee testimony the day this filing was due, and after maintaining their 220-hour position through an email exchange of positions, a meet-and-confer telephone call, and the parties' initial exchange of draft inserts for this filing. While Facebook welcomes their modification in position, these types of last-minute maneuvers defeat the purpose of the meet-and-confer process and make it harder for the parties to reach agreement on issues in dispute without court intervention.

and/or eliminate one of the plaintiff groups. Uncertainty about the future scope of the case, and Plaintiffs' apparent uncertainty about their case strategy, does not justify such a meaningful deviation from the Federal Rules. To the contrary, it counsels in favor of setting initial presumptive limits that are reasonable and will incentivize efficient, non-cumulative deposition practice, and then adjusting the limits based on the information obtained in discovery rather than supposition, as the case progresses, if necessary.

While Facebook understands that the Court would not want to address serial requests to increase the deposition limits as the case progresses, Plaintiffs' proposal that they should be permitted to ask for a large limit now because they don't know who will ultimately provide cumulative testimony raises the opposite concerns. The deposition limit is effectively a one-way ratchet – the parties can negotiate, and the Court can set, increases, but once it is set, it will be very difficult to reduce the limit or stop Plaintiffs from exhausting their limit even with cumulative or duplicative depositions. The only way to "inject[] discipline" at the outset and to "cabin things if things get out of hand," Aug. 31, 2021 Tr. 16:1-2, 6-8, is to set a reasonable limit from the start. Facebook's current proposal does exactly that, by giving Plaintiffs up to 20 full days of deposition that they can divide between as many as 46 current Facebook employees.

## NEED FOR HEARING

The parties appreciate the time this Court previously spent hearing and providing guidance on this dispute (including during the August 31, 2021 hearing) and defer to the Court regarding whether an additional hearing would assist the Court in resolving the parties' narrowed dispute. The parties will be available to present these issues to the Court at the Court's convenience.

## RELEVANT DATES

The fact discovery cut-off for these consolidated actions is September 2, 2022. Dkt. 115. The expert discovery cut-off for these consolidated actions is November 4, 2022. *Id.*

## COMPLIANCE WITH LEAD COUNSEL MEETING REQUIREMENT

The parties conferred about this dispute by Zoom on September 10, 2021. Participants included: Stephen Swedlow (Co-Lead Interim Consumer Class Counsel); Kristen Anderson (Co-Lead Interim Advertiser Class Counsel); and David Gringer (lead counsel for Facebook). Additional counsel attended.

DATED:  September 15, 2021

By:  */s/ Yavar Bathaee*
**BATHAEE DUNNE LLP**
Yavar Bathaee (Bar No. 282388)
  yavar@bathaeedunne.com
Edward M. Grauman (admitted *pro hac vice*)
  egrauman@bathaeedunne.com
Andrew C. Wolinsky (admitted *pro hac vice*)
  awolinsky@bathaeedunne.com
445 Park Avenue, 9th Floor
New York, NY 10022
(332) 322-8835

Brian J. Dunne (Bar No. 275689)
  bdunne@bathaeedunne.com
633 West Fifth Street, 26th Floor
Los Angeles, CA 90071
(213) 462-2772


By:  */s/ Kristen M. Anderson*
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
Kristen M. Anderson (Bar No. 246108)
  kanderson@scott-scott.com
230 Park Avenue, 17th Floor
New York, NY 10169
(212) 223-6444

Christopher M. Burke (Bar No. 214799)
  cburke@scott-scott.com
David H. Goldberger (Bar No. 225869)
  dgoldberger@scott-scott.com
Yifan (Kate) Lv (Bar No. 302704)
  klv@scott-scott.com
Hal D. Cunningham (Bar No. 243048)
  hcunningham@scott-scott.com
Daniel J. Brockwell (Bar No. 335983)
  dbrockwell@scott-scott.com
600 W. Broadway, Suite 3300
San Diego, CA 92101
(619) 233-4565

Respectfully submitted,

By:  */s/ Stephen A. Swedlow*
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Stephen A. Swedlow (admitted *pro hac vice*)
  stephenswedlow@quinnemanuel.com
Michelle Schmit (admitted *pro hac vice*)
  michelleschmit@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606-1881
(312) 705-7400

Kevin Y. Teruya (Bar No. 235916)
  kevinteruya@quinnemanuel.com
Adam B. Wolfson (Bar No. 262125)
  adamwolfson@quinnemanuel.com
Brantley I. Pepperman (Bar No. 322057)
  brantleypepperman@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
(213) 443-3000

Manisha M. Sheth (admitted *pro hac vice*)
  manishasheth@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, New York 10010
(212) 849-7000


By:  */s/ Shana E. Scarlett*
**HAGENS BERMAN SOBOL SHAPIRO LLP**
Shana E. Scarlett (Bar No. 217895)
  shanas@hbsslaw.com
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
(510) 725-3000

Steve W. Berman (admitted *pro hac vice*)
  steve@hbsslaw.com
1301 Second Avenue, Suite 2000
Seattle, WA 98101
(206) 623-7292

Patrick J. McGahan (admitted *pro hac vice*)
  pmcgahan@scott-scott.com
Michael P. Srodoski (admitted *pro hac vice*)
  msrodoski@scott-scott.com
156 South Main Street, P.O. Box 192
Colchester, CT 06415
(860) 537-5537


**AHDOOT & WOLFSON, PC**
Tina Wolfson (Bar No. 174806)
  twolfson@ahdootwolfson.com
Robert Ahdoot (Bar No. 172098)
  rahdoot@ahdootwolfson.com
Theodore W. Maya (Bar No. 223242)
  tmaya@ahdootwolfson.com
Rachel Johnson (Bar No. 331351)
  rjohnson@ahdootwolfson.com
2600 West Olive Avenue, Suite 500
Burbank, CA 91505
(310) 474-9111


**LEVIN SEDRAN & BERMAN LLP**
Keith J. Verrier (admitted *pro hac vice*)
  kverrier@lfsblaw.com
Austin B. Cohen (admitted *pro hac vice*)
  acohen@lfsblaw.com
510 Walnut Street, Suite 500
Philadelphia, PA 19106-3997
(215) 592-1500

*Interim Counsel for the Advertiser Class*

**LOCKRIDGE GRINDAL NAUEN P.L.L.P.**
W. Joseph Bruckner (admitted *pro hac vice*)
  wjbruckner@locklaw.com
Robert K. Shelquist (admitted *pro hac vice*)
  rkshelquist@locklaw.com
Brian D. Clark (admitted *pro hac vice*)
  bdclark@locklaw.com
Rebecca A. Peterson (Bar No. 241858)
  rapeterson@locklaw.com
Arielle S. Wagner (admitted *pro hac vice*)
  aswagner@locklaw.com
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
(612) 339-6900

*Interim Counsel for the Consumer Class*


By:   */s/ Sonal N. Mehta*
**WILMER CUTLER PICKERING HALE AND DORR LLP**
Sonal N. Mehta (Cal. Bar No. 222086)
  Sonal.Mehta@wilmerhale.com
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
(650) 858-6000

David Z. Gringer (admitted *pro hac vice*)
  David.Gringer@wilmerhale.com
1875 Pennsylvania Avenue NW
Washington, DC 20006
(202) 663-6000

*Attorneys for Defendant Facebook, Inc.*

9

**ATTESTATION OF STEPHEN A. SWEDLOW**

This document is being filed through the Electronic Case Filing (ECF) system by attorney Stephen A. Swedlow. By his signature, Mr. Swedlow attests that he has obtained concurrence in the filing of this document from each of the attorneys identified on the caption page and in the above signature block.

Dated: September 15, 2021          By:   */s/ Stephen A. Swedlow*
                                          Stephen A. Swedlow

**CERTIFICATE OF SERVICE**

I hereby certify that on this 15th day of September 2021, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System, causing the document to be electronically served on all attorneys of record.

Dated: September 15, 2021          By:   */s/ Stephen A. Swedlow*
                                          Stephen A. Swedlow