UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MAXIMILIAN KLEIN, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>FACEBOOK, INC.,<br><br>　　　　　Defendant. | Case No. 20-cv-08570-LHK (VKD)<br><br>**ORDER RE AUGUST 20, 2021 DISCOVERY DISPUTE RE PRIVILEGE PROTOCOL**<br><br>Re: Dkt. No. 135 |

The parties ask the Court to resolve several disputes concerning how claims of privilege and work product protection should be handled. Dkt. No. 135. The Court held a hearing on these disputes on August 31, 2021. Dkt. Nos. 142, 146. Thereafter, the parties conferred further and resolved their dispute about the timing for the exchange of privilege logs. Dkt. No. 148.

This order resolves the remaining disputes concerning the handling of privileged and protected documents.

### 1. Exclusions from Logging

The parties agree that neither side must include in a privilege log attorney-client communications and attorney work product that post-dates the filing of the first complaint in the related actions. Dkt. No. 135 at 3. They disagree about whether Facebook must also log privileged and protected documents the post-date the opening of the FTC investigation of Facebook in June 2019 and that relate to the "subject matter" of this action. *Id.* Plaintiffs argue that Facebook should be required to log these documents so that any claims of privilege or protection can be assessed. Facebook argues that these documents are as likely to be privileged and protected as documents that post-date the complaint and it would be unduly burdensome to

have to log them.

The Court has considered the parties' written submissions on this point as well as the extended discussion of the issue at the hearing. Facebook clarified at the hearing that it is not advocating that it be relieved of the obligation to log *any* documents after June 2019, but only those documents relating to the FTC investigation and other related government investigations. *See* Dkt. No. 146 at 86:25-87:17; 90:18-91:11. The Court expects that a significant number of responsive documents between June 2019 and the date the first complaint was filed in December 2020 will qualify as privileged or protected because they will consider advice of counsel and counsel's work product related to the FTC investigation. However, neither of Facebook's proposals—its original proposal for Section 2B of the privilege protocol and the clarified proposal at the hearing—is very well-defined. The term "subject matter" is too broad and amorphous to be useful. Similarly, it is not clear how Facebook will determine whether a particular document "relates to" the FTC investigation or other investigations. The Court appreciates plaintiffs' suggestion that a possible compromise might be to allow Facebook to avoid logging only those documents that specifically reference the FTC investigation and also involve outside counsel. *Id.* at 85:7-14. But even that suggestion may be difficult to implement in practice. *See id.* at 95:3-21.

Facebook advises that it intends to make its privilege and work product determinations in good faith on a document-by-document basis. *Id.* at 95:23-96:7. It proposes only to be relieved of the burden of logging. In view of the Court's resolution below of the parties' dispute about what information the privilege log requires, the Court expects that the burden of logging responsive documents that post-date June 2019 will be substantially mitigated.

For these reasons, the Court declines to adopt Facebook's proposed text for Section 2B of the privilege protocol and adopts plaintiffs' proposal instead.

**2.    Contents of Privilege Log**

The parties disagree regarding what information should be included in a privilege log and whether and under what circumstances it would be appropriate to group documents by category. Dkt. No. 135 at 4-5.

The starting point for the Court's resolution of this dispute is the requirement that the party

2

claiming privilege or work product protection must describe that materials being withheld "in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A).  Facebook's proposal to log documents by category and date range does not satisfy this requirement because it would not permit other parties to assess its claim of privilege or protection.

Facebook argues that requiring it log each document withheld on the basis of a claim of privilege or protection will be unduly burdensome in this case.  The Court discussed this issue with the parties at length during the hearing, and based on that discussion, the Court believes that the burden of logging documents can be substantially mitigated by limiting the information a party is required to disclose in its privilege log as follows:  For each ESI document, the party will include the agreed-upon metadata fields (e.g. date, author, addressee, recipient), the privilege or protection claimed (e.g., attorney-client privilege, work product), and a "category description" (e.g., "advice re FTC investigation").  The party need not include a more detailed description of the document or the factual basis for the assertion of a privilege or protection unless the disclosure of that additional information is necessary to resolve a dispute.  The Court expects that the effort to generate the privilege log will be require little more than exporting the necessary fields from a document database, and that the parties will cooperate to minimize the burden on the producing party associated with generation of the log.  *See* Dkt. No. 146 at 105:20-108:6; 109:10-19.

### 3. Redactions for Privilege/Work Product

The parties dispute whether redactions must be included on a privilege log, and if so, in what form.  Dkt. No. 135 at 6-7.

Material that is redacted based on a claim of privilege or protection must be described in a manner that satisfies the requirements of Rule 26(b)(5)(A), discussed above, and the Court believes the same disclosures for material that is withheld in its entirety will satisfy those requirements for redactions—namely: the agreed-upon metadata fields for the document in which the redaction appears (e.g. date, author, addressee, recipient), the privilege or protection claimed for the redacted text (e.g., attorney-client privilege, work product), and a "category description" of the redacted information (e.g., "advice re FTC investigation").

***

The parties may submit a revised privilege protocol for the Court's approval.

**IT IS SO ORDERED.**

Dated: September 15, 2021

VIRGINIA K. DEMARCHI
United States Magistrate Judge