# EXHIBIT A

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Stephen A. Swedlow (admitted *pro hac vice*)
  stephenswedlow@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
(312) 705-7400

**HAGENS BERMAN SOBOL SHAPIRO LLP**
Shana E. Scarlett (Bar No. 217895)
  shanas@hbsslaw.com
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
(510) 725-3000

*Interim Co-Lead Consumer Class Counsel*

[Additional counsel listed on signature page]

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| MAXIMILIAN KLEIN, et al., | Consolidated Case No. 5:20-cv-08570-LHK |
| Plaintiffs, | The Hon. Lucy H. Koh |
| vs. | **CONSUMER PLAINTIFFS' FIRST AMENDED INITIAL DISCLOSURES PURSUANT TO FED R. CIV. P. 26(a)(1)** |
| FACEBOOK, INC., | |
| Defendant. | |
| This Document Relates To: All Actions | |

Plaintiffs Maximilian Klein, Sarah Grabert, and Rachel Banks Kupcho ("Consumer Plaintiffs"), by and through counsel, hereby provide the following first amended initial disclosures pursuant to Rule 26(a) of the Federal Rules of Civil Procedure. These first amended initial disclosures represent Consumer Plaintiffs' diligent and best efforts to respond at this time and are based on Consumer Plaintiffs' investigation to date, which is continuing. Consumer Plaintiffs expect that as their investigation, inquiry, research, and discovery proceed in this case, Consumer Plaintiffs may discover more materials that Consumer Plaintiffs will use to support their claims. As such, Consumer Plaintiffs reserve the right to further modify, amend, and/or supplement these disclosures under Rule 26(e)(1) as information becomes available in the course of Consumer Plaintiffs' investigation and discovery. Consumer Plaintiffs do not waive any evidentiary objections based upon relevance, materiality, competence, privilege, immunity from disclosure, trade secret, or any other grounds. All of the disclosures set forth below are made subject to the above limitations and qualifications.

**I.    DISCLOSURE OF WITNESSES – Fed. R. Civ. P. 26(a)(1)(A)(i)**

Consumer Plaintiffs provide the following list of witnesses currently known to them who are likely to have discoverable information that Consumer Plaintiffs will use to support their claims, which does not include those whose use would be solely for impeachment. Consumer Plaintiffs reserve their right to call as witnesses any individual identified by Defendant Facebook, Inc. ("Facebook") or Advertiser Plaintiffs as trial or expert witnesses.

**A.    Consumer Plaintiffs**

Consumer Plaintiffs may be contacted only though, and deposition notices may be served only upon, Consumer Plaintiffs' counsel in this action. The inclusion of the individuals in the list below should not be construed in any way as waiving any attorney client privilege or work product information that such individuals may possess.

| No. | Witness Information | Subjects of Information |
|---|---|---|
| 1. | Maximilian Klein<br><br>May be contacted through undersigned Counsel for Consumer Plaintiffs | Mr. Klein is likely to have discoverable information regarding the Facebook, Instagram, and WhatsApp account(s) he utilized during the class period and the reasons he signed up for and has used these accounts. |
| 2. | Sarah Grabert<br><br>May be contacted through undersigned Counsel for Consumer Plaintiffs | Ms. Grabert is likely to have discoverable information regarding the Facebook, Instagram, and WhatsApp account(s) she utilized during the class period and the reasons she signed up for and has used these accounts. |
| 3. | Rachel Banks Kupcho<br><br>May be contacted through undersigned Counsel for Consumer Plaintiffs | Ms. Banks Kupcho is likely to have discoverable information regarding the Facebook, Instagram, and WhatsApp account(s) she utilized during the class period and the reasons she signed up for and has used these accounts. |

**B.     Facebook**

| No. | Witness Information | Subjects of Information |
|---|---|---|
| 1. | Eric Antonow<br><br>Former Vice President of Product Marketing | Mr. Antonow is likely to have discoverable information regarding social networks and social media applications; Facebook's data collection and use practices; and/or the representations Facebook made to the public regarding its data collection and use practices. |
| 2. | Mary Berk<br><br>Product Management (Privacy) | Ms. Berk is likely to have discoverable information regarding Facebook's data collection and use practices and/or the representations Facebook made to the public regarding its data collection and use practices. |
| 3. | Ann Blackwood<br><br>Former Head of Public Policy, Western States | Ms. Blackwood is likely to have discoverable information regarding Facebook's data collection and use practices; the representations Facebook made to the public regarding its data collection and use practices; and/or Facebook's monetization strategy. |

| No. | Witness Information | Subjects of Information |
|---|---|---|
| 4. | Brian Boland<br><br>Former Vice President for Product Marketing, Operations Planning, and Partner Engineering | Mr. Boland is likely to have discoverable information regarding social networks and social media applications; Facebook's use of consumer data to evaluate Facebook's competitive performance; Facebook's serial acquisition strategy; Facebook's data collection and use practices; the representations Facebook made to the public regarding its data collection and use practices; and/or Facebook's monetization strategy. |
| 5. | Melinda Claybaugh<br><br>Privacy Policy Director – Legislation | Ms. Claybaugh is likely to have discoverable information regarding Facebook's data collection and use practices; the representations Facebook made to the public regarding its data collection and use practices; and/or Facebook's monetization strategy. |
| 6. | Nick Clegg<br><br>Vice President of Global Affairs | Mr. Clegg is likely to have discoverable information regarding social networks and social media applications; Facebook's data collection and use practices; and/or the representations Facebook made to the public regarding its data collection and use practices. |
| 7. | Matt Cohler<br><br>Former Vice President of Product Management | Mr. Cohler is likely to have discoverable information regarding social networks and social media applications and/or the effects that Facebook's conduct had on competing social networks and social media applications. |

| No. | Witness Information | Subjects of Information |
|-----|---------------------|-------------------------|
| 8.  | Chris Cox<br>Chief Product Officer | Mr. Cox is likely to have discoverable information regarding social networks and social media applications; Facebook's use of consumer data to evaluate Facebook's competitive performance; Facebook's serial acquisition strategy; Facebook's data collection and use practices; the representations Facebook made to the public regarding its data collection and use practices; Facebook's "Research" and "Study" apps; and/or Facebook's monetization strategy. |
| 9.  | Tom Cunningham<br>Economist, Core Data Science | Mr. Cunningham is likely to have discoverable information regarding social networks and social media applications and/or Facebook's use of consumer data to evaluate Facebook's competitive performance. |
| 10. | David Ebersman<br>Former Chief Financial Officer | Mr. Ebersman is likely to have discoverable information regarding the representations Facebook made to the public regarding its data collection and use practices; Facebook's serial acquisition strategy; and/or Facebook's monetization strategy. |
| 11. | Erin Egan<br>Chief Privacy Officer, Policy | Ms. Egan is likely to have discoverable information regarding Facebook's data collection and use practices and/or the representations Facebook made to the public regarding its data collection and use practices. |
| 12. | Joshua Grossnickle<br>Director, Consumer Insights | Mr. Grossnickle is likely to have discoverable information regarding social networks and social media applications; Facebook's data collection and use practices; and/or the representations Facebook made to the public regarding its data collection and use practices. |

| No. | Witness Information | Subjects of Information |
|---|---|---|
| 13. | Anil Gupta<br><br>Former Director of Investor Relations | Mr. Gupta is likely to have discoverable information regarding social networks and social media applications; Facebook's use of consumer data to evaluate Facebook's competitive performance; the representations Facebook made to the public regarding its data collection and use practices; and/or Facebook's monetization strategy. |
| 14. | Chris Hughes<br><br>Former Co-founder | Mr. Hughes is likely to have discoverable information regarding social networks and social media applications; Facebook's data collection and use practices; the effects that Facebook's conduct had on competing social networks and social media applications; and/or Facebook's monetization strategy. |
| 15. | Mike Krieger<br><br>Former Chief Technology Officer of Instagram | Mr. Krieger is likely to have discoverable information regarding social networks and social media applications; Facebook's use of consumer data to evaluate Facebook's competitive performance; and/or Facebook's serial acquisition strategy. |
| 16. | Yul Kwon<br><br>Former Director of Product Management; Former Deputy Chief Privacy Officer | Mr. Kwon is likely to have discoverable information regarding social networks and social media applications; Facebook's use of consumer data to evaluate Facebook's competitive performance; Facebook's serial acquisition strategy; Facebook's data collection and use practices; and/or the representations Facebook made to the public regarding its data collection and use practices. |
| 17. | Caryn Marooney<br><br>Former Vice President of Communications | Ms. Marooney is likely to have discoverable information regarding Facebook's data collection and use practices and/or the representations Facebook made to the public regarding its data collection and use practices. |

| No. | Witness Information | Subjects of Information |
|---|---|---|
| 18. | Erez Naveh<br><br>Lead Product Manager for Research Platform | Mr. Naveh is likely to have discoverable information regarding social networks and social media applications; Facebook's use of consumer data to evaluate Facebook's competitive performance; Facebook's serial acquisition strategy; and/or Facebook's "Research" and "Study" apps. |
| 19. | Javier Olivan<br><br>Vice President of Central Products | Mr. Olivan is likely to have discoverable information regarding social networks and social media applications; Facebook's use of consumer data to evaluate Facebook's competitive performance; Facebook's serial acquisition strategy; Facebook's data collection and use practices; the representations Facebook made to the public regarding its data collection and use practices; the effects that Facebook's conduct had on competing social networks and social media applications; and/or Facebook's "Research" and "Study" apps. |
| 20. | Chamath Palihapitiya<br><br>Former Vice President of User Growth, Mobile & International | Mr. Palihapitiya is likely to have discoverable information regarding social networks and social media applications; Facebook's use of consumer data to evaluate Facebook's competitive performance; Facebook's serial acquisition strategy; Facebook's data collection and use practices; the representations Facebook made to the public regarding its data collection and use practices; and/or Facebook's monetization strategy. |
| 21. | Michel Protti<br><br>Chief Privacy Officer, Product | Mr. Protti is likely to have discoverable information regarding Facebook's data collection and use practices and/or the representations Facebook made to the public regarding its data collection and use practices. |

| No. | Witness Information | Subjects of Information |
|---|---|---|
| 22. | Gokul Rajaram<br><br>Former Product Director, Ads | Mr. Rajaram is likely to have discoverable information regarding Facebook's data collection and use practices and/or Facebook's monetization strategy. |
| 23. | Dan Rose<br><br>Former Vice President of Partnerships | Mr. Rose is likely to have discoverable information regarding social networks and social media applications; Facebook's use of consumer data to evaluate Facebook's competitive performance; and/or the circumstances of the removal of Onavo from Apple's App Store. |
| 24. | Guy Rosen<br><br>Vice President of Integrity; Onavo Co-founder | Mr. Rosen is likely to have discoverable information regarding social networks and social media applications; Facebook's use of consumer data to evaluate Facebook's competitive performance; Facebook's serial acquisition strategy; Facebook's data collection and use practices; the representations Facebook made to the public regarding its data collection and use practices; the effects that Facebook's conduct had on competing social networks and social media applications; and/or Facebook's "Research" and "Study" apps. |
| 25. | Sheryl Sandberg<br><br>Chief Operating Officer | Ms. Sandberg is likely to have discoverable information regarding social networks and social media applications; Facebook's use of consumer data to evaluate Facebook's competitive performance; Facebook's serial acquisition strategy; Facebook's data collection and use practices; the representations Facebook made to the public regarding its data collection and use practices; the effects that Facebook's conduct had on competing social networks and social media applications; Facebook's "Research" and "Study" apps; and/or Facebook's monetization strategy. |

| No. | Witness Information | Subjects of Information |
|---|---|---|
| 26. | Elliot Schrage<br><br>Vice President of Global Communications, Marketing, & Public Policy | Mr. Schrage is likely to have discoverable information regarding social networks and social media applications; Facebook's data collection and use practices; the representations Facebook made to the public regarding its data collection and use practices; and/or the effects that Facebook's conduct had on competing social networks and social media applications. |
| 27. | Mike Schroepfer<br><br>Chief Technology Officer | Mr. Schroepfer is likely to have discoverable information regarding social networks and social media applications; Facebook's use of consumer data to evaluate Facebook's competitive performance; Facebook's serial acquisition strategy; Facebook's data collection and use practices; the representations Facebook made to the public regarding its data collection and use practices; and/or Facebook's "Research" and "Study" apps. |
| 28. | Matt Scutari<br><br>Director, Privacy and Data Policy | Mr. Scutari is likely to have discoverable information regarding Facebook's data collection and use practices and/or the representations Facebook made to the public regarding its data collection and use practices. |
| 29. | Fidji Simo<br><br>Head of Facebook App | Ms. Simo is likely to have discoverable information regarding social networks and social media applications; Facebook's use of consumer data to evaluate Facebook's competitive performance; Facebook's serial acquisition strategy; Facebook's data collection and use practices; the representations Facebook made to the public regarding its data collection and use practices; the effects that Facebook's conduct had on competing social networks and social media applications; and/or Facebook's "Research" and "Study" apps. |

| No. | Witness Information | Subjects of Information |
|---|---|---|
| 30. | Brad Smallwood<br><br>Vice President of Measurement and Insights | Mr. Smallwood is likely to have discoverable information regarding social networks and social media applications; Facebook's use of consumer data to evaluate Facebook's competitive performance; and/or Facebook's "Research" and "Study" apps. |
| 31. | Alex Stamos<br><br>Former Chief Security Officer | Mr. Stamos is likely to have discoverable information regarding Facebook's data collection and use practices; the representations Facebook made to the public regarding its data collection and use practices; Facebook's use of consumer data to evaluate Facebook's competitive performance; and/or Facebook's serial acquisition strategy. |
| 32. | Kevin Systrom<br><br>Former Chief Executive Officer of Instagram | Mr. Systrom is likely to have discoverable information regarding social networks and social media applications; Facebook's use of consumer data to evaluate Facebook's competitive performance; Facebook's serial acquisition strategy; and/or the effects that Facebook's conduct had on competing social networks and social media applications. |
| 33. | Roi Tiger<br><br>Director of Engineering; Onavo Co-founder | Mr. Tiger is likely to have discoverable information regarding social networks and social media applications; Facebook's use of consumer data to evaluate Facebook's competitive performance; Facebook's serial acquisition strategy; Facebook's data collection and use practices; the representations Facebook made to the public regarding its data collection and use practices; the effects that Facebook's conduct had on competing social networks and social media applications; and/or Facebook's "Research" and "Study" apps. |

| No. | Witness Information | Subjects of Information |
|---|---|---|
| 34. | Mike Vernal<br><br>Former Vice President, Product & Engineering | Mr. Vernal is likely to have discoverable information regarding social networks and social media applications; Facebook's use of consumer data to evaluate Facebook's competitive performance; Facebook's serial acquisition strategy; Facebook's data collection and use practices; the representations Facebook made to the public regarding its data collection and use practices; and/or Facebook's "Research" and "Study" apps. |
| 35. | David Wehner<br><br>Chief Financial Officer | Mr. Wehner is likely to have discoverable information regarding Facebook's monetization strategy; Facebook's "Research" and "Study" apps; the representations Facebook made to the public regarding its data collection and use practices; and/or Facebook's monetization strategy. |
| 36. | Amin Zoufonoun<br><br>Vice President of Corporate Development | Mr. Zoufonoun is likely to have discoverable information regarding social networks and social media applications; Facebook's use of consumer data to evaluate Facebook's competitive performance; Facebook's serial acquisition strategy; and/or Facebook's monetization strategy. |
| 37. | Mark Zuckerberg<br><br>Chairman, Chief Executive Officer, Founder | Mr. Zuckerberg is likely to have discoverable information regarding social networks and social media applications; Facebook's use of consumer data to evaluate Facebook's competitive performance; Facebook's serial acquisition strategy; Facebook's data collection and use practices; the representations Facebook made to the public regarding its data collection and use practices; the effects that Facebook's conduct had on competing social networks and social media applications; Facebook's "Research" and "Study" apps; and/or Facebook's monetization strategy. |

In addition to the above-listed individuals, Consumer Plaintiffs reserve the right to rely upon the testimony of additional witnesses as may be identified in the course of further discovery and investigation, including but not limited to persons disclosed by Facebook or Advertiser Plaintiffs.

**C.     Third Parties**

| No. | Witness Information | Subjects of Information |
|---|---|---|
| 1. | Current or former principals, founders, directors, officers, employees, and/or agents of Myspace LLC. | Myspace representatives are likely to have discoverable information relating to social networks and social media applications and/or the effects that Facebook's conduct had on competing social networks and social media applications. |
| 2. | Current or former principals, founders, directors, officers, employees, and/or agents of Orkut (Google LLC). | Orkut representatives are likely to have discoverable information relating to social networks and social media applications and/or the effects that Facebook's conduct had on competing social networks and social media applications. |
| 3. | Current or former principals, founders, directors, officers, employees, and/or agents of Google+ (Google LLC). | Google+ representatives are likely to have discoverable information relating to social networks and social media applications and/or the effects that Facebook's conduct had on competing social networks and social media applications. |
| 4. | Current or former principals, founders, directors, officers, employees, and/or agents of Bebo, Inc. | Bebo representatives are likely to have discoverable information relating to social networks and social media applications and/or the effects that Facebook's conduct had on competing social networks and social media applications. |
| 5. | Current or former principals, founders, directors, officers, employees, and/or agents of Friendster, Inc. | Friendster representatives are likely to have discoverable information relating to social networks and/or social media applications and the effects that Facebook's conduct had on competing social networks and social media applications. |
| 6. | Current or former principals, founders, directors, officers, employees, and/or agents of Snapchat (Snap Inc.). | Snapchat representatives are likely to have discoverable information relating to social networks and social media applications and/or the effects that Facebook's conduct had on competing social networks and social media applications. |

| No. | Witness Information | Subjects of Information |
|---|---|---|
| 7. | Current or former principals, founders, directors, officers, employees, and/or agents of Twitter, Inc. | Twitter representatives are likely to have discoverable information relating to social networks and social media applications and/or the effects that Facebook's conduct had on competing social networks and social media applications. |
| 8. | Current or former principals, founders, directors, officers, employees, and/or agents of TikTok (ByteDance Ltd.). | TikTok representatives are likely to have discoverable information relating to social networks and social media applications and/or the effects that Facebook's conduct had on competing social networks and social media applications. |
| 9. | Current or former principals, founders, directors, officers, employees, and/or agents of Google Play Store (Google LLC). | Google Play Store representatives are likely to have discoverable information relating to Facebook's data collection and use practices; the circumstances of the removal of Onavo from the Google Play Store; and/or discussions regarding Facebook's "Research" and "Study" apps. |
| 10. | Current or former principals, founders, directors, officers, employees, and/or agents of Apple Inc. | Apple representatives are likely to have discoverable information relating to Facebook's data collection and use practices; the circumstances of the removal of Onavo from Apple's App Store; and/or discussions regarding Facebook's "Research" and "Study" apps. |
| 11. | Current or former principals, founders, directors, officers, employees, and/or agents of Microsoft Corp. | Microsoft representatives are likely to have discoverable information relating to business models that compensate users with monetary value in exchange for users' data. |

## II. DISCLOSURE OF DOCUMENTS – Fed. R. Civ. P. 26(a)(1)(A)(ii)

Consumer Plaintiffs' search for documents that Consumer Plaintiffs may use to support their claims in this action is continuing. To date, Consumer Plaintiffs have identified the following categories of documents and electronically stored information they may use to support their claims:

1. Documents relating to Consumer Plaintiffs' Facebook, Instagram, and WhatsApp accounts.

Consumer Plaintiffs reserve their right to rely on any documents, electronically stored information, and tangible things identified and/or produced by Facebook, Advertiser Plaintiffs, or any third parties in this or any related action.

### III. DISCLOSURE OF DAMAGES COMPUTATION – Fed. R. Civ. P. 26(a)(1)(A)(iii)

Consumer Plaintiffs seek, on behalf of themselves and the members of the Consumer Class (as defined in the Consolidated Consumer Class Action Complaint), the following: an award of damages (to be trebled) under 15 U.S.C. § 15 adequate to compensate Consumer Plaintiffs for the difference between the reduced value that Facebook provided Consumer Plaintiffs as a result of Facebook's alleged competition-reducing conduct and the value that competition free of Facebook's anticompetitive restraints would have required Facebook to provide Consumer Plaintiffs (including adequate compensation for the data that Consumer Plaintiffs provided to Facebook, but which Facebook did not provide adequate consideration for in return); prejudgment interest under 15 U.S.C. § 15; Consumer Plaintiffs' costs and reasonable attorneys' fees under 15 U.S.C. § 15; and disgorgement of Facebook's ill-gotten gains stemming from its unjust enrichment.

Given the likely number of members of the putative Consumer Class (hundreds of millions), likely per-member damages (at least tens to hundreds of dollars each year throughout the class period), and the number of years in the class period (2007 to the present), Consumer Plaintiffs currently believe that the Consumer Class's damages are, at least, tens of billions of dollars (prior to trebling, and prior to any award including interest, costs, and reasonable attorneys' fees).[1] Consumer Plaintiffs' estimates and methodologies, which are preliminary and provided in advance of fact and expert discovery and analysis, are exemplified by publicly-available documents. These public documents include, *inter alia*, Facebook presentations detailing the number of daily and monthly active Facebook user accounts; public news reports indicating that Facebook has, itself, calculated a market price at which to pay users for their data (*e.g.*, compensating "Facebook

---

[1] Consumer Plaintiffs estimate that Facebook's ill-gotten gains subject to disgorgement exceed tens of billions of dollars (or more). Publicly-available documents, including Facebook's earnings reports, indicate, for example, that Facebook earned $70.7 billion in revenue in 2019 alone.

1  Research App" users at least $20.00 per month for their data); and publicly-available articles
2  regarding the rates at which other companies compensate users for their data.
3        As Consumer Plaintiffs' investigation proceeds, Consumer Plaintiffs will supplement these
4  first amended initial disclosures, as needed and appropriate, to reflect additional analysis based on
5  documents and testimony obtained from Facebook and third parties during discovery.
6        Exact measures and computations of Consumer Plaintiffs' damages will require expert
7  analysis and testimony. Consumer Plaintiffs intend to provide an expert report on damages pursuant
8  to Rule 26(a)(2) on or before September 23, 2022 (the date for opening expert reports).

9  **IV.   DISCLOSURE OF LIABILITY INSURANCE – Fed. R. Civ. P. 26(a)(1)(A)(iv)**
10        Consumer Plaintiffs are not aware of any insurance that is relevant to this matter.

| | |
|---|---|
| DATED:  August 24, 2021 | Respectfully submitted, |
| By:  */s/ Shana E. Scarlett*<br>**HAGENS BERMAN SOBOL SHAPIRO LLP**<br>Shana E. Scarlett (Bar No. 217895)<br>  shanas@hbsslaw.com<br>715 Hearst Avenue, Suite 202<br>Berkeley, CA 94710<br>(510) 725-3000<br><br>Steve W. Berman (admitted *pro hac vice*)<br>  steve@hbsslaw.com<br>1301 Second Avenue, Suite 2000<br>Seattle, WA 98101<br>(206) 623-7292 | By:  */s/ Stephen A. Swedlow*<br>**QUINN EMANUEL URQUHART & SULLIVAN, LLP**<br>Stephen A. Swedlow (admitted *pro hac vice*)<br>  stephenswedlow@quinnemanuel.com<br>Michelle Schmit (admitted *pro hac vice*)<br>  michelleschmit@quinnemanuel.com<br>191 N. Wacker Drive, Suite 2700<br>Chicago, IL 60606-1881<br>(312) 705-7400<br><br>Kevin Y. Teruya (Bar No. 235916)<br>  kevinteruya@quinnemanuel.com<br>Adam B. Wolfson (Bar No. 262125)<br>  adamwolfson@quinnemanuel.com<br>Brantley I. Pepperman (Bar No. 322057)<br>  brantleypepperman@quinnemanuel.com<br>865 South Figueroa Street, 10th Floor<br>Los Angeles, CA 90017-2543<br>(213) 443-3000<br><br>Manisha M. Sheth (admitted *pro hac vice*)<br>  manishasheth@quinnemanuel.com<br>51 Madison Avenue, 22nd Floor<br>New York, New York 10010<br>(212) 849-7000<br><br>By:  */s/ Brian D. Clark*<br>**LOCKRIDGE GRINDAL NAUEN P.L.L.P.**<br>W. Joseph Bruckner (admitted *pro hac vice*)<br>  wjbruckner@locklaw.com<br>Robert K. Shelquist (admitted *pro hac vice*)<br>  rkshelquist@locklaw.com<br>Brian D. Clark (admitted *pro hac vice*)<br>  bdclark@locklaw.com<br>Rebecca A. Peterson (Bar No. 241858)<br>  rapeterson@locklaw.com<br>Arielle S. Wagner (admitted *pro hac vice*)<br>  aswagner@locklaw.com<br>100 Washington Avenue South, Suite 2200<br>Minneapolis, MN 55401<br>(612) 339-6900<br><br>*Interim Counsel for the Consumer Class* |