| | |
|---|---|
| **QUINN EMANUEL URQUHART & SULLIVAN, LLP**<br>Stephen A. Swedlow (admitted *pro hac vice*)<br>  stephenswedlow@quinnemanuel.com<br>191 N. Wacker Drive, Suite 2700<br>Chicago, IL 60606<br>(312) 705-7400<br><br>**HAGENS BERMAN SOBOL SHAPIRO LLP**<br>Shana E. Scarlett (Bar No. 217895)<br>  shanas@hbsslaw.com<br>715 Hearst Avenue, Suite 202<br>Berkeley, CA 94710<br>(510) 725-3000<br><br>*Interim Co-Lead Consumer Class Counsel*<br><br>**BATHAEE DUNNE LLP**<br>Yavar Bathaee (Bar No. 282388)<br>  yavar@bathaeedunne.com<br>445 Park Avenue, 9th Floor<br>New York, NY 10022<br>(332) 322-8835<br><br>**SCOTT+SCOTT ATTORNEYS AT LAW LLP**<br>Kristen M. Anderson (Bar No. 246108)<br>  kanderson@scott-scott.com<br>230 Park Avenue, 17th Floor<br>New York, NY 10169<br>(212) 223-6444<br><br>*Interim Co-Lead Advertiser Class Counsel*<br><br>[Additional counsel listed on signature page] | **WILMER CUTLER PICKERING<br>HALE AND DORR LLP**<br>SONAL N. MEHTA (SBN 222086)<br>Sonal.Mehta@wilmerhale.com<br>2600 El Camino Real, Suite 400<br>Palo Alto, California 94306<br>Telephone: (650) 858-6000<br>Facsimile: (650) 858-6100<br><br>DAVID Z. GRINGER (*pro hac vice*)<br>David.Gringer@wilmerhale.com<br>ARI HOLTZBLATT (*pro hac vice*)<br>Ari.Holtzblatt@wilmerhale.com<br>1875 Pennsylvania Ave NW<br>Washington, DC 20006<br>Telephone: (202) 663-6000<br>Facsimile: (202) 663-6363<br><br>*Attorneys for Defendant Facebook, Inc.* |

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| MAXIMILIAN KLEIN, et al.,<br><br>            Plaintiffs,<br><br>     vs.<br><br>FACEBOOK, INC.,<br><br>            Defendant.<br><br>This Document Relates To: All Actions | Consolidated Case No. 5:20-cv-08570-LHK<br><br>**FOURTH JOINT CASE MANAGEMENT STATEMENT**<br><br>The Hon. Lucy H. Koh<br><br>Hearing Date:  October 6, 2021 at 2:00 p.m. |

# FOURTH JOINT CASE MANAGEMENT STATEMENT

In advance of the October 6, 2021, Case Management Conference, counsel for the putative Consumer and Advertiser Classes and defendant Facebook, Inc. respectfully submit this Fourth Joint Case Management Statement. This Case Management Statement updates the Court as to recent developments on pertinent matters.

**1.  Update**

**Facebook's Position:**

Facebook highlights the below updates which have taken place since the last Case Management Statement was filed:

1.  Facebook recently initiated a discovery dispute proceeding before Judge DeMarchi as to Plaintiffs' initial disclosures, which fail to comply with Fed. R. Civ. P. 26(a)(1)(A)(iii). *See* Dkt. No. 156. Facebook has requested an order compelling User and Advertiser Plaintiffs to supplement their initial disclosures to provide an informed, good faith computation of each (or any) category of damages they claim and to identify documents or evidence bearing on the nature and extent of their alleged injuries. Despite Plaintiffs' claims that they "invested hundreds of hours and many, many expert dollars" before filing their complaints, *see, e.g.*, March 18, 2021 Hearing Tr. 68:10-11, User Plaintiffs have only waved their hands at injury in the amount of "at least, tens of billions of dollars" for the "hundreds of millions" of putative class members, but have not disclosed any computation for those supposed damages or ***any*** documents or evidence bearing on damages or on any supposed injury suffered by the named plaintiffs. Advertisers have gone a bit further—at least providing documents showing advertising purchases on Facebook for most of the named advertiser plaintiffs—but still have offered no computation or supporting materials for their asserted overcharge.

2.  Although Facebook recognizes that it does not have a role in the management of the interim counsel structure that the Court has established for this case, Facebook does wish to bring to the Court one issue that the Court identified at the start of this case as important to case management: potential (in)efficiency of the interim class counsel structure. So far, the parties have had at least half a dozen meet and confer conferences on a number of issues and Plaintiffs have

consistently had 12-14 lawyers participating in those calls (with only a handful speaking or participating in any way).[1]  Likewise, despite assuring the Court—and reassuring Facebook's counsel—that "Facebook will know who to speak with on what issue, and there's not going to be inefficient duplication and overlap," March 18, 2021 Hearing Tr. 39:3-4, Plaintiffs have had multiple lawyers sending emails to Facebook on the same subject including as many as four separate lawyers for just the Advertiser Class emailing on a single thread relating to the parties' initial disclosures dispute. Given the Court's admonitions about inefficiency at the class counsel appointment hearing—and given the risk that these inefficiencies will proliferate in ways that will impose burden and expense on Facebook and create perverse (and counterproductive) incentives for class counsel based on supposed "investment" in the litigation—Facebook thought it prudent to bring these issues to the Court's attention.

**Plaintiffs' Position**:

Plaintiffs are prepared to appear and participate in the currently scheduled Case Management Conference and look forward to discussing any matters that may be helpful to the Court.  As to the parties' dispute regarding Plaintiffs' initial disclosures, Plaintiffs dispute Facebook's characterizations and have set forth their positions in a letter brief to Judge DeMarchi (Dkt. No. 156); Plaintiffs will not repeat their positions or litigate that dispute in this Joint Case Management Statement.  As to Facebook's other aspersions, Consumer Counsel and Advertiser Counsel specifically disagree with the factual assertions made and take seriously their obligations to their respective classes and have each, consistent with the Court's instructions (Dkt. No. 73), implemented controls to ensure efficiency, minimize costs, and review billing records, including eliminating any duplicative billing entries.

---

[1]  After Facebook pointed out that 14 different Plaintiffs' lawyers joined a lead counsel meet and confer on the initial disclosures dispute, Plaintiffs reduced their attendance at the most recent meet and confer to 8 lawyers, only 4 of whom actually spoke.

**2.    Motions**

  **a.    Pending Motions**

*Motion to Dismiss*:  On May 20, 2021, Facebook filed a motion to dismiss the Consolidated Amended Complaints ("CACs").  *See* Dkt. No. 97.  On June 17, 2021, Plaintiffs filed an opposition to Facebook's motion to dismiss.  *See* Dkt. No. 109.  On July 5, 2021, Plaintiffs filed a Supplemental Brief Regarding Government Orders.  *See* Dkt. No. 116.  Facebook filed its reply to Plaintiffs' opposition on July 7, 2021.  *See* Dkt. No. 117.  The Court heard arguments on Facebook's motion to dismiss on July 15, 2021.

*Motion to Remand*:  Facebook removed *Rosenman v. Facebook, Inc.* to the Northern District on March 25, 2021.  No. 21-cv-02108 (N.D. Cal.) ("*Rosenman*"), Dkt. No. 1.  On April 9, 2021, the Court related *Rosenman* to these consolidated actions.  *Rosenman*, Dkt. No. 14.  The *Rosenman* plaintiff filed a motion to remand on April 26, 2021.  *Rosenman*, Dkt. Nos. 17, 20, 21.  The Court denied the motion to remand on August 27, 2021.  *Rosenman*, Dkt. No. 26.

*Motion to Relate*:  The amended complaint in *Loveland v. Facebook, Inc.*, No. 21-CV-03300-CRB, Dkt. No. 42, alleges antitrust violations which appear to be largely copied from those advanced in the CACs.  On August 18, 2021, Facebook and the *Loveland* Plaintiffs jointly moved to relate the *Loveland* case to these actions.  Dkt. No. 131.  The Court granted the motion to relate on August 26, 2021.  Dkt. No. 140.

  **b.    Anticipated Motions**

In addition to the specific motions below, the parties also anticipate that there will be further motions, including motions to exclude expert testimony and motions in limine.

**Plaintiffs' Anticipated Motions:**

*Motion for Class Certification*:  Consistent with the Court's July 1, 2021 Case Management Order, Dkt. No. 115 at 2 ("July CMO"), Plaintiffs intend to move for class certification by March 15, 2022.

*Responses to Motions filed by Facebook*:  Plaintiffs reserve all rights and arguments to respond to, or oppose, any future motions filed by Facebook.  Should Facebook file any motion to compel arbitration, Plaintiffs reserve all rights to oppose that motion.  Consistent with the Court's

case management orders, Dkt. Nos. 82, 115, Plaintiffs will, by December 9, 2022, oppose any motion for summary judgment filed by Facebook.

**Facebook's Anticipated Motions:**

*Motion to Compel Arbitration*:  Facebook reserves all rights and defenses with respect to unnamed members of the putative classes alleged in the CACs, including but not limited to its right to move to compel arbitration of any unnamed putative class members' claims subject to an arbitration provision at the appropriate time. *See, e.g.*, *Gutierrez v. Wells Fargo Bank, NA*, 889 F.3d 1230 (11th Cir. 2018); *Rushing v. Williams-Sonoma, Inc.*, 2020 WL 6787135 (N.D. Cal. Oct. 8, 2020); *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 2011 WL 1753784 (N.D. Cal. May 9, 2011).

*Motion for Summary Judgment*:  In the event that this case survives the motion to dismiss, Facebook anticipates moving for summary judgment pursuant to Fed. R. Civ. P. 56.

*Responses to Motions filed by Plaintiffs*:  Facebook reserves all rights and arguments to respond to, or oppose, any future motions filed by Plaintiffs, including Plaintiffs' motions for class certification.

**3.     Amendment of Pleadings**

Pursuant to the Court's scheduling order, Dkt. No. 82, the Consumer Plaintiffs and the Advertiser Plaintiffs filed their respective consolidated class action complaints on April 22, 2021. Dkt. Nos. 86, 87.  Pursuant to the July CMO, the last day to further amend pleadings or add parties was August 27, 2021.  Dkt. No. 115.  That date has passed without amendment.

**4.     Discovery Updates**

    **a.     Facebook's Production of Documents Produced to Public Regulators**

The Court's April 2, 2021 Case Management Order required Facebook to produce to Plaintiffs, within 30 days, "the documents Facebook produced to the Federal Trade Commission and the United States House of Representatives" in connection with those entities' parallel antitrust investigations into Facebook.  Dkt. No. 82 at 1.  On May 3, 2021, Facebook produced those documents to Plaintiffs, and Plaintiffs' review of that production is ongoing.

    **b.     Stipulated Protective and 502(d) Orders**

Judge DeMarchi entered a Federal Rule of Evidence 502(d) Clawback Order and Stipulated

Protective Order on June 14, 2021, and June 21, 2021, respectively.  Dkt. Nos. 107, 111.

### c.    ESI, Privilege, Deposition, and Expert Protocols

In connection with the parties' Rule 26(f) conference, the parties met and conferred regarding ESI, privilege, deposition, and expert protocols.  Dkt. No. 130 at 4–5 (Rule 26(f) Report). The parties submitted joint stipulated orders (to the extent the parties agreed on particular provisions), as well as joint letter briefs addressing the remaining disputes relating to those protocols, to Judge DeMarchi on August 20, 2021.  *See* Dkt. Nos. 132–35.  On August 31, 2021, Judge DeMarchi held a hearing on the parties' disputes.  Dkt. No. 136.

On September 3, 2021, Judge DeMarchi issued an order requiring the parties to further meet and confer on several issues raised at the August 31, 2021 hearing.  Dkt. No. 145.  Judge DeMarchi's order also required the parties to make further submissions to the Court identifying their positions as to discrete issues related to the ESI, privilege, and deposition protocols.  *Id*.

The parties have met and conferred and submitted their respective positions as to the issues specific to the privilege and deposition protocols on September 10, 2021, and September 15, 2021, respectively.  Dkt. Nos. 148, 152.  As to the privilege protocol, the parties agreed on a schedule for exchanging three interim privilege logs, as well as for any privilege logs that follow any of the parties' document productions that may occur after May 1, 2022.  Dkt. No. 148.  As to the deposition protocol, the parties submitted two proposals to Judge DeMarchi reflecting their respective positions as to the presumptive number of hours that Plaintiffs should be entitled to in order to conduct depositions of current Facebook employees and Facebook's corporate designees.  Dkt. No. 152.

On September 13, 2021, Judge DeMarchi issued an order resolving all outstanding issues related to the expert protocol. Dkt. No. 150.  The parties intend to submit a stipulated expert protocol reflecting the Court's order in the immediate future.

On September 13, 2021, and September 20, 2021, Judge DeMarchi issued orders resolving all outstanding issues related to the deposition protocol.  Dkt. Nos. 149, 155.  The parties intend to submit a stipulated deposition protocol reflecting the Court's orders in the immediate future.

On September 15, 2021, Judge DeMarchi issued an order resolving all outstanding issues related to the privilege protocol.  Dkt. No. 153.  The parties intend to submit a stipulated privilege

protocol reflecting the Court's order in the immediate future.

On September 15, 2021, Judge DeMarchi issued an order partially resolving the outstanding issues related to the ESI protocol. Dkt. No. 151. A final open issue addressed in Judge DeMarchi's September 3, 2021, order – related to the ESI protocol and the sources of ESI "that need not be preserved, collected, reviewed, and/or produced because they are not reasonably accessible," Dkt. No. 145 at 1–2 – remains unresolved. The parties will set out their positions as to this issue in a letter brief to Judge DeMarchi today or in the near future.

### d. Limitations on Interrogatories

The parties dispute limitations on interrogatories and set out their positions in the Rule 26(f) Report. Dkt. No. 130 at 5–8.

### e. Initial Disclosures

The parties exchanged Rule 26(a) initial disclosures on August 13, 2021. Consumer Plaintiffs amended their Rule 26(a) initial disclosures on August 24, 2021, and Advertiser Plaintiffs amended their Rule 26(a) initial disclosures on August 27, 2021.

The parties dispute whether Plaintiffs' operative initial disclosures satisfy Fed R. Civ P. 26(a)(1)(A)(iii). The parties have set forth their positions and submitted this dispute to Judge DeMarchi on September 28, 2021, in a joint letter brief. Dkt. No. 156.

### f. Discovery Propounded to Date

On August 25, 2021, Facebook served Requests for Production of Documents on Consumer Plaintiffs and Advertiser Plaintiffs. On September 24, 2021, Consumer Plaintiffs and Advertiser Plaintiffs served their objections and responses.

On September 17, 2021, Facebook served former named Plaintiff Jessica Layser with a Subpoena for the Production of Documents to Non-Party.

On September 24, 2021, Consumer Plaintiffs and Advertiser Plaintiffs served a joint set of Requests for Production of Documents on Facebook. On September 24, 2021, Consumer Plaintiffs served an additional set of Requests for Production of Documents on Facebook pertaining to Consumer-specific claims and issues. On September 24, 2021, Advertiser Plaintiffs served an

additional set of Requests for Production of Documents on Facebook pertaining to Advertiser-specific claims and issues.

**Plaintiffs' Position:**

While Facebook complains that Plaintiffs "waited nearly six months" to serve discovery requests, this is a clear mischaracterization of the record.  Plaintiffs received the documents produced to government regulators in May 2021.  Plaintiffs immediately began reviewing those documents (consisting of some 12 million pages) to determine their relevance and sufficiency.  Moreover, as Facebook is aware, discovery generally may not be served until "the parties have conferred as required by Rule 26(f)[.]"  Fed. R. Civ. P. 26(d)(1).  Facebook declined to participate in a Rule 26(f) conference until this Court ordered that the parties do so.  Dkt. Nos. 114 at 3, 115 at 2.  The parties submitted a Rule 26(f) Report on August 13, 2021.  Dkt. 130.  While litigating five foundational discovery disputes with Facebook before Judge DeMarchi and preparing their own respective responses and objections to Facebook's requests for production, Plaintiffs propounded on Facebook requests for production of documents on September 24, 2021.  Plaintiffs dispute Facebook's characterizations of Plaintiffs' requests and will, as necessary, raise any disputes to Judge DeMarchi.

**Advertiser Plaintiffs' Position:** By October 1, 2021, Advertiser Plaintiffs anticipate that non-party Jessica Layser will file objections to the Subpoena for the Production of Documents to Non-Party that was served on her by Facebook.

**Facebook's Position:** Facebook was surprised that Plaintiffs waited nearly six months after the Court declined to stay discovery in this case, and less than six months before Facebook will be faced with a motion for class certification brought by Plaintiffs, before serving initial discovery. Facebook is still reviewing the 85 Requests Plaintiffs served, but on an initial review, they largely duplicate material Facebook already provided to the FTC and to Plaintiffs months ago.  The balance appear intended to harass Facebook and its employees without advancing the litigation in any way, for example requests seeking cellular bill statements and call records for personal telephones and trip and travel logs, expense reports, and entertainment records for all document custodians.

As for Ms. Layser, Facebook was informed of her concerns with Facebook's subpoena when it received Plaintiffs' first draft of this joint case management statement, which announced that Ms. Layser intended to file a motion for a protective order and/or to quash.[2]  At the request of counsel for Ms. Layser, counsel scheduled a meet and confer on the subject, which counsel for Ms. Layser cancelled less than two hours before it was scheduled to take place.  Plaintiffs then revised the draft case management statement, informing Facebook for the first time that Ms. Layser intends to "file objections" to the subpoena instead.  Facebook hopes that this change in approach is not just an effort to delay the meet and confer process, given that Facebook seeks information that is relevant and discoverable.  *See Fraley v. Facebook Inc.*, 2012 WL 555071, at *3 (N.D. Cal. Feb. 21, 2012); *see also Opperman v. Path, Inc.*, 2015 WL 9311888, at *3 (N.D. Cal. Dec. 22, 2015) ("[I]t would be unfair to allow [the former plaintiff] to 'walk away from' her discovery obligations when she may have 'information pertinent to the case [she] initiated and that defendants must continue to defend.'" (citation omitted)).  Facebook intends to promptly meet and confer with Ms. Layser on any objections to the subpoena and looks forward to her production of responsive materials.

### g.  Close of Fact and Expert Discovery

The July CMO set September 2, 2022, as the fact discovery cut-off, and November 4, 2022, as the expert discovery cut-off.  Dkt. No. 115 at 2.

### 5.  Related Cases

**Plaintiffs' Position:**

Plaintiffs have no updates to bring to the Court's attention regarding any related cases.

**Advertiser Plaintiffs' Position:**

Advertiser Plaintiffs reserve all rights to oppose any future motion to centralize Advertiser Plaintiffs' claims with the MDL pending in the Southern District of New York.

**Facebook's Position:**

1.  The Court granted Facebook's motion to relate *Loveland v. Facebook, Inc.*, No. 21-

---

[2]  Although they characterize Ms. Layser as a "non-party," Advertiser Plaintiffs' inclusion of her contemplated motion in the *parties'* case management statement—before even approaching Facebook to meet and confer—belies the point.

CV-03300-CRB (transferred to N.D. Cal on May 4, 2021), to this case, on August 26, 2021.  Dkt. No. 140.

2. After Judge Freeman dismissed their entire case on statute of limitations and laches grounds, plaintiffs in *Reveal Chat Holdco LLC v. Facebook, Inc.*, No. 5:20-cv-00363-BLF, filed their opening appellate brief on August 23, 2021.  *Reveal Chat Holdco LLC v. Facebook, Inc.*, No. 21-15863, Dkt. No. 18.  Facebook will file its answering brief by October 25, 2021.  *See id.* Dkt. No. 22.

3. On July 29, 2021, the Judicial Panel on Multidistrict Litigation (JPML) held a hearing on Google's petition to centralize several lawsuits against Google and Facebook (or Google alone) alleging that one or both companies monopolized or suppressed competition in advertising-technology related markets, including by entering into an agreement in September 2018 known as the Google Network Bidding Agreement (GNBA).  The GNBA forms the basis of the Advertiser Plaintiffs' claim under Section 1 of the Sherman Act.  On August 10, 2021, the JPML ordered the actions transferred to the Southern District of New York, assigning them to Judge P. Kevin Castel as *In re: Google Digital Advertising Antitrust Litigation*, MDL No. 3010.  Dkt. No. 126.  Facebook will evaluate next steps concerning the MDL following the Court's ruling on the motion to dismiss the Advertisers' case.

**6.** **Lawsuits Filed by FTC and State Attorneys General**

On June 28, 2021, Judge Boasberg issued opinions dismissing the antitrust complaints filed by the Federal Trade Commission ("FTC") and the Attorneys General of multiple states.  *See Fed. Trade Comm'n v. Facebook, Inc.*, No. 20-cv-03590-JEB, 2021 WL 2643627 (D.D.C. June 28, 2021); *New York v. Facebook, Inc.*, No. 20-cv-03589-JEB, 2021 WL 2643724 (D.D.C. June 28, 2021).  On July 28, 2021, the States filed a notice of their intent to appeal Judge Boasberg's decision to the D.C. Circuit.  1:20-cv-03589, Dkt. No. 138.  On August 19, 2021, the FTC filed an amended complaint.  *Fed. Trade Comm'n*, 1:20-cv-03590, Dkt. No. 75.  On September 8, 2021, the FTC filed a substitute amended complaint (the substitute amended complaint is substantially similar to the amended complaint but eliminated redactions of certain third-parties' information).  *Fed. Trade Comm'n*, 1:20-cv-03590, Dkt. Nos. 78, 82.

1    Facebook produced to Plaintiffs an unredacted version of the substitute amended FTC
2    complaint on September 10, 2021.

3    **7.    Updates Regarding ADR**

4    The parties continue to believe that ADR would not be constructive at this time but may be
5    willing to engage in ADR with a private mediator as these actions progress.

DATED:  September 29, 2021                                Respectfully submitted,

By:  */s/*  Yavar Bathaee                                 By:  */s/* Stephen Swedlow
**BATHAEE DUNNE LLP**                                     **QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Yavar Bathaee (Bar No. 282388)
   yavar@bathaeedunne.com                                 Stephen A. Swedlow (admitted *pro hac vice*)
Edward M. Grauman (admitted *pro hac vice*)                  stephenswedlow@quinnemanuel.com
   egrauman@bathaeedunne.com                              Michelle Schmit (admitted *pro hac vice*)
Andrew C. Wolinsky (admitted *pro hac vice*)                 michelleschmit@quinnemanuel.com
   awolinsky@bathaeedunne.com                             191 N. Wacker Drive, Suite 2700
445 Park Avenue, 9th Floor                                Chicago, IL 60606-1881
New York, NY 10022                                        (312) 705-7400
(332) 322-8835
                                                          Kevin Y. Teruya (Bar No. 235916)
Brian J. Dunne (Bar No. 275689)                              kevinteruya@quinnemanuel.com
   bdunne@bathaeedunne.com                                Adam B. Wolfson (Bar No. 262125)
633 West Fifth Street, 26th Floor                            adamwolfson@quinnemanuel.com
Los Angeles, CA 90071                                     Brantley I. Pepperman (Bar No. 322057)
(213) 462-2772                                               brantleypepperman@quinnemanuel.com
                                                          865 South Figueroa Street, 10th Floor
                                                          Los Angeles, CA 90017-2543
                                                          (213) 443-3000

By:  */s/* Kristen M. Anderson                            Manisha M. Sheth (admitted *pro hac vice*)
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**                         manishasheth@quinnemanuel.com
Kristen M. Anderson (Bar No. 246108)                      51 Madison Avenue, 22nd Floor
   kanderson@scott-scott.com                              New York, New York 10010
230 Park Avenue, 17th Floor                               (212) 849-7000
New York, NY 10169
(212) 223-6444
                                                          By:  */s/* Shana E. Scarlett
Christopher M. Burke (Bar No. 214799)                     **HAGENS BERMAN SOBOL SHAPIRO LLP**
   cburke@scott-scott.com                                 Shana E. Scarlett (Bar No. 217895)
David H. Goldberger (Bar No. 225869)                         shanas@hbsslaw.com
   dgoldberger@scott-scott.com                            715 Hearst Avenue, Suite 202
Yifan (Kate) Lv (Bar No. 302704)                          Berkeley, CA 94710
   klv@scott-scott.com                                    (510) 725-3000
600 W. Broadway, Suite 3300
San Diego, CA 92101                                       Steve W. Berman (admitted *pro hac vice*)
(619) 233-4565                                               steve@hbsslaw.com
                                                          1301 Second Avenue, Suite 2000
Patrick J. McGahan (admitted *pro hac vice*)              Seattle, WA 98101
                                                          (206) 623-7292

-10-                                   Case No. 5:20-cv-08570-LHK
FOURTH JOINT CASE MANAGEMENT STATEMENT

    pmcgahan@scott-scott.com
Michael P. Srodoski (admitted *pro hac vice*)
    msrodoski@scott-scott.com
156 South Main Street, P.O. Box 192
Colchester, CT 06415
(860) 537-5537

**AHDOOT & WOLFSON, PC**
Tina Wolfson (Bar No. 174806)
    twolfson@ahdootwolfson.com
Robert Ahdoot (Bar No. 172098)
    rahdoot@ahdootwolfson.com
Theodore W. Maya (Bar No. 223242)
    tmaya@ahdootwolfson.com
Rachel Johnson (Bar No. 331351)
    rjohnson@ahdootwolfson.com
2600 West Olive Avenue, Suite 500
Burbank, CA 91505
(310) 474-9111

**LEVIN SEDRAN & BERMAN LLP**
Keith J. Verrier (admitted *pro hac vice*)
    kverrier@lfsblaw.com
Austin B. Cohen (admitted *pro hac vice*)
    acohen@lfsblaw.com
510 Walnut Street, Suite 500
Philadelphia, PA 19106-3997
(215) 592-1500

*Interim Counsel for the Advertiser Class*

**LOCKRIDGE GRINDAL NAUEN P.L.L.P.**
W. Joseph Bruckner (admitted *pro hac vice*)
    wjbruckner@locklaw.com
Robert K. Shelquist (admitted *pro hac vice*)
    rkshelquist@locklaw.com
Brian D. Clark (admitted *pro hac vice*)
    bdclark@locklaw.com
Rebecca A. Peterson (Bar No. 241858)
    rapeterson@locklaw.com
Arielle S. Wagner (admitted *pro hac vice*)
    aswagner@locklaw.com
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
(612) 339-6900

*Interim Counsel for the Consumer Class*


By: */s/* Sonal N. Mehta
**WILMER CUTLER PICKERING HALE AND DORR LLP**
Sonal N. Mehta (SBN: 222086)
2600 El Camino Real, Suite 400
Palo Alto, California 94306
Telephone: (650) 858-6000
Facsimile: (650) 858-6100
Email: Sonal.Mehta@wilmerhale.com

David Z. Gringer (*pro hac vice*)
Ari Holtzblatt (*pro hac vice*)
1875 Pennsylvania Avenue NW
Washington, DC 20006
Telephone: (202) 663-6000
Facsimile: (202) 663-6363
Email: David.Gringer@wilmerhale.com
Email: Ari.Holtzblatt@wilmerhale.com

*Attorneys for Defendant Facebook, Inc.*

## ATTESTATION OF KRISTEN M. ANDERSON

This document is being filed through the Electronic Case Filing (ECF) system by attorney Kristen M. Anderson. By her signature, Ms. Anderson attests that she has obtained concurrence in the filing of this document from each of the attorneys identified on the caption page and in the above signature block.

Dated: September 29, 2021         By */s/* Kristen M. Anderson
                                                            Kristen M. Anderson

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of September 2021, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System, causing the document to be electronically served on all attorneys of record.

By */s/* Kristen M. Anderson
Kristen M. Anderson