UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MAXIMILIAN KLEIN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>FACEBOOK, INC.,<br><br>Defendant. | Case No. 20-cv-08570-LHK (VKD)<br><br>**ORDER RE DISCOVERY DISPUTE RE ESI PROTOCOL**<br><br>Re: Dkt. Nos. 133, 160 |

As directed by the Court, the parties report that they have reached agreement on several aspects of their dispute concerning the protocol for preservation, collection, review, and production of electronically stored information ("ESI"). Dkt. No. 160. The parties continue to disagree regarding two matters: (1) whether backup systems and/or tapes used for disaster recovery are not reasonably accessible and need not be preserved, and (2) whether the protocol should include a provision permitting a party to determine that a particular source of ESI need not be preserved if doing so is not proportional to the needs of the case. *Id.* at 2, 7.

**Backup Systems and Tapes**

As to the first dispute, the Court agrees with Facebook that, as a general rule, backup systems and tapes that are maintained solely for the purpose of disaster recovery are not reasonably accessible for purposes of Rule 26(b)(2)(B) and need not be preserved. However, this general rule is premised on an accepted understanding of the nature of backup systems and tapes, including: (i) the information they contain is duplicative of other more accessible sources of information, (ii) they are not actively used for information retrieval, (iii) custodian-specific information may be stored across multiple tapes or systems, (iv) they are regularly recycled, and (v) suspension of the regular recycling schedule would pose an unreasonable burden and expense.

*See, e.g., Margolis v. Dial Corp.,* No. 12-CV-0288-JLS WVG, 2012 WL 2588704, at *3 (S.D. Cal. July 3, 2012) (describing characteristics of backup tapes used for disaster recovery); *Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 218 (S.D.N.Y. 2003) (same). Notwithstanding this general rule, there may be circumstances in which preservation of backup tapes may be warranted under Rule 26, such as when emails of a "key player" in the litigation are not otherwise available but are stored on particular backup tapes. *See Margolis*, 2012 WL 2588704, at *2 (citing *Zubulake*, 220 F.R.D. at 218).

The parties' submission is missing two pieces of information that the Court requires in order to resolve this dispute. First, it is not clear from the joint submission whether Facebook's backup systems and/or tapes have the usual characteristics that make this category of ESI not reasonably accessible. Second, it also is not clear whether backup tapes may hold the ESI of any key custodians (or other critical sources of information) that is not otherwise available from accessible sources. The parties seem to recognize that this information might be important to resolution of this dispute, but each insists another party bears the burden to provide the information. The Court therefore requires the parties to undertake additional efforts to resolve this dispute, as follows:

1. Facebook[1] must provide plaintiffs with information regarding the characteristics of its backup systems and tapes that make them not reasonably accessible. If this information does not persuade plaintiffs that these materials are, in fact, not reasonably accessible, then Facebook may file a declaration with the Court attesting to the facts on which it relies for its view that these materials are not reasonably accessible.

2. Plaintiffs, collectively, may identify up to 6 key custodians or other sources of information (e.g., a database) as to which they would like Facebook to determine whether custodian- or source-specific ESI is reasonably accessible from sources other than backup systems and tapes. Facebook shall investigate the ESI for these 6 key custodians or sources and shall confirm that Facebook has preserved their ESI in other

---

[1] If any other party has backup systems or tapes that it believes are not reasonably accessible, they have the same obligations as Facebook.

reasonably accessible sources.  If Facebook discovers that the reasonably accessible ESI contains a gap for any of the 6 key custodians or sources, it shall confer with plaintiffs regarding whether and how preservation of backup systems and/or tapes may address any such gap for purposes of ESI preservation.

The parties shall advise the Court of their further efforts to resolve this dispute by **November 5, 2021**, unless they agree to a different date.

**Proposed Section 4(e)**

As to the second dispute, Facebook proposes adding a new Section 4(e) to the ESI protocol which would make clear that a party may determine, presumably without consulting any other party or seeking a further court order, that a particular source of ESI need not be preserved if the party determines that preservation of such ESI is not proportional to the needs of the case, such as for reasons of undue burden or cost.  Dkt. No. 160 at 7.  Plaintiffs object to this proposal as an effort by Facebook to unilaterally reverse the concessions it made when it agreed to remove certain sources of ESI from the list of ESI that need not be preserved.  *Id.* at 4.  Plaintiffs also object that to the extent the proposed language is intended to capture a statement of the law, it is unnecessary.  *Id.*

The Court will not require the ESI protocol to recite a statement of the law as an operating principle.  While the Court agrees that considerations of relevance and proportionality should guide all aspects of discovery, the parties have (to their credit) attempted to address these concerns by formulating specific guidelines for the conduct of discovery in this case, including an ESI protocol.  If Facebook or any other party determines that application of a particular guideline—such as the obligation to preserve a specific category of ESI—would be disproportionate to the needs of the case, the parties should confer about the problem, and if they cannot resolve it themselves, they may raise it with the Court.

**IT IS SO ORDERED.**

Dated: October 12, 2021



VIRGINIA K. DEMARCHI
United States Magistrate Judge

3