UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MAXIMILIAN KLEIN, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>FACEBOOK, INC.,<br><br>    Defendant. | Case No. 20-cv-08570-LHK (VKD)<br><br>**ORDER RE SEPTEMBER 28, 2021 DISPUTE RE PLAINTIFFS' INITIAL DISCLOSURES**<br><br>Re: Dkt. No. 156 |

The Advertiser Plaintiffs[1] and the Consumer Plaintiffs[2] (collectively, "Plaintiffs") and defendant Facebook, Inc. ("Facebook") ask the Court to resolve their dispute regarding the sufficiency of Plaintiffs' Rule 26(a) initial disclosures regarding computation of damages. Dkt. No. 156. The Court finds this matter suitable for resolution without a hearing. *See* Civil L.R. 7-1(b).

For the reasons explained below, the Court concludes that the Consumer Plaintiffs must supplement their initial disclosures, but the Advertiser Plaintiffs need not.

**I.   BACKGROUND**

Facebook contends that Plaintiffs have not disclosed the amount or method for computing damages or the documents or evidence on which they intend to rely, as required by Rule 26(a). Facebook points to Plaintiffs' representations that they have already extensively investigated their respective claims and developed their theories of liability. In addition, Facebook observes that Plaintiffs have had access to more than 12 million documents relating to their claims for five

---

[1] *See* Dkt. No. 86.
[2] *See* Dkt. No. 87.

1  months. Plaintiffs respond that they have made the required disclosures, and that Facebook's
2  demands exceed what Rule 26(a) requires. In particular, Plaintiffs argue that their damages
3  disclosures are commensurate with the information reasonably available to them at this stage of
4  the case. They point out that a more precise computation of damages will likely require expert
5  testimony, and they note that Facebook's document production to date does not include all of the
6  records necessary for a more complete damages analysis.

## II. DISCUSSION

Rule 26(a) of the Federal Rules of Civil Procedure requires that each party "provide . . . a computation of each category of damages claimed by the . . . party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered[.]" Fed. R. Civ. P. 26(a)(1)(A)(iii). Rule 26(a)(1)(A)(iii) does not require damages to be calculated with precision. However, it does require a plaintiff to disclose its computation of damages, in light of the information currently available to it, in sufficient detail so as to enable the defendant to understand its potential exposure and to make informed decisions about discovery and other matters. *E.g.*, *City & County of San Francisco v. Tutor-Saliba Corp.*, 218 F.R.D. 219, 221 (N.D. Cal. 2003); *see also Song v. Drenberg*, No. 18-cv-06283-LHK (VKD), 2019 WL 1949785, at *1 (N.D. Cal. May 2, 2019) (discussing initial disclosures generally). A party is not excused from making these disclosures because it has not fully investigated the case. Fed. R. Civ. P. 26(a)(1)(E).

Because their respective disclosures differ, the Court separately considers whether the Advertiser Plaintiffs and the Consumer Plaintiffs have complied with the requirements of Rule 26(a)(1)(A)(iii).

### A. Advertiser Plaintiffs

The Advertiser Plaintiffs' initial damages disclosure states that they seek compensatory damages arising from overcharges for advertising. The disclosure describes the methodology used to compute damages and gives an estimate of the amount of damages on behalf of the plaintiff class. In addition, for each named plaintiff, the disclosures provide an estimate of individual

damages. The disclosure specifically identifies some documents used to compute damages and states that others will be produced before September 10, 2021. Dkt. No. 156-2 at 26-28.

Facebook objects that this disclosure is based on an improper or inapplicable methodology for computing damages, and that the Advertiser Plaintiffs fail to adequately support their claim that they were overcharged. To the extent Facebook challenges the merits of the Advertiser Plaintiffs' methodology, its objection is not well-taken; the Advertiser Plaintiffs have disclosed their methodology, which is all that Rule 26(a) requires. To the extent Facebook challenges the disclosure as lacking support, if the Advertiser Plaintiffs have disclosed the remaining documents on which they rely, as they stated they would before September 10, 2021, then the Court is not persuaded that they have failed to identify the supporting evidentiary material as the Rule requires.

Both parties acknowledge that expert testimony may be necessary for a full disclosure of the Advertiser Plaintiffs' damages computation. However, the fact that such testimony may be necessary, or that the Court has set a separate deadline for the disclosure of expert testimony under Rule 26(a)(2), does not relieve the Advertiser Plaintiffs of their obligation to timely supplement their initial disclosures as their damages theories develop. *See* Fed. R. Civ. P. 26(e)(1)(A); *Tutor-Saliba*, 218 F.R.D. at 221, 222 (further specification of damages computation may require expert analysis or testimony). On the record presented, the Court is unable to conclude that the Advertiser Plaintiffs have failed to disclose expert analysis supporting their damages computation that is reasonably available to them at this time.

### B.  Consumer Plaintiffs

The Consumer Plaintiffs' initial damages disclosure states that they seek compensatory damages reflecting "the difference between the reduced value that Facebook provided Consumer Plaintiffs as a result of Facebook's alleged competition-reducing conduct and the value that competition free of Facebook's anticompetitive restraints would have required Facebook to provide Consumer Plaintiffs (including adequate compensation for the data that Consumer Plaintiffs provided to Facebook but which Facebook did not provide adequate consideration for in return)." Dkt. No. 156-1 at 13. However, apart from a reference to Facebook's purported "market price" of $20.00 per month for user data, the disclosure does not describe how the Consumer

Plaintiffs compute damages. *Id.* at 13-14. Instead, the disclosure refers in a superficial manner to "publicly-available documents" that the Consumer Plaintiffs say support a damages estimate of at least "tens of billions of dollars." The Consumer Plaintiffs do not identity the documents or other evidentiary material on which they rely, and they make no representations about making producing these documents to Facebook. *See id.*

The Court agrees with Facebook that this disclosure does not meet the requirements of Rule 26(a)(1)(A)(iii). If the Consumer Plaintiffs seek damages based on provision of user data without adequate compensation, they must identify the data for which insufficient compensation was provided and an estimate of its value, as well as the methodology used to compute the estimate and the evidentiary material on which they rely. If the Consumer Plaintiffs seek damages based on something other than the uncompensated value of their data, they must describe with greater specificity the nature of the harm for which they claim damages, the methodology on which they rely to compute damages, and an estimate of the amount of damages claimed. In addition, the Consumer Plaintiffs must identify the documents or other evidentiary material on which they base their damages computation or produce the materials to Facebook.

As noted above, the fact that expert testimony may be necessary for a full disclosure of the Consumer Plaintiffs' damages computation, does not relieve the Consumer Plaintiffs of their obligation to timely supplement their initial disclosures as their damages theories develop.

### III.  CONCLUSION

The Consumer Plaintiffs must supplement their initial disclosures regarding damages by **November 3, 2021**. The Advertiser Plaintiffs need not supplement their disclosures at this time.

**IT IS SO ORDERED.**

Dated: October 13, 2021

VIRGINIA K. DEMARCHI
United States Magistrate Judge