**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Stephen A. Swedlow (*pro hac vice*)
stephenswedlow@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: 312-705-7400

**HAGENS BERMAN SOBOL SHAPIRO LLP**
Shana E. Scarlett (CA 217895)
shanas@hbsslaw.com
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: 510-725-3000

*Interim Co-Lead Consumer Class Counsel*

**BATHAEE DUNNE LLP**
Yavar Bathaee (CA 282388)
yavar@bathaeedunne.com
445 Park Avenue, 9th Floor
New York, NY 10022
Telephone: 332-322-8835

**SCOTT + SCOTT ATTORNEYS AT LAW LLP**
Kristen M. Anderson (CA 246108)
kanderson@scott-scott.com
230 Park Avenue, 17th Floor
New York, NY 10169
Telephone: 212-223-6444

*Interim Co-Lead Advertiser Class Counsel*

**WILMER CUTLER PICKERING HALE AND DORR LLP**
Sonal N. Mehta (CA 222086)
Sonal.Mehta@wilmerhale.com
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Telephone: 650-858-6000
Facsimile: 650-858-6100

David Z. Gringer (*pro hac vice*)
David.Gringer@wilmerhale.com
Ari Holtzblatt (*pro hac vice*)
Ari.Holtzblatt@wilmerhale.com
1875 Pennsylvania Ave NW
Washington, DC 20006
Telephone: 202-663-6000
Facsimile: 202-663-6363

*Attorneys for Defendant Facebook, Inc.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| MAXIMILIAN KLEIN, et al., on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> FACEBOOK, INC., a Delaware Corporation headquartered in California, <br><br> Defendant. | Case No. 5:20-cv-08570-LHK <br><br> **[PROPOSED] STIPULATED DEPOSITION PROTOCOL** <br><br> Judge: Hon. Virginia K. DeMarchi <br><br> Re: Dkt. No. 173-1 |

The Parties hereby stipulate and agree to the following deposition protocol:

## 1.   NUMBER OF DEPOSITIONS

a)      Plaintiffs collectively may depose current Facebook employees in this case for a total of 200 hours of testimony (unless otherwise agreed to by counsel or by court order).  Any deposition noticed pursuant to Fed. R. Civ. P. 30(b)(1) shall count for a minimum of three hours towards the total, even if the deposition runs for less than three hours.   Depositions noticed pursuant to Fed. R. Civ. P. 30(b)(6) shall count against the total, and the total number of hours of 30(b)(6) testimony of Facebook shall not exceed 21 hours (unless otherwise agreed to by counsel or by court order).  Each Rule 30(b)(1) deposition of a current Facebook employee shall be limited to seven hours (unless otherwise agreed to by counsel or court order).  To the extent that a current Facebook employee who has testified or will testify as a Rule 30(b)(1) deponent will provide corporate testimony on behalf of Facebook pursuant to Rule 30(b)(6), that witness's Rule 30(b)(6) testimony shall be limited (unless otherwise agreed to by counsel or court order) to 7 hours (in addition to the 7-hour limit on Rule 30(b)(1) testimony).  No witness may be deposed more than once, except by agreement of counsel or court order.  Facebook may depose each named Plaintiff or class representative.  The parties shall meet and confer about limitations on additional categories of depositions as the case progresses, including non-party depositions (including former Facebook employees), and expert depositions.  The parties shall also meet and confer to endeavor to agree to a stipulation as to the authenticity of documents produced in this case to obviate the need for additional depositions.

b)      The parties shall meet and confer about 30(b)(6) topics and designees.

c)      The limitations herein on depositions are presumptive only.  The purpose of these presumptive limits is to encourage the judicious use of depositions, not to arbitrarily restrict access to evidence.  The number of depositions may be expanded by stipulation, or for good cause upon motion to the Court.  This order does not limit any Party's right to object to or seek a protective order with respect to any deposition noticed in this case.  In addition, the presumptive number of

depositions is without prejudice to any Party seeking to expand or further limit the number of depositions.

d)      To the extent that any Party contends that the time provided for deposition in Rule 30(d)(1), namely that an individual fact deposition is limited to 1 day of 7 hours, is insufficient to adequately complete a particular deposition, counsel for the Party and counsel for the witness shall, prior to any relief being sought from the Court, meet and confer to attempt to reach agreement on the length of the deposition.

**2.     REMOTE DEPOSITIONS**

a)      **Applicability**:  As part of the consultation concerning deposition scheduling required under N.D. Cal. Local Rule 30-1, the Parties shall discuss whether any deposition shall occur in person or remotely.  Any disputes between the Parties as to whether a deposition should be taken in person or remotely may be submitted to the Court pursuant to the discovery dispute resolution procedure outlined in Judge DeMarchi's Standing Order for Civil Cases.  Nothing herein shall prevent the parties from agreeing or the court from ordering a deposition to proceed in person, or defending counsel from being physically present in the same room as the deponent regardless of whether the deposition proceeds in person.  Counsel may participate in any deposition remotely.  Where the witness, defending counsel, and/or deposing counsel appear for a deposition remotely, the following remote deposition protocol shall apply.

b)      **Vendor**:  The noticing party may select remote court reporting, videoconference, and remote deposition services vendors of their choosing.  The protocols listed below shall govern the taking of all remote depositions, regardless of the selected vendor, unless the Parties agree in writing or on the record to a modification.  The remote deposition services vendor shall utilize technology that allows each participant to the deposition, including the witness, to control their version of any electronic exhibit introduced at the deposition.  Specifically, the witness, and each participant, shall have the ability to scroll through the entire exhibit on his or her own, using the controls on his or her computer.  The questioning attorney may, however, utilize technology to direct the witness and participants to particular parts of an exhibit.  The remote deposition services

vendor shall use an exhibit-sharing platform capable of complying with the requirement of Section 7.1 of the Stipulated Protective Order that access to Protected Material be limited to persons authorized under that Order (e.g., by password-protecting all Protected Material to be shared over that platform, and ensuring that individuals who are not entitled to view material designated as Confidential or Highly Confidential do not have access to such material).

c)     **Length of Deposition**:  If audio or technical issues impact the ability to proceed with the deposition, then the Parties will meet in good faith to continue the deposition.

d)     **Notice of Remote Deposition**:  Any Party may notice a deposition to be taken remotely pursuant to the terms of this protocol by so indicating in the notice of deposition.

e)     **Remote Administration of Oath and Video Recording**:  The Parties agree and the Court finds that a court reporter may administer the oath to a deponent remotely, even if the court reporter is not in the physical presence of the witness.  Further, if a court reporter is not authorized to take oaths in the place of examination pursuant to Federal Rule of Civil Procedure 28, the Parties agree and the Court finds that extenuating circumstances warrant proceeding with the administration of such oaths remotely and that the transcripts and video recordings may be used by or against all Parties in this Litigation to the same extent that would otherwise be permissible under applicable court orders, rules of court, rules of procedure and rules of evidence. The Parties further stipulate and the Court finds, pursuant to Federal Rule of Civil Procedure 29(a), that the recorded video provided in a digital file by the court reporting service or platform vendor may be used as if it were a recording prepared by a certified videographer, and that each side will waive any objections based on authenticity.  The Parties will cooperate on technical issues regarding the digital file (e.g., assuring audio and video quality, displaying exhibits, removing segments that were off the record, and affixing time stamps).

f)     **Video-conferencing**:  Where the witness, defending counsel, and/or the deposing counsel are appearing for the deposition remotely, then a video conferencing service will be utilized and such video may be recorded by a certified videographer for later use in proceedings in this case, including trial.  Such video may not be recorded except by a certified videographer

who has executed Exhibit A to the Stipulated Protective Order.  The video-conferencing software must have sufficient security features in place to prevent disclosure of Protected Information to individuals who are not authorized to view such information under the Stipulated Protective Order. Details regarding the video conferencing to be used for each deposition will be made available to all Parties at least 3 (three) business days before the deposition.  Deposing counsel and defending counsel shall meet, confer, and cooperate to ensure that the deponent has technology sufficient to attend a deposition via remote means.  If necessary, this shall include arranging for the witness to participate in a "test run" of the deposition video conferencing software being utilized, at least 1 (one) day before the scheduled date of the deposition.  The Parties will discuss any further details related to the video conferencing service in advance of the deposition, and if there are any disagreements, will raise those with the Court.  To the extent possible, the video conferencing service should display the witness, defending counsel, and deposing counsel on the video screen at all times, unless one or more counsel must be taken off screen to display an Exhibit; however, the witness should always be on screen.  There should be no unrecorded or unnoted conversations between the witness and any counsel involved in this case (including the defending counsel) during a remote deposition while the witness is on the record and deposing counsel may ask the witness and his/her counsel to certify, on the record, that no such conversations have taken place. Furthermore, witnesses in depositions taken pursuant to this protocol shall not use or consult any means of communications while on the record during the deposition (other than audio and video communications used to conduct the deposition itself), including without limitation electronic communications (email, text, social media) and other communications (phone), and all counsel attending the deposition will also stipulate, on the record and at the beginning and end of each deposition, that they (and any individual working with them) will not communicate and have not communicated with the witness (respectively) while the witness is on the record other than in the presence of the court reporter and videographer.  Nothing in this order prevents a witness from seeking advice regarding the application of a privilege or immunity from testifying during the course of a deposition taken pursuant to this order.  All participants in the deposition shall have:

(1) a reliable internet connection capable of supporting video feeds; (2) a computer or personal tablet with a camera; (3) telephone and/or audio capabilities; and (4) access to a private, quiet room, where the confidentiality of the proceedings may be preserved for the entirety of the deposition.  Before the deposition, counsel for the witness shall make reasonable efforts to ensure that the deponent has access to the necessary equipment and software to participate in the deposition remotely.  If the deponent is a non-party witness, the noticing party shall be responsible for making reasonable efforts to ensure that the witness has access to all necessary equipment and software.  All participants who connect to the audio/video platform must connect through a private, password-protected network.  Connection through a public Wi-Fi network is not permitted.  A copy of this protocol shall be sent to all non-party witnesses along with their subpoena for deposition.

g)      **Deposition Recording**:  In addition to recording the deposition by stenographic means, the deposing Party may record the deposition by video.  The video recording shall be limited to the witness; however, this provision is separate from, and does not supplant, the individuals that should be displayed (rather than recorded for the official deposition video) during the deposition.  Deposing counsel is responsible for ensuring that the remote means utilized for a deposition allow for the court reporter to accurately record the deponent's testimony.  Either deposing or defending counsel may elect to have a technical specialist attend a deposition taken by remote means to ensure that technical issues are dealt with in a timely manner.  Deposing counsel may also elect to have an exhibit specialist attend a deposition taken by remote means to ensure that exhibits are properly displayed during deposition.  If deposing counsel utilizes an exhibit specialist, deposing counsel will act in good faith to make their exhibit specialist available to assist the defending counsel or other Parties to present any exhibits to the witness during cross-examination or redirect.  For purposes of clarity, information designated under the Stipulated Protective Order may be disclosed to such technical or exhibit specialists during the course of a deposition without violating the Stipulated Protective Order, provided they have signed Exhibit A

to the Stipulated Protective Order.  No person other than a videographer or the court reporter shall record any deposition by any video or audio means.

h)  **Technical Issues**:  Should technical issues, such as audio or video issues, prevent the court reporter, witness, deposing counsel or defending counsel from reliably seeing one another, hearing one another, or, in the case of the court reporter, transcribing the testimony, at any point during a deposition taken pursuant to this order, the deposition shall be recessed until the technical issue is resolved.  If such technical issue cannot be remedied in a timely manner, deposing counsel and defending counsel shall meet, confer, and cooperate with one another to address the problem, including but not limited to rescheduling the deposition.  Any delays caused by technical issues shall not be counted toward time on the record, and the Parties will act in good faith to account for any such delays.  This protocol shall not be interpreted to compel any Party to proceed with a deposition where the deponent cannot hear or understand the other participants or where the participants cannot hear or understand the deponent.

i)  **Individuals Present**:  No person, other than the defending attorney, may be in the room with the witness while the witness is providing testimony on the record during a remote deposition.  If the defending attorney is in the same room as the witness, the defending attorney shall be visible by video at all times while the witness is giving deposition testimony on the record. No person shall communicate with the witness via outside means, including, but not limited to, electronic communications (email, text, social media) and other communications (phone), while the witness is giving deposition testimony on the record, regardless of whether or not a question is then pending before the witness.  This provision does not prohibit a witness from communicating with other persons during breaks, to the extent such communications are otherwise permitted by this protocol.

j)  **Objections**:  If a technical issue prevents defending counsel from hearing a question and/or interposing a timely objection on the record, then defending counsel shall notify the deposition attendees as soon as possible (e.g., by using the chat features of the video conference or emailing counsel).  Defending counsel's objection to that question is preserved if (i) the

objection is asserted promptly on the record after the technical issue is resolved, or (ii) if the technical issue cannot be resolved and the deposition is continued, the objection may be asserted in writing to deposing counsel and the court reporter within three business days of receiving the rough transcript that includes the question at issue.  Any dispute about the validity of such an objection may be presented to the Court.

k)      **Electronic Exhibits**:  Deposing counsel shall be responsible for ensuring that any exhibits that they wish to mark and use at the deposition can be shown to the witness and defending counsel in a manner that enables the witness and defending counsel to independently review the exhibits during the course of the deposition.  Such means of marking and using exhibits for the deposition shall include (a) emailing pre-marked exhibits to the witness, defending counsel, and the court reporter in advance of the deposition; (b) using a video conferencing platform or other electronic application for presenting exhibits that enables deposing counsel to share exhibits with the witness, court reporter, and defending counsel; and (c) any other means that the deposing and defending counsel agree to.  Deposing counsel shall provide electronic copies of exhibits introduced during the course of a deposition, either via email, deposition exhibit software, or via a pre-arranged FTP or file-sharing site, to ensure that opposing counsel may participate in the deposition.  Deposing counsel shall not begin questioning a witness concerning an electronic exhibit until that exhibit has been received by defending counsel.

*l*)      **Deposition Exhibits**:  At least seventy-two (72) hours before the remote deposition, the deposing party shall provide PDF files of the documents it intends to introduce in that deposition to a vendor agreed upon by the parties.  The vendor shall not disclose these PDFs or any of their content to any party or entity except as described in this provision.  Deposing counsel shall provide the vendor a numerical identifier for each PDF file.  Prior to the deposition, the vendor shall provide one hard copy of each PDF file to the witness and one hard copy to non-deposing counsel; each hard copy shall be in its own sealed envelope which shall bear the numerical identifier for the enclosed document and no other information.  Both non-deposing counsel and the witness may open exhibit-containing envelopes only on the record at the

deposition at the instruction of the deposing attorney.  After the deposition, non-deposing counsel and the witness shall destroy any sealed envelopes that are not opened on the record during the deposition without opening the sealed envelopes.  Such envelopes and their contents shall be destroyed using procedures applying to Confidential documents under the Stipulated Protective Order.  The deposing party shall make best efforts to identify documents that it intends to introduce in deposition sufficiently in advance of the deposition to provide them to the vendor in accordance with this provision.  This provision does not prohibit the deposing party from introducing additional exhibits during the deposition by providing electronic copies of exhibits introduced during the course of a deposition, either via email, deposition exhibit software, or via a pre-arranged FTP or file-sharing site.  This provision also does not apply to exhibits that are not reasonably usable in hard-copy format, such as voluminous excel spreadsheets.  With respect to any witness, including an expert witness, for whom the notice or subpoena calls for the witness to bring certain documents with him or her to the deposition, the requested documents and any objections to the requests shall be provided to the noticing counsel electronically (e.g., by email or secure file transfer) at least twenty-four hours in advance of the deposition.  To the extent a witness reviews a document in the course of his or her testimony that was not marked as an exhibit in the deposition, the witness shall immediately make clear on the record that he or she is doing so, and the document shall be immediately provided to all Parties.

m)      **Prohibited Devices**:  Apart from the technology needed to participate in the remote deposition, the witness shall not use any technology, including, but not limited to, a computer, personal tablet, smartphone, or smartphone extension (such as a smartwatch), while giving deposition testimony on the record, except to the extent that technology is necessary for the witness to participate in the deposition.  This provision does not prohibit the witness from using such technology to communicate with his or her counsel before the deposition, during breaks, or after the deposition, when the witness is not providing sworn testimony on the record, to the extent such communications are permitted.

n)      **Breaks**:  Deposition breaks shall not be recorded and all videoconference and telephone lines shall be muted during deposition breaks.

o)      **Privileged Information**:  If privileged information is disclosed during the deposition due to a technical disruption or is inadvertently captured by a videoconferencing or other recording device, such disclosure shall not be deemed a waiver of privilege.

p)      **Consent of Witnesses**:  All party witnesses shall agree to abide by the terms of this protocol on the record at the beginning of the deposition.

q)      **Miscellaneous**

i.      The court reporter shall make Realtime feeds available to all counsel participating in a deposition at either party's request.  Absent a special need, the witness will not have access to or use of the Realtime feed from the court reporter at any time during the deposition.

ii.     Witnesses shall not wear a mask when providing testimony on the record during a remote deposition, regardless of whether others are physically present.

iii.    Witnesses will testify on the record that they do not have any notes or documents available to them while the deposition is on the record, other than any that are disclosed and provided to all Parties.

iv.     All objections to the use and admissibility of the transcript or video of a deposition taken pursuant to this order based solely on the fact that the deposition was taken by remote means are deemed waived.  The Parties reserve all other objections to the use of any deposition testimony.

v.      An objection on behalf of one plaintiff is deemed an objection on behalf of all plaintiffs.

3.      **<u>SCHEDULING OF DEPOSITIONS</u>**

Absent consent of the relevant Parties, which will not be unreasonably withheld, no depositions may be scheduled on federal holidays, or days of religious observance, to the extent

the witness observes such day.  The Parties shall make reasonable efforts to schedule depositions to begin at 9:00 a.m. (time zone of deponent during deposition) on Monday through Friday, unless otherwise agreed to by counsel.

**4.     ATTENDANCE**

A deposition (whether in-person or remote) may only be attended by counsel of record in the case; members and employees of their firms; experts and consultants retained by their firms in connection with the case; attorneys specifically engaged by a Party in the case for purposes of the deposition; in-house counsel for a Party or a designated representative of that Party; court reporters; videographers; the deponent; a representative of a corporate/entity deponent (in the case of a 30(b)(6) deposition); and counsel for the deponent.  While the deponent is being examined about any material designed as Confidential or Highly Confidential, persons to whom disclosure of such material is not authorized under the Stipulated Protective Order shall be excluded from the deposition.   To the extent any provision in this Protocol conflicts with the Stipulated Protective Order, the terms of the Stipulated Protective Order shall control.

**5.     USE OF DOCUMENTS FOR DEPOSITIONS**

The Parties will seek to agree upon a single court reporting service.  To the extent that the Parties reach agreement on a single court reporting service, that service will maintain a Master Exhibit List which will be circulated by e-mail periodically to all Parties.  Unless otherwise agreed upon by the Parties, the noticing Party must work with the court reporting service to update the Master Exhibit List so that every exhibit marked at a deposition is listed thereon within three business days of the day it was first marked.  The index of exhibits annexed to each deposition transcript shall contain the document-production (Bates) number, the number for each exhibit marked for identification at the deposition, and each exhibit referred to in the deposition.  The court reporting service shall be responsible for ensuring that all exhibits marked at depositions are accessible on a File Transfer Protocol site to all counsel in the case within twenty-four hours of being marked as deposition exhibits, and that only those individuals authorized to view documents

marked as "Confidential," or "Highly Confidential" under the Stipulated Protective Order have access to such documents.

Exhibit numbers will be assigned by the attorney taking the deposition and/or the court reporter service sequentially regardless of what Party marks the exhibit, and numbering of exhibits at each successive deposition will resume where the numbering at the preceding deposition ended. The attorney taking the deposition and/or the court reporting service will use 100 exhibit gaps when depositions are occurring on the same day.  Counsel will make their best efforts to use the previously marked exhibit number in subsequent depositions.

If the pages of an exhibit are not numbered internally, the court reporting service shall be responsible for appending page number designations preceded by the exhibit number (e.g., Exhibit 100-2, 100-3, 100-4), consistent with N.D. Cal. Local Rule 30-2(b)(2).

**6.**   **CONFIDENTIALITY**

The use of documents at deposition and testimony taken at all depositions shall be governed by the Stipulated Protective Order.

**7.**   **RESERVATION OF RIGHTS**

Agreement to this Protocol does not constitute in any way an agreement or concession that a Party is entitled to the discovery requested, that any particular notice, cross-notice, or subpoena of a deposition is proper, or that any particular deposition is appropriate and relevant to the subject matter of the case, and does not constitute a waiver of any objections regarding such notices, the admissibility of evidence, or any defense except as set forth above.  Furthermore, the admissibility of any deposition testimony at trial remains subject to all applicable laws and court rules, and the Parties expressly reserve all objections on all grounds regarding the admissibility of such testimony except as set forth above.

1    **8.    <u>MODIFICATION</u>**

2         This Order may be modified by the Parties on their own motion or the Court on its own

3    motion for good cause shown.

4

5         PURSUANT TO STIPULATION, IT IS SO ORDERED.

6

7    DATED: _____October 29, 2021_____        *Virginia K. DeMarchi*

8                                                  Hon. Virginia K. DeMarchi
                                                   United States Magistrate Judge

[PROPOSED] STIPULATED DEPOSITION PROTOCOL
No. 5:20-cv-08570-LHK