**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Stephen A. Swedlow (*pro hac vice*)
stephenswedlow@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: 312-705-7400

**HAGENS BERMAN SOBOL SHAPIRO LLP**
Shana E. Scarlett (CA 217895)
shanas@hbsslaw.com
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: 510-725-3000

*Interim Co-Lead Consumer Class Counsel*

**BATHAEE DUNNE LLP**
Yavar Bathaee (CA 282388)
yavar@bathaeedunne.com
445 Park Avenue, 9th Floor
New York, NY 10022
Telephone: 332-322-8835

**SCOTT + SCOTT ATTORNEYS AT LAW LLP**
Kristen M. Anderson (CA 246108)
kanderson@scott-scott.com
230 Park Avenue, 17th Floor
New York, NY 10169
Telephone: 212-223-6444

*Interim Co-Lead Advertiser Class Counsel*

**WILMER CUTLER PICKERING HALE AND DORR LLP**
Sonal N. Mehta (CA 222086)
Sonal.Mehta@wilmerhale.com
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Telephone: 650-858-6000
Facsimile: 650-858-6100

David Z. Gringer (*pro hac vice*)
David.Gringer@wilmerhale.com
Ari Holtzblatt (*pro hac vice*)
Ari.Holtzblatt@wilmerhale.com
1875 Pennsylvania Ave NW
Washington, DC 20006
Telephone: 202-663-6000
Facsimile: 202-663-6363

*Attorneys for Defendant Facebook, Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| MAXIMILIAN KLEIN, et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FACEBOOK, INC., a Delaware Corporation headquartered in California,<br><br>Defendant. | Case No. 5:20-cv-08570-LHK<br><br>**STIPULATED [PROPOSED] ORDER REGARDING EXPERT DISCOVERY**<br><br>Judge: Hon. Virginia K. DeMarchi<br><br>Re:  Dkt. No. 173-2 |

1. <u>Expert Discovery</u>.  Expert reports under Fed. R. Civ. P. 26(a)(2) shall be exchanged pursuant to the schedule governing this case, except that (a) neither side must preserve or disclose to the other side, for purposes of complying with Fed. R. Civ. P. 26(a)(2), the following documents or materials: (i) any form of oral or written communications, correspondence, or work product not relied upon by the expert in forming any opinions in his or her final report shared between: (A) the expert and any persons assisting the expert; (B) any parties' counsel and their experts, or between any agent or employee of any parties' counsel and their experts; (C) testifying and non-testifying experts; (D) non-testifying experts; or (E) testifying experts; (ii) expert's notes, except for notes of interviews participated in or conducted by the expert if the expert relied upon such notes in forming any opinions in his or her final report; (iii) drafts of expert reports, draft agreements, draft expert affidavits, draft expert declarations, or work papers, and other types of preliminary work created by or for experts; and (iv) data formulations, data runs, data calculations, data analyses, or any database-related operations not relied upon by the expert in forming any opinions in his or her final report.

(b) The parties agree that the following materials will be disclosed within three days of each expert report, affidavit, or declaration (with the exception of any report, affidavit or declaration in support of, or in opposition to class certification, when such information must be disclosed at the same time as service of the submission) is served (i) a list of all documents relied upon by the expert in forming any opinions in his or her report, affidavit, or declaration including Bates numbers of documents previously produced; (ii) copies of all materials relied upon by the expert in forming any opinions in his or her report, affidavit, or declaration that were not previously produced and that are not readily available publicly; (iii) a list of all publications authored by the expert in the previous 10 years; (iv) copies of all publications authored by the expert in the previous 10 years that are not readily available publicly; (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition, including tribunal and case number; and (vi) for all calculations appearing in the report, the data set and programs underlying the calculations that were relied upon by the expert, including all programs and codes

necessary to recreate the calculations from the data sets. The parties shall meet-and-confer concerning any use of demonstratives prepared by an expert at any hearing or at trial.

2.     <u>Clawback</u>.  A party shall have 14 business days from service of an expert report, declaration, or affidavit to claw back any document expressly relied upon by the authoring expert. Such documents typically will be cited or referenced specifically in the expert's report, declaration, or affidavit and/or used or discussed in such materials. The 14 business day clawback period does not apply to documents that are merely listed as materials an expert received or considered. A party's failure to claw back a document within the 14 business day period shall render that document ineligible for clawback under this Order. Such ineligibility for clawback of that document under this Order shall not result in a subject matter waiver in this or any other state or federal proceeding.

3.     <u>Format of Expert Discovery</u>.  No subpoena for deposition or documents need be served on any testifying Expert. Instead, the party who retained the Expert shall make the Expert available for a deposition at a time and place mutually agreeable to the parties.

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED:   October 29, 2021

Hon. Virginia K. DeMarchi
United States Magistrate Judge