**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Stephen A. Swedlow (*pro hac vice*)
stephenswedlow@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: 312-705-7400

**HAGENS BERMAN SOBOL SHAPIRO LLP**
Shana E. Scarlett (CA 217895)
shanas@hbsslaw.com
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: 510-725-3000

*Interim Co-Lead Consumer Class Counsel*

**BATHAEE DUNNE LLP**
Yavar Bathaee (CA 282388)
yavar@bathaeedunne.com
445 Park Avenue, 9th Floor
New York, NY 10022
Telephone: 332-322-8835

**SCOTT + SCOTT ATTORNEYS AT LAW LLP**
Kristen M. Anderson (CA 246108)
kanderson@scott-scott.com
230 Park Avenue, 17th Floor
New York, NY 10169
Telephone: 212-223-6444

*Interim Co-Lead Advertiser Class Counsel*

**WILMER CUTLER PICKERING HALE AND DORR LLP**
Sonal N. Mehta (CA 222086)
Sonal.Mehta@wilmerhale.com
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Telephone: 650-858-6000
Facsimile: 650-858-6100

David Z. Gringer (*pro hac vice*)
David.Gringer@wilmerhale.com
Ari Holtzblatt (*pro hac vice*)
Ari.Holtzblatt@wilmerhale.com
1875 Pennsylvania Ave NW
Washington, DC 20006
Telephone: 202-663-6000
Facsimile: 202-663-6363

*Attorneys for Defendant Facebook, Inc.*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| MAXIMILIAN KLEIN, et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FACEBOOK, INC., a Delaware Corporation headquartered in California,<br><br>Defendant. | Case No. 5:20-cv-08570-LHK<br><br>**[PROPOSED]** STIPULATED PRIVILEGE PROTOCOL<br><br>Judge: Hon. Virginia K. DeMarchi<br><br>Re: Dkt. No. 173-3 |

1. **PURPOSE AND LIMITATIONS**

For good cause shown, the Court hereby enters the following Privilege Protocol and order governing the production of privilege logs in this proceeding.[1] Capitalized terms not defined in this Protocol shall have the meaning ascribed to them in the Protective Order, the 502(d) Order, the Expert Protocol and/or the ESI Protocol.

2. **CLAIMS OF PRIVILEGE**

A. <u>Production of Privilege Logs</u>: Except as provided otherwise below, for any document withheld in whole or in part, the Producing Party will produce privilege logs in MS Excel format. Privilege logs shall be produced according to the following schedule:

    i. Exchange of interim privilege log 1: Thursday, January 20, 2022 (covering productions made on or before December 3, 2021);

    ii. Exchange of interim privilege log 2: Thursday, April 7, 2022 (covering productions made on or before February 21, 2022);

    iii. Exchange of interim privilege log 3: Wednesday, June 15, 2022 (covering productions made on or before May 1, 2022); and

    iv. For any productions that occur after May 1, 2022, the production of a privilege log will occur promptly, but in no event more than 60 days after a given production, unless otherwise agreed by the parties.

B. <u>Exclusions from Logging Documents Reflecting Privileged Communications or Work Product</u>: Communications or work product involving counsel that post-date the filing of the complaint need not be placed on a privilege log. Communications or work product involving counsel that relate to this case likewise need not be placed on a privilege log.

C. <u>Metadata Log</u>. Each Party's Privilege Log must provide the objective metadata listed below (to the extent it is reasonably available and does not reflect privileged or protected

---

[1] For the avoidance of doubt, the provisions of this Privilege Protocol shall not apply to privilege logs created for purposes of other cases or investigations and re-produced in this case. To the extent such logs are re-produced, they shall be provided in the same format in which they were originally produced.

information) and the privilege or protection being asserted (e.g., attorney-client; attorney work product; joint defense and/or common interest, etc.) and a category description (e.g., "advice re FTC investigation"). The party need not include a more detailed description of the document or the factual basis for the assertion of a privilege or protection unless the disclosure of that additional information is necessary to resolve a dispute.  Attorneys or their staff must be identified on the log with an asterisk (or similar notation).

      i.      Objective metadata includes the following fields, as defined in the Order Regarding Discovery of Electronically Stored Information (to the extent these fields are available for a particular document), though it does not have to be in the order set forth below:

1. BEGBATES[2]
2. ENDBATES
3. BEGATTACH
4. ENDATTACH
5. FILENAME
6. EMAILSUBJECT
7. AUTHOR
8. TO/FROM/CC/BCC
9. DATESENT
10. DATERECEIVED
11. DATECREATED
12. CUSTODIAN
13. ALLCUSTODIANS

      ii.      <u>Email.</u> If there is more than one branch of (i.e., more than one unique group of recipients of) an email thread, each branch will be individually logged; however, each individual email within the thread need not be logged if the

---

[2] A document being entirely withheld may not receive a Bates ID and an alternative ID may be provided.

|     |      |                                                                                  |
|-----|------|----------------------------------------------------------------------------------|
|     |      | recipients of the email chain are all identical.  Attachments to emails shall be logged as separate documents on the log, with family relationships identified. |
|     | iii. | Following the receipt of a Privilege Log, a Receiving Party may challenge, in writing, any entry on the log.  The producing Party shall endeavor to respond to such reasonable requests (in number or volume) within 14 days.  The Producing Party and the Receiving Party shall meet and confer on this challenge to try to reach a mutually agreeable solution.  If they cannot agree, the matter may be brought to the Court in accordance with the procedure outlined in Magistrate Judge DeMarchi's Standing Order for Civil Cases. |
|     | iv.  | <u>Challenges to Privilege Claims</u>: Following the receipt of a privilege log or documents that have been redacted for privilege, a Receiving Party may identify, in writing (by Bates/unique ID), the particular documents that it believes require further explanation.  The Producing Party shall use reasonable efforts to respond to reasonable requests (in number or volume) within 14 days.  If a Party challenges a request for further information, the Parties shall meet and confer to try to reach a mutually agreeable solution. If they cannot agree, the matter may be brought to the Court in accordance with the procedure outlined in Magistrate Judge DeMarchi's Standing Order for Civil Cases. |
|     | v.   | <u>Changes to Redactions or Privilege Designations</u>: Where a Producing Party changes, in whole or in part, the redaction or privilege designation of a document, the updated document shall be produced with an overlay and load file indicating the document being replaced. The replacement document shall bear the same Bates numbers. |

**3.    NO WAIVER**

A.    Nothing in this Privilege Protocol shall be interpreted to require disclosure of irrelevant information or relevant information protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or immunity. Neither this Protocol nor the accompanying order waives any applicable privilege or other legal basis under which information may not be subject to production.

B.    The Parties do not waive any objections to the production, discoverability, admissibility, or confidentiality of documents and ESI.

C.    Nothing in this Protocol shall preclude or impair any and all protections provided by any Protective Order(s), 502(d) Order, Expert Protocol or ESI Protocol agreed and entered into by the Parties.

**4.    MODIFICATION**

This Privilege Protocol may be modified by a stipulated order of the Parties or by the Court for good cause shown.

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED:  October 29, 2021

Hon. Virginia K. DeMarchi
United States Magistrate Judge