# EXHIBIT H

WILMERHALE

September 27, 2021

**Molly Jennings**

+1 202 663 6947 (t)
+1 202 663 6363 (f)
molly.jennings@wilmerhale.com

Stephen A. Swedlow
Quinn Emanuel Urquhart & Sullivan, LLP
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
stephenswedlow@quinnemanuel.com

Yavar Bathaee
Bathaee Dunne LLP
445 Park Avenue, 9th Floor
New York, NY 10022
yavar@bathaeedunne.com

Shana E. Scarlett
Hagens Berman Sobol Shapiro LLP
15 Hearst Avenue, Suite 202
Berkeley, CA 94710
shanas@hbsslaw.com

Kristen M. Anderson
Scott+Scott Attorneys at Law LLP
230 Park Avenue, 17th Floor
New York, NY 10169
kanderson@scott-scott.com

Re:  *Klein v. Facebook*, Case No. 5:20-cv-08570-LHK

Dear Counsel,

I write in response to your September 10 letter challenging Facebook's June 2, June 13, August 17, and August 20 Clawback Notices.

As an initial matter, your challenge is untimely as to all but the August 20 Clawback Notice. The 502(d) order requires a receiving party to "notify the producing party of its challenge within 14 business days of receiving the Clawback Notice." Dkt. 107 at 3.

In any event, Facebook did not waive privilege in producing to the FTC the documents identified in its Clawback Notices. These protected documents were produced to the FTC inadvertently, contrary to the assertion in your letter. Fed. R. Evid. 502(b); 16 C.F.R. § 2.11(d). Furthermore, as Magistrate Judge DeMarchi has explained, the production of millions of pages of documents to the FTC, and the subsequent re-production of those documents in this case are "exactly the situations that 502(d) was adopted to address." Hr'g Tr. (May 25, 2021) at 6:23-24

The case cited in your letter, *In re Pacific Pictures Corp.*, 679 F.3d 1121 (9th Cir. 2012) addresses different circumstances and a form of intentional waiver (i.e., where the producing

**WILMERHALE**

September 27, 2021
Page 2

party "both solicited the subpoena and chose not to assert the privilege when it was appropriate to do so," *id.* at 1130 (internal quotations omitted)). It does not address the scenario where a party inadvertently produces protected materials to the government. Here, Facebook has also clawed back the documents from the FTC, further distinguishing these facts from those in *Pacific Pictures*.

Accordingly, and for the avoidance of doubt, Facebook will not reproduce the documents identified in your September 10 letter.

Best regards,

Molly Jennings