# EXHIBIT O

| | |
|---|---|
| **From:** | Jennings, Molly |
| **To:** | Brian Dunne; Andrew Williamson |
| **Cc:** | WH Facebook Private Antitrust Litigation Service List; Shana Scarlett; Clark, Brian D.; QE Facebook Antitrust; fb_advertisercounsel@scott-scott.com; Yavar Bathaee; Edward Grauman; Andrew Wolinsky; Christopher M. Burke; Kristen M. Anderson; Patrick McGahan; Mehta, Sonal; Gringer, David; Holtzblatt, Ari; Michael P. Srodoski; Brantley Pepperman |
| **Subject:** | RE: Klein et al v. Facebook, Case No. 5:20-cv-08570-LHK (N.D. Cal.) - Clawback Correspondence |
| **Date:** | Friday, October 1, 2021 6:30:42 PM |

Brian,

As we told you in our letter, the initial production to the FTC was inadvertent. Materials can be inadvertently produced even if part of a production to a regulator. The authority we cited in our letter makes clear that is not a privilege waiver.

I take your email to mean that *In re Pacific Pictures* is the only authority you are relying on here, but please let me know if I'm mistaken.

We look forward to discussing further next week. Have a nice weekend.

Molly

---

**From:** Brian Dunne <bdunne@bathaeedunne.com>
**Sent:** Thursday, September 30, 2021 9:27 PM
**To:** Jennings, Molly <Molly.Jennings@wilmerhale.com>; Andrew Williamson <awilliamson@bathaeedunne.com>
**Cc:** WH Facebook Private Antitrust Litigation Service List <WHFacebookPrivateAntitrustLitigationServiceList@wilmerhale.com>; Shana Scarlett <shanas@hbsslaw.com>; Clark, Brian D. <bdclark@locklaw.com>; QE Facebook Antitrust <qefacebookantitrust@quinnemanuel.com>; fb_advertisercounsel@scott-scott.com; Yavar Bathaee <yavar@bathaeedunne.com>; Edward Grauman <egrauman@bathaeedunne.com>; Andrew Wolinsky <awolinsky@bathaeedunne.com>; Christopher M. Burke <cburke@scott-scott.com>; Kristen M. Anderson <kanderson@scott-scott.com>; Patrick McGahan <pmcgahan@scott-scott.com>; Mehta, Sonal <Sonal.Mehta@wilmerhale.com>; Gringer, David <David.Gringer@wilmerhale.com>; Holtzblatt, Ari <Ari.Holtzblatt@wilmerhale.com>; Michael P. Srodoski <msrodoski@scott-scott.com>; Brantley Pepperman <brantleypepperman@quinnemanuel.com>
**Subject:** Re: Klein et al v. Facebook, Case No. 5:20-cv-08570-LHK (N.D. Cal.) - Clawback Correspondence

**EXTERNAL SENDER**

Thank Molly. We'll check our schedules.

To help us prepare, please provide any correspondence with the FTC about this clawback, because the assertions in your letter made no sense. The materials in question were produced—voluntarily,

whether Facebook now admits it or not—years ago in a civil investigation, not a lawsuit. Facebook never clawed them back. Facebook was later sued, which is a different proceeding, and (according to your assertions) decided at that point to claim privilege. There is no such thing as springing privilege because Facebook changed its mind. Once waived through voluntary production in a civil investigation, attorney-client privilege cannot reappear.

Facebook's assertion that *In re Pacific Pictures* is inapplicable is incorrect on its face, for reasons the panel in that case itself explained when it rejected the argument that production of the there-challenged documents was not "voluntary." But of more immediate concern for me in connection with this dispute is the dearth of explanation for Facebook's other claims in its letter—principally, the details of the supposedly-dispositive correspondence between Facebook and the FTC. No matter what y'all said to the FTC in district court in 2021, it couldn't suddenly un-waive attorney-client privilege from a civil investigation in 2018 (*see In re Pacific Pictures* but also, *cf.* the entire history of privilege law…), but if Facebook really thinks that what went down in D.D.C. has any bearing at all on this dispute, please send whatever correspondence you believe to be relevant our way, and I'll review it before our meet-and-confer. What I've heard from your end thus far has not been compelling.

We disagree on the timeliness issues, but hopefully we can work this out on the merits. Your position is duly noted.

We'll revert as soon as feasible on your proposed times.

Brian

**From:** Jennings, Molly <Molly.Jennings@wilmerhale.com>
**Sent:** Thursday, September 30, 2021 5:55:32 PM
**To:** Andrew Williamson <awilliamson@bathaeedunne.com>
**Cc:** WH Facebook Private Antitrust Litigation Service List <WHFacebookPrivateAntitrustLitigationServiceList@wilmerhale.com>; Shana Scarlett <shanas@hbsslaw.com>; Clark, Brian D. <bdclark@locklaw.com>; QE Facebook Antitrust <qefacebookantitrust@quinnemanuel.com>; fb_advertisercounsel@scott-scott.com <fb_advertisercounsel@scott-scott.com>; Yavar Bathaee <yavar@bathaeedunne.com>; Edward Grauman <egrauman@bathaeedunne.com>; Andrew Wolinsky <awolinsky@bathaeedunne.com>; Christopher M. Burke <cburke@scott-scott.com>; Kristen M. Anderson <kanderson@scott-scott.com>; Patrick McGahan <pmcgahan@scott-scott.com>; Mehta, Sonal <Sonal.Mehta@wilmerhale.com>; Gringer, David <David.Gringer@wilmerhale.com>; Holtzblatt, Ari <Ari.Holtzblatt@wilmerhale.com>; Michael P. Srodoski <msrodoski@scott-scott.com>; Brantley Pepperman <brantleypepperman@quinnemanuel.com>; Brian Dunne <bdunne@bathaeedunne.com>
**Subject:** RE: Klein et al v. Facebook, Case No. 5:20-cv-08570-LHK (N.D. Cal.) - Clawback Correspondence

Andrew,

The 502(d) order requires that the parties meet-and-confer on clawback disputes within 14 business days of the date a producing party receives notice of a clawback challenge.  Dkt. 107 § 2(d).  Given that Brian's letter challenging the clawbacks (which was itself untimely, for the reasons described in our letter) was received on September 10, the deadline for the parties to meet-and-confer was today.

We are nonetheless willing to meet-and-confer with you in order to determine if we can resolve this dispute short of court intervention.  (If we are unable to resolve this dispute, we of course reserve the right to argue that your challenges were untimely twice over.)

We are not available during the window you proposed on Monday 10/4, but could confer on Wednesday, 10/6 between 12-1 PT or Thursday, 10/7 between 10-11 or 3-4 PT.

Finally, to ensure a productive meet-and-confer that engages on substantive law, please send along any authority (other than *In re Pacific Pictures*, which is inapplicable for the reasons explained in our letter) that supports your position.

Thanks,

Molly

---

**From:** Andrew Williamson <awilliamson@bathaeedunne.com>
**Sent:** Thursday, September 30, 2021 2:00 PM
**To:** Jennings, Molly <Molly.Jennings@wilmerhale.com>
**Cc:** WH Facebook Private Antitrust Litigation Service List <WHFacebookPrivateAntitrustLitigationServiceList@wilmerhale.com>; Shana Scarlett <shanas@hbsslaw.com>; Clark, Brian D. <bdclark@locklaw.com>; QE Facebook Antitrust <qefacebookantitrust@quinnemanuel.com>; fb_advertisercounsel@scott-scott.com; Yavar Bathaee <yavar@bathaeedunne.com>; Edward Grauman <egrauman@bathaeedunne.com>; Andrew Wolinsky <awolinsky@bathaeedunne.com>; Christopher M. Burke <cburke@scott-scott.com>; Kristen M. Anderson <kanderson@scott-scott.com>; Patrick McGahan <pmcgahan@scott-scott.com>; Mehta, Sonal <Sonal.Mehta@wilmerhale.com>; Gringer, David <David.Gringer@wilmerhale.com>; Holtzblatt, Ari <Ari.Holtzblatt@wilmerhale.com>; Michael P. Srodoski <msrodoski@scott-scott.com>; Brantley Pepperman <brantleypepperman@quinnemanuel.com>; Brian Dunne <bdunne@bathaeedunne.com>
**Subject:** Re: Klein et al v. Facebook, Case No. 5:20-cv-08570-LHK (N.D. Cal.) - Clawback Correspondence

**EXTERNAL SENDER**

Molly,

In light of the apparent impasse on this issue, lead counsel for advertisers and consumers demand a

lead counsel conference to discuss these issues, as required by Judge DeMarchi's Standing Order for Civil Cases. We are available between 10 a.m. and Noon PT on Monday 10/4. Please let us know if that works on your end.

If so, we will circulate a conference call invite. Thank you.

**Andrew Williamson**

Andrew M. Williamson | Of Counsel | Bathaee :: Dunne :: LLP
(301) 916-1560 (Direct)
awilliamson@bathaeedunne.com

---

**From:** "Jennings, Molly" <Molly.Jennings@wilmerhale.com>
**Date:** Monday, September 27, 2021 at 8:56 PM
**To:** Brantley Pepperman <brantleypepperman@quinnemanuel.com>, Brian Dunne <bdunne@bathaeedunne.com>
**Cc:** WH Facebook Private Antitrust Litigation Service List <WHFacebookPrivateAntitrustLitigationServiceList@wilmerhale.com>, Shana Scarlett <shanas@hbsslaw.com>, "Clark, Brian D." <bdclark@locklaw.com>, QE Facebook Antitrust <qefacebookantitrust@quinnemanuel.com>, "fb_advertisercounsel@scott-scott.com" <fb_advertisercounsel@scott-scott.com>, Yavar Bathaee <yavar@bathaeedunne.com>, Edward Grauman <egrauman@bathaeedunne.com>, Andrew Wolinsky <awolinsky@bathaeedunne.com>, Andrew Williamson <awilliamson@bathaeedunne.com>, "Christopher M. Burke" <cburke@scott-scott.com>, "Kristen M. Anderson" <kanderson@scott-scott.com>, Patrick McGahan <pmcgahan@scott-scott.com>, "Mehta, Sonal" <Sonal.Mehta@wilmerhale.com>, "Gringer, David" <David.Gringer@wilmerhale.com>, "Holtzblatt, Ari" <Ari.Holtzblatt@wilmerhale.com>, "Michael P. Srodoski" <msrodoski@scott-scott.com>
**Subject:** RE: Klein et al v. Facebook, Case No. 5:20-cv-08570-LHK (N.D. Cal.) - Clawback Correspondence

Counsel,

Please see attached correspondence.

Thanks,

Molly

---

**From:** Brantley Pepperman <brantleypepperman@quinnemanuel.com>
**Sent:** Friday, September 17, 2021 3:47 PM
**To:** Jennings, Molly <Molly.Jennings@wilmerhale.com>; Brian Dunne

<bdunne@bathaeedunne.com>

**Cc:** WH Facebook Private Antitrust Litigation Service List <WHFacebookPrivateAntitrustLitigationServiceList@wilmerhale.com>; Shana Scarlett <shanas@hbsslaw.com>; Clark, Brian D. <bdclark@locklaw.com>; QE Facebook Antitrust <qefacebookantitrust@quinnemanuel.com>; fb_advertisercounsel@scott-scott.com; Yavar Bathaee <yavar@bathaeedunne.com>; Edward Grauman <egrauman@bathaeedunne.com>; Andrew Wolinsky <awolinsky@bathaeedunne.com>; Andrew Williamson <awilliamson@bathaeedunne.com>; Callan, Nicole <Nicole.Callan@wilmerhale.com>; Christopher M. Burke <cburke@scott-scott.com>; Kristen M. Anderson <kanderson@scott-scott.com>; Patrick McGahan <pmcgahan@scott-scott.com>; Mehta, Sonal <Sonal.Mehta@wilmerhale.com>; Gringer, David <David.Gringer@wilmerhale.com>; Holtzblatt, Ari <Ari.Holtzblatt@wilmerhale.com>; Michael P. Srodoski <msrodoski@scott-scott.com>

**Subject:** RE: Klein et al v. Facebook, Case No. 5:20-cv-08570-LHK (N.D. Cal.) - Clawback Correspondence

**EXTERNAL SENDER**

Molly,

Consumer Plaintiffs join in the letter.

Thanks,

Brant

**Brantley Pepperman**
*Associate*
Quinn Emanuel Urquhart & Sullivan, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
213-443-3561 Direct
213-443-3000 Main Office Number
213-443-3100 Fax
brantleypepperman@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Jennings, Molly <Molly.Jennings@wilmerhale.com>
**Sent:** Thursday, September 16, 2021 1:01 PM
**To:** Brian Dunne <bdunne@bathaeedunne.com>
**Cc:** WH Facebook Private Antitrust Litigation Service List <WHFacebookPrivateAntitrustLitigationServiceList@wilmerhale.com>; Shana Scarlett <shanas@hbsslaw.com>; Clark, Brian D. <bdclark@locklaw.com>; QE Facebook Antitrust <qefacebookantitrust@quinnemanuel.com>; fb_advertisercounsel@scott-scott.com; Yavar Bathaee <yavar@bathaeedunne.com>; Edward Grauman <egrauman@bathaeedunne.com>; Andrew Wolinsky <awolinsky@bathaeedunne.com>; Andrew Williamson <awilliamson@bathaeedunne.com>; Callan, Nicole <Nicole.Callan@wilmerhale.com>; Christopher

M. Burke <cburke@scott-scott.com>; Kristen M. Anderson <kanderson@scott-scott.com>; Patrick McGahan <pmcgahan@scott-scott.com>; Mehta, Sonal <Sonal.Mehta@wilmerhale.com>; Gringer, David <David.Gringer@wilmerhale.com>; Holtzblatt, Ari <Ari.Holtzblatt@wilmerhale.com>; Michael P. Srodoski <msrodoski@scott-scott.com>
**Subject:** RE: Klein et al v. Facebook, Case No. 5:20-cv-08570-LHK (N.D. Cal.) - Clawback Correspondence

**[EXTERNAL EMAIL from molly.jennings@wilmerhale.com]**

Brian,

We're following up on this and will get back to you. In the interim, can counsel for the User Class advise whether they are joining in this letter or if this is sent only on behalf of the Advertisers?

Thanks,

Molly

**Molly Jennings | WilmerHale**
+1 202 663 6947 (t)

**From:** Brian Dunne <bdunne@bathaeedunne.com>
**Sent:** Friday, September 10, 2021 7:02 PM
**To:** Jennings, Molly <Molly.Jennings@wilmerhale.com>
**Cc:** WH Facebook Private Antitrust Litigation Service List <WHFacebookPrivateAntitrustLitigationServiceList@wilmerhale.com>; Shana Scarlett <shanas@hbsslaw.com>; Clark, Brian D. <bdclark@locklaw.com>; QE Facebook Antitrust <qefacebookantitrust@quinnemanuel.com>; fb_advertisercounsel@scott-scott.com; Yavar Bathaee <yavar@bathaeedunne.com>; Edward Grauman <egrauman@bathaeedunne.com>; Andrew Wolinsky <awolinsky@bathaeedunne.com>; Andrew Williamson <awilliamson@bathaeedunne.com>; Callan, Nicole <Nicole.Callan@wilmerhale.com>; Christopher M. Burke <cburke@scott-scott.com>; Kristen M. Anderson <kanderson@scott-scott.com>; Patrick McGahan <pmcgahan@scott-scott.com>; Mehta, Sonal <Sonal.Mehta@wilmerhale.com>; Gringer, David <David.Gringer@wilmerhale.com>; Holtzblatt, Ari <Ari.Holtzblatt@wilmerhale.com>; Michael P. Srodoski <msrodoski@scott-scott.com>
**Subject:** Klein et al v. Facebook, Case No. 5:20-cv-08570-LHK (N.D. Cal.) - Clawback Correspondence

**EXTERNAL SENDER**

Molly,

Please see the attached correspondence.

Best,
Brian

Brian Dunne | Partner | Bathaee :: Dunne :: LLP | bdunne@bathaeedunne.com
633 West Fifth Street Suite 2600 | (213) 462-2772 (Direct)

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.