**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Stephen A. Swedlow (admitted *pro hac vice*)
  stephenswedlow@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
(312) 705-7400

**HAGENS BERMAN SOBOL SHAPIRO LLP**
Shana E. Scarlett (Bar No. 217895)
  shanas@hbsslaw.com
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
(510) 725-3000

*Interim Co-Lead Consumer Class Counsel*

**BATHAEE DUNNE LLP**
Yavar Bathaee (Bar No. 282388)
  yavar@bathaeedunne.com
445 Park Avenue, 9th Floor
New York, NY 10022
(332) 322-8835

**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
Kristen M. Anderson (Bar No. 246108)
  kanderson@scott-scott.com
230 Park Avenue, 17th Floor
New York, NY 10169
(212) 233-6444

*Interim Co-Lead Advertiser Class Counsel*

SONAL N. MEHTA (SBN 222086)
  Sonal.Mehta@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
950 Page Mill Road
Palo Alto, California 94303
Telephone: (650) 858-6000
Facsimile:  (650) 858-6100

DAVID Z. GRINGER (*pro hac vice*)
  David.Gringer@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Telephone:  (212) 230-8800
Facsimile:   (212) 230-8888

*Attorneys for Defendant Facebook, Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| MAXIMILIAN KLEIN, et al.,<br><br>      Plaintiffs,<br><br> v.<br><br>FACEBOOK, INC.,<br><br>      Defendant. | Case No. 5:20-cv-08570-LHK (VKD)<br><br>**FIRST AMENDED FEDERAL RULES OF EVIDENCE 502(D) CLAWBACK ORDER**<br><br>Judge: Hon. Virginia K. DeMarchi |

Pursuant to Federal Rules of Evidence 502(d), the production or disclosure of any documents and accompanying metadata ("Protected Documents"), protected from discovery, including under the attorney-client privilege, work product doctrine, opinion work product doctrine, the joint defense or common interest privilege, privacy laws and regulations, or any other immunity from discovery (collectively "privilege or protection"), does not result in the waiver of any privilege or protection, including subject matter waiver, associated with such Protected Documents as to the receiving party or any third parties in this or in any other state or federal proceeding solely by virtue of such production or disclosure. This Order provides the maximum protection allowed by Federal Rule of Evidence 502(d) with regard to Protected Documents. Federal Rule of Evidence 502(b) does not apply to any disputes regarding Protected Documents, and instead this Stipulated 502(d) Order governs all disputes regarding Protected Documents produced in this litigation. Nothing contained herein requires the production of Protected Documents.

### 1. CLAWBACK AGREEMENT

In the event that a producing party discovers that it produced Protected Document(s), it shall provide written notice of the claim of privilege or protection to the receiving party (a "Clawback Notice"), sufficiently identifying the Protected Document(s) within a reasonable time. The Clawback Notice must be as specific as possible in identifying the basis for the privilege claimed, and must include at least the information required by Rule 26(b)(5)(A)(ii). That a particular basis or argument may not have been raised in the Clawback Notice does not, however, limit the producing party from raising that basis or argument in response to a challenge ultimately presented to the Court provided that the additional basis or argument is raised during the parties' meet-and-confer process if the receiving party's challenge is submitted to the Court via joint letter brief pursuant to Section 2(d)(i) below, or is directly responsive to the receiving party's opening brief if the receiving party's challenge is submitted to the Court via the briefing protocol set forth in Section 2(d)(ii) below (*i.e.*, the producing party will not raise new bases or arguments for privilege for the first time in the producing party's response brief).

As soon as practicable or within a reasonable time after providing the Clawback Notice, the producing party shall provide (i) if only a portion of the document contains privileged or protected material, a new copy of the document utilizing the same bates number(s) as the original that has been redacted to protect the privilege or protected material; or (ii) if the entire document is privileged or protected, a slip sheet identifying the same bates number(s) as the original noting that the document has been withheld.  Any Protected Document that is the subject of a Clawback Notice will be included on a privilege log if and as required by the privilege-logging procedures agreed to by the parties or ordered by the Court (*e.g.*, Stipulated Privilege Protocol, Dkt. 176).

**2.     PROCEDURES FOLLOWING CLAWBACK NOTICE**

a)     Within ten (10) business days of receipt of a Clawback Notice (regardless of whether the receiving party agrees with or plans to challenge the producing party's claim of privilege or protection), the receiving party must use reasonable efforts to return or destroy the Protected Document(s), and all copies thereof, and certify to the producing party when this return or destruction is complete.

b)     A party receiving a Clawback Notice shall sequester or destroy any notes or other work product that refers to or excerpts the contents of the Protected Document.

c)     If a receiving party challenges a claim that a Protected Document specified in a Clawback Notice is privileged or protected, the receiving party shall notify the producing party of its challenge within 14 business days of receiving the Clawback Notice.  However, if one party issues Clawback Notices for more than 100 documents within a seven-day period, the Receiving Party may have an additional seven days business days to challenge the Clawback Notice.  For the avoidance of doubt, the receiving party's challenge notice must reasonably describe the anticipated grounds for the receiving party's challenge.  That a particular basis or argument may not have been raised in the receiving party's original challenge notice does not, however, limit the receiving party from raising that basis or argument in the challenge ultimately presented to the Court provided that the additional basis or argument is raised during the parties' meet-and-confer process (if the receiving party's challenge is submitted to the Court via joint letter brief pursuant to Section 2(d)(i)

below) or in the receiving party's opening brief (if the receiving party's challenge is submitted to the Court via the briefing protocol set forth in Section 2(d)(ii) below).

   d)  Within 14 business days of the producing party receiving notification of the challenge, the parties shall meet and confer in an effort to resolve their disagreement.  If the parties are unable to resolve their disagreement, the producing party will submit all Protected Document(s) for *in camera* review if any party requests their submission or at the Court's request.  Documents submitted for *in camera* review will be submitted by delivering a hard copy to Judge DeMarchi's chambers (or, if the volume is less than 50 pages, by email to vkdcrd@cand.uscourts.gov).  The parties shall submit their disagreement to the Court as follows:

    (i)  If the disagreement is straightforward—*e.g.,* it presents a purely legal issue or does not, in the parties' judgment, require substantial briefing—then the parties will comply with the discovery dispute resolution procedure outlined in Judge DeMarchi's Standing Order for Civil Cases.  For the avoidance of doubt, if the parties are unable to agree as to the suitability of the discovery dispute procedure outlined in Judge DeMarchi's Standing Order for Civil Cases for resolving a particular dispute under this Order, then the process outlined below in Section 2(d)(ii) shall apply.

    (ii)  If the disagreement is more complex and/or presents the need for more substantial briefing—*e.g.*, a privilege challenge that presents a mixed question of fact or law or that would normally require the submission of evidentiary materials—then the receiving party will submit one opening brief and the producing party will submit one response brief.  Unless otherwise agreed by the parties or ordered by the Court, the parties will present no further briefs aside from the opening and response briefs, *i.e.*, there will be no replies or sur-replies.  Excluding any caption page, table of contents, table of authorities, signature block, and/or other similar, non-substantive portions, the opening and response briefs each shall not exceed 15 pages of text, and

the briefs shall comply with the typeface and written text requirements set forth in N.D. Cal. Civil L.R. 3-4(c)(2).  The receiving party will file its opening brief within 10 days of the parties' meet-and-confer regarding the dispute.  The producing party will file its responsive brief within 10 days of the filing of the receiving party's opening brief.  For the avoidance of doubt, while any party may request a hearing in its brief, the receiving party need not formally notice a hearing date.  Rather, either party's brief may note that a hearing is requested.

e) The parties may agree to extend the time periods set forth in paragraphs (a), (c), and (d) as appropriate without an order from the Court if, after making reasonable efforts in good faith to meet the deadlines therein, the parties agree that reasonable extensions are necessary.  For the avoidance of doubt, the parties will evaluate any such request for an extension consistent with Federal Rule of Civil Procedure 1, while making reasonable accommodations for scheduling conflicts raised by opposing counsel.

**3.   PROCEDURE UPON DISCOVERY BY A RECEIVING PARTY OF PRODUCED PROTECTED DOCUMENTS**

In the event that a receiving party discovers that it has received or examined Document(s) that it reasonably believes are or may be privileged or protected, the receiving party promptly shall stop reading or reviewing the document and (i) sequester the Document(s), and (ii) within four business days of such discovery, notify the producing party of the possible production or disclosure by identifying the bates range(s) of the Document the receiving party reasonably believes are or may be privileged or protected, and were or may have been produced or disclosed (a "Production Notice").  Upon the producing party receiving a Production Notice, if the producing party determines that the subject documents are privileged or protected, and timely serves a Clawback Notice within ten business days of receipt of the Production Notice, the receiving party shall use reasonable efforts to return or destroy the Protected Document(s) as described in Section

2 above, and the producing party shall promptly provide any replacement images as described in Section 2 above.

**4.     PROCEDURES DURING DEPOSITION AND HEARING**

a)     If a party believes a Protected Document is about to be used in a deposition, the party must object on the record, must state the basis for the privilege claim, and must demand that the document be clawed back.  If the Protected Document is capable of redaction to excise privileged material, the party making the privilege claim must promptly make redactions to the document and permit the witness to testify as to the non-privileged material in the document.  This redaction must be accomplished in such a way as to permit the deposition to continue with minimal disruption.  Once alerted to the privilege claim, the party conducting the deposition must avoid eliciting testimony about the portions of the Protected Document that are claimed to be privileged, until any disputes about the privilege claim are resolved.  In all events, once the Protected Document is no longer in use at the deposition, the receiving party shall immediately return or destroy all copies of the Protected Document.

b)     As to any testimony subject to a claim of privilege or protection, the party claiming privilege shall make the claim within ten business days of receiving a rough transcript, or if no rough transcript is received, within ten business days of receiving the final transcript, after which the parties shall follow the procedures set forth in Sections 2 and 3, as applicable.  Pending determination of any challenge to such a Clawback Notice, all parties with access to the deposition transcript shall treat the relevant testimony in accordance with Section 2(e).  In the event the Court decides the clawback dispute in the receiving party's favor and the receiving party was denied the opportunity to examine a witness as to the materials at issue, the witness shall be made available as soon as practicable after the Court's decision.

c)     If a receiving party uses discovery materials in a brief or at a hearing, and the producing party has not served a Clawback Notice as to those materials in advance of the briefing event or hearing, the producing party must promptly object and serve a Clawback Notice within ten business days of receipt of the briefing or the hearing.  Thereafter, the procedures set forth in Section

2 apply.  To the extent any privileged or protected material is placed into the public record in connection with briefing or a hearing, and the Producing Party timely serves a Clawback Notice, the receiving party shall (a) withdraw the portion of the briefing and exhibits that contain privileged or protected material, (b) request the court seal that material, or (c) join or not oppose a motion to seal the privileged or protected material.

d) Notwithstanding the foregoing, any document used by any Party in a deposition or court filing in this action (with the exception of papers pursuant to Section 2(d) above), that a Producing Party does not clawback within ten business days of use ("Used Document") shall not be eligible for clawback under this Order.  Such ineligibility for clawback of that document under this Order shall not result in a subject matter waiver in any other state or federal proceeding.

**5.**     **PROHIBITION ON USE OF PRIVILEGED INFORMATION**

To the extent any party is aware that it has obtained Protected Documents, has received a Clawback Notice, or it is reasonably apparent that the party has obtained privileged or protected information through production, disclosure, or communications, such Protected Documents and/or information may not be submitted to the Court, presented for admission into evidence, or sought in discovery in this proceeding or in any other proceeding or action.  The party must promptly notify the opposing party of its possession of such privileged information and certify the return or destruction of the Protected Documents and/or information within a reasonable time as described in Sections 2 and 3 above.

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**


DATED: _____

Hon. Virginia K. DeMarchi
United States Magistrate Judge