WILMER CUTLER PICKERING
  HALE AND DORR LLP
SONAL N. MEHTA (SBN 222086)
  Sonal.Mehta@wilmerhale.com
2600 El Camino Real, Suite 400
Palo Alto, California 94306
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

DAVID Z. GRINGER (*pro hac vice*)
  David.Gringer@wilmerhale.com
7 World Trade Center
250 Greenwich Street
New York, New York 10007
Telephone: (212) 230-8800
Facsimile: (212) 230-8888

ARI HOLTZBLATT (*pro hac vice*)
  Ari.Holtzblatt@wilmerhale.com
MOLLY M. JENNINGS (*pro hac vice*)
  Molly.Jennings@wilmerhale.co
1875 Pennsylvania Avenue, NW
Washington, DC 20006
Telephone: (202) 663-6000
Facsimile: (202) 663-6363

*Attorneys for Defendant*
FACEBOOK, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| MAXIMILIAN KLEIN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> FACEBOOK, INC., a Delaware corporation, <br><br> Defendant. | Case No. 5:20-cv-08570-LHK <br><br> **DEFENDANT FACEBOOK, INC.'S ADMINISTRATIVE MOTION FOR CLARIFICATION OF ORDERS CONSOLIDATING *LOVELAND* AND *ROSENMAN* WITH *KLEIN*** <br><br> Judge: Hon. Lucy H. Koh |

Facebook, Inc. respectfully seeks clarification of the Court's orders consolidating *Rosenman v. Facebook, Inc.*, No. 21-CV-02108, and *Loveland v. Facebook, Inc.*, No. 21-CV-03300, with this action. See *Klein v. Facebook, Inc.*, No. 20-cv-8570, Dkt. 85, 140. A declaration from David Z. Gringer pursuant to Civil L.R. 7-11 (hereinafter, "Gringer Decl."), laying out plaintiffs' positions on the relief sought, accompanies this motion.

Specifically, Facebook believes that the Court's orders relating and consolidating these two cases brought on behalf of Facebook users, which necessarily raise many, if not all, of the same antitrust questions as the existing putative User class action, should be treated as part of the Consolidated Consumer Class Action Complaint ("CAC"), and subject to the same Interim Class Counsel structure. Thus, the plaintiffs in *Rosenman* and *Loveland* may elect to either (1) be added through amendment as named plaintiffs on that complaint, with any appropriate modifications to the interim class structure that the Court sees fit to impose, or (2) voluntarily dismiss their complaints and participate in the case as absent class members. Plaintiffs appear to believe that the Court's orders granting relation and consolidation mean very little, if anything. Plaintiffs wish to either hold their cases "in abeyance" pending some unspecified development or proceed as if their cases were never consolidated with *Klein*. This should not be allowed.

**I.  Background**

Between December 8, 2020 and March 23, 2021, 11 complaints were filed in this District, all alleging that Facebook has monopolized or attempted to monopolize certain alleged markets in violation of Section 2 of the Sherman Act, 15 U.S.C. § 2. In a series of decisions, this Court related and consolidated the cases. See *Klein*, Dkt. 47, 50, 68, 74, 85. On March 18, 2021, the Court ordered the plaintiffs to file two consolidated complaints, one by plaintiffs who allege that they advertised with Facebook ("Advertisers") and one by Facebook users ("Users"), and appointed Interim Class Counsel and Plaintiffs' Executive Committees for the two putative classes. See *id.*, Dkt. 74. On April 22, 2021, Users and Advertisers filed consolidated complaints.[1] See *id.*, Dkt. 86, 87.

---

[1] Facebook has moved to dismiss the complaints and a hearing was held on July 15.

Meanwhile, *Rosenman* and *Loveland* were filed in different fora, made their way to this Court, and were related to and consolidated with the other consolidated antitrust cases.

### A. Rosenman

On December 14, 2020, Shari Rosenman filed a class action complaint in the San Mateo Superior Court on behalf of herself and a putative class of Facebook users alleging, like the other consolidated cases, that Facebook used its "monopoly power" to "degrade the quality of service below what a competitive marketplace would allow." *See Rosenman v. Facebook*, No. 20-CIV-05582, Dkt. 2, ¶¶ 1, 47 (San Mateo Super. Ct. Dec. 14, 2020). Facebook removed Rosenman's action to the Northern District of California. *See id.*, Dkt. 9. Facebook then moved to relate and consolidate the case with the several antitrust class actions brought against Facebook pending before this Court. *See Klein*, Dkt. 46. That motion was granted. *Id.*, Dkt. 47.

Rosenman then voluntarily dismissed her case and filed a new complaint, making the same allegations but limiting the class to Facebook users in California. *See Rosenman v. Facebook*, No. 21-CIV-00896, Dkt. 1, ¶ 50 (San Mateo Super. Ct. Feb. 22, 2021). Once again, Facebook removed the case to the Northern District of California. *See Rosenman*, Dkt. 1. It then moved to relate and consolidate Rosenman's case with *Klein*. *See Klein*, Dkt. 79. That motion was also granted. *Id.*, Dkt. 85. The Court later denied Rosenman's motion for remand, finding that her case "requires application of federal antitrust laws," the resolution of which "could affect other cases being brought by consumers, advertisers, and federal agencies in federal court against Facebook under the Sherman Act." *See Rosenman*, Dkt. 26 at 7-10 (citing *Klein*).

### B. Loveland

On December 11, 2020, Plaintiffs Sally Loveland, Sharon Cheatle, Janine Cortese, Tyler Boyle, and Steve McCann filed a complaint in the United States District Court for the Eastern District of Pennsylvania which included causes of action alleging violations of Section 2 of the Sherman Act, 15 U.S.C. § 2. *See* No. 2:20-cv-06260-JMY, Dkt. 1 (E.D. Pa. Dec. 11, 2020). Facebook moved to transfer the case to this District; that motion was granted on May 3, 2021. *See id.*, Dkt. 23. Recognizing that the antitrust claims were similar to those in *Klein* and distinct from

1  *Loveland* plaintiffs' other causes of action, Facebook and *Loveland* plaintiffs agreed to sever the
2  antitrust claims.  See No. 3:21-cv-03300-CRB, Dkt. 40.  On June 25, Judge Breyer granted the
3  parties' stipulation.  See *id.*, Dkt. 41.  On July 26, *Loveland* plaintiffs filed their new antitrust
4  complaint, *id.*, Dkt. 42, and voluntarily dismissed the remaining claims, *id.*, Dkt. 43, 45.  The new
5  complaint alleged only antitrust violations via monopolization and attempted monopolization of
6  alleged "social network" and "social media" markets, just like those alleged in *Klein*. *Id.*, Dkt. 42.
7  The parties then jointly moved to relate *Loveland* plaintiffs' action to *Klein*.  See *Klein*, Dkt. 131.
8  That joint motion emphasized that *Rosenman* and *Klein* substantially overlapped and that not
9  relating the cases would result in unnecessary duplication of labor and potential for inconsistent
10 results.  *Id*.  The Court related and consolidated *Loveland* with *Klein*.  See *id*, Dkt. 140.

## II. *Rosenman* and *Loveland* Should Be Part of the User Class Structure

Facebook seeks clarification of the Court's orders consolidating *Loveland* and *Rosenman* with *Klein* (Dkt. 85, 140) because plaintiffs in both cases have expressed the view that their cases remain entirely distinct from *Klein*, a position that is contrary to the purposes of consolidation and the Court's orders.  Rosenman views her case as in some sort of limbo: she believes that, despite the Court's order on her motion to remand expressly determining her claims to "require[] application of federal antitrust laws," she does not have an antitrust claim and therefore her case is in "abeyance" at least until Facebook's motion to dismiss has been decided.  See Gringer Decl. ¶¶ 3, 5.  And *Loveland* plaintiffs intend to actively litigate their case against Facebook in the immediate term through a second amended complaint on behalf of a purported COVID "vaccine hesitant" subclass of the putative User class.  See Gringer Decl. ¶ 4.

Allowing the *Rosenman* and *Loveland* plaintiffs to proceed on their whims would defeat the purposes of the Court's consolidation orders and result in an unmanageable and inefficient case structure.  Thus, as with the other User-Plaintiff antitrust cases with which their cases have been consolidated, if the plaintiffs in *Rosenman* and *Loveland* wish to proceed, they must do so as part of the Users' Consolidated Class Action Complaint and through the interim class counsel structure the Court has created.

Consolidation of cases is meant "to enhance efficiency of the trial court by avoiding unnecessary duplication of evidence and procedures" and "to avoid inconsistent adjudications." *Chacanaca v. Quaker Oats Co.*, 2011 WL 13141425, at *2 (N.D. Cal. June 14, 2011) (internal quotation marks omitted).  In class actions, consolidation "reduc[es] case and discovery duplication, expedit[es] pretrial proceedings, prevent[s] class member confusion, and minimiz[es] the expenditure of time and money for all parties." *Ramirez v. HB USA Holdings, Inc.*, 2021 WL 840353, at *2 (C.D. Cal. Jan. 15, 2021).  Indeed, "[a]bsent class members will best be served by consolidation because they will have just one case to monitor as it proceeds through litigation." *Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d 1129, 1133 (C.D. Cal. 1999).  Thus, it should come as no surprise that in similar situations, courts do not permit cases arising out of the same subject matter as a consolidated class action to upend the court's ordered structure.  *See, e.g.*, Order Granting Stipulation and Consolidating Related Developer Cases for All Purposes, *Cameron v. Apple, Inc.*, No. 4:19-cv-03796-YGR, Dkt. 47 (N.D. Cal. Nov. 5, 2019) (consolidating cases, designating an operative complaint, and ordering that any "new case arising out of the subject matter" as the consolidated case also be consolidated without a separate complaint).

Further, it is clear from the Court's case management and consolidation orders that the Court did not envision the consolidated cases, including *Rosenman* and *Loveland*, proceeding on separate tracks.  The Court consolidated 11 similar cases without limitation and then held a hearing devoted to determining the most fair and efficient structure for the case going forward.  Following that hearing, the Court appointed interim class counsel to represent the entire User class and issued a clear order permitting only one consolidated User complaint.  *Klein*, Dkt. 74.  Both the *Rosenman* case and the *Loveland* case advance, on behalf of users of Facebook, antitrust theories substantially similar to those found in the Users' consolidated complaint.  Yet Plaintiffs have sought to avoid the consolidated class actions—and concomitant lead counsel appointments already made—in *Klein* by either dressing up a federal antitrust claim as a state law claim, filing in state court, and repeatedly maneuvering to keep the case out of federal court (*Rosenman*) or filing in Pennsylvania despite a clear forum selection clause requiring their claims to be filed in California (*Loveland*).

Plaintiffs cannot sidestep the consolidated class structure this Court created for the orderly progression of this action because they filed in different fora and/or after this Court consolidated the initial set of cases. This would create a perverse incentive for class action plaintiffs to continue bringing identical (or nearly identical) lawsuits against Facebook so as to pursue them on their own track, despite consolidation, which they could do so long as they were filed after the Court's appointment of Interim Class Counsel. Allowing consolidated but separate lawsuits would also violate the principle that "'designation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities....'" *Chacanaca*, 2011 WL 13141425, at *2 (quoting Manual of Complex Litigation Fourth § 21.11 (2004)).

Without clarification, the *Rosenman* and *Loveland* plaintiffs intend to proceed in direct contradiction with this Court's ordered structure and the purposes of consolidation. This Court denied Rosenman's motion for remand because her claim as plead is an antitrust claim, yet she attempts to avoid that ruling—having her claims exist in "abeyance"—simply because she disagrees. In other words, Rosenman would have the Court and Facebook litigate the User claims through to the end and then have the option to pick up and litigate her claims at her own discretion based on her insistence (already rejected by the Court) that her claims are not antitrust claims. And *Loveland* plaintiffs intend to file a separate amended complaint on behalf of a COVID "vaccine hesitant" subclass of the User class,[2] requiring a new motion to dismiss and litigation based on multiple user complaints in contravention to the case management plan established by the Court. If left unchecked, the *Rosenman* and *Loveland* plaintiffs' positions would increase duplication, hinder pretrial proceedings, foster confusion among absent class members, and multiply the expenditure of time and money for all parties. Accordingly, Facebook respectfully requests that the Court confirm that if Plaintiffs wish to proceed with their antitrust claims against Facebook, they must do so as part of the CAC and through the interim class counsel structure the Court has created. Otherwise, they must dismiss their claims and assume the status of absent class members.

---

[2] Plaintiffs could seek to add that subclass to the CAC if that is what interim class counsel and the Executive Committee deem appropriate and if the Court were to permit the amendment. For the avoidance of doubt, Facebook reserves its right to oppose amendment.

| | | |
|---|---|---|
| 1 | | |
| 2 | Dated: November 10, 2021 | Respectfully submitted, |
| 3 | | |
| 4 | | By: */s/ Sonal N. Mehta* |
| | | SONAL N. MEHTA (SBN 222086) |
| 5 | | sonal.mehta@wilmerhale.com |
| | | WILMER CUTLER PICKERING HALE |
| 6 | | AND DORR LLP |
| | | 2600 El Camino Real, Suite 400 |
| 7 | | Palo Alto, CA 94306 |
| 8 | | Telephone: (650) 858-6000 |
| 9 | | DAVID Z. GRINGER (*pro hac vice*) |
| | | david.gringer@wilmerhale.com |
| 10 | | WILMER CUTLER PICKERING HALE |
| | | AND DORR LLP |
| 11 | | 7 World Trade Center |
| | | 250 Greenwich Street |
| 12 | | New York, New York 10007 |
| 13 | | Telephone: (212) 230-8800 |
| 14 | | ARI HOLTZBLATT (*pro hac vice*) |
| | | ari.holtzblatt@wilmerhale.com |
| 15 | | MOLLY M. JENNINGS (*pro hac vice*) |
| | | molly.jennings@wilmerhale.com |
| 16 | | WILMER CUTLER PICKERING HALE |
| 17 | | AND DORR LLP |
| | | 1875 Pennsylvania Avenue, NW |
| 18 | | Washington, DC 20006 |
| | | Telephone: (202) 663-6000 |

**CERTIFICATE OF SERVICE**

I hereby certify that on this 10th day of November 2021, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System.

*/s/ Sonal N. Mehta*
Sonal N. Mehta
