<u>**VIA CM/ECF FILING**</u>

November 12, 2021

The Honorable Virginia K. DeMarchi
Robert F. Peckham Federal Building
Courtroom 2 – 5th Floor
280 South 1st Street
San Jose, CA 95113

Re:   Joint Discovery Letter Brief re Rule 45 Subpoena to Jessica Layser
      *Maximilian Klein et al. v. Facebook, Inc.*, Case No. 5:20-cv-08570-LHK (N.D. Cal.)

Dear Judge DeMarchi:

Pursuant to Section 4 of the Court's Standing Order for Civil Cases, Defendant Facebook, Inc. ("Facebook") and Jessica Layser, a former named Advertiser Plaintiff, respectfully request that the Court resolve a dispute concerning Ms. Layser's objections to Facebook's Rule 45 subpoena.[1]

## **STATEMENT OF THE DISPUTE**

Jessica Layser sued Facebook on January 13, 2021. Since, her case was related and consolidated with *Klein*, interim class counsel was appointed, consolidated complaints were filed, and Facebook moved to dismiss. On August 5th, Layser dismissed her claims under Rule 41(a)(1)(A)(i). On September 17th, Facebook served a Subpoena on Layser. On October 1st, Layser served objections. The parties' positions regarding the validity of Layser's objections are set forth below. Layser waives any requirement that Facebook's motion commence in the district of compliance (S.D.N.Y.). *See Joffe v. King & Spalding LLP*, 2020 WL 3453452, at *5 n.6 (S.D.N.Y. June 24, 2020).

### 1.   **Facebook's Position**

Layser, who runs a real estate brokerage affiliated with national firm Keller Williams in the Philadelphia suburbs,[2] alleged in hundreds of paragraphs that Facebook unlawfully maintained a monopoly, and that she was injured as a result. She pressed her claims for nearly seven months. On July 30, at the Rule 26(f) conference, Facebook outlined for the named Plaintiffs the discovery it would be seeking from them. Six days later, Layser withdrew without prejudice, because she

---

[1] Attached hereto are Ex. A (Facebook's Subpoena to Layser) and Ex. B (Layser's Objections to Facebook's Subpoena).

[2] https://layserfocused.kw.com/.

1

did not "want[] to…be subjected to…the burdens of discovery."[3]  As soon as it could, Facebook served a Subpoena on Layser.  The Subpoena does not "mirror" named Plaintiff discovery—it is significantly narrower than the Requests Facebook served to the remaining Advertisers.  Facebook issued a Subpoena to Layser because, based on its research, Layser differs from several of the other Advertisers—she is affiliated with a large, national company with the resources to advertise in multiple mediums, she appears to be very active with many of Facebook's competitors,[4] and she advertises for a business purpose.  Her documents and subsequent testimony therefore are likely to be significant for class certification and the merits.

Nonetheless, Layser informed Facebook on multiple occasions that she intended to move to quash the Subpoena because it purportedly sought absent class member discovery.  At the last minute, Layser changed course and served Objections, by which she simply refused to produce *any* documents on the previously-stated basis.[5]  Ex. B.  As Facebook feared, "this change in approach [was] just an effort to delay the meet and confer process," Dkt. 157 at 8—Layser's counsel, who continues to serve on the Advertisers' Executive Committee, cancelled or conditioned Facebook's repeated attempts to meet and confer, and sent lengthy expositions on the discovery rules in between.

The parties engaged in several rounds of discussions.  "[A]s a compromise," Facebook requested that Layser identify *any* "subset of documents that she is willing to produce."  Layser refused, stating that "there is no subset of documents that [she] is willing to produce" because "the discovery sought is not permissible."  Facebook now seeks an Order requiring Layser to comply with the Subpoena.

Layser objects to the Subpoena, arguing that Facebook cannot seek discovery from her in one breath as a former named Plaintiff, and in another as an absent class member.  Neither argument is convincing.  Layser cites no authority immunizing former named plaintiffs from subsequent discovery just because they happened to withdraw just before discovery was served, especially because Layser concedes she withdrew *to evade discovery*.  In any event, Layser brought claims against Facebook that she litigated for months and against which Facebook must continue to defend itself.  Layser's allegations were substantially adopted by the remaining Advertisers and her attorney remains on the Executive Committee.  Layser should have materials relevant to the claims she brought and Plaintiffs continue to advance (she has never said otherwise); and if she does not, that is surely relevant too.  *Opperman v. Path, Inc.*, 2015 WL 9311888, at *3 (N.D. Cal. Dec. 22, 2015); *Fraley v. Facebook, Inc.*, 2012 WL 555071, at *2-3 (N.D. Cal. Feb. 21, 2012); Fed. R. Civ. P. 11(b).

Moreover, to treat Facebook's subpoena as routine absent class member discovery—particularly before class certification—would have absurd consequences.  The proposed classes include all entities "who purchased advertising from Facebook," AC ¶¶529, 532, or "maintained a

---

[3] Layser is not the only Advertiser to withdraw—Zahara Mossman has done so too.  Dkt. 182.  Mossman received Facebook's discovery requests before her withdrawal but did not comply.

[4] https://layserfocused.kw.com/ (noting use of LinkedIn, Youtube, Twitter).

[5] Layser did not serve "specific objections" to the Subpoena beyond those at issue here.

Facebook profile," UC ¶248.  That encompasses nearly every corporation (and person) in America.  If the Subpoena to Layser is "absent class member discovery," then so is discovery served on Google, Apple, Microsoft, and likely every other entity listed on the parties' Initial Disclosures.  Facebook must be permitted to put on a defense.

Tellingly, after refusing to provide discovery on the basis that she is an absent class member, Layser says little in her brief about the topic.  That is because absent class member discovery would be warranted here.  Absent class members are not automatically insulated from discovery.  *Mas v. Cumulus Media Inc.*, 2010 WL 4916402, at *3 (N.D. Cal. Nov. 22, 2010).  Courts in the Ninth Circuit routinely permit it, "especially where," as here, the target has "'injected' themsel[f] into the litigation." *Brown v. Wal-Mart Store, Inc.*, 2018 WL 339080, at *1 (N.D. Cal. Jan. 9, 2018); *Young v. LG Chem Ltd.*, 2015 WL 8269448, at *6 (N.D. Cal. Dec. 9, 2015); *Vasquez v. Leprino Foods Co.*, 2019 WL 4670871, at *4 (E.D. Cal. Sept. 25, 2019).

Ms. Layser's substantial involvement in this case certainly qualifies.  *E.g.*, *Fishon v. Peloton Interactive, Inc.*, 336 F.R.D. 67, 72 (S.D.N.Y. 2020).  The appropriate standard, given that Layser litigated this case for months and is still represented by the same counsel as the remaining Advertisers, considers whether:  "(1) the discovery is not sought for any improper purposes, to harass, or to alter the membership of the class; (2) it is narrowly tailored to subjects which are plainly relevant; and (3) it does not impose an undue burden given the need for the discovery at issue and the availability of the same or similar discovery from a party."  *Id.* at 71; *Holman v. Experian Info. Sols., Inc.*, 2012 WL 2568202, at *3 (N.D. Cal. 2012).

Facebook's Subpoena seeks indisputably relevant materials concerning Layser's use of advertising services and Facebook, her reasons for doing so, and any benefit or harm that resulted therefrom—the very issues about which Plaintiffs (and Layser) complain. AC ¶¶465-487.  Courts in the Ninth Circuit readily allow parties to seek discovery from withdrawn named plaintiffs who have left allegations that must be defended against, particularly where, as here, the discovery target possesses unique information.  *E.g.*, *Fraley*, 2012 WL 555071, at *2-3.  As discussed, Layser "presents certain issues that may be unique among the other named plaintiffs" given her apparent corporate backing and advertising through Facebook competitors.  *Id.* at *2.  "Information regarding [Layser's] experiences with [Facebook] products is unlikely to be available from other representative parties," *Dysthe v. Basic Research, LLC*, 273 F.R.D. 625, 629 (C.D. Cal. 2011), and may call into question the "typicality and commonality" of the proposed classes, as well as the alleged relevant markets, *Young*, 2015 WL 8269448, at *6.  This discovery is "even more relevant" since Layser's allegations will remain "a part of the record in this case," and the Court may "consider the relevance of her earlier [claims] to Facebook's ongoing defense."  *Fraley*, 2012 WL 555071, at *3.  Counterbalancing, none of the concerns usually associated with absent class discovery exist here—Layser has counsel and was already involved in the case.

Layser protests that the Subpoena "is harassment" and production of the materials sought by it "would impose an undue burden upon her."  *E.g.*, Ex. B at 3.  But "it should not come as any surprise to [Layser] that Facebook is seeking" this discovery.  *Fraley*, 2012 WL 555071, at *3 n.9.  "[B]y agreeing to be a class representative, she understood that she would have to participate in discovery."  *Id.* at *3.  Layser has made "no attempt to demonstrate how she will be harmed" by complying, *Lytel v. Simpson*, 2006 WL 8459764, at *2 (N.D. Cal. June 23, 2006), or given "specific examples or articulated reasoning" required to claim protection from purportedly

3

harassing discovery, *Beckman Indus., Inc. v. International Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). Moreover, "[s]eeking the [documents] of one absent class member…from potentially [millions] hardly constitutes harassment." *Dysthe*, 273 F.R.D. at 629. Likewise, that Facebook has not yet served (but soon will serve) subpoenas on other "absent" members of the putative class, is not a talking point in Layser's favor.

Finally, Layser's "refusal to produce any documents" based on "boilerplate" objections is "improper," *Sitton v. LVMPD*, 2020 WL 1916171, at *3 (D. Nev. April 20, 2020), and "paradigm[atic] discovery abuse," *Freydl v. Meringolo*, 2011 WL 2566087, at *4 (S.D.N.Y. June 16, 2011). "[E]ven where a legitimate objection to a discovery request exists, such objection does not permit the objecting party to refuse to produce any documents whatsoever." *Certain Underwriters at Lloyd's v. Nat'l R.R. Passenger Corp.*, 2016 WL 6902140, at *7 (E.D.N.Y. Nov. 23, 2016); *Freydl*, 2011 WL 2566087, at *4; *Distefano v. Law Officers of Barbara H. Katsos. PC*, 2013 WL 1339536, at *6 (E.D.N.Y. Mar. 29, 2013). Layser cites no authority permitting her categorical refusal to comply on grounds that could have been briefed in a motion to quash, and Facebook is aware of none. Indeed, such a response suggests "frivolous efforts to avoid or stall discovery." *Freydl*, 2011 WL 2566087, at *4.

Layser should be ordered to comply with the subpoena. "[I]t would be unfair to allow [Layser] to 'walk away from' her discovery obligations when she may have 'information pertinent to the case [she] initiated and that [Facebook] must continue to defend." *Opperman*, 2015 WL 9311888, at *3.

### 2.   **Ms. Layser's Position**

On August 5th, Jessica Layser voluntarily dismissed her claims pursuant to Rule 41(a)(1)(A)(i). On September 17th, Facebook served its Subpoena on Layser, who then served timely objections pursuant to Rule 45(d)(2)(B). Layser objects to the Subpoena on two overarching grounds: (1) it is, on its face, an impermissible attempt to seek discovery solely because Layser was previously a named plaintiff; and (2) if characterized as absent class member discovery, Facebook cannot satisfy the legal requirement to obtain such discovery. These are the objections at issue in this dispute.[6] If upheld, they wholly prohibit the discovery Facebook seeks here.

Facebook has no reason to seek discovery from Layser so it builds its motion around a series of false narratives intended to convey the aura of delay and avoidance of discovery obligations. But, this cannot distract from the fact that the standards governing this motion are straightforward, and the key facts are undisputed.

Layser is a former named plaintiff. She properly exercised her right to unilaterally dismiss her claims without court permission pursuant to Rule 41(a)(1)(A)(i). ECF No. 129. At the time of Layser's withdrawal, the Rule 26(f) conference had not been completed, there had been no initial

---

[6] Ms. Layser also asserted specific objections to each Command (*e.g.*, privilege, burden, breadth, relevance, etc.). Those were not discussed during the meet and confer. The Court can compare Facebook's claim that Layser did not assert specific objections, *infra* n.4, with the Objections themselves, Exhibit B. Because the specific objections are narrowly tailored, cases cited by Facebook regarding "boilerplate objections" are inapposite.

4

disclosures, and no discovery had been served. Despite the significant number of resources that are surely being committed to this task, neither Layser nor Facebook have been able to locate a single case where a court ordered a plaintiff to produce discovery after the plaintiff dismissed her claims as of right pursuant to Rule 41(a)(1)(A)(i) or where a court ordered a plaintiff to respond to discovery that had not yet been served at the time of the plaintiff's dismissal (even where court approval was required for withdrawal). Facebook cites no such case in this brief leaving its position without support.

That no such cases exist is not surprising. Rule 41(a)(1)(A)(i) provides an "absolute right" for a plaintiff to withdraw prior to the defendant filing an answer or a motion for summary judgment. *See, e.g., American Soccer Co. v. Score First Enters*., 187 F.3d 1108, 1111-12 (9th Cir.1999). The Ninth Circuit "has emphasized the absolute nature of the right of voluntary dismissal, which 'may not be extinguished or circumscribed by adversary or court.'" *Id*. at 1111 (citation omitted); *see also Douglas v. Bank of America, N.A*., 2020 WL 6799010, at *4 (W.D. Wash. Nov. 19, 2020) ("the court has no authority to . . .impose conditions on the dismissal"). The moment Layser filed her notice of dismissal, she ceased being a party and became an absent class member. *See Com. Space Mgmt. Co. v. Boeing Co*., 193 F.3d 1074, 1077 (9th Cir. 1999); *Young v. LG Chem Ltd*., 2015 WL 8269448, at *6 (N.D. Cal. Dec. 9, 2015) (once plaintiff's action is dismissed, plaintiff becomes absent class member). Layser is not immune from discovery, but Facebook must meet the standard for absent class member discovery for it to be proper. *See Holman v. Experian Info. Solutions, Inc*., 2012 WL 2568202, at *3 (N.D. Cal. July 2, 2012) (discussing absent class member discovery tests).

Nonetheless, Facebook has repeatedly stated that it was not seeking absent class member discovery but instead that it was entitled to discovery solely because Layser was a former plaintiff. That has been Facebook's position which is why the discovery is not narrowly tailored but instead mirrors the discovery sought from the named plaintiffs.[7] It was not until the end of the meet and confer process, that Facebook first attempted to justify seeking discovery from Layser as an absent class member. But, because the discovery was not drafted with this intent, the best justification Facebook can craft is that Layser is a realtor associated with a national firm and she was previously a named plaintiff. Facebook contends, the discovery is "likely to be significant for class certification and the merits." But, Facebook cannot satisfy its burden to prove entitlement to absent class member discovery with these vague assertions untethered to any issues in this case. *See Holman*, 2012 WL 2568202, at *3 (the proponent of the absent class member discovery must establish the elements). In fact, it would be hard to imagine that discovery from just one absent class member would be probative of any material issue and some of the information sought is clearly irrelevant, such as Facebook's request for documents related to Layser's dismissal.

Instead, Facebook seeks discovery by fabricating a new rule – anyone who files a lawsuit cannot dismiss their claims without providing discovery to the defendant. Facebook's argument is contrary to the jurisprudence cited above holding that a plaintiff's right to withdraw is absolute and may not be "circumscribed." If Facebook's contention were accepted, it would create an exception to this "absolute right" for class actions because every defendant would seek discovery

---

[7] A comparison shows that only one Command does not directly overlap with the document requests served by Facebook on named Advertiser Plaintiffs.

from withdrawing plaintiffs. But Rule 41(a)(1)(A) does not contain that exception despite expressly excepting other circumstances that are not present here. Fed. R. Civ. P. 41(a)(1)(A). All of this is separate from the fact that there was no outstanding discovery at the time of Layser's withdrawal.

Instead, Facebook cites two cases illustrating the failure of its position. In both *Fraley* and *Opperman*, the plaintiffs were **parties** who were seeking court permission to withdraw **and** the discovery at issue had already been served. *See Fraley v. Facebook Inc.*, 2012 WL 555071, at *2 (N.D. Cal. Feb. 21, 2012); *Opperman v. Path, Inc.*, 2015 WL 9311888, at *3-5 (N.D. Cal. Dec. 22, 2015). In stark contrast to Rule 41(a)(1)(A)(i), a motion for dismissal under Rule 41(a)(2) requires a court to determine whether conditions should be imposed upon withdrawal. *Opperman*, 2015 WL 9311888, at *2. In fact, the court in *Opperman* declined to condition withdrawal on the plaintiff sitting for a deposition because there was no outstanding deposition request at the time of withdrawal, noting that it was "aware of no authority that would condition a plaintiff's dismissal on responding to potential or hypothetical discovery." *Opperman*, 2015 WL 9311888, at *4.

While responding to Facebook's false narrative is a distraction, a few items warrant a response:

- **Reasons for Withdrawal:** While she is not required to provide an explanation, Layser told Facebook: "Due to her own personal life circumstances, Ms. Layser no longer wanted to participate in this litigation and be subjected to, among other things, the burdens of discovery." Facebook improperly translates this as she withdrew because "she did not 'want[] to . . . be subjected to . . . the burdens of discovery'", and claims she "concedes she withdrew to *avoid discovery.*"

- **No Discovery Obligations:** Facebook does its best to frame Layser's withdrawal around a Rule 26(f) Conference that, in Facebook's telling, prompted Layser's exit. First, Facebook claimed Layser withdrew "a mere six days after Facebook informed the named plaintiffs of their preservation obligations," then, upon being told the statement was false and that Facebook was referring to communication with counsel for the User Plaintiffs, Facebook simply shifts gears, now claiming that Layser withdrew six days after "Facebook outlined for the named Plaintiffs the discovery it would be seeking from them." There was no earth-shattering moment, Ms. Layser simply withdrew for personal reasons and she did so when there was no outstanding discovery.

- **Subpoena Timing:** Facebook expressed no urgency in seeking discovery from Layser. Facebook first approached Layser three weeks after her withdrawal and did not serve the Subpoena for an additional three weeks (six weeks total). Facebook took two week to seek a meet and confer regarding Layser's objections.

- **Meet and Confer:** Facebook claims Layser's counsel "cancelled or conditioned Facebook's repeated attempts to meet and confer." Layser's counsel did not cancel a

single meet and confer regarding Layser's objections and in fact, it was Facebook that sought to condition the meet and confer on Layser waiving her overarching objections.[8]

- **Layser's Objections:** Rule 45 "'provide[s] a non-party subpoena recipient with two separate and distinct procedural vehicles for asserting objections to a subpoena. One is not dependent upon or tied to the other.'" *MetroPCS v. Thomas*, 327 F.R.D. 600, 608 (N.D. Tex. 2018) (citation omitted). Here, Layser evaluated her options, selected the filing of objections and did so in a timely manner. Facebook's claim that it was to delay makes no sense because filing a motion to quash would have given her more time. *Id.*

Layser's objections should be upheld and Facebook's attempts to obtain this discovery should be denied.

## NEED FOR HEARING

Facebook defers to the court on the need for oral argument on the parties' dispute; but notes that this issue is likely to recur as additional named plaintiffs dismiss their lawsuits and Facebook seeks discovery necessary to defend itself from nonparties who technically reside in the massive putative classes alleged here.

Ms. Layser does not believe a hearing is necessary because the issues are clear and Facebook has no legal or factual support for its position. However, if the Court feels as though a hearing would help clarify any questions the Court has with respect to the discovery at issue, Ms. Layser has no objection to a hearing.

## RELEVANT DATES

Facebook issued the subpoena to Layser on September 17, 2021.  The date of compliance was October 8, 2021.  Layser served Facebook with Objections on October 1, 2021.  The fact discovery cut-off for these consolidated actions is September 2, 2022. Dkt. 115.  The expert discovery cut-off for these consolidated actions is November 4, 2022.  *Id.*

## STATEMENT OF COMPLIANCE

The parties conferred about this dispute by teleconference on October 26, 2021. Participants included Keith Verrier (counsel for Jessica Layser) and David Gringer (counsel for Facebook).  Additional counsel, including Consumer and Advertiser Class Counsel, attended.  The parties enlarged the schedule for filing this letter brief by consent.

---

[8] Facebook also claims that Layser's counsel "sent lengthy exposition of the discovery rules." That correspondence was lengthy because counsel had to rebut falsehoods in Facebook's correspondence.

7

DATED: November 12, 2021

By: */s/ Keith J. Verrier*
**LEVIN SEDRAN & BERMAN LLP**
Keith J. Verrier (*pro hac vice*)
  kverrier@lfsblaw.com
Austin B. Cohen (*pro hac vice*)
  acohen@lfsblaw.com
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Telephone: (215) 592-1500

*Counsel for Jessica L. Layser*

Respectfully submitted,

By: */s/ David Z. Gringer*
**WILMER CUTLER PICKERING HALE AND DORR LLP**
SONAL N. MEHTA (Bar No. 222086)
  Sonal.Mehta@wilmerhale.com
2600 El Camino Real, Suite 400
Palo Alto, California 94306
Telephone: (650) 858-6000

DAVID Z. GRINGER (*pro hac vice*)
  David.Gringer@wilmerhale.com
7 World Trade Center
250 Greenwich Street
New York, New York 10007
Telephone: (212) 230-8800

ARI HOLTZBLATT (*pro hac vice*)
  Ari.Holtzblatt@wilmerhale.com
MOLLY M. JENNINGS (*pro hac vice*)
  Molly.Jennings@wilmerhale.com
1875 Pennsylvania Ave NW
Washington, DC 20006
Telephone: (202) 663-6000

*Attorneys for Defendant Facebook, Inc.*

## ATTESTATION OF DAVID Z. GRINGER

This document is being filed through the Electronic Case Filing (ECF) system by attorney David Z. Gringer.  By his signature, Mr. Gringer attests that he has obtained concurrence in the filing of this document from each of the attorneys identified on the caption page and in the above signature block.

Dated:  November 12, 2021                              By:     */s/ David Z. Gringer*
                                                                           David Z. Gringer


## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of November, 2021, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System, causing the document to be electronically served on all attorneys of record.

Dated:  November 12, 2021                              By:     */s/ David Z. Gringer*
                                                                           David Z. Gringer