# EXHIBIT A

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of California

| | |
|---|---|
| MAXIMILIAN KLEIN, et al. *Plaintiff* | ) ) ) |
| v. | ) Civil Action No. 5:20-cv-08570-LHK |
| FACEBOOK, INC. *Defendant* | ) ) ) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS  
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To:  Jessica Layser c/o Keith Verrier, Levin Sedran & Berman LLP  
510 Walnut Street, Suite 500, Philadelphia, PA 19106

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:   See Schedule A

| Place: Wilmer Cutler Pickering Hale and Dorr LLP c/o D. Gringer  
7 World Trade Center, 250 Greenwich St.  
New York, New York 10007 | Date and Time:  
10/08/2021 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 09/17/2021

*CLERK OF COURT*  
OR  
_____       /s/ Sonal N. Mehta  
*Signature of Clerk or Deputy Clerk*           *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Facebook, Inc.
_____, who issues or requests this subpoena, are:

Sonal N. Mehta, Wilmer Cutler Pickering Hale and Dorr LLP  
2600 El Camino Real, Suite 400, Palo Alto, CA 94306, (650) 858-6000, Sonal.Mehta@wilmerhale.com

**Notice to the person who issues or requests this subpoena**  
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 5:20-cv-08570-LHK

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____.

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Case 5:20-cv-08570-LHK   Document 192-1   Filed 11/12/21   Page 4 of 12

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

### SUBPOENA TO PRODUCE DOCUMENTS
### JESSICA LAYSER

### DEFINITIONS

A. "You" and "Your" include the person or entity to whom these commands to produce documents are directed, as well as its owners, partners, principals, members, officers, and directors, and all co-account holders, present or former representatives or agents, and any person, including attorneys, acting on behalf of any of the foregoing.

B. "User Complaint" refers to the Amended Consolidated Consumer Class Action Complaint filed in *Klein v. Facebook, Inc.*, Case No. 5:20-cv-08570-LHK (N.D. Cal.), ECF No. 87, by Maximilian Klein, Sarah Grabert, and Rachel Banks Kupcho (together the "User Plaintiffs").

C. "Advertiser Complaint" refers to the Amended Consolidated Advertiser Class Action Complaint filed in *Klein v. Facebook, Inc.*, Case No. 5:20-cv-08570-LHK (N.D. Cal.), ECF No. 86, by Affilious, Inc., Jessyca Frederick, Mark Young, Joshua Jeon, 406 Property Services, PLLC, Mark Berney, Katherine Loopers, and Zahara Mossman (together the "Advertiser Plaintiffs").

D. "Advertising Medium" refers to any and all advertising forms, channels, media, or services including without limitation advertising on any online services (as defined below), any digital advertising, any search advertising, and any television, radio, print, direct mail, and billboard advertising.

E. "Relevant Time Period" is the period from January 1, 2003, to the present.

F. "Document" or "Documents" shall have the broadest meaning permitted under the Federal Rules of Civil Procedure and relevant case law, and shall include without limitation all written or graphic matter, whether stored, displayed, communicated, or transmitted, of every

kind or description, however produced or reproduced, whether draft or final, original or reproduction, including: electronically stored information, written Communications, letters, memoranda of conversations, interoffice Communications, records, statistical and financial statements, charts, graphs, reports, minutes, emails, voicemails, sound or video recordings of any type, contracts, agreements, computer diskettes, CDs or DVDs, or material similar to any of the foregoing, however denominated, by whomever prepared, and to whomever addressed, which are in Your possession, custody or control or to which You have, have had or can obtain access.

G. The word "Communication" means any actual or attempted transmittal of information (e.g., of facts, ideas, inquiries, or otherwise) regardless of form, including but not limited to any content that you created, shared with, posted to, or any way provided or published on any online services, as well as any other electronically stored information, and any oral, written, email, letter, notes, telephone conversation, computer drop-down selection, etc.

H. "Concerning" means referencing, relating to, describing, evidencing, reflecting, constituting, documenting, discussing, referring to, mentioning, analyzing, refuting, or recording.

I. "Facebook" means Facebook, Inc., and all persons or entities acting or having acted on its behalf, including but not limited to its divisions, subsidiaries, holding companies, predecessors, Facebook, Messenger, Instagram, WhatsApp, and any other related entity.

J. "Online services" means any public-facing internet website, web application, digital application, or other service provided online in any form or by any method, including but not limited to email or messaging services, and any news, ecommerce, entertainment, streaming video, streaming audio, television, or gaming services, applications, or websites.

K. "Personal information" has the meaning provided by California Civil Code § 1798.140(o)(1).

L. The use of the singular herein shall be deemed to encompass the use of the plural and vice versa.

M.       The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the commands all information that might otherwise be construed as outside of their scope.

N.       The term "any" includes "all" and "each," and the term "all" includes "any," and the term "each" includes "every."

O.       To the extent these commands employ terms used in the complaints in this action, such use is without prejudice to the rights of Facebook.

## INSTRUCTIONS

1.       In answering each command, you are commanded to furnish all documents, however held or obtained, that are in your possession, custody or control—including but not limited to legal (de jure), actual (de facto), constructive, and practical possession, custody, or control of your officers, directors, employees, contractors, counsel, auditors, insurers, investigators, consultants, agents or other representatives acting for or on your behalf, or that are maintained in your records, including, but not limited to, documents obtained through discovery in this or any other litigation.

2.       Each command that seeks documents relating in any way to communications to, from, or within a governmental, business, or corporate entity means all communications to, from, between, or among representatives, officers, officials, directors, employees, agents, servants, and anyone acting on behalf of such entity.

3.       Should you find the meaning of any term in these commands to be unclear, you should assume a reasonable meaning, state what that assumed meaning is, and respond to the command on the basis of that assumed meaning.

4. If you object to any command or portion thereof on the ground that you contend that it calls for a document that is privileged, falls within the work product doctrine, or is otherwise protected from disclosure, provide a privilege log that complies with Federal Rule of Civil Procedure 26(b)(5).

5. If you are withholding or intend to withhold any document (or any part of a document) on the basis of an objection, state so in your response. If you note an objection but indicate that responsive documents are nonetheless being produced, we will construe your statement as a representation that you are producing all documents responsive to the command notwithstanding the objection, save for any privileged documents that are identified on a privilege log.

6. Each responsive document or information shall be produced in its entirety, and no portion of any document or information shall be edited, cut, masked, redacted, or otherwise altered, unless for applicable privilege logged according to the procedures set forth above.

7. All attachments to documents or information responsive to these commands shall be produced with, and attached to, the responsive documents or information.

8. Produce all documents in electronic format. Convert or process all scanned paper, email, and native file collections to TIFF files, and include fully searchable text (e.g., OCR) and accompanying load files. Databases, Excels, and PowerPoints should also include linked native files. Document images should include tracked changes, where applicable. Load files should include, at a minimum, the following fields: BegBates (Beginning Bates number); EndBates (Ending Bates number); BegAttach (Beginning Bates number of attachment(s)); EndAttach (Ending Bates number of attachment(s)); Custodian; AllCustodians; From; To; CC; BCC;

Subject; Date Sent; Time Sent; File Name; MD5HASH; MsgIndex; FolderLoc; DocType; Title; Native Link; Text Link; Author; Date Created; Time Created; Date Last Modified; Time Last Modified; File Size; File Extension; DateApptStart; DateApptEnd; and Conversation Index.

## COMMANDS TO PRODUCE DOCUMENTS

**COMMAND NO. 1.**

All documents concerning your reasons for using and/or advertising on Facebook, as defined above.

**COMMAND NO. 2.**

All documents concerning any and every Advertising Medium that you used, considered, or evaluated during the Relevant Time Period, including but not limited to documents concerning your reasons for using and/or advertising on those Advertising Mediums, documents concerning your advertisement objectives and strategy or its implementation, and documents concerning any targeted advertising you used, considered, or evaluated on Facebook or any other Advertising Medium.

**COMMAND NO. 3.**

All documents (including but not limited to any communications) concerning Facebook (as defined above).

**COMMAND NO. 4.**

All documents that support, refute, or otherwise relate to the claims or any allegations in the User Complaint or Advertiser Complaint, including but not limited to documents that you considered or relied on in drafting the Advertiser Complaint.

**COMMAND NO. 5.**

All documents constituting or concerning any communications about this action, the subject matter of this action, or any of the allegations in the Advertiser Complaint.

**COMMAND NO. 6.**

All documents that support, are referenced in, or that you consider in drafting any responses to this subpoena.

**COMMAND NO. 7.**

All documents constituting or concerning any agreements, arrangements, or understandings with your counsel for the handling and prosecution of the above-captioned action, including, without limitation, any engagement letter for or with your counsel in the above-captioned action.

**COMMAND NO. 8.**

All documents you received from any law firm or attorney seeking your participation in the above-captioned action or in any action involving the same, or some of the same, subject matter as the present action.

**COMMAND NO. 9.**

All documents constituting or concerning any communication you have had with any members or potential members of the putative classes alleged in the User Complaint or Advertiser Complaint concerning this lawsuit, the subject matter of this lawsuit, or any of the

allegations set forth in the User Complaint or Advertiser Complaint, including but not limited to the User Plaintiffs or Advertiser Plaintiffs.

**COMMAND NO. 10.**

All documents constituting or concerning any agreements between you and any members or potential members of the putative classes alleged in the User Complaint or Advertiser Complaint concerning this lawsuit or the subject matter of this lawsuit, including but not limited to the User Plaintiffs or Advertiser Plaintiffs.

**COMMAND NO. 11.**

All documents concerning any losses, damages, or injuries alleged in the Advertiser Complaint or that you claimed to have sustained as a result of any act or practice that was a subject of your claims in this action.

**COMMAND NO. 12.**

All documents or communications that you have provided to, received from, exchanged with, or had with any governmental entities or officials concerning this lawsuit or the subject matter of this lawsuit, including but not limited to the Federal Trade Commission or any State Attorneys General.

**COMMAND NO. 13.**

For each advertising purchase you made or advertisement you placed during the Relevant Time Period, all documents concerning the placement or purchase of the advertisement including without limitation where the advertisement ran, how much you spent on the advertisement (including *inter alia* per impression, per click, or total), the frequency on which the

advertisement ran, the duration for which the advertisement ran, any parameters or criteria used to target the advertisement (including whether the ad was targeted based on geography, demographics, or other information), and all metrics concerning the advertisement's performance (including without limitation, views, conversion, engagement, etc.).

**COMMAND NO. 14.**

All documents concerning your return on investment from any advertisements you purchased from any source during the Relevant Time Period.

**COMMAND NO. 15.**

All communications with any company, including Facebook, concerning its advertisement products, advertisement services, or advertisement-related reporting metrics.

**COMMAND NO. 16.**

Documents relating to pricing for advertisements during the Relevant Time Period, including without limitation, documents concerning the relative price of advertising on Facebook versus advertising on any Advertising Medium.

**COMMAND NO. 17.**

All documents concerning the dismissal of your claims in the above-captioned action.