# EXHIBIT B

**LEVIN SEDRAN & BERMAN LLP**
Keith J. Verrier (*pro hac vice*)
kverrier@lfsblaw.com
Austin B. Cohen (*pro hac vice*)
acohen@lfsblaw.com
510 Walnut Street, Suite 500
Philadelphia, PA 19106-3997
Tel.: (215) 592-1500
Fax: (215) 592-4663

*Counsel for Jessica L. Layser and Interim*
*Counsel for the Advertiser Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MAXIMILIAN KLEIN, et al., on behalf of themselves and all others similarly situated,<br><br>　　　　Plaintiffs,<br><br>　　　　v.<br><br>FACEBOOK, INC.,<br><br>　　　　Defendant. | Case No. 20-CV-08570-LHK<br><br>Hon. Lucy H. Koh<br><br>**CLASS ACTION**<br><br>**NONPARTY JESSICA L. LAYSER'S OBJECTIONS TO THE SUBPOENA TO PRODUCE DOCUMENTS SERVED BY DEFENDANT FACEBOOK, INC.** |

Case No. 20-CV-08570-LHK

Nonparty Jessica L. Layser's Obj. to Subpoena to Prod. Docs.
Served by Defendant Facebook, Inc.

Nonparty Jessica L. Layser, by and through her undersigned counsel, hereby objects, pursuant to Federal Rule of Civil Procedure 45(d)(2)(B), to the SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION served by Defendant Facebook, Inc. ("Defendant" or "Facebook") on September 17, 2021 (the "Subpoena").

Ms. Layser expressly reserves the right to supplement, amend, and/or modify the objections set forth below.

## **GENERAL OBJECTIONS**

1.     Ms. Layser objects that the Subpoena is an impermissible attempt to seek discovery from her because she was previously a named plaintiff in the above-captioned litigation (the "Litigation"). Ms. Layser exercised her absolute right under Federal Rule of Civil Procedure 41(a)(1)(A)(i) to withdraw from the Litigation prior to Facebook filing an answer or moving for summary judgment, and thereby became an absent class member. Facebook's efforts to, in effect, retroactively condition her withdrawal on providing discovery and force her continued participation in the Litigation is harassment. It is being done for an improper purpose and would impose an undue burden upon her.

2.     To the extent the Subpoena seeks discovery from Ms. Layser as an absent class member, Ms. Layser objects that the requested discovery is impermissible. Absent class member discovery is disfavored. To obtain discovery from absent class members, a defendant is required to first demonstrate to the court the existence of several factors before such discovery will be permitted. Those factors include, among other things, whether the discovery is: (1) directly relevant to common questions; (2) necessary; (3) not readily obtainable from the representative parties or other sources; (4) not unduly burdensome and made in good faith; (5) not seeking information that is not already known by the proponent; and (6) necessary at trial of issues common to the class. *See, e.g.*, *Holman v. Experian Info. Solutions, Inc.*, No. 11-cv-00180, 2012 WL 2568202, at *3 (N.D. Cal. July 2, 2012). Facebook cannot satisfy these factors and therefore, the discovery it served on Ms. Layser is impermissible.

3.     Ms. Layser objects to the Subpoena to the extent it seeks information protected by privilege, including the attorney-client privilege, work product immunity doctrine, common interest

Case No. 20-CV-08570-LHK

Nonparty Jessica L. Layser's Obj. to Subpoena to Prod. Docs.
Served by Defendant Facebook, Inc.

1  privilege, or other applicable privileges, immunities, or restrictions on discovery.  Ms. Layser will not

2  produce documents protected by such privileges, immunities, or restrictions.

3       4.     Ms. Layser objects to the Subpoena to the extent it seeks to require her to: produce

4  documents that are not in her possession, custody, or control, but in the possession of other entities;

5  create documents or information; produce publicly available documents or documents available from a

6  more convenient, less burdensome, or less expensive source, including people or entities that are

7  currently parties to the Litigation; and/or produce documents that are already in Defendant's or its

8  representatives' possession, custody, or control.

9  <u>**SPECIFIC OBJECTIONS TO DEFENDANT'S DEFINITIONS**</u>

10       1.     Ms. Layser objects to the definition of "you" and "yours" (Definition A) as overbroad

11  to the extent that it includes people or entities beyond Ms. Layser herself, including anyone

12  encompassed in the terms "representative," "agent," and "attorney" which, among other things, could

13  be read to target material protected by attorney-client privilege, attorney work product, or joint

14  prosecution or common interest doctrines. Ms. Layser is a natural person and the terms "you" and

15  "yours" will be read to mean Jessica L. Layser.

16       2.     Ms. Layser objects to the definition of "Advertising Medium" (Definition D) as

17  overbroad to the extent that it incorporates the defined term "online services."  Ms. Layser incorporates

18  herein the below objections to the definition of "online services."

19       3.     Ms. Layser objects to the definition of "Relevant Time Frame" (Definition E) as

20  overbroad and unduly burdensome.

21       4.     Ms. Layser objects to the definition of "document" or "documents" (Definition F) to the

22  extent it seeks to impose limits beyond those imposed by the Federal Rule of Civil Procedure. In

23  addition, Ms. Layser objects to this definition to the extent it includes material that is not in the

24  possession, custody or control of Ms. Layser. Ms. Layser further objects to this definition as overbroad

25  to the extent that it incorporates the defined term "communication."  Ms. Layser incorporates herein the

26  below objections to the definition of "communication."

27       5.     Ms. Layser objects to the definition of "communication" (Definition G) as vague and

28

2

Case No. 20-CV-08570-LHK          Nonparty Jessica L. Layser's Obj. to Subpoena to Prod. Docs.
Served by Defendant Facebook, Inc.

ambiguous as well as overbroad and unduly burdensome. The definition is vague, ambiguous, overbroad and unduly burdensome in that, among other things, it references "attempted transmittal" and contains a definition of "information" which includes "ideas" and the phrase "otherwise" (*e.g.*, the definition encompasses the concept of an "attempted transmittal" of an "idea"); as well as the inclusion "computer drop-down selection, etc." as potential forms of communication. In addition, Ms. Layser objects to this definition as overbroad to the extent that it incorporates the defined term "online services." Ms. Layser incorporates herein the below objections to the definition of "online services."

6.      Ms. Layser objects to the definition of "concerning" (Definition H) as being vague, ambiguous, overly broad and unduly burdensome in that it includes the phrases "relating to," "evidencing," "reflecting," "constituting," and "refuting." These terms are subject to differing interpretations. In addition, these terms can be read to call for legal or expert conclusions about the relevance of any particular document or fact to any particular allegation made in the Litigation.

7.      Ms. Layser objects to the definition of "Facebook" (Definition I) as impermissibly vague. The exact identities of the broad groups of persons included in this definition are known only to Facebook.

8.      Ms. Layser objects to the definition of "online services" (Definition J) insofar as its use renders any specific command to produce documents not relevant, overly broad, and/or disproportionate to the needs of the case, including to the extent it includes Ms. Layser's use of online services for purposes besides advertising. Ms. Layser objects to any construction of this definition, either standing alone or in conjunction with any specific command to produce, which would impose an obligation to disclose Ms. Layser's online activity, separate and distinct from her real estate business, as harassment and an invasion of her privacy, and therefore unreasonably burdensome and disproportionate to the needs of the case. Ms. Layser further objects to the extent the definition encompasses mls.com, realtor.com, zillow.com, or similar property portals as overbroad, unduly burdensome, and disproportionate to the needs of the case.

## SPECIFIC OBJECTIONS TO DEFENDANT'S INSTRUCTIONS

1.      Ms. Layser objects to Instruction Number 1 in that it seeks to impose an obligation to

Nonparty Jessica L. Layser's Obj. to Subpoena to Prod. Docs.
Served by Defendant Facebook, Inc.

produce materials that are not in her possession, custody or control. In addition, Ms. Layser objects that the instruction is ambiguous in that it refers to documents that are in various states of possession by third parties including "*de facto* possession," "constructive possession," or "practical possession."

2. Ms. Layser objects to Instruction Number 2 as vague, ambiguous and overbroad in its use of the broad and untethered phrase "in any way" to refer to a category of documents sought. In addition, this instruction is vague, ambiguous and overbroad to the extent it relies on the defined term "communications." Ms. Layser incorporates her objections to the defined term "communication" set forth above.

3. Ms. Layser objects to Instruction Number 3 to the extent that it imposes an obligation upon Ms. Layser to guess as the meaning and intent of ambiguously worded commands.

4. Ms. Layser objects to Instruction Number 6 to the extent is seeks to impose disclosure requirements on her that are beyond those contained in the Federal Rules of Civil Procedure.

5. Ms. Layser objects to Instruction Number 7 to the extent it seeks to impose obligations on her that are beyond those imposed by the Federal Rules of Civil Procedure generally, and Rule 45(e), specifically.

6. Ms. Layser objects to Instruction Number 8 to the extent it seeks to impose obligations on her that are beyond those imposed by Federal Rule of Civil Procedure generally, and Rule 45(e), specifically. In addition, Ms. Layser objects to this instruction to the extent that the electronic production sought is unreasonably burdensome and would cause undo expense to a nonparty to the Litigation.

## OBJECTIONS TO SPECIFIC COMMANDS TO PRODUCE DOCUMENTS

**COMMAND NO. 1.**

All documents concerning your reasons for using and/or advertising on Facebook, as defined above.

**OBJECTIONS:**

Ms. Layser objects to this Command because it is an impermissible attempt to seek discovery from her because she was previously a named plaintiff in the Litigation. Facebook's efforts to effectively condition her withdrawal on providing discovery and force her continued participation in

the Litigation is harassment. It is being done for an improper purpose and would impose an undue burden upon her.

To the extent that this Command seeks discovery from Ms. Layser as an absent class member, she further objects that it is impermissible. Absent class member discovery is disfavored, and Facebook cannot meet the standard for obtaining such discovery from Ms. Layser.

In addition, Ms. Layser objects that this Command is impermissibly vague, unduly burdensome, and seeks information that is not relevant to the Litigation. Ms. Layser cannot identify "[a]ll documents" that might "concern" her reasons for using and/or advertising on Facebook. Ms. Layser also objects to this Command to the extent it calls for documents concerning her use of Facebook for personal as opposed to business purposes.

Based upon the foregoing General Objections and these Specific Objections, Ms. Layser will not produce any materials in response to this Command.

**COMMAND NO. 2.**

All documents concerning any and every Advertising Medium that you used, considered, or evaluated during the Relevant Time Period, including but not limited to documents concerning your reasons for using and/or advertising on those Advertising Mediums, documents concerning your advertisement objectives and strategy or its implementation, and documents concerning any targeted advertising you used, considered, or evaluated on Facebook or any other Advertising Medium.

**OBJECTIONS:**

Ms. Layser objects to this Command because it is an impermissible attempt to seek discovery from her because she was previously a named plaintiff in the Litigation. Facebook's efforts to effectively condition her withdrawal on providing discovery and force her continued participation in the Litigation is harassment. It is being done for an improper purpose and would impose an undue burden upon her.

To the extent that this Command seeks discovery from Ms. Layser as an absent class member, she further objects that it is impermissible. Absent class member discovery is disfavored, and Facebook

1   cannot meet the standard for obtaining such discovery from Ms. Layser.

2      In addition, Ms. Layser objects that this Command as vague, ambiguous, overbroad, and seeking

3   information that is not relevant to the Litigation. The Command is vague, ambiguous, overbroad and

4   irrelevant, in part, because it seeks "[a]ll" documents and uses the vague and overbroad term

5   "concerning" four times to broaden the Command including anything and everything "concerning" each

6   "Advertising Medium," "concerning" the "reasons for using and/or advertising on those Advertising

7   Mediums," "concerning" advertising objectives and strategy, and "concerning" targeted advertising.  In

8   addition, Ms. Layser incorporates her objection to Facebook's defined term "Advertising Medium."

9      Based upon the foregoing General Objections and these Specific Objections, Ms. Layser will

10   not produce any materials in response to this Command.

11

12   **COMMAND NO. 3.**

13      All documents (including but not limited to any communications) concerning Facebook (as

14   defined above).

15   **OBJECTIONS:**

16      Ms. Layser objects to this Command because it is an impermissible attempt to seek discovery

17   from her because she was previously a named plaintiff in the Litigation. Facebook's efforts to

18   effectively condition her withdrawal on providing discovery and force her continued participation in

19   the Litigation is harassment. It is being done for an improper purpose and would impose an undue

20   burden upon her.

21      To the extent that this Command seeks discovery from Ms. Layser as an absent class member,

22   she further objects that it is impermissible. Absent class member discovery is disfavored, and Facebook

23   cannot meet the standard for obtaining such discovery from Ms. Layser.

24      In addition, Ms. Layser objects that this Command as overbroad, unduly burdensome, and

25   disproportionate to the needs of the case, as it seeks "[a]ll documents concerning … Facebook,"

26   regardless of subject matter, and whether or not that information is relevant to the claims or defenses

27   in this Litigation.  Ms. Layser also objects to this Command as overbroad to the extent that it seeks

28

6

Case No. 20-CV-08570-LHK        Nonparty Jessica L. Layser's Obj. to Subpoena to Prod. Docs.
Served by Defendant Facebook, Inc.

documents or communications concerning Facebook that Ms. Layser sent or received in her personal capacity.

Based upon the foregoing General Objections and these Specific Objections, Ms. Layser will not produce any materials in response to this Command.

**COMMAND NO. 4.**

All documents that support, refute, or otherwise relate to the claims or any allegations in the User Complaint or Advertiser Complaint, including but not limited to documents that you considered or relied on in drafting the Advertiser Complaint.

**OBJECTIONS:**

Ms. Layser objects to this Command because it is an impermissible attempt to seek discovery from her because she was previously a named plaintiff in the Litigation. Facebook's efforts to effectively condition her withdrawal on providing discovery and force her continued participation in the Litigation is harassment. It is being done for an improper purpose and would impose an undue burden upon her.

To the extent that this Command seeks discovery from Ms. Layser as an absent class member, she further objects that it is impermissible. Absent class member discovery is disfavored, and Facebook cannot meet the standard for obtaining such discovery from Ms. Layser.

In addition, Ms. Layser objects that this Command is vague, ambiguous and overbroad in its use of the term "otherwise relate" and seeks conclusions as to what information supports or refutes "claims or any allegations in the User Complaint or Advertiser Complaint." Ms. Layser also objects to the extent this Command seeks material protected by the attorney-client privilege, attorney work product doctrine, or joint prosecution or common interest doctrines.  Ms. Layser also objects to the use of the phrases "support" and "refute" insofar as they call for legal or expert conclusions about the relevance of any particular document or fact to any particular allegation. To the extent that Facebook seeks discovery from Ms. Layser as a former named plaintiff on the Advertiser Complaint, Ms. Layser additionally objects to this Command to the extent that it seeks documents related to the User

1    Complaint.

2         Based upon the foregoing General Objections and these Specific Objections, Ms. Layser will

3    not produce any materials in response to this Command.

4

5    **COMMAND NO. 5.**

6         All documents constituting or concerning any communications about this action, the subject

7    matter of this action, or any of the allegations in the Advertiser Complaint.

8    **OBJECTIONS:**

9         Ms. Layser objects to this Command because it is an impermissible attempt to seek discovery

10   from her because she was previously a named plaintiff in the Litigation. Facebook's efforts to

11   effectively condition her withdrawal on providing discovery and force her continued participation in

12   the Litigation is harassment. It is being done for an improper purpose and would impose an undue

13   burden upon her.

14        To the extent that this Command seeks discovery from Ms. Layser as an absent class member,

15   she further objects that it is impermissible. Absent class member discovery is disfavored, and Facebook

16   cannot meet the standard for obtaining such discovery from Ms. Layser.

17        In addition, Ms. Layser objects that this Command is vague, ambiguous and overbroad because

18   of its use of the phrases "concerning any communications about this action," "concerning . . . the subject

19   matter of this action," and "concerning . . . any of the allegations in the Advertiser Complaint."

20        Based upon the foregoing General Objections and these Specific Objections, Ms. Layser will

21   not produce any materials in response to this Command.

22

23   **COMMAND NO. 6.**

24        All documents that support, are referenced in, or that you consider in drafting any responses to

25   this subpoena.

26   **OBJECTIONS:**

27        Ms. Layser objects to this Command because it is an impermissible attempt to seek discovery

28

from her because she was previously a named plaintiff in the Litigation. Facebook's efforts to effectively condition her withdrawal on providing discovery and force her continued participation in the Litigation is harassment. It is being done for an improper purpose and would impose an undue burden upon her.

To the extent that this Command seeks discovery from Ms. Layser as an absent class member, she further objects that it is impermissible. Absent class member discovery is disfavored, and Facebook cannot meet the standard for obtaining such discovery from Ms. Layser.

In addition, Ms. Layser objects that this Command is vague and ambiguous and call for the production of materials that are not relevant to this litigation. The terms "support" or "considered" are vague, ambiguous and overbroad. In addition, Ms. Layser objects to the phrase "support" to the extent it calls for legal or expert conclusions.  Ms. Layser further objects to the extent this Command seeks information protected by the attorney-client privilege and/or attorney work product doctrine.

Based upon the foregoing General Objections and these Specific Objections, Ms. Layser will not produce any materials in response to this Command.

**COMMAND NO. 7.**

All documents constituting or concerning any agreements, arrangements, or understandings with your counsel for the handling and prosecution of the above-captioned action, including, without limitation, any engagement letter for or with your counsel in the above-captioned action.

**OBJECTIONS:**

Ms. Layser objects to this Command because it is an impermissible attempt to seek discovery from her because she was previously a named plaintiff in the Litigation. Facebook's efforts to effectively condition her withdrawal on providing discovery and force her continued participation in the Litigation is harassment. It is being done for an improper purpose and would impose an undue burden upon her.

To the extent that this Command seeks discovery from Ms. Layser as an absent class member, she further objects that it is impermissible. Absent class member discovery is disfavored, and Facebook

9

1   cannot meet the standard for obtaining such discovery from Ms. Layser.

2       In addition, Ms. Layser objects that this Command seeks documents protected by the attorney

3   work product doctrine, attorney-client privilege, joint prosecution or common interest doctrines, or

4   other applicable privileges, immunities, or restrictions on discovery. Ms. Layser further objects that this

5   Command is vague and ambiguous in that it seeks documents "concerning" agreements and

6   arrangements; and refers to "understandings."

7       Based upon the foregoing General Objections and these Specific Objections, Ms. Layser will

8   not produce any materials in response to this Command.

9

10  **COMMAND NO. 8.**

11      All documents you received from any law firm or attorney seeking your participation in the

12  above-captioned action or in any action involving the same, or some of the same, subject matter as the

13  present action.

14  **OBJECTIONS:**

15      Ms. Layser objects to this Command because it is an impermissible attempt to seek discovery

16  from her because she was previously a named plaintiff in the Litigation. Facebook's efforts to

17  effectively condition her withdrawal on providing discovery and force her continued participation in

18  the Litigation is harassment. It is being done for an improper purpose and would impose an undue

19  burden upon her.

20      To the extent that this Command seeks discovery from Ms. Layser as an absent class member,

21  she further objects that it is impermissible. Absent class member discovery is disfavored, and Facebook

22  cannot meet the standard for obtaining such discovery from Ms. Layser.

23      In addition, Ms. Layser objects to this Command on the ground that the phrases "seeking your

24  participation" and "any action involving the same, or some of the same, subject matter as the present

25  action" render it vague, overbroad, and ambiguous. In addition, Ms. Layser objects that this Command

26  seeks information not relevant to the claims or defenses in the Litigation. Ms. Layser further objects to

27  the Command as seeking documents protected by the attorney work product doctrine, attorney-client

28

1  privilege, joint prosecution or common interest doctrines, or other applicable privileges, immunities, or

2  restrictions on discovery.

3      Based upon the foregoing General Objections and these Specific Objections, Ms. Layser will

4  not produce any materials in response to this Command.

5

6  **COMMAND NO. 9.**

7      All documents constituting or concerning any communication you have had with any members

8  or potential members of the putative classes alleged in the User Complaint or Advertiser Complaint

9  concerning this lawsuit, the subject matter of this lawsuit, or any of the allegations set forth in the User

10  Complaint or Advertiser Complaint, including but not limited to the User Plaintiffs or Advertiser

11  Plaintiffs.

12  **OBJECTIONS:**

13      Ms. Layser objects to this Command because it is an impermissible attempt to seek discovery

14  from her because she was previously a named plaintiff in the Litigation. Facebook's efforts to

15  effectively condition her withdrawal on providing discovery and force her continued participation in

16  the Litigation is harassment. It is being done for an improper purpose and would impose an undue

17  burden upon her.

18      To the extent that this Command seeks discovery from Ms. Layser as an absent class member,

19  she further objects that it is impermissible. Absent class member discovery is disfavored, and Facebook

20  cannot meet the standard for obtaining such discovery from Ms. Layser.

21      In addition, Ms. Layser objects that this Command is vague, ambiguous, overbroad, unduly

22  burdensome, and disproportionate to the needs of the case, in that it seeks "[a]ll documents constituting

23  or concerning any communication" with "members or potential members" of the putative classes. In

24  addition, Ms. Layser has no means to identify the full set of individuals and businesses that are members

25  of the putative classes and in particular, individuals and business that advertised on Facebook during

26  the relevant time. Ms. Layser objects that this Command seeks documents available from other sources

27  and because it seeks information not relevant to the claims or defenses in the Litigation. To the extent

28

1   that Facebook seeks discovery from Ms. Layser as a former named plaintiff on the Advertiser

2   Complaint, Ms. Layser additionally objects to this Command to the extent that it calls for the production

3   of communications with potential class members unrelated to the subject matter of the Advertiser

4   Complaint. Ms. Layser further objects to the Command to the extent it seeks documents protected by

5   the attorney work product doctrine, attorney-client privilege, joint prosecution or common interest

6   doctrines, or other applicable privileges, immunities, or restrictions on discovery.

7         Based upon the foregoing General Objections and these Specific Objections, Ms. Layser will

8   not produce any materials in response to this Command.

9

10  **COMMAND NO. 10.**

11        All documents constituting or concerning any agreements between you and any members or

12  potential members of the putative classes alleged in the User Complaint or Advertiser Complaint

13  concerning this lawsuit or the subject matter of this lawsuit, including but not limited to the User

14  Plaintiffs or Advertiser Plaintiffs.

15  **OBJECTIONS:**

16        Ms. Layser objects to this Command because it is an impermissible attempt to seek discovery

17  from her because she was previously a named plaintiff in the Litigation. Facebook's efforts to

18  effectively condition her withdrawal on providing discovery and force her continued participation in

19  the Litigation is harassment. It is being done for an improper purpose and would impose an undue

20  burden upon her.

21        To the extent that this Command seeks discovery from Ms. Layser as an absent class member,

22  she further objects that it is impermissible. Absent class member discovery is disfavored, and Facebook

23  cannot meet the standard for obtaining such discovery from Ms. Layser.

24        In addition, Ms. Layser objects that this Command is vague, ambiguous, overbroad, unduly

25  burdensome, and disproportionate to the needs of the case, as it seeks "[a]ll documents constituting or

26  concerning any agreements" Ms. Layser had or has with "members or potential members" of the

27  putative classes, "concerning this lawsuit or the subject matter of this lawsuit." In addition, Ms. Layser

28

has no means to identify the full set of individuals and businesses that are members of the putative classes and in particular, individuals and business that advertised on Facebook during the relevant time. Ms. Layser objects that this Command seeks documents available from other sources and because it seeks information not relevant to the claims or defenses in the Litigation. To the extent that Facebook seeks discovery from Ms. Layser as a former named plaintiff on the Advertiser Complaint, Ms. Layser additionally objects to this Command to the extent that it seeks materials related to the User Plaintiffs or allegations contained in the User Complaint. Ms. Layser further objects to the Command to the extent it seeks documents protected by the attorney work product doctrine, attorney-client privilege, joint prosecution or common interest doctrines, or other applicable privileges, immunities, or restrictions on discovery.

Based upon the foregoing General Objections and these Specific Objections, Ms. Layser will not produce any materials in response to this Command.

**COMMAND NO. 11.**

All documents concerning any losses, damages, or injuries alleged in the Advertiser Complaint or that you claimed to have sustained as a result of any act or practice that was a subject of your claims in this action.

**OBJECTIONS:**

Ms. Layser objects to this Command because it is an impermissible attempt to seek discovery from her because she was previously a named plaintiff in the Litigation. Facebook's efforts to effectively condition her withdrawal on providing discovery and force her continued participation in the Litigation is harassment. It is being done for an improper purpose and would impose an undue burden upon her.

To the extent that this Command seeks discovery from Ms. Layser as an absent class member, she further objects that it is impermissible. Absent class member discovery is disfavored, and Facebook cannot meet the standard for obtaining such discovery from Ms. Layser.

In addition, Ms. Layser objects that this Command seeks information not relevant to the claims

or defenses in the Litigation. Ms. Layser further objects to the extent the Command seeks material available from other sources, material that may be the subject of expert discovery in the Litigation, and material protected by the attorney work product doctrine, attorney-client privilege, joint prosecution or common interest doctrines, or other applicable privileges, immunities, or restrictions on discovery. Ms. Layser further objects that the Command is vague, ambiguous and overbroad in its use of the phrase "[a]ll documents concerning." To the extent that Facebook seeks discovery from Ms. Layser as a former named plaintiff on the Advertiser Complaint, Ms. Layser additionally objects to this Command to the extent that it seeks materials related to the allegations contained in the User Complaint.

Based upon the foregoing General Objections and these Specific Objections, Ms. Layser will not produce any materials in response to this Command.

**COMMAND NO. 12.**

All documents or communications that you have provided to, received from, exchanged with, or had with any governmental entities or officials concerning this lawsuit or the subject matter of this lawsuit, including but not limited to the Federal Trade Commission or any State Attorneys General.

**OBJECTIONS:**

Ms. Layser objects to this Command because it is an impermissible attempt to seek discovery from her because she was previously a named plaintiff in the Litigation. Facebook's efforts to effectively condition her withdrawal on providing discovery and force her continued participation in the Litigation is harassment. It is being done for an improper purpose and would impose an undue burden upon her.

To the extent that this Command seeks discovery from Ms. Layser as an absent class member, she further objects that it is impermissible. Absent class member discovery is disfavored, and Facebook cannot meet the standard for obtaining such discovery from Ms. Layser.

In addition, Ms. Layser objects to this Command on the grounds that the phrases "any governmental entities or officials" and "concerning this lawsuit or the subject matter of this lawsuit" are vague, overbroad, and ambiguous. Ms. Layser further objects to the Command to the extent that it

Nonparty Jessica L. Layser's Obj. to Subpoena to Prod. Docs. Served by Defendant Facebook, Inc.

seeks documents protected by the attorney work product doctrine, attorney-client privilege, and joint prosecution or common interest doctrines.

Based upon the foregoing General Objections and these Specific Objections, Ms. Layser will not produce any materials in response to this Command.

**COMMAND NO. 13.**

For each advertising purchase you made or advertisement you placed during the Relevant Time Period, all documents concerning the placement or purchase of the advertisement including without limitation where the advertisement ran, how much you spent on the advertisement (including *inter alia* per impression, per click, or total), the frequency on which the advertisement ran, the duration for which the advertisement ran, any parameters or criteria used to target the advertisement (including whether the ad was targeted based on geography, demographics, or other information), and all metrics concerning the advertisement's performance (including without limitation, views, conversion, engagement, etc.).

**OBJECTIONS:**

Ms. Layser objects to this Command because it is an impermissible attempt to seek discovery from her because she was previously a named plaintiff in the Litigation. Facebook's efforts to effectively condition her withdrawal on providing discovery and force her continued participation in the Litigation is harassment. It is being done for an improper purpose and would impose an undue burden upon her.

To the extent that this Command seeks discovery from Ms. Layser as an absent class member, she further objects that it is impermissible. Absent class member discovery is disfavored, and Facebook cannot meet the standard for obtaining such discovery from Ms. Layser.

In addition, Ms. Layser objects that this Command seeks information not relevant to the claims or defenses in the Litigation. Ms. Layser further objects to this Command because it seeks information in the possession, custody, and control of Defendant and/or other third parties.

Based upon the foregoing General Objections and these Specific Objections, Ms. Layser will

Case No. 20-CV-08570-LHK                    Nonparty Jessica L. Layser's Obj. to Subpoena to Prod. Docs.
                                            Served by Defendant Facebook, Inc.

1   not produce any materials in response to this Command.

2

3   **COMMAND NO. 14.**

4   All documents concerning your return on investment from any advertisements you purchased

5   from any source during the Relevant Time Period.

6   **OBJECTIONS:**

7   Ms. Layser objects to this Command because it is an impermissible attempt to seek discovery

8   from her because she was previously a named plaintiff in the Litigation. Facebook's efforts to

9   effectively condition her withdrawal on providing discovery and force her continued participation in

10   the Litigation is harassment. It is being done for an improper purpose and would impose an undue

11   burden upon her.

12   To the extent that this Command seeks discovery from Ms. Layser as an absent class member,

13   she further objects that it is impermissible. Absent class member discovery is disfavored, and Facebook

14   cannot meet the standard for obtaining such discovery from Ms. Layser.

15   In addition, Ms. Layser objects that this Command is vague and ambiguous and seeks

16   information not relevant to the claims or defenses in the Litigation.

17   Based upon the foregoing General Objections and these Specific Objections, Ms. Layser will

18   not produce any materials in response to this Command.

19

20   **COMMAND NO. 15.**

21   All communications with any company, including Facebook, concerning its advertisement

22   products, advertisement services, or advertisement-related reporting metrics.

23   **OBJECTIONS:**

24   Ms. Layser objects to this Command because it is an impermissible attempt to seek discovery

25   from her because she was previously a named plaintiff in the Litigation. Facebook's efforts to

26   effectively condition her withdrawal on providing discovery and force her continued participation in

27   the Litigation is harassment. It is being done for an improper purpose and would impose an undue

28

Case No. 20-CV-08570-LHK                    Nonparty Jessica L. Layser's Obj. to Subpoena to Prod. Docs.
                                            Served by Defendant Facebook, Inc.

1    burden upon her.

2           To the extent that this Command seeks discovery from Ms. Layser as an absent class member,

3    she further objects that it is impermissible. Absent class member discovery is disfavored, and Facebook

4    cannot meet the standard for obtaining such discovery from Ms. Layser.

5           In addition, Ms. Layser objects that this Command is overbroad and unduly burdensome to the

6    extent it calls for documents that are in the possession of Defendant and seeks information not relevant

7    to the claims or defenses in the Litigation. Ms. Layser further objects that this Command is overbroad

8    in its use of the phrase "[a]ll communications."

9           Based upon the foregoing General Objections and these Specific Objections, Ms. Layser will

10   not produce any materials in response to this Command.

11

12   **COMMAND NO. 16.**

13          Documents relating to pricing for advertisements during the Relevant Time Period, including

14   without limitation, documents concerning the relative price of advertising on Facebook versus

15   advertising on any Advertising Medium.

16   **OBJECTIONS:**

17          Ms. Layser objects to this Command because it is an impermissible attempt to seek discovery

18   from her because she was previously a named plaintiff in the Litigation. Facebook's efforts to

19   effectively condition her withdrawal on providing discovery and force her continued participation in

20   the Litigation is harassment. It is being done for an improper purpose and would impose an undue

21   burden upon her.

22          To the extent that this Command seeks discovery from Ms. Layser as an absent class member,

23   she further objects that it is impermissible. Absent class member discovery is disfavored, and Facebook

24   cannot meet the standard for obtaining such discovery from Ms. Layser.

25          In addition, Ms. Layser objects that this Command is overbroad and unduly burdensome to the

26   extent it calls for documents that are in the possession of Defendant or other third parties, including

27   other online services, or which are otherwise not in Ms. Layser's possession, custody or control. Ms.

28

17

1   Layser further objects to the extent that the Command could be read to target material protected by the

2   attorney-client privilege, attorney work product doctrine, or joint prosecution or common interest

3   doctrines.  Ms. Layser also objects to the Command to the extent it seeks material that may be the

4   subject of expert discovery in the Litigation.

5       Based upon the foregoing General Objections and these Specific Objections, Ms. Layser will

6   not produce any materials in response to this Command.

7

8   **COMMAND NO. 17.**

9       All documents concerning the dismissal of your claims in the above-captioned action.

10  **OBJECTIONS:**

11      Ms. Layser objects to this Command because it is an impermissible attempt to seek discovery

12  from her because she was previously a named plaintiff in the Litigation. Facebook's efforts to

13  effectively condition her withdrawal on providing discovery and force her continued participation in

14  the Litigation is harassment. It is being done for an improper purpose and would impose an undue

15  burden upon her.

16      To the extent that this Command seeks discovery from Ms. Layser as an absent class member,

17  she further objects that it is impermissible. Absent class member discovery is disfavored, and Facebook

18  cannot meet the standard for obtaining such discovery from Ms. Layser.

19      In addition, Ms. Layser objects that this Command seeks materials that are not relevant to any

20  of the claims or defenses in the Litigation. Ms. Layser further objects to this Command as seeking

21  materials protected by the attorney-client privilege, attorney work product doctrine, or joint prosecution

22  or common interest doctrines. Ms. Layser also objects that this Command is overbroad in that it seeks

23  "[a]ll documents concerning the dismissal."

24      Based upon the foregoing General Objections and these Specific Objections, Ms. Layser will

25  not produce any materials in response to this Command.

26

27

28

18

Dated: October 1, 2021

Respectfully submitted,

**LEVIN SEDRAN & BERMAN LLP**

/s/ *Keith J. Verrier*
Keith J. Verrier (*pro hac vice*)
kverrier@lfsblaw.com
Austin B. Cohen (*pro hac vice*)
acohen@lfsblaw.com
510 Walnut Street, Suite 500
Philadelphia, PA 19106-3997
Tel.: (215) 592-1500
Fax: (215) 592-4663

*Counsel for Jessica L. Layser and Interim*
*Counsel for the Advertiser Class*

Case No. 20-CV-08570-LHK

Nonparty Jessica L. Layser's Obj. to Subpoena to Prod. Docs.
Served by Defendant Facebook, Inc.

1

## **CERTIFICATE OF SERVICE**

2

  I hereby certify that on October 1, 2021, I caused a true and correct copy of Nonparty Jessica

3

L. Layser's Objections to the Subpoena to Produce Documents Served by Defendant Facebook, Inc.

4

to be served by electronic mail upon all counsel of record.

5

6

October 1, 2021           By:   /s/ *Keith J. Verrier*

                    Keith J. Verrier

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. 20-CV-08570-LHK          Nonparty Jessica L. Layser's Obj. to Subpoena to Prod. Docs.
Served by Defendant Facebook, Inc.