Shana E. Scarlett (SBN 217895)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
shanas@hbsslaw.com

Stephen A. Swedlow (admitted *pro hac vice*)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
stephenswedlow@quinnemanuel.com

*Interim Co-Lead Consumer Class Counsel*
[*Additional Counsel Listed in Signature Block*]

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| MAXIMILLIAN KLEIN, *et al.*,<br><br>                                   Plaintiffs,<br><br>   v.<br><br>FACEBOOK, INC.,<br><br>                                   Defendant. | Case No. 20-cv-08570-LHK<br><br>**CONSUMER PLAINTIFFS' RESPONSE TO DEFENDANT FACEBOOK, INC.'S ADMINISTRATIVE MOTION FOR CLARIFICATION OF ORDERS CONSOLIDATING *LOVELAND* AND *ROSENMAN* WITH *KLEIN***<br><br>Judge: Hon. Lucy H. Koh |

## I.    INTRODUCTION

Pursuant to N.D. Cal. Civil L.R. 7-11(b), Consumer Plaintiffs provide the following response to Facebook's Administrative Motion for Clarification, ECF No. 190 ("Mot."). Facebook seeks an order requiring "the plaintiffs in *Rosenman* and *Loveland* [to] elect to either (1) be added through amendment as named plaintiffs on that complaint, with any appropriate modifications to the interim class structure that the Court sees fit to impose, or (2) [to] voluntarily dismiss their complaints and participate in the case as absent class members." *Id.* at 2. While styled as seeking "clarification" of the contours of the consolidated case structure, Facebook's motion is a motion to dismiss the *Rosenman* and *Loveland* cases and an improper attempt to control Consumer Plaintiffs' complaint and to revisit and undermine the very purpose of the lead counsel and consolidated complaint procedures previously ordered by the Court. Neither the case law nor the Court's prior consolidation orders support the outcomes that Facebook seeks in its motion. Consistent with Ninth Circuit and other precedent, a stay of these other matters is proper and prudent at this time. The Court should exercise its discretion and reject Facebook's requests.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 42(a) generally governs consolidation. The Court has broad discretion to consolidate cases under Rule 42.[1] "[The] objective is to give the district court broad discretion to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties."[2] In *Hall v. Hall*, the Supreme Court recently traced the entire "legal lineage" of consolidation from its roots in English common law and the first federal consolidation statute in 1813 through the modern version of Federal Rule of Civil Procedure 42. 138 S. Ct. 1118, 1125–31 (2018). As the Supreme Court explained, consolidation has always been interpreted "to mean the joining together—but not the complete merger—of constituent cases" such that the consolidated actions remain "separate, independent"

---

[1] *See, e.g.*, *Miami Police Relief & Pension Fund v. Fusion-io, Inc.*, No. 13-cv-05368-LHK, 2014 WL 2604991, at *2 (N.D. Cal. June 10, 2014) (collecting cases).

[2] 9A Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 2381 (3d ed.); *Berg v. Guthart*, No. 5:14-CV-00515-EJD, 2014 WL 3749780, at *1 (N.D. Cal. July 30, 2014).

1    actions. *Id.* at 1131. The Supreme Court was unambiguous: "[t]he history against which Rule 42(a)

2    was adopted resolves any ambiguity . . . one of multiple cases consolidated under the Rule retains its

3    independent character, . . . regardless of any ongoing proceedings in the other cases." *Id.* at 1125.

4    Consolidation is meant to "enabl[e] more efficient case management while preserving the distinct

5    identities of the cases and the rights of the separate parties in them." *Id.* It does not, as Facebook

6    misstates, allow for or require that all individual cases be merged, for all purposes, into one action.

### III.    ARGUMENT

7

8    **The *Rosenman* and *Loveland* Plaintiffs May Not "Elect" to Become Named Consumer**

9    **Plaintiffs.**  Facebook states that "the plaintiffs in *Rosenman* and *Loveland* may elect . . . to be added

10   through amendment as named plaintiffs" to the Consolidated Consumer Class Action Complaint. Mot.

11   at 2. But Facebook cites no authority for its assertion that a plaintiff in a later-filed case may unilaterally

12   "elect" to become a "named plaintiff" in an earlier-filed, pending action where leadership has already

13   been appointed for the putative class and a consolidated complaint for that class (identifying class

14   representatives) has already been filed. Nor would such a result be consistent with Rule 23(g)(2)(A),

15   the purpose of which is to ensure "efficient case management" of putative class actions by allowing

16   courts to appoint interim class counsel and empower that counsel to make decisions on behalf of the

17   putative class.[3] Facebook's request would undermine these goals and mean that any plaintiff that files

18   a case after leadership has already been appointed could unilaterally join the counsel and class

19   representatives leading the putative class.

20       Here, the Court has appointed separate leadership counsel for each of the putative Consumer

21   and Advertiser Classes, and also limited the number of firms serving as leadership counsel.[4] *See* ECF

22   Nos. 73, 74. The Court then ordered those counsel to file one consolidated complaint for each putative

23

---

24   [3] *In re Air Cargo Shipping Servs. Antitrust Litig.*, 240 F.R.D. 56, 57 (E.D.N.Y. 2006); *see also*

25   Federal Judicial Center, *Manual for Complex Litigation* (4th ed.), § 21.11 at 246–47; 7B Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 1802.3 (3d ed.).

26   [4] Facebook states that the Court ordered consolidation "without limitation[.]" Mot. at 4. Facebook's statement is incorrect. The Court specifically appointed separate leadership counsel for the putative

27   Consumer and Advertiser Classes and authorized the filing of separate consolidated complaints for each class. ECF. No. 74 at 2. Leadership for each class then filed their respective complaints, which

28   feature different factual allegations and legal claims and theories. *See* ECF Nos. 86, 87.

class. *Id.* The Consolidated Consumer Class Action Complaint (ECF No. 87) is that pleading for the putative Consumer Class, and it does not name the *Rosenman* or *Loveland* plaintiffs as named representatives of the putative Consumer Class. Despite Facebook's efforts to undermine these orders and events, the Court should deny Facebook's request for an order authorizing the *Rosenman* and *Loveland* plaintiffs to "elect" to become named Consumer Plaintiffs.

**The *Rosenman* and *Loveland* Cases Need Not Be Dismissed.** Facebook also states that if the *Rosenman* and *Loveland* plaintiffs do not "elect" to become named Consumer Plaintiffs, they otherwise "must dismiss their claims[.]" Mot. at 5. Dismissal of those cases is not required. Courts regularly authorize the stay of later-filed class cases pending the resolution of earlier-filed ones, and a stay (rather than dismissal) of the *Rosenman* and *Loveland* actions is prudent here.

The Court's prior orders relating and consolidating the various actions do not require the dismissal outcome that Facebook requests here. The Seventh Circuit has explained the nature of overlapping class actions as follows:

> Parallel cases often seek the same relief. There's nothing peculiar about class actions. Sometimes the same plaintiff will file in two courts; sometimes different plaintiffs will seek equivalent relief in the same court. Our situation has a little of each, since [Plaintiffs] are not the same person, but they are in the same class. **No mechanical rule governs the handling of overlapping cases. Judges sometimes stay proceedings in the more recently filed case** to allow the first to proceed[.]

*Blair v. Equifax Check Servs., Inc.*, 181 F.3d 832, 838 (7th Cir. 1999) (emphases added) (internal citation omitted). Consistent with these principles, courts often stay (rather than dismiss) later-filed, overlapping cases.[5] These principles are "not limited to cases brought in different districts."[6] Instead,

---

[5] *See, e.g.*, *Zepeda Rivas v. Jennings*, 445 F. Supp. 3d 36, 42 (N.D. Cal. 2020) ("Whether to stay a proposed class action based on the pendency of an overlapping class action in another court is a matter of judicial discretion."); *Clardy v. Pinnacle Foods Grp., LLC*, No. 16-cv-04385-JST, 2017 WL 57310, at *3 (N.D. Cal. Jan. 5, 2017) ("[T]he district court may exercise its discretion to dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or to consolidate both actions.").

[6] *Wallerstein v. Dole Fresh Vegetables, Inc.*, 967 F. Supp. 2d 1289, 1294 (N.D. Cal. 2013).

courts may stay later-filed, overlapping class actions where an earlier-filed class case is already pending before the same court.[7]

The benefits of a stay over dismissal are clear: dismissal may prejudice the parties and trigger additional issues, such as questions of tolling and the filing of a notice of appeal. As the Ninth Circuit explained in *Alltrade, Inc. v. Uniweld Prod.*, Inc., when considering the proper management of overlapping actions pending in different fora, "why take chances? **It is simpler just to stay the second suit**."[8] These principles also apply where a court is considering whether to stay or dismiss a later-filed class action that overlaps with an earlier-one already pending before it.[9]

This Court has substantial discretion in determining what happens to the *Loveland* and *Rosenman* actions moving forward.[10] In other instances, the Court appears to have authorized stays of later-filed class actions.[11] Here, as Facebook acknowledges, "[t]he Court consolidated 11 similar cases[.]" Mot. at 5. However, the join-or-dismissal remedy Facebook now seeks has not occurred in any of the other individual cases consolidated here: while two actions were closed, they were voluntarily dismissed.

---

[7] *See, e.g., Guill v. All. Res. Partners, L.P.*, No. 16-cv-0424-NJR-DGW, 2017 WL 1132613, at *2–3 (S.D. Ill. Mar. 27, 2017) (concluding that "stay, rather than dismissal, is appropriate" as to later-filed class action pending before same court as earlier-filed action).

[8] *Alltrade, Inc. v. Uniweld Prod., Inc.*, 946 F.2d 622, 629 (9th Cir. 1991) (emphasis added) (internal citation omitted); *see also Chavez v. Dole Food Co., Inc.*, 836 F.3d 205, 218 n.57 (3d Cir. 2016) ("even when prudence calls for putting a redundant suit on hold, it must be stayed rather than dismissed unless there is no possibility of prejudice to the plaintiff.") (internal citation omitted).

[9] *See, e.g., Guill*, 2017 WL 1132613, at *3 (staying, rather than dismissing, later-filed class action where overlapping, earlier-filed class action already pending before court because "[i]nvoking such a stay will avoid the inherent inefficiencies involved with duplicative litigation, will reduce the burden of litigation on the parties and the Court, and will not cause undue prejudice.").

[10] *See, e.g., Investors Rsch. Co. v. U.S. Dist. Ct. for Cent. Dist. of Cal.*, 877 F.2d 777, 777 (9th Cir. 1989); William B. Rubenstein, 3 <u>Newberg on</u> Class Actions § 10:35 (5th ed.), Consolidation of Related Actions Pending In Same Federal District ("Consolidated cases retain their separate individual identity although courts may order the parties to file a consolidated complaint.").

[11] *Cf. In re Zoom Video Commc'ns, Inc. Privacy Litig.*, Case No. 5:20-cv-02155-LHK, ECF No. 62 at 8–9 (N.D. Cal. Mar. 11, 2021) (entering a stipulation providing that a defendant need not answer a future, related complaint and can instead treat a consolidated complaint as operative).

None of Facebook's cited cases provide support for—nor even opine on—its dismissal request.[12] In *Cameron v. Apple, Inc.*—a case upon which Facebook's motion relies—the order consolidating cases does not require dismissal of later-filed actions. *See* No. 4:19-cv-03796-YGR, (N.D. Cal. Nov. 5, 2019), ECF No. 47. Instead, the *Cameron* order provides that with respect to "[e]ach new case arising out of the subject matter of the Consolidated Developer Action," "defendant shall not be required to answer, plead, or otherwise move with respect to that complaint" absent court order. *Id.* Put differently, in contemplating that a defendant need not answer or otherwise move, *Cameron* confirms that courts may ***stay*** later-filed actions that are consolidated into an existing class action.[13]

Pursuant to the Court's instructions (ECF No. 74), Consumer Class Counsel filed a consolidated pleading (ECF No. 87). That pleading does not name the *Loveland* and *Rosenman* plaintiffs as representatives of the putative Consumer Class. Therefore, they are not named plaintiffs for purposes of the consolidated Consumer action; they are instead absent class members. Facebook complains that "[i]f left unchecked, the *Rosenman and Loveland*" plaintiffs "would increase duplication, hinder pretrial proceedings, foster confusion among absent class members, and multiply the expenditure of time and money for all parties." Mot. at 5. A stay of those actions, however, would achieve the benefits that Facebook purports to seek with none of the possible prejudice attendant to dismissal.

## IV.   CONCLUSION

For the foregoing reasons, Consumer Plaintiffs respectfully submit that: (1) the *Rosenman* and *Loveland* plaintiffs may not "elect" to become named Consumer Plaintiffs in the pending *Klein* action; and (2) the *Rosenman* and *Loveland* actions need not be dismissed at this time. Lead counsel for the Consumer Plaintiffs has conferred with counsel for Plaintiff Rosenman, and Plaintiff Rosenman concurs with this Response.

---

[12] *See Chacanaca v. Quaker Oats Co.*, No. 10-cv-0502 RS, 2011 WL 13141425, at *2 (N.D. Cal. June 14, 2011) (not discussing any requirement to dismiss later-filed consolidated actions); *Ramirez v. HB USA Holdings, Inc.*, Case No. 20-cv-1016-JGB-SHK, 2021 WL 840353, at *2 (C.D. Cal. Jan. 15, 2021) (same); *Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d 1129, 1133 (C.D. Cal. 1999) (same).

[13] The *Cameron* order cited in Facebook's motion was the product of an agreed-upon stipulation between the parties in that action.

1

DATED: November 15, 2021

Respectfully submitted,

2

HAGENS BERMAN SOBOL SHAPIRO LLP

3

QUINN EMANUEL URQUHART &
SULLIVAN, LLP

4

By _____ *s/ Shana E. Scarlett* _____
     SHANA E. SCARLETT

By _____ *s/ Stephen A. Swedlow* _____
     STEPHEN A. SWEDLOW

5

6

715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
shanas@hbsslaw.com

Stephen A. Swedlow (admitted *pro hac vice*)
stephenswedlow@quinnemanuel.com
Michelle Schmit (admitted *pro hac vice*)
michelleschmit@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606-1881
(312) 705-7400

7

8

9

Steve W. Berman (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com

10

Kevin Y. Teruya (Bar No. 235916)
kevinteruya@quinnemanuel.com
Adam B. Wolfson (Bar No. 262125)
adamwolfson@quinnemanuel.com
Brantley I. Pepperman (Bar No. 322057)
brantleypepperman@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
(213) 443-3000

11

12

13

14

15

16

17

Manisha M. Sheth (admitted *pro hac vice*)
manishasheth@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
(212) 849-7000

18

19

20

21

*Interim Co-Lead Counsel for Consumer Class*

22

23

24

25

26

27

28

W. Joseph Bruckner (*pro hac vice*)
Robert K. Shelquist (*pro hac vice*)
Brian D. Clark (*pro hac vice*)
Rebecca A. Peterson (SBN 241858)
Arielle S. Wagner (*pro hac vice*)
LOCKRIDGE GRINDAL NAUEN P.L.L.P.
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900
Facsimile: (612) 339-0981
wjbruckner@locklaw.com
rkshelquist@locklaw.com
bdclark@locklaw.com
rapeterson@locklaw.com
aswagner@locklaw.com

*Executive Committee for Consumer Class*

1

**ATTESTATION OF SHANA E. SCARLETT**

2

    This document is being filed through the Electronic Case Filing (ECF) system by attorney

3

Shana E. Scarlett. By her signature, Shana E. Scarlett attests that she has obtained concurrence in the

4

filing of this document from each of the attorneys identified on the caption page and in the above

5

signature block.

6

7

Dated: November 15, 2021                  By */s/ Shana E. Scarlett*
                                           Shana E. Scarlett

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## CERTIFICATE OF SERVICE

2         I hereby certify that on November 15, 2021, the foregoing document was transmitted to the

3    Clerk's Office using the CM/ECF System, causing the document to be electronically served on all

4    attorneys of record.

5

6    Dated: November 15, 2021                    By /s/ Shana E. Scarlett
                                                     Shana E. Scarlett
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28