WILMER CUTLER PICKERING
  HALE AND DORR LLP

SONAL N. MEHTA (SBN 222086)
  Sonal.Mehta@wilmerhale.com
2600 El Camino Real, Suite 400
Palo Alto, California 94306
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

DAVID Z. GRINGER (*pro hac vice*)
  David.Gringer@wilmerhale.com
7 World Trade Center
250 Greenwich Street
New York, New York 10007
Telephone: (212) 230-8800
Facsimile: (212) 230-8888

ARI HOLTZBLATT (*pro hac vice*)
  Ari.Holtzblatt@wilmerhale.com
MOLLY M. JENNINGS (*pro hac vice*)
  Molly.Jennings@wilmerhale.co
1875 Pennsylvania Avenue, NW
Washington, DC 20006
Telephone: (202) 663-6000
Facsimile: (202) 663-6363

*Attorneys for Defendant*
FACEBOOK, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| MAXIMILIAN KLEIN, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>FACEBOOK, INC., a Delaware corporation,<br><br>        Defendant. | Case No. 5:20-cv-08570-LHK<br><br>**DEFENDANT FACEBOOK, INC.'S REPLY IN SUPPORT OF ADMINISTRATIVE MOTION FOR CLARIFICATION OF ORDERS CONSOLIDATING *LOVELAND* AND *ROSENMAN* WITH *KLEIN*** <br><br>Judge: Hon. Lucy H. Koh |

1  The Court has already consolidated the *Rosenman* and *Loveland* user cases with the remaining user cases. That means that the *Rosenman* and *Loveland* user plaintiffs are either in *this case* or they should dismiss their claims and get out of it. They cannot be, as they now collectively urge,[1] in limbo—sitting on the sidelines and awaiting the resolution of the rest of the users' putative class claims (or some undefined set of interim issues) while avoiding the discovery obligations and estoppel effects that attach to the other named user plaintiffs. Because of this obvious inefficiency, the collective user plaintiffs (including those named on the face of the consolidated user complaint and the *Rosenman* and *Loveland* user plaintiffs) have completely failed to explain how their proposal would "reduce case and discovery duplication, expedite pretrial proceedings, prevent class member confusion, and minimize the expenditure of time and money for all parties," as consolidation is meant to do. *Ramirez v. HB USA Holdings, Inc.*, 2021 WL 840353, at *2 (C.D. Cal. Jan. 15, 2021).

Indeed, the response submitted by the *Loveland* plaintiffs (Dkt. No. 194) highlights exactly why plaintiffs' proposed path forward would be inefficient and would result in duplicative and vexatious litigation. Rather than implementing a system that would promote efficiency and provide clarity through resolution of a consolidated set of user claims, the *Loveland* plaintiffs *want* to allow their claims, which include COVID "vaccine hesitant" subclasses of the user class, to hang in the ether and then "revisit" this issue not too far in the future: "after the Court has ruled on Facebook's Motion to Dismiss the Consolidated Consumer Class Action Complaint." *Id.* at 2. This would be in direct contradiction of this Court's ordered structure and the purposes of consolidation.

Rosenman's position is even more of a stretch: according to Rosenman, her claims should be allowed to exist in abeyance for months and potentially years but could be picked up and litigated at her whim at any point in the future. *See* Mot. at 5. This position would lead to an

---

[1] Despite multiple exchanges over the preceding weeks, the User class and the *Rosenman* and *Loveland* user plaintiffs never once suggested that they viewed a stay of the *Rosenman* and *Loveland* user plaintiffs' claims as appropriate.

1

No. 5:20-cv-08570-LHK                                         FACEBOOK'S REPLY ISO MOTION FOR CLARIFICATION

1  unmanageable morass of overlapping class actions (all at different stages of litigation) that directly
2  contradicts the Court's ordered structure.
3        That makes no sense. Especially because the responses from all of the user plaintiffs—
4  including the *Rosenman* and *Loveland* plaintiffs—confirm that nothing materially differentiates
5  the *Rosenman* and *Loveland* cases from the other cases consolidated in *Klein* or from the claims
6  of the other user plaintiffs who are named in the consolidated user complaint. The only real
7  difference is that the *Rosenman* and *Loveland* claims came before the Court after the Court
8  appointed Interim Class Counsel for the User class and Users filed a consolidated complaint—and
9  that only happened because the *Rosenman* and *Loveland* plaintiffs (or perhaps their counsel)
10 sought to evade the proper forum for their claims against Facebook and the case management and
11 class counsel structure that the Court ordered to manage these cases. *See* Mot. at 4. Those
12 gambits—filing in Pennsylvania despite a clear forum selection clause (*Loveland*) and repeatedly
13 trying to disguise federal antitrust claims as state law claims *(Rosenman)*—should not be rewarded
14 by effectively allowing those user plaintiffs multiple bites at the apple against Facebook in the
15 event that the consolidated user case does not go their way.
16       For these reasons, and the reasons stated in Facebook's Motion, the Court should grant
17 Facebook's Motion and confirm that if plaintiffs wish to proceed with their antitrust claims against
18 Facebook, they must do so as part of the Users' consolidated complaint and through the interim
19 class counsel structure the Court has created, or they may dismiss their claims and assume the
20 status of absent class members.
21
22 Dated: November 18, 2021                 Respectfully submitted,
23
24                                        By: */s/ David Z. Gringer*
                                       SONAL N. MEHTA (SBN 222086)
25                                        sonal.mehta@wilmerhale.com
                                       WILMER CUTLER PICKERING HALE
26                                        AND DORR LLP
                                       2600 El Camino Real, Suite 400
27                                        Palo Alto, CA 94306
28

Telephone: (650) 858-6000

DAVID Z. GRINGER (*pro hac vice*)
david.gringer@wilmerhale.com
WILMER CUTLER PICKERING HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, New York 10007
Telephone: (212) 230-8800

ARI HOLTZBLATT (*pro hac vice*)
ari.holtzblatt@wilmerhale.com
MOLLY M. JENNINGS (*pro hac vice*)
molly.jennings@wilmerhale.com
WILMER CUTLER PICKERING HALE AND DORR LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006
Telephone: (202) 663-6000

3

**CERTIFICATE OF SERVICE**

I hereby certify that on this 18th day of November 2021, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System.

<i>/s/ David Z. Gringer</i><br>
David Z. Gringer