Bradford L. Geyer
FormerFedsGroup.Com LLC
2006 Berwick Drive
Cinnaminson, NJ 08077-4502
(856) 607-5708
Bradford.Geyer@FormerFedsGroup.Com

Rob Hennig (State Bar No. 174646)
rob@employmentattorneyla.com
HENNIG KRAMER RUIZ & SINGH, P.C.
3600 Wilshire Blvd, Suite 1908
Los Angeles, CA 90010
Phone: (213) 310-8301
Fax: (213) 301-8302
Attorneys for Plaintiffs Sally Loveland, Sharon Cheatle, Janine Cortese

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MAXIMILLIAN KLEIN, *et al.*,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>FACEBOOK, INC.,<br><br>　　　　　Defendant. | **CASE NO. 20-cv-08570-LHK;**<br>**CONSOLIDATED with** *Loveland v. Facebook*, **No. 3:21-cv-03300; and** *Rosenman v Facebook*, **No. 5:21-cv-02108**<br><br>**LOVELAND PLAINTIFFS' RESPONSE TO DEFENDANT FACEBOOK, INC.'S ADMNISTRATIVE MOTION FOR LEAVE TO FILE A REPLY**<br><br>Judge:　　Hon. Lucy H. Koh |

HKRS

1

Plaintiffs Sally Loveland, Sharon Cheatle, and Janine Cortese ("Loveland Plaintiffs") hereby respond to Facebook's Administrative Motion for Leave to File a Reply Clarification, ECF 196, as permitted by N.D. Cal. Civil. L.R. 7-11(b).  *Loveland* Plaintiffs oppose Facebook's request for special treatment under this local rule.  Facebook chose to file under N.D. Cal. Civil. L.R. 7-11(b) even though it was seeking substantive relief that would affect the substantive rights of the *Loveland* Plaintiffs.  Facebook is now upset with the response filed by Plaintiffs and seeks to have the last word and further its improper attempt obtain substantive relief without filing a noticed motion under the federal rule of procedure that applies to the relief it seeks.

L.R. 7-11 describes its own purpose as a way to address "miscellaneous administrative matters, *not otherwise governed by a federal statute*, Federal Rule, local rule, or standing order of the assigned Judge." (emphasis added).  Plainly, consolidation and/or dismissal and/or the amendment of pleadings are governed by various federal rules, including FRCP 12 and 42, and as such Facebook's Motion for Clarification, *see* ECF 190, was improper to begin with.

The pending request for leave to file a reply has its own flaws and should be denied.  First, the plain language of N.D. Cal. Civil L.R. 7-11(b) does not allow a Reply.  As a result, Facebook cannot seek leave to amend through an administrative motion because, whether or not Facebook is entitled to a Reply is covered *in the rule*.  In other words, the issue of permitted briefing is not a a "miscellaneous administrative [matter], *not otherwise governed by a federal statute*, Federal Rule, local rule, or standing order of the assigned Judge." (emphasis added).

Second, there was no "new argument" in any of the plaintiffs' responses that would justify the special treatment Facebook asks.  Facebook's own motion for clarification discussed the *Rosenman* Plaintiffs desire to "either hold their cases in abeyance pending some unspecified development or proceed as if their cases were never consolidated with *Klein*." Dkt. 190 at 2:13-15.  Thus, the issue of stay was already brought up.

Third, the underlying request for clarification remains the improper means to obtain the relief Defendant seeks.  If Defendant wants the *Loveland* or *Rosenman* Plaintiffs actions stayed, merged, or dismissed, it must do so through a formally noticed motion under the appropriate Federal Rule of Civil Procedure, whether it be Fed. R. Civ. Proc. 12 or 42.  By asking the Court

1  to rule on substantive issues through an administrative motion Facebook invites error.
2      *Loveland* Plaintiffs maintain their action, though consolidated, has not lost all independent
3  characteristics, and Plaintiffs have not lost all their substantive rights.  Loveland Plaintiffs should
4  either be permitted to file an amended complaint or their matter should be stayed pending the
5  resolution of the pending motion to dismiss.

7      Dated: November 22, 2021        Hennig Kramer Ruiz & Singh, P.C.

8                                             /s/ Rob Hennig
9                                             Rob Hennig

10                                             Attorneys for Loveland Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on November 22, 2021, the foregoing document was transmitted to the Clerk's Office using the CM/ECF System, causing the document to be electronically served on all attorneys of record.

Dated: November 22, 2021                    By */s/ Rob Hennig*
                                                                       Rob Hennig