WILMER CUTLER PICKERING
 HALE AND DORR LLP
SONAL N. MEHTA (SBN 222086)
  Sonal.Mehta@wilmerhale.com
2600 El Camino Real, Suite 400
Palo Alto, California 94306
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

DAVID Z. GRINGER (*pro hac vice*)
  David.Gringer@wilmerhale.com
7 World Trade Center
250 Greenwich Street
New York, New York 10007
Telephone: (212) 230-8800
Facsimile: (212) 230-8888

ARI HOLTZBLATT (*pro hac vice*)
  Ari.Holtzblatt@wilmerhale.com
MOLLY M. JENNINGS (*pro hac vice*)
  Molly.Jennings@wilmerhale.com
1875 Pennsylvania Avenue, NW
Washington, DC 20006
Telephone: (202) 663-6000
Facsimile: (202) 663-6363

*Attorneys for Defendant*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| MAXIMILIAN KLEIN, et al., <br><br>                      Plaintiffs, <br><br>     v. <br><br> FACEBOOK, INC., a Delaware corporation, <br><br>                      Defendant. | Case No. 5:20-cv-08570-LHK <br><br> **DEFENDANT'S ADMINISTRATIVE MOTION TO SEAL** <br><br> Judge: Hon. Lucy H. Koh |

Pursuant to Civil Local Rule 79-5(c), Defendant[1] files this Administrative Motion to seal portions of certain documents filed with Defendant's Opposition to Plaintiffs' Opening Brief Regarding August 20, 2021 Clawback Notice (Dkt. 198).

Defendant's Administrative Motion asks the Court to consider whether to seal portions of its brief, the accompanying declaration of Michael Kirkland, and Exhibit 1 to the Declaration of Molly Jennings, that contain information that Defendant has designated Highly Confidential pursuant to the terms of the parties' Stipulated Protective Order, Dkt. 110.

As set forth below, Defendant only seeks to seal certain portions of its brief that contain the personal information of Defendant's current and former employees. Accordingly, Defendant requests that the Court enter an order sealing the information identified in the table below:

| Document | Portions to be filed Under Seal | Party Claiming Confidentiality |
| --- | --- | --- |
| Defendant's Brief | Redacted employee names at: 2:16; 3:8; 4:2; 5:22; 5:26-28; 6:1-2; 6:4; 8:16; 8:24-25. | Defendant |
| Declaration of Michael Kirkland | Redacted employee names at: 1:15; 2:2. | Defendant |
| Exhibit 1 to Jennings Declaration | Redacted employee names at: p.1. | Defendant |

Included with this Motion are unredacted versions of Facebook's brief, the Declaration of Michael Kirkland, and Exhibit 1 to the Declaration of Molly Jennings, highlighting the information that Defendant requests remain under seal.

## I. LEGAL STANDARD

The underlying dispute concerns whether certain documents that Defendant produced to Plaintiffs and now seeks to claw back are privileged. Because this discovery dispute is only "tangentially related" to the merits, the Court may seal the material upon only a "particularized showing" under the "good cause" standard of Rule 26(c), *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006), including because disclosure would result in "annoyance, embarrassment, oppression, or undue burden or expense," Fed. R. Civ. P. 26(c).

---

[1] Facebook, Inc. has recently changed its name to Meta Platforms, Inc.

## II. SEALING OF EMPLOYEE IDENTIFYING INFORMATION

Defendant asks the Court to seal portions of documents containing Defendant's employee names. Recognizing employees' right to privacy, courts routinely seal such information. For instance, in *In re Bofi Holding, Inc. Sec. Litig.*, No. 15-CV-2324-GPC-KSC, 2021 WL 3700749 (S.D. Cal. July 27, 2021), the court credited a party's argument that there was "good cause to seal the [documents] to 'protect the rights of privacy' of [former employees], and to prevent the 'misuse' of this identifying information to harass the former employees." *Id.* at *8. The court noted that "[r]equests to seal personal information are often granted to protect an individual's privacy and prevent exposure to harm" and that the district court had "previously found the same information sealable under the stricter 'compelling reasons' standard for these very reasons." *Id.* (sealing employee names and addresses). Similarly, in *Snapkeys Ltd. v. Google LLC*, No. 19-CV-02658-LHK, 2021 WL 1951250 (N.D. Cal. May 14, 2021), the court found the stricter "compelling reasons" standard satisfied and sealed "personally identifiable information." *Id.* at *3 (collecting cases holding similarly). As one Court recently explained, "good cause exists to seal" the "names of parties who are not involved with or incident to the current litigation where disclosure of the information would violate a party's legitimate privacy interest." *Shopify Inc. v. Express Mobile, Inc.*, No. 20-mc-80091, 2020 WL 4732334, at *11 (N.D. Cal. Aug. 14, 2020).

The current and former employees identified in Facebook's brief, the Declaration of Michael Kirkland, and Exhibit 1 to the Declaration of Molly Jennings have a legitimate, legally recognized privacy interest in protecting their identities and contact information from public disclosure. If their information and involvement in this particular matter were to be disclosed, they may be subject to "annoyance," "oppression, or undue burden." Fed. R. Civ. P. 26(c). For example, given the current media attention to the Defendant, they may receive unsolicited emails and phone calls from the press or members of the general public, which could rise to the level of threats or harassment. Defendant would also be harmed by harassment of its employees because it could result in decreased morale, decreased productivity, and increased expenses. Even the Wall Street Journal has recognized the privacy interests of Defendant's employees by redacting their

names from leaked documents in its publications.  *See, e.g.*, *Facebook's Documents About Instagram and Teens, Published*, Wall Street Journal (Sept. 29, 2021), *available at* https://www.wsj.com/articles/facebook-documents-instagram-teens-11632953840?mod=article_inline (noting that "the names of Facebook employees whose names appear in the documents have been redacted, excepting only the most senior").

Further, the employees' names and contact information are not relevant to the Court's determination of whether the documents Defendant seeks to claw back are privileged.  *See, e.g.*, *Music Grp. Macao Com. Offshore Ltd. v. Foote*, No. 14-CV-03078-JSC, 2015 WL 3993147, at *2 (N.D. Cal. June 30, 2015) (sealing names of employees suspected of cyber attack, finding employee names irrelevant to defendant's investigation).  This too counsels in favor of sealing. *Id.*

Finally, Defendant does not dispute that these individuals' *roles* at the company at the time of the communications may be relevant and therefore does not seek to redact descriptions of their titles.  Defendant's request is therefore narrowly tailored and there is no less restrictive alternative that would suffice to protect the privacy interests at issue.

Dated: November 23, 2021                                Respectfully submitted,

By: */s/ David Z. Gringer*
SONAL N. MEHTA (SBN 222086)
sonal.mehta@wilmerhale.com
WILMER CUTLER PICKERING HALE
AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Telephone: (650) 858-6000

DAVID Z. GRINGER (*pro hac vice*)
david.gringer@wilmerhale.com
WILMER CUTLER PICKERING HALE
AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, New York 10007

3

Telephone: (212) 230-8800

ARI HOLTZBLATT (*pro hac vice*)
ari.holtzblatt@wilmerhale.com
MOLLY M. JENNINGS (*pro hac vice*)
molly.jennings@wilmerhale.com
WILMER CUTLER PICKERING HALE AND DORR LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006
Telephone: (202) 663-6000

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 23rd day of November 2021, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System. And I hereby certify that I have served the foregoing document on counsel for the plaintiffs in the action in which relation is sought pursuant to agreement between the parties.

                                        */s/ David Z. Gringer*
                                        David Z. Gringer