| | |
|---|---|
| **QUINN EMANUEL URQUHART & SULLIVAN, LLP**<br>Stephen A. Swedlow (admitted *pro hac vice*)<br>  stephenswedlow@quinnemanuel.com<br>191 N. Wacker Drive, Suite 2700<br>Chicago, IL 60606<br>(312) 705-7400<br><br>**HAGENS BERMAN SOBOL SHAPIRO LLP**<br>Shana E. Scarlett (Bar No. 217895)<br>  shanas@hbsslaw.com<br>715 Hearst Avenue, Suite 202<br>Berkeley, CA 94710<br>(510) 725-3000<br><br>*Interim Co-Lead Consumer Class Counsel*<br><br>**BATHAEE DUNNE LLP**<br>Yavar Bathaee (Bar No. 282388)<br>  yavar@bathaeedunne.com<br>445 Park Avenue, 9th Floor<br>New York, NY 10022<br>(332) 322-8835<br><br>**SCOTT+SCOTT ATTORNEYS AT LAW LLP**<br>Kristen M. Anderson (Bar No. 246108)<br>  kanderson@scott-scott.com<br>230 Park Avenue, 17th Floor<br>New York, NY 10169<br>(212) 223-6444<br><br>*Interim Co-Lead Advertiser Class Counsel*<br><br>[Additional counsel listed on signature page] | **WILMER CUTLER PICKERING HALE AND DORR LLP**<br>SONAL N. MEHTA (SBN 222086)<br>Sonal.Mehta@wilmerhale.com<br>2600 El Camino Real, Suite 400<br>Palo Alto, California 94306<br>Telephone: (650) 858-6000<br>Facsimile: (650) 858-6100<br><br>DAVID Z. GRINGER (*pro hac vice*)<br>David.Gringer@wilmerhale.com<br>7 World Trade Center<br>250 Greenwich Street<br>New York, New York 10007<br>Telephone: (212) 230-8800<br>Facsimile: (212) 230-8888<br><br>ARI HOLTZBLATT (*pro hac vice*)<br>Ari.Holtzblatt@wilmerhale.com<br>MOLLY M. JENNINGS (*pro hac vice*)<br>Molly.Jennings@wilmerhale.com<br>1875 Pennsylvania Ave NW<br>Washington, DC 20006<br>Telephone: (202) 663-6000<br>Facsimile: (202) 663-6363<br><br>*Attorneys for Defendant Facebook, Inc.* |

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| MAXIMILIAN KLEIN, et al.,<br><br>            Plaintiffs,<br><br>    vs.<br><br>FACEBOOK, INC.,<br><br>            Defendant.<br><br>This Document Relates To: All Actions | Consolidated Case No. 5:20-cv-08570-LHK<br><br>**SIXTH JOINT CASE MANAGEMENT STATEMENT**<br><br>The Hon. Lucy H. Koh<br><br>Hearing Date:  January 12, 2022 at 2:00 p.m. |

## SIXTH JOINT CASE MANAGEMENT STATEMENT

In advance of the January 12, 2022, Case Management Conference, counsel for the putative Consumer and Advertiser Classes and defendant Facebook, Inc. respectfully submit this Sixth Joint Case Management Statement. This Case Management Statement updates the Court as to recent developments on pertinent matters.

**1. Motions**

**a. Pending Motions**

*Motion to Dismiss*: On May 20, 2021, Facebook filed a motion to dismiss the Consolidated Amended Complaints ("CACs"). *See* Dkt. No. 97. On June 17, 2021, Plaintiffs filed an opposition to Facebook's motion to dismiss. *See* Dkt. No. 109. On July 5, 2021, Plaintiffs filed a Supplemental Brief Regarding Government Orders. *See* Dkt. No. 116. Facebook filed its reply to Plaintiffs' opposition on July 7, 2021. *See* Dkt. No. 117. The Court heard arguments on Facebook's motion to dismiss on July 15, 2021.

*Administrative Motion for Clarification*: On November 10, 2021, Facebook filed an administrative motion for clarification of the Court's orders consolidating *Rosenman v. Facebook, Inc.*, No. 21-cv-02108 (N.D. Cal.), and *Loveland v. Facebook, Inc.*, No. 21-cv-03300 (N.D. Cal.), with these consolidated actions. The motion asks the Court to confirm that its consolidation order means that if the *Rosenman* and *Loveland* plaintiffs wish to proceed with their antitrust claims against Facebook, they must do so as part of the Consumer CAC and through the interim class counsel structure that the Court has created, or they must dismiss their claims and assume the status of absent class members. Dkt. No. 190.

On November 15, 2021, Consumer Plaintiffs and *Loveland* plaintiffs filed their respective responses to Facebook's administrative motion. Consumer Plaintiffs assert that the *Rosenman* and *Loveland* plaintiffs may not "elect" to become named Consumer Plaintiffs in the pending *Klein* action and that a stay of the *Rosenman* and *Loveland* cases—rather than dismissal or a change to the Court-ordered leadership structure—is the appropriate remedy. Dkt. No. 193. The *Loveland* plaintiffs seek a stay of their case. Dkt. No. 194.

On November 18, 2021, Facebook filed a motion for leave to file a reply in support of its administrative motion for clarification. Dkt. No. 196. On November 22, 2021, the *Loveland* plaintiffs filed an opposition to Facebook's motion for leave. Dkt. No. 197.

The *Loveland* Plaintiffs have also requested the inclusion of the following statement in this case management conference statement: "Additionally, the *Loveland* Plaintiffs have also provided Defendant with a proposed amended complaint. The *Loveland* Plaintiffs' position is that the Court should grant leave to the *Loveland* Plaintiffs to file the amended complaint, and then stay their action until the resolution of the pending motion to dismiss."

*Administrative Motion for Leave to File Statement of Recent Decision*: On December 7, 2021, Facebook filed an administrative motion for leave to file a Statement of Recent Decision informing the Court of a decision issued by the Ninth Circuit in *City of Oakland v. Oakland Raiders, et al.*, No. 20-16075, 2021 WL 5707683 (9th Cir. Dec. 2, 2021), which affirmed the district court's dismissal of the City of Oakland's Sherman Act claim for failure to state a claim upon which relief may be granted. Dkt. No. 204. Facebook asserts the *City of Oakland* decision is relevant to its pending motion to dismiss. *Id.* Plaintiffs do not agree with Facebook's statement as to the relevance of the *City of Oakland* decision, and Plaintiffs take no position as to Facebook's administrative motion. *See* Dkt. 204-2.

### b. Anticipated Motions

In addition to the specific motions below, the parties also anticipate that there will be further motions, including motions to exclude expert testimony and motions in *limine*.

**Plaintiffs' Anticipated Motions:**

*Motions for Class Certification*: Plaintiffs intend to move for class certification of the putative Consumer and Advertiser classes. The Court has set March 15, 2022 as the date for Plaintiffs to move for class certification. As discussed below, despite good-faith efforts from the parties to adhere to the current schedule, the progress of discovery to date has impacted the March 15, 2022 class certification deadline. The parties are continuing to discuss their respective discovery requests, responses, and document productions in an attempt to resolve or narrow their disputes, and

the parties reserve their rights to raise any discovery disputes with Judge DeMarchi, as necessary and appropriate.

The parties agree that extensions of the deadlines for class certification and related briefing are necessary, and the parties jointly therefore respectfully request an extension of these dates. Plaintiffs will confer further with Facebook regarding extensions of these deadlines and file a motion if necessary.

*Responses to Motions filed by Facebook*:  Plaintiffs reserve all rights and arguments to respond to, or oppose, any future motions filed by Facebook.  Should Facebook file any motion to compel arbitration, Plaintiffs reserve all rights to oppose that motion.  Plaintiffs will also oppose any motion for summary judgment filed by Facebook.

**Facebook's Anticipated Motions:**

*Motion to Compel Arbitration*:  Facebook reserves all rights and defenses with respect to unnamed members of the putative classes alleged in the CACs, including but not limited to its right to move to compel arbitration of any unnamed putative class members' claims subject to an arbitration provision at the appropriate time.  *See, e.g.*, *Gutierrez v. Wells Fargo Bank, NA*, 889 F.3d 1230 (11th Cir. 2018); *Rushing v. Williams-Sonoma, Inc.*, 2020 WL 6787135 (N.D. Cal. Oct. 8, 2020); *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 2011 WL 1753784 (N.D. Cal. May 9, 2011).

*Motion for Summary Judgment*:  In the event that this case survives the motion to dismiss, Facebook anticipates moving for summary judgment pursuant to Fed. R. Civ. P. 56.

*Responses to Motions filed by Plaintiffs*:  Facebook reserves all rights and arguments to respond to, or oppose, any future motions filed by Plaintiffs, including Plaintiffs' motions for class certification.

**2.    Case and Discovery Updates**

     **a.    Discovery Propounded to Date**

*Discovery Propounded by Facebook*:  On August 25, 2021, Facebook served Requests for Production of Documents on Consumer Plaintiffs and Advertiser Plaintiffs.  On September 24, 2021, Consumer Plaintiffs and Advertiser Plaintiffs served their objections and responses.  After exchanging their positions in writing, the parties met and conferred about purported deficiencies

1  Facebook identified in Plaintiffs' objections and responses, including on October 20 and 21, 2021,
2  November 16 and 22, 2021, and December 13, 2021.  Plaintiffs have produced responsive
3  documents and the parties continue to discuss outstanding issues with the productions and requests.

4  *Discovery Propounded by Plaintiffs*:   On September 24, 2021, Consumer Plaintiffs and
5  Advertiser Plaintiffs served a joint set of Requests for Production of Documents on Facebook.  That
6  same day, Consumer Plaintiffs served an additional set of Requests for Production of Documents
7  on Facebook pertaining to Consumer-specific claims and issues, and Advertiser Plaintiffs served an
8  additional set of Requests for Production of Documents on Facebook pertaining to Advertiser-
9  specific claims and issues.  On October 25, 2021, Facebook provided its responses and objections
10 to each set of Plaintiffs' document requests.  The parties then met and conferred on December 1, 2,
11 10, 13, 16, 17, and 22, 2021 to discuss the scope and timing of Facebook's document productions
12 in response to Plaintiffs' first sets of requests.

13 On October 21, 2021, Advertiser Plaintiffs served their Second Set of Requests for
14 Production of Documents on Facebook.  On November 22, 2021, Facebook served its objections
15 and responses.  Facebook made an initial production of documents on January 5, 2022, and the
16 parties will continue to discuss outstanding issues and areas of dispute.

17 **b.  Privilege Dispute**

18 On October 14, 2021, the parties submitted their dispute about certain documents that
19 Facebook had initially produced to the FTC and subsequently clawed back in a joint discovery letter
20 brief to Judge DeMarchi (Dkt. Nos. 163, 168), and on October 26, 2021, Judge DeMarchi held a
21 hearing on the parties' dispute (Dkt. No. 169).  That same day, Judge DeMarchi issued an order
22 dismissing as untimely three of Plaintiffs' challenges to clawback notices served by Facebook.  Dkt.
23 No. 171.  Judge DeMarchi instead limited the dispute to Facebook's August 20, 2021 clawback
24 notice regarding certain documents that Facebook had previously produced to the Federal Trade
25 Commission.  *Id*.  Judge DeMarchi required the parties to confer and brief the remaining dispute
26 and submit to the Court any proposed modifications to the 502(d) Order that may be required.  *Id*.
27 On November 8, 2021, Plaintiffs filed their brief.  Dkt. Nos. 184, 188.  Facebook filed its response
28

on November 23, 2021.  Dkt. No. 198.  Judge DeMarchi held a hearing regarding the parties' dispute on December 14, 2021.  Dkt. Nos. 206, 211.

During the hearing, Judge DeMarchi requested additional information regarding the sequence of events concerning Facebook's August 20, 2021 clawback notice in these consolidated actions, Facebook's clawback of overlapping documents from the Federal Trade Commission, and a stipulation between the Federal Trade Commission and Facebook allowing the Federal Trade Commission to cite a portion of one clawed-back document in its amended complaint, subject to redaction and resolving Facebook's privilege claim over that document in the future.  Facebook provided additional information regarding these events in its December 16, 2021 notice of supplemental information.  Dkt. No. 210.

### c.  Jessica Layser Subpoena Dispute

On August 5, 2021, former named Advertiser Plaintiff Jessica Layser dismissed her individual claims against Facebook without prejudice.  Dkt. No. 129.  On September 17, 2021, Facebook served a Rule 45 subpoena on Ms. Layser, and on October 1, 2021, Ms. Layser served her objections to Facebook's subpoena.  The parties submitted their dispute regarding the validity of Ms. Layser's objections in a joint discovery letter brief to Judge DeMarchi on November 12, 2021.  Dkt. No. 192.  The parties are awaiting a ruling.

### d.  Zahara Mossman Dismissal

On November 4, 2021, named Advertiser Plaintiff Zahara Mossman dismissed her claims against Facebook with prejudice.  Dkt. No. 182.  Because the deadline for serving initial disclosures had passed and discovery requests served by Facebook on Ms. Mossman were still pending at the time of her dismissal, the parties discussed Ms. Mossman's obligations to respond to those discovery requests and agreed to the following proposal: Facebook will compile a set of documents reflecting Ms. Mossman's presence and activity on a number of online platforms and services including Facebook; if, after reviewing these materials, Advertiser Plaintiffs stipulate to their admissibility, Facebook will agree to withdraw its outstanding discovery requests to Ms. Mossman and will not seek initial disclosures from her.  During the course of their discussion, Facebook reserved its right to pursue, and Advertiser Plaintiffs reserved their right to oppose, future efforts to obtain discovery

from Ms. Mossman.

### e. Limitations on Interrogatories

The parties have an open dispute regarding the appropriate limit on interrogatories. The parties' positions are set out in the Rule 26(f) Report. *See* Dkt. No. 130 at 5–8.

### f. Motion and Discovery Cut-Off Dates

The Court's July 1, 2021 case management order set March 15, 2022, as the date for Plaintiffs to move for class certification, September 2, 2022, as the fact discovery cut-off, November 4, 2022, as the expert discovery cut-off, and November 18, 2022, as the date for dispositive motions. Dkt. No. 115 at 2.

Despite the parties' good-faith efforts, the scope of discovery on both sides, as well as delays occasioned by the pandemic, has impacted the schedule in these consolidated actions, including the deadline for class certification motions and related briefing. As stated above, the parties agree that an extension of these dates is warranted and jointly request extensions of these dates. Plaintiffs will file a motion to extend these dates, to the extent that a motion is required.

## 3. Related Cases

**Facebook's Position:**

1. After Judge Freeman dismissed their entire case on statute of limitations and laches grounds, plaintiffs in *Reveal Chat Holdco LLC v. Facebook, Inc.*, No. 5:20-cv-00363-BLF, filed their opening appellate brief on August 23, 2021. *Reveal Chat Holdco LLC v. Facebook, Inc.*, No. 21-15863, Dkt. No. 18. Facebook filed its answering brief on October 25, 2021. *See id.*, Dkt. No. 25. Plaintiffs-Appellants' filed their reply brief on December 15, 2021. *See id.*, Dkt. No. 38. The case is set for oral argument on February 17, 2022.

2. On July 29, 2021, the Judicial Panel on Multidistrict Litigation (JPML) held a hearing on Google's petition to centralize several lawsuits against Google and Facebook (or Google alone) alleging that one or both companies monopolized or suppressed competition in advertising-technology related markets, including by entering into an agreement in September 2018 known as the Google Network Bidding Agreement (GNBA). The GNBA forms the basis of the Advertiser Plaintiffs' claim in this case under Section 1 of the Sherman Act. On August 10, 2021, the JPML

ordered the actions transferred to the Southern District of New York, assigning them to Judge P. Kevin Castel as *In re: Google Digital Advertising Antitrust Litigation*, MDL No. 3010. Dkt. No. 126. Discovery in those cases is currently stayed pending the outcome of a motion to dismiss. Facebook will evaluate next steps concerning the MDL following the Court's ruling on the motion to dismiss the Advertisers' case.

**Plaintiffs' Position:**

At this time, Plaintiffs have no updates to bring to the Court's attention regarding any related cases.

### 4. Lawsuits Filed by FTC and State Attorneys General

On June 28, 2021, Judge Boasberg issued opinions dismissing the antitrust complaint filed by the Federal Trade Commission and dismissing the entire case filed by the Attorneys General of multiple states. *See Fed. Trade Comm'n v. Facebook, Inc.*, No. 20-cv-03590-JEB, 2021 WL 2643627 (D.D.C. June 28, 2021); *New York v. Facebook, Inc.*, No. 20-cv-03589-JEB, 2021 WL 2643724 (D.D.C. June 28, 2021).

On August 19, 2021, the FTC filed an amended complaint. *Fed. Trade Comm'n*, 1:20-cv-03590, Dkt. No. 75. On September 8, 2021, the FTC filed a substitute amended complaint. *Id.*, Dkt. Nos. 78, 82. On October 4, 2021, Facebook filed its motion to dismiss the FTC's amended complaint, *id.*, Dkt. No. 83, and on November 17, 2021, the FTC filed its opposition to Facebook's motion to dismiss, *id.*, Dkt. No. 85. Facebook filed its reply brief on December 1, 2021. *Id.*, Dkt. No. 87.

On July 28, 2021, the States filed a notice of their intent to appeal Judge Boasberg's decision to the D.C. Circuit. *New York*, 1:20-cv-03589, Dkt. No. 138. According to the briefing schedule jointly proposed by the States and Facebook and approved by the Court, the States' brief is due on January 14, 2022, and Facebook's response brief is due on March 14, 2022. *State of New York, et al v. Facebook, Inc.*, No. 21-7078, Dkt. No. 1919569.

### 5. Updates Regarding ADR

The parties continue to believe that ADR would not be constructive at this time but may be willing to engage in ADR with a private mediator as these actions progress.

| | |
|---|---|
| DATED:  January 5, 2022 | Respectfully submitted, |
| By:  */s/*  Yavar Bathaee<br>**BATHAEE DUNNE LLP**<br>Yavar Bathaee (Bar No. 282388)<br>  yavar@bathaeedunne.com<br>Edward M. Grauman (admitted *pro hac vice*)<br>  egrauman@bathaeedunne.com<br>Andrew C. Wolinsky (admitted *pro hac vice*)<br>  awolinsky@bathaeedunne.com<br>445 Park Avenue, 9th Floor<br>New York, NY 10022<br>(332) 322-8835<br><br>Brian J. Dunne (Bar No. 275689)<br>  bdunne@bathaeedunne.com<br>633 West Fifth Street, 26th Floor<br>Los Angeles, CA 90071<br>(213) 462-2772 | By:  */s/* Stephen A. Swedlow<br>**QUINN EMANUEL URQUHART & SULLIVAN, LLP**<br>Stephen A. Swedlow (admitted *pro hac vice*)<br>  stephenswedlow@quinnemanuel.com<br>Michelle Schmit (admitted *pro hac vice*)<br>  michelleschmit@quinnemanuel.com<br>191 N. Wacker Drive, Suite 2700<br>Chicago, IL 60606-1881<br>(312) 705-7400<br><br>Kevin Y. Teruya (Bar No. 235916)<br>  kevinteruya@quinnemanuel.com<br>Adam B. Wolfson (Bar No. 262125)<br>  adamwolfson@quinnemanuel.com<br>Brantley I. Pepperman (Bar No. 322057)<br>  brantleypepperman@quinnemanuel.com<br>865 South Figueroa Street, 10th Floor<br>Los Angeles, CA 90017-2543<br>(213) 443-3000 |
| By:  */s/* Kristen M. Anderson<br>**SCOTT+SCOTT ATTORNEYS AT LAW LLP**<br>Kristen M. Anderson (Bar No. 246108)<br>  kanderson@scott-scott.com<br>230 Park Avenue, 17th Floor<br>New York, NY 10169<br>(212) 223-6444<br><br>Christopher M. Burke (Bar No. 214799)<br>  cburke@scott-scott.com<br>David H. Goldberger (Bar No. 225869)<br>  dgoldberger@scott-scott.com<br>Yifan (Kate) Lv (Bar No. 302704)<br>  klv@scott-scott.com<br>600 W. Broadway, Suite 3300<br>San Diego, CA 92101<br>(619) 233-4565<br><br>Patrick J. McGahan (admitted *pro hac vice*)<br>  pmcgahan@scott-scott.com<br>Michael P. Srodoski (admitted *pro hac vice*)<br>  msrodoski@scott-scott.com<br>156 South Main Street, P.O. Box 192<br>Colchester, CT 06415<br>(860) 537-5537 | Manisha M. Sheth (admitted *pro hac vice*)<br>  manishasheth@quinnemanuel.com<br>51 Madison Avenue, 22nd Floor<br>New York, New York 10010<br>(212) 849-7000<br><br><br>By:  */s/* Shana E. Scarlett<br>**HAGENS BERMAN SOBOL SHAPIRO LLP**<br>Shana E. Scarlett (Bar No. 217895)<br>  shanas@hbsslaw.com<br>715 Hearst Avenue, Suite 202<br>Berkeley, CA 94710<br>(510) 725-3000<br><br>Steve W. Berman (admitted *pro hac vice*)<br>  steve@hbsslaw.com<br>1301 Second Avenue, Suite 2000<br>Seattle, WA 98101<br>(206) 623-7292 |

| | | |
|---|---|---|
| 1 | **AHDOOT & WOLFSON, PC** | **LOCKRIDGE GRINDAL NAUEN P.L.L.P.** |

<div style="column-count:2">

**AHDOOT & WOLFSON, PC**
Tina Wolfson (Bar No. 174806)
  twolfson@ahdootwolfson.com
Robert Ahdoot (Bar No. 172098)
  rahdoot@ahdootwolfson.com
Theodore W. Maya (Bar No. 223242)
  tmaya@ahdootwolfson.com
Rachel Johnson (Bar No. 331351)
  rjohnson@ahdootwolfson.com
2600 West Olive Avenue, Suite 500
Burbank, CA 91505
(310) 474-9111

**LEVIN SEDRAN & BERMAN LLP**
Keith J. Verrier (admitted *pro hac vice*)
  kverrier@lfsblaw.com
Austin B. Cohen (admitted *pro hac vice*)
  acohen@lfsblaw.com
510 Walnut Street, Suite 500
Philadelphia, PA 19106-3997
(215) 592-1500

*Interim Counsel for the Advertiser Class*

**LOCKRIDGE GRINDAL NAUEN P.L.L.P.**
W. Joseph Bruckner (admitted *pro hac vice*)
  wjbruckner@locklaw.com
Robert K. Shelquist (admitted *pro hac vice*)
  rkshelquist@locklaw.com
Brian D. Clark (admitted *pro hac vice*)
  bdclark@locklaw.com
Rebecca A. Peterson (Bar No. 241858)
  rapeterson@locklaw.com
Arielle S. Wagner (admitted *pro hac vice*)
  aswagner@locklaw.com
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
(612) 339-6900

*Interim Counsel for the Consumer Class*


By:  /s/ Sonal N. Mehta
**WILMER CUTLER PICKERING HALE AND DORR LLP**
Sonal N. Mehta (SBN: 222086)
2600 El Camino Real, Suite 400
Palo Alto, California 94306
Telephone: (650) 858-6000
Facsimile: (650) 858-6100
Email: Sonal.Mehta@wilmerhale.com

David Z. Gringer (*pro hac vice*)
7 World Trade Center
250 Greenwich Street
New York, New York 10007
Telephone: (212) 230-8800
Facsimile: (212) 230-8888
Email: David.Gringer@wilmerhale.com

Ari Holtzblatt (*pro hac vice*)
Molly M. Jennings (*pro hac vice*)
1875 Pennsylvania Avenue NW
Washington, DC 20006
Telephone: (202) 663-6000
Facsimile: (202) 663-6363
Email: Ari.Holtzblatt@wilmerhale.com
Email: Molly.Jennings@wilmerhale.com

*Attorneys for Defendant Facebook, Inc.*

</div>

**ATTESTATION OF KRISTEN M. ANDERSON**

This document is being filed through the Electronic Case Filing (ECF) system by attorney Kristen M. Anderson.  By her signature, Ms. Anderson attests that she has obtained concurrence in the filing of this document from each of the attorneys identified on the caption page and in the above signature block.

Dated: January 5, 2022            By */s/* Kristen M. Anderson
                                             Kristen M. Anderson

**CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of January 2022, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System, causing the document to be electronically served on all attorneys of record.

By */s/* Kristen M. Anderson
       Kristen M. Anderson