WILMER CUTLER PICKERING
 HALE AND DORR LLP

SONAL N. MEHTA (SBN 222086)
 Sonal.Mehta@wilmerhale.com
2600 El Camino Real, Suite 400
Palo Alto, California 94306
Telephone: (650) 858-6000

DAVID Z. GRINGER (*pro hac vice*)
 David.Gringer@wilmerhale.com
7 World Trade Center
250 Greenwich Street
New York, New York 10007
Telephone: (212) 230-8800

ARI HOLTZBLATT (*pro hac vice*)
 Ari.Holtzblatt@wilmerhale.com
MOLLY M. JENNINGS (*pro hac vice*)
 Molly.Jennings@wilmerhale.com
1875 Pennsylvania Ave NW
Washington, DC 20006
Telephone: (202) 663-6000
Facsimile: (202) 663-6363

*Attorneys for Defendant Meta Platforms, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MAXIMILIAN KLEIN, et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FACEBOOK, INC., a Delaware Corporation headquartered in California,<br><br>Defendant. | Case No. 3:20-cv-08570-JD<br><br>**NOTICE OF FILING OF NOTICE OF TAG-ALONG ACTION WITH JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**<br><br>Judge: Hon. James Donato |

1. Defendant Meta Platforms, Inc. (f/k/a/ Facebook, Inc.) writes to notify the Court that on January 27, 2022, Meta filed a Notice of Potential Tag-Along Action with the Judicial Panel on Multidistrict Litigation (JPML), pursuant to Rule 7.1(a) of the JPML Rules of Procedure to notify the JPML that, following this Court's decision granting in part and denying in part Meta's motion to dismiss (Dkt. No. 214), the remaining claims in the consolidated amended complaint by the Advertiser Plaintiffs is a potential tag-along action to the actions that have been centralized in *In re: Google Digital Advertising Antitrust Litigation*, 1:21-md-03010-PKC (S.D.N.Y.). A copy of the Notice, without its exhibits, is attached as Exhibit A.

  1. On April 30, 2021, Google LLC, Alphabet Inc., and YouTube, LLC (together, "Google") petitioned the JPML under 28 U.S.C. § 1407 and JPML Rule 6.2 for an order transferring actions asserting antitrust claims based on Google's digital advertising practices pending in sixteen different district courts, and any later-filed cases that assert similar or related claims, to a single district court for consolidated or coordinated pretrial proceedings. Nearly all those cases contain allegations concerning Meta (formerly known as Facebook), including antitrust claims related to the Google-Facebook Agreement that forms the basis in part of the Advertiser Plaintiffs' antitrust claims in this case. Several of those cases name Meta as a defendant. On May 26, 2021, Meta filed a response to Google's petition, supporting the transfer and centralization of those cases into a multidistrict litigation (MDL).

  2. On June 30, 2021, Meta alerted this Court to the pending Google MDL petition in the second joint case management statement. *See* Dkt. No. 114 at 11-12.

  3. On August 10, 2021, the JPML granted Google's petition and centralized those actions in *In re: Google Digital Advertising Antitrust Litigation*, 1:21-md-03010-PKC (S.D.N.Y.).

  4. In its third, fourth, fifth, and sixth joint case management statements in this case, Meta stated that it would evaluate next steps concerning the Advertiser Plaintiffs' case and the MDL following the Court's decision on its pending motion to dismiss. *See* Dkt. No. 139 (Aug. 25, 2021) at 12; Dkt. No. 157 (Sept. 29, 2021) at 9; Dkt. No. 201 (Dec. 1, 2021) at 12; Dkt. No. 212 (Jan. 5, 2022) at 7.

5. On January 14, 2022, the Honorable Lucy H. Koh denied Meta's motion to dismiss the Advertiser Plaintiffs' claim alleging that the Google-Facebook agreement violates Section 1 of the Sherman Act (Count III) and their other claims (Counts I and II) to the extent those claims concern the Google-Facebook agreement at the core of several complaints in the MDL. *See* Dkt. No. 214. Judge Koh otherwise granted Meta's motion to dismiss the Advertiser Plaintiffs' claims with leave to amend. *See id.* As a result, the only live claims brought by the Advertiser Plaintiffs pending in this action are the claims based on the Google-Facebook agreement that is alleged in 22 different actions in the MDL proceedings.

6. Meta filed a notice of potential tag-along action with the JPML on January 27, 2022, submitting that the Advertiser Plaintiffs' consolidated amended complaint, which now only challenges the Google-Facebook agreement, should be centralized in the MDL.

Dated: January 27, 2022

Respectfully submitted,

By: /s/ Sonal N. Mehta

SONAL N. MEHTA (SBN 222086)
Sonal.Mehta@wilmerhale.com
WILMER CUTLER PICKERING HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, California 94306
Telephone: (650) 858-6000

DAVID Z. GRINGER (*pro hac vice*)
David.Gringer@wilmerhale.com
WILMER CUTLER PICKERING HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, New York 10007
Telephone: (212) 230-8800

ARI HOLTZBLATT (*pro hac vice*)
Ari.Holtzblatt@wilmerhale.com
MOLLY M. JENNINGS (*pro hac vice*)
Molly.Jennings@wilmerhale.com
WILMER CUTLER PICKERING HALE AND DORR LLP
1875 Pennsylvania Ave NW
Washington, DC 20006

-2-
No. 3:20-cv-08570-JD                                                         NOTICE OF FILING OF NOTICE OF TAG-ALONG ACTION

Telephone:  (202) 663-6000

*Attorneys for Defendant Meta Platforms, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 27th day of January, 2022, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System.

By:    */s/ Sonal N. Mehta*
          Sonal N. Mehta