**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Stephen A. Swedlow (admitted *pro hac vice*)
  stephenswedlow@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
(312) 705-7400

**HAGENS BERMAN SOBOL SHAPIRO LLP**
Shana E. Scarlett (Bar No. 217895)
  shanas@hbsslaw.com
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
(510) 725-3000

*Interim Co-Lead Consumer Class Counsel*

**BATHAEE DUNNE LLP**
Yavar Bathaee (Bar No. 282388)
  yavar@bathaeedunne.com
445 Park Avenue, 9th Floor
New York, NY 10022
(332) 322-8835

**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
Kristen M. Anderson (Bar No. 246108)
  kanderson@scott-scott.com
230 Park Avenue, 17th Floor
New York, NY 10169
(212) 223-6444

*Interim Co-Lead Advertiser Class Counsel*

[Additional counsel listed on signature page]

**WILMER CUTLER PICKERING HALE AND DORR LLP**
SONAL N. MEHTA (SBN 222086)
Sonal.Mehta@wilmerhale.com
2600 El Camino Real, Suite 400
Palo Alto, California 94306
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

DAVID Z. GRINGER (*pro hac vice*)
David.Gringer@wilmerhale.com
7 World Trade Center
250 Greenwich Street
New York, New York 10007
Telephone: (212) 230-8800
Facsimile: (212) 230-8888

ARI HOLTZBLATT (*pro hac vice*)
Ari.Holtzblatt@wilmerhale.com
MOLLY M. JENNINGS (*pro hac vice*)
Molly.Jennings@wilmerhale.com
1875 Pennsylvania Ave NW
Washington, DC 20006
Telephone: (202) 663-6000
Facsimile: (202) 663-6363

*Attorneys for Defendant Meta Platforms, Inc.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| MAXIMILIAN KLEIN, et al.,<br><br>        Plaintiffs,<br><br>    vs.<br><br>META PLATFORMS, INC.,<br><br>        Defendant.<br><br>This Document Relates To: All Actions | Consolidated Case No. 3:20-cv-08570-JD<br><br>**SEVENTH JOINT CASE MANAGEMENT STATEMENT**<br><br>The Hon. James Donato<br><br>Hearing Date: February 24, 2022 at 10:00 a.m. |

**SEVENTH JOINT CASE MANAGEMENT STATEMENT**

In advance of the February 24, 2022, Case Management Conference, counsel for the putative Consumer and Advertiser Classes and defendant Meta Platforms, Inc.[1] ("Meta") respectfully submit this Seventh Joint Case Management Statement. This Case Management Statement updates the Court as to recent developments on pertinent matters.

**1.   Background Regarding the Consolidated *Klein* Action**

**Plaintiffs' Contentions:**

The cases consolidated as the *Klein* action are brought on behalf of two putative classes: (1) a putative Consumer Class (consisting of individuals who use Meta's social networking and social media services); and (2) a putative Advertiser Class (consisting of individuals and entities that purchased Meta's advertising services). Generally speaking, Consumer Plaintiffs allege that Meta obtained and maintained monopoly power in the alleged Social Network and Social Media Markets through deception regarding its data collection and use practices. Advertiser Plaintiffs bring claims under Sections 1 and 2 of the Sherman Act for Meta's alleged monopolization and attempted monopolization of the purported Social Advertising market, including an alleged market division agreement between Meta and Google. Meta denies Plaintiffs' allegations.

**Meta's Contentions:**

Meta alleges that Plaintiffs' claims are without merit. As anyone who has followed the news recently is well aware, Meta is no monopolist. It faces vigorous competition from a slew of extremely well-financed competitors ranging from TikTok to Google to Apple. It is perhaps unsurprising that significant portions of both complaints were already dismissed as time-barred since the allegations advanced focus on the distant past and rely on unprecedented theories of law. The evidence will show that users benefitted from their—free—use of Meta's applications and thus are not entitled to the $2 trillion in damages (or any damages) that they are currently seeking; and that Meta offers advertisers innovative and low-cost advertising options.

---

[1] On January 27, 2022, the parties filed a Stipulation to Amend the Caption of the lead case, 5:20-cv-08570-JD to *Klein, et al., v. Meta Platforms, Inc.* Dkt. No. 219. On February 1, 2022, the Court granted the parties' motion. Dkt. No. 21. For clarity, Defendant is referred to as "Meta" throughout, even if the event being referenced occurred prior to Meta's name change.

**Joint Summary of Procedural Posture:**

The first of these actions was filed on December 3, 2020 and was originally assigned to the Hon. Lucy H. Koh. Judge Koh later consolidated the various "consumer" and "advertiser" actions under a single docket, case number (5:20-cv-08570), and case name (*Klein*); appointed separate leadership counsel for each of the putative classes; ordered each putative class to file separate consolidated class action complaints; and set a case schedule. Dkt. Nos. 47, 73, 74, 82, 115.

Each putative class thereafter filed consolidated class action complaints on April 22, 2021. Dkt. Nos. 86, 87. The parties have held a Rule 26(f) conference; filed a Rule 26(f) report; exchanged initial disclosures; entered privilege, deposition, ESI, and expert protocols and protective and Rule 502(d) clawback orders; and are currently engaged in discovery. Dkt. Nos. 130, 157, 201, 212.

On May 20, 2021, Meta filed a motion to dismiss the Consolidated Consumer and Advertiser Class Action Complaints ("CACs"). Dkt. No. 97. On June 17, 2021, Plaintiffs filed an opposition to Meta's motion to dismiss. Dkt. No. 109. On July 5, 2021, Plaintiffs filed a Supplemental Brief Regarding Government Orders. Dkt. No. 116. Meta filed its reply to Plaintiffs' opposition on July 7, 2021. Dkt. No. 117. Judge Koh held a hearing regarding Meta's motion to dismiss on July 15, 2021. Dkt. No. 125.

On January 14, 2022, Judge Koh granted in part and denied in part Meta's motion, while providing Plaintiffs leave to amend all dismissed claims. *See* Dkt. No. 214 (hereinafter "MTD Order") at 107. Judge Koh allowed the following claims to proceed: (1) Consumers' Sherman Act, Section 2 claims based on Meta's alleged "false representations about its data privacy," *id.* at 7, 37-69; and (2) Advertisers' § 1 and § 2 violations solely to the extent that they are based on the Google Network Bidding Agreement ("GNBA") between Meta and Google, *id.* at 7, 100-05.

Judge Koh dismissed the following claims: (1) both Consumers' and Advertisers' § 2 claims based on Meta's alleged "Copy, Acquire, Kill" conduct,[2] *id.* at 7, 70-99; and (2) Consumers' claim for unjust enrichment, *id.* at 7, 106.

---

[2] Judge Koh did not reach whether Consumers' or Advertisers' "Copy, Acquire, Kill" allegations constituted exclusionary conduct. *See* MTD Order at 72.

## 2. Status of Litigation Post-Motion to Dismiss Order

The consolidated *Klein* action was reassigned to this Court on January 26, 2022. Dkt No. 218. Judge Koh granted Consumers and Advertisers leave to amend all dismissed claims, with any amendments due on February 28, 2022. *Id.* at 107. The Consumers will not amend; the Advertisers intend to amend.

## 3. Motions

### a. Pending Motions

*Administrative Motion for Clarification*: On November 10, 2021, Meta filed an administrative motion for clarification of the Court's orders consolidating *Rosenman v. Meta Platforms, Inc.*, No. 21-cv-02108 (N.D. Cal.), and *Loveland v. Meta Platforms, Inc.*, No. 21-cv-03300 (N.D. Cal.), with these consolidated actions.[3] The motion asks the Court to confirm that its consolidation order means that if the *Rosenman* and *Loveland* plaintiffs wish to proceed with their antitrust claims against Meta, they must do so as part of the Consumer CAC and through the interim class counsel structure that the Court has created, or they must dismiss their claims and assume the status of absent class members. Dkt. No. 190.

On November 15, 2021, Consumer Plaintiffs and *Loveland* plaintiffs filed their respective responses to Meta's administrative motion. Consumer Plaintiffs assert that the *Rosenman* and *Loveland* plaintiffs may not "elect" to become named Consumer Plaintiffs in the pending *Klein* action and that a stay of the *Rosenman* and *Loveland* cases—rather than dismissal or a change to the Court-ordered leadership structure—is the appropriate remedy. Dkt. No. 193. The *Loveland* plaintiffs seek a stay of their case. Dkt. No. 194.

On November 18, 2021, Meta filed a motion for leave to file a reply in support of its administrative motion for clarification. Dkt. No. 196. On November 22, 2021, the *Loveland* plaintiffs filed an opposition to Meta's motion for leave. Dkt. No. 197.

---

[3] The *Rosenman* and *Loveland* actions were filed after the original *Klein* action. Background regarding the *Rosenman* and *Loveland* actions is provided in the parties' prior submissions to the Court. *See*, *e.g.*, Dkt. Nos. 190, 193.

The *Loveland* Plaintiffs have also requested the inclusion of the following statement in this case management conference statement: "Additionally, the *Loveland* Plaintiffs have also provided Defendant with a proposed amended complaint. The *Loveland* Plaintiffs' position is that the Court should grant leave to the *Loveland* Plaintiffs to file the amended complaint, and then stay their action until the resolution of the pending motion to dismiss."

*Notice of Filing of Notice of Tag-Along Action with JPML*:  On January 27, 2022, Meta notified the Court that it filed a Notice of Potential Tag-Along Action with the Judicial Panel on Multidistrict Litigation to notify the JPML that, following Judge Koh's decision granting in part and denying in part Meta's motion to dismiss, the remaining claims in the consolidated amended complaint by the Advertiser Plaintiffs is a potential tag-along action to the actions that have been centralized in *In re: Google Digital Advertising Antitrust Litigation*, 1:21-md-03010-PKC (S.D.N.Y.).  Dkt. No. 220.

On February 8, 2022, the JPML said that this case "is not appropriate for inclusion in the MDL at this time. . . .  The record in the underlying docket indicates that it is anticipated that plaintiffs will file an amended complaint affecting the nature of the factual allegations and claims. Accordingly, placement of this action on a conditional transfer order is premature. Defendant Meta, or any other party, may re-notice this action as a potential tag-along action once the amended complaint is filed, or when it becomes apparent that no amended complaint will be filed." *In re: Google Digital Advertising Antitrust Litigation*, MDL No. 3010, Dkt. No. 150.  Consistent with the JPML's order, Meta anticipates re-noticing the Advertisers' claim or claims at the appropriate time.

### b. Anticipated Motions

In addition to the specific motions below, the parties also anticipate that there will be further motions, including motions to exclude expert testimony and motions in *limine*.

**Plaintiffs' Anticipated Motions:**

*Motions for Leave to Amend Complaints:*  Judge Koh granted Plaintiffs leave to amend their complaints to cure the deficiencies identified in the MTD Order, and provided a deadline of February 28, 2022 for any such amendments.  MTD Order at 107.  The MTD Order further provides that "Plaintiffs may not add new causes of action or add new parties without stipulation or leave of

the Court." *Id*. Consumer Plaintiffs do not intend to file an amended complaint. Advertiser Plaintiffs intend to file an amended complaint, and to the extent that Advertiser Plaintiffs add new causes of action or new parties, Advertiser Plaintiffs will file a motion for leave of Court in accordance with the MTD Order's instructions.

*Motions for Class Certification*: Plaintiffs intend to move for class certification of the putative Consumer and Advertiser classes. Judge Koh previously set March 15, 2022 as the date for Plaintiffs to move for class certification. Dkt. No. 115 at 2. In the parties' last case management conference statement (filed January 5, 2022), the parties agreed that, despite their good-faith efforts, the scope of discovery from both sides, as well as the delays occasioned by the pandemic, has impacted the schedule in these consolidated actions, including the March 15, 2022 deadline for class certification motions and the deadlines for related briefing. Dkt. No. 212 at 6. The parties agreed that extensions of these dates are warranted and jointly requested extensions of the dates. *Id.*

On February 3, 2022, after the consolidated action was re-assigned to this Court, the Court vacated "[a]ll previously set case management deadlines and dates and motion hearing dates." Dkt. No. 222. To the extent that the Court's order did not already vacate the upcoming class certification dates, the parties continue to agree that extensions of these deadlines for class certification and related briefing are necessary, and the parties jointly request extensions of these dates.

*Responses to Motions filed by Meta*: Plaintiffs reserve all rights and arguments to respond to, or oppose, any future motions filed by Meta. Should Meta file any motion to compel arbitration, Plaintiffs reserve all rights to oppose that motion. Plaintiffs will also oppose any motion for summary judgment filed by Meta.

**Meta's Anticipated Motions:**

*Motion to Dismiss*: In the event that Advertiser Plaintiffs file an amended consolidated complaint, Meta expects that it will move to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) because, among other potential deficiencies in the forthcoming complaint, the timeliness issues that Judge Koh recognized cannot be cured through amendment.

*Motion to Compel Arbitration*: Meta reserves all rights and defenses with respect to unnamed members of the putative classes alleged in the CACs, including but not limited to its right

to move to compel arbitration of any unnamed putative class members' claims subject to an arbitration provision at the appropriate time. *See, e.g.*, *Gutierrez v. Wells Fargo Bank, NA*, 889 F.3d 1230 (11th Cir. 2018); *Rushing v. Williams-Sonoma, Inc.*, 2020 WL 6787135 (N.D. Cal. Oct. 8, 2020); *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 2011 WL 1753784 (N.D. Cal. May 9, 2011).

*Motion for Summary Judgment*: Meta will consider moving for summary judgment pursuant to Fed. R. Civ. P. 56 after assessing the fact and expert discovery record.

*Responses to Motions filed by Plaintiffs*: Meta reserves all rights and arguments to respond to, or oppose, any future motions filed by Plaintiffs, including Plaintiffs' motions for class certification.

### 4. Case and Discovery Updates

**Plaintiffs' Position:**

Plaintiffs defer to the Court regarding the assignment of discovery disputes. Plaintiffs appreciate the time and effort that Judge DeMarchi has expended managing discovery.

**Meta's Position:**

Meta defers to the Court regarding the assignment of discovery disputes. Meta appreciates the substantial time that Judge DeMarchi has invested in managing discovery in this case. While Meta recognizes that it would be a departure from the Court's standard practice for Judge Donato to refer all discovery disputes to Judge DeMarchi, Meta also recognizes that all may benefit from Judge DeMarchi's history with and knowledge of the discovery issues in this case.

#### a. Discovery Propounded to Date

*Discovery Propounded by Meta*: On August 25, 2021, Meta served Requests for Production of Documents on Consumer Plaintiffs and Advertiser Plaintiffs. On September 24, 2021, Consumer Plaintiffs and Advertiser Plaintiffs served their objections and responses. After exchanging their positions in writing, the parties met and conferred about purported deficiencies Meta identified in Plaintiffs' objections and responses, including on October 20 and 21, 2021, November 16 and 22, 2021, December 13, 2021, and January 27, 2022.

Plaintiffs continue to produce responsive documents, and the parties continue to discuss outstanding issues with the productions and requests.

On January 7, 2022, Meta served interrogatories on Consumer Plaintiffs and Advertiser Plaintiffs, and Requests for Admission on Advertiser Plaintiffs. On February 7, 2022, Consumer Plaintiffs and Advertiser Plaintiffs served objections to Meta's interrogatories. That same day, Advertiser Plaintiffs served their responses and objections to Meta's requests for admission. The parties are in the process of scheduling a meet and confer.

*Discovery Propounded by Plaintiffs*: On May 3, 2021, Meta produced over 12 million pages of documents previously produced to the Federal Trade Commission and/or U.S. House of Representatives. *See* Dkt. No. 82. Following the parties' Rule 26(f) conference on July 30, 2021, and submission of the Rule 26(f) report on August 13, 2021 (Dkt. No. 130), on September 24, 2021, Consumer Plaintiffs and Advertiser Plaintiffs served a joint set of Requests for Production of Documents on Meta. That same day, Consumer Plaintiffs served an additional set of Requests for Production of Documents on Meta pertaining to Consumer-specific claims and issues, and Advertiser Plaintiffs served an additional set of Requests for Production of Documents on Meta pertaining to Advertiser-specific claims and issues. On October 25, 2021, Meta provided its responses and objections to each set of Plaintiffs' first set of document requests. The parties then met and conferred on December 1, 2, 10, 13, 16, 17, and 22, 2021, as well as January 27, 2022, to discuss the scope and timing of Meta's document productions in response to Plaintiffs' first sets of requests.

On October 21, 2021, Advertiser Plaintiffs served their Second Set of Requests for Production of Documents on Meta. On November 22, 2021, Meta served its objections and responses to Advertiser Plaintiffs' second set of document requests.

Meta continues to produce responsive documents, and the parties continue to discuss outstanding issues with the productions and requests.

On February 15, 2022, Consumer Plaintiffs and Advertiser Plaintiffs served interrogatories on Meta.

### b. Privilege Dispute

On October 14, 2021, the parties submitted a dispute about certain documents that Meta had initially produced to the FTC and subsequently clawed back in a joint discovery letter brief to Judge

DeMarchi (Dkt. Nos. 163, 168), and on October 26, 2021, Judge DeMarchi held a hearing on the parties' dispute (Dkt. No. 169). That same day, Judge DeMarchi issued an order dismissing as untimely three of Plaintiffs' challenges to clawback notices served by Meta. Dkt. No. 171. As to the remaining material at issue, Judge DeMarchi ordered the parties to submit further briefing and held a hearing on December 14, 2021. Dkt. Nos. 171, 206, 211. On December 16, 2021, Meta filed a notice of supplemental information describing the circumstances by which it clawed back overlapping material from the FTC and reached a stipulation with the FTC allowing a portion of one clawed-back document to be cited in the FTC's amended complaint, subject to redaction and resolving Meta's privilege claim over that document in the future. Dkt. No. 210. The parties are awaiting a ruling on the remaining issue.

### c. Jessica Layser Subpoena Dispute

On August 5, 2021, former named Advertiser Plaintiff Jessica Layser dismissed her individual claims against Meta without prejudice. Dkt. No. 129. On September 17, 2021, Meta served a Rule 45 subpoena on Ms. Layser, and on October 1, 2021, Ms. Layser served her objections to Meta's subpoena. The parties submitted their dispute regarding the validity of Ms. Layser's objections in a joint discovery letter brief to Judge DeMarchi on November 12, 2021. Dkt. No. 192. The parties are awaiting a ruling.

### d. Zahara Mossman Dismissal

On November 4, 2021, then-named Advertiser Plaintiff Zahara Mossman dismissed her claims against Meta with prejudice. Dkt. No. 182. Because the deadline for serving initial disclosures had passed and discovery requests served by Meta on Ms. Mossman were still pending at the time of her dismissal, the parties discussed Ms. Mossman's obligations to respond to those discovery requests and agreed to the following proposal: Meta will compile a set of documents reflecting Ms. Mossman's presence and activity on a number of online platforms and services including Meta; if, after reviewing these materials, Advertiser Plaintiffs stipulate to their admissibility, Meta will agree to withdraw its outstanding discovery requests to Ms. Mossman and will not seek initial disclosures from her. During the course of their discussion, Meta reserved its right to pursue, and Advertiser Plaintiffs reserved their right to oppose, future efforts to obtain

discovery from Ms. Mossman.

### e. Limitations on Interrogatories

The parties have an open dispute regarding the appropriate limit on interrogatories. The parties' positions are set out in the Rule 26(f) Report. *See* Dkt. No. 130 at 5–8.

### f. Motion and Discovery Cut-Off Dates

On February 3, 2022, the Court vacated all previously set case management deadlines and motion hearing dates. Dkt. No. 222. In the parties' last case management conference statement (filed January 5, 2022), the parties agreed that—despite their good-faith efforts—the scope of discovery on both sides, as well as delays occasioned by the pandemic, has impacted the schedule in these consolidated actions, including the deadlines for class certification motions and related briefing. Dkt. No. 212 at 6. The parties agreed that extensions of these dates are warranted and jointly requested extensions of the dates. *Id.*

Plaintiffs also indicated that they would confer further with Meta regarding modifications to the case schedule. Dkt. No. 212 at 3. Plaintiffs have done so, and the parties are largely in agreement as to their proposals for the case schedule, as reflected below:

| **Scheduled Event** | **Prior Date** | **Plaintiffs' Proposal** | **Defendant's Proposal** |
|---|---|---|---|
| Advertiser Amended Consolidated Complaint | N/A | February 28, 2022 | |
| Meta's Answer to Consumer Complaint | N/A | March 10, 2022 | |
| Meta's Motion to Dismiss Advertiser Amended Consolidated Complaint | N/A | March 21, 2022 | |
| Advertiser Plaintiffs' Opposition to the Motion to Dismiss | N/A | April 11, 2022 | |
| Meta's Reply on Motion to Dismiss | N/A | April 25, 2022 | |
| Hearing on Motion to Dismiss | N/A | At the Court's convenience | |
| Substantial Completion Date for Already-Served Party Discovery | N/A | June 13, 2022 | |

| Scheduled Event | Prior Date | Plaintiffs' Proposal | Defendant's Proposal |
|---|---|---|---|
| Plaintiffs' Class Certification expert report(s) | N/A | October 7, 2022 ||
| Meta's Class Certification opposition expert report(s) | N/A | November 4, 2022 ||
| Plaintiffs' Class Certification rebuttal expert report(s) | N/A | December 2, 2022 ||
| Class Certification Motion and Parties' *Daubert* Motion(s) re class certification experts | March 15, 2022 | December 23, 2022 ||
| Meta's Class Certification Opposition and Parties' Opposition(s) to *Daubert* Motion(s) | April 19, 2022 | January 26, 2023 ||
| Class Certification Reply and Parties' *Daubert* Replies | May 17, 2022 | February 23, 2023 ||
| Concurrent Submission | N/A | February 27, 2023 ||
| Concurrent Submission Proceeding | N/A | March 2, 2023 (subject to the Court's availability) ||
| Class Certification Hearing | June 2, 2022 at 1:30 p.m. | March 16, 2023 (subject to the Court's availability) ||
| Fact Discovery Cut-Off | September 2, 2022 | June 9, 2023 ||
| Opening Expert Reports | September 23, 2022 | June 30, 2023 ||
| Rebuttal Expert Reports | October 14, 2022 | August 4, 2023 ||
| Close of Expert Discovery | November 4, 2022 | September 15, 2023 ||
| Dispositive/*Daubert* Motions (one MSJ per side in the entire case) | November 18, 2022 | October 5, 2023 ||
| Dispositive and *Daubert* Motions Responses | December 9, 2022 | November 1, 2023 ||
| Dispositive and *Daubert* Motions Replies | December 21, 2022 | November 22, 2023 ||

| Scheduled Event | Prior Date | Plaintiffs' Proposal | Defendant's Proposal |
|---|---|---|---|
| Joint submission on merits experts' concurrent expert proceeding | N/A | December 5, 2023 | |
| Concurrent expert proceeding for merits experts | N/A | December 12, 2023 (subject to the Court's availability) | |
| Dispositive and *Daubert* Motions Hearing | January 12, 2023 at 1:30 p.m. | December 21, 2023 (subject to the Court's availability) | |
| Final Pretrial Conference | March 9, 2023 at 1:30 p.m. | February 25, 2024 (or soon thereafter, subject to the Court's availability) | For discussion with the Court |
| Trial Ready Date | March 27, 2023 at 9:00 a.m. | March 4, 2024 (or soon thereafter, subject to the Court's availability) | For discussion with the Court |

**Meta's Position:**

The parties have met and conferred and are largely in agreement on the case schedule.

The only open item is whether the Court should set a trial date now, or wait to do so until after the trial date is set in the FTC action pending before Judge Boasberg in the District Court for the District of Columbia. This would allow the FTC action to proceed to final judgment before this case does. *See Federal Trade Commission v. Meta Platforms, Inc.*, Case No. 1:20-cv-03590-JEB (D.D.C. December 9, 2020) (hereinafter "FTC Case"). The FTC filed related case notices for the vast majority if not all of the private actions, including this case. FTC Case, Dkt. Nos. 4, 10, 28, 31, 44, 45, 52, 53, 54, 55, 57, 58. Complaints in the government's actions against Meta contain allegations overlapping with the allegations in Plaintiffs' CACs (likely including Advertiser Plaintiffs' forthcoming CAC), including that Facebook allegedly holds monopoly power in the market for personal social networking services in the United States, FTC Case, Dkt. No. 3 (hereinafter "FTC Compl."), ¶ 2; *New York v. Facebook, Inc.*, No. 1:20-cv-03589-JEB (D.D.C. Dec. 9, 2020) (hereinafter "State AG Case"), Dkt. No. 4 (hereinafter "State AG Compl."), ¶ 4, and that

1  Facebook allegedly engaged in anticompetitive conduct to eliminate threats to its supposed
2  monopoly, including through its acquisitions of Instagram and WhatsApp, FTC Compl. ¶ 5; State
3  AG Compl. ¶ 12.  Meta respectfully requests that this Court's schedule be set so that trial in this
4  case follows the comparable dates in the FTC action.  Ensuring the government's action goes to trial
5  first will likely narrow the issues before this Court, lessen the burden on the substantial numbers of
6  nonparties who will be subject to discovery in both cases, and also promote judicial economy.

**Plaintiffs' Position:**

Plaintiffs and Meta have conferred regarding the case schedule, agree that an extension of the prior case schedule is warranted, and largely agree on the parameters of a new case schedule. While Plaintiffs are amenable to some degree of coordination with the schedule in the FTC action to the extent efficient and reasonable, Plaintiffs do not agree that sequencing the consolidated *Klein* action such that it trails the government antitrust actions (FTC and State Attorneys General) pending against Meta in the District of Columbia is *required* or appropriate at this time, particularly given: (1) no case schedule has yet been set in the FTC action; (2) the different theories presented in the government and private plaintiff actions; and (3) the earlier-filing date of the *Klein* consolidated action.

5.   **Related Cases**

**Meta's Position:**

The plaintiffs in *Reveal Chat Holdco LLC v. Meta Platforms, Inc.*, No. 5:20-cv-00363-BLF challenged, among other things, Meta's Instagram and WhatsApp acquisitions and deprecation of application programming interfaces ("APIs") for third-party app developers—the same conduct that User and Advertiser Plaintiffs both challenged in their respective CACs, and that Advertiser Plaintiffs may attempt to reintroduce in their anticipated amended complaint.  Judge Freeman dismissed plaintiffs' entire case on statute of limitations and laches grounds.  Plaintiffs-Appellants thereafter filed their opening appellate brief on August 23, 2021.  *Reveal Chat Holdco LLC v. Meta Platforms, Inc.*, No. 21-15863, Dkt. No. 18.  Meta filed its answering brief on October 25, 2021. *See id.*, Dkt. No. 25.  Plaintiffs-Appellants' filed their reply brief on December 15, 2021.  *See id.*, Dkt. No. 38.  The case is set for oral argument on February 17, 2022.

**Plaintiffs' Position:**

At this time, Plaintiffs have no updates to bring to the Court's attention regarding any cases that are "related" to the consolidated *Klein* action under N.D. Cal. Civil Local Rule 3-12. Plaintiffs have laid out in prior case management statements that: (1) Judge Freeman determined that the *Reveal Chat* action is not "related" to the consolidated *Klein* action; and (2) the State Attorneys General have disputed the significance that Meta attributes to their and the FTC's identifying some of the individual cases that comprise the *Klein* consolidated action in "pro forma related case filings" filed on the docket in those public entities' antitrust actions against Meta proceeding in the District of Columbia. *See* Dkt. Nos. 114 at 10 n.1; 139 at 11 n.5.

### 6. Lawsuits Filed by FTC and State Attorneys General

On June 28, 2021, Judge Boasberg issued opinions dismissing the antitrust complaint filed by the Federal Trade Commission and dismissing the entire case filed by the Attorneys General of multiple states. *See* FTC Case, Dkt. No. 73; State AG Case, Dkt. No. 137.

On August 19, 2021, the FTC filed an amended complaint. FTC Case, Dkt. No. 75. On January 11, 2022, Judge Boasberg denied Meta's motion to dismiss but dismissed the FTC's allegations surrounding Facebook's Platform policies.[4] *Id.*, Dkt. Nos. 89, 94. On January 26, 2022, Judge Boasberg set the initial scheduling conference for February 28, 2022. The FTC and Meta are currently in the process of negotiating a case schedule.

On July 28, 2021, the States filed a notice of their intent to appeal Judge Boasberg's decision to the D.C. Circuit. State AG Case, Dkt. No. 138. The States filed their brief on January 14, 2022, and according to the briefing schedule jointly proposed by the States and Meta and approved by the Court, Meta's response brief is due on March 14, 2022. *State of New York, et al v. Meta Platforms, Inc.*, No. 21-7078, Dkt. Nos. 1919569, 1930765.

### 7. Updates Regarding ADR

---

[4] *Id.*, Dkt. No. 90 at 2 ("The Court will not, however, allow the allegations surrounding Facebook's interoperability policies (also known as the Platform policies) to move forward; they founder for the same fundamental reasons as explained before: Facebook abandoned the policies in 2018, and its last alleged enforcement was even further in the past.").

1    No settlement discussions have taken place. The parties agreed, at the time they filed the
2 March 31, 2021 Case Management Statement, that ADR would not be constructive at that time. The
3 parties continue to believe that ADR would not be productive but would of course be willing to
4 engage in ADR with a private mediator as these actions progress.

| | |
|---|---|
| DATED: February 17, 2022 | Respectfully submitted, |

By: /s/ Yavar Bathaee
**BATHAEE DUNNE LLP**
Yavar Bathaee (Bar No. 282388)
  yavar@bathaeedunne.com
Edward M. Grauman (admitted *pro hac vice*)
  egrauman@bathaeedunne.com
Andrew C. Wolinsky (admitted *pro hac vice*)
  awolinsky@bathaeedunne.com
445 Park Avenue, 9th Floor
New York, NY 10022
(332) 322-8835

Brian J. Dunne (Bar No. 275689)
  bdunne@bathaeedunne.com
633 West Fifth Street, 26th Floor
Los Angeles, CA 90071
(213) 462-2772

By: /s/ Kristen M. Anderson
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
Kristen M. Anderson (Bar No. 246108)
  kanderson@scott-scott.com
230 Park Avenue, 17th Floor
New York, NY 10169
(212) 223-6444

Christopher M. Burke (Bar No. 214799)
  cburke@scott-scott.com
Hal Cunningham (Bar No. 243048)
  hcunningham@scott-scott.com
Daniel Brockwell (Bar No. 335983)
  dbrockwell@scott-scott.com
David H. Goldberger (Bar No. 225869)
  dgoldberger@scott-scott.com
Yifan (Kate) Lv (Bar No. 302704)
  klv@scott-scott.com
600 W. Broadway, Suite 3300
San Diego, CA 92101
(619) 233-4565

Patrick J. McGahan (admitted *pro hac vice*)
  pmcgahan@scott-scott.com
Michael P. Srodoski (admitted *pro hac vice*)
  msrodoski@scott-scott.com
156 South Main Street, P.O. Box 192
Colchester, CT 06415
(860) 537-5537

By: /s/ Stephen A. Swedlow
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Stephen A. Swedlow (admitted *pro hac vice*)
  stephenswedlow@quinnemanuel.com
Michelle Schmit (admitted *pro hac vice*)
  michelleschmit@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606-1881
(312) 705-7400

Kevin Y. Teruya (Bar No. 235916)
  kevinteruya@quinnemanuel.com
Adam B. Wolfson (Bar No. 262125)
  adamwolfson@quinnemanuel.com
Brantley I. Pepperman (Bar No. 322057)
  brantleypepperman@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
(213) 443-3000

Manisha M. Sheth (admitted *pro hac vice*)
  manishasheth@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, New York 10010
(212) 849-7000

By: /s/ Shana E. Scarlett
**HAGENS BERMAN SOBOL SHAPIRO LLP**
Shana E. Scarlett (Bar No. 217895)
  shanas@hbsslaw.com
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
(510) 725-3000

Steve W. Berman (admitted *pro hac vice*)
  steve@hbsslaw.com
1301 Second Avenue, Suite 2000
Seattle, WA 98101
(206) 623-7292

| | | |
|---|---|---|
| 1 | **AHDOOT & WOLFSON, PC** | **LOCKRIDGE GRINDAL NAUEN P.L.L.P.** |

**AHDOOT & WOLFSON, PC**
Tina Wolfson (Bar No. 174806)
  twolfson@ahdootwolfson.com
Robert Ahdoot (Bar No. 172098)
  rahdoot@ahdootwolfson.com
Theodore W. Maya (Bar No. 223242)
  tmaya@ahdootwolfson.com
Rachel Johnson (Bar No. 331351)
  rjohnson@ahdootwolfson.com
2600 West Olive Avenue, Suite 500
Burbank, CA 91505
(310) 474-9111

**LEVIN SEDRAN & BERMAN LLP**
Keith J. Verrier (admitted *pro hac vice*)
  kverrier@lfsblaw.com
Austin B. Cohen (admitted *pro hac vice*)
  acohen@lfsblaw.com
510 Walnut Street, Suite 500
Philadelphia, PA 19106-3997
(215) 592-1500

*Interim Counsel for the Advertiser Class*

**LOCKRIDGE GRINDAL NAUEN P.L.L.P.**
W. Joseph Bruckner (admitted *pro hac vice*)
  wjbruckner@locklaw.com
Robert K. Shelquist (admitted *pro hac vice*)
  rkshelquist@locklaw.com
Brian D. Clark (admitted *pro hac vice*)
  bdclark@locklaw.com
Rebecca A. Peterson (Bar No. 241858)
  rapeterson@locklaw.com
Arielle S. Wagner (admitted *pro hac vice*)
  aswagner@locklaw.com
Kyle J. Pozan (admitted *pro hac vice*)
  kjpozan@locklaw.com
Laura M. Matson (admitted *pro hac vice*)
  lmmatson@locklaw.com
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
(612) 339-6900

*Interim Counsel for the Consumer Class*

By:  */s/* Sonal N. Mehta
**WILMER CUTLER PICKERING HALE AND DORR LLP**
Sonal N. Mehta (SBN: 222086)
2600 El Camino Real, Suite 400
Palo Alto, California 94306
Telephone: (650) 858-6000
Facsimile: (650) 858-6100
Email: Sonal.Mehta@wilmerhale.com

David Z. Gringer (*pro hac vice*)
7 World Trade Center
250 Greenwich Street
New York, New York 10007
Telephone: (212) 230-8800
Facsimile: (212) 230-8888
Email: David.Gringer@wilmerhale.com

Ari Holtzblatt (*pro hac vice*)
Molly M. Jennings (*pro hac vice*)
1875 Pennsylvania Avenue NW
Washington, DC 20006
Telephone: (202) 663-6000
Facsimile: (202) 663-6363
Email: Ari.Holtzblatt@wilmerhale.com
Email: Molly.Jennings@wilmerhale.com

*Attorneys for Defendant Meta Platforms, Inc.*

**ATTESTATION OF KRISTEN M. ANDERSON**

This document is being filed through the Electronic Case Filing (ECF) system by attorney Kristen M. Anderson. By her signature, Ms. Anderson attests that she has obtained concurrence in the filing of this document from each of the attorneys identified on the caption page and in the above signature block.

Dated: February 17, 2022                By */s/* Kristen M. Anderson
                                                                Kristen M. Anderson

**CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of February 2022, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System, causing the document to be electronically served on all attorneys of record.

By */s/* Kristen M. Anderson
Kristen M. Anderson