# Exhibit D

Advertiser Plaintiffs Affilious, Inc.; Jessyca Frederick; Mark Young; Joshua Jeon; 406 Property Services, PLLC; Mark Berney; and Katherine Looper ("Plaintiffs"), by and through their undersigned counsel, hereby respond and object to DEFENDANT FACEBOOK, INC.'S FIRST SET OF INTERROGATORIES TO ADVERTISER PLAINTIFFS served on January 7, 2022 (the "Interrogatories").

**GENERAL OBJECTIONS**

The General Objections set forth below apply to the Interrogatories generally and to each Definition, Instruction, and Interrogatory included in the Interrogatories. Unless otherwise stated, they shall have the same force and effect as if set forth in full response to each Definition, Instruction, and Interrogatory. Any undertaking to search for or provide information or documents in response to any Interrogatory remains subject to these objections. The fact that an objection is not listed does not constitute a waiver of that objection or otherwise preclude Plaintiffs from raising that objection at a later time.

1. Plaintiffs object to the Interrogatories, including the definitions and instructions, to the extent that they seek to impose any duty or obligation upon Plaintiffs beyond or greater than that required by the applicable Federal Rules of Civil Procedure, or any discovery protocols agreed upon by the parties.

2. Plaintiffs object to the Interrogatories to the extent they seek information protected by privilege, including the attorney-client privilege, work product immunity doctrine, common interest privilege, the mediation privilege, Federal Rule of Evidence 408, or other applicable privileges, immunities, or restrictions on discovery. Plaintiffs will not provide information or produce documents protected by such privileges, immunities, or restrictions. Any inadvertent production of any otherwise privileged document shall be governed by the Federal Rule of Evidence 502(d) Clawback Order entered by the Court. *See* ECF No. 107.

3. Plaintiffs object to the Interrogatories, including any definition or instruction, to the extent that they contain or presuppose unwarranted factual and legal conclusions. A response by

1

Plaintiffs that they will respond to a particular Interrogatory shall not be construed as an admission by Plaintiffs that any factual or legal conclusions or assertions contained in any Interrogatory are true or accurate.

4.  In responding to the Interrogatories, Plaintiffs will produce documents in their own possession, custody, or control from the Relevant Period (as defined below for the purpose of these Responses). Plaintiffs object to the Interrogatories to the extent they purport to require Plaintiffs to: produce documents that are not in their possession, custody, or control, but in the possession of other entities; create documents or information; produce documents or information that is publicly available or available from a more convenient, less burdensome, or less expensive source; and/or produce information or documents that are already in Defendant's or its representatives' possession, custody, or control.

5.  Plaintiffs object to the Interrogatories on the grounds that discovery and investigation is ongoing. Plaintiffs respond to these Interrogatories without prejudice to their right to produce evidence of any subsequently discovered facts or information that they may later discover or recall, and reserve the right to supplement, amend, correct, or clarify any of these responses and objections to these Interrogatories, and to assert additional objections arising from matters discovered during the course of this litigation.

6.  Plaintiffs respond to the Interrogatories based upon its understanding of the requests and the specific language employed by Facebook, except as may otherwise be set forth below. To the extent it may later be determined that any of the Interrogatories were intended to be construed in a manner different from the interpretation of Plaintiffs at the time of service of these responses, Plaintiffs reserves the right to amend or supplement their responses or to assert additional objections.

7.  Plaintiffs reserve all objections as to competency, relevance, materiality, privilege, or admissibility as evidence in any subsequent proceedings in, or trial of, this or any other action for any purpose whatsoever.

2

Case No. 3:20-cv-08570-JD       Advertiser Plaintiffs' Objections and Responses to Meta Platforms, Inc.'s First Set of Interrogatories to Advertiser Plaintiffs

1  or other service provided online on which a Plaintiff maintained a customer-facing business presence,
2  or which a Plaintiff used for explicitly business-related communications (including advertising).

3  **DEFINITION M:**

4  M.     "Participant(s)" means any actual and potential entrant(s) into the "Social Advertising
5  Market."

6  **SPECIFIC OBJECTION AND RESPONSE TO DEFINITION M:**

7  Plaintiffs object to this Definition as unduly burdensome to the extent it purports to require
8  Plaintiffs to provide information not within Plaintiffs' knowledge.  Plaintiffs also object to this
9  Definition as impermissibly ambiguous to the extent it purports to require Plaintiffs to identify
10 "potential" entrants into the Social Advertising Market, without limitation.

11 In responding to these Interrogatories, "Participant(s)" shall mean any actual entrant(s) into the
12 Social Advertising Market and persons, natural or otherwise, known to Plaintiffs to have considered
13 entering the Social Advertising Market during the Relevant Time Period.

14 **DEFINITION N:**

15 N.     "Social Advertising Market" means the market alleged in Paragraphs 412 through 460
16 of the Advertiser Complaint.

17 **SPECIFIC OBJECTION AND RESPONSE TO DEFINITION N:**

18 No objection.

19 **DEFINITION O:**

20 O.     The use of the singular herein shall be deemed to encompass the use of the plural and
21 vice versa.

22 **SPECIFIC OBJECTION AND RESPONSE TO DEFINITION O:**

23 No objection.

24 **DEFINITION P:**

25 P.     The connectives "and" and "or" shall be construed either disjunctively or conjunctively
26 as necessary to bring within the scope of the requests all information that might otherwise be construed
27 as outside of their scope.

28

11

...

**SPECIFIC OBJECTION AND RESPONSE TO INSTRUCTION NO. 8:**

No objection.

**INTERROGATORIES**

**INTERROGATORY NO. 1.**

Identify all Participant(s) in your alleged "Social Advertising Market."

**RESPONSE:**

Plaintiffs incorporate each of the foregoing General Objections above as if fully set forth herein. Plaintiffs object to this Interrogatory because they have not completed discovery, factual investigation or analysis, expert analysis, or trial preparation. Plaintiffs also object to this Interrogatory as premature as expert discovery is ongoing and, in particular, Plaintiffs' expert report(s) are not yet due under the Court's scheduling order. Plaintiffs also object to Interrogatory No. 2 because the definitions of "Participants" and "Identify," as used in this Interrogatory, are overly burdensome and not proportional to the needs of the case.

Subject to and without waiving its objections, Plaintiffs stand ready to meet and confer on this Interrogatory.

**INTERROGATORY NO. 2.**

For each Plaintiff who alleges they were charged "supracompetitive prices" for advertisements on Facebook, Identify all facts supporting that they paid supracompetitive prices, including all facts detailing the price that they should have been charged for advertising on Facebook in a competitive market.

**RESPONSE:**

Plaintiffs incorporate each of the foregoing General Objections above as if fully set forth herein. Plaintiffs object to this Interrogatory because they have not completed discovery, factual investigation or analysis, expert analysis, or trial preparation. Plaintiffs also object to this Interrogatory as premature as expert discovery is ongoing and, in particular, Plaintiffs' expert report(s) are not yet due under the Court's scheduling order. Plaintiffs also object to Interrogatory

15
Case No. 3:20-cv-08570-JD     Advertiser Plaintiffs' Objections and Responses to Meta Platforms, Inc.'s
                              First Set of Interrogatories to Advertiser Plaintiffs