UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAXIMILIAN KLEIN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> META PLATFORMS, INC., <br><br> Defendant. | Case No. 20-cv-08570-JD (VKD) <br><br> **ORDER RE NOVEMBER 11, 2021 DISCOVERY DISPUTE RE LAYSER SUPBOENA** <br><br> Re: Dkt. No. 192 |

Defendant Meta Platforms, Inc. (formerly, Facebook, Inc.)[1] and Jessica Layser ask the Court to resolve their dispute regarding Facebook's Rule 45 document subpoena to Ms. Layser. Dkt. No. 192.[2] The Court finds this matter suitable for resolution without a hearing. *See* Civil L.R. 7-1(b).

For the reasons explained below, the Court denies Meta's request for an order compelling Ms. Layser to produce documents responsive to Meta's subpoena.

## I.  BACKGROUND

Ms. Layser sued Meta on January 13, 2021. *Layser v. Facebook*, No. 21-cv-00337, Dkt. No. 1. Her case was related to and consolidated with this action. Dkt. No. 47. The consolidated amended complaint on behalf of the Advertiser Plaintiffs names Ms. Layser as a plaintiff. Dkt. No. 86. According to this amended complaint, Meta engaged in "a scheme to unlawfully monopolize the market for social advertising" that allowed it to charge supracompetitive prices for social advertisements. *Id.* ¶ 1. The amended complaint includes allegations specific to Ms.

---

[1] The case caption was amended February 1, 2022 to reflect that Facebook changed its name to "Meta Platforms." For convenience, the Court refers to defendant as "Meta" even as to events occurring before the name change.

[2] All docket citations are to the lead case *Klein v. Meta Platforms, Inc.*, No. 20-8570 unless otherwise noted.

Layser. *Id.* ¶¶ 30, 531, 532.

On August 5, 2021, Ms. Layser voluntarily dismissed her claims against Meta without prejudice. Dkt. No. 129. About six weeks later, Meta served a Rule 45 document subpoena on Ms. Layser seeking 17 categories of documents. Dkt. No. 192-1. Ms. Layser objects to producing any responsive documents. Dkt. No. 192 at 4.

## II. DISCUSSION

Ms. Layser objects to Meta's subpoena on two grounds. First, she argues that she should not be required to respond to Meta's document requests because she is no longer a named plaintiff, and Meta is not entitled to take discovery of her merely because she once was. Second, she argues that if the subpoena is construed as discovery of an absent class member, Meta offers insufficient justification for such discovery. While acknowledging that Ms. Layser is no longer a named plaintiff, Meta argues that her allegations remain part of the operative complaint and that she withdrew from the litigation in order to evade discovery. In addition, Meta says that discovery of Ms. Layser is relevant to class certification issues and the merits because she differs from other named Advertiser Plaintiffs.

Ms. Layser is not a named plaintiff, and she was not a named plaintiff at the time Meta served its subpoena for documents. This distinguishes the discovery at issue here from the discovery considered in the two cases on which Meta principally relies for its suggestion that Ms. Layser's role as a former named plaintiff justifies the discovery Meta seeks. *See Opperman v. Path, Inc.*, No. 13-cv-00453-JST, 2015 WL 9311888, at \*3-5 (N.D. Cal. Dec. 22, 2015) (conditioning named plaintiff's dismissal from the action on her responding to previously served discovery requests, but not requiring her to sit for a deposition not yet noticed); *Fraley v. Facebook, Inc.*, No. C 11-1726 LHK (PSG), 2012 WL 555071, at \*2-3 (N.D. Cal. Feb. 21, 2012) (treating named plaintiff as a party subject to discovery even though she had filed a motion to withdraw as a named plaintiff). Ms. Layser is now an absent member of a putative class from whom Meta seeks pre-certification discovery.

Given the nature of class actions, absent class members generally are not subject to the same burdens of litigation, including discovery, as named class representatives. *See Phillips*

1  *Petroleum Co. v. Shutts,* 472 U.S. 797, 810 & n.2 (1985); *A.B. v. Pacific Fertility Center*, No. 18-
2  cv-01586-JSC, 2019 WL 6605883, at *1 (N.D. Cal. Dec. 3, 2019).  However, absent class
3  members are not immune from discovery; rather, a district court may allow limited discovery from
4  absent class members when the particular circumstances of the case justify it.  *Briseno v. ConAgra*
5  *Foods, Inc.*, 844 F.3d 1121, 1131 (9th Cir. 2017).  Although the Ninth Circuit has not formulated
6  specific standards governing absent class member discovery, district courts in this Circuit typically
7  consider whether the absent class member has inserted herself into the litigation, such as by
8  submitting a declaration or being identified as a potential witness; whether the discovery is
9  narrowly tailored to relevant subject matter; whether the discovery may be obtained from a named
10 plaintiff or other sources; and whether the discovery requested is unduly burdensome or sought in
11 bad faith.  *See Vasquez v. Leprino Foods Co.*, No. 1:17-cv-00796-AWI-BAM, 2019 WL 4670871,
12 at *3-4 (E.D. Cal. Sept. 25, 2019); *Brown v. Wal-Mart Store, Inc.*, No. 09-cv-03339-EJD (SVK),
13 2018 WL 339080, at *1 (N.D. Cal. Jan. 9, 2018); *Holman v. Experian Information Solutions, Inc.*,
14 No. C 11-00180 CW (DMR), 2012 WL 2568202, at *3 (N.D. Cal. July 2, 2012).

15      Meta is correct that Ms. Layser actively litigated her claims against Meta for several
16 months, and her allegations remain part of the amended complaint.  However, having withdrawn
17 as a named plaintiff, Ms. Layser appears to have taken no steps to insert herself into the litigation
18 going forward.  *See A.B.*, 2019 WL 6605883 at *1 ("Here, the proposed deponents have done the
19 opposite of asserting themselves into the litigation:  having initially agreed to serve as named
20 plaintiffs, they have withdrawn and instead currently have no more involvement in the case than
21 any other absent class member who has not submitted a declaration in support of class certification
22 or been identified as a witness on initial disclosures.").[3]  This distinguishes Ms. Layser from the
23 absent class members in the cases on which Meta relies, where the class members were identified
24 as potential witnesses in initial disclosures or submitted declarations regarding class certification.
25 *See Vasquez*, 2019 WL 4670871, at *1 (absent class members submitted declarations opposing

---

[3] The Court need not resolve the parties' dispute concerning whether Ms. Layser withdrew as a named plaintiff to "evade discovery" or for other reasons, as it is undisputed that she had not been served with discovery at the time she voluntarily dismissed her claims.

3

1  class certification); *Brown*, 2018 WL 339080, at *1 (absent class members identified in initial
2  disclosures); *Mas v. Cumulus Media Inc.*, No. C-10-1396 EMC, 2010 WL 4916402 at * 1 (N.D.
3  Cal. Nov. 22, 2010) (same).

4      Nevertheless, Ms. Layser has made specific allegations about her use of Meta's advertising
5  services in support of the existing class claims against Meta, and these allegations do not
6  disappear merely because she has withdrawn as a named plaintiff.  In this respect, Ms. Layser is
7  unlike other absent class members who have made no such allegations and may not even know of
8  the existence of this action.  The Court accepts Meta's representations that Ms. Layser differs from
9  other named plaintiffs in that "she is affiliated with a large, national company with the resources to
10 advertise in multiple mediums, she appears to be very active with many of [Meta's] competitors,
11 and she advertises for a business purpose."  Dkt. No. 192 at 2 (footnote omitted).  However, Meta
12 does not explain how the discovery it seeks is narrowly tailored to the issues it says bear on class
13 certification (or the merits).  *See id.* at 3.  While Meta asserts that its subpoena to Ms. Layser is
14 "significantly narrower" than the document requests it served on the remaining named plaintiffs,
15 the subpoena is extraordinarily broad, including requests that appear to have nothing to do with
16 Ms. Layser's supposed possession of "unique information."  *See id.* at 3; Dkt. No. 192-1.  On this
17 record, Meta has not shown that its subpoena seeks discovery that is narrowly tailored to relevant
18 subject matter or that a subpoena with such a broad scope would not impose an undue burden on
19 Ms. Layser.

20 **III.   CONCLUSION**

21     The Court denies Meta's request for an order compelling Ms. Layser to produce
22 documents responsive to Meta's September 17, 2021 subpoena.  However, this order does not
23 preclude Meta from taking discovery of Ms. Layser should it in the future serve discovery requests
24 that comply with the foregoing guidance and are supported by a sufficient justification.

25 **IT IS SO ORDERED.**

26 Dated: February 23, 2022



VIRGINIA K. DEMARCHI
United States Magistrate Judge

4