```
                IN THE UNITED STATES DISTRICT COURT

              FOR THE NORTHERN DISTRICT OF CALIFORNIA

                         SAN JOSE DIVISION


KLEIN ET AL,                      )   CV-20-8570-JD
                                  )
              PLAINTIFF,           )   SAN JOSE, CALIFORNIA
                                  )
         VS.                      )   FEBRUARY 24, 2022
                                  )
META PLATFORMS, INC.,             )   PAGES 1-12
                                  )
              DEFENDANT.          )
                                  )
_____ )

                     TRANSCRIPT OF PROCEEDINGS
                 BEFORE THE HONORABLE JAMES DONATO
                    UNITED STATES DISTRICT JUDGE

                       A P P E A R A N C E S


     FOR THE PLAINTIFF:       BY:  STEPHEN A. SWEDLOW
                              QUINN EMANUEL URQUHART & SULLIVAN
                              191 N WACKER DR, STE 2700
                              CHICAGO, IL 60606



     FOR THE PLAINTIFF:       BY:  YAVAR BATHAEE
                              BATHAEE DUNNE LLP
                              445 PARK AVENUE, 9TH FLOOR
                              NEW YORK, NY 10022



               APPEARANCES CONTINUED ON THE NEXT PAGE

     OFFICIAL COURT REPORTER:         SUMMER FISHER, CSR, CRR
                                      CERTIFICATE NUMBER 13185


          PROCEEDINGS RECORDED BY MECHANICAL STENOGRAPHY
                 TRANSCRIPT PRODUCED WITH COMPUTER
```

```
 1        APPEARANCES CONTINUED:

 2        FOR THE PLAINTIFF:        BY: SAM BROWN
          LOVELAND                  HENNIG KRAMER RUIZ & SINGH
 3                                  3600 WILSHIRE BLVD., STE. 1908
                                    LOS ANGELES, CA, 91103
 4

 5        FOR THE DEFENDANT:        BY:  SONAL N. MEHTA
                                    WILMER HALE LLP
 6                                  2600 EL CAMINO REAL, SUITE 400
                                    PALO ALTO, CA 94306
 7

 8        FOR THE DEFENDANT:        BY:  DAVID ZAHLER GRINGER
                                    WILMER HALE LLP
 9                                  7 WORLD TRADE CENTER
                                    250 GREENWICH STREET
10                                  NEW YORK, NY 10007
```

```
1           SAN JOSE, CALIFORNIA                    FEBRUARY 24, 2022
2                         P R O C E E D I N G S
3           (COURT CONVENED AT 2:05 P.M.)
4               THE CLERK:  CALLING CIVIL 20-8570.  KLEIN V. META
5    PLATFORMS, INC., ET AL.
6           COUNSEL FOR THE PLAINTIFFS, PLEASE STATE YOUR APPEARANCE
7    FOR THE RECORD.
8               MR. SWEDLOW:  STEPHEN SWEDLOW, QUINN EMANUEL, FOR THE
9    USER PLAINTIFFS.
10              THE COURT:  COUNSEL FOR THE DEFENDANTS.
11              MS. MEHTA:  YES.  GOOD AFTERNOON, YOUR HONOR.
12         SONAL MEHTA FROM WILMER HALE ON BEHALF OF THE DEFENDANT,
13   META PLATFORMS, INC.  AND WITH ME IS MY COLLEAGUE,
14   DAVID GRINGER.
15              THE CLERK:  I THINK THERE'S ONE MORE ATTORNEY WHO
16   NOTIFIED ME SEVEN MINUTES AGO THAT HE WAS SUPPOSED TO APPEAR,
17   SO HE'S ON THE LINE AS WELL.
18              MR. BROWN:  MY APOLOGIES, YOUR HONOR.
19         SAM BROWN, I'M REPRESENTING THE LOVELAND PLAINTIFFS.
20              THE COURT:  OKAY.  WELCOME TO COURTROOM 11 IN
21   SAN FRANCISCO.  I LOOK FORWARD TO THE MONOPOLIZATION, A
22   FAVORITE OF MINE, WE DON'T GET THESE VERY OFTEN.  WE ARE JUST A
23   MEETING AMONG FRIENDS TODAY, SO LET'S GET STARTED.
24          SO THE FIRST ISSUE TODAY IS REGARDING THE STAY, THAT ANY
25   NEW COMPLAINT WOULD REMAIN STAYED PENDING THE DECISION ON THE
```

```
 1    MOTION TO RELATE.
 2              MR. BROWN:  YES, THAT'S OUR POSITION, WE HAVE
 3    REQUESTED A STAY.  THAT'S OUR POSITION.
 4              THE COURT:  WHICH CASE IS THAT?
 5              MR. BROWN:  THAT IS LOVELAND, IT HAS NOT BEEN
 6    RE-CAPTIONED.  CASE NUMBER IS GOING TO BE 21-CV-03300.
 7              THE COURT:  AND WHAT'S THE OTHER ONE?  ROSENMAN?
 8              MR. BROWN:  I DON'T REPRESENT ROSENMAN.
 9              THE COURT:  YOU DON'T?  WHO IS HERE FOR ROSENMAN?
10         SO I'M JUST NOT UNDERSTANDING WHY THESE CASES AREN'T
11    CONSOLIDATED AND WHY ARE WE GOING TO STAY THEM
12              MR. BROWN:  YOUR HONOR, THERE WAS A CONSOLIDATION
13    ORDER PRIOR TO MY PARTICIPATION.  BUT THE CONSOLIDATION ORDER
14    SIMPLY SAYS CONSOLIDATED, IT DOES NOT EXPLAIN WHAT THE PURPOSE
15    OF THE CONSOLIDATION WAS, WAS IT MERGED AND ENTIRELY
16    CONSOLIDATED?
17         SO OUR POSITION IS THAT HAS TO BE CLARIFIED, AND TO
18    ACTUALLY WHOLLY MERGE THE CASE IS DIFFERENT THAN SIMPLY A TOO
19    WIDE COURT ORDER CONSOLIDATING THE CASE.
20              MR. SWEDLOW:  YOUR HONOR, IF I COULD CHIME IN.  THIS
21    IS STEPHEN SWEDLOW FOR THE CONSUMER CLASS.
22         SO THERE WERE A BUNCH OF CASES FILED, SORT OF IN A FLURRY
23    AT THE BEGINNING, AND I THINK JUDGE KOH ADDRESSED THOSE,
24    CONSOLIDATED THEM AND BROKE THEM INTO TWO CLASSES, ONE USER ONE
25    ADVERTISER, DID THE MOTIONS TO DISMISS.
```

1          AND I THINK THESE CASES WERE FILED LATER FOR DIFFERENT
2    CLASSES AND CONSOLIDATED, BUT NOT SPECIFICALLY ADDRESSED.  AND
3    SO -- AND NOT REALLY INCORPORATED INTO THE MOTION TO DISMISS
4    PROCESS.  SO I THINK -- AND I'M NOT DISPARAGING ANY ASPECT OF
5    THE WHOLE PROCESS, I'M JUST SAYING THAT'S WHY THEY CAME IN
6    LATER, THOSE TWO CASES CAME IN LATER, AND WERE CONSOLIDATED BUT
7    WEREN'T ADDRESSED SPECIFICALLY.
8          MS. MEHTA:  AND YOUR HONOR, IF I MAY, MR. SWEDLOW IS
9    CORRECT THAT THE TIMING WAS A BIT OFF, BUT WHAT HAPPENED WAS
10   THE LOVELAND CASE WAS FILED IN PENNSYLVANIA, THE ROSENMAN CASE
11   WAS FILED IN CALIFORNIA COURT, REMOVED, THEN RE-FILED, THEN
12   REMOVED AGAIN.
13       THERE WERE A NUMBER OF PROCEDURAL STEPS.  ULTIMATELY, THE
14   CLAIMS ARE THE SAME AT THEIR CORE AS THE USER CLAIMS, AND
15   JUDGE KOH DID ISSUE AN ORDER CONSOLIDATING THEM.  AND THEN WE
16   SOUGHT -- AFTER RECEIVING THE POSITION THAT THEY WERE SOMEHOW
17   DIFFERENT, WE SOUGHT CLARIFICATION, AND THAT MOTION FOR
18   CLARIFICATION OF THE CONSOLIDATION ORDER WAS PENDING WHEN THE
19   CASE GOT REASSIGNED.  WE HAVEN'T GOTTEN A RULING ON THAT.
20          THE COURT:  ALL RIGHT.
21       WELL, LET ME JUST TELL YOU MY PRACTICE, WHEN I
22   CONSOLIDATE, THEY ARE CONSOLIDATED FOR ALL PURPOSES, AND ANY
23   AFTER-FILED CASES ARE DEEMED CONSOLIDATED AS WELL.
24       SO I'M GOING TO TURN THIS BACK TO YOU, MR. BROWN, AND
25   WHOEVER THE -- WHAT'S THE OTHER ONE, ROSENMAN, WHOEVER THE LEAD

```
 1    COUNSEL IS IN ROSENMAN, YOU TWO WORK WITH EVERYBODY ELSE AND
 2    JUST COME UP WITH A PROPOSAL, OKAY, ABOUT WHAT YOU WANT TO DO.
 3         IF YOU WANT TO FOLD THEM IN, THAT'S GREAT, IF YOU WANT TO
 4    DISMISS THEM, THAT'S FINE.  WHAT I DON'T WANT TO DO IS I DON'T
 5    WANT TWO OTHER CASES DANGLING ON THE SIDE STAYED WHILE ALL OF
 6    THIS WORK IS BEING DONE.  SO COME UP WITH A SOLUTION OTHER THAN
 7    A STAY.
 8         IF FOR SOME REASON THE CASES ARE SO DIFFERENT THAT A STAY
 9    MAKES SENSE, THEN YOU SHOULD PROBABLY REVISIT WHETHER THEY
10    SHOULD BE HERE AT ALL.  BUT ASSUMING THAT THEY ARE
11    SIGNIFICANTLY OR EVEN COMPLETELY OVERLAPPING WITH THE EXISTING
12    CASES, YOU ALL WORK SOMETHING OUT, OKAY.
13         SO JUST TELL ME THE NEXT -- HOW ABOUT TWO WEEKS FOR THAT,
14    IS EVERYBODY OKAY WITH THAT?
15              MR. SWEDLOW:  YES, YOUR HONOR.
16              THE COURT:  MR. BROWN?
17              MR. BROWN:  YEAH, THAT WILL WORK.
18              MR. SWEDLOW:  WOULD YOU LIKE US TO FILE A THREE-PAGE,
19     SOMETHING TO INFORM YOU WHAT WE ARE PROPOSING?
20              THE COURT:  THREE-PAGE AS A PROXY FOR SHORT, YES, IT
21     COULD BE ONE PAGE, ALL YOU HAVE TO DO IS TELL ME WHAT YOU ALL
22     WANT TO DO AND I WILL MAKE IT HAPPEN.
23              MR. SWEDLOW:  OKAY.
24              THE COURT:  OKAY.
25         THE NEXT QUESTION I HAVE IS JPML IS DENIED, I'M NOT SURE
```

1   WHAT THEY DENIED, BUT YOU'RE NOT LEAVING CALIFORNIA, SO THAT'S
2   DENIED.
3             MS. MEHTA:  YOUR HONOR, JUST ONE CLARIFICATION ON
4   THAT, THE JPML FOUND THE REQUEST TO TAG ALONG THE ADVERTISER
5   CLAIM WAS PREMATURE BECAUSE THERE WAS THE POTENTIAL THAT THE
6   ADVERTISERS WOULD BE AMENDING AFTER JUDGE KOH'S ORDER.  WE NOW
7   UNDERSTAND THAT THEY DO INTEND TO AMEND ON MONDAY.
8             DEPENDING ON THE NATURE AND THE SCOPE OF THAT AMENDMENT,
9   IT IS QUITE POSSIBLE THAT MEHTA WOULD AGAIN SEEK TO TAG THAT
10  ACTION OR PART OF THAT ACTION TO THE PENDING MDL, BECAUSE THE
11  CORE OF THE CLAIMS AT PRESENT, RELATE TO AN AGREEMENT WITH
12  GOOGLE, AND THAT IS AT ISSUE IN THE MDL PROCEEDING IN NEW YORK.
13            SO I JUST WANTED TO ALERT YOU TO THE POSSIBILITY THAT WE
14  MAY BE FILING ANOTHER TAG ALONG.
15            THE COURT:  ALL RIGHT.  OKAY.
16       WHAT ABOUT SOMEONE HAS A MOTION TO COMPEL, WHO IS DOING
17  THAT?  OR MOTION TO COMPEL ARBITRATION?
18            MS. MEHTA:  NO, YOUR HONOR, THERE IS NO PRESENT
19  MOTION TO COMPEL ARBITRATION, THERE IS --
20            THE COURT:  THIS IS IN THE ANTICIPATED MOTION
21  SECTION?
22            MS. MEHTA:  YES, YOUR HONOR.
23       SO WHAT WE HAVE SAID IS THERE ARE SOME MEMBERS OF THE
24  PUTATIVE CLASS THAT WOULD ISSUE A PROVISION.
25            THE COURT:  MS. MEHTA, YOU FROZE THERE FOR A MOMENT.

1        IT'S OKAY NOW.  SOMETHING HAPPENED.

2        WHO HAS THE MOTION TO COMPEL ARBITRATION?

3            MS. MEHTA:  YES, YOUR HONOR.  WE, BEING META, HAVE A

4    POSSIBLE MOTION TO COMPEL ARBITRATION WITH RESPECT TO MEMBERS

5    OF A PUTATIVE CLASS.  WE ARE NOT SEEKING TO COMPEL ARBITRATION

6    WITH RESPECT TO THE NAMED CLASS REPRESENTATIVES.  BUT SHOULD

7    THERE BE A CLASS CERTIFIED, SOME MEMBERS OF THE PUTATIVE CLASS

8    WOULD BE SUBJECT TO ARBITRATION OBLIGATIONS.  SO WE SIMPLY

9    WANTED TO MAKE SURE THAT EVERYONE WAS ON NOTICE OF THAT

10   THROUGHOUT THE CASE.

11           THE COURT:  I THINK THE ANSWER WOULD BE EXCLUDED FROM

12   ANY CERTIFIED CLASS.  I WOULDN'T -- I WOULDN'T NEED, THEY JUST

13   WOULDN'T BE PART OF THE CASE.

14           MS. MEHTA:  I WOULD EXPECT THAT WE WOULD BE ABLE TO

15   SORT THAT OUT THROUGH THE CLASS CERTIFICATION PROCESS.

16           THE COURT:  OKAY.  ALL RIGHT.

17      OH, DISCOVERY.  I, LIKE MOST JUDGES, I KEEP MY OWN

18   DISCOVERY, SO JUDGE DEMARCHI WILL NO LONGER BE HANDLING

19   DISCOVERY.  I ASKED HER AND SHE GRACIOUSLY AGREED TO FINISH

20   WHATEVER THINGS ARE IN FRONT OF HER, BUT FROM NOW ON OUT, I DO

21   THE DISCOVERY, AND I DO IT ACCORDING TO MY STANDING ORDER ON

22   DISCOVERY.  SO MAKE SURE YOU READ IT THAT.

23           AND NO MOTIONS.  YOU GET A THREE-PAGE LETTER, NO RESPONSES

24   UNTIL I CALL FOR IT, AND TYPICALLY THESE THINGS ARE RESOLVED

25   WITHIN THREE TO FIVE WEEKS THAT ARE BEING FILED.  BUT PLEASE

```
1    FOLLOW THAT DISCOVERY ORDER.
2         OKAY.  AND SOMEONE, I DON'T KNOW WHETHER THIS WAS
3    PRESCIENT BASED ON MY TYPICAL PRACTICE OR WHETHER THIS HAS
4    ALREADY BEEN DISCUSSED BEFORE, BUT I DO DO WHAT ARE FORMERLY
5    KNOWN AS CONCURRENT EXPERT EVIDENTIARY PROCEEDINGS, THEY ARE
6    KNOWN IN AUSTRALIA AND BY ME AS HOT TUBS, AND YOU HAVE THAT
7    BUILT IN, IS THAT RIGHT?
8              MS. MEHTA:  YES, YOUR HONOR.
9              THE COURT:  ALL RIGHT.  GOOD.  OKAY.
10        OKAY.  WELL, I WILL TAKE A LOOK AT THE SCHEDULING ORDER, I
11   AM GOING TO HAVE TO FIZZLE WITH IT A BIT.
12        ALL RIGHT.  ANYTHING ELSE FOR TODAY?  LET'S START WITH ON
13   THE PLAINTIFF'S SIDE.
14             MR. SWEDLOW:  NO, YOUR HONOR.
15        I THINK WE ARE -- LIKE YOU SAID, WE ARE TALKING AMONGST
16   FRIENDS AND I DON'T WANT TO RAISE ISSUES BEFORE YOU HAVE ANY
17   IDEA WHAT WE ARE TALKING ABOUT, SO WE WILL JUST WAIT FOR YOUR
18   ORDER ON SCHEDULING.
19             THE COURT:  OKAY.
20        ANYBODY ELSE FOR THE PLAINTIFF'S SIDE?
21             MR. BATHAEE:  WE TAKE THE SAME POSITION, YOUR HONOR.
22             THE COURT:  OKAY.
23        DEFENDANTS?
24             MS. MEHTA:  NO, YOUR HONOR.
25        I THINK WE TRIED TO GET YOU A SCHEDULE THAT WE THOUGHT WAS
```

| | |
|---|---|
| 1 | REALISTIC AND THAT BOTH SIDES COULD WORK WITH AND WE LOOK |
| 2 | FORWARD TO YOUR SCHEDULING ORDER. |
| 3 | THE COURT: ALL RIGHT. SOUNDS GREAT. |
| 4 | OKAY. NOW THANKS FOR COMING IN. NOW I WILL PROBABLY DO |
| 5 | SUBSTANTIVE THINGS IN PERSON, SO PLEASE BE PREPARED FOR THAT. |
| 6 | CASE MANAGEMENT, DEPENDING ON THE ISSUES, IS FINE. |
| 7 | NOW, I DON'T REALLY HAVE A SENSE OF HOW LARGE THIS CASE IS |
| 8 | YET, AND THERE'S CERTAINLY A NUMBER OF CASES THAT HAVE BEEN |
| 9 | FOLDED INTO IT, IT DOESN'T NECESSARILY MEAN IT'S THAT LARGE. |
| 10 | BUT IN MY LARGER CASES, MDL AND NON-MDL, I TYPICALLY DO SORT OF |
| 11 | LIKE TO SET UP A QUARTERLY STATUS CONFERENCE, DATES. IF WE |
| 12 | DON'T NEED TO DO IT, YOU CAN TELL ME AND WE CAN CANCEL IT, BUT |
| 13 | IF YOU ALL WANT TO DO THAT, PUT THAT INTO THE STATEMENT YOU ARE |
| 14 | GOING TO FILE ABOUT THE TWO TAG ALONG CASES, AND PICK A FIRST |
| 15 | DATE THAT YOU WANT TO DO THAT -- AND I DON'T MIND, I THINK IT'S |
| 16 | ACTUALLY GOOD, IT USUALLY ALLOWS PEOPLE TO RAISE ISSUES I CAN |
| 17 | GET AHEAD OF BEFORE THEY BECOME A PROBLEM. BUT IT'S UP TO YOU, |
| 18 | IF YOU DON'T WANT TO DO IT, THAT'S FINE. IF YOU DO WANT TO DO |
| 19 | IT, JUST LET ME KNOW AND WE WILL SET THEM UP AND WE CAN ALWAYS |
| 20 | CANCEL. SO I LEAVE IT UP TO YOU. |
| 21 | MS. MEHTA: YOUR HONOR, COULD I ASK FOR ONE PIECE OF |
| 22 | GUIDANCE? ON THE STATEMENT REPORTING TO ROSENMAN AND LOVELAND |
| 23 | AND NOW ON THE CASE MANAGEMENT QUESTION, WERE YOU CONTEMPLATING |
| 24 | THAT WOULD BE JOINT AS BETWEEN ALL THE PARTIES? I ASSUME SO, |
| 25 | BUT I WANTED TO CONFIRM. |

```
 1                THE COURT:  YES, EVERYBODY.
 2                MS. MEHTA:  THANK YOU.
 3                THE COURT:  EVERYBODY SHOULD HAVE A VIEW.
 4         NOW I DON'T KNOW WHO IS DOING THAT OTHER CASE, THEIR
 5   LAWYER DIDN'T SHOW UP, SO SOMEONE IS GOING TO HAVE TO TELL HIM
 6   OR HER THAT WAS THE EXPECTATION.
 7                MS. MEHTA:  WE WILL DO SO.
 8                THE COURT:  ALL RIGHT.  THANKS EVERYONE.
 9           THANK, YOU SUMMER.
10                MS. MEHTA:  THANK YOU, YOUR HONOR.
11           (THE PROCEEDINGS WERE CONCLUDED AT 2:16 P.M.)
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

## CERTIFICATE OF REPORTER

I, THE UNDERSIGNED OFFICIAL COURT REPORTER OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, 280 SOUTH FIRST STREET, SAN JOSE, CALIFORNIA, DO HEREBY CERTIFY:

THAT THE FOREGOING TRANSCRIPT, CERTIFICATE INCLUSIVE, CONSTITUTES A TRUE, FULL AND CORRECT TRANSCRIPT OF MY SHORTHAND NOTES TAKEN AS SUCH OFFICIAL COURT REPORTER OF THE PROCEEDINGS HEREINBEFORE ENTITLED AND REDUCED BY COMPUTER-AIDED TRANSCRIPTION TO THE BEST OF MY ABILITY.

_____
SUMMER A. FISHER, CSR, CRR
CERTIFICATE NUMBER 13185         DATED: 3/4/22