WILMER CUTLER PICKERING
  HALE AND DORR LLP

SONAL N. MEHTA (SBN 222086)
  Sonal.Mehta@wilmerhale.com
2600 El Camino Real, Suite 400
Palo Alto, California 94306
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

DAVID Z. GRINGER (*pro hac vice*)
  David.Gringer@wilmerhale.com
7 World Trade Center
250 Greenwich Street
New York, New York 10007
Telephone: (212) 230-8800
Facsimile: (212) 230-8888

ARI HOLTZBLATT (*pro hac vice*)
  Ari.Holtzblatt@wilmerhale.com
MOLLY M. JENNINGS (*pro hac vice*)
  Molly.Jennings@wilmerhale.com
1875 Pennsylvania Avenue, NW
Washington, DC 20006
Telephone: (202) 663-6000
Facsimile: (202) 663-6363

*Attorneys for Defendant*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| MAXIMILIAN KLEIN, et al.,<br><br>                    Plaintiffs,<br><br>       v.<br><br>META PLATFORMS, INC., a Delaware corporation,<br><br>                    Defendant. | Case No. 3:20-cv-08570-JD<br><br>**DEFENDANT'S RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED (CIVIL L. R. 79-5(F))**<br><br>Judge: Hon. James Donato |

Pursuant to Civil Local Rule 79-5(f)(3), Defendant Meta Platforms, Inc. files this response to Plaintiffs' Administrative Motion, Dkt. 236, to consider whether portions of the Advertisers' FAC, Dkt. 236-3, and Redline, Dkt. 236-4, should remain under seal.

Meta seeks to seal only a small fraction of the 800-plus-paragraph FAC because publicization of the material sought to be sealed would cause Meta significant competitive harm. Meta seeks to seal three categories of information: (1) information concerning agreements under which Meta has obligations to the counterparties not to disclose the existence and terms of those agreements, (2) certain details about the negotiations and terms of certain agreements that, if disclosed, would disadvantage Meta in future negotiations, and (3) specific amounts that advertisers spent or were expected to spend on Meta's platforms. The specific portions of the FAC and Redline that Meta seeks to seal are identified in the accompanying Declaration of Jitin Khurana, redacted and unredacted versions of the FAC and Redline attached hereto, and Meta's Proposed Order.

## I. LEGAL STANDARD

This Court applies the "compelling reasons" test in determining whether to seal portions of complaints. *In re Google Play Store Antitrust Litig.*, No. 21-MD-02981-JD, 2021 WL 4190165, at *1 (N.D. Cal. Aug. 25, 2021). Compelling reasons to seal court records typically exist when the records "might be used . . . 'as sources of business information that might harm a litigant's competitive standing.'" *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1097 (9th Cir. 2016) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). In addition, any request to seal must be "narrowly tailored" to only material that is privileged, confidential, protected by trade secret, or otherwise protected under the law. Civ. L. R. 79-5(b).

## II. THERE ARE COMPELLING REASONS TO SEAL THE REDACTED PORTIONS OF ADVERTISERS' FAC AND ACCOMPANYING REDLINE

The small fraction of the FAC and Redline that Meta seeks to maintain under seal amply satisfies the "compelling reasons" standard for sealing.

**Specific deal terms and/or negotiation strategies.** Meta seeks to maintain under seal information about the specific deal terms and negotiations that would undermine Meta's

competitive standing and position in negotiations with current and future business partners. If this information were disclosed, competitors of the counterparties could use this information as leverage in business negotiations to the detriment of Meta. *See* Khurana Decl. ¶¶ 6-8. For example, future counterparties may demand that Meta agree to particular terms based on Meta's agreement to those terms in the past. *See* Khurana Decl. ¶¶ 7-8. This Court has sealed information about confidential agreements for these very reasons. In particular, in *In re Google Play Store Antitrust Litig.*, this court granted a motion to seal "specific deal terms that might be used against Google in other negotiations and deals" contained in a complaint. No. 21-MD-02981-JD, 2021 WL 4190165, at *3 (N.D. Cal. Aug. 25, 2021); *see also Milliner v. Bock Evans Fin. Counsel, Ltd.*, No. 15-cv-01763-JD, 2020 WL 1492692, at *2 (N.D. Cal. Mar. 27, 2020) (sealing "highly negotiated agreement" that would "expose [litigant] to competitive harm" if publicly disclosed); *Dunbar v. Google, Inc.*, No. 5:12-CV-003305-LHK, 2012 WL 6202719, at *6 (N.D. Cal. Dec. 12, 2012) (sealing information about contracts where disclosure would provide others with "unfair insight" into the agreements and weaken the litigant's position in future negotiations); *Baird v. BlackRock Institutional Tr. Co.*, 403 F. Supp. 3d 765, 792 (N.D. Cal. 2019) ("Courts have found that 'confidential business information' in the form of 'license agreements, financial terms, details of confidential licensing negotiations, and business strategies' satisfies the 'compelling reasons' standard.").

Again, Meta has carefully drawn the redactions related to specific deal terms and/or negotiation strategies to cover only information with particular competitive significance. Meta's request is therefore narrowly tailored and there is no less restrictive alternative that would suffice to protect the competitive interests at issue.

**Ad spend.** Meta additionally seeks to maintain under seal non-public information regarding advertising sales to individual advertisers. If revealed to Meta's competitors, those competitors could use this information to Meta's disadvantage. For example, if one of Meta's competitors for advertising sales—like advertising behemoth Google—discovers how much a company spent on advertising from Meta in a given year, it could more effectively seek to divert those ad sales to its own advertising products. *See* Khurana Decl. ¶ 9. For these reasons, this

Court has found compelling reasons to seal "detailed sales information for customers that could be used to the company's competitive disadvantage" as well as "customer-specific sales data." *Johnstech Int'l Corp. v. JF Microtechnology SDN BHD*, No. 14-cv-02864-JD, 2016 WL 4091388, at *2–5 (N.D. Cal. Aug. 2, 2016).

Meta has carefully drawn the redactions related to ad spend to cover only particular amounts of money. Meta has not redacted general references to ad spend (e.g., references in Paragraphs 205, 352, and 390 of the FAC). Meta's request is therefore narrowly tailored and there is no less restrictive alternative that would suffice to protect the competitive interests at issue.

**Agreements that Meta is obligated not to disclose.** Meta has redacted the identities of contractual counterparties to whom Meta owes a duty of confidentiality, as well as the terms of those agreements. Specifically, under the terms of its agreements with these counterparties, Meta is prohibited from divulging the existence and terms of the agreements. Meta is accordingly providing notice to those counterparties pursuant to Paragraph 29 of this Court's Standing Order so that they may respond as to their interests, if any, in maintaining the information under seal.

Meta's redactions related to the identities of these counterparties have been carefully drawn to only information that Meta is obligated not to divulge (i.e., the names of counterparties and terms subject to confidentiality provisions). Meta has not redacted the name of any counterparty to whom Meta does not owe a duty of confidentiality or whose identity has otherwise become public (see, e.g., Paragraph 313 of the FAC). Meta's request is therefore narrowly tailored and there is no less restrictive alternative that would suffice to protect the counterparties' potential interests at issue.

Case 3:20-cv-08570-JD   Document 244   Filed 03/07/22   Page 5 of 6

| | |
|---|---|
| Dated: March 7, 2022 | Respectfully submitted, |
| | By: */s/ David Z. Gringer* |
| | SONAL N. MEHTA (SBN 222086) |
| | sonal.mehta@wilmerhale.com |
| | WILMER CUTLER PICKERING HALE AND DORR LLP |
| | 2600 El Camino Real, Suite 400 |
| | Palo Alto, CA 94306 |
| | Telephone: (650) 858-6000 |
| | |
| | DAVID Z. GRINGER (*pro hac vice*) |
| | david.gringer@wilmerhale.com |
| | WILMER CUTLER PICKERING HALE AND DORR LLP |
| | 7 World Trade Center |
| | 250 Greenwich Street |
| | New York, New York 10007 |
| | Telephone: (212) 230-8800 |
| | |
| | ARI HOLTZBLATT (*pro hac vice*) |
| | ari.holtzblatt@wilmerhale.com |
| | MOLLY M. JENNINGS (*pro hac vice*) |
| | molly.jennings@wilmerhale.com |
| | WILMER CUTLER PICKERING HALE AND DORR LLP |
| | 1875 Pennsylvania Avenue, NW |
| | Washington, DC 20006 |
| | Telephone: (202) 663-6000 |

4

No. 3:20-cv-08570-JD       DEFENDANT'S CIVIL L. R. 79-5(F)(3) RESPONSE

# CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of March 2022, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System.

I further certify that, consistent with paragraph 29 of the Court's Standing Order in Civil Cases, I will cause to be delivered to FedEx for overnight delivery by March 9, 2022 copies of the foregoing and publicly filed attachments to the U.S. headquarters of the contractual counterparties whose identities and contract terms are redacted from Paragraphs 179, 180, 305, 307, 309, 310, and 313 of the Advertisers' FAC pursuant to contractual confidentiality commitments between Meta and those entities.

*/s/ David Z. Gringer*
David Z. Gringer