1  WILMER CUTLER PICKERING
    HALE AND DORR LLP
2  SONAL N. MEHTA (SBN 222086)
    Sonal.Mehta@wilmerhale.com
3  2600 El Camino Real, Suite 400
   Palo Alto, California 94306
4  Telephone: (650) 858-6000
   Facsimile: (650) 858-6100
5
6  DAVID Z. GRINGER (*pro hac vice*)
    David.Gringer@wilmerhale.com
7  7 World Trade Center
   250 Greenwich Street
8  New York, New York 10007
   Telephone: (212) 230-8800
9  Facsimile: (212) 230-8888
10 ARI HOLTZBLATT (*pro hac vice*)
    Ari.Holtzblatt@wilmerhale.com
11 MOLLY M. JENNINGS (*pro hac vice*)
    Molly.Jennings@wilmerhale.com
12 1875 Pennsylvania Ave NW
   Washington, DC 20006
13 Telephone: (202) 663-6000
   Facsimile: (202) 663-6363
14
15 *Attorneys for Defendant Meta Platforms, Inc.*
   *(formerly known as Facebook, Inc.)*
16

17              **UNITED STATES DISTRICT COURT**

18              **NORTHERN DISTRICT OF CALIFORNIA**

19                    **SAN JOSE DIVISION**

20

| | |
|---|---|
| 21 MAXIMILIAN KLEIN, et al., on behalf of themselves and all others similarly situated, | Case No. 5:20-cv-08570-JD |
| 22 | **DECLARATION OF JITIN KHURANA** |
| Plaintiffs, | **IN SUPPORT OF DEFENDANT'S** |
| 23 | **RESPONSE TO PLAINTIFFS'** |
| v. | **ADMINISTRATIVE MOTION TO** |
| 24 | **CONSIDER WHETHER ANOTHER** |
| META PLATFORMS, INC., a Delaware | **PARTY'S MATERIAL SHOULD BE** |
| 25 Corporation, | **SEALED** |
| 26 Defendant. | Judge: Hon. James Donato |

27

28

I, Jitin Khurana, declare as follows:

1.      I am Head of Business Development, Ads and Platform, at Meta Platforms, Inc ("Meta").  I have been employed by Meta since January 2020 and I have held my current position since that date.   Over the course of my employment at Meta, I have acquired personal knowledge of Meta's practices and procedures concerning the maintenance of the confidentiality of its strategic and business information.

2.      I submit this declaration in support of Meta Platforms, Inc.'s Response to Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should be Sealed, Dkt. 236.

3.      The contents of this declaration are true and correct to the best of my knowledge, information, and belief, and are based on my personal knowledge of Meta's policies and practices as they relate to the treatment of confidential information, the materials that were provided to me and reviewed by me, and/or informed conversations with other knowledgeable employees of Meta. If called upon as a witness in this action, I could and would testify competently to the matters discussed in this declaration.

4.      Meta requires confidential treatment of all confidential commercial proposals to third parties and confidential agreements with third parties; and internal, future strategic business plans. Third parties in an array of contexts entrust confidential information to Meta and they have an expectation that Meta has sufficient controls and processes in place to maintain and protect the confidentiality of that information. In my experience and to the best of my knowledge, Meta does not disclose internal documents or confidential agreements or proposals of this nature outside of the company.

## SPECIFIC INFORMATION TO BE SEALED

5.      To the best of my knowledge, the following information in the FAC and Redline is confidential, and derives from confidential materials Meta produced in response to document

requests or to civil investigative demands.  Disclosure of the material will harm Meta's ability to negotiate deals with its business partners, for the reasons explained below.

6.      **Details of negotiations leading to the agreement described in Paragraphs 441-452, 454, 455, 458-461 and 463 of the FAC.** These parts of the FAC and Redline contain non-public information regarding the negotiation of a confidential agreement with a counterparty concerning Meta's non-use of certain data.  This information has never been disclosed publicly, and disclosure would severely and adversely impact Meta's ability to negotiate similar agreements in the future.  If revealed to competitors and potential business counterparties, those companies would use this non-public and confidential information to disadvantage Meta in future negotiations.  For example, the redacted portions of the complaint describe certain confidential information that Meta provided to the counterparty during the course of negotiations.  If disclosed, other counterparties would demand similar information during negotiations, threatening Meta's ability to maintain the confidentiality of sensitive internal information.  And, the details of the negotiations will shed light on the goals and terms of the ultimate agreement reached, which if disclosed, as I explain below, would also cause competitive harm to Meta.

7.      **Goals and terms of the agreement described in the Table of Contents and Paragraphs 10, 436-438, and 464-472 of the FAC.** These parts of the FAC and Redline contain non-public information regarding the terms of a confidential agreement with a counterparty concerning Meta's non-use of certain data.  This information has never been disclosed publicly, and disclosure would severely and adversely impact Meta's ability to negotiate agreements in the future.  If revealed to competitors and potential business counterparties, those companies would use this non-public and confidential information to disadvantage Meta and/or the counterparty in negotiations.  For example, if disclosed, a competitor of the counterparty would become aware of the details of the counterparty's agreement (e.g., particular terms that Meta had agreed to in the

1   past), and it could use this as leverage in business negotiations to the detriment of Meta and/or its

2   business counterparty.

3       8.   **Goals and terms of the agreements described in Paragraphs 9, 500-502, 509-**

4   **524, 530, 531, 534, and 535 of the FAC.** These parts of the FAC and Redline contain non-public

5   information regarding the terms of a series of confidential agreements with a counterparty

6   concerning Meta's use of particular data to inform content development decisions, including

7   information about the particular data at issue and internal testing related to particular deal terms.

8   This information has never been disclosed publicly, and disclosure would severely and adversely

9   impact Meta's ability to negotiate agreements in the future. If revealed to competitors and potential

10  business counterparties, those companies could use this non-public and confidential information

11  to disadvantage Meta and/or the counterparty in negotiations. For example, if disclosed, a

12  competitor of the counterparty would become aware of the details of the counterparty's agreement

13  (e.g., particular terms that Meta had agreed to in the past), and it could use this as leverage in

14  business negotiations to the detriment of Meta and/or its business counterparty.

15      9.   **Information about ad spend by certain advertisers described in Paragraphs**

16  **440, 456, 463, 485, 486, and 503 of the FAC.** These parts of the FAC and Redline contain non-

17  public information regarding advertising sales to individual advertisers. This information is

18  considered very sensitive–even within Meta, information about total ad sales is generally disclosed

19  only to teams with direct responsibility for those sales. It is not disclosed publicly. If revealed to

20  Meta's competitors, those competitors could use this information to Meta's disadvantage. For

21  example, if another company that sells advertising knew how much a company spent on

22  advertising from Meta in a given year, it could more effectively seek to divert those ad sales to its

23  own advertising products.

24      I declare under penalty of perjury that the foregoing is true and correct.

DocuSign Envelope ID: 0B83C3E3-8469-4CDD-953B-56F4DSA7C7F6

1   Executed on this 7th day of March 2022 in Fremont, California.

2

3

4   By: _____

5       Jitin Khurana
        Head of Business Development,

6       Ads and Platform
        Meta Platforms, Inc

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KHURANA DECL. ISO DEFENDANT'S CIVIL L. R. 79-
5(F)(3) RESPONSE