WILMER CUTLER PICKERING
 HALE AND DORR LLP

SONAL N. MEHTA (SBN 222086)
  Sonal.Mehta@wilmerhale.com
2600 El Camino Real, Suite 400
Palo Alto, California 94306
Telephone: (650) 858-6000

DAVID Z. GRINGER (*pro hac vice*)
  David.Gringer@wilmerhale.com
7 World Trade Center
250 Greenwich Street
New York, New York 10007
Telephone: (212) 230-8800

ARI HOLTZBLATT (*pro hac vice*)
  Ari.Holtzblatt@wilmerhale.com
MOLLY M. JENNINGS (*pro hac vice*)
  Molly.Jennings@wilmerhale.com
1875 Pennsylvania Ave NW
Washington, DC 20006
Telephone: (202) 663-6000
Facsimile:  (202) 663-6363

*Attorneys for Defendant Meta Platforms, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MAXIMILIAN KLEIN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> META PLATFORMS, INC., a Delaware corporation, <br><br> Defendant. | Case No. 3:20-cv-08570-JD <br><br> **NOTICE OF FILING OF NOTICE OF TAG-ALONG ACTION WITH JUDICIAL PANEL ON MULTIDISTRICT LITIGATION** <br><br> Judge: Hon. James Donato |

1    Defendant Meta Platforms, Inc. writes to notify the Court that on March 9, 2022, Meta filed a Notice of Potential Tag-Along Action with the Judicial Panel on Multidistrict Litigation (JPML), pursuant to Rule 7.1(a) of the JPML Rules of Procedure, to notify the JPML that the amended complaint filed by the Advertiser Plaintiffs (Dkt. No. 237) following this Court's decision granting in part and denying in part Meta's motion to dismiss (Dkt. No. 214) is a potential tag-along action to the actions that have been centralized in *In re: Google Digital Advertising Antitrust Litigation*, 1:21-md-03010-PKC (S.D.N.Y.). A copy of the Notice, without its exhibits, is attached as Exhibit A.

    1.    On April 30, 2021, Google LLC, Alphabet Inc., and YouTube, LLC (together, "Google") petitioned the JPML under 28 U.S.C. § 1407 and JPML Rule 6.2 for an order transferring actions asserting antitrust claims based on Google's digital advertising practices pending in sixteen different district courts, and any later-filed cases that assert similar or related claims, to a single district court for consolidated or coordinated pretrial proceedings. Nearly all those cases contain allegations concerning Meta (formerly known as Facebook), including antitrust claims related to the Google-Facebook Agreement that forms the basis in part of the Advertiser Plaintiffs' antitrust claims in this case. Several of those cases name Meta as a defendant. On May 26, 2021, Meta filed a response to Google's petition, supporting the transfer and centralization of those cases into a multidistrict litigation (MDL).

    2.    On June 30, 2021, Meta alerted this Court to the pending Google MDL petition in the second joint case management statement. *See* Dkt. No. 114 at 11-12.

    3.    On August 10, 2021, the JPML granted Google's petition and centralized those actions in *In re: Google Digital Advertising Antitrust Litigation*, 1:21-md-03010-PKC (S.D.N.Y.).

    4.    In the third, fourth, fifth, and sixth joint case management statements in this case, Meta stated that it would evaluate next steps concerning the Advertiser Plaintiffs' case and the MDL following the Court's decision on its pending motion to dismiss. *See* Dkt. No. 139 (Aug. 25, 2021) at 12; Dkt. No. 157 (Sept. 29, 2021) at 9; Dkt. No. 201 (Dec. 1, 2021) at 12; Dkt. No. 212 (Jan. 5, 2022) at 7.

5. On January 14, 2022, the Honorable Lucy H. Koh denied Meta's motion to dismiss the Advertiser Plaintiffs' claim alleging that the Google-Facebook agreement violates Section 1 of the Sherman Act (Count III) and their other claims (Counts I and II) to the extent those claims concern the Google-Facebook agreement at the core of several complaints in the MDL. *See* Dkt. No. 214. Judge Koh otherwise granted Meta's motion to dismiss the Advertiser Plaintiffs' claims with leave to amend. *See id.*

6. On January 27, 2022, Meta filed a notice of potential tag-along action with the JPML, submitting that the Advertiser Plaintiffs' action challenging the Google-Facebook agreement should be centralized in the MDL. *In re: Google Digital Advertising Antitrust Litig.*, 1:21-md-03010-PKC (S.D.N.Y.), Dkt. No. 149. Meta also filed a notice of that notice of tag-along action with this Court. *See* Dkt. No. 220.

7. On February 8, 2022, the Clerk of the JPML determined that the Advertiser Plaintiffs' action was "not appropriate for inclusion in this MDL at this time" because "it is anticipated that plaintiffs will file an amended complaint affecting the nature of the factual allegations and claims," but stated that "Defendant Facebook, or any other party, may re-notice this action as a potential tag-along action once the amended complaint is filed." *In re: Google Digital Advertising Antitrust Litig.*, 1:21-md-03010-PKC (S.D.N.Y.), Dkt. No. 150.

8. On February 17, 2022, the parties filed their seventh joint case management statement, in which Meta notified the Court of the JPML's February 8 order and stated that, "[c]onsistent with the JPML's order, Meta anticipates re-noticing the Advertisers' claim or claims at the appropriate time." Dkt. No. 227 at 4.

9. On February 28, 2022, the Advertiser Plaintiffs filed their amended complaint. Dkt. No. 237.

10. On March 9, 2022, Meta filed a notice of potential tag-along action with the JPML, submitting that the Advertiser Plaintiffs' amended complaint should be centralized in the MDL. A copy of the Notice, without its exhibits, is attached as Exhibit A.

| | | |
|---|---|---|
| 1 | Dated:  March 9, 2022 | Respectfully submitted, |
| 2 | | By: /s/  Sonal N. Mehta |
| 3 | | SONAL N. MEHTA (SBN 222086) |
| 4 | | Sonal.Mehta@wilmerhale.com<br>WILMER CUTLER PICKERING HALE |
| 5 | | AND DORR LLP<br>2600 El Camino Real, Suite 400 |
| 6 | | Palo Alto, California 94306<br>Telephone: (650) 858-6000 |
| 7 | | |
| 8 | | DAVID Z. GRINGER (*pro hac vice*)<br> David.Gringer@wilmerhale.com |
| 9 | | WILMER CUTLER PICKERING HALE<br>AND DORR LLP |
| 10 | | 7 World Trade Center<br>250 Greenwich Street |
| 11 | | New York, New York 10007<br>Telephone:  (212) 230-8800 |
| 12 | | |
| 13 | | ARI HOLTZBLATT (*pro hac vice*)<br> Ari.Holtzblatt@wilmerhale.com |
| 14 | | MOLLY M. JENNINGS (*pro hac vice*)<br> Molly.Jennings@wilmerhale.com |
| 15 | | WILMER CUTLER PICKERING HALE<br>AND DORR LLP |
| 16 | | 1875 Pennsylvania Ave NW |
| 17 | | Washington, DC 20006<br>Telephone:  (202) 663-6000 |
| 18 | | |
| 19 | | *Attorneys for Defendant Meta Platforms, Inc.* |
| 20 | | |
| 21 | | |
| 22 | | |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

**CERTIFICATE OF SERVICE**

I hereby certify that on this 9th day of March, 2022, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System.

By: */s/ Sonal N. Mehta*
       Sonal N. Mehta