# EXHIBIT A

BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: GOOGLE DIGITAL ADVERTISING ANTITRUST LITIGATION | MDL No. 3010 |

NOTICE OF POTENTIAL TAG-ALONG ACTION

In accordance with Rule 7.1(a) of the Rules of Procedure for the United States Judicial Panel on Multidistrict Litigation, Defendant Meta Platforms, Inc. (f/k/a Facebook, Inc.)[1] writes to notify the Judicial Panel on Multidistrict Litigation of a potential tag-along action, *Klein, et al. v. Meta Platforms, Inc.*, No. 5:20-cv-08570-JD (N.D. Cal.), listed on the attached Schedule of Potential Tag-Along Action. The docket sheet and complaints for the potential tag-along action are attached.[2] Meta previously filed a notice of potential tag-along action with respect to this action on January 27, 2022, following an order in the *Klein* action dismissing certain claims with leave to replead and denying a motion to dismiss the remaining claims (which concern an agreement between Facebook and Google at issue in this multidistrict litigation). (Dkt. No. 149.) The Clerk of the Panel found that the *Klein* action was "not appropriate for inclusion in this MDL at this time", but stated that any party could re-notice *Klein* as a potential tag-along action after the anticipated amended complaint in that action was filed. (Dkt. No. 150.) That amended complaint has now been filed.

---

[1] On October 28, 2021, Facebook, Inc. changed its name to Meta Platforms, Inc.

[2] Because the publicly available version of one of the complaints contains redactions (*Klein* Dkt. No. 237), Meta is also submitting an unredacted version of the complaint (*Klein* Dkt. No. 236-3) separately under seal.

The *Klein* action involves two consolidated complaints, one brought by Meta advertisers and one brought by Meta users. (*Klein* Dkt. Nos. 87, 236-3.) On May 20, 2021, Meta moved to dismiss both consolidated complaints. (*Klein* Dkt. No. 97.) On January 14, 2022, the then-presiding judge in *Klein*, the Honorable Lucy H. Koh,[3] granted in part and denied in part Meta's motion and granted both the user and advertiser plaintiffs leave to amend their complaints. (*Klein* Dkt. No. 214.) The advertiser plaintiffs filed an amended complaint on February 28, 2022 (*Klein* Dkt. No. 236-3); the user plaintiffs did not file an amended complaint.[4]

The advertisers' amended complaint includes allegations that an agreement concerning digital advertising between Google and Facebook violates the Sherman Act. (*Klein* Dkt. No. 236-3.) Count III of the amended complaint asserts that the Google-Facebook agreement violates Section 1 of the Sherman Act. (*Id.* ¶¶ 874-879.) Although the advertisers' amended complaint also includes allegations about other purported anticompetitive agreements involving Meta (*see Klein* Dkt. No. 236-3 ¶¶ 394-536), the Google-Facebook agreement is the only agreement that could properly underlie the advertisers' Section 1 claim (Count III) given the procedural posture of the case. (*See id.* ¶ 874 (noting the Section 1 claim is based on a singular "agreement").) Under Judge Koh's ruling on Meta's motion to dismiss, the advertiser plaintiffs were not permitted to add any new claims related to any other agreements between Meta and other entities without first seeking leave of the court, which they did not do. (*Klein* Dkt. No. 214 at 107.)

---

[3] After Judge Koh was appointed to the United States Court of Appeals for the Ninth Circuit, the case was reassigned to the Honorable James Donato on January 26, 2022.

[4] The user plaintiffs' complaint does not include any allegations related to the alleged Google-Facebook agreement and therefore does not belong in this multidistrict litigation. (*See Klein* Dkt. No. 87.)

The Google-Facebook agreement is the same agreement that is alleged against Meta (and/or Google) in 27 different actions that have been centralized in *In re: Google Digital Advertising Antitrust Litigation*, 1:21-md-03010-PKC (S.D.N.Y.) ("the MDL"). The advertisers' amended complaint also alleges that the alleged Google-Facebook agreement is part of a broader course of conduct that—they claim—constitutes monopolization and/or attempted monopolization in violation of Section 2 of the Sherman Act (Counts I and II).

Meta respectfully submits that the *Klein* advertiser claims should be transferred to the MDL.[5] Adjudicating all pre-trial issues related to the Google-Facebook agreement in the same forum will increase efficiency, reduce the burden of duplicative discovery, and avoid inconsistent rulings on important pretrial issues, including class certification. Although the advertisers' complaint includes conduct allegations unrelated to the Google-Facebook agreement, it is still efficient to adjudicate claims involving those allegations along with claims involving the alleged Google-Facebook agreement given the overlap between the purported classes and the purported alleged injuries in the *Klein* advertiser complaint and the MDL. To the extent there are differences between the allegations in the *Klein* advertiser complaint and the MDL, Judge P. Kevin Castel is entirely capable of drafting a case management plan that accounts for these differences.[6]

Moreover, there is little to be gained from an efficiency standpoint in keeping the advertiser complaint and the user complaint in the same forum. Although previous iterations of

---

[5] In numerous case management statements in *Klein*, Meta noted the existence of the MDL and stated it would consider next steps regarding the overlap between the claims in *Klein* and the MDL following the court's ruling on the motion to dismiss. *See Klein* Dkt. Nos. 139, 157, 201, 212.

[6] Coordination among the relevant counsel will also be simplified by the fact that Tina Wolfson of Ahdoot & Wolfson, PC is interim co-lead counsel for both the advertiser plaintiffs in *Klein* and the advertiser plaintiffs in the MDL.

3

the complaints contained overlapping conduct allegations—specifically, allegations related to Meta's purported "copy, acquire, kill" strategy—any claims based on that conduct have since been dismissed by the court. (*See Klein* Dkt. No. 214 at 107.) At present, the two complaints involve different alleged anticompetitive conduct, different purported classes, different alleged antitrust markets, and different alleged injuries.

For the foregoing reasons, Meta respectfully submits that the purposes of 28 U.S.C. § 1407 are best served by transferring the entire *Klein* advertiser complaint to the MDL. If the Panel declines to transfer the entire advertiser complaint, Meta respectfully submits that at a minimum, the Section 1 claim in the advertiser complaint that relates to the Google-Facebook agreement should be transferred to the MDL (*i.e.*, Count III). Counts I and II should then be severed by the Panel pursuant to 28 U.S.C. § 1407(a), or severed by the transferee court pursuant to Rule 21 of the Federal Rules of Civil Procedure, and remanded to the Northern District of California. *See* Order, *In re Disposable Contact Lens Antitrust Litig.*, MDL No. 2626 (J.P.M.L. June 5, 2019), Dkt. No. 256 (Panel severing unrelated claims pursuant to 28 U.S.C. § 1407(a)); *In re Merrill Lynch & Co. Research Rep. Sec. Litig.*, 214 F.R.D. 152, 156 (S.D.N.Y. 2003) (MDL transferee court severing claims pursuant to Rule 21 where "[t]he connection between the claims [was] tenuous" and the claims were the subject of other pending consolidated cases).

Dated: March 9, 2022　　　　　　　　　　　Respectfully Submitted,

**CRAVATH, SWAINE & MOORE LLP**

By: /s/ Kevin J. Orsini
Kevin J. Orsini
New York Bar No. 4261806
825 Eighth Avenue
New York, NY 10019
Tel:　(212) 474-1000
Fax:　(212) 474-3700
korsini@cravath.com

*Attorneys for Meta Platforms, Inc. (f/k/a Facebook, Inc.)*

5