WILMER CUTLER PICKERING
  HALE AND DORR LLP

SONAL N. MEHTA (SBN 222086)
  Sonal.Mehta@wilmerhale.com
2600 El Camino Real, Suite 400
Palo Alto, California 94306
Telephone: (650) 858-6000

DAVID Z. GRINGER (*pro hac vice*)
  David.Gringer@wilmerhale.com
7 World Trade Center
250 Greenwich Street
New York, New York 10007
Telephone: (212) 230-8800

ARI HOLTZBLATT (*pro hac vice*)
  Ari.Holtzblatt@wilmerhale.com
MOLLY M. JENNINGS (*pro hac vice*)
  Molly.Jennings@wilmerhale.com
1875 Pennsylvania Ave NW
Washington, DC 20006
Telephone: (202) 663-6000

*Attorneys for Defendant Meta Platforms, Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| MAXIMILIAN KLEIN, et al., on behalf of themselves and all others similarly situated,<br><br>                              Plaintiffs,<br><br>        v.<br><br>META PLATFORMS, INC., a Delaware Corporation headquartered in California,<br><br>                              Defendant. | Case No. 3:20-cv-08570-JD<br><br>**DEFENDANT META PLATFORMS, INC.'S ANSWER TO THE AMENDED CONSOLIDATED CONSUMER CLASS ACTION COMPLAINT**<br><br>Judge: Hon. James Donato |

Defendant Meta Platforms, Inc. ("Meta") answers Plaintiffs' Amended Consolidated Consumer Class Action Complaint as follows:

Except as otherwise expressly stated below, Meta denies each and every allegation contained in the Complaint. Meta states that the headings, sub-headings, and footnotes throughout the Complaint do not constitute well-pled allegations of fact and therefore require no response. To the extent a response is required, Meta denies the allegations in the headings, sub-headings, and footnotes in the Complaint, except as otherwise stated. Meta reserves the right to seek to amend and/or supplement its Answer as may be necessary.

## ANSWERS TO SPECIFIC ALLEGATIONS

1.      Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 1, and on that basis denies the allegations.

2.      Meta admits that in July 2020, Meta reported 1.79 billion daily active users and 2.7 billion monthly active users for its Facebook platform. Meta further admits that more than 3 billion people currently use Meta's services on a monthly basis. Meta further admits that its product or service offerings include Facebook, Instagram, Facebook Messenger, WhatsApp, and Oculus. Meta otherwise denies the allegations in Paragraph 2.

3.      Meta admits that it has "actual and would-be competitors." Meta otherwise denies the allegations in Paragraph 3.

4.      Meta denies the allegations in Paragraph 4.

5.      Meta admits that it was founded by Mark Zuckerberg in 2004. Meta admits that when Facebook users sign up for a Facebook account, they agree to certain terms. To the extent Paragraph 5 refers to Facebook's current Terms of Service, Meta respectfully refers the Court to that document, which speaks for itself, for a complete and accurate statement of its contents. Meta otherwise denies the allegations in Paragraph 5.

6.      To the extent Paragraph 6 refers to Facebook's current Terms of Service, Meta respectfully refers the Court to that document, which speaks for itself, for a complete and accurate statement of its contents. Meta otherwise denies the allegations in Paragraph 6.

1    7.    Meta admits that it earns revenues from delivering ads to users.  Meta further admits

2   that it calculates the metric Average Revenue Per User ("ARPU").  Meta further admits that it

3   reported its ARPU over $41.00 per user in the United States and Canada in 2019.  Meta otherwise

4   denies the allegations in Paragraph 7.

5    8.    No response to Paragraph 8 is required because the Court granted Meta's motion to

6   dismiss Users' "Copy, Acquire, Kill" claims.  Opinion at 102.  To avoid any doubt, Meta denies

7   the allegations of Paragraph 8 as irrelevant to the case to the extent a response is required.

8    9.    Meta lacks knowledge or information sufficient to form a belief about the truth of

9   the allegations in the third sentence of Paragraph 9, and on that basis denies the allegations.  Meta

10   otherwise denies the allegations in Paragraph 9.

11    10.    Paragraph 10 includes legal conclusions to which no answer is necessary; to the

12   extent that an answer is deemed necessary, Meta denies the allegations.

13    11.    Meta admits that it faces competition from rivals.  The remainder of Paragraph 11

14   includes legal conclusions to which no answer is necessary; to the extent that an answer is deemed

15   necessary, Meta denies the allegations.

16    12.    Paragraph 12 includes legal conclusions to which no answer is necessary; to the

17   extent that an answer is deemed necessary, Meta denies the allegations.  To the extent Paragraph

18   12 refers to public reports or court filings, Meta respectfully refers the Court to those public reports

19   and court filings, which speak for themselves, for a complete and accurate statement of their

20   contents.  Meta avers that the lawsuit brought by various State Attorneys General has been

21   dismissed.  Meta otherwise denies the allegations in Paragraph 12.

22    13.    Paragraph 13 includes legal conclusions to which no answer is necessary; to the

23   extent that an answer is deemed necessary, Meta denies the allegations.

24    14.    Meta admits the allegations in Paragraph 14.

25    15.    Meta admits that it offers a suite of products that help people connect to their friends

26   and family, find communities, and grow businesses.  Meta further admits that its services include

27   the Facebook application, Instagram, Messenger, and WhatsApp.  Meta further admits that the

28   Facebook application is a web-based and mobile service that helps people connect with friends,

family, and communities of people who share their interests. Meta further admits that the Facebook application has several features that facilitate these connections, including News Feed. Meta further admits that Instagram is a mobile and web-based application that allows users to share photos, videos, and messages. Meta further admits that it acquired Instagram in 2012. Meta further admits that Messenger is a messaging application available on desktops and a variety of mobile platforms that allows users to share content and experiences by sending messages, photos, and videos. Meta further admits that WhatsApp is a messaging application used by individuals and businesses and that WhatsApp provides private and secure messaging. Meta further admits that it acquired WhatsApp in 2014. Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding "WhatsApp's primary selling points," and on that basis denies the allegations. Meta otherwise denies the allegation in Paragraph 15.

16.     Meta admits that it earns revenues from delivering ads to users. Meta further admits that it collected $70.7 billion in revenue in 2019. Meta otherwise denies the allegations in Paragraph 16.

17.     Meta admits the allegations in Paragraph 17.

18.     Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 18, and on that basis denies the allegations.

19.     Meta admits that Plaintiff Klein created a Facebook account in 2006 and has maintained an Instagram account since 2016. Meta further admits that Plaintiff Klein has used Facebook's Messenger feature and that Plaintiff Klein has a WhatsApp account. Meta lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 19, and on that basis denies the allegations.

20.     Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 20, and on that basis denies the allegations.

21.     Meta denies the allegations in the first sentence of Paragraph 21. Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence of Paragraph 21, and on that basis denies the allegations.

22.     Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 22, and on that basis denies the allegations.

23.     Meta admits that Plaintiff Grabert created a Facebook account prior to 2007 and has maintained an Instagram account since at least 2010.  Meta also admits that Plaintiff Grabert has used Facebook Messenger.  Meta lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 23, and on that basis denies the allegations.

24.     Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 24, and on that basis denies the allegations.

25.     Meta denies the allegations in the first sentence of Paragraph 25.  Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence of Paragraph 25, and on that basis denies the allegations.

26.     Meta admits that Plaintiff Kupcho created a Facebook account in 2008 and that Plaintiff Kupcho has an Instagram account.  Meta also admits that Plaintiff Kupcho has a WhatsApp account and has used Facebook's Messenger feature.  Meta lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 26, and on that basis denies the allegations.

27.     Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 27, and on that basis denies the allegations.

28.     Meta denies the allegations in the first sentence of Paragraph 28.  Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence of Paragraph 28, and on that basis denies the allegations.

29.     Paragraph 29 includes legal conclusions to which no answer is necessary.

30.     Paragraph 30 includes legal conclusions to which no answer is necessary.

31.     Paragraph 31 includes legal conclusions to which no answer is necessary.  To the extent a response is required, for purposes of the current action, Meta does not contest that this Court has personal jurisdiction over Meta and that Meta transacts business in this district.

32.     Paragraph 32 includes legal conclusions to which no answer is necessary.  To the extent a response is required, for purposes of the current action, Meta does not contest that venue in this district is proper.

33.     Paragraph 33 includes legal conclusions to which no answer is necessary.  To the extent a response is required, for purposes of the current action, Meta does not contest that this action is properly assigned to the San Jose Division of this District.

34.     To the extent Paragraph 34 refers to Facebook's "Terms of Service," Meta respectfully refers the Court to those "Terms of Service," which speak for themselves, for a complete and accurate statement of their contents.

35.     Meta admits that it competes with social media applications, social networks, advertisers, and content providers, among many others.  Meta otherwise denies the allegations in Paragraph 35.

36.     Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 36, and on that basis denies the allegations.

37.     Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in sentences one, two, and three of Paragraph 37, and on that basis denies the allegations.  To the extent that sentence four of Paragraph 37 refers to an image of the Facebook application, Meta respectfully refers the Court to that image, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 37.

38.     Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 38, and on that basis denies the allegations.

39.     Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 39, and on that basis denies the allegations.

40.     Meta denies the allegations in Paragraph 40.

41.     Meta admits that it earns revenues from delivering ads to users.  Meta further admits that it collected $70.7 billion in revenue in 2019.  To the extent Paragraph 41 refers to a public filing, Meta respectfully refers the Court to that public filing, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 41.

42.     Meta admits that it provides certain tools to advertisers, which allow advertisers to access certain metrics regarding the performance of their ads, which are not linked to specific users.  Meta admits that it has sought to protect user data from those who have sought to use it in violation of Facebook's Terms of Service.   To the extent the second sentence of Paragraph 42 refers to public court filings, Meta respectfully refers the Court to those public court filings, which speaks for themselves, for a complete and accurate statement of its contents.   To the extent Footnote 11 of Paragraph 42 refers to a public statement, Meta respectfully refers the Court to that public statement, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 42.

43.     Meta admits that it provides certain tools to advertisers, which allow advertisers to access certain metrics regarding the performance of their ads, which are not linked to specific users.  Meta otherwise denies the allegations in Paragraph 43.

44.     Meta admits that Facebook application users are required to provide the name they go by in their everyday life when creating a Facebook account.  Meta otherwise denies the allegations in the first sentence of Paragraph 44.  Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence of Paragraph 44, and on that basis denies the allegations.

45.     Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 45, and on that basis denies the allegations.

46.     Meta admits that Facebook application users are required to provide the name they go by in their everyday life when creating a Facebook account.  Meta otherwise denies the allegations in Paragraph 46.

47.     To the extent the allegations in Paragraph 47 refer to a public news article, Meta respectfully refers the Court to that public news article, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 47.

48.     Meta admits that Facebook application users are required to provide the name they go by in their everyday life when creating a Facebook account.   Meta further admits that

"friending" requires both users to approve the relationship.  Meta otherwise denies the allegations in Paragraph 48.

49.     Meta denies the allegations in the first sentence of Paragraph 49.  Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence of Paragraph 49, and on that basis denies the allegations.

50.     To the extent Footnote 17 of Paragraph 50 refers to public statements, Meta respectfully refers the Court to those public statements, which speak for themselves, for a complete and accurate statement of their contents.  Meta otherwise denies the allegations in Paragraph 50.

51.     Meta denies the allegations in Paragraph 51.

52.     Meta denies the allegations in Paragraph 52.

53.     Meta denies the allegations in Paragraph 53.

54.     Meta admits that it earns revenues from delivering ads to users.  Meta further admits that its products allow advertisers to select Facebook's user base by user attributes and behavior. Meta otherwise denies the allegations in Paragraph 54.

55.     Paragraph 55 includes legal conclusions to which no answer is necessary; to the extent that an answer is deemed necessary, Meta denies the allegations.

56.     Paragraph 56 includes legal conclusions to which no answer is necessary; to the extent that an answer is deemed necessary, Meta denies the allegations.

57.     Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 57, and on that basis denies the allegations.

58.     Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 58, and on that basis denies the allegations.

59.     Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first and second sentences of Paragraph 59, and on that basis denies the allegations.  To the extent the third sentence of Paragraph 59 refers to public statements, Meta respectfully refers the Court to those public statements, which speak for themselves, for a complete and accurate statement of their contents.

60.     To the extent Footnote 23 of Paragraph 60 refers to the transcript of a news interview, Meta respectfully refers the Court to that transcript, which speaks for itself, for a complete and accurate statement of its contents.   Meta otherwise denies the allegations in Paragraph 60.

61.     To the extent Footnote 24 of Paragraph 61 refers to the transcript of a news interview, Meta respectfully refers the Court to that transcript, which speaks for itself, for a complete and accurate statement of its contents.   Meta otherwise denies the allegations in Paragraph 61.

62.     Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of Paragraph 62, and on that basis denies the allegations.   To the extent the remaining allegations in Paragraph 62 refer to a congressional report, Meta respectfully refers the Court to that report, which speaks for itself, for a complete and accurate statement of its contents.   Footnote 25 of Paragraph 62 includes legal conclusions to which no answer is necessary; to the extent that an answer is deemed necessary, Meta denies the allegations. To the extent Footnote 27 of Paragraph 62 refers to a congressional report, Meta respectfully refers the Court to that report, which speaks for itself, for a complete and accurate statement of its contents.

63.     Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 63, and on that basis denies the allegations.

64.     Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 64, and on that basis denies the allegations.

65.     Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of Paragraph 65, and on that basis denies the allegations.   To the extent the remaining allegations in Paragraph 65 refer to government reports, Meta respectfully refers the Court to those reports, which speak for themselves, for a complete and accurate statement of their contents.

66.     Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 66, and on that basis denies the allegations.

67.     To the extent the first sentence of Paragraph 67 refers to a congressional report, Meta respectfully refers the Court to that report, which speaks for itself, for a complete and accurate statement of its contents.  Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence of Paragraph 67, and on that basis denies the allegations.  Meta otherwise denies the allegations in Paragraph 67.

68.     Meta admits that it has over 2.7 billion users worldwide.  Meta admits that it competed with Myspace and Friendster and admits that it competes with other companies too.  To the extent the remaining allegations in Paragraph 68 refer to a public news article, Meta respectfully refers the Court to that public news article, which speaks for itself, for a complete and accurate statement of its contents.

69.     The first sentence of Paragraph 69 includes legal conclusions to which no answer is necessary; to the extent that an answer is deemed necessary, Meta denies the allegations.  To the extent the second sentence of Paragraph 69 refers to public court filings produced in litigation, Meta respectfully refers the Court to those public court filings, which speak for themselves, for a complete and accurate statement of their contents.  Meta otherwise denies the allegations in Paragraph 69.

70.     To the extent Paragraph 70 refers to congressional reports or public statements, Meta respectfully refers the Court to those congressional reports or public statements, which speak for themselves, for a complete and accurate statement of their contents.  Meta otherwise denies the allegations in Paragraph 70.

71.     Meta admits there is a movie about Facebook "entitled" "The Social Network." Meta otherwise denies the allegations in Paragraph 71.

72.     Paragraph 72 includes legal conclusions to which no answer is necessary; to the extent that an answer is deemed necessary, Meta denies the allegations.

73.     Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 73, and on that basis denies the allegations.  Footnote 45 of Paragraph 73 includes legal conclusions to which no answer is necessary; to the extent that an answer is deemed necessary, Meta denies the allegations.

74.     Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 74, and on that basis denies the allegations.

75.     Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 75, and on that basis denies the allegations.

76.     Meta admits that it does not charge its users a monetary fee for using the Facebook application, i.e., that the Facebook application is free.  Meta otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 76, and on that basis denies the allegations.

77.     The first sentence of Paragraph 77 includes legal conclusions to which no answer is necessary; to the extent that an answer is deemed necessary, Meta denies the allegations.  To the extent the second and third sentences of Paragraph 77 refer to a congressional report, Meta respectfully refers the Court to that report, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 77.

78.     Paragraph 78 includes legal conclusions to which no answer is necessary; to the extent that an answer is deemed necessary, Meta denies the allegations.  To the extent Paragraph 78 refers to a congressional report, Meta respectfully refers the Court to that report, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 78.

79.     Paragraph 79 includes legal conclusions to which no answer is necessary; to the extent that an answer is deemed necessary, Meta denies the allegations.

80.     Meta admits that it earns revenues from delivering ads to users.  Meta admits that it competes with Twitter, Snapchat, and other companies for user attention.  Meta otherwise denies the allegations in Paragraph 80.

81.     Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of Paragraph 81, and on that basis denies the allegations.  The second sentence of Paragraph 81 includes legal conclusions to which no answer is necessary; to the extent that an answer is deemed necessary, Meta denies the allegations.

82.     Paragraph 82 calls for legal conclusions to which no answer is necessary; to the extent that an answer is deemed necessary, Meta denies the allegations.

83.     Paragraph 83 calls for legal conclusions to which no answer is necessary; to the extent that an answer is deemed necessary, Meta denies the allegations.

84.     Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 84, and on that basis denies the allegations.

85.     To the extent Paragraph 85 refers to a congressional report, Meta respectfully refers the Court to that report, which speaks for itself, for a complete and accurate statement of its contents.  Meta admits that Facebook users shift to non-Facebook options including TikTok and Snap.  Meta otherwise denies the allegations in Paragraph 85.

86.     Meta denies the allegations in Paragraph 86.

87.     To the extent Paragraph 87 refers to a congressional report, Meta respectfully refers the Court to that report, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 87.

88.     Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 88, and on that basis denies the allegations.

89.     Meta denies the allegations in Paragraph 89.

90.     To the extent Paragraph 90 refers to a congressional report, Meta respectfully refers the Court to that report, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 90.

91.     To the extent Paragraph 91 refers to a congressional report, Meta respectfully refers the Court to that report, which speaks for itself, for a complete and accurate statement of its contents.  Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in the last sentence of Paragraph 91.  Meta otherwise denies the allegations in Paragraph 91.

92.     Paragraph 92 calls for legal conclusions to which no answer is necessary; to the extent that an answer is deemed necessary, Meta denies the allegations.

93.     Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 93, and on that basis denies the allegations.

94.     Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 94, and on that basis denies the allegations.

95.     Meta denies the allegations in Paragraph 95.

96.     To the extent Paragraph 96 refers to a congressional report, Meta respectfully refers the Court to that report, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 96.

97.     Meta denies the allegations in Paragraph 97.

98.     No response to Paragraph 98 is required because the Court granted Meta's motion to dismiss Users' "Copy, Acquire, Kill" claims.  Opinion at 102.  To avoid any doubt, Meta denies the allegations of Paragraph 98 as irrelevant to the case to the extent a response is required.

99.     Meta admits that it faces competition from "social media applications" as defined in the Complaint.  Meta otherwise denies the allegations in Paragraph 99.

100.     To the extent Paragraph 100 refers to a congressional report, Meta respectfully refers the Court to that report, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 100.

101.     Meta denies the allegations in Paragraph 101.

102.     Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 102, and on that basis denies the allegations.

103.     Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 103, and on that basis denies the allegations.

104.     Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 104, and on that basis denies the allegations.

105.     Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 105, and on that basis denies the allegations.

106.    To the extent Footnote 71 of Paragraph 106 refers to an article, Meta respectfully refers the Court to that article, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 106.

107.    Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 107, and on that basis denies the allegations.

108.    Meta denies the allegations in the first sentence of Paragraph 108.  Meta lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 108, and on that basis denies the allegations.

109.    To the extent Paragraph 109 refers to a public complaint and public statements, Meta respectfully refers the Court to that public complaint and those public statements, which speak for themselves, for a complete and accurate statement of their contents.  Meta otherwise denies the allegations in Paragraph 109.

110.    Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 110, and on that basis denies the allegations.

111.    Meta denies the allegations in Paragraph 111.

112.    Meta denies the allegations in Paragraph 112.

113.    Meta admits that it launched News Feed in 2006 and that the feature displayed some content shared by a user on Facebook in a feed.  Meta otherwise denies the allegations in the first and second sentences of Paragraph 113.  Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in the third sentence of Paragraph 113, and on that basis denies the allegations.

114.    To the extent Paragraph 114 refers to public statements, Meta respectfully refers the Court to those public statements, which speak for themselves, for a complete and accurate statement of their contents.  Meta otherwise denies the allegations in Paragraph 114.

115.    To the extent Paragraph 115 refers to a public press release, Meta respectfully refers the Court to that public press release, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 115.

116.    Meta denies the allegations in Paragraph 116.

1        117.    Meta admits that Meta launched Facebook Platform in 2007, which allows third-

2    party developers to build applications that interact with the Facebook website and access certain

3    user data that users consented to share for limited purposes.  Meta otherwise denies the allegations

4    in Paragraph 117.

5        118.    To the extent Paragraph 118 refers to public statements, Meta respectfully refers

6    the Court to those public statements, which speak for themselves, for a complete and accurate

7    statement of their contents.  Meta otherwise denies the allegations in Paragraph 118.

8        119.    Meta admits that it launched the Beacon feature in 2007, which published certain

9    information regarding users' activities on third-party websites to their Facebook News Feeds.  To

10   the extent Paragraph 119 refers to an image, Meta respectfully refers the Court to that image, which

11   speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the

12   allegations in Paragraph 119.

13       120.    Meta denies the allegations in Paragraph 120.

14       121.    To the extent Paragraph 121 refers to public statements, Meta respectfully refers

15   the Court to those public statements, which speak for themselves, for a complete and accurate

16   statement of their contents.  Meta otherwise denies the allegations in Paragraph 121.

17       122.    Meta admits that it had around 100 million monthly active users worldwide as of

18   the third quarter of 2008.  Meta lacks knowledge or information sufficient to form a belief about

19   the truth of the remaining allegations in Paragraph 122, and on that basis denies the allegations.

20       123.    Meta admits that Facebook provides certain privacy tools to users, which allow

21   users to control how the content and information they share on Facebook is shared with other users

22   and third parties.  To the extent Paragraph 123 refers to an image, Meta respectfully refers the

23   Court to that image, which speaks for itself, for a complete and accurate statement of its contents.

24   Meta otherwise denies the allegations in Paragraph 123.

25       124.    Meta admits that it earns revenues from delivering ads to certain Users.  Meta

26   further admits that its revenue was approximately $150 million in 2007, approximately $300

27   million in 2008, and approximately $700 million in 2009.  To the extent Paragraph 124 purports

28   to refer to public reporting, Meta respectfully refers the Court to that reporting, which speaks for

1  itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations

2  in Paragraph 124.

3       125.   Meta admits that it offers Social Plugins, which allow websites to integrate certain

4  tools to their sites, such as the "Like" and "Share" buttons.  Meta further admits that it receives

5  certain information when a site or app that uses these plugins is visited.  To the extent Paragraph

6  125 refers to an image, Meta respectfully refers the Court to that image, which speaks for itself,

7  for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in

8  Paragraph 125.

9       126.   Meta denies the allegations in the first sentence of Paragraph 126.  To the extent

10  the second sentence of Paragraph 126 refers to public statements, Meta respectfully refers the

11  Court to those public statements, which speak for themselves, for a complete and accurate

12  statement of their contents.  Meta lacks knowledge or information sufficient to form a belief about

13  the truth of the allegations in the third sentence of Paragraph 126, and on that basis denies the

14  allegations.  Meta otherwise denies the allegations in Paragraph 126.

15       127.   Meta admits that it entered into a Consent Order with the FTC, which was finalized

16  in 2012.  Meta admits that it implemented additional privacy protections following its 2012

17  Consent Order with the FTC.  To the extent Paragraph 127 refers to a public press release, Meta

18  respectfully refers the Court to that public press release, which speaks for itself, for a complete

19  and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 127.

20       128.   To the extent Paragraph 128 refers to a public press release, Meta respectfully refers

21  the Court to that public press release, which speaks for itself, for a complete and accurate statement

22  of its contents.  Meta otherwise denies the allegations in Paragraph 128.

23       129.   Meta denies the allegations in Paragraph 129.

24       130.   To the extent Paragraph 130 refers to public statements, Meta respectfully refers

25  the Court to those public statements, which speak for themselves, for a complete and accurate

26  statement of their contents.  Meta otherwise denies the allegations in Paragraph 130.

27       131.   Meta admits that its rivals include some of the largest companies in the world.  Meta

28  lacks knowledge or information sufficient to form a belief about the truth of the allegations in the

1 third sentence of Paragraph 131, and on that basis denies the allegations. Meta otherwise denies

2 the allegations in paragraph 131.

3      132.    Meta lacks knowledge or information sufficient to form a belief about the truth of

4 the allegations in the third sentence of Paragraph 132, and on that basis denies the allegations.

5      133.    Meta lacks knowledge or information sufficient to form a belief about the truth of

6 the allegations in the third sentence of Paragraph 133, and on that basis denies the allegations.

7      134.    Meta admits that it allowed users to "untag" themselves from photographs, even

8 where another user had "tagged" them in the first place in 2011.  To the extent Paragraph 134

9 refers to a public complaint, Meta respectfully refers the Court to that public complaint, which

10 speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the

11 allegations in Paragraph 134.

12      135.    Meta denies the allegations in Paragraph 135.

13      136.    To the extent Paragraph 136 refers to an email, Meta respectfully refers the Court

14 to that email, which speaks for itself, for a complete and accurate statement of its contents.  Meta

15 otherwise denies the allegations in Paragraph 136.

16      137.    Meta admits that it held its initial public offering in 2012.  To the extent the

17 remaining allegations in Paragraph 137 refer to a public news article, Meta respectfully refers the

18 Court to that public news article, which speaks for itself, for a complete and accurate statement of

19 its contents.  Meta denies the remaining allegations in Paragraph 137.

20      138.    To the extent Paragraph 138 refers to public filings, Meta respectfully refers the

21 Court to those public filings, which speak for themselves, for a complete and accurate statement

22 of their contents.  Meta otherwise denies the allegations in Paragraph 138.

23      139.    Meta denies the allegations in Paragraph 139.

24      140.    Meta denies the allegations in Paragraph 140.

25      141.    Meta denies the allegations in Paragraph 141.

26      142.    Meta admits that the third-party app "thisisyourdigitallife" was created by Dr.

27 Aleksandr Kogan and his company, Global Science Research Ltd. ("GSR"), and that the app was

28 launched on the Facebook Platform in November 2013.  Meta admits that in mid-December 2015,

as part of its efforts to enforce its Platform Policy, Facebook learned that Dr. Kogan and GSR had shared with Cambridge Analytica data that they had derived from Facebook user information, in violation of Facebook's Platform Policy. Meta took immediate steps to terminate the app's access rights, required deletion of the data, and obtained certifications that deletion had occurred. Meta otherwise denies the allegations in Paragraph 142.

143.    Meta admits that Cambridge Analytica obtained data relating to some of Facebook's users if their privacy settings allowed for it. Meta otherwise denies the allegations in paragraph 143.

144.    Meta admits that it banned several parties involved in the events of Cambridge Analytica from using any of its services, including, but not limited to, Cambridge Analytica, Dr. Kogan, and the "thisisyourdigitallife" app, for violating Facebook's Platform Policy. Meta otherwise denies the allegations in Paragraph 144.

145.    To the extent Paragraph 145 refers to a public order and complaint, Meta respectfully refers the Court to that public order and complaint, which speak for themselves, for a complete and accurate statement of their contents. Meta otherwise denies the allegations in Paragraph 145.

146.    Meta admits that until at least 2018 certain third parties had continued data access to limited types of friends data. To the extent Paragraph 146 refers to a public complaint, Meta respectfully refers the Court to that public complaint, which speaks for itself, for a complete and accurate statement of its contents. Meta otherwise denies the allegations in Paragraph 146.

147.    Meta admits that it had over 217 million monthly active users in the United States in 2018. Meta further admits that it earned over $55 billion in revenue in 2018. Meta otherwise denies the allegations in Paragraph 147.

148.    To the extent Paragraph 148 refers to a public press release, Meta respectfully refers the Court to that public press release, which speaks for itself, for a complete and accurate statement of its contents. Meta otherwise denies the allegations in Paragraph 148.

149.    To the extent Paragraph 149 refers to a public press release, Meta respectfully refers the Court to that public press release, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 149.

150.    To the extent Paragraph 150 refers to a public press release, Meta respectfully refers the Court to that public press release, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 150.

151.    To the extent Paragraph 151 refers to a public press release, Meta respectfully refers the Court to that public press release, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 151.

152.    Meta denies the allegations in the first sentence of Paragraph 152.  To the extent the second sentence of Paragraph 152 refers to public testimony, Meta respectfully refers the Court to that public testimony, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 152.

153.    Meta admits that it entered into a Consent Order with the FTC, which was finalized in 2012.  Meta admits that it implemented additional privacy protections following its 2012 Consent Order with the FTC.  To the extent Paragraph 153 refers to a public order, Meta respectfully refers the Court to that public order, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 153.

154.    Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first and second sentences of Paragraph 154, and on that basis denies the allegations.  Meta otherwise denies the allegations in Paragraph 154.

155.    Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first and second sentences of Paragraph 155, and on that basis denies the allegations.  To the extent the remaining allegations in Paragraph 155 refer to a congressional report, Meta respectfully refers the Court to that report, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 155.

156.    No response to Paragraph 156 is required because the Court granted Meta's motion to dismiss Users' "Copy, Acquire, Kill" claims.  Opinion at 102.  To avoid any doubt, Meta denies the allegations of Paragraph 156 as irrelevant to the case to the extent a response is required.

157.    No response to Paragraph 157 is required because the Court granted Meta's motion to dismiss Users' "Copy, Acquire, Kill" claims.  Opinion at 102.  To avoid any doubt, Meta denies the allegations of Paragraph 157 as irrelevant to the case to the extent a response is required.

158.    No response to Paragraph 158 is required because the Court granted Meta's motion to dismiss Users' "Copy, Acquire, Kill" claims.  Opinion at 102.  To avoid any doubt, Meta denies the allegations of Paragraph 158 as irrelevant to the case to the extent a response is required.

159.    No response to Paragraph 159 is required because the Court granted Meta's motion to dismiss Users' "Copy, Acquire, Kill" claims.  Opinion at 102.  To avoid any doubt, Meta denies the allegations of Paragraph 159 as irrelevant to the case to the extent a response is required.

160.    No response to Paragraph 160 is required because the Court granted Meta's motion to dismiss Users' "Copy, Acquire, Kill" claims.  Opinion at 102.  To avoid any doubt, Meta denies the allegations of Paragraph 160 as irrelevant to the case to the extent a response is required.

161.    No response to Paragraph 161 is required because the Court granted Meta's motion to dismiss Users' "Copy, Acquire, Kill" claims.  Opinion at 102.  To avoid any doubt, Meta denies the allegations of Paragraph 161 as irrelevant to the case to the extent a response is required.

162.    No response to Paragraph 162 is required because the Court granted Meta's motion to dismiss Users' "Copy, Acquire, Kill" claims.  Opinion at 102.  To avoid any doubt, Meta denies the allegations of Paragraph 162 as irrelevant to the case to the extent a response is required.

163.    No response to Paragraph 163 is required because the Court granted Meta's motion to dismiss Users' "Copy, Acquire, Kill" claims.  Opinion at 102.  To avoid any doubt, Meta denies the allegations of Paragraph 163 as irrelevant to the case to the extent a response is required.

164.    No response to Paragraph 164 is required because the Court granted Meta's motion to dismiss Users' "Copy, Acquire, Kill" claims.  Opinion at 102.  To avoid any doubt, Meta denies the allegations of Paragraph 164 as irrelevant to the case to the extent a response is required.

165.    No response to Paragraph 165 is required because the Court granted Meta's motion to dismiss Users' "Copy, Acquire, Kill" claims.  Opinion at 102.  To avoid any doubt, Meta denies the allegations of Paragraph 165 as irrelevant to the case to the extent a response is required.

166.    No response to Paragraph 166 is required because the Court granted Meta's motion to dismiss Users' "Copy, Acquire, Kill" claims.  Opinion at 102.  To avoid any doubt, Meta denies the allegations of Paragraph 166 as irrelevant to the case to the extent a response is required.

167.    No response to Paragraph 167 is required because the Court granted Meta's motion to dismiss Users' "Copy, Acquire, Kill" claims.  Opinion at 102.  To avoid any doubt, Meta denies the allegations of Paragraph 167 as irrelevant to the case to the extent a response is required.

168.    No response to Paragraph 168 is required because the Court granted Meta's motion to dismiss Users' "Copy, Acquire, Kill" claims.  Opinion at 102.  To avoid any doubt, Meta denies the allegations of Paragraph 168 as irrelevant to the case to the extent a response is required.

169.    No response to Paragraph 169 is required because the Court granted Meta's motion to dismiss Users' "Copy, Acquire, Kill" claims.  Opinion at 102.  To avoid any doubt, Meta denies the allegations of Paragraph 169 as irrelevant to the case to the extent a response is required.

170.    No response to Paragraph 170 is required because the Court granted Meta's motion to dismiss Users' "Copy, Acquire, Kill" claims.  Opinion at 102.  To avoid any doubt, Meta denies the allegations of Paragraph 170 as irrelevant to the case to the extent a response is required.

171.    No response to Paragraph 171 is required because the Court granted Meta's motion to dismiss Users' "Copy, Acquire, Kill" claims.  Opinion at 102.  To avoid any doubt, Meta denies the allegations of Paragraph 171 as irrelevant to the case to the extent a response is required.

172.    No response to Paragraph 172 is required because the Court granted Meta's motion to dismiss Users' "Copy, Acquire, Kill" claims.  Opinion at 102.  To avoid any doubt, Meta denies the allegations of Paragraph 172 as irrelevant to the case to the extent a response is required.

173.    No response to Paragraph 173 is required because the Court granted Meta's motion to dismiss Users' "Copy, Acquire, Kill" claims.  Opinion at 102.  To avoid any doubt, Meta denies the allegations of Paragraph 173 as irrelevant to the case to the extent a response is required.

174.    No response to Paragraph 174 is required because the Court granted Meta's motion to dismiss Users' "Copy, Acquire, Kill" claims.  Opinion at 102.  To avoid any doubt, Meta denies the allegations of Paragraph 174 as irrelevant to the case to the extent a response is required.

175.    No response to Paragraph 175 is required because the Court granted Meta's motion to dismiss Users' "Copy, Acquire, Kill" claims.  Opinion at 102.  To avoid any doubt, Meta denies the allegations of Paragraph 175 as irrelevant to the case to the extent a response is required.

176.    No response to Paragraph 176 is required because the Court granted Meta's motion to dismiss Users' "Copy, Acquire, Kill" claims.  Opinion at 102.  To avoid any doubt, Meta denies the allegations of Paragraph 176 as irrelevant to the case to the extent a response is required.

177.    No response to Paragraph 177 is required because the Court granted Meta's motion to dismiss Users' "Copy, Acquire, Kill" claims.  Opinion at 102.  To avoid any doubt, Meta denies the allegations of Paragraph 177 as irrelevant to the case to the extent a response is required.

178.    No response to Paragraph 178 is required because the Court granted Meta's motion to dismiss Users' "Copy, Acquire, Kill" claims.  Opinion at 102.  To avoid any doubt, Meta denies the allegations of Paragraph 178 as irrelevant to the case to the extent a response is required.

179.    No response to Paragraph 179 is required because the Court granted Meta's motion to dismiss Users' "Copy, Acquire, Kill" claims.  Opinion at 102.  To avoid any doubt, Meta denies the allegations of Paragraph 179 as irrelevant to the case to the extent a response is required.

180.    No response to Paragraph 180 is required because the Court granted Meta's motion to dismiss Users' "Copy, Acquire, Kill" claims.  Opinion at 102.  To avoid any doubt, Meta denies the allegations of Paragraph 180 as irrelevant to the case to the extent a response is required.

181.    No response to Paragraph 181 is required because the Court granted Meta's motion to dismiss Users' "Copy, Acquire, Kill" claims.  Opinion at 102.  To avoid any doubt, Meta denies the allegations of Paragraph 181 as irrelevant to the case to the extent a response is required.

182.    No response to Paragraph 182 is required because the Court granted Meta's motion to dismiss Users' "Copy, Acquire, Kill" claims.  Opinion at 102.  To avoid any doubt, Meta denies the allegations of Paragraph 182 as irrelevant to the case to the extent a response is required.

183.     No response to Paragraph 183 is required because the Court granted Meta's motion to dismiss Users' "Copy, Acquire, Kill" claims.  Opinion at 102.  To avoid any doubt, Meta denies the allegations of Paragraph 183 as irrelevant to the case to the extent a response is required.

184.     No response to Paragraph 184 is required because the Court granted Meta's motion to dismiss Users' "Copy, Acquire, Kill" claims.  Opinion at 102.  To avoid any doubt, Meta denies the allegations of Paragraph 184 as irrelevant to the case to the extent a response is required.

185.     No response to Paragraph 185 is required because the Court granted Meta's motion to dismiss Users' "Copy, Acquire, Kill" claims.  Opinion at 102.  To avoid any doubt, Meta denies the allegations of Paragraph 185 as irrelevant to the case to the extent a response is required.

186.     No response to Paragraph 186 is required because the Court granted Meta's motion to dismiss Users' "Copy, Acquire, Kill" claims.  Opinion at 102.  To avoid any doubt, Meta denies the allegations of Paragraph 186 as irrelevant to the case to the extent a response is required.

187.     No response to Paragraph 187 is required because the Court granted Meta's motion to dismiss Users' "Copy, Acquire, Kill" claims.  Opinion at 102.  To avoid any doubt, Meta denies the allegations of Paragraph 187 as irrelevant to the case to the extent a response is required.

188.     No response to Paragraph 188 is required because the Court granted Meta's motion to dismiss Users' "Copy, Acquire, Kill" claims.  Opinion at 102.  To avoid any doubt, Meta denies the allegations of Paragraph 188 as irrelevant to the case to the extent a response is required.

189.     No response to Paragraph 189 is required because the Court granted Meta's motion to dismiss Users' "Copy, Acquire, Kill" claims.  Opinion at 102.  To avoid any doubt, Meta denies the allegations of Paragraph 189 as irrelevant to the case to the extent a response is required.

190.     No response to Paragraph 190 is required because the Court granted Meta's motion to dismiss Users' "Copy, Acquire, Kill" claims.  Opinion at 102.  To avoid any doubt, Meta denies the allegations of Paragraph 190 as irrelevant to the case to the extent a response is required.

191.     No response to Paragraph 191 is required because the Court granted Meta's motion to dismiss Users' "Copy, Acquire, Kill" claims.  Opinion at 102.  To avoid any doubt, Meta denies the allegations of Paragraph 191 as irrelevant to the case to the extent a response is required.

192.     No response to Paragraph 192 is required because the Court granted Meta's motion to dismiss Users' "Copy, Acquire, Kill" claims.  Opinion at 102.  To avoid any doubt, Meta denies the allegations of Paragraph 192 as irrelevant to the case to the extent a response is required.

193.     No response to Paragraph 193 is required because the Court granted Meta's motion to dismiss Users' "Copy, Acquire, Kill" claims.  Opinion at 102.  To avoid any doubt, Meta denies the allegations of Paragraph 193 as irrelevant to the case to the extent a response is required.

194.     No response to Paragraph 194 is required because the Court granted Meta's motion to dismiss Users' "Copy, Acquire, Kill" claims.  Opinion at 102.  To avoid any doubt, Meta denies the allegations of Paragraph 194 as irrelevant to the case to the extent a response is required.

195.     No response to Paragraph 195 is required because the Court granted Meta's motion to dismiss Users' "Copy, Acquire, Kill" claims.  Opinion at 102.  To avoid any doubt, Meta denies the allegations of Paragraph 195 as irrelevant to the case to the extent a response is required.

196.     No response to Paragraph 196 is required because the Court granted Meta's motion to dismiss Users' "Copy, Acquire, Kill" claims.  Opinion at 102.  To avoid any doubt, Meta denies the allegations of Paragraph 196 as irrelevant to the case to the extent a response is required.

197.     No response to Paragraph 197 is required because the Court granted Meta's motion to dismiss Users' "Copy, Acquire, Kill" claims.  Opinion at 102.  To avoid any doubt, Meta denies the allegations of Paragraph 197 as irrelevant to the case to the extent a response is required.

198.     No response to Paragraph 198 is required because the Court granted Meta's motion to dismiss Users' "Copy, Acquire, Kill" claims.  Opinion at 102.  To avoid any doubt, Meta denies the allegations of Paragraph 198 as irrelevant to the case to the extent a response is required.

199.     No response to Paragraph 199 is required because the Court granted Meta's motion to dismiss Users' "Copy, Acquire, Kill" claims.  Opinion at 102.  To avoid any doubt, Meta denies the allegations of Paragraph 199 as irrelevant to the case to the extent a response is required.

200.     No response to Paragraph 200 is required because the Court granted Meta's motion to dismiss Users' "Copy, Acquire, Kill" claims.  Opinion at 102.  To avoid any doubt, Meta denies the allegations of Paragraph 200 as irrelevant to the case to the extent a response is required.

201.    No response to Paragraph 201 is required because the Court granted Meta's motion to dismiss Users' "Copy, Acquire, Kill" claims.  Opinion at 102.  To avoid any doubt, Meta denies the allegations of Paragraph 201 as irrelevant to the case to the extent a response is required.

202.    No response to Paragraph 202 is required because the Court granted Meta's motion to dismiss Users' "Copy, Acquire, Kill" claims.  Opinion at 102.  To avoid any doubt, Meta denies the allegations of Paragraph 202 as irrelevant to the case to the extent a response is required.

203.    No response to Paragraph 203 is required because the Court granted Meta's motion to dismiss Users' "Copy, Acquire, Kill" claims.  Opinion at 102.  To avoid any doubt, Meta denies the allegations of Paragraph 203 as irrelevant to the case to the extent a response is required.

204.    No response to Paragraph 204 is required because the Court granted Meta's motion to dismiss Users' "Copy, Acquire, Kill" claims.  Opinion at 102.  To avoid any doubt, Meta denies the allegations of Paragraph 204 as irrelevant to the case to the extent a response is required.

205.    No response to Paragraph 205 is required because the Court granted Meta's motion to dismiss Users' "Copy, Acquire, Kill" claims.  Opinion at 102.  To avoid any doubt, Meta denies the allegations of Paragraph 205 as irrelevant to the case to the extent a response is required.

206.    No response to Paragraph 206 is required because the Court granted Meta's motion to dismiss Users' "Copy, Acquire, Kill" claims.  Opinion at 102.  To avoid any doubt, Meta denies the allegations of Paragraph 206 as irrelevant to the case to the extent a response is required.

207.    No response to Paragraph 207 is required because the Court granted Meta's motion to dismiss Users' "Copy, Acquire, Kill" claims.  Opinion at 102.  To avoid any doubt, Meta denies the allegations of Paragraph 207 as irrelevant to the case to the extent a response is required.

208.    No response to Paragraph 208 is required because the Court granted Meta's motion to dismiss Users' "Copy, Acquire, Kill" claims.  Opinion at 102.  To avoid any doubt, Meta denies the allegations of Paragraph 208 as irrelevant to the case to the extent a response is required.

209.    To the extent the fifth sentence of Paragraph 209 refers to a public statement, Meta respectfully refers the Court to that public statement, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 209.

210.    Meta denies the allegations in Paragraph 210.

211.     Meta denies the allegations in Paragraph 211.

212.     Meta denies the allegations in the first sentence of Paragraph 212.  Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence of Paragraph 212, and on that basis denies the allegations.

213.     Meta denies the allegations in Paragraph 213.

214.     Paragraph 214 includes legal conclusions to which no answer is necessary; to the extent that an answer is deemed necessary, Meta denies the allegations.  To the extent Footnote 184 of Paragraph 214 refers to public statements, Meta respectfully refers the Court to those statements, which speak for themselves, for a complete and accurate statement of their contents.

215.     Paragraph 215 includes legal conclusions to which no answer is necessary; to the extent that an answer is deemed necessary, Meta denies the allegations.

216.     Paragraph 216 includes legal conclusions to which no answer is necessary; to the extent that an answer is deemed necessary, Meta denies the allegations.

217.     Meta denies the allegations in Paragraph 217.

218.     No response to Paragraph 218 is required because the Court granted Meta's motion to dismiss Users' "Copy, Acquire, Kill" claims.  Opinion at 102.  To avoid any doubt, Meta denies the allegations of Paragraph 218 as irrelevant to the case to the extent a response is required.

219.     Paragraph 219 includes legal conclusions to which no answer is necessary; to the extent that an answer is deemed necessary, Meta denies the allegations.

220.     Meta denies the allegations in Paragraph 220.

221.     Paragraph 221 includes legal conclusions to which no answer is necessary; to the extent that an answer is deemed necessary, Meta denies the allegations.

222.     Meta denies the allegations in Paragraph 222.

223.     Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 223, and on that basis denies the allegations.

224.     Meta denies the allegations in Paragraph 224.

225.     Paragraph 225 includes legal conclusions to which no answer is necessary; to the extent that an answer is deemed necessary, Meta denies the allegations.  To the extent Footnote

190 of Paragraph 225 refers to an article, Meta respectfully refers the Court to that article, which speaks for itself, for a complete and accurate statement of its contents.

226.    Paragraph 226 includes legal conclusions to which no answer is necessary; to the extent that an answer is deemed necessary, Meta denies the allegations.  To the extent Footnote 191 of Paragraph 226 refers to an interview transcript, Meta respectfully refers the Court to that transcript, which speaks for itself, for a complete and accurate statement of its contents.

227.    Meta denies the allegations in Paragraph 227.

228.    Meta denies the allegations in the first sentence of Paragraph 228.  To the extent the second sentence of Paragraph 228 refers to public statements, Meta respectfully refers the Court to those public statements, which speak for themselves, for a complete and accurate statement of their contents.

229.    Meta denies the allegations in Paragraph 229.

230.    Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of Paragraph 230, and on that basis denies the allegations.  To the extent the second sentence of Paragraph 230 refers to a congressional report, Meta respectfully refers the Court to that report, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 230.

231.    Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of Paragraph 231, and on that basis denies the allegations.  To the extent the second sentence of Paragraph 231 refers to a government report, Meta respectfully refers the Court to that report, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 231.

232.    Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of Paragraph 232, and on that basis denies the allegations.  To the extent the second sentence of Paragraph 232 refers to a public complaint, Meta respectfully refers the Court to that public complaint, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 232.

233.    Paragraph 233 includes legal conclusions to which no answer is necessary; to the extent that an answer is deemed necessary, Meta denies the allegations.  To the extent Paragraph 233 refers to public statements, Meta respectfully refers the Court to those public statements, which speak for themselves, for a complete and accurate statement of their contents.

234.    Meta denies the allegations in Paragraph 234.

235.    To the extent Paragraph 235 refers to a congressional report, Meta respectfully refers the Court to that report, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 235.

236.    Paragraph 236 includes legal conclusions to which no answer is necessary; to the extent that an answer is deemed necessary, Meta denies the allegations.

237.    The first sentence of Paragraph 237 includes legal conclusions to which no answer is necessary; to the extent that an answer is deemed necessary, Meta denies the allegations.  Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence of Paragraph 237, and on that basis denies the allegations.

238.    Paragraph 238 includes legal conclusions to which no answer is necessary; to the extent that an answer is deemed necessary, Meta denies the allegations.  To the extent Paragraphs 238(a) to 238(o) refer to public statements, Meta respectfully refers the Court to those public statements, which speak for themselves, for a complete and accurate statement of their contents. Meta otherwise denies the allegations in Paragraphs 238(a) to 238(o).

239.    Meta denies the allegations in Paragraph 239.

240.    The first sentence of Paragraph 240 includes legal conclusions to which no answer is necessary; to the extent that an answer is deemed necessary, Meta denies the allegations.  Meta otherwise denies the allegations in Paragraph 240.

241.    Meta denies the allegations in the first sentence of Paragraph 241.  To the extent the second sentence of Paragraph 241 refers to public statements made by the FTC, Meta respectfully refers the Court to those public statements, which speak for themselves, for a complete and accurate statement of their contents.  Meta otherwise denies the allegations in Paragraph 241.

242.    Meta denies the allegations in Paragraph 242.

1    243.    Paragraph 243 includes legal conclusions to which no answer is necessary; to the

2    extent that an answer is deemed necessary, Meta denies the allegations.

3    244.    Paragraph 244 includes legal conclusions to which no answer is necessary; to the

4    extent that an answer is deemed necessary, Meta denies the allegations.

5    245.    Paragraph 245 includes legal conclusions to which no answer is necessary; to the

6    extent that an answer is deemed necessary, Meta denies the allegations.

7    246.    Paragraph 246 includes legal conclusions to which no answer is necessary; to the

8    extent that an answer is deemed necessary, Meta denies the allegations.

9    247.    Meta incorporates by reference herein all the responses contained above.

10   248.    Paragraph 248 includes legal conclusions to which no answer is necessary; to the

11   extent that an answer is deemed necessary, Meta denies the allegations.

12   249.    Paragraph 249 includes legal conclusions to which no answer is necessary; to the

13   extent that an answer is deemed necessary, Meta denies the allegations.

14   250.    Paragraph 250 includes legal conclusions to which no answer is necessary; to the

15   extent that an answer is deemed necessary, Meta denies the allegations.

16   251.    Paragraph 251 includes legal conclusions to which no answer is necessary; to the

17   extent that an answer is deemed necessary, Meta denies the allegations.

18   252.    Paragraph 252 includes legal conclusions to which no answer is necessary; to the

19   extent that an answer is deemed necessary, Meta denies the allegations.

20   253.    Paragraph 253 includes legal conclusions to which no answer is necessary; to the

21   extent that an answer is deemed necessary, Meta denies the allegations.

22   254.    Paragraph 254 includes legal conclusions to which no answer is necessary; to the

23   extent that an answer is deemed necessary, Meta denies the allegations.

24   255.    Paragraph 255 includes legal conclusions to which no answer is necessary; to the

25   extent that an answer is deemed necessary, Meta denies the allegations.

26   256.    Paragraph 256 includes legal conclusions to which no answer is necessary; to the

27   extent that an answer is deemed necessary, Meta denies the allegations.

28

257.     Paragraph 257 includes legal conclusions to which no answer is necessary; to the extent that an answer is deemed necessary, Meta denies the allegations.

258.     Meta incorporates by reference herein all responses contained above.

259.     Paragraph 259 includes legal conclusions to which no answer is necessary; to the extent that an answer is deemed necessary, Meta denies the allegations.

260.     Meta incorporates by reference herein all responses contained above.

261.     Paragraph 261 includes legal conclusions to which no answer is necessary; to the extent that an answer is deemed necessary, Meta denies the allegations.

262.     Paragraph 262 includes legal conclusions to which no answer is necessary; to the extent that an answer is deemed necessary, Meta denies the allegations.

263.     Paragraph 263 includes legal conclusions to which no answer is necessary; to the extent that an answer is deemed necessary, Meta denies the allegations.

264.     Paragraph 264 includes legal conclusions to which no answer is necessary; to the extent that an answer is deemed necessary, Meta denies the allegations.

265.     Paragraph 265 includes legal conclusions to which no answer is necessary; to the extent that an answer is deemed necessary, Meta denies the allegations.

266.     Paragraph 266 includes legal conclusions to which no answer is necessary; to the extent that an answer is deemed necessary, Meta denies the allegations.

267.     Paragraph 267 includes legal conclusions to which no answer is necessary; to the extent that an answer is deemed necessary, Meta denies the allegations.

268.     Paragraph 268 includes legal conclusions to which no answer is necessary; to the extent that an answer is deemed necessary, Meta denies the allegations.

269.     Paragraph 269 includes legal conclusions to which no answer is necessary; to the extent that an answer is deemed necessary, Meta denies the allegations.

270.     Paragraph 270 includes legal conclusions to which no answer is necessary; to the extent that an answer is deemed necessary, Meta denies the allegations.

271.     Paragraph 271 includes legal conclusions to which no answer is necessary; to the extent that an answer is deemed necessary, Meta denies the allegations.

272.    Paragraph 272 includes legal conclusions to which no answer is necessary; to the extent that an answer is deemed necessary, Meta denies the allegations.

273.    Paragraph 273 consists of Plaintiffs' characterizations of their purported claims, to which no answer is necessary.  To the extent that an answer is deemed necessary, Meta denies that Plaintiffs are entitled to damages, disgorgement, or equitable relief, denies that this action is appropriate for class certification, and denies the remaining allegations in Paragraph 273.

274.    Meta incorporates by reference herein all responses contained above.

275.    Paragraph 275 includes legal conclusions to which no answer is necessary; to the extent that an answer is deemed necessary, Meta denies the allegations.

276.    Paragraph 276 includes legal conclusions to which no answer is necessary; to the extent that an answer is deemed necessary, Meta denies the allegations.

277.    Paragraph 277 includes legal conclusions to which no answer is necessary; to the extent that an answer is deemed necessary, Meta denies the allegations.

278.    Paragraph 278 includes legal conclusions to which no answer is necessary; to the extent that an answer is deemed necessary, Meta denies the allegations.

279.    Paragraph 279 includes legal conclusions to which no answer is necessary; to the extent that an answer is deemed necessary, Meta denies the allegations.

280.    Paragraph 280 includes legal conclusions to which no answer is necessary; to the extent that an answer is deemed necessary, Meta denies the allegations.

281.    Paragraph 281 includes legal conclusions to which no answer is necessary; to the extent that an answer is deemed necessary, Meta denies the allegations.

282.    Paragraph 282 includes legal conclusions to which no answer is necessary; to the extent that an answer is deemed necessary, Meta denies the allegations.

283.    Paragraph 283 consists of Plaintiffs' characterizations of their purported claims, to which no answer is necessary.  To the extent that an answer is deemed necessary, Meta denies that Plaintiffs are entitled to damages, disgorgement, or equitable relief, denies that this action is appropriate for class certification, and denies the remaining allegations in Paragraph 283.

284.    Meta incorporates by reference herein all responses contained above.

285.    Paragraph 285 includes legal conclusions to which no answer is necessary; to the extent that an answer is deemed necessary, Meta denies the allegations.

286.    Paragraph 286 includes legal conclusions to which no answer is necessary; to the extent an answer is deemed necessary, Meta denies the allegations.  To the extent Paragraphs 286 refers to a document, Meta respectfully refers the Court to that document, which speaks for itself, for a complete and accurate statement of its contents.

287.    Paragraph 287 includes legal conclusions to which no answer is necessary; to the extent that an answer is deemed necessary, Meta denies the allegations.

288.    Paragraph 288 includes legal conclusions to which no answer is necessary; to the extent that an answer is deemed necessary, Meta denies the allegations.

289.    Paragraph 289 includes legal conclusions to which no answer is necessary; to the extent that an answer is deemed necessary, Meta denies the allegations.

290.    Paragraph 290 includes legal conclusions to which no answer is necessary; to the extent that an answer is deemed necessary, Meta denies the allegations.

291.    Paragraph 291 includes legal conclusions to which no answer is necessary; to the extent that an answer is deemed necessary, Meta denies the allegations.

292.    Paragraph 292 includes legal conclusions to which no answer is necessary; to the extent that an answer is deemed necessary, Meta denies the allegations.

293.    Paragraph 293 includes legal conclusions to which no answer is necessary; to the extent that an answer is deemed necessary, Meta denies the allegations.

294.    Paragraph 294 includes legal conclusions to which no answer is necessary; to the extent that an answer is deemed necessary, Meta denies the allegations.

295.    Paragraph 295 includes legal conclusions to which no answer is necessary; to the extent that an answer is deemed necessary, Meta denies the allegations.

296.    Paragraph 296 includes legal conclusions to which no answer is necessary; to the extent that an answer is deemed necessary, Meta denies the allegations.

297.    Paragraph 297 consists of Plaintiffs' characterizations of their purported claims, to which no answer is necessary.  To the extent that an answer is deemed necessary, Meta denies that

1    Plaintiffs are entitled to damages, disgorgement, or equitable relief, denies that this action is
2    appropriate for class certification, and denies the remaining allegations in Paragraph 297.

3         298.    Meta incorporates by reference herein all responses contained above.

4         299.    Paragraph 299 includes legal conclusions to which no answer is necessary; to the
5    extent that an answer is deemed necessary, Meta denies the allegations.

6         300.    Paragraph 300 includes legal conclusions to which no answer is necessary; to the
7    extent that an answer is deemed necessary, Meta denies the allegations.

8         301.    Paragraph 301 includes legal conclusions to which no answer is necessary; to the
9    extent that an answer is deemed necessary, Meta denies the allegations.

10        302.    Paragraph 302 includes legal conclusions to which no answer is necessary; to the
11   extent that an answer is deemed necessary, Meta denies the allegations.

12        303.    Paragraph 303 includes legal conclusions to which no answer is necessary; to the
13   extent that an answer is deemed necessary, Meta denies the allegations.

14        304.    Paragraph 304 includes legal conclusions to which no answer is necessary; to the
15   extent that an answer is deemed necessary, Meta denies the allegations.

16        305.    Paragraph 305 includes legal conclusions to which no answer is necessary; to the
17   extent that an answer is deemed necessary, Meta denies the allegations.

18        306.    Paragraph 306 includes legal conclusions to which no answer is necessary; to the
19   extent that an answer is deemed necessary, Meta denies the allegations.

20        307.    Paragraph 307 consists of Plaintiffs' characterizations of their purported claims, to
21   which no answer is necessary.  To the extent that an answer is deemed necessary, Meta denies that
22   Plaintiffs are entitled to damages, disgorgement, or equitable relief, denies that this action is
23   appropriate for class certification, and denies the remaining allegations in Paragraph 307.

24        308.    Meta incorporates by reference herein all responses contained above.

25        309.    Paragraph 309 includes legal conclusions to which no answer is necessary; to the
26   extent that an answer is deemed necessary, Meta denies the allegations.

27        310.    Paragraph 310 includes legal conclusions to which no answer is necessary; to the
28   extent that an answer is deemed necessary, Meta denies the allegations.

311.    Meta admits that it collected $70.7 billion in revenue in 2019, largely from delivering ads to its users.  Meta further admits that its ARPU was over $41.00 per user in the United States and Canada in 2019.  Meta otherwise denies the allegations in Paragraph 311.

312.    Paragraph 312 includes legal conclusions to which no answer is necessary; to the extent that an answer is deemed necessary, Meta denies the allegations.  To the extent Paragraphs 312 refers to a public statement, Meta respectfully refers the Court to that public statement, which speaks for itself, for a complete and accurate statement of its contents.

313.    Meta denies the allegations in Paragraph 313.

314.    Meta denies the allegations in Paragraph 314.

315.    Meta admits that it collected $70.7 billion in revenue in 2019.  Meta otherwise denies the allegations in Paragraph 315.

316.    Paragraph 316 includes legal conclusions to which no answer is necessary; to the extent that an answer is deemed necessary, Meta denies the allegations.

317.    Paragraph 317 consists of Plaintiffs' characterizations of their purported claims, to which no answer is necessary.  To the extent that an answer is deemed necessary, Meta denies that Plaintiffs are entitled to disgorgement, denies that this action is appropriate for class certification, and denies the remaining allegations of Paragraph 317.

318.    Paragraph 318 purports to state a prayer for relief to which no answer is necessary. To the extent an answer is deemed necessary, Meta denies all the allegations and requests for relief of Paragraph 318 and denies that Plaintiffs have stated a claim for relief or are entitled to any relief.

319.    Paragraph 319 consists of Plaintiffs' characterizations of their purported claims, to which no answer is necessary.

**AFFIRMATIVE DEFENSES**

Without assuming any burden of proof that it would not otherwise bear, Meta reasserts, without limitation, all defenses raised in its Motion to Dismiss and other filings, whether or not separately re-pleaded herein.  Meta also asserts the following affirmative and other defenses.  In listing the defenses below, Meta does not knowingly or intentionally waive any defenses, including arguments about which issues fall within the Plaintiffs' burden of proof.  Meta also reserves the

right to rely on any affirmative or other defense or claim that may subsequently come to light, and expressly reserves the right to amend its Answer to assert such additional defenses or claims.

### FIRST DEFENSE

Plaintiffs' claims and those of putative class members are barred, in whole or in part, by laches and/or the four-year statute of limitations applicable to their claims under the Sherman Act. *See* 15 U.S.C. § 15b.  Meta's representations about its privacy practices that form the basis of its alleged scheme to deceive users are alleged to have begun in 2007, more than four years before plaintiffs filed their lawsuit.  No tolling doctrine applies.  Thus, Plaintiffs' claims for damages and injunctive relief are barred by the statute of limitations and/or the equitable doctrine of laches.

### SECOND DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of estoppel, waiver, and/or unclean hands, including to the extent that plaintiffs voluntarily continued to use Meta's services, including after learning of Meta's alleged scheme to deceive users regarding its privacy practices or after learning that Meta's privacy practices were allegedly different from users' expectations.

### THIRD DEFENSE

Plaintiffs' claims and those of putative class members are barred, in whole or in part, because the claims are subject to arbitration or another form of alternative dispute resolution.

### FOURTH DEFENSE

Meta's alleged activities do not give rise to antitrust liability, because notwithstanding any alleged adverse effects on competition, Meta had a legitimate business justification for the alleged activities, which is apparent on the face of the complaint, and which Meta intends to support through witness and expert testimony.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Dated:  March 10, 2022

Respectfully submitted,

By: */s/  Sonal N. Mehta*

SONAL N. MEHTA (SBN 222086)
  Sonal.Mehta@wilmerhale.com
WILMER CUTLER PICKERING HALE
AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, California 94306
Telephone: (650) 858-6000

DAVID Z. GRINGER (*pro hac vice*)
  David.Gringer@wilmerhale.com
WILMER CUTLER PICKERING HALE
AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, New York 10007
Telephone:  (212) 230-8800

ARI HOLTZBLATT (*pro hac vice*)
  Ari.Holtzblatt@wilmerhale.com
MOLLY M. JENNINGS (*pro hac vice*)
  Molly.Jennings@wilmerhale.com
WILMER CUTLER PICKERING HALE
AND DORR LLP
1875 Pennsylvania Ave NW
Washington, DC 20006
Telephone:  (202) 663-6000

*Attorneys for Defendant Meta Platforms, Inc.*

35   META'S ANSWER TO AMENDED CONSOLIDATED
CONSUMER CLASS ACTION COMPLAINT

1

## CERTIFICATE OF SERVICE

2

I hereby certify that on this 10th day of March, 2022, I electronically transmitted the

3

foregoing document to the Clerk's Office using the CM/ECF System.

4

5

                                             */s/  Sonal N. Mehta*
                                              Sonal N. Mehta

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

META'S ANSWER TO AMENDED CONSOLIDATED
                                          CONSUMER CLASS ACTION COMPLAINT