<u>**VIA CM/ECF FILING**</u>

March 10, 2022

The Honorable James Donato
San Francisco Courthouse, U.S. District Court
Courtroom 11 – 19th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Re: Joint Statement Regarding *Loveland/Rosenman* Actions and Quarterly Status Conference
<u>*Maximilian Klein et al. v. Meta Platforms, Inc.*</u>, Case No. 3:20-cv-08570-JD (N.D. Cal.)

Dear Judge Donato:

Pursuant to the Court's instructions during the Court's February 24, 2022 case management conference and the Court's subsequent order following that conference (Dkt. 232), the Consumer Plaintiffs, the Advertiser Plaintiffs, the *Loveland* Plaintiffs, the *Rosenman* Plaintiff, and Defendant Meta Platforms, Inc. write to provide the following updates to the Court.

**I.    Parties' Proposal Regarding Initial Date for Quarterly Status Conferences**

The parties agree that quarterly status conferences with the Court would be helpful and productive. The parties propose that—subject to the Court's availability—the first quarterly status conference occur on May 26, 2022, or soon thereafter.

**II.    Parties' Positions Regarding Disposition of the *Loveland* and *Rosenman* Actions**

Pursuant to the Court's instructions, the parties have conferred regarding the disposition of the *Loveland* and *Rosenman* actions. The parties' respective positions are set forth below.

**<u>Consumer Plaintiffs</u>.** After a number of individual actions were filed against Meta in December 2020 and the ensuing months, the Court consolidated the various actions under one lead docket, case name ("*Klein*"), and case number (20-cv-08570). *See*, *e.g.*, Dkts. 47, 50, 68. Generally speaking, the consolidated *Klein* action involves antitrust claims by two putative classes: (1) a putative "Consumer" class, consisting of individuals that use Meta's social networking and social media services; and (2) a putative "Advertiser" class, consisting of individuals and entities that purchased advertising services from Meta. The Court issued the first of its consolidation orders on February 9, 2021, and the Court has continued to consolidate various individual cases—including the *Rosenman* and *Loveland* cases—into the consolidated *Klein* action over time. Dkts. 47, 85, 140. Like Consumer Plaintiffs, the *Rosenman* and *Loveland* Plaintiffs are individuals that

use Facebook's social networking and social media services (the *Rosenman* and *Loveland* Plaintiffs' claims and allegations are not, however, identical to Consumer Plaintiffs').[1]

The Court established a leadership application process. Dkt. 47. At the conclusion of that process, the Court on March 18, 2021, appointed separate leadership counsel for the putative Consumer Class, on the one hand, and the putative Advertiser Class, on the other. Dkts. 73, 74. The Court also ordered each putative class to file a separate consolidated complaint. Dkt. 74.

Consumer Counsel are the Court-appointed leadership counsel for the putative Consumer Class.[2] The Consolidated Consumer Class Action Complaint (Dkt. 87) is the putative Consumer Class's complaint. The Consolidated Consumer Class Action Complaint identifies Maximilian Klein, Sarah Grabert, and Rachel Banks Kupcho as the proposed representatives of the putative Consumer Class. The time to add parties and claims has also now passed. Dkts. 115, 214. In any case, as the Court-appointed leadership counsel for the putative Consumer Class, Consumer Counsel do not wish, at this time, to: (a) add (or seek leave to add) the *Loveland* or *Rosenman* Plaintiffs' claims or allegations to the Consolidated Consumer Complaint; or (b) add (or seek leave to add) the *Loveland* or *Rosenman* Plaintiffs as proposed representatives of the putative Consumer Class. The *Loveland* and *Rosenman* Plaintiffs are akin to absent class members of the putative Consumer Class.

The other individual cases filed by other plaintiffs and counsel that were not selected for leadership—but which were consolidated into the *Klein* action—have not been "dismissed," *i.e.*, their individual cases retain inactive dockets. Consumer Plaintiffs believe that like treatment of the similarly-situated *Loveland* and *Rosenman* cases is appropriate, *i.e.*, dismissal of those cases is not required. While Consumer Plaintiffs do not believe that dismissal of the *Loveland* and *Rosenman* Plaintiffs' cases is required—and Meta provides no authority for this proposition—Consumer Plaintiffs do not oppose dismissal of those cases if that is the Court's preference.

As Consumer Plaintiffs explained previously, the *Loveland* and *Rosenman* Plaintiffs may not "elect"—and Meta cannot insist—that the *Loveland* and *Rosenman* Plaintiffs become named representatives of the putative Consumer Class or that their claims and allegations be added to the Consolidated Consumer Class Action Complaint. *See* Dkt. 193 at 2–3. Which allegations, claims, and proposed class representatives to put forth on the putative Consumer Class's behalf are decisions entrusted to the Court-appointed Consumer Counsel; as stated above, Consumer Counsel

---

[1] Consumer Plaintiffs assert monopolization and attempted monopolization claims under Section 2 of the Sherman Act based on Meta's allegedly obtaining and maintaining monopoly power through prolonged deception regarding its privacy and data collection and use practices. Unlike Consumer Plaintiffs, the *Rosenman* Plaintiff pursues a claim under California's Unfair Competition Law, while the *Loveland* Plaintiffs pursue allegations regarding Meta's purported content moderation on behalf of a "vaccine-hesitant" sub-class.

[2] Consumer Counsel—the Court-appointed leadership counsel for the putative Consumer Class—consists of counsel from Quinn Emanuel Urquhart & Sullivan, LLP; Hagens Berman Sobol Shapiro LLP; and Lockridge Grindal Nauen P.L.L.P.

do not wish, at this time, to add the *Loveland* or *Rosenman* claims, allegations, or plaintiffs to the Consolidated Consumer Class Action Complaint.[3]

**Advertiser Plaintiffs.**  Advertiser Plaintiffs take no position on the disposition of the *Loveland* and *Rosenman* actions.

***Loveland* Plaintiffs.**  *Loveland* Plaintiffs' case was consolidated in a brief order without specifics as to the nature of the consolidation.  Defendant takes the position that *Loveland* Plaintiffs must either be added as named Plaintiffs to the *Klein* Complaint, and their sub-class added, or dismiss their case outright.

*Loveland* Plaintiffs disagree.  *Loveland* Plaintiffs are open to being added as named Plaintiffs and their subclass added but understands the appointed class counsel does not agree to that solution.  *Loveland* Plaintiffs do not wish to, or intend to challenge the appointed class structure and will defer to them on this issue.  However, Plaintiffs should not be forced to dismiss their case without proper briefing on a properly noticed motion to dismiss.

*Loveland* Plaintiffs are willing to meet and confer with Defendant as to actual grounds for dismissal and to see if an amended complaint could fix those deficiencies. Thus far, Meta has simply demanded dismissal on the basis of the consolidation order and sought the same in an administrative motion.  *Loveland* Plaintiffs have prepared an amended complaint to present to Meta to facilitate this process further and would also meet and confer on a briefing schedule.

*Loveland* Plaintiffs are mindful of the Court's observations re a Stay and will thus withdraw that position.  If *Loveland* Plaintiffs cannot be added as named Plaintiffs and their subclass added to the Operative Complaint they should be allowed to proceed with their case against Facebook and the nature of the consolidation should be briefed before the Court.

***Rosenman* Plaintiff.**  Plaintiff Rosenman agrees that her action may be consolidated into the Consumer action and will not be separately litigated but reserves her right to ask the Court to consider her claim independently, only if the antitrust claims ultimately are dismissed.  The rationale is that while much, if not all, of the evidence will also apply to Plaintiff Rosenman's claims, Plaintiff Rosenman continues to maintain that her state law claims do not require establishing a violation of federal antitrust law and that her claims and allegations are not identical to Consumer Plaintiffs' claims, as even Consumer Counsel agrees, as noted above.  Plaintiff's proposal preserves Plaintiff's position, without interfering with the Consumer action.

---

[3]  The Court's order appointing leadership counsel instructed that "[o]ther than the Interim Class Counsel and Plaintiffs' Executive Committees, no other law firms shall work on the instant case without prior approval of the Court." Dkt. 73 at 2.  That order also explained that any request "for approval of additional Plaintiffs' counsel shall identify . . . why Interim Class Counsel and Plaintiffs' Executive Committees cannot perform these tasks." *Id*.  While Meta purports to take no position as to whether the *Loveland* or *Rosenman* Plaintiffs' counsel should be added to the Consumer Executive Committee, Consumer Counsel note—for the avoidance of doubt—that they have been pursuing and continue to pursue claims on behalf of the putative Consumer Class and do not seek to add other counsel to the Consumer Executive Committee at this time.

Consolidation is a matter of economy of administration to enable more efficient case management but does not change the rights of the parties. Therefore, the *Rosenman* action should be consolidated but not "for all purposes" and may be revisited in the event that the antitrust claims are dismissed. Further, Judge Koh's Order Denying Remand, referenced by Meta, was decided in the context of a motion to remand, did not address or opine on the scope of any consolidation, and does not prevent this Court from consolidating the *Rosenman* action as requested by Plaintiff.

**Meta.** User, *Loveland*, and *Rosenman* Plaintiffs' positions disregard logic, Judge Koh's rulings, and this Court's guidance that the appropriate disposition of the *Loveland* and *Rosenman* actions is to either "fold them in" to the putative User Class structure or "dismiss them." *See* Feb. 24, 2022 Hr'g. Tr. at 6:3-7. This has been Meta's position all along.

As explained in Meta's motion to clarify, Dkt. 190, allowing *Loveland* and *Rosenman* to proceed separately from the putative User Class structure would defeat the purposes of the consolidation orders, which necessarily recognized that the two cases raise substantially similar allegations as those raised by the putative User Class. *See* Dkt. 85 (consolidating *Rosenman*); *Rosenman v. Facebook*, No. 21-cv-02018, Dkt. 26 (denying Plaintiff Rosenman's motion for remand); Dkt, 140 (granting joint motion to relate and consolidating *Loveland*). There is no reason—and Plaintiffs provide none—why these Plaintiffs should receive special treatment.

To avoid duplication of labor, confusion, and unnecessary expense, *Loveland* and *Rosenman* Plaintiffs must be incorporated into the putative User Class, either as representative class members or as absent class members (through voluntary dismissal). Meta is amenable to either course of action, but, illustrating the need for a streamlined structure, the various Plaintiff groups continue to maintain opposing positions, none of which hold any water.

User Plaintiffs state without explanation that they are unwilling to incorporate *Loveland* and *Rosenman* into the Consumer Class except as absent class members. Users argue that (1) the deadline for amending pleadings has passed, and (2) *Loveland* and *Rosenman* Plaintiffs cannot choose to become named representatives of the putative User Class. The first argument is obviously pretextual. Users could seek leave to amend to add Plaintiff Loveland and Plaintiff Rosenman as named plaintiffs. And both of these arguments ignore the fact that, regardless of what User Counsel "wish[es]," the Court may order User Counsel to either file an amended complaint incorporating any unique allegations in *Loveland* and *Rosenman* and naming Sally Loveland and Shari Rosenman as representative plaintiffs to effect the consolidation that has already been ordered, or dismiss those cases. *See* Fed. R. Civ. P. 15 (permitting amendment of pleadings with court leave); Fed. R. Civ. P. 21 (permitting court at any time, on just terms, to add a party); Fed. R. Civ. P. 42 (granting court discretion to join, consolidate, or "issue any other orders to avoid unnecessary cost or delay").

User Plaintiffs next argue that they do not believe dismissal of the *Rosenman* and *Loveland* actions is necessary, based on the fact that the other cases consolidated with *Klein* and not chosen for leadership were not dismissed. But those other plaintiffs are not attempting to side-step consolidation by arguing that their claims should be separately adjudicated as both *Loveland* Plaintiffs and Plaintiff Rosenman are seeking to do. The discord between User Plaintiffs, the *Loveland* Plaintiffs and Plaintiff Rosenman on the status of these plaintiffs and the uncertainty

their proposals would inflict on the parties and the Court only highlight that the Court's initial response was correct.

*Loveland* Plaintiffs, on the other hand say that they are amenable to being added to the User Complaint, but for unspecified reasons do not press the point. However, instead of dismissal, the *Loveland* Plaintiffs wish to disregard the Court's consolidation order and now wish to proceed on behalf of their putative vaccine-hesitant subclass of Facebook users. This argument makes no sense. Allowing *Loveland* to proceed in parallel to Users' action would undermine the consolidation order and result in significant inefficiencies.

Taking a third position, Plaintiff Rosenman initially agrees to comply with the order consolidating her case—although she does not explain whether she prefers to proceed as a representative class member or an absent class member—but then purports to "reserve[] her right to ask the Court to consider her claim independently." That too makes no sense. Her arguments (which User Plaintiffs seem to join) that her claims do not require establishing a violation of federal antitrust law and that her claims and allegations are not "identical" to User' claims have already been considered and rejected. *See Rosenman*, No. 21-cv-02108, Dkt. 26 at 5-10 (denying Plaintiff Rosenman's motion for remand, finding that her case "requires application of federal antitrust laws," the resolution of which "could affect other cases being brought by consumers, advertisers, and federal agencies in federal court against Facebook under the Sherman Act" including *Klein*). Plaintiff Rosenman argues that the denial of her motion for remand does not bear on consolidation. Not so. In rejecting Plaintiff Rosenman's attempt to litigate her claims separately from *Klein*—with which her case had already been consolidated—Judge Koh ruled that her state law claim "relies on Facebook's alleged abuse of its monopoly position" which "is only actionable under Section 2 of the Sherman Act." *Id.* at 8. There is no separate claim to be resolved here and no opportunity for Plaintiff Rosenman to sit on the sidelines and wait for the consolidated case to be resolved and if she doesn't like the result try again. This status report is not the appropriate vehicle for a motion for reconsideration. While Plaintiff Rosenman might disagree with these decisions, she must abide by them. Plaintiff Rosenman's case has been consolidated with *Klein* and, as this Court has indicated, such consolidation should be "for all purposes." *See* Feb. 24, 2022 Hr'g. Tr. at 5:21-23. Plaintiff Rosenman gives no reason for the Court to order otherwise.

Meta respectfully requests the Court order that by March 24, 2022, Plaintiffs must either (1) file an amended User complaint that includes any unique allegations that *Loveland* and/or *Rosenman* Plaintiffs wish to add and adds the *Loveland* and *Rosenman* plaintiffs as named plaintiffs, or (2) if they choose not to do so, file a notice of dismissal. Consistent with Judge Koh's consolidation orders, Meta further asks the Court to order that no claims brought by the *Loveland* and *Rosenman* plaintiffs will be stayed or allowed to proceed outside of the consolidated action in parallel or subsequent to adjudication of the consolidated action (i.e., that the *Loveland* and *Rosenman* plaintiffs can either be named plaintiffs or absent class members but not both, not litigants that can successively assert their claims as they deem convenient). Meta takes no position on whether counsel for *Loveland* or *Rosenman* should be appointed to the interim class counsel leadership as members of the Executive Committee or otherwise.

5

DATED:  March 10, 2022
By */s/  Yavar Bathaee*
**BATHAEE DUNNE LLP**
Yavar Bathaee (Bar No. 282388)
  yavar@bathaeedunne.com
Edward M. Grauman (*pro hac vice*)
  egrauman@bathaeedunne.com
Andrew C. Wolinsky
  awolinsky@bathaeedunne.com
445 Park Avenue, 9th Floor
New York, NY 10022
Telephone: (332) 322-8835

Brian J. Dunne (Bar No. 275689)
  bdunne@bathaeedunne.com
633 West Fifth Street, 26th Floor
Los Angeles, CA 90071
Telephone: (213) 462-2772

By */s/  Kristen M. Anderson*
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
Kristen M. Anderson (Bar No. 246108)
  kanderson@scott-scott.com
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169
Telephone: (212) 233-6444

Christopher M. Burke (Bar No. 214799)
  cburke@scott-scott.com
David H. Goldberger (Bar No. 225869)
  dgoldberger@scott-scott.com
Yifan (Kate) Lv (Bar No. 302704)
  klv@scott-scott.com
600 W. Broadway, Suite 3300
San Diego, CA 92101
Telephone: (619) 233-4565

Respectfully submitted,
By */s/  Stephen A. Swedlow*
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Stephen A. Swedlow (*pro hac vice*)
  stephenswedlow@quinnemanuel.com
Michelle Schmit
  michelleschmit@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400

Kevin Y. Teruya (Bar No. 235916)
  kevinteruya@quinnemanuel.com
Adam B. Wolfson (Bar No. 262125)
  adamwolfson@quinnemanuel.com
Brantley I. Pepperman (Bar No. 322057)
  brantleypepperman@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000

Manisha M. Sheth (*pro hac vice*)
  manishasheth@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000

By */s/  Shana E. Scarlett*
**HAGENS BERMAN SOBOL SHAPIRO LLP**
Shana E. Scarlett (Bar No. 217895)
  shanas@hbsslaw.com
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000

Steve W. Berman (*pro hac vice*)
steve@hbsslaw.com
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292

Patrick J. McGahan (*pro hac vice*)
  pmcgahan@scott-scott.com
Michael P. Srodoski (*pro hac vice*)
  msrodoski@scott-scott.com
156 South Main Street, P.O. Box 192
Colchester, CT 06415
Telephone: (860) 537-5537

**LEVIN SEDRAN & BERMAN LLP**
Keith J. Verrier (*pro hac vice*)
  kverrier@lfsblaw.com
Austin B. Cohen (*pro hac vice*)
  acohen@lfsblaw.com
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Telephone: (215) 592-1500

**AHDOOT & WOLFSON, PC**
Tina Wolfson (Bar No. 174806)
  twolfson@ahdootwolfson.com
Robert Ahdoot (Bar No. 172098)
  rahdoot@ahdootwolfson.com
Theodore W. Maya (Bar No. 223242)
  tmaya@ahdootwolfson.com
Henry Kelston (*pro hac vice*)
  hkelston@ahdootwolfson.com
2600 West Olive Avenue, Suite 500
Burbank, CA 91505
Telephone: (310) 474-9111

*Interim Counsel for the Advertiser Class*

 By */s/ Jordan L. Lurie*
 **POMERANTZ LLP**
 Jordan L. Lurie (Bar No. 130013)
   jllurie@pomlaw.com
 Ari Y. Basser (Bar No. 272618)
   abasser@pomlaw.com
 1100 Glendon Avenue, 15th Floor
 Los Angeles, CA 90024
 Telephone: (310) 432-8492

*Attorneys for the Rosenman Plaintiff*

**LOCKRIDGE GRINDAL NAUEN P.L.L.P.**
W. Joseph Bruckner (*pro hac vice*)
  wjbruckner@locklaw.com
Robert K. Shelquist (*pro hac vice*)
  rkshelquist@locklaw.com
Brian D. Clark (*pro hac vice*)
  bdclark@locklaw.com
Rebecca A. Peterson (Bar No. 241858)
  rapeterson@locklaw.com
Arielle S. Wagner (*pro hac vice*)
  aswagner@locklaw.com
Kyle J. Pozan (admitted *pro hac vice*)
  kjpozan@locklaw.com
Laura M. Matson (admitted *pro hac vice*)
  lmmatson@locklaw.com
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900

*Interim Counsel for the Consumer Class*

By */s/ Samuel M. Brown*
**HENNIG KRAMER RUIZ & SINGH, LLP**
Rob Hennig (Bar No. 174646)
  rob@employmentattorneyla.com
Samuel M. Brown
  sam@employmentattorneyla.com
3600 Wilshire Blvd., Suite 1908
Los Angeles, CA 90010
Telephone: (213) 310-8301

*Attorneys for the Loveland Plaintiffs*

7

By: */s/ Sonal N. Mehta*
**WILMER CUTLER PICKERING HALE AND DORR LLP**
SONAL N. MEHTA (Bar No. 222086)
  Sonal.Mehta@wilmerhale.com
2600 El Camino Real, Suite 400
Palo Alto, California 94306
Telephone: (650) 858-6000

DAVID Z. GRINGER (*pro hac vice*)
  David.Gringer@wilmerhale.com
7 World Trade Center
250 Greenwich Street
New York, New York 10007
Telephone: (212) 230-8800

ARI HOLTZBLATT (*pro hac vice*)
  Ari.Holtzblatt@wilmerhale.com
MOLLY M. JENNINGS (*pro hac vice*)
  Molly.Jennings@wilmerhale.com
1875 Pennsylvania Ave NW
Washington, DC 20006
Telephone: (202) 663-6000

*Attorneys for Defendant Meta Platforms, Inc.*

## ATTESTATION OF BRANTLEY I. PEPPERMAN

This document is being filed through the Electronic Case Filing (ECF) system by attorney Brantley I. Pepperman.  By his signature, Mr. Pepperman attests that he has obtained concurrence in the filing of this document from each of the attorneys identified on the caption page and in the above signature block.

Dated:  March 10, 2022				By:  */s/ Brantley I. Pepperman*
							Brantley I. Pepperman

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of March 2022, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System, causing the document to be electronically served on all attorneys of record.

Dated:  March 10, 2022				By:  */s/ Brantley I. Pepperman*
							Brantley I. Pepperman