March 10, 2022                                                                                                                                        <u>*Via ECF*</u>

Hon. James Donato
U.S. District Court, N.D. Cal.
San Francisco Division
Courtroom 11 - 19th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

      Re:    <u>*Klein et al v. Meta Platforms*, No. 3:20-cv-08570, Dispute re Nonparty Subpoenas</u>

Dear Judge Donato:

      Pursuant to the Court's Standing Order and the Civil Local Rules, Plaintiffs Maximilian Klein, Sarah Grabert, and Rachel Banks Kupcho ("Consumers") submit this dispute regarding nonparty document subpoenas served by Defendant Meta Platforms, Inc. ("Facebook"). The parties met and conferred on March 10, 2022, and Consumers requested Facebook narrow or withdraw its requests seeking "all Documents and data" nonparties had relating to Consumers as well as Consumers' "Privacy Settings." Facebook refused to do so, stating the claims in this case put all of the Consumers' "activity on the internet at issue." Accordingly, Consumers move this Court to quash this request prior to the compliance date of all but one subpoena of March 28, 2022.

## I.    THE COURT HAS JURISDICTION AND CONSUMERS HAVE STANDING

      Facebook has issued 32 nonparty document subpoenas across the country, 26 of which include requests for "All Documents and data relating to each and every Named Plaintiff" as well as "Privacy Settings" for accounts associated with Consumers.[1] Fourteen of these subpoenas are within the jurisdiction of this District: Discord, LinkedIn, Netflix, PageBites, Pinterest, Signal, Smugmug, Tencent, Twitter, Zoom, Alpha Exploration, Nextdoor, Quora, and Yelp ("Nonparties"). *See* Attachment A (excerpt of subpoenas); Fed. R. Civ. P. 45(d)(3)(A) (granting jurisdiction where subpoenas require compliance).

      Facebook's unbounded requests seek—from over thirty nonparties and across an eighteen-year time period in some cases—all of Consumers' data and documents that have been collected, stored, or even deleted. Consumers have standing to move to quash under Rule 45, or seek a protective order under Rule 26, as the requests implicate their personal and protected data. *See Knoll, Inc. v. Moderno, Inc.*, 2012 WL 4466543, at *2 (N.D. Cal. 2012) (granting standing to a party when the party has "a personal right or privilege" in the information sought); *Crispin v. Christian Audigier, Inc.*, 717 F. Supp. 2d 965, 974 (C.D. Cal. 2010) (same, under Rule 45, for information in her "profile and inbox on a social networking site" and "webmail inbox."); *Koh v. S.C. Johnson & Son, Inc.*, 2011 WL 940227, at *2 (N.D. Cal. Feb. 18, 2011) (same, under Rule 45, "based on [their] own privacy rights and the irrelevance of the information sought").

---

[1] In a subpoena to Microsoft, Defendants further requested "Documents sufficient to show all Screen Time data or App Usage Data, web browser histories, Microsoft Store download information, and Documents and data concerning the use of Cortana You have collected related to each and every Named Plaintiff." Microsoft Corp. RFP No. 6.

## II.   FACEBOOK'S OVERBROAD AND DISPROPORTIONATE REQUEST SEEKS PRIVATE, IRRELEVANT, AND PRIVILEGED INFORMATION

In a case alleging Facebook obtained and maintained a monopoly by improperly accessing its users' private information, Facebook is now using its outsized pockets in discovery to once again gain improper access to Consumers' private information. Facebook's scorched-earth subpoenas seek documents in up to 76 requests (per subpoena) from 32 companies that span virtually all of Consumers' online activity. Consumers will let those companies address the burden these subpoenas impose.[2] Here, Consumers seek to quash two document requests: one that seeks "all" of their data, and another that seeks all of their privacy settings on non-Facebook platforms.

*First*, Facebook's request for "All Documents and data relating to each and every Named Plaintiff" is plainly overbroad. *See Hone v. Presidente U.S.A., Inc.*, 2008 WL 9010061, at *1–2 (N.D. Cal. July 21, 2008) (quashing nonparty subpoena to Yahoo! for "any and all electronic files" associated with plaintiff's account because defendants "want all of Hone's personal e-mails and instant messages for six *years*. This is the all too familiar fishing expedition") (emphasis in original); *In re Subpoena Duces Tecum to AOL, LLC*, 550 F. Supp. 2d 606, 612 (E.D. Va. 2008) (subpoena to AOL for emails over six-week period "overbroad"); *Koh*, 2011 WL 940227, at *4, *6 (quashing "wildly overbroad" request for "[a]ll documents related to [class action plaintiff's] purchases"). Facebook's request would sweep in virtually every action on the internet over nearly twenty years, including voice and text chats, professional or personal calls, purchases made, private posts or messages, professional posts or messages, short-form videos, movies and television shows watched, images saved or shared, neighborhood posts, video games played, and restaurants visited.

During the meet-and-confer, Defendants acknowledged only the sensitivity of attorney-client communication and medical information. Facebook's compromise, formalized in a later email, was for Consumers to propose a "process" to screen this information, effectively inviting Plaintiffs to shoulder the burden of filtering the ocean as they boil it. But Facebook has failed in the first instance to tailor both the recipients and the content of its subpoenas to the claims and defenses of this case (which involve only the social networking and social media markets), and instead seeks all information from companies as far afield as Epic Games and Shopify, and platforms like Microsoft and Samsung. *See* Dkt. 214 at 19 (motion to dismiss order stating that Facebook's "suggestion that all gaming, news, messaging, and other apps must be included in the same market is implausible"). Facebook cherry-picked one company, Netflix, and expressed skepticism that it could possibly collect or store users' protected information, but according to its own privacy policy, Netflix collects private data including "device identifiers, geo-location, browser type" and uses "cookies and web beacons" that permit it to track users across the internet.[3] Information that Consumers may have shared or had collected by the Nonparties says little about their expectations for the information they shared on Facebook. Consent to an action in one context does not provide consent to the same action in a different context. Consumers' claims are based on Facebook's deception as to its own privacy practices.

---

[2] Facebook seeks the same types of data it has successfully objected to producing as violating the Stored Communications Act. *See In re Facebook, Inc.*, 923 F. Supp. 2d 1204 (N.D. Cal. 2012).

[3] Kate O'Flaherty, *All the Ways Netflix Tracks You and What You Watch*, WIRED (Oct. 10, 2021), https://www.wired.co.uk/article/netflix-data-tracking-privacy.

***Second***, Facebook seeks documents that have little, if any, relevance to the claims and defenses in this case. Facebook has stated that discovery regarding Consumers' use of online services and privacy settings is relevant to market definition. Judge Koh has already viewed skeptically Facebook's claim that "online services"—the companies implicated by Facebook's subpoenas—make up the relevant market. Dkt. 214 at 9. Even if these other services were relevant, market definition does not turn on the "[d]ocuments and data" of these three individuals (out of a putative class of hundreds of millions). *See In re Aspartame Antitrust Litig.*, 2008 WL 2275528, at *4 (E.D. Pa. Apr. 8, 2008) (rejecting document request for class plaintiffs' sales "for the purposes of determining the market" because "[a]ny analysis of the multi-billion dollar aspartame market is unlikely to be at all affected by this information"); *cf. Castro v. Sanofi Pasteur Inc.*, 134 F. Supp. 3d 820, 846 (D.N.J. 2015) ("Defining the relevant market focuses on common data, expert analysis, and economic tests; such proof generally does not vary by class member.").

***Third***, the requested information is incredibly invasive to the point of harassment. Consumers have a human interest in their right to privacy and protected information. It is little consolation that a protective order would limit the audience only to opposing counsel. Facebook's request calls for this data to be produced directly to defense counsel without any review for privilege, privacy designations, or relevance. *See Kaisinger v. Walmart Stores, Inc.*, 2021 WL 5534692, at *1 n.1 (E.D. Pa. Apr. 2, 2021) (quashing subpoenas because "[a]lthough discovery is broad, it does not permit probing every aspect of a plaintiff's life"). Inquiries regarding Consumers' private conversations, games played, and videos watched are extremely invasive events for which Facebook has articulated little utility, since it has not meaningfully articulated the value of this information, particularly given the documents that Consumers have already produced to date, *e.g.*, screen time and battery reports showing their time spent using various apps.

Facebook's request should also be quashed to avoid chilling future class members' participation in meritorious cases. Giving up one's right to privacy should not come at the cost of serving as a class plaintiff. Enforcing Facebook's unbounded requests for "all" of Consumers' information from a variety of online services would discourage vital participation in class-action litigation. *See Martin v. ReliaStar Life Ins. Co.*, 2011 WL 13318490, at *3 (D. Minn. Oct. 26, 2011) (invasive discovery would obstruct "maintenance of class action suits contrary to the intent of Congress"); *Prado v. Equifax Info. Servs. LLC*, 331 F.R.D. 134, 138 (N.D. Cal. 2019) (similar); *In re Nissan Motor Corp. Antitrust Litig.*, 22 Fed. R. Serv. 2d 63 (S.D. Fla. 1975) (similar).

### III. FACEBOOK SEEKS TO END-RUN CONSUMERS' DISCOVERY OBJECTIONS

Consumers have engaged with Facebook in months-long negotiations regarding its objectionable document requests to Consumers. Several of its requests seek "[a]ll documents concerning" Consumers' use of, or data provided to, "any online services" during a now nineteen-year time period. In an effort to compromise, Consumers agreed to produce and have (with the assistance of a vendor) produced documents regarding their use of more than 30 online services, including their relevant emails and text messages, manual screenshots of their privacy settings (where available), and screentime and battery reports (reflecting app usage and "time spent" on their mobile devices). Nonetheless, Facebook demanded more and the same documents from more online services, declaring impasse on February 10. It has now served subpoenas seeking from Nonparties the same kind of objectionable information Consumers objected to. This end-run around Consumers' objections should be denied. *Cf. Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, 2019 WL 1236054, at *2 (N.D. Cal. Mar. 18, 2019) ("CMP may not use third party subpoenas to obtain information that the court declined to order Plaintiffs to produce.").

DATED: March 10, 2022

By /s/ Shana E. Scarlett
**HAGENS BERMAN SOBOL SHAPIRO LLP**
Shana E. Scarlett (Bar No. 217895)
 shanas@hbsslaw.com
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000

Steve W. Berman (*pro hac vice*)
steve@hbsslaw.com
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292


By /s/ Brian D. Clark
**LOCKRIDGE GRINDAL NAUEN P.L.L.P.**
 W. Joseph Bruckner (*pro hac vice*)
 wjbruckner@locklaw.com
 Robert K. Shelquist (*pro hac vice*)
 rkshelquist@locklaw.com
 Brian D. Clark (*pro hac vice*)
 bdclark@locklaw.com
 Rebecca A. Peterson (Bar No. 241858)
 rapeterson@locklaw.com
 Arielle S. Wagner (*pro hac vice*)
 aswagner@locklaw.com
 Kyle J. Pozan (admitted *pro hac vice*)
 kjpozan@locklaw.com
 Laura M. Matson (admitted *pro hac vice*)
 lmmatson@locklaw.com
 100 Washington Avenue South, Suite 2200
 Minneapolis, MN 55401
Telephone: (612) 339-6900

Respectfully submitted,

By /s/ Stephen A. Swedlow
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Stephen A. Swedlow (*pro hac vice*)
 stephenswedlow@quinnemanuel.com
Michelle Schmit
 michelleschmit@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400

Kevin Y. Teruya (Bar No. 235916)
 kevinteruya@quinnemanuel.com
Adam B. Wolfson (Bar No. 262125)
 adamwolfson@quinnemanuel.com
Brantley I. Pepperman (Bar No. 322057)
 brantleypepperman@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000

Manisha M. Sheth (*pro hac vice*)
 manishasheth@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000


*Interim Counsel for the Consumer Class*