UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

MAXIMILIAN KLEIN, et al.,

    Plaintiffs,

v.

META PLATFORMS, INC.,

    Defendant.

Case No. 20-cv-08570-JD (VKD)

**ORDER RE MOTIONS TO SEAL**

Re: Dkt. Nos. 184, 199

Plaintiffs move to seal portions of their brief (Dkt. No. 184-4) and Exhibits B-E, L and J to the Declaration of Brian Dunne (Dkt. Nos. 184-5 through 184-10) submitted in connection with a pending discovery dispute over an August 20, 2021 clawback notice regarding several email communications produced in discovery by defendant Meta Platforms, Inc. ("Meta"). Plaintiffs request sealing on the ground that Meta has designated most of the subject information (other than Exhibit J) as "Confidential" or "Highly Confidential" under the parties' stipulated protective order (Dkt. No. 111). Plaintiffs request sealing for Exhibit J only in "an abundance of caution," and they take no position on whether that information appropriately should be sealed. Dkt. No. 184 at 2.

Meta responds to plaintiffs' motion to seal by requesting sealing for only a subset of information identified in plaintiffs' briefs and exhibits. Specifically, Meta requests sealing only as to the names, initials, email addresses and telephone numbers of its current and former employees identified in those documents. Dkt. No. 195. Meta also separately moves to seal the same information contained in its opposition brief (Dkt. No. 199-5), the declaration of Michael Kirkland (Dkt. No. 199-7) and Exhibit 1 to the declaration of Molly Jennings (Dkt. No. 199-6) submitted in

1  connection with the pending discovery dispute.  Dkt. No. 199.  Meta agrees that the current and
2  former employees' roles and job titles at the company at the time of the communications may be
3  relevant, and Meta does not ask that such information be sealed.  Additionally, Meta does not
4  request that any portion of Exhibit J to Mr. Dunne's declaration be sealed.  *See* Dkt. No. 195-1.
5  Nor does Meta contend that any other contents of the subject documents be sealed.  *Id*.

6        There is a strong presumption in favor of access by the public to judicial records and
7  documents accompanying dispositive motions that can be overcome only by a showing of
8  "compelling reasons supported by specific factual findings."  *Kamakana v. City & Cnty. of*
9  *Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (internal quotation marks and citation omitted).
10  However, the presumption does not apply equally to a motion addressing matters that are only
11  "tangentially related to the merits of a case," *Ctr. for Auto Safety v. Chrysler Group, LLC*, 809
12  F.3d 1092, 1101 (9th Cir.), *cert. denied sub nom FCA U.S. LLC v. Ctr. for Auto Safety*, 137 S. Ct.
13  38 (2016).  A party seeking to seal documents or information in connection with such a motion
14  must meet the lower "good cause" standard of Fed. R. Civ. P. 26(c).  *Id*. at 1098-99; *Kamakana*,
15  447 F.3d at 1179-80.  "A 'good cause' showing will suffice to seal documents produced in
16  discovery," and "Rule 26(c) gives the district court much flexibility in balancing and protecting
17  the interests of private parties."  *Kamakana*, 447 F.3d at 1180.

18        The Court finds that the "good cause" standard applies to the present motions to seal,
19  which pertain to a discovery dispute over Meta's assertions of the attorney-client privilege over
20  the subject email communications.  Meta does not deny that the individuals in question have
21  "information and involvement in this particular matter."  Dkt. No. 195 at 4; Dkt. No. 199 at 3.
22  Nor does Meta contend that its current and former employees' names reveal confidential
23  information.  Rather, Meta argues that these individuals' names and contact information should be
24  sealed "given the current media attention to [Meta]" and the possibility that these individuals "may
25  receive unsolicited emails and phone calls from the press or members of the general public, which
26  could rise to the level of threats or harassment."  Dkt. No. 195 at 4; Dkt. No. 199 at 3.  Meta
27  further states that any such harassment, if it were to occur, "could result in decreased morale,
28  decreased productivity, and increased expenses."  Dkt. No. 195 at 4; Dkt. No. 199 at 3.

2

"The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana*, 447 F.3d at 1179. However, courts have sealed personal information "to protect an individual's privacy and prevent exposure to harm, particularly where the information relates to nonparties." *In re BofI Holding, Inc. Secs. Litig.*, No. 15-cv-2324-GPC-KSC, 2021 WL 3700749 at *8 (S.D. Cal. July 17, 2021) (sealing plaintiffs' Rule 26(a) initial disclosures in putative securities class action containing the names and contact information of witnesses, including confidential witnesses who participated in plaintiffs' pre-filing investigation on condition of anonymity). A party may meet its burden to establish that sealing is warranted where disclosure of the information would violate a legitimate privacy interest leading to risk of harm. *Shopify Inc. v. Express Mobile, Inc.*, No. 20-mc-80091-JSC, 2020 WL 4732334, at *9 n.12 & *11 (N.D. Cal. Aug. 14, 2020) (finding good cause to seal personal information in a privilege log, including names and email addresses of individuals connected to defendant and its patent agent who were "not involved with or incident to the current litigation" and where disclosure of the information would violate a "legitimate privacy interest," but denying a request to seal other references to employees' names and titles that did not otherwise reveal confidential information).

Meta's showing is not as strong as the circumstances presented in *In re BofI*, where there was evidence that defendants made misleading and improper contacts with the plaintiffs' confidential witnesses. Meta also does not claim that the names of its current and former employees reveal confidential information. At the same time, however, the individuals in question are not parties to this action, and their names and contact information are not germane to the resolution of the parties' pending discovery dispute. The Court therefore finds that the public's interest in access to that information is outweighed by the risk of possible harassment to the individuals in question. Accordingly, Meta's motion to seal its current and former employees' names, initials, and contact information is granted to protect these employees' privacy interests. Plaintiffs' motion to seal is granted only to the same extent that Meta's motion to seal has been granted; plaintiffs' motion to seal is otherwise denied. Within 7 days from the date of this order, the parties shall file revised redacted versions of their respective briefs and exhibits in compliance

1  with the rulings above.

2        This order does not preclude a subsequent order that the subject information properly should be part of the public record as the case progresses. *See Kamakana*, 447 F.3d at 1180 ("A 'good cause' showing will not, without more, satisfy a 'compelling reasons' test. . . . Different interests are at stake with the right of access than with Rule 26(c); with the former, the private interests of the litigants are not the only weights on the scale.").

**IT IS SO ORDERED.**

Dated: March 11, 2022

VIRGINIA K. DEMARCHI
United States Magistrate Judge