# EXHIBIT B

13.     Consumer Plaintiffs object to each Request, definition, or instruction on the grounds and to the extent that they call for the production of documents, data, or information protected by third parties' rights to privacy. Consumer Plaintiffs are not authorized to and cannot waive these privacy rights by the production of such documents.

14.     Nothing in Consumer Plaintiffs' responses and objections are intended or shall be construed or deemed to be an admission or waiver by Consumer Plaintiffs regarding any issue, including the relevance or admissibility of any documents, data information, or subject matter.

15.     Consumer Plaintiffs object to the definition of "Relevant Time Period" and the Requests in general as disproportionate on the grounds and to the extent that they purport to call for the production of documents, data, or information created up to nearly eighteen years before the filing of the Consumer Complaint and four-years before the Class Period defined in the Consumer Complaint, which begins on January 1, 2007. *See Klein v. Facebook, Inc.*, Case No. 5:20-cv-08570-LHK (N.D. Cal.), Dkt. 87, ¶ 248. In searching for and identifying responsive documents, data, or information, Consumer Plaintiffs will conduct a reasonable search of their records from January 1, 2007 to the present (to the extent that those records even exist and/or are reasonably accessible to Consumer Plaintiffs).

16.     Consumer Plaintiffs object to the definition of "Online services" as vague and ambiguous, as well as disproportionate, to the extent that it purports to require Consumer Plaintiffs to produce irrelevant documents, data, or information. In searching for and identifying responsive documents, data, or information, Consumer Plaintiffs will conduct a reasonable search of their records from social networking and social media services, applications, and websites.

17.     Consumer Plaintiffs object to Instruction No. 1 to the extent that it creates obligations that are in conflict with the terms of a stipulation between the parties (or Court order) concerning the logging of privileged or otherwise protected documents, data, or information. Where Instruction No. 1 conflicts with the Court's applicable order or the portions of the Privilege Protocol upon which the parties agree, Consumer Plaintiffs will comply with that order and those provisions. *See Klein v. Facebook, Inc.*, Case No. 5:20-cv-08570-LHK (N.D. Cal.), Dkts. 135-1, 153.

**SPECIFIC RESPONSES AND OBJECTIONS**

**REQUEST NO. 1:**

All documents concerning your accounts or profiles, including usernames, on any online services during the Relevant Time Period.

**RESPONSE TO REQUEST NO. 1:**

Consumer Plaintiffs object to this Request on the grounds set forth in detail above in their General Objections. Consumer Plaintiffs further object to this Request on the grounds that by seeking "[a]ll documents" concerning "any online services" on which Consumer Plaintiffs have created "accounts or profiles," the Request seeks documents concerning subject matters that are not relevant to any party's claims or defenses in this case and is unduly oppressive and harassing as it is not tailored in any way to address the issues raised by Consumer Complaint or any defenses thereto, especially to the extent that the Request implicates documents related to personal health, professional, or educational accounts or profiles or documents that are wholly unrelated to social networking and social media applications, such as medical, "news," and "ecommerce" services. Consumer Plaintiffs further object to this Request on the grounds that the burdens associated with collecting and producing all potentially responsive documents (to the extent that they are even accessible), which could include irrelevant documents from an eighteen-year time period, is not proportional to the needs of the case and would require Consumer Plaintiffs to use unreasonably burdensome or costly data recovery processes.

In response to this Request, and subject to and without waiving the foregoing General and Specific Objections, Consumer Plaintiffs will conduct a reasonably diligent search of Consumer Plaintiffs' records and will produce, to the extent that they exist and are within Consumer Plaintiffs' possession, custody, or control, any non-privileged, responsive documents sufficient to identify the accounts or profiles that Consumer Plaintiffs have used in connection with Consumer Plaintiffs' personal use of social networking and social media services, applications, and websites.

**REQUEST NO. 2:**

Documents sufficient to identify any online services that you maintain or ever maintained during the Relevant Time Period.

**RESPONSE TO REQUEST NO. 2:**

Consumer Plaintiffs object to this Request on the grounds set forth in detail above in their General Objections. Consumer Plaintiffs further object to this Request on the grounds that by seeking documents regarding "any online services that you maintain or ever maintained" since January 1, 2003, the Request seeks documents concerning subject matters that are not relevant to any party's claims or defenses in this case and is unduly oppressive and harassing, especially to the extent that the Request implicates documents that are wholly unrelated to social networking and social media applications, such as medical, "news," and "ecommerce" services. Consumer Plaintiffs further object to this Request on the grounds that the burdens associated with collecting and producing all potentially responsive documents (to the extent that they are even accessible), which could include documents from an eighteen-year time period, is not proportional to the needs of the case and would require Consumer Plaintiffs to use unreasonably burdensome or costly data recovery processes. Consumer Plaintiffs further object to this Request on the grounds that it is duplicative of Request No. 1, which seeks "[a]ll documents concerning your accounts or profiles . . . on any online services."

In response to this Request, and subject to and without waiving the foregoing General and Specific Objections, Consumer Plaintiffs will conduct a reasonably diligent search of Consumer Plaintiffs' records and will produce, to the extent that they exist and are within Consumer Plaintiffs' possession, custody, or control, any non-privileged, responsive documents sufficient to identify the accounts or profiles that Consumer Plaintiffs have used in connection with Consumer Plaintiffs' personal use of social networking and social media services, applications, and websites.

**REQUEST NO. 3:**

All documents concerning your reasons for creating any accounts or profiles on any online services during the Relevant Time Period.

**RESPONSE TO REQUEST NO. 3:**

Consumer Plaintiffs object to this Request on the grounds set forth in detail above in their General Objections. Consumer Plaintiffs further object to this Request on the grounds that by seeking documents relating to "any accounts or profiles on any online services" since January 1, 2003, the Request seeks documents concerning subject matters that are not relevant to any party's claims or defenses in this case and is unduly oppressive and harassing, especially to the extent that the Request implicates documents related to personal health, professional, or educational accounts or profiles or documents that are wholly unrelated to social networking and social media applications, such as medical, "news," and "ecommerce" services. Consumer Plaintiffs further object to this Request on the grounds that the burdens associated with collecting and producing all potentially responsive documents (to the extent that they are even accessible), which could include documents from an eighteen-year time period, is not proportional to the needs of the case and would require Consumer Plaintiffs to use unreasonably burdensome or costly data recovery processes. Consumer Plaintiffs further object to this Request on the grounds that it is duplicative of Request No. 1, which seeks "[a]ll documents concerning your accounts or profiles . . . on any online services."

In response to this Request, and subject to and without waiving the foregoing General and Specific Objections, Consumer Plaintiffs will conduct a reasonably diligent search of Consumer Plaintiffs' records and will produce, to the extent that they exist and are within Consumer Plaintiffs' possession, custody, or control, any non-privileged, responsive documents sufficient to identify the reasons Consumer Plaintiffs created the accounts or profiles that Consumer Plaintiffs have used in connection with Consumer Plaintiffs' personal use of social networking and social media services, applications, and websites.

**REQUEST NO. 4:**

All documents concerning any communications that you had on any online services during the Relevant Time Period.

**RESPONSE TO REQUEST NO. 4:**

Consumer Plaintiffs object to this Request on the grounds set forth in detail above in their General Objections. Consumer Plaintiffs further object to this Request on the grounds that by seeking "[a]ll document concerning any communications that you had on any online services" since January 1, 2003, the Request seeks documents concerning subject matters that are not relevant to any party's claims or defenses in this case and is unduly oppressive and harassing as the Request is not tailored in any way to address the issues raised by the Consumer Complaint or any defenses thereto, especially to the extent that the Request implicates documents related to personal health, professional, or educational accounts or profiles or documents that are wholly unrelated to social networking and social media applications, such as medical, "news," and "ecommerce" services.

Consumer Plaintiffs further object to this Request on the grounds that the burdens associated with collecting and producing all potentially responsive documents (to the extent that they are even accessible), which could include irrelevant documents (*e.g.*, "any communications") from an eighteen-year time period, is not proportional to the needs of the case and would require Consumer Plaintiffs to use unreasonably burdensome or costly data recovery processes, including, for example: (a) employing a collection specialist; (b) logging into each Consumer Plaintiff's accounts associated with "any online services" that that Consumer Plaintiff may have used in an eighteen-year time period on an account-by-account basis to determine whether any potentially responsive information is accessible through those accounts; (c) reviewing on an account-by-account basis the interface of and history for each account to determine whether any responsive information exists; and (d) to the extent any responsive information exists, either exporting that information into forms susceptible to document production (to the extent possible), or (if not possible) taking photographs or screenshots of that information.

1  Consumer Plaintiffs will meet and confer with Facebook regarding the subject matters
2  covered by this Request, as well as its scope. Consumer Plaintiffs will not produce any documents
3  in response to this Request unless and until the Parties have mutually agreed on the scope of
4  production and subject matters implicated by this Request.

**REQUEST NO. 5:**

Documents sufficient to identify your account or accounts on any online services during the Relevant Time Period, including without limitation, your user or login name(s) or other identifying information.

**RESPONSE TO REQUEST NO. 5:**

Consumer Plaintiffs object to this Request on the grounds set forth in detail above in their General Objections. Consumer Plaintiffs further object to this Request on the grounds that by seeking documents relating to "any online services that you maintain or ever maintained" since January 1, 2003, the Request seeks documents concerning subject matters that are not relevant to any party's claims or defenses in this case and is unduly oppressive and harassing, especially to the extent that the Request implicates documents that are wholly unrelated to social networking and social media applications, such as medical, "news," and "ecommerce" services. Consumer Plaintiffs further object to this Request on the grounds that the burdens associated with collecting and producing all potentially responsive documents (to the extent that they are even accessible), which could include documents from an eighteen-year time period, are not proportional to the needs of the case and would require Consumer Plaintiffs to use unreasonably burdensome or costly data recovery processes. Consumer Plaintiffs further object to this Request on the grounds that it is duplicative of Request No. 1, which seeks "[a]ll documents concerning your accounts or profiles . . . on any online services."

In response to this Request, and subject to and without waiving the foregoing General and Specific Objections, Consumer Plaintiffs will conduct a reasonably diligent search of Consumer Plaintiffs' records and will produce, to the extent that they exist and are within Consumer Plaintiffs'

possession, custody, or control, any non-privileged, responsive documents sufficient to identify the accounts or profiles that Consumer Plaintiffs have used in connection with Consumer Plaintiffs' personal use of social networking and social media services, applications, and websites.

**REQUEST NO. 6:**

All documents concerning the time or attention that you gave to or spent on any online services during the Relevant Time Period, including but not limited to web browser history, internet access data, or screen time reports.

**RESPONSE TO REQUEST NO. 6:**

Consumer Plaintiffs object to this Request on the grounds set forth in detail above in their General Objections. Consumer Plaintiffs further object to this Request on the grounds that the Request is vague and ambiguous as to the sorts of documents being sought. Consumer Plaintiffs further object to this Request on the grounds that by requesting that Consumer Plaintiffs produce "web browser history, internet access data, or screen time reports," the Request seeks documents concerning subject matters that are not relevant to any party's claims or defenses in this case and is unduly oppressive and harassing, especially to the extent that the Request implicates documents related to personal health, professional, or educational accounts or profiles or documents that are wholly unrelated to social networking and social media applications, such as medical, "news," and "ecommerce" services. Consumer Plaintiffs further object to this Request on the grounds that the Request seeks documents that are not in the possession, custody, or control of Consumer Plaintiffs and are equally available to Facebook. Consumer Plaintiffs further object to the burdens of production associated with this Request, as the Request calls for documents within the files of Facebook and, if anything, is more accessible to Facebook than to Consumer Plaintiffs.

Consumer Plaintiffs further object to this Request on the grounds that the burdens associated with collecting and producing any potentially responsive documents are not proportional to the needs of the case and would require Consumer Plaintiffs to use unreasonably burdensome or costly data recovery processes (particularly to the extent that the Request purports to require Consumer

1  Plaintiffs to continue producing this information throughout discovery) including, for example: (a)
2  employing a collection specialist; (b) forensically imaging each Consumer Plaintiff's devices—such
3  as each computer and mobile device (to the extent each device is even accessible)—on a device-by-
4  device basis; (c) rendering the electronically stored information collected from each forensic image
5  so that that information can be reviewed; (d) reviewing the electronically stored information
6  collected so that web browser history (which may require additional steps where an individual has
7  multiple web browsers installed on any given device), internet access data, and screen time reports
8  may be culled from forensic images and exported into forms susceptible to document production,
9  to the extent possible; and (e) to the extent that any responsive information exists, either exporting
10 that information into forms susceptible to document production (to the extent possible), or (if not
11 possible) taking photographs or screenshots of that information.
12         Consumer Plaintiffs will meet and confer with Facebook regarding the subject matters
13 covered by this Request, as well as its scope.  Consumer Plaintiffs will not produce any documents
14 in response to this Request unless and until the Parties have mutually agreed on the scope of
15 production and subject matters implicated by this Request.
16
17 **REQUEST NO. 7:**
18         All documents concerning the data or personal information that you gave to or shared with
19 or on any online services during the Relevant Time Period.
20
21 **RESPONSE TO REQUEST NO. 7:**
22         Consumer Plaintiffs object to this Request on the grounds set forth in detail above in their
23 General Objections.  Consumer Plaintiffs further object to this Request on the grounds that the
24 Request is vague and ambiguous as to the sorts of documents being sought.  Consumer Plaintiffs
25 further object to this Request because the undefined terms "gave to or shared with or on" are vague
26 and ambiguous.  Consumer Plaintiffs further object to this Request on the grounds that by seeking
27 "[a]ll documents concerning . . . data or personal information that you gave to or shared with or on
28 any online services" since January 1, 2003, the Request seeks information that is not relevant to any

party's claims or defenses and is unduly oppressive and harassing, especially to the extent that the Request implicates documents related to personal health, professional, or educational accounts or profiles or documents that are wholly unrelated to social networking and social media applications, such as medical, "news," and "ecommerce" services. Consumer Plaintiffs further object to the burdens of production associated with this Request, as the Request calls for documents within the files of Facebook and third parties and, if anything, are more accessible to Facebook or those third parties than to Consumer Plaintiffs.

Consumer Plaintiffs further object to this Request on the grounds that the burdens associated with collecting and producing all potentially responsive documents (to the extent that they are even accessible), is not proportional to the needs of the case and would require Consumer Plaintiffs to use unreasonably burdensome or costly data recovery processes, including, for example: (a) employing a collection specialist; (b) forensically imaging each of Consumer Plaintiffs' devices—such as each computer and mobile device (to the extent each device is even accessible)—on a device-by-device basis; (c) rendering the electronically stored information collected from each forensic image so that that information can be reviewed; (d) reviewing the electronically stored information collected so that any responsive information can be culled from forensic images and exported into forms susceptible to document production, to the extent possible; (e) logging into each Consumer Plaintiff's accounts associated with "any online services" that that Consumer Plaintiff may have used in an eighteen-year time period on an account-by-account basis to determine whether any other potentially responsive information is accessible through those accounts; (f) reviewing on an account-by-account basis the interface of and settings for each account to determine whether any responsive information exists; and (g) to the extent that any responsive information exists, either exporting that information into forms susceptible to document production (to the extent possible), or (if not possible) taking photographs or screenshots of that information.

Consumer Plaintiffs will meet and confer with Facebook regarding the subject matters covered by this Request, as well as its scope. Consumer Plaintiffs will not produce any documents in response to this Request unless and until the Parties have mutually agreed on the scope of production and subject matters implicated by this Request.

**RESPONSE TO REQUEST NO. 9:**

Consumer Plaintiffs object to this Request on the grounds set forth in detail above in their General Objections. Consumer Plaintiffs further object to this Request on the grounds that the burdens associated with collecting and producing all potentially responsive documents (to the extent that they are even accessible), which could include irrelevant documents from an eighteen-year time period, is not proportional to the needs of the case and would require Consumer Plaintiffs to use unreasonably burdensome or costly data recovery processes. Consumer Plaintiffs further object to this Request on the grounds that it is duplicative of Request No. 1, which seeks "[a]ll documents concerning your accounts or profiles . . . on any online services," and Request No. 3, which seeks "[a]ll documents concerning your reasons for creating any accounts or profiles on any online services."

In response to this Request, and subject to and without waiving the foregoing General and Specific Objections, Consumer Plaintiffs will conduct a reasonably diligent search of Consumer Plaintiffs' records and will produce, to the extent that they exist and are within Consumer Plaintiffs' possession, custody, or control, any non-privileged, responsive documents sufficient to identify the reasons that Consumer Plaintiffs use and/or have used Facebook and Facebook's family of products.

**REQUEST NO. 10:**

All documents concerning your reasons for using any online services during the Relevant Time Period.

**RESPONSE TO REQUEST NO. 10:**

Consumer Plaintiffs object to this Request on the grounds set forth in detail above in their General Objections. Consumer Plaintiffs further object to this Request on the grounds that by seeking documents relating to "any online services" Consumer Plaintiffs have "us[ed]" since January 1, 2003, the Request seeks documents concerning subject matters that are not relevant to any party's claims or defenses in this case and is unduly oppressive and harassing, especially to the extent that the Request implicates documents related to personal health, professional, or educational

accounts or profiles or documents that are wholly unrelated to social networking and social media applications, such as medical, "news," and "ecommerce" services. Consumer Plaintiffs further object to this Request on the grounds that the burdens associated with collecting and producing all potentially responsive documents (to the extent that they are even accessible), which could include documents from an eighteen-year time period, is not proportional to the needs of the case and would require Consumer Plaintiffs to use unreasonably burdensome or costly data recovery processes. Consumer Plaintiffs further object to this Request on the grounds that it is duplicative of Request No. 1, which seeks "[a]ll documents concerning your accounts or profiles . . . on any online services," and Request No. 3, which seeks "[a]ll documents concerning your reasons for creating any accounts or profiles on any online services."

In response to this Request, and subject to and without waiving the foregoing General and Specific Objections, Consumer Plaintiffs will conduct a reasonably diligent search of Consumer Plaintiffs' records and will produce, to the extent that they exist and are within Consumer Plaintiffs' possession, custody, or control, any non-privileged, responsive documents sufficient to identify the reasons that Consumer Plaintiffs have used social networking and social media services, applications, and websites in their personal capacities.

**REQUEST NO. 11:**

All documents (including but not limited to any communications) concerning Facebook (as defined above).

**RESPONSE TO REQUEST NO. 11:**

Consumer Plaintiffs object to this Request on the grounds set forth in detail above in their General Objections. Consumer Plaintiffs further object to this Request on the grounds that by seeking "[a]ll documents . . . concerning Facebook," the Request seeks documents concerning subject matters that are not relevant to any party's claims or defenses in this case and is unduly oppressive and harassing as the Request is not tailored in any way to address the issues raised by Consumer Complaint or any defenses thereto. Consumer Plaintiffs further object to this Request on

the grounds that the burdens associated with collecting and producing all potentially responsive documents (to the extent that they are even accessible) is not proportional to the needs of the case and would require Consumer Plaintiffs to use unreasonably burdensome or costly data recovery processes.  Consumer Plaintiffs further object to the burdens of production associated with this Request, as the Request calls for documents within the files of Facebook and, if anything, is more accessible to Facebook than to Consumer Plaintiffs.

Consumer Plaintiffs will meet and confer with Facebook regarding the subject matters covered by this Request, as well as its scope.  Consumer Plaintiffs will not produce any documents in response to this Request unless and until the Parties have mutually agreed on the scope of production and subject matters implicated by this Request.

**REQUEST NO. 12:**

All documents (including but not limited to any communications) concerning any online services during the Relevant Time Period.

**RESPONSE TO REQUEST NO. 12:**

Consumer Plaintiffs object to this Request on the grounds set forth in detail above in their General Objections.  Consumer Plaintiffs further object to this Request on the grounds that by seeking "[a]ll documents . . . concerning any online services" since January 1, 2003, the Request seeks documents concerning subject matters that are not relevant to any party's claims or defenses in this case and is unduly oppressive and harassing as the Request is not tailored in any way to address the issues raised by Consumer Complaint or any defenses thereto, especially to the extent that the Request implicates documents related to personal health, professional, or educational accounts or profiles or documents that are wholly unrelated to social networking and social media applications, such as medical, "news," and "ecommerce" services.  Consumer Plaintiffs further object to this Request on the grounds that the burdens associated with collecting and producing all potentially responsive documents (to the extent that they are even accessible), which could include irrelevant documents from an eighteen-year time period, is not proportional to the needs of the case

and would require Consumer Plaintiffs to use unreasonably burdensome or costly data recovery processes. This Request seeks "[a]ll documents"—which includes data and communications—and therefore asks Consumer Plaintiffs to produce all data and communications for every website and application ever used or visited, for every device (*e.g.*, computers, smartphones, tablets, streaming devices, and smart home devices), for the last eighteen years.

Consumer Plaintiffs will meet and confer with Facebook regarding the subject matters covered by this Request, as well as its scope. Consumer Plaintiffs will not produce any documents in response to this Request unless and until the Parties have mutually agreed on the scope of production and subject matters implicated by this Request.

**REQUEST NO. 13:**

All documents concerning Facebook's privacy protections, privacy policies, or privacy practices, including but not limited to documents sufficient to show all privacy settings on your accounts with Facebook (as defined above).

**RESPONSE TO REQUEST NO. 13:**

Consumer Plaintiffs object to this Request on the grounds set forth in detail above in their General Objections. Consumer Plaintiffs further object to the burdens of production associated with this Request, as the Request calls for documents within the files of Facebook and, if anything, is more accessible to Facebook than to Consumer Plaintiffs. For example, documents concerning Facebook's privacy practices (excluding those that have been publicized) are exclusively in the possession, custody, or control of Facebook.

Consumer Plaintiffs further object to this Request on the grounds that the burdens associated with collecting and producing all potentially responsive documents (to the extent that they are even accessible) would require Consumer Plaintiffs to use unreasonably burdensome or costly data recovery processes, including, for example: (a) employing a collection specialist; (b) logging into each Consumer Plaintiff's accounts associated with Facebook and its family of products on an account-by-account basis; (c) utilizing each product's "Download Your Information" tool and then

-17-                              Case No. 5:20-cv-08570-LHK
CONSUMER PLAINTIFFS' RESPONSES AND OBJECTIONS TO FACEBOOK'S FIRST SET OF RFPs

downloading that information on an account-by-account basis; (d) reviewing the information downloaded from each account to determine what, if any, potentially responsive information exists; (e) to the extent that any responsive information exists, either exporting that information into forms susceptible to document production (to the extent possible), or (if not possible) taking photographs or screenshots of that information; and (e) logging into each Consumer Plaintiff's accounts associated with Facebook and its family of products on an account-by-account basis, locating each privacy setting for each account, reviewing each privacy setting for each account to determine whether any responsive information exists, and then either exporting that information (to the extent possible) into forms susceptible to document production, or (if not possible) taking screenshots or photographs of each privacy setting for each account.[1]

In response to this Request, and subject to and without waiving the foregoing General and Specific Objections, Consumer Plaintiffs will conduct a reasonably diligent search of Consumer Plaintiffs' records and will produce, to the extent that they exist and are within Consumer Plaintiffs' possession, custody, or control, any non-privileged, responsive documents sufficient to show Consumer Plaintiffs' privacy settings on Facebook and Facebook's family of products.

**REQUEST NO. 14:**

All documents concerning the privacy protections, privacy policies, or privacy practices of any online services that you used during the Relevant Time Period, including but not limited to documents sufficient to show all privacy settings on all your accounts.

**RESPONSE TO REQUEST NO. 14:**

Consumer Plaintiffs object to this Request on the grounds set forth in detail above in their General Objections. Consumer Plaintiffs further object to this Request on the grounds that by seeking "[a]ll documents" regarding the privacy settings of "any online services that you have used"

---

[1] *See In re Facebook, Inc. Consumer Privacy User Profile Litig.*, Case No. 3:18-md-02843-VC (N.D. Cal.), Dkt. 589 at 37:2–3 (statement from Facebook's counsel that "We have looked into this extensively, and Facebook accounts are not made for production in litigation[.]").

1  since January 1, 2013, the Request is unduly oppressive and harassing and seeks documents
2  concerning subject matters that are not relevant to any party's claims or defenses in this case,
3  especially to the extent that the Request implicates documents related to personal health,
4  professional, or educational accounts or profiles or documents that are wholly unrelated to social
5  networking and social media applications, such as medical, "news," and "ecommerce" services.
6  Consumer Plaintiffs further object to the burdens of production associated with this Request, as the
7  Request calls for documents within the files of Facebook and third parties (and not Consumer
8  Plaintiffs) and, if anything, are more accessible to Facebook or those third parties than to Consumer
9  Plaintiffs.
10         Consumer Plaintiffs further object to this Request on the grounds that the burdens associated
11 with collecting and producing all potentially responsive documents (to the extent that they are even
12 accessible) would require Consumer Plaintiffs to use unreasonably burdensome or costly data
13 recovery processes, including, for example: (a) employing a collection specialist; (b) determining if
14 a "Download Your Information" or other similar tool exists for each Consumer Plaintiff's accounts
15 associated with "any online services" that that Consumer Plaintiff may have used during an
16 eighteen-year time period; (c) to the extent such a tool for the service affiliated with that account
17 exists, utilizing that service's "Download Your Information" tool and then downloading that
18 information on an account-by-account basis; (d) reviewing any information downloaded from each
19 account to determine what, if any, potentially responsive information exists; (e) to the extent that
20 any responsive information exists, either exporting that information into forms susceptible to
21 document production (to the extent possible), or (if not possible) taking photographs or screenshots
22 of that information; and (f) logging into each Consumer Plaintiff's accounts associated with "any
23 online services" that that Consumer Plaintiff may have used during an eighteen-year time period,
24 locating each privacy setting for each account, reviewing each privacy setting for each account to
25 determine whether any responsive information exists, and then either exporting that information (to
26 the extent possible) into forms susceptible to document production, or (if not possible) taking
27 screenshots or photographs of each privacy setting for each account.
28

==In response to this Request, and subject to and without waiving the foregoing General and Specific Objections, Consumer Plaintiffs will conduct a reasonably diligent search of Consumer Plaintiffs' records and will produce, to the extent that they exist and are within Consumer Plaintiffs' possession, custody, or control, any non-privileged, responsive documents sufficient to show Consumer Plaintiffs' privacy settings on social networking and social media services, applications, and websites that Consumer Plaintiffs have used in their personal capacities.==

**REQUEST NO. 15:**

All documents concerning the allegation that you "care[] about [your] online privacy," including but not limited to the privacy protections, privacy policies, or privacy practices of any device in your possession or control that is connected to the internet or otherwise capable of remote or wireless connection, including but not limited to any "smart" devices such as speakers (*e.g.*, Amazon Echo), televisions, cameras, tablets, or any other devices able to connect, share or interact with its users and other devices.

**RESPONSE TO REQUEST NO 15:**

Consumer Plaintiffs object to this Request on the grounds set forth in detail above in their General Objections. Consumer Plaintiffs further object to this Request on the grounds that by seeking documents relating to privacy settings on "any device in your possession or control that is connected to the internet or otherwise capable of remote or wireless connection, including . . . speakers[,] . . . televisions, cameras, tablets or any other devices," the Request seeks documents concerning subject matters that are not relevant to any party's claims or defenses in this case and is unduly oppressive and harassing, especially to the extent that the Request implicates devices or settings of persons other than named Consumer Plaintiffs or devices or settings wholly unrelated to social networking and social media services. Consumer Plaintiffs further object to this Request on the grounds that the burdens associated with collecting and producing all potentially responsive documents (to the extent that they are even accessible) would require Consumer Plaintiffs to use unreasonably burdensome or costly data recovery processes, including, for example: (a) employing