# EXHIBIT J

(Filed Under Seal)

Brian Dunne

| | |
|---|---|
| **Subject:** | RE: External: RE: Facebook Antitrust: Plaintiffs' Proposed Revisions to 502(d) Order and Proposed Briefing Schedule |
| **Date:** | Thursday, November 4, 2021 at 10:06:56 AM Pacific Daylight Time |
| **From:** | Jennings, Molly <Molly.Jennings@wilmerhale.com> |
| **To:** | Brian Dunne <bdunne@bathaeedunne.com>, Brantley Pepperman <brantleypepperman@quinnemanuel.com>, WH Facebook Private Antitrust Litigation Service List <WHFacebookPrivateAntitrustLitigationServiceList@wilmerhale.com> |
| **CC:** | QE Facebook Antitrust <qefacebookantitrust@quinnemanuel.com>, Shana Scarlett <shanas@hbsslaw.com>, Clark, Brian D. <bdclark@locklaw.com>, Peterson, Rebecca A. <rapeterson@locklaw.com>, Pozan, Kyle J. <kjpozan@locklaw.com>, FB Advertiser Counsel <FB_AdvertiserCounsel@scott-scott.com> |

Brian,

Thank you for your email. We appreciate the confirmation of the basis for your challenge.

In response to your questions, Ms. Hahn was a functional employee of Facebook at the time the challenged emails were sent, based on the following facts:
- Facebook classified Hahn as a contingent worker from June 1, 2011 to May 21, 2018.
- At the time Hahn began working for Facebook, its communications team was small, and some areas of the business lacked dedicated communications support. Outcast was retained to fill the gap where full-time Facebook employees were not available.
- Accordingly, Hahn was integrated into and was an integral member of Facebook's in-house communications team.
- Hahn reported to a Facebook employee.
- Hahn was routinely entrusted with important matters for the Facebook communications team. For example, she:
    - Routinely interacted with the business without another member of Facebook's communications team present.
    - Acted as a communications representative on behalf of the company at major events, including the annual F8 conference for developers and Oculus Connect events.
    - Staffed executives for major press interviews.
    - Interacted with press on Facebook's behalf just like a full-time member of Facebook's communications team would.
- Hahn was subject to both a non-disclosure agreement and a confidentiality agreement.
- Hahn had badge access to Facebook facilities and routinely worked on the Facebook campus with other members of the communications team.

Based on these facts, there should be no legitimate dispute that Ms. Hahn was a functional employee. If you disagree, please explain the basis for that disagreement so that we can meet and confer on it.

We have stated the basis for our argument that the emails were produced inadvertently to the FTC in our prior filings. If you have some explanation for why you seem to have reversed Plaintiffs' prior position that "where there's a mass production like Facebook has done here . . . we would be very hard pressed to make a case to your Honor that any production in there was intentional as opposed to inadvertent," May 25 Hr'g Tr. 7:10-12, we would appreciate hearing it.

And, we appreciate the confirmation that you do not intend to use the redacted material in your briefing. To avoid inundating the court with largely duplicative email chains, we would suggest that the parties agree on a

representative sample to submit for *in camera* review.  We propose submitting PALM-002018614, PALM-002018621, and PALM-002033279.

Thanks,

Molly

---

**From:** Brian Dunne <bdunne@bathaeedunne.com>
**Sent:** Tuesday, November 2, 2021 9:10 PM
**To:** Jennings, Molly <Molly.Jennings@wilmerhale.com>; Brantley Pepperman <brantleypepperman@quinnemanuel.com>; WH Facebook Private Antitrust Litigation Service List <WHFacebookPrivateAntitrustLitigationServiceList@wilmerhale.com>
**Cc:** QE Facebook Antitrust <qefacebookantitrust@quinnemanuel.com>; Shana Scarlett <shanas@hbsslaw.com>; Clark, Brian D. <bdclark@locklaw.com>; Peterson, Rebecca A. <rapeterson@locklaw.com>; Pozan, Kyle J. <kjpozan@locklaw.com>; FB Advertiser Counsel <FB_AdvertiserCounsel@scott-scott.com>
**Subject:** Re: External: RE: Facebook Antitrust: Plaintiffs' Proposed Revisions to 502(d) Order and Proposed Briefing Schedule

**EXTERNAL SENDER**

Molly, thank you for your prompt response on the joint filing and the future exchange schedule. I write specifically on the issue of the Vol. 04 clawback. As you know—because Facebook has known about this for weeks now, and this has in fact been argued to the Court—Plaintiffs are currently preparing a motion that challenges Facebook's Clawback Vol. 04 that argues:

(1)  The redacted communications in Clawback Vol. 04, based on their context (principally unredacted communications in the same email thread), their senders/recipients, and Facebook's clawback log descriptions, do not appear attorney-client privileged under applicable law, including because they do not appear to be confidential requests for legal advice. Because, right now, we can't see the clawed back information, we're going to make our case based on context and envelope information, plus applicable law—and request *in camera* review by Judge DeMarchi, which is a necessity given that Facebook won't agree to a sequester for this volume.

(2)  Each redacted communication in Clawback Vol. 04 was sent to an admitted non-employee of Facebook, which is the entity claiming attorney-client privilege over those communications. That non-employee, Rebecca Hahn, is (again, admittedly) not Facebook's attorney, or an attorney at all. Communications sent to and by neither attorney nor client are not confidential attorney-client communications. Under Ninth Circuit law, it is Facebook's burden to establish that Ms. Hahn was a functional employee with respect to each redacted communication. Facebook has offered no facts on this score. We're currently writing our motion. Facebook has known about this for weeks, and has declined to offer any specific assertions on any issue that might establish that Ms. Hahn was a functional employee of Facebook at the time of, and in the context of, the redacted communications.

   If Facebook plans to argue that Ms. Hahn was a functional employee, it should send us whatever facts in believes pertinent to that determination by no later than tomorrow evening, so that we are appropriately on notice to write our brief. We don't need a declaration in tomorrow's email; just the facts that Facebook will be establishing through a declaration or other competent evidence at the motion stage, so that we're on notice as we write our motion. If we see a bunch of facts—or any, really—on this issue for the first time in Facebook's opposition to our motion, I'll note this very email (the one right here, requesting that Facebook send us written notice of any facts it believes establish that Ms. Hahn was a functional employee) to the Court. I'll also note

(but the Court will recall, since we had a hearing and briefing on it) that Facebook has known about the Hahn issue for months, since it decided her communications were privileged—and has known that we would be moving on Ms. Hahn's documents in Vol. 04 for several weeks.

(3) Each redacted communication was, apparently, produced in unredacted form to the FTC (and potentially other entities) years ago in civil proceedings. This waives privilege, unless Facebook can establish inadvertence. Yet Facebook has, to date, offered no specific facts as to its past production of these documents.

If Facebook plans to argue that its production was inadvertent, it should send us whatever facts in believes pertinent to that determination by no later than tomorrow evening, so that we are appropriately on notice to write our brief. Again, we're not asking for evidence—just the facts Facebook will attempt to establish in motion briefing, so that we're on notice for our motion, which again, is being drafted as we speak. As with the functional employee issue, Facebook has known about this argument for weeks, and even told the Court in a filing that its production of Vol. 04 documents was "inadvertent." If Facebook wants to do more than just assert that conclusion, it should provide us a writing by tomorrow evening about what its contentions are.

Absent the above, a late-week phone call, after our motion is already on the eve of filing, seems like it would be a bit of a farce. Facebook already knows what we're arguing, yet Facebook has offered us no written explanation or assertion of *any* facts that it contends establish that Ms. Hahn is a functional employee, or that the Vol. 04 materials were inadvertently produced. If Facebook is planning to tell Plaintiffs these facts on a late-week meet-and-confer, let's please skip a step, and please provide them in a letter to Plaintiffs sent by the end of the day tomorrow. Then Plaintiffs will not be unfairly prejudiced writing our motion; Plaintiffs will understand exactly what facts Facebook contends are material regarding Ms. Hahn's employment situation (right now, Facebook has provided us not a single fact about Ms. Hahn); Plaintiffs will understand exactly what facts Facebook contends are material to inadvertence regarding its past production(s) of Vol. 04 materials (right now, Facebook has not even told us exactly whom these communications were produced to, when, and in what context); and with that timely response by Facebook, Plaintiffs can not only write our motion, but we can actually meaningfully attempt to narrow ultimate motion scope through a Thursday or Friday meet-and-confer.

Best,
Brian

---

**From:** Jennings, Molly <Molly.Jennings@wilmerhale.com>
**Sent:** Tuesday, November 2, 2021 5:18:39 PM
**To:** Brantley Pepperman <brantleypepperman@quinnemanuel.com>; WH Facebook Private Antitrust Litigation Service List <WHFacebookPrivateAntitrustLitigationServiceList@wilmerhale.com>
**Cc:** QE Facebook Antitrust <qefacebookantitrust@quinnemanuel.com>; Shana Scarlett <shanas@hbsslaw.com>; Clark, Brian D. <bdclark@locklaw.com>; Peterson, Rebecca A. <rapeterson@locklaw.com>; Pozan, Kyle J. <kjpozan@locklaw.com>; FB Advertiser Counsel <FB_AdvertiserCounsel@scott-scott.com>
**Subject:** External: RE: Facebook Antitrust: Plaintiffs' Proposed Revisions to 502(d) Order and Proposed Briefing Schedule

Brant,

Thank you. The joint filing for today looks good. You may insert my /s signature. Thanks for handling the filing.

As to the meet and confer, Plaintiffs did not inform us that they planned to challenge the underlying privilege determination (separate from any question of whether production to the FTC waived privilege) until after we previously met and conferred. Nor have we received any response to our explanation that Ms. Hahn was a functional employee and that Plaintiffs' belated challenge to the underlying privilege assertion is also meritless. If Plaintiffs would like to meet-and-confer on those issues, we are available in the windows we proposed. And, if Plaintiffs have any basis for arguing that Ms. Hahn is not a functional employee, please let us know before that meet and confer so that we can come prepared to address your concerns.

Finally, the proposed schedule of exchanges on the 502(d) filing should work for us.

Thanks,

Molly

---

**From:** Brantley Pepperman <brantleypepperman@quinnemanuel.com>
**Sent:** Tuesday, November 2, 2021 5:46 PM
**To:** Jennings, Molly <Molly.Jennings@wilmerhale.com>; WH Facebook Private Antitrust Litigation Service List <WHFacebookPrivateAntitrustLitigationServiceList@wilmerhale.com>
**Cc:** QE Facebook Antitrust <qefacebookantitrust@quinnemanuel.com>; Shana Scarlett <shanas@hbsslaw.com>; Clark, Brian D. <bdclark@locklaw.com>; Peterson, Rebecca A. <rapeterson@locklaw.com>; Pozan, Kyle J. <kjpozan@locklaw.com>; FB Advertiser Counsel <FB_AdvertiserCounsel@scott-scott.com>
**Subject:** RE: Facebook Antitrust: Plaintiffs' Proposed Revisions to 502(d) Order and Proposed Briefing Schedule

**EXTERNAL SENDER**

Molly,

Thank you for your email. Plaintiffs' responses are below.

### Briefing Schedule for August 20, 2021 Clawback Notice Dispute

To avoid an unnecessary dispute, and in light of Facebook's agreement to the 10-day period that Plaintiffs proposed would govern opening and response briefs for purposes of future clawback disputes, Plaintiffs will accommodate Facebook's request for additional time to file a response brief as to Facebook's August 20 clawback notice. To confirm, Plaintiffs agree to the following schedule:

- Plaintiffs to file opening brief on November 8, 2021;
- Facebook to file response brief on November 23, 2021.

In response to your question, Plaintiffs agree that, unless requested or ordered by the Court, there will be no replies or sur-replies on this issue. That is consistent with the briefing mechanism that Plaintiffs proposed in the revised 502(d) order for future clawback disputes as well.

### Remaining Disputes Regarding 502(d) Order Modifications + Requests for Meet-and-Confer

As to Facebook's edits to Plaintiffs' proposed, revised 502(d) order, we appreciate you sending them. Plaintiffs believe that two disputes remain: (1) the receiving party's use of clawed back documents to challenge a clawback notice; and (2) Facebook's proposed addition to Section 1 of the 502(d) order.

We are still conferring as to folks' availabilities during the times you proposed for meeting-and-conferring on these disputes and on the backup systems dispute.  We will get back to you with our availability.

To the extent that Facebook proposes further meeting and conferring regarding the August 20 clawback notice, can you please provide us with additional information regarding the subjects on which Facebook proposes meeting and conferring?  For example, does Facebook intend to raise new bases or evidence in support of its privilege claims beyond what the parties have already discussed, briefed, and raised at the October 26, 2021 hearing?  If so, Facebook should provide notice of that information in advance of any meet and confer regarding the August 20 clawback notice dispute.

**<u>Proposed Submission for Today for Facebook's Consideration</u>**

For purposes of the submission that Judge DeMarchi requested we make today, Plaintiffs have prepared the attached joint letter brief for Facebook's consideration.  The proposed submission advises Judge DeMarchi of the agreed-upon briefing schedule for the August 20 clawback notice dispute.  The proposed submission also proposes that the parties submit any remaining disputes regarding modifications to the 502(d) order by letter brief on Wednesday, November 10.  For purposes of exchanges leading up to the November 10 date, Plaintiffs propose the following schedule:

- Monday, November 8 at 12:00 pm PST – parties exchange draft inserts of letter brief;
- Tuesday, November 9 at 12:00 pm PST – parties exchange responsive edits to letter brief;
- Wednesday, November 10 at 12:00 pm PST – parties exchange any final responsive edits, and Plaintiffs file letter brief.

Please let us know if these proposals and the attached draft submission are agreeable to Facebook.  Plaintiffs are happy to complete today's joint filing.

Thanks,

Brant


**Brantley Pepperman**
*Associate*
Quinn Emanuel Urquhart & Sullivan, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
213-443-3561 Direct
213-443-3000 Main Office Number
213-443-3100 Fax
brantleypepperman@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Jennings, Molly <Molly.Jennings@wilmerhale.com>
**Sent:** Monday, November 1, 2021 6:39 PM
**To:** Brantley Pepperman <brantleypepperman@quinnemanuel.com>; WH Facebook Private Antitrust Litigation Service List <WHFacebookPrivateAntitrustLitigationServiceList@wilmerhale.com>
**Cc:** QE Facebook Antitrust <qefacebookantitrust@quinnemanuel.com>; Shana Scarlett <shanas@hbsslaw.com>; Clark, Brian D. <bdclark@locklaw.com>; Peterson, Rebecca A. <rapeterson@locklaw.com>; Pozan, Kyle J. <kjpozan@locklaw.com>; FB Advertiser Counsel <FB_AdvertiserCounsel@scott-scott.com>
**Subject:** RE: Facebook Antitrust: Plaintiffs' Proposed Revisions to 502(d) Order and Proposed Briefing Schedule

[EXTERNAL EMAIL from molly.jennings@wilmerhale.com]

Brant,

Thank you for the draft 502(d) order. A clean version and a version reflecting our redlines to your version is attached.

On the briefing schedule, we would propose the following. (Although we are generally in agreement that the 10-day period for an opposition brief is appropriate, in light of the extended period of time you have had to prepare your brief since the first meet-and-confer, we would ask for just a couple of extra business days on our opposition.)

- Plaintiffs to file opening brief on November 8, 2021
- Facebook to file response brief on November 23, 2021

We took from last week's hearing that there would be no replies or sur-replies on this issue—it seems that Plaintiffs agree, given that you proposed a two-step briefing schedule, but please let me know if I'm mistaken.

Finally, let us know if you would like to meet-and-confer further on these issues before filing your brief. We can either address these issues at the same times that we proposed for a meet-and-confer on the backup systems dispute this Thursday, November 4 (i.e., between 11AM and 12:30PM ET, or 4-5PM ET), or on Friday, November 5 between 12:30PM and 1:30PM ET.

Thanks,

Molly

**From:** Brantley Pepperman <brantleypepperman@quinnemanuel.com>
**Sent:** Friday, October 29, 2021 5:29 PM
**To:** WH Facebook Private Antitrust Litigation Service List <WHFacebookPrivateAntitrustLitigationServiceList@wilmerhale.com>
**Cc:** QE Facebook Antitrust <qefacebookantitrust@quinnemanuel.com>; Shana Scarlett <shanas@hbsslaw.com>; Clark, Brian D. <bdclark@locklaw.com>; Peterson, Rebecca A. <rapeterson@locklaw.com>; Pozan, Kyle J. <kjpozan@locklaw.com>; FB Advertiser Counsel <FB_AdvertiserCounsel@scott-scott.com>
**Subject:** Facebook Antitrust: Plaintiffs' Proposed Revisions to 502(d) Order and Proposed Briefing Schedule

EXTERNAL SENDER

Counsel,

Consumer Plaintiffs and Advertiser Plaintiffs write to follow up on Judge DeMarchi's instructions during this week's hearing and Judge DeMarchi's order (Dkt. 171) following that hearing.

Consistent with Judge DeMarchi's instructions and order, Plaintiffs propose the attached revisions to the Rule Rule 502(d) order in this case. Redlines reflecting those changes are also attached.

As for the remaining dispute as to Facebook's August 20, 2021 clawback notice, Plaintiffs propose the following briefing schedule (consistent with the terms and mechanism set forth in Plaintiffs' proposed Revised 502(d) order):
- Plaintiffs to file opening brief on November 8, 2021
- Facebook to file response brief on November 18, 2021 (within ten calendar days).

Thanks,

Brant

**Brantley Pepperman**
*Associate*
Quinn Emanuel Urquhart & Sullivan, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
213-443-3561 Direct
213-443-3000 Main Office Number
213-443-3100 Fax
brantleypepperman@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.