| | |
|---|---|
| 1 | WILMER CUTLER PICKERING |
|   |  HALE AND DORR LLP |
| 2 | SONAL N. MEHTA (SBN 222086) |
| 3 |  Sonal.Mehta@wilmerhale.com |
|   | 2600 El Camino Real, Suite 400 |
| 4 | Palo Alto, California 94306 |
|   | Telephone: (650) 858-6000 |
| 5 | |
|   | DAVID Z. GRINGER (*pro hac vice*) |
| 6 |  David.Gringer@wilmerhale.com |
|   | 7 World Trade Center |
| 7 | 250 Greenwich Street |
| 8 | New York, New York 10007 |
|   | Telephone: (212) 230-8800 |
| 9 | |
|   | ARI HOLTZBLATT (*pro hac vice*) |
| 10|  Ari.Holtzblatt@wilmerhale.com |
|   | MOLLY M. JENNINGS (*pro hac vice*) |
| 11|  Molly.Jennings@wilmerhale.com |
|   | 1875 Pennsylvania Ave NW |
| 12| Washington, DC 20006 |
| 13| Telephone: (202) 663-6000 |
| 14| *Attorneys for Defendant Meta Platforms, Inc.* |

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| MAXIMILIAN KLEIN, et al., on behalf of themselves and all others similarly situated, | Case No. 3:20-cv-08570-JD |
| Plaintiffs, | **[PROPOSED] ORDER ON MOTION TO DISMISS FIRST AMENDED CONSOLIDATED ADVERTISER CLASS ACTION COMPLAINT** |
| v. | |
| META PLATFORMS, INC., a Delaware Corporation headquartered in California, | Judge: Hon. James Donato |
| Defendant. | |

1 **[PROPOSED] ORDER ON MOTION TO DISMISS**

2   Businesses and entities who claim to have purchased advertising from Meta bring three
3 claims on behalf of two putative classes of Facebook advertisers. Counts I and II allege violations
4 of Section 2 of the Sherman Act, 15 U.S.C. § 2, for monopolization (Count I) and attempted
5 monopolization (Count II) of an alleged "social advertising" market. Count III alleges a violation
6 of Section 1 of the Sherman Act, 15 U.S.C. § 1, relating to an alleged agreement between Facebook
7 and Google.

8   Counts I and II are dismissed because it is clear on the face of Plaintiffs' complaint that
9 both the alleged "Copy, Acquire, Kill" scheme and the alleged "Entry and Capture" scheme
10 occurred outside the applicable statutes of limitations and the continuing violation doctrine does
11 not apply. *Samsung Elecs. Co. v. Panasonic Corp.*, 747 F.3d 1199, 1202 (9th Cir. 2014). The
12 doctrine of laches, which in this context is governed by the same principle as the statute of
13 limtations, bars Counts I and II to the extent they seek equitable relief. *Oliver v. SD-3C LLC*, 751
14 F.3d 1081, 1086 (9th Cir. 2014).

15   Independently, Counts I and II are dismissed because: (1) Plaintiffs have not plausibly
16 alleged that the "Entry and Capture" scheme and the "Copy, Acquire, Kill" scheme had any
17 anticompetitive effect in the alleged social advertising market. *Brantley v. NBC Universal, Inc.*,
18 675 F.3d 1192, 1198 (9th Cir. 2012); *FTC v. Qualcomm Corp.*, 969 F.3d 974, 993 (9th Cir. 2020);
19 *Reveal Chat Holdco, LLC v. Facebook, Inc.*, 471 F. Supp. 3d 981 (N.D. Cal. 2020). (2) The "Copy,
20 Acquire, Kill" scheme is not cognizable to the extent it is premised on a refusal-to-deal theory,
21 *Qualcomm*, 969 F.3d at 999-1000; *FTC v. Facebook, Inc.*, 2021 WL 2643627, at *17 (D.D.C. June
22 28, 2021). (3) Plaintiffs have not adequately alleged that either scheme caused them antitrust
23 injury. *See Somers v. Apple Inc.*, 729 F.3d 953, 963 (9th Cir. 2013); *American Ad Mgmt., Inc. v.*
24 *General Tel. Co. of Cal.*, 190 F.3d 1051, 1055 (9th Cir. 1999); *Feitelson v. Google Inc.*, 80 F.
25 Supp. 3d 1019, 1029 (N.D. Cal. 2015).

26   Count III is dismissed as to Plaintiffs Affilious, Inc., Jessyca Frederick, Mark Young d/b/a
27 Dinkum Hair, Joshua Jeon, and 406 Property Services, PLLC. These Plaintiffs did not purchase
28 advertising from Meta after September 2018, the date Plaintiffs allege the agreement was executed,

so they lack Article III and antitrust standing to challenge the agreement. *See TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2204-2205 (2021); *Jones v. Micron Tech. Inc.*, 400 F. Supp. 3d 897, 907-912 (N.D. Cal. 2019).

IT IS HEREBY ORDERED: Meta's Motion to Dismiss the First Amended Consolidated Advertiser Class Action Complaint is GRANTED. The Court holds further amendment would be futile and dismisses with prejudice. *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2009).

DATED: _____

_____
HON. JAMES DONATO
United States District Judge

Submitted by:

WILMER CUTLER PICKERING HALE AND DORR LLP

By:   */s/ Sonal N. Mehta*
       SONAL N. MEHTA

*Attorney for Defendant Meta Platforms, Inc.*