**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Stephen A. Swedlow (admitted *pro hac vice*)
  stephenswedlow@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
(312) 705-7400

**HAGENS BERMAN SOBOL SHAPIRO LLP**
Shana E. Scarlett (Bar No. 217895)
  shanas@hbsslaw.com
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
(510) 725-3000

*Interim Co-Lead Consumer Class Counsel*

[Additional counsel listed on signature page]

**WILMER CUTLER PICKERING HALE AND DORR LLP**
SONAL N. MEHTA (SBN 222086)
Sonal.Mehta@wilmerhale.com
2600 El Camino Real, Suite 400
Palo Alto, California 94306
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

DAVID Z. GRINGER (*pro hac vice*)
David.Gringer@wilmerhale.com
7 World Trade Center
250 Greenwich Street
New York, New York 10007
Telephone: (212) 230-8800
Facsimile: (212) 230-8888

ARI HOLTZBLATT (*pro hac vice*)
Ari.Holtzblatt@wilmerhale.com
MOLLY M. JENNINGS (*pro hac vice*)
Molly.Jennings@wilmerhale.com
1875 Pennsylvania Ave NW
Washington, DC 20006
Telephone: (202) 663-6000
Facsimile: (202) 663-6363

*Attorneys for Defendant Meta Platforms, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| MAXIMILIAN KLEIN, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> META PLATFORMS, INC., <br><br> Defendant. <br><br> This Document Relates To: All Actions | Consolidated Case No. 3:20-cv-08570-JD <br><br> **JOINT STIPULATION BETWEEN CONSUMER PLAINTIFFS AND DEFENDANT META PLATFORMS, INC. REGARDING PENDING DISCOVERY DISPUTES AS TO "ONLINE SERVICES" AND INTERROGATORIES** <br><br> The Hon. James Donato |

# JOINT STIPULATION

WHEREAS, Defendant Meta Platforms, Inc. ("Meta") served its first set of requests for production of documents to Consumer Plaintiffs Maximilian Klein, Sarah Grabert, and Rachel Banks Kupcho ("Consumer Plaintiffs") on August 25, 2021;

WHEREAS, Meta's first set of requests for production of documents to Consumer Plaintiffs seeks discovery regarding "online services," which the requests define as "any public-facing internet website, web application, digital application or other service provided online in any form or by any method, including but not limited to email or messaging services, and any news, ecommerce, entertainment, streaming video, streaming audio, television, or gaming services, applications, or websites";

WHEREAS, Consumer Plaintiffs served their responses and objections to Meta's first set of requests for production of documents on September 24, 2021;

WHEREAS, Consumer Plaintiffs' responses and objections to Meta's first set of requests for production of documents specifically objected to Meta's definition of "online services";

WHEREAS, Consumer Plaintiffs on December 17, 2021 identified having maintained accounts on the following 32 online services:

| December 17, 2021 Online Services ||||
|---|---|---|---|
| Amazon Family of Services | Google Family of Services | Overstock | Target |
| Apple Family of Services | HBO Max | Pandora | The Gap Family of Retailers |
| CNN | Hulu | Peacock | TikTok |
| Comcast | Instacart | Pinterest | Twitter |
| Discord | Instagram | Signal | Walmart |
| Disney+ | Like to Know It | Skype | Washington Post |
| ESPN | LinkedIn | Snapchat | Wayfair |
| Facebook | Moment Garden | Spotify | WhatsApp |

("December 17, 2021 Online Services");

WHEREAS, Consumer Plaintiffs have produced responsive documents concerning the December 17, 2021 Online Services in response to Meta's first set of document requests to Consumer Plaintiffs;

WHEREAS, Meta propounded its first sets of interrogatories to Consumer Plaintiffs and Advertiser Plaintiffs on January 7, 2022, seeking, as to Consumer Plaintiffs only, information regarding Consumer Plaintiffs' use of and privacy settings on "online services" (based on the same definition of "online services" as contained in Meta's first set of document requests to Consumer Plaintiffs, to which Consumer Plaintiffs objected);

WHEREAS, Consumer Plaintiffs served their objections to Meta's first set of interrogatories on February 7, 2022;

WHEREAS, Consumer Plaintiffs' objections to Meta's first set of interrogatories specifically objected to Meta's definition of "online services";

WHEREAS, Meta on February 23, 2022, filed a discovery letter brief requesting that the Court compel Consumer Plaintiffs to provide responses to certain of Meta's first set of interrogatories (Dkt. 230);

WHEREAS, Meta subpoenaed certain nonparty online services on February 23 and March 3, 2022, and those subpoenas contain certain document requests regarding Consumer Plaintiffs' purported use of and privacy settings on those online services;

WHEREAS, Consumer Plaintiffs on March 10, 2022, served objections to Meta's February 23 and March 3, 2022 nonparty online services subpoenas;

WHEREAS, Consumer Plaintiffs on March 10, 2022, filed a discovery letter brief seeking to quash or modify certain of Meta's nonparty subpoenas to online services which sought from those nonparties documents and information regarding Consumer Plaintiffs (Dkt. 249);

WHEREAS, Meta on March 14, 2022, filed a discovery letter brief requesting that the Court compel Consumer Plaintiffs to produce documents regarding online services beyond those that comprise the December 17, 2021 Online Services (Dkt. 254);

WHEREAS, Consumer Plaintiffs opposed Meta's document request and interrogatory letter briefs and Meta opposed Consumer Plaintiffs' nonparty subpoena letter brief (Dkts. 259, 267, 269);

WHEREAS, the Court on March 23, 2022, ordered the parties' lead counsel to meet-and-confer by April 8, 2022, for four hours regarding the parties' interrogatories dispute;

WHEREAS, lead counsel for the parties met-and-conferred for more than four hours on April 8, 2022, on the parties' pending disputes regarding Meta's document requests, interrogatories, and nonparty subpoenas as to Consumer Plaintiffs' use of and privacy settings on "online services";

WHEREAS, the parties further met-and-conferred on April 14, 2022, on these pending disputes;

ACCORDINGLY, Consumer Plaintiffs and Meta, by and through their respective counsel, hereby stipulate and agree as follows:

1. Consumer Plaintiffs agree that Consumer Plaintiffs will conduct a reasonable search for battery reports, screen time reports, and documents showing privacy settings for accounts maintained by Consumer Plaintiffs, if any, for the following 67 online services (which are in addition to the 32 December 17, 2021 Online Services listed above):

| **April 15, 2022 Additional Online Services** | | | |
|---|---|---|---|
| Aloha | FrontPorchForum | Nintendo | Stir |
| ATT.com (DirecTV Streaming) | Fy! | Outlook | Telegram |
| BingRewards | Groupon | Paramount Plus | Triller |
| Bumble | Haiku | Peacock | Tumblr |
| Cash App | Houseparty | Picsart | Untappd |
| Clubhouse | Ibotta | Pic Stitch | Venmo |
| Costco | IMDb | PlayStation | Viber |
| Craigslist | Macy's | Poshmark | Vimeo |
| Discovery Plus | Marco Polo | PotteryBarn | Webull |
| eBay | Michaels | Quora | WeChat |

| **April 15, 2022 Additional Online Services** | | | |
|---|---|---|---|
| Electronic Arts | Medium | Reddit | Wordle |
| Etsy | Microsoft, including but not limited to Bing and Xbox | Robinhood | Wyze |
| E*Trade | Myspace | SeekingAlpha | Yahoo |
| Facebook Messenger | NBC Sports | SHEIN | Yelp |
| FanDuel | Netflix | Shutterfly | Zacks.com |
| Flickr | Newsweek | Starz | Zoom |
| Friendster | Nextdoor | Steam | |

("April 15, 2022 Additional Online Services"). Consumer Plaintiffs further agree to produce this information—to the extent reasonably accessible—no later than June 15, 2022. To the extent Consumer Plaintiffs assert that documents regarding the April 15, 2022 Additional Online Services are not reasonably accessible, Consumer Plaintiffs further agree to explain the basis for that assertion in good faith and upon reasonable inquiry. For the avoidance of doubt, Meta agrees not to seek from Consumer Plaintiffs any documents beyond battery reports, screen time reports, and documents showing privacy settings regarding Consumer Plaintiffs for any of the April 15, 2022 Additional Online Services, aside from Microsoft Outlook (discussed below). Meta similarly agrees not to seek from Consumer Plaintiffs any other written discovery—aside from responses to Interrogatories No. 3-4—from Consumer Plaintiffs regarding Consumer Plaintiffs for any of the April 15, 2022 Additional Online Services.

2.      Meta agrees that absent a showing of good cause, Meta will not seek from Consumer Plaintiffs any discovery, with the exception of depositions of Consumer Plaintiffs, regarding any additional online services beyond the December 17, 2021 Online Services, or beyond the April 15, 2022 Additional Online Services. Meta reserves all rights to question Consumer Plaintiffs at any deposition regarding any appropriate subject, including any additional online service, and does not waive by virtue of this stipulation any scope of questioning. Consumer Plaintiffs reserve their rights

related to any deposition of them, and do not waive—by virtue of this stipulation—Consumer Plaintiffs' objections at deposition, including related to any questioning by Meta regarding any online services.

3.   For any online services that comprise the December 17, 2021 Online Services and the April 15, 2022 Additional Online Services, which Meta has already served or does in the future serve with subpoenas that seek documents or information regarding any of Consumer Plaintiffs, Meta agrees not to seek documents or information from those nonparty online services regarding Consumer Plaintiffs beyond battery reports, screen time reports, time spent and app usage data (including but not limited to login frequency, and documents sufficient to show the functionalities the Consumer Plaintiffs use and for how long, with respect to each functionality), and documents showing applicable privacy settings and privacy policies for Consumer Plaintiffs' accounts, if any. For the avoidance of doubt, Meta will not seek any substantive content regarding Consumer Plaintiffs from any non-party.  Meta otherwise reserves its rights as to any nonparty subpoena that it may serve in the future to any online service beyond the online services that comprise the December 17, 2021 Online Services and the April 15, 2022 Additional Online Services.  Consumer Plaintiffs reserve their rights and objections regarding any nonparty subpoena to any online service that Meta may serve in the future, including any nonparty beyond the online services that comprise the December 17, 2021 Online Services and the April 15, 2022 Additional Online Services.

4.   For the avoidance of doubt, to the extent that a Consumer Plaintiff has responsive documents or electronically stored information maintained through Microsoft Outlook or one of the December 17, 2021 Online Services, the parties' stipulation does not exempt Consumer Plaintiffs from their discovery obligations pursuant to discovery requests, consistent with the parties' currently-agreed upon ESI Protocol and any future ESI order that the Court may enter.

5.   Consumer Plaintiffs and Meta have resolved the discovery disputes raised in the following discovery letter briefs: Dkt. 230 (Meta's interrogatories); Dkt. 249 (Consumer Plaintiffs' request to quash or modify certain of Meta's nonparty subpoenas); and Dkt. 254 (the definition of "online services" for Meta's document requests to Consumer Plaintiffs).

1        6.      Consumer Plaintiffs will—based on the information currently available to them, and subject to supplementation pursuant to Fed. R. Civ. P. 26(e)—respond to Meta's Interrogatories No. 1-2 by April 29, 2022. Consumer Plaintiffs will respond to Meta's Interrogatories No. 3-4 by June 15, 2022.

      7.      Meta will, within three business days of this filing, provide a copy of this stipulation to all nonparties it has subpoenaed for documents or information regarding Consumer Plaintiffs. Meta will also provide a copy of this stipulation to any nonparty to whom it may, in the future, issue a subpoena that seeks documents or information regarding Consumer Plaintiffs; Meta will do so within 3 business days of service of any such subpoena.

| | |
|---|---|
| DATED: April 19, 2022 | Respectfully submitted, |
| By: */s/ Shana E. Scarlett* <br> **HAGENS BERMAN SOBOL SHAPIRO LLP** <br> Shana E. Scarlett (Bar No. 217895) <br>   shanas@hbsslaw.com <br> 715 Hearst Avenue, Suite 202 <br> Berkeley, CA 94710 <br> (510) 725-3000 <br><br> Steve W. Berman (admitted *pro hac vice*) <br>   steve@hbsslaw.com <br> 1301 Second Avenue, Suite 2000 <br> Seattle, WA 98101 <br> (206) 623-7292 | By: */s/ Stephen A. Swedlow* <br> **QUINN EMANUEL URQUHART & SULLIVAN, LLP** <br> Stephen A. Swedlow (admitted *pro hac vice*) <br>   stephenswedlow@quinnemanuel.com <br> Michelle Schmit (admitted *pro hac vice*) <br>   michelleschmit@quinnemanuel.com <br> 191 N. Wacker Drive, Suite 2700 <br> Chicago, IL 60606-1881 <br> (312) 705-7400 <br><br> Kevin Y. Teruya (Bar No. 235916) <br>   kevinteruya@quinnemanuel.com <br> Adam B. Wolfson (Bar No. 262125) <br>   adamwolfson@quinnemanuel.com <br> Brantley I. Pepperman (Bar No. 322057) <br>   brantleypepperman@quinnemanuel.com <br> 865 South Figueroa Street, 10th Floor <br> Los Angeles, CA 90017-2543 <br> (213) 443-3000 <br><br> Manisha M. Sheth (admitted *pro hac vice*) <br>   manishasheth@quinnemanuel.com <br> 51 Madison Avenue, 22nd Floor <br> New York, New York 10010 <br> (212) 849-7000 <br><br> By: */s/ Brian D. Clark* <br> **LOCKRIDGE GRINDAL NAUEN P.L.L.P.** <br> W. Joseph Bruckner (admitted *pro hac vice*) <br>   wjbruckner@locklaw.com <br> Robert K. Shelquist (admitted *pro hac vice*) <br>   rkshelquist@locklaw.com <br> Brian D. Clark (admitted *pro hac vice*) <br>   bdclark@locklaw.com <br> Rebecca A. Peterson (Bar No. 241858) <br>   rapeterson@locklaw.com <br> Arielle S. Wagner (admitted *pro hac vice*) <br>   aswagner@locklaw.com <br> Kyle Pozan (admitted *pro hac vice*) <br>   kjpozan@locklaw.com <br> Laura M. Matson (admitted *pro hac vice*) <br>   lmmatson@locklaw.com <br> 100 Washington Avenue South, Suite 2200 <br> Minneapolis, MN 55401 <br> (612) 339-6900 <br><br> *Interim Counsel for the Consumer Class* |

By: */s/ Sonal N. Mehta*
**WILMER CUTLER PICKERING HALE AND DORR LLP**
Sonal N. Mehta (SBN: 222086)
2600 El Camino Real, Suite 400
Palo Alto, California 94306
Telephone: (650) 858-6000
Facsimile: (650) 858-6100
Email: Sonal.Mehta@wilmerhale.com

David Z. Gringer (*pro hac vice*)
7 World Trade Center
250 Greenwich Street
New York, New York 10007
Telephone: (212) 230-8800
Facsimile: (212) 230-8888
Email: David.Gringer@wilmerhale.com

Ari Holtzblatt (*pro hac vice*)
Molly M. Jennings (*pro hac vice*)
1875 Pennsylvania Avenue NW
Washington, DC 20006
Telephone: (202) 663-6000
Facsimile: (202) 663-6363
Email: Ari.Holtzblatt@wilmerhale.com
Email: Molly.Jennings@wilmerhale.com

*Attorneys for Defendant Meta Platforms, Inc.*

**ATTESTATION OF STEPHEN A. SWEDLOW**

This document is being filed through the Electronic Case Filing (ECF) system by attorney Stephen A. Swedlow.  By his signature, Mr. Swedlow attests that he has obtained concurrence in the filing of this document from each of the attorneys identified on the caption page and in the above signature block.

Dated: April 19, 2022                          By */s/ Stephen A. Swedlow*
                                                                Stephen A. Swedlow

**CERTIFICATE OF SERVICE**

I hereby certify that on this 19th day of April 2022, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System, causing the document to be electronically served on all attorneys of record.

By */s/ Stephen A. Swedlow*
Stephen A. Swedlow