**FILED UNDER SEAL**

# Bathaee :: Dunne :: LLP

April 21, 2022
*Via CM/ECF Filing*

Yavar Bathaee
Bathaee Dunne LLP
445 Park Avenue,
9th Floor
New York, New York 10022
(332) 208-7337 Tel

Hon. James Donato
United States District Court for the
Northern District of California
450 Golden Gate Avenue, 19th Floor
San Francisco, CA 94102

Re:   *Klein, et al. v Meta Platforms, Inc.*, No. 3:20-cv-8570 (JD)

Your Honor:

We write on behalf of the Advertiser Plaintiffs in the above-titled action to compel Meta Platforms, Inc. (f/k/a Facebook, Inc.) ("Meta") to produce all presentations and related documents Meta provided to the Federal Trade Commission ("FTC") or House of Representatives (the "House"). Pursuant to the Court's Standing Order Regarding Civil Discovery and the Civil Local Rules, we certify that lead counsel for Advertisers met and conferred in person with counsel for Meta (and over videoconference with its lead counsel, who was more than 100 miles away) on April 8, 2022, and are at an impasse.

More than a year ago, the Court ordered Meta to produce within thirty days all documents it had produced to the FTC or the House. (Dkt. No. 82 (the "April 2021 Order").) To date, Meta has produced ***none*** of the presentation materials and related documents that were produced to the FTC or House, and despite repeated requests by Advertiser Plaintiffs, still refuses to immediately produce all of them, as it was required to do long ago.

## Background

On April 2, 2021, the Court issued a Case Management Order denying Meta's request to stay, or alternatively, bifurcate discovery. (April 2021 Order at 1.) The year-old Order is concise and leaves no ambiguity. It states in relevant part:

> Facebook shall produce to Plaintiffs the documents Facebook produced to the Federal Trade Commission and the United States House of Representatives within 30 days.

(*Id.*) The Order states that the FTC and House documents shall be produced within 30 days. It does not countenance a protracted process, nor does it condition production of these documents on the scope of document requests propounded by Plaintiffs.

During Advertisers' review of the documents produced by Meta, Advertisers identified

April 21, 2022 **FILED UNDER SEAL**
Page 2

████████████ Advertisers searched Meta's production and could not locate any of the referenced presentations—or any presentations to the FTC or the House.

On March 1, 2022, Advertisers wrote to Meta asking whether such presentations had been produced, and if they had not, requesting that Meta immediately produce all presentations produced to the FTC and the House pursuant to the Court's April 2021 Order. Even though Advertisers expressly referred to the Court's April 2021 Order in their March 1 letter to Meta, Meta responded on March 4, 2022, by directing Advertisers to "identify the pending request that encompasses the requested materials."

On March 18, 2022, Advertisers responded that the requested materials were covered by the April 2021 Order and should be immediately produced. On March 28, 2022, Meta responded by offering to conduct a search for presentations ████████████ but ***only*** to the extent "those presentations are responsive to other pending discovery requests." On March 30, 2022, Advertisers noted Meta's "offer" conflicted with the Court's April 2021 Order, and reiterated their request for the immediate production of any FTC and/or House presentation materials.

On April 8, 2022—after the one-year anniversary of the Court's April 2021 Order passed—lead counsel for Advertisers and for Meta met and conferred. Meta again refused to produce all presentations provided to the FTC and/or House by Meta, leaving the parties at an impasse requiring judicial intervention. Meta provided no justification at the meet and confer for its year-long failure, and repeated refusal in the face of specific requests, to produce to Advertisers ***all*** presentations and related documents presented to the FTC or the House by Meta.

On April 18, 2022, Meta offered to produce self-defined ████████████ When asked that same day what other presentations existed from the universe of ***all*** presentations made to the FTC and/or to the House (not just on a particular Meta-defined topic, in particular Meta-defined years, to a particular committee) and what specifically Meta was proposing to withhold from its self-defined production, Meta responded that it was withholding presentations made "in any other context" beyond a ████████████ and that with respect to even those documents, Meta would continue to withhold ████████████ Meta did not articulate any privilege that would exempt those indisputably relevant documents from production.

Further, Meta conditioned its self-defined, and admittedly incomplete, proposed production on the resolution of the parties' dispute without judicial intervention. If Advertisers made a motion to compel, they would receive nothing. That same day, Advertisers reiterated their request that Meta (a) immediately produce all presentations and related documents provided by Meta to the FTC and/or the House (as already ordered by the Court in April 2021); (b) identify the specific presentations being withheld from Meta's proposed incomplete production; and (c) confirm that Meta would immediately produce—at least to begin with—Meta's ████████████ presentations regardless of whether the parties continued to have a dispute as to other presentations. Meta did not change its position.

April 21, 2022 **FILED UNDER SEAL**
Page 3

### Argument

This Court ordered the production of "the documents Facebook produced to the Federal Trade Commission and the United States House of Representatives" approximately one year ago, and gave Meta thirty days to comply with that order. Despite having produced millions of documents spanning more than a decade and ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, Meta has refused to produce—and continues to withhold ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓,[1] in those entities' ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓; Meta just refuses to produce them, despite a Court order to the contrary. In the course of a lengthy correspondence and meet-and-confer process, Meta has only committed to produce ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ and ***nothing else***. And Meta has conditioned its production of even ***those*** documents on Advertisers' declination to seek other FTC or House presentation documents, despite the April 2021 Order already compelling them.

During the meet-and-confer process—and in voluminous correspondence with Advertisers—Meta has not articulated any reason or justification for having failed for more than a year (and counting) to produce Meta's presentations to the FTC and the House, despite the unambiguous April 2021 Order. And once Meta's non-feasance was flagged by Advertisers nearly two months ago, Meta has delayed, dissembled, and offered (with conditions) to produce definitively less than what the Court ***already*** ordered produced in April 2021: ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. There is no basis for this gerrymandered production of FTC and House documents that the Court already ordered Meta to produce, and Meta has never explained why such a narrow and cherrypicked production of indisputably responsive documents could possibly be justifiable.

Meta asserts no privilege from production; it will not identify what it is withholding; and it has not provided a basis for its refusal to produce discrete, readily-identifiable documents approximately a year after it was ordered to do so. Advertisers therefore respectfully seek an order compelling Meta to immediately comply with the Court's April 2, 2021, Order by producing all presentations and related documents that it provided to the FTC or the House—without artificial limitations or preconditions.

Respectfully,

/s/ Kristen M. Anderson          /s/ Yavar Bathaee
Kristen M. Anderson              Yavar Bathaee
Interim Co-Lead Counsel          Interim Co-Lead Counsel
for the Advertiser Classes       for the Advertiser Classes

Cc: All counsel (*via ECF*)

---

[1] Meta has asserted in correspondence that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. Meta has refused to state whether presentations were made by it to ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, or whether presentations were made by Meta ▓▓▓▓▓▓▓ during the time period of Meta's Court-ordered production.