April 22, 2022                                                        **VIA CM/ECF FILING**

The Honorable James Donato
San Francisco Courthouse, U.S. District Court
450 Golden Gate Avenue, Courtroom 11 – 19th Floor
San Francisco, CA 94102

Re:     Consumers' Letter Brief As To Facebook's Communications With Subpoena Recipients

Dear Judge Donato:

      Pursuant to the Court's Standing Order and the Civil Local Rules, Plaintiffs Maximilian Klein, Sarah Grabert, and Rachel Banks Kupcho ("Consumer Plaintiffs") submit this dispute regarding Facebook's communications with the recipients of its nonparty document subpoenas. The undersigned lead counsel for Consumer Plaintiffs certify that they met and conferred with Facebook's lead counsel on April 8, 2022, pursuant to the Court's Standing Order and the Civil Local Rules, but were unable to resolve this dispute.

      To date, Facebook has issued 32 subpoenas in this case seeking documents from nonparties. In *Federal Trade Commission v. Meta Platforms, Inc.*, No. 1:20-cv-03590 (JEB) (D.D.C.), Facebook has issued an additional 91 subpoenas to nonparties and stated it expects to serve many more. Consumer Plaintiffs, for their part, have propounded 2 subpoenas in this case.

      Consumer Plaintiffs requested that Facebook: (1) copy lead counsel for Plaintiffs on all written correspondence including counsel for nonparty subpoena recipients regarding subpoena compliance and provide Consumer Plaintiffs with any responses and objections served by the nonparties,[1] and (2) inform lead counsel for Plaintiffs of any scheduled meet and confers related to compliance with the issued subpoenas to nonparties. The purpose of this request is to efficiently conduct nonparty discovery and reduce the associated burden on nonparties. While Consumer Plaintiffs have an interest in obtaining relevant information from nonparties, Consumer Plaintiffs do not wish to inefficiently involve nonparties or burden nonparties with duplicative or unnecessary document production. In simple terms, Consumer Plaintiffs would prefer not to burden nonparties with subpoenas at all, and to the extent Facebook is already seeking the information Consumer Plaintiff might also seek, such subpoenas may be avoidable with coordination. It would be most efficient if Facebook would simply include Plaintiffs on correspondence and meetings with nonparties regarding the scope of subpoenas and subpoena compliance.

---

[1]     During the parties' discussions, Facebook suggested that it would agree to provide its correspondence with nonparties regarding subpoena compliance (and the nonparties' objections and responses) if Consumer Plaintiffs served a document request, and agreed to a similar request by Facebook. Being kept apprised of discovery in litigation to which a party is directly involved should not require a document request. Requiring the propounding of a document request would also be inefficient given: (a) Facebook has already served many nonparty subpoenas and has indicated it will likely serve more; and (b) the delay associated with the 30-day period by which a responding party may serve responses and objections to a document request pursuant to Rule 34.

Absent coordination by the parties, Consumer Plaintiffs, on behalf of the Consumer Class, will be compelled to protect the class's interests and propound additional subpoenas to some subset of the nonparties who have already received a subpoena from Facebook. This could lead to potentially duplicative nonparty discovery efforts that could be wholly or mostly avoided by simply including Plaintiffs as a "cc" on correspondence, and in nonparty discovery negotiations.

Consumer Plaintiffs and Facebook met and conferred on this request regarding nonparty subpoenas and have reached an impasse. Facebook will not agree to Consumer Plaintiffs' request. Therefore, Consumer Plaintiffs request an order from the Court requiring Facebook (and Plaintiffs) to: (1) copy lead counsel for the Plaintiffs (and Facebook) on all written correspondence with counsel for nonparty subpoena recipients and provide Consumer Plaintiffs with any responses and objections or written correspondence served or sent by the nonparties or their counsel, and (2) inform lead counsel for the other parties of any scheduled meet and confers related to compliance with the issued subpoenas to nonparties in advance of the meet and confers. Consumer Plaintiffs do not seek to control or even impact the scheduling of any meet and confers regarding these subpoenas; Consumer Plaintiffs are only requesting that the Court order the party who issued a nonparty subpoena to inform the other parties in advance of any such meet and confer that may be scheduled (so that they may attend and participate, if available) and copy the other party on written correspondence (so that they may be kept apprised of objections, responses, and the like). Having the parties involved with nonparty subpoenas will best avoid any "satellite" nonparty litigation that is duplicative or inefficient.

DATED: April 22, 2022

Respectfully submitted,

By */s/ Shana E. Scarlett*
**HAGENS BERMAN SOBOL SHAPIRO LLP**
Shana E. Scarlett (Bar No. 217895)
  shanas@hbsslaw.com
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000

Steve W. Berman (*pro hac vice*)
steve@hbsslaw.com
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292

**LOCKRIDGE GRINDAL NAUEN P.L.L.P.**
W. Joseph Bruckner (*pro hac vice*)
  wjbruckner@locklaw.com
Robert K. Shelquist (*pro hac vice*)
  rkshelquist@locklaw.com
Brian D. Clark (*pro hac vice*)
  bdclark@locklaw.com
Rebecca A. Peterson (Bar No. 241858)
  rapeterson@locklaw.com
Arielle S. Wagner (*pro hac vice*)
  aswagner@locklaw.com
Kyle J. Pozan (admitted *pro hac vice*)
  kjpozan@locklaw.com
Laura M. Matson (admitted *pro hac vice*)
  lmmatson@locklaw.com
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900

By */s/ Stephen A. Swedlow*
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Stephen A. Swedlow (*pro hac vice*)
  stephenswedlow@quinnemanuel.com
Michelle Schmit
  michelleschmit@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400

Kevin Y. Teruya (Bar No. 235916)
  kevinteruya@quinnemanuel.com
Adam B. Wolfson (Bar No. 262125)
  adamwolfson@quinnemanuel.com
Brantley I. Pepperman (Bar No. 322057)
  brantleypepperman@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000

Manisha M. Sheth (*pro hac vice*)
  manishasheth@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000

*Interim Counsel for the Consumer Class*

## ATTESTATION OF STEPHEN A. SWEDLOW

This document is being filed through the Electronic Case Filing (ECF) system by attorney Stephen A. Swedlow. By his signature, Mr. Swedlow attests that he has obtained concurrence in the filing of this document from each of the attorneys identified on the caption page and in the above signature block.

Dated: April 22, 2022  By:  */s/ Stephen A. Swedlow*
         Stephen A. Swedlow

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of April 2022, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System, causing the document to be electronically served on all attorneys of record.

Dated: April 22, 2022  By:  */s/ Stephen A. Swedlow*
         Stephen A. Swedlow