WILMER CUTLER PICKERING
  HALE AND DORR LLP

SONAL N. MEHTA (SBN 222086)
  Sonal.Mehta@wilmerhale.com
2600 El Camino Real, Suite 400
Palo Alto, California 94306
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

DAVID Z. GRINGER (*pro hac vice*)
  David.Gringer@wilmerhale.com
7 World Trade Center
250 Greenwich Street
New York, New York 10007
Telephone: (212) 230-8800
Facsimile: (212) 230-8888

ARI HOLTZBLATT (*pro hac vice*)
  Ari.Holtzblatt@wilmerhale.com
MOLLY M. JENNINGS (*pro hac vice*)
  Molly.Jennings@wilmerhale.com
1875 Pennsylvania Avenue, NW
Washington, DC 20006
Telephone: (202) 663-6000
Facsimile: (202) 663-6363

*Attorneys for Defendant Meta Platforms, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| MAXIMILIAN KLEIN, et al.,<br><br>　　　　　　　Plaintiffs,<br><br>　v.<br><br>META PLATFORMS, INC., a Delaware corporation,<br><br>　　　　　　　Defendant. | Case No. 3:20-cv-08570-JD<br><br>**DEFENDANT'S COMBINED ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF BRIEFING FOR MOTION TO DISMISS THE FIRST AMENDED CONSOLIDATED ADVERTISER CLASS ACTION COMPLAINT**<br><br>Judge: Hon. James Donato |

## STANDING ORDER PARAGRAPH 31 NOTICE

The parties agreed to use the approach outlined in Paragraph 31 of the Court's Standing Order for Civil Cases for the round of briefing associated with Defendant Meta Platforms, Inc.'s Motion to Dismiss the First Amended Consolidated Advertiser Class Action Complaint ("FAC"). Meta previously notified the Court that it planned to file a combined Administrative Motion to Seal when its Motion to Dismiss briefing was complete (Dkt. 261). This combined Administrative Motion to Seal addresses the material redacted in Meta's Motion to Dismiss (Dkt. 262) and Advertiser Plaintiffs' Opposition to Meta's Motion to Dismiss (Dkt. 271) (collectively, "Motion to Dismiss Briefing"). (Meta does not seek to seal any material contained in its Reply in Support of its Motion to Dismiss.) This combined Administrative Motion to Seal supersedes Meta's Administrative Motion to File Under Seal Portions of its Motion to Dismiss (Dkt. 261) and Meta's Response to Advertiser Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (Dkt. 278).

## META'S ADMINISTRATIVE MOTION TO SEAL

Pursuant to Civil Local Rule 79-5(c) and Paragraph 31 of the Court's Standing Order for Civil Cases, Defendant Meta Platforms, Inc. files this combined Administrative Motion to Seal to consider whether portions of the Motion to Dismiss Briefing (Dkt. 262, 271) should remain under seal.

Meta seeks to seal only a small fraction of the Motion to Dismiss Briefing, which references non-public, confidential information contained in the FAC, because publicization of the material sought to be sealed would cause Meta significant competitive harm. Meta seeks to seal certain details about the negotiations and terms of certain agreements that, if disclosed, would disadvantage Meta in future negotiations. The specific portions of the Motion to Dismiss Briefing that Meta seeks to seal are identified in the accompanying Declaration of Jitin Khurana, an unredacted version of the Motion to Dismiss Briefing attached thereto, and Meta's Proposed Order.

I.  **LEGAL STANDARD**

This Court applies the "compelling reasons" test in determining whether to seal portions

of complaints. *In re Google Play Store Antitrust Litig.*, No. 21-MD-02981-JD, 2021 WL 4190165, at *1 (N.D. Cal. Aug. 25, 2021). Compelling reasons to seal court records typically exist when the records "might be used . . . 'as sources of business information that might harm a litigant's competitive standing.'" *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1097 (9th Cir. 2016) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). In addition, any request to seal must be "narrowly tailored" to only material that is privileged, confidential, protected by trade secret, or otherwise protected under the law. Civ. L. R. 79-5(b).

## II.   THERE ARE COMPELLING REASONS TO SEAL THE REDACTED PORTIONS OF THE MOTION TO DISMISS BRIEFING

Meta seeks to maintain under seal narrowly tailored portions of the Motion to Dismiss Briefing under the "compelling reasons" standard for sealing.

Meta seeks to maintain under seal information about the specific deal terms and negotiations that would undermine Meta's competitive standing and position in negotiations with current and future business partners. If this information were disclosed, competitors of the counterparties could use this information as leverage in business negotiations to the detriment of Meta. *See* Khurana Decl. ¶¶ 6-7. For example, future counterparties may demand that Meta agree to particular terms based on Meta's agreement to those terms in the past. *See* Khurana Decl. ¶¶ 6-7. This Court has sealed information about confidential agreements for these very reasons. In particular, in *In re Google Play Store Antitrust Litig.*, this Court granted a motion to seal "specific deal terms that might be used against Google in other negotiations and deals" contained in a complaint. No. 21-MD-02981-JD, 2021 WL 4190165, at *3 (N.D. Cal. Aug. 25, 2021); *see also Milliner v. Bock Evans Fin. Counsel, Ltd.*, No. 15-cv-01763-JD, 2020 WL 1492692, at *2 (N.D. Cal. Mar. 27, 2020) (sealing "highly negotiated agreement" that would "expose [litigant] to competitive harm" if publicly disclosed); *Dunbar v. Google, Inc.*, No. 5:12-CV-003305-LHK, 2012 WL 6202719, at *6 (N.D. Cal. Dec. 12, 2012) (sealing information about contracts where disclosure would provide others with "unfair insight" into the agreements and weaken the litigant's position in future negotiations); *Baird v. BlackRock Institutional Tr. Co.*, 403 F. Supp. 3d 765, 792

1  (N.D. Cal. 2019) ("Courts have found that 'confidential business information' in the form of
2  'license agreements, financial terms, details of confidential licensing negotiations, and business
3  strategies' satisfies the 'compelling reasons' standard.").
4        Again, Meta has carefully drawn the redactions related to specific deal terms and/or
5  negotiation strategies to cover only information with particular competitive significance. Meta's
6  request is therefore narrowly tailored and there is no less restrictive alternative that would suffice
7  to protect the competitive interests at issue.

Dated: April 25, 2022                    Respectfully submitted,

By: /s/ Sonal N. Mehta
SONAL N. MEHTA (SBN 222086)
sonal.mehta@wilmerhale.com
WILMER CUTLER PICKERING HALE
AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Telephone: (650) 858-6000

DAVID Z. GRINGER (*pro hac vice*)
david.gringer@wilmerhale.com
WILMER CUTLER PICKERING HALE
AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, New York 10007
Telephone: (212) 230-8800

ARI HOLTZBLATT (*pro hac vice*)
ari.holtzblatt@wilmerhale.com
MOLLY M. JENNINGS (*pro hac vice*)
molly.jennings@wilmerhale.com
WILMER CUTLER PICKERING HALE
AND DORR LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006
Telephone: (202) 663-6000