WILMER CUTLER PICKERING
 HALE AND DORR LLP
SONAL N. MEHTA (SBN 222086)
  Sonal.Mehta@wilmerhale.com
2600 El Camino Real, Suite 400
Palo Alto, California 94306
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

DAVID Z. GRINGER (*pro hac vice*)
  David.Gringer@wilmerhale.com
7 World Trade Center
250 Greenwich Street
New York, New York 10007
Telephone: (212) 230-8800
Facsimile: (212) 230-8888

ARI HOLTZBLATT (*pro hac vice*)
  Ari.Holtzblatt@wilmerhale.com
MOLLY M. JENNINGS (*pro hac vice*)
  Molly.Jennings@wilmerhale.com
1875 Pennsylvania Ave NW
Washington, DC 20006
Telephone: (202) 663-6000
Facsimile: (202) 663-6363

*Attorneys for Defendant Meta Platforms, Inc.*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| MAXIMILIAN KLEIN, et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>META PLATFORMS, INC., a Delaware Corporation,<br><br>Defendant. | Case No. 5:20-cv-08570-JD<br><br>**DECLARATION OF JITIN KHURANA IN SUPPORT OF DEFENDANT'S COMBINED ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF BRIEFING FOR MOTION TO DISMISS THE FIRST AMENDED CONSOLIDATED ADVERTISER CLASS ACTION COMPLAINT**<br><br>Judge: Hon. James Donato |

I, Jitin Khurana, declare as follows:

1.  I am Head of Business Development, Ads and Platform, at Meta Platforms, Inc ("Meta"). I have been employed by Meta since January 2020 and I have held my current position since that date. Over the course of my employment at Meta, I have acquired personal knowledge of Meta's practices and procedures concerning the maintenance of the confidentiality of its strategic and business information.

2.  I submit this declaration in support of Meta Platforms, Inc.'s Combined Administrative Motion to File Under Seal Portions of Briefing for Motion to Dismiss the First Amended Consolidated Advertiser Class Action Complaint, which addresses the material redacted in Meta's Motion to Dismiss (Dkt. 262) and Advertiser Plaintiffs' Opposition to Meta's Motion to Dismiss (Dkt. 271) (collectively, "Motion to Dismiss Briefing").

3.  The contents of this declaration are true and correct to the best of my knowledge, information, and belief, and are based on my personal knowledge of Meta's policies and practices as they relate to the treatment of confidential information, the materials that were provided to me and reviewed by me, and/or informed conversations with other knowledgeable employees of Meta. If called upon as a witness in this action, I could and would testify competently to the matters discussed in this declaration.

4.  Meta requires confidential treatment of all confidential commercial proposals to third parties and confidential agreements with third parties; and internal, future strategic business plans. Third parties in an array of contexts entrust confidential information to Meta and they have an expectation that Meta has sufficient controls and processes in place to maintain and protect the confidentiality of that information. In my experience and to the best of my knowledge, Meta does not disclose internal documents or confidential agreements or proposals of this nature outside of the company.

**SPECIFIC INFORMATION TO BE SEALED**

5.  To the best of my knowledge, the following information in the Motion to Dismiss Briefing is confidential, and derives from confidential materials Meta produced in response to

document requests or to civil investigative demands. Disclosure of the material will harm Meta's ability to negotiate deals with its business partners, for the reasons explained below.

6. **Goals and terms of the agreement described in 11:8-9 of Meta's Motion to Dismiss (Dkt. 262) and 5:10-12, 6:16-19, and 12:21-24 of Advertiser Plaintiffs' Opposition to Meta's Motion to Dismiss (Dkt. 271).** These parts of the Motion to Dismiss Briefing contain non-public information regarding the terms of a confidential agreement with a counterparty concerning Meta's non-use of certain data. This information has never been disclosed publicly, and disclosure would severely and adversely impact Meta's ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, those companies would use this non-public and confidential information to disadvantage Meta and/or the counterparty in negotiations. For example, if disclosed, a competitor of the counterparty would become aware of the details of the counterparty's agreement (e.g., particular terms that Meta had agreed to in the past), and it could use this as leverage in business negotiations to the detriment of Meta and/or its business counterparty.

7. **Goals and terms of the agreements described in 11:8-9 of Meta's Motion to Dismiss (Dkt. 262); 5:10-12, 6:16-19, and 12:21-24 of Advertiser Plaintiffs' Opposition to Meta's Motion to Dismiss (Dkt. 271).** These parts of the Motion to Dismiss Briefing contain non-public information regarding the terms of a series of confidential agreements with a counterparty concerning Meta's use of particular data to inform content development decisions, including information about the particular data at issue and internal testing related to particular deal terms. This information has never been disclosed publicly, and disclosure would severely and adversely impact Meta's ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, those companies could use this non-public and confidential information to disadvantage Meta and/or the counterparty in negotiations. For example, if disclosed, a competitor of the counterparty would become aware of the details of the counterparty's agreement (e.g., particular terms that Meta had agreed to in the past), and it could

1  use this as leverage in business negotiations to the detriment of Meta and/or its business
2  counterparty.
3       I declare under penalty of perjury that the foregoing is true and correct.
4  Executed on this 25th day of April 2022 in Fremont, California.

By:  *Jitin Khurana*

    Jitin Khurana
    Head of Business Development,
    Ads and Platform
    Meta Platforms, Inc