**BATHAEE DUNNE LLP**
Yavar Bathaee (Bar No. 282388)
   yavar@bathaeedunne.com
445 Park Avenue, 9th Floor
New York, NY 10022
(332) 205-7668

*Interim Co-Lead Advertiser Class Counsel*

**SCOTT + SCOTT ATTORNEYS AT LAW LLP**
Kristen M. Anderson (Bar No. 246108)
   kanderson@scott-scott.com
230 Park Avenue, 17th Floor
New York, NY 10169
(212) 223-6444

*Interim Co-Lead Advertiser Class Counsel*

[Additional counsel listed on signature page]

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| MAXIMILIAN KLEIN, et al., | Consolidated Case No. 3:20-cv-08570-JD |
| Plaintiffs, | **ADVERTISER PLAINTIFFS' OPPOSITION TO META'S MOTION TO CONTINUE** |
| vs. | |
| META PLATFORMS, INC., | |
| Defendant. | |

1

## OPPOSITION TO MOTION TO CONTINUE HEARING

2      Pursuant to Civil Local Rule 6-3(b), Plaintiffs Affilious, Inc., Jessyca Frederick, Mark

3 Young, Joshua Jeon, 406 Property Services, PLLC, Mark Berney, and Katherine Looper

4 ("Advertisers") respectfully oppose Defendant Meta Platforms, Inc.'s ("Meta") Motion to Continue

5 the Hearing on its Motion to Dismiss the Consolidated Advertiser Class Action Complaint (Dkt.

6 291, "Mot."), which Meta noticed for Thursday, May 26, 2022, at 10:00 AM.

7      The May 26 hearing date that Meta now moves administratively to continue was chosen by

8 Meta approximately two months ago for a Motion to Dismiss ("MTD") that has been fully briefed

9 since April 25, 2022.  *See* Dkt. 283.  Meta cannot credibly argue that it cannot make its own hearing

10 date.  Instead, it argues that it wishes to save the Court the burden of ruling on the MTD because

11 Meta decided fourteen months into this action, after Judge Koh denied a first motion to dismiss, to

12 tag Advertisers into Google's MDL in New York.  The rules of the Judicial Panel of Multidistrict

13 Litigation ("JPML") do not support Meta's position that ongoing, fully briefed motion proceedings

14 should be halted or forestalled simply because Meta is hoping to get a different judge.

15      Meta has not shown that substantial harm or prejudice would occur if the Court does not

16 continue the long-scheduled May 26, 2022 motion hearing.  The Court should deny Meta's motion.

17

## ARGUMENT

18      This case has been pending since December 2020.  *See Affilious, Inc. v. Facebook, Inc.*, No.

19 5:20-cv-9217, Dkt. No. 1.  Discovery has been actively underway since May 2021, and Advertisers'

20 First Amended Consolidated Class Action Complaint has been on file since February 2022.  Dkt.

21 237 ("FAC").  Over a year after this case began – after Meta lost its first motion to dismiss – Meta

22 decided on January 27, 2022, to tag Advertisers' claims as related to *In re: Google Digital*

23 *Advertising Antitrust Litigation*, MDL No. 3010 (J.P.M.L.) ("Google MDL") based exclusively on

24 purported factual overlap arising from Advertisers' allegations concerning the Network Bidding

25 Agreement that Facebook executed with Google in September 2018 (the "GNBA").  Dkt. 220; *see*

26 *also* FAC, ¶¶614-56.  After the JPML Clerk rejected Meta's attempt to transfer Advertisers' claims

27 to the Google MDL, Meta filed a renewed tag-along notice on March 9, 2022.  Dkt. 246-1.  Despite

28 this, on March 21, 2022, Meta moved this Court again for dismissal of certain of Advertisers' claims

1  and selected May 26 as the date for oral argument.  Dkt. 262.  Meta's partial MTD is now fully

2  briefed.

3      The same day Meta filed its second MTD, the JPML Clerk entered an administrative

4  conditional transfer order ("CTO"), which provisionally transferred Advertisers' claims to the

5  Google MDL subject to opposition and briefing by the parties before the JPML.  Dkt. 260-1.

6  Advertisers moved to vacate the CTO, arguing, among other things, that (1) transfer would not

7  satisfy the requirements of 28 U.S.C. §1407 because Advertisers' claims, which concern exclusively

8  Meta's anticompetitive conduct in the Social Advertising Market, would drastically expand,

9  complicate, and delay the Google MDL's proceedings formed to adjudicate Google's conduct in the

10  separate ad-exchange market; (2) Meta's transfer request is untimely, pursuant to Rules 6.2(d) and

11  7.1(a) of the JPML Rules of Procedure, and improperly engages in wasteful forum shopping

12  designed to erase the progress the parties have made before this Court; and (3) alternatives to Section

13  1407 transfer are superior to avoid duplicative discovery and inconsistent pre-trial rulings regarding

14  the GNBA because transfer would disrupt joint discovery currently underway between Advertisers,

15  Consumers, and Meta.  *See* Dkt. 272, 272-1, 272-2, 292, 292-1.  The advertiser plaintiffs asserting

16  class claims in the Google MDL also moved to vacate the CTO.  Briefing on both motions is now

17  closed.  Meta is the only party to oppose vacating the CTO.[1]  Therefore, except for Meta, every

18  party that has taken a position on the CTO opposes Meta's proposed transfer, a factor that strongly

19  favors granting Advertisers' JPML motion. Dkt. 292-1, at 2 n.3.  The JPML now faces three options:

20  it may (1) vacate the CTO in full, allowing all of Advertisers' claims to remain in this Court; (2)

21  vacate the CTO in part, severing only Advertisers' Sherman Act Section 1 claim (Count III of the

22  FAC) for transfer to the Google MDL and leaving the balance of Advertisers' Section 2 claims

23  (Counts I and II) in this Court; or (3) deny the motion in full, transferring all of Advertisers' claims

24  to the Google MDL.

25

26

27

28

---

[1]  While Google filed an initial statement of position on March 16, 2022 only asking the JPML to transfer Count III of the FAC, it subsequently abandoned that position by declining to respond to Advertisers' motion to vacate the CTO.  *See* JPML Rule of Procedure 6.1(c) ("Failure to respond to a motion shall be treated as that party's acquiescence to it.").

1    Under these circumstances, continuance of Meta's chosen oral argument date on its MTD is

2  unnecessary and inefficient.  The JPML Rules of Procedure provide that the "pendency of a

3  motion…[or] conditional transfer order…before the Panel pursuant to 28 U.S.C. §1407 does not

4  affect or suspend orders and pretrial proceedings in any pending federal district court action and

5  does not limit the pretrial jurisdiction of that Court."  JPML Rule of Procedure 2.1(d); *see, e.g.*,

6  *Wickens v. Blue Cross of California, Inc.*, No. 15CV834-GPC (JMA), 2015 WL 3796272, at *2

7  (S.D. Cal. June 18, 2015) (noting a "'district judge should not automatically stay discovery,

8  postpone rulings on pending motions, or generally suspend further rulings upon a parties' [sic]

9  motion to the MDL Panel for transfer and consolidation'" (citation omitted)).  Therefore, the Court

10  retains "broad discretion in ruling on a motion for a continuance," including denying the motion for

11  failure to demonstrate "good cause" – *i.e.*, that "substantial harm or prejudice" would occur absent

12  the change of time.  *Mazzarerro v. United States*, No. C-10-80156-MISC SBA, 2011 WL 499972,

13  at *3 (N.D. Cal. Feb. 8, 2011) (quoting Civil Local Rule 6-3(a)).  The Court and the parties have

14  already invested considerable resources settling the pleadings and briefing Meta's newest dismissal

15  motion.

16    Meta's sole reason for seeking a continuance is its speculation that the JPML may transfer

17  Advertisers' claims before the Court resolves the partial MTD.  Mot. at 1.  However, the JPML has

18  not indicated when it expects to rule on Advertisers' motion to vacate and may take much longer

19  than Meta predicts.  Moreover, even if the JPML ultimately transfers some or all of Advertisers'

20  claims, the Court's prompt resolution of Meta's MTD will clarify the issues the parties may confront

21  in the Google MDL.  Additionally, Meta's current MTD solely pertains to issues that inarguably do

22  not overlap with anything being proven in New York – to wit, non-GNBA aspects of Meta's

23  monopolization and attempted monopolization of the Social Advertising Market.  The upshot of all

24  this is that even Meta's own stated justification for seeking a continuance does not clearly connect

25  to the relief it seeks here; and it certainly does not justify displacing the general rule that this Court

26  should proceed while the JPML resolves the CTO.

27    By contrast, Advertisers will likely suffer prejudice if oral argument is delayed.  As the Court

28  is aware, fact discovery is scheduled to close on January 13, 2023.  Dkt. 289.  Meta used the

pendency of its first motion to dismiss to unreasonably delay producing documents related to the GNBA.  Even though Advertisers served GNBA-related discovery requests in September 2021, and despite the absence of any dispute as to the relevance of these requests, Meta has yet to produce any GNBA-related documents in response to Advertisers' now ten-month-old requests as of the date of this opposition.  Meta may similarly seek to use the pendency of their second MTD to delay producing documents responsive to Advertisers' FAC-related document requests, all while the cutoff for fact discovery nears.[2]

This is clear prejudice to Advertisers.  Meta's second MTD is ready for decision now, and the Court should not permit Meta to delay its resolution.

**CONCLUSION**

For the foregoing reasons, the Court should deny Meta's motion.[3]


DATED:  May 9, 2022

Respectfully submitted,

**SCOTT + SCOTT ATTORNEYS AT LAW LLP**


By:  */s/ Kristen M. Anderson*
Kristen M. Anderson (Bar No. 246108)
  kanderson@scott-scott.com
Patrick J. Rodriguez (*pro hac vice*)
  prodriguez@scott-scott.com
230 Park Avenue, 17th Floor
New York, NY 10169
(212) 223-6444

Christopher M. Burke (Bar No. 214799)
  cburke@scott-scott.com
David H. Goldberger (Bar No. 225869)
  dgoldberger@scott-scott.com
Hal D. Cunningham (Bar No. 243048)
  hcunningham@scott-scott.com
Daniel J. Brockwell (Bar No. 335983)
  dbrockwell@scott-scott.com
Yifan (Kate) Lv (Bar No. 302704)
  klv@scott-scott.com

---

[2]    Advertisers recently agreed, out of courtesy, to extend by nine days Meta's deadline to serve responses and objections to Advertisers' FAC-related discovery requests, with Meta's deadline to respond now May 13, 2022.

[3]    If the Court is inclined to grant Meta's motion, Advertisers respectfully request that the Court reschedule argument on Meta's partial MTD for either the week of June 13 - 17, 2022 or the week of June 27 - July 1, 2022, as lead counsel for Advertisers has a previously scheduled vacation from June 21, 2022, to June 24, 2022.

600 W. Broadway, Suite 3300
San Diego, CA 92101
(619) 233-4565

Patrick J. McGahan (*pro hac vice*)
  pmcgahan@scott-scott.com
Michael P. Srodoski (*pro hac vice*)
  msrodoski@scott-scott.com
156 South Main Street, P.O. Box 192
Colchester, CT 06415
(860) 537-5537

**BATHAEE DUNNE LLP**
Yavar Bathaee (Bar No. 282388)
  yavar@bathaeedunne.com
Andrew C. Wolinsky (*pro hac vice*)
  awolinsky@bathaeedunne.com
445 Park Avenue, 9th Floor
New York, NY 10022
(332) 322-8835

Brian J. Dunne (Bar No. 275689)
  bdunne@bathaeedunne.com
633 West Fifth Street, 26th Floor
Los Angeles, CA 90071
(213) 462-2772

Edward M. Grauman (*pro hac vice*)
  egrauman@bathaeedunne.com
7000 North MoPac Expressway, Suite 200
Austin, TX 78731
(512) 575-8848

*Interim Co-Lead Counsel for the Advertiser
Classes*

**LEVIN SEDRAN & BERMAN LLP**
Keith J. Verrier (admitted *pro hac vice*)
  kverrier@lfsblaw.com
Austin B. Cohen (admitted *pro hac vice*)
  acohen@lfsblaw.com
510 Walnut Street, Suite 500
Philadelphia, PA 19106-3997
(215) 592-1500

**AHDOOT & WOLFSON, PC**
Tina Wolfson (Bar No. 174806)
  twolfson@ahdootwolfson.com
Robert Ahdoot (Bar No. 172098)
  rahdoot@ahdootwolfson.com
Theodore W. Maya (Bar No. 223242)
  tmaya@ahdootwolfson.com

ADVERTISER PLAINTIFFS' OPPOSITION TO MOTION TO CONTINUE HEARING

Henry Kelston (*pro hac vice*)
   hkelston@ahdootwolfson.com
2600 West Olive Avenue, Suite 500
Burbank, CA 91505
(310) 474-9111

*Executive Committee Counsel for the
Advertiser Classes*

ADVERTISER PLAINTIFFS' OPPOSITION TO MOTION TO CONTINUE HEARING