**WilmerHale**

May 13, 2022

Sonal Mehta

+1 650 600 5051 (t)
+1 650 858 6100 (f)
sonal.mehta@wilmerhale.com

**VIA ECF**

The Honorable James Donato
United States District Judge for the Northern District of California
450 Golden Gate Avenue, Courtroom 11, 19th Floor
San Francisco, CA 94102

Re:   *Klein v. Meta Platforms, Inc.*, No. 3:20-cv-08570-JD, Dispute re Presentations

Dear Judge Donato:

Advertisers' request for an order compelling Meta to comply with the April 2, 2021 Case Management Order, Dkt. 82, should be denied because Meta already complied. That order required Meta to produce "the documents [Meta] produced to the Federal Trade Commission and the United States House of Representatives." Meta complied with that Order on May 3, 2021, when it produced more than twelve million pages of documents previously produced to the FTC and the House Judiciary Committee during their 2019-2020 antitrust investigations. No one argued then, or at any point in the intervening months, that the Order reached further than the House and FTC antitrust investigations. Only now, after nearly a year of silence and transfer from Judge Koh to this Court, do Advertisers seek to reinterpret the Order as requiring production of all presentations Meta ever made to the FTC *on any subject*. Their post hoc reading is overbroad and implausible. Tellingly, the User Plaintiffs do not join in the Advertisers' new interpretation of Judge Koh's order. The Court should not do so either.

**I.    Background**

On March 31, 2021, the parties filed a Joint Case Management Statement. Dkt. 78. Plaintiffs argued that discovery should begin with documents Meta produced to "any government entity" "in connection with their investigation and/or litigation of [Meta]'s conduct at issue in this case," as well as Meta's communications with those entities. *Id.* at 15. Meta opposed because the request would sweep in large swaths of irrelevant material. *See id.* at 29-31.

Judge Koh's Case Management Order resolving the dispute, Dkt. 82, did not grant Plaintiffs' request for documents produced to "any government entity," or their request for "correspondence" with those entities. Dkt. 78 at 15. Instead, that Order required Meta to produce only "the documents [it] produced to the Federal Trade Commission and the United States House of Representatives." *Id.*

Meta timely complied, producing more than twelve million pages of responsive documents. The cover letter accompanying the production explained: "[t]his production contains documents produced to the Federal Trade Commission . . . and the United States House of Representatives in connection with their 2019-2020 antitrust investigations." The parties subsequently acknowledged (in joint portions of joint filings) that the Order called for documents produced "in connection with" the House and the FTC's "parallel antitrust investigations into Facebook." Dkt. 139 at 3; *see also* Dkt. 130 at 1.

Wilmer Cutler Pickering Hale and Dorr LLP, 2600 El Camino Real, Suite 400, Palo Alto, CA 94306

Beijing    Berlin    Boston    Brussels    Denver    Frankfurt    London    Los Angeles    New York    Palo Alto    San Francisco    Washington

Nearly a year later, Advertisers asserted for the first time that the Order required production of "[a]ny presentations by Meta to the FTC (or to the United States House of Representatives, for that matter)," regardless of subject matter. Although Meta disagreed with this post hoc reinterpretation, it nonetheless agreed to produce "presentations made in connection with the FTC's 2019-2020 antitrust investigation" (other than presentations "conveying settlement offers") as a compromise.

Advertisers rejected this offer and refused to meet-and-confer further unless Meta agreed to "immediately produce the 2019-20 presentations" as well as a record of what and how many FTC presentations, on any subject, Meta had "withheld" by Friday, April 22. Then, rather than afford Meta the courtesy of waiting until Friday—their own arbitrary deadline—Advertisers declared impasse in an email sent at 8:26 pm ET on Thursday, April 21. Advertisers filed their letter brief little more than an hour later. Dkt. 281 at 3.

## II.     Argument

Advertisers' motion is nothing more than an untimely and unsupported motion to reconsider Judge Koh's order that Meta complied with over a year ago. And, should the Court accept their interpretation of that order, doing so would expand discovery in this case far beyond anything the Federal Rules recognize as relevant or proportional to the claims at issue in this case. The motion should be denied.

***First***, Meta complied with Judge Koh's directive to produce "the documents [Meta] produced to the Federal Trade Commission and the United States House of Representatives," Dkt. 82, when it sent plaintiffs more than twelve million pages that it had produced to the House and the FTC in connection with their 2019-2020 antitrust investigations in May 2021.

Meta was explicit about the scope of these productions; the cover letter accompanying these productions stated that "[t]his production contains documents produced to the [FTC and the House] in connection with their 2019-2020 antitrust investigations." Neither class of plaintiffs raised any concern about the scope of Meta's production then, or in any of the dozens of opportunities they had to do so in the following ten months—including multiple discovery letter briefs, six Case Management Statements, a Joint Rule 26(f) Report, dozens of meet and confers, multiple discovery hearings, and a Case Management Conference. Dkts. 95, 132-35, 148, 152, 156, 158, 160, 163, 178, 183 (letter briefs); Dkts. 114, 139, 157, 201, 212, 227 (JCMSs); Dkt. 130 (Joint Rule 26(f) Report); Dkts. 99, 142, 169, 206 (discovery hearings); Dkt. 232 (CMC).  To the contrary: *both* sets of plaintiffs signed joint court filings acknowledging that scope of production. *See* Dkt. 139 at 3; Dkt. 130 at 1.

Judge Koh's order did not include presentations at all, much less the unbounded set of presentations Advertisers now seek. As explained above, Plaintiffs had demanded both correspondence with and cloned discovery from competition regulators all over the world, Dkt. 78 at 15, but the Court ordered Meta to provide just documents "produced to" (not correspondence with) the House and the FTC, Dkt. 82. These presentations Meta made to the FTC are summaries of evidence and advocacy delivered to the FTC in the course of its antitrust investigation; they are not "produced" documents.[1]

---

[1] Meta made no such presentations to the House Judiciary Committee in connection with its investigation.

In sum: the Court's order, confirmed by the parties' own statements and conduct, is clear. Meta's reproduction of the documents previously produced to the House and FTC in connection with their 2019-2020 antitrust investigations satisfied Judge Koh's order. That order did not require production of any, much less all, presentations that Meta ever made to the House or the FTC.

**Second**, reinterpreting Judge Koh's order to sweep in materials from any FTC or House investigation, on any subject, would expand that order far beyond the realm of appropriate discovery. Discovery is limited to nonprivileged materials that are relevant to a party's claims or defenses. *Surfvivor Media, Inc. v. Survivor Productions*, 406 F.3d 625, 635 (9th Cir. 2005). Advertisers have the burden to show "why the information sought is relevant." *Apple Inc. v. Samsung Elecs. Co.*, 306 F.R.D. 234, 245 n.79 (N.D. Cal. 2015). Here, they cannot (and indeed, have not even tried) do so.

The FTC routinely investigates and prosecutes conduct beyond violations of the antitrust laws. *See, e.g.*, *FTC v. Intuit Inc.*, Case No. 3:22-cv-01973-CRB (N.D. Cal. Apr. 22, 2022) (denying preliminary injunction), Dkt. 66. And there are multiple public investigations of Facebook by both the FTC and House that have nothing to do with the Advertisers' antitrust case. For example, the FTC investigated a now-deprecated facial recognition feature that Meta once used. *See FTC to Scrutinize New Facebook Facial Recognition Feature*, Reuters (Sept. 11, 2013), https://www.reuters.com/article/facebook-privacy-idCNL2N0H800920130912. Similarly, the House regularly probes political matters that are not relevant here. *See, e.g.*, *Hearing on Facebook, Google and Twitter: Examining the Content Filtering Practices of Social Media Giants, Before H. Comm. On the Judiciary*, 115th Cong., 2nd Session (Noticed for July 17, 2018). Discovery of the breadth Advertisers now seek is wholly improper, as it "would include documents irrelevant to [Advertisers'] case." *Rodriguez v. Google LLC.*, 2021 U.S. Dist. LEXIS 23834, at *6 (N.D. Cal. Feb. 8, 2021); *see also Schneider v. Chipotle Mexican Grill*, 2017 WL 1101799, at *4 (N.D. Cal. Mar. 24, 2017). That alone is reason to deny their motion. *See Social Techs. LLC v. Apple Inc.*, 2019 WL 7834757, at *3-4 (N.D. Cal. Aug. 7, 2019).

**Finally**, to the extent the Court is inclined to grant the Advertisers any relief at all, it should go no further than the offer Meta already made to resolve this dispute (i.e., production of the non-settlement presentations made to the FTC and the House Judiciary Committee in connection with the 2019-2020 antitrust investigations).[2] That would require the Court to reconsider and adopt a broader reading of Judge Koh's order than the language bears (it would treat "presentations" made by Meta and its counsel as "documents . . . produced"), but it would not undo the judgment Judge Koh made to limit the scope of cloned discovery in this case to the investigations that are plausibly relevant.[3]

---

[2] Advertisers have made no attempt to show that particular presentations related to settlement of the FTC action are relevant here (other than the bald assertion that such presentations are "indisputably relevant"). While courts in this district have not recognized a general federal settlement privilege, *see Matsushita Elec. Indus. Co., Ltd. v. Mediatek, Inc.*, 2007 WL 963975 (N.D. Cal. Mar. 30, 2007), some have applied a heightened standard of relevancy when requiring production of settlement materials, *see Implicit Networks, Inc. v. Juniper Networks, Inc.*, No. 3:10-cv-4234-SI (N.D. Cal. June 5, 2012), Dkt. 89 at 2-3.

[3] This dispute will be moot if the JPML maintains the transfer of Advertisers' claims to *In re: Google Digital Advertising Antitrust Litigation*, MDL No. 3010 (J.P.M.L.). *See* Dkt. 295.

Respectfully submitted,

By: */s/ Sonal N. Mehta*
**WILMER CUTLER PICKERING HALE AND DORR LLP**
*Attorney for Defendant Meta Platforms, Inc.*