# EXHIBIT B

1  WILMER CUTLER PICKERING
    HALE AND DORR LLP
2  SONAL N. MEHTA (SBN 222086)
     Sonal.Mehta@wilmerhale.com
3  2600 El Camino Real, Suite 400
   Palo Alto, California 94306
4  Telephone: (650) 858-6000
   Facsimile: (650) 858-6100
5
6  DAVID Z. GRINGER (*pro hac vice*)
     David.Gringer@wilmerhale.com
7  7 World Trade Center
   250 Greenwich Street
8  New York, New York 10007
   Telephone: (212) 230-8800
9  Facsimile: (212) 230-8888
10
11 ARI HOLTZBLATT (*pro hac vice*)
     Ari.Holtzblatt@wilmerhale.com
12 MOLLY M. JENNINGS (*pro hac vice*)
     Molly.Jennings@wilmerhale.com
13 1875 Pennsylvania Avenue NW
   Washington, DC 20006
14 Telephone: (202) 663-6000
   Facsimile: (202) 663-6363
15
16 *Attorneys for Defendant Facebook, Inc.*

17

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MAXIMILIAN KLEIN, et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FACEBOOK, INC., a Delaware Corporation headquartered in California,<br><br>Defendant. | Case No. 5:20-cv-08570-LHK<br><br>**DEFENDANT FACEBOOK, INC.'S OBJECTIONS AND RESPONSES TO CONSUMER PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**<br><br>Judge: Hon. Lucy H. Koh |

# RESPONSES TO REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

Documents sufficient to show the organizational structure of employees (including names, titles, and reporting relationships) that have or have had any role in the conception, creation, development, maintenance, or operation of Your Growth Team, Your Research Platform, and Your Privacy Team.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Facebook incorporates by reference its General Objections and its Objections to Definitions and Instructions.

Facebook objects to Request No. 1 as overly broad, unduly burdensome, and not proportional to the needs of this case, including but not limited to its seeking information about all employees "that have or have had *any* role in the conception, creation, development, maintenance, or operation of" certain teams as defined by Users. Facebook additionally objects to this Request on the ground that it is overly broad, unduly burdensome, and not proportional to the needs of the case, including because it seeks "Documents sufficient to show the organizational structure of employees" over a 14-year period and outside the four-year statute of limitations period. Facebook also objects to this Request to the extent it purports to require Facebook to produce documents relating to employees having "any role in the conception, creation, [or] maintenance" of the named teams, which are not relevant to any claim or defense in this action. Facebook additionally objects to this Request to the extent it seeks documents about Facebook's "Privacy Team," which are not relevant to any claim or defense in this action. Facebook further objects to this Request to the extent it purports to require Facebook to create documents that do not already exist. Facebook additionally objects to this Request because User Plaintiffs seek information available to User Plaintiffs from more convenient, less burdensome, or less expensive sources, including the more than 12 million pages of documents previously provided to the Federal Trade Commission and/or the House Judiciary Committee and re-produced to User Plaintiffs in this matter. Facebook further

objects to this Request to the extent it seeks the discovery of documents that are protected from disclosure by the attorney-client privilege or work-product doctrine.

Subject to and without waiving its objections, Facebook stands ready to meet and confer as to the scope of this Request. For the avoidance of doubt, Facebook will not produce any documents in response to this Request unless and until the Parties have mutually agreed on the scope of production and subject matters implicated by this Request. To facilitate that meet-and-confer, Facebook directs Plaintiffs to the following organizational charts already produced in in this matter: PALM-012438335, PALM-012438338, PALM-012438341, PALM-012438345, PALM-012438349, PALM-012438351, PALM-012438354, PALM-012438357, PALM-012438359, PALM-012438361, PALM-012438363, PALM-012438364, PALM-012438367, PALM-012438369, PALM-012438373, PALM-012438374, PALM-012438376, PALM-012438377, PALM-012438379, PALM-012438381, and PALM-012438383.

**REQUEST FOR PRODUCTION NO. 2:**

All Documents relied upon by You for Your provision of Court-ordered deposition testimony in the *Consumer Privacy User Profile Litigation* relating to "how" You "monetize" data, including but not limited to the topic on which You agreed to provide testimony: how You "in the regular course of business from 2012 to 2017, calculated the retail value of" Your "users' data" including "any such valuations." *In re Facebook, Inc. Consumer Privacy User Profile Litigation*, Case No. 3:18-md-02843-VC (N.D. Cal.), Dkt. 599 at 48.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Facebook incorporates by reference its General Objections and its Objections to Definitions and Instructions.

Facebook objects to Request No. 2 to the extent it purports to require Facebook to produce documents subject to the attorney-client privilege or work-product doctrine. Facebook also objects to this Request on the ground that it is overly broad, unduly burdensome, and not proportional to the needs of this case, including but not limited to its seeking of "All documents," without regard

No. 5:20-cv-08570-LHK            DEFENDANT FACEBOOK, INC.'S OBJECTIONS AND RESPONSES TO
CONSUMER PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

to whether those documents relate to any claim or cause of action in this case. Facebook further objects to this Request as irrelevant to the claims and defenses in this action, and as inappropriate discovery-on-discovery because "the purpose of this testimony [was] to assist Plaintiffs to request relevant materials" and therefore, "Facebook [did] not intend for the deponent to provide testimony regarding specific materials or contents of any such materials." *In re Facebook, Inc. Consumer Privacy User Profile Litigation*, Case No. 3:18-md-02843-VC (N.D. Cal.), Dkt. 599 at 48; *Uschold v. Carriage Servs., Inc.*, 2019 WL 8298261, at *3–*4 (N.D. Cal. Jan. 22, 2019) (quashing a discovery request seeking 30(b)(6) prep materials); *accord Karrani v. JetBlue Airways Corp.*, 2019 WL 2269817, at *4 (W.D. Wash. May 28, 2019) ("'meta-discovery' is highly disfavored"). Moreover, User Plaintiffs have not made the showing necessary (or any showing) to obtain "disfavored" discovery into another party's discovery process. *Jensen v. BMW of N. Am., LLC*, 328 F.R.D. 557, 566 (S.D. Cal. 2019); *see also Brewer v. BNSF Railway Co.*, 2018 WL 882812, at *2 (D. Mont. Feb. 14, 2018).

Subject to and without waiving its objections, Facebook stands ready to meet and confer as to the scope of this Request. For the avoidance of doubt, Facebook will not produce any documents in response to this Request unless and until the Parties have mutually agreed on the scope of production and subject matters implicated by this Request.

**REQUEST FOR PRODUCTION NO. 3:**

All Documents that You produced or will produce in the *Consumer Privacy User Profile Litigation* in response to the September 8, 2021 order compelling You to produce Documents relating to Your "app developer investigation." *In re Facebook, Inc. Consumer Privacy User Profile Litigation*, Case No. 3:18-md-02843-VC (N.D. Cal.), Dkt. 736.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Facebook incorporates by reference its General Objections and its Objections to Definitions and Instructions.

Facebook objects to Request No. 3 on the basis that it seeks materials that are protected by the attorney-client privilege or work-product doctrine. Facebook's App Developer Investigation was a legal investigation and directed at all stages by attorneys in order to advise Facebook on potential legal and regulatory risks. Any materials produced under the September 9, 2021 order in *In re Facebook, Inc. Consumer Privacy User Profile Litig.*, Case No. 3:18-md-02843-VC (N.D. Cal.) are produced under compulsion. Facebook further objects to this request on the ground that it is overly broad, unduly burdensome, and not proportional to the needs of this case, including but not limited to its seeking of "All documents," without regard to whether the documents, communications, or things relate to any claim or cause of action in this case. Facebook additionally objects to this Request to the because the referenced "app developer investigation" is not relevant to any claim or defense in this action. Facebook further objects to this Request to the extent it seeks "All Documents that You . . . will produce" as premature and improper. Facebook also objects to this Request to the extent it purports to require Facebook to produce documents subject to the attorney-client privilege or work-product doctrine.

Subject to and without waiving its objections, Facebook stands ready to meet and confer as to the scope of this Request. For the avoidance of doubt, Facebook will not produce any documents in response to this Request unless and until the Parties have mutually agreed on the scope of production and subject matters implicated by this Request.

**REQUEST FOR PRODUCTION NO. 4:**

Documents sufficient to show the processes You used for calculating Your following user metrics: (1) Daily Active Users (or Persons); (2) Monthly Active Users (or Persons); (3) total "Daily Minutes" for all Daily Active Users; (4) Time or Minutes per Daily Active User; (5) total "Monthly Minutes" for Monthly Active Users; and (6) Time or Minutes per Monthly Active User.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Facebook incorporates by reference its General Objections and its Objections to Definitions and Instructions.