WILMER CUTLER PICKERING
 HALE AND DORR LLP
SONAL N. MEHTA (SBN 222086)
 Sonal.Mehta@wilmerhale.com
2600 El Camino Real, Suite 400
Palo Alto, California 94306
Telephone: (650) 858-6000

DAVID Z. GRINGER (*pro hac vice*)
 David.Gringer@wilmerhale.com
7 World Trade Center
250 Greenwich Street
New York, New York 10007
Telephone: (212) 230-8800

ARI HOLTZBLATT (*pro hac vice*)
 Ari.Holtzblatt@wilmerhale.com
MOLLY M. JENNINGS (*pro hac vice*)
 Molly.Jennings@wilmerhale.com
1875 Pennsylvania Ave NW
Washington, DC 20006
Telephone: (202) 663-6000

*Attorneys for Defendant Meta Platforms, Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| MAXIMILIAN KLEIN, et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>META PLATFORMS, INC., a Delaware Corporation headquartered in California,<br><br>Defendant. | Case No. 3:20-cv-08570-JD<br><br>**DECLARATION OF DECLARATION OF SONAL N. MEHTA IN COMPLIANCE WITH THE COURT'S MAY 23, 2022 ORDER**<br><br>Judge: Hon. James Donato |

I, Sonal N. Mehta, declare as follows:

1. I am a Partner at Wilmer Cutler Pickering Hale and Dorr LLP, lead counsel for Meta Platforms, Inc. in the above-captioned case. I submit this declaration consistent with the Court's May 23, 2022 Order. Dkt. No. 301. The contents of this declaration are based on my personal knowledge.

2. On Friday, May 27, 2022, my partner David Gringer and lead counsel for the Advertiser Plaintiffs, Yavar Bathaee of Bathaee Dunne LLP, and Kristen Anderson of Scott + Scott LLP, met and conferred in person at WilmerHale's office in New York, New York, to resolve the disputes raised in Dkt. Nos. 281, 282, 294, 296, 297, and 298 in accordance with the Court's Order at Dkt. 301. Although at least one lead counsel for the User Plaintiffs works and resides in the Bay Area, I was informed that no lead counsel for the Advertiser Plaintiffs or the User Plaintiffs would be within 100 hundred miles of me for the meet and confer. Accordingly, lead counsel for the User Plaintiffs, Stephen A. Swedlow of Quinn Emanuel Urquhart & Sullivan LLP and Shana A. Scarlett of Hagens Berman Sobol Shapiro LLP, and I participated via video conference.

3. Meta and Advertiser Plaintiffs reached a resolution on Dkt. Nos. 281 and 296.

4. As to Dkt. 294, the parties reached an agreement on the number and identity of custodians. The parties have discussed search strings separately because Users have so demanded.

5. During the meet and confer, Meta and the User Plaintiffs discussed the dispute at Dkt. Nos. 282 and 297 regarding User Plaintiffs' request to be copied on all written correspondence Meta has with nonparty subpoena recipients about subpoena compliance, to be provided with any responses and objections served by nonparty subpoena recipients, and to be informed of any scheduled meet and confers with nonparties.

6. In an effort to resolve the dispute during the meet and confer, based on User Plaintiffs' representation that they wished to be promptly notified of subpoena modifications by Meta, Meta proposed that each party produce to the other all correspondence with nonparties relating to Rule 45 subpoenas issued in this case—regardless of which party issued a nonparty

1  subpoena—within five business days of sending or receiving the correspondence.  Meta also
2  proposed that each party provide a nonparty's objections and responses within five business days
3  of receipt, and a nonparty's document production within ten business days of receipt.   Meta
4  proposed that the parties produce any objections and responses already served by no later than
5  June 6, 2022.  For any correspondence that related to subpoenas issued in multiple cases, Meta
6  proposed that the parties may redact portions of the correspondence that do not relate to the
7  subpoena issued in this case.

8      7.    Although User Plaintiffs had suggested they would be open to a compromise
9  along those lines (except that they were seeking to receive correspondence more quickly than
10 Meta proposed), on June 6, 2022, counsel for User Plaintiffs rejected Meta's proposal, and
11 reverted to seeking the relief they originally requested in Dkt. 282.  User Plaintiffs have made no
12 counterproposals to Meta.  Meta and the User Plaintiffs are at an impasse regarding the dispute at
13 Dkt. Nos. 282 and 297 and Meta requests that the Court decide the issues on the briefs filed at
14 Dkt. Nos. 282 and 297.

15     8.    Also during the May 27, 2022 meet and confer, Meta and the User Plaintiffs
16 discussed the dispute at Dkt. No. 298 regarding User Plaintiffs' request for production (RFP) No.
17 3, seeking documents that Meta was compelled to produce relating to Meta's app developer
18 investigation (ADI).

19     9.    Meta explained that it was maintaining its position that ADI documents are
20 protected attorney work product, as the Massachusetts Supreme Judicial Court and the D.C.
21 Superior Court have both found, and that it could not voluntarily produce the documents sought
22 by RFP No. 3 without risking waiver.  Meta also explained that, in its view, not all ADI
23 documents were relevant to User Plaintiffs' allegations. Meta proposed that User Plaintiffs serve
24 interrogatories seeking relevant facts from the ADI, which would avoid the attorney work
25 product issue.  User Plaintiffs refused to engage in any discussion of the scope of production.

26     10.    Meta and the User Plaintiffs are at an impasse regarding the dispute at Dkt. No.
27 298. Because the Court directed the parties to engage in a lead counsel meet and confer before
28 Meta filed a response to User Plaintiffs' letter brief, Meta requests the opportunity to file a

responsive letter brief in accordance with your Honor's Standing Order on Civil Discovery. Users "have not taken a position" as to whether Meta may file a responsive letter brief. When Meta told Users that it would seek the opportunity to file a letter brief responsive to Dkt. No. 298, Users would not provide a response and only "simply note[d] that Judge Donato has ordered 'no further responses to the letter briefs.'"

   I declare that the foregoing is true and correct under penalty of perjury.

   Executed on this 17th day of June, 2022, in Los Altos Hills, California.

               By: */s/ Sonal N. Mehta*
                  Sonal N. Mehta

**SIGNATURE ATTESTATION**

I am the ECF User whose identification and password are being used to file the foregoing. Pursuant to Civil Local Rule 5-1(h)(3), I hereby attest that the other signatories have concurred in this filing.

Dated:   June 17, 2022                                                By:   */s/ Sonal N. Mehta*
                                                                                    Sonal N. Mehta