**HAGENS BERMAN SOBOL SHAPIRO LLP**
Shana E. Scarlett (SBN 217895)
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
shanas@hbsslaw.com

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Stephen A. Swedlow (admitted *pro hac vice*)
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
stephenswedlow@quinnemanuel.com

*Interim Co-Lead Consumer Class Counsel*
[*Additional Counsel Listed in Signature Block*]

**BATHAEE DUNNE LLP**
Yavar Bathaee (Bar No. 282388)
  yavar@bathaeedunne.com
445 Park Avenue, 9th Floor
New York, NY 10022
Telephone:  (332) 322-8835

**SCOTT + SCOTT ATTORNEYS AT LAW LLP**
Kristen M. Anderson (Bar No. 246108)
  kanderson@scott-scott.com
230 Park Avenue, 17th Floor
New York, NY 10169
Telephone:  (212) 223-6444

*Interim Co-Lead Advertiser Class Counsel*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

MAXIMILLIAN KLEIN, *et al*.,

                                        Plaintiffs,

        v.

META PLATFORMS, INC.,

                                        Defendant.

Case No. 3:20-cv-08570-JD

**STIPULATED PROTECTIVE ORDER**

Judge: Hon. James Donato

1. **PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 11.4, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2. **DEFINITIONS**

2.1     Objecting Party: a Party that challenges the designation of information or items under this Order.

2.2     Competitive Decision-Making: decision-making relating to a competitor, potential competitor, customer, or distribution partner including decisions regarding contracts, marketing, pricing, product or service development or design, product or service offerings, research and development, mergers and acquisitions, or licensing, acquisition, or enforcement of intellectual property rights.

2.3     "CONFIDENTIAL" Information or Items: any trade secret or other confidential research, development, or commercial information, as such terms are used in Fed. R. Civ. P. 26(c)(1)(G), or any document, transcript, or other material containing such information that has not been published or otherwise made publicly available in violation of this Order. In addition, a Designating Party may designate as Confidential any information or items made publicly available in violation of a court order to keep such information confidential, that the Designating Party believes should receive Confidential treatment, in accordance with Section 3.2 below. Confidential information includes (i) information copied or extracted, summarized or compiled from Confidential Information,

and (ii) testimony, conversations, or presentations by Parties or their Counsel that might reveal Confidential Information.

2.4     Counsel (without qualifier): Outside Counsel and In-House Counsel (as well as their support staff).

2.5     Designated In-House Counsel: means In-House Counsel designated by Defendant who are authorized to access Confidential Information pursuant to Section 7.2(b) or Highly Confidential Information pursuant to Section 7.3(b).

2.6     Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

2.7     Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.8     Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation, including employees of the firm with which the expert is associated or independent contractors who assist the expert's work in this action, who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action.

2.9     "HIGHLY CONFIDENTIAL" Information or Items: "Confidential Information or Items," disclosure of which to another Party or Non-Party is likely to cause material and significant harm. This includes (i) information copied or extracted, summarized or compiled from Highly Confidential Information, and (ii) testimony, conversations, or presentations by Protected Persons or their Counsel that might reveal Highly Confidential Information.

2.10     In-House Counsel: any attorneys who are employees of a party to this action, as well as paralegals, secretaries, and clerical and administrative personnel employed by a party. In-House Counsel excludes Outside Counsel.

2.11     Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.12    Outside Counsel: attorneys employed by outside law firms representing a Party in this proceeding, as well as attorney support staff.

2.13    Party: any named party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel (and their support staffs).

2.14    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.15    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.16    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL."

2.17    Protected Person: any Person (including a Party or Non-Party) that either voluntarily or under compulsory process, has provided or provides Protected Material.

2.18    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.    SCOPE

3.1    The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party either (1) as a result of publication not in violation of this Order, including becoming part of the public record through trial or otherwise or (2) as a result of publication not in violation of another court's order to keep such information confidential, subject to Section 3.2 below; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

Disclosure at trial or at any evidentiary hearing of any document, testimony, or other material designated as Highly Confidential Information or Confidential Information will be governed pursuant to a separate court order.  In advance of the filing of a proposed order governing the disclosure of Highly Confidential Information or Confidential Information at trial or any evidentiary hearing, the Parties shall provide notice of such order to Non-Parties whose Highly Confidential Information or Confidential Information is expected to be used at trial or any evidentiary hearing.

3.2     Any party or Non-Party may designate as confidential any information or items that it believes should receive confidential treatment. If a Producing Party's confidential material has been published by someone other than the Producing Party in violation of another court's order, and the Producing Party is aware of such publication, it should promptly notify the Receiving Party that it continues to request confidential treatment of the material in this action. If the Receiving Party disagrees that the material should continue to be treated as confidential, it may challenge the designation pursuant to Sections 6.1-6.3 of this Order. If a Party receives material from a Non-Party that bears obvious indicia that it is the confidential information of a Party, the Party who receives such material should make appropriate inquiries, including of the Party whose information it appears to be, regarding whether the material is confidential before choosing to treat it as public. Any disputes about whether such material should continue to be treated as confidential may be resolved using the procedures in Sections 6.1-6.3 of this Order.

**4.     DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.** **DESIGNATING PROTECTED MATERIAL**

5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.

Mass, indiscriminate, or routinized designations by any Party are prohibited. Designations by any Party that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of Section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)    <u>for information in documentary form</u> (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" to every page of the document. Any document that contains Protected Material may be designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL in its entirety, in accordance with this Order.

Defendant, as a Party, is not required to re-review its productions to the Federal Trade Commission and the House Judiciary Committee to designate materials, and may re-produce such productions to Plaintiffs as Highly Confidential. However, to the extent that Facebook produces any documents in such productions in *State of New York et al v. Facebook, Inc.*, Case No. 1:20-cv-03589-JEB (D.D.C.) ("State AG Case") or *Federal Trade Commission v. Facebook, Inc.*, Case No. 1:20-cv-03590-JEB (D.D.C.) ("FTC Case"), with a lower confidentiality designation (*i.e.*, "Confidential" or

not designated), Facebook shall timely re-produce such documents in this case, to reflect the lower confidentiality designation or non-designation in the State AG or FTC Cases. In addition, Plaintiffs may challenge the designation of any documents Facebook produced to the Federal Trade Commission and the House Judiciary Committee, and re-produced here as Confidential or Highly Confidential, pursuant to Section 6 herein, but agree not to challenge the designation of such documents wholesale, on the basis that their designation was mass, indiscriminate, or routinized.

(b)     for testimony given in deposition or in other pretrial or trial proceedings, a Protected Person shall have 30 days after the date when a complete and final copy of the transcript has been made available to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Within five (5) business days of receipt of the final transcript, the Party who notices the deposition shall provide the final transcript to the deponent. Only those portions of the testimony that are appropriately designated for protection within the 30 days shall be covered by the provisions of this Stipulated Protective Order. Alternatively, when it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, a Designating Party may specify that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." When a Party is entitled to question a deponent about a document or information that has been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," the Party that asked such question shall also mark as either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" the portion of the transcript relating to such CONFIDENTIAL or HIGHLY CONFIDENTIAL document or information.

Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at the time Protected Material is discussed. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 30-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL". After the expiration of that period, the transcript shall be treated only as actually designated.

      (c)    <u>for information produced in some form other than documentary and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

      5.3    <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, <u>standing</u> alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## 6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

      6.1    <u>Timing of Challenges</u>. Any Party may challenge a designation of confidentiality at any time prior to 30 days before the first day of trial. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by <u>electing</u> not to mount a challenge promptly after the original designation is disclosed.

      6.2    <u>Meet and Confer</u>. The Objecting Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and <u>stating with particularity</u> the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific

paragraph of the Protective Order. The Objecting Party and Designating Party shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Objecting Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. The Objecting Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3     Judicial Intervention. If the Parties cannot resolve a challenge without court intervention, they shall comply with the discovery dispute resolution procedure outlined in Judge Donato's Standing Order for Civil Discovery. Failure by the parties to seek court intervention within the period set out in the Standing Order for Civil Cases shall not automatically waive the confidentiality designation for each challenged designation. In addition, the Objecting Party may seek relief with respect to a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. In any such discovery letter brought pursuant to this provision the parties shall attest that they have complied with the meet and confer requirements imposed in the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Objecting Party to sanctions. All parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

If the Court finds the designation of Highly Confidential Information or Confidential Information to have been inappropriate, the challenged designation shall be considered rescinded, however, in the case of Highly Confidential Information the Court (or Objecting Party and Designating Party, by agreement, absent a contrary ruling from the Court) may determine that the materials may appropriately be designated Confidential.

**7.      ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1     <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 12 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party <u>may</u> disclose any information or item designated "CONFIDENTIAL" only to:

(a)     the Receiving Party's Outside Counsel, as well as attorney support staff who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b)     four Designated In-House Counsel of the Receiving Party with responsibilities for the litigation of this Action who do not currently, and for a period of two (2) years following the last occasion on which Confidential Information is disclosed to such In-House Counsel shall not (a) participate in or advise on Defendant's Competitive Decision-Making whether such In-House Counsel are still employed by Defendant or are employed by a different employer (b) participate in or advise on Competitive Decision-Making involving a Protected Person whose Confidential Information they accessed during the course of this Action at any employer, or (c) participate or advise on litigation or other legal actions (aside from litigation arising from or related to the allegations in the Complaint in this action) on behalf of Defendant or any other employer where a Protected Person is a genuinely adverse party (i.e., a party whose interests are more than merely nominally adverse, typified by responding to a Protected Party's subpoena) and whose Confidential Information Designated In-House Counsel accessed in the

course of this Action; to qualify for access under this subpart, in-house litigation counsel shall first execute an In-House Counsel Agreement Concerning Confidentiality in the form of Exhibit B attached hereto (which executed versions shall be maintained by Outside Counsel for the relevant Defendant and available for inspection upon the request of the Court, any Party, or any Non-Party Protected Person) and only access Confidential Information in person at the offices of Defendant's Outside Counsel of Record, or using a secure electronic data room or document review platform using an individual login identification and password. Defendant shall promptly report any confirmed or suspected unauthorized use or disclosure of Confidential Information to the Court, Plaintiff, and any affected Non-Party Protected Person.  Any Counsel subject to this subsection who leaves the employment of Defendant to work in an industry unrelated to the decisions associated with Competitive Decision-Making shall be presumed to be exempt from the post-employment limits of this provision absent a showing by Plaintiff or any interested Protected Person that such a person engaged in Competitive Decision-Making.

(c)     an individual named plaintiff or class representative to whom disclosure is reasonably necessary for this litigation and who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), provided that such person shall not take possession of such information, and provided that such person has no involvement in decision-making for a competitor of Facebook;

(d)     Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e)     the court and its personnel;

(f)     court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)     during depositions, a Party or Non-Party witness in the action, who the Confidential Information or Items indicate, or who the Receiving Party has a good-faith basis to believe, was the author, addressee, recipient, custodian, or source of the document, to the extent he or she previously had lawful access to the document disclosed or to be disclosed; any witness for whom the Receiving Party believes in good faith previously received or had access to the document, unless counsel for the Designating Party or the witness indicates that he or she did not have access to the document; and any witness to whom disclosure is reasonably necessary and who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A). These restrictions shall apply unless otherwise agreed by the Designating Party or ordered by the court; and

(h)     any mediator or arbitrator that the Parties engage in this action or that the court appoints who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

7.3     <u>Disclosure of "HIGHLY CONFIDENTIAL" information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a <u>Receiving</u> Party may disclose any information or item designated "HIGHLY CONFIDENTIAL" only to:

(a)     the Receiving Party's Outside Counsel, as well as attorney support staff to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b)     two Designated In-House Counsel of Defendant with responsibilities for the litigation of this Action who do not, at the time of executing the Designated In-House Counsel Agreement Concerning Confidentiality in the form of Exhibit B attached hereto, and for a period of two (2) years following the last occasion on which Highly Confidential Information is disclosed to such In-House Counsel, shall not (a) participate in or advise on Defendant's Competitive Decision-Making, whether such In-House Counsel are still employed by Defendant or are employed by a different employer, (b) participate in or advise on Competitive Decision-Making involving a Protected Person whose Highly Confidential Information they accessed during the course of this Action at any

employer, or (c) participate in or advise on litigation or other legal actions (aside from litigation arising from or related to the allegations in the Complaint in this action) on behalf of Defendant or any other employer where a Protected Person is a genuinely adverse party (i.e., a party whose interests are more than merely nominally adverse, typified by responding to a Protected Party's subpoena) and whose Highly Confidential Information Designated In-House Counsel accessed in the course of this Action; to qualify for access under this subpart, in-house litigation counsel shall first execute a Designated In-House Counsel Agreement Concerning Confidentiality in the form of Exhibit B attached hereto (which executed version shall be maintained by Outside Counsel for the relevant Defendant and available for inspection upon the request of the Court, any Party, or any Non-Party Protected Person) and only access Highly Confidential Information in person at the offices of Defendant's Outside Counsel of Record, or using a secure electronic data room or document review platform using an individual login identification and password. Defendant shall promptly report any confirmed or suspected unauthorized use or disclosure, of Highly Confidential Information, to the Court, Plaintiff, and any affected Non-Party Protected Person. Any Counsel subject to this subsection who leaves the employment of Defendant to work in an industry unrelated to the decisions associated with Defendant's Competitive Decision-Making shall be presumed to be exempt from the post-employment limits of this provision absent a showing by Plaintiff or any interested Protected Person that such a person is engaged in Competitive Decision-Making;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

STIPULATED PROTECTIVE ORDER - 12
Case No. 3:20-CV-08570-JD

(f)     during depositions, a Party or Non-Party witness in the action, who the Highly Confidential Information or Items indicate, or who the Receiving Party has a good-faith basis to believe, was the author, addressee, recipient, custodian, or source of the document, to the extent he or she previously had lawful access to the document disclosed or to be disclosed; and any witness for whom the Receiving Party believes in good faith previously received or had access to the document, unless counsel for the Designating Party or the witness indicates that he or she did not have access to the document, or unless otherwise agreed by the Designating Party or ordered by the court; and

(g)     any mediator or arbitrator that the Parties engage in this action or that the court appoints who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

7.4     <u>Rendering Advice</u>: <u>Nothing</u> in this Order is intended to bar or otherwise prevent counsel from rendering advice to their respective clients with respect to this action and, in the course of rendering such advice in a manner consistent with the "Designated In-House Counsel" provisions Sections 7.2(b) and 7.3(b), from relying upon their examination or knowledge of Highly Confidential or Confidential Information. Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL" Information or Items to Designated In-House Counsel.

7.5     Until otherwise ordered by the court or agreed to in writing by the Protected Person, seven (7) days before disclosing any information designated as Highly Confidential Information or Confidential Information to the Defendant's Designated In-House Counsel, Defendant must submit in writing to Plaintiff and the Protected Person a written statement that (i) sets forth the full name of the Designated In-House Counsel and the city and state of his or her residence, (ii) describes the In-House Counsel's past, current, and reasonably foreseeable future primary job duties and responsibilities in sufficient detail to determine if In-House Counsel is involved, or may become involved, in any Competitive Decision-Making; and (iii) lists the litigations or other legal actions in which the In-House Counsel participates or advises on behalf of Defendant or any other employer.

7.6     Unless otherwise ordered by the court or agreed to in writing by the Protected Person, Defendant may at any time before trial identify Designated In-House Counsel to whom Highly

Confidential or Confidential Information or Items may be disclosed. To qualify for access under this subpart, Designated In-House Counsel shall execute a Designated In-House Counsel Agreement Concerning Confidentiality in the form of Exhibit B attached hereto (which executed versions shall be maintained by Outside Counsel for Defendant and available for inspection upon the request of the Court, any Party, or any non-Party Protected Person).

7.7     A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose Highly Confidential or Confidential Information to the identified Designated In-House Counsel unless, within 14 days of delivering a copy of Exhibit B, the Party receives a written objection from the Protected Person. Any such objection must set forth in detail the grounds on which it is based.

7.8     A Party that receives a timely written objection must meet and confer with the Protected Person (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days of the written objection. If no agreement is reached, the parties shall comply with the discovery dispute resolution procedure outlined in Judge Donato's Standing Order for Civil Discovery. Any discovery letter filed pursuant to this provision must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to Designated In-House Counsel is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such letter must describe the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and set forth the reasons advanced by the Protected Person for its refusal to approve the disclosure.  Defendant shall not disclose any Highly Confidential or Confidential Information to its In-House Counsel pending resolution of the dispute. If the Court finds that the Designated In-House Counsel qualifies under the provisions of Section 7.2(b) or 7.3(b), Defendant will be able to disclose Highly Confidential Information or Confidential Information, as appropriate, to its Designated In-House Counsel in accordance with Section 7.2(b) or 7.3(b).

In any such proceeding, the Party opposing disclosure to Designated In-House Counsel shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards

proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Designated In-House Counsel.

7.9     Defendant may at any time before the trial of this action request disclosure of Highly Confidential or Confidential Information to additional In-House Counsel by consent of the Protected Person who made such designation (the "Designating Party") or motion to the Court. Defendant shall provide a written notice to the Designating Party and all Parties to this action stating the basis for disclosure. Defendant and the Designating Party must meet and confer within seven days of the written notice to try to resolve the matter by agreement. If no agreement is reached, the parties shall comply with the discovery dispute resolution procedures outlined in Judge Donato's Standing Order for Civil Discovery. Defendant will not disclose any Highly Confidential or Confidential Information to additional In-House Counsel pending resolution of the dispute. If the Court finds the designated In-House Counsel has a particularized need for access to the Highly Confidential or Confidential Information that outweighs the risk of harm to the Designating Party or the public interest, Defendant will be able to disclose the Highly Confidential or Confidential Information to its designated In-House Counsel.

**8.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

Parties may not disclose Highly Confidential or Confidential Information in other litigation absent a valid subpoena or court order. If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" that Party must:

8.1     promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

8.2     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its Protected Material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9. **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

    (a)    The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

    (b)    In the event that a Party is required, by a valid subpoena, court order, or discovery request to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

        1.    promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

        2.    promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

    (c)    make the information requested available for inspection by the Non-Party.  This provision is without waiver of a Party's right to object to any discovery request or subpoena seeking a Non-Party's confidential information in its possession.

9.2     A Non-Party must object or seek a protective order within 14 days of receiving notice and accompanying information, as described in section 9(b).  If the Non-Party fails to timely object or seek a protective order from this court, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request, except that, if the Party from whom the discovery is sought has a contractual obligation to give a longer period of notice to the Non-Party, the Party shall so advise the Party requesting the discovery, and the Producing Party shall have no obligation to produce the Non-Party's material until the contractual notice period expires. If the Non- Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.[1] Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

**10.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Protected Person of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**11.     MISCELLANEOUS**

11.1     <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

11.2     <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or

---

[1] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this court.

item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

11.3    Copy of Order. When discovery is sought from a Non-Party in this action after entry of this Order, a copy of this Order must accompany the discovery request.

11.4    Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(e) is denied by the court, then the Receiving Party may file the Protected Material in the public record pursuant to Civil Local Rule 79-5(e)(2) unless otherwise instructed by the court.

11.5    Export Control. Disclosure of Protected Material shall be subject to all applicable laws and regulations relating to the export of technical data contained in such Protected Material, including the release of such technical data to foreign persons or nationals in the United States or elsewhere. The Producing Party shall be responsible for identifying any such controlled technical data, and the Receiving Party shall take measures necessary to ensure compliance.

## 12.    FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned

1   or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts,

2   compilations, summaries or any other format reproducing or capturing any of the Protected Material.

3   Notwithstanding this provision, Counsel otherwise authorized to received Protective Material pursuant

4   to this Order are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition,

5   and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports,

6   attorney work product, and consultant and Expert work product, even if such materials contain

7   Protected Material, with the exception of paper copies of source code. Any such archival copies that

8   contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4

9   (DURATION).

10          PURSUANT TO STIPULATION, IT IS SO ORDERED.

11

12   DATED: _____

13

14                                          _____

15                                          Hon. James Donato
                                            United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27

28

### EXHIBIT A

### ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [date] in the case of *Klein v. Meta Platforms, Inc.*, Case No. 3:20-cv-08570-JD. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with, and explicitly provided by, this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I waive any right I may otherwise have to object to the jurisdiction of said court.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____

Printed name: _____
                          [printed name]


Signature: _____
                     [signature]

STIPULATED PROTECTIVE ORDER - 20
Case No. 3:20-CV-08570-JD

**<u>EXHIBIT B</u>**

**<u>IN-HOUSE COUNSEL AGREEMENT CONCERNING CONFIDENTIALITY</u>**

I, _____ [print or type full name], of _____ [print or type full address] am employed by _____ as _____ .

I declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [date] in the case of Klein v. Meta Platforms, Inc. Case No. 3:20-cv-08570-JD.

I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance, and explicitly provided by, this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I waive any right I may otherwise have to object to the jurisdiction of said court.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
                              [printed name]


Signature: _____
                          [signature]

DATED: July 5, 2022

HAGENS BERMAN SOBOL SHAPIRO LLP

By ___*s/ Shana E. Scarlett*___
        SHANA E. SCARLETT

Shana E. Scarlett (SBN 217895)
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
shanas@hbsslaw.com

Steve W. Berman (admitted *pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile:  (206) 623-0594
steve@hbsslaw.com

Respectfully submitted,

QUINN EMANUEL URQUHART &
SULLIVAN, LLP

By ___*s/ Stephen A. Swedlow*___
        STEPHEN A. SWEDLOW

Stephen A. Swedlow (admitted *pro hac vice*)
Michelle Schmit (admitted *pro hac vice*)
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606-1881
Telephone: (312) 705-7400
stephenswedlow@quinnemanuel.com
michelleschmit@quinnemanuel.com

Kevin Y. Teruya (Bar No. 235916)
Adam B. Wolfson (Bar No. 262125)
Brantley I. Pepperman (Bar No. 322057)
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
Telephone: (213) 443-3000
kevinteruya@quinnemanuel.com
adamwolfson@quinnemanuel.com
brantleypepperman@quinnemanuel.com

Manisha M. Sheth (admitted *pro hac vice*)
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
manishasheth@quinnemanuel.com

*Interim Co-Lead Counsel for Consumer Class*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

W. Joseph Bruckner (admitted *pro hac vice*)
Robert K. Shelquist (admitted *pro hac vice*)
Brian D. Clark (admitted *pro hac vice*)
Rebecca A. Peterson (SBN 241858)
Arielle S. Wagner (admitted *pro hac vice*)
LOCKRIDGE GRINDAL NAUEN P.L.L.P.
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900
Facsimile:  (612) 339-0981
wjbruckner@locklaw.com
rkshelquist@locklaw.com
bdclark@locklaw.com
rapeterson@locklaw.com
aswagner@locklaw.com

*Executive Committee for Consumer Class*

**SCOTT + SCOTT ATTORNEYS AT LAW LLP**

By:  */s/ Kristen M. Anderson*
Kristen M. Anderson (Bar No. 246108)
   kanderson@scott-scott.com
230 Park Avenue, 17th Floor
New York, NY 10169
(212) 223-6444

Christopher M. Burke (Bar No. 214799)
   cburke@scott-scott.com
David H. Goldberger (Bar No. 225869)
   dgoldberger@scott-scott.com
Hal D. Cunningham (Bar No. 243048)
   hcunningham@scott-scott.com
Daniel J. Brockwell (Bar No. 335983)
   dbrockwell@scott-scott.com
Yifan (Kate) Lv (Bar No. 302704)
   klv@scott-scott.com
600 W. Broadway, Suite 3300
San Diego, CA 92101
(619) 233-4565

**BATHAEE DUNNE LLP**

By:  */s/ Yavar Bathaee*
Yavar Bathaee (Bar No. 282388)
   yavar@bathaeedunne.com
Andrew C. Wolinsky (*pro hac vice*)
   awolinsky@bathaeedunne.com
445 Park Avenue, 9th Floor
New York, NY 10022
(332) 322-8835

Brian J. Dunne (Bar No. 275689)
   bdunne@bathaeedunne.com
633 West Fifth Street, 26th Floor
Los Angeles, CA 90071
(213) 462-2772

Edward M. Grauman (*pro hac vice*)
   egrauman@bathaeedunne.com
7000 North MoPac Expressway, Suite 200
Austin, TX 78731
(512) 575-8848

*Interim Co-Lead Counsel for the Advertiser Classes*

1  Patrick J. McGahan (*pro hac vice*)
      pmcgahan@scott-scott.com
2  Michael P. Srodoski (*pro hac vice*)
      msrodoski@scott-scott.com
3  156 South Main Street, P.O. Box 192
   Colchester, CT 06415
4  (860) 537-5537

5  *Interim Co-Lead Counsel for the Advertiser
   Classes*
6
   **AHDOOT & WOLFSON, PC**
7  Tina Wolfson (Bar No. 174806)
      twolfson@ahdootwolfson.com
8  Robert Ahdoot (Bar No. 172098)
      rahdoot@ahdootwolfson.com
9  Theodore W. Maya (Bar No. 223242)
      tmaya@ahdootwolfson.com
10 Henry Kelston (*pro hac vice*)
      hkelston@ahdootwolfson.com
11 2600 West Olive Avenue, Suite 500
   Burbank, CA 91505
12 (310) 474-9111

13 *Executive Committee Counsel for the
   Advertiser Classes*
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**LEVIN SEDRAN & BERMAN LLP**
Keith J. Verrier (admitted *pro hac vice*)
   kverrier@lfsblaw.com
Austin B. Cohen (admitted *pro hac vice*)
   acohen@lfsblaw.com
510 Walnut Street, Suite 500
Philadelphia, PA 19106-3997
(215) 592-1500

*Executive Committee Counsel for the Advertiser
Classes*

By: */s/ Sonal N. Mehta*
**WILMER CUTLER PICKERING HALE AND
DORR LLP**
SONAL N. MEHTA (Bar No. 222086)
   Sonal.Mehta@wilmerhale.com
2600 El Camino Real, Suite 400
Palo Alto, California 94306
Telephone: (650) 858-6000

DAVID Z. GRINGER (*pro hac vice*)
   David.Gringer@wilmerhale.com
7 World Trade Center
250 Greenwich Street
New York, New York 10007
Telephone: (212) 230-8800

ARI HOLTZBLATT (*pro hac vice*)
   Ari.Holtzblatt@wilmerhale.com
MOLLY M. JENNINGS (*pro hac vice*)
   Molly.Jennings@wilmerhale.com
1875 Pennsylvania Ave NW
Washington, DC 20006
Telephone: (202) 663-6000

*Attorneys for Defendant Meta Platforms, Inc.*

1

### <u>CERTIFICATE OF SERVICE</u>

2

I hereby certify that on July 5, 2022, the foregoing document was transmitted to the Clerk's

3

Office using the CM/ECF System, causing the document to be electronically served on all attorneys

4

of record.

5

6

Dated: July 5, 2022                          By <u>*s/ Shana E. Scarlett*</u>

7

                                           Shana E. Scarlett

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28