WILMER CUTLER PICKERING
  HALE AND DORR LLP
SONAL N. MEHTA (SBN 222086)
  Sonal.Mehta@wilmerhale.com
2600 El Camino Real, Suite 400
Palo Alto, California 94306
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

DAVID Z. GRINGER (*pro hac vice*)
  David.Gringer@wilmerhale.com
7 World Trade Center
250 Greenwich Street
New York, New York 10007
Telephone: (212) 230-8800
Facsimile: (212) 230-8888

ARI HOLTZBLATT (*pro hac vice*)
  Ari.Holtzblatt@wilmerhale.com
MOLLY M. JENNINGS (*pro hac vice*)
  Molly.Jennings@wilmerhale.com
1875 Pennsylvania Avenue, NW
Washington, DC 20006
Telephone: (202) 663-6000
Facsimile: (202) 663-6363

*Attorneys for Defendant Meta Platforms, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| MAXIMILIAN KLEIN, et al.,<br><br>　　　　　　　Plaintiffs,<br><br>　v.<br><br>META PLATFORMS, INC., a Delaware corporation,<br><br>　　　　　　　Defendant. | Case No. 3:20-cv-08570-JD<br><br>**DEFENDANT'S RESPONSE TO ADVERTISER PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED (CIVIL L. R. 79-5(f))**<br><br>Judge: Hon. James Donato |

Pursuant to Civil Local Rule 79-5(f)(3), Defendant Meta Platforms, Inc. files this response ("Response") to Advertiser Plaintiffs' Administrative Motion (Dkt. 323) to consider whether certain documents and information referenced in Advertiser Plaintiffs' discovery dispute letter (Dkt. 322, "Letter") should remain under seal.

Advertiser Plaintiffs' Administrative Motion asks the Court to consider whether to seal portions of its Letter, which reflects the contents of documents that Defendant designated Confidential or Highly Confidential pursuant to the terms of the parties' Stipulated Protective Order, Dkt. 111. *See* Dkt. 323.

As set forth below, Defendant only seeks to seal the portions of Advertiser Plaintiffs' Letter that reveal the names of Defendant's current and former non-officer employees, and such employees' email addresses.[1] This Court has previously sealed similar identifying information in this action. (*See* Dkt. 250.) Accordingly, Defendant requests that the Court enter an order sealing the information identified in the table below:

| Portion to be Filed Under Seal |
| --- |
| Redacted current and former non-officer employee names: Ltr. at 2. |
| Redacted current and former officer and employee email addresses: Ltr. at 2. |

Included with this Response as Exhibit 1 is a redacted version of Advertiser Plaintiffs' Letter that Defendant requests remain under seal.

I. **LEGAL STANDARD**

The underlying dispute concerns whether certain portions of Advertiser Plaintiffs' Letter reflecting the contents of documents produced by Defendant are sealable. In determining whether to seal portions of discovery letters, this Court applies either the "good cause" or "compelling

---

[1] Advertiser Plaintiffs did not meet-and-confer with Defendant concerning their redactions before filing their motion. Had they done so, Defendant would have agreed to lift most of the redactions in the Letter. For example, Defendant does not request that the Court seal any reference in the Letter to the names of Mark Zuckerberg, Sheryl Sandberg, Andrew Bosworth, and Mike Schroepfer, who are officers of Defendant. Defendant requests, however, that the Court seal any reference to their email addresses to protect against unsolicited emails and phone calls from the press or members of the general public.

- 1 -

reasons" standard, *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006), which considers whether disclosure would result in "annoyance, embarrassment, oppression, or undue burden or expense," Fed. R. Civ. P. 26(c).  Where the motion addresses matters that are only "tangentially related to the merits of a case," *Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1101 (9th Cir.), *cert. denied sub nom FCA U.S. LLC v. Ctr. for Auto Safety*, 137 S. Ct. 38 (2016), the party seeking to seal documents or information in connection with such a motion need only meet the lower "good cause" standard of Fed. R. Civ. P. 26(c), *id.* at 1098-99.  *See Kamakana*, 447 F.3d at 1179-80.  "A 'good cause' showing will suffice to seal documents produced in discovery," and "Rule 26(c) gives the district court much flexibility in balancing and protecting the interests of private parties." *Kamakana*, 447 F.3d at 1180.  Nonetheless, any request to seal must be "narrowly tailored" to only material that is privileged, confidential, protected by trade secret, or otherwise protected under the law.  Civ. L. R. 79-5(c).

## II. SEALING OF EMPLOYEE IDENTIFYING INFORMATION

Defendant seeks to maintain under seal narrowly tailored portions of the Letter under the "good cause" standard for sealing.

Consistent with this Court's past practice in this action (*see* Dkt. 250 at 3), Defendant again asks the Court to seal portions of documents containing Defendant employee names and Defendant officer and employee email addresses.  Recognizing employees' right to privacy, courts—including this Court—routinely seal such information.  For instance, in *In re Bofi Holding, Inc. Sec. Litig.*, No. 15-CV-2324-GPC-KSC, 2021 WL 3700749 (S.D. Cal. July 27, 2021), the court found that there was "good cause to seal the [documents] to 'protect the rights of privacy' of [former employees], and to prevent the 'misuse' of this identifying information to harass the former employees." *Id.* at *8.  The court noted that "[r]equests to seal personal information are often granted to protect an individual's privacy and prevent exposure to harm" and that the court had "previously found the same information sealable under the stricter 'compelling reasons' standard for these very reasons." *Id.* (sealing employee names and addresses).  Similarly, in *Snapkeys Ltd. v. Google LLC*, No. 19-CV-02658-LHK, 2021 WL 1951250 (N.D. Cal. May 14, 2021), the court found the stricter "compelling reasons" standard satisfied and sealed "personally

1  identifiable information," including email addresses and phone numbers of current and former
2  employees. *Id.* at *3 (collecting cases holding similarly).  As another court in this district recently
3  explained, "good cause exists to seal" the "names of parties who are not involved with or incident
4  to the current litigation where disclosure of the information would violate a party's legitimate
5  privacy interest."  *Shopify Inc. v. Express Mobile, Inc.*, No. 20-mc-80091, 2020 WL 4732334,
6  at *11 (N.D. Cal. Aug. 14, 2020).  Indeed, in this very case, Magistrate Judge DeMarchi granted a
7  very similar request to seal the names and email addresses of Defendant's employees identified in
8  attachments to a discovery motion.  *See* Dkt. 250 at 3.

9   The current and former employees of Defendant identified in Advertiser Plaintiffs' Letter
10  have a legitimate, legally recognized privacy interest in protecting their identities and contact
11  information from public disclosure.  If their information and involvement in this action were to be
12  publicly disclosed, they may be subject to "annoyance," "oppression, or undue burden."  Fed. R.
13  Civ. P. 26(c).  For example, given the current media attention to the Defendant, they may receive
14  unsolicited emails and phone calls from the press or members of the general public, which could
15  rise to the level of threats or harassment.  Even the Wall Street Journal has recognized the privacy
16  interests of Defendant's employees by redacting their names from leaked documents in its
17  publications.  *See, e.g.*, *Facebook's Documents About Instagram and Teens, Published*, Wall Street
18  Journal (Sept. 29, 2021), *available at* https://www.wsj.com/articles/facebook-documents-
19  instagram-teens-11632953840?mod=article_inline (noting that "the names of Facebook
20  employees whose names appear in the documents have been redacted, excepting only the most
21  senior").  Defendant would also be harmed by harassment of its employees because it could result
22  in decreased morale, decreased productivity, and increased expenses.

23   Further, the employees' names and contact information are not relevant to the Court's
24  determination of whether Defendant should be compelled to search for and produce hyperlinked
25  documents embedded within Defendant's productions.  *See, e.g.*, *Music Grp. Macao Com.*
26  *Offshore Ltd. v. Foote*, No. 14-CV-03078-JSC, 2015 WL 3993147, at *2 (N.D. Cal. June 30, 2015)
27  (sealing names of employees suspected of cyber attack, finding employee names irrelevant to
28  defendant's investigation).  This too counsels in favor of sealing.  *Id.*

1    Finally, Defendant does not seek to redact the names of Defendant's officers, Mark
2  Zuckerberg, Sheryl Sandberg, Andrew Bosworth, and Mike Schroepfer, as their names are a matter
3  of public record.  *See Epic Games v. Apple Inc.*, No. 4:20-CV-05640-YGR, 2021 WL 1907755,
4  at *2 (N.D. Cal. May 12, 2021) (denying motion to seal "information that has already been
5  disclosed to the public").  Defendant's request is narrowly tailored to protect only the names of
6  current and former non-officer employees, and the email addresses of Defendant's current and
7  former officers and employees.  There is no less restrictive alternative that would suffice to protect
8  the privacy interests at issue.

10  Dated: August 3, 2022                                          Respectfully submitted,

By: */s/ Sonal N. Mehta*_____
SONAL N. MEHTA (SBN 222086)
sonal.mehta@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Telephone: (650) 858-6000

DAVID Z. GRINGER (*pro hac vice*)
david.gringer@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, New York 10007
Telephone: (212) 230-8800

ARI HOLTZBLATT (*pro hac vice*)
ari.holtzblatt@wilmerhale.com
MOLLY M. JENNINGS (*pro hac vice*)
molly.jennings@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006
Telephone: (202) 663-6000