<u>**FILED UNDER SEAL**</u>

Bathaee :: Dunne :: LLP

July 27, 2022                                                                                           <u>**Via CM/ECF Filing**</u>

The Honorable James Donato
United States District Court for the Northern District of California
450 Golden Gate Avenue, Courtroom 11, 19th Floor
San Francisco, CA 94012

Re:     *Klein* Advertisers' Letter Brief Seeking Facebook's Production of Hyperlinked Documents

Dear Judge Donato:

Advertiser Plaintiffs in the *Klein* case respectfully move to compel Defendant Meta Platforms, Inc. ("Facebook") to search for and produce relevant hyperlinked documents embedded within Facebook's prior and future productions. Advertisers and Facebook have been exchanging letters and meeting-and-conferring about this subject for months now, and have reached impasse multiple times.[1] With no movement from Facebook, with fact discovery deadlines approaching, and with the problem continuing in Facebook's most recent productions, Advertisers have no choice but to move the Court for relief. Advertisers ask that the Court order Facebook to: (1) go through its existing production and evaluate the documents sitting behind hyperlinks throughout for relevance; (2) produce all relevant hyperlinked documents to Advertisers, linked through metadata to their parent documents; and (3) produce all hyperlinked documents, linked through metadata to their parents, going forward.

On Apr. 2, 2021, Judge Koh (then presiding over these consolidated actions) ordered Facebook (over its objections) to "produce to Plaintiffs the documents Facebook produced to the Federal Trade Commission and the United States House of Representatives within 30 days." (Dkt. 82.) This production comprised several million documents and represents, more than a year later, nearly the entire universe of documents produced by Facebook in this case. However, there is a huge problem with the documents Facebook has produced here, both in that first production and since: hundreds of thousands of as-produced documents across Facebook's entire production are missing facially relevant (indeed, critical) child documents, which were embedded as hyperlinks and have never been (despite months of requests by Advertisers) reviewed and produced by Facebook.

An email thread produced at PALM-008845039 is instructive as to what's at stake. In this thread, which includes emails from [REDACTED]

---

[1] Advertisers and Facebook discussed the problem of hyperlinked documents at meet-and-confers on Apr. 6, 2022 (virtual), Apr. 8, 2022 (in-person), and Jun. 17, 2022 (virtual), and the parties have exchanged several letters on this subject since Mar. 1, 2022.

July 27, 2022　　　　　　　　　　**FILED UNDER SEAL**
Page 2



s not attached or excerpted in the as-produced email thread, but rather herlinked Thus, an email thread about is, as-produced, missing its central piece.

This is a big problem for Advertisers (as it would be for any plaintiff to be faced with incomplete versions of key documents), and it is repeated literally thousands of times throughout Facebook's production in this case. For example, a search of Facebook's production for ""—the type of hyperlink used in the above screenshot—hits upon 86,752 documents. Many of these documents contain multiple hyperlinks within them. As far as Advertisers can tell, ***none*** of these hyperlinked documents have been produced along with their parents.

Thousands more documents in Facebook's production contain hyperlinks structured as "FB URLs"—shortened, FB-specific hyperlinks that are totall o a ue to the reviewer. Thus, for example, a document regarding another issue of indisputable relevance to Advertisers' case—links to multiple "fburl.com" documents (and also a link for good measure):

None of the embedded documents were produced along with the above parent. And once again, this is not isolated: a search of "fburl.com" in Facebook's production comes back with 127,442 hits.

Thousands of other facially relevant (indeed, critical) documents are hyperlinked—and therefore, entirely missing—from Facebook's production. Thus, for example, a email within

---

[2]

[3] PALM-007774344.

Facebook's FTC production discusses the  Advertisers do not have the precise version—or, based upon a search for ▮▮▮▮▮ in Facebook's production, *any* version—of this linked presentation, despite its facial relevance to Advertisers' case.

At the same time, in lengthy meet-and-confers and letters regarding custodians, search terms, and Facebook's responses to Advertisers' requests for production—which seek exactly the sort of documents a‍pparently hyperlinked in the above examples, *e.g.*, documents pertinent to ▮▮▮▮; to ▮▮▮▮▮ strate ; and to com‍petition between  Facebook's position has been that (1) it will not produce documents embedded within its FTC production unless Advertisers first identify potentially relevant linked documents (which are, by definition, not actually reviewable by Advertisers, as only Facebook knows what is behind hyperlinks), and at the same time (2) the FTC search and production "discharged [Facebook]'s obligation to conduct a reasonable search for documents related to [Advertisers'] RFPs." In sum, Facebook has made it clear that where Advertisers' Requests overlap with the FTC production, the FTC production is all Facebook will affirmatively produce.

As a result of the above, Advertisers find themselves in an impossible position: there are thousands of potentially relevant, but opaquely linked, documents embedded throughout Facebook's past productions. Advertisers are entitled, under the Federal Rules, to have Facebook review and (if relevant) produce such documents. Yet Facebook's present discovery position demands that Advertisers conduct a "re-relevance" review on hundreds of thousands of Facebook parent documents that ***were produced by Facebook***—just ***incompletely***. This Court (or for newer productions, Facebook) has already determined the parent documents in question to be sufficiently relevant to warrant production. Facebook must produce these documents in their entirety—*i.e.*, together with relevant embedded documents, with parent-child relationships maintained.

The harm to Advertisers is ongoing. On Thursday, Jul. 21, 2022, Facebook produced an email from ▮▮▮▮▮ with the sub‍ject "▮▮▮▮▮▮▮▮▮▮," in which Facebook employees discuss "▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮" The centerpiece of this conversation is an opaque link—without even a URL—to a Face‍boo‍k-internal post regarding data usage in ▮▮▮▮. Advertisers don't know what the linked documents says, and Facebook's just-last-week production of the parent, even after months of discussions on hyperlinked documents, doesn't include the linked document.

The situation is untenable, and across three meet-and-confers and voluminous letters spread over nearly five months, Facebook has refused to actually go through its existing production; evaluate the documents sitting behind hyperlinks throughout for relevance; and produce those documents to Advertisers, linked through metadata to their parent documents. Yet anything less represents a failure by Facebook to comply with its most basic discovery obligations. *See* J. Donato Standing Order Regarding Civil Discovery at ¶ 6 ("A burden, overbreadth or similar objection shall not be a valid reason for withholding requested, responsive materials actually known to counsel or the party.").

Dated: July 27, 2022                                    Respectfully Submitted,

**BATHAEE DUNNE LLP**                                   **SCOTT+SCOTT**
                                                        **ATTORNEYS AT LAW, LLP**

/s/ Yavar Bathaee                                       /s/ Kristen M. Anderson
Yavar Bathaee (CA 282388)                               Kristen M. Anderson (CA 246108)
yavar@bathaeedunne.com                                  kanderson@scott-scott.com
Andrew C. Wolinsky (*pro hac vice*)                     The Helmsley Building
awolinsky@bathaeedunne.com                              230 Park Avenue, 17th Floor
445 Park Avenue, 9th Floor                              New York, NY 10169
New York, NY 10022                                      Tel.: (212) 223-6444
Tel.: (332) 322-8835                                    Fax: (212) 223-6334

Brian J. Dunne (CA 275689)                              Christopher M. Burke (CA 214799)
bdunne@bathaeedunne.com                                 cburke@scott-scott.com
Edward M. Grauman (*pro hac vice*)                      David H. Goldberger (CA 225869)
egrauman@bathaeedunne.com                               dgoldberger@scott-scott.com
901 South MoPac Expressway                              Kate Lv (CA 302704)
Plaza I, Suite 300                                      klv@scott-scott.com
Austin, TX 78746                                        Hal D. Cunningham (CA 243048)
Tel.: (213) 462-2772                                    hcunningham@scott-scott.com
                                                        Daniel J. Brockwell (CA 335983)
                                                        dbrockwell@scott-scott.com
                                                        600 W. Broadway, Suite 3300
                                                        San Diego, CA 92101
                                                        Tel.: (619) 233-4565
                                                        Fax: (619) 233-0508

                                                        Patrick J. McGahan (*pro hac vice*)
                                                        pmcgahan@scott-scott.com
                                                        Michael P. Srodoski (*pro hac vice*)
                                                        msrodoski@scott-scott.com
                                                        156 South Main Street, P.O. Box 192
                                                        Colchester, CT 06415
                                                        Tel.: (860) 537-5537
                                                        Fax: (860) 537-4432

*Interim Co-Lead Counsel for the Advertiser Class*

**LEVIN SEDRAN & BERMAN LLP**                           **AHDOOT & WOLFSON, PC**

Keith J. Verrier (*pro hac vice*)                       Tina Wolfson (CA 174806)
Austin B. Cohen (*pro hac vice*)                        Robert Ahdoot (CA 172098)
510 Walnut Street, Suite 500                            Theodore W. Maya (CA 223242)
Philadelphia, PA 19106-3997                             Henry J. Kelson (*pro hac vice*)
Tel.: (215) 592-1500                                    2600 West Olive Avenue, Suite 500

July 27, 2022 **FILED UNDER SEAL**
Page 5

Fax: (215) 592-4663
kverrier@lfsblaw.com
acohen@lfsblaw.com

Burbank, CA 91505
Tel.: (310) 474-9111
Fax: (310) 474-8585
twolfson@ahdootwolfson.com
rahdoot@ahdootwolfson.com
tmaya@ahdootwolfson.com

*Members of Executive Committee for the Advertiser Class*

## ATTESTATION OF BRIAN J. DUNNE

This document is being filed through the Electronic Case Filing (ECF) system by attorney Brian J. Dunne. By his signature, Mr. Dunne attests that he has obtained concurrence in the filing of this document from each of the attorneys identified in its signature block.

Dated: July 27, 2022                    By: */s/ Brian J. Dunne*
                                                 Brian J. Dunne

## CERTIFICATE OF SERVICE

I hereby certify that on July 27, 2022, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System, and served a true and correct copy of the unredacted document by electronic mail upon all counsel of record.

Dated: July 27, 2022                    By: */s/ Brian J. Dunne*
                                                 Brian J. Dunne