UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAXIMILIAN KLEIN, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>META PLATFORMS, INC.,<br><br>    Defendant. | Case No. 3:20-cv-08570-JD<br><br>**ORDER RE MOTIONS TO SEAL** |

The Court has addressed the standards for sealing requests in conjunction with case filings, *see In re Google Play Store Antitrust Litigation*, 556 F. Supp. 3d 1106 (N.D. Cal. 2021), and that decision is incorporated here. In pertinent summary, "judicial records are public documents almost by definition, and the public is entitled to access by default." *Id*. at 1107 (quoting *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006); *see also Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (when considering a request to seal, "we start with a strong presumption in favor of access to court records.") (quotation omitted)). The party seeking to seal a document bears the burden of articulating "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Id*. (quotation and citation omitted). General assertions of potential competitive or commercial harm are not enough to establish good cause for sealing court records, and the "fact that the parties may have designated a document as confidential under a stipulated protective order is also not enough to justify sealing." *Id*. (citation omitted).

Plaintiffs and defendant Meta Platforms, Inc. (Meta), filed sealing motions in connection with the first amended consolidated advertiser class action complaint (FAC), Dkt. No. 236, motion to dismiss briefing, Dkt. Nos. 261, 270, 284, and discovery letter briefs, Dkt. Nos. 280, 323. As required by Civil Local Rule 79-5, plaintiffs filed the initial notice of sealing for documents

1  obtained during discovery that had been designated as confidential under the protective order
2  entered in this case.  *See* Dkt. No. 236-1; Dkt. No. 270-1; Dkt. No. 280-1; Dkt. No. 323-1.  Civil
3  Local Rule 79-5 required Meta , the party that produced the documents, to state why they should
4  be sealed, and propose ways of tailoring sealing to the narrowest possible scope.  Meta filed
5  declarations to state why the documents it produced should be sealed.  *See* Dkt. No. 244; Dkt. No.
6  278; Dkt. No. 284; Dkt. No. 285; Dkt. No. 326.

7  For Meta's proposed redactions in the FAC and motion to dismiss briefing, Meta says that
8  information disclosed in the documents should be redacted because it contains details about
9  contract terms and negotiations, and their disclosure would put Meta and its counterparties at a
10 competitive disadvantage.  Dkt. No. 244-1; Dkt. No. 284-1.  Meta has met its burden for a small
11 subset of the information it seeks to redact, and the specific sealing determinations are stated in the
12 attached chart.  *See* Ex. A.  The Court grants sealing for portions that expressly quote contract
13 terms.  The Court declines to redact general descriptions of the agreement that the parties to a
14 contract reached.

15 For the proposed redactions to the discovery letter briefs, Meta seeks to redact only non-
16 officer employee names and email addresses.  Dkt. No. 326.  Meta says that disclosure of the
17 information would be an invasion of privacy for the individual employees.  *Id*.  The redactions of
18 email addresses are narrowly tailored and meet the standard for sealing.

19 The "default posture of public access prevails" for the documents that the Court declines to
20 seal.  *In re Google Play Store Antitrust Litigation*, 556 F. Supp. 3d at 1107 (quoting *Kamakana*,
21 447 F.3d at 1182).  Plaintiffs and Meta are directed to file a revised redacted version of the FAC
22 and discovery letter briefs, and unredacted versions of the motion to dismiss briefing on ECF
23 within seven court days of this order.  Civil L.R. 79-5(f).

24 **IT IS SO ORDERED.**
25 Dated:  August 31, 2022

JAMES DONATO
United States District Judge

2

**EXHIBIT A TO ORDER RE MOTIONS TO SEAL**

| Document | Information sought to be sealed | Proffered Reason for Sealing | Ruling |
|---|---|---|---|
| **FIRST AMENDED COMPLAINT** | | | |
| First Amended Complaint | Paragraphs 441-452, 454, 455, 458-61, 463 | Contains non-public information about negotiations of a confidential agreement concerning Meta's non-use of certain data. Disclosure would adversely impact Meta's ability to negotiate similar agreements in the future. (*See* Dkt. No. 244-1 ¶ 6) | **Granted in part**. The language in paragraphs 441, 449, 451-452, 458 may be sealed because it reveals specific terms for negotiation, which would potentially harm Meta's competitive standing. **Denied** for paragraphs 442-448, 450, 454, 455, 459-461, 463. |
| First Amended Complaint | Table of Contents, Paragraphs 10, 436-438, 464-472 | Contains non-public information about terms of a confidential agreement concerning Meta's non-use of certain data. Disclosure would adversely impact Meta and the counterparty's ability to negotiate similar agreements in the future. (*See* Dkt. No. 244-1 ¶ 7) | **Granted in part**. The language in paragraphs 464-468 may be sealed because it reveals specific terms in a contract, which would which would potentially harm Meta's competitive standing. **Denied** for Table of contents and paragraphs 10, 436-438, and 469-472. |
| First Amended Complaint | Paragraphs 9, 500-502, 509-524, 530, 531, 534, 535 | Contains non-public information about the terms of confidential agreements concerning Meta's use of data to inform content development decisions. Disclosure would impact Meta's ability to negotiate future agreements. (*See* Dkt. No. 244-1 ¶ 8) | **Granted in part**. The language in paragraph 510 may be sealed because it reveals specific terms in a contract, which would potentially harm Meta's competitive standing. **Denied** for paragraphs 9, 500-502, 509, 511-524, 530, 531, 534, 535. |

| Document | Information sought to be sealed | Proffered Reason for Sealing | Ruling |
|---|---|---|---|
| First Amended Complaint | Paragraphs 440, 456, 463, 485, 486, 503 | Contains non-public information about advertising sales, including information about advertising revenues. Disclosure could create a competitive disadvantage for Meta. (*See* Dkt. No. 244-1 ¶ 9) | **Denied**. |
| **MOTION TO DISMISS BRIEFING** | | | |
| Meta's Motion to Dismiss, Dkt. No. 262 | 11:8-9 | Contains non-public information about terms of a confidential agreement concerning Meta's non-use of certain data and use of other data to inform content development decisions. Disclosure could create a competitive disadvantage for Meta and its counterparty in negotiations. (*See* Dkt. No. 284-1 ¶¶ 6-7) | **Denied**. |
| Advertiser Plaintiffs' Opposition to Meta's Motion to Dismiss, Dkt. No. 271 | 5:10-12, 6:16-19, 12:21-24 | Contains non-public information about terms of a confidential agreement concerning Meta's non-use of certain data and use of other data to inform content development decisions. Disclosure could create a competitive disadvantage for Meta and its counterparty in negotiations. (*See* Dkt. No. 284-1 ¶¶ 6-7) | **Denied**. |

4

| Document | Information sought to be sealed | Proffered Reason for Sealing | Ruling |
|---|---|---|---|
| **DISCOVERY LETTER BRIEFS** | | | |
| Discovery Letter Brief, April 21, 2022, Dkt. No. 281 | | Materials were redacted because they were marked as "Confidential," or "Highly Confidential," during production, but Meta represents that it does not seek for any portions of the document to be sealed. (*See* Dkt. No. 280-1 ¶ 3; Dkt. No. 285) | **Denied**. |
| Discovery Letter Brief, July 27, 2022, Dkt. No. 322 | Redacted current and former non-officer employee names and email addresses on page 2. | Employee names and email addresses should be redacted to protect the individuals' privacy. (*See* Dkt. No. 326) | **Granted in part**. There is a sufficient privacy interest in keeping the email addresses of employees redacted, but their names will not be redacted. |