Bathaee :: Dunne :: LLP

September 1, 2022                                                                                          **Via CM/ECF Filing**
The Honorable James Donato

Re:   Non-Party Joshua Jeon's Discovery Letter Brief Seeking to Quash Deposition Subpoena in
      *Klein v. Meta Platforms, Inc.*, No. 3:20-cv-08570-JD

Dear Judge Donato:

Non-Party Joshua Jeon is a former named plaintiff in this matter who bought a single Facebook advertisement in April 2016. As a result of class period changes in the Advertiser FAC, Mr. Jeon is no longer a viable advertiser class representative—nor even an advertiser class *member*, as Defendant Meta Platforms, Inc. ("Facebook") concedes. Last week, Mr. Jeon voluntarily dismissed his claims, as expressly permitted by the Federal Rules (Facebook had neither answered Mr. Jeon's claims nor moved for summary judgment), exiting this case. Nonetheless, within hours of Mr. Jeon's voluntary dismissal, Facebook threatened to subpoena him for deposition if he didn't voluntarily sit for one— and Facebook quickly made good on its promise when Mr. Jeon declined.

Because Mr. Jeon is no longer a party to this action; is no longer in either of the putative advertiser classes; and already *completed his document production* to Facebook (such that Facebook already knows all about Mr. Jeon's pre-limitations-period $6.98 ad purchase), it would be unduly burdensome to now haul Mr. Jeon into a deposition via non-party subpoena. However, after written correspondence and a meet-and-confer pursuant to this Court's Standing Order for Discovery in Civil Cases and the Civil Local Rules, Facebook refused to voluntarily withdraw its deposition subpoena to Mr. Jeon. The Court should quash Facebook's subpoena to Mr. Jeon, as it does not meet the requirements under Rule 45 to compel a non-party to sit for deposition. *See* Fed. R. Civ. P. 45(d)(3)(iv) (undue burden).

## BACKGROUND

On December 18, 2020, ten former Facebook advertisers sued Facebook for monopolization and attempted monopolization of the Social Advertising Market. (*See Affilious, Inc. et al. v. Facebook, Inc.*, No. 5:20-cv-09217, Dkt. 1 (Compl.).) One of these ten advertiser plaintiffs was Joshua Jeon, a pastor at Dwell Church in Austin, Texas, who bought a single $6.98 Facebook ad for his church in April 2016. Mr. Jeon and seven other *Affilious* plaintiffs sought to represent a class of "[a]ll persons, entities, and/or corporations in the United States who purchased advertising from Facebook between October 1, 2012, and April 3, 2018." (*Affilious* Compl. ¶ 412.) (The *Affilious* Complaint also included a separate post-April 2018 Facebook advertiser class, which Mr. Jeon did not purport to represent.) The *Affilious* Complaint alleged that although Mr. Jeon made his only Facebook ad purchase in April 2016 (which was more than four years before December 18, 2020), "[u]ntil no earlier than November 6, 2019, Jeon did not know, and could not reasonably have known, the truth about Facebook's anticompetitive conduct, including its purpose and intent to engage in anticompetitive conduct, nor could he have known that he had been injured by paying supracompetitive prices for advertising." (*Id.* ¶ 25.) The *Affilious* Complaint contained twenty-eight paragraphs specifically directed toward "Concealment and Tolling." (*See id.* at ¶¶ 371-99.) Shortly after it was filed, the *Affilious* case was consolidated into the *Klein* action, along with several other advertiser antitrust complaints against Facebook.

On February 22, 2021, after then-assigned Judge Koh appointed interim class counsel, the advertiser classes in the consolidated *Klein* action filed a Consolidated Advertiser Class Action Complaint ("CAC"). (Dkt. 86.) The CAC included nine named advertiser plaintiffs, including Mr. Jeon, and

included claims against Facebook for monopolization of the Social Advertising Market and attempted monopolization of the Social Advertising Market, as well as a Section 1 claim based on a late-2018 market division agreement with Google. Like the *Affilious* Complaint, the CAC included two classes, one of which was "[a]ll persons, entities, and/or corporations in the United States who purchased advertising from Facebook between October 1, 2012, and April 3, 2018 . . . ." (CAC ¶ 529) Mr. Jeon was one of four named plaintiffs who sought to represent this 2012-to-2018 advertiser class. (*Id.*) Like the *Affilious* Complaint before it, the CAC included a dozen pages specifically devoted to "Concealment and Tolling" allegations (CAC ¶¶ 488-516), and alleged that Mr. Jeon "did not know, and could not reasonably have known," about Facebook's anticompetitive conduct or his overcharge injury until November 6, 2019 (*id.* ¶ 27).

Facebook moved to dismiss the CAC, including on timeliness grounds. (*See* Dkt. 97 (filed May 20, 2021).) On January 14, 2022, Judge Koh issued a memorandum opinion and order granting-in-part and denying-in-part Facebook's motion to dismiss. (Dkt. 28.) Judge Koh's order held that certain advertiser claims and alleged injuries were untimely (*id.* at 88-100), and specifically rejected Advertisers' fraudulent concealment allegations (*id.* at 96-99), but granted leave to amend (*id.* at 99-100; 107).

On February 28, 2022, Advertisers filed their First Amended Consolidated Advertiser Class Action Complaint ("FAC"). (Dkt. 237.) Responding to Judge Koh's January 2022 order, the Advertiser FAC bolstered Advertisers' allegations regarding Facebook's post-December 2016 monopolization conduct, using documents from court-ordered cloned discovery (*see, e.g.*, *id.* at §§ V-VIII, XI), and removed Advertisers' allegations regarding "Concealment and Tolling." Consistent with the latter excision, Advertisers changed their pre-2018 class period to state: "All persons, entities, and/or corporations in the United States who purchased advertising from Facebook *between December 1, 2016, and April 3, 2018* . . . ." (FAC ¶ 839 (emphasis added).) The Advertiser FAC named seven plaintiffs, all of whom purchased Facebook advertising within the post-December 2016 limitations period except Mr. Jeon, who had only purchased one advertisement, for $6.98, in April 2016—a date expressly alleged in the FAC. (*Id.* ¶ 27.)

In March 2022, Facebook again moved to dismiss. (Dkt. 262.) Neither that motion nor Facebook's reply brief (Dkt. 283), both of which sought to dismiss a raft of allegations and claims as untimely, uniquely discussed Mr. Jeon or sought his individual dismissal. Instead, on August 1, 2022, Facebook emailed Advertisers to seek Mr. Jeon's deposition as the first deponent in the entire consolidated *Klein* case. Advertisers promptly provided a deposition date and produced *all* of Mr. Jeon's documents.

However, Mr. Jeon only purchased one Facebook ad, in April 2016, for $6.98. As a result, since the filing of the FAC, Mr. Jeon was not a member of either revised Advertiser class and, given that Advertisers no longer were relying on fraudulent concealment, no longer had a cognizable injury within the scope of Advertisers' action. As was Advertisers' legal duty for a named plaintiff who, due to amendment of the operative complaint, was no longer within the scope of the case—and as was Mr. Jeon's absolute right under Federal Rule of Civil Procedure 41(a)(1)(A)(i)—Mr. Jeon voluntarily dismissed his claims against Facebook on August 29, 2022, becoming a non-party. On August 30, 2022 (and again a day later, fixing a technical error), Facebook subpoenaed him for deposition anyway.

## ARGUMENT

"In determining whether a subpoena poses an undue burden, courts weigh the burden to the subpoenaed party against the value of the information to the serving party." *Amini Innovation Corp. v.*

September 2, 2022
Page 3

*McFerran Home Furnishings, Inc.*, 300 F.R.D. 406, 409 (C.D. Cal. 2014). Joshua Jeon has a small amount of information that was, at one point, relevant to Advertisers' case (and perhaps, to Facebook's yet-to-be articulated defenses): he bought a Facebook ad in April 2016; paid an anticompetitively-inflated price for it; and sought to recover an overcharge against his $6.98 purchase. That is what Advertisers alleged in the *Affilious* Complaint and in the CAC—although Mr. Jeon's claims in those complaints relied on a tolling doctrine, fraudulent concealment. There wasn't *much* to learn from Mr. Jeon when he was relevant to the case, to be clear: Mr. Jeon bought one ad, for his church, for about $7. Mr. Jeon didn't know that Facebook had anticompetitively inflated the price of the ad when he purchased it. (*See, e.g.*, CAC ¶ 27.) And Mr. Jeon is no antitrust expert, nor is he a lawyer—he is, again, a pastor who bought a single Facebook ad six years ago. But nonetheless, Mr. Jeon once had some quantum of information relevant to the claims and defenses in this case.

That has changed. As of the filing of Advertisers' FAC, Mr. Jeon became *ir*relevant. His discrete overcharge claim became untimely after Advertisers dropped their "Concealment and Tolling" allegations, and he is not a member of either operative Advertiser class. Advertisers missed this issue when they first amended their complaint (no one from Facebook noticed either), but upon discovering it, Mr. Jeon voluntarily dismissed his claims against Facebook and exited this case.

Mr. Jeon is neither a named plaintiff nor an absent class member; he made a single non-class period ad purchase; and he already produced all his documents to Facebook. It is unclear what additional information *at all*—let alone *relevant* information—Facebook could elicit about Mr. Jeon's $6.98 pre-class period ad purchase through deposition. Nonetheless, Facebook now insists that Mr. Jeon is vital to its case, going so far as to subpoena him to become *the first deponent in this entire consolidated proceeding*. But the law does not support Facebook's non-party subpoena given the unambiguous (and essentially undisputed) irrelevance of Mr. Jeon's April 2016 ad purchase to Advertisers' operative claims.

"[A] subpoena is unduly burdensome where it seeks to compel testimony of a witness or production of documents regarding topics unrelated to or beyond the scope of the litigation." *Freed v. Home Depot U.S.A., Inc.*, 2019 WL 582346, at *3 (S.D. Cal. Feb. 13, 2019). That is the case here. Mr. Jeon knows only one thing at all pertinent to this litigation—the circumstances of his April 2016 ad purchase—and these facts are no longer relevant to the claims and defenses at issue in the Advertiser FAC.

Moreover, there are still *six* Advertiser plaintiffs—*all with Facebook ad purchases within the limitations period (and within the respective Advertiser class periods)—in this case*. All are substantially completing their document production, and will presumably be deposed by Facebook in the next couple of months. "Courts are particularly reluctant to require a non-party to provide discovery that can be produced by a party. Accordingly, a court may prohibit a party from obtaining discovery from a non-party if that same information is available from another party to the litigation." *Amini Innovation Corp.*, 300 F.R.D. at 409-10 (cleaned up); *see also Shopify (USA), Inc. v. Express Mobile, Inc.*, 2019 WL 5893235, at *2 (N.D. Cal. Nov. 12, 2019) ("[A] court must limit discovery if it is duplicative or could be obtained from a more convenient or less burdensome source" (cleaned up).). Here, the situation is even more extreme than mere duplication: the six current Advertiser plaintiffs have relevant information; Mr. Jeon does not. And to be clear, "[p]reparing and sitting for a deposition is always a burden, even when documents are not requested, particularly for a non-party." *Amini Innovation Corp.*, 300 F.R.D. at 412.

For at least the foregoing reasons, the Court should quash Facebook's non-party subpoena to former (and no longer relevant) Advertiser plaintiff Joshua Jeon.

September 2, 2022
Page 4

Respectfully submitted,

**SCOTT+SCOTT
ATTORNEYS AT LAW, LLP**

Amanda Lawrence (*pro hac vice*)
alawrence@scott-scott.com
Patrick J. McGahan (*pro hac vice*)
pmcgahan@scott-scott.com
Michael P. Srodoski (*pro hac vice*)
msrodoski@scott-scott.com
156 South Main Street, P.O. Box 192
Colchester, CT  06415
Tel.: (860) 537-5537

Christopher M. Burke (CA 214799)
cburke@scott-scott.com
David H. Goldberger (CA 225869)
dgoldberger@scott-scott.com
Kate Lv (CA 302704)
klv@scott-scott.com
Hal D. Cunningham (CA 243048)
hcunningham@scott-scott.com
Daniel J. Brockwell (CA 335983)
dbrockwell@scott-scott.com
600 W. Broadway, Suite 3300
San Diego, CA  92101
Tel.: (619) 233-4565

**BATHAEE DUNNE LLP**

*/s/ Brian J. Dunne*
Brian J. Dunne (CA 275689)
bdunne@bathaeedunne.com
Edward M. Grauman (*pro hac vice*)
egrauman@bathaeedunne.com
901 South MoPac Expressway
Barton Oaks Plaza I, Suite 300
Austin, TX 78746
Tel.: (213) 462-2772

Yavar Bathaee (CA 282388)
yavar@bathaeedunne.com
Andrew C. Wolinsky (*pro hac vice*)
awolinsky@bathaeedunne.com
445 Park Avenue, 9th Floor
New York, NY 10022
Tel.: (332) 322-8835

*Attorneys for Non-Party Joshua Jeon*