September 27, 2022

**WilmerHale**

**Sonal Mehta**

+1 650 600 5051 (t)
+1 650 858 6100 (f)
sonal.mehta@wilmerhale.com

**VIA ECF**

The Honorable James Donato
United States District Judge for the Northern District of California
450 Golden Gate Avenue, Courtroom 11, 19th Floor
San Francisco, CA 94102

    Re:    *Klein v. Meta Platforms, Inc.*, Case No. 3:20-cv-08570-JD

Dear Judge Donato:

After prosecuting this case for over two years, through three amended complaints, and thousands of paragraphs of allegations, former named plaintiff Joshua Jeon voluntarily dismissed his claims less than 48 hours before his long-scheduled deposition. Dkt. 343. This continues a troubling trend where, when faced with discovery that would reveal inherent weaknesses in Plaintiffs' bizarre claim that Meta faces no competition for advertising dollars, the named plaintiff withdraws with no notice. Mr. Jeon follows Jessica Layser, who withdrew immediately after being informed of her preservation obligations at the Rule 26(f) conference, Dkt. 129, and Zahara Mossman, who withdrew after being asked for initial disclosures, Dkt. 182. In their motion, Plaintiffs explain for the first time (despite repeated requests from Meta for an explanation) that the reason for Mr. Jeon's sudden withdrawal is that he is not a member of either putative class. Supposedly, despite signing pleadings to the contrary, submitting initial disclosures describing his supposed damages, collecting and producing his documents, responding to written discovery on his behalf, and scheduling his deposition, all four law firms representing the Plaintiffs, Dkt. 73, "missed this issue" until "discovering it" just before Mr. Jeon's deposition, Dkt. 348 at 3.

To be sure, Mr. Jeon was an unusual Plaintiff from the start. He only purchased *a single advertisement*, costing less than $10, and he did so not for any business reason, but for his church. According to Plaintiffs, Mr. Jeon was overcharged for this single ad because of vertical, non-exclusive agreements that were entered into after Mr. Jeon purchased the advertisement in question. But even after Meta explained in two motions to dismiss why Mr. Jeon could not possibly be injured by the challenged conduct, Mr. Jeon continued to press his claims until the eve of his scheduled deposition. While Mr. Jeon has now voluntarily dismissed his lawsuit, Meta wishes to take his deposition because he must either have facts supporting the claims he advanced that Meta is entitled to test or he has *no such facts*, which itself is relevant. In either case, a deposition is warranted. Moreover, Mr. Jeon's circumstances as an advertiser are likely to illustrate very meaningful differences among advertisers more broadly, highlighting issues with Plaintiffs' proposed class of all such advertisers. And Plaintiffs' cries of burden should be rejected; Mr. Jeon, who advanced this lawsuit for 20 months, is certainly more deserving of the relatively small imposition of a single-day deposition than those who never brought a lawsuit to begin with.

The Court should deny Mr. Jeon's motion to quash. Mr. Jeon possesses relevant information, and there is no undue burden in sitting for a deposition that was already scheduled. If the Court is not inclined to order Mr. Jeon to testify, then Plaintiffs should be required to

September 27, 2022
Page 2

reimburse Meta for its expenses, including fees, associated with preparing for a deposition canceled at the last minute due to Plaintiffs' counsel's acknowledged oversight.

**I.     Mr. Jeon Possesses Relevant Information**

There is not a heightened relevance standard applicable to non-party discovery. Instead, "[r]elevant information for purposes of discovery is information 'reasonably calculated to lead to the discovery of admissible evidence.'" *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005). This "broad[]" standard, *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 679 (N.D. Cal. 2006), is easily satisfied here.[1]

Mr. Jeon is an advertiser who chose to place his ad on Facebook. In that capacity, he surely evaluated the merits of and formed opinions about Meta's advertising products. Meta is entitled to explore Mr. Jeon's experiences using the service, and any consideration that Mr. Jeon gave to advertising through Meta's competitors. Evidence that Mr. Jeon considered—or, in fact, used—non-Meta advertising services would contradict his and Plaintiffs' allegations that Meta's services are "not fungible or interchangeable with … other forms of online advertising" and that "[s]ocial advertising customers" like Mr. Jeon "are distinct from" advertisers using other services, Dkt. 237 ¶ 766, 789, and would be relevant to establishing that Plaintiffs' alleged market of advertising on Meta's apps (called "social advertising" in the complaint) is invalid, *see Meijer, Inc. v. Warner Chilcott Holdings Co., III*, 245 F.R.D. 26, 30-31 (D.D.C. 2007) (ordering production of "purchase data" regarding possible substitutes from named plaintiffs to test "interchangeability of products").

Mr. Jeon also appears to "present[] certain issues that may be unique among the other named plaintiffs." *Fraley v. Facebook, Inc.*, 2012 WL 555071, at *2 (N.D. Cal. Feb. 21, 2012) (ordering deposition of departing named plaintiff). He appears to be the only Advertiser Plaintiff to use Meta advertising for non-commercial purposes, and is the only plaintiff to stop advertising through Meta after his first purchase. Dkt. 237 ¶¶ 24-30. "Information regarding [Mr. Jeon's] experiences with [Meta] products," both as a religious advertiser without an apparent commercial objective, and as a potentially dissatisfied customer, "is unlikely to be available from other representative parties," *Dysthe v. Basic Research, LLC*, 273 F.R.D. 625, 629 (C.D. Cal. 2011), and may call into question the "typicality and commonality" of the proposed classes, *Young v. LG Chem Ltd.*, 2015 WL 8269448, at *6 (N.D. Cal. Dec. 9, 2015); *see also Burnett v. Ford Motor Co.*, 2015 WL 3540886, at *2 (S.D. W.Va. June 4, 2015) (ordering depositions of former named plaintiffs who purchased different car models with similar defect to explore "the financial injury, if any, associated with the alleged defect when considering different vehicle models").[2]

Mr. Jeon's contention that all the information he possesses concerning this case has been rendered irrelevant by the amendment of Advertisers' class period, Dkt. 348 at 3, contradicts his

---

[1] Because Mr. Jeon "is not a member of either operative Advertiser class," Dkt. 348 at 3, the framework for "absent class member" discovery is inapplicable here, *Dysthe v. Basic Research, LLC*, 273 F.R.D. 625, 629-630 (C.D. Cal. 2011); *Withers v. eHarmony, Inc.*, 267 F.R.D. 316, 322 (C.D. Cal. 2010); *In re Fedex Ground Package Sys., Inc.*, 2007 WL 733753, at *8-9 (N.D. Ind. Mar. 5, 2007).

[2] Mr. Jeon suggests that because there are "still six Advertiser plaintiffs," his deposition is unnecessary. Dkt. 348 at 3. Two of the remaining Plaintiffs are business entities controlled by other individual Plaintiffs, so as a practical matter there are only four Plaintiffs. In any event, none possess the unique information that Mr. Jeon does.

September 27, 2022
Page 3

prior representations to this Court and takes an unduly narrow view of the scope of relevant information at issue here. Mr. Jeon told this Court, in three separate complaints, that he was overcharged because he had no alternatives to Meta for advertising. Compl. ¶ 55, *Affilious, Inc. v. Facebook, Inc.*, No. 20-cv-9217, Dkt. 1 (N.D. Cal. Dec. 18, 2020); *Klein* Dkt. 86 ¶ 59; *Klein* Dkt. 237 ¶ 57. If, as is almost certainly the case, Mr. Jeon's allegations were untrue, Meta is entitled to testimony describing that fundamental discrepancy. His motion to quash makes no attempt to explain why this supposed knowledge is now irrelevant. Mr. Jeon also does not explain why the mere fact that his ad purchase took place outside the class period renders information about "the circumstances of his April 2016 ad purchase" irrelevant. Dkt. 348 at 3. It is not clear how simply having purchased an ad in April rather than, for example, December 2016 would make Mr. Jeon materially differently situated from later-in-time advertisers.[3]

## II.     Mr. Jeon's Deposition Is Not Unduly Burdensome

There can be no credible claim of undue burden here. Courts confronted with similar situations have repeatedly held that "performing one deposition, which was already supposed to have been performed, cannot be considered a burden" on former or departing named plaintiffs. *Fedex*, 2007 WL 733753, at *9; *Fraley*, 2012 WL 555071, at *2-3; *In re Drassinower*, 2021 WL 3772328, at *6-8 (S.D. Cal. Aug. 25, 2021); *Burnett*, 2015 WL 3540886, at *2-3; *Dysthe*, 273 F.R.D. at 629.

*Fedex* is instructive. There, after being "involved in [the] litigation as a named plaintiff for over two years," a plaintiff was "suddenly dropped because the parties learned that" he may not be a member of the putative class. 2007 WL 733753, at *8. He had "submitted prior discovery that was nearly identical to other named plaintiffs," and "was scheduled for a deposition … that was cancelled at the direction of Plaintiffs' counsel because [he] was going to be dropped as a named plaintiff." *Id.* The court compelled his deposition, reasoning that proceeding with a deposition he "would have undoubtedly been forced to attend" had he stayed in the case would impose no burden. *Id.* at *8-9. The same is true here, and the Court should reach the same result.

Mr. Jeon is not just any non-party. He "signed up to represent the class," *Drassinower*, 2021 WL 3772328, at *6, and "affirmatively interjected [himself] into the prosecution of the claims" for almost two years and through three complaints, *Burnett*, 2015 WL 3540886, at *3. During Mr. Jeon's involvement in this case, he "filed numerous motions …; served [Meta] with discovery requests; served [a] third-party subpoena[]; responded to [Meta's] motions; participated by counsel in scheduling conferences; moved for the appointment of [interim] co-lead counsel; and moved to compel discovery from [Meta]." *Id.*

"[A]s a named plaintiff, who agreed to participate in the case in a representative capacity," Mr. Jeon "now cannot avoid discovery by withdrawing from the case." *Drassinower*, 2021 WL 3772328, at *8. "[B]y agreeing to be a class representative," Mr. Jeon should have "understood that [he] would have to … provide testimony." *Fraley*, 2012 WL 555071, at *3. There is no undue burden associated with requiring Mr. Jeon to submit to the basic discovery obligations he agreed to undertake as a named plaintiff in this case.

---

[3] Plaintiffs' gerrymandered class periods are an issue for another day. But it is notable that they continue to press for discovery from Meta pre-dating their proposed class periods.

September 27, 2022
Page 4

        Respectfully submitted,

        By: */s/ Sonal N. Mehta*
        Sonal N. Mehta

        **WILMER CUTLER PICKERING HALE AND DORR LLP**
        *Attorney for Defendant Meta Platforms, Inc.*