1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Stephen A. Swedlow (admitted *pro hac vice*)
 stephenswedlow@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
(312) 705-7400

**HAGENS BERMAN SOBOL SHAPIRO LLP**
Shana E. Scarlett (Bar No. 217895)
 shanas@hbsslaw.com
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
(510) 725-3000

*Interim Co-Lead Consumer Class Counsel*

[Additional counsel listed on signature page]

**BATHAEE DUNNE LLP**
Yavar Bathaee (Bar No. 282388)
 yavar@bathaeedunne.com
445 Park Avenue, 9th Floor
New York, NY 10022
(332) 322-8835

**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
Amanda F. Lawrence (*pro hac vice*)
 alawrence@scott-scott.com
156 South Main Street, P.O. Box 192
Colchester, CT 06415
(860) 537-5537

*Interim Co-Lead Advertiser Class Counsel*

**WILMER CUTLER PICKERING HALE AND DORR LLP**
SONAL N. MEHTA (SBN 222086)
Sonal.Mehta@wilmerhale.com
2600 El Camino Real, Suite 400
Palo Alto, California 94306
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

*Attorneys for Defendant Meta Platforms, Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| MAXIMILIAN KLEIN, et al., | Consolidated Case No. 3:20-cv-08570-JD |
| Plaintiffs, | **JOINT STIPULATION BETWEEN CONSUMER PLAINTIFFS, ADVERTISER PLAINTIFFS, AND DEFENDANT META PLATFORMS, INC. REGARDING SUBSTANTIAL COMPLETION DATE FOR DOCUMENT PRODUCTION AND MODIFICATION OF CASE SCHEDULE** |
| vs. | |
| META PLATFORMS, INC., | |
| Defendant. | |
| This Document Relates To: All Actions | The Hon. James Donato |

1

## **JOINT STIPULATION**

2       Consumer Plaintiffs ("Consumers"), Advertiser Plaintiffs ("Advertisers"), and defendant

3   Meta Platforms, Inc. ("Meta"), by and through their undersigned counsel, hereby stipulate and

4   respectfully request as follows:

5       WHEREAS, the Court held a status conference with the parties on August 11, 2022;

6       WHEREAS, the Court thereafter ordered the parties to "meet and confer on a deadline for

7   the substantial completion of document production" (Dkt. 334 at 2);

8       WHEREAS, the parties have—pursuant to the Court's order—met and conferred regarding

9   a proposed date for substantial completion of document production;

10      WHEREAS, Advertisers and Meta on June 9, 2022, reached agreement on the 40 document

11  custodians from whose files Meta would collect, search, and produce documents responsive to

12  Advertisers' pending requests for production;

13      WHEREAS, Consumers and Meta on June 16, 2022, reached agreement on the 48 document

14  custodians from whose files Meta would collect, search, and produce documents responsive to

15  Consumers' pending requests for production;

16      WHEREAS, Consumers and Meta on August 4, 2022, reached substantial agreement on the

17  search strings that Meta would run across the 48 Meta-Consumer custodians' files to search for

18  responsive documents, and final agreement on the remaining search strings on September 12, 2022;

19      WHEREAS, Advertisers and Meta continue to negotiate and near agreement on the search

20  strings that Meta will run across the 40 Meta-Advertiser custodians' files to search for responsive

21  documents;

22      WHEREAS, Meta is engaging, or will engage, in human review of at least 1.2 million

23  documents hit upon by Consumers' search strings that were run across the 48 Meta-Consumer

24  custodians' files;

25      WHEREAS, Meta is engaging, or will engage, in human review of at least 1.4 million

26  documents hit upon by Advertisers' search strings that were run across the 40 Meta-Advertiser

27  custodians' files;

28

1    WHEREAS, Consumers have agreed to search for additional documents responsive to

2  Meta's requests for production to Consumers;

3    WHEREAS, Advertisers have agreed to search for additional documents responsive to

4  Meta's requests for production to Advertisers;

5    WHEREAS, Consumers, Advertisers, and Meta have issued document subpoenas to non-

6  parties, respective subpoena negotiations with many non-parties are still underway, many non-

7  parties' investigations into responsive documents are continuing, and, as a result, many of the non-

8  parties' document productions have not yet begun or are ongoing;

9    WHEREAS, Consumers, Advertisers, and Meta believe that—in light of the broad scope

10 and large number of documents being collected, searched, reviewed, and produced—the parties can

11 substantially complete document production in response to already-served document requests by

12 December 19, 2022;

13    WHEREAS, the Court has set a case schedule (Dkt. 289), with fact discovery currently set

14 to close on January 13, 2023;

15    WHEREAS, the parties have sought to meet the Court's existing case schedule but

16 respectfully submit that good cause exists to extend the case schedule given the extensive document

17 discovery that is underway and still ongoing;

18    WHEREAS, the parties respectfully submit that modifying the case schedule will also best

19 allow the parties to effectively coordinate, schedule, and complete depositions given the likely

20 number of witnesses to be deposed, by providing: (a) the Deposing Party sufficient lead time to

21 complete its review of each custodian's documents and determine whether to notice the deposition

22 of that custodian, as and after the responding party substantially completes document production of

23 that custodian's files; (b) the Noticed Party sufficient time to continue to, in parallel, make the

24 document productions of other custodians' files on a rolling basis until substantially completing the

25 document productions for those other custodians as well; (c) the Noticed Party sufficient time to

26 confirm that each witness is available on the date that the Deposing Party seeks to take the witness's

27 deposition, and, if not, to confirm a date on which the witness is available and that is within a

28

JOINT STIPULATION REGARDING SUBSTANTIAL COMPLETION DATE AND CASE SCHEDULE

1  reasonable amount of time of the date that the Deposing Party originally proposed; and (d) the parties

2  sufficient time to complete depositions of witnesses, including parties and non-parties;

3  WHEREAS, the parties' proposed December 19, 2022 substantial completion date is

4  approximately one month before the existing fact discovery cut-off of January 13, 2023, such that

5  the parties—after substantial consideration and discussion—believe an extension of the fact

6  discovery cut-off by approximately six months is necessary to provide the parties the time between

7  substantial completion of document production and the fact discovery cut-off that the parties agree

8  is needed to complete depositions and fact discovery, including to allow the parties to prepare for

9  depositions based on their respective reviews of the large number of documents yet to be produced,

10  schedule and complete fact depositions of the large number of witnesses that are likely to be

11  deposed, and allow the parties' respective experts to prepare and complete their analyses in advance

12  of class certification expert reports and the Court's class certification process;

13  WHEREAS, the parties respectfully submit that, for the reasons described above, good cause

14  likewise exists for a similar six-month extension of the other dates set in the Court's scheduling

15  order (Dkt. 289) and that such an extension of these dates would largely preserve the same

16  sequencing of and spacing between case events currently set in the Court's scheduling order;

17  WHEREAS, the parties have met-and-conferred regarding a proposed, revised case schedule

18  and jointly propose and respectfully request that the Court enter the following modified dates[1]:

19

20

21

22

23

24

25

---

[1]  In general, the parties propose a six-month extension of existing dates.  Where appropriate, the

26  parties have modified particular dates to account for the Court's preference for holding specific hearings on particular days of the week (*e.g.*, law and motion calendar on Thursdays, expert

27  concurrent proceedings on Tuesdays, and trial on Mondays) and for holidays.  As a result, some

28  dates may reflect proposed modifications that are slightly less or slightly more than six months from existing dates.

| Event | Current Deadline | Proposed Modified Deadline |
|---|---|---|
| Substantial Completion of Document Production for Already-Served Document Requests | N/A | December 19, 2022 |
| Fact discovery cut-off | January 13, 2023 | June 30, 2023 |
| Plaintiffs' class certification expert disclosures | January 27, 2023 | July 21, 2023 |
| Defendant's class certification expert disclosures | February 24, 2023 | August 11, 2023 |
| Plaintiffs' class certification reply expert disclosures | March 24, 2023 | September 15, 2023 |
| Last day to file class certification and class *Daubert* motions | April 7, 2023 | September 29, 2023 |
| Last day to file oppositions to class certification and class *Daubert* motions | May 12, 2023 | November 3, 2023 |
| Last day to file replies to class certification and class *Daubert* motions | June 9, 2023 | December 1, 2023 |
| Last day to file joint submission for class certification concurrent expert proceeding | June 12, 2023 | December 4, 2023 |
| Class certification concurrent expert proceeding | June 27, 2023, at 11:00 a.m. | December 19, 2023, at 11:00 a.m. |
| Class certification hearing | July 13, 2023, at 10:00 a.m. | January 12, 2024, at 10:00 a.m. |
| Bilateral merits expert disclosures | August 4, 2023 | February 2, 2024 |
| Bilateral merits rebuttal expert disclosures | September 8, 2023 | March 8, 2024 |
| Merits expert discovery cut-off | October 20, 2023 | April 19, 2024 |

JOINT STIPULATION REGARDING SUBSTANTIAL COMPLETION DATE AND CASE SCHEDULE

| Event | Current Deadline | Proposed Modified Deadline |
|---|---|---|
| Last day to file dispositive and merits *Daubert* motions | November 17, 2023 | May 17, 2024 |
| Last day to file oppositions to dispositive and merits *Daubert* motions | December 15, 2023 | June 14, 2024 |
| Last day to file replies to dispositive and merits *Daubert* motions | January 5, 2024 | June 28, 2024 |
| Last day to file joint submission for merits concurrent expert proceeding | January 8, 2024 | July 8, 2024 |
| Merits concurrent expert proceeding | January 23, 2024, at 11:00 a.m. | July 23, 2024, at 11:00 a.m. |
| Dispositive and merits *Daubert* motions hearing | February 1, 2024, at 10:00 a.m. | August 1, 2024, at 10:00 a.m. |
| Pretrial conference | June 27, 2024, at 1:30 p.m. | January 9, 2025, at 1:30 p.m. |
| Jury Trial | July 15, 2024, at 9:00 a.m. | January 27, 2025, at 9:00 a.m. |

WHEREAS, the parties wish to ensure that they meet their proposed, modified case schedule so that no further extensions should be necessary; and

WHEREAS, the parties have therefore discussed and agreed to the following procedures to best ensure that the parties meet their proposed, modified case schedule:

- **Scheduling Deposition Dates**:  Subject to subsequent court order, the parties agree as follows: The parties will make good-faith efforts to consult in advance to schedule depositions at mutually convenient times and places and provide at least 14 calendar days between the request and the noticed deposition date.  The Noticed Party shall make good-faith efforts to respond to a request for a deposition date within 10 days of the date that the deposition request was made.  If the Noticed Party cannot accommodate the date that the Deposing Party proposed, then the Noticed Party will confirm when the witness is available and make good-faith efforts to propose alternative date ranges that are within 21 days of the Deposing Party's original proposed deposition date, unless that timing would impose an

JOINT STIPULATION REGARDING SUBSTANTIAL COMPLETION DATE AND CASE SCHEDULE

1    unreasonable burden on the deponent or the deponent's counsel, in which case the Noticed

2    Party shall propose alternative date ranges that are reasonably close in time to the Deposing

3    Party's original proposed deposition date.  When a party offers date(s) for its witness, the

4    other party will make good-faith efforts to respond to the offered date(s) within 5 days that

5    the date(s) were offered.  The parties also agree to confer regularly on deposition scheduling

6    and to work collaboratively so that party depositions are not unduly concentrated in the final

7    weeks of fact discovery.

8        ACCORDINGLY, Consumer Plaintiffs, Advertiser Plaintiffs, and Meta Platforms, Inc., by

9    and through their respective counsel, hereby stipulate and respectfully request that the Court:

10   1.   Find that good cause exists to modify the scheduling order (Dkt. 289) and

11        accordingly modify the case schedule as requested in the parties' above stipulation.

12   2.   Enter the parties' protocol regarding scheduling dates for depositions, such that,

13        subject to subsequent court order, the parties agree to provide at least 14 calendar

14        days between the request and the noticed deposition date; that the Noticed Party shall

15        make good-faith efforts to respond to a request for a deposition date within 10 days

16        of the date that the deposition request was made, and if the Noticed Party cannot

17        accommodate the date that the Deposing Party proposed, then the Noticed Party shall

18        confirm when the witness is available and make good-faith efforts to propose

19        alternative date ranges that are within 21 days of the Deposing Party's original

20        proposed deposition date, unless that timing would impose an unreasonable burden

21        on the deponent or deponent's counsel, in which case the Noticed Party shall propose

22        alternative date ranges that are reasonably close in time to the Deposing Party's

23        original proposed deposition date; and that when a party offers date(s) for its witness,

24        the other party will make good-faith efforts to respond to the offered date(s) within

25        5 days that the date(s) were offered.

26

27

28

1    **PURSUANT TO STIPULATION, IT IS SO ORDERED.**

2

3    Dated: _____              By: _____

4                                                          Hon. James Donato

5                                                          United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT STIPULATION REGARDING SUBSTANTIAL COMPLETION DATE AND CASE SCHEDULE

1   DATED:  October 13, 2022                    Respectfully submitted,

2

3   By:  */s/ Shana E. Scarlett*                By:  */s/ Stephen A. Swedlow*
    **HAGENS BERMAN SOBOL SHAPIRO LLP**          **QUINN EMANUEL URQUHART & SULLIVAN,**
    Shana E. Scarlett (Bar No. 217895)           **LLP**
4     shanas@hbsslaw.com                         Stephen A. Swedlow (*pro hac vice*)
    715 Hearst Avenue, Suite 202                   stephenswedlow@quinnemanuel.com
5   Berkeley, CA 94710                           Michelle Schmit
    Telephone: (510) 725-3000                      michelleschmit@quinnemanuel.com
6                                                191 N. Wacker Drive, Suite 2700
    Steve W. Berman (*pro hac vice*)             Chicago, IL 60606
7   steve@hbsslaw.com                            Telephone: (312) 705-7400
    1301 Second Avenue, Suite 2000
8   Seattle, WA 98101                            Kevin Y. Teruya (Bar No. 235916)
    Telephone: (206) 623-7292                      kevinteruya@quinnemanuel.com
9                                                Adam B. Wolfson (Bar No. 262125)
    **LOCKRIDGE GRINDAL NAUEN P.L.L.P.**           adamwolfson@quinnemanuel.com
10  W. Joseph Bruckner (*pro hac vice*)          Brantley I. Pepperman (Bar No. 322057)
      wjbruckner@locklaw.com                       brantleypepperman@quinnemanuel.com
11  Robert K. Shelquist (*pro hac vice*)         865 South Figueroa Street, 10th Floor
      rkshelquist@locklaw.com                    Los Angeles, CA 90017
12  Brian D. Clark (*pro hac vice*)              Telephone: (213) 443-3000
      bdclark@locklaw.com
13  Rebecca A. Peterson (Bar No. 241858)         Manisha M. Sheth (*pro hac vice*)
      rapeterson@locklaw.com                       manishasheth@quinnemanuel.com
14  Arielle S. Wagner (*pro hac vice*)           51 Madison Avenue, 22nd Floor
      aswagner@locklaw.com                       New York, New York 10010
15  Kyle J. Pozan (admitted *pro hac vice*)      Telephone: (212) 849-7000
      kjpozan@locklaw.com
16  Laura M. Matson (admitted *pro hac vice*)    *Interim Counsel for the Consumer Class*
      lmmatson@locklaw.com
17  100 Washington Avenue South, Suite 2200
    Minneapolis, MN 55401
18  Telephone: (612) 339-6900

19

20

21

22

23

24

25

26

27

28

JOINT STIPULATION REGARDING SUBSTANTIAL COMPLETION DATE AND CASE SCHEDULE

| | |
|---|---|
| 1 | By: */s/ Yavar Bathaee* | By: */s/ Amanda F. Lawrence* |

By:   */s/ Yavar Bathaee*
**BATHAEE DUNNE LLP**
Yavar Bathaee (Bar No. 282388)
  yavar@bathaeedunne.com
Andrew C. Wolinsky (*pro hac vice*)
  awolinsky@bathaeedunne.com
445 Park Avenue, 9th Floor
New York, NY 10022
Telephone: (332) 322-8835

Brian J. Dunne (Bar No. 275689)
  bdunne@bathaeedunne.com
Edward M. Grauman (*pro hac vice*)
  egrauman@bathaeedunne.com
901 South MoPac Expressway
Barton Oaks Plaza I, Suite 300
Austin, TX 78746
Telephone: (512) 575-8848

**AHDOOT & WOLFSON, PC**
Tina Wolfson (Bar No. 174806)
  twolfson@ahdootwolfson.com
Robert Ahdoot (Bar No. 172098)
  rahdoot@ahdootwolfson.com
Theodore W. Maya (Bar No. 223242)
  tmaya@ahdootwolfson.com
Henry Kelston (*pro hac vice*)
  hkelston@ahdootwolfson.com
2600 West Olive Avenue, Suite 500
Burbank, CA 91505
  Telephone: (310) 474-9111

By:   */s/ Amanda F. Lawrence*
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
Amanda F. Lawrence (*pro hac vice*)
  alawrence@scott-scott.com
Patrick J. McGahan (*pro hac vice*)
  pmcgahan@scott-scott.com
Michael P. Srodoski (*pro hac vice*)
  msrodoski@scott-scott.com
156 South Main Street, P.O. Box 192
Colchester, CT 06415
Telephone: (860) 537-5537

Patrick J. Rodriguez (pro hac vice)
  prodriguez@scott-scott.com
230 Park Avenue, 17th Floor
New York, NY 10169
Telephone: (212) 223-6444

Christopher M. Burke (Bar No. 214799)
  cburke@scott-scott.com
David H. Goldberger (Bar No. 225869)
  dgoldberger@scott-scott.com
Hal D. Cunningham (Bar No. 243048)
  hcunningham@scott-scott.com
Daniel J. Brockwell (Bar No. 335983)
  dbrockwell@scott-scott.com
Yifan (Kate) Lv (Bar No. 302704)
  klv@scott-scott.com
600 W. Broadway, Suite 3300
San Diego, CA 92101
Telephone: (619) 233-4565

**LEVIN SEDRAN & BERMAN LLP**
Keith J. Verrier (*pro hac vice*)
  kverrier@lfsblaw.com
Austin B. Cohen (*pro hac vice*)
  acohen@lfsblaw.com
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Telephone: (215) 592-1500

*Interim Counsel for the Advertiser Class*

JOINT STIPULATION REGARDING SUBSTANTIAL COMPLETION DATE AND CASE SCHEDULE

By:   */s/ Sonal N. Mehta*
**WILMER CUTLER PICKERING HALE AND DORR LLP**
Sonal N. Mehta (SBN: 222086)
2600 El Camino Real, Suite 400
Palo Alto, California 94306
Telephone: (650) 858-6000
Facsimile: (650) 858-6100
Email: Sonal.Mehta@wilmerhale.com

David Z. Gringer (*pro hac vice*)
7 World Trade Center
250 Greenwich Street
New York, New York 10007
Telephone: (212) 230-8800
Facsimile: (212) 230-8888
Email: David.Gringer@wilmerhale.com

Ari Holtzblatt (*pro hac vice*)
Molly M. Jennings (*pro hac vice*)
1875 Pennsylvania Avenue NW
Washington, DC 20006
Telephone: (202) 663-6000
Facsimile: (202) 663-6363
Email: Ari.Holtzblatt@wilmerhale.com
Email: Molly.Jennings@wilmerhale.com

*Attorneys for Defendant Meta Platforms, Inc.*

JOINT STIPULATION REGARDING SUBSTANTIAL COMPLETION DATE AND CASE SCHEDULE

1

**ATTESTATION OF STEPHEN A. SWEDLOW**

2

This document is being filed through the Electronic Case Filing (ECF) system by attorney

3

Stephen A. Swedlow.  By his signature, Mr. Swedlow attests that he has obtained concurrence in

4

the filing of this document from each of the attorneys identified on the caption page and in the above

5

signature block.

6

Dated: October 13, 2022                    By */s/ Stephen A. Swedlow*

7

Stephen A. Swedlow

8

9

10

**CERTIFICATE OF SERVICE**

11

I hereby certify that on this 13th day of October 2022, I electronically transmitted the

12

foregoing document to the Clerk's Office using the CM/ECF System, causing the document to be

13

electronically served on all attorneys of record.

14

By */s/ Stephen A. Swedlow*

15

Stephen A. Swedlow

16

17

18

19

20

21

22

23

24

25

26

27

28