# EXHIBIT A

| | |
|---|---|
| 1 | WILMER CUTLER PICKERING |
| | HALE AND DORR LLP |
| 2 | SONAL N. MEHTA (SBN 222086) |
| | Sonal.Mehta@wilmerhale.com |
| 3 | 2600 El Camino Real, Suite 400 |
| 4 | Palo Alto, California 94306 |
| | Telephone: (650) 858-6000 |
| 5 | Facsimile: (650) 858-6100 |
| 6 | DAVID Z. GRINGER (*pro hac vice*) |
| | David.Gringer@wilmerhale.com |
| 7 | 7 World Trade Center |
| | 250 Greenwich Street |
| 8 | New York, New York 10007 |
| | Telephone: (212) 230-8800 |
| 9 | Facsimile: (212) 230-8888 |
| 10 | ARI HOLTZBLATT (*pro hac vice*) |
| | Ari.Holtzblatt@wilmerhale.com |
| 11 | MOLLY M. JENNINGS (*pro hac vice*) |
| | Molly.Jennings@wilmerhale.com |
| 12 | 1875 Pennsylvania Ave NW |
| 13 | Washington, DC 20006 |
| | Telephone: (202) 663-6000 |
| 14 | Facsimile: (202) 663-6363 |

*Attorneys for Defendant Facebook, Inc.*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| MAXIMILIAN KLEIN, et al., on behalf of themselves and all others similarly situated, | Case No. 5:20-cv-08570-LHK |
| Plaintiffs, | **DEFENDANT FACEBOOK, INC.'S FIRST SET OF INTERROGATORIES TO USER PLAINTIFFS** |
| v. | |
| FACEBOOK, INC., a Delaware Corporation headquartered in California, | |
| Defendant. | Judge: Hon. Lucy H. Koh |

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, and N.D. Cal. Civil Rules 26-1 and 33-1, Defendant Facebook, Inc. hereby requests that the User Plaintiffs (as defined below) answer the following interrogatories separately and fully in writing, under oath, and serve its answers upon the undersigned counsel no later than within thirty (30) days after service. Facebook reserves the right to serve additional Interrogatories at a later date.

## DEFINITIONS

A. The definitions and rules of construction set forth in Federal Rules of Civil Procedure 26 and 33, and N.D. Cal. Civil Rules 26-1 and 33-1, shall apply to these requests and are incorporated as if fully set forth herein.

B. "You" and "your" include the person or entity to whom these requests are directed, as well as its owners, partners, principals, members, officers, and directors, and all co-account holders, present or former representatives or agents, and any person, including attorneys, acting on behalf of any of the foregoing.

C. "Facebook" means Meta Platforms, Inc., formerly known as Facebook, Inc., and all persons or entities acting or having acted on its behalf, including but not limited to its divisions, subsidiaries, holding companies, predecessors, Facebook, Messenger, Instagram, WhatsApp, and any other related entity.

D. "User Complaint" refers to the Amended Consolidated Consumer Class Action Complaint filed in *Klein v. Facebook, Inc.*, Case No. 5:20-cv-08570-LHK (N.D. Cal.), ECF No. 87, by Maximilian Klein, Sarah Grabert, and Rachel Banks Kupcho (together the "User Plaintiffs").

E. "Relevant Time Period" is the period from January 1, 2003, to the present.

F. "Document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a) and means anything responsive within the meaning of Federal Rule of Civil Procedure 34, including, but not limited to, communications (as defined below).

# INTERROGATORIES

**Interrogatory No. 1**

Identify all Participant(s) in your alleged "Social Network Market."

**RESPONSE:**

**Interrogatory No. 2**

Identify all Participant(s) in your alleged "Social Media Market."

**RESPONSE:**

**Interrogatory No. 3**

Identify and describe in detail all accounts or profiles, including without limitation, Your user or login name(s), on any online services that You used during the Relevant Time Period.

**RESPONSE:**

**Interrogatory No. 4**

Identify and describe in detail all privacy protections or privacy practices associated with all accounts or profiles Identified in response to Interrogatory No. 3, including but not limited to all privacy settings on all Your accounts or profiles.

**RESPONSE:**

**Interrogatory No. 5**

If You contend that Facebook has monopoly power in any alleged relevant product market during the Relevant Time Period, describe in detail the evidentiary basis for your contention (including all documents or witnesses that support your contention), including, without limitation, Facebook's market share in each relevant product market at all times in the Relevant Time Period, how the shares were calculated, and any analyses or sources upon which You base your share calculations. To the extent you intend to rely on expert testimony to

support your contention, your response should so state; but your response must include all facts You are presently aware of that support your contention.

**RESPONSE:**