# EXHIBIT B

1  **QUINN EMANUEL URQUHART & SULLIVAN, LLP**
   Stephen A. Swedlow (admitted *pro hac vice*)
2     stephenswedlow@quinnemanuel.com
   191 N. Wacker Drive, Suite 2700
3  Chicago, IL 60606
   (312) 705-7400
4
   **HAGENS BERMAN SOBOL SHAPIRO LLP**
5  Shana E. Scarlett (Bar No. 217895)
      shanas@hbsslaw.com
6  715 Hearst Avenue, Suite 202
   Berkeley, CA 94710
7  (510) 725-3000

8  *Interim Co-Lead Consumer Class Counsel*

9  [Additional counsel listed on signature page]

10
                    **UNITED STATES DISTRICT COURT**
11
                   **NORTHERN DISTRICT OF CALIFORNIA**
12
                         **SAN FRANCISCO DIVISION**
13

| | |
|---|---|
| MAXIMILIAN KLEIN, et al., | Consolidated Case No. 3:20-cv-08570-JD |
| Plaintiffs, | The Hon. James Donato |
| vs. | **CONSUMER PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANT META PLATFORMS, INC.'S FIRST SET OF INTERROGATORIES** |
| META PLATFORMS, INC., | |
| Defendant. | |
| This Document Relates To: All Actions | |
CONSUMER PLAINTIFFS' RESPONSES AND OBJECTIONS TO META'S FIRST INTERROGATORIES

account or profile on all "online services"—essentially consisting of any app or website on the entire internet—that any one Consumer Plaintiff may have "used" at any one time during a now nineteen-year time period is not proportional to the needs of the case (to the extent that such an overbroad inquiry is even possible). For example, Meta's Interrogatory would require, at least, the following: (a) inquiring of each Consumer Plaintiff on a per-plaintiff basis "all online services"—spanning all websites and apps over the entire internet—that he or she "used" at any one time during a now nineteen-year time period; (b) on a per-plaintiff basis, manually reviewing all of each Consumer Plaintiff's communications (whether by email, text message, or other means, and to the extent reasonably available) to determine whether any other "online services" are implicated; (c) on a per-plaintiff basis, manually examining each of Consumer Plaintiffs' devices—such as each computer and mobile device (to the extent each device is even accessible)—to determine "all" apps or websites visited or installed during a now nineteen-year time period (to the extent such information is even ascertainable); (d) manually querying each individual service implicated to determine whether Consumer Plaintiffs actually maintained "accounts or profiles" on that service, rather than having access without an account or profile, or receiving an errant communication (such as a "spam" email or text message from a service for which the Consumer Plaintiff has not actually maintained an account or profile); (e) if any one Consumer Plaintiff did maintain an "account or profile" for a given service, manually querying that service by (i) logging into each account or profile (to the extent reasonably accessible), and (ii) manually examining each page or window of the site or service to determine whether any "privacy protections or privacy practices" for that service exist; and then (f) compiling this information into an Interrogatory response.

Consumer Plaintiffs will meet and confer with Meta regarding the subject matters covered by this Interrogatory, as well as its scope.

**INTERROGATORY NO. 5:**

If You contend that Facebook has monopoly power in any alleged relevant product market during the Relevant Time Period, describe in detail the evidentiary basis for your contention (including all documents or witnesses that support your contention), including, without limitation,

Facebook's market share in each relevant product market at all times in the Relevant Time Period, how the shares were calculated, and any analyses or sources upon which You base your share calculations. To the extent you intend to rely on expert testimony to support your contention, your response should so state; but your response must include all facts You are presently aware of that support your contention.

**RESPONSE TO INTERROGATORY NO. 5:**

Consumer Plaintiffs object to this Interrogatory on the grounds set forth in detail above in their General Objections. Consumer Plaintiffs further object to this Interrogatory to the extent that the Interrogatory seeks information that will necessarily be the subject of expert testimony and analysis, including "Facebook's market share in reach relevant product market at all times," "how the shares were calculated, and any analyses or sources upon which" Consumer Plaintiffs "base" their "share calculations." Consumer Plaintiffs will make expert disclosures and produce their expert reports pursuant to the schedule for expert discovery set by the Court. Consumer Plaintiffs further object to this Interrogatory to the extent that the Interrogatory seeks information protected by the attorney-client privilege, common interest privilege, work product doctrine, or that is otherwise privileged or protected from discovery.

Consumer Plaintiffs further object to this Interrogatory on the grounds that by purporting to require that Consumer Plaintiffs "describe in detail the evidentiary basis for your ***contention***," including "all documents or witnesses that support your contention," Interrogatory No. 5 is a "contention" interrogatory. Such a contention interrogatory is premature because fact discovery is ongoing, Consumer Plaintiffs' investigation is continuing, and Meta has not yet substantially completed its production of documents in response to Consumer Plaintiffs' discovery requests. *Cf. In re eBay Seller Antitrust Litig.*, 2008 WL 5212170, at *2 ("contention interrogatories" regarding "market definition" were "premature at this stage of discovery," including where interrogatories sought "all facts" in support of contentions). For these reasons, "the tentative nature of any responses generated at this stage would be of questionable value to the goal of efficiently advancing the litigation." *Id.*

1 | Consumer Plaintiffs will meet and confer with Meta regarding the timing of a response, the
2 | subject matters covered by this Interrogatory, and the Interrogatory's scope.