# EXHIBIT C

1  WILMER CUTLER PICKERING
    HALE AND DORR LLP
2  SONAL N. MEHTA (SBN 222086)
    Sonal.Mehta@wilmerhale.com
3  2600 El Camino Real, Suite 400
   Palo Alto, California 94306
4  Telephone: (650) 858-6000
5  Facsimile: (650) 858-6100

6  DAVID Z. GRINGER (*pro hac vice*)
    David.Gringer@wilmerhale.com
7  7 World Trade Center
   250 Greenwich Street
8  New York, New York 10007
   Telephone: (212) 230-8800
9  Facsimile: (212) 230-8888

10 ARI HOLTZBLATT (*pro hac vice*)
    Ari.Holtzblatt@wilmerhale.com
11 MOLLY M. JENNINGS (*pro hac vice*)
    Molly.Jennings@wilmerhale.com
12 1875 Pennsylvania Ave NW
13 Washington, DC 20006
   Telephone: (202) 663-6000
14 Facsimile: (202) 663-6363

15 *Attorneys for Defendant Meta Platforms, Inc.*

16                     **UNITED STATES DISTRICT COURT**
17                     **NORTHERN DISTRICT OF CALIFORNIA**
18                     **SAN FRANCISCO DIVISION**

19 | | |
20 | MAXIMILIAN KLEIN, et al., on behalf of themselves and all others similarly situated, | Case No. 3:20-cv-08570-JD |
21 | Plaintiffs, | **DEFENDANT META PLATFORMS, INC.'S SECOND SET OF INTERROGATORIES TO USER PLAINTIFFS** |
22 | v. | |
23 | META PLATFORMS, INC., a Delaware Corporation headquartered in California, | |
24 | Defendant. | Judge: Hon. James Donato |

25
26
27
28

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, and N.D. Cal. Civil Rules 26-1 and 33-1, Defendant Meta Platforms, Inc. hereby requests that the User Plaintiffs (as defined below) answer the following interrogatories separately and fully in writing, under oath, and serve its answers upon the undersigned counsel no later than within thirty (30) days after service.  Meta reserves the right to serve additional Interrogatories at a later date.

**DEFINITIONS**

A. The definitions and rules of construction set forth in Federal Rules of Civil Procedure 26 and 33, and N.D. Cal. Civil Rules 26-1 and 33-1, shall apply to these requests and are incorporated as if fully set forth herein.

B. Meta incorporates all Definitions from its First Set of Interrogatories.

C. "You" and "your" include the person or entity to whom these requests are directed, as well as its owners, partners, principals, members, officers, and directors, and all co-account holders, present or former representatives or agents, and any person, including attorneys, acting on behalf of any of the foregoing.

A. "User Complaint" refers to the Amended Consolidated Consumer Class Action Complaint filed in *Klein v. Facebook, Inc.*, Case No. 5:20-cv-08570-JD (N.D. Cal.), ECF No. 87, by Maximilian Klein, Sarah Grabert, and Rachel Banks Kupcho (together the "User Plaintiffs").

B. "Meta" means Meta Platforms, Inc., and all persons or entities acting or having acted on its behalf, including but not limited to its divisions, subsidiaries, holding companies, predecessors, Facebook, Messenger, Instagram, WhatsApp, and any other related entity.

C. "Relevant Time Period" is the period from January 1, 2003, to the present.

D. "Social Media Market" has the same meaning as the term "Social Media Market" in paragraphs 72-81 of the User Complaint.

E. "Social Network Market" has the same meaning as the term "Social Network Market" in paragraphs 56-59 of the User Complaint.

**Interrogatory No. 9**

For each statement or omission You identified in Your response to Interrogatory No. 6, identify which firms would have entered or exerted increased competitive pressure in the alleged Social Media Market or alleged Social Network Market but did not because of (in full or in part) the statement or omission, either alone or in combination with other statements or omissions identified in Your response to Interrogatory No. 6.

**RESPONSE:**

**Interrogatory No. 10**

For each statement or omission You identified in Your response to Interrogatory No. 6, identify and describe in full and complete detail each feature or activity that Meta and any other firms identified in Your responses to Interrogatory Nos. 1, 2, and 9 would have introduced on their Products and made available to users in the alleged Social Media Market or alleged Social Network Market but did not because of (in full or in part) the statement or omission, either alone or in combination with other statements or omissions identified in Your response to Interrogatory No. 6.

**RESPONSE:**

**Interrogatory No. 11**

For each statement or omission You identified in Your response to Interrogatory No. 6, describe in full and complete detail the "data privacy practices," User Complaint ¶ 226, that Meta and any other firms identified in Your responses to Interrogatory Nos. 1, 2, and 9 would have maintained in the alleged Social Media Market or alleged Social Network Market but did not because of (in full or in part) the statement or omission, either alone or in combination with other statements or omissions identified in Your response to Interrogatory No. 6.

**RESPONSE:**

**Interrogatory No. 12**

For each statement or omission You identified in Your response to Interrogatory No. 6, describe in full and complete detail each change in "application quality," User Complaint ¶ 226, that Meta and any other firms identified in Your responses to Interrogatory Nos. 1, 2, and 9 would have made in the alleged Social Media Market or alleged Social Network Market but did not because of (in full or in part) the statement or omission, either alone or in combination with other statements or omissions identified in Your response to Interrogatory No. 6.

**RESPONSE:**

**Interrogatory No. 13**

For each feature or activity available to users on each Meta Product that is a Participant in your alleged "Social Network Market," state whether the feature or activity is or is not within your alleged "Social Network Market."

**RESPONSE:**

**Interrogatory No. 14**

For each feature or activity available to users on each Meta Product that is a Participant in your alleged "Social Media Market," state whether the feature or activity is or is not within your alleged "Social Media Market."

**RESPONSE:**