# EXHIBIT D

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Stephen A. Swedlow (admitted *pro hac vice*)
  stephenswedlow@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
(312) 705-7400

**HAGENS BERMAN SOBOL SHAPIRO LLP**
Shana E. Scarlett (Bar No. 217895)
  shanas@hbsslaw.com
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
(510) 725-3000

*Interim Co-Lead Consumer Class Counsel*

[Additional counsel listed on signature page]

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| MAXIMILIAN KLEIN, et al., | Consolidated Case No. 3:20-cv-08570-JD |
| Plaintiffs, | The Hon. James Donato |
| vs. | **CONSUMER PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANT META PLATFORMS, INC.'S SECOND SET OF INTERROGATORIES** |
| META PLATFORMS, INC., | |
| Defendant. | |
| This Document Relates To: All Actions | |

| Statement No. | Reason Statement or Omission Deceptive or False |
|---|---|
| | CONSUMER-FB-0000001254 at CONSUMER-FB-0000001255; CONSUMER-FB-0000001852–CONSUMER-FB-0000001853. |

Because Consumer Plaintiffs have not yet completed their investigation, Facebook has not yet substantially begun its document production, fact discovery is ongoing, and expert discovery has not yet begun, Consumer Plaintiffs reserve the right to amend or supplement this response.

**INTERROGATORY NO. 9:**

For each statement or omission You identified in Your response to Interrogatory No. 6, identify which firms would have entered or exerted increased competitive pressure in the alleged Social Media Market or alleged Social Network Market but did not because of (in full or in part) the statement or omission, either alone or in combination with other statements or omissions identified in Your response to Interrogatory No. 6.

**RESPONSE TO INTERROGATORY NO. 9:**

Consumer Plaintiffs object to this Interrogatory on the grounds set forth in detail above in their General Objections. Consumer Plaintiffs further object to this Interrogatory on the grounds that, by seeking information regarding "[f]or each statement or omission . . . which firms would have entered or exerted increased competitive pressure . . . but did not because of (in full or in part) the statement or omission," the Interrogatory seeks information concerning subject matters that are not relevant to any party's claims or defenses in this case. Consumer Plaintiffs further object to this Interrogatory on the grounds and to the extent that due to Facebook's definition of "You" and "Your," the Interrogatory consequently (a) seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence; (b) purports to require Consumer Plaintiffs to search for and provide information that is not in their possession, custody, or control and/or to which Consumer Plaintiffs do not have access; and (c) includes Consumer Plaintiffs' legal counsel and attorneys and seeks to discover documents, data, or information protected by the attorney-client privilege, work product doctrine, the common interest privilege, and/or other investigative

privileges or protections. Consumer Plaintiffs further object to this Interrogatory to the extent that the Interrogatory seeks information protected by the attorney-client privilege, common interest privilege, or work product doctrine, or that is otherwise privileged or protected from discovery. Consumer Plaintiffs further object to this Interrogatory to the extent that the Interrogatory seeks information that calls for an ultimate legal conclusion.

Consumer Plaintiffs further object to this Interrogatory on the grounds that by seeking information regarding "which firms would have entered or exerted increased competitive pressure . . . but did not," the Interrogatory is premature. Fact discovery is ongoing, Consumer Plaintiffs' investigation is continuing, Facebook has not yet substantially begun its production of documents in response to Consumer Plaintiffs' document requests, and class and merits expert discovery is not set to commence until January 27, 2023, and August 4, 2023, respectively. Similarly, Consumer Plaintiffs further object to this Interrogatory on the grounds and to the extent that it is an improper "contention" interrogatory. Such a contention interrogatory is premature because fact discovery is ongoing, Consumer Plaintiffs' investigation is continuing, and Facebook has not yet substantially begun its production of documents in response to Consumer Plaintiffs' document requests.

Consumer Plaintiffs further object to this Interrogatory to the extent that the Interrogatory seeks information that will necessarily be the subject of expert testimony and analysis. Consumer Plaintiffs will make expert disclosures and produce their expert reports pursuant to the schedule for expert discovery set by the Court.

Consumer Plaintiffs will meet-and-confer with Facebook regarding the timing of any response, the subject matters covered by this Interrogatory, and the Interrogatory's scope.

**INTERROGATORY NO. 10:**

For each statement or omission You identified in Your response to Interrogatory No. 6, identify and describe in full and complete detail each feature or activity that Meta and any other firms identified in Your responses to Interrogatory Nos. 1, 2, and 9 would have introduced on their Products and made available to users in the alleged Social Media Market or alleged Social Network

1  Market but did not because of (in full or in part) the statement or omission, either alone or in
2  combination with other statements or omissions identified in Your response to Interrogatory No. 6.

**RESPONSE TO INTERROGATORY NO. 10:**

Consumer Plaintiffs object to this Interrogatory on the grounds set forth in detail above in their General Objections.  Consumer Plaintiffs further object to this Interrogatory on the grounds that, by seeking information regarding "[f]or each statement or omission" which "feature or activity . . . Meta and any other firms . . . would have introduced . . . and made available . . . but did not because of (in full or in part) the statement or omission," the Interrogatory seeks information concerning subject matters that are not relevant to any party's claims or defenses in this case. Consumer Plaintiffs further object to this Interrogatory on the grounds and to the extent that due to Facebook's definition of "You" and "Your," the Interrogatory consequently (a) seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence; (b) purports to require Consumer Plaintiffs to search for and provide information that is not in their possession, custody, or control and/or to which Consumer Plaintiffs do not have access; and (c) includes Consumer Plaintiffs' legal counsel and attorneys and seeks to discover documents, data, or information protected by the attorney-client privilege, work product doctrine, the common interest privilege, and/or other investigative privileges or protections.  Consumer Plaintiffs further object to this Interrogatory to the extent that the Interrogatory seeks information protected by the attorney-client privilege, common interest privilege, or work product doctrine, or that is otherwise privileged or protected from discovery.  Consumer Plaintiffs further object to this Interrogatory to the extent that the Interrogatory seeks information that calls for an ultimate legal conclusion.

Consumer Plaintiffs further object to this Interrogatory on the grounds that the Interrogatory is compound and comprised of multiple Interrogatories.

Consumer Plaintiffs further object to this Interrogatory on the grounds that by seeking information regarding "each feature or activity that Meta and any other firms . . . would have introduced on their Products and made available to users in the alleged Social Media Market or alleged Social Network Market but did not," the Interrogatory is premature.  Fact discovery is

ongoing, Consumer Plaintiffs' investigation is continuing, Facebook has not yet substantially begun its production of documents in response to Consumer Plaintiffs' document requests, and class and merits expert discovery is not set to commence until January 27, 2023, and August 4, 2023, respectively. Similarly, Consumer Plaintiffs further object to this Interrogatory on the grounds and to the extent that it is an improper "contention" interrogatory, including to the extent it purports to require Consumer Plaintiffs to "describe in full and complete detail each feature or activity that Meta and any other firms . . . would have introduced . . . but did not because of (in full or in part) the statement or omission." Such a contention interrogatory is premature because fact discovery is ongoing, Consumer Plaintiffs' investigation is continuing, and Facebook has not yet substantially begun its production of documents in response to Consumer Plaintiffs' document requests.

Consumer Plaintiffs further object to this Interrogatory to the extent that the Interrogatory seeks information that will necessarily be the subject of expert testimony and analysis. Consumer Plaintiffs will make expert disclosures and produce their expert reports pursuant to the schedule for expert discovery set by the Court.

Consumer Plaintiffs will meet-and-confer with Facebook regarding the timing of any response, the subject matters covered by this Interrogatory, and the Interrogatory's scope.

**INTERROGATORY NO. 11:**

For each statement or omission You identified in Your response to Interrogatory No. 6, describe in full and complete detail the "data privacy practices," User Complaint ¶ 226, that Meta and any other firms identified in Your responses to Interrogatory Nos. 1, 2, and 9 would have maintained in the alleged Social Media Market or alleged Social Network Market but did not because of (in full or in part) the statement or omission, either alone or in combination with other statements or omissions identified in Your response to Interrogatory No. 6.

**RESPONSE TO INTERROGATORY NO. 11:**

Consumer Plaintiffs object to this Interrogatory on the grounds set forth in detail above in their General Objections. Consumer Plaintiffs further object to this Interrogatory on the grounds

-20- Case No. 3:20-cv-08570-JD
CONSUMER PLAINTIFFS' RESPONSES AND OBJECTIONS TO FACEBOOK'S SECOND INTERROGATORIES

that, by seeking information regarding "[f]or each statement or omission . . . the 'data privacy practices,' . . . that Meta and any other firms . . . would have maintained . . . but did not because of (in full or in part) the statement or omission," the Interrogatory seeks information concerning subject matters that are not relevant to any party's claims or defenses in this case. Consumer Plaintiffs further object to this Interrogatory on the grounds and to the extent that due to Facebook's definition of "You" and "Your," the Interrogatory consequently (a) seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence; (b) purports to require Consumer Plaintiffs to search for and provide information that is not in their possession, custody, or control and/or to which Consumer Plaintiffs do not have access; and (c) includes Consumer Plaintiffs' legal counsel and attorneys and seeks to discover documents, data, or information protected by the attorney-client privilege, work product doctrine, the common interest privilege, and/or other investigative privileges or protections. Consumer Plaintiffs further object to this Interrogatory to the extent that the Interrogatory seeks information protected by the attorney-client privilege, common interest privilege, or work product doctrine, or that is otherwise privileged or protected from discovery. Consumer Plaintiffs further object to this Interrogatory to the extent that the Interrogatory seeks information that calls for an ultimate legal conclusion.

Consumer Plaintiffs further object to this Interrogatory on the grounds that the Interrogatory is compound and comprised of multiple Interrogatories.

Consumer Plaintiffs further object to this Interrogatory on the grounds that by seeking information regarding "the 'data privacy practices' . . . that Meta and other firms . . . would have maintained in the alleged Social Media Market or alleged Social Network Market but did not," the Interrogatory is premature. Fact discovery is ongoing, Consumer Plaintiffs' investigation is continuing, Facebook has not yet substantially begun its production of documents in response to Consumer Plaintiffs' document requests, and class and merits expert discovery is not set to commence until January 27, 2023, and August 4, 2023, respectively. Similarly, Consumer Plaintiffs further object to this Interrogatory on the grounds and to the extent that it is an improper "contention" interrogatory, including to the extent it purports to require Consumer Plaintiffs to "describe in full and complete detail the 'data privacy practices' that Meta and any other firms . . .

would have maintained in the alleged Social Media Market or alleged Social Network Market but did not because of (in full or in part) the statement or omission." Such a contention interrogatory is premature because fact discovery is ongoing, Consumer Plaintiffs' investigation is continuing, and Facebook has not yet substantially begun its production of documents in response to Consumer Plaintiffs' document requests.

Consumer Plaintiffs further object to this Interrogatory to the extent that the Interrogatory seeks information that will necessarily be the subject of expert testimony and analysis. Consumer Plaintiffs will make expert disclosures and produce their expert reports pursuant to the schedule for expert discovery set by the Court.

Consumer Plaintiffs will meet-and-confer with Facebook regarding the timing of any response, the subject matters covered by this Interrogatory, and the Interrogatory's scope.

**INTERROGATORY NO. 12:**

For each statement or omission You identified in Your response to Interrogatory No. 6, describe in full and complete detail each change in "application quality," User Complaint ¶ 226, that Meta and any other firms identified in Your responses to Interrogatory Nos. 1, 2, and 9 would have made in the alleged Social Media Market or alleged Social Network Market but did not because of (in full or in part) the statement or omission, either alone or in combination with other statements or omissions identified in Your response to Interrogatory No. 6.

**RESPONSE TO INTERROGATORY NO. 12:**

Consumer Plaintiffs object to this Interrogatory on the grounds set forth in detail above in their General Objections. Consumer Plaintiffs further object to this Interrogatory on the grounds that, by seeking information regarding "[f]or each statement or omission . . . each change in 'application quality,' . . . that Meta and any other firms . . . would have made . . . but did not because of (in full or in part) the statement or omission," the Interrogatory seeks information concerning subject matters that are not relevant to any party's claims or defenses in this case.

Consumer Plaintiffs further object to this Interrogatory on the grounds and to the extent that due to Facebook's definition of "You" and "Your," the Interrogatory consequently (a) seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence; (b) purports to require Consumer Plaintiffs to search for and provide information that is not in their possession, custody, or control and/or to which Consumer Plaintiffs do not have access; and (c) includes Consumer Plaintiffs' legal counsel and attorneys and seeks to discover documents, data, or information protected by the attorney-client privilege, work product doctrine, the common interest privilege, and/or other investigative privileges or protections. Consumer Plaintiffs further object to this Interrogatory to the extent that the Interrogatory seeks information protected by the attorney-client privilege, common interest privilege, or work product doctrine, or that is otherwise privileged or protected from discovery. Consumer Plaintiffs further object to this Interrogatory to the extent that the Interrogatory seeks information that calls for an ultimate legal conclusion.

Consumer Plaintiffs further object to this Interrogatory on the grounds that the Interrogatory is compound and comprised of multiple Interrogatories.

Consumer Plaintiffs further object to this Interrogatory on the grounds that by seeking information regarding "each change in 'application quality,' . . . that Meta and other firms . . . would have made in the alleged Social Media Market or alleged Social Network Market but did not," the Interrogatory is premature. Fact discovery is ongoing, Consumer Plaintiffs' investigation is continuing, Facebook has not yet substantially begun its production of documents in response to Consumer Plaintiffs' document requests, and class and merits expert discovery is not set to commence until January 27, 2023, and August 4, 2023, respectively. Similarly, Consumer Plaintiffs further object to this Interrogatory on the grounds and to the extent that it is an improper "contention" interrogatory, including to the extent it purports to require Consumer Plaintiffs to "describe in full and complete detail each change in 'application quality[.]'" Such a contention interrogatory is premature because fact discovery is ongoing, Consumer Plaintiffs' investigation is continuing, and Facebook has not yet substantially begun its production of documents in response to Consumer Plaintiffs' document requests.

1  Consumer Plaintiffs further object to this Interrogatory to the extent that the Interrogatory
2  seeks information that will necessarily be the subject of expert testimony and analysis. Consumer
3  Plaintiffs will make expert disclosures and produce their expert reports pursuant to the schedule for
4  expert discovery set by the Court.

5  Consumer Plaintiffs will meet-and-confer with Facebook regarding the timing of any
6  response, the subject matters covered by this Interrogatory, and the Interrogatory's scope.

**INTERROGATORY NO. 13:**

For each feature or activity available to users on each Meta Product that is a Participant in your alleged "Social Network Market," state whether the feature or activity is or is not within your alleged "Social Network Market."

**RESPONSE TO INTERROGATORY NO. 13:**

Consumer Plaintiffs object to this Interrogatory on the grounds set forth in detail above in their General Objections. Consumer Plaintiffs further object to this Interrogatory on the grounds that the undefined terms "feature or activity" render the Interrogatory vague and ambiguous as to the sorts of information being sought. Consumer Plaintiffs further object to this Interrogatory on the grounds that the Interrogatory is compound and comprised of multiple Interrogatories.

Consumer Plaintiffs further object to this Interrogatory on the grounds that it seeks information that is not relevant to any party's claims or defenses in this case.

Consumer Plaintiffs further object to this Interrogatory on the grounds that by seeking information regarding "each feature or activity available to users on each Meta product," the Interrogatory seek information that is not in Consumer Plaintiffs' possession, custody, or control at this time and/or is more available or accessible to Facebook. Facebook knows the full scope of "feature[s]" and "activit[ies]" it makes "available to users on each Meta Product[.]"

Consumer Plaintiffs further object to this Interrogatory on the grounds that by seeking information regarding "each feature or activity available to users on each Meta product" and "whether the feature or activity is or is not within" the Social Network Market, the Interrogatory is

premature. Fact discovery is ongoing, Consumer Plaintiffs' investigation is continuing, Facebook has not yet substantially begun its production of documents in response to Consumer Plaintiffs' document requests, and class and merits expert discovery is not set to commence until January 27, 2023, and August 4, 2023, respectively. Similarly, Consumer Plaintiffs further object to this Interrogatory on the grounds and to the extent that it is an improper "contention" interrogatory. Such a contention interrogatory is premature because fact discovery is ongoing, Consumer Plaintiffs' investigation is continuing, and Facebook has not yet substantially begun its production of documents in response to Consumer Plaintiffs' document requests. Consumer Plaintiffs further object to this Interrogatory to the extent it presupposes that a "feature or activity is or is not within" an alleged relevant market.

Consumer Plaintiffs further object to this Interrogatory to the extent that the Interrogatory seeks information that will necessarily be the subject of expert testimony and analysis. Consumer Plaintiffs will make expert disclosures and produce their expert reports pursuant to the schedule for expert discovery set by the Court.

Consumer Plaintiffs further object to this Interrogatory to the extent that the Interrogatory seeks information protected by the attorney-client privilege, common interest privilege, or work product doctrine, or that is otherwise privileged or protected from discovery. Consumer Plaintiffs further object to this Interrogatory to the extent that the Interrogatory seeks information that calls for an ultimate legal conclusion.

Consumer Plaintiffs will meet-and-confer with Facebook regarding the timing of any response, the subject matters covered by this Interrogatory, and the Interrogatory's scope.

**INTERROGATORY NO. 14:**

For each feature or activity available to users on each Meta Product that is a Participant in your alleged "Social Media Market," state whether the feature or activity is or is not within your alleged "Social Media Market."

**RESPONSE TO INTERROGATORY NO. 14:**

Consumer Plaintiffs object to this Interrogatory on the grounds set forth in detail above in their General Objections. Consumer Plaintiffs further object to this Interrogatory on the grounds that the undefined terms "feature or activity" render the Interrogatory vague and ambiguous as to the sorts of information being sought. Consumer Plaintiffs further object to this Interrogatory on the grounds that the Interrogatory is compound and comprised of multiple Interrogatories.

Consumer Plaintiffs further object to this Interrogatory on the grounds that it seeks information that is not relevant to any party's claims or defenses in this case.

Consumer Plaintiffs further object to this Interrogatory on the grounds that by seeking information regarding "each feature or activity available to users on each Meta product," the Interrogatory seek information that is not in Consumer Plaintiffs' possession, custody, or control at this time and/or is more available or accessible to Facebook. Facebook knows the full scope of "feature[s]" and "activit[ies]" it makes "available to users on each Meta Product[.]"

Consumer Plaintiffs further object to this Interrogatory on the grounds that by seeking information regarding "each feature or activity available to users on each Meta product" and "whether the feature or activity is or is not within" the Social Media Market, the Interrogatory is premature. Fact discovery is ongoing, Consumer Plaintiffs' investigation is continuing, Facebook has not yet substantially begun its production of documents in response to Consumer Plaintiffs' document requests, and class and merits expert discovery is not set to commence until January 27, 2023, and August 4, 2023, respectively. Similarly, Consumer Plaintiffs further object to this Interrogatory on the grounds and to the extent that it is an improper "contention" interrogatory. Such a contention interrogatory is premature because fact discovery is ongoing, Consumer Plaintiffs' investigation is continuing, and Facebook has not yet substantially begun its production of documents in response to Consumer Plaintiffs' document requests. Consumer Plaintiffs further object to this Interrogatory to the extent it presupposes that a "feature or activity is or is not within" an alleged relevant market.

Consumer Plaintiffs further object to this Interrogatory to the extent that the Interrogatory seeks information that will necessarily be the subject of expert testimony and analysis. Consumer

Plaintiffs will make expert disclosures and produce their expert reports pursuant to the schedule for expert discovery set by the Court.

      Consumer Plaintiffs further object to this Interrogatory to the extent that the Interrogatory seeks information protected by the attorney-client privilege, common interest privilege, or work product doctrine, or that is otherwise privileged or protected from discovery. Consumer Plaintiffs further object to this Interrogatory to the extent that the Interrogatory seeks information that calls for an ultimate legal conclusion.

      Consumer Plaintiffs will meet-and-confer with Facebook regarding the timing of any response, the subject matters covered by this Interrogatory, and the Interrogatory's scope.