1

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Stephen A. Swedlow (admitted *pro hac vice*)
  stephenswedlow@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
(312) 705-7400

**HAGENS BERMAN SOBOL SHAPIRO LLP**
Shana E. Scarlett (Bar No. 217895)
  shanas@hbsslaw.com
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
(510) 725-3000

*Interim Co-Lead Consumer Class Counsel*

[Additional counsel listed on signature page]

**BATHAEE DUNNE LLP**
Yavar Bathaee (Bar No. 282388)
  yavar@bathaeedunne.com
445 Park Avenue, 9th Floor
New York, NY 10022
(332) 322-8835

**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
Amanda F. Lawrence (*pro hac vice*)
  alawrence@scott-scott.com
156 South Main Street, P.O. Box 192
Colchester, CT 06415
(860) 537-5537

*Interim Co-Lead Advertiser Class Counsel*

**WILMER CUTLER PICKERING HALE AND DORR LLP**
SONAL N. MEHTA (SBN 222086)
Sonal.Mehta@wilmerhale.com
2600 El Camino Real, Suite 400
Palo Alto, California 94306
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

*Attorneys for Defendant Meta Platforms, Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| MAXIMILIAN KLEIN, et al.,<br><br>              Plaintiffs,<br><br>       vs.<br><br>META PLATFORMS, INC.,<br><br>              Defendant.<br><br>This Document Relates To: All Actions | Consolidated Case No. 3:20-cv-08570-JD<br><br>**AMENDED JOINT STIPULATION BETWEEN CONSUMER PLAINTIFFS, ADVERTISER PLAINTIFFS, AND DEFENDANT META PLATFORMS, INC. REGARDING SUBSTANTIAL COMPLETION DATE FOR DOCUMENT PRODUCTION AND MODIFICATION OF CASE SCHEDULE**<br><br>The Hon. James Donato |

**JOINT STIPULATION**

Consumer Plaintiffs ("Consumers"), Advertiser Plaintiffs ("Advertisers"), and defendant Meta Platforms, Inc. ("Meta"), by and through their undersigned counsel, hereby stipulate and respectfully request as follows:

WHEREAS, the Court held a status conference with the parties on August 11, 2022;

WHEREAS, the Court thereafter ordered the parties to "meet and confer on a deadline for the substantial completion of document production" (Dkt. 334 at 2);

WHEREAS, the parties have—pursuant to the Court's order—met and conferred regarding a proposed date for substantial completion of document production;

WHEREAS, Advertisers and Meta on June 9, 2022, reached agreement on the 40 document custodians from whose files Meta would collect, search, and produce documents responsive to Advertisers' pending requests for production;

WHEREAS, Consumers and Meta on June 16, 2022, reached agreement on the 48 document custodians from whose files Meta would collect, search, and produce documents responsive to Consumers' pending requests for production;

WHEREAS, Consumers and Meta on August 4, 2022, reached substantial agreement on the search strings that Meta would run across the 48 Meta-Consumer custodians' files to search for responsive documents, and final agreement on the remaining search strings on September 12, 2022;

WHEREAS, Advertisers and Meta continue to negotiate and near agreement on the search strings that Meta will run across the 40 Meta-Advertiser custodians' files to search for responsive documents;

WHEREAS, Meta is engaging, or will engage, in human review of at least 1.2 million documents hit upon by Consumers' search strings that were run across the 48 Meta-Consumer custodians' files;

WHEREAS, Meta is engaging, or will engage, in human review of at least 1.4 million documents hit upon by Advertisers' search strings that were run across the 40 Meta-Advertiser custodians' files;

WHEREAS, Consumers have agreed to search for additional documents responsive to Meta's requests for production to Consumers;

WHEREAS, Advertisers have agreed to search for additional documents responsive to Meta's requests for production to Advertisers;

WHEREAS, Consumers, Advertisers, and Meta have issued document subpoenas to non-parties, respective subpoena negotiations with many non-parties are still underway, many non-parties' investigations into responsive documents are continuing, and, as a result, many of the non-parties' document productions have not yet begun or are ongoing;

WHEREAS, Consumers, Advertisers, and Meta believe that—in light of the broad scope and large number of documents being collected, searched, reviewed, and produced—the parties can substantially complete document production in response to already-served document requests by December 19, 2022;

WHEREAS, the Court has set a case schedule (Dkt. 289), with fact discovery currently set to close on January 13, 2023;

WHEREAS, the parties have sought to meet the Court's existing case schedule but respectfully submit that good cause exists to extend the case schedule given the extensive document discovery that is underway and still ongoing;

WHEREAS, the parties respectfully submit that modifying the case schedule will also best allow the parties to effectively coordinate, schedule, and complete depositions given the likely number of witnesses to be deposed, by providing: (a) the Deposing Party sufficient lead time to complete its review of each custodian's documents and determine whether to notice the deposition of that custodian, as and after the responding party substantially completes document production of that custodian's files; (b) the Noticed Party sufficient time to continue to, in parallel, make the document productions of other custodians' files on a rolling basis until substantially completing the document productions for those other custodians as well; (c) the Noticed Party sufficient time to confirm that each witness is available on the date that the Deposing Party seeks to take the witness's deposition, and, if not, to confirm a date on which the witness is available and that is within a

1    reasonable amount of time of the date that the Deposing Party originally proposed; and (d) the parties

2    sufficient time to complete depositions of witnesses, including parties and non-parties;

3        WHEREAS, the parties' proposed December 19, 2022 substantial completion date is

4    approximately one month before the existing fact discovery cut-off of January 13, 2023, such that

5    the parties—after substantial consideration and discussion—believe an extension of the fact

6    discovery cut-off by approximately five months is necessary to provide the parties the time between

7    substantial completion of document production and the fact discovery cut-off that the parties agree

8    is needed to complete depositions and fact discovery, including to allow the parties to prepare for

9    depositions based on their respective reviews of the large number of documents yet to be produced,

10   schedule and complete fact depositions of the large number of witnesses that are likely to be

11   deposed, and allow the parties' respective experts to prepare and complete their analyses in advance

12   of class certification expert reports and the Court's class certification process;

13       WHEREAS, the parties respectfully submit that, for the reasons described above, good cause

14   likewise exists for a similar extension of the other dates set in the Court's scheduling order (Dkt.

15   289) and that such an extension of these dates would largely preserve the same sequencing of and

16   spacing between case events currently set in the Court's scheduling order;

17       WHEREAS, the parties met-and-conferred regarding a proposed, revised case schedule and

18   submitted their proposed schedule to the Court in an October 13, 2022 stipulation (Dkt. 363);

19       WHEREAS, the Court held a status conference with the parties on October 20, 2022, and

20   ordered that the parties modify their proposed, revised case schedule to include proposed dates for

21   a market tutorial in the first quarter of 2023, as well as a 2024 trial date (Dkt. 367);

22       WHEREAS, the parties have further conferred and jointly propose and respectfully request

23   that the Court enter the following modified dates[1]:

24

25

26   _____

     [1]  In general, the parties propose a five to six month extension of existing dates.  Where appropriate,
27   the parties have modified particular dates to account for the Court's preference for holding specific
     hearings on particular days of the week (*e.g.*, law and motion calendar on Thursdays, expert
28   concurrent proceedings on Tuesdays, and trial on Mondays) and for holidays.  As a result, some
     dates may reflect proposed modifications that are slightly less or slightly more than five to six
     months from existing dates.

AMENDED STIPULATION REGARDING SUBSTANTIAL COMPLETION DATE AND CASE SCHEDULE

| **Event** | **Current Deadline** | **Proposed Modified Deadline** |
|---|---|---|
| Substantial Completion of Document Production for Already-Served Document Requests | N/A | December 19, 2022 |
| Relevant Market Tutorial (Separate Sessions for Consumer and Advertiser Cases) | N/A | February 28, 2023 at 11:00 a.m. (Tutorial)[2]<br><br>February 17, 2023 (Joint Submission) |
| Fact discovery cut-off | January 13, 2023 | June 23, 2023 |
| Plaintiffs' class certification expert disclosures | January 27, 2023 | July 7, 2023 |
| Defendant's class certification expert disclosures | February 24, 2023 | August 4, 2023 |
| Plaintiffs' class certification reply expert disclosures | March 24, 2023 | September 1, 2023 |
| Last day to file class certification and class *Daubert* motions | April 7, 2023 | September 15, 2023 |
| Last day to file oppositions to class certification and class *Daubert* motions | May 12, 2023 | October 13, 2023 |
| Last day to file replies to class certification and class *Daubert* motions | June 9, 2023 | November 3, 2023 |
| Last day to file joint submission for class certification concurrent expert proceeding | June 12, 2023 | November 10, 2023 |
| Class certification concurrent expert proceeding | June 27, 2023, at 11:00 a.m. | December 5, 2023, at 11:00 a.m. |
| Class certification hearing | July 13, 2023, at 10:00 a.m. | December 14, 2023, at 10:00 a.m. |

---

[2] The parties have proposed February 28, 2023 as the relevant market tutorial in light of the availability of anticipated presenters.

| Event | Current Deadline | Proposed Modified Deadline |
|---|---|---|
| Bilateral merits expert disclosures | August 4, 2023 | January 12, 2024 |
| Bilateral merits rebuttal expert disclosures | September 8, 2023 | February 9, 2024 |
| Merits expert discovery cut-off | October 20, 2023 | March 15, 2024 |
| Last day to file dispositive and merits *Daubert* motions | November 17, 2023 | April 5, 2024 |
| Last day to file oppositions to dispositive and merits *Daubert* motions | December 15, 2023 | May 3, 2024 |
| Last day to file replies to dispositive and merits *Daubert* motions | January 5, 2024 | May 21, 2024 |
| Last day to file joint submission for merits concurrent expert proceeding | January 8, 2024 | May 28, 2024 |
| Merits concurrent expert proceeding | January 23, 2024, at 11:00 a.m. | June 11, 2024, at 11:00 a.m. |
| Dispositive and merits *Daubert* motions hearing | February 1, 2024, at 10:00 a.m. | June 20, 2024, at 10:00 a.m. |
| Pretrial conference | June 27, 2024, at 1:30 p.m. | October 17, 2024, at 1:30 p.m. (for November 4 trial) <br><br> or <br><br> October 24, 2024, at 1:30 p.m. (for November 11 trial) |
| Jury Trial | July 15, 2024, at 9:00 a.m. | November 4, 2024, at 9:00 a.m. <br><br> or <br><br> November 11, 2024, at 9:00 a.m. |

WHEREAS, the parties wish to ensure that they meet their proposed, modified case schedule so that no further extensions should be necessary; and

WHEREAS, the parties have therefore discussed and agreed to the following procedures to best ensure that the parties meet their proposed, modified case schedule:

- **Scheduling Deposition Dates**:  Subject to subsequent court order, the parties agree as follows: The parties will make good-faith efforts to consult in advance to schedule depositions at mutually convenient times and places and provide at least 14 calendar days between the request and the noticed deposition date.  The Noticed Party shall make good-faith efforts to respond to a request for a deposition date within 10 days of the date that the deposition request was made.  If the Noticed Party cannot accommodate the date that the Deposing Party proposed, then the Noticed Party will confirm when the witness is available and make good-faith efforts to propose alternative date ranges that are within 21 days of the Deposing Party's original proposed deposition date, unless that timing would impose an unreasonable burden on the deponent or the deponent's counsel, in which case the Noticed Party shall propose alternative date ranges that are reasonably close in time to the Deposing Party's original proposed deposition date.  When a party offers date(s) for its witness, the other party will make good-faith efforts to respond to the offered date(s) within 5 days that the date(s) were offered.  The parties also agree to confer regularly on deposition scheduling and to work collaboratively so that party depositions are not unduly concentrated in the final weeks of fact discovery.

ACCORDINGLY, Consumer Plaintiffs, Advertiser Plaintiffs, and Meta Platforms, Inc., by and through their respective counsel, hereby stipulate and respectfully request that the Court:

1.  Find that good cause exists to modify the scheduling order (Dkt. 289) and accordingly modify the case schedule as requested in the parties' above stipulation.

2.  Enter the parties' protocol regarding scheduling dates for depositions, such that, subject to subsequent court order, the parties agree to provide at least 14 calendar days between the request and the noticed deposition date; that the Noticed Party shall make good-faith efforts to respond to a request for a deposition date within 10 days of the date that the deposition request was made, and if the Noticed Party cannot accommodate the date that the Deposing Party proposed, then the Noticed Party shall

1   confirm when the witness is available and make good-faith efforts to propose

2   alternative date ranges that are within 21 days of the Deposing Party's original

3   proposed deposition date, unless that timing would impose an unreasonable burden

4   on the deponent or deponent's counsel, in which case the Noticed Party shall propose

5   alternative date ranges that are reasonably close in time to the Deposing Party's

6   original proposed deposition date; and that when a party offers date(s) for its witness,

7   the other party will make good-faith efforts to respond to the offered date(s) within

8   5 days that the date(s) were offered.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1     **PURSUANT TO STIPULATION, IT IS SO ORDERED.**

2

3   Dated: _____                  By: _____

4                                       Hon. James Donato

5                                       United States District Judge

DATED:  November 4, 2022

By:  */s/ Shana E. Scarlett*
**HAGENS BERMAN SOBOL SHAPIRO LLP**
Shana E. Scarlett (Bar No. 217895)
  shanas@hbsslaw.com
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000

Steve W. Berman (*pro hac vice*)
steve@hbsslaw.com
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292

**LOCKRIDGE GRINDAL NAUEN P.L.L.P.**
W. Joseph Bruckner (*pro hac vice*)
  wjbruckner@locklaw.com
Robert K. Shelquist (*pro hac vice*)
  rkshelquist@locklaw.com
Brian D. Clark (*pro hac vice*)
  bdclark@locklaw.com
Rebecca A. Peterson (Bar No. 241858)
  rapeterson@locklaw.com
Arielle S. Wagner (*pro hac vice*)
  aswagner@locklaw.com
Kyle J. Pozan (admitted *pro hac vice*)
  kjpozan@locklaw.com
Laura M. Matson (admitted *pro hac vice*)
  lmmatson@locklaw.com
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900

Respectfully submitted,

By:  */s/ Stephen A. Swedlow*
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Stephen A. Swedlow (*pro hac vice*)
  stephenswedlow@quinnemanuel.com
Michelle Schmit
  michelleschmit@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400

Kevin Y. Teruya (Bar No. 235916)
  kevinteruya@quinnemanuel.com
Adam B. Wolfson (Bar No. 262125)
  adamwolfson@quinnemanuel.com
Brantley I. Pepperman (Bar No. 322057)
  brantleypepperman@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000

Manisha M. Sheth (*pro hac vice*)
  manishasheth@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000

*Interim Counsel for the Consumer Class*

| | |
|---|---|
| By:  */s/ Yavar Bathaee*<br>**BATHAEE DUNNE LLP**<br>Yavar Bathaee (Bar No. 282388)<br>  yavar@bathaeedunne.com<br>Andrew C. Wolinsky (*pro hac vice*)<br>  awolinsky@bathaeedunne.com<br>445 Park Avenue, 9th Floor<br>New York, NY 10022<br>Telephone: (332) 322-8835<br><br>Brian J. Dunne (Bar No. 275689)<br>  bdunne@bathaeedunne.com<br>Edward M. Grauman (*pro hac vice*)<br>  egrauman@bathaeedunne.com<br>901 South MoPac Expressway<br>Barton Oaks Plaza I, Suite 300<br>Austin, TX 78746<br>Telephone: (512) 575-8848<br><br>**AHDOOT & WOLFSON, PC**<br>Tina Wolfson (Bar No. 174806)<br>  twolfson@ahdootwolfson.com<br>Robert Ahdoot (Bar No. 172098)<br>  rahdoot@ahdootwolfson.com<br>Theodore W. Maya (Bar No. 223242)<br>  tmaya@ahdootwolfson.com<br>Henry Kelston (*pro hac vice*)<br>  hkelston@ahdootwolfson.com<br>2600 West Olive Avenue, Suite 500<br>Burbank, CA 91505<br>  Telephone: (310) 474-9111 | By:  */s/ Amanda F. Lawrence*<br>**SCOTT+SCOTT ATTORNEYS AT LAW LLP**<br>Amanda F. Lawrence (*pro hac vice*)<br>  alawrence@scott-scott.com<br>Patrick J. McGahan (*pro hac vice*)<br>  pmcgahan@scott-scott.com<br>Michael P. Srodoski (*pro hac vice*)<br>  msrodoski@scott-scott.com<br>156 South Main Street, P.O. Box 192<br>Colchester, CT 06415<br>Telephone: (860) 537-5537<br><br>Patrick J. Rodriguez (pro hac vice)<br>  prodriguez@scott-scott.com<br>230 Park Avenue, 17th Floor<br>New York, NY 10169<br>Telephone: (212) 223-6444<br><br>Christopher M. Burke (Bar No. 214799)<br>  cburke@scott-scott.com<br>David H. Goldberger (Bar No. 225869)<br>  dgoldberger@scott-scott.com<br>Hal D. Cunningham (Bar No. 243048)<br>  hcunningham@scott-scott.com<br>Daniel J. Brockwell (Bar No. 335983)<br>  dbrockwell@scott-scott.com<br>Yifan (Kate) Lv (Bar No. 302704)<br>  klv@scott-scott.com<br>600 W. Broadway, Suite 3300<br>San Diego, CA 92101<br>Telephone: (619) 233-4565<br><br>**LEVIN SEDRAN & BERMAN LLP**<br>Keith J. Verrier (*pro hac vice*)<br>  kverrier@lfsblaw.com<br>Austin B. Cohen (*pro hac vice*)<br>  acohen@lfsblaw.com<br>510 Walnut Street, Suite 500<br>Philadelphia, PA 19106<br>Telephone: (215) 592-1500<br><br>*Interim Counsel for the Advertiser Class* |

By:  */s/ Sonal N. Mehta*
**WILMER CUTLER PICKERING HALE**
**AND DORR LLP**
Sonal N. Mehta (SBN: 222086)
2600 El Camino Real, Suite 400
Palo Alto, California 94306
Telephone: (650) 858-6000
Facsimile: (650) 858-6100
Email: Sonal.Mehta@wilmerhale.com

David Z. Gringer (*pro hac vice*)
7 World Trade Center
250 Greenwich Street
New York, New York 10007
Telephone: (212) 230-8800
Facsimile: (212) 230-8888
Email: David.Gringer@wilmerhale.com

Ari Holtzblatt (*pro hac vice*)
Molly M. Jennings (*pro hac vice*)
1875 Pennsylvania Avenue NW
Washington, DC 20006
Telephone: (202) 663-6000
Facsimile: (202) 663-6363
Email: Ari.Holtzblatt@wilmerhale.com
Email: Molly.Jennings@wilmerhale.com

*Attorneys for Defendant Meta Platforms, Inc.*

**ATTESTATION OF STEPHEN A. SWEDLOW**

This document is being filed through the Electronic Case Filing (ECF) system by attorney Stephen A. Swedlow.  By his signature, Mr. Swedlow attests that he has obtained concurrence in the filing of this document from each of the attorneys identified on the caption page and in the above signature block.

Dated: November 4, 2022                    By */s/ Stephen A. Swedlow*

Stephen A. Swedlow

**CERTIFICATE OF SERVICE**

I hereby certify that on this 4th day of November 2022, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System, causing the document to be electronically served on all attorneys of record.

By */s/ Stephen A. Swedlow*

Stephen A. Swedlow

AMENDED STIPULATION REGARDING SUBSTANTIAL COMPLETION DATE AND CASE SCHEDULE