November 14, 2022                                                            **VIA CM/ECF FILING**

The Honorable James Donato
San Francisco Courthouse, U.S. District Court
450 Golden Gate Avenue, Courtroom 11 – 19th Floor
San Francisco, CA 94102

Re:     Facebook's Refusal to Produce Two FTC Deposition Transcripts and Deposition Schedule

Dear Judge Donato:

        Consumer Plaintiffs ("Consumers") seek the Court's intervention because Facebook has refused to follow the Court's directions regarding producing Facebook deposition transcripts from the FTC's antitrust action. At the October 20, 2022 status conference, the Court found "reasonable" Consumers' requests that Facebook provide: (1) transcripts and exhibits from related depositions of Facebook and its employees in the FTC action; and (2) a list of future Facebook depositions in the FTC action to facilitate Consumers' going forward requests for some, but not all, transcripts and exhibits. Oct. 20, 2022 Hrg. Tr. ("Tr.") at 5:20–6:9. The Court then instructed the parties to "work that out by exchanging transcripts on a periodic" basis. *Id.* at 7:9–10. Consistent with the Court's directions, three weeks ago Consumers requested Facebook produce **two** Facebook Rule 30(b)(6) deposition transcripts and associated exhibits, and the schedule for upcoming Facebook depositions in the FTC action. **Facebook refused to produce this information**. After many emails and a meet and confer on November 10, 2022, the parties reached impasse on this dispute.

        This is not a complicated issue and Consumers should not have had to come back to the Court on this issue a second time. Yet Facebook has responded to Consumers' straightforward request for two transcripts and a deposition schedule with a convoluted set of "compromise" demands that are contrary to the Court's directions at the status conference. *First*, Facebook would only agree to produce the two transcripts if Consumers agree to reduce their number of hours of Rule 30(b)(6) testimony of Facebook in this case. *Second*, Facebook would only inform Consumers of future Facebook deposition in the FTC if Plaintiffs agree to coordinate depositions between the two cases so that depositions of Facebook deponents will occur on consecutive days—even though substantial completion of documents in *this* case is not likely for many more weeks. Even then, Facebook would only provide an update every two weeks as to Facebook depositions it unilaterally deems relevant. Consumers did not agree to these demands, which are contrary to the Court's explicit instructions and seem calculated to introduce inefficiencies into this case. The parties are therefore at an impasse. Consumers respectfully request that the Court order Facebook to: (1) produce the two requested deposition transcripts and associated exhibits; and (2) provide a list of all Facebook depositions in the FTC action that are currently scheduled, and update that list weekly going forward.

        Facebook has no valid reason for refusing to produce the two requested FTC transcripts. They are both relevant, and would pose little burden to Facebook. As to the first, regarding user surveys, Facebook admits it is relevant to this case: "We have reviewed the transcript and agree there are some relevant portions." 11/11/2022 Email from Facebook Counsel. The second, regarding Facebook's databases and systems, is also relevant. Facebook has indicated this deposition's subject matter was "where and how user data worldwide for the last twelve years has been stored." *Federal Trade Commission v. Meta Platforms*, *Inc.*, Case No. 1:20-cv-03590-JEB (D.D.C.), Dkt. 178 at 15. Here, Consumers allege that Facebook obtained and maintained monopoly power by deceiving the market as to the data that Facebook collects, and the uses to

which that data is put. Facebook's testimony regarding the "user data" it collects and uses, how that data flows through Facebook's systems and where it is stored, and the extent which Facebook is able (or unable) to track that data (or not) is highly relevant. Indeed, Consumers previously issued a Rule 30(b)(6) deposition notice on similar topics but then withdrew it. Facebook now refuses to produce the FTC "user data" deposition transcript based on the groundless claim that Consumers' transcript request is "an improper attempt to circumvent 30(b)(6) limits." 11/11/2022 Email from Facebook Counsel. It is no such thing. Consumers withdrew their deposition notice due to Facebook's unreasonable objections and demand for a degree of specificity in the topics that was impossible for Consumers to provide given Facebook's asymmetrical access to information and lack of document production. Consumers now request this transcript from the FTC case in the hope that they can obtain the relevant information they previously sought. Facebook's demand that Consumers reduce their own deposition time in this case in order to receive relevant transcripts from the FTC case is unreasonable. The Court did not condition Facebook's production of transcripts from the FTC action on a reduction in Plaintiffs' deposition time in this case. To the contrary, the Court stated, "**I'm not going to carve up eight hours**," "[i]n our case, this case, I'm not going to limit the Plaintiffs to four hours for splitting," and "**[i]t is not going to be a time splitting thing**." Tr. at 6:24–25, 7:4–8. Providing Consumers with access to this transcript is also a more efficient way of proceeding—this is a single-defendant case. Statements made by Facebook in the context of the FTC's action would likely also be admissible in this proceeding. Allowing Consumers access to this transcript on a highly relevant topic will almost certainly move this case forward in a more efficient manner than if discovery was conducted on two parallel tracks.

      To the second issue, Facebook also has no valid reason for refusing to periodically provide a schedule of Facebook depositions in the FTC action to facilitate Consumers' targeted requests for certain relevant transcripts. The Court has already rejected Facebook's proposed condition of forced coordination of depositions. Tr. at 6:10-7:12. Facebook's objection that providing this information imposes an undue "administrative burden" is baseless. Facebook is the common party in this action and the FTC action. It is easy for Facebook to keep track of the depositions happening in the FTC action and, on a weekly basis, forward FTC-Facebook deposition notices to Consumers or provide notice of confirmed depositions via email. Nor is there any reason for Facebook to play gatekeeper and provide a partial list of the scheduled Facebook depositions it decides are relevant. Consumers have already told the Court they will not request every deposition transcript. Consumers should be able to see the full list of depositions and make their own relevance determination.

      Facebook has responded to Consumers' straightforward request with baseless obstruction. Consumers respectfully request that the Court compel Facebook to do what it was already supposed to do: (1) produce the two requested deposition transcripts and associated exhibits; and (2) provide a list of all Facebook depositions in the FTC action that are currently scheduled, and update that list weekly going forward.

DATED: November 14, 2022

By */s/ Shana E. Scarlett*
**HAGENS BERMAN SOBOL SHAPIRO LLP**
Shana E. Scarlett (Bar No. 217895)
  shanas@hbsslaw.com
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000

Steve W. Berman (*pro hac vice*)
steve@hbsslaw.com
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292

**LOCKRIDGE GRINDAL NAUEN P.L.L.P.**
W. Joseph Bruckner (*pro hac vice*)
  wjbruckner@locklaw.com
Robert K. Shelquist (*pro hac vice*)
  rkshelquist@locklaw.com
Brian D. Clark (*pro hac vice*)
  bdclark@locklaw.com
Rebecca A. Peterson (Bar No. 241858)
  rapeterson@locklaw.com
Arielle S. Wagner (*pro hac vice*)
  aswagner@locklaw.com
Kyle J. Pozan (admitted *pro hac vice*)
  kjpozan@locklaw.com
Laura M. Matson (admitted *pro hac vice*)
  lmmatson@locklaw.com
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900

Respectfully submitted,

By */s/ Stephen A. Swedlow*
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Stephen A. Swedlow (*pro hac vice*)
  stephenswedlow@quinnemanuel.com
Michelle Schmit
  michelleschmit@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400

Kevin Y. Teruya (Bar No. 235916)
  kevinteruya@quinnemanuel.com
Adam B. Wolfson (Bar No. 262125)
  adamwolfson@quinnemanuel.com
Brantley I. Pepperman (Bar No. 322057)
  brantleypepperman@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000

Manisha M. Sheth (*pro hac vice*)
  manishasheth@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000

*Interim Counsel for the Consumer Class*

## ATTESTATION OF STEPHEN A. SWEDLOW

This document is being filed through the Electronic Case Filing (ECF) system by attorney Stephen A. Swedlow. By his signature, Mr. Swedlow attests that he has obtained concurrence in the filing of this document from each of the attorneys identified on the caption page and in the above signature block.

Dated: November 14, 2022            By:   */s/ Stephen A. Swedlow*
                                                Stephen A. Swedlow

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of November 2022, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System, causing the document to be electronically served on all attorneys of record.

Dated: November 14, 2022            By:   */s/ Stephen A. Swedlow*
                                                Stephen A. Swedlow