WILMER CUTLER PICKERING
  HALE AND DORR LLP

SONAL N. MEHTA (SBN 222086)
  Sonal.Mehta@wilmerhale.com
2600 El Camino Real, Suite 400
Palo Alto, California 94306
Telephone:  (650) 858-6000

DAVID Z. GRINGER (*pro hac vice*)
  David.Gringer@wilmerhale.com
7 World Trade Center
250 Greenwich Street
New York, New York 10007
Telephone:  (212) 230-8800

ARI HOLTZBLATT (*pro hac vice*)
  Ari.Holtzblatt@wilmerhale.com
MOLLY M. JENNINGS (*pro hac vice*)
  Molly.Jennings@wilmerhale.com
1875 Pennsylvania Avenue, NW
Washington, District of Columbia 20006
Telephone:  (202) 663-6000

*Attorneys for Defendant Meta Platforms, Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| MAXIMILIAN KLEIN, et al., on behalf of themselves and all others similarly situated,<br><br>                    Plaintiffs,<br><br>     v.<br><br>META PLATFORMS, INC., a Delaware Corporation headquartered in California,<br><br>                    Defendant. | Case No. 3:20-cv-08570-JD<br><br>**LETTER OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE PURSUANT TO THE HAGUE CONVENTION OF 18 MARCH 1970 ON THE TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS**<br><br>Judge: Hon. James Donato |

The United States District Court for the Northern District of California presents its compliments to the Ministry of Justice of the People's Republic of China and requests assistance in obtaining evidence to be used in civil proceedings before this Court.

This request is made pursuant to, and in conformity with, Chapters I and II of the Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters (the "Hague Evidence Convention"), to which both the United States and the People's Republic of China are party.

Specifically, the District Court requests assistance in obtaining evidence from non-party Tencent Holdings Ltd. ("Tencent"), a Chinese entity residing in Shenzhen, the People's Republic of China.

<u>**SECTION I**</u>

1. **SENDER:**

   The Honorable James Donato
   United States District Court of the Northern District of California
   450 Golden Gate Avenue
   San Francisco, CA 94102
   United States of America

2. **CENTRAL AUTHORITY OF THE REQUESTED STATE:**

   International Legal Cooperation Center (ILCC)
   Ministry of Justice of China
   33, Pinganli Xidajie
   Xicheng District
   Beijing 100035
   People's Republic of China
   Tel: +86 (10) 5560 4537
   Fax: +86 (10) 5560 4538

3. **PERSON TO WHOM THE EXECUTED REQUEST IS TO BE RETURNED:**

   The Honorable James Donato
   United States District Court of the Northern District of California
   450 Golden Gate Avenue
   San Francisco, CA 94102
   United States of America

   *With a Copy to the Parties' Legal Representatives:*
   Stephen A. Swedlow

Quinn Emanuel Urquhart & Sullivan, LLP
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Tel: (312) 705-7400
Email: stephenswedlow@quinnemanuel.com

Shana E. Scarlett
Hagens Berman Sobol Shapiro LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Tel: (510) 725-3000
Email: shanas@hbsslaw.com

Yavar Bathaee
Bathaee Dunne LLP
445 Park Avenue, 9th Floor
New York, NY 10022
Tel: (332) 322-8835
Email: yavar@bathaeedunne.com

Kristen M. Anderson
Scott+Scott Attorneys at Law LLP
230 Park Avenue, 17th Floor
New York, NY 10169
Tel: (212) 223-6444
Email: kanderson@scott-scott.com

Sonal N. Mehta
Wilmer Cutler Pickering Hale and Dorr LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Tel: (650) 858-6000
Email: sonal.mehta@wilmerhale.com

David Z. Gringer
Wilmer Cutler Pickering Hale and Dorr LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Tel: (212) 230-8800
Email: david.gringer@wilmerhale.com

4. **SPECIFICATION OF THE DATE BY WHICH THE REQUESTING AUTHORITY REQUIRES RECEIPT OF THE RESPONSE TO THE LETTER OF REQUEST:**

The Requesting Authority would greatly appreciate a response to the Request for Assistance as soon as is practicable, to ensure that the documents are received in a timely manner for use in the civil proceedings described below.

## SECTION II

**IN CONFORMITY WITH ARTICLE 3 OF THE CONVENTION, THE UNDERSIGNED APPLICANT HAS THE HONOR TO SUBMIT THE FOLLOWING INFORMATION REGARDING THE INSTANT REQUEST:**

5.  **(a)    REQUESTING JUDICIAL AUTHORITY (Article 3(a)):**

     The Honorable James Donato
     United States District Court of the Northern District of California
     450 Golden Gate Avenue
     San Francisco, CA 94102
     United States of America

     **(b)    TO THE COMPETENT AUTHORITY OF (Article 3(a)):**

     The People's Republic of China

     **(c)    NAME OF THE CASE AND ANY IDENTIFYING NUMBER:**

     *Klein, et al. v. Meta Platforms, Inc.*, No. 3:20-cv-08570-JD, United States District Court for the Northern District of California, San Francisco, CA, U.S.A.

6.  **NAMES AND ADDRESSES OF THE PARTIES AND THEIR REPRESENTATIVES (Article 3(b)):**

     **(a)    Plaintiffs:**
     Maximilian Klein

     Sarah Grabert

     Rachel Banks Kupcho

     Affilious, Inc.

     Jessyca Frederick

     Mark Young

406 Property Services, PLLC

Mark Berney

Katherine Looper


Representatives:

Stephen A. Swedlow
Quinn Emanuel Urquhart & Sullivan, LLP
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Tel: (312) 705-7400
Email: stephenswedlow@quinnemanuel.com

Shana E. Scarlett
Hagens Berman Sobol Shapiro LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Tel: (510) 725-3000
Email: shanas@hbsslaw.com

Yavar Bathaee
Bathaee Dunne LLP
445 Park Avenue, 9th Floor
New York, NY 10022
Tel: (332) 322-8835
Email: yavar@bathaeedunne.com

Kristen M. Anderson
Scott+Scott Attorneys at Law LLP
230 Park Avenue, 17th Floor
New York, NY 10169
Tel: (212) 223-6444
Email: kanderson@scott-scott.com

**(b)     Defendant:**
Meta Platforms, Inc.
1601 Willow Road
Menlo Park, CA 94025


Representatives:
Sonal Mehta
Wilmer Cutler Pickering Hale and Dorr LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306

Tel: (650) 858-6000
Email: sonal.mehta@wilmerhale.com

David Z. Gringer
Wilmer Cutler Pickering Hale and Dorr LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Tel: (212) 230-8800
Email: david.gringer@wilmerhale.com

**7.   NATURE AND PURPOSE OF THE PROCEEDINGS AND SUMMARY OF THE FACTS (Article 3(c)):**

**(a)   Nature of the proceedings:**

The nature of the proceeding is a consolidated civil action brought on behalf of two putative classes: (1) a putative Consumer Class (consisting of individuals who use Meta's social networking and social media services); and (2) a putative Advertiser Class (consisting of individuals and entities that purchased Meta's advertising services).   Consumer Plaintiffs bring claims under Section 2 of the Sherman Act alleging that Meta obtained and maintains monopoly power in the purported Social Network and Social Media Markets through allegedly false representations about its data collection and use practices.   Advertiser Plaintiffs bring claims under Sections 1 and 2 of the Sherman Act for Meta's alleged monopolization and attempted monopoloization of the purported Social Advertising market, including an alleged market division agreement between Meta and Google.   These claims are based on the Consumer Plaintiffs' Consolidated Class Action Complaint, Dkt. No. 87, and the Advertiser Plaintiffs' First Amended Consolidated Class Action Complaint, Dkt. No. 237.

**(b)   Summary of complaint:**

<u>Consumer Plaintiffs:</u> Consumer Plaintiffs allege that Meta has engaged in deceptive practices regarding the data privacy protections it provides to users of its services.   Consumer Plaintiffs claim that Meta falsely represented that it would provide users with certain privacy protections and deceived users about the amount of user data that it harvested and made available to third parties.   Consumer Plaintiffs allege that Meta's mispresentations caused many users to use Meta's services over other competing platforms, which allowed Meta to obtain and maintain a

monopoly position in the "social network" and "social media" markets.  A copy of the Consumer Plaintiffs' Consolidated Class Action Complaint is attached as Attachment A.

<u>Advertiser Plaintiffs:</u> Advertiser Plaintiffs similarly allege that Meta's deceptive practices regarding its data privacy protections allowed Meta to acquire a monopoly position in the "social advertising" market.  Advertiser Plaintiffs further allege that Meta engaged in anticompetitive practices to eliminate and prevent further competition.  Specifically, Advertiser Plaintiffs claim that Meta prevented developers from building mobile applications that could become rival social networks and competitors in the social advertising market.  Advertiser Plaintiffs also allege that Meta and Google entered an anticompetitive agreement in September 2018 that divided the online advertising market and helped Meta maintain its position in the social advertising market.  A copy of the Advertiser Plaintiffs' First Amended Consolidated Class Action Complaint is attached as Attachment B.

**(c)** **Summary of defense:**

For numerous reasons, Meta denies the allegations in the Consumer and Advertiser Plaintiffs' complaints.  This Letter of Request is intended to obtain information particularly relevant to the following defenses (which is not an exhaustive list of Meta's defenses in this proceeding): The market, as defined by the Consumer and Advertiser Plaintiffs, is implausible; the industry and the public do not recognize the purported "social network," "social media," or "social advertising" markets; Meta does not have the requisite market share of the alleged markets; competition and consumers cannot be harmed from alleged monopolization of a market for a product distributed free to all users; Meta's data privacy policies and practices are not a means to gain competitive advantage over other competitors; and Meta has always faced competition in any properly defined market.

<u>**SECTION III**</u>

**8.  EVIDENCE TO BE OBTAINED OR OTHER JUDICIAL ACT TO BE PERFORMED (Article 3(d)):**

**(a)** **Evidence to be obtained:**

The assistance requested of the People's Republic of China consists of obtaining copies of documents in the possession of Tencent Holdings Ltd.

**(b)      Purpose of the evidence sought:**

The evidence sought in this Letter of Request pertains to the allegations and defenses described above and are to be used only in legal proceedings in the matter described.  The evidence is subject to a strict protective order as provided in Attachment C.  The protective order ensures that documents produced in this matter will not be used by Meta in any way other than for purposes of the litigation.  The protective order provides that a producing party such as Tencent Holdings Ltd. may mark its documents as Confidential or Highly Confidential; if it does, no one at Meta may see the documents except two (in the case of Highly Confidential material) to four (in the case of Confidential Material) in-house counsel who are not permitted to participate in Meta's competitive decision-making for two years after receiving the documents.

The information sought in this Request is necessary in the interest of justice for Meta to defend itself fairly against the allegations made by the Consumer and Advertiser Plaintiffs.  In particular, Tencent Holdings Ltd. is the owner of WeChat and QQ, which Tencent labels as "social platform[s]."[1]  The evidence sought from Tencent regarding the market in which it operates, the share of that market, and its competition with Meta for user time and attention is relevant to Meta's defense, because the presence of other digital platform companies such as Tencent demonstrates that Meta lacks monopoly power in any market.

Meta seeks discovery from Tencent to show that Tencent's products have competed with Meta's products.  Meta seeks documents related to how Tencent views competition between its products and Meta (Document Request No. 1) and whether WeChat or QQ's services provide users with features substantially similar to those provided by Meta (Document Request No. 2).  Meta also asks whether Tencent has considered compensating its users for data to test Plaintiffs' damages theory (Document Request No. 3).  To address Plaintiffs' allegations related to market power, Meta is requesting documents related to whether Tencent believes that its privacy policies

---

[1] Tencent, Businesses, https://www.tencent.com/en-us/business.html (accessed March 26, 2022).

and practices differentiate its products from those offered by its competitors or impact user satisfaction or engagement (Document Request No. 4 & 5).  Meta also seeks documents related to Tencent's acquisition of certain U.S.-based companies that compete with Meta (Document Request No. 6).  Lastly, Meta has two limited data requests related to Plaintiffs' allegations of market share and market definition regarding time spent on WeChat and QQ and the number of Daily Active Users (Document Request Nos. 7 & 8).  Meta believes that this information is relevant to countering Plaintiffs' allegations that Meta has monopoly power in any cognizable market. Meta limited these requests to time spent, active users, and daily active users, which have been recognized as "appropriate indicators" of "market share."  *See Fed. Trade Comm'n v. Facebook, Inc.*, 2022 WL 103308, at *7 (D.D.C. Jan. 11, 2022).  Request Number 7 seeks data limited to specific periods of time when there was an outage on Meta's products and seeks information related to diversion from Meta's products.  In Request Number 8, Meta has asked for data from 2011-2014 and 2021 to help respond to Plaintiffs' allegations that Meta has any type of durable monopoly power.

**9.  DOCUMENTS OR OTHER PROPERTY TO BE INSPECTED (Article 3(g)):**

Attached as Attachment D is a list of documents to be obtained from Tencent Holdings Ltd.

**10. SPECIAL METHODS OR PROCEDURES TO BE FOLLOWED (Article 3(i) & 9):**

To the extent permitted by the applicable laws of China, it is respectfully requested that the appropriate judicial authority of China require that the requested documents be duly marked for identification and produced in electronic and/or paper format, bearing such identification, to:

> David Z. Gringer
> Wilmer Cutler Pickering Hale and Dorr LLP
> 7 World Trade Center
> 250 Greenwich Street
> New York, NY 10007
> Tel: (212) 230-8800
> Email: david.gringer@wilmerhale.com

It is further requested that, if permitted under the laws of China, the document production be accompanied by a sworn statement from an authorized Tencent agent, which attests to the fact

that the production comprises the entirety of the documents described herein, or otherwise specifies what documents have been omitted and the reasons for their omission, and which authenticates the documents as true and accurate copies of the documents described herein.

**11. REQUEST FOR NOTIFICATION OF THE TIME AND PLACE FOR THE EXECUTION OF THE REQUEST AND IDENTITY AND ADDRESS OF ANY PERSON TO BE NOTIFIED (Article 7):**

It is requested that notice of the execution of the Request be provided to the parties' representatives listed in paragraph 6 above.

**12. REQUEST FOR ATTENDANCE OR PARTICIPATION OF JUDICIAL PERSONNEL OF THE REQUESTING AUTHORITY AT THE EXECUTION OF THE LETTER OF REQUEST (Article 8):**

None.

**13. AUTHORITY APPOINTING COMMISSIONER, PENDING APPROVAL OF THE MINISTRY OF JUSTICE:**

The United States District Court for the Northern District of California.

**14. SPECIFICATION OF PRIVILEGE OR DUTY TO REFUSE TO GIVE EVIDENCE UNDER THE LAW OF THE STATE OF ORIGIN (Article 11(b)):**

In addition to the privileges applicable under Chinese laws, Tencent Holdings Ltd. need not disclose documents and electronic records which constitute confidential communications between it and its attorneys to the extent those communications seek or provide legal advice. This privilege may be waived, however, if the communication has been disclosed to third parties.

**15. THE FEES AND COSTS INCURRED WHICH ARE REIMBURSABLE UNDER THE SECOND PARAGRAPH OF ARTICLE 14 OR UNDER ARTICLE 26 OF THE CONVENTION WILL BE BORNE BY:**

The costs of this Hague Evidence Convention process, including the fees of the Commissioner, will be borne by Meta Platforms, Inc., c/o its counsel as identified above. Each

1   party will be responsible for the fees and expenses, if any, of its own attorneys relating to any

2   proceedings arising from this Hague Evidence Convention process.

3                                   **<u>SECTION IV</u>**

4           This District Court expresses its gratitude to the authorities of the People's Republic of

5   China for their assistance and courtesy under the terms of the Hague Convention.

6

7   Signature and Seal of the Requesting Authority:

8

9

10  Dated: November 18, 2022



11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WILMER CUTLER PICKERING
  HALE AND DORR LLP
SONAL N. MEHTA (SBN 222086)
  Sonal.Mehta@wilmerhale.com
2600 El Camino Real, Suite 400
Palo Alto, California 94306
Telephone:  (650) 858-6000

DAVID Z. GRINGER (*pro hac vice*)
  David.Gringer@wilmerhale.com
7 World Trade Center
250 Greenwich Street
New York, New York 10007
Telephone:  (212) 230-8800

ARI HOLTZBLATT (*pro hac vice*)
  Ari.Holtzblatt@wilmerhale.com
MOLLY M. JENNINGS (*pro hac vice*)
  Molly.Jennings@wilmerhale.com
1875 Pennsylvania Avenue, NW
Washington, District of Columbia 20006
Telephone:  (202) 663-6000

*Attorneys for Defendant Meta Platforms, Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| MAXIMILIAN KLEIN, et al., on behalf of themselves and all others similarly situated,<br><br>                                  Plaintiffs,<br><br>          v.<br><br>META PLATFORMS, INC., a Delaware Corporation headquartered in California,<br><br>                                  Defendant. | Case No. 3:20-cv-08570-JD<br><br>**LETTER OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE PURSUANT TO THE HAGUE CONVENTION OF 18 MARCH 1970 ON THE TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS**<br><br>Judge: Hon. James Donato |

The United States District Court for the Northern District of California presents its compliments to the Registrar of the Supreme Court of the British Virgin Islands and requests assistance in obtaining evidence to be used in civil proceedings before this Court.

This request is made pursuant to, and in conformity with, Chapters I and II of the Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters (the "Hague Evidence Convention"), to which both the United States and the British Virgin Islands are party.

Specifically, the District Court requests assistance through the law firm Harney Westwood & Riegels, LP of Craigmuir Chambers, P.O. Box 71, Road Town, Tortola, British Virgin Islands, in obtaining evidence from non-party Telegram Messenger, Inc. ("Telegram"), a British Virgin Islands ("BVI") entity registered in Tortola, the British Virgin Islands.

## SECTION I

1. **SENDER:**

   The Honorable James Donato
   United States District Court of the Northern District of California
   450 Golden Gate Avenue
   San Francisco, CA 94102
   United States of America

2. **CENTRAL AUTHORITY OF THE REQUESTED STATE:**

   Registrar of the Eastern Caribbean Supreme Court
   Supreme Court Registry
   Sakal Place, 2nd Floor
   P.O. Box 418
   Road Town, Tortola
   British Virgin Island VG1110
   Tel: +284 468 5001
   Fax: +284 468 4951

3. **PERSON TO WHOM THE EXECUTED REQUEST IS TO BE RETURNED:**

   The Honorable James Donato
   United States District Court of the Northern District of California
   450 Golden Gate Avenue
   San Francisco, CA 94102
   United States of America

*With a Copy to the Parties' Legal Representatives:*

Stephen A. Swedlow
Quinn Emanuel Urquhart & Sullivan, LLP
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Tel: (312) 705-7400
Email: stephenswedlow@quinnemanuel.com

Shana E. Scarlett
Hagens Berman Sobol Shapiro LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Tel: (510) 725-3000
Email: shanas@hbsslaw.com

Yavar Bathaee
Bathaee Dunne LLP
445 Park Avenue, 9th Floor
New York, NY 10022
Tel: (332) 322-8835
Email: yavar@bathaeedunne.com

Kristen M. Anderson
Scott+Scott Attorneys at Law LLP
230 Park Avenue, 17th Floor
New York, NY 10169
Tel: (212) 223-6444
Email: kanderson@scott-scott.com

Sonal N. Mehta
Wilmer Cutler Pickering Hale and Dorr LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Tel: (650) 858-6000
Email: sonal.mehta@wilmerhale.com

David Z. Gringer
Wilmer Cutler Pickering Hale and Dorr LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Tel: (212) 230-8800
Email: david.gringer@wilmerhale.com

**4.   SPECIFICATION OF THE DATE BY WHICH THE REQUESTING AUTHORITY**

**REQUIRES RECEIPT OF THE RESPONSE TO THE LETTER OF REQUEST:**

The Requesting Authority would greatly appreciate a response to the Request for Assistance as soon as is practicable, to ensure that the documents are received in a timely manner for use in the civil proceedings described below.

## SECTION II

**IN CONFORMITY WITH ARTICLE 3 OF THE CONVENTION, THE UNDERSIGNED APPLICANT HAS THE HONOR TO SUBMIT THE FOLLOWING INFORMATION REGARDING THE INSTANT REQUEST:**

**5. (a)  REQUESTING JUDICIAL AUTHORITY (Article 3(a)):**

The Honorable James Donato
United States District Court of the Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102
United States of America

**(b)  TO THE COMPETENT AUTHORITY OF (Article 3(a)):**

The British Virgin Islands

**(c)  NAME OF THE CASE AND ANY IDENTIFYING NUMBER:**

*Klein, et al. v. Meta Platforms, Inc.*, No. 3:20-cv-08570-JD, United States District Court for the Northern District of California, San Francisco, CA, U.S.A.

**6. NAMES AND ADDRESSES OF THE PARTIES AND THEIR REPRESENTATIVES (Article 3(b)):**

**(a)  Plaintiffs:**

Maximilian Klein

Sarah Grabert

Rachel Banks Kupcho

Affilious, Inc.

Jessyca Frederick

Mark Young

406 Property Services, PLLC

Mark Berney

Katherine Looper


Representatives:

Stephen A. Swedlow
Quinn Emanuel Urquhart & Sullivan, LLP
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Tel: (312) 705-7400
Email: stephenswedlow@quinnemanuel.com

Shana E. Scarlett
Hagens Berman Sobol Shapiro LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Tel: (510) 725-3000
Email: shanas@hbsslaw.com

Yavar Bathaee
Bathaee Dunne LLP
445 Park Avenue, 9th Floor
New York, NY 10022
Tel: (332)322-8835
Email: yavar@bathaeedunne.com

Kristen M. Anderson
Scott+Scott Attorneys at Law LLP
230 Park Avenue, 17th Floor
New York, NY 10169
Tel: (212) 223-6444
Email: kanderson@scott-scott.com

**(b)      Defendant:**
Meta Platforms, Inc.
1601 Willow Road
Menlo Park, CA 94025

Representatives:
Sonal Mehta
Wilmer Cutler Pickering Hale and Dorr LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306

LETTER OF REQUEST FOR INTERNATIONAL
JUDICIAL ASSISTANCE

Tel: (650) 858-6000
Email: sonal.mehta@wilmerhale.com

David Z. Gringer
Wilmer Cutler Pickering Hale and Dorr LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Tel: (212) 230-8800
Email: david.gringer@wilmerhale.com

**7.   NATURE AND PURPOSE OF THE PROCEEDINGS AND SUMMARY OF THE FACTS (Article 3(c)):**

**(a)   Nature of the proceedings:**

The nature of the proceeding is a consolidated civil action brought on behalf of two putative classes: (1) a putative Consumer Class (consisting of individuals who use Meta's social networking and social media services); and (2) a putative Advertiser Class (consisting of individuals and entities that purchased Meta's advertising services).   Consumer Plaintiffs bring claims under Section 2 of the Sherman Act alleging that Meta obtained and maintains monopoly power in the purported Social Network and Social Media Markets through allegedly false representations about its data collection and use practices.   Advertiser Plaintiffs bring claims under Sections 1 and 2 of the Sherman Act for Meta's alleged monopolization and attempted monopoloization of the purported Social Advertising market, including an alleged market division agreement between Meta and Google.   These claims are based on the Consumer Plaintiffs' Consolidated Class Action Complaint, Dkt. No. 87, and the Advertiser Plaintiffs' First Amended Consolidated Class Action Complaint, Dkt. No. 237.

**(b)   Summary of complaint:**

<u>Consumer Plaintiffs:</u> Consumer Plaintiffs allege that Meta has engaged in deceptive practices regarding the data privacy protections it provides to users of its services.   Consumer Plaintiffs claim that Meta falsely represented that it would provide users with certain privacy protections and deceived users about the amount of user data that it harvested and made available to third parties.   Consumer Plaintiffs allege that Meta's mispresentations caused many users to use Meta's services over other competing platforms, which allowed Meta to obtain and maintain a

1   monopoly position in the "social network" and "social media" markets.  A copy of the Consumer

2   Plaintiffs' Consolidated Class Action Complaint is attached as Attachment A.

3           <u>Advertiser Plaintiffs:</u> Advertiser Plaintiffs similarly allege that Meta's deceptive practices

4   regarding its data privacy protections allowed Meta to acquire a monopoly position in the "social

5   advertising" market.  Advertiser Plaintiffs further allege that Meta engaged in anticompetitive

6   practices to eliminate and prevent further competition.  Specifically, Advertiser Plaintiffs claim

7   that Meta prevented developers from building mobile applications that could become rival social

8   networks and competitors in the social advertising market.  Advertiser Plaintiffs also allege that

9   Meta and Google entered an anticompetitive agreement in September 2018 that divided the online

10   advertising market and helped Meta maintain its position in the social advertising market.  A copy

11   of the Advertiser Plaintiffs' First Amended Consolidated Class Action Complaint is attached as

12   Attachment B.

13          **(c)**      **Summary of defense:**

14           For numerous reasons, Meta denies the allegations in the Consumer and Advertiser

15   Plaintiffs' complaints.  This Letter of Request is intended to obtain information particularly

16   relevant to the following defenses (which is not an exhaustive list of Meta's defenses in this

17   proceeding): The market, as defined by the Consumer and Advertiser Plaintiffs, is implausible; the

18   industry and the public do not recognize the purported "social network," "social media," or "social

19   advertising" markets; Meta does not have the requisite market share of the alleged markets;

20   competition and consumers cannot be harmed from alleged monopolization of a market for a

21   product distributed free to all users; Meta's data privacy policies and practices are not a means to

22   gain competitive advantage over other competitors; and Meta has always faced competition in any

23   properly defined market.

24                                       **<u>SECTION III</u>**

25   **8. EVIDENCE TO BE OBTAINED OR OTHER JUDICIAL ACT TO BE**

26       **PERFORMED (Article 3(d)):**

27          **(a)**      **Evidence to be obtained:**

28

1    The assistance requested of the British Virgin Islands consists of obtaining copies of

2    documents in the possession of Telegram.

3    **(b)     Purpose of the evidence sought:**

4    The evidence sought in this Letter of Request pertains to the allegations and defenses

5    described above and are to be used only in legal proceedings in the matter described.  The evidence

6    is subject to a strict protective order as provided in Attachment C.  The protective order ensures

7    that documents produced in this matter will not be used by Meta in any way other than for purposes

8    of the litigation.  The protective order provides that a producing party such as Telegram may mark

9    its documents as Confidential or Highly Confidential; if it does, no one at Meta may see the

10   documents except two (in the case of Highly Confidential material) to four (in the case of

11   Confidential Material) in-house counsel who are not permitted to participate in Meta's competitive

12   decision-making for two years after receiving the documents.

13   The information sought in this Request is necessary in the interest of justice for Meta to

14   defend itself fairly against the allegations made by the Consumer and Advertiser Plaintiffs.  In

15   particular, Telegram provides a popular and prominent cloud-based messaging service which users

16   view as a competitive substitute to Meta's products.  In late 2021, when Meta's products

17   experienced a six-hour long outage, Telegram reportedly gained 70 million new users.  The

18   evidence sought from Telegram regarding the market in which it operates, the share of that market,

19   and its competition with Meta products (such as Instagram and WhatsApp) for user time and

20   attention are relevant to Meta's defense, because the presence of other digital platform companies

21   such as Telegram demonstrates that Meta lacks monopoly power in any market.

22   Meta seeks discovery from Telegram to show that Telegram has competed with Meta's

23   products.  Meta seeks documents related to how Telegram views competition between Telegram

24   and Meta (Document Request No. 1) and whether Telegram's services provide users with features

25   substantially similar to those provided by Meta (Document Request No. 2).  Meta also asks

26   whether Telegram has considered compensating its users for data to test Plaintiffs' damages theory

27   (Document Request No. 3).  To address Plaintiffs' allegations related to market power, Meta is

28

requesting documents related to whether Telegram believes that its privacy policies and practices differentiate its products from those offered by its competitors or impact user satisfaction or engagement (Document Request No. 4 & 5).  Lastly, Meta has two limited data requests related to Plaintiffs' allegations of market share and market definition regarding time spent on Telegram and the number of Daily Active Users (Document Request Nos. 6 & 7).  Meta believes that this information is relevant to countering Plaintiffs' allegations that Meta has monopoly power in any cognizable market.  Meta limited these requests to time spent, active users, and daily active users, which have been recognized as "appropriate indicators" of "market share."  *See Fed. Trade Comm'n v. Facebook, Inc.*, 2022 WL 103308, at *7 (D.D.C. Jan. 11, 2022).  Request Number 6 seeks data limited to specific periods of time when there was an outage on Meta's products and seeks information related to diversion from Meta's products.  In Request Number 7, Meta has asked for data from 2013-2016 and 2021 to help respond to Plaintiffs' allegations that Meta has any type of durable monopoly power.

**9.   DOCUMENTS OR OTHER PROPERTY TO BE INSPECTED (Article 3(g)):**

Attached as Attachment D is a list of documents to be obtained from Telegram.

**10. SPECIAL METHODS OR PROCEDURES TO BE FOLLOWED (Article 3(i) & 9):**

To the extent permitted by applicable laws, it is respectfully requested that the appropriate judicial authority of the British Virgin Islands require that the requested documents be duly marked for identification and produced in electronic and/or paper format, bearing such identification, to:

    David Z. Gringer
    Wilmer Cutler Pickering Hale and Dorr LLP
    7 World Trade Center
    250 Greenwich Street
    New York, NY 10007
    Tel: (212) 230-8800
    Email: david.gringer@wilmerhale.com

It is further requested that, if permitted under the laws of the British Virgin Islands, the document production be accompanied by a sworn statement from an authorized Telegram agent, which attests to the fact that the production comprises the entirety of the documents described herein, or otherwise specifies what documents have been omitted and the reasons for their

omission, and which authenticates the documents as true and accurate copies of the documents described herein.

**11. REQUEST FOR NOTIFICATION OF THE TIME AND PLACE FOR THE EXECUTION OF THE REQUEST AND IDENTITY AND ADDRESS OF ANY PERSON TO BE NOTIFIED (Article 7):**

It is requested that notice of the execution of the Request be provided to the parties' representatives listed in paragraph 6 above.

**12. REQUEST FOR ATTENDANCE OR PARTICIPATION OF JUDICIAL PERSONNEL OF THE REQUESTING AUTHORITY AT THE EXECUTION OF THE LETTER OF REQUEST (Article 8):**

None.

**13. AUTHORITY APPOINTING COMMISSIONER, PENDING APPROVAL OF THE MINISTRY OF JUSTICE:**

The United States District Court for the Northern District of California.

**14. SPECIFICATION OF PRIVILEGE OR DUTY TO REFUSE TO GIVE EVIDENCE UNDER THE LAW OF THE STATE OF ORIGIN (Article 11(b)):**

In addition to the privileges applicable under BVI laws, Telegram need not disclose documents and electronic records which constitute confidential communications between it and its attorneys to the extent those communications seek or provide legal advice. This privilege may be waived, however, if the communication has been disclosed to third parties.

**15. THE FEES AND COSTS INCURRED WHICH ARE REIMBURSABLE UNDER THE SECOND PARAGRAPH OF ARTICLE 14 OR UNDER ARTICLE 26 OF THE CONVENTION WILL BE BORNE BY:**

The costs of this Hague Evidence Convention process, including the fees of the Commissioner, will be borne by Meta Platforms, Inc., c/o its counsel as identified above. Each party will be responsible for the fees and expenses, if any, of its own attorneys relating to any proceedings arising from this Hague Evidence Convention process.

1

## **SECTION IV**

2       This District Court expresses its gratitude to the authorities of the British Virgin Islands for

3  their assistance and courtesy under the terms of the Hague Convention.

4

5  Signature and Seal of the Requesting Authority:

6

7

8  Dated:  November 18, 2022



9                                              UNITED STATES DISTRICT JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28