**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Stephen A. Swedlow (admitted *pro hac vice*)
  stephenswedlow@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
(312) 705-7400

*Interim Co-Lead Consumer Class Counsel*

[Additional counsel listed on signature page]

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| MAXIMILIAN KLEIN, et al., | Consolidated Case No. 3:20-cv-08570-JD |
| Plaintiffs, | **DECLARATION OF KEVIN Y. TERUYA IN SUPPORT OF CONSUMER PLAINTIFFS' MOTION FOR ADMINISTRATIVE RELIEF PURSUANT TO N.D. CAL. CIVIL L.R. 7-11 REGARDING SUBSTITUTION OF INTERIM CO-LEAD CONSUMER CLASS COUNSEL** |
| vs. | |
| META PLATFORMS, INC., | |
| Defendant. | |
| This Document Relates To: All Actions | The Hon. James Donato |

## DECLARATION OF KEVIN Y. TERUYA

I, Kevin Y. Teruya, declare:

1.     I am a partner at Quinn Emanuel Urquhart & Sullivan, LLP ("Quinn Emanuel"), co-counsel for Consumer Plaintiffs ("Consumers").  I make this declaration based on my own personal, firsthand knowledge, and if called and sworn as a witness, I could and would competently testify as follows.

2.     I respectfully submit this declaration in support of Consumers' Motion for Administrative Relief to seek an amendment to the Court's March 18, 2021 Order Appointing Interim Class Counsel and Plaintiffs' Executive Committees (Dkt. 73) so as to substitute me for Stephen A. Swedlow—also of Quinn Emanuel—as Interim Co-Lead Consumer Class Counsel for Consumer Plaintiffs and the Consumer Class in the *Klein* consolidated actions.

3.     Mr. Swedlow, who currently serves as Interim Co-Lead Consumer Class Counsel, supports my substitution for him as Interim Co-Lead Consumer Class Counsel.

4.     I am a partner in Quinn Emanuel's Los Angeles office.  My practice focuses primarily on antitrust and unfair competition litigation.  I have been recognized as a "Super Lawyer" by *Southern California Super Lawyer* for years and one of the 500 leading plaintiff financial lawyers by *Lawdragon*.  I have also served as an officer of the Executive Committee of the Antitrust & Unfair Competition Law Section of the State Bar of California, an officer of the Executive Committee of the Antitrust Section of the Los Angeles County Bar Association, and as a member of the editorial board for the annual "California Antitrust and Unfair Competition Law" treatise.  I graduated from Harvard Law School and Harvard College.  I also previously served as a law clerk to the Honorable Herbert Y.C. Choy of the United States Court of Appeals for the Ninth Circuit.

5.     I, along with Mr. Swedlow, have co-managed Quinn Emanuel's efforts in the *Klein* litigation and have taken an active, day-to-day role in the *Klein* litigation since it was filed.

6.     In addition to my experience against Facebook in the present matter, I was a lead member of the team in Quinn Emanuel's prior antitrust suit against Facebook.  In 2014, Quinn Emanuel filed suit against Facebook on behalf of plaintiff Social Ranger LLC.  *See Social Ranger LLC v. Facebook Inc.*, Case No. 1:14-cv-01525-LPS (D. Del.), Dkt. 1.  In that case, Social Ranger—

a company that provided virtual currency services—alleged that Facebook monopolized the market for virtual currency services on social game networks.  *Id.*  During the course of the *Social Ranger* case, Quinn Emanuel and its co-counsel were able to compel the deposition of Facebook Chief Executive Officer Mark Zuckerberg.  *See Social Ranger*, Dkt. 206.  The case was ultimately resolved shortly before trial in 2017.

       7.     In addition to the *Klein* and *Social Ranger* cases, some of my other representative antitrust experiences include:

     a.     ***Rambus Inc. v. Micron Technology Inc. et al*, Case No. CGC-04-431105 (San Francisco Super. Ct.):**  I was a core member of the trial team for defendant Micron Technology, Inc. in an antitrust action involving an alleged conspiracy to boycott a certain type of computer memory.  Plaintiff Rambus sought **$4 billion—trebled to $12 billion**—from Micron.  After a three month trial, the jury rejected Rambus' claims, **awarding no damages**.

     b.     ***Polyurethane Foam Antitrust Litig.*, Case No. 10-md-02196 (N.D. Ohio):**  I served as a lead member of the co-lead counsel team that represented a class of direct purchaser plaintiffs in an antitrust action involving a price-fixing conspiracy among multiple defendants in the polyurethane foam industry.  In that case, which I helped to lead day-to-day, the Court certified a nationwide class of direct purchasers, denied the defendants' multiple summary judgment motions, and brought the case within two weeks of trial after rulings on all major pretrial issues.  Through my and the team's efforts, the class obtained more than **$430 million** in settlements.

     c.     ***Complete Entertainment Resources LLC v. Live Nation Entertainment, Inc. et al*, Case No. 2:15-cv-09814 (C.D. Cal.):**  I was a lead member of the team that represented Songkick, a startup innovator in the live music industry, which brought an antitrust action against Live Nation and Ticketmaster regarding exclusive dealing, tying, and other acts of monopolization in the market for artist presale ticketing services.  Through my and the team's

1  efforts, Songkick was the first plaintiff to survive a motion for summary

2  judgment on antitrust claims against Ticketmaster and obtained **$110 million**

3  in settlement plus the acquisition of its assets (for a confidential sum) just

4  shortly before trial.

5  d.  ***FCA US LLC v. Yazaki Corp. et al*, Case No. 2:17-cv-14138 (E.D. Mich.):**

6  I co-led the team representing Fiat Chrysler Automobiles US LLC in a

7  billion-dollar antitrust action against Yazaki Corporation and Yazaki North

8  America, Inc.  This action was part of the multi-district litigation (*In re*

9  *Automotive Parts Antitrust Litigation*) arising from the largest criminal

10  antitrust investigation in U.S. history.  The action arose from a long-running

11  global conspiracy by Yazaki and its co-conspirators to fix prices, rig bids,

12  and allocate customers for wire harnesses sold to original equipment

13  manufacturers for automobiles.  The matter was resolved after summary

14  judgment briefing in 2020.

15  e.  ***Ashton Woods Holdings L.L.C. et al v. USG Corp. et al*, Case No. 4:15-cv-**

16  **01247-HSG (N.D. Cal.):**  I was a core member of the trial team representing

17  homebuilder plaintiffs against drywall manufacturers.  Plaintiffs alleged that

18  the defendants conspired to fix the prices of drywall in the United States, and

19  plaintiffs sought damages (before trebling) in excess of $200 million.  This

20  action was part of the multi-district litigation (*In re: Domestic Drywall*

21  *Antitrust Litigation*) then-pending in the United States District Court for the

22  Eastern District of Pennsylvania and was remanded back to the Northern

23  District of California for trial.  The case was resolved shortly before trial.

24  f.  ***Jones et al v. PGA Tour, Inc.,* Case No. 5:22-cv-04486-BLF (N.D. Cal.):** I

25  am a member of the team pursuing antitrust claims against the PGA Tour on

26  behalf of LIV Golf, Inc. and certain professional golfers regarding the PGA

27  Tour's monopsonization of the market for the services of professional golfers

28

for elite events and its monopolization of the market of the promotion of elite professional golf events.  The case is currently pending.

g.  ***In re: German Automotive Manufacturers Antitrust Litig.***, **Case No. 3:17-md-02796-CRB (N.D. Cal.):**  I was defense counsel for Daimler AG and Mercedes-Benz USA, LLC in multi-district, antitrust class action involving claims that major German auto manufacturers conspired to reduce innovation in their passenger vehicles throughout the world.  The Court **dismissed—with prejudice**—the putative consumer and auto dealers classes' claims.

h.  ***In re Cathode Ray Tube Antitrust Litig.***, **Case No. 07-cv-05944-JST (N.D. Cal.):**  I co-led the team defending Mitsubishi Electric Corporation and two of its U.S. subsidiaries in multiple antitrust class and individual actions involving allegations of an international price-fixing conspiracy spanning more than a decade in the multi-billion dollar market for cathode ray tubes.

i.  ***Intuit Inc. et al v. Visa Inc. et al***, **Case No. 1:21-cv-01175-MKB (E.D.N.Y.):**  I co-lead the team pursuing treble damages antitrust claims against Visa and MasterCard based on their use of anti-competitive agreements which limit competition and fix the interchange fees paid by merchants and payment processors.  The case is currently pending.

j.  ***Calabasas Luxury Motorcars, Inc. v. General Motors LLC et al***, **Case No. 2:21-cv-09566-TJH (C.D. Cal.):**  I co-lead the team defending General Motors LLC in a putative class action asserting antitrust and unfair competition claims arising out of a supposed conspiracy between GM LLC and General Motors Financial (General Motors' leasing subsidiary) regarding the automobile lease pay-off process.  The Court granted GM LLC's motion to dismiss and dismissed plaintiff's claims without prejudice.

k.  ***Clemmy's LLC v. Nestlé USA, Inc. and Nestlé Dreyer's Ice Cream Company***, **Inc., Case No. BC500811 (Los Angeles Super. Ct.):**  I co-led the defense of Nestlé USA, Inc. and Nestlé Dreyer's Ice Cream Company in an

1           antitrust action under the California Cartwright Act involving an alleged
2           conspiracy to exclude competition in a claimed market for "better for you"
3           ice cream.   The Court granted Nestlé's motion for summary judgment
4           dismissing the plaintiff's antitrust claim.

5       8.     The other Quinn Emanuel attorneys who have assisted Mr. Swedlow and I

6 throughout this litigation would also continue to work on this case on behalf of Quinn Emanuel and

7 Consumers.   Quinn Emanuel's overall personnel and financial resources, and its experiences in

8 antitrust cases and class actions, all would remain available to Consumers and the Consumer Class

9 as well.

10       9.     Hagens Berman Sobol Shapiro LLP and Lockridge Grindal Nauen P.L.L.P. would

11 like the opportunity to respond to this Motion.

12

13

14

15     I declare under penalty of perjury that the foregoing is true and correct.

16     Executed on this 23rd day of November, 2022, in Los Angeles, California.

17

18                                   By    */s/ Kevin Y. Teruya*

19                                         Kevin Y. Teruya

20

21

22

23

24

25

26

27

28