1  **QUINN EMANUEL URQUHART & SULLIVAN, LLP**
   Stephen A. Swedlow (admitted *pro hac vice*)
2    stephenswedlow@quinnemanuel.com
   191 N. Wacker Drive, Suite 2700
3  Chicago, IL 60606
   (312) 705-7400
4
   *Interim Co-Lead Consumer Class Counsel*
5
   [Additional counsel listed on signature page]
6
                    **UNITED STATES DISTRICT COURT**
7
                    **NORTHERN DISTRICT OF CALIFORNIA**
8
                       **SAN FRANCISCO DIVISION**
9

| | |
|---|---|
| MAXIMILIAN KLEIN, et al., | Consolidated Case No. 3:20-cv-08570-JD |
| Plaintiffs, | **QUINN EMANUEL'S SUPPORT FOR MOTION FOR ADMINISTRATIVE RELIEF REGARDING SUBSTITUTION OF INTERIM CO-LEAD CONSUMER CLASS COUNSEL PURSUANT TO N.D. CAL. CIVIL L.R. 7-11(B)** |
| vs. | |
| META PLATFORMS, INC., | |
| Defendant. | The Hon. James Donato |
| This Document Relates To: All Actions | |

Hagens Berman Sobol Shapiro LLP ("Hagens Berman") and Lockridge Grindal Nauen P.L.L.P. ("Lockridge") indicated last night that they seek to revisit the class counsel leadership order in this case "as a whole" merely because one attorney at Quinn Emanuel Urquhart & Sullivan, LLP ("Quinn Emanuel"), Stephen Swedlow, is leaving private practice to become a judge, and Quinn Emanuel seeks to substitute another of its highly-qualified attorneys, Kevin Teruya, in his place as Interim Co-Lead Consumer Class Counsel.  This is baseless.  The requested substitution would entail no meaningful change in the administration of the case and therefore provides no basis to restructure Consumer Class leadership.  Quinn Emanuel remains the same, deeply-skilled, well-resourced law firm that filed the first of the now-consolidated antitrust actions against Facebook on December 3, 2020, and was appointed as Interim Co-Lead Consumer Class Counsel, with Hagens Berman, on March 18, 2021.  Mr. Teruya, a 1998 Harvard Law School graduate and former Ninth Circuit law clerk, who specializes in antitrust matters and has Quinn Emanuel's and Mr. Swedlow's full and complete support, is an extremely qualified replacement for Mr. Swedlow.

Hagens Berman and Lockridge have now confirmed that they seek "to elevate Lockridge as an equal co-lead counsel."  Dkt. 383 at 2.  Their request is opportunistic—it seeks to exploit Mr. Swedlow's departure for public service to dilute Quinn Emanuel's position.  It is also unfounded.  Mr. Teruya has been instrumental to Quinn Emanuel's representation of Consumers in the *Klein* case for more than two years, during which time the firm has significantly and successfully contributed to the advancement of Consumers' antitrust claims, including largely defeating Facebook's motion to dismiss, leading discussions with Advertiser and Facebook counsel, and pushing discovery forward.  Mr. Teruya also was a lead member of the Quinn Emanuel team in an earlier antitrust case against Facebook, and he was integral to developing the Consumer Class's antitrust claims in this case too.  By contrast, Hagens Berman and Lockridge, who now seek to take control of the case by adding Lockridge as a third Co-Lead Consumer Counsel, have maintained their role since together filing a follow-on complaint that verbatim copied and pasted more than 60 pages of Quinn Emanuel's complaint, including custom hyperlinks.  Neither of Hagens Berman's and Lockridge's lead attorneys have appeared in-person before this Court for a single hearing.  Quinn Emanuel drafted and argued the opposition papers to Facebook's motion to dismiss, argued

every discovery dispute on Consumers' behalf, and, since Your Honor has presided over this case, spoken on Consumer's behalf at every hearing. Indeed, Mr. Teruya, whom Quinn Emanuel seeks to substitute, has appeared in-person at the prior two status conferences and argued by himself for Consumers at the last one. Even a cursory review of the docket also confirms Quinn Emanuel—not Hagens Berman, and not Lockridge—has filed the vast majority of Consumers' submissions.

Finally, substitution of Mr. Teruya for Mr. Swedlow was properly requested through an administrative motion. The motion requested that the Court maintain the status quo by replacing one qualified Quinn Emanuel attorney with another. Advertisers Plaintiffs used the same procedural vehicle (an administrative motion) in requesting a similar substitution, which the Court granted. Pursuant to L.R. 7-11(b), Quinn Emanuel now files this brief in support of the administrative motion (Dkt. 381) because Hagens Berman and Lockridge have since stated they will respond to the motion and request that the Court "revisit the leadership order as a whole," and they have now done so.

There is no reason to dilute Quinn Emanuel or otherwise modify the order among the firms, with whom Mr. Teruya and Quinn Emanuel will continue to work cooperatively. Instead, the Court should grant the motion (Dkt. 381) and substitute Mr. Teruya for Mr. Swedlow as one Co-Lead Consumer Counsel, maintaining the status quo and existing order and structure among the firms.

### I. The Departure of a Single Attorney from Quinn Emanuel for Public Service Is Not a Valid Basis to Revisit the Leadership Order

Since Quinn Emanuel filed the motion for substitution, Hagens Berman and Lockridge have contended that the Court should "revisit the leadership order as a whole" by elevating Mr. Clark to a third Co-Lead position. Swedlow Decl. ("Decl.") ¶ 33; Dkt. 383 at 2. There is no reason for the Court to do so. Instead, the Court should simply substitute Mr. Teruya of Quinn Emanuel for Mr. Swedlow, also of Quinn Emanuel. This would maintain the structure of the Court's prior order: two Interim Co-Lead Consumer Counsel, and a supporting member of the Consumer Executive Committee. It would also preserve the status quo among the firms: Quinn Emanuel and Hagens Berman (through Shana Scarlett) would each retain their Interim Co-Lead Counsel positions, and Lockridge (through Brian Clark) would retain its position on the Consumer Executive Committee.

Mr. Teruya's substitution provides no reason to dilute Quinn Emanuel's position in this case by appointing a third co-lead. *See* Decl. ¶¶ 7–22, 30. Quinn Emanuel and Mr. Teruya have greatly

contributed to the Consumer Class's efforts—drafting and filing pleadings and briefs, arguing motions and other issues before the Court, leading discussions with Advertiser and Facebook counsel, and pushing discovery and expert work forward. Quinn Emanuel and Mr. Teruya have done so successfully, *e.g.*, defeating Facebook's motion to dismiss. Hagens Berman and Lockridge, by contrast, have argued zero motions or issues before this Court—their lead attorneys, Ms. Scarlett and Mr. Clark, have not even appeared in-person for a single hearing before Your Honor.

Mr. Teruya is well-qualified to serve as Interim Co-Lead Counsel and to continue building on his and Quinn Emanuel's more than two years of work. Decl. ¶ 7. Quinn Emanuel is the world's largest law firm devoted to business litigation—with more than 900 attorneys—and is committed to the Consumer Class and Mr. Teruya. Contrary to Hagens Berman's and Lockridge's suggestion, Quinn Emanuel regularly represents plaintiffs and is often appointed to class leadership in antitrust class actions, including multiple other current cases with both firms. Quinn Emanuel will continue to bring to bear this experience and its financial and personnel resources, including its attorneys who have assisted Mr. Swedlow and Mr. Teruya in this case and will continue to work on the case.

Hagens Berman's and Lockridge's supposed justifications for elevating Lockridge are baseless. Dkt. 383 at 2–4. Lockridge's experience in class actions and "the issues in this case" are not reasons to dilute Quinn Emanuel. Lockridge is already on the Committee and can continue to provide whatever experience and insights it has. It is also incorrect that Quinn Emanuel has "declined to circulate detailed billing records." When requested, Quinn Emanuel shared with Hagens Berman and Lockridge its lodestar, broken down by timekeeper and month. Quinn Emanuel is happy to provide them these and other records in the future. Hagens Berman and Lockridge also state Quinn Emanuel is "not voluntarily litigating" with Hagens Berman and Lockridge. The reality is that Quinn Emanuel has sought to work cooperatively with them since the Court's appointment order, Hagens Berman and Lockridge sought leadership positions together, and they now seek to shift the balance and control of the Committee by elevating Lockridge to a third Co-Lead position.

To the extent that Hagens Berman and Lockridge intend to imply that Mr. Teruya or Quinn Emanuel do not "respect the voices of female counsel," Dkt. 383 at 4, such innuendo in a public filing is an offensive, unprofessional, and unsupported *ad hominem* attack of an attorney with nearly

25 years of professional experience and of a leading law firm, whose reputations are their most valuable professional assets. It has zero basis in fact or reality. Decl. ¶ 31. Mr. Teruya and Quinn Emanuel have many times agreed with the decisions of Ms. Scarlett and the other female attorneys working on this case, including the female attorneys from Quinn Emanuel who work on this case.

## II. The Proposed Substitute, Mr. Teruya, Is Highly Qualified to Serve as Co-Lead Counsel

Mr. Teruya is uniquely qualified to serve as Interim Co-Lead Consumer Counsel. Beyond nearly 25 years of representing both plaintiffs and defendants in high-stakes class actions, antitrust cases, and antitrust class actions (Dkt. 381-1), Mr. Teruya has unique antitrust experience against Facebook, including in Quinn Emanuel's prior *Social Ranger* antitrust case against Facebook, and in this case, where he has been an essential part of Quinn Emanuel's and the Consumer Class's efforts for the nearly two years since Quinn Emanuel filed the case. These efforts have been both substantial and successful. *See* Decl. ¶¶ 7–9, 13–22. Quinn Emanuel developed the theories underpinning Consumers' claims and drafted the first-filed *Klein* complaint. After the appointment order, Mr. Teruya was an integral part of the development and drafting of Consumers' consolidated complaint and papers in opposition to Facebook's motion to dismiss. Quinn Emanuel argued the motion, and the Court largely denied Facebook's motion. Mr. Teruya has played a key role in formulating the underlying theory and case strategy, drafting discovery requests and responses, correspondence, and briefs, managing attorneys, working with experts and consultants, and leading discussions and coordination with Facebook, Advertiser, and other counsel as to discovery and case management issues. Mr. Teruya has also represented Consumers in appearances before the Court.

Any objection to Mr. Teruya runs contrary to Hagens Berman's and Lockridge's actions. They have had sufficient confidence in Mr. Teruya for him to take a key role in the case for more than 1.5 years since the Court's appointment order. And when they could not attend the Court's recent October status conference, Ms. Scarlett and Mr. Clark agreed to Mr. Teruya's speaking at the conference on Consumers' behalf, which Mr. Teruya then did on a number of issues. Decl. ¶ 22.

This Court has explained class "leadership roles should be made available to newer" and diverse class leadership candidates. *In re Robinhood Outage* Litig., Case No. 20-cv-03550-JD, Dkt. 19 at 3. Mr. Teruya's substitution would serve these goals. He is a well-qualified, Asian American

antitrust lawyer fully supported by Quinn Emanuel and Mr. Swedlow. Decl. ¶ 7. His appointment would promote diversity in antitrust class action leadership. Hagens Berman and Lockridge recognized the importance of these goals in their own leadership papers. Dkt. 59 at 1, 3–4.

### III.  Substitution Was Properly Requested Through an Administrative Motion

After Quinn Emanuel filed its motion for substitution, Hagens Berman and Lockridge claimed, for the first time, that: (1) the motion was improperly filed as an administrative motion; (2) "Quinn Emanuel did not have the approval of all named plaintiffs"; and (3) the motion was filed over Hagens Berman's and Lockridge's "objection and request for additional discussions." Dkt. 383 at 3. Their late and unfounded attacks on the motions' procedural nature should be dismissed.

First, the administrative motion was properly filed pursuant to L.R. 7-11. It was styled after the administrative motion that Advertisers filed—which this Court granted—to substitute one Scott+Scott partner for another serving as one of two Interim Co-Lead Advertiser Counsel, who was leaving the firm. Decl. ¶ 24. In any case, Consumers provided the draft administrative motion to Hagens Berman and Lockridge on November 9, 2022. *Id.* ¶ 23. They never suggested, prior to the motion's filing, that it was procedurally improper, and they do not describe now the value a noticed motion would bring (there is none). *Id.* ¶ 33. Second, Quinn Emanuel filed the motion under the names of its clients, Mr. Klein and Ms. Grabert, two of the named Consumers. Hagens Berman and Lockridge likewise filed their response under the name of their client, Ms. Banks Kupcho, the third named Consumer. Finally, Quinn Emanuel for weeks sought Hagens Berman's and Lockridge's consent for Mr. Teruya's substitution given the timing of Mr. Swedlow's investiture. Hagens Berman and Lockridge, in turn, made clear they wanted a modification to the appointment order. Quinn Emanuel repeatedly made clear it would not agree to upset the *status quo* for no reason, and Hagens Berman and Lockridge said there was nothing more to discuss. *Id.* ¶¶ 25–29.

### Conclusion

Mr. Teruya and Quinn Emanuel will continue to work cooperatively with Hagens Berman and Lockridge. But the Court should not reward those firms' opportunistic and unnecessary power grab. Quinn Emanuel respectfully request that the Court instead grant the administrative motion and substitute Mr. Teruya for Mr. Swedlow, which will preserve the status quo among the firms.

1  DATED: November 28, 2022                    Respectfully submitted,

2
                                               By:  */s/ Stephen A. Swedlow*
3                                              **QUINN EMANUEL URQUHART & SULLIVAN, LLP**
4                                              Stephen A. Swedlow (*pro hac vice*)
                                                 stephenswedlow@quinnemanuel.com
5                                              Michelle Schmit
                                                 michelleschmit@quinnemanuel.com
6                                              191 N. Wacker Drive, Suite 2700
                                               Chicago, IL 60606
7                                              Telephone: (312) 705-7400

8                                              Kevin Y. Teruya (Bar No. 235916)
                                                 kevinteruya@quinnemanuel.com
9                                              Adam B. Wolfson (Bar No. 262125)
                                                 adamwolfson@quinnemanuel.com
10                                             Brantley I. Pepperman (Bar No. 322057)
                                                 brantleypepperman@quinnemanuel.com
11                                             865 South Figueroa Street, 10th Floor
                                               Los Angeles, CA 90017
12                                             Telephone: (213) 443-3000

13                                             Manisha M. Sheth (*pro hac vice*)
                                                 manishasheth@quinnemanuel.com
14                                             51 Madison Avenue, 22nd Floor
                                               New York, New York 10010
15                                             Telephone: (212) 849-7000

16                                             *Interim Co-Lead Counsel for the Consumer Class*

17

18

19

20

21

22

23

24

25

26

27

28

## ATTESTATION OF STEPHEN A. SWEDLOW

This document is being filed through the Electronic Case Filing (ECF) system by attorney Stephen A. Swedlow.  By his signature, Mr. Swedlow attests that he has obtained concurrence in the filing of this document from each of the attorneys identified on the caption page and in the above signature block.

Dated: November 28, 2022          By */s/ Stephen A. Swedlow*
                                                        Stephen A. Swedlow

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of November 2022, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System, causing the document to be electronically served on all attorneys of record.

By */s/ Stephen A. Swedlow*
Stephen A. Swedlow