1  **QUINN EMANUEL URQUHART & SULLIVAN, LLP**
   Stephen A. Swedlow (admitted *pro hac vice*)
2    stephenswedlow@quinnemanuel.com
   191 N. Wacker Drive, Suite 2700
3  Chicago, IL 60606
   (312) 705-7400
4
   *Interim Co-Lead Consumer Class Counsel*
5
   [Additional counsel listed on signature page]
6
                    **UNITED STATES DISTRICT COURT**
7
                    **NORTHERN DISTRICT OF CALIFORNIA**
8
                         **SAN FRANCISCO DIVISION**
9

10

11 | MAXIMILIAN KLEIN, et al.,              | Consolidated Case No. 3:20-cv-08570-JD |
|                                          |                                         |
12 |        Plaintiffs,                     | **DECLARATION OF STEPHEN A. SWEDLOW IN SUPPORT OF QUINN EMANUEL'S SUPPORT FOR MOTION FOR ADMINISTRATIVE RELIEF REGARDING SUBSTITUTION OF INTERIM CO-LEAD CONSUMER CLASS COUNSEL PURSUANT TO N.D. CAL. CIVIL L.R. 7-11(B)** |
|   vs.                                    |                                         |
13 |                                        |                                         |
| META PLATFORMS, INC.,                    |                                         |
14 |                                        |                                         |
|        Defendant.                        |                                         |
15 |                                        |                                         |
| This Document Relates To: All Actions    |                                         |
16 |                                        | The Hon. James Donato                   |

## DECLARATION OF STEPHEN A. SWEDLOW

I, Stephen A. Swedlow, declare:

1. I am an attorney at law duly admitted to practice before the courts of the State of Illinois and am admitted *pro hac vice* in this case. I am a partner at Quinn Emanuel Urquhart & Sullivan, LLP ("Quinn Emanuel"), and I serve as Court-appointed Interim Co-Lead Counsel for the Consumer Class. I have personal knowledge of the statements set forth in this Declaration.

2. I respectfully submit this declaration in support of Consumers' accompanying brief pursuant to N.D. Cal. Civil L.R. 7-11(b) in support of Consumers' Motion for Administrative Relief to seek an amendment to the Court's March 18, 2021 Order Appointing Interim Class Counsel and Plaintiffs' Executive Committees.

3. On March 18, 2021, I was appointed by the Court to serve as Interim Co-Lead Consumer Class Counsel. Dkt. 73. Shana E. Scarlett of Hagens Berman Sobol Shapiro LLP was also appointed Interim Co-Lead Consumer Class Counsel, and Brian D. Clark of Lockridge Grindal Nauen P.L.L.P. was appointed to serve as a member on the Consumer Class Executive Committee.

4. I have been elected to serve as a Judge on the Circuit Court of Cook County, Illinois.

5. On November 9, 2022, I emailed Ms. Scarlett and Mr. Clark to seek their consent to substitute for me as Interim Co-Lead Consumer Class Counsel my Quinn Emanuel partner, Kevin Y. Teruya, given my election.

6. To be clear, Quinn Emanuel seeks only to substitute Mr. Teruya for me as Interim Co-Lead Consumer Class Counsel—one Quinn Emanuel partner for another. This would maintain the structure of the Court's prior appointment order: two Interim Co-Lead Consumer Counsel, and a supporting member of the Consumer Executive Committee. It would also preserve the status quo among the firms: Quinn Emanuel (through Mr. Teruya) and Hagens Berman (through Ms. Scarlett) would each retain their Interim Co-Lead Counsel positions, and Lockridge (through Mr. Clark) would retain its position on the Consumer Class Executive Committee.

7. Mr. Teruya is highly qualified to serve as Interim Co-Lead Consumer Class Counsel, and he has my and Quinn Emanuel's full and complete support. On both a professional and interpersonal level, Kevin is one of the most honest, responsible, brilliant, kind, fair, calm,

understanding attorneys I have ever worked with. I am honored to call him a colleague, partner and friend. I can think of nobody better suited to take over my role and responsibility on this case.

8. Mr. Teruya was an integral part of Quinn Emanuel's development of the legal and factual theories on which Consumers' antitrust claims are based.

9. Mr. Teruya and other Quinn Emanuel attorneys continued their investigation, culminating in Quinn Emanuel and Keller Postman LLC (f/k/a Keller Lenkner LLC) filing the original *Klein* complaint (Dkt. 1) and the *Klein* case.

10. A number of other law firms, including Hagens Berman and Lockridge, later filed their own antitrust lawsuits against Facebook.

11. Hagens Berman's and Lockridge's complaint copied verbatim more than 60 pages of Quinn Emanuel's complaint, word-for-word.

12. Hagens Berman's and Lockridge's complaint even included the custom hyperlinks from the law-firm hosted servers that Quinn Emanuel and Keller Postman created to host some of the documents cited in the *Klein* complaint, as if these hyperlinks were publicly available but for the efforts of Quinn Emanuel and Keller Postman.

13. Since the Court's appointment order, I, Mr. Teruya, and the other Quinn Emanuel attorneys assisting us on this case have sought to work cooperatively with the other counsel in the *Klein* case, including our co-counsel at Hagens Berman and Lockridge.

14. Mr. Teruya has continued to be an essential, valuable and integral part of Quinn Emanuel's efforts in the *Klein* case for now more than two years.

15. During this time, Quinn Emanuel, and Mr. Teruya in particular, have significantly and valuably contributed to the advancement of Consumers' antitrust claims.

16. Mr. Teruya, for example, was an integral part of the drafting of Consumers' papers in opposition to Facebook's motion to dismiss. *See* Dkts. 109 (opposition brief), 116 (supplemental brief).

17. The Court held a hearing on Facebook's motion to dismiss on July 15, 2021. Dkt. 125. I argued on Consumers' behalf against Facebook's motion, and Mr. Teruya was critical to my preparation.

18. The Court then largely denied Facebook's motion to dismiss Consumers' claims on January 14, 2022. Dkt. 214.

19. Since this time, Quinn Emanuel and Mr. Teruya have continued to work on Consumers' behalf. For example, and without revealing the substance of any attorney work-product, suffice it to say Mr. Teruya regularly leads discussions with Consumer, Advertiser, and Facebook counsel regarding discovery and other case management issues.

20. Quinn Emanuel has argued for the Consumer Class every issue in every hearing before Judge DeMarchi (when discovery disputes were referred to her), and at every hearing before Your Honor.

21. Ms. Scarlett and Mr. Clark have not appeared in-person before Your Honor for a single hearing in this case.

22. Your Honor held a status conference with the parties in this case on October 20, 2022. I, Ms. Scarlett, and Mr. Clark could not attend, and I proposed that Mr. Teruya instead appear, in-person, to speak on Consumers' behalf. Ms. Scarlett and Mr. Clark agreed, and Mr. Teruya appeared on Consumers' behalf, speaking to a number of discovery and case management issues.

23. After I sent to Ms. Scarlett and Mr. Clark on November 9, 2022 the proposed, draft administrative motion papers that would substitute Mr. Teruya for myself, neither Hagens Berman nor Lockridge ever proposed any edits or revisions.

24. The proposed papers were patterned after the administrative motion that Advertiser Plaintiffs filed—and the Court granted—to substitute as Interim Co-Lead Advertiser Class Counsel one Scott+Scott partner (Amanda Lawrence) for another Scott+Scott partner (Kristen Anderson) that was departing Scott+Scott. At no time until *after* Consumers filed the administrative motion did Hagens Berman or Lockridge ever suggest that there was anything procedurally improper in seeking to accomplish Mr. Teruya's substitution through an administrative motion pursuant to N.D. Cal. Civil L.R. 7-11.

25. Mr. Teruya followed-up with Ms. Scarlett and Mr. Clark, seeking their consent for the substitution motion. I was included as a recipient on Mr. Teruya's correspondence.

26. Ms. Scarlett responded that they did not agree to sign the motion. Ms. Scarlett further

stated that if Quinn Emanuel chose to file it, to note in the motion that Hagens Berman and Lockridge would like the opportunity to respond.

27. Given the timing (I am set to be sworn in as a judge in Cook County, Illinois, on December 5, 2022) and that Quinn Emanuel only sought to maintain the status quo among the firms, Mr. Teruya responded that Consumers would file the administrative motion that same day (November 23, 2022). Mr. Teruya offered to speak further with Ms. Scarlett and Mr. Clark.

28. Consumers filed the administrative motion on November 23, 2022, with the note requested by Hagens Berman and Lockridge. *See* Dkt. 381.

29. On November 27, 2022, Mr. Teruya again offered to speak to Ms. Scarlett and Mr. Clark on November 28. Ms. Scarlett responded that same day that they did not think there was a need to talk, and that Hagens Berman and Lockridge intended to file their response to the motion requesting that the court revisit the leadership order as a whole.

30. There is no reason for the Court to revisit the leadership order as a whole.

31. It appears from Hagens Berman's and Lockridge's filing (Dkt. 383) that those firms are implying someone does not respect the voice of female counsel; if that is the implication of their filing, I submit that is offensive, without any basis in fact or reality. In this profession and at this level, an attorney's reputation is his or her most valuable asset. It is unfair to vaguely attack another's character without any support – particularly when that other is your co-counsel with common interest in the litigation.

32. Quinn Emanuel (and Mr. Teruya) have worked diligently on the Consumer Class's behalf for more than two years, and have added great value to the class. Mr. Teruya is well-qualified to serve as Interim Co-Lead Consumer Counsel, and I fully support him.

33. Hagens Berman and Lockridge suggested for the first time, ***after*** Consumers filed their administrative motion on November 23, 2022, that Consumers' motion was somehow procedurally improper and that Hagens Berman and Lockridge would seek to revisit the leadership order as a whole. Despite having had access to Consumers' proposed administrative motion for weeks, neither Hagens Berman nor Lockridge ever raised any supposed procedural issue or a request to "revisit the leadership order as a whole" in connection with the parties' discussions of Consumers'

1  motion.  For this reason and to respond to these new assertions, Quinn Emanuel files, pursuant to
2  N.D. Cal. Civil L.R. 7-11(b), a brief in support of the November 23, 2022 administrative motion.

5       I declare under penalty of perjury that the foregoing is true and correct.
6       Executed on this 28th day of November, 2022, in Chicago, Illinois.

8       By  */s/ Stephen A. Swedlow*
9       Stephen A. Swedlow