# Exhibit B

Highly Confidential – Attorneys' Eyes Only

1  SONAL N. MEHTA (SBN 222086)
      Sonal.Mehta@wilmerhale.com
2  **WILMER CUTLER PICKERING**
      **HALE AND DORR LLP**
3  2600 El Camino Real, Suite 400
   Palo Alto, California 94306
4  Telephone: (650) 858-6000

5  DAVID Z. GRINGER (*pro hac vice*)
      David.Gringer@wilmerhale.com
6  **WILMER CUTLER PICKERING**
      **HALE AND DORR LLP**
7  7 World Trade Center
   250 Greenwich Street
8  New York, New York 10007
   Telephone: (212) 230-8800
9
   ARI HOLTZBLATT (*pro hac vice*)
10    Ari.Holtzblatt@wilmerhale.com
   MOLLY M. JENNINGS (*pro hac vice*)
11    Molly.Jennings@wilmerhale.com
   **WILMER CUTLER PICKERING**
12    **HALE AND DORR LLP**
   1875 Pennsylvania Ave NW
13 Washington, DC 20006
   Telephone:  (202) 663-6000
14
   *Attorneys for Defendant Meta Platforms, Inc.*
15

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| MAXIMILIAN KLEIN, et al., on behalf of themselves and all others similarly situated,<br><br>                    Plaintiffs,<br><br>  v.<br><br>META PLATFORMS, INC., a Delaware Corporation headquartered in California,<br><br>                    Defendant. | Case No. 3:20-cv-08570-JD<br><br>**DEFENDANT META PLATFORMS, INC.'S OBJECTIONS AND RESPONSES TO ADVERTISER PLAINTIFFS' SECOND SET OF INTERROGATORIES**<br><br>Judge: Hon. James Donato |

applicable interrogatory limit.

8. Meta objects to Instruction 13 as vague and ambiguous to the extent that it conflicts with Instruction 3, as discussed above. Meta further objects to this Instruction to the extent it characterizes the duty to supplement as broader than the duty imposed by Federal Rule of Civil Procedure 26(e). Meta will comply with its duty to supplement pursuant to Federal Rule of Civil Procedure 26(e).

## **SPECIFIC RESPONSES AND OBJECTIONS TO INTERROGATORIES**

### **INTERROGATORY NO. 4**

Identify and describe, with specificity, all information and data—including but not limited to call logs, video logs, text message logs, text message content, app usage information, and battery or power consumption logs—that Facebook obtained through, or derived from, Onavo, Onavo apps (*e.g.*, Onavo Protect), or Meta's Onavo team.

### **RESPONSE TO INTERROGATORY NO. 4:**

Meta incorporates by reference its General Objections and its Objections to Definitions and Instructions. Meta further objects to this Interrogatory because it fails to describe with reasonable particularity the information sought. Specifically, Meta objects to the phrases "obtained through," "derived from," "Onavo," and "Meta's Onavo team" as undefined, vague and ambiguous. Meta further objects to the Interrogatory as facially overbroad and ambiguous to the extent that it asks Meta to describe "all information and data," which has multiple meanings, without limitation in subject matter or scope as to the information sought but instead only with reference to a list of non-limiting examples. Meta further objects to this Interrogatory as seeking discovery of information that is neither relevant to the claims or defenses of any party to this action nor proportional to the needs of the case. For example, it is unclear how an identification and description of "all information and data" "obtained through, or derived from, Onavo" is relevant

-3-

No. 3:20-cv-08570-JD    META PLATFORMS, INC.'S OBJECTIONS
AND RESPONSES TO ADVERTISER PLAINTIFFS'
SECOND SET OF INTERROGATORIES

**Highly Confidential – Attorneys' Eyes Only**

to support Advertisers' claims or how the scope of the information sought in this Interrogatory is relevant or proportional to those claims. Meta further objects to this Interrogatory to the extent that it seeks information not in Meta's possession, custody or control, and seeks information in a form that Meta does not maintain in the ordinary course of business.

Subject to and without waiving its objections, Meta responds that Facebook ███████
████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████
  ███████████████████████████████████████████████████████████████████
  ██ ████████████████████████████
  ██ ███████████████████████████████████████████████████████████████
  ██ ███████████████████████████████████████████████████████████████
  ██ ███████████████████████████████████████████████████████████████
  ██ ████████████████████████████████████
  ██ ██████████████████████████████████████████████
  ██ ██████████████████████
  ██ ████████████████████████████████████
  ██ ███████████████████████████████████████████████████████████████
  ██ ███████████████████████████████████████████████████████████████
  ██ ██████████████████████████████████

**Highly Confidential – Attorneys' Eyes Only**



Discovery is ongoing, and Meta reserves the right to supplement its response as its investigation progresses.

**INTERROGATORY NO. 5**

Identify and describe, with specificity, all data, including what Meta internally refers to as "signal," "intent," "identity," or "offsite signal" data, that Meta received from Google, Netflix, eBay, or Amazon, respectively, pursuant to agreements or otherwise.

**RESPONSE TO INTERROGATORY NO. 5:**

Meta incorporates by reference its General Objections and its Objections to Definitions and Instructions. Meta further objects to this Interrogatory because it fails to describe with reasonable particularity the information sought. Specifically, Meta objects to this Interrogatory as vague and ambiguous because it relies on the undefined terms "signal," "intent," "identity," or "offsite signal" data. Meta further objects to the phrase "pursuant to agreements or otherwise" as vague, ambiguous, and overbroad. Meta further objects to the Interrogatory as facially overbroad

-5-

No. 3:20-cv-08570-JD                META PLATFORMS, INC.'S OBJECTIONS
                                    AND RESPONSES TO ADVERTISER PLAINTIFFS'
                                    SECOND SET OF INTERROGATORIES

and ambiguous to the extent that it asks Meta to describe "all data," which has multiple meanings, without limitation in subject matter or scope as to the information sought but instead only a list of non-limiting examples. Meta further objects to this Interrogatory as seeking discovery of information that is neither relevant to the claims or defenses of any party to this action nor proportional to the needs of the case. For example, it is unclear how an identification and description of "[a]ll data" received from Google, Netflix, eBay, or Amazon is relevant to support Advertisers' claims or how the scope of the information sought in this Interrogatory is relevant or proportional to those claims. Meta further objects to this Interrogatory to the extent that it seeks information not in Meta's possession, custody or control, and seeks information in a form that Meta does not maintain in the ordinary course of business. Meta further objects to this interrogatory to the extent it seeks the confidential information of non-parties to this litigation or information that Meta is under an obligation to a third party not to disclose. Meta further objects to this Interrogatory to the extent it seeks information protected by the attorney client privilege, the work product doctrine, or other applicable privilege or protection.

Based on the foregoing objections, Meta responds that it is unable to provide a response to Interrogatory No. 5 as framed. Meta is willing to meet and confer to discuss the relevance and scope of this Interrogatory.

**INTERROGATORY NO. 6**

Identify and describe, with specificity, all storage systems and databases, including Facebook's Hive, in which user data collected through Onavo or its apps was at any time or is currently stored.

**RESPONSE TO INTERROGATORY NO. 6:**

Meta incorporates by reference its General Objections and its Objections to Definitions and Instructions. Meta further objects to this Interrogatory because it fails to describe with

reasonable particularity the information sought. Specifically, Meta objects to the phrase "all storage systems and databases" and "data collected through Onavo or its apps" as vague and ambiguous. Meta further objects to the Interrogatory as facially overbroad and ambiguous to the extent that it asks Meta to describe "all storage systems and databases" where such data "was at any time" stored, without limitation for relevance or proportionality. Meta further objects to this Interrogatory as seeking discovery of information that is neither relevant to the claims or defenses of any party to this action nor proportional to the needs of the case. For example, it is unclear how an identification and description of where data currently is, or at any time ever was, stored is relevant to Advertisers' claims or how the scope of the information sought in this Interrogatory is relevant or proportional to those claims. Meta further objects to this Interrogatory to the extent that it seeks information not in Meta's possession, custody or control, and seeks information in a form that Meta does not maintain in the ordinary course of business. Meta further objects to this Interrogatory to the extent it seeks information protected by the attorney client privilege, the work product doctrine, or other applicable privilege or protection.

Subject to and without waiving its objections, Meta responds that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Discovery is ongoing, and Meta reserves the right to supplement its response as its investigation progresses.

**INTERROGATORY NO. 7**

Identify and describe, with specificity, all data and AI/machine learning models obtained, derived, trained and/or validated using data collected by Onavo or through Onavo apps (e.g., Onavo Protect).

**RESPONSE TO INTERROGATORY NO. 7:**

**Highly Confidential – Attorneys' Eyes Only**

Meta incorporates by reference its General Objections and its Objections to Definitions and Instructions. Meta further objects to this Interrogatory because it fails to describe with reasonable particularity the information sought. Specifically, Meta objects the phrase "all data and AI/machine learning models" and "obtained, derived, trained and/or validated" as vague and ambiguous. Meta further objects to this Interrogatory as seeking discovery of information that is neither relevant to the claims or defenses of any party to this action nor proportional to the needs of the case. For example, it is unclear why the use or nonuse of machine learning, or an identification and description of "all data and AI/machine learning models obtained, derived, trained and/or validated using data collected by Onavo," is relevant to Advertisers' claims or how the scope of the information sought in this Interrogatory is relevant or proportional to those claims. Meta further objects to the Interrogatory as facially overbroad to the extent that it asks Meta to describe "all data and AI/machine learning models," without limitation for relevance or proportionality. Meta further objects to this Interrogatory to the extent that it seeks information not in Meta's possession, custody or control, and seeks information in a form that Meta does not maintain in the ordinary course of business.

Based on the foregoing objections, Meta responds that it is unable to provide a response to Interrogatory No. 7 as framed. Meta is willing to meet and confer to discuss the relevance and scope of this Interrogatory.

**INTERROGATORY NO. 8**

Identify and describe, with specificity, all machine learning and AI systems used to match users while "offsite" (as that word is used at Meta) to their Facebook IDs, Facebook profiles, and/or "shadow" profiles.

**RESPONSE TO INTERROGATORY NO. 8:**

Meta incorporates by reference its General Objections and its Objections to Definitions and Instructions. Meta further objects to this Interrogatory because it fails to describe with reasonable particularity the information sought. Specifically, Meta objects to this Interrogatory as vague and ambiguous because it relies on the undefined terms "machine learning and AI systems," "match users," "offsite," and "shadow" profiles. Meta further objects to this Interrogatory as seeking discovery of information that is neither relevant to the claims or defenses of any party to this action nor proportional to the needs of the case. For example, it is unclear why the use or nonuse of machine learning, or an identification and description of "all machine learning and AI systems used to match users while 'offsite,'" is relevant to Advertisers' claims or how the scope of the information sought in this Interrogatory is relevant or proportional to those claims. Meta further objects to the Interrogatory as facially overbroad to the extent that it asks Meta to describe "all data and AI/machine learning models," without limitation for relevance or proportionality. Meta further objects to this Interrogatory to the extent that it seeks information not in Meta's possession, custody or control, and seeks information in a form that Meta does not maintain in the ordinary course of business.

Based on the foregoing objections, Meta responds that it is unable to provide a response to Interrogatory No. 8 as framed. Meta is willing to meet and confer to discuss the relevance and scope of this Interrogatory.

Dated: August 24, 2022　　　　　　　　　　By:　　/s/ *Sonal N. Mehta*

　　　　　　　　　　　　　　　　　　　　　　SONAL N. MEHTA (SBN 222086)
　　　　　　　　　　　　　　　　　　　　　　Sonal.Mehta@wilmerhale.com
　　　　　　　　　　　　　　　　　　　　　　**WILMER CUTLER PICKERING**
　　　　　　　　　　　　　　　　　　　　　　**HALE AND DORR LLP**
　　　　　　　　　　　　　　　　　　　　　　2600 El Camino Real, Suite 400
　　　　　　　　　　　　　　　　　　　　　　Palo Alto, California 94306

-9-

No. 3:20-cv-08570-JD　　　　　　　　　　　　　　　METUA PLATFORMS, INC.'S OBJECTIONS
　　　　　　　　　　　　　　　　　　　　　　　　AND RESPONSES TO ADVERTISER PLAINTIFFS'
　　　　　　　　　　　　　　　　　　　　　　　　　　SECOND SET OF INTERROGATORIES

Highly Confidential – Attorneys' Eyes Only

Telephone: (650) 858-6000
Facsimile:  (650) 858-6100

DAVID Z. GRINGER (*pro hac vice*)
  David.Gringer@wilmerhale.com
**WILMER CUTLER PICKERING**
 **HALE AND DORR LLP**
7 World Trade Center
250 Greenwich Street
New York, New York 10007
Telephone: (212) 230-8800
Facsimile: (212) 230-8888

ARI HOLTZBLATT (*pro hac vice*)
Ari.Holtzblatt@wilmerhale.com
MOLLY M. JENNINGS (*pro hac vice*)
Molly.Jennings@wilmerhale.com
**WILMER CUTLER PICKERING**
 **HALE AND DORR LLP**
1875 Pennsylvania Ave NW
Washington, DC 20006
Telephone:  (202) 663-6000
Facsimile:   (202) 663-6363


*Attorneys for Defendant Meta Platforms, Inc.*