WILMERHALE

December 5, 2022

**Sonal N. Mehta**

+1 650 600 5051 (t)
+1 650 858 6100 (f)
sonal.mehta@wilmerhale.com

**VIA ECF**

The Honorable James Donato
U.S. District Judge for the Northern District of California
450 Golden Gate Avenue, Courtroom 11, 19th Floor
San Francisco, CA 94102

Re:   *Klein v. Meta Platforms, Inc.*, Case No. 3:20-cv-08570-JD

Dear Judge Donato:

Users assert that Meta is refusing to provide information on FTC depositions. Not so. First, Meta agreed that it would produce two 30(b)(6) transcripts of Meta, even though their relevance is dubious at best, if Users would agree not to take duplicative testimony and would agree that the depositions would count toward a reasonable amount of Plaintiffs' 21 hours of 30(b)(6) deposition time. Second, Meta agreed that it would provide updates on depositions scheduled in the FTC litigation for overlapping witnesses if Users would agree to honor their commitment to *try* to coordinate their depositions with the FTC depositions where feasible. Indeed, Meta has already provided notice to Users of 26 depositions that have been scheduled or noticed in the FTC case and asked that Users inform Meta if they intend to depose those individuals (a number of whom are nonparties) so that scheduling can be coordinated.

Users flat out refused both proposals, declined Meta's invitation for any counterproposals, and filed the instant motion. Users' demand that Meta produce 30(b)(6) testimony from the FTC litigation is effectively an attempt to circumvent this Court's 30(b)(6) limits. And Plaintiffs do not claim that their request is a good faith attempt to coordinate between matters—they claim it will be easier for *them*, but refuse to agree to anything that would actually allow for streamlining or promote efficiencies for Meta. Users in essence seek to turn the FTC case into a testing ground for their bizarre theories while they litigate among themselves over who should be doing what in this case. In contrast, Meta seeks to promote reasonable overall efficiency. Accordingly, Meta respectfully requests that Users' motion to compel be denied.

### I.  Users' Demand for FTC 30(b)(6) Deposition Transcripts Without Applying Any Time Limits Is Improper

Users have only noticed one 30(b)(6) deposition, which they withdrew months ago. They have no pending 30(b)(6) deposition requests. Yet, they demand nearly 11 hours of 30(b)(6) deposition testimony from the FTC litigation on purportedly "highly relevant" topics but refuse to have this testimony count toward any amount of their 21 hours of 30(b)(6) deposition time. Dkt. 174 at ¶ 1(a) (parties agreeing that "the total number of hours of 30(b)(6) testimony of Facebook shall not exceed 21 hours"). Users' unilateral demand is a clear attempt at an end-run around agreed-upon 30(b)(6) limits and should be denied.

The history of Users' conduct related to 30(b)(6) testimony is instructive. Users initially served a 30(b)(6) Notice in May 2022. (May 18, 2022 Users' 30(b)(6) Notice to Meta.) That notice asked,

among other things, for a witness to testify on every Facebook computer system, database, or platform from 2007 to the present that contained or discussed any data on any Facebook user. (*Id.* at 4.) After weeks of negotiations between the parties on the scope of the topic, and after Meta had offered a deponent and undertook extensive preparations for the deposition, Users withdrew the notice in September 2022 without explanation. (Sept. 3, 2022 Email from Users' Counsel to Meta Counsel.)[1]

Users have not served another 30(b)(6) Notice on Meta. Instead, they have clearly decided to take another approach: wait until corporate testimony is given in the FTC case, demand the transcripts in discovery, and then use the testimony to freeride on the FTC's work in this case. Meta does not oppose Users' tactic except to ask that the transcripts count toward just five of Plaintiffs' 21 hours for 30(b)(6) depositions. (Nov. 11, 2022 Email from Meta Counsel to Users' Counsel.) Meta also specifically asked if Users had "any counterproposals that [they] would like [Meta] to consider." *Id.* Users did not make any counterproposal but instead sent an email to declare impasse and simultaneously filed their motion. (Nov. 14, 2022 Email from Users' Counsel to Meta Counsel.) Meta remains willing to meet and confer on the amount of time the FTC transcripts should count toward, but Users' position that they should not count toward any amount of time is untenable.

Users' attempt to gain 30(b)(6) testimony without serving a 30(b)(6) Notice of their own, without it counting toward their time limit, and without committing that they will not seek duplicative testimony runs directly contrary to the purpose of 30(b)(6) limits and the parties' specific agreement on time limits. Each of Users' arguments otherwise is without merit.

First, Users incorrectly argue that Meta has acted contrary to "the Court's explicit instructions" and "refused to follow the Court's directions regarding producing Facebook deposition transcripts from the FTC's antitrust action." (Br. at 1.) The Court did not have before it the question of whether 30(b)(6) testimony that Users receive from the FTC case should count toward some of Plaintiffs' time for 30(b)(6) testimony in this case. Instead, the Court stated that it would not order Plaintiffs to split deposition time with the FTC. (Oct. 20, 2022 Tr. at 6:24-7:15.) Having 30(b)(6) testimony from the FTC case count toward reasonable time limits is not "splitting" time at all. It instead would streamline the discovery process while honoring the 30(b)(6) time limits to which the parties previously agreed.

Second, Users argue that they are entitled to the transcripts because the deponents were designated on "highly relevant" topics and the testimony would streamline Users' discovery efforts. (Br. at 2.) But that is exactly the point. If these are highly relevant topics, as Users contend, then they should be the subject of a 30(b)(6) notice properly served in this case. Users should not be allowed to skirt 30(b)(6) limits, free-ride on the FTC's work, and subject Meta's witnesses to needless

---

[1] Users now state in their motion for the first time that they withdrew the Notice "due to Facebook's unreasonable objections and demand for a degree of specificity in the topics that was impossible [] to provide[.]" (Br. at 2.) This is implausible on its face, and their belated attempt to blame Meta for their failure to comply with the reasonable particularity requirements of this Court's standing order and Rule 30 falls flat. If Users genuinely believed their topics were reasonable in scope, they presumably would have sought relief from the Court, as they do with regularity. In any case, Meta provided thousands of pages of documents that Users claimed would permit them to better explain the topics on which they intended to question a Meta corporate representative.

duplicative testimony.

## II. Users' Demand for Updates on FTC Deposition Scheduling Without Agreeing To Use The Information In Good Faith For Scheduling Is Improper

Users next demand that Meta give updates whenever a deposition is scheduled for any witness in the FTC litigation. Meta agreed that it would provide bi-weekly updates on witnesses with potentially overlapping relevance if Plaintiffs would agree to use the information in good faith for scheduling purposes. Specifically, Meta asked that Users honor their prior commitment to try to coordinate with Meta and the FTC so that witnesses are not being deposed weeks or months apart but instead back-to-back where a witness's schedule permits. (Nov. 11, 2022 Email from Meta Counsel to Users' Counsel.) Indeed, Meta has already begun that process, providing Users with noticed deposition dates for 26 overlapping FTC deponents, several of whom are nonparties, and asking that Users inform Meta if they intend to depose those individuals so that Meta can offer deposition dates near-in-time to the FTC deposition date in order to minimize the burden on the deponents. (Dec. 5, 2022 Email from Meta Counsel to Plaintiffs' Counsel.)

Meta's proposal that Users use FTC scheduling information to try to coordinate deposition dates in this case is consistent with what the Court contemplated at the recent status conference, Oct. 20, 2022 Tr. at 7:5-7 ("So, if you want to coordinate so that you take it the day after or the day before and you get your full seven hours, that's fine."), and it is in line with what Plaintiffs themselves proposed just last month:

> [I]f Plaintiffs have sufficient notice of the FTC's deposition of a Facebook witness, Facebook has substantially completed document production for that witness in Klein such that it is even possible for Plaintiffs to depose the witness at that time, and Plaintiffs agree there is an efficiency to be gained, Plaintiffs would coordinate and take their deposition of that witness at that time, to the extent feasible and agreeable between all parties.

Dkt. 364 at 2; *id.* at 5-6 (citation omitted) ("To be sure, Plaintiffs have offered to coordinate depositions where feasible Contrary to Facebook's assertions, that would also include communicating with the FTC and providing advance notice of a deposition date.").

In an about-face, Users rejected Meta's proposal outright and offered no counterproposal, instead cutting the parties' discussions off mid-stream to declare impasse and file the instant motion. And despite Users' suggestion to the Court just last month that they would coordinate with the FTC on scheduling, Users now refuse to engage in any such coordination, instead attempting to impose yet another discovery burden on Meta without agreeing to any reciprocal actions that would streamline the discovery process for both sides. Users' unilateral demands are unwarranted, and Meta respectfully requests that they be denied, or, alternatively, that Plaintiffs be ordered to continue the meet and confer process that they cut short.

Respectfully submitted,

By: */s/ Sonal N. Mehta*

WILMER CUTLER PICKERING HALE AND DORR LLP
*Attorneys for Defendant Meta Platforms, Inc.*