WILMER CUTLER PICKERING
  HALE AND DORR LLP

SONAL N. MEHTA (SBN 222086)
  Sonal.Mehta@wilmerhale.com
2600 El Camino Real, Suite 400
Palo Alto, California 94306
Telephone:  (650) 858-6000

DAVID Z. GRINGER (*pro hac vice*)
  David.Gringer@wilmerhale.com
7 World Trade Center
250 Greenwich Street
New York, New York 10007
Telephone:  (212) 230-8800

ARI HOLTZBLATT (*pro hac vice*)
  Ari.Holtzblatt@wilmerhale.com
MOLLY M. JENNINGS (*pro hac vice*)
  Molly.Jennings@wilmerhale.com
1875 Pennsylvania Ave NW
Washington, DC 20006
Telephone:  (202) 663-6000

*Attorneys for Defendant Meta Platforms, Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| MAXIMILIAN KLEIN, et al., on behalf of themselves and all others similarly situated, | Case No. 3:20-cv-08570-JD |
| Plaintiffs, | **DEFENDANT META PLATFORMS, INC.'S ANSWER TO THE FIRST AMENDED CONSOLIDATED ADVERTISER CLASS ACTION COMPLAINT** |
| v. | |
| META PLATFORMS, INC., a Delaware Corporation headquartered in California, | |
| Defendant. | Judge: Hon. James Donato |

ANSWER TO FIRST AMENDED CONSOLIDATED
ADVERTISER CLASS ACTION COMPLAINT

Defendant Meta Platforms, Inc. ("Meta") answers Plaintiffs' First Amended Consolidated Advertiser Class Action Complaint as follows:

Except as otherwise expressly stated below, Meta denies each and every allegation contained in the Complaint.  Meta states that the headings, sub-headings, and footnotes throughout the Complaint do not constitute well-pled allegations of fact and therefore require no response.  To the extent a response is required, Meta denies the allegations in the headings, sub-headings, and footnotes in the Complaint, except as otherwise stated.  Meta reserves the right to seek to amend and/or supplement its Answer as may be necessary.

## ANSWERS TO SPECIFIC ALLEGATIONS

1.      Meta admits that Jessyca Frederick, Mark Young, 406 Property Services, PLLC, Mark Berney, and Katherine Looper purchased advertising from Meta.  Meta lacks knowledge or information sufficient to form a belief about whether advertising purchases by Jessyca Frederick were made on behalf of Affilious, Inc.  Meta avers that Plaintiff Joshua Jeon voluntarily dismissed his claims on August 29, 2022.  Meta otherwise denies the allegations in Paragraph 1.

2.      Meta denies the allegations in Paragraph 2.

3.      Meta denies the allegations in Paragraph 3.

4.      Meta denies the allegations in Paragraph 4.

5.      Meta denies the allegations in Paragraph 5.

6.      Meta denies the allegations in Paragraph 6.

7.      Meta denies the allegations in Paragraph 7.

8.      Meta denies the allegations in Paragraph 8.

9.      Meta denies the allegations in Paragraph 9.

10.     Meta denies the allegations in Paragraph 10.

11.     Meta denies the allegations in Paragraph 11.

12.     Meta denies the allegations in Paragraph 12.

13.     Meta denies the allegations in Paragraph 13.

14.     Meta denies the allegations in Paragraph 14.

15.     Meta denies the allegations in Paragraph 15.

16.     Meta denies the allegations in Paragraph 16.

17.     To the extent Paragraph 17 refers to an agreement between Meta and Google, Meta respectfully refers the Court to that agreement, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 17.

18.     Meta denies the allegations in Paragraph 18.

19.     Meta denies the allegations in Paragraph 19.

20.     Meta denies the allegations in Paragraph 20.

21.     Meta denies the allegations in Paragraph 21.

22.     Meta denies the allegations in Paragraph 22.

23.     Meta denies the allegations in Paragraph 23.

24.     Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 24, including whether Jessyca Frederick's advertising purchases were made on behalf of Affilious, Inc., and on that basis denies the allegations.

25.     Meta admits that Jessyca Frederick purchased advertisements at various times on Facebook between April 4, 2009 and August 2017.  Meta lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 25, and on that basis denies the allegations.

26.     Meta admits that Mark Young purchased advertisements at various times on Facebook between June 2017 and April 2019.  Meta lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 26, and on that basis denies the allegations.

27.     Meta avers that Plaintiff Joshua Jeon voluntarily dismissed his claims on August 29, 2022, and therefore, no response is required.

28.     Meta admits that 406 Property Services, PLLC purchased advertisements at various times on Facebook between June 8, 2017 and October 20, 2017.  Meta lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 28, and on that basis denies the allegations.

29.     Meta admits that Mark Berney purchased advertisements at various times on Facebook between 2016 and December 2018.  Meta lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 29, and on that basis denies the allegations.

30.     Meta admits that Katherine Looper purchased advertisements at various times on Facebook between 2013 and March 2020.  Meta denies that Reality House West is "Looper's nonprofit organization."  Meta lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 30, and on that basis denies the allegations.

31.     Meta denies the allegations in Paragraph 31.

32.     Meta admits the allegations in Paragraph 32.

33.     Meta admits that it was founded by Mark Zuckerberg in 2004.  Meta further admits that it offers a suite of products to billions of users around the world.  Meta further admits that it earns revenues from delivering ads to users.  Meta otherwise denies the allegations in Paragraph 33.

34.     To the extent Paragraph 34 refers to Meta's public securities filings, Meta respectfully refers the Court to those filings, which speak for themselves, for a complete and accurate statement of their contents.  Meta admits that its services include the Facebook application, Instagram, Messenger, and WhatsApp.  Meta further admits that the Facebook application is a web-based and mobile service that, among other things, allows people to connect, share, discover, and communicate.  Meta further admits that the Facebook application has several features that facilitate these connections, including News Feed.  Meta further admits that Instagram is a mobile and web-based application that allows users to share photos, videos, and messages and that Meta acquired Instagram in 2012.  Meta further admits that Messenger is a messaging application available on desktops and a variety of mobile platforms that allows users to share content and experiences by sending messages, photos, and videos.  Meta further admits that WhatsApp is a messaging application used by individuals and businesses.  Meta further admits that it acquired WhatsApp in 2014.  Meta admits that Oculus is a hardware, software, and developer ecosystem that allows people around the world to come together through Meta's Oculus

augmented reality and virtual reality.  Meta further admits that it acquired Oculus in 2014.  Meta otherwise denies the allegations in Paragraph 34.

35.     Meta admits that its revenue as of year-end 2019 was $70.70 billion, up 27% from the previous year, with net income from operations of $23.99 billion.  Meta further admits that it maintained $54.86 billion in cash and cash-equivalent securities as of year-end 2019.  Meta further admits that it employed 44,942 people around the world at the end of 2019, up 26% from the previous year.  Meta further admits that its revenue as of year-end 2020 was $85.97 billion, a 22% increase from the previous year, with net income from operations of $32.67 billion.  Meta further admits that it maintained $61.95 billion in cash and cash-equivalent securities as of year-end 2020.  Meta further admits that it employed 58,604 people at the end of 2020, up 30% from the previous year.  Meta further admits that it earned $117.93 billion in revenue in 2021.  Meta further admits that it earned $114.93 billion in revenue from advertising in 2021.  Meta further admits that it earned $46.753 billion in income from operations in 2021.  Meta further admits that it earned $56.95 billion in income from operations of its Family of Apps in 2021.  Meta further admits that its net income from operations was $39.37 billion in 2021.  Meta otherwise denies the allegations in Paragraph 35.

36.     Meta admits that it reported to investors that on average it had 1.66 billion daily active users of Facebook for the 2019 fiscal year, up 9% from the previous year, and 2.50 billion monthly active users, up 8% from the previous year.  Meta further admits that it had 2.26 billion daily active people who used one or more of Facebook, Instagram, Messenger, and/or WhatsApp, up 11% from the previous year, and 2.89 billion monthly active people, up 9% from the previous year.  Meta further admits that it reported to investors that on average it had 1.84 billion daily active users of Facebook for the 2020 fiscal year, up 11% from the previous year, and 2.80 billion monthly active users, up 12% from the previous year.  Meta further admits that it reported to investors that on average it had 2.60 billion daily active people who used one or more of Facebook, Instagram, Messenger, and/or WhatsApp, up 15% from the previous year.  Meta otherwise denies the allegations in Paragraph 36.

37.     Paragraph 37 includes legal conclusions to which no answer is necessary.

38.     Paragraph 38 includes legal conclusions to which no answer is necessary.

39.     Paragraph 39 includes legal conclusions to which no answer is necessary.  To the extent a response is required, for purposes of the current action, Meta does not contest that venue in this district is proper.

40.     Paragraph 40 includes legal conclusions to which no answer is necessary.  To the extent a response is required, for purposes of the current action, Meta does not contest that this Court has personal jurisdiction over Meta and that Meta transacts business in this district.

41.     Meta admits the allegations in Paragraph 41.

42.     Meta admits that it was founded by Mark Zuckerberg in 2004, that it rose to prominence in the face of fierce competition, and that today, it is used by people in the United States and worldwide.  Meta otherwise denies the allegations in Paragraph 42.

43.     Meta admits that it was more successful than some of its rivals between 2004 and 2010.  Meta otherwise denies the allegations in Paragraph 43.

44.     Meta admits that Myspace was a competitor of Facebook.  Meta lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 44, and on that basis denies the allegations.

45.     To the extent Paragraph 45 refers to a public report, Meta respectfully refers the Court to that report, which speaks for itself, for a complete and accurate statement of its contents. Meta lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 45, and on that basis denies the allegations.

46.     Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 46, and on that basis denies the allegations.

47.     Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 47, and on that basis denies the allegations.

48.     To the extent Paragraph 48 refers to reporting by Adweek, Meta respectfully refers the Court to that reporting, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 48.

1    49.    Meta admits that *Time* magazine named Mr. Zuckerberg as its 2010 Person of the

2    Year.

3    50.    To the extent Paragraph 50 refers to a *Time* magazine article, Meta respectfully

4    refers the Court to that magazine article, which speaks for itself, for a complete and accurate

5    statement of its contents.  Meta otherwise denies the allegations in Paragraph 50.

6    51.    Meta denies the allegations in Paragraph 51.

7    52.    Meta denies the allegations in Paragraph 52.

8    53.    Meta admits that it delivers ads to certain users.  Meta otherwise denies the

9    allegations in Paragraph 53.

10   54.    Meta denies the allegations in Paragraph 54.

11   55.    Meta denies the allegations in Paragraph 55.

12   56.    Meta lacks knowledge or information sufficient to form a belief about the truth of

13   the allegations in the second sentence of Paragraph 56, and on that basis denies the allegations.

14   Meta otherwise denies the allegations in Paragraph 56.

15   57.    Meta denies the allegations in Paragraph 57.

16   58.    Meta admits that it delivers ads to certain users.  To the extent Paragraph 58 refers

17   to public statements from Meta, Meta respectfully refers the Court to those statements, which

18   speak for themselves, for a complete and accurate statement of their contents.  Meta otherwise

19   denies the allegations in Paragraph 58.

20   59.    Meta denies the allegations in Paragraph 59.

21   60.    Meta denies the allegations in Paragraph 60.

22   61.    To the extent Paragraph 61 refers to an internal Meta communication, Meta

23   respectfully refers the Court to that communication, which speaks for itself, for a complete and

24   accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 61.

25   62.    Meta denies the allegations in Paragraph 62.

26   63.    Meta denies the allegations in Paragraph 63.

27   64.    Meta denies the allegations in Paragraph 64.

28

65. To the extent Paragraph 65 refers to a public report, Meta respectfully refers the Court to that report, which speaks for itself, for a complete and accurate statement of its contents. Meta otherwise denies the allegations in Paragraph 65.

66. To the extent Paragraph 66 refers to a public report, Meta respectfully refers the Court to that report, which speaks for itself, for a complete and accurate statement of its contents. Meta otherwise denies the allegations in Paragraph 66.

67. Meta denies the allegations in Paragraph 67.

68. Meta denies the allegations in Paragraph 68.

69. Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 69, and on that basis denies the allegations.

70. Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 70, and on that basis denies the allegations.

71. Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 71, and on that basis denies the allegations.

72. Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 72, and on that basis denies the allegations.

73. Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 73, and on that basis denies the allegations.

74. Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 74, and on that basis denies the allegations.

75. Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 75, and on that basis denies the allegations.

76. Meta admits that Google released Google+ in 2011. Meta lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 76, and on that basis denies the allegations.

77. Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 77, and on that basis denies the allegations.

78.   Meta denies that a "DTBE" protects Facebook.   Meta lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 78, and on that basis denies the allegations.

79.   Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 79, and on that basis denies the allegations.

80.   Meta denies the allegations in the last sentence of Paragraph 80.   Meta lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 80, and on that basis denies the allegations.

81.   Meta denies the allegations in Paragraph 81.

82.   Meta admits that Apple launched Apple iPhone in 2007.  Meta otherwise denies the allegations in Paragraph 82.

83.   Meta admits that Apple released the Apple iPhone 3G in 2008.   Meta lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 83, and on that basis denies the allegations.

84.   Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 84, and on that basis denies the allegations.

85.   To the extent Paragraph 85 refers to a Pew Research survey, Meta respectfully refers the Court to that Pew Research survey, which speaks for itself, for a complete and accurate statement of its contents.  Meta lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 85, and on that basis denies the allegations.

86.   To the extent Paragraph 86 refers to a Nielsen survey, Meta respectfully refers the Court to that Nielsen survey, which speaks for itself, for a complete and accurate statement of its contents.  Meta lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 86, and on that basis denies the allegations.

87.   To the extent Paragraph 87 refers to a Nielsen survey, Meta respectfully refers the Court to that Nielsen survey, which speaks for itself, for a complete and accurate statement of its contents.  Meta lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 87, and on that basis denies the allegations.

88.     Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 88, and on that basis denies the allegations.

89.     To the extent Paragraph 89 refers to an article in *Wired*, Meta respectfully refers the Court to that *Wired* article, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 89.

90.     To the extent Paragraph 90 refers to a Morgan Stanley analysis, Meta respectfully refers the Court to that Morgan Stanley analysis, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 90.

91.     Meta admits that the Facebook mobile app is free to download.  To the extent Paragraph 91 refers to a public report, Meta respectfully refers the Court to that report, which speaks for itself, for a complete and accurate statement of its contents.  Meta lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 91, and on that basis denies the allegations

92.     Meta admits that it introduced its "Timeline" in 2011.  Meta otherwise denies the allegations in Paragraph 92.

93.     Meta admits that its mobile application was initially built on HTML5 technology.  To the extent Paragraph 93 refers to public statements, Meta respectfully refers the Court to those public statements, which speak for themselves, for a complete and accurate statement of their contents.  Meta otherwise denies the allegations in Paragraph 93.

94.     To the extent Paragraph 94 refers to public statements, Meta respectfully refers the Court to those public statements, which speak for themselves, for a complete and accurate statement of their contents.  Meta otherwise denies the allegations in Paragraph 94.

95.     Meta denies the allegations in Paragraph 95.

96.     Meta admits that it held its initial public offering on May 18, 2012.  To the extent Paragraph 96 refers to public securities filings, Meta respectfully refers the Court to those public securities filings, which speak for themselves, for a complete and accurate statement of their contents.  Meta otherwise denies the allegations in Paragraph 96.

97.     Meta admits that it competes with other mobile applications.  Meta otherwise denies the allegations in Paragraph 97.

98.     Meta admits that its "Open Graph" provided a set of tools to developers.  Meta otherwise denies the allegations in Paragraph 98.

99.     To the extent Paragraph 99 refers to public securities filings, Meta respectfully refers the Court to those public securities filings, which speak for themselves, for a complete and accurate statement of their contents.  Meta otherwise denies the allegations in Paragraph 99.

100.     Meta denies the allegations in Paragraph 100.

101.     To the extent Paragraph 101 refers to an internal Meta communication, Meta respectfully refers the Court to that communication, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 101.

102.     Meta denies the allegations in Paragraph 102.

103.     To the extent Paragraph 103 refers to a public report, Meta respectfully refers the Court to that public report, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 103.

104.     Meta admits that it competes with certain application developers.  Meta otherwise denies the allegations in Paragraph 104.

105.     To the extent Paragraph 105 refers to public statements, Meta respectfully refers the Court to those public statements, which speak for themselves, for a complete and accurate statement of their contents.  Meta otherwise denies the allegations in Paragraph 105.

106.     Meta denies the allegations in Paragraph 106.

107.     Meta admits that Platform made it possible for software developers to build apps and tools that interoperate with the Facebook application.  Meta otherwise denies the allegations in Paragraph 107.

108.     Meta denies the allegations in Paragraph 108.

109.     Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first clause of Paragraph 109, and on that basis denies the allegations.  Meta otherwise denies the allegations in Paragraph 109.

110. Meta admits that developers could request access to certain user content from Facebook. Meta otherwise denies the allegations in Paragraph 110.

111. Meta denies the allegations in Paragraph 111.

112. Meta denies the allegations in Paragraph 112.

113. To the extent Paragraph 113 refers to an internal Meta communication, Meta respectfully refers the Court to that communication, which speaks for itself, for a complete and accurate statement of its contents. Meta otherwise denies the allegations in Paragraph 113.

114. Meta denies the allegations in Paragraph 114.

115. Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of Paragraph 115, and on that basis denies the allegations. Meta otherwise the allegations in Paragraph 115.

116. To the extent Paragraph 116 refers to an internal Meta communication, Meta respectfully refers the Court to that communication, which speaks for itself, for a complete and accurate statement of its contents. Meta otherwise denies the allegations in Paragraph 116.

117. Meta denies the allegations in Paragraph 117.

118. Meta denies the allegations in Paragraph 118.

119. Meta denies the allegations in Paragraph 119.

120. Meta denies the allegations in Paragraph 120.

121. Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of Paragraph 121, and on that basis denies the allegations. Meta otherwise denies the allegations in Paragraph 121.

122. Meta denies the allegations in Paragraph 122.

123. To the extent Paragraph 123 refers to public statements, Meta respectfully refers the Court to those public statements, which speak for themselves, for a complete and accurate statement of their contents. Meta otherwise denies the allegations in Paragraph 123.

124. Meta denies the allegations in Paragraph 124.

125. Meta denies the allegations in Paragraph 125.

126.   Meta admits that, as of April 30, 2015, certain APIs previously available through Platform were no longer available.  Meta otherwise denies the allegations in Paragraph 126.

127.   Meta denies the allegations in Paragraph 127.

128.   Meta denies the allegations in Paragraph 128.

129.   To the extent Paragraph 129 refers to an internal Meta communication, Meta respectfully refers the Court to that communication, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 129.

130.   Meta denies the allegations in Paragraph 130.

131.   Meta denies the allegations in Paragraph 131.

132.   Meta denies the allegations in Paragraph 132.

133.   Meta admits that it restricted or terminated Platform access for certain apps that violate Facebook's policies.  Meta further admits that its competitors include Twitter, Pinterest, Google, and Foursquare.  Meta otherwise denies the allegations in Paragraph 133.

134.   To the extent Paragraph 134 refers to an internal Meta communication, Meta respectfully refers the Court to that communication, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 134.

135.   To the extent Paragraph 135 refers to an internal Meta communication, Meta respectfully refers the Court to that communication, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 135.

136.   Meta denies the allegations in Paragraph 136.

137.   To the extent Paragraph 138 refers to an internal Meta presentation, Meta respectfully refers the Court to that presentation, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 137.

138.   Meta denies the allegations in Paragraph 138.

139.   Meta denies the allegations in Paragraph 139.

140.   To the extent Paragraph 140 refers to an internal Meta communication, Meta respectfully refers the Court to that communication, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 140.

1      141.    Meta denies the allegations in Paragraph 141.

2      142.    To the extent Paragraph 142 refers to an internal Meta communication, Meta

3    respectfully refers the Court to that communication, which speaks for itself, for a complete and

4    accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 142.

5      143.    Meta denies the allegations in Paragraph 143.

6      144.    To the extent Paragraph 144 refers to a statement by Meta, Meta respectfully refers

7    the Court to that statement, which speaks for itself, for a complete and accurate statement of its

8    contents.  Meta otherwise denies the allegations in Paragraph 144.

9      145.    Meta admits that it launched "Platform 3.0."  Meta otherwise denies the allegations

10   in Paragraph 145.

11     146.    To the extent Paragraph 146 refers to an internal Meta communication, Meta

12   respectfully refers the Court to that communication, which speaks for itself, for a complete and

13   accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 146.

14     147.    To the extent Paragraph 147 refers to an internal Meta communication, Meta

15   respectfully refers the Court to that communication, which speaks for itself, for a complete and

16   accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 147.

17     148.    Meta denies the allegations in Paragraph 148.

18     149.    Meta denies the allegations in Paragraph 149.

19     150.    Meta denies the allegations in Paragraph 150.

20     151.    Meta denies the allegations in Paragraph 151.

21     152.    Meta denies the allegations in Paragraph 152.

22     153.    Meta denies the allegations in Paragraph 153.

23     154.    To the extent Paragraph 154 refers to an internal Meta communication, Meta

24   respectfully refers the Court to that communication, which speaks for itself, for a complete and

25   accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 154.

26     155.    Meta denies the allegations in Paragraph 155.

27

28

156.    To the extent Paragraph 156 refers to an internal Meta communication, Meta respectfully refers the Court to that communication, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 156.

157.    Meta denies the allegations in Paragraph 157.

158.    To the extent Paragraph 158 refers to an internal Meta communication, Meta respectfully refers the Court to that communication, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 158.

159.    To the extent Paragraph 159 refers to an internal Meta communication, Meta respectfully refers the Court to that communication, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 159.

160.    To the extent Paragraph 160 refers to an internal Meta communication, Meta respectfully refers the Court to that communication, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 160.

161.    Meta denies the allegations in Paragraph 161.

162.    To the extent Paragraph 162 refers to an internal Meta communication, Meta respectfully refers the Court to that communication, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 162.

163.    Meta admits that, as of April 30, 2015, certain APIs previously available through Platform were no longer available.  Meta otherwise denies the allegations in Paragraph 163.

164.    Meta denies the allegations in Paragraph 164.

165.    To the extent Paragraph 165 refers to an internal Meta presentation, Meta respectfully refers the Court to that presentation, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 165.

166.    Meta denies the allegations in Paragraph 166.

167.    Meta denies the allegations in Paragraph 167.

168.    To the extent Paragraph 168 refers to an internal Meta communication, Meta respectfully refers the Court to that communication, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 168.

169.    To the extent Paragraph 169 refers to an internal Meta communication, Meta respectfully refers the Court to that communication, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 169.

170.    To the extent Paragraph 170 refers to an internal Meta communication, Meta respectfully refers the Court to that communication, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 170.

171.    To the extent Paragraph 171 refers to an internal Meta communication, Meta respectfully refers the Court to that communication, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 171.

172.    To the extent Paragraph 172 refers to a document produced in this litigation, Meta respectfully refers the Court to that document, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 172.

173.    To the extent Paragraph 173 refers to a document produced in this litigation, Meta respectfully refers the Court to that document, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 173.

174.    To the extent Paragraph 174 refers to a document produced in this litigation, Meta respectfully refers the Court to that document, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 174.

175.    Meta denies the allegations in Paragraph 175.

176.    Meta admits that the Events API enables event creators on developers' platforms to publish events on Facebook.  Meta further admits that the Events API helps event creators to optimize events for engagement and discoverability on Facebook surfaces such as Feed, Pages, and the Events shortcut.  To the extent Paragraph 176 refers to a document produced in this litigation, Meta respectfully refers the Court to that document, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 176.

177.     To the extent Paragraph 177 refers to a document produced in this litigation, Meta respectfully refers the Court to that document, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 177.

178.     To the extent Paragraph 178 refers to a document produced in this litigation, Meta respectfully refers the Court to that document, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 178.

179.     To the extent Paragraph 179 refers to written agreements, Meta respectfully refers the Court to those agreements, which speak for themselves, for a complete and accurate statement of their contents.  Meta otherwise denies the allegations in Paragraph 179.

180.     To the extent Paragraph 180 refers to a document produced in this litigation, Meta respectfully refers the Court to that document, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 180.

181.     Meta denies the allegations in Paragraph 181.

182.     To the extent Paragraph 182 refers to an internal Meta communication, Meta respectfully refers the Court to that communication, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 182.

183.     To the extent Paragraph 183 refers to an internal Meta communication, Meta respectfully refers the Court to that communication, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 183.

184.     Meta denies the allegations in Paragraph 184.

185.     To the extent Paragraph 185 refers to an internal Meta communication, Meta respectfully refers the Court to that communication, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 185.

186.     To the extent Paragraph 186 refers to an internal Meta communication, Meta respectfully refers the Court to that communication, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 186.

187.    To the extent Paragraph 187 refers to an internal Meta communication, Meta respectfully refers the Court to that communication, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 187.

188.    To the extent Paragraph 188 refers to an internal Meta communication, Meta respectfully refers the Court to that communication, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 188.

189.    Meta denies the allegations in Paragraph 189.

190.    Meta denies the allegations in Paragraph 190.

191.    To the extent Paragraph 191 refers to an internal Meta communication, Meta respectfully refers the Court to that communication, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 191.

192.    To the extent Paragraph 192 refers to an internal Meta communication, Meta respectfully refers the Court to that communication, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 192.

193.    Meta admits that it monitors apps with whom it competes.  Meta admits that it acquired Onavo in October 2013.  Meta otherwise denies the allegations in Paragraph 193.

194.    To the extent Paragraph 194 refers to an internal Meta communication, Meta respectfully refers the Court to that communication, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 194.

195.    To the extent Paragraph 195 refers to an internal Meta communication, Meta respectfully refers the Court to that communication, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 195.

196.    To the extent Paragraph 196 refers to an internal Meta communication, Meta respectfully refers the Court to that communication, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 196.

197.    To the extent Paragraph 197 refers to an internal Meta communication, Meta respectfully refers the Court to that communication, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 197.

1    198.    To the extent Paragraph 198 refers to an internal Meta communication, Meta

2    respectfully refers the Court to that communication, which speaks for itself, for a complete and

3    accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 198.

4    199.    To the extent Paragraph 199 refers to an internal Meta communication, Meta

5    respectfully refers the Court to that communication, which speaks for itself, for a complete and

6    accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 199.

7    200.    Meta denies the allegations in Paragraph 200.

8    201.    Meta admits that it undertook audits to assess the potential effect of API changes

9    announced at the April 2014 F8 conference.  Meta otherwise denies the allegations in Paragraph

10    201.

11    202.    Meta denies the allegations in the first sentence of Paragraph 202.  Meta lacks

12    knowledge or information sufficient to form a belief about the truth of the remaining allegations

13    in Paragraph 202, and on that basis denies the allegations.

14    203.    Meta denies the allegations in Paragraph 203.

15    204.    Meta denies the allegations in Paragraph 204.

16    205.    To the extent Paragraph 205 refers to an internal Meta communication, Meta

17    respectfully refers the Court to that communication, which speaks for itself, for a complete and

18    accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 205.

19    206.    Meta denies the allegations in Paragraph 206.

20    207.    Meta denies the allegations in Paragraph 207.

21    208.    Meta denies the allegations in Paragraph 208.

22    209.    To the extent Paragraph 209 refers to an internal Meta communication, Meta

23    respectfully refers the Court to that communication, which speaks for itself, for a complete and

24    accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 209.

25    210.    To the extent Paragraph 210 refers to an internal Meta communication, Meta

26    respectfully refers the Court to that communication, which speaks for itself, for a complete and

27    accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 210.

28    211.    Meta denies the allegations in Paragraph 211.

212.   To the extent Paragraph 212 refers to an internal Meta communication, Meta respectfully refers the Court to that communication, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 212.

213.   To the extent Paragraph 213 refers to an internal presentation, Meta respectfully refers the Court to that presentation, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 213.

214.   To the extent Paragraph 214 refers to an internal Meta communication, Meta respectfully refers the Court to that communication, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 214.

215.   Meta denies the allegations in Paragraph 215.

216.   To the extent Paragraph 216 refers to an internal Meta communication, Meta respectfully refers the Court to that communication, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 216.

217.   Meta denies the allegations in Paragraph 217.

218.   To the extent Paragraph 218 refers to an internal Meta communication, Meta respectfully refers the Court to that communication, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 218.

219.   Meta admits that it announced "The New Facebook Login and Graph API 2.0" on Facebook.com on April 30, 2014.  To the extent Paragraph 219 refers to public statements, Meta respectfully refers the Court to those public statements, which speak for themselves, for a complete and accurate statement of their contents.  Meta otherwise denies the allegations in Paragraph 219.

220.   Meta admits that the changelog referred to in the announcement is no longer available at https://developers.facebook.com/docs/graph-api/changelog.  Meta otherwise denies the allegations in Paragraph 220.

221.   To the extent Paragraph 221 refers to public statements, Meta respectfully refers the Court to those public statements, which speak for themselves, for a complete and accurate statement of their contents.  Meta otherwise denies the allegations in Paragraph 221.

222.   Meta denies the allegations in Paragraph 222.

223.   Meta denies the allegations in Paragraph 223.

224.   Meta denies the allegations in Paragraph 224.

225.   Meta admits that Onavo was an Israeli mobile web analytics company founded by Roi Tiger and Guy Rosen in 2010.  Meta otherwise denies the allegations in Paragraph 225.

226.   Meta denies the allegations in Paragraph 226.

227.   Meta admits that it licensed data from Onavo to help measure user engagement and to gather other market insights.  Meta otherwise denies the allegations in Paragraph 227.

228.   Meta admits that it acquired Onavo in October 2013.  Meta otherwise denies the allegations in Paragraph 228.

229.   To the extent Paragraph 229 refers to public statements, Meta respectfully refers the Court to those public statements, which speak for themselves, for a complete and accurate statement of their contents.  Meta otherwise denies the allegations in Paragraph 229.

230.   To the extent Paragraph 230 refers to public statements, Meta respectfully refers the Court to those public statements, which speak for themselves, for a complete and accurate statement of their contents.  Meta otherwise denies the allegations in Paragraph 230.

231.   Meta admits that data from Onavo was one of many sources of market intelligence used by Meta.  Meta otherwise denies the allegations in Paragraph 231.

232.   Meta admits that data from Onavo was one of many sources of market intelligence used by Meta.  Meta otherwise denies the allegations in Paragraph 232.

233.   To the extent Paragraph 233 refers to public statements, Meta respectfully refers the Court to those public statements, which speak for themselves, for a complete and accurate statement of their contents.  Meta otherwise denies the allegations in Paragraph 233.

234.   Meta denies the allegations in Paragraph 234.

235.   Meta denies the allegations in Paragraph 235.

236.   Meta denies the allegations in Paragraph 236.

237.   Meta denies the allegations in Paragraph 237.

238.   Meta denies the allegations in Paragraph 238.

239.    Meta admits that users shared certain information with Onavo Protect upon installation of the Onavo app.  Meta further admits that Onavo Protect received different types of data depending on whether the VPN was on or off.  Meta otherwise denies the allegations in Paragraph 239.

240.    Meta admits that the Facebook Research app was one part of its research efforts to identify ways to improve Facebook.  Meta further admits that the Facebook Research app was also known as Project Atlas.  Meta otherwise denies the allegations in Paragraph 240.

241.    Meta denies the allegations in Paragraph 241.

242.    To the extent Paragraph 242 refers to public statements, Meta respectfully refers the Court to those public statements, which speak for themselves, for a complete and accurate statement of their contents.  Meta otherwise denies the allegations in Paragraph 242.

243.    To the extent Paragraph 243 refers to public statements, Meta respectfully refers the Court to those public statements, which speak for themselves, for a complete and accurate statement of their contents.  Meta otherwise denies the allegations in Paragraph 243.

244.    Meta denies the allegations in Paragraph 244.

245.    Meta denies the allegations in Paragraph 245.

246.    Meta denies the first sentence of Paragraph 246.  Meta lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 246, and on that basis denies the allegations.

247.    Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 247, and on that basis denies the allegations.

248.    Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 248, and on that basis denies the allegations.

249.    Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 249, and on that basis denies the allegations.

250.    Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 250, and on that basis denies the allegations.

251.    Meta admits that Instagram launched on iOS on October 6, 2010.   Meta lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 251, and on that basis denies the allegations.

252.    Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 252, and on that basis denies the allegations.

253.    Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 253, and on that basis denies the allegations.

254.    Meta admits that Instagram was launched on Android phones in April 2012.   Meta lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 254, and on that basis denies the allegations.

255.    Meta denies the allegations in Paragraph 255.

256.    To the extent Paragraph 256 refers to an internal presentation, Meta respectfully refers the Court to that presentation, which speaks for itself, for a complete and accurate statement of its contents.   Meta otherwise denies the allegations in Paragraph 256.

257.    To the extent Paragraph 257 refers to an internal Meta communication, Meta respectfully refers the Court to that communication, which speaks for itself, for a complete and accurate statement of its contents.   Meta otherwise denies the allegations in Paragraph 257.

258.    Meta admits that Mark Zuckerberg discussed the potential acquisition of Instagram with Facebook Chief Financial Officer David Ebersman in February 2012.   To the extent Paragraph 258 refers to an internal Meta communication, Meta respectfully refers the Court to that communication, which speaks for itself, for a complete and accurate statement of its contents. Meta otherwise denies the allegations in Paragraph 258.

259.    To the extent Paragraph 259 refers to an internal Meta communication, Meta respectfully refers the Court to that communication, which speaks for itself, for a complete and accurate statement of its contents.   Meta otherwise denies the allegations in Paragraph 259.

260.    Meta denies the allegations in Paragraph 260.

261.   To the extent Paragraph 261 refers to an internal Meta communication, Meta respectfully refers the Court to that communication, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 261.

262.   To the extent Paragraph 262 refers to an internal Meta communication, Meta respectfully refers the Court to that communication, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 262.

263.   To the extent Paragraph 263 refers to an internal Meta communication, Meta respectfully refers the Court to that communication, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 263.

264.   Meta admits that it announced that it had reached an agreement to acquire Instagram in April 2012 for approximately $1 billion in cash and shares of Meta.  Meta otherwise denies the allegations in Paragraph 264.

265.   To the extent Paragraph 265 refers to a news article, Meta respectfully refers the Court to that news article, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 265.

266.   Meta denies the allegations in Paragraph 266.

267.   Meta admits that advertisements were introduced on Instagram by the end of 2013. Meta otherwise denies the allegations in Paragraph 267.

268.   Meta denies the allegations in Paragraph 268.

269.   Meta admits that Instagram reached one billion monthly active users in 2018.  Meta lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 269, and on that basis denies the allegations.

270.   Meta denies the allegations in Paragraph 270.

271.   Meta denies the allegations in Paragraph 271.

272.   Meta denies the allegations in Paragraph 272.

273.   Meta denies the allegations in Paragraph 273.

274.   Meta denies the allegations in Paragraph 274.

275.   Meta denies the allegations in Paragraph 275.

276.    Meta denies the allegations in Paragraph 276.

277.    Meta denies the allegations in Paragraph 277.

278.    Meta denies the allegations in Paragraph 278.

279.    Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 279, and on that basis denies the allegations.

280.    Meta admits that Apple introduced "push notifications" for iPhone that allowed developers to ping app users even when the users were not using their apps.  Meta further admits that WhatsApp used this feature of the iPhone.  Meta lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 280, and on that basis denies the allegations.

281.    Meta admits that messages sent through WhatsApp instantaneously notified users even if their phone was not running the app in the foreground.  Meta lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 281, and on that basis denies the allegations.

282.    Meta admits that Blackberry's BBM was exclusive to Blackberry's proprietary hardware platform.  Meta otherwise denies the allegations in Paragraph 282.

283.    Meta admits that WhatsApp introduced a double checkmark that showed when a message was read by another user.  Meta lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 283, and on that basis denies the allegations.

284.    Meta admits that WhatsApp's messaging service used a mobile phone's internet connection, which allowed users to avoid text messaging fees.  Meta lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 284, and on that basis denies the allegations.

285.    Meta admits that WhatsApp updated its app for the iPhone to allow users to send photos in December 2009.  Meta lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 285, and on that basis denies the allegations.

286.    Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 286, and on that basis denies the allegations.

287.    Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 287, and on that basis denies the allegations.

288.    To the extent Paragraph 288 refers to an internal Meta communication, Meta respectfully refers the Court to that communication, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 288.

289.    To the extent Paragraph 289 refers to a *Buzzfeed* post, Meta respectfully refers the Court to that post, which speaks for itself, for a complete and accurate statement of its contents. Meta otherwise denies the allegations in Paragraph 289.

290.    To the extent Paragraph 290 refers to a *Buzzfeed* post, Meta respectfully refers the Court to that post, which speaks for itself, for a complete and accurate statement of its contents. Meta otherwise denies the allegations in Paragraph 290.

291.    Meta denies the allegations in Paragraph 291.

292.    Meta denies the allegations in Paragraph 292.

293.    To the extent Paragraph 293 refers to a news article, Meta respectfully refers the Court to that news article, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 293.

294.    To the extent Paragraph 294 refers to an internal Meta communication, Meta respectfully refers the Court to that communication, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 294.

295.    To the extent Paragraph 295 refers to an internal Meta communication, Meta respectfully refers the Court to that communication, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 295.

296.    To the extent Paragraph 296 refers to an internal Meta communication, Meta respectfully refers the Court to that communication, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 296.

297.    Meta denies the allegations in Paragraph 297.

298.    Meta admits that it announced that it had reached an agreement to acquire WhatsApp for approximately $16 billion in February 2014.  Meta further admits that the agreement provided for additional restricted stock units to be granted to WhatsApp's founders and employees on certain conditions.  Meta otherwise denies the allegations in Paragraph 298.

299.    Meta denies the allegations in Paragraph 299.

300.    Meta denies the allegations in Paragraph 300.

301.    Meta denies the allegations in Paragraph 301.

302.    To the extent Paragraph 302 refers to specific contracts, Meta respectfully refers the Court to those contracts, which speak for themselves, for a complete and accurate statement of their contents.  Meta otherwise denies the allegations in Paragraph 302.

303.    Meta admits that the Events API enables event creators on developers' platforms to publish events on Facebook.  Meta further admits that the Events API helps event creators to optimize events for engagement and discoverability on Facebook surfaces such as Feed, Pages, and the Events shortcut.   To the extent Paragraph 303 refers to a document produced in this litigation, Meta respectfully refers the Court to that document, which speaks for itself, for a complete and accurate statement of its contents.   Meta otherwise denies the allegations in Paragraph 303.

304.    Meta denies the allegations in Paragraph 304.

305.    To the extent Paragraph 305 refers to specific contracts, Meta respectfully refers the Court to those contracts, which speak for themselves, for a complete and accurate statement of their contents.  Meta otherwise denies the allegations in Paragraph 305.  Meta otherwise denies the allegations in Paragraph 305.

306.    Meta denies the allegations in Paragraph 306.

307.    To the extent Paragraph 307 refers to a document produced in this litigation, Meta respectfully refers the Court to that document, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 307.

308.   To the extent Paragraph 308 refers to specific contracts, Meta respectfully refers the Court to those contracts, which speak for themselves, for a complete and accurate statement of their contents.  Meta otherwise denies the allegations in Paragraph 308.

309.   Meta admits that it entered an agreement with Ticketmaster in May 2017.  To the extent Paragraph 309 refers to a specific agreement, Meta respectfully refers the Court to that agreement, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 309.

310.   To the extent Paragraph 310 refers to specific agreements, Meta respectfully refers the Court to those agreements, which speak for themselves, for a complete and accurate statement of their contents.  Meta otherwise denies the allegations in Paragraph 310.

311.   Meta denies the allegations in Paragraph 311.

312.   To the extent Paragraph 312 refers to specific agreements, Meta respectfully refers the Court to those agreements, which speak for themselves, for a complete and accurate statement of their contents.  Meta otherwise denies the allegations in Paragraph 312.

313.   To the extent Paragraph 313 refers to specific agreements, Meta respectfully refers the Court to those agreements, which speak for themselves, for a complete and accurate statement of their contents.  Meta otherwise denies the allegations in Paragraph 313.

314.   To the extent Paragraph 314 refers to a specific agreement, Meta respectfully refers the Court to that agreement, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 314.

315.   To the extent Paragraph 315 refers to a specific agreement, Meta respectfully refers the Court to that agreement, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 315.

316.   Meta admits that it announced "The New Facebook Login and Graph API 2.0" on April 30, 2014 and provided developers a year to upgrade to those changes.  Meta otherwise denies the allegations in Paragraph 316.

317.   Meta denies the allegations in Paragraph 317.

318.   Meta denies the allegations in Paragraph 318.

319.    Meta denies the allegations in Paragraph 319.

320.    Meta admits that it acquired WhatsApp and Instagram.  Meta further admits that Messenger is a product in Meta's Family of Apps.  Meta otherwise denies the allegations in Paragraph 320.

321.    Meta denies the allegations in Paragraph 321.

322.    Meta denies the allegations in Paragraph 322.

323.    Meta denies the allegations in Paragraph 323.

324.    Meta denies the allegations in Paragraph 324.

325.    Meta denies the allegations in Paragraph 325.

326.    Meta admits that it uses data obtained from user activity on the Facebook app to deliver advertising and content to the user.  Meta otherwise denies the allegations in Paragraph 326.

327.    Meta denies the allegations in Paragraph 327.

328.    Meta denies the allegations in Paragraph 328.

329.    Meta admits that Facebook users use the internet for several functions, including booking travel, buying or selling goods, and streaming video.  Meta otherwise denies the allegations in Paragraph 329.

330.    Meta denies the allegations in Paragraph 330.

331.    To the extent Paragraph 331 refers to a document produced in this litigation, Meta respectfully refers the Court to that document, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 331.

332.    Meta admits that it earns revenue from delivering ads to users.  Meta otherwise denies the allegations in Paragraph 332.

333.    To the extent Paragraph 333 refers to a document produced in this litigation, Meta respectfully refers the Court to that document, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 333.

334.     Meta admits that Marketplace facilitates interactions between users so that users can buy and sell items on the Facebook platform. Meta further admits that it began developing Marketplace in 2014.  Meta otherwise denies the allegations in Paragraph 334.

335.     Meta admits that Marketplace enables users to list and browse items and services in a structured manner.  Meta otherwise denies the allegations in Paragraph 335.

336.     Meta admits that Marketplace competes with other e-commerce offerings, including eBay.  To the extent Paragraph 336 refers to a document produced in this litigation, Meta respectfully refers the Court to that document, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 336.

337.     Meta denies the allegations in Paragraph 337.

338.     Meta admits that Jonathan Eide has a Ph.D. and worked at Meta.  Meta further admits, upon information and belief, that Eide previously worked at Bain & Company.  Meta otherwise denies the allegations in Paragraph 338.

339.     Meta denies the allegations in Paragraph 339.

340.     To the extent Paragraph 340 refers to a document produced in this litigation, Meta respectfully refers the Court to that document, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 340.

341.     To the extent Paragraph 341 refers to a document produced in this litigation, Meta respectfully refers the Court to that document, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 341.

342.     To the extent Paragraph 342 refers to a document produced in this litigation, Meta respectfully refers the Court to that document, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 342.

343.     Meta denies the allegations in Paragraph 343.

344.     Meta admits that the Meta Pixel is a snippet of code that allows developers to track visitor activity on their websites.  Meta otherwise denies the allegations in Paragraph 344.

345.     Meta admits that the Meta Pixel is a snippet of code that allows developers to track visitor activity on their websites.  Meta further admits that the Meta Pixel enables Meta to match

a website developer's visitors to their respective Facebook user accounts and that Meta can tally a user's actions in the Facebook Ads Manager so that the website developer can use the data to analyze conversion flows and optimize ad campaigns.  Meta otherwise denies the allegations in Paragraph 345.

346.    Meta admits that the Meta Pixel is a snippet of code that allows developers to track visitor activity on their websites.  Meta further admits that the Meta Pixel enables Meta to match a website developer's visitors to their respective Facebook user accounts and that Meta can tally a user's actions in the Facebook Ads Manager so that the website developer can use the data to analyze conversion flows and optimize ad campaigns.  Meta otherwise denies the allegations in Paragraph 346.

347.    Meta denies the allegations in Paragraph 347.

348.    Meta denies the allegations in Paragraph 348.

349.    To the extent Paragraph 349 refers to a document produced in this litigation, Meta respectfully refers the Court to that document, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 349.

350.    To the extent Paragraph 350 refers to a document produced in this litigation, Meta respectfully refers the Court to that document, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 350.

351.    To the extent Paragraph 351 refers to a document produced in this litigation, Meta respectfully refers the Court to that document, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 351.

352.    Meta admits that Mary Ku was a product manager as of August 2015.  Meta further admits that Mary Ku previously worked at PayPal.  To the extent Paragraph 352 refers to a document produced in this litigation, Meta respectfully refers the Court to that document, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 352.

353.    To the extent Paragraph 353 refers to a document produced in this litigation, Meta respectfully refers the Court to that document, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 353.

354.    Meta admits that Marketplace was launched on October 3, 2016.  To the extent Paragraph 354 refers to a *TechCrunch* article, Meta respectfully refers the Court to that article, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 354.

355.    To the extent Paragraph 355 refers to an image, Meta respectfully refers the Court to that image, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 355.

356.    To the extent Paragraph 356 refers to a *TechCrunch* article, Meta respectfully refers the Court to that article, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 356.

357.    Meta admits that it sought to expose Facebook users to Marketplace.  Meta otherwise denies the allegations in Paragraph 357.

358.    Meta denies the allegations in Paragraph 358.

359.    Meta admits that Deborah Liu previously worked at eBay and PayPal before working at Meta.  To the extent Paragraph 359 refers to a document produced in this litigation, Meta respectfully refers the Court to that document, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 359.

360.    To the extent Paragraph 360 refers to a document produced in this litigation, Meta respectfully refers the Court to that document, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 360.

361.    Meta admits that Deborah Liu reported in December 2018 that Meta was testing components of the Marketplace product.  To the extent Paragraph 361 refers to a document produced in this litigation, Meta respectfully refers the Court to that document, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 361.

362.    Meta admits that it monitored data it received from Facebook Marketplace.  Meta further admits that Ashish Nayyar worked at PayPal before working at Meta. To the extent Paragraph 362 refers to a document produced in this litigation, Meta respectfully refers the Court to that document, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 362.

363.    To the extent Paragraph 363 refers to a document produced in this litigation, Meta respectfully refers the Court to that document, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 363.

364.    Meta admits that it competes with e-commerce offerings, including eBay and Craigslist.  Meta otherwise denies the allegations in Paragraph 364.

365.    Meta admits that no later than the end of 2015, it faced competition from Foursquare.  Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence of Paragraph 365, and on that basis denies the allegations.  Meta otherwise denies the allegations in Paragraph 365.

366.    Meta admits that Foursquare reportedly split itself into Swarm and Foursquare.  Meta lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 366, and on that basis denies the allegations.

367.    Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of Paragraph 367, and on that basis denies the allegations.  To the extent Paragraph 367 refers to a *TechCrunch* article, Meta respectfully refers the Court to that article, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 367.

368.    Meta admits that Foursquare was a competitor of Facebook.  Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 368, and on that basis denies the allegations.

369.    Meta admits that Foursquare data was licensable from Foursquare.  Meta otherwise denies the allegations in Paragraph 369.

370.    Meta denies that it has a monopoly in "Social Advertising."  Meta lacks knowledge or information sufficient to form a belief about the truth of the remainder of the allegations in Paragraph 370, and on that basis denies the allegations.

371.    Meta denies the allegations in Paragraph 371.

372.    Meta admits that it was preparing to launch the Places Graph by the end of March 2017.  To the extent Paragraph 372 refers to a document produced in this litigation, Meta respectfully refers the Court to that document, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 372.

373.    Meta admits that Facebook Local launched on November 10, 2017.  Meta further admits that Facebook Local provided information about nearby places of interest.  To the extent Paragraph 373 refers to a document produced in this litigation, Meta respectfully refers the Court to that document, which speaks for itself, for a complete and accurate statement of its contents. Meta otherwise denies the allegations in Paragraph 373.

374.    To the extent Paragraph 374 refers to a document produced in this litigation, Meta respectfully refers the Court to that document, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 374.

375.    To the extent Paragraph 375 refers to a document produced in this litigation, Meta respectfully refers the Court to that document, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 375.

376.    Meta denies the allegations in Paragraph 376.

377.    Meta admits that it competes with Foursquare and Yelp, among others.  Meta otherwise denies the allegations in Paragraph 377.

378.    Meta denies the allegations in Paragraph 378.

379.    Meta admits that by 2016, the Facebook application had a video tab in its mobile product.  Meta otherwise denies the allegations in Paragraph 379.

380.    Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 380, and on that basis denies the allegations.

381.   Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 381, and on that basis denies the allegations.

382.   To the extent Paragraph 382 refers to a *Wall Street Journal* article, Meta respectfully refers the Court to that article, which speaks for itself, for a complete and accurate statement of its contents.  Meta lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 382, and on that basis denies the allegations.

383.   Meta admits that streaming video competes with the Meta Family of Apps for user time and attention.  Meta otherwise denies the allegations in Paragraph 383.

384.   Meta denies the allegations in Paragraph 384.

385.   Meta denies the allegations in Paragraph 385.

386.   Meta admits that Watch was introduced on August 9, 2017.  To the extent Paragraph 386 refers to an image, Meta respectfully refers the Court to that image, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 386.

387.   Meta admits that it generated revenue by selling ads in Facebook Watch.  Meta denies the allegations in Paragraph 387.

388.   Meta admits that Watch allowed video to be tailored to individual users, including based on their network of friends.  To the extent Paragraph 388 refers to a *TechCrunch* article, Meta respectfully refers the Court to that article, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 388.

389.   Meta denies the allegations in Paragraph 389.

390.   To the extent Paragraph 390 refers to a document produced in this litigation, Meta respectfully refers the Court to that document, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 390.

391.   Meta admits that it compiled watch-time data and common queries for various categories of videos on Facebook Watch in January 2018.  To the extent Paragraph 391 refers to a document produced in this litigation, Meta respectfully refers the Court to that document, which

1    speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the

2    allegations in Paragraph 391.

3            392.    Meta admits that Reed Hastings was a member of Facebook's Board of Directors.

4    Meta further admits that Mr. Hastings is the founder and co-CEO of Netflix.  Meta otherwise

5    denies the allegations in Paragraph 392.

6            393.    Meta denies the allegations in Paragraph 393.

7            394.    Meta admits that it earns revenues from delivering ads to users.  Meta otherwise

8    denies the allegations in Paragraph 394.

9            395.    Meta admits that by 2015, Facebook's users were using smartphones and web

10   applications to perform time- and attention-consuming activities that Meta had not made part of

11   its owned-and-controlled product.  Meta otherwise denies the allegations in Paragraph 395.

12           396.    Meta denies the allegations in Paragraph 396.

13           397.    Meta admits that if it offered advertisers an inferior product, advertisers would not

14   advertise on Facebook.  Meta otherwise denies the allegations in Paragraph 397.

15           398.    Meta denies the allegations in Paragraph 398.

16           399.    Meta denies the allegations in Paragraph 399.

17           400.    Meta admits that it made plans to launch Marketplace, Places API, and Watch

18   between 2016 and 2018.  Meta otherwise denies the allegations in Paragraph 400.

19           401.    Meta denies the allegations in Paragraph 401.

20           402.    Meta lacks knowledge or information sufficient to form a belief about the truth of

21   the allegations in the second sentence of Paragraph 402, and on that basis denies the allegations.

22   Meta otherwise denies the allegations in Paragraph 402.

23           403.    Meta denies the allegations in Paragraph 403.

24           404.    To the extent Paragraph 404 refers to a document produced in this litigation, Meta

25   respectfully refers the Court to that document, which speaks for itself, for a complete and accurate

26   statement of its contents.  Meta otherwise denies the allegations in Paragraph 404.

27

28

405.    To the extent Paragraph 405 refers to a document produced in this litigation, Meta respectfully refers the Court to that document, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 405.

406.    To the extent Paragraph 406 refers to a document produced in this litigation, Meta respectfully refers the Court to that document, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 406.

407.    Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in the last sentence of Paragraph 407, and on that basis denies the allegations.  Meta otherwise denies the allegations in Paragraph 407.

408.    Meta denies the allegations in Paragraph 408.

409.    Meta denies the allegations in Paragraph 409.

410.    Meta admits that it faces stiff competition, including from Foursquare, Yelp, eBay, Craigslist, Amazon, and Netflix.  Meta otherwise denies the allegations in Paragraph 410.

411.    Meta denies the allegations in Paragraph 411.

412.    Meta admits that it competes with eBay and Netflix and that eBay and Netflix buy advertising from Meta.  Meta otherwise denies the allegations in Paragraph 412.

413.    Meta admits that it earns revenues from delivering ads to users.  Meta otherwise denies the allegations in Paragraph 413.

414.    Meta denies the allegations in Paragraph 414.

415.    Meta denies the allegations in Paragraph 415.

416.    Meta denies the allegations in Paragraph 416.

417.    Meta denies the allegations in Paragraph 417.

418.    Meta admits that it competes with Foursquare.  Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence of Paragraph 418, and on that basis denies the allegations.  Meta otherwise denies the allegations in Paragraph 418.

419.     Meta admits that it competes with Foursquare.  Meta further admits that "Place Tips" was announced on January 29, 2015.  Meta otherwise denies the allegations in Paragraph 419.

420.     Meta admits that it competes with Foursquare.  Meta otherwise denies the allegations in Paragraph 420.

421.     Meta admits that it negotiated with Foursquare.  Meta further admits that Foursquare made its Places database and location-based data stream available through its API. Meta lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 421, and on that basis denies the allegations.

422.     To the extent Paragraph 422 refers to an agreement between Meta and Foursquare, Meta respectfully refers the Court to that agreement, the terms of which speak for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 422.

423.     To the extent Paragraph 423 refers to an agreement between Meta and Foursquare, Meta respectfully refers the Court to that agreement, the terms of which speak for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 423.

424.     To the extent Paragraph 424 refers to a document produced in this litigation, Meta respectfully refers the Court to that document, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 424.

425.     To the extent Paragraph 425 refers to an agreement between Meta and Foursquare, Meta respectfully refers the Court to that agreement, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 425.

426.     To the extent Paragraph 426 refers to an agreement between Meta and Foursquare, Meta respectfully refers the Court to that agreement, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 426.

427.     Meta denies the allegations in Paragraph 427.

428.     Meta denies the allegations in Paragraph 428.

429.     Meta admits that Marketplace was launched in 2016 and that eBay advertises on Facebook.  Meta further admits that it competes with eBay.  Meta otherwise denies the allegations in Paragraph 429.

430.     Meta admits that Peter Thiel invested in Facebook and served as a member of Facebook's Board of Directors.  Meta further admits that Mr. Thiel co-founded PayPal.  Meta further admits that it integrated PayPal as a payments option in Facebook Messenger.  Meta lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 430, and on that basis denies the allegations.

431.     Meta admits that Peter Thiel served as a member of Facebook's Board of Directors. Meta further admits that Marc Andreessen serves as a member of Meta's Board of Directors.  Meta further admits that Mr. Andreesen served as a member of eBay's board of directors.   Meta otherwise denies the allegations in Paragraph 431.

432.     Meta admits that Deborah Liu worked at eBay before working at Meta.  To the extent Paragraph 432 refers to a *Forbes* article, Meta respectfully refers the Court to that article, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 432.

433.     Meta admits that Deborah Liu worked at Meta.  Meta further admits that Mary Ku worked at Meta.  Meta further admits that Ashish Nayyar worked at Meta.  Meta further admits that Mary Ku and Ashish Nayyar worked under Deborah Liu.   Meta otherwise denies the allegations in Paragraph 433.

434.     Meta admits that Marketplace was launched in October 2016.  Meta otherwise denies the allegations in Paragraph 434.

435.     Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 435, and on that basis denies the allegations.

436.     To the extent Paragraph 436 refers to a document produced in this litigation, Meta respectfully refers the Court to that document, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 436.

437.    Meta admits that Meta personnel were discussing access to and use of data from eBay's advertising, including from the Facebook Pixel and from eBay's apps, in September 2016. To the extent Paragraph 437 refers to a document produced in this litigation, Meta respectfully refers the Court to that document, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 437.

438.    To the extent Paragraph 438 refers to a document produced in this litigation, Meta respectfully refers the Court to that document, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 438.

439.    To the extent Paragraph 439 refers to a document produced in this litigation, Meta respectfully refers the Court to that document, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 439.

440.    To the extent Paragraph 440 refers to a document produced in this litigation, Meta respectfully refers the Court to that document, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 440.

441.    To the extent Paragraph 441 refers to a document produced in this litigation, Meta respectfully refers the Court to that document, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 441.

442.    Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 442, and on that basis denies the allegations.

443.    To the extent Paragraph 443 refers to a document produced in this litigation, Meta respectfully refers the Court to that document, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 443.

444.    To the extent Paragraph 444 refers to a document produced in this litigation, Meta respectfully refers the Court to that document, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 444.

445.    To the extent Paragraph 445 refers to a document produced in this litigation, Meta respectfully refers the Court to that document, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 445.

1   446.   Meta denies the allegations in Paragraph 446.

2   447.   To the extent Paragraph 447 refers to a document produced in this litigation, Meta

3   respectfully refers the Court to that document, which speaks for itself, for a complete and accurate

4   statement of its contents.  Meta otherwise denies the allegations in Paragraph 447.

5   448.   To the extent Paragraph 448 refers to a document produced in this litigation, Meta

6   respectfully refers the Court to that document, which speaks for itself, for a complete and accurate

7   statement of its contents.  Meta otherwise denies the allegations in Paragraph 448.

8   449.   Meta admits that a draft term sheet was prepared for eBay's consideration in

9   October 2016.  To the extent Paragraph 449 refers to a document produced in this litigation, Meta

10  respectfully refers the Court to that document, which speaks for itself, for a complete and accurate

11  statement of its contents.  Meta otherwise denies the allegations in Paragraph 449.

12  450.   To the extent Paragraph 450 refers to a document produced in this litigation, Meta

13  respectfully refers the Court to that document, which speaks for itself, for a complete and accurate

14  statement of its contents.  Meta otherwise denies the allegations in Paragraph 450.

15  451.   To the extent Paragraph 451 refers to a document produced in this litigation, Meta

16  respectfully refers the Court to that document, which speaks for itself, for a complete and accurate

17  statement of its contents.  Meta otherwise denies the allegations in Paragraph 451.

18  452.   To the extent Paragraph 452 refers to a document produced in this litigation, Meta

19  respectfully refers the Court to that document, which speaks for itself, for a complete and accurate

20  statement of its contents.  Meta otherwise denies the allegations in Paragraph 452.

21  453.   To the extent Paragraph 453 refers to a document produced in this litigation, Meta

22  respectfully refers the Court to that document, which speaks for itself, for a complete and accurate

23  statement of its contents.  Meta otherwise denies the allegations in Paragraph 453.

24  454.   To the extent Paragraph 454 refers to a document produced in this litigation, Meta

25  respectfully refers the Court to that document, which speaks for itself, for a complete and accurate

26  statement of its contents.  Meta otherwise denies the allegations in Paragraph 454.

27

28

40   ANSWER TO FIRST AMENDED CONSOLIDATED
ADVERTISER CLASS ACTION COMPLAINT

455.    To the extent Paragraph 455 refers to a document produced in this litigation, Meta respectfully refers the Court to that document, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 455.

456.    To the extent Paragraph 456 refers to a document produced in this litigation, Meta respectfully refers the Court to that document, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 456.

457.    Meta admits that Dan Rose asked Stephanie Wang whether Mark Zuckerberg had approved Meta's commitments to eBay on November 8, 2016.   To the extent Paragraph 457 refers to a document produced in this litigation, Meta respectfully refers the Court to that document, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 457.

458.    Meta admits that it was in negotiations with eBay in February 2017.  To the extent Paragraph 458 refers to a document produced in this litigation, Meta respectfully refers the Court to that document, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 458.

459.    To the extent Paragraph 459 refers to a document produced in this litigation, Meta respectfully refers the Court to that document, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 459.

460.    To the extent Paragraph 460 refers to a document produced in this litigation, Meta respectfully refers the Court to that document, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 460.

461.    Meta denies the allegations in Paragraph 461.

462.    Meta admits that it had appeared to reach an agreement with eBay on March 3, 2017.   To the extent Paragraph 462 refers to a document produced in this litigation, Meta respectfully refers the Court to that document, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 462.

463.    To the extent Paragraph 463 refers to a document produced in this litigation, Meta respectfully refers the Court to that document, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 463.

464.    To the extent Paragraph 464 refers to a document produced in this litigation, Meta respectfully refers the Court to that document, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 464.

465.    To the extent Paragraph 465 refers to a document produced in this litigation, Meta respectfully refers the Court to that document, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 465.

466.    To the extent Paragraph 466 refers to a document produced in this litigation, Meta respectfully refers the Court to that document, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 466.

467.    To the extent Paragraph 467 refers to a document produced in this litigation, Meta respectfully refers the Court to that document, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 467.

468.    To the extent Paragraph 468 refers to a document produced in this litigation, Meta respectfully refers the Court to that document, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 468.

469.    To the extent Paragraph 469 refers to a document produced in this litigation, Meta respectfully refers the Court to that document, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 469.

470.    To the extent Paragraph 470 refers to a document produced in this litigation, Meta respectfully refers the Court to that document, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 470.

471.    To the extent Paragraph 471 refers to an agreement between Meta and eBay, Meta respectfully refers the Court to that agreement, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 471.

472.    To the extent Paragraph 472 refers to an agreement between Meta and eBay, Meta respectfully refers the Court to that agreement, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 472.

473.    Meta denies the allegations in Paragraph 473.

474.    Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 474, and on that basis denies the allegations.

475.    Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 475, and on that basis denies the allegations.

476.    Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of Paragraph 476, and on that basis denies the allegations.  Meta otherwise denies the allegations in Paragraph 476.

477.    Meta admits that Reed Hastings served as a member of Facebook's Board of Directors and was Netflix's founder and co-CEO.  Meta otherwise denies the allegations in Paragraph 477.

478.    Meta admits that Reed Hastings served as Chair of Facebook's Board of Directors' Compensation and Governance Committee.  Meta otherwise denies the allegations in Paragraph 478.

479.    Meta admits that its Compensation and Governance committee monitored and approved executive compensation, evaluated conflicts of interest, and reviewed proposed changes to Meta's Code of Conduct.  To the extent Paragraph 479 refers to a document produced in this litigation, Meta respectfully refers the Court to that document, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 479.

480.    Meta admits that Reed Hastings, Peter Thiel, and Marc Andreesen served on the Compensation and Governance Committee between 2015 and 2019 and that Mr. Hastings chaired the Compensation and Governance Committee between 2015 and 2019.  To the extent Paragraph 480 refers to a document produced in this litigation, Meta respectfully refers the Court to that

document, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 480.

481.   Meta admits that its board of directors had to approve members of the Compensation and Governance Committee and admits that there are federal legal requirements of independence for members of the company's Compensation and Governance Committee.  To the extent Paragraph 481 refers to a document produced in this litigation, Meta respectfully refers the Court to that document, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 481.

482.   To the extent Paragraph 482 refers to Meta's corporate charter, Meta respectfully refers the Court to that document, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 482.

483.   To the extent Paragraph 483 refers to a document produced in this litigation, Meta respectfully refers the Court to that document, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 483.

484.   To the extent Paragraph 484 refers to a document produced in this litigation, Meta respectfully refers the Court to that document, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 484.

485.   Meta admits that Reed Hastings is the founder and co-CEO of Netflix.  Meta further admits that Netflix purchased advertisements on Facebook.  To the extent Paragraph 485 refers to a document produced in this litigation, Meta respectfully refers the Court to that document, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 485.

486.   Meta admits that Reed Hastings served as a member of Facebook's Board of Directors.  Meta further admits that Mr. Hastings served as chair of Facebook's Compensation and Governance Committee.  Meta otherwise denies the allegations in Paragraph 486.

487.   Meta denies the allegations in Paragraph 487.

488.   Meta admits that Watch was launched in August 2017.  Meta further admits that it competes with Netflix.  Meta otherwise denies the allegations in Paragraph 488.

489.    To the extent Paragraph 489 refers to a *Wall Street Journal* article, Meta respectfully refers the Court to that article, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 489.

490.    Meta admits that it competes with Netflix.  Meta otherwise denies the allegations in Paragraph 490.

491.    Meta admits that it sells advertising.  Meta otherwise denies the allegations in Paragraph 491.

492.    To the extent Paragraph 492 refers to an interview with *Variety*, Meta respectfully refers the Court to that interview, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 492.

493.    Meta admits that a significant expense of building a streaming video platform can come from licensing content, including popular TV shows.  To the extent Paragraph 493 refers to a document produced in this litigation, Meta respectfully refers the Court to that document, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 493.

494.    Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of Paragraph 494, and on that basis denies the allegations.  To the extent Paragraph 494 refers to a document produced in this litigation, Meta respectfully refers the Court to that document, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 494.

495.    Meta admits that it competes with Netflix.  To the extent Paragraph 495 refers to a document produced in this litigation, Meta respectfully refers the Court to that document, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 495.

496.    To the extent Paragraph 496 refers to a document produced in this litigation, Meta respectfully refers the Court to that document, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 496.

497.     To the extent Paragraph 497 refers to a document produced in this litigation, Meta respectfully refers the Court to that document, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 497.

498.     Meta denies the allegations in Paragraph 498.

499.     Meta denies the allegations in Paragraph 499.

500.     Meta admits that Netflix maintained access to certain APIs after April 2015.  To the extent Paragraph 500 refers to a document produced in this litigation, Meta respectfully refers the Court to that document, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 500.

501.     Meta admits that it worked with Netflix to develop ways to promote Netflix shows, including Narcos, on Facebook.  To the extent Paragraph 501 refers to a document produced in this litigation, Meta respectfully refers the Court to that document, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 501.

502.     Meta admits that it invited Netflix to test certain new APIs.  To the extent Paragraph 502 refers to a document produced in this litigation, Meta respectfully refers the Court to that document, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 502.

503.     Meta admits that Netflix has purchased advertisements on Facebook.  To the extent Paragraph 503 refers to a document produced in this litigation, Meta respectfully refers the Court to that document, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 503.

504.     Meta admits that Reed Hastings served as a member of Facebook's Board of Directors.  Meta further admits that Mr. Hastings is the founder and CEO of Netflix.  Meta otherwise denies the allegations in Paragraph 504.

505.     To the extent Paragraph 505 refers to a document produced in this litigation, Meta respectfully refers the Court to that document, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 505.

506.    To the extent Paragraph 506 refers to a document produced in this litigation, Meta respectfully refers the Court to that document, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 506.

507.    To the extent Paragraph 507 refers to a document produced in this litigation, Meta respectfully refers the Court to that document, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 507.

508.    Meta denies the allegations in Paragraph 508.

509.    Meta admits that it entered certain agreements with Netflix.  To the extent Paragraph 509 refers to agreements between Meta and Netflix, Meta respectfully refers the Court to those agreements, which speak for themselves, for a complete and accurate statement of their contents.  Meta otherwise denies the allegations in Paragraph 509.

510.    To the extent Paragraph 510 refers to an agreement between Meta and Netflix, Meta respectfully refers the Court to that agreement, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 508.

511.    To the extent Paragraph 511 refers to agreements between Meta and Netflix, Meta respectfully refers the Court to those agreements, which speak for themselves, for a complete and accurate statement of their contents.  Meta otherwise denies the allegations in Paragraph 511.

512.    Meta denies the allegations in Paragraph 512.

513.    Meta denies the allegations in Paragraph 513.

514.    Meta denies the allegations in Paragraph 514.

515.    To the extent Paragraph 515 refers to an agreement between Meta and Netflix, Meta respectfully refers the Court to that agreement, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 515.

516.    Meta denies the allegations in Paragraph 516.

517.    To the extent Paragraph 517 refers to a document produced in this litigation, Meta respectfully refers the Court to that document, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 517.

518.    Meta denies the allegations in Paragraph 518.

519.     To the extent Paragraph 519 refers to a document produced in this litigation, Meta respectfully refers the Court to that document, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 519.

520.     To the extent Paragraph 520 refers to a document produced in this litigation, Meta respectfully refers the Court to that document, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 520.

521.     Meta denies the allegations in Paragraph 521.

522.     To the extent Paragraph 522 refers to a document produced in this litigation, Meta respectfully refers the Court to that document, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 522.

523.     Meta admits that Netflix purchased ads on Facebook.  To the extent Paragraph 523 refers to a document produced in this litigation, Meta respectfully refers the Court to that document, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 523.

524.     Meta denies the allegations in Paragraph 524.

525.     Meta admits that it announced original content and TV series for Facebook Watch. Meta otherwise denies the allegations in Paragraph 525.

526.     Meta admits that it began to reallocate funding for certain news shows on Facebook Watch in December 2018.  Meta further admits that it notified certain news publishers that it would not be renewing certain news programs in February 2019.  To the extent Paragraph 526 refers to a *Digiday* article, Meta respectfully refers the Court to that article, which speaks for itself, for a complete and accurate statement of its contents.   Meta otherwise denies the allegations in Paragraph 526.

527.     Meta admits that *Sorry for Your Loss* and *Limetown* are no longer in production. Meta otherwise denies the allegations in Paragraph 527.

528.     Meta admits that *SKAM Austin*, *Five Points*, *Sacred Lies*, *Turnt*, *The Birch*, and *Steroscope*, *Strangers*, *Queen America*, *Humans of New York: The Series, Bill Murray & Brian Doyle-Murray's Extra Innings*, *Tom vs. Time*, *Fly Guys*, *Behind the Wall: Bubba Wallace*, and

*Inside the Madness: Kentucky Basketball* are no longer in production.  Meta otherwise denies the allegations in Paragraph 528.

529.    Meta admits that *Confetti*, *Outside Your Bubble*, *Human Kind of*, *Liverspots and Astronots*, *Human Discoveries*, *No Script with Marshawn Lynch*, *Relationshipped*, *Backourt: Wade*, *The Tattoo Shop*, *Bear Grylls: Face of the Wild*, *Help Us Get Married*, *Huda Boss*, *Sneaker Hustle*, *Troy the Magician*, *You Kiddin Me*, *Big Chicken Shaq*, *Double Take*, and *Will Smith's Bucket List* are no longer in production.  Meta otherwise denies the allegations in Paragraph 529.

530.    Meta denies the allegations in Paragraph 530.

531.    Meta denies the allegations in Paragraph 531.

532.    Meta denies the allegations in Paragraph 532.

533.    Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in the last sentence of Paragraph 533, and on that basis denies the allegations.  Meta otherwise denies the allegations in Paragraph 533.

534.    Meta denies the allegations in Paragraph 534.

535.    Meta denies the allegations in Paragraph 535.

536.    Meta admits that it announced on April 12, 2019 that Reed Hastings would be leaving Facebook's Board of Directors.   Meta otherwise denies the allegations in Paragraph 536.

537.    Meta denies the allegations in Paragraph 537.

538.    Meta denies the allegations in Paragraph 538.

539.    Meta denies the allegations in Paragraph 539.

540.    Meta denies the allegations in Paragraph 540.

541.    Meta denies the allegations in Paragraph 541.

542.    Meta denies the allegations in Paragraph 542.

543.    Meta admits that it received certain data from Onavo.  Meta otherwise denies the allegations in Paragraph 543.

544.    Meta admits that Onavo Protect provided users with a Virtual Private Network ("VPN") to protect and encrypt their personal information.  To the extent Paragraph 544 refers to

1   an image, Meta respectfully refers the Court to that image, which speaks for itself, for a complete

2   and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 544.

3      545. Meta admits that Onavo Protect was available for download from the Apple App

4   Store and Google Play Store.  Meta further admits that Onavo put out an app called Bolt App Lock.

5   Meta otherwise denies the allegations in Paragraph 545.

6      546. Meta admits that it received certain data from Onavo.  Meta otherwise denies the

7   allegations in Paragraph 546.

8      547. To the extent Paragraph 547 refers to a document produced in this litigation, Meta

9   respectfully refers the Court to that document, which speaks for itself, for a complete and accurate

10   statement of its contents.  Meta otherwise denies the allegations in Paragraph 547.

11      548. To the extent Paragraph 548 refers to a document produced in this litigation, Meta

12   respectfully refers the Court to that document, which speaks for itself, for a complete and accurate

13   statement of its contents.  Meta otherwise denies the allegations in Paragraph 548.

14      549. To the extent Paragraph 549 refers to a document produced in this litigation, Meta

15   respectfully refers the Court to that document, which speaks for itself, for a complete and accurate

16   statement of its contents.  Meta otherwise denies the allegations in Paragraph 549.

17      550. To the extent Paragraph 550 refers to a document produced in this litigation, Meta

18   respectfully refers the Court to that document, which speaks for itself, for a complete and accurate

19   statement of its contents.  Meta otherwise denies the allegations in Paragraph 550.

20      551. To the extent Paragraph 551 refers to a document produced in this litigation, Meta

21   respectfully refers the Court to that document, which speaks for itself, for a complete and accurate

22   statement of its contents.  Meta otherwise denies the allegations in Paragraph 551.

23      552. Meta denies the allegations in Paragraph 552.

24      553. Meta admits that it maintains a data warehouse commonly referred to as "Hive."

25   Meta further admits that data collected by Onavo was stored in Hive.  Meta otherwise denies the

26   allegations in Paragraph 553.

27

28

1    554.    Meta admits that it removed the Onavo app from the Apple App Store in August

2    2018 and the Google Play Store in February 2019.  Meta otherwise denies the allegations in

3    Paragraph 554.

4    555.    Meta admits that it had acquired Instagram and WhatsApp by the end of 2016.

5    Meta further admits that WhatsApp had and has a global user base.  Meta otherwise denies the

6    allegations in Paragraph 555.

7    556.    Meta admits that not every smartphone user in the world used Onavo.  Meta

8    otherwise denies the allegations in Paragraph 556.

9    557.    Meta denies the allegations in Paragraph 557.

10   558.    Meta denies the allegations in Paragraph 558.

11   559.    Meta denies the allegations in Paragraph 559.

12   560.    Meta admits that it received certain data from Onavo.  Meta otherwise denies the

13   allegations in Paragraph 560.

14   561.    Meta admits that it may use machine learning and artificial intelligence systems to

15   make inferences about users.  Meta otherwise denies the allegations in Paragraph 561.

16   562.    To the extent Paragraph 562 refers to a document produced in this litigation, Meta

17   respectfully refers the Court to that document, which speaks for itself, for a complete and accurate

18   statement of its contents.  Meta otherwise denies the allegations in Paragraph 562.

19   563.    Meta admits that data it maintains for analysis is stored in Hive.  Meta otherwise

20   denies the allegations in Paragraph 563.

21   564.    Meta denies the allegations in Paragraph 564.

22   565.    To the extent Paragraph 565 refers to a document produced in this litigation, Meta

23   respectfully refers the Court to that document, which speaks for itself, for a complete and accurate

24   statement of its contents.  Meta otherwise denies the allegations in Paragraph 565.

25   566.    To the extent Paragraph 566 refers to a document produced in this litigation, Meta

26   respectfully refers the Court to that document, which speaks for itself, for a complete and accurate

27   statement of its contents.  Meta otherwise denies the allegations in Paragraph 566.

28   567.    Meta denies the allegations in Paragraph 567.

568.   Meta denies the allegations in Paragraph 568.

569.   Meta denies the allegations in Paragraph 569.

570.   Meta admits that Facebook users spend significant time outside of Facebook, including on mobile apps and web applications.  Meta otherwise denies the allegations in Paragraph 570.

571.   Meta admits that it announced the Facebook Audience Network in April 2014 at the 2014 F8 conference.  Meta further admits that the Facebook Audience Network provided a way for advertisers to extend their campaigns beyond Facebook and into other mobile apps.  Meta otherwise denies the allegations in Paragraph 571.

572.   To the extent Paragraph 572 refers to a news article, Meta respectfully refers the Court to that news article, which speaks for itself, for a complete and accurate statement of its contents.  Meta admits that the Facebook Audience Network provided a way for advertisers to extend their campaigns beyond Facebook and into other mobile apps.  Meta otherwise denies the allegations in Paragraph 572.

573.   To the extent Paragraph 573 refers to a news article, Meta respectfully refers the Court to that news article, which speaks for itself, for a complete and accurate statement of its contents.  Meta admits that the Facebook Audience Network provided a way for advertisers to extend their campaigns beyond Facebook and into other mobile apps. Meta otherwise denies the allegations in Paragraph 573.

574.   Meta denies the allegations in Paragraph 574.

575.   Meta admits that it extended its Facebook Audience Network to developers in October 2014.  Meta further admits that the Facebook Audience Network provided a way for advertisers to extend their campaigns beyond Facebook and into other mobile apps.  Meta otherwise denies the allegations in Paragraph 575.

576.   To the extent Paragraph 576 refers to a news article, Meta respectfully refers the Court to that news article, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 576.

577.   Meta denies the allegations in Paragraph 577.

578.    Meta denies the allegations in Paragraph 578.

579.    Meta admits that it promoted its Login product at the 2014 F8 conference.  Meta otherwise denies the allegations in Paragraph 579.

580.    To the extent Paragraph 580 refers to a public blog post, Meta respectfully refers the Court to that post, which speaks for itself, for a complete and accurate statement of its contents. Meta otherwise denies the allegations in Paragraph 580.

581.    Meta admits that it competes head-on with Google, including in the sale of advertising.  To the extent Paragraph 581 refers to a news article, Meta respectfully refers the Court to that news article, which speaks for itself, for a complete and accurate statement of its contents. Meta otherwise denies the allegations in Paragraph 581.

582.    Meta denies the allegations in Paragraph 582.

583.    Meta admits that Atlas allowed advertisers to plan campaigns, buy ads on sites across the web, and measure their impact.  To the extent the remaining allegations in Paragraph 583 refer to a news article, Meta respectfully refers the Court to that news article, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 583.

584.    Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 584, and on that basis denies the allegations.

585.    Meta denies the allegations in the first sentence of Paragraph 585.  Meta lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 585, and on that basis denies the allegations.

586.    To the extent Paragraph 586 refers to a news article, Meta respectfully refers the Court to that news article, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 586.

587.    Meta denies the allegations in Paragraph 587.

588.    Meta denies the allegations in Paragraph 588.

589.    Meta admits that Atlas allowed advertisers to plan campaigns, buy ads on sites across the web, and measure their impact.  Meta further admits that Atlas handled rich media and

1   in-stream video, display ads, and offered APIs for programmatic control.  Meta otherwise denies

2   the allegations in Paragraph 589.

3        590.    To the extent Paragraph 590 refers to an internal Meta communication, Meta

4   respectfully refers the Court to that communication, which speaks for itself, for a complete and

5   accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 590.

6        591.    To the extent Paragraph 591 refers to an internal Meta communication, Meta

7   respectfully refers the Court to that communication, which speaks for itself, for a complete and

8   accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 591.

9        592.    Meta admits that it announced on February 28, 2013 that it reached an agreement

10   to acquire Atlas.  To the extent Paragraph 592 refers to an internal Meta communication, Meta

11   respectfully refers the Court to that communication, which speaks for itself, for a complete and

12   accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 592.

13        593.    Meta admits that the Meta Pixel is a snippet of code that allows developers to track

14   visitor activity on their websites.  Meta otherwise denies the allegations in Paragraph 593.

15        594.    Meta admits that Erik Johnson announced in a blog post that Meta had rebuilt Atlas

16   "from the ground up."  To the extent Paragraph 594 refers to a blog post, Meta respectfully refers

17   the Court to that blog post, which speaks for itself, for a complete and accurate statement of its

18   contents.  Meta admits that the announcement referenced was made ahead of an "Advertising

19   Week" in New York City.  Meta otherwise denies the allegations in Paragraph 594.

20        595.    Meta admits that the blog post is no longer available on its website.  To the extent

21   Paragraph 595 refers to a news article, Meta respectfully refers the Court to that news article, which

22   speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the

23   allegations in Paragraph 595.

24        596.    Meta admits that Atlas Managing Director Erik Johnson spoke at the Web Summit

25   2014 convention.  To the extent Paragraph 596 refers to an image, Meta respectfully refers the

26   Court to that image, which speaks for itself, for a complete and accurate statement of its contents.

27   Meta otherwise denies the allegations in Paragraph 596.

28

597.    To the extent Paragraph 597 refers to public statements, Meta respectfully refers the Court to those public statements, which speak for themselves, for a complete and accurate statement of their contents.  Meta otherwise denies the allegations in Paragraph 597.

598.    Meta denies the allegations in Paragraph 598.

599.    Meta admits that it acquired LiveRail.  Meta otherwise denies the allegations in Paragraph 599.

600.    Meta admits that LiveRail focused on connecting marketers to publishers on web and mobile platforms.  Meta further admits that LiveRail used an automated bidding process and served seven billion video ads per month to visitors at the time of acquisition.  Meta otherwise denies the allegations in Paragraph 600.

601.    Meta denies the allegations in Paragraph 601.

602.    To the extent Paragraph 602 refers to a news article, Meta respectfully refers the Court to that news article, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 602.

603.    Meta denies the allegations in Paragraph 603.

604.    Meta admits that it launched "Lookalike Audiences" in 2013 to allow advertisers to run ad campaigns directed at Facebook users with characteristics similar to advertisers' existing customers or users who have liked an advertiser's Facebook Page.  Meta otherwise denies the allegations in Paragraph 604.

605.    To the extent Paragraph 605 refers to statements on Facebook's website, Meta respectfully refers the Court to those statements, which speak for themselves, for a complete and accurate statement of their contents.  Meta otherwise denies the allegations in Paragraph 605.

606.    To the extent Paragraph 606 refers to a public statement, Meta respectfully refers the Court to that public statement, which speaks itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 606.

607.    Meta denies the allegations in Paragraph 607.

608.    Meta denies the allegations in Paragraph 608.

609.    Meta denies the allegations in Paragraph 609.

1    610.    Meta denies the allegations in Paragraph 610.

2    611.    To the extent Paragraph 611 refers to written answers provided to Congress, Meta

3  respectfully refers the Court to those written answers, which speak for themselves, for a complete

4  and accurate statement of their contents.  Meta otherwise denies the allegations in Paragraph 611.

5    612.    To the extent Paragraph 612 refers to written answers provided to Congress, Meta

6  respectfully refers the Court to those written answers, which speak for themselves, for a complete

7  and accurate statement of their contents.  Meta otherwise denies the allegations in Paragraph 612.

8    613.    Meta denies the allegations in Paragraph 613.

9    614.    Meta denies the allegations in Paragraph 614.

10    615.    Meta lacks knowledge or information sufficient to form a belief about the truth of

11  the allegations in Paragraph 615, and on that basis denies the allegations.

12    616.    Meta admits that digital publishers that choose to participate in Google's Ad

13  Manager would provide their advertising inventory to Google's Ad Manager, which supports

14  multiple digital ad exchanges and networks.  Meta lacks knowledge or information sufficient to

15  form a belief about the truth of the remaining allegations in Paragraph 616, and on that basis denies

16  the allegations.

17    617.    Meta lacks knowledge or information sufficient to form a belief about the truth of

18  the allegations in Paragraph 617, and on that basis denies the allegations.

19    618.    Meta lacks knowledge or information sufficient to form a belief about the truth of

20  the allegations in Paragraph 618, and on that basis denies the allegations.

21    619.    Meta lacks knowledge or information sufficient to form a belief about the truth of

22  the allegations in Paragraph 619, and on that basis denies the allegations.

23    620.    Meta admits that, based on publicly available information, Google owns and

24  operates a digital ad exchange called Google Ad Exchange.  Meta further admits that Google Ad

25  Exchange may be colloquially referred to as "AdX."  Meta further admits that there are certain

26  fees for participants to use Google Ad Exchange services.  Meta lacks knowledge or information

27  sufficient to form a belief about the truth of the remaining allegations in Paragraph 620, and on

28  that basis denies the allegations.

621. Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 621, and on that basis denies the allegations.

622. Meta admits that Gmail and Google News are both Google products. Meta further admits that Android is Google's mobile operating system. Meta lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 622, and on that basis denies the allegations.

623. Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 623, and on that basis denies the allegations.

624. Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 624, and on that basis denies the allegations.

625. Meta denies the allegations in Paragraph 625.

626. Meta denies the allegations in Paragraph 626.

627. Meta denies the allegations in Paragraph 627.

628. Meta denies the allegations in Paragraph 628.

629. Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 384, and on that basis denies the allegations.

630. To the extent Paragraph 630 refers to a public blog post, Meta respectfully refers the Court to that public blog post, which speaks for itself, for a complete and accurate statement of its contents. Meta lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 630, and on that basis denies the allegations.

631. Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 631, and on that basis denies the allegations.

632. Meta denies the allegations in Paragraph 632.

633. To the extent Paragraph 633 refers to an internal Meta communication, Meta respectfully refers the Court to that communication, which speaks for itself, for a complete and accurate statement of its contents. Meta otherwise denies the allegations in Paragraph 633.

634. Meta denies the allegations in Paragraph 634.

635. Meta denies the allegations in Paragraph 635.

57          ANSWER TO FIRST AMENDED CONSOLIDATED
                                                                                    ADVERTISER CLASS ACTION COMPLAINT

636.    Meta admits that certain publishers adopted a practice called "header bidding" for web-based, online advertising.  Meta further admits that certain implementations of header bidding would enable an online publisher's web browser ad inventory to be available to multiple ad exchanges at once.  Meta lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 636, and on that basis denies the allegations.

637.    Meta admits that certain implementations of header bidding would enable an online publisher's web browser ad inventory to be available to multiple ad exchanges at once.  Meta lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 637, and on that basis denies the allegations.

638.    Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 638, and on that basis denies the allegations.

639.    Meta admits that, based on publicly available information, Google offers a service called Open Bidding.  Meta lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 639, and on that basis denies the allegations.

640.    Meta admits that it announced in March 2017 that its Audience Network product would support header bidding for publishers' web inventory.  Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of Paragraph 640, and on that basis denies the allegations.

641.    To the extent Paragraph 641 refers to a news article, Meta respectfully refers the Court to that news article, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 641.

642.    To the extent Paragraph 642 refers to a news article, Meta respectfully refers the Court to that news article, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 642.

643.    Meta denies the allegations in Paragraph 643.

644.    To the extent Paragraph 644 refers to an agreement between Meta and Google, Meta respectfully refers the Court to that agreement, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 644.

645.    To the extent Paragraph 645 refers to an agreement between Meta and Google, Meta respectfully refers the Court to that agreement, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 645.

646.    To the extent Paragraph 646 refers to an agreement between Meta and Google, Meta respectfully refers the Court to that agreement, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 646.

647.    To the extent Paragraph 647 refers to an agreement between Meta and Google, Meta respectfully refers the Court to that agreement, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 647.

648.    To the extent Paragraph 647 refers to an agreement between Meta and Google, Meta respectfully refers the Court to that agreement, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 647.

649.    To the extent Paragraph 648 refers to an agreement between Meta and Google, Meta respectfully refers the Court to that agreement, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 648.

650.    To the extent Paragraph 650 refers to a news article, Meta respectfully refers the Court to that news article, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 650.

651.    Meta denies the allegations in Paragraph 651.

652.    Meta denies the allegations in Paragraph 652.

653.    Meta denies the allegations in Paragraph 653.

654.    Meta denies the allegations in Paragraph 654.

655.    Meta denies the allegations in Paragraph 655.

656.    Meta denies the allegations in Paragraph 656.

657.    Meta denies the allegations in Paragraph 657.

658.    Meta denies the allegations in Paragraph 658.

659.    Meta admits that Senator Elizabeth Warren was at one time a presidential candidate and that she and other U.S. Senators have expressly and publicly called for Meta to be broken up. Meta otherwise denies the allegations in Paragraph 659.

660.    Meta denies the allegations in Paragraph 660.

661.    Meta denies the allegations in Paragraph 661.

662.    Meta denies the allegations in Paragraph 662.

663.    Meta admits that "signals" are the infrastructure for machine learning processes that help advertisers understand customers' behaviors and optimize ads.  Meta otherwise denies the allegations in Paragraph 663.

664.    To the extent Paragraph 664 refers to a document produced in this litigation, Meta respectfully refers the Court to that document, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 664.

665.    To the extent Paragraph 665 refers to a document produced in this litigation, Meta respectfully refers the Court to that document, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 665.

666.    Meta admits that Facebook application users are required to provide the name they go by in their everyday life when creating a Facebook account.  Meta otherwise denies the allegations in Paragraph 666.

667.    Meta denies the allegations in Paragraph 667.

668.    To the extent Paragraph 668 refers to a document produced in this litigation, Meta respectfully refers the Court to that document, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 668.

669.    Meta admits that it analyzes some underlying data from signals.  To the extent Paragraph 669 refers to a document produced in this litigation, Meta respectfully refers the Court to that document, which speaks for itself, for a complete and accurate statement of its contents. Meta otherwise denies the allegations in Paragraph 669.

670.    Meta admits that it structures certain data by creating entities and then mapping those entities together.  To the extent Paragraph 670 refers to a document produced in this

litigation, Meta respectfully refers the Court to that document, which speaks for itself, for a complete and accurate statement of its contents. Meta otherwise denies the allegations in Paragraph 670.

671.   Meta admits that it creates a Knowledge Graph that maps certain entities together. To the extent Paragraph 671 refers to a document produced in this litigation, Meta respectfully refers the Court to that document, which speaks for itself, for a complete and accurate statement of its contents. Meta otherwise denies the allegations in Paragraph 671.

672.   Meta admits that it structures certain data it receives into a taxonomy. To the extent Paragraph 672 refers to a document produced in this litigation, Meta respectfully refers the Court to that document, which speaks for itself, for a complete and accurate statement of its contents. Meta otherwise denies the allegations in Paragraph 672.

673.   To the extent Paragraph 673 refers to a document produced in this litigation, Meta respectfully refers the Court to that document, which speaks for itself, for a complete and accurate statement of its contents. Meta otherwise denies the allegations in Paragraph 673.

674.   To the extent Paragraph 674 refers to a document produced in this litigation, Meta respectfully refers the Court to that document, which speaks for itself, for a complete and accurate statement of its contents. Meta otherwise denies the allegations in Paragraph 674.

675.   To the extent Paragraph 675 refers to a document produced in this litigation, Meta respectfully refers the Court to that document, which speaks for itself, for a complete and accurate statement of its contents. Meta otherwise denies the allegations in Paragraph 675.

676.   To the extent Paragraph 676 refers to a document produced in this litigation, Meta respectfully refers the Court to that document, which speaks for itself, for a complete and accurate statement of its contents. Meta otherwise denies the allegations in Paragraph 676.

677.   Meta admits that it maintains information on Intent Platform. Meta otherwise denies the allegations in Paragraph 677.

678.   Meta denies the allegations in Paragraph 678.

679.     To the extent Paragraph 679 refers to an image, Meta respectfully refers the Court to that image, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 679.

680.     Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 680, and on that basis denies the allegations.

681.     Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 681, and on that basis denies the allegations.

682.     To the extent Paragraph 682 refers to a document produced in this litigation, Meta respectfully refers the Court to that document, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 682.

683.     Meta admits that it derives and attempts to infer user intent from certain types of data that it gathers.  Meta otherwise denies the allegations in Paragraph 683.

684.     Meta denies the allegations in Paragraph 684.

685.     To the extent Paragraph 685 refers to an agreement between Meta and Google, Meta respectfully refers the Court to that agreement, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 685.

686.     Meta denies the allegations in Paragraph 686.

687.     Meta denies the allegations in Paragraph 687.

688.     Meta denies the allegations in Paragraph 688.

689.     Meta denies the allegations in Paragraph 689.

690.     Meta denies the allegations in Paragraph 690.

691.     Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence of Paragraph 691, and on that basis denies the allegations.  Meta otherwise denies the allegations in Paragraph 691.

692.     Meta admits that the European Commission once fined Meta €110 million.  To the extent Paragraph 692 refers to a press release, Meta respectfully refers the Court to that press release, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 692.

693.    Meta denies the allegations in Paragraph 693.

694.    Meta denies the allegations in Paragraph 694.

695.    Meta denies the allegations in Paragraph 695.

696.    Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of Paragraph 696, and on that basis denies the allegations.  Meta admits that Brian Acton no longer works at Meta.  To the extent Paragraph 696 refers to a Tweet, Meta respectfully refers the Court to that Tweet, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 696.

697.    Meta denies the allegations in Paragraph 697.

698.    Meta denies the allegations in Paragraph 698.

699.    Meta admits that Jan Koum, Kevin Systrom, and Mike Krieger are no longer employed by Meta.  Meta further admits that Kevin Systrom and Mike Krieger left Meta in the Fall of 2018.  Meta otherwise denies the allegations in Paragraph 699.

700.    Meta denies the allegations in Paragraph 700.

701.    To the extent Paragraph 701 refers to a *Washington Post* article, Meta respectfully refers the Court to that article, which speaks for itself, for a complete and accurate statement of its contents.  To the extent Paragraph 701 refers to statements made by Meta to developers or the public, Meta respectfully refers the Court to those statements, which speak for themselves, for a complete and accurate statement of their contents.  Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in the last sentence of Paragraph 701, and on that basis denies the allegations.  Meta otherwise denies the allegations in Paragraph 701.

702.    Meta admits that Mark Zuckerberg testified before Congress on April 10, 2018.  To the extent Paragraph 702 refers to a congressional hearing, Meta respectfully refers the Court to the transcript of that congressional hearing, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 702.

703.    Meta admits that U.S. lawmakers introduced legislation proposing modifications to the Communications Decency Act.  To the extent Paragraph 703 refers to a *Verge* article, Meta

1    respectfully refers the Court to that article, which speaks for itself, for a complete and accurate

2    statement of its contents.  Meta otherwise denies the allegations in Paragraph 703.

3          704.    Meta admits that Professor Tim Wu is reported to have coined the phrase "net

4    neutrality."  Meta further admits that Professor Wu called for Facebook's breakup.  To the extent

5    Paragraph 704 refers to a Verge article, Meta respectfully refers the Court to that article, which

6    speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the

7    allegations in Paragraph 704.

8          705.    Meta admits that in March 2019, Senator Elizabeth Warren was running for

9    President of the United States and called for the breakup of Facebook on March 8, 2019.  To the

10   extent Paragraph 705 refers to a blog post, Meta respectfully refers the Court to that blog post,

11   which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise

12   denies the allegations in Paragraph 705.

13         706.    Meta denies the allegations in Paragraph 706.

14         707.    To the extent Paragraph 707 refers to a document produced in this litigation, Meta

15   respectfully refers the Court to that document, which speaks for itself, for a complete and accurate

16   statement of its contents.  Meta otherwise denies the allegations in Paragraph 707.

17         708.    Meta denies the allegations in Paragraph 708.

18         709.    Meta denies the allegations in Paragraph 709.

19         710.    Meta denies the allegations in Paragraph 710.

20         711.    Meta denies the allegations in Paragraph 711.

21         712.    To the extent Paragraph 712 refers to a document produced in this litigation, Meta

22   respectfully refers the Court to that document, which speaks for itself, for a complete and accurate

23   statement of its contents.  Meta otherwise denies the allegations in Paragraph 712.

24         713.    Meta denies the allegations in Paragraph 713.

25         714.    Meta admits that end-to-end encryption ensures that only the sender and the person

26   the sender is communicating with can read or listen to what is sent.  Meta further admits that with

27   end-to-end encryption, messages are secured with a lock, and only the recipient and the sender

28   have the special key needed to unlock and read them.  To the extent Paragraph 714 refers to a *New*

*York Times* article, Meta respectfully refers the Court to that article, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 714.

715.    Meta admits that it implemented end-to-end encryption on WhatsApp in 2016. Meta otherwise denies the allegations in Paragraph 715.

716.    Meta denies the allegations in Paragraph 716.

717.    To the extent Paragraph 717 refers to a *New York Times* article, Meta respectfully refers the Court to that article, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 717.

718.    Meta denies the allegations in Paragraph 718.

719.    To the extent Paragraph 719 refers to a document produced in this litigation, Meta respectfully refers the Court to that document, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 719.

720.    Meta denies the allegations in Paragraph 720.

721.    Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 721, and on that basis denies the allegations.

722.    To the extent Paragraph 722 refers to an *Engadget* article, Meta respectfully refers the Court to that article, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 722.

723.    Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 723, and on that basis denies the allegations.

724.    Meta denies the allegations in Paragraph 724.

725.    Meta denies the allegations in Paragraph 725.

726.    Meta denies the allegations in Paragraph 726.

727.    Meta denies the allegations in Paragraph 727.

728.    Meta admits that Facebook Feature Framework or "F3" was meant to be a company-wide platform for generating features for machine learning models.  Meta otherwise denies the allegations in Paragraph 728.

729.    Meta admits that it maintains information on Intent Platform.   Meta otherwise denies the allegations in Paragraph 729.

730.    Meta admits that it maintains information on Intent Platform.   Meta otherwise denies the allegations in Paragraph 730.

731.    Meta denies the allegations of Paragraph 731.

732.    Meta denies the allegations of Paragraph 732.

733.    Meta admits that features are raw data that Meta uses as inputs for machine learning models.  Meta further admits that feature engineering transforms raw data into a form that is easier to interpret and use for Meta's machine learning models.  Meta otherwise denies the allegations in Paragraph 733.

734.    Meta admits that "F3" is another name for "Facebook Feature Framework."  Meta otherwise denies the allegations in Paragraph 734.

735.    Meta admits that F3 was meant to be a company-wide platform for generating features for machine learning models.  Meta otherwise denies the allegations in Paragraph 735.

736.    To the extent Paragraph 736 refers to a document produced in this litigation, Meta respectfully refers the Court to that document, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 736.

737.    Meta denies the allegations in Paragraph 737.

738.    Meta admits that it accesses data from Hive.  Meta otherwise denies the allegations in Paragraph 738.

739.    To the extent Paragraph 739 refers to a document produced in this litigation, Meta respectfully refers the Court to that document, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 739.

740.    To the extent Paragraph 740 refers to a document produced in this litigation, Meta respectfully refers the Court to that document, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 740.

741.    Meta denies the allegations in Paragraph 741.

742.    Meta denies the allegations of Paragraph 742.

743.    Meta admits that it created a process called "Mastercook" for use by engineers, data scientists, and machine learning engineers.  Meta otherwise denies the allegations in Paragraph 743.

744.    Meta denies the allegations in Paragraph 744.

745.    Meta denies the allegations in Paragraph 745.

746.    Meta denies the allegations of Paragraph 746.

747.    Meta denies the allegations in Paragraph 747.

748.    Meta denies the allegations in Paragraph 748.

749.    Meta denies the allegations in Paragraph 749.

750.    Meta denies the allegations in Paragraph 750.

751.    Meta denies the allegations in Paragraph 751.

752.    Meta admits that it has implemented end-to-end encryption across certain parts of its business.  Meta otherwise denies the allegations in Paragraph 752.

753.    Meta denies the allegations in Paragraph 753.

754.    Meta denies the allegations in Paragraph 754.

755.    To the extent Paragraph 755 refers to the WhatsApp website, Meta respectfully refers the Court to that website, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 755.

756.    Meta admits that it has implemented end-to-end encryption across certain parts of its business.  To the extent Paragraph 756 refers to a WhatsApp blog post, Meta respectfully refers the Court to that blog post, which speaks for itself, for a complete and accurate statement of its contents.  To the extent Paragraph 756 refers to a *New York Times* article, Meta respectfully refers the Court to that article, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 756.

757.    Meta admits that it implemented end-to-end encryption on WhatsApp in 2016.  Meta otherwise denies the allegations in Paragraph 757

758.    Meta denies the allegations in Paragraph 758.

759.    Meta denies the allegations in Paragraph 759.

1    760.    Meta denies the allegations in Paragraph 760.

2    761.    Meta denies the allegations in Paragraph 761.

3    762.    Meta denies the allegations in Paragraph 762.

4    763.    Meta denies the allegations in Paragraph 763.

5    764.    Meta denies the allegations in Paragraph 764.

6    765.    Paragraph 765 includes legal conclusions to which no answer is necessary; to the

7    extent that an answer is deemed necessary, Meta denies the allegations.

8    766.    Meta denies the allegations in Paragraph 766.

9    767.    Meta denies the allegations in Paragraph 767.

10    768.    Meta denies the allegations in Paragraph 768.

11    769.    To the extent Paragraph 769 refers to a public blog post, Meta respectfully refers

12    the Court to that public blog post, which speaks for itself, for a complete and accurate statement

13    of its contents.  Meta otherwise denies the allegations in Paragraph 769.

14    770.    To the extent Paragraph 770 refers to a public blog post, Meta respectfully refers

15    the Court to that public blog post, which speaks for itself, for a complete and accurate statement

16    of its contents.  Meta otherwise denies the allegations in Paragraph 770.

17    771.    To the extent Paragraph 771 refers to a public blog post, Meta respectfully refers

18    the Court to that public blog post, which speaks for itself, for a complete and accurate statement

19    of its contents.  Meta otherwise denies the allegations in Paragraph 771.

20    772.    Meta lacks knowledge or information sufficient to form a belief about the truth of

21    the allegations in Paragraph 772, and on that basis denies the allegations.

22    773.    To the extent Paragraph 773 refers to a news article, Meta respectfully refers the

23    Court to that news article, which speaks for itself, for a complete and accurate statement of its

24    contents.  Meta otherwise denies the allegations in Paragraph 773.

25    774.    To the extent Paragraph 774 refers to a news article, Meta respectfully refers the

26    Court to that news article, which speaks for itself, for a complete and accurate statement of its

27    contents.  Meta otherwise denies the allegations in Paragraph 774.

28

775.     To the extent Paragraph 775 refers to public statements, Facebook respectfully refers the Court to those public statements, which speak for themselves, for a complete and accurate statement of their contents.  Meta otherwise denies the allegations in Paragraph 775.

776.     Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 776, and on that basis denies the allegations.

777.     Meta denies the allegations in Paragraph 777.

778.     To the extent Paragraph 778 refers to public statements, Meta respectfully refers the Court to those public statements, which speak for themselves, for a complete and accurate statement of their contents.  Meta otherwise denies the allegations in Paragraph 778.

779.     Meta admits that it has an offering for advertisers called Lookalike audiences.  Meta otherwise denies the allegations in Paragraph 779.

780.     To the extent Paragraph 780 refers to public statements on its website, Meta respectfully refers the Court to those public statements, which speak for themselves, for a complete and accurate statement of their contents.  Meta otherwise denies the allegations in Paragraph 780.

781.     To the extent Paragraph 781 refers to public statements, Meta respectfully refers the Court to those public statements, which speak for themselves, for a complete and accurate statement of their contents.  Meta lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 781, and on that basis denies the allegations.

782.     Meta denies the allegations in Paragraph 782.

783.     Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 783, and on that basis denies the allegations.

784.     Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 784, and on that basis denies the allegations.

785.     Meta denies the allegations in Paragraph 785.

786.     Meta denies the allegations in Paragraph 786.

787.     To the extent Paragraph 787 refers to a news article, Meta respectfully refers the Court to that news article, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 787.

788.    Meta denies the allegations in Paragraph 788.

789.    Meta denies the allegations in Paragraph 789.

790.    Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 790, and on that basis denies the allegations.

791.    Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in the last two sentences of Paragraph 791, and on that basis denies the allegations. Meta denies the remaining allegations in Paragraph 791.

792.    Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 792, and on that basis denies the allegations.

793.    Meta denies the allegations in Paragraph 793.

794.    Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 794, and on that basis denies the allegations.

795.    Meta denies the allegations in Paragraph 795.

796.    To the extent Paragraph 796 refers to a *Vox* article, Meta respectfully refers the Court to that news article, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 796.

797.    Meta denies the allegations in Paragraph 797.

798.    Meta denies the allegations in Paragraph 798.

799.    To the extent Paragraph 799 refers to an image, Meta respectfully refers the Court to that image, which speaks for itself, for a complete and accurate statement of its contents.  Meta otherwise denies the allegations in Paragraph 799.

800.    Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in the second and third sentences of Paragraph 800, and on that basis denies the allegations.  Meta otherwise denies the allegations in Paragraph 800.

801.    Meta admits that Twitter is a competitor in the sale of advertising.  Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding Twitter's revenues in Paragraph 801, and on that basis denies the allegations.  Meta otherwise denies the allegations in Paragraph 801.

1          802.    Meta admits that LinkedIn is a competitor in the sale of advertising.  Meta lacks

2   knowledge or information sufficient to form a belief about the truth of the allegations regarding

3   LinkedIn's revenues in Paragraph 802, and on that basis denies the allegations.  Meta otherwise

4   denies the allegations in Paragraph 802.

5          803.    Meta admits that an HHI of 7685 is above the threshold for what the DOJ Merger

6   Guidelines consider a highly concentrated market.  Meta otherwise denies the allegations in

7   Paragraph 803.

8          804.    Meta denies the allegations in Paragraph 804.

9          805.    Meta denies the allegations in Paragraph 805.

10          806.    Meta denies the allegations in Paragraph 806.

11          807.    Meta denies the allegations in Paragraph 807.

12          808.    Meta denies the allegations in Paragraph 808.

13          809.    Meta denies the allegations in Paragraph 809.

14          810.    Meta lacks knowledge or information sufficient to form a belief about the truth of

15   the allegations in the first sentence of Paragraph 810, and on that basis denies those allegations.

16   Meta otherwise denies the allegations in Paragraph 810.

17          811.    Meta lacks knowledge or information sufficient to form a belief about the truth of

18   the allegations in Paragraph 811, and on that basis denies the allegations.

19          812.    Meta denies the allegations in Paragraph 812.

20          813.    Meta denies the allegations in Paragraph 813.

21          814.    Paragraph 814 includes legal conclusions to which no answer is necessary; to the

22   extent that an answer is deemed necessary, Meta denies the allegations.

23          815.    Meta lacks knowledge or information sufficient to form a belief about the truth of

24   the allegations in Paragraph 815, and on that basis denies the allegations.

25          816.    Meta denies the allegations in Paragraph 816.

26          817.    Meta denies the allegations in Paragraph 817.

27          818.    Meta denies the allegations in Paragraph 818.

28          819.    Meta denies the allegations in Paragraph 819.

820.    Meta denies the allegations in Paragraph 820.

821.    Meta denies the allegations in Paragraph 821.

822.    Meta denies the allegations in Paragraph 822.

823.    Meta denies the allegations in Paragraph 823.

824.    Meta denies the allegations in Paragraph 824.

825.    Meta denies the allegations in Paragraph 825.

826.    Meta denies the allegations in Paragraph 826.

827.    Meta denies the allegations in Paragraph 827.

828.    Meta denies the allegations in Paragraph 828.

829.    Meta denies the allegations in Paragraph 829.

830.    Meta denies the allegations in Paragraph 830.

831.    Meta denies the allegations in Paragraph 831.

832.    Meta denies the allegations in Paragraph 832.

833.    Meta denies the allegations in Paragraph 833.

834.    Meta denies the allegations in Paragraph 834.

835.    Meta denies the allegations in Paragraph 835.

836.    Meta denies the allegations in Paragraph 836.

837.    Paragraph 837 includes legal conclusions to which no answer is necessary; to the extent that an answer is deemed necessary, Meta denies the allegations.

838.    Paragraph 838 includes legal conclusions to which no answer is necessary; to the extent that an answer is deemed necessary, Meta denies the allegations.

839.    Paragraph 839 includes legal conclusions to which no answer is necessary; to the extent that an answer is deemed necessary, Meta denies the allegations.

840.    Paragraph 840 includes legal conclusions to which no answer is necessary; to the extent that an answer is deemed necessary, Meta denies the allegations.

841.    Paragraph 841 includes legal conclusions to which no answer is necessary; to the extent that an answer is deemed necessary, Meta denies the allegations.

842. Paragraph 842 includes legal conclusions to which no answer is necessary; to the extent that an answer is deemed necessary, Meta denies the allegations.

843. Paragraph 843 includes legal conclusions to which no answer is necessary; to the extent that an answer is deemed necessary, Meta denies the allegations.

844. Paragraph 844 includes legal conclusions to which no answer is necessary; to the extent that an answer is deemed necessary, Meta denies the allegations.

845. Paragraph 845 includes legal conclusions to which no answer is necessary; to the extent that an answer is deemed necessary, Meta denies the allegations.

846. Paragraph 846 includes legal conclusions to which no answer is necessary; to the extent that an answer is deemed necessary, Meta denies the allegations.

847. Paragraph 847 includes legal conclusions to which no answer is necessary; to the extent that an answer is deemed necessary, Meta denies the allegations.

848. Paragraph 848 includes legal conclusions to which no answer is necessary; to the extent that an answer is deemed necessary, Meta denies the allegations.

849. Paragraph 849 includes legal conclusions to which no answer is necessary; to the extent that an answer is deemed necessary, Meta denies the allegations.

850. Paragraph 850 includes legal conclusions to which no answer is necessary; to the extent that an answer is deemed necessary, Meta denies the allegations.

851. Paragraph 851 includes legal conclusions to which no answer is necessary; to the extent that an answer is deemed necessary, Meta denies the allegations.

852. Paragraph 852 includes legal conclusions to which no answer is necessary; to the extent that an answer is deemed necessary, Meta denies the allegations.

853. Paragraph 853 includes legal conclusions to which no answer is necessary; to the extent that an answer is deemed necessary, Meta denies the allegations.

854. Paragraph 854 includes legal conclusions to which no answer is necessary; to the extent that an answer is deemed necessary, Meta denies the allegations.

855. Paragraph 855 includes legal conclusions to which no answer is necessary; to the extent that an answer is deemed necessary, Meta denies the allegations.

856.    Meta incorporates by reference herein all responses contained above.

857.    Paragraph 857 includes legal conclusions to which no answer is necessary; to the extent that an answer is deemed necessary, Meta denies the allegations.

858.    Paragraph 858 includes legal conclusions to which no answer is necessary; to the extent that an answer is deemed necessary, Meta denies the allegations.

859.    Meta denies the allegations in Paragraph 859.

860.    Paragraph 860 includes legal conclusions to which no answer is necessary; to the extent that an answer is deemed necessary, Meta denies the allegations.

861.    Paragraph 861 includes legal conclusions to which no answer is necessary; to the extent that an answer is deemed necessary, Meta denies the allegations.

862.    Paragraph 862 includes legal conclusions to which no answer is necessary; to the extent that an answer is deemed necessary, Meta denies the allegations.

863.    Paragraph 863 includes legal conclusions to which no answer is necessary; to the extent that an answer is deemed necessary, Meta denies the allegations.

864.    Paragraph 864 includes legal conclusions to which no answer is necessary; to the extent that an answer is deemed necessary, Meta denies the allegations.

865.    Paragraph 865 includes legal conclusions to which no answer is necessary; to the extent that an answer is deemed necessary, Meta denies the allegations.

866.    Paragraph 866 includes legal conclusions to which no answer is necessary; to the extent that an answer is deemed necessary, Meta denies the allegations.

867.    Paragraph 867 includes legal conclusions to which no answer is necessary; to the extent that an answer is deemed necessary, Meta denies the allegations.

868.    Paragraph 868 includes legal conclusions to which no answer is necessary; to the extent that an answer is deemed necessary, Meta denies the allegations.

869.    Paragraph 869 includes legal conclusions to which no answer is necessary; to the extent that an answer is deemed necessary, Meta denies the allegations.

870.    Paragraph 870 includes legal conclusions to which no answer is necessary; to the extent that an answer is deemed necessary, Meta denies the allegations.

871.    Paragraph 871 includes legal conclusions to which no answer is necessary; to the extent that an answer is deemed necessary, Meta denies the allegations.

872.    Paragraph 872 includes legal conclusions to which no answer is necessary; to the extent that an answer is deemed necessary, Meta denies the allegations.

873.    Paragraph 873 includes legal conclusions to which no answer is necessary; to the extent that an answer is deemed necessary, Meta denies the allegations.

874.    Paragraph 874 includes legal conclusions to which no answer is necessary; to the extent that an answer is deemed necessary, Meta denies the allegations.

875.    Paragraph 875 includes legal conclusions to which no answer is necessary; to the extent that an answer is deemed necessary, Meta denies the allegations.

876.    Paragraph 876 includes legal conclusions to which no answer is necessary; to the extent that an answer is deemed necessary, Meta denies the allegations.

877.    Paragraph 877 includes legal conclusions to which no answer is necessary; to the extent that an answer is deemed necessary, Meta denies the allegations.

878.    Paragraph 878 includes legal conclusions to which no answer is necessary; to the extent that an answer is deemed necessary, Meta denies the allegations.

879.    Paragraph 879 includes legal conclusions to which no answer is necessary; to the extent that an answer is deemed necessary, Meta denies the allegations.

PRAYER FOR RELIEF

Paragraphs A through H purport to state prayers for relief to which no answer is necessary. To the extent an answer is deemed necessary, Meta denies all the allegations and requests for relief in Paragraphs A through H and denies that Plaintiffs have stated a claim for relief or are entitled to any relief.

JURY DEMAND

This Jury Demand consists of Plaintiffs' characterizations of their purported claims, to which no answer is necessary.

1

## AFFIRMATIVE DEFENSES

2          Without assuming any burden of proof that it would not otherwise bear, Meta reasserts,

3  without limitation, all defenses raised in its Motion to Dismiss and other filings, whether or not

4  separately re-pleaded herein.  Meta also asserts the following affirmative and other defenses.  In

5  listing the defenses below, Meta does not knowingly or intentionally waive any defenses, including

6  arguments about which issues fall within the Plaintiffs' burden of proof.  Meta also reserves the

7  right to rely on any affirmative or other defense or claim that may subsequently come to light, and

8  expressly reserves the right to amend its Answer to assert such additional defenses or claims.

9

## FIRST DEFENSE

10          Plaintiffs' claims and those of putative class members are barred, in whole or in part, by

11  laches and/or the four-year statute of limitations applicable to their claims under the Sherman Act.

12  *See* 15 U.S.C. § 15b.  Plaintiffs allege anticompetitive conduct by Meta as early as 2011, more

13  than four years before Plaintiffs filed their lawsuit.  No tolling doctrine applies.  Thus, Plaintiffs'

14  claims for damages are barred by the statute of limitations, and Plaintiffs' claims for injunctive

15  relief, to the extent that those claims have not already been abandoned by Plaintiffs, are barred by

16  the equitable doctrine of laches.

17

## SECOND DEFENSE

18          Plaintiffs' claims and those of putative class members are barred, in whole or in part,

19  because the claims are subject to arbitration or another form of alternative dispute resolution.

20

## THIRD DEFENSE

21          Meta's alleged activities do not give rise to antitrust liability, because notwithstanding

22  any alleged adverse effects on competition, Meta had a legitimate business justification for the

23  alleged activities, which is apparent on the face of the complaint, and which Meta intends to

24  support through witness and expert testimony.

25

26

27

28

1    Dated:  January 10, 2023                    Respectfully submitted,

2                                                By: /s/  Sonal N. Mehta

3                                                SONAL N. MEHTA (SBN 222086)
                                                   Sonal.Mehta@wilmerhale.com
4                                                WILMER CUTLER PICKERING HALE
                                                 AND DORR LLP
5                                                2600 El Camino Real, Suite 400
                                                 Palo Alto, California 94306
6                                                Telephone: (650) 858-6000

7

8                                                DAVID Z. GRINGER (*pro hac vice*)
                                                   David.Gringer@wilmerhale.com
9                                                WILMER CUTLER PICKERING HALE
                                                 AND DORR LLP
10                                               7 World Trade Center
                                                 250 Greenwich Street
11                                               New York, New York 10007
                                                 Telephone:  (212) 230-8800
12

13                                               ARI HOLTZBLATT (*pro hac vice*)
                                                   Ari.Holtzblatt@wilmerhale.com
14                                               MOLLY M. JENNINGS (*pro hac vice*)
                                                   Molly.Jennings@wilmerhale.com
15                                               WILMER CUTLER PICKERING HALE
                                                 AND DORR LLP
16                                               1875 Pennsylvania Ave NW
                                                 Washington, DC 20006
17                                               Telephone:  (202) 663-6000

18

19                                               *Attorneys for Defendant Meta Platforms, Inc.*

20

21

22

23

24

25

26

27

28

1

## <u>CERTIFICATE OF SERVICE</u>

2

I hereby certify that on this 10th day of January, 2023, I electronically transmitted the

3

foregoing document to the Clerk's Office using the CM/ECF System.

4

5

*/s/ Sonal N. Mehta*

Sonal N. Mehta

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28