HAGENS BERMAN SOBOL SHAPIRO LLP
Shana E. Scarlett (Bar No. 217895)
715 Hearst Avenue, Suite 300
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile:  (206) 623-0594
Email: shanas@hbsslaw.com

*Interim Co-Lead Consumer Class Counsel*

[Additional Counsel Listed in Signature Block]

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| MAXIMILLIAN KLEIN, *et al.*,<br><br>        Plaintiffs,<br><br> v.<br><br>META PLATFORMS, INC.,<br><br>        Defendant. | Case No. 20-cv-08570-JD<br><br>APPLICATION FOR APPOINTMENT AS INTERIM LEAD CONSUMER CLASS COUNSEL BY SHANA E. SCARLETT OF HAGENS BERMAN SOBOL SHAPIRO LLP, OR IN THE ALTERNATIVE, SHANA E. SCARLETT AND REBECCA A. PETERSON OF LOCKRIDGE GRINDAL NAUEN P.L.L.P. |
| This document relates to:<br><br> All Consumer Actions | |

# TABLE OF CONTENTS

**Page**

INTRODUCTION ...................................................................................................................1

I.      ARGUMENT ...........................................................................................................1

    A.    Hagens Berman has spent thousands of hours developing the claims of the class in this action. ...................................................................................2

    B.    Ms. Scarlett and Hagens Berman have a wealth of experience handling class actions and antitrust cases. ...............................................................5

    C.    Hagens Berman is knowledgeable in the relevant antitrust and privacy law. ....................................................................................................9

    D.    Hagens Berman is committed to representing this class, but will ensure it is in a cost-effective way. ....................................................................9

    E.    This leadership application has the support of named plaintiff Rachel Banks-Kupcho. ............................................................................................10

    F.    In the alternative, Hagens Berman and Lockridge support a co-lead appointment structure of Ms. Scarlett and Ms. Peterson. ..........................11

    G.    While Hagens Berman and Lockridge remain willing and committed to working with Quinn Emanuel, significant issues remain. .........................12

    H.    Quinn Emanuel as lead counsel raises concerns about fees and costs to the class. ........................................................................................13

II.     CONCLUSION ....................................................................................................13

**INTRODUCTION**

Pursuant to this Court's order (ECF No. 424), Shana E. Scarlett of Hagens Berman Sobol Shapiro LLP (Hagens Berman) hereby applies to be appointed as interim lead consumer class counsel. This application is supported by named plaintiff, Rachel Banks-Kupcho, and Lockridge Grindal Nauen P.L.L.P. ("Lockridge").

Ms. Scarlett has been acting as co-lead counsel leading this litigation since March 18, 2021 (ECF No. 73). She is the only counsel who has continuously represented the class, after Mr. Steven Swedlow resigned from Quinn Emanuel Urquhart & Sullivan, LLP (Quinn Emanuel) in November 2022.

Plaintiffs have begun six straight months of depositions. Fact discovery is set to close on June 23, 2023. Hagens Berman proposes a new leadership structure that permits work to continue apace and does not deprive the class of resources, while resolving certain dysfunctions. Namely, they propose that the same three firms will stay on the case, but there will be a single person designated Lead Counsel, replacing the existing multi-firm leadership structure.

The proposed leadership team will ensure diversity, in promoting a female lead counsel in the antitrust bar, and also ensure the inclusion of a diverse team of more junior attorneys. Appointing one sole lead counsel will also ensure accountability to the consumer class, and to this Court, to ensure this litigation proceeds efficiently and effectively.

Hagens Berman has every intention of continuing to include attorneys from Lockridge and Quinn Emanuel in litigating this case. Each of the three firms have spent thousands of hours participating in discovery conferences, reviewing documents, and preparing for depositions. This will continue. But this case, and this class, deserves to have one person coordinating strategy and making decisions with finality, and accountability. Ms. Scarlett should be that person.

## I.     ARGUMENT

This Court is well aware of the discretion it is afforded under Federal Rule of Civil Procedure 23(g)(3), which allows it to "designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." This application presents an unusual

situation where leadership is being re-examined mid-stream. As this Court recognized, the current "multiheaded" structure has led to gridlock on issues in this case. (ECF No. 431 at 11-12). This must stop.

Rule 23(g)(A), a related provision, invites the court to consider a number of factors. Each of those supports the application here.

### A. Hagens Berman has spent thousands of hours developing the claims of the class in this action.

This case is closer to the halfway line than the beginning. Hagens Berman, and Ms. Scarlett, have already devoted thousands of hours to representing the class in this matter. Since the appointment of Ms. Scarlett and Hagens Berman to the leadership of this case, much has happened. The consumer class has served 17 subpoenas on non-parties in this action for production of documents, focusing on the relevant social networking market and the value of data. Ms. Scarlett and the team at Hagens Berman have overseen the negotiations of many of these subpoenas. Facebook has served 20 interrogatories on the three consumer named plaintiffs, and 37 requests for production of documents. Each of these have been extensively negotiated and the named plaintiffs have produced 24,631 documents in response to these requests. Scarlett Decl., ¶ 7.[1]

Consumer plaintiffs have served 3 interrogatories on Facebook and 81 requests for production of documents. The contours of production of documents and data are still being negotiated, but Facebook and non-parties have produced over 4.1 million documents to date. These are being reviewed and catalogued by document reviewers, staff attorneys and associates as the litigation teams prepare for depositions. (The first deposition of a Facebook employee took place on February 2, 2023 and many are being scheduled in the coming weeks and months.) Scarlett Decl., ¶ 7.

Hagens Berman's investment in this case has been significant. Hagens Berman holds the litigation fund for the case, which has been contributed to by each of the three firms (Hagens

---

[1] "Scarlett Decl." refers to the Declaration of Shana E. Scarlett in Support of Application for Appointment as Interim Lead Consumer Class Counsel, or in the alternative, Shana E. Scarlett and Rebecca A. Peterson of Lockridge Grindal Nauen P.L.L.P., filed concurrently herewith.

1   Berman, Quinn Emanuel and Lockridge). To date, the firms collectively have spent millions of

2   dollars, mostly in document hosting and expert costs. To that end, the Court will hear from the

3   experts at the February 28, 2023 tutorial. Scarlett Decl., ¶ 8.

4          A complete rearrangement of counsel on this case is unnecessary. Too much time and energy

5   has already been devoted on behalf of the class to prepare this case for class certification and trial.

6   And with only six months of fact discovery remaining, a complete change in the structure would not

7   benefit the class. But some change must be made. The dynamics on the case have caused internal

8   friction, resulted in difficulty moving forward with decisions, and have caused unnecessary expense

9   with two firms unable to agree on a unified strategy. Appointing one sole lead counsel will allow the

10  firms to continue to work together, and will allow all attorneys with the skill and knowledge of this

11  case to continue working, but final decisions will to be made in a final and effective way. It is what

12  the class deserves, and it will return the best result. To that end, if appointed, Ms. Scarlett would

13  continue to encourage and assign work to each of the attorneys from Quinn who have worked on the

14  case to date. There is no intention to exclude them from future work. Rather, the case must move

15  forward in a streamlined manner to cross the finish line. Scarlett Decl., ¶ 10.

16         Despite the claims of Quinn Emanuel, this case was brought on the heels of a public

17  congressional investigation and an article by Dina Srinivasan articulating the contours of a case

18  against Facebook. In 2019, Dina Srinivasan, a researcher and lawyer, published a paper that launched

19  a thousand ships: "The Antitrust Case Against Facebook: A Monopolist's Journey Towards

20  Pervasive Surveillance in Spite of Consumers' Preference for Privacy."[2] In it, she laid out a novel

21  antitrust theory in which Facebook acquired monopoly power by competing on privacy, and

22  subsequently abused that power to further increase surveillance of its users. After its publication, the

23  Wall Street Journal took notice, stating "[h]er argument has had unexpected resonance . . . she

24  published her paper just months before the Federal Trade Commission and a coalition of state

25

26

27   ───────────────
       [2] Dina Srinivasan, *The Antitrust Case Against Facebook: A Monopolist's Journey Towards
     Pervasive Surveillance in Spite of Consumers' Preference for Privacy*, 16 BERKELEY L.J. 39 (2019)
28   ("Srinivasan article").

     SCARLETT APPL. FOR APPOINTMENT
     AS INTERIM LEAD COUNSEL - 3
     Case No. 20-CV-08570-JD

attorneys general announced that they were weighing potential antitrust cases against Facebook.[3] A year later, the NY Times noted that "[a]s the legal arguments take shape, there is evidence of Ms. Srinivasan's fingerprints."[4] On the heels of the article, the House Judiciary Committee released a Majority Staff Report titled "Investigation of Competition in the Digital Marketplace: Committee Report and Recommendation" in October 2020 (only two months before the first complaint in this action).[5] The report was the culmination of 16 months of investigation into the state of competition, with a focus on companies including Facebook.[6] The report totaled 450 pages, detailed the results of an investigation that included seven congressional hearings, the review of 1.3 million documents, submissions from 38 antitrust experts, and interviews with more than 240 market participants.[7]

Quinn Emanuel's complaint borrowed from the House Subcommittee Report and Dina Srinivasan's article. For example, the Quinn Emanuel complaint echoes the House Subcommittee Report's discussion of "powerful direct network effects" that contribute to an anticompetitive market; the Klein Complaint mirrors this language.[8] The Quinn Emanuel complaint follows the House Subcommittee Report in describing the high switching costs associated with leaving Facebook.[9] The Quinn Emanuel complaint adopts the House Subcommittee Report's allegation that Facebook's strategy to "acquire, copy, or kill" its competitors have created a monopoly that has

---

[3] Jeff Horwitz, *She Argued Facebook Is a Monopoly. To Her Surprise, People Listened*, WALL ST. J. (Dec. 10, 2019), https://www.wsj.com/articles/yale-law-grads-hipster-antitrust-argument-against-facebook-findsmainstream-support-11575987274.

[4] Daisuke Wakabayashi, *The Antitrust Case Against Big Tech, Shaped by Tech Industry Exiles*, N.Y. TIMES (Dec. 20, 2020), https://www.nytimes.com/2020/12/21/business/a-former-big-tech-insider-is-helping-with-antitrust-cases-against-the-companies.html.

[5] Investigation of Competition in Digital Markets, Majority Staff Report and Recommendations ("House Subcommittee Report"), Subcommittee on Antitrust, Commercial, and Administrative Law of the Committee on the Judiciary (Oct. 6, 2020), available at https://kl.link/3jGISfK.

[6] Press Release, David N. Cicilline, *Judiciary Committee Publishes Final Report on Competition in the Digital Market* (July 19, 2022), https://cicilline.house.gov/press-release/judiciary-committee-publishes-final-report-on-competition-in-the-digital-marketplace.

[7] *Id.*

[8] *Compare* House Subcommittee Report at 31 (noting "social networks like Facebook exhibit powerful direct network effects") *with* Klein Complaint, ECF No. 1 at ¶ 77 (discussing "[t]he powerful direct network effects inherent in the Social Network and Social Media Markets").

[9] *Compare* House Subcommittee Report at 145 *with Klein* Complaint, ¶ 198.

eroded the privacy protections for its users over time.[10] The Quinn Emanuel complaint also points to the same Facebook missteps that Dina Srinivasan notes in her article.[11]

Regardless of who filed the first complaint, it was built on the work of government committees. And in any case, the work since then has outstripped any initial investigation. Millions of documents have been reviewed, depositions and evidence – the true work of trial lawyers – are now underway. The originating events of three years ago can hardly be determinative of the outcome now.

**B.    Ms. Scarlett and Hagens Berman have a wealth of experience handling class actions and antitrust cases.**

Ms. Scarlett is highly qualified to serve as lead counsel. Ms. Scarlett has been active in the antitrust bar for twenty years. She has been appointed as lead counsel in one prior case, discussed below, but also represents the fresh perspective of a younger partner from an established law firm.[12]

Ms. Scarlett is the regional managing partner of Hagens Berman's Bay Area office with deep roots in the Bay Area. She is the only partner in the leadership structure of the consumer class who is physically present in the Bay Area, the jurisdiction of this Court. She went to law school at Stanford Law School and proceeded to work at some of the largest plaintiffs' firms in the country. Joining Hagens Berman in 2007, she has now worked for the firm for sixteen years, evidencing a commitment to the firm's leadership, culture and management. Scarlett Decl., ¶ 3.

Ms. Scarlett has played a leading role in many of Hagens Berman's antitrust successes, including:

- *In re Broiler Chicken Antitrust Litigation*, No. 16-CV-08637 (N.D. Ill.): Hagens Berman is appointed co-lead counsel for indirect purchaser class with recovery to date of $181 million on behalf of the class. Ms. Scarlett has deposed many critical

---

[10] *Compare* House Subcommittee Report at 14 *with Klein* Complaint, ¶ 169.

[11] *Compare* Srinivasan article at 56-57 (discussing Facebook's Beacon product) *with Klein* Complaint, ¶ 108-09 (same); *compare* Srinivasan article at 62-67 (discussing Like Button) *with Klein* Complaint, ¶ 113 (same); *compare* Srinivasan article at 61-62 (discussing Facebook's temporary user voting scheme) *with Klein* Complaint, ¶ 116 (same).

[12] *See In re Robinhood Outage Litig.*, No. 3:20-cv-01626-JD, ECF No. 59 at 3 ("Counsel with significant prior appointments are by no means disqualified from consideration here, but leadership roles should be made available to newer and less experienced lawyers.").

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

witnesses in the *case, argued multiple motions before the Court and played a crucial role in the strategic management of the case;

- *In re Pork Antitrust Litigation*, No. 18-cv-01776 JRT-HB (D. Minn.): Hagens Berman represents the consumer indirect purchaser class in this antitrust class action. Ms. Scarlett has deposed many executives of the defendant companies, and most recently argued the motion for class certification on behalf of the consumer class;

- *Jien, et al. v. Perdue Farms, Inc., et al.*, No. 19-cv-2521 (D. Md.): Hagens Berman represents a class of processing plant workers at poultry plants. To date, recoveries of $134.6 million have been achieved on behalf of the class;

- *In re Lithium Ion Batteries Antitrust Litigation*, No. 13-md-02420 (N.D. Cal.): In a three-way leadership structure appointed by Judge Gonzalez Rogers, Ms. Scarlett managed many of the day-to-day litigation issues, resulting in recovery of $113.45 million to the class.[13]

Judge Alsup *sua sponte* appointed Ms. Scarlett personally as lead counsel in the in the generic drug litigation *In re Glumetza Antitrust Litigation*, No. C19-05822 (N.D. Cal.). The case eventually settled for over $450 million. Scarlett Decl., ¶ 5.

But these case descriptions alone do not reflect the depth of experience Ms. Scarlett has gained. Ms. Scarlett is one of the few women to first chair many executive depositions to great success. Ms. Scarlett has first-chaired hundreds of depositions over her twenty-year career, unusual for any attorney but particularly unusual for a female antitrust attorney. (Women are still underrepresented in the antitrust bar. Ms. Scarlett was recently recognized as one of the Top Antitrust Lawyers 2022 in the Daily Journal for the State of California. On that list of 25 antitrust lawyers, only 7, or 28 percent, were women.) Ms. Scarlett has argued extensively in federal courts across the country, from small discovery motions to class certification, summary judgment, expert evidentiary proceedings, and all numbers of settlement approval proceedings. Ms. Scarlett has argued on multiple occasions in front of the Ninth Circuit Court of Appeals. She has received a number of awards and recognition, including as a Northern California Super Lawyer every year from

---

[13] Ms. Scarlett's participation and leadership on other cases demonstrates a deep background in antitrust cases, including her work on *In re EBooks Antitrust Litigation*, No. 11-md-02293 (S.D.N.Y.) (as co-lead counsel, Hagens Berman recovered $568 million on behalf of the class); *In re Optical Disk Drive Antitrust Litigation*, No. 10-md-02143 (N.D. Cal.) (Hagens Berman recovered $205 million on behalf of a class of indirect purchasers); *In re Animation Workers Antitrust Litigation*, No. 14-cv-4062 (N.D. Cal.) (Hagens Berman recovered nearly $169 million on behalf of animation studio workers).

2013 to 2022, a Top Plaintiff Lawyer, 2021, by the Daily Journal, and a Top 100 Civil Plaintiff Trial Lawyer in California by the National Trial Lawyers in 2021 and 2022. Scarlett Decl., ¶ 4.

Behind Ms. Scarlett's accomplishments, however, stands an even more accomplished law firm. Hagens Berman is one of the most highly recognized plaintiffs' firms in the country due in no small part to its founding and managing partner, Steve Berman. Mr. Berman, the founder and managing partner of Hagens Berman, has served as lead or co-lead counsel in antitrust, securities, consumer, product liability, and employment class actions and complex litigation throughout the country. Mr. Berman is one of the rare attorneys who has tried multiple complex antitrust actions. In September 2018, Mr. Berman served as the lead trial lawyer on behalf of college athletes, where the Court granted injunctive relief on behalf of the class following a bench trial. Hagens Berman also recovered settlements totaling $200 million on behalf of the class. The NCAA appealed all the way up to the Supreme Court, where the injunctive relief awarded to the class was affirmed by a unanimous court. *See Nat'l Collegiate Athletic Ass'n v. Alston*, 141 S. Ct. 2141 (2021). Berman Decl., ¶ 3.[14]

A number of attorneys on the litigation team at Hagens Berman demonstrate the firm's commitment to diversity and inclusion. Included on the litigation team are: Hannah Song, of Hagens Berman, a minority attorney, a graduate of Stanford Law School, and an attorney under thirty years of age; Robert Lopez, a partner in Hagens Berman's Seattle office, a minority attorney and an expert in privacy and data issues. They have been assisted to date by their colleagues Tom Loeser, Andrew Volk, and Christopher Pitoun. *See also* Scarlett Decl., Ex. A (Hagens Berman Resume).

Lockridge, who also supports the application of Ms. Scarlett, also has demonstrated its commitment to diversity in the staffing of this litigation. Rebecca Peterson is partner at Lockridge who practices in the firm's class action group with a focus on consumer protection and is licensed to practice in California and Minnesota. Laura Matson is a 2014 law graduate, former federal law clerk,

---

[14] "Berman Decl." refers to the Declaration of Steve W. Berman in Support of Application for Appointment as Interim Lead Consumer Class Counsel by Shana E. Scarlett of Hagens Berman Sobol Shapiro LLP, or in the alternative, Shana E. Scarlett and Rebecca A. Peterson of Lockridge Grindal Nauen P.L.L.P., filed concurrently herewith.

and also holds a Ph.D. in Geography, Environment & Society. Along with Ms. Peterson, Brian Clark, a partner in Lockridge's antitrust practice, has helped lead Lockridge's team in this case. Mr. Clark leads some of the country's largest agricultural antitrust cases, including price-fixing cases involving chicken, pork, beef, turkey and peanuts, which have to date led to the recovery of nearly $400 million. Peterson Decl., Ex. A (Lockridge Resume).[15] Kyle Pozen, senior counsel at Lockridge, has also played an active role on the case over the past two years.

Hagens Berman and Ms. Scarlett represent the diversity of the proposed class, are dedicated to encouraging diversity in the practice of law, and have taken concrete steps toward that goal. With this Application is a declaration of Steve Berman, the founding partner of Hagens Berman. Mr. Berman describes his out personal commitment to diversity at his firm. The prominence of Ms. Scarlett is no accident. Hagens Berman has spent years nourishing the talent of its female attorneys. This past year six new partners were named to the Hagens Berman partnership, five of whom are women. The first Management Committee of the firm was formed in 2000, and was compromised of four attorneys, three of whom were women. Berman Decl., ¶¶ 4-5.

Likewise, Lockridge is committed to developing and fostering a diverse and inclusive practice environment. For the past two consecutive years, Lockridge has been named a Best Law Firm for Women by Working Mother, a recognition given to only sixty firms in the country. Lockridge is an active member of Twin Cities Diversity in Practice, a local association of more than sixty law firms and corporate legal departments, including those of Fortune 500 companies, committed to creating a vibrant and inclusive legal community. Lockridge also supports a number of other local affinity bar organizations, including the Diversity Committee of the Minnesota Chapter of the Federal Bar Association, the Minnesota American Indian Bar Association, and the Minnesota Asian Pacific American Bar Association. Lockridge attorneys also provide pro bono services to a number of different organizations to serve diverse or historically disadvantaged groups and

---

[15] "Peterson Decl." refers to the Declaration of Rebecca A. Peterson in Support of Application for Appointment as Interim Lead Consumer Class Counsel by Shana E. Scarlett of Hagens Berman Sobol Shapiro LLP, or in the Alternative, Shana E. Scarlett and Rebecca A Peterson of Lockridge Grindal Nauen P.L.L.P., filed concurrently herewith.

communities, and the firm was awarded the Children's Law Center's Distinguished Service Award in 2011 for its work representing foster care children. Peterson Decl., ¶ 8. Named plaintiff Rachel Banks-Kupcho, who has worked alongside Hagens Berman and Lockridge over the past two years, attests that she has observed first-hand the commitment of Hagens Berman and Lockridge to the development of diverse voices. Banks-Kupcho Decl., ¶ 4.[16] The proposed leadership team "reflect[s] the diversity of the proposed national class." *In re Robinhood Outage Litig.*, No. 3:20-cv-01626-JD, ECF No. 59 at 3.

**C.     Hagens Berman is knowledgeable in the relevant antitrust and privacy law.**

Hagens Berman has decades of experience representing consumers in technically challenging cases and privacy cases. Beyond its expertise in antitrust cases across the country, its trial against the *NCAA* in the *Alston* matter, Hagens Berman also has particular expertise in monopolization cases. Hagens Berman represented app developers against both Google and Apple in the *In re Google Play Store Antitrust Litigation*, No. 3:21-md-02981-JD, and *Cameron v. Apple Inc.*, No. 4:19-03074-YGR, where they were lead counsel. Both these cases allege that these internet giants wrongfully obtained monopoly power over the distribution of apps and in-app products and the billing systems for both types of digital products. The *Google Play* store litigation (pending in front of this Court) settled for $90 million; the *Cameron* action settled for $100 million. Scarlett Decl., ¶ 6.

**D.     Hagens Berman is committed to representing this class, but will ensure it is in a cost-effective way.**

Hagens Berman's commitment to this case cannot be at issue. Hagens Berman attorneys and staff have devoted thousands of hours of to date, and are pledging thousands of hours more. Hagens Berman holds the litigation fund, has overseen assessments, and Ms. Scarlett has personally approved every expense from the litigation fund. At times, Hagens Berman and Quinn Emanuel have disagreed. Most disputes have been resolved. But Hagens Berman has been a zealous advocate on behalf of the class's resources. Scarlett Decl., ¶ 9.

---

[16] "Banks-Kupcho Decl." refers to the Declaration of Plaintiff Rachel Banks-Kupcho in Support of Application for Appointment as Interim Lead Consumer Class Counsel by Shana E. Scarlett of Hagens Berman Sobol Shapiro LLP, or in the Alternative, Shana E. Scarlett and Rebecca A. Peterson of Lockridge Grindal Nauen P.L.L.P., filed concurrently herewith.

Hagens Berman and Ms. Scarlett commit to keeping "clear and definitive records" as to fees and costs incurred.[17] In accordance with the original leadership appointment order, Ms. Scarlett has reviewed the detailed billing records of all Hagens Berman and Lockridge attorneys on a monthly basis. All time has been entered in a contemporaneous manner. Ms. Scarlett has furthered reviewed this Court's instructions in *Robinhood Outage Litigation*, and commits that by 14 days after each months' end, she will ensure that a bill for the prior month is finalized, reflecting her review of the billing records and any write-downs or write-offs by interim co-lead counsel for inefficiencies, duplication of effort, misjudgments in staffing, and the like. Ms. Scarlett commits that these final bills for each month will be segregated and kept by lead counsel, and may not be altered. Only these records, prepared contemporaneously with the expenditures, will be used for a fees and costs motion. These practices accord with Hagens Berman's robust timekeeping policies. Scarlett Decl., ¶ 9.

**E.       This leadership application has the support of named plaintiff Rachel Banks-Kupcho.**

Representation matters, and nowhere more so than in a class action. Ms. Banks-Kupcho has been one of the named representatives since the filing of the first consolidated pleading in the consumer action. She has responded to interrogatories, produced documents, allowed her phones and other devices to be inspected and the privacy settings produced to defendant Facebook. This discovery has been intense and intrusive. Banks-Kupcho Decl., ¶ 2.

Ms. Banks-Kupcho has been apprised of the current discussion regarding leadership in this case through discussions with counsel. She understands that the Court has denied a motion to substitute Kevin Teruya as interim co-lead consumer class counsel. She understands the Court has stated that the consumer class counsel arrangement has become dysfunctional and not in the best interests of the putative class. After communications with Ms. Scarlett and Ms. Peterson, she agrees with the Court's conclusion. Banks-Kupcho Decl., ¶ 3.

Having been exposed first-hand to the culture of both Hagens Berman and Lockridge, Ms. Banks-Kupcho attests that it is her belief both Hagens Berman and Lockridge value diversity. She has worked with attorneys and staff from these firms from varied backgrounds, including gender,

---

[17] *In re Robinhood Outage Litig.*, No. 3:20-cv-01626-JD, ECF No. 59 at 3.

age, race, nationality and sexual orientation. Ms. Banks-Kupcho believes that diversity in the

leadership team is essential to successfully representing her as well as the national class that she

represents. As a woman of color, Ms. Banks-Kupcho knows the stinging bite of gender bias better

than most. Banks-Kupcho Decl., ¶¶ 4-5. Ms. Banks-Kupcho supports the appointment of Ms. Scarlett

as sole Lead Counsel in this case, or in the alternative, Ms. Scarlett and Ms. Peterson as Co-Lead

Counsel for the consumer class. Banks-Kupcho Decl., ¶ 6.

**F.      In the alternative, Hagens Berman and Lockridge support a co-lead appointment structure of Ms. Scarlett and Ms. Peterson.**

This is a large, complex case. Cases of this size take resources, coordination and the input of

many attorneys. If this Court is concerned in any way at the appointment of an individual attorney,

both firms support the appointment of Ms. Scarlett and Ms. Rebecca Peterson of Lockridge in a co-

lead structure. Ms. Peterson has played a unique and valuable role in this litigation to date. Ms.

Peterson has been part of successful prosecution of actions on behalf of consumers in both state and

federal courts and has led a number of consumer cases, which address the issues of materiality and

deception which form a piece of this case (that is, whether Facebook engaged in a collusive scheme

of omission and misrepresentations of its data use and collection practices to gain its monopoly). For

example, Ms. Peterson is interim co-lead counsel in *In re Plum Baby Food Litigation*, Case 4:21-cv-

00913-YGR (N.D. Cal.); *In re Nurture Baby Food Litigation,* 1:21-cv-01217-MKV (S.D.N.Y.); and

*In re Crops Input Antitrust Litigation*, 4:21-md-02993 (E.D. MO). Ms. Peterson also led the

litigation in *In re Big Heart Pet Brands Litigation*, Civil No. 4:18-cv-00861-JSW (N.D. Cal.) and

*Zeiger et al. v. WellPet LLC et al.*, No. 3:17-cv-04056-WHO (N.D. Cal.). Ms. Peterson has

extensively litigated consumer cases and conducted and defended dozens of depositions, including

expert depositions. In these cases, she vetted and worked extensively with experts, argued class

certification motions and dispositive motions, and handled cross-examination in *Daubert* hearings.

Finally, Ms. Peterson has been part of various trial teams, including recently in *In re Syngenta*

*Litigation* (Minn. Producers), No. 27-cv-15-3785 (Henn. Co. Dist. Ct., Minn.) and, alongside the trial

team, was recognized as Attorney of the Year by Minnesota Lawyer for her work on behalf of U.S.

farmers in that case. *See* Peterson Decl., Ex. B (Peterson Resume).

In this litigation, Ms. Peterson's knowledge and skills in the elements of consumer deception have been critical. Ms. Peterson has overseen much of the expert and discovery work addressing these issues. Her skills in this area perfectly complement Ms. Scarlett's expertise in the antitrust arena.

**G.    While Hagens Berman and Lockridge remain willing and committed to working with Quinn Emanuel, significant issues remain.**

Although Hagens Berman and Quinn Emanuel have worked well together in other cases, this case has proven to be the exception to the rule. Ms. Scarlett has stated her concerns, in writing and in front of the Court, that certain attorneys have not given her voice the weight commensurate with her experience and expertise because of her gender. Ms. Scarlett raised concerns during the course of this litigation with her managing partner, Steve Berman. Mr. Berman attests to these contemporaneous communications. Mr. Berman and Ms. Scarlett, amongst others at Hagens Berman, discussed and attempted various solutions to correct the behavior over the course of this case. None were successful. Given the inability to resolve these issues between the two firms, Mr. Berman attests that he and Hagens Berman support and encourage open discussion of issues regarding gender bias with the Court. Mr. Berman attests that despite Ms. Scarlett acting in a leadership position in many cases, he has not heard her raise this issue previously. Berman Decl., ¶ 5.

During discussions regarding leadership structure, Quinn Emanuel has pointed out that the two firms have worked together on multiple cases, and it is only this one which presents a problem. The implication, being of course, that Ms. Scarlett is the unique factor causing the difficulties.

But it is Ms. Scarlett's gender that is the unique factor. Ms. Scarlett has not had to face similar issues when working with other firms. Berman Decl., ¶ 5. And Hagens Berman and Quinn Emanuel have been appointed and successfully served as co-lead counsel in the several recent cases. But it appears that Quinn Emanuel is only able to work collaboratively as co-lead with Hagens Berman when the lead counsel from Hagens Berman is not a woman. For example, in *Mackmin, et al. v. Visa Inc.*, No. 1:19-mc-00018-RJL (D.D.C.), the two firms are appointed as co-lead counsel. But the Hagens Berman attorneys on this case are Steve Berman, Ben Harrington, and Benjamin Siegel. In the other three recent cases, Hagens Berman is co-lead counsel, and Quinn Emanuel serves

on the executive committee.[18] The new proposed leadership would therefore seem to tread well-established ground between the two firms that has worked – Hagens Berman as leadership, with a significant role being played by Quinn Emanuel.

Hagens Berman does not raise this issue lightly, nor the requested relief from the Court. In light of the ongoing relationship between Hagens Berman and Quinn Emanuel, the request made here has not been the easiest road to take, but it has been the just one. Berman Decl., ¶ 6.

**H.     Quinn Emanuel as lead counsel raises concerns about fees and costs to the class.**

The Court has instructed parties to follow the guidance laid out in *In re Robinhood Outage Litig.*, No. 3:20-cv-01626-JD, ECF No. 59 at 3. This Court also stated that lead counsel should "review the billing records," and note "any write-downs or write-offs by interim co-lead counsel for inefficiencies, duplication of effort, misjudgments in staffing, and the like." *Id.*

On the eve of the last case management conference, Quinn Emanuel provided Hagens Berman with its detailed billing records since the inception of the case. Hagens Berman believes that there exists significant issues with the rates being charged to date by Quinn. For example, a 2018 law school graduate has an hourly billing rate of $1,165.00. In contrast, Steve Berman, one of the foremost trial attorneys in the country with 41 years of experience has a billable rate of $1,285.00. These disparate rates raise significant concerns regarding staffing for the class. Hagens Berman raised these issues with Quinn during the course of discussions to try and resolve the leadership issues without Court intervention, but no resolution was reached.

## II.     CONCLUSION

Facing a defendant with almost limitless funds, the consumer class deserves representation that is excellent, focused, and accountable. A complete do-over is not possible with only six months remaining in fact discovery, but an adjustment is necessary. The proposed appointment of Ms. Scarlett ensures that one voice on behalf of the class, but also comes with a commitment that the voices of all attorneys in the plaintiffs' structure will be heard.

---

[18] *See Frame-Wilson et al. v. Amazon.com, Inc.*, 2:20-cv-00424-RAJ (W.D. Wash.); *De Coster et al. v. Amazon.com, Inc.*, 2:21-cv-00693-RSM (W.D. Wash.); *Brown v. Amazon.com, Inc.*, No. 22-cv-00965-JHC (W.D. Wash.).

SCARLETT APPL. FOR APPOINTMENT
AS INTERIM LEAD COUNSEL - 13
Case No. 20-CV-08570-JD

1    DATED: February 3, 2023                Respectfully submitted,

2                                           HAGENS BERMAN SOBOL SHAPIRO LLP

3                                           By: _s/ Shana E. Scarlett_____
                                                 Shana E. Scarlett
4                                           Hannah Song (Bar No. 343110)
                                            715 Hearst Avenue, Suite 300
5                                           Berkeley, CA 94710
                                            Telephone: (510) 725-3000
6                                           Facsimile:  (510) 725-3001
                                            Email: shanas@hbsslaw.com
7

8                                           Steve W. Berman (*pro hac vice*)
                                            HAGENS BERMAN SOBOL SHAPIRO LLP
9                                           1301 Second Avenue, Suite 2000
                                            Seattle, WA 98101
10                                          Telephone: (206) 623-7292
                                            Facsimile:  (206) 623-0594
11                                          Email: steve@hbsslaw.com

12                                          *Interim Co-Lead Counsel for the Consumer Class*

13                                          LOCKRIDGE GRINDAL NAUEN P.L.L.P.
14                                          W. Joseph Bruckner (admitted *pro hac vice*)
                                            Brian D. Clark (admitted *pro hac vice*)
15                                          Rebecca A. Peterson (Bar No. 241858)
                                            Kyle J. Pozan (admitted *pro hac vice*)
16                                          Laura M. Matson (*pro hac vice* pending)
                                            100 Washington Avenue South, Suite 2200
17                                          Minneapolis, MN 55401
                                            Telephone: (612) 339-6900
18                                          Email: wjbruckner@locklaw.com
19                                                   bdclark@locklaw.com
                                                     rapeterson@locklaw.com
20                                                   kjpozan@locklaw.com
                                                     lmmatson@locklaw.com
21
                                            *Additional Counsel for the Consumer Class*
22

23

24

25

26

27

28

SCARLETT APPL. FOR APPOINTMENT
AS INTERIM LEAD COUNSEL - 14
Case No. 20-CV-08570-JD