UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAXIMILIAN KLEIN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>META PLATFORMS, INC.,<br><br>Defendant. | Case No. 3:20-cv-08570-JD<br><br>**ORDER RE INTERIM CONSUMER CLASS COUNSEL** |

This case features two groups of plaintiffs who allege antitrust injuries caused by defendant Meta Platforms, Inc. (Meta). This order addresses interim lead counsel designations for the "consumers" group.

In March 2021, the prior district judge assigned to this case appointed Stephen A. Swedlow of Quinn Emanuel Urquhart & Sullivan, LLP (Quinn Emanuel) and Shana A. Scarlett of Hagens Berman Sobol Shapiro LLP (Hagens Berman) as interim lead counsel for the consumer class. Dkt. No. 73 at 2. Warren Postman of Keller Lenkner LLC and Brian D. Clark of Lockridge Grindal Nauen P.L.L.P. (Lockridge) were appointed to serve on an "executive committee" for the consumer class. *Id.* Keller Lenkner was later disqualified, leaving attorney Clark as the only member of the executive committee. Dkt. Nos. 123, 127.

In November 2022, attorney Swedlow left the practice and asked "to resign his appointment and substitute" Kevin Teruya of Quinn Emanuel as interim co-lead counsel. Dkt. No. 381 at 1. Hagens Berman and Lockridge objected to this proposal. Dkt. No. 383 at 2. They stated that "the leadership structure [had] not been without its challenges," and that the relationships between their firms and Quinn Emanuel were at a breaking point. *Id.* at 3.

The Court took up the leadership question at a status conference on January 19, 2023. Dkt. Nos. 388, 424. The record indicated that the consumer class counsel arrangement had become

1  "dysfunctional," Dkt. No. 424 at 1, and so the Court reopened applications for appointment as
2  interim lead counsel. Attorneys Teruya (alone) and Scarlett (alone or in combination with
3  Rebecca Peterson of Lockridge) submitted applications. Dkt. Nos. 439, 440.

4  In effect, the applications presented a Hobson's choice of proposing replacements for
5  Teruya and Scarlett so long as they are Teruya and/or Scarlett. The Court is left in the position of
6  assigning interim lead counsel roles to attorneys and law firms who have had a rocky relationship.
7  The Court considered a public solicitation of interest from other firms but concluded that the
8  litigation, which started in 2020, is too far down the road for that measure, and the best interests of
9  the class would not be served by a potentially long delay in finding new counsel.

10  The Court concludes, with some reservations, that attorneys Teruya and Scarlett will be
11  designated interim lead counsel for the consumer class. It is the Court's expectation that the
12  attorneys will treat this appointment as the start of a new day, and put behind them the conflicts
13  that gave rise to these proceedings. It bears emphasis that the designations are interim, and further
14  reports of dysfunctionality or breakdowns in the work relationship will likely result in designation
15  of new counsel for a class that may be certified later in the case, if that comes to pass.

**INTERIM LEAD CONSUMER CLASS COUNSEL**

17  1.  Attorneys Teruya and Scarlett are appointed as interim lead counsel in the
18  consolidated action on behalf of the putative consumer class.

19  2.  Teruya and Scarlett are directed to promptly advise the Court if circumstances
20  change and conflicts re-emerge that impair the interests of the consumer class.

21  3.  The Court disfavors committee structures as unnecessary and not in the best
22  interests of the putative class. To that end, the "executive committee" for the consumer class is
23  dissolved, and no new committees may be created without the Court's prior approval. Interim
24  lead counsel may assign work to attorneys at other firms on an as-needed basis, subject to the
25  guidelines established by this order.

**AUTHORITY AND RESPONSIBILITIES**

27  4.  Interim lead counsel have complete authority over, and responsibility for, the
28  representation of consumer plaintiffs. This includes, without limitation: (1) the initiation,

1  response, scheduling, briefing, and argument related to all pleadings or motions; (2) the scope,
2  order, and conduct of all discovery proceedings; (3) retaining common experts; (4) designating the
3  appearance of plaintiffs' counsel at hearings and conferences; (5) leading common settlement
4  negotiations and entering into prospective agreements with Meta; (6) receiving and distributing
5  among plaintiffs' counsel, as appropriate, notice of all Court orders and notices of pretrial
6  conferences and acting as the primary contact between the Court and plaintiffs' counsel; (7)
7  establishing and maintaining a depository for orders, pleadings, hearing transcripts, and all
8  documents served upon plaintiffs' counsel; (8) establishing and maintaining a current master
9  service list of counsel of record; (9) establishing procedures for submitting and reviewing periodic
10 time and expense reports of plaintiffs' counsel to determine if the time and expenses are being
11 spent appropriately and for the benefit of the putative class, including providing periodic reports to
12 the Court if requested; and (10) all other pre-trial matters concerning the efficient and economical
13 conduct of the consolidated action.

14       5.    Interim lead counsel also have complete authority over, and responsibility for: (1) assigning work to other plaintiffs' counsel, as may be appropriate and in the putative class's best interest; (2) implementing time and expense recordkeeping policies; (3) collecting time and expense reports from all plaintiffs' counsel on a monthly basis; (4) acting as the treasurer for any litigation fund assessments and expenses; and (5) otherwise ensuring that plaintiffs' counsel not perform common benefit work, bill for unnecessary read and review time, or attend hearings, depositions, or other events without interim lead counsel's authorization.

21       6.    Meta and its counsel may rely on the conduct and representations of interim lead counsel on behalf of the putative class for any issue in the litigation.

### FEES, COSTS, AND EXPENSES

24       7.    Interim lead counsel are expected to be vigilant in ensuring the efficient and economical prosecution of this matter. A request for an award of fees and costs may be based only on records that were prepared as the fees and costs were incurred. A prolonged forensic accounting exercise or a mini-trial on fees and costs are to be avoided. To that end, interim lead

counsel will ensure that the following practices are adhered to by all counsel who perform work on behalf of the putative consumer class:

    a. At the close of each calendar month, interim lead counsel will make sure that all time has been entered by all timekeepers in final form. By 14 days after each month's end, interim lead counsel will ensure that a bill for the prior month is finalized, reflecting lead counsel's review of the billing records and any write-downs or write-offs by interim lead counsel for inefficiencies, duplication of effort, misjudgments in staffing, and the like. These final bills will be kept by lead counsel for each month, and may not be altered. Only these records, prepared contemporaneously with the expenditures, may be used for a fees and costs motion.

    b. Time will be recorded in one-tenths of an hour.

    c. Block-billing time records are not permitted. Time must instead be recorded by task. For example, an attorney may not record "7.8 hours" for "work on motion to dismiss opposition." Instead, the attorney must break out the 7.8 hours specifying the amount of time spent for each specific task performed, e.g., "review and analyze motion to dismiss brief (1.3); team meeting regarding arguments for opposition (.8); legal research re X argument (3.3); draft X section of opposition brief (2.4)."

    d. Interim lead counsel are free to make staffing decisions as they deem appropriate, but the Court will not permit fees to be recovered for multiple attorneys performing duplicative work. For example, barring an unusual circumstance, only one lawyer should attend a deposition when defending it, and no more than two lawyers should attend when taking a deposition. The Court will not permit the recovery of fees for every attorney from every firm to review each discovery request and response, motion, letter, e-mail, etc. in the case. While each attorney should stay informed about the litigation, only the attorneys designated by interim lead counsel to review or summarize pleadings, orders, and communications are working for the common

      benefit of the putative class, and only their time will be considered for possible payment at the conclusion of this case.

e. Air travel of less than six hours should be in coach class. Travel exceeding six hours of flight time may be booked in business class. In all cases, flights should be booked at the lowest available fare.

f. When overnight travel is necessary, counsel should be mindful in selecting reasonable hotel accommodations and restaurants. Per diem expenses for travel days should not exceed $125 per person exclusive of lodging and transportation.

g. Failure to adhere to these guidelines -- or the spirit animating them -- will result in the exclusion of consideration for the relevant fee or cost request.

**IT IS SO ORDERED.**

Dated:  February 21, 2023

_____
JAMES DONATO
United States District Judge