# WILMERHALE

March 17, 2023

**Sonal Mehta**

+1 650 600 5051 (t)
+1 650 858 6100 (f)
sonal.mehta@wilmerhale.com

VIA ECF

The Honorable James Donato
United States District Judge for the Northern District of California
450 Golden Gate Avenue, Courtroom 11, 19th Floor
San Francisco, CA 94102

Re:   *Klein v. Meta Platforms, Inc.*, Case No. 3:20-cv-08570-JD

Dear Judge Donato:

Meta regrettably must request the Court's intervention to enter a narrowly-tailored protective order to impose reasonable time limitations for four apex depositions, the first of which is proposed for **April 5, 2023**: Mark Zuckerberg, Chief Executive Officer (3 hours), Sheryl Sandberg, former Chief Operating Officer and current Board member (3 hours), Sir Nicholas Clegg, President of Global Affairs (4 hours), and Chris Cox, Chief Product Officer (4 hours).[1] Though it would be justified, Meta is not seeking to block these depositions outright or to impose shorter time limits on all senior executives—as a compromise, Meta has agreed to present its current Chief Operating Officer, its Chief Marketing Officer & VP Analytics (Alex Schultz), its Chief Strategy Officer, and its Chief Privacy Officer for deposition up to seven hours. Instead, Meta requests reasonable time limits for these four specific witnesses, taking into account (i) their apex status, (ii) the anticipated subject matter of their testimony, (iii) the 46 other depositions Plaintiffs will take of current and former Meta employees, (iv) Plaintiffs' seven-hour depositions of multiple *other* members of Meta's C-Suite, and (v) the fact that Meta is already providing Plaintiffs with the transcripts from the witnesses' corresponding depositions in *FTC v. Meta Platforms, Inc.*, 1:20-cv-03590-JEB (D.D.C.), which are taking place prior to the depositions in this matter, ***and*** prior transcripts and exhibits from other proceedings (Dkt. 424).

Plaintiffs initially ignored Meta's multiple requests to confer on this issue, and then, when they finally responded, refused *any* limits. Following a telephonic meet and confer on March 1, Meta identified for Plaintiffs the multiple other, non-apex witnesses subject to deposition that could supply relevant testimony on those areas Plaintiffs apparently seek to depose these four apex witnesses. Meta continued to engage with Plaintiffs up through the day of the filing of this letter brief to reach a compromise, but Users have rejected anything less than five hours with Sir Clegg and Mr. Cox and seven hours with Mr. Zuckerberg and Ms. Sandberg, and Advertisers went so far

---

[1] Meta made numerous attempts over weeks to reach a resolution of this issue in advance of the status conference previously set for March 16. Because Mr. Cox's deposition is currently proposed for April 5, Meta is seeking relief now. The other depositions are confirmed or proposed as follows: Mr. Clegg on April 13, and Ms. Sandberg on May 2; because of his anticipated parental leave, Mr. Zuckerberg's deposition has not yet been scheduled.

Hon. James Donato
March 17, 2023
Page 2

WILMERHALE

as to suggest they want a whole second day of deposition with Mr. Zuckerberg and Ms. Sandberg.

I.   **Plaintiffs' Refusal to Limit Executive Depositions Is Improper**

Courts recognize that apex witness depositions impose great burdens and "create[] a tremendous potential for abuse or harassment,'" *Apple Inc. v. Samsung Elecs. Co., Ltd*, 282 F.R.D. 259, 263 (N.D. Cal. 2012) (citations omitted), and that reasonable time limits for apex witnesses may be appropriate, even where the witness may possess some unique, first-hand knowledge, *see Hunt v. Cont'l Cas. Co.*, 2015 WL 1518067, at *3 (N.D. Cal. Apr. 3, 2015) (limiting deposition of insurer's Chairman and CEO to three hours); *In re Transpacific Passenger Air Transp. Antitrust Litig.*, 2014 WL 939287, at *6 (N.D. Cal. Mar. 6, 2014) (limiting airline executive's deposition to two hours); *Apple Inc.*, 282 F.R.D. at 265, 267-69 (limiting depositions of Samsung executives to no more than two or three hours); *In re Google Litig.*, 2011 WL 4985279, at *2 (N.D. Cal. Oct. 19, 2011) (limiting deposition of Google CEO to no more than three hours).

Nonetheless, Plaintiffs rejected Meta's offers of compromise—with Advertisers demanding ***separate seven-hour Advertiser-only depositions*** for each of Mr. Zuckerberg and Ms. Sandberg—asserting that each is relevant to their case. But relevance is not the standard. The standard requires that "parties seeking to depose a high-ranking corporate officer ***must first*** establish that the executive (1) has unique, non-repetitive, firsthand knowledge of the facts at issue in the case, and (2) that other less intrusive means of discovery, . . . have been exhausted without success"—a showing which Plaintiffs have not made, and cannot credibly make. *Affinity Labs of Texas v. Apple, Inc.*, 2011 WL 1753982, at *15 (N.D. Cal. May 9, 2011) (emphasis added). Indeed, when Meta asked what ***unique and non-repetitive*** knowledge the apex witnesses had, Plaintiffs referred only to their complaints and their prior communications on why the witnesses should be document custodians—none of which support Plaintiffs' demands here.

<u>Mark Zuckerberg and Sheryl Sandberg</u>[2]: During the parties' custodial negotiations, Plaintiffs employed a scattershot approach to Mr. Zuckerberg's and Ms. Sandberg's purported relevance to this case, claiming each was relevant to nearly every issue in these cases. If that were the standard, every CEO and COO would have relevant information and be subject to deposition because they necessarily have responsibility for every aspect of the company—at the highest level of generality. But ***some*** personal knowledge is not enough: ***unique, non-repetitive*** knowledge is required. Apart from certain alleged misstatements of which Mr. Zuckerberg was the speaker—which do not by themselves justify an apex deposition, *see Affinity Labs*, 2011 WL 1753982, at *16 ("Courts have repeatedly denied apex depositions even on a showing that the executive made public statements on relevant issues.")—Plaintiffs have not identified a single issue that Mr. Zuckerberg or Ms. Sandberg is uniquely knowledgeable about. For example, Users contended that Mr. Zuckerberg was relevant to Meta's data collection and use practices and representations. However, Users noticed the depositions of no fewer than ***eleven other*** current or former Meta

---

[2] Sheryl Sandberg is Meta's former COO and remains a member of Meta's Board of Directors. *See, e.g.*, *WebSideStory, Inc. v. NetRatings, Inc.*, 2007 WL 1120567, at *3-4 (S.D. Cal. Apr. 6, 2007) (applying apex doctrine to former CEO and current board member).

Hon. James Donato
March 17, 2023
Page 3

WILMERHALE

witnesses who Users contend are relevant to that same topic, including Meta's former Chief Technology Officer and current Director of Marketing Research. And, as it relates to Ms. Sandberg, Users contended that Ms. Sandberg was knowledgeable of the 2011 and 2019 FTC consent decrees, Meta's monetization strategy, certain reciprocity agreements, and Facebook Watch. However, Users identified numerous other witnesses that allegedly possess relevant knowledge on these broad topics.

In support of their new demand for separate *seven-hour Advertiser-only depositions* of Mr. Zuckerberg and Ms. Sandberg, Advertisers contend that each was the "ultimate decisionmaker[]" as it relates to their incoherent allegations concerning the Google Network Bidding Agreement ("GNBA"), the use and expansion of Onavo, integration of signals, user data, and engineered machine-learning features as part of the Intent Platform and Facebook Feature Framework (F3), and allegedly anticompetitive agreements with Netflix and eBay. However, Advertisers have taken or will take the depositions of numerous current and former Meta employees much more centrally involved in these issues, including Meta's Director of Product Management who led the negotiations on the GNBA and drafted the strategy memoranda recommending approval of the agreement, Meta's Chief Information Security Officer who co-founded Onavo and who Plaintiffs recently deposed and Meta's current COO who was the executive sponsor for the Onavo acquisition, and Meta's former Chief Revenue Officer, Meta's current VP of the Commerce Business Group, and Meta's Director of Business Development who negotiated the eBay and Netflix agreements. None of these topics seem remotely apropos of anything useful either.

*Sir Nicholas Clegg (President of Global Affairs)*: Sir Clegg is not a speaker of any alleged misstatement, he is not mentioned in Users' complaint, and Users refused to explain their contentions on his unique knowledge during the parties' meet and confer—instead referring Meta to the parties' custodial negotiations (negotiations where Users did not discuss Sir Clegg's relevance or unique knowledge). Advertisers, for their part, have indicated that Sir Clegg is relevant to a single discrete topic—so-called "back-end integration." But Advertisers have noticed or already taken depositions of several other witnesses knowledgeable on the same irrelevant topic, including Meta's former VP and Head of Engineering and Infrastructure, Jay Parikh (who Plaintiffs recently deposed for nearly seven hours) and WhatsApp's cofounder, Brian Acton.

*Chris Cox (Chief Product Officer)*: Mr. Cox is not a speaker of any alleged misstatement, he is only mentioned in passing in a single paragraph of Users' 318-paragraph complaint, and again, Users refused to explain his unique knowledge during the parties' meet and confer—instead referring Meta to the parties' custodial negotiations (negotiations where Users did not identify Mr. Cox's relevance or unique knowledge). Similarly, Advertisers indicated that Mr. Cox can speak to the "Advertising Business," but Advertisers have identified no fewer than *nine other* witnesses knowledgeable on the "advertising business," including Alex Schultz, Meta's Chief Marketing Officer, who recently spoke at length to the Court about Meta's advertising business.

Meta respectfully requests that the Court enter a protective order consistent with Meta's requested time limits for Mr. Zuckerberg, Ms. Sandberg, Mr. Clegg, and Mr. Cox.

WILMERHALE

Respectfully submitted,

By: */s/ Sonal N. Mehta*
**WILMER CUTLER PICKERING HALE AND DORR LLP**
*Attorney for Defendant Meta Platforms, Inc.*