

Wilson Sonsini Goodrich & Rosati
Professional Corporation

One Market Plaza
Spear Tower, Suite 3300
San Francisco, California 94105-1126

O: 415.947.2000
F: 866.974.7329

JUSTINA SESSIONS
Internet: JSESSIONS@wsgr.com
Direct dial: (415) 947-2197

April 12, 2023

**VIA CM/ECF**

The Honorable James Donato
United States District Judge
Northern District of California
450 Golden Gate Avenue
San Francisco, California 94102

    Re:    *Klein et al. v. Meta Platforms, Inc.*, No. 3:20-cv-08570-JD (N.D. Cal.)

Dear Judge Donato:

    Netflix, Inc. and Wilmot Reed Hastings, Chairman of the Netflix, Inc. Board of Directors (collectively, "Netflix") respectfully requests the Court to enter a protective order quashing the Advertiser Plaintiffs' 30(b)(1) Notice of Deposition of Mr. Hastings. Netflix is not a party to this lawsuit and neither Netflix nor Mr. Hastings' conduct is at issue. A protective order is warranted because Advertiser Plaintiffs cannot identify any unique and non-repetitive information Mr. Hastings may possess and cannot show they have tried to obtain the information at issue through less burdensome means. Counsel for Netflix and Advertiser Plaintiffs met and conferred on March 2, 2023 and corresponded on March 9, March 10, April 10, and April 11 but are at an impasse.

    **Background.** On February 21, 2023, Advertiser Plaintiffs served a 30(b)(1) deposition notice on Mr. Hastings with a deposition date of April 24, 2023. On March 2, 2023, counsel for Netflix and the Advertiser Plaintiffs met and conferred. Netflix understands Advertiser Plaintiffs believe Mr. Hastings' testimony is relevant to their allegation that Meta and Netflix made anticompetitive agreements during Mr. Hastings' tenure on Meta's board of directors. When asked to explain why a deposition of Mr. Hastings was necessary, Advertiser Plaintiffs stated only that they are currently deposing Meta employees and declined to provide any basis for their allegations beyond their complaint.

    **The apex doctrine bars a deposition of Mr. Hastings.** Deposition notices directed at high-level corporate executives create "a tremendous potential for abuse or harassment."[1] Courts

---

[1] *Apple Inc. v. Samsung Elecs. Co.*, 282 F.R.D. 259, 263 (N.D. Cal. 2012).

WILSON SONSINI

The Honorable James Donato
April 12, 2023
Page 2

therefore have the discretion to limit such depositions where the information sought "can be obtained from some other source that is more convenient, less burdensome, or less expensive."[2] Parties seeking to depose a high-level corporate officer must, therefore, first establish (1) that the executive has unique, non-repetitive, firsthand knowledge of the facts at issue in the case, and (2) that other less intrusive means of discovery have been exhausted without success.[3] The apex doctrine applies to Mr. Hastings, Netflix's former co-CEO and current Chairman of the Board.[4]

***Mr. Hastings has no unique and non-repetitive knowledge of alleged agreements between Meta and Netflix.*** Advertiser Plaintiffs claim Mr. Hastings' testimony is relevant to their allegation that various agreements between Netflix and Meta were anticompetitive. The existence and nature of alleged agreements to which Meta is a party, and Meta's reasons for entering into the agreements, are obviously facts that Advertiser Plaintiffs can and should obtain from Meta in the first instance. Thus, despite Advertiser Plaintiffs' allegations that Mr. Hastings' "position" "allowed" an allegedly "collusive deal," Mr. Hastings' testimony is not necessary to determine whether such a deal existed, its terms, or its effects.  That information can be obtained from Meta.[5] Indeed, Meta is making available its "Director of Business Development who negotiated the eBay and Netflix agreements" for deposition.[6] Mr. Hastings cannot have unique and non-repetitive knowledge if Advertiser Plaintiffs are deposing a Meta executive with knowledge of the relevant agreements (and is likely to have closer personal knowledge of them than Mr. Hastings would).[7]

To the extent Advertiser Plaintiffs assert that there was some other "unwritten" agreement or understanding between Meta and Netflix, that allegation does not justify deposing Mr. Hastings.

---

[2] *Id.* (quoting Rule 26(b)(2)(C)(i)).

[3] *Affinity Labs of Texas v. Apple, Inc.*, No. C 09-4436 CW (JL), 2011 U.S. Dist. LEXIS 53649, at *40-41 (N.D. Cal. May 9, 2011).

[4] Former CEOs like Mr. Hastings are apex witnesses. *See, e.g.*, *WebSideStory, Inc. v. NetRatings, Inc.*, No. 06cv408 WQH (AJB), 2007 WL 1120567, at *3–4 (S.D. Cal. Apr. 6, 2007) (applying apex doctrine to former CEO and current board member).

[5] *See In re Packaged Seafood Prods. Antitrust Litig.*, No. 15-md-2670-JLS-MDD, 2018 U.S. Dist. LEXIS 150340, at *49-50 (S.D. Cal. Sept. 4, 2018) (denying motion to depose board member of nonparty because other witnesses and documents were available, rendering board member's testimony "cumulative and not unique").

[6] Letter from Sonal N. Mehta to the Hon. James Donato (March 17, 2023), Dkt. No. 476.

[7] *See Doble v. Mega Life & Health Ins. Co.*, No. C-09-1611, 2010 U.S. Dist. LEXIS 56190, at *9 (N.D. Cal. May 18, 2010) ("Although Plaintiffs have perhaps not obtained the answers they wanted from lower level employees, that failure does not automatically justify their reaching higher, without the requisite showing of the higher-level official's unique personal knowledge.").

WILSON SONSINI

The Honorable James Donato
April 12, 2023
Page 3

When Netflix asked for some basis for this claim, Advertiser Plaintiffs pointed only to the allegations in their complaint, but those allegations concern actual, documented agreements between the companies. Advertiser Plaintiffs have made no showing that Mr. Hastings has *any* knowledge of some secret agreement, much less *unique and non-repetitive* knowledge.[8] Even if there were an unwritten agreement between Netflix and Meta, someone at Meta would have knowledge of it. Otherwise, there would be no "agreement" all. Advertiser Plaintiffs should exhaust their opportunities to depose party personnel before embarking on the deposition of a high-ranking executive of a nonparty simply to satisfy their speculation.

Advertiser Plaintiffs also allege that Mr. Hastings was on a Facebook board committee that approved various executive compensation packages. To the extent these allegations are even relevant to Advertiser Plaintiffs' claims, Mr. Hastings obviously does not have any unique or non-repetitive knowledge of Facebook's governance practices or executive compensation.

***The information at issue—if it exists—would be available through less burdensome means than an apex deposition of Mr. Hastings.*** Even if there were any facts to support Advertiser Plaintiffs' conspiracy theory, Meta would have relevant knowledge of the nature of any such agreement and Meta's rationale for it. Advertiser Plaintiffs have refused to explain why they cannot obtain this information from Meta. Thus, they have failed to show they cannot obtain the information at issue through less burdensome means (*i.e.*, from Meta, a party to the litigation). Having apparently failed to make efforts to obtain the information from Meta, Advertiser Plaintiffs cannot now demand it from a nonparty like Netflix.[9]

---

[8] *See In re TFT-LCD (Flat Panel) Antitrust Litig.*, MDL No. 1827, 2011 U.S. Dist. LEXIS 85608, at *19 (N.D. Cal. Aug. 1, 2011) (upholding denial of plaintiff's motion to compel deposition of Sharp CEO Machida because "[p]laintiffs have provided the Court with no evidence that Machida participated in or was otherwise aware of the conspiracy").

The mere fact that Mr. Hastings used to be Netflix's co-CEO and a Meta board member is not proof he knew of or was involved in the alleged conspiracy. *Id.* ("[P]laintiffs' position boils down to the fact that Machida 'must have known' of any price-fixing activities because of his position at Sharp during the relevant period. Adopting this argument, however, would eviscerate the apex doctrine."); *Faulks v. Wells Fargo & Co.*, No. 13-cv-02871-MEJ, 2015 U.S. Dist. LEXIS 164507, at *7–8 (N.D. Cal. Dec. 8, 2015) (denying motion to compel deposition of senior executive where "the Court has no basis other than [the deponent's] job title to assume he possesses relevant information").

[9] *See Audio MPEG, Inc. v. HP Inc.*, No. 16-mc-80271, 2017 U.S. Dist. LEXIS 34913, at *13–14 (N.D. Cal. Mar. 10, 2017) (quashing deposition and document subpoenas to nonparty where information sought was more readily available from parties to the litigation).

**WILSON SONSINI**

The Honorable James Donato
April 12, 2023
Page 4

                        Respectfully submitted,

Dated: April 12, 2023          WILSON SONSINI GOODRICH & ROSATI
                                    Professional Corporation

                        By:  */s/ Justina Sessions*
                        Justina Sessions
                        One Market Plaza
                        Spear Tower, Suite 3300
                        San Francisco, California 94105
                        Telephone: (415) 947-2197
                        Facsimile: (866) 974-7329
                        Email: jsessions@wsgr.com

                        *Counsel for Interested Parties Netflix Inc.*
                        *and Wilmot Reed Hastings*