# Exhibit B

Case 3:20-cv-08570-JD   Document 512-2   Filed 04/14/23   Page 2 of 10

action, including, but not limited to, the right to object to the use of any documents on any ground (including materiality and relevance) in any proceeding in any action. Mr. Hastings's responses and objections are made based on his understanding and interpretation of each Request. Mr. Hastings reserves the right to supplement or amend his responses and objections should Advertisers subsequently put forth an interpretation of any Request that differs from that being used by Netflix or Mr. Hastings for these responses.

## SPECIFIC OBJECTIONS AND RESPONSES

Mr. Hastings expressly incorporates the above General Objections as though set forth fully in response to each of the following Requests. In addition to those General Objections, Mr. Hastings also makes the following Specific Objections to each Request for Production:

**REQUEST FOR PRODUCTION NO. 1:**

All Communications, and all Documents attached to and/or related to those Communications, between You and any Facebook Employee or Netflix Employee relating to Facebook Watch, competition with Facebook in online video streaming, and/or competition with Facebook in original content creation, including, but not limited to Agreements restricting Netflix title weight, intent, consumer, or other data from Facebook Watch.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Mr. Hastings incorporates his General Objections. In addition to his General Objections. Mr. Hastings objects to this Request as unduly burdensome, overbroad, and seeking information that is not relevant or proportional to the needs of the case, including because of Mr. Hastings's status as a nonparty and because it calls for the production of "all Documents" concerning the specified topic. Mr. Hastings further objects to the demand for "[a]ll Communications, and all Documents attached to and/or related to those Communications" as overly broad, seeking information that is not relevant or proportional to the needs of the case, unduly burdensome, and

6

vague and ambiguous. Mr. Hastings objects to this Request as overbroad, vague, and ambiguous with regard to, at least, the terms "attached to," "related to," "title weight data," "intent data," and "consumer data," none of which are defined. Mr. Hastings objects to this Request insofar as the information sought is protected from discovery by the attorney-client privilege, the work product doctrine, or any other applicable privileges or doctrines. Mr. Hastings further objects to this Request to the extent it calls for the production of any documents that are or that reveal confidential, proprietary, trade secret, third party, or competitively sensitive information. Mr. Hastings further objects to this Request to the extent it calls for the production of documents no longer relevant or subject to discovery in light of the Court's motion to dismiss opinion. (Dkt. No. 214.) Mr. Hastings further objects to this Request to the extent it calls for the production of documents equally available from other sources, including the public domain or the parties to the above-captioned case. Mr. Hastings further objects to this Request to the extent that it is duplicative of Request for Production Nos. 1 and 2 in the Netflix Subpoena.

**REQUEST FOR PRODUCTION NO. 2:**

All Communications, and all Documents attached to and/or related to those Communications, between You and any Facebook Employee or Netflix Employee relating to advertising on Facebook or other digital advertising services, including, but not limited to Agreements concerning Facebook Custom Audiences; Application Program Interfaces; and advertising conversions, tracking, optimization, analytics, and/or measurement.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Mr. Hastings incorporates his General Objections. In addition to his General Objections. Mr. Hastings objects to this Request as unduly burdensome, overbroad, and seeking information that is not relevant or proportional to the needs of the case, including because of Mr. Hastings's

status as a nonparty and because it calls for the production of "all Documents" concerning the specified topic. Mr. Hastings further objects to the demand for "[a]ll Communications, and all Documents attached to and/or related to those Communications" as overly broad, seeking information that is not relevant or proportional to the needs of the case, unduly burdensome, and vague and ambiguous. Mr. Hastings objects to this Request as overbroad, vague, and ambiguous with regard to, at least, the terms "attached to," "related to," and "Agreements concerning . . . advertising conversions, tracking, optimization, analytics, and/or measurement," none of which are defined. As written, this Request appears to call for all communications between Mr. Hastings and Netflix employees in any way relating to advertising. Mr. Hastings objects to this Request insofar as the information sought is protected from discovery by the attorney-client privilege, the work product doctrine, or any other applicable privileges or doctrines. Mr. Hastings further objects to this Request to the extent it calls for the production of any documents that are or that reveal confidential, proprietary, trade secret, third party, or competitively sensitive information. Mr. Hastings further objects to this Request to the extent it calls for the production of documents no longer relevant or subject to discovery in light of the Court's motion to dismiss opinion. (Dkt. No. 214.) Mr. Hastings further objects to this Request to the extent it calls for the production of documents equally available from other sources, including the public domain or the parties to the above-captioned case. Mr. Hastings further objects to this Request to the extent that it is duplicative of Request for Production Nos. 7 and 8 in the Netflix Subpoena.

**REQUEST FOR PRODUCTION NO. 3:**

All Communications, and all Documents attached to and/or related to those Communications, between You and any Facebook Employee or Netflix Employee relating to the collection or exchange of data between Facebook and Netflix, including, but not limited to

Agreements concerning the use of data collected or owned by Netflix for Facebook advertising and/or to test or train Facebook artificial intelligence or machine learning systems and models.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Mr. Hastings incorporates his General Objections. In addition to his General Objections. Mr. Hastings objects to this Request as unduly burdensome, overbroad, and seeking information that is not relevant or proportional to the needs of the case, including because of Mr. Hastings's status as a nonparty and because it calls for the production of "all Documents" concerning the specified topic. Mr. Hastings further objects to the demand for "[a]ll Communications, and all Documents attached to and/or related to those Communications" as overly broad, seeking information that is not relevant or proportional to the needs of the case, unduly burdensome, and vague and ambiguous. Mr. Hastings objects to this Request as overbroad, vague, and ambiguous with regard to, at least, the terms "attached to," "artificial intelligence," "machine learning systems," and "models," none of which are defined. Mr. Hastings objects to this Request insofar as the information sought is protected from discovery by the attorney-client privilege, the work product doctrine, or any other applicable privileges or doctrines. Mr. Hastings further objects to this Request to the extent it calls for the production of any documents that are or that reveal confidential, proprietary, trade secret, third party, or competitively sensitive information. Mr. Hastings further objects to this Request to the extent it calls for the production of documents no longer relevant or subject to discovery in light of the Court's motion to dismiss opinion. (Dkt. No. 214.) Mr. Hastings further objects to this Request to the extent it calls for the production of documents equally available from other sources, including the public domain or the parties to the above-captioned case. Mr. Hastings further objects to this Request to the extent that it is duplicative of Request for Production Nos. 3 and 4 in the Netflix Subpoena.

**REQUEST FOR PRODUCTION NO. 4:**

All Communications, and all Documents attached to and/or related to those Communications, between You and any Facebook Employees relating to Facebook corporate governance guidelines and policies or the drafting/revisions of Facebook corporate governance guidelines and policies, including those governing conflicts of interest and compliance with antitrust laws.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Mr. Hastings incorporates his General Objections. In addition to his General Objections. Mr. Hastings objects to this Request as unduly burdensome, overbroad, and seeking information that is not relevant or proportional to the needs of the case, including because of Mr. Hastings's status as a nonparty and because it calls for the production of "all Documents" concerning the specified topic. Mr. Hastings further objects to the demand for "[a]ll Communications, and all Documents attached to and/or related to those Communications" as overly broad, seeking information that is not relevant or proportional to the needs of the case, unduly burdensome, and vague and ambiguous. Mr. Hastings objects to this Request as overbroad, vague, and ambiguous with regard to, at least, the terms "attached to" and "related to," neither of which are defined. Mr. Hastings objects to this Request insofar as the information sought is protected from discovery by the attorney-client privilege, the work product doctrine, or any other applicable privileges or doctrines. Mr. Hastings further objects to this Request to the extent it calls for the production of any documents that are or that reveal confidential, proprietary, trade secret, third party, or competitively sensitive information. Mr. Hastings further objects to this Request to the extent it calls for the production of documents no longer relevant or subject to discovery in light of the Court's motion to dismiss opinion. (Dkt. No. 214.) Mr. Hastings further objects to this Request to

the extent it calls for the production of documents equally available from other sources, including the public domain or the parties to the above-captioned case.

**REQUEST FOR PRODUCTION NO. 5:**

All Communications, and all Documents attached to and/or related to those Communications, between You and any Facebook Employees relating to any of Facebook's competitive analysis(es) of Netflix's streaming capabilities, ability to generate original content, and/or user data collection.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Mr. Hastings incorporates his General Objections. In addition to his General Objections. Mr. Hastings objects to this Request as unduly burdensome, overbroad, and seeking information that is not relevant or proportional to the needs of the case, including because of Mr. Hastings's status as a nonparty and because it calls for the production of "all Documents" concerning the specified topic. Mr. Hastings further objects to the demand for "[a]ll Communications, and all Documents attached to and/or related to those Communications" as overly broad, seeking information that is not relevant or proportional to the needs of the case, unduly burdensome, and vague and ambiguous. Mr. Hastings objects to this Request as overbroad, vague, and ambiguous with regard to, at least, the terms "attached to," "related to," "Netflix's . . . ability to generate original content," and "Netflix's . . . user data collection," none of which are defined. Mr. Hastings objects to this Request insofar as the information sought is protected from discovery by the attorney-client privilege, the work product doctrine, or any other applicable privileges or doctrines. Mr. Hastings further objects to this Request to the extent it calls for the production of any documents that are or that reveal confidential, proprietary, trade secret, third party, or competitively sensitive information. Mr. Hastings further objects to this Request to the extent it calls for the production of documents no longer relevant or subject to discovery in light of the

11

Court's motion to dismiss opinion. (Dkt. No. 214.) Mr. Hastings further objects to this Request to the extent it calls for the production of documents equally available from other sources, including the public domain or the parties to the above-captioned case. Mr. Hastings further objects to this Request to the extent that it is duplicative of Request for Production No. 1. Mr. Hastings further objects to this Request to the extent that it is duplicative of Request for Production Nos. 14 and 15 in the Netflix Subpoena.

**REQUEST FOR PRODUCTION NO. 6:**

All Communications, and all Documents attached to and/or related to those Communications, between You and Sheryl Sandberg and/or any other Facebook Employees relating to Your January 2018 "Fireside Q&A" at Netflix with Sheryl Sandberg.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Mr. Hastings incorporates his General Objections. In addition to his General Objections. Mr. Hastings objects to this Request as unduly burdensome, overbroad, and seeking information that is not relevant or proportional to the needs of the case, including because of Mr. Hastings's status as a nonparty and because it calls for the production of "all Documents" concerning the specified topic. Mr. Hastings further objects to the demand for "[a]ll Communications, and all Documents attached to and/or related to those communications" as overly broad, seeking information that is not relevant or proportional to the needs of the case, unduly burdensome, and vague and ambiguous. Mr. Hastings objects to this Request as overbroad, vague, and ambiguous with regard to, at least, the terms "attached to" and "related to," neither of which are defined. Mr. Hastings objects to this Request insofar as the information sought is protected from discovery by the attorney-client privilege, the work product doctrine, or any other applicable privileges or doctrines. Mr. Hastings further objects to this Request to the extent it calls for the production of any documents that are or that reveal confidential, proprietary, trade secret, third party, or

12

competitively sensitive information. Mr. Hastings further objects to this Request to the extent it calls for the production of documents no longer relevant or subject to discovery in light of the Court's motion to dismiss opinion. (Dkt. No. 214.) Mr. Hastings further objects to this Request to the extent it calls for the production of documents equally available from other sources, including the public domain or the parties to the above-captioned case.

**REQUEST FOR PRODUCTION NO. 7:**

All Communications, and all Documents attached to and/or related to those Communications, between You and any Facebook Employees relating to Facebook's use of Onavo's data surveillance technology.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Mr. Hastings incorporates his General Objections. In addition to his General Objections. Mr. Hastings objects to this Request as unduly burdensome, overbroad, and seeking information that is not relevant or proportional to the needs of the case, including because of Mr. Hastings's status as a nonparty and because it calls for the production of "all Documents" concerning the specified topic. Mr. Hastings further objects to the demand for "[a]ll Communications, and all Documents attached to and/or related to those Communications" as overly broad, seeking information that is not relevant or proportional to the needs of the case, unduly burdensome, and vague and ambiguous. Mr. Hastings objects to this Request as overbroad, vague, and ambiguous with regard to, at least, the terms "attached to" and "related to," neither of which are defined. Mr. Hastings objects to this Request insofar as the information sought is protected from discovery by the attorney-client privilege, the work product doctrine, or any other applicable privileges or doctrines. Mr. Hastings objects to this Request to the extent it seeks or calls for the production of documents or information that is already in the possession, custody, or control of Advertisers. Mr.

13

Hastings further objects to this Request to the extent it calls for the production of any documents that are or that reveal confidential, proprietary, trade secret, third party, or competitively sensitive information. Mr. Hastings further objects to this Request to the extent it calls for the production of documents no longer relevant or subject to discovery in light of the Court's motion to dismiss opinion. (Dkt. No. 214.) Mr. Hastings further objects to this Request to the extent it calls for the production of documents equally available from other sources, including the public domain or the parties to the above-captioned case.

Dated: December 14, 2022

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: */s/Justina Sessions*
    Justina Sessions

One Market Plaza
Spear Tower, Suite 3300
San Francisco, CA 94105
T: (415) 947-2197
F: (415) 947-2099
jsessions@wsgr.com

*Counsel for Nonparty Netflix Inc. and Wilmot Reed Hastings*