# EXHIBIT 2

**BATHAEE DUNNE LLP**
Yavar Bathaee (CA 282388)
yavar@bathaeedunne.com
Edward M. Grauman (*p.h.v. forthcoming*)
egrauman@bathaeedunne.com
Andrew C. Wolinsky (*p.h.v. forthcoming*)
awolinsky@bathaeedunne.com
445 Park Avenue, 9th Floor
New York, NY 10022
Tel.: (332) 322-8835

Brian J. Dunne (CA 275689)
bdunne@bathaeedunne.com
633 West Fifth Street, 26th Floor
Los Angeles, CA 90071
Tel.: (213) 462-2772

*Interim Co-Lead Counsel for the Advertiser Class*

**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
Kristen M. Anderson (CA 246108)
kanderson@scott-scott.com
230 Park Avenue, 17th Floor
New York, NY 10169
Tel.: (212) 223-6444

Christopher M. Burke (CA 214799)
cburke@scott-scott.com
David H. Goldberger (CA 225869)
dgoldberger@scott-scott.com
Kate Lv (CA 302704)
klv@scott-scott.com
600 W. Broadway, Suite 3300
San Diego, CA 92101
Tel.: (619) 233-4565

Patrick J. McGahan (*pro hac vice*)
pmcgahan@scott-scott.com
Michael P. Srodoski (*pro hac vice*)
msrodoski@scott-scott.com
156 South Main Street, P.O. Box 192
Colchester, CT 06415
Tel.: (860) 537-5537

(Additional counsel on signature page)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MAXIMILIAN KLEIN, et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FACEBOOK, INC.,<br><br>Defendant. | Case No. 20-CV-08570-LHK<br><br>Hon. Lucy H. Koh<br><br>**CLASS ACTION**<br><br>**ADVERTISER PLAINTIFFS' OBJECTIONS AND RESPONSES TO DEFENDANT FACEBOOK, INC.'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO ADVERTISER PLAINTIFFS** |

**SPECIFIC OBJECTIONS AND RESPONSES TO DEFENDANT'S DEFINITIONS**

**DEFINITION A:**

A.     The definitions and rules of construction set forth in Federal Rules of Civil Procedure 26 and 34, and N.D. Cal. Civil Rules 26-1 and 34-1, shall apply to these requests and are incorporated as if fully set forth herein.

**SPECIFIC OBJECTION AND RESPONSE TO DEFINITION A:**

No objection.

**DEFINITION B:**

B.     "You" and "your" include the person or entity to whom these requests are directed, as well as its owners, partners, principals, members, officers, and directors, and all co-account holders, present or former representatives or agents, and any person, including attorneys, acting on behalf of any of the foregoing.

**SPECIFIC OBJECTION AND RESPONSE TO DEFINITION B:**

Plaintiffs object to this Definition as overbroad to the extent that it includes people or entities that possess documents outside Plaintiffs' possession, custody, or control.  Plaintiffs further object insofar as the terms "representative," "agent," and "attorney" may be read to target material protected by attorney-client privilege, attorney work product, or joint prosecution or common interest doctrines.

As to Plaintiffs:

- Jessyca Frederick: Plaintiff objects to the Definition as overbroad and ambiguous to the extent it refers to "owners, partners, principals, members, officers, and directors, and all co-account holders."  Plaintiff Frederick is a natural person who ran a promotional website business as a sole proprietor.  In these Responses, as to Jessyca Frederick, "You" means Jessyca Frederick together with her employees, agents, and other representatives.

- Mark Young: Plaintiff objects to the Definition as overbroad and ambiguous to the extent it refers to "owners, partners, principals, members, officers, and directors, and all co-account holders."  Plaintiff Young is a natural person who runs a hair salon

3

business, d/b/a Dinkum Hair, as a sole proprietor. In these Responses, as to Mark Young, "You" means Mark Young d/b/a Dinkum Hair, together with his employees, agents, and other representatives.

- Joshua Jeon: Plaintiff objects to the Definition as overbroad and ambiguous to the extent it refers to "owners, partners, principals, members, officers, and directors, and all co-account holders." Plaintiff Jeon is a natural person. In these Responses, as to Joshua Jeon, "You" means Joshua Jeon.

- Mark Berney: Plaintiff objects to the Definition as overbroad and ambiguous to the extent it refers to "owners, partners, principals, members, officers, and directors, and all co-account holders." Plaintiff Berney is a natural person who is a musician. In these Responses, as to Mark Berney, "You" means Mark Berney.

- Katherine Looper: Plaintiff objects to the Definition as overbroad and ambiguous to the extent it refers to "owners, partners, principals, members, officers, and directors, and all co-account holders." Plaintiff Looper is a natural person who runs a residential hotel for low-income persons through her nonprofit organization, Reality House West. In these Responses, as to Katherine Looper, "You" means Katherine Looper together with her employees, agents, and other representatives.

- Zahara Mossman: Plaintiff objects to the Definition as overbroad and ambiguous to the extent it refers to "owners, partners, principals, members, officers, and directors, and all co-account holders." Plaintiff Mossman is a natural person who runs a real-estate business as a sole proprietor. In these Responses, as to Zahara Mossman, "You" means Zahara Mossman together with her employees, agents, and other representatives.

- Affilious, Inc.: Plaintiff objects to the Definition to the extent as overbroad and ambiguous to the extent it refers to "partners," "principals," "members," and "co-account holders." Plaintiff is a California corporation with two officers, Jessyca

4

Case No. 20-CV-08570-LHK        Advertiser Plaintiffs' Objections and Responses to Facebook, Inc.'s
                                First Requests for Production of Documents to Advertiser Plaintiffs

Frederick and Mitchell Frederick. In these Responses, as to Affilious, Inc., "You" means Affilious, Inc. and Ms. Frederick and Mr. Frederick (in their capacity as officers), together with Affilious, Inc.'s employees, agents, and other representatives.

- <u>406 Property Services, PLLC</u>: Plaintiff objects to the Definition to the extent as overbroad and ambiguous to the extent it refers to "partners, principals," "officers, and directors, and all co-account holders." Plaintiff is a Montana professional limited liability company with one member, Mark Berney. In these Responses, as to 406 Property Services, PLLC, "You" means 406 Property Services, PLLC, and Mr. Berney, together with 405 Property Services, PLLC's employees, agents, and other representatives.

**DEFINITION C:**

C. "User Complaint" refers to the Amended Consolidated Consumer Class Action Complaint filed in *Klein v. Facebook, Inc.*, Case No. 5:20-cv-08570-LHK (N.D. Cal.), ECF No. 87, by Maximilian Klein, Sarah Grabert, and Rachel Banks Kupcho (together the "User Plaintiffs").

**SPECIFIC OBJECTION AND RESPONSE TO DEFINITION C:**

No objection.

**DEFINITION D:**

D. "Advertiser Complaint" refers to the Amended Consolidated Advertiser Class Action Complaint filed in *Klein v. Facebook, Inc.*, Case No. 5:20-cv-08570-LHK (N.D. Cal.), ECF No. 86, by Affilious, Inc., Jessyca Frederick, Mark Young, Joshua Jeon, 406 Property Services, PLLC, Mark Berney, Katherine Loopers, and Zahara Mossman (together the "Advertiser Plaintiffs").

**SPECIFIC OBJECTION AND RESPONSE TO DEFINITION D:**

No objection.

**DEFINITION E:**

E. "Advertising Medium" refers to any and all advertising forms, channels, media, or services including without limitation advertising on any online services (as defined below), any digital

5

Case No. 20-CV-08570-LHK                Advertiser Plaintiffs' Objections and Responses to Facebook, Inc.'s
                                        First Requests for Production of Documents to Advertiser Plaintiffs

**REQUEST NO. 33.**

Documents sufficient to identify each advertising purchase you made or advertisement you placed during the Relevant Time Period.

**RESPONSE:**

Plaintiffs object to this Request insofar as it seeks information in the possession, custody, and control of Defendant and/or other third parties, including online service providers, to which Defendant has equal access.

Subject to these objections, and without waiving any of their other objections, Plaintiffs will produce non-privileged responsive documents, sufficient to identify each advertising purchase they made or placed on behalf of their businesses during the Relevant Period, provided such documents can be located after a reasonable search.

**REQUEST NO. 34.**

For each advertising purchase you made or advertisement you placed during the Relevant Time Period, all documents concerning the placement or purchase of the advertisement including without limitation where the advertisement ran, how much you spent on the advertisement (including *inter alia* per impression, per click, or total), the frequency on which the advertisement ran, the duration for which the advertisement ran, any parameters or criteria used to target the advertisement (including whether the ad was targeted based on geography, demographics, or other information), and all metrics concerning the advertisement's performance (including without limitation, views, conversion, engagement, etc.).

**RESPONSE:**

Plaintiffs object to this Request insofar as it seeks information in the possession, custody, and control of Defendant and/or other third parties, including online service providers, to which Defendant has equal access.

Subject to these objections, and without waiving any of their other objections, Plaintiffs will produce non-privileged responsive documents concerning the advertising they purchased or placed on behalf of their businesses, if any are located after a reasonable search.

32

Case No. 20-CV-08570-LHK    Advertiser Plaintiffs' Objections and Responses to Facebook, Inc.'s
First Requests for Production of Documents to Advertiser Plaintiffs

**REQUEST NO. 35.**

All documents and things concerning any and every Advertising Medium that you used, considered, or evaluated during the Relevant Time Period.

**RESPONSE:**

Plaintiffs object to this Request to the extent it seeks "[a]ll" documents and things "considered" or "evaluated" but not "used," which renders this Request vague, ambiguous, overbroad, not relevant, and not proportional to the needs of the Advertiser action. Plaintiffs further object that this Request, in conjunction with the Relevant Time Period and the defined term Advertising Medium, is overly broad and unduly burdensome as it calls for "All documents and things." Plaintiffs also object that this Request is overly broad and unduly burdensome as it calls for documents that are in the possession of Defendant or third parties, including other online services, or which are otherwise not in the custody, possession, or control of Plaintiffs.

Subject to these objections, and without waiving any of its their other objections, Plaintiffs are willing to meet and confer with Defendant concerning the scope of any responsive, non-duplicative documents that may be produced pursuant to this Request.

**REQUEST NO. 36.**

All documents concerning your return on investment from any advertisements you purchased from any source during the Relevant Time Period.

**RESPONSE:**

Subject to and without waiving any of their objections, Plaintiffs will produce non-privileged responsive documents concerning the advertising they purchased or placed on behalf of its business, if any are located after a reasonable search.

**REQUEST NO. 37.**

All documents concerning your advertisement objectives and strategy or its implementation during the Relevant Time Period, including but not limited to documents concerning your advertising policies, practices, analyses, metrics, evaluation, conversion rate, or other measures of advertising results, return on investment, criteria, reach, brand awareness, or design, and including but not limited

33

1  to any such documents showing or comparing advertising on Facebook to any other Advertising
2  Medium.
3  **RESPONSE:**
4      Plaintiffs object to this Request as unduly burdensome insofar as it calls for documents that
5  they do not maintain in the ordinary course of business.  Plaintiffs also object that the Request is
6  overbroad and unduly burdensome insofar as it calls for documents that are in the possession of
7  Defendant or third parties, including other online services, or which are otherwise not in the custody,
8  possession, or control of Plaintiffs.
9      Further, Plaintiffs object to the Request as unduly burdensome to the extent that it requests
10 documents already in the possession of Defendant (*e.g.*, advertising metrics recorded by Facebook in
11 relation to Plaintiffs' Facebook advertisement purchases), and Plaintiffs will not produce those
12 documents.
13     Subject to these objections, and without waiving any of their other objections, Plaintiffs will
14 produce non-privileged responsive documents, if any are located after a reasonable search.
15 **REQUEST NO. 38.**
16     All documents concerning your participation in any advertising auction or exchange on any
17 Advertising Medium.
18 **RESPONSE:**
19     Plaintiffs object to this Request to the extent that it seeks information in the possession, custody,
20 or control of third parties, including Defendant and other advertisers, rather than Plaintiffs.  Plaintiffs
21 also object to this Request to the extent that it seeks information stored in a manner that is not reasonably
22 accessible to Plaintiffs.
23     Based on these objections, Plaintiffs will not produce documents in response to this Request.
24 **REQUEST NO. 39.**
25     All documents and things concerning any targeted advertising (including whether the ad was
26 targeted based on geography, demographics, or other information) you used, considered, or evaluated,
27 on Facebook or any other Advertising Medium, during the Relevant Time Period.
28

34

Case No. 20-CV-08570-LHK      Advertiser Plaintiffs' Objections and Responses to Facebook, Inc.'s
First Requests for Production of Documents to Advertiser Plaintiffs

**RESPONSE:**

Plaintiffs object to this Request to the extent it seeks "[a]ll" documents and things "considered" or "evaluated" but not "used," which renders the Request as vague, ambiguous, overbroad, and not relevant and not proportional to the needs of the Advertiser action. Plaintiffs further object that this Request, in conjunction with the Relevant Time Period and the defined term Advertising Medium, is overly broad and unduly burdensome as it calls for "All documents and things." Plaintiffs object insofar as the term "targeted advertising" is undefined and vague. Plaintiffs also object that the Request is overbroad and unduly burdensome insofar as it calls for documents that are in the possession of Defendant or third parties, including other online services, or which are otherwise not in the custody, possession, or control of Plaintiffs.

Plaintiffs also object to this Request as duplicative of Request Nos. 34 and 35.

Subject to these objections, and without waiving any of their other objections, Plaintiffs are willing to meet and confer with Defendant concerning the scope of any responsive, non-duplicative documents that may be produced pursuant to this Request.

**REQUEST NO. 40.**

All communications with any company, including Facebook, concerning its advertisement products, advertisement services, or advertisement-related reporting metrics.

**RESPONSE:**

Subject to and without waiving any of their objections, Plaintiffs will produce non-privileged responsive documents, if any are located after a reasonable search.

**REQUEST NO. 41.**

Documents relating to pricing for advertisements during the Relevant Time Period, including without limitation, documents concerning the relative price of advertising on Facebook versus advertising on any Advertising Medium.

**RESPONSE:**

Plaintiffs object that this Request is overbroad and unduly burdensome to the extent it calls for documents that are in the possession of Defendant or third parties, including other online services, or

35

Case No. 20-CV-08570-LHK          Advertiser Plaintiffs' Objections and Responses to Facebook, Inc.'s
                                  First Requests for Production of Documents to Advertiser Plaintiffs

which are otherwise not in the custody, possession, or control of Plaintiffs. Plaintiffs further object insofar as the Request may be read to target material protected by the attorney-client privilege, attorney work product, or joint prosecution or common interest doctrines. Plaintiffs further object to the Request to the extent it purports to require information or production of documents concerning any expert or other person or entity retained by Plaintiffs' counsel to assist in the preparation of Plaintiffs' case but who will not be designated by Plaintiffs as an affiant or witness.

Subject to these objections, and without waiving any of their other objections, Plaintiffs will produce non-privileged responsive documents, if any are located after a reasonable search.

Dated: September 24, 2021

Respectfully submitted,

| **SCOTT+SCOTT ATTORNEYS AT LAW LLP** | **BATHAEE DUNNE LLP** |
|---|---|
| /s/ Kristen M. Anderson | /s/ Yavar Bathaee |
| Kristen M. Anderson (CA 246108) | Yavar Bathaee (CA 282388) |
| kanderson@scott-scott.com | yavar@bathaeedunne.com |
| The Helmsley Building | Edward M. Grauman (*p.h.v. forthcoming*) |
| 230 Park Avenue, 17th Floor | egrauman@bathaeedunne.com |
| New York, NY 10169 | Andrew C. Wolinsky (*p.h.v. forthcoming*) |
| Tel.: (212) 223-6444 | awolinsky@bathaeedunne.com |
| Fax: (212) 223-6334 | 445 Park Avenue, 9th Floor |
| | New York, NY 10022 |
| Christopher M. Burke (CA 214799) | Tel.: (332) 322-8835 |
| cburke@scott-scott.com | |
| David H. Goldberger (CA 225869) | Brian J. Dunne (CA 275689) |
| dgoldberger@scott-scott.com | bdunne@bathaeedunne.com |
| Kate Lv (CA 302704) | 633 West Fifth Street, 26th Floor |
| klv@scott-scott.com | Los Angeles, CA 90071 |
| Hal D. Cunningham (CA 243048) | Tel.: (213) 462-2772 |
| hcunningham@scott-scott.com | |
| Daniel J. Brockwell (CA 335983) | **LEVIN SEDRAN & BERMAN LLP** |
| dbrockwell@scott-scott.com | Keith J. Verrier (*pro hac vice*) |
| 600 W. Broadway, Suite 3300 | Austin B. Cohen (*pro hac vice*) |
| San Diego, CA 92101 | 510 Walnut Street, Suite 500 |
| Tel.: (619) 233-4565 | Philadelphia, PA 19106-3997 |
| Fax: (619) 233-0508 | Telephone: 215-592-1500 |
| | Facsimile: 215-592-4663 |
| Patrick J. McGahan (*pro hac vice*) | kverrier@lfsblaw.com |
| pmcgahan@scott-scott.com | acohen@lfsblaw.com |
| Michael P. Srodoski (*pro hac vice*) | |
| msrodoski@scott-scott.com | |
| 156 South Main Street, P.O. Box 192 | |