May 16, 2023                                          **FILED UNDER SEAL VIA CM/ECF FILING**

The Honorable James Donato, U.S. District Judge San Francisco Courthouse, U.S. District Court
450 Golden Gate Avenue, Courtroom 11 – 19th Floor
San Francisco, CA 94102

Re:     Facebook's Objections in Violation of the Protective Order

Dear Judge Donato:

      Plaintiffs bring this letter motion regarding an ongoing dispute about the Protective Order issued in this case. Meta Platforms, Inc. ("Meta" or "Facebook") previously filed a letter motion with this Court concerning the Protective Order and, at the April 27, 2023 conference, the Court ordered Plaintiffs to abide by the Protective Order. The problem is, Plaintiffs are abiding by the Protective Order and Meta is misconstruing and overreaching in its interpretation of the words contained therein. While this issue has been ongoing and the Parties have met and conferred on it, it recently came to a head. Following the May 2, 2023 deposition of Sheryl Sandberg ("Sandberg"), Meta wrote to Advertiser counsel accusing them of "willful violation" of the Protective Order and putting them on notice that it would seek Court relief. In light of this recent threat, Plaintiffs bring this issue to the Court's attention and ask that it order Meta to cease its objections based on an overly narrow reading of the Protective Order.[1]

      The applicable Protective Order states that a receiving party may, during depositions, disclose materials designated as "confidential" or "highly confidential" only to a witness who the receiving party "has a good faith basis to believe was the author, addressee, recipient, custodian, or source of the document" as well as "any witness for whom the Receiving Party believes in good faith previously received ***or had access to the document***…" Dkt. 314, Section 7.2g, 7.3f (emphasis added). Plaintiffs did not agree to this provision; it was disputed at the time the parties negotiated the Protective Order. *See* Dkt. 95 at 5–6. At that time, Meta asserted this provision was supposedly necessary to protect against the disclosure of confidential information to former employees, including former employees that now work for Meta's competitors. *Id.* at 6.

      In reality, Meta has used the Protective Order to impede Plaintiffs' questioning of witnesses. Meta has selectively relied on the "author or recipient" language, but has simultaneously overlooked the later clause of the Protective Order that allows documents to be shown to those persons the receiving party believes ***had access to them***. Repeatedly and continuously, Meta has objected to the use of documents where there can be no serious question that the witness had access to them. These can largely be grouped into three categories with examples of each below.

---

[1] Advertiser counsel again attempted to confer with Meta's counsel ahead of the deposition of Mark Zuckerberg (May 16, 2023) about showing him documents where he is not listed as the recipient. Meta's counsel continued to stand by its interpretation of the Protective Order and, despite stating that it was willing to limit its objections to "objection PO," reiterated that was not true for any other future depositions and that they would raise the issue with the Court "as necessary." May 11, 2023 email from Meta counsel to Advertiser counsel.

Where a Deponent Is Not on Every Email in the Chain:

There have been numerous instances where Meta stopped the questioning or objected to the use of email chains where the deponent, although on many of the emails in the chain, was not on each and every email:

- At the May 5, 2023 deposition of Erez Naveh ("Naveh"), counsel showed the witness ███████████. Naveh was on ████████████████████████████████. Counsel for Meta *objected to the use of this document* ████████████████████████████. Naveh Rough Tr. at 83:22-84:23.

- As a blatant example, Meta objected to the use of a document being shown to former Facebook employee John Fernandes ██████████████████████████████████████████████████████████████. Meta likewise objected to the use of an email chain where Mr. Fernandes was ████████████████████. Fernandes Tr. at 123:3-11.

- At the Sandberg deposition, Advertiser counsel attempted to show her ████████████████████████████████, but Meta counsel objected ████████████████ Sandberg Tr. at 102:10-16.

- Similarly, at the deposition of Dan Rose (a former Vice President and head of partnerships at Facebook), ████████████████████████████████████████. But when counsel showed Mr. Rose ████████████████████████████████, Meta's counsel stopped the questioning because Mr. Rose was ████████████████. Rose Tr. at 124:8-125:9.

Documents Deponents Could Clearly Access:

Again, Meta has seemingly ignored the provision of the Protective Order that allows confidential or highly confidential documents to be shown to deponents who *had access to the document.* There are clear examples of documents that deponents unquestionably could access, but Meta objected to the use of those documents at those witnesses' depositions. These include:

- At the deposition of Guy Rosen, the founder of Onavo who is a current employee of Meta (Chief Information Security Officer), Meta's counsel objected to ████████████████ ████████████████████████████████████████████████████████████. Rosen Tr. at 25:18-26:12; 38:24-39:20; 53:6-17.

- At the April 12 deposition of Brian Acton, the founder of WhatsApp and then a Facebook executive, counsel attempted to show him ████████████. ████████████████████ ████████████████████████████████████████████████████████████████████████. Acton Tr. at 94:7-95:25.

2

Publicly Available Documents:

Meta has also claimed deponents are not allowed to be shown publicly available documents under the Protective Order. Besides the point that these public documents are necessarily not even confidential – and thus not subject to the Protective Order – it is impossible to imagine how the deponents did not have access to these documents. Three clear examples include:

- At the Brian Acton deposition, Meta's counsel objected to examining him ▉▉▉▉▉▉ ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉. *See* PX 792, Acton Tr. at 41:1-42:1.
- At the recent Sandberg deposition, Advertiser Counsel attempted to show her ▉▉▉▉▉▉ ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ and counsel objected ▉▉▉▉▉▉▉▉▉▉ Sandberg Tr. at 107:16-108:4.
- At the Rule 30(b)(6) deposition of non-party Pinterest, Meta's counsel objected to the witness being shown ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉. Notably, Pinterest's own counsel did not object. April 27, 2023 Deposition Transcript of Scott Coleman at 34-35.

In each of these instances, it is clear that Plaintiffs did not breach the Protective Order. Indeed, ***Meta is preparing witnesses with these precise types of documents***. Prior to the recent deposition of Meta employee Jackie Chang, Meta produced a list of documents that refreshed her recollection. Amongst those documents was a lengthy email chain between other Facebook employees where Ms. Chang was not on any of the emails. Plaintiffs are thus being forbidden from showing these documents, while Meta is preparing deponents with them.

Meta's behavior flies in the face of Ninth Circuit law that says that protective orders need to be interpreted in a good faith, reasonable way that complies with common sense and their purpose. *See, e.g., In re Dual Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993). The Ninth Circuit likewise has set out that the very purpose of a protective order is "protection against disclosure of commercial secrets." *Id.* There is no risk of harmful disclosure of "commercial secrets" here where, for example, current Meta employees are being shown documents about their current employer, ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉, or where deponents are on all emails in a chain except one blank one forwarding the chain onto other employees. Instead, it is clear that Meta is twisting the Protective Order so as to make lengthy speaking objections that eat into Plaintiffs' total deposition time, which is quickly dwindling, and to impede Plaintiffs' questioning of witnesses and discovery of facts.

Therefore, Plaintiffs request the Court to, pursuant to the Protective Order, (1) permit Plaintiffs to show witnesses confidential or highly confidential documents where they have a good faith basis to believe the deponent had access to the document; and (2) instruct Meta's counsel to cease the baseless speaking objections on these grounds.

Respectfully submitted,

By: */s/ Amanda F. Lawrence*

| | |
|---|---|
| **SCOTT+SCOTT ATTORNEYS AT LAW LLP** | **BATHAEE DUNNE LLP** |

Amanda F. Lawrence (*pro hac vice*)
  alawrence@scott-scott.com
Patrick J. McGahan (*pro hac vice*)
  pmcgahan@scott-scott.com
Michael P. Srodoski (*pro hac vice*)
  msrodoski@scott-scott.com
156 South Main Street, P.O. Box 192
Colchester, CT 06415
Tel.: (860) 537-5537

Patrick J. Coughlin (CA 111070)
  pcoughlin@scott-scott.com
Carmen A. Medici (CA 248417)
  cmedici@scott-scott.com
Hal D. Cunningham (CA 243048)
  hcunningham@scott-scott.com
Daniel J. Brockwell (CA 335983)
  dbrockwell@scott-scott.com
600 W. Broadway, Suite 3300
San Diego, CA  92101
Tel.: (619) 233-4565

Patrick J. Rodriguez (*pro hac vice*)
  prodriguez@scott-scott.com
230 Park Avenue, 17th Floor
New York, NY 10169
Tel.: (212) 223-6444

Yavar Bathaee (CA 282388)
  yavar@bathaeedunne.com
Andrew C. Wolinsky (CA 345965)
  awolinsky@bathaeedunne.com
Adam Ernette (*pro hac vice*)
  aernette@bathaeedunne.com
Priscilla Ghita (*pro hac vice*)
  pghita@bathaeedunne.com
Chang Hahn (*pro hac vice*)
  chahn@bathaeedunne.com
445 Park Avenue, 9th Floor
New York, NY 10022
Tel.: (332) 322-8835

Brian J. Dunne (CA 275689)
  bdunne@bathaeedunne.com
Edward M. Grauman (*pro hac vice*)
  egrauman@bathaeedunne.com
Andrew M. Williamson (CA 344695)
  awilliamson@bathaeedunne.com
901 S. MoPac Expressway
Barton Oaks Plaza I, Suite 300
Austin, TX 78746
Tel.: (213) 462-2772

Allison Watson Cross (CA 328596)
  across@bathaeedunne.com
3420 Bristol St., Ste 600
Costa Mesa, CA 92626-7133

*Interim Co-Lead Counsel for the Advertiser Classes*

4

By: */s/ Shana E. Scarlett*
**HAGENS BERMAN SOBOL SHAPIRO LLP**
Shana E. Scarlett (Bar No. 217895)
  shanas@hbsslaw.com
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000

Steve W. Berman (*pro hac vice*)
  steve@hbsslaw.com
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292

**LOCKRIDGE GRINDAL NAUEN P.L.L.P.**
W. Joseph Bruckner (*pro hac vice*)
  wjbruckner@locklaw.com
Robert K. Shelquist (*pro hac vice*)
  rkshelquist@locklaw.com
Brian D. Clark (*pro hac vice*)
  bdclark@locklaw.com
Rebecca A. Peterson (Bar No. 241858)
  rapeterson@locklaw.com
Arielle S. Wagner (*pro hac vice*)
  aswagner@locklaw.com
Kyle J. Pozan (admitted *pro hac vice*)
  kjpozan@locklaw.com
Laura M. Matson (admitted *pro hac vice*)
  lmmatson@locklaw.com
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900

By: */s/ Kevin Y. Teruya*
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Kevin Y. Teruya (Bar No. 235916)
  kevinteruya@quinnemanuel.com
Adam B. Wolfson (Bar No. 262125)
  adamwolfson@quinnemanuel.com
Claire D. Hausman (Bar No. 282091)
  clairehausman@quinnemanuel.com
Brantley I. Pepperman (Bar No. 322057)
  brantleypepperman@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
(213) 443-3000

Michelle Schmit
  michelleschmit@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400

Manisha M. Sheth (admitted *pro hac vice*)
  manishasheth@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, New York 10010
(212) 849-7000

*Interim Counsel for the Consumer Class*

**<u>FILER ATTESTATION</u>**

I am the ECF user who is filing this document. Pursuant to Civil L.R. 5-1(h)(3), I hereby attest that each of the other signatories have concurred in the filing of the document.

Dated: May 16, 2023     By:   */s/ Amanda F. Lawrence*
                                               Amanda F. Lawrence