WILMERHALE

Sonal N. Mehta

+1 650 600 5051 (t)
+1 650 858 6100 (f)
sonal.mehta@wilmerhale.com

May 31, 2023

**VIA ECF**

The Honorable James Donato
U.S. District Judge for the Northern District of California
450 Golden Gate Avenue, Courtroom 11, 19th Floor
San Francisco, CA 94102

Dear Judge Donato:

For the second time in recent months, Meta regrettably must request the Court's intervention to enter a narrowly tailored protective order, this time to maintain the Court's three-hour time limit on the apex deposition of Meta's CEO, Mark Zuckerberg.[1] Despite both classes of Plaintiffs deposing Mr. Zuckerberg for just over three hours on May 16, 2023, Advertisers *alone* now demand an additional three hours to pursue further testimony. Advertisers' request is entirely without merit, and they have failed to establish any good-faith basis for additional deposition time, despite their best attempts to manufacture one **before**, **during**, and **after** Mr. Zuckerberg's deposition. The parties met and conferred earlier today and are at impasse.

Advertisers' demand for an additional three hours of deposition time with Mr. Zuckerberg fits with their long pattern of overreach in discovery, which has previously necessitated the Court's intervention. Advertisers initially demanded a *seven*-hour, Advertiser-*only* deposition of Mr. Zuckerberg. Mar. 10, 2023 Ltr. from Y. Bathaee. Meta moved for a protective order given Mr. Zuckerberg's obvious apex status, Advertisers' failure to establish his unique and personal knowledge on any issue, the 46 other depositions that Advertisers are taking of current and former employees—including depositions of multiple *other* C-Suite witnesses—and the fact that Meta was already providing Plaintiffs with transcripts from Mr. Zuckerberg's depositions in the FTC litigation and four other recent lawsuits. Dkt. 476. The Court entered Meta's proposed three-hour time limit for Mr. Zuckerberg. Dkt. 477.

Unfortunately, as borne out by Advertisers' conduct, it appears as though Advertisers never had any intention of accepting this Court's imposition of reasonable time limits for the deposition of Mr. Zuckerberg. Specifically, **before** Mr. Zuckerberg's May 16 deposition, and just days after this Court ordered Plaintiffs at the April 27 status conference to abide by the Protective Order and not disclose protected material to deponents,[2] Advertisers demanded that Meta agree to allow Advertisers to do just the opposite, claiming that Mr. Zuckerberg, as Meta's CEO, had access to every document that Meta has produced in this case. May 9, 2023 Email from Y. Bathaee. Meta refused Advertisers' request as inconsistent with this Court's orders and warned Advertisers that wasting deposition time by questioning Mr. Zuckerberg on documents that he had not sent, received, or otherwise accessed would be a poor use of time. May 11, 2023 Email from S. Mehta.

---

[1] Dkt. 477 ("For Dkt. No. 476, Meta's proposed time limitations for the four depositions are granted. If, after the depositions have concluded, plaintiffs have a good-faith basis for seeking additional time, they may advise the Court.").

[2] Apr. 27, 2023 Hr'g Tr. 10:8-11:2 (holding that Plaintiffs must abide by the Protective Order and not disclose protected material to deponents "unless [Plaintiffs] have a good-faith basis . . . that the witness you want to show it to, who is not on the face of the document and otherwise has no connection to it [i]n any obvious way, somehow may have seen it").

Then, just a day before Mr. Zuckerberg's deposition and mere weeks before the close of fact discovery, Advertisers sent Meta a 19-page letter with an entirely new allegation about conduct that appears nowhere in their nearly 1000-paragraph complaint or in any of their discovery responses ("New Allegations"). May 15, 2023 Ltr. from B. Dunne.

Even so, *during* the deposition, Advertisers spent nearly all of their time questioning Mr. Zuckerberg on their New Allegations despite laying no foundation that Mr. Zuckerberg was involved in the underlying discussions or technical details or had even *seen* the documents that Advertisers introduced. In fact, *every* document introduced by Advertisers during the deposition included Highly Confidential material that Mr. Zuckerberg had never sent, received, or otherwise accessed but was apparently related to Advertisers' latest theory of the case.[3] As a result, Mr. Zuckerberg had to continuously explain to Advertisers that he had "no particular knowledge" about what the writers of emails meant,[4] and that it was "hard for [him] to exactly understand what [their] intent was" because he was not on and did not write the emails.[5] Similar exchanges were repeated for other documents.[6] Then, three days *after* Mr. Zuckerberg's deposition, Advertisers demanded that Meta present him for an additional three hours of Advertiser-only questioning, claiming that they needed still more time to examine him on their New Allegations.[7] Meta denied Advertisers' demand because Advertisers had sufficient time to question Mr. Zuckerberg on topics for which he may have unique personal knowledge.

Advertisers lack good cause to receive more deposition time with Mr. Zuckerberg. As their own correspondence establishes, they have not, and cannot, establish that Mr. Zuckerberg "(1) has unique, non-repetitive, firsthand knowledge of the facts at issue in the case, and (2) that other less intrusive means of discovery, . . . have been exhausted without success." *Affinity Labs of Texas v. Apple, Inc.*, 2011 WL 1753982, at *15 (N.D. Cal. May 9, 2011).

**First**, Advertisers have not, and cannot, show that Mr. Zuckerberg has unique and personal knowledge to justify three more hours of questioning. Indeed, every document Advertisers used with Mr. Zuckerberg in the deposition, and every document they now cite to say they need more time with him, is a document that includes many other current and former Meta employees who have been, or will be, deposed in this action.[8] Combined, Plaintiffs will have had nearly 50 hours on the record with those witnesses (and over 250 hours of deposition time with current and former employees) during which time Advertisers could have sought (and in many cases did seek)

---

[3] *See* Dkt. 563. This included two documents that Mr. Zuckerberg neither sent, received, nor accessed, PALM-010629831, PALM-012863799, and a third document that included several later-in-time emails that did not include Mr. Zuckerberg, PALM-016564834.

[4] May 16, 2023 Tr. 87:1-7.

[5] *Id.* at 88:8-12; 93:9-17; 95:14-20.

[6] *Id.* at 100:10-11 ("Again, I'm not on this email."); *see also id.* at 125:6-15.

[7] May 19, 2023 Ltr. from B. Dunne. At the very end of their seven-page letter, Advertisers claim in two sentences that they also need additional time with Mr. Zuckerberg to examine him on their allegations concerning Netflix, eBay, and the Facebook Feature Framework. *Id.* at 6-7. Advertisers do not even attempt to establish that Mr. Zuckerberg has unique, personal knowledge about these allegations, and as already explained above and in Meta's initial apex letter brief, Advertisers do not have any basis to claim that such knowledge exists. *See* Dkt. 476.

[8] Guy Rosen (Feb. 24), Javier Olivan (Mar. 24), Erez Naveh (May 5), Sagee Ben-Zedeff (May 10), David Wei (Jun. 19), Nimrod Priell (served on or about May 17, deposition yet to be scheduled), and Calvin Chin (served May 26, deposition yet to be scheduled).

testimony on their theories. The fact that Advertisers were unable to get evidence to support their claims in all of these depositions confirms only that their theories are unsupported—not that Mr. Zuckerberg has unique, non-repetitive, firsthand knowledge.

***Second***, Advertisers already had their time to question Mr. Zuckerberg on his personal knowledge of the issues in the case. They chose to use that time inefficiently by exclusively using documents with protected material that Mr. Zuckerberg was not on. Advertisers cannot be heard now to complain that they need even more time to do what they should have done initially, which is ask Mr. Zuckerberg about his personal knowledge. Moreover, it was also Advertisers' choice to spend nearly all of their deposition time discussing their New Allegations, as opposed to the exclusionary conduct ***actually alleged*** in their nearly 1000-paragraph complaint.

***Finally***, Advertisers' attempt to justify additional deposition time with baseless claims that Meta "cut-off" Advertisers' questioning, that counsel improperly "coached" Mr. Zuckerberg into not answering Advertisers' questions, that Mr. Zuckerberg was "combative" during the deposition, and that Mr. Zuckerberg himself expressed a desire for additional time, are unfounded. May 19, 2023 Ltr. from B. Dunne. Despite Advertisers' brazen violation of this Court's orders, Meta allowed questioning on documents to proceed, subject to concise objections.[9] After it became clear that Advertisers had no intention of abiding by the Protective Order, Meta requested a standing objection, which Advertisers' counsel welcomed.[10] Apart from Meta's standing objection, Meta's counsel said nothing further about a document—or to Mr. Zuckerberg—during Advertisers' questioning beyond single-word objections to specific questions.[11] Meanwhile, Mr. Zuckerberg was a responsive and respectful witness who did his best to facilitate an efficient deposition, and he patiently responded to Advertisers' repetitive lines of questioning over materials that he was not on,[12] did not write,[13] and testified he had never seen before.[14] To the extent any time was wasted during the May 16 deposition, it was on account of Advertisers, and Advertisers alone.

*   *   *

As Meta told Advertisers before the May 16 deposition of Mr. Zuckerberg and reiterated to them afterward, choosing to waste the limited time that they had with Mr. Zuckerberg by questioning him on issues that he said he was not involved in or documents that he did not send, receive, or otherwise access was their decision, one that they now inappropriately seek to leverage to further inconvenience Mr. Zuckerberg. Advertisers have dozens of other witnesses that they have or will depose in this matter, including on the very documents and issues they claim to need to examine Mr. Zuckerberg on. Advertisers may be unhappy that Mr. Zuckerberg's deposition testimony did not substantiate their claims, but that does not constitute a good-faith basis to continue the deposition of Meta's highest-ranking executive. Meta respectfully requests that the Court enter a protective order to prevent the further deposition of Mr. Zuckerberg.

---

[9] *See, e.g.*, May 16, 2023 Tr. 86:12 ("MR. HANSEN: Objection, protective order.").
[10] *See, e.g., id.* at 103:4-5 ("MR. BATHAEE: Absolutely, Mr. Hansen. I think that's to my benefit too given the time.").
[11] *See, e.g., id.* at 110:13 ("MR. HANSEN: Objection.").
[12] *Id.* at 87:1-7; 93:9-17; 104:6-15; 105:25-106:9; 116:16-25; 125:6-15; 131:15-132:1.
[13] *Id.* at 88:8-12; 95:14-20; 125:6-15; 131:15-132:1.
[14] *Id.* at 116:16-25; 125:6-15.

Respectfully submitted,

By: */s/ Sonal N. Mehta*

WILMER CUTLER PICKERING HALE AND DORR LLP
*Attorneys for Defendant Meta Platforms, Inc.*