# Bathaee :: Dunne :: LLP

**FILED UNDER SEAL**

May 31, 2023

Via CM/ECF

Re:  *Klein v. Meta Platforms, Inc.*, No. 3:20-cv-08570-JD (N.D. Cal.)

Dear Judge Donato:

Advertiser Plaintiffs ("Advertisers") respectfully request that the Court enter an order compelling Mark Zuckerberg's deposition for an additional three hours. As set forth in this letter, Zuckerberg has unique, personal knowledge about issues pertinent to Advertisers' case. On March 17, 2023, the Court entered an order limiting Zuckerberg's deposition to three hours for both classes, and stated, "if plaintiffs have a good-faith basis for seeking additional time, they may advise the Court." Dkt. 477. On May 19, after deposing Zuckerberg for 90 minutes three days prior, Advertisers sent Meta a letter requesting additional time with Zuckerberg and setting forth the reasons why. The parties met and conferred on May 31 and reached impasse.

On May 16, 2023, Advertisers deposed Mark Zuckerberg for slightly under 90 minutes before Meta's counsel cut off questioning. *See* Zuckerberg Tr. 144:6-8. Most of this time was devoted to an attempt, frustrated by Meta's counsel, to elicit Zuckerberg's testimony on an anticompetitive—and potentially criminal[1]— ███████████ Specifically, in 2016, Meta's advertising hegemony was threatened by nascent rival Snapchat, which was aggressively expanding its advertising business ahead of a 2017 IPO. ███████████ To counteract this competitive threat, ███████████



---

[1] It is Advertisers' position—backed up by voluminous evidentiary background and analysis, which Advertisers would welcome the opportunity to share with the Court should Meta dispute any aspect of Advertisers' contention—that Meta's ███████ didn't just harm competition, but criminally violated 18 U.S.C. § 2511(1)(a) and (d) by ███████

**FILED UNDER SEAL**





However, when Advertiser counsel sought to examine Zuckerberg on some of these documents—including ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮—Meta's counsel stepped in. From the first introduction of the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, Meta's counsel ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Advertisers did not have adequate time to examine Zuckerberg on important documents and subjects about which he plainly had (and has) personal, unique knowledge.[2] And in what time Advertisers did have—and the documents that were introduced to Zuckerberg within it—Meta's counsel interfered with the witness's testimony, including repeated coaching with baseless protective order objections. Advertisers respectfully request three hours of additional deposition time with Mark Zuckerberg—which can be done remotely if that is Meta's wish.

---

[2] As Meta correctly points out in its fictional, race-to-the-courthouse motion for a protective order, Dkt. 564—filed eleven minutes after a meet-and-confer on Advertisers' letter motion at which Meta never once mentioned it would be seeking affirmative relief—Advertisers do indeed have remaining questions regarding, for example, Zuckerberg's direct involvement in an anticompetitive deal with Netflix/Reed Hastings and in Meta's market division agreement with Google, beyond Advertisers' additional questions about Zuckerberg's personal involvement in his company's ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

**FILED UNDER SEAL**

Respectfully submitted,

By: *Brian J. Dunne*
*On Behalf of Interim Co-Lead Counsel*
*for the Advertiser Classes*

**SCOTT+SCOTT ATTORNEYS AT LAW LLP**

*/s/ Amanda F. Lawrence*
Amanda F. Lawrence (*pro hac vice*)
alawrence@scott-scott.com
Patrick J. McGahan (*pro hac vice*)
pmcgahan@scott-scott.com
Michael P. Srodoski (*pro hac vice*)
msrodoski@scott-scott.com
156 South Main Street, P.O. Box 192
Colchester, CT 06415
Tel.: (860) 537-5537

Patrick J. Coughlin (CA 111070)
pcoughlin@scott-scott.com
Carmen A. Medici (CA 248417)
cmedici@scott-scott.com
Hal D. Cunningham (CA 243048)
hcunningham@scott-scott.com
Daniel J. Brockwell (CA 335983)
dbrockwell@scott-scott.com
600 W. Broadway, Suite 3300
San Diego, CA 92101
Tel.: (619) 233-4565

Patrick J. Rodriguez (*pro hac vice*)
prodriguez@scott-scott.com
230 Park Avenue, 17th Floor
New York, NY 10169
Tel.: (212) 223-6444

**BATHAEE DUNNE LLP**

*/s/ Yavar Bathaee*
Yavar Bathaee (CA 282388)
yavar@bathaeedunne.com
Andrew C. Wolinsky (CA 345965)
awolinsky@bathaeedunne.com
Adam Ernette (*pro hac vice*)
aernette@bathaeedunne.com
Priscilla Ghita (*pro hac vice*)
pghita@bathaeedunne.com
Chang Hahn (*pro hac vice*)
chahn@bathaeedunne.com
445 Park Avenue, 9th Floor
New York, NY 10022
(332) 322-8835

Brian J. Dunne (CA 275689)
bdunne@bathaeedunne.com
Edward M. Grauman (*pro hac vice*)
egrauman@bathaeedunne.com
Andrew M. Williamson (CA 344695)
awilliamson@bathaeedunne.com
901 S. MoPac Expressway
Barton Oaks Plaza I, Suite 300
Austin, TX 78746
(213) 462-2772

Allison Watson Cross (CA 328596)
across@bathaeedunne.com
3420 Bristol St., Ste 600
Costa Mesa, CA 92626-7133

*Interim Co-Lead Counsel for the Advertiser Classes*

4

**FILER ATTESTATION**

I am the ECF user who is filing this document. Pursuant to Civil L.R. 5-1(h)(3), I hereby attest that each of the other signatories have concurred in the filing of the document.

Dated: May 31, 2023                    By:   */s/ Brian J. Dunne*
                                                                  Brian J. Dunne