# Bathaee :: Dunne :: LLP

**FILED UNDER SEAL**

May 31, 2023

Via CM/ECF

Re:  *Klein v. Meta Platforms, Inc.*, No. 3:20-cv-08570-JD (N.D. Cal.)

Dear Judge Donato:

Advertiser Plaintiffs ("Advertisers") respectfully request a reasonable evidentiary sanction for a knowingly incomplete interrogatory response by Meta that caused Advertisers to expend hours of deposition time finding out the answer to a highly material question Advertisers had already asked directly in an interrogatory served in July 2022: what was ***all*** the information and data Meta obtained through or derived from its Onavo team, program, apps, or technology? The parties met and conferred on May 31, 2023, and are at impasse.

This is a monopoly maintenance case centering upon Meta's dominance of the United States market for social advertising, an economically distinct submarket of online advertising. Since 2016, Meta has engaged in an aggressive campaign of anticompetitive conduct to retain its monopoly power—and the supracompetitive prices it has been able to charge as a result—in this market. As Advertisers' operative complaint, Dkt. 391 ("Ad FAC"), explains, one important piece of Meta's monopoly maintenance apparatus between 2016 and 2019 was Onavo, an in-house team and associated technology dedicated to gathering analytics and competitive intelligence. *See* Ad FAC ¶¶ 12-14, 165-66, 193, 225-45, 537-69.

During acquisition talks in 2012 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ And over the next several years, Meta would deploy the Onavo team's unique talents to a variety of competitive intelligence tasks, with incredibly impactful results. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Advertisers' complaint alleges that Meta used Onavo in a way that wasn't just valuable, but anticompetitive. However, Meta has frequently been less than forthcoming about what its Onavo team was and what Meta used Onavo technology for, going up to the company's highest levels. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.

Given Onavo's relevance to Advertisers' case and the deliberately occlusive, even obfuscatory, atmosphere surrounding the team and its technology at Meta, one of the first interrogatories Advertisers served in this case—served on Meta on July 25, 2022—stated as follows (Ex. A):

> NO. 4: Identify and describe, with specificity, all information and data—including but not limited to call logs, video logs, text message content, app usage information, and battery or power consumption logs—that Facebook obtained through, or derived from, Onavo, Onavo apps (*e.g.,* Onavo Protect), or Meta's Onavo team.

Meta responded twice—first, on August 24, 2022 (Ex. B) and then, after substantial letter-writing by Advertisers pointing out the importance of getting a complete answer to Interrogatory No. 4 and a meet-and-confer ahead of potential motion practice, with a December 16, 2022, supplemental response (Ex. C) served after the Court's December 6, 2022 order denying Meta's motion to dismiss. Dkt. 396. These responses by Meta—and in particular Meta's December 2022 supplemental response—did not contain a single reference to or identification of the fact that ███ ███████████████████████████████████████████████████████████████████████. *See generally* Ex. C at 3-8.

Fact depositions began shortly after Meta served its supplemental response to Interrogatory No. 4 (Advertisers took their first Meta employee deposition on February 2, 2023), and Meta's sworn response to Advertisers' Onavo interrogatory helped frame Advertisers' deposition strategy—an important consideration given sharply limited deposition time due to split classes and a hard cap on deponents insisted upon by Meta. However, as fact depositions proceeded, it became clear that



As Advertisers now know, beginning with a

---

[1] ████████████████████████████████████████████████████████████



Moreover, there is no question that Meta—and its lawyers—knew about ▇▇▇▇▇▇ when Meta provided its misleadingly incomplete interrogatory response. ▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ In view of the evidence, there is no other reasonable conclusion than that Meta's lawyers knowingly omitted ▇▇▇▇▇▇▇▇ from Meta's response to Interrogatory No. 4 to make discovery more difficult for Advertisers.

And that is exactly what happened. It took Advertisers weeks of fact depositions, and untold hours of needle-in-a-haystack document review, to lock in on the reality of ▇▇▇▇▇▇▇▇—that Meta ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇, during the class period, for competitive gain. This despite the fact that ***Advertisers served an interrogatory asking for this exact information ten months ago, before a single deposition had been taken (or even scheduled)***. Advertisers respectfully seek an evidentiary sanction to help cure the prejudice from Meta's knowingly incomplete response to Advertisers' Interrogatory No. 4: an additional three depositions of Meta employees, and an additional 15 hours on Advertisers' deposition cap. This will help to place Advertisers back in the place they would be, as far as deposition time and witness limits, had it not been for Meta's discovery misconduct.

**FILED UNDER SEAL**

Respectfully submitted,

By: *Brian J. Dunne*
*On Behalf of Interim Co-Lead Counsel for the Advertiser Classes*

| **SCOTT+SCOTT ATTORNEYS AT LAW LLP** | **BATHAEE DUNNE LLP** |
|---|---|
| */s/ Amanda F. Lawrence* <br> Amanda F. Lawrence (*pro hac vice*) <br> alawrence@scott-scott.com <br> Patrick J. McGahan (*pro hac vice*) <br> pmcgahan@scott-scott.com <br> Michael P. Srodoski (*pro hac vice*) <br> msrodoski@scott-scott.com <br> 156 South Main Street, P.O. Box 192 <br> Colchester, CT 06415 <br> Tel.: (860) 537-5537 <br><br> Patrick J. Coughlin (CA 111070) <br> pcoughlin@scott-scott.com <br> Carmen A. Medici (CA 248417) <br> cmedici@scott-scott.com <br> Hal D. Cunningham (CA 243048) <br> hcunningham@scott-scott.com <br> Daniel J. Brockwell (CA 335983) <br> dbrockwell@scott-scott.com <br> 600 W. Broadway, Suite 3300 <br> San Diego, CA 92101 <br> Tel.: (619) 233-4565 <br><br> Patrick J. Rodriguez (*pro hac vice*) <br> prodriguez@scott-scott.com <br> 230 Park Avenue, 17th Floor <br> New York, NY 10169 <br> Tel.: (212) 223-6444 | */s/ Yavar Bathaee* <br> Yavar Bathaee (CA 282388) <br> yavar@bathaeedunne.com <br> Andrew C. Wolinsky (CA 345965) <br> awolinsky@bathaeedunne.com <br> Adam Ernette (*pro hac vice*) <br> aernette@bathaeedunne.com <br> Priscilla Ghita (*pro hac vice*) <br> pghita@bathaeedunne.com <br> Chang Hahn (*pro hac vice*) <br> chahn@bathaeedunne.com <br> 445 Park Avenue, 9th Floor <br> New York, NY 10022 <br> (332) 322-8835 <br><br> Brian J. Dunne (CA 275689) <br> bdunne@bathaeedunne.com <br> Edward M. Grauman (*pro hac vice*) <br> egrauman@bathaeedunne.com <br> Andrew M. Williamson (CA 344695) <br> awilliamson@bathaeedunne.com <br> 901 S. MoPac Expressway <br> Barton Oaks Plaza I, Suite 300 <br> Austin, TX 78746 <br> (213) 462-2772 <br><br> Allison Watson Cross (CA 328596) <br> across@bathaeedunne.com <br> 3420 Bristol St., Ste 600 <br> Costa Mesa, CA 92626-7133 <br><br> *Interim Co-Lead Counsel for the Advertiser Classes* |

**FILED UNDER SEAL**

**FILER ATTESTATION**

    I am the ECF user who is filing this document. Pursuant to Civil L.R. 5-1(h)(3), I hereby attest that each of the other signatories have concurred in the filing of the document.

Dated: May 31, 2023      By:   */s/ Brian J. Dunne*
                                                  Brian J. Dunne