**BATHAEE DUNNE LLP**
Yavar Bathaee (CA 282388)
yavar@bathaeedunne.com
Andrew C. Wolinsky (CA 345965)
awolinsky@bathaeedunne.com
445 Park Avenue, 9th Floor
New York, NY 10022
(332) 322-8835

Brian J. Dunne (CA 275689)
bdunne@bathaeedunne.com
Edward M. Grauman (*pro hac vice*)
egrauman@bathaeedunne.com
901 S. MoPac Expressway
Barton Oaks Plaza I, Suite 300
Austin, TX 78746
(213) 462-2772

*Interim Co-Lead Counsel for the Advertiser Classes*

**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
Amanda F. Lawrence (*pro hac vice*)
alawrence@scott-scott.com
Patrick J. McGahan (*pro hac vice*)
pmcgahan@scott-scott.com
Michael P. Srodoski (*pro hac vice*)
msrodoski@scott-scott.com
156 South Main Street, P.O. Box 192
Colchester, CT 06415
Tel.: (860) 537-5537

Patrick J. Coughlin (CA 111070)
pcoughlin@scott-scott.com
Carmen A. Medici (CA 248417)
cmedici@scott-scott.com
Hal D. Cunningham (CA 243048)
hcunningham@scott-scott.com
Daniel J. Brockwell (CA 335983)
dbrockwell@scott-scott.com
600 W. Broadway, Suite 3300
San Diego, CA 92101
Tel.: (619) 233-4565

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MAXIMILIAN KLEIN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> META PLATFORMS, INC., <br><br> Defendant. | Case No. 20-cv-08570-JD <br><br> Hon. James Donato <br><br> **DECLARATION OF BRIAN J. DUNNE IN SUPPORT OF ADVERTISER PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER META PLATFORMS, INC.'S MATERIAL SHOULD BE SEALED** |

I, Brian J. Dunne, declare and state as follows:

1. I am an attorney licensed in the State of California and admitted to the United States District Court for the Northern District of California. I am a partner at Bathaee Dunne LLP, counsel for the Advertiser Plaintiffs in the above-captioned matter. I have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify competently to them.

2. This declaration is made in support of Advertiser Plaintiffs' Administrative Motion to Consider Whether Meta Platforms, Inc.'s Material Should Be Sealed, filed in connection with the concurrently filed discovery dispute letter.

3. Certain documents and information referenced in the discovery dispute letter have been designated by Defendant Meta Platforms, Inc., as "Confidential" or "Highly Confidential" under the Stipulated Protective Order (Dkt. No. 314).

4. Portions of the discovery dispute letter referencing or reflecting the contents of the documents and information designated by Meta Platforms as "Confidential" or "Highly Confidential" have been redacted from the publicly filed version of the letter. *See* Civil L.R. 79-5(e)(1).

5. An unredacted version of the discovery dispute letter with these references highlighted in yellow is filed herewith. *See* Civil L.R. 79-5(e)(2), (f)(1).

6. The discovery dispute letter also contains information designated as "Confidential" or "Highly Confidential" by nonparty Snap Inc. This information has also been redacted from the publicly-filed letter, and has been highlighted in green in the unredacted letter filed with this motion.

7. Additionally, the Meta interrogatory responses that constitute Exhibits B and C to this letter have been designated "Highly Confidential" by defendant Meta Platforms, Inc.

8. Exhibits B and C have not been publicly filed, but rather slipsheets have been filed along with the publicly filed version of the letter.

9. Unredacted versions of Exhibits B and C have been filed with this administrative motion.

10. Advertiser Plaintiffs' request is limited to documents and information produced by Meta Platforms marked Confidential or Highly Confidential, or information directly reflecting documents

and information produced by Meta Platforms marked Confidential or Highly Confidential. This request is thus narrowly tailored to seek sealing only of potentially sealable material.

11. The potential sealing of information designated as "Confidential" or "Highly Confidential" by Snap Inc. in the discovery dispute letter is subject to a separate Administrative Motion to Consider Whether Snap Inc.'s Material Should be Sealed.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 31, 2023, in Austin, Texas.

                                                */s/ Brian J. Dunne*
                                                Brian J. Dunne