WILMERHALE

June 9, 2023

Sonal Mehta

+1 650 600 5051 (t)
+1 650 858 6100 (f)
sonal.mehta@wilmerhale.com

VIA ECF

The Honorable James Donato
United States District Judge for the Northern District of California
450 Golden Gate Avenue, Courtroom 11, 19th Floor
San Francisco, CA 94102

Re:     *Klein v. Meta Platforms, Inc.*, Case No. 3:20-cv-08570-JD

Dear Judge Donato:

      Meta requests that the Court quash Topics 2 through 5 of User Plaintiffs' overbroad and tardy Rule 30(b)(6) Notice.[1]  After ignoring for months Meta's repeated requests that Plaintiffs serve any additional Rule 30(b)(6) deposition notices so that the depositions could be coordinated with Rule 30(b)(1) depositions, as is standard in complex civil litigation, Users at the very last minute served a massively overbroad notice that is impossible to comply with in the limited time remaining.  Nonetheless, Meta has tried to negotiate with Users, but they have refused to meaningfully compromise.

      For months, Meta requested that, to the extent Plaintiffs intended to serve additional Rule 30(b)(6) topics, they do so promptly.  Meta made the first such request on January 27, 2023, explaining that Meta did not plan to put its witnesses up for depositions more than once, Dkt. 174 at 2 ("No witness may be deposed more than once . . .") and asking that Plaintiffs serve additional Rule 30(b)(6) topics so that, should one of Meta's Rule 30(b)(1) witnesses be the appropriate Rule 30(b)(6) designee to address those topics, Meta could present the witness once for both depositions.  *See Presse v. Morel*, 2011 WL 5129716, at *1-2 (S.D.N.Y. Oct. 28, 2011) (declining to require duplicative Rule 30(b)(6) testimony, where witnesses had already testified in an individual capacity, characterizing such a request as "wasteful procedure," and holding that the witnesses' individual testimony was binding Rule 30(b)(6) testimony).  Users never responded to that request.  Meta made this request again on March 31, 2023.  Users again did not respond.

      Instead, Users waited until May 3–more than two years into discovery and after dozens of depositions had been taken or scheduled–to serve a sweeping Rule 30(b)(6) notice that fails both the Rule 30(b)(6) reasonable particularity standard and the Court's standing order requiring specificity.  Topics 2 through 5 are overbroad and unenforceable.  *See* Standing Order For Disc. In Civil Cases ¶ 16(a) ("If a 30(b)(6) notice includes an overbroad topic, the overbroad topic shall be unenforceable and may not later be replaced with a proper topic.").

---

[1] Meta still intends to provide Users the testimony it has already agreed to provide in response to Topic 2, and to Topic 1 as agreed by the parties.

Wilmer Cutler Pickering Hale and Dorr LLP, 2600 El Camino Real, Suite 400, Palo Alto, CA 94306

Beijing   Berlin   Boston   Brussels   Denver   Frankfurt   London   Los Angeles   New York   Palo Alto   San Francisco   Washington

Hon. James Donato
June 9, 2023
Page 2

Topic 2 is a quintessentially overbroad Rule 30(b)(6) topic. Although purporting to cover Meta's "data collection and use practices" (which, given the breadth and generality is facially overbroad), it actually consists of at least **11** separate, disparate subparts, including *but not limited to*: (i) 30 statements or alleged omissions by Meta between 2006 and 2021 that Users challenge as misleading or deceptive; (ii) any Meta investigation culminating in a 2011 consent decree with the FTC; (iii) Meta's app developer investigation; (iv) Meta's data use review; (v) Meta's commitment review; (vi) Meta's so-called "skeletons in the closet"; (vii) any Meta investigation culminating in the 2019 consent decree with the FTC; (viii) the identity of any regulator that has investigated Meta's data collection and use practices in the past 16 years; (ix) the subject matter of any regulatory investigation into Meta's data collection and use practices in the past 16 years; (x) the dates of any regulatory investigation into Meta's data collection and use practices in the past 16 years; and (xi) the resolution of any regulatory investigation into Meta's data collection and use practices in the past 16 years. Not only is the topic compound and far in excess of the limited number of Rule 30(b)(6) topics remaining, it is also massively overbroad. *See* Standing Order For Disc. In Civil Cases ¶ 16(a). And by seeking testimony on Meta's "data collection and use practices," it also fails to "describe with *reasonable particularity* the matters for examination." Fed. R. Civ. P. 30(b)(6) (emphasis added); *see also Apple Inc. v. Samsung Elecs. Co.*, 2012 WL 1511901, at *2 (N.D. Cal. Jan. 27, 2012) (quashing Rule 30(b)(6) deposition, and holding, "[t]here is no question that the nature of this litigation is expansive. Yet the purpose served by Fed .R. Civ. P. 30(b)(6) . . . does not extend to burdening the responding party with production and preparation of a witness on every facet of the litigation."). This breathtakingly broad Topic is not only far afield of the issues in this antitrust case, it is simply impossible to comply with.

Topic 3 is similarly flawed, in that it seeks, for all times between January 1, 2007 to present, the "means, criterion, and methods [Meta] use[s] to determine what content to display to [Meta's] users in" each "Surface" offered on Facebook. The Topic further provides that it "includes, but is not limited to" the extent to which content displayed in each Surface that Meta offers on Facebook includes unconnected content, graph-based content, or some combination thereof and, to the extent to which content-mix has changed at any point since January 1, 2007, the (i) "specifics of the change(s)," (ii) the "date(s) of the change(s)," and (iii) the "reason(s) for the change(s)." Meta cannot feasibly prepare a representative to testify to each and every change in the mix of content available on any "Surface" on Facebook at any point in the past 16 years, along with providing Users with the "specifics" of each change in the content mix. That is impossible. Trying to be reasonable, Meta offered to produce corporate representative testimony from a related case that addressed these issues at a high level. Users rejected Meta's proposal, and demanded a live witness on this Topic.

Topic 4 seeks testimony concerning—at all times in the past 16 years—any review, evaluation, analysis, discussion, and rationale regarding providing any form of compensation to users for their data, and/or for their time or attention. Given the sheer size of Meta, Users cannot reasonably expect Meta to identify every "discussion" on any subject over sixteen years. Such a request is not only vague and overbroad, but is impossible. *Silva v. San Pablo Police Dep't*, 2018 WL 358789, at *2 (N.D. Cal. Jan. 11, 2018) (quashing Rule 30(b)(6) notice as overly vague,

Hon. James Donato
June 9, 2023
Page 3

holding that "Plaintiffs must be more specific as to what acts precisely are at issue, rather than requiring Defendants to speculate as to which actions Plaintiffs are referring. By using such vague terms, Plaintiffs place the burden on Defendants to identify the actions to prepare for the deposition.").

Topic 5 seeks corporate testimony concerning Meta's review, evaluation, and or/strategic planning relating to certain changes to the online advertising ecosystem, including but not limited to Meta's review and analysis of the actual or projected impact or effect of those changes. Users have spent hours of Rule 30(b)(1) deposition time questioning Meta's current and former employees on these changes to the online advertising ecosystem and its impacts, including Meta's Vice President of Reality Labs Partnerships, who testified that he was one of the most senior Meta employees involved in a project aimed at understanding and responding these changes, and Meta's Chief Strategy Officer, who testified as to the estimated impact on Meta's revenue from the policy changes. There is no reason that Users could not have served this topic months ago so that these witnesses (or others that testified on these issues) could have been prepared to address the subject matter that Users claim these witnesses were unable to testify to in their Rule 30(b)(1) deposition. Users' refusal to do so has prejudiced Meta, its witnesses, and any ability to adequately prepare a witness on this topic in the final weeks of discovery. Moreover, Meta has made numerous public statements on this Topic and Plaintiffs may utilize those in the case.

What's more, Users' Notice exceeds their remaining allotment for Rule 30(b)(6) testimony. As Users recognize, Plaintiffs are collectively limited to just over 14 hours of additional Rule 30(b)(6) testimony of Meta. Their notice, as drafted, would likely require at least ten designees—far more than they could possibly complete in approximately 14 hours of deposition testimony. And of this Court's presumptive 10-topic limit, the Notice puts them well over–indeed Topic 2 alone would exceed that limit.[2]

Finally, Plaintiffs have already deposed 30 current and former Meta employees in their individual capacity, many of whom could have testified (and in many cases did testify) to the topics in Users' Notice and are scheduled to depose a dozen more. By refusing to timely serve their Notice, Users have not only prejudiced Meta's ability to prepare a corporate representative on these topics, but have prejudiced Meta's witnesses who could have been prepared to testify to certain of these topics at any point in the preceding six months.

---

[2] Users and Advertisers are collectively limited to at most three additional topics. Meta has already provided testimony on the topic contained in Advertisers' Amended Second Rule 30(b)(6) Notice. Additionally, given the at least two overbroad topics served as part of Users' First Rule 30(b)(6) Notice and the at least four overbroad topics served as part of Advertisers' First Rule 30(b)(6) Notice, Plaintiffs have at most three topics remaining. The fact that Plaintiffs each withdrew their first Rule 30(b)(6) notices, after months of negotiations and hundreds of client and attorney hours spent scoping the notices, is irrelevant. *See* J. Donato Standing Order For Disc. in Civil Cases ¶ 16(a) ("[A]n overbroad topic burns one of the 10 subject matters and cannot be replaced . . .").

Hon. James Donato
June 9, 2023
Page 4

Respectfully submitted,

By: */s/ Sonal N. Mehta*
**WILMER CUTLER PICKERING HALE AND DORR LLP**
*Attorney for Defendant Meta Platforms, Inc.*