# Exhibit B

subsequently put forth an interpretation of any Request that differs from that being used by Netflix for these responses.

## SPECIFIC OBJECTIONS AND RESPONSES

Netflix expressly incorporates the above General Objections as though set forth fully in response to each of the following Requests. In addition to those General Objections, Netflix also makes the following Specific Objections to each Request for Production:

**REQUEST FOR PRODUCTION NO. 1:**

All Documents relating to any Communication between You and Facebook relating to Facebook Watch, except for any Documents that were shared with or communicated to Facebook.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Netflix incorporates its General Objections. In addition to its General Objections, Netflix objects to this Request as unduly burdensome, overbroad and seeking information that is not relevant or proportional to the needs of the case, including because of Netflix's status as a nonparty and because it calls for the production of "[a]ll Documents" concerning the specified topic. Netflix further objects to the demand for "all documents relating to any Communication" as overly broad, seeking information that is not relevant or proportional to the needs of the case, unduly burdensome, and vague and ambiguous. Netflix further objects to this Request to the extent it calls for the production of any documents protected by the attorney-client privilege, the work product doctrine or any other applicable privilege from disclosure. Netflix further objects to this Request to the extent it calls for the production of any documents that are or that reveal confidential, proprietary, trade secret, third party, or competitively sensitive information. Netflix further objects to this Request to the extent it calls for the production of documents no longer

relevant or subject to discovery in light of the Court's motion to dismiss opinion. (Dkt. No. 214.) Netflix further objects to this Request as premature to the extent it is relevant (if at all) only to the First Amended Consolidated Advertiser Class Action Complaint, which Meta has moved to dismiss (Dkt. No. 262). Netflix further objects to this Request to the extent it calls for the production of documents equally available from other sources, including the public domain or the parties to the above-captioned case.

**REQUEST FOR PRODUCTION NO. 2:**

All internal Communications relating to any Communication between You and Facebook relating to Facebook Watch.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Netflix incorporates its General Objections. In addition to its General Objections, Netflix objects to this Request as unduly burdensome, overbroad and seeking information that is not relevant or proportional to the needs of the case, including because of Netflix's status as a nonparty and because it calls for the production of "[a]ll internal Communications" concerning the specified topic. Netflix further objects to the demand for "all internal Communications relating to any Communication" as overly broad, seeking information that is not relevant or proportional to the needs of the case, unduly burdensome, and vague and ambiguous. Netflix further objects to this Request to the extent it calls for the production of any documents protected by the attorney-client privilege, the work product doctrine or any other applicable privilege from disclosure. Netflix further objects to this Request to the extent it calls for the production of any documents that are or that reveal confidential, proprietary, trade secret, third party, or competitively sensitive information. Netflix further objects to this Request to the extent it calls for the production of documents no longer relevant or subject to discovery in light of the Court's

7

motion to dismiss opinion. (Dkt. No. 214.) Netflix further objects to this Request as premature to the extent it is relevant (if at all) only to the First Amended Consolidated Advertiser Class Action Complaint, which Meta has moved to dismiss (Dkt. No. 262). Netflix further objects to this Request to the extent that it is duplicative of Request for Production No. 1.

**REQUEST FOR PRODUCTION NO. 3:**

All Documents relating to any Communication between You and Facebook relating to the use or sharing of data with Facebook, except for any Documents that were shared with or communicated to Facebook.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Netflix incorporates its General Objections. In addition to its General Objections, Netflix objects to this Request as unduly burdensome, overbroad and seeking information that is not relevant or proportional to the needs of the case, including because of Netflix's status as a nonparty and because it calls for the production of "[a]ll Documents" concerning the specified topics. Netflix further objects to the demand for "all documents relating to any Communication" as overly broad, unduly burdensome, and vague and ambiguous. Netflix objects to "relating to the use or sharing of data with Facebook" as overly broad, seeking information that is not relevant or proportional to the needs of the case, unduly burdensome, and vague and ambiguous. Netflix further objects to this Request to the extent it calls for the production of any documents protected by the attorney-client privilege, the work product doctrine or any other applicable privilege from disclosure. Netflix further objects to this Request to the extent it calls for the production of any documents that are or that reveal confidential, proprietary, trade secret, third party, or competitively sensitive information. Netflix further objects to this Request to the extent it calls for the production of documents no longer relevant or subject to discovery in light of the

Court's motion to dismiss opinion. (Dkt. No. 214.) Netflix further objects to this Request as premature to the extent it is relevant (if at all) only to the First Amended Consolidated Advertiser Class Action Complaint, which Meta has moved to dismiss (Dkt. No. 262). Netflix further objects to this Request to the extent it calls for the production of documents equally available from other sources, including the public domain or the parties to the above-captioned case.

**REQUEST FOR PRODUCTION NO. 4:**

All internal Communications relating to any Communication between You and Facebook relating to the use or sharing of data with Facebook.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Netflix incorporates its General Objections. In addition to its General Objections, Netflix objects to this Request as unduly burdensome, overbroad and seeking information that is not relevant or proportional to the needs of the case, including because of Netflix's status as a nonparty and because it calls for the production of "[a]ll internal Communications" concerning the specified topics. Netflix further objects to the demand for "all internal Communications relating to any Communication" as overly broad, seeking information that is not relevant or proportional to the needs of the case, unduly burdensome, and vague and ambiguous. Netflix further objects to "relating to the use or sharing of data with Facebook" as overly broad, seeking information that is not relevant or proportional to the needs of the case, unduly burdensome, and vague and ambiguous. Netflix further objects to this Request to the extent it calls for the production of any documents protected by the attorney-client privilege, the work product doctrine or any other applicable privilege from disclosure. Netflix further objects to this Request to the extent it calls for the production of any documents that are or that reveal confidential, proprietary, trade secret, third party, or competitively sensitive information. Netflix further

objects to this Request to the extent it calls for the production of documents no longer relevant or subject to discovery in light of the Court's motion to dismiss opinion. (Dkt. No. 214.) Netflix further objects to this Request as premature to the extent it is relevant (if at all) only to the First Amended Consolidated Advertiser Class Action Complaint, which Meta has moved to dismiss (Dkt. No. 262). Netflix further objects to this Request to the extent that it is duplicative of Request for Production No. 3.

**REQUEST FOR PRODUCTION NO. 5:**

All Documents relating to any Communication between You and Facebook relating to Your use of Facebook Application Programming Interfaces or Facebook User Data, except for any Documents that were shared with or communicated to Facebook.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Netflix incorporates its General Objections. In addition to its General Objections, Netflix objects to this Request as unduly burdensome, overbroad and seeking information that is not relevant or proportional to the needs of the case, including because of Netflix's status as a nonparty and because it calls for the production of "[a]ll Documents" concerning the specified topics. Netflix further objects to the demand for "all documents relating to any Communication" as overly broad, seeking information that is not relevant or proportional to the needs of the case, unduly burdensome, and vague and ambiguous. Netflix further objects to "relating to Your use of Facebook Application Programming Interfaces or Facebook User Data" as overly broad, seeking information that is not relevant or proportional to the needs of the case, unduly burdensome, and vague and ambiguous. Netflix further objects to this Request to the extent it calls for the production of any documents protected by the attorney-client privilege, the work product doctrine or any other applicable privilege from disclosure. Netflix further objects to this Request

to the extent it calls for the production of any documents that are or that reveal confidential, proprietary, trade secret, third party, or competitively sensitive information. Netflix further objects to this Request to the extent it calls for the production of documents no longer relevant or subject to discovery in light of the Court's motion to dismiss opinion. (Dkt. No. 214.) Netflix further objects to this Request as premature to the extent it is relevant (if at all) only to the First Amended Consolidated Advertiser Class Action Complaint, which Meta has moved to dismiss (Dkt. No. 262). Netflix further objects to this Request to the extent it calls for the production of documents equally available from other sources, including the public domain or the parties to the above-captioned case.

**REQUEST FOR PRODUCTION NO. 6:**

All internal Communications relating to any Communication between You and Facebook relating to Your use of Facebook Application Programming Interfaces or Facebook User Data.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Netflix incorporates its General Objections. In addition to its General Objections, Netflix objects to this Request as unduly burdensome, overbroad and seeking information that is not relevant or proportional to the needs of the case, including because of Netflix's status as a nonparty and because it calls for the production of "[a]ll internal Communications" concerning the specified topics. Netflix further objects to the demand for "all internal Communications relating to any Communication" as overly broad, seeking information that is not relevant or proportional to the needs of the case, unduly burdensome, and vague and ambiguous. Netflix further objects to "relating to Your use of Facebook Application Programming Interfaces or Facebook User Data" as overly broad, seeking information that is not relevant or proportional to the needs of the case, unduly burdensome, and vague and ambiguous. Netflix further objects to

this Request to the extent it calls for the production of any documents protected by the attorney-client privilege, the work product doctrine or any other applicable privilege from disclosure. Netflix further objects to this Request to the extent it calls for the production of any documents that are or that reveal confidential, proprietary, trade secret, third party, or competitively sensitive information. Netflix further objects to this Request to the extent it calls for the production of documents no longer relevant or subject to discovery in light of the Court's motion to dismiss opinion. (Dkt. No. 214.) Netflix further objects to this Request as premature to the extent it is relevant (if at all) only to the First Amended Consolidated Advertiser Class Action Complaint, which Meta has moved to dismiss (Dkt. No. 262). Netflix further objects to this Request to the extent that it is duplicative of Request for Production No. 5.

**REQUEST FOR PRODUCTION NO. 7:**

All Agreements between You and Facebook relating to the Facebook Developer Platform, Facebook Application Programming Interfaces, advertising, advertising measurement, the exchange or access to data, analytics, content creation, or online video streaming.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Netflix incorporates its General Objections. In addition to its General Objections, Netflix objects to this Request as unduly burdensome, overbroad and seeking information that is not relevant or proportional to the needs of the case, including because of Netflix's status as a nonparty and because it calls for the production of "[a]ll Agreements" concerning the specified topics. Netflix further objects to the demand for "all Agreements relating to . . . advertising, advertising measurement, the exchange or access to data, analytics, content creation, or online video streaming" as overly broad, seeking information that is not relevant or proportional to the needs of the case, unduly burdensome, and vague and ambiguous. Netflix further objects to this

Request to the extent it calls for the production of any documents protected by the attorney-client privilege, the work product doctrine or any other applicable privilege from disclosure. Netflix further objects to this Request to the extent it calls for the production of any documents that are or that reveal confidential, proprietary, trade secret, third party, or competitively sensitive information. Netflix further objects to this Request to the extent it calls for the production of documents equally available from other sources, including the public domain or the parties to the above-captioned case. Netflix further objects to this Request to the extent it calls for the production of documents no longer relevant or subject to discovery in light of the Court's motion to dismiss opinion. (Dkt. No. 214.) Netflix further objects to this Request as premature to the extent it is relevant (if at all) only to the First Amended Consolidated Advertiser Class Action Complaint, which Meta has moved to dismiss (Dkt. No. 262).

**REQUEST FOR PRODUCTION NO. 8:**

All Documents relating to any Communication between You and Facebook relating to the Agreements recited in Request No. 7, except for any Documents that were shared with or communicated to Facebook.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Netflix incorporates its General Objections. In addition to its General Objections, Netflix objects to this Request as unduly burdensome, overbroad and seeking information that is not relevant or proportional to the needs of the case, including because of Netflix's status as a nonparty and because it calls for the production of "[a]ll Documents" concerning the specified topics. Netflix further objects to the demand for "all Documents relating to any Communication" as overly broad, seeking information that is not relevant or proportional to the needs of the case, unduly burdensome, and vague and ambiguous. Netflix further objects to the demand for "all

Documents relating to any Communication" relating to any agreement "relating to . . . advertising, advertising measurement, the exchange or access to data, analytics, content creation, or online video streaming" as overly broad, seeking information that is not relevant or proportional to the needs of the case, unduly burdensome, and vague and ambiguous. Netflix further objects to this Request to the extent it calls for the production of any documents protected by the attorney-client privilege, the work product doctrine or any other applicable privilege from disclosure. Netflix further objects to this Request to the extent it calls for the production of any documents that are or that reveal confidential, proprietary, trade secret, third party, or competitively sensitive information. Netflix further objects to this Request to the extent it calls for the production of documents equally available from other sources, including the public domain or the parties to the above-captioned case. Netflix further objects to this Request to the extent it calls for the production of documents no longer relevant or subject to discovery in light of the Court's motion to dismiss opinion. (Dkt. No. 214.) Netflix further objects to this Request as premature to the extent it is relevant (if at all) only to the First Amended Consolidated Advertiser Class Action Complaint, which Meta has moved to dismiss (Dkt. No. 262).

**REQUEST FOR PRODUCTION NO. 9:**

All internal Communications relating to any Communication between You and Facebook relating to the Agreements recited in Request No. 7.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Netflix incorporates its General Objections. In addition to its General Objections, Netflix objects to this Request as unduly burdensome, overbroad and seeking information that is not relevant or proportional to the needs of the case, including because of Netflix's status as a nonparty and because it calls for the production of "[a]ll internal Communications" concerning

the specified topics. Netflix further objects to the demand for "all internal Communications relating to any Communication" as overly broad, seeking information that is not relevant or proportional to the needs of the case, unduly burdensome, and vague and ambiguous. Netflix further objects to the demand for "all internal Communications relating to any Communication" relating to any agreement "relating to . . . advertising, advertising measurement, the exchange or access to data, analytics, content creation, or online video streaming" as overly broad, seeking information that is not relevant or proportional to the needs of the case, unduly burdensome, and vague and ambiguous. Netflix further objects to this Request to the extent it calls for the production of any documents protected by the attorney-client privilege, the work product doctrine or any other applicable privilege from disclosure. Netflix further objects to this Request to the extent it calls for the production of any documents that are or that reveal confidential, proprietary, trade secret, third party, or competitively sensitive information. Netflix further objects to this Request to the extent it calls for the production of documents equally available from other sources, including the public domain or the parties to the above-captioned case. Netflix further objects to this Request to the extent it calls for the production of documents no longer relevant or subject to discovery in light of the Court's motion to dismiss opinion. (Dkt. No. 214.) Netflix further objects to this Request as premature to the extent it is relevant (if at all) only to the First Amended Consolidated Advertiser Class Action Complaint, which Meta has moved to dismiss (Dkt. No. 262). Netflix further objects to this Request to the extent that it is duplicative of Request for Production No. 8.

**REQUEST FOR PRODUCTION NO. 10:**

All Documents relating to any Communication between You and Facebook relating to the quality of, price of, or Your decision to purchase targeted advertising on Facebook, except for

any Documents that were shared with or communicated to Facebook.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Netflix incorporates its General Objections. In addition to its General Objections, Netflix objects to this Request as unduly burdensome, overbroad and seeking information that is not relevant or proportional to the needs of the case, including because of Netflix's status as a nonparty and because it calls for the production of "[a]ll Documents" concerning the specified topics. Netflix further objects to the demand for "all documents relating to any Communication" as overly broad, seeking information that is not relevant or proportional to the needs of the case, unduly burdensome, and vague and ambiguous. Netflix further objects to the term "targeted advertising on Facebook" as vague and ambiguous. Netflix further objects to this Request to the extent it calls for the production of any documents protected by the attorney-client privilege, the work product doctrine or any other applicable privilege from disclosure. Netflix further objects to this Request to the extent it calls for the production of any documents that are or that reveal confidential, proprietary, trade secret, third party, or competitively sensitive information. Netflix further objects to this Request to the extent it calls for the production of documents equally available from other sources, including the public domain or the parties to the above-captioned case. Netflix further objects to this Request to the extent it calls for the production of documents no longer relevant or subject to discovery in light of the Court's motion to dismiss opinion. (Dkt. No. 214.) Netflix further objects to this Request as premature to the extent it is relevant (if at all) only to the First Amended Consolidated Advertiser Class Action Complaint, which Meta has moved to dismiss (Dkt. No. 262).

**REQUEST FOR PRODUCTION NO. 11:**

All internal Communications relating to any Communication between You and Facebook relating to the quality of, price of, or Your decision to purchase targeted advertising on Facebook.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Netflix incorporates its General Objections. In addition to its General Objections, Netflix objects to this Request as unduly burdensome, overbroad and seeking information that is not relevant or proportional to the needs of the case, including because of Netflix's status as a nonparty and because it calls for the production of "[a]ll internal Communications" concerning the specified topics. Netflix further objects to the demand for "all internal Communications relating to any Communication" as overly broad, seeking information that is not relevant or proportional to the needs of the case, unduly burdensome, and vague and ambiguous. Netflix further objects to the term "targeted advertising on Facebook" as vague and ambiguous. Netflix further objects to this Request to the extent it calls for the production of any documents protected by the attorney-client privilege, the work product doctrine or any other applicable privilege from disclosure. Netflix further objects to this Request to the extent it calls for the production of any documents that are or that reveal confidential, proprietary, trade secret, third party, or competitively sensitive information. Netflix further objects to this Request to the extent it calls for the production of documents equally available from other sources, including the public domain or the parties to the above-captioned case. Netflix further objects to this Request to the extent it calls for the production of documents no longer relevant or subject to discovery in light of the Court's motion to dismiss opinion. (Dkt. No. 214.) Netflix further objects to this Request as premature to the extent it is relevant (if at all) only to the First Amended Consolidated

Advertiser Class Action Complaint, which Meta has moved to dismiss (Dkt. No. 262). Netflix further objects to this Request to the extent that it is duplicative of Request for Production No. 10.

**REQUEST FOR PRODUCTION NO. 12:**

All Documents relating to any Communication between You and Facebook relating to Reed Hastings's role as a member of Facebook's Board of Directors, except for any Documents that were shared with or communicated to Facebook.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Netflix incorporates its General Objections. In addition to its General Objections, Netflix objects to this Request as unduly burdensome, overbroad and seeking information that is not relevant or proportional to the needs of the case, including because of Netflix's status as a nonparty and because it calls for the production of "[a]ll Documents" concerning the specified topics. Netflix further objects to the demand for "all Documents relating to any Communication" as overly broad, seeking information that is not relevant or proportional to the needs of the case, unduly burdensome, and vague and ambiguous. Netflix further objects to the term "between You and Facebook" as vague and ambiguous. Netflix further objects to this Request to the extent it calls for the production of any documents protected by the attorney-client privilege, the work product doctrine or any other applicable privilege from disclosure. Netflix further objects to this Request to the extent it calls for the production of any documents that are or that reveal confidential, proprietary, trade secret, third party, or competitively sensitive information. Netflix further objects to this Request to the extent it calls for the production of documents equally available from other sources, including the public domain or the parties to the above-captioned case. Netflix further objects to this Request to the extent it calls for the production of documents

no longer relevant or subject to discovery in light of the Court's motion to dismiss opinion. (Dkt. No. 214.) Netflix further objects to this Request as premature to the extent it is relevant (if at all) only to the First Amended Consolidated Advertiser Class Action Complaint, which Meta has moved to dismiss (Dkt. No. 262).

**REQUEST FOR PRODUCTION NO. 13:**

All internal Communications relating to any Communication between You and Facebook relating to Reed Hastings's role as a member of Facebook's Board of Directors.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Netflix incorporates its General Objections. In addition to its General Objections, Netflix objects to this Request as unduly burdensome, overbroad and seeking information that is not relevant or proportional to the needs of the case, including because of Netflix's status as a nonparty and because it calls for the production of "[a]ll internal Communications" concerning the specified topics. Netflix further objects to the demand for "all internal Communications relating to any Communication" as overly broad, seeking information that is not relevant or proportional to the needs of the case, unduly burdensome, and vague and ambiguous. Netflix further objects to the term "between You and Facebook" as vague and ambiguous. Netflix further objects to this Request to the extent it calls for the production of any documents protected by the attorney-client privilege, the work product doctrine or any other applicable privilege from disclosure. Netflix further objects to this Request to the extent it calls for the production of any documents that are or that reveal confidential, proprietary, trade secret, third party, or competitively sensitive information. Netflix further objects to this Request to the extent it calls for the production of documents equally available from other sources, including the public domain or the parties to the above-captioned case. Netflix further objects to this Request to the

extent it calls for the production of documents no longer relevant or subject to discovery in light of the Court's motion to dismiss opinion. (Dkt. No. 214.) Netflix further objects to this Request as premature to the extent it is relevant (if at all) only to the First Amended Consolidated Advertiser Class Action Complaint, which Meta has moved to dismiss (Dkt. No. 262). Netflix further objects to this Request to the extent that it is duplicative of Request for Production No. 12.

**REQUEST FOR PRODUCTION NO. 14:**

All Documents relating to any Communication between Reed Hastings and any Facebook employee, officer, or director related to competition in online video streaming and original content creation, advertising on Facebook, collection or exchange of data, or Your business relationship or Agreements with Facebook.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Netflix incorporates its General Objections. In addition to its General Objections, Netflix objects to this Request as unduly burdensome, overbroad and seeking information that is not relevant or proportional to the needs of the case, including because of Netflix's status as a nonparty and because it calls for the production of "[a]ll Documents" concerning the specified topics. Netflix objects to the demand for "all Documents relating to any Communication" as overly broad, seeking information that is not relevant or proportional to the needs of the case, unduly burdensome, and vague and ambiguous. Netflix objects to the terms "related to competition in online video streaming and original content creation, advertising on Facebook, collection or exchange of data, or Your business relationship or Agreements with Facebook" as vague and ambiguous. Netflix further objects to this Request to the extent it calls for the production of any documents protected by the attorney-client privilege, the work product

doctrine or any other applicable privilege from disclosure. Netflix further objects to this Request to the extent it calls for the production of any documents that are or that reveal confidential, proprietary, trade secret, third party, or competitively sensitive information. Netflix further objects to this Request to the extent it calls for the production of documents equally available from other sources, including the public domain or the parties to the above-captioned case. Netflix further objects to this Request to the extent it calls for the production of documents no longer relevant or subject to discovery in light of the Court's motion to dismiss opinion. (Dkt. No. 214.) Netflix further objects to this Request as premature to the extent it is relevant (if at all) only to the First Amended Consolidated Advertiser Class Action Complaint, which Meta has moved to dismiss (Dkt. No. 262).

**REQUEST FOR PRODUCTION NO. 15:**

All internal Communications relating to any Communication between Reed Hastings and any Facebook employee, officer, or director related to competition in online video streaming and original content creation, advertising on Facebook, collection or exchange of data, or Your business relationship or Agreements with Facebook.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Netflix incorporates its General Objections. In addition to its General Objections, Netflix objects to this Request as unduly burdensome, overbroad and seeking information that is not relevant or proportional to the needs of the case, including because of Netflix's status as a nonparty and because it calls for the production of "[a]ll internal Communications" concerning the specified topics. Netflix further objects to the demand for "all internal Communications relating to any Communication" as overly broad, seeking information that is not relevant or proportional to the needs of the case, unduly burdensome, and vague and ambiguous. Netflix

further objects to the terms "related to competition in online video streaming and original content creation, advertising on Facebook, collection or exchange of data, or Your business relationship or Agreements with Facebook" as vague and ambiguous. Netflix further objects to this Request to the extent it calls for the production of any documents protected by the attorney-client privilege, the work product doctrine or any other applicable privilege from disclosure. Netflix further objects to this Request to the extent it calls for the production of any documents that are or that reveal confidential, proprietary, trade secret, third party, or competitively sensitive information. Netflix further objects to this Request to the extent it calls for the production of documents equally available from other sources, including the public domain or the parties to the above-captioned case. Netflix further objects to this Request to the extent it calls for the production of documents no longer relevant or subject to discovery in light of the Court's motion to dismiss opinion. (Dkt. No. 214.) Netflix further objects to this Request as premature to the extent it is relevant (if at all) only to the First Amended Consolidated Advertiser Class Action Complaint, which Meta has moved to dismiss (Dkt. No. 262). Netflix further objects to this Request to the extent that it is duplicative of Request for Production No. 14.

**REQUEST FOR PRODUCTION NO. 16:**

All Documents produced or in any other way provided to the United States Department of Justice, Federal Trade Commission, United States Senate, United States House of Representatives, or any other federal, state, or foreign governmental entity relating to Facebook.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Netflix incorporates its General Objections. In addition to its General Objections, Netflix objects to this Request as unduly burdensome, overbroad and seeking information that is not relevant or proportional to the needs of the case, including because of Netflix's status as a

nonparty and because it calls for the production of "[a]ll Documents" concerning the specified topics. Netflix further objects to this Request to the extent it calls for the production of any documents protected by the attorney-client privilege, the work product doctrine or any other applicable privilege from disclosure. Netflix further objects to this Request to the extent it calls for the production of any documents that are or that reveal confidential, proprietary, trade secret, third party, or competitively sensitive information. Netflix further objects to this Request to the extent Netflix's compliance would chill incentives to cooperate voluntarily with future governmental investigations. Netflix further objects to this Request to the extent it calls for the production of documents no longer relevant or subject to discovery in light of the Court's motion to dismiss opinion. (Dkt. No. 214.) Netflix further objects to this Request as premature to the extent it is relevant (if at all) only to the First Amended Consolidated Advertiser Class Action Complaint, which Meta has moved to dismiss (Dkt. No. 262).

Dated: June 9, 2022

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: */s/Justina Sessions*
Justina Sessions

One Market Plaza
Spear Tower, Suite 3300
San Francisco, CA 94105
T: (415) 947-2197
F: (415) 947-2099
jsessions@wsgr.com

*Counsel for Nonparty Netflix Inc.*