# Bathaee :: Dunne :: LLP

**FILED UNDER SEAL**

June 15, 2023

Via CM/ECF

Re:   *Klein v. Meta Platforms, Inc.*, No. 3:20-cv-08570-JD (N.D. Cal.)

Dear Judge Donato:

Three months ago, Defendant Meta Platforms, Inc. ("Facebook") moved for and was granted time limitations on the depositions of several senior executives. Dkt. 476, 477. One of these executives was Mark Zuckerberg, Facebook's founder, Chief Executive Officer, and controlling shareholder. After Facebook told the Court that "Plaintiffs have not identified a single issue that Mr. Zuckerberg . . . is uniquely knowledgeable about," Dkt. 476 at 2, the Court granted the company's request to limit Zuckerberg's deposition to three hours between the two groups of plaintiffs in this consolidated case, and stated that "[i]f, after the depositions have concluded, plaintiffs have a good-faith basis for seeking additional time, they may advise the Court." Dkt. 477.

On May 19, 2023, after deposing Mark Zuckerberg for 87 minutes three days prior, Advertiser Plaintiffs ("Advertisers") informed Facebook that they would do just that, explaining why in a seven-page letter filled with evidentiary analysis and citations to Zuckerberg's (short) transcript. The parties met and conferred on Advertisers' motion for more deposition time with Zuckerberg on May 31, and the result was that Facebook told Advertisers to file their request with the Court. But instead of actually waiting for that, Facebook filed its own motion for a protective order eleven minutes after the parties met and conferred—a motion Facebook never told Advertisers it was contemplating filing, over the course of multiple written communications and a meet-and-confer. Facebook's motion was yet another work of fiction from the company's lawyers in this case.

The central premise of Facebook's motion is two-fold: first, that Zuckerberg has no unique and personal knowledge of any sort that is material to Advertisers' case, and second, that the principal subject that Advertisers need more time to depose Zuckerberg about—Facebook's ███████ ████████████████████████████████████████████████████████████████████████████████— had nothing to do with Zuckerberg and represents "an entirely new allegation about conduct that appears nowhere in [Advertisers'] nearly 1000-paragraph complaint." Dkt. 564 at 2. Both these contentions are demonstrably wrong.

Advertisers will start with the latter: Facebook's argument that its ████████████ ████████████ is not something that Zuckerberg needs to be deposed about in this case. This is the central thrust of Facebook's motion, and it is incorrect backward and forward. First, Facebook's ████████████ is obviously material to Advertisers' antitrust case: in this program, Facebook ████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████████████ ████████████████████████. This isn't surmise—a document ████████████████████ ████████████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████. *See* PX 2256 (PALM-012863799) at 1-4.



Facebook's ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████.

███████████████████████████████████████████████████████████████████████████████████████████████████████ (and from ████████ too). See PALM-016564836 ███████████████████████████████████████████████████████████████); PALM-017114236 (███████████████████████████████████████████████████████████████).

Much of this was already in Advertisers' own motion for more deposition time, Dkt. 569: ████████████████████████████████████████

███████████████████████████████████████████████████████████████████████████.

In the face of overwhelming written evidence to the contrary, Facebook's assertions in its motion that "Advertisers have not, and cannot, show that Mr. Zuckerberg has unique and personal knowledge" to justify more than 87 minutes of deposition time, Dkt. 564 at 2, ring hollow.

Just as hollow is Facebook's assertion that ███████████ is "an entirely new allegation about conduct that appears nowhere in their nearly 1000-paragraph complaint or in any of their discovery responses." *Id.* This argument is a head-scratcher, even by Facebook's standards: the Advertiser FAC contains detailed allegations about Onavo, *see* Dkt. 237 ("Ad FAC") ¶¶ 12-14, 165-66, 193, 225-45, 537-69, including an entire screenshot on page 134 about the use of Onavo to "SSL bump" Snapchat, YouTube, and Twitter in 2018, *see id.* ¶ 551. And an April contention interrogatory response by Advertisers provides chapter and verse (based on what Advertisers knew at that point, midway through fact depositions) about ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████. *See* Advs. First Supp. Resp. to Interrogatory No. 11, at p. 92-100.

To the extent that Facebook's actual "New Allegations" complaint is that Advertisers learned key details about ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████—through fact depositions in this action, this doesn't exactly help Facebook's case. As an initial matter, this is what fact depositions are for, and the fact that Facebook did everything in its power to try to roadblock the usefulness of fact depositions in this action does not mean that they were not allowed, in practice, to be useful. Second, Advertisers were forced to learn things about what information Onavo actually collected and used—including that ████████████████████████████████████████████████████████████—through depositions and witness-specific document review *because Facebook hid this information through other discovery methods, including an interrogatory specifically and directly asking Facebook to identify all information collected by Onavo and the Onavo team*. *See* Dkt. 575.

In any event, back to Mark Zuckerberg: there can really be no doubt, on an objective record, that Zuckerberg has substantial, indeed irreplaceable, unique and personal knowledge on issues material to Advertisers' case—from Facebook's anticompetitive ██████████, to its C-suite-level deal with Netflix regarding Watch, to its "Jedi Blue" market division with Google, to its API scheme, to its companywide centralization of machine learning models and data that it hid from the FTC. The default under the Federal Rules is seven hours for a knowledgeable witness, and given the record here, Zuckerberg probably should be sitting for a full seven hours (his personal knowledge merits it). But Advertisers ask only for an additional three hours, beyond the 87 minutes they already spent with Zuckerberg under oath. It is Facebook's burden to justify a departure from the default deposition limits, and it hasn't come close to doing so here.

**FILED UNDER SEAL**

Respectfully submitted,

By: *Brian J. Dunne*
*On Behalf of Interim Co-Lead Counsel*
*for the Advertiser Classes*

**SCOTT+SCOTT ATTORNEYS AT LAW LLP**

*/s/ Amanda F. Lawrence*
Amanda F. Lawrence (*pro hac vice*)
alawrence@scott-scott.com
Patrick J. McGahan (*pro hac vice*)
pmcgahan@scott-scott.com
Michael P. Srodoski (*pro hac vice*)
msrodoski@scott-scott.com
156 South Main Street, P.O. Box 192
Colchester, CT 06415
Tel.: (860) 537-5537

Patrick J. Coughlin (CA 111070)
pcoughlin@scott-scott.com
Carmen A. Medici (CA 248417)
cmedici@scott-scott.com
Hal D. Cunningham (CA 243048)
hcunningham@scott-scott.com
Daniel J. Brockwell (CA 335983)
dbrockwell@scott-scott.com
600 W. Broadway, Suite 3300
San Diego, CA 92101
Tel.: (619) 233-4565

Patrick J. Rodriguez (*pro hac vice*)
prodriguez@scott-scott.com
230 Park Avenue, 17th Floor
New York, NY 10169
Tel.: (212) 223-6444

**BATHAEE DUNNE LLP**

*/s/ Yavar Bathaee*
Yavar Bathaee (CA 282388)
yavar@bathaeedunne.com
Andrew C. Wolinsky (CA 345965)
awolinsky@bathaeedunne.com
Adam Ernette (*pro hac vice*)
aernette@bathaeedunne.com
Priscilla Ghita (*pro hac vice*)
pghita@bathaeedunne.com
Chang Hahn (*pro hac vice*)
chahn@bathaeedunne.com
445 Park Avenue, 9th Floor
New York, NY 10022
(332) 322-8835

Brian J. Dunne (CA 275689)
bdunne@bathaeedunne.com
Edward M. Grauman (*pro hac vice*)
egrauman@bathaeedunne.com
Andrew M. Williamson (CA 344695)
awilliamson@bathaeedunne.com
901 S. MoPac Expressway
Barton Oaks Plaza I, Suite 300
Austin, TX 78746
(213) 462-2772

Allison Watson Cross (CA 328596)
across@bathaeedunne.com
3420 Bristol St., Ste 600
Costa Mesa, CA 92626-7133

*Interim Co-Lead Counsel for the Advertiser Classes*

**FILED UNDER SEAL**

## FILER ATTESTATION

  I am the ECF user who is filing this document. Pursuant to Civil L.R. 5-1(h)(3), I hereby attest that each of the other signatories have concurred in the filing of the document.

| | |
|---|---|
| Dated: June 15, 2023 | By: */s/ Brian J. Dunne* <br>    Brian J. Dunne |