| | |
|---|---|
| **QUINN EMANUEL URQUHART & SULLIVAN, LLP**<br>Kevin Y. Teruya (Bar No. 235916)<br>  kevinteruya@quinnemanuel.com<br>865 South Figueroa Street, 10th Floor<br>Los Angeles, CA 90017-2543<br>(213) 443-3000<br><br>**HAGENS BERMAN SOBOL SHAPIRO LLP**<br>Shana E. Scarlett (Bar No. 217895)<br>  shanas@hbsslaw.com<br>715 Hearst Avenue, Suite 202<br>Berkeley, CA 94710<br>(510) 725-3000<br><br>*Interim Co-Lead Consumer Class Counsel*<br><br>**BATHAEE DUNNE LLP**<br>Yavar Bathaee (Bar No. 282388)<br>  yavar@bathaeedunne.com<br>445 Park Avenue, 9th Floor<br>New York, NY 10022<br>(332) 322-8835<br><br>**SCOTT+SCOTT ATTORNEYS AT LAW LLP**<br>Amanda F. Lawrence (*pro hac vice*)<br>  alawrence@scott-scott.com<br>156 South Main Street, P.O. Box 192<br>Colchester, CT 06415<br>(860) 537-5537<br><br>*Interim Co-Lead Advertiser Class Counsel*<br><br>[Additional counsel listed on signature page] | **WILMER CUTLER PICKERING HALE AND DORR LLP**<br>SONAL N. MEHTA (SBN 222086)<br>Sonal.Mehta@wilmerhale.com<br>2600 El Camino Real, Suite 400<br>Palo Alto, California 94306<br>Telephone: (650) 858-6000<br>Facsimile: (650) 858-6100<br><br>DAVID Z. GRINGER (*pro hac vice*)<br>David.Gringer@wilmerhale.com<br>7 World Trade Center<br>250 Greenwich Street<br>New York, New York 10007<br>Telephone: (212) 230-8800<br>Facsimile: (212) 230-8888<br><br>ARI HOLTZBLATT (*pro hac vice*)<br>Ari.Holtzblatt@wilmerhale.com<br>MOLLY M. JENNINGS (*pro hac vice*)<br>Molly.Jennings@wilmerhale.com<br>1875 Pennsylvania Ave NW<br>Washington, DC 20006<br>Telephone: (202) 663-6000<br>Facsimile: (202) 663-6363<br><br>*Attorneys for Defendant Meta Platforms, Inc.*<br><br>[Additional counsel listed on signature page] |

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| MAXIMILIAN KLEIN, et al.,<br><br>  Plaintiffs,<br><br>  vs.<br><br>META PLATFORMS, INC.,<br><br>  Defendant.<br><br>This Document Relates To: All Actions | Consolidated Case No. 3:20-cv-08570-JD<br><br>**TWELFTH JOINT CASE MANAGEMENT STATEMENT**<br><br>The Hon. James Donato<br><br>Hearing Date: June 22, 2023 at 10:00 a.m. |

# TWELFTH JOINT CASE MANAGEMENT STATEMENT

In advance of the June 22, 2023 Status Conference, counsel for Consumer Plaintiffs ("Consumers" or "Users"), Advertiser Plaintiffs ("Advertisers"), and defendant Meta Platforms, Inc. ("Meta" or "Facebook") respectfully submit this Twelfth Joint Case Management Statement. This statement summarizes for the Court open items that the parties either jointly or individually contend are ripe for the Court's consideration[1] and provides updates to the Court as to material developments on pertinent matters since the parties' prior Case Management Statement, dated April 20, 2023.

## I. Pending Motions

### A. Advertisers' Letter Brief Regarding Meta's Reliance on the Protective Order During Depositions

On May 16, 2023, Advertisers filed a letter regarding a dispute about Meta's reliance on the Protective Order entered in this case during depositions. Dkt. No. 559; *see also* Dkt. No. 558 (motion to seal). Meta filed a responsive letter brief on May 25, 2023. Dkt. No. 563. The Court has indicated it will take up the parties' dispute at the upcoming June 22, 2023 status conference. Dkt. No. 580.

### B. Letter Briefs Regarding the Deposition of Mark Zuckerberg

On May 31, 2023, Meta moved this Court for a protective order to maintain the Court's three-hour time limit on the apex deposition of Meta's CEO, Mark Zuckerberg. Dkt. No. 564. Later that day, Advertisers cross-moved for an additional three hours of deposition time with Mr. Zuckerberg. Dkt. No. 568. The Court directed Plaintiffs and Meta to respond by June 15, 2023. Dkt. No. 580.

### C. Advertisers' Letter Brief Seeking to Apply the Crime-Fraud Exception to Otherwise Privileged Communications

On May 31, 2023, Advertisers moved this Court for an order finding that the crime-fraud exception applies to otherwise attorney-client privileged communications withheld by Meta in discovery. Dkt. No. 565; *see also* Dkt. Nos. 566, 567 (related motions to seal). The Court directed

---

[1] Per the Court's guidance at the August 11, 2022 hearing, the parties have narrowed this statement to the issues that the parties either jointly or individually contend are ripe for the Court's consideration. Aug. 11, 2022 Hrg. Tr. at 46:6–10.

Meta to respond by June 15, 2023. Dkt. No. 580. The Court has indicated it will take up the parties' dispute at the upcoming June 22, 2023 status conference. *Id.*

### D. Advertisers' Letter Brief on Interrogatory No. 4

On May 31, 2023, Advertisers filed a letter brief averring that Meta had provided a knowingly deficient interrogatory response and seeking a sanction. Dkt. No. 575; *see also* Dkt. Nos. 576, 577 (related motions to seal). The Court directed Meta to respond by June 15, 2023. Dkt. No. 580. The Court has indicated it will take up the parties' dispute at the upcoming June 22, 2023 status conference. *Id.*

### E. Advertisers' Letter Brief Regarding Meta's Re-Review of Documents on its Federal Trade Commission (FTC) Investigation Privilege Logs

On June 2, 2023, Advertisers filed a letter brief seeking to compel Meta to re-review all remaining entries on its FTC investigation privilege logs. Dkt. No. 583. The Court directed Meta to respond by June 15, 2023. Dkt. No. 585. The Court has indicated it will take up the parties' dispute at the upcoming June 22, 2023 status conference. *Id.*

### F. Meta's Motion to Quash Topics 2-5 of Consumers' Second Rule 30(b)(6) Deposition Notice to Meta

On June 9, 2023, Meta moved this Court for an order quashing Topics 2 through 5 of Users' Second Rule 30(b)(6) Notice to Meta. Dkt. No. 586. The Court directed Consumers to respond to Meta's letter brief by June 20, 2023. Dkt. No. 593.

### G. Consumers' Letter Brief Requesting an Extension of the Case Schedule

On June 9, 2023, Consumers filed a letter brief seeking a 90-day extension of the July 7, 2023 opening expert report deadline, with corresponding extensions to the remainder of the case schedule. Dkt. No. 587. The Court directed Meta to respond by June 20, 2023. Dkt. No. 593.

### H. Advertisers' Letter Brief Regarding Subpoenas to Netflix and Reed Hastings

On June 14, 2023, Advertisers filed a letter brief requesting the Court compel Netflix to search for and produce documents responsive to Advertisers' subpoena. Dkt. No. 588; *see also* Dkt. Nos. 589 (related motion to seal). The Court has directed Netflix to respond to Advertisers' letter brief by June 20, 2023, and to attend the June 22 Case Management Conference. Dkt. No. 594.

I.   **Meta's Letter Brief Regarding the Deposition of Named Advertiser Plaintiff Jessyca Frederick as the Corporate Representative for Named Advertiser Plaintiff Affilious, Inc.**

On June 15, 2023, Meta filed a letter brief regarding named Advertiser Plaintiff Jessyca Frederick's Rule 30(b)(6) deposition as the corporate representative for named Advertiser Plaintiff Affilious, Inc. Dkt. No. 592; *see also* Dkt. No. 591 (related motion to seal). The Court has directed Advertisers to respond to Meta's letter brief by June 20, 2023. Dkt. No. 593.

II.   **Update Regarding Discovery Propounded to Date[2]**

A.   **Plaintiffs' Statement**

Depositions and the production of documents have continued since the parties' prior April 27, 2023 status conference with the Court. To date, Plaintiffs have deposed 30 current and former Meta employees, Facebook has deposed several of the named Plaintiffs, and each side has deposed 22 non-parties and related non-party witnesses. A number of additional depositions have been scheduled, more depositions have been noticed, and Plaintiffs are working diligently to schedule and complete the remaining depositions before the fact-discovery cutoff of June 23, 2023.

**Consumers' Further Statement:** On May 15, 2023, Consumers served their Sixth Set of Requests for Production and Third Set of Interrogatories on Facebook. Consumers' Interrogatories relate to "blacklists" Facebook maintained whereby certain apps or companies were restricted from using Facebook Platform APIs or placing advertisements on Facebook. Consumer's Requests for Production seek blacklist-related documents produced to the FTC and certain documents provided to or prepared for Facebook's board of directors. Facebook served its responses and objections on June 14, 2023. Also on May 15, Facebook provided its responses and objections to Consumers' Second Set of Interrogatories. Additionally, Facebook served its Third Set of Requests for Admission on Consumers on May 23, 2023. Among other topics, these requests seek admissions about the identities of various technology companies' competitors, features used by these companies

---

[2] For conciseness, the parties focus this section of the Joint Case Management Statement on discovery since April 20, 2023, the date of the parties' last Joint Case Management Statement. The parties' prior Joint Case Management Statements contain similar summaries of discovery up to the dates of those statements' respective filings.

-3-                                                                                       Case No. 3:20-cv-08570-JD
TWELFTH CASE MANAGEMENT STATEMENT

in their products, consent decrees between these companies and the FTC, Facebook's "Privacy Checkup" feature, and privacy-related communications sent to the named Consumer Plaintiffs. Consumers' responses and objections are due on June 22, 2023.

As set forth in Consumers' June 9, 2023 letter brief requesting an extension of time, Facebook is continuing to belatedly produce responsive documents to Consumers, including of key structured data previously produced to the FTC.  Moreover, pursuant to the Court's order at the previous case management conference, Facebook recently re-reviewed 2,500 randomly selected documents that Facebook claimed as privileged on its FTC investigation log.  This review resulted in Facebook "downgrading" and producing (or re-producing with fewer redactions) 55% of these documents.  On May 17, 2023, Facebook began a re-review of 89,000 additional entries on its FTC investigation log, which will likely result in the production of tens of thousands of custodial documents at the end of fact discovery.

Apart from written and document discovery, numerous depositions of current and former Facebook officials as well as non-parties remain to be completed before the fact discovery cutoff. Additionally, on May 3, 2023, Consumers served their second Rule 30(b)(6) deposition notice on Facebook.  The topics for examination include Meta's competitors, Meta's data collection and use practices, how Meta determines what content to show to its users, compensation of users for their data or time and attention, and Meta' practices relating to user transparency for tracking by third-party apps.  As discussed further above, Meta has now moved to quash Topics 2 through 5 of the deposition, and the Court has directed Consumers to respond to Meta's motion.

To the extent any additional outstanding disputes remain between Consumers and Facebook as to requested discovery, Consumers will work with Facebook to resolve them in good faith.  If Consumers are unable to resolve any outstanding disputes, Consumers will raise those disputes with the Court so that the Court can resolve them prior to the close of fact discovery.

**Advertisers' Further Statement:**  All noticed depositions are on track to be completed before the June 23 close of fact discovery, with the exception of former Netflix CEO and Facebook board member Reed Hastings, who on June 13 informed Advertisers that he would be unable to sit for his court-ordered deposition by June 23.  In light of this development, Advertisers intend to seek

leave of court to take Mr. Hastings's deposition at his earliest availability after the close of fact discovery.

### B. Meta's Statement

**Discovery Propounded by Meta**.  On May 19, 2023, Meta served its Fifth Sets of Interrogatories on both Users and Advertisers.  Users' and Advertisers' responses are due on June 20, 2023.

On May 23, 2023, Meta served its Sixth Set of Interrogatories on Users.  Users' response is due on June 22, 2023.

On May 23, 2023, Meta served its Third Sets of Requests for Admission on Users and Advertisers.  Users' and Advertisers' responses are due on June 22, 2023.

**Requests for Production**.  Meta has substantially completed its production of documents, having produced over four million documents consisting of over eighteen million pages.  Limited document productions are ongoing and fall into a few discrete categories, none of which justify extension of the case schedule.  The majority of these productions are being made pursuant to Court order or agreement between the parties—*i.e.*, privilege downgrades of documents relevant to upcoming depositions produced consistent with the Court-ordered procedure (Dkt. No. 545); ongoing productions of correspondence with non-parties; ongoing production of materials that Meta has identified that are covered by non-disclosure agreements and require notification before production, consistent with the Stipulated Protective Order (Dkt. No. 314 ¶ 9); ongoing productions of prior deposition transcripts and exhibits in advance of depositions, consistent with the Court's order (Dkt. No. 424); productions related to Meta's Commitments Review, which were produced by May 5, 2023 pursuant to the parties' agreement; downgraded materials that were previously redacted for source code, which were produced in April 2023 pursuant to the parties' agreement; ongoing re-production of structured data from the *FTC* litigation, consistent with the parties' agreement that Meta would produce to Plaintiffs all structured data produced in that case; or hyperlinks, produced pursuant to the Court's instruction that Plaintiffs send curated lists of hyperlinks to Meta for review and production, which Plaintiffs continue to do (Dkt. No. 334).  The

1  remainder of the productions consist mostly of privilege downgrades from Meta's re-review of the
2  FTC investigation privilege logs or materials that Meta may rely on at later phases of the case.

3  **Depositions**.  Depositions are on track to conclude on June 23.  Meta has deposed all named
4  Plaintiffs and taken several nonparty depositions.  Plaintiffs have conducted 35 depositions of
5  current or former Meta employees—spending over 180 hours on the record and entering over 750
6  exhibits—two 30(b)(6) depositions of Meta, and 11 nonparty depositions.  Plaintiffs have noticed
7  another ten depositions of current and former Meta employees, eight of which are scheduled, along
8  with another two 30(b)(6) depositions of Meta.  All noticed depositions are on track to be completed
9  before the June 23 close of fact discovery.

10  **III.   Additional Requests**

11  **A.   Meta's Statement Regarding Meta's Interrogatory No. 16**

12  There is one late-breaking issue Meta is raising here so that it can be considered by the Court
13  at the last status conference before fact discovery closes.  As this Court held in December, although
14  Advertisers allege facts concerning Meta's supposed exclusionary acts prior to the applicable
15  limitations period (i.e., December 2016), "advertisers stated that they will not seek damages for, or
16  otherwise base their Section 2 claims on, 'any pre-limitations period conduct[]' . . . and the
17  advertisers will be held to it."  Dkt. 396 at 2 (citing Dkt. 392 at 15).  Advertisers made that
18  commitment in arguing that their claims regarding Platform API agreements should stand.  Dkt. 392
19  at 15.  Nonetheless, just three days prior to this filing, Advertisers supplemented their response to
20  Meta's Interrogatory No. 16, which asks them to identify each agreement they contend is
21  exclusionary, by listing six Facebook Platform API agreements, as agreements which they contend
22  to be exclusionary, and are apparently challenging under Section 2.  These agreements—which are
23  being identified by Advertisers as a basis for their claims for the first time just days before the close
24  of fact discovery, are dated between June 2015 and 2016.  Advertisers' First Supp. Resps. & Objs.
25  to Meta's Interrog. No. 16 (June 12, 2023).  In other words, Advertisers appear to challenge the
26  exact ***pre-limitations period conduct*** they specifically affirmed to this Court that they do not seek
27  damages for or otherwise base their Section 2 claims upon.  That alone would be a problem, but that
28  problem is compounded by Advertisers' decision to sandbag Meta by disclosing these agreements

for the first time now.  Due to the timing of the Advertisers' supplemental response, Meta intends to file a letter brief tomorrow so the issue can be considered by the Court at the last status conference before fact discovery closes.

### IV. Update Regarding Related Lawsuits

In *Federal Trade Commission v. Meta Platforms, Inc.*, No. 1:20-cv-03590-JEB (D.D.C.), fact discovery, including depositions, was scheduled to close on May 22, 2023.  Dkt. No. 103.  However, the parties are continuing to engage in fact discovery on discrete issues.  Dkt. No. 302 at 37-39.  Expert discovery is scheduled to close on January 5, 2024.  Dkt. No. 103.

In *State of New York, et al v. Meta Platforms, Inc.*, No. 21-7078 (D.C. Cir.), on April 27, 2023, the D.C. Circuit issued a judgment and opinion affirming the district court's dismissal order.  Dkt. Nos. 1996715, 1996718.  No party sought en banc or panel rehearing, *see* Fed. R. App. P. 35, 40, and the court's mandate issued on June 7, 2023, Dkt. No. 2002672.

In *District of Columbia v. Facebook, Inc.*, No. 2018-CA-008715-B (D.C. Super. Ct.), on June 1, 2023, the Superior Court for the District of Columbia granted Meta's summary judgment motion and dismissed the District of Columbia's case.

| | |
|---|---|
| DATED: June 15, 2023 | Respectfully submitted, |
| By: */s/ Shana E. Scarlett* <br> **HAGENS BERMAN SOBOL SHAPIRO LLP** <br> Shana E. Scarlett (Bar No. 217895) <br> shanas@hbsslaw.com <br> 715 Hearst Avenue, Suite 202 <br> Berkeley, CA 94710 <br> Telephone: (510) 725-3000 <br><br> Steve W. Berman (*pro hac vice*) <br> steve@hbsslaw.com <br> 1301 Second Avenue, Suite 2000 <br> Seattle, WA 98101 <br> Telephone: (206) 623-7292 <br><br> **LOCKRIDGE GRINDAL NAUEN P.L.L.P.** <br> W. Joseph Bruckner (*pro hac vice*) <br> wjbruckner@locklaw.com <br> Robert K. Shelquist (*pro hac vice*) <br> rkshelquist@locklaw.com <br> Brian D. Clark (*pro hac vice*) <br> bdclark@locklaw.com <br> Rebecca A. Peterson (Bar No. 241858) <br> rapeterson@locklaw.com <br> Arielle S. Wagner (*pro hac vice*) <br> aswagner@locklaw.com <br> Kyle J. Pozan (admitted *pro hac vice*) <br> kjpozan@locklaw.com <br> Laura M. Matson (admitted *pro hac vice*) <br> lmmatson@locklaw.com <br> 100 Washington Avenue South, Suite 2200 <br> Minneapolis, MN 55401 <br> Telephone: (612) 339-6900 | By: */s/ Kevin Y. Teruya* <br> **QUINN EMANUEL URQUHART & SULLIVAN, LLP** <br> Kevin Y. Teruya (Bar No. 235916) <br> kevinteruya@quinnemanuel.com <br> Adam B. Wolfson (Bar No. 262125) <br> adamwolfson@quinnemanuel.com <br> Claire D. Hausman (Bar No. 282091) <br> clairehausman@quinnemanuel.com <br> Brantley I. Pepperman (Bar No. 322057) <br> brantleypepperman@quinnemanuel.com <br> 865 South Figueroa Street, 10th Floor <br> Los Angeles, CA 90017-2543 <br> (213) 443-3000 <br><br> Michelle Schmit <br> michelleschmit@quinnemanuel.com <br> 191 N. Wacker Drive, Suite 2700 <br> Chicago, IL 60606 <br> Telephone: (312) 705-7400 <br><br> Manisha M. Sheth (admitted *pro hac vice*) <br> manishasheth@quinnemanuel.com <br> 51 Madison Avenue, 22nd Floor <br> New York, New York 10010 <br> (212) 849-7000 <br><br> *Interim Counsel for the Consumer Class* |

| | |
|---|---|
| By: */s/ Yavar Bathaee*<br>**BATHAEE DUNNE LLP**<br>Yavar Bathaee (Bar No. 282388)<br>  yavar@bathaeedunne.com<br>Andrew C. Wolinsky (*pro hac vice*)<br>  awolinsky@bathaeedunne.com<br>445 Park Avenue, 9th Floor<br>New York, NY 10022<br>Telephone: (332) 322-8835<br><br>Brian J. Dunne (Bar No. 275689)<br>  bdunne@bathaeedunne.com<br>Edward M. Grauman (*pro hac vice*)<br>  egrauman@bathaeedunne.com<br>901 South MoPac Expressway<br>Barton Oaks Plaza I, Suite 300<br>Austin, TX 78746<br>Telephone: (512) 575-8848<br><br>**AHDOOT & WOLFSON, PC**<br>Tina Wolfson (Bar No. 174806)<br>  twolfson@ahdootwolfson.com<br>Robert Ahdoot (Bar No. 172098)<br>  rahdoot@ahdootwolfson.com<br>Theodore W. Maya (Bar No. 223242)<br>  tmaya@ahdootwolfson.com<br>Henry Kelston (*pro hac vice*)<br>  hkelston@ahdootwolfson.com<br>2600 West Olive Avenue, Suite 500<br>Burbank, CA 91505<br>  Telephone: (310) 474-9111 | By: */s/ Amanda F. Lawrence*<br>**SCOTT+SCOTT ATTORNEYS AT LAW LLP**<br>Amanda F. Lawrence (*pro hac vice*)<br>  alawrence@scott-scott.com<br>Patrick J. McGahan (*pro hac vice*)<br>  pmcgahan@scott-scott.com<br>Michael P. Srodoski (*pro hac vice*)<br>  msrodoski@scott-scott.com<br>156 South Main Street, P.O. Box 192<br>Colchester, CT 06415<br>Telephone: (860) 537-5537<br><br>Hal D. Cunningham (Bar No. 243048)<br>  hcunningham@scott-scott.com<br>Daniel J. Brockwell (Bar No. 335983)<br>  dbrockwell@scott-scott.com<br>600 W. Broadway, Suite 3300<br>San Diego, CA 92101<br>Telephone: (619) 233-4565<br><br>Patrick J. Rodriguez (pro hac vice)<br>  prodriguez@scott-scott.com<br>230 Park Avenue, 17th Floor<br>New York, NY 10169<br>Telephone: (212) 223-6444<br><br>**LEVIN SEDRAN & BERMAN LLP**<br>Keith J. Verrier (*pro hac vice*)<br>  kverrier@lfsblaw.com<br>Austin B. Cohen (*pro hac vice*)<br>  acohen@lfsblaw.com<br>510 Walnut Street, Suite 500<br>Philadelphia, PA 19106<br>Telephone: (215) 592-1500<br><br>*Interim Counsel for the Advertiser Class* |

By: */s/ Sonal N. Mehta*

SONAL N. MEHTA (SBN 222086)
Sonal.Mehta@wilmerhale.com
WILMER CUTLER PICKERING HALE
AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, California 94306
Telephone: (650) 858-6000

DAVID Z. GRINGER (*pro hac vice*)
David.Gringer@wilmerhale.com
ROSS E. FIRSENBAUM (*pro hac vice*)
Ross.Firsenbaum@wilmerhale.com
WILMER CUTLER PICKERING HALE
AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, New York 10007
Telephone: (212) 230-8800

ARI HOLTZBLATT (*pro hac vice*)
Ari.Holtzblatt@wilmerhale.com
MOLLY M. JENNINGS (*pro hac vice*)
Molly.Jennings@wilmerhale.com
PAUL VANDERSLICE (*pro hac vice*)
Paul.Vanderslice@wilmerhale.com
WILMER CUTLER PICKERING HALE
AND DORR LLP
2100 Pennsylvania Avenue NW
Washington, DC 20037
Telephone: (202) 663-6000

MICHAELA P. SEWALL (*pro hac vice*)
Michaela.Sewall@wilmerhale.com
WILMER CUTLER PICKERING HALE
AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000


*Attorneys for Defendant Meta Platforms, Inc.*

## ATTESTATION OF KEVIN Y. TERUYA

This document is being filed through the Electronic Case Filing (ECF) system by attorney Kevin Y. Teruya. By his signature, Mr. Teruya attests that he has obtained concurrence in the filing of this document from each of the attorneys identified on the caption page and in the above signature block.

Dated: June 15, 2023                    By */s/ Kevin Y. Teruya*
                                                    Kevin Y. Teruya

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of June 2023, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System, causing the document to be electronically served on all attorneys of record.

By */s/ Kevin Y. Teruya*
Kevin Y. Teruya