WILMERHALE

June 16, 2023

VIA ECF

Sonal Mehta

+1 650 600 5051 (t)
+1 650 858 6100 (f)
sonal.mehta@wilmerhale.com

The Honorable James Donato
United States District Judge for the Northern District of California
450 Golden Gate Avenue, Courtroom 11, 19th Floor
San Francisco, CA 94102

Re:   *Klein v. Meta Platforms, Inc.*, Case No. 3:20-cv-08570-JD

Dear Judge Donato:

Three days before the deadline for the parties' Twelfth Joint Case Management Statement, and less than two-weeks before the close of fact discovery, Advertisers served supplemental responses to Meta's Interrogatory No. 16 stating that their "monopoly maintenance case" challenges "an anticompetitive course of conduct that" allegedly includes six agreements entered into between 2015 and 2016—*outside* the four-year limitations period, which began no earlier than December 18, 2016. Advertisers' First Supp. Resps. & Objs. to Meta's Interrog. No. 16 at 14-15 (June 12, 2023). Advertisers' apparent intent to base their Section 2 claims on pre-limitations period conduct flies in the face of their commitment to this Court that they "do not seek damages for . . . any pre-limitations period conduct—nor do they base their Section 2 claims on such conduct." Dkt. 392 at 15. Considering that commitment, this Court allowed Advertisers' Amended Complaint, which alleges conduct before and after the limitations period, to stand, contingent on Advertisers "not seek[ing] damages for, or otherwise bas[ing] their Section 2 claims on 'any pre-limitations period conduct.'" Dkt. 396 at 2 (citing Dkt. 392 at 15). Yet, Advertisers have now reversed course and disclosed in their supplemental response to Meta's Interrogatory No. 16 that their claims *are* based on conduct which occurred before the limitations period. Meta therefore requests the Court issue an order striking Advertisers' supplemental response and precluding Advertisers from relying on pre-limitations period Extended API agreements for their claims under Section 2 of the Sherman Act at trial. The parties met and conferred on June 16, 2023, and reached impasse.

I.   **Advertisers Represented that They No Longer Challenge Conduct Prior to December 18, 2016 and They Should Be Held to That Representation**

Advertisers' Amended Complaint alleges a Section 2 claim based on their theory that Meta deprecated certain Platform APIs in April 2015, and then leveraged access to deprecated APIs to coerce developers into signing "Extended API" agreements that required the "transfer [of] data back to Facebook for use in its ad targeting systems." *Id.* at ¶¶ 302-311, 860, 866. This is substantially the same claim that Judge Koh dismissed from Advertisers' earlier Consolidated Complaint on the grounds that Advertisers only alleged pre-limitations period conduct (i.e., pre-

Hon. James Donato
June 16, 2023
Page 2

December 18, 2016 conduct). Dkt. 214 at 93-94. The only difference between the "Platform scheme" Judge Koh dismissed as untimely and the one in Advertisers' Amended Complaint is that Advertisers' amended allegations contend that Meta signed Extended API agreements before and after December 2016. In other words, Advertisers attempted to use post-December 2016 agreements as a back-door to challenge the same Platform-related conduct that the Judge Koh ruled time-barred. For that reason, Meta moved to dismiss the API claims from Advertisers' Amended Complaint. Importantly, in opposing Meta's renewed motion to dismiss, Advertisers stated they "***do not seek damages for . . . any pre-limitations period conduct—nor do they base their Section 2 claims on such conduct***." Dkt. 392 at 15 (emphasis added). The Court, in allowing Advertisers' API claims to proceed, ruled that Advertisers "***will be held to" that representation***. Dkt. 396 at 2 (emphasis added).

## II. Advertisers Should Be Held to Their Representations Concerning Time-Bared Conduct

A substantial portion of the purported anticompetitive conduct Advertisers allege relates to various arms-length, non-exclusionary, commercial agreements. However, nowhere does Advertisers' complaint clearly set forth each specific agreement they challenge, nor do they explain why each agreement (many of which are noted only in passing) is anticompetitive. Meta therefore served its Interrogatory No. 16, which requires Advertisers to "[i]dentify each agreement, whether written or unwritten, between Meta and any Person that You contend to be 'exclusionary,' as alleged in the Advertiser Complaint." Advertisers served initial responses to this Interrogatory on February 10, 2023, identifying over 20 agreements, many of which were "Extended API" agreements. Advertisers' Resps. & Objs. to Meta's Interrog. No. 16 at 14-15 (Feb. 10, 2023). Each of the agreements identified in Advertisers' first response was executed within the limitations period.

After having represented for months that their "monopoly maintenance scheme" "comprises conduct starting in December 2016," *id.*, on June 12, just eleven days before the close of fact discovery, Advertisers served a supplemental response to Interrogatory No. 16 identifying six additional Extended API contracts dated between 2015-2016 that they intend to challenge as anticompetitive in furtherance of their Section 2 claims. Advertisers' First Supp. Resps. & Objs. to Meta's Interrog. No. 16 at 14-15 (June 12, 2023). Each one of these agreements was entered into outside the limitations period—a fact which Advertisers have already conceded. *See* Dkt. 396 at 2; Dkt. 392 at 15. Five of the six agreements were referenced in Advertisers' Amended Complaint, challenged by Meta's second motion to dismiss as time-barred, and presumptively excluded from Advertisers' Section 2 claims based on Advertisers' own representations to the Court. *Compare* Advertisers' First Supp. Resps. & Objs. to Meta's Interrog. No. 16 at 15 (June 12, 2023) (listing the Microsoft Windows Phone, Sony, Microsoft Xbox Live, Amazon, and Blizzard Entertainment agreements) *with* Dkt. 391 ¶¶ 313-314 (same).

The 2015-2016 Agreements are therefore not new evidence that was unknown to Advertisers at the time of their original February 2023 response. Given Advertisers' affirmative denial that they challenge the 2015-2016 Agreements and other pre-December 2016 conduct, Dkt.

Hon. James Donato
June 16, 2023
Page 3

392 at 15, and their failure to correct that representation in their first response to Interrogatory No. 16, Advertisers' supplement is untimely and should be stricken. Fed. R. Civ. P. 26(e); Fed. R. Civ. P. 37(c)(1) ("If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial[.]").

Advertisers' supplement disclosed for the first time their reliance on an entirely new statute of limitations legal theory, mere days before the close of fact discovery. That timing effectively forecloses Meta's opportunity to conduct additional discovery into Advertisers' new limitations theory, a theory which Meta had not sought to explore during discovery in reliance on Advertisers' representations that they do not challenge pre-December 2016 conduct. *See Apple, Inc. v. Samsung Elecs. Co.*, 2012 WL 3155574, at *5 (N.D. Cal. Aug. 2, 2012) ("[B]ecause Samsung did not disclose its theories prior to the close of fact discovery, Apple did not have the opportunity to conduct additional fact discovery regarding Samsung's new theories."). This obviously prejudices Meta, and the prejudice resulting from Advertisers' untimely disclosure is no different from the prejudice that would result from a post-fact discovery disclosure.

Furthermore, Advertisers should be precluded from introducing at trial evidence concerning the 2015-2016 Agreements, or any other pre-December 2016 Extended API agreements, for their Section 2 claims. Such conduct is irrelevant given the Court's ruling that Advertisers will be "held to" their representation that they only challenge pre-December 2016 conduct. Dkt. 396 at 2; *Hernandez v. City of Los Angeles*, 2022 WL 16551705, at *6 (C.D. Cal. Aug. 1, 2022) ("The Court agrees with defendants that it would cause confusion to the jury for plaintiff to reference any of the dismissed claims at trial. Therefore, the Court finds that the dismissed claims themselves cannot be raised for any purpose; however, evidence that was relevant to the dismissed claims, and is also relevant to the claims now before the Court, is admissible.").

\*   \*   \*

Accordingly, Meta requests the Court issue an order striking Advertisers' supplemental response to Interrogatory No. 16 and excluding evidence of pre-December 18, 2016 Extended API agreements from trial.

Respectfully submitted,

By: */s/ Sonal N. Mehta*
WILMER CUTLER PICKERING HALE AND DORR LLP
*Attorney for Defendant Meta Platforms, Inc.*