June 20, 2023                                                                                                    **VIA CM/ECF FILING**

The Honorable James Donato
San Francisco Courthouse, U.S. District Court
450 Golden Gate Avenue, Courtroom 11 – 19th Floor
San Francisco, CA 94102

Re:   Consumers' Response to Meta's June 9, 2023 Motion to Quash Consumers' 30(b)(6) Deposition Notice

Dear Judge Donato:

Consumer Plaintiffs ("Consumers") respectfully file this response pursuant to this Court's order (Dkt. 593), and request that this Court deny Meta's June 9, 2023 motion to quash Topics 2 through 5 of Consumers' May 3, 2023 30(b)(6) deposition notice ("Notice").

Meta has not and cannot show "good cause" to quash Topics 2 through 5 of the Notice pursuant to Fed. R. Civ. P. 26(c)(1).[1] *First*, Consumers' Notice is timely. Consumers served their Notice, with only five topics, on May 3, 2023—**51 days** before the close of fact discovery on June 23, 2023. This easily qualifies as reasonable notice. *See, e.g.*, *HBE Corp. v. Cummins Cal Pac., LLC*, 2018 WL 6133630, at *1 (C.D. Cal. Jan. 4, 2018) ("periods of fourteen days, ten days and eight days have been found reasonable" notice) (collecting cases); *Pres. Techs. LLC v. MindGeek USA, Inc.*, 2020 WL 10965162, at *4 (C.D. Cal. Nov. 2, 2020) (collecting cases finding five days, one week, eight days, ten days, and fourteen days' notice to be reasonable). While Meta now contends that it is "impossible" for Meta to comply with the Notice "with in the limited time remaining" in fact discovery, Dkt. 586 at 1, it is Meta that waited until June 9 to seek a protective order—37 days following service of the Notice on May 3. Meta provides no reason that it could not comply with the Notice in the 51 days between the Notice and the close of fact discovery.

In fact, the only basis for Meta's contention that Consumers' Notice was "tardy" is that Meta would have preferred that the Notice be served sooner to coincide with 30(b)(1) depositions. Dkt. 586 at 1, 3. Plaintiffs are, however, entitled to sequence discovery as they wish. Plaintiffs may of course serve a 30(b)(6) notice later in discovery to, for example, elicit testimony on topics for which there remain gaps in discovery; to resolve contradictions in the testimony of defendant's 30(b)(1) witnesses; or to take discovery after a defendant has produced certain documents. In *Doe v. Trump*, the court rejected the argument that "fact witness testimony is [] inappropriate before any 30(b)(6) deposition", reasoning that "the Federal Rules of Civil Procedure are unambiguous [that] . . . the 'methods of discovery may be used in any sequence.'" 329 F.R.D. 262, 273 (W.D. Wash. 2018) (citing Fed. R. Civ. P. 26(d)(3)(A)); *id*. at 269-270, 274 (finding service of a 30(b)(6) notice eight days before the close of fact discovery to be reasonable, reasoning that "the 'eleventh hour' of a discovery period is still within the discovery period, and there is no basis for denying a discovery request simply because it is served toward the end of the designated period.").

*Second*, contrary to Meta's contention that Consumers' Notice should be quashed because Plaintiffs do not have sufficient remaining 30(b)(6) deposition time, Plaintiffs have **over 11 hours** to elicit 30(b)(6) testimony on **5 topics**. *See* Dkt. 586 at 3. Meta's unsupported argument that this is not *enough* time is not a basis to quash Consumers' Notice, thereby depriving them of *any* time

---

[1]  "A party seeking a protective order has a 'heavy burden' of showing why discovery should be limited." *Labs v. Green Leaf Lab, LLC*, 2019 WL 11743583, at *2 (C.D. Cal. Aug. 14, 2019) (internal quotations and citations omitted). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning do not satisfy the Rule 26(c) test." *Id*. (internal quotations and citations omitted).

1

on Topics 2 through 5 of the Notice.

*Third*, the five topics in Consumers' 30(b)(6) Notice are well within this Court's 10-topic limit. Meta has only provided 30(b)(6) deposition testimony on *one* topic served by Advertiser Plaintiffs.[2] And Meta has only agreed to provide 30(b)(6) deposition testimony on *two* topics served by Consumers.[3] To the extent that Meta's motion to quash is denied, and Meta is compelled to comply with Consumers' Notice, Meta would ultimately provide 30(b)(6) testimony on only *six* topics total in this case (one topic served by Advertisers, and the five topics in Consumers' Notice).[4] This is well within the limitations set by this Court.

*Fourth*, contrary to Meta's argument that Plaintiffs have taken several 30(b)(1) depositions of current or former Meta employees already, Dkt. 586 at 3, Meta identifies no specific testimony relevant to Consumers' 30(b)(6) Notice, and in any event, Consumers are entitled to 30(b)(6) testimony in addition to 30(b)(1) testimony.[5]

*Fifth*, Topics 2 through 5 in Consumers' Notice are narrowly tailored and easily meet the reasonable particularity standard. Topic 2 requests 30(b)(6) testimony relating to Meta's "data collection and use practices," including Meta's "statements, representations, and omissions," "review(s), evaluation(s), and investigation(s)," and "[d]omestic regulators' investigations" concerning Meta's data collection and use. Meta does not and cannot dispute that Topic 2 seeks relevant information. And Topic 2 is narrowly tailored and set forth with reasonable particularity, as Consumers' Notice *specifically identifies* the Meta representations, Meta investigations, and regulator investigations for which Consumers intend to elicit testimony. *See* Dkt. 586 at 2.

Topic 2 is proper as written. However, in a good faith effort to avoid this dispute, Consumer Plaintiffs offered to even further narrow this Topic to whether specific Meta representations "were accurate, and if not, why [they] were false," and "the general processes and results of Facebook's investigations that culminated in Facebook's 2011 and 2019 consent decrees with the [FTC]." June 7, 2023 Letter from C. Hausman to Counsel for Meta.[6] Moreover, in lieu of 30(b)(6) testimony regarding the investigations in particular, Consumers proposed that Meta provide deposition transcripts and exhibits of its corporate testimony on this topic in the Cambridge Analytica MDL and FTC consent decree administrative matter. Meta refused. However, testimony regarding Meta's false statements and investigations resulting in the 2011 and

---

[2] Advertisers served five 30(b)(6) deposition topics, and withdrew four of them. *See* Dkt. 586, at 3, n.2.

[3] Meta has agreed to provide 30(b)(6) testimony on Topic 1 and a portion of Topic 2 of the Notice.

[4] Consumers previously served an additional two 30(b)(6) deposition topics, which they withdrew. Contrary to Meta's argument, Dkt. 586 at 3, n.2., there is no basis for counting the withdrawn topics against the 10-topic limitation.

[5] *Big Baboon Corp. v. Dell, Inc.*, 2010 WL 11459800, at *2 (C.D. Cal. Aug. 23, 2010) ("Even if the general topics to be addressed at the 30(b)(6) deposition overlap with [a 30(b)(1) deposition] to some extent, the specific questions asked and the answers given might not."); *Doe*, 329 F.R.D. at 274 ("Plaintiffs are entitled to seek both types of discovery [30(b)(1) and 30(b)(6) deposition] from Defendants, and the court does not consider these forms of discovery 'duplicative' even if they address similar or overlapping subject matters.").

[6] Meta has likewise agreed to provide 30(b)(6) testimony concerning "the general processes and results of Facebook's App Developer Investigation, including the number of apps suspended, and general reasons why apps were suspended," and "the status, general processes, and results of Facebook's Commitment Review, including the number of commitments deprecated and general reasons why commitments were deprecated."

2

2019 FTC consent decrees is clearly relevant, narrowly tailored, and particularized, such that Meta should be compelled to present a witness(es) to testify to the same.

Topic 3 requests testimony concerning "the means, criterion, and methods [Meta] use[s] to determine what content to display to [Facebook] users in [Facebook] Surface(s)," including whether it "includes unconnected content, graph-based content, or some combination thereof," and, to the extent it has changed over the relevant time, the "specifics," "date(s)" and "reason(s)" for the change. Meta does not contest the relevance of this topic, but claims that it would be "impossible" to prepare a witness. Dkt. 586 at 2. Meta provides no specifics as to this supposed impossibility, which is insufficient to meet its burden for a protective order as a matter of law. *Supra* at n.1. While Topic 3 is proper as written, in an effort at compromise, Consumers offered to accept "testimony regarding the extent to which each surface on Facebook displays content based on the social graph or unconnected content, and if that has materially changed over time, high level testimony as to when that change was made, and why," which Meta likewise refused to provide. June 7, 2023 Letter from C. Hausman to Counsel for Meta.[7] The requested testimony is indisputably relevant, narrow, and specific, and Meta should be compelled to present a witness.

Topic 4 requests Meta's "review, evaluation, analysis, discussion, and rationale regarding providing any form of compensation . . . to users for their data, and/or for their time or attention." Meta does not object to the obvious relevance of this topic, but refuses to provide a witness, on the sole basis that it claims it cannot identify every relevant "discussion" over the relevant time frame. Topic 4 is proper as written, but in an effort to avoid this dispute, Consumers offered to limit their questions to discussions that "reached a reasonable level of seriousness, either due to the seniority of the Facebook employee(s) involved or because the discussion was in fact executed on." June 7, 2023 Letter from C. Hausman to Counsel for Meta. Meta rejected this compromise. This topic is relevant, narrow, and specific, and Meta should be compelled to provide a witness.

Topic 5 requests Meta's "review, evaluation, [and/or] strategic planning relating to App Tracking Transparency" including Meta's "review and analysis of the actual or projected impact or effect of App Tracking Transparency" on Meta. Meta does not object to the relevance, breadth, or particularity of this topic, but rather complains that Consumers have inquired into this topic with 30(b)(1) witnesses, including Meta's Vice President of Reality Labs Partnerships and Chief Strategy Officer, both of whom were unable to answer Consumers' questions.[8] Dkt. 586 at 3. Moreover, Plaintiffs are entitled to both 30(b)(1) and 30(b)(6) testimony. *Supra* at n.5. Meta further complains that Consumers should have served their 30(b)(6) Notice earlier, but as set forth above, the Notice was timely, and Consumers are entitled to sequence discovery as they wish. Meta also argues that "Meta has made numerous public statements on this Topic" that Plaintiffs may use. This frivolous argument should be rejected, and Meta should be compelled to comply with its discovery obligations and present a witness. *Sullivan v. Dollar Tree Stores, Inc.*, 2008 WL 706698, at *1 (E.D. Wash. Mar. 14, 2008) ("Rule 30 specifically gives a party the right to question a witness by oral deposition . . . [T]here are strong reasons why a party strategically selects to proceed by oral deposition rather than alternate means, including the spontaneity of witness responses.") (internal citations omitted).

---

[7] While Meta claims that it offered to produce corporate representative testimony from a related case that addressed this topic at "a high level," Dkt. 586 at 2, as Consumers explained to Meta, they "cannot agree to forego live testimony based on [Meta's] vague description of the transcripts." June 7, 2023 Letter from C. Hausman to Counsel for Meta. Meta's description of these transcripts to this Court is likewise impossibly vague.

[8] Jhaveri Tr. at 50:4–58:13 (testifying that he did not know the answers to Consumers' questions); Wehner Tr. at 137:12–23 (similar).

3

DATED: June 20, 2023

By */s/ Shana E. Scarlett*
**HAGENS BERMAN SOBOL SHAPIRO LLP**
Shana E. Scarlett (Bar No. 217895)
 shanas@hbsslaw.com
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000

Steve W. Berman (*pro hac vice*)
 steve@hbsslaw.com
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292

**LOCKRIDGE GRINDAL NAUEN P.L.L.P.**
W. Joseph Bruckner (*pro hac vice*)
 wjbruckner@locklaw.com
Robert K. Shelquist (*pro hac vice*)
 rkshelquist@locklaw.com
Brian D. Clark (*pro hac vice*)
 bdclark@locklaw.com
Rebecca A. Peterson (Bar No. 241858)
 rapeterson@locklaw.com
Kyle J. Pozan (admitted *pro hac vice*)
 kjpozan@locklaw.com
Laura M. Matson (admitted *pro hac vice*)
 lmmatson@locklaw.com
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900

Respectfully submitted,

By */s/ Kevin Y. Teruya*
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Kevin Y. Teruya (Bar No. 235916)
 kevinteruya@quinnemanuel.com
Adam B. Wolfson (Bar No. 262125)
 adamwolfson@quinnemanuel.com
Brantley I. Pepperman (Bar No. 322057)
 brantleypepperman@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000

Manisha M. Sheth (*pro hac vice*)
 manishasheth@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000

Michelle Schmit (*pro hac vice*)
 michelleschmit@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400

*Interim Counsel for the Consumer Class*

4

## ATTESTATION OF KEVIN Y. TERUYA

This document is being filed through the Electronic Case Filing (ECF) system by attorney Kevin Y. Teruya. By his signature, Mr. Teruya attests that he has obtained concurrence in the filing of this document from each of the attorneys identified on the caption page and in the above signature block.

Dated: June 20, 2023                By:    */s/ Kevin Y. Teruya*
                                                   Kevin Y. Teruya

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of June 2023, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System, causing the document to be electronically served on all attorneys of record.

Dated: June 20, 2023                By:    */s/ Kevin Y. Teruya*
                                                   Kevin Y. Teruya