JUSTINA K. SESSIONS, State Bar No. 270914
FRESHFIELDS BRUCKHAUS DERINGER U.S. LLP
855 Main Street
Redwood City, CA 94063
Telephone:  (323) 210-2953
Facsimile:   (650) 618-9250
Email:       justina.sessions@freshfields.com

MATTHEW MACDONALD, State Bar No. 255269
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
633 West Fifth Street, Suite 1550
Los Angeles, CA 90071
Telephone:  (323) 210-2953
Facsimile:   (650) 493-6811
Email:       matthew.macdonald@wsgr.com

*Attorneys for Non-Party Netflix, Inc.*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MAXIMILIAN KLEIN, et al,** | CASE NO.:  3:20-cv-08570-JD |
| Plaintiffs, | **DECLARATION OF MATTHEW D. MCDONALD** |
| v. | |
| **META PLATFORMS, INC.,** | |
| Defendant. | |

I, Matthew D. McDonald, declare as follows:

1.      I am an associate at Wilson Sonsini Goodrich & Rosati P.C. ("Wilson Sonsini") and am counsel for non-party Netflix, Inc. ("Netflix").  I have personal knowledge of all facts set forth in this declaration and could testify competently thereto if called as a witness.

2.      On June 22, 2023, the Court in the above-captioned matter ordered Netflix to provide a declaration describing the document searches Netflix performed to respond to the subpoenas

served by Advertiser Plaintiffs upon Netflix and Wilmot Reed Hastings, Netflix's former co-CEO and current Chairman of the Board. My declaration describes the searches Netflix performed.

## I.     REED HASTINGS EMAIL SEARCH

3.     On April 27, 2023, the Court ordered Netflix to undertake a custodial search and review of Mr. Hastings's personal email account. On May 3, 2023, counsel for Netflix emailed counsel for Advertiser Plaintiffs proposing a date range (emails sent between January 1, 2017 and December 31, 2019) and search terms to be used in the review of Mr. Hastings's emails. On May 8, 2023, counsel for Advertiser Plaintiffs responded with additions to Netflix's proposed search terms, and further requested the search include emails sent between January 1, 2015 and December 31, 2019. In an email sent May 11, 2023, counsel for Netflix agreed to Advertiser Plaintiffs' terms. The search terms Advertiser Plaintiffs proposed, and which Netflix used in its review, are listed in the chart below.

| Advertiser Plaintiffs' Search Terms Used in Hastings Email Review |
| --- |
| (Watch or Netflix) AND (Mark or MZ or *Zuck* or *Sheryl* or Sandberg or SS or schrage or elliot or bos* or boz) |
| ((FB or Facebook or Insta* or IG or WhatsApp) and (compet* or win* or lose* or bid*)) and (video or streaming or original*) |
| (Facebook or Insta* or FB or IG or WhatsApp) and (advertis* or "Custom Audiences" or CA) |
| (FB or Facebook or Insta* or IG or WhatsApp) and ("API" or "APIs") |
| (FB or Facebook or Insta* or IG or WhatsApp) and (data or agree*) |
| (FB or Facebook) and ("Compensation and Governance") |
| (*Sheryl* OR Sandberg* or SS) and Fireside |
| Onavo |
| Atlas |
| (Facebook or Insta* or FB or IG or WhatsApp) and (Product w/2 Catalog*) |
| (Facebook or Insta* or FB or IG or WhatsApp) and (Signal*) |
| (Facebook or Insta* or FB or IG or WhatsApp) and (Analytics OR Measurement) and (Advance* or Alpha or Beta) |

4.     On May 15, 2023, I and Netflix's computer forensics consultant, Setec Investigations, conducted a forensic collection of Mr. Hastings' personal email account for the time period January 1, 2015 through December 31, 2019. Netflix's e-discovery vendor Lighthouse then processed the collection and ran Advertiser Plaintiffs' search terms over the collection.

5.     A team of three Wilson Sonsini attorneys, working under my supervision, manually reviewed each of the emails and attachments that hit on Advertiser Plaintiffs' search terms. The

team reviewed 2,226 documents. These attorneys reviewed each document for responsiveness to Advertiser Plaintiffs' subpoena to Mr. Hastings and for privilege.  I instructed the reviewing attorneys to consider responsive any document that related to any of the specifications in Advertiser Plaintiffs' subpoena to Mr. Hastings, notwithstanding Mr. Hastings's responses and objections.

6.      13 of the emails and attachments reviewed were determined to be responsive to Advertiser Plaintiffs' subpoena. We provided six of these documents to outside counsel for Meta for review regarding privilege. Counsel for Meta responded by asserting attorney-client privilege over portions of two of the documents and asked counsel for Netflix to redact those portions of the documents. Counsel for Netflix implemented Meta's requested redactions prior to production. Counsel for Meta prepared a privilege log regarding their redactions, which was shared with counsel for Netflix for the purpose of adding relevant metadata fields.

7.      Netflix produced the 13 responsive documents, along with the privilege log listing Meta's privilege assertions, to Advertiser Plaintiffs on June 14, 2023.

## II.     NETFLIX COMPETITION-RELATED SEARCH

8.      On February 24, 2022, Meta served Netflix with document subpoenas in connection with *Federal Trade Commission v. Meta Platforms Inc.* and *Klein v. Meta Platforms Inc.*  I understand that counsel for the Advertiser Plaintiffs should have received a copy of the *Klein* subpoena to Netflix at or around the time it was served.

9.      Advertiser Plaintiffs served a document subpoena on Netflix on May 5, 2022.  This was over two months after Netflix received a subpoena in this case from Meta. Wilson Sonsini served its responses and objections on Advertiser Plaintiffs on June 9, 2022. Wilson Sonsini did not hear from Advertiser Plaintiffs again until August 24, 2022. Wilson Sonsini met and conferred with Advertiser Plaintiffs on August 29, 2022. During that meet and confer, Advertiser Plaintiffs stated they would follow up with a letter regarding the overlap between Meta's and Plaintiffs' subpoenas, and Plaintiffs' priorities. On September 16, 2022, Advertiser Plaintiffs sent a letter to Wilson Sonsini that summarized their document subpoena to Netflix as written.  Plaintiffs did not follow up again regarding their document subpoena to Netflix until January 24, 2023.

10.    Netflix undertook a custodial ESI collection and search of the files of Kevin Creighton, Netflix's Director of Market Intelligence. I understand Mr. Creighton is responsible for managing competitive analysis at Netflix and that he has had this responsibility since he joined Netflix in April 2018. Netflix personnel collected emails from Mr. Creighton's files for the time period beginning April 1, 2018 (just before Mr. Creighton began his job at Netflix) and ending August 17, 2022 that hit upon the following terms:

> (Meta OR Facebook OR Instagram OR FB OR IG OR "Insta" OR Snap OR "social media" OR "social networking" OR "social network" OR "social networks" OR PSN OR "Personal social") AND (compete OR competed OR competes OR competition OR competitive OR competitor OR substitute OR substitutes OR churn OR diversion OR SWOT OR (Market AROUND 3 share))[1]

In addition to this custodial search, I understand that in-house counsel at Netflix asked Mr. Creighton to identify any documents analyzing Netflix's competition with Facebook or Instagram created from January 1, 2019 through October 2022 (when the survey was performed).  Any documents resulting from this survey were included in the review set.

11.    Each of the documents in the review set were manually reviewed for responsiveness and privilege by contract attorneys employed by Consilio, LLC, working under my supervision.  The review team reviewed 6,452 documents. I instructed the review attorneys to consider a document responsive if it discussed competition between Netflix's products and services and Facebook's products and services, among other things. I specifically instructed the review attorneys to consider a document responsive if it discussed competition between Netflix's products and services and Facebook Watch.

12.    51 of the emails and attachments reviewed were determined to be responsive to the subpoenas issued to Netflix. These documents were produced to Meta and Advertiser Plaintiffs on November 8, 2022.

---

[1] The Boolean operator "AROUND" is functionally equivalent to "w/". "Market AROUND 3 share" and "Market w/3 share" both return documents where the word "market" appears within three words of "share."

1        I declare under penalty of perjury under the laws of the United States of America that the

2  foregoing is true and correct.

3

    Executed on: June 29, 2023

4                               Matthew D. McDonald