August 9, 2023                                                           **VIA CM/ECF FILING**

The Honorable James Donato
San Francisco Courthouse, U.S. District Court
450 Golden Gate Avenue, Courtroom 11 – 19th Floor
San Francisco, CA 94102

Re:    <u>Consumers' Good Cause Request For 3 Hours of Additional Rule 30(b)(6) Testimony of Facebook To Complete Court-Ordered Deposition</u>

Dear Judge Donato:

Consumer Plaintiffs respectfully make a proffer that the Court should increase the presumptive limit on Rule 30(b)(6) testimony of Facebook by three hours so Consumers can complete a Rule 30(b)(6) deposition the Court ordered nearly seven weeks ago. At the June 22, 2023 status conference, prior to the close of fact discovery, the Court granted Consumers' motion to compel Facebook corporate deposition testimony on four topics. 6/22/2023 Hrg. Tr. at 13–22. In response, Facebook designated 3 different employees to testify on three of the four topics and made them available for deposition on July 26 and 27. Despite multiple requests from Consumers over several weeks, however, Facebook provided no designee or deposition date for the fourth Court-ordered topic: 30 deceptive Facebook statements and omissions about Facebook's data collection and use practices that Consumers allege had anticompetitive effects. At the end of the third designee's deposition, Facebook stated it believed Consumers had effectively run out of time for Rule 30(b)(6) testimony under the parties' Deposition Protocol, and it would thus not designate a representative to testify on the fourth Court-ordered topic. The parties met-and-conferred on August 7, 2023, and Consumers requested that Facebook designate a representative on the fourth court-ordered topic, with testimony limited to 3 hours. Facebook refused to designate a witness to testify for **any** amount of additional time, creating impasse on this issue. Pursuant to the Deposition Protocol, Consumers therefore request that the Court grant an additional three hours to complete the deposition. The below explains why good cause exists for this request, as the Deposition Protocol contemplated might arise and therefore explicitly allowed on a proper showing.

Consumers were extraordinarily judicious in their use of deposition time, such that adding these three Rule 30(b)(6) deposition hours would still mean they used less than the overall amount of deposition time the Court allotted. The Deposition Protocol provided Consumer and Advertisers, collectively, 21 hours for Rule 30(b)(6) testimony of Facebook and 260 deposition hours of up to 50 current and former Facebook employees. Dkts. 174, §1(a); 448, §1. Nevertheless, Consumers took six fewer 30(b)(1) depositions of Facebook employees than the Protocol allowed and streamlined their questioning such that they had **33 hours of unused 30(b)(1) deposition time** at the end of fact discovery. This efficiency similarly found its way into their Rule 30(b)(6) questioning; for example, Consumers completed one 30(b)(6) deposition in just 30 minutes.

This alone establishes good cause, but it also bears noting the Deposition Protocol states the limitations were "presumptive only" and that "[t]he purpose of these presumptive limits **is to encourage the judicious use of deposition, not to arbitrarily restrict access to evidence**." Dkt. 174, §1(c). Accordingly, the presumptive limits "may be expanded by stipulation, or for good cause upon motion to the Court." *Id.* Facebook's refusal to permit Consumers the ability to take a three-hour deposition on a final, Court-ordered Rule 30(b)(6) topic attempts to abuse that structure to strategic gain, particularly because it reserved the fourth designee apparently intentionally to run out the clock, and those hours are on a key issue for which the Court has explicitly ordered a deposition. Given Consumers' judiciousness, there is good cause to order this final deposition.

DATED: August 9, 2023

By */s/ Shana E. Scarlett*
**HAGENS BERMAN SOBOL SHAPIRO LLP**
Shana E. Scarlett (Bar No. 217895)
 shanas@hbsslaw.com
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000

Steve W. Berman (*pro hac vice*)
steve@hbsslaw.com
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292

**LOCKRIDGE GRINDAL NAUEN P.L.L.P.**
W. Joseph Bruckner (*pro hac vice*)
 wjbruckner@locklaw.com
Robert K. Shelquist (*pro hac vice*)
 rkshelquist@locklaw.com
Brian D. Clark (*pro hac vice*)
 bdclark@locklaw.com
Rebecca A. Peterson (Bar No. 241858)
 rapeterson@locklaw.com
Kyle J. Pozan (admitted *pro hac vice*)
 kjpozan@locklaw.com
Laura M. Matson (admitted *pro hac vice*)
 lmmatson@locklaw.com
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900

Respectfully submitted,

By */s/ Kevin Y. Teruya*
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Kevin Y. Teruya (Bar No. 235916)
 kevinteruya@quinnemanuel.com
Adam B. Wolfson (Bar No. 262125)
 adamwolfson@quinnemanuel.com
Brantley I. Pepperman (Bar No. 322057)
 brantleypepperman@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000

Manisha M. Sheth (*pro hac vice*)
 manishasheth@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000

Michelle Schmit (*pro hac vice*)
 michelleschmit@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400

*Interim Counsel for the Consumer Class*

**ATTESTATION OF KEVIN Y. TERUYA**

This document is being filed through the Electronic Case Filing (ECF) system by attorney Kevin Y. Teruya. By his signature, Mr. Teruya attests that he has obtained concurrence in the filing of this document from each of the attorneys identified on the caption page and in the above signature block.

Dated: August 9, 2023                          By:   */s/ Kevin Y. Teruya*
                                                      Kevin Y. Teruya

**CERTIFICATE OF SERVICE**

I hereby certify that on this 9th day of August 2023, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System, causing the document to be electronically served on all attorneys of record.

Dated: August 9, 2023                          By:   */s/ Kevin Y. Teruya*
                                                      Kevin Y. Teruya