| | |
|---|---|
| **BATHAEE DUNNE LLP**<br>Yavar Bathaee (CA 282388)<br>yavar@bathaeedunne.com<br>Andrew C. Wolinsky (CA 345965)<br>awolinsky@bathaeedunne.com<br>445 Park Avenue, 9th Floor<br>New York, NY 10022<br>Tel.: (332) 322-8835<br><br>Brian J. Dunne (CA 275689)<br>bdunne@bathaeedunne.com<br>Edward M. Grauman (*pro hac vice*)<br>egrauman@bathaeedunne.com<br>901 South MoPac Expressway<br>Barton Oaks Plaza I, Suite 300<br>Austin, TX 78746<br>Tel.: (213) 462-2772<br><br>*Interim Co-Lead Counsel for the Advertiser Classes* | **SCOTT+SCOTT ATTORNEYS AT LAW LLP**<br>Amanda F. Lawrence (*pro hac vice*)<br>alawrence@scott-scott.com<br>Patrick J. McGahan (*pro hac vice*)<br>pmcgahan@scott-scott.com<br>Michael P. Srodoski (*pro hac vice*)<br>msrodoski@scott-scott.com<br>156 South Main Street, P.O. Box 192<br>Colchester, CT 06415<br>Tel.: (860) 537-5537<br><br>Patrick J. Coughlin (CA 111070)<br>pcoughlin@scott-scott.com<br>Carmen A. Medici (CA 248417)<br>cmedici@scott-scott.com<br>Hal D. Cunningham (CA 243048)<br>hcunningham@scott-scott.com<br>Daniel J. Brockwell (CA 335983)<br>dbrockwell@scott-scott.com<br>600 W. Broadway, Suite 3300<br>San Diego, CA 92101<br>Tel.: (619) 233-4565 |

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| MAXIMILIAN KLEIN, et al., on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>META PLATFORMS, INC.,<br><br>    Defendant. | Case No. 3:20-cv-08570-JD<br><br>Hon. James Donato<br><br>**[PROPOSED] ORDER GRANTING ADVERTISER PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**<br><br>Hearing Date: December 14, 2023<br>Hearing Time: 10:00 a.m.<br>Courtroom 11, 19th Floor |

1       Before the Court is the Motion for Class Certification filed by Advertiser Plaintiffs (the
2 "Motion") on September 15, 2023. The Court, having reviewed the Motion and accompanying
3 memoranda, declarations and exhibits in support, any opposition thereto, and the arguments of
4 counsel and the parties at the hearing held on December 14, 2023 (the "Hearing"), hereby **ORDERS**
5 that the Motion is **GRANTED**. The Court makes the following findings and determinations as
6 required by Rule 23 of the Federal Rules of Civil Procedure:

7       1.      Pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."),
8 the "Advertiser Class" (or "Class") is defined as follows:

9 

**THE ADVERTISER CLASS**

10
11     All persons, including entities and/or corporations, in the United States who purchased advertising from Meta Platforms, Inc. (f/k/a Facebook, Inc.) between December 1, 2016, and December 31, 2020 (the "Class Period").

12       2.      Excluded from the Advertiser Class are Meta Platforms, Inc. (f/k/a Facebook, Inc.)
13 ("Meta") and its officers, directors, employees, and successors; any person or entity who has (or had
14 during the Class Period) a controlling interest in Meta; any affiliate, legal representative, heir, or
15 assign of Meta; any judicial officer presiding over this action and their immediate family members
16 and judicial staffs; and any juror assigned to this action.

17       3.      **Numerosity:** The Class is so numerous and geographically dispersed that joinder of
18 all members is impracticable. *See* Fed. R. Civ. P. 23(a)(1). The Class contains millions of members,
19 which suffices for numerosity. The Court finds that numerosity pursuant to Fed. R. Civ. P. 23(a)(1)
20 is satisfied as to the Class.

21       4.      **Commonality:** The Court finds that there are many questions of law and fact common
22 to the Class, including whether Defendants engaged in anticompetitive conduct under federal antitrust
23 laws, thereby causing members of the Class to pay inflated prices for Meta advertising. As set forth
24 in the Motion, common questions of law and fact include, but are not limited to, whether, during the
25 Class Period: (1) there existed a relevant antitrust market consisting of social advertising in the United
26 States; (2) Meta possessed monopoly power in that market; (3) Meta willfully maintained its
27 monopoly in or attempted to monopolize that market; (4) Meta entered into an agreement with Google
28

1  in unreasonable restraint of trade; and (5) all (or nearly all) members of the class suffered damage as
2  a result of Meta's anticompetitive conduct. This action asserts counts for violations of Sections 1 and
3  2 of the Sherman Act (15 U.S.C. §1 and §2). Issues in the action that are common to all members of
4  the Class include whether Meta violated the aforementioned laws and whether the members of the
5  Class are entitled to monetary relief based on such violations. For reasons set forth herein and during
6  the Hearing, the Court finds that commonality pursuant to Fed. Civ. P. 23(a)(2) is satisfied as to the
7  Class.

8        5.    **Typicality:** The Advertiser Plaintiffs' claims are typical of the claims of the other
9  putative members of the Class because they stem from the same course of conduct that forms the
10 basis of the claims of the Class and are based on the same legal and remedial theories. Specifically,
11 the Advertiser Plaintiffs and all members of the proposed Class will seek to prove Meta's
12 anticompetitive conduct and that they paid illegally inflated prices for Meta advertising as a result of
13 that conduct. For reasons set forth herein and during the Hearing, the Courts finds that typicality of
14 the Advertiser Plaintiffs within the meaning of Fed. R. Civ. P. 23(a)(3) is satisfied as to the Class.

15       6.    **Adequacy:** The Court determines that, consistent with Fed. R. Civ. P. 23(a)(4), the
16 named Advertiser Plaintiffs will fairly and adequately protect the interests of the Class. The interests
17 of the Advertiser Plaintiffs are aligned with those of the absent members of the Class in proving
18 liability and establishing damages. As established in the Motion, each of the Advertiser Plaintiffs has
19 participated in discovery, demonstrated familiarity with the claims asserted in the action, and is
20 represented by counsel, including Co-Lead Interim Class Counsel, who have vigorously prosecuted
21 the action to date, all being factors demonstrating their adequacy to continue to litigate the claims on
22 behalf of the Class. There are no conflicts that have been presented to the Court that prevent the
23 appointment of the Advertiser Plaintiffs as representatives of the Class, nor their counsel as Class
24 Counsel. For reasons set forth herein, and during the Hearing on the Motion, the Court finds that
25 adequacy of the Advertiser Plaintiffs and proposed Class Counsel pursuant to Fed. R. Civ. P. 23(a)(4)
26 is satisfied.

27       7.    **Predominance/Superiority:** Pursuant to Fed. R. Civ. P. 23(b)(3), the Court finds that
28 common questions of law and fact predominate over questions affecting only individual members.

The class-wide claims, issues, and defenses in the action are subject to generalized proof, and they will predominate over those issues that are subject to only individualized proof. Each of the Advertiser Plaintiffs and members of the Class allege that they purchased Meta advertising at a price higher than they would have in a fair and competitive market due to Meta's anticompetitive misconduct. Pursuant to Rule 23(b)(3), the Court determines that a class action is superior to other available methods for the fair and efficient adjudication of this action. It is desirable, for purposes of judicial litigation and efficiency, to concentrate the claims of the Class in a single action. The Court further finds that litigating this action on a class basis is manageable. In contrast, it would waste judicial and litigant resources to force each member of the Class to prove the same allegations in possibly thousands of separate trials. Further, if the class mechanism were not available, some members of the Class may have claims that are too small to justify the high costs of complex litigation. For reasons set forth herein and during the Hearing, the proposed certification of the Advertiser Class satisfies the standards for predominance and superiority pursuant to Fed. R. Civ. P. 23(b)(3).

8. **Class Counsel:** On March 18, 2021, Yavar Bathaee of Bathaee Dunne LLP and Kristen M. Anderson of Scott+Scott Attorneys at Law LLP were appointed as Co-Lead Interim Class Counsel for the Advertiser Plaintiffs pursuant to Fed. R. Civ. P. 23(g)(3). Dkt. 73. On September 1, 2022, this Court granted the Advertiser Plaintiffs' motion to substitute Amanda F. Lawrence for Ms. Anderson as Co-Lead Interim Class Counsel for the Advertiser Plaintiffs. Dkt. 346. In appointing Co-Lead Interim Class Counsel as Class Counsel, the Court has considered Co-Lead Interim Class Counsel's extensive experience in antitrust cases and knowledge of antitrust law and the claims asserted herein, as documented in the resumes submitted with the Motion, and based on this Court's oversight of the work of Co-Lead Interim Class Counsel during the action to date. Co-Lead Interim Class Counsel, and their law firms, have been effective in organizing and prosecuting the action, and in investigating and in identifying the claims in the action. The Court is also satisfied, based on the declarations submitted in support of the Motion, that Co-Lead Interim Class Counsel and their respective law firms have adequate resources to represent the Class. Accordingly, the Court finds that Co-Lead Interim Class Counsel have met the factors set forth in Rule 23(g)(1)(A) for appointment as Class Counsel and is satisfied that they will fairly and adequately represent the interests of the Class.

1  **ACCORDINGLY, IT IS HEREBY FURTHER ORDERED THAT** this Court:

2  (1) certifies this action as a Rule 23(b) class as to the Advertiser Class;

3  (2) appoints Advertiser Plaintiffs Affilious, Inc., Jessyca Frederick, Mark Berney, 406
4  Property Services, PLLC, Mark Young, and Katherine Looper as representatives of the Advertiser
5  Class;

6  (3) appoints Yavar Bathaee of Bathaee Dunne LLP and Amanda F. Lawrence of Scott+Scott
7  Attorneys at Law LLP as Co-Lead Class Counsel for the Advertiser Class ("Co-Lead Class Counsel"
8  or "Class Counsel");

9  (4) Class Counsel shall, within 30 days of entry of this Order, submit for the Court's
10 consideration a class notice program and proposed forms of notice; and

11 (5) this Order may be modified before entry of final judgment in this action as permitted in
12 Fed. R. Civ. P. 23.

13 **IT IS SO ORDERED.**

15 DATED: _____                    _____
                                              HONORABLE JAMES DONATO
16                                            UNITED STATES DISTRICT JUDGE