# EXHIBIT 12

WILMER CUTLER PICKERING
 HALE AND DORR LLP

SONAL N. MEHTA (SBN 222086)
 Sonal.Mehta@wilmerhale.com
2600 El Camino Real, Suite 400
Palo Alto, California 94306
Telephone: (650) 858-6000

DAVID Z. GRINGER (*pro hac vice*)
 David.Gringer@wilmerhale.com
ROSS E. FIRSENBAUM (*pro hac vice*)
 Ross.Firsenbaum@wilmerhale.com
7 World Trade Center
250 Greenwich Street
New York, New York 10007
Telephone: (212) 230-8800

ARI HOLTZBLATT (*pro hac vice*)
 Ari.Holtzblatt@wilmerhale.com
MOLLY M. JENNINGS (*pro hac vice*)
 Molly.Jennings@wilmerhale.com
PAUL VANDERSLICE (*pro hac vice*)
 Paul.Vanderslice@wilmerhale.com
2100 Pennsylvania Avenue NW
Washington, DC 20037
Telephone: (202) 663-6000

MICHAELA P. SEWALL (*pro hac vice*)
 Michaela.Sewall@wilmerhale.com
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000

*Attorneys for Defendant Meta Platforms, Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| MAXIMILIAN KLEIN, et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>META PLATFORMS, INC., a Delaware Corporation,<br><br>Defendant. | Case No. 3:20-cv-08570-JD<br><br>**DEFENDANT META PLATFORMS, INC.'S SUPPLEMENTAL INITIAL DISCLOSURES PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(a)(1)**<br><br>Judge: Hon. James Donato |

1    Pursuant to Federal Rule of Civil Procedure 26(a)(1), Defendant Meta Platforms, Inc.
2  ("Meta") hereby submits its first supplemental initial disclosures.  The first supplemental initial
3  disclosures set forth below are made subject to the following qualifications.
4    Meta makes these initial disclosures based upon the information reasonably available and
5  currently known to Meta as of this date.  Discovery is ongoing, and Meta anticipates that it will
6  obtain additional facts and identify additional witnesses and documents relevant to the factual
7  disputes in this action through its continuing pre-trial research, investigation, and analysis, and
8  through discovery of plaintiffs Maximilian Klein, Sarah Grabert, and Rachel Banks Kupcho
9  (together, User Plaintiffs), and plaintiffs Affilious, Inc., Jessyca Frederick, Mark Young, 406
10 Property Services, PLLC, Mark Berney, and Katherine Looper (together, Advertiser Plaintiffs), as
11 well as of nonparties who have knowledge of facts relevant to Plaintiffs' claims and Meta's
12 defenses, including, among others, the Federal Trade Commission and State Attorneys General
13 pursuing antitrust actions against Meta and their investigative files, materials pertaining to
14 witnesses, and other information or documents obtained by those governmental entities.
15 Accordingly, Meta does not represent that these disclosures identify every individual, document,
16 electronically stored information, or tangible thing that may be used to support its defenses.
17 Rather, Meta's disclosures represent a good-faith effort to identify discoverable information that
18 it currently reasonably believes that it may use to support its defenses, as required by Rule 26(a)(1).
19 Meta expressly reserves its right to clarify, correct, alter, amend, modify, or supplement these
20 disclosures if and when additional information becomes available, in accordance with Rule
21 26(e)(1)(A), other Federal Rules of Civil Procedure, the Court's Local Rules, and the Individual
22 Practices of this Court.  Meta also reserves its right to supplement these disclosures in the event
23 the Court were to certify any class.
24   These disclosures are not intended to, and do not, constitute admissions as to the relevance
25 or admissibility of the information disclosed and are made without any waiver of attorney-client
26 privilege, work-product protection, or any other applicable privilege, protection, or immunity.
27 Meta's disclosures are made without waiving (1) Meta's right to object to the admissibility of any
28 information disclosed herein on the grounds of competency, privilege, relevancy, hearsay, or any

other proper ground, (2) Meta's right to object to the use of any information disclosed herein for any purpose, in whole or in part, in any proceeding in this action or in any other action, or (3) Meta's right to object on any and all proper grounds to any discovery request or motion relating to the subject matter of these disclosures consistent with the Federal Rules of Civil Procedure, the Local Rules, and the Individual Practices of this Court.

By identifying individuals as part of these disclosures, Meta makes no representations, concessions, or admissions regarding the relevant knowledge or competence to testify of any of those individuals. Meta reserves the right to object on any grounds to any deposition or testimony of any or all such individuals. Meta reserves the right to rely on any of the individuals or entities identified for subjects other than those listed. In addition, all of these disclosures are made without prejudice to producing, or disclosing, during discovery or at any point before trial, any additional documents, data, information, or witnesses, subsequently determined, or discovered to have been omitted from these disclosures.

Meta reserves the right to make objections to the production and admissibility of any documents, information, or tangible things or the answering of interrogatories regarding any matters discussed herein and to move for a protective order pursuant to Federal Rule of Civil Procedure 26 before producing or allowing any discovery of the matters stated herein.

Finally, in making these disclosures, Meta does not waive its position that each of the Plaintiffs' claims or allegations fail to state a claim as a matter of law and should be dismissed with prejudice.

I.  **Rule 26(a)(1)(A)(i):** *Name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of the information—that Meta may use to support its defenses, unless the use would be solely for impeachment*

Pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(i) and subject to the qualifications stated above, Meta identifies the following individuals as likely to have discoverable information that Meta may use to support its defenses, excluding uses solely for impeachment. Discovery in this litigation is ongoing, and Meta reserves the right to further supplement these disclosures to the

extent necessary to identify additional individuals that may possess information relevant to Meta's defenses.

| Name | Contact Information | Subjects of Information |
|---|---|---|
| 406 Property Services, PLLC | Bathaee Dunne LLP<br>Scott + Scott LLP | Plaintiffs' claims and allegations; antitrust injury; timeliness of claims. |
| Affilious, Inc | Bathaee Dunne LLP<br>Scott + Scott LLP | Plaintiffs' claims and allegations; antitrust injury; timeliness of claims. |
| Jessyca Frederick | Bathaee Dunne LLP<br>Scott + Scott LLP | Plaintiffs' claims and allegations; antitrust injury; timeliness of claims. |
| Katherine Looper | Bathaee Dunne LLP<br>Scott + Scott LLP | Plaintiffs' claims and allegations; antitrust injury; timeliness of claims. |
| Mark Berney | Bathaee Dunne LLP<br>Scott + Scott LLP | Plaintiffs' claims and allegations; antitrust injury; timeliness of claims. |
| Mark Young | Bathaee Dunne LLP<br>Scott + Scott LLP | Plaintiffs' claims and allegations; antitrust injury; timeliness of claims. |
| Maximilian Klein | Quinn Emanuel Urquhart & Sullivan, LLP<br>Hagens Berman Sobol Shapiro LLP | Plaintiffs' claims and allegations; antitrust injury; timeliness of claims. |
| Rachel Banks Kupcho | Quinn Emanuel Urquhart & Sullivan, LLP<br>Hagens Berman Sobol Shapiro LLP | Plaintiffs' claims and allegations; antitrust injury; timeliness of claims. |
| Sarah Grabert | Quinn Emanuel Urquhart & Sullivan, LLP<br>Hagens Berman Sobol Shapiro LLP | Plaintiffs' claims and allegations; antitrust injury; timeliness of claims. |
| Brian Acton | Joseph Matelis<br>Sullivan & Cromwell LLP<br>matelisj@sullcrom.com | Acquisition and integration of WhatsApp. |
| Tom Alison | Wilmer Cutler Pickering Hale and Dorr LLP | Facebook's business and competition; product improvement and innovation. |
| Ime Archibong | Wilmer Cutler Pickering Hale and Dorr LLP | Meta's commercial relationships; data tools and applications; Facebook Platform. |
| Will Cathcart | Wilmer Cutler Pickering Hale and Dorr LLP | Competition to Facebook. |
| Stan Chudnovsky | Kellogg, Hansen, Todd, Figel, & Frederick, PLLC | Product improvement and innovation; messaging interoperability. |
| Curtiss Cobb | Wilmer Cutler Pickering Hale and Dorr LLP | Facebook user preferences; Facebook user surveys regarding privacy and data collection. |

| Name | Contact Information | Subjects of Information |
|---|---|---|
| Chris Cox | Wilmer Cutler Pickering Hale and Dorr LLP | Facebook's business and competition; data tools and applications; Facebook user preferences; product improvement and innovation. |
| Henry Crum | Wilmer Cutler Pickering Hale and Dorr LLP | Product improvement and innovation; Network Bidding Agreement with Google; Meta Audience Network. |
| David Fischer | Patrick D. Robbins Shearman & Sterling LLP probbins@shearman.com | Advertising market; advertising product improvement and innovation; Meta's commercial relationships with advertisers including eBay and Netflix. |
| Joshua Grossnickle | Wilmer Cutler Pickering Hale and Dorr LLP | Facebook user preferences; Facebook user surveys regarding privacy and data collection. |
| Nitin Gupta | Wilmer Cutler Pickering Hale and Dorr LLP | Product improvement and innovation; messaging interoperability. |
| John Hegeman | Wilmer Cutler Pickering Hale and Dorr LLP | Advertising market; advertising product improvement and innovation; signal loss. |
| Allison Hendrix | Wilmer Cutler Pickering Hale and Dorr LLP | Facebook Platform. |
| Ash Jhaveri | Wilmer Cutler Pickering Hale and Dorr LLP | Meta's partnerships with other companies; Meta's competitive environment. |
| Erik Johnson | Wilmer Cutler Pickering Hale and Dorr LLP | Meta's commercial relationships with advertisers including Netflix. |
| Santanu Kolay | Wilmer Cutler Pickering Hale and Dorr LLP | Advertisement ranking and delivery machine learning models. |
| Adam Mosseri | Wilmer Cutler Pickering Hale and Dorr LLP | Acquisition of Instagram. |
| Javier Olivan | Wilmer Cutler Pickering Hale and Dorr LLP | Facebook's business and competition; data tools and applications; acquisition of Onavo. |
| Edward Palmieri | Wilmer Cutler Pickering Hale and Dorr LLP | Meta's privacy and data use policies. |
| Jay Parikh | Kellogg, Hansen, Todd, Figel, & Frederick, PLLC | Meta's privacy and data use policies. |
| Keval Patel | Wilmer Cutler Pickering Hale and Dorr LLP | Facebook's business and competition; advertising product improvement and innovation. |

| Name | Contact Information | Subjects of Information |
|---|---|---|
| Emma Rodgers | Wilmer Cutler Pickering Hale and Dorr LLP | Meta's commercial relationships with advertisers, including eBay; Meta's Commerce products, including Marketplace. |
| Dan Rose | Kellogg, Hansen, Todd, Figel, & Frederick, PLLC | Facebook's business and competition; data tools and applications; product improvement and innovation. |
| Guy Rosen | Wilmer Cutler Pickering Hale and Dorr LLP | Acquisition of Onavo; use of Onavo data; privacy disclosures associated with Onavo apps. |
| Sheryl Sandberg | Wilmer Cutler Pickering Hale and Dorr LLP | Facebook's business and competition; advertising market and competition; product improvement and innovation. |
| Alex Schultz | Wilmer Cutler Pickering Hale and Dorr LLP | Facebook's business and competition; Facebook user preferences; data tools and applications; product improvement and innovation; advertising product improvement and innovation. |
| Okke Schrijvers | Wilmer Cutler Pickering Hale and Dorr LLP | Meta's advertising auctions. |
| Bret Taylor | James N. Kramer<br>Orrick, Herrington & Sutcliffe, LLP<br>jkramer@orrick.com | Meta's statements regarding its privacy and data collection practices; Facebook's business and competition; data tools and applications. |
| Stephanie Wang | Wilmer Cutler Pickering Hale and Dorr LLP | Meta's commercial relationships with advertisers, including eBay; Network Bidding Agreement with Google. |
| David Wehner | Wilmer Cutler Pickering Hale and Dorr LLP | Advertising product improvement and innovation; data tools and applications; signal loss. |
| Amin Zoufonoun | Wilmer Cutler Pickering Hale and Dorr LLP | Acquisition of Instagram and WhatsApp. |
| Mark Zuckerberg | Wilmer Cutler Pickering Hale and Dorr LLP | Facebook's business and competition; advertising and user markets; Meta's statements regarding its privacy and data collection practices; Meta infrastructure. |

III. **Rule 26(a)(1)(A)(iii):** *A computation of each category of damages claimed by the disclosing party, including materials bearing on the nature and extent of injuries suffered*

At this time, Meta is not claiming damages and denies that either User or Advertiser Plaintiffs are entitled to any amount of damages. Meta reserves the right to supplement, modify, or amend this disclosure as the action proceeds.

IV. **Rule 26(a)(1)(A)(iv):** *Any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment*

Meta has not identified any insurance agreement under which any person carrying on an insurance business may be liable to satisfy all or part of a judgment which may be entered in this action, or to indemnify or reimburse for payments made to satisfy any judgment. If Meta identifies such an agreement or becomes aware of such a claim or notification, it will provide the appropriate disclosures as required under Federal Rule of Civil Procedure 26(e)(1)(A).

Dated: May 1, 2023

By: */s/ Sonal N. Mehta*

SONAL N. MEHTA (SBN 222086)
Sonal.Mehta@wilmerhale.com
WILMER CUTLER PICKERING HALE
AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, California 94306
Telephone: (650) 858-6000

DAVID Z. GRINGER (*pro hac vice*)
David.Gringer@wilmerhale.com
ROSS E. FIRSENBAUM (*pro hac vice*)
Ross.Firsenbaum@wilmerhale.com
WILMER CUTLER PICKERING HALE
AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, New York 10007
Telephone: (212) 230-8800

ARI HOLTZBLATT (*pro hac vice*)
Ari.Holtzblatt@wilmerhale.com
MOLLY M. JENNINGS (*pro hac vice*)

-20-

No. 3:20-cv-08570-JD                META'S SUPPLEMENTAL INITIAL DISCLOSURES
                                    PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(a)(1)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Molly.Jennings@wilmerhale.com
PAUL VANDERSLICE (*pro hac vice*)
Paul.Vanderslice@wilmerhale.com
WILMER CUTLER PICKERING HALE
AND DORR LLP
2100 Pennsylvania Avenue NW
Washington, DC 20037
Telephone: (202) 663-6000

MICHAELA P. SEWALL (*pro hac vice*)
Michaela.Sewall@wilmerhale.com
WILMER CUTLER PICKERING HALE
AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000

*Attorneys for Defendant Meta Platforms, Inc.*