**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| MAXIMILIAN KLEIN, et al.,<br><br>                Plaintiffs,<br><br>      vs.<br><br>META PLATFORMS, INC.,<br><br>                Defendant.<br><br>This Document Relates To: All Consumer Actions | Consolidated Case No. 3:20-cv-08570-JD<br><br>**[PROPOSED] ORDER GRANTING CONSUMER PLAINTIFFS' MOTION FOR CLASS CERTIFICATION AND APPOINTMENT OF CLASS COUNSEL**<br><br>The Hon. James Donato<br><br>Hearing Date: Dec. 14, 2023 at 10:00 a.m. |

Before the Court is Consumer Plaintiffs' Notice of Motion and Motion for Class Certification and Appointment of Class Counsel, filed on September 15, 2023 (the "Motion"). Having reviewed the Motion and accompanying memoranda, record, the arguments of counsel, and the relevant authorities, the Court hereby orders that the Motion is **GRANTED**. The Court makes the following findings and determinations as required by Rule 23 of the Federal Rules of Civil Procedure:

1. Pursuant to Rule 23(c)(1)(B) of the Federal Rules of Civil Procedure, the Court hereby certifies the following class pursuant to Fed. R. Civ. P. 23(b)(3):

> All persons in the United States who maintained and used a Facebook profile at any point from December 3, 2016 to December 3, 2020. Excluded from the Class are: (1) Defendant Meta Platforms, Inc. ("Meta"), any entity in which Meta has an interest, any of Meta's corporate parents, affiliates, subsidiaries, officers, directors, legal representatives, successors and assigns; (2) any judge, justice, or judicial officer presiding over this matter and the members of their immediate families and judicial staff; and (3) any juror assigned to this action.

2. **Numerosity**: The Class is so numerous and geographically dispersed that joinder of all members is impracticable. *See* Fed. R. Civ. P. 23(a)(1). The Consumer Class's millions of users are sufficiently numerous to justify class action treatment, and, accordingly, the Court finds that numerosity pursuant to Fed. R. Civ. P. 23(a)(1) is satisfied as to the Consumer Class.

3. **Commonality**: The Court finds that there are many questions of law and fact, as Facebook concedes, that are common to the Consumer Class, including Facebook's deceptive statements and omissions to the market regarding its data collection and use practices, the definition of the market, Facebook's monopoly power, the existence of barriers to entry, and the failed attempts by Facebook's rivals to enter the market. Consumer Plaintiffs seek to certify the claims alleged in Counts I–II of the operative complaint (Section 2 claims for monopolization and attempted monopolization of the personal social network market). Issues in the Action that are common to all members of the Consumer Class include whether Facebook violated the antitrust laws and whether the members of the Consumer Class are entitled to monetary relief based upon such violations. For the reasons set forth herein and during the Hearing, the Court finds that commonality pursuant to Fed. R. Civ. P. 23(a)(2) is satisfied for the Consumer Class.

4. **Typicality**: Named plaintiffs, Maximilian Klein, Sarah Grabert, and Rachel Banks Kupcho, satisfy the requirements under Fed. R. Civ. P. 23(a)(3) because their claims are typical of the claims of other putative members of the Consumer Class for which they seek to represent because they stem from the same course of conduct that forms the basis of the claims of the Consumer Class and are based on the same legal and remedial theories. Specifically, the named Consumer Plaintiffs and all members of the proposed Consumer Class will seek to prove anticompetitive conduct and that Facebook, through its anticompetitive conduct, failed to compensate Consumer Plaintiffs for use of their data. There is evidence submitted with the Motion that all the Consumer Plaintiffs used Facebook during the class period. For the reasons set forth herein and during the Hearing, the Court finds that the typicality of the Consumer Plaintiffs within the meaning of Fed. R. Civ. P. Rule 23(a)(3) is satisfied as to the Consumer Class.

5. **Adequacy**: The Court determines that, consistent with Fed. R. Civ. P. 23(a)(4), the named Consumer Plaintiffs will fairly and adequately protect the interests of the Consumer Class. The interests of the Consumer Plaintiffs are aligned with those of the absent members of the Consumer Class in proving liability and establishing damages, as well as seeking injunctive relief. As established in the Motion, each of the Consumer Plaintiffs have participated in discovery, demonstrated familiarity with the claims asserted in the Action, and have no speculative or actual conflicts of interests between themselves and the putative Consumer Class.

6. **Predominance/Superiority**: Pursuant to Fed. R. Civ. P. 23(b)(3), the Court finds that common questions of law and fact predominate over questions affecting only individual members. The class-wide claims, issues, and defenses in the Action are subject to generalized proof, and they will predominate over those issues that are subject to only individualized proof. Each of the Consumer Plaintiffs and members of the putative Consumer Class are alleged to have used Facebook and unknowingly transmitted personal data without any form of compensation. Pursuant to Rule 23(b)(3), the Court determines that a class action is superior to other methods for the fair and efficient adjudication of this Action. It is desirable, for purposes of judicial litigation and efficiency, to concentrate the claims of the Consumer Class in a single action. The Court further finds that litigating this Action on a class basis is manageable. In contrast, it would be a waste of

judicial and litigant resources to impose each member of the Consumer Class to prove the same allegations in possibly thousands of separate trials. Further, if the class mechanism were not available, some members of the Consumer Class may have claims that are too small to justify the high costs of complex litigation. For the reasons set forth herein and during the Hearing, the proposed certification of the Consumer Class satisfies the standards for predominance and superiority pursuant to Fed. R. Civ. P. 23(b)(3).

7.      **Class Counsel**: This Court previously appointed Kevin Y. Teruya of Quinn Emanuel Urquhart & Sullivan, LLP, and Shana E. Scarlett of Hagens Berman Sobol Shapiro LLP as Co-Lead Interim Class Counsel for the Consumer Plaintiffs pursuant to Fed. R. Civ. P. 23(g)(3). ECF Nos. 73 & 456. In granting the Motion that appoints Co-Lead Interim Class Counsel, and their respective law firms, as Class Counsel, the Court has considered Co-Lead Interim Class Counsel's extensive experience in antitrust cases and knowledge of antitrust law and the claims asserted herein, as documented in the resumes submitted with the declarations accompanying the Motion, and based on this Court's oversight of the work of Co-Lead Interim Counsel during the litigation of the Action to date. Co-Lead Interim Class Counsel, and their law firms, have been effective in organizing and prosecuting the Action, and in investigating and in identifying the claims in the Action. The Court is also satisfied, based on the declarations submitted in support of the Motion, that that Co-Lead Interim Class Counsel and their respective firms have adequate resources to represent the Consumer Class. Accordingly, pursuant to Fed. R. Civ. P. 23(c)(1)(B) and Fed. R. Civ. P. 23(g), the Court appoints Kevin Y. Teruya of Quinn Emanuel Urquhart & Sullivan, LLP, and Shana E. Scarlett of Hagens Berman Sobol Shapiro LLP as Co-Lead Consumer Class Counsel.

**ACCORDINGLY, IT IS HEREBY FURTHER ORDERED THAT** this Court:

(1)     Certifies this action as a Rule 23(b)(3) class;

(2)     Appoints Consumer Plaintiffs Maximilian Klein, Sarah Grabert, and Rachel Banks Kupcho as representatives of the Consumer Class;

(3)     Appoints Kevin Y. Teruya of Quinn Emanuel Urquhart & Sullivan, LLP, and Shana E. Scarlett of Hagens Berman Sobol Shapiro LLP as Co-Lead Consumer Class Counsel ("Class Counsel"); and

(4)   Class Counsel shall, within 30 days of entry of this Order, submit for the Court's consideration a class notice program and proposed forms of notice.

**IT IS SO ORDERED.**

Dated: _____, 2023

HONORABLE JAMES DONATO
UNITED STATES DISTRICT JUDGE