**FILED UNDER SEAL**

1

2  **BATHAEE DUNNE LLP**          **SCOTT+SCOTT ATTORNEYS AT LAW LLP**
   Yavar Bathaee (CA 282388)       Amanda F. Lawrence (*pro hac vice*)
3  yavar@bathaeedunne.com          alawrence@scott-scott.com
   Andrew C. Wolinsky (CA 345965)  Patrick J. McGahan (*pro hac vice*)
4  awolinsky@bathaeedunne.com      pmcgahan@scott-scott.com
   445 Park Avenue, 9th Floor      Michael P. Srodoski (*pro hac vice*)
5  New York, NY 10022              msrodoski@scott-scott.com
   Tel.: (332) 322-8835            156 South Main Street, P.O. Box 192
6                                  Colchester, CT  06415
   Brian J. Dunne (CA 275689)      Tel.: (860) 537-5537
7  bdunne@bathaeedunne.com
   Edward M. Grauman (*pro hac vice*)  Patrick J. Coughlin (CA 111070)
8  egrauman@bathaeedunne.com       pcoughlin@scott-scott.com
   901 South MoPac Expressway      Carmen A. Medici
9  Barton Oaks Plaza I, Suite 300  cmedici@scott-scott.com
   Austin, TX 78746                Hal D. Cunningham (CA 243048)
10 Tel.: (213) 462-2772            hcunningham@scott-scott.com
                                   Daniel J. Brockwell (CA 335983)
11                                 dbrockwell@scott-scott.com
   (Additional counsel on signature page)  600 W. Broadway, Suite 3300
12                                 San Diego, CA 92101
                                   Tel.: (619) 233-4565
13 *Interim Co-Lead Counsel for the*
   *Advertiser Classes*            (Additional counsel on signature page)
14

15                  UNITED STATES DISTRICT COURT

16                 NORTHERN DISTRICT OF CALIFORNIA

17                    SAN FRANCISCO DIVISION

18 MAXIMILIAN KLEIN, *et al*.,        Consolidated Case No. 3:20-cv-08570-JD

19            Plaintiffs,             **ADVERTISER PLAINTIFFS' NOTICE OF**
                                      **MOTION, MOTION TO EXCLUDE**
20       vs.                          **OPINIONS OF DR. HOCHBERG, AND**
                                      **MEMORANDUM IN SUPPORT**
21 META PLATFORMS, INC.,
                                      Hearing Date:  December 14, 2023
22            Defendant.              Hearing Time:  10:00 a.m.
                                      Courtroom:  11, 19th Floor
23                                    Judge: The Honorable James Donato

24

25

26

27

28

**FILED UNDER SEAL**

1    **NOTICE OF MOTION AND MOTION TO EXCLUDE OPINIONS OF DR. HOCHBERG**

2    **PLEASE TAKE NOTICE THAT** on December 14, 2023 at 10:00 a.m., in Courtroom 11,

3    19th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102, before the Honorable James Donato,

4    Plaintiffs Affilious, Inc., Jessyca Frederick, Mark Young, 406 Property Services, PLLC, and Mark

5    Berney, on behalf of themselves and all others similarly situated, will and do now move the Court for

6    an order excluding the testimony of Defendant Meta Platforms, Inc.'s proffered expert Dr. Yael

7    Hochberg, on the ground that it is not admissible under Federal Rule of Evidence 702.  This motion

8    is based upon this Notice of Motion, the attached Memorandum of Points and Authorities, the

9    concurrently-filed declaration of Amanda F. Lawrence, and the exhibits to that declaration, the

10   concurrently-filed Proposed Order, the records on file in this action, and any argument that may be

11   presented at or before the hearing on this Motion.

**FILED UNDER SEAL**

**TABLE OF CONTENTS**

NOTICE OF MOTION AND MOTION TO EXCLUDE OPINIONS OF DR. HOCHBERG .........I

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................. 1

BACKGROUND................................................................................................................ 2

LEGAL STANDARD ........................................................................................................ 4

ARGUMENT .................................................................................................................... 5

    I.    DR. HOCHBERG IS NOT QUALIFIED TO TESTIFY AS TO MONOPOLY POWER
         OR ANTITRUST DAMAGES ............................................................................. 5

    II.   DR. HOCHBERG'S FALSE CLAIM THAT FIRMS WITH MONOPOLY POWER
         HAVE NECESSARILY ENGAGED IN ANTICOMPETITIVE CONDUCT
         DEMONSTRATES HER LACK OF QUALIFICATIONS AND RENDERS SECTION III
         OF HER REPORT AND THE OPINIONS EXPRESSED THEREIN UNRELIABLE....... 7

    III.  DR. HOCHBERG'S EMPIRICAL ANALYSIS OF OTHER FIRMS' ECONOMIC
         PROFITABILITY IS IRRELEVANT AND PREJUDICIAL JUNK SCIENCE............... 10

    IV.  NONE OF THE OPINIONS CONTAINED IN SECTIONS V AND VI OF DR.
         HOCHBERG'S REPORT REQUIRE SPECIALIZED EXPERTISE TO WARRANT
         EXPERT TESTIMONY ...................................................................................... 12

CONCLUSION ................................................................................................................ 13

ADVERTISER PLAINTIFFS' NOTICE OF MOTION, MOTION TO EXCLUDE OPINIONS OF DR. HOCHBERG,
AND MEMORANDUM IN SUPPORT – Case No. 3:20-cv-08570-JD

**FILED UNDER SEAL**

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Berlyn, Inc. v. Gazette Newspapers, Inc.*,
   214 F. Supp. 2d 530 (D. Md. 2002) ........................................................................... 6

*Blanton v. Domino's Pizza Franchising LLC*,
   No. 18-13207, 2019 WL 2247731 (E.D. Mich. May 24, 2019) ............................................ 11

*Daubert v. Merrell Dow Pharms., Inc.*,
   43 F.3d 1311 (9th Cir. 1995) ............................................................................ 4, 11

*DZ Rsrv. v. Meta Platforms, Inc.*,
   No. 3:18-CV-04978-JD, 2022 WL 912890 (N.D. Cal. Mar. 29, 2022) (Donato,
   J.) .......................................................................................... 13

*Gen. Elec. Co. v. Joiner*,
   522 U.S. 136 (1997) ..................................................................................... 10

*Gulf States Reorganization Grp., Inc. v. Nucor Corp.*,
   822 F. Supp. 2d 1201 (N.D. Ala. 2011), *aff'd*, 721 F.3d 1281 (11th Cir. 2013)..................... 5

*Hip Hop Beverage Corp. v. Monster Energy Co.*,
   No. 216CV01421SVWFFM, 2016 WL 7479402 (C.D. Cal. July 7, 2016) ........................... 11

*In re Apple iPhone Antitrust Litig.*,
   No. 11-CV-6714-YGR, 2022 WL 1284104 (N.D. Cal. Mar. 29, 2022) ........................... 4, 11

*Kleen Prods. LLC v. Int'l Paper*,
   No. 10 C 5711, 2017 WL 2362567 (N.D. Ill. May 31, 2017).................................... 6

*Maldonado v. Apple, Inc*,
   No. 3:16-CV-04067-WHO, 2021 WL 1947512 (N.D. Cal. May 14, 2021) ..................... 5, 6

*Murray v. S. Route Mar. SA*,
   870 F.3d 915 (9th Cir. 2017).............................................................................. 4

*Nelson v. Monroe Reg'l Med. Ctr.*,
   925 F.2d 1555 (7th Cir. 1991) (Pell, J., concurring) ................................................. 5

*Senne v. Kansas City Royals Baseball Corp.*,
   591 F. Supp. 3d 453 (N.D. Cal. 2022) ............................................................... 13

*Thomas J. Kline, Inc. v. Lorillard, Inc.*,
   878 F.2d 791 (4th Cir. 1989)........................................................................... 5

ADVERTISER PLAINTIFFS' NOTICE OF MOTION, MOTION TO EXCLUDE OPINIONS OF DR. HOCHBERG,
AND MEMORANDUM IN SUPPORT – Case No. 3:20-cv-08570-JD

**FILED UNDER SEAL**

*United States v. Bazaarvoice, Inc.*,
   No. 13-CV-00133-WHO, 2014 WL 11297188 (N.D. Cal. Jan. 21, 2014) .............................. 6

*United States v. Holguin*,
   51 F.4th 841 (9th Cir. 2022) .................................................................................................... 4

*Utne v. Home Depot U.S.A., Inc.*,
   No. 16-CV-01854-RS, 2022 WL 16857061 (N.D. Cal. Nov. 10, 2022).................................. 10

**Statutes, Rules, and Regulations**

Federal Rules of Evidence
   Rule 702 ...................................................................................................................................... 4

**Other Authorities**

Dennis W. Carlton & Jeffrey M. Perloff, *Modern Industrial Organization*
   (4th ed. 2005) ............................................................................................................................... 8

Franklin M. Fisher, *Economic Analysis and 'Bright-Line' Tests*,
   4 J. OF COMPETITION L. AND ECONS. 1 (2007)............................................................................ 9

Phillip E. Areeda & Herbert Hovenkamp, ANTITRUST LAW: AN ANALYSIS OF
   ANTITRUST PRINCIPLES AND THEIR APPLICATION,
   §650 ............................................................................................................................................... 7

Richard Schmalensee, *Standards for Dominant Firm Conduct: What Can
   Economics Contribute?*
   THE ECONOMICS OF MARKET DOMINANCE (1985) ..................................................................... 7

**FILED UNDER SEAL**

## **MEMORANDUM OF POINTS AND AUTHORITIES**

Advertisers move to exclude the opinions of Dr. Yael Hochberg, proffered by Defendant Meta Platforms, Inc. ("Meta") as an expert on monopoly power and antitrust damages in response to Advertisers' experts, Kevin Kreitzman and Dr. Michael A. Williams.  Dr. Hochberg lacks any experience or training in the highly specialized field of antitrust economics, the subject upon which she purports to opine. ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ Dr. Hochberg's failure to adhere to even the most basic concepts of antitrust economics permeates each of her proffered opinions and testimony. This alone warrants exclusion.

Furthermore, in addition to being unqualified, Dr. Hochberg's methodology is, at best, unreliable and, at worst, entirely irrelevant and unduly prejudicial.  Dr. Hochberg's critiques of ███ █████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ However, none of those observations, to the extent they carry any merit, require an expert opinion. ███████████████████████████████████████████████████████████

ADVERTISER PLAINTIFFS' NOTICE OF MOTION, MOTION TO EXCLUDE OPINIONS OF DR. HOCHBERG, AND MEMORANDUM IN SUPPORT – Case No. 3:20-cv-08570-JD

**FILED UNDER SEAL**

1       Accordingly, the Court should exclude Dr. Hochberg's testimony in its entirety. Should the

2   Court determine Dr. Hochberg is qualified to opine on monopoly power and antitrust damages, it

3   nevertheless should exclude the opinions expressed in Sections III, V, and VI of her report.

4   **BACKGROUND**

22       Dr. Hochberg does not even claim to be an expert in antitrust economics.

---

26   [1]     Exhibit citations are to the Declaration of Amanda F. Lawrence in Support of Advertiser
Plaintiffs' Motion to Exclude Opinions of Dr. Hochberg, filed concurrently herewith. Emphasis is
27   added and citations are omitted unless otherwise noted.
[2]

28

2

FILED UNDER SEAL



Nonetheless, Dr. Hochberg offers six principal opinions in her report

The Court should exclude all six.

---
3

**FILED UNDER SEAL**

## LEGAL STANDARD

Expert testimony is admissible only if it is relevant and reliable.  However, "[t]he question of admissibility only arises if it is first established that the individuals whose testimony is being proffered are experts in a particular scientific field."  *Daubert v. Merrell Dow Pharms., Inc.*, 43 F.3d 1311, 1315 (9th Cir. 1995).  That is, an expert witness must be qualified by "'knowledge, skill, experience, training or education' as to the subject matter of the opinion."  *In re Apple iPhone Antitrust Litig.*, No. 11-CV-6714-YGR, 2022 WL 1284104, at *2 (N.D. Cal. Mar. 29, 2022) (quoting FRE 702).

Even if an expert is qualified, the "district court must distinguish an expert's *qualifications* from the *reliability* of the expert's principles and methods."  *United States v. Holguin*, 51 F.4th 841, 854 (9th Cir. 2022) (emphasis in original).  "[S]omething doesn't become 'scientific knowledge' just because it's uttered by a scientist; nor can an expert's self-serving assertion that his conclusions were 'derived by the scientific method' be deemed conclusive."  *Daubert*, 43 F.3d at 1315-16.  Rather, the Court, as gatekeeper, examines "the full picture of the expert['s] methodology" to "prevent[] shoddy expert testimony and junk science from reaching the jury."  *Murray v. S. Route Mar. SA*, 870 F.3d 915, 923 (9th Cir. 2017).  In other words, the proponent of the testimony must demonstrate (a) "the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue," the opinions are (b) "based on sufficient facts or data," (c) are "the product of reliable principles and methods," and (d) the expert "reliably" applied those principles and methods to the facts of the case.  FRE 702.[4]

---

[4]     The Supreme Court of the United States has ordered an update to FRE 702 to take effect in December, replacing subsection (d) and clarifying that the proponent must prove admissibility by a preponderance of the evidence.  *See* https://www.supremecourt.gov/orders/courtorders/frev23_5468.pdf.  As this Court has observed elsewhere, the "proposed amendment is not a sea change but rather an amplification of existing FRE 702 standards."  *In re Google Play Store Antitrust Litig.*, No. 3:21-md-02918, ECF No. 588 (N.D. Cal. Aug. 28, 2023), at 9.

4

ADVERTISER PLAINTIFFS' NOTICE OF MOTION, MOTION TO EXCLUDE OPINIONS OF DR. HOCHBERG, AND MEMORANDUM IN SUPPORT – Case No. 3:20-cv-08570-JD

**FILED UNDER SEAL**

**ARGUMENT**

## I.   DR. HOCHBERG IS NOT QUALIFIED TO TESTIFY AS TO MONOPOLY POWER OR ANTITRUST DAMAGES

As set forth above, ████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████  *See, e.g.*, *Maldonado v. Apple, Inc*, No. 3:16-CV-04067-WHO, 2021 WL 1947512, at *18 (N.D. Cal. May 14, 2021) ("Apple has not met its burden to show that a chemical (or nuclear) engineer has the knowledge, training, skill, or experience to opine about reliability science without any other expertise in that field merely because he is also a type of engineer.").

Like reliability science in *Maldonado*, antitrust economics "is a specific field with its own established principles." *Id.*, at *17; *see also* Ex. 3 (*The Sedona Conference on the Role of Economics in Antitrust Law*, 7 SEDONA CONF. J. 69 (2006)), at 83 (hereinafter, "Sedona Conf.") (Principle I-1, Comment) ("Economics is highly specialized, as are many of the particular applications of economics in antitrust cases."). "The qualifications of an economic expert must be evaluated in the light of the specialized nature of the analysis that may be performed in antitrust cases." *Id.* (Principle I-1). Thus, "[a] witness with a Ph.D. in economics, and even a Nobel Prize, nevertheless may be unqualified to testify about a particular issue or to apply a particular method." *Id.* Courts, for example, have concluded that a respected Ph.D. economist may still be excluded as unqualified to testify on antitrust subjects, such as the relevant market, because the proffered witness had "no background in antitrust markets" and "was not a member of any associations or industrial organization groups which form the bulwark of economists specializing in antitrust law and economics." *Nelson v. Monroe Reg'l Med. Ctr.*, 925 F.2d 1555, 1572 (7th Cir. 1991) (Pell, J., concurring). *See also Gulf States Reorganization Grp., Inc. v. Nucor Corp.*, 822 F. Supp. 2d 1201, 1232 (N.D. Ala. 2011) (affirming special master's exclusion of unqualified experts who lacked "any relevant training or experience in antitrust economics"), *aff'd*, 721 F.3d 1281 (11th Cir. 2013); *Thomas J. Kline, Inc. v. Lorillard, Inc.*, 878 F.2d 791, 799-800 (4th Cir. 1989) (expert with MBA

5

**FILED UNDER SEAL**

1    and experience analyzing companies' business health not qualified to give antitrust testimony where

2    she had no specific education or experience in antitrust matters).

3          Here, Dr. Hochberg has admitted ███████████████████████████████████████████████

4    ███████████████████████████████████████████████████████████████████████████████████████

5    ███████████████████████████████████████████████████ *See, e.g.*, *Kleen Prods. LLC*

6    *v. Int'l Paper*, No. 10 C 5711, 2017 WL 2362567, at *24 (N.D. Ill. May 31, 2017) (excluding

7    testimony of rebuttal expert who admitted at deposition that he "is not an antitrust expert"); *United*

8    *States v. Bazaarvoice, Inc.*, No. 13-CV-00133-WHO, 2014 WL 11297188, at *2 (N.D. Cal. Jan. 21,

9    2014) (excluding antitrust opinions of expert who "admits that he has no expertise regarding any of

10   the antitrust issues in the case, such as market shares, competitive effects, unilateral effects or

11   entry"). ████████████████████████████████████████████████████████████████████████████

12   ███████████████████████████████████████████████████████████████████████████████████████

13   ███████████████████████████████████████████████████████████████████████████████████████

14   ███████████████████████████████████████████████████████████████████████████████████████

15   ███████████████████████████████████████████████████████████████████████████████████████

16   ████████████████████████████████████████████████████████████████████████ "general

17   business experience unrelated to antitrust economics does not render a witness qualified to offer an

18   opinion on complicated antitrust issues." *Berlyn, Inc. v. Gazette Newspapers, Inc.*, 214 F. Supp. 2d

19   530, 536 (D. Md. 2002).  Finally, Dr. Hochberg's general training and experience ██████████████

20   ██████████████████████████████████ *Maldonado*, 2021 WL 1947512, at *18 ("that an opinion

21   is held out as based on 'good science generally' is not sufficient; *Daubert* requires experts to be

22   qualified in the pertinent field, not just that a principle be widely established (assuming this one

23   is)").

24         Because Dr. Hochberg's opinions on monopoly power and antitrust damages ████████████

25   ████████████████████████████████████████████████████████████████████████████████, the

26   Court should exclude her entire report and all of her opinions.

27

28

ADVERTISER PLAINTIFFS' NOTICE OF MOTION, MOTION TO EXCLUDE OPINIONS OF DR. HOCHBERG,
AND MEMORANDUM IN SUPPORT – Case No. 3:20-cv-08570-JD

**FILED UNDER SEAL**

1    **II.    DR. HOCHBERG'S FALSE CLAIM THAT FIRMS WITH MONOPOLY POWER
     HAVE NECESSARILY ENGAGED IN ANTICOMPETITIVE CONDUCT**
2    **DEMONSTRATES HER LACK OF QUALIFICATIONS AND RENDERS SECTION
     III OF HER REPORT AND THE OPINIONS EXPRESSED THEREIN UNRELIABLE**
3

4          In Section III of her report, ████████████████████████████████████████

5    ████████████████████████████████████████████████████████████████████████████

6    ████████████████████████████████████████████████████████████████████████████

7    ████████████████████████████        Not only does this demonstrate her lack of qualifications to opine on

8    monopoly power and antitrust damages, but it renders the whole of Section III of her report

9    unreliable.

10         Under black-letter antitrust law, monopoly power and anticompetitive conduct are distinct

11   concepts; a firm can have monopoly power without engaging in any anticompetitive conduct.  *See*

12   Phillip E. Areeda & Herbert Hovenkamp, ANTITRUST LAW: AN ANALYSIS OF ANTITRUST

13   PRINCIPLES AND THEIR APPLICATION, §650 ("[T]he possession of monopoly power will not be found

14   unlawful unless it is accompanied by an element of anticompetitive ***conduct***." (emphasis in

15   original)).  Likewise, the definition of monopoly power is well established in the field of industrial

16   organization.   As Professor Schmalensee states, a firm with "substantial market power (or,

17   equivalently, monopoly power)" is "one that is able to enhance its profits by raising prices

18   substantially above marginal costs for a substantial volume of sales."[5]  Similarly, Professors Carlton

19   and Perloff state in a widely used industrial organization textbook: "It is common practice to say

20   that whenever a firm can profitably set its price above its marginal cost without making a loss, it has

21

22

_____

23   [5]     Richard Schmalensee, *Standards for Dominant Firm Conduct: What Can Economics
24   Contribute?*, THE ECONOMICS OF MARKET DOMINANCE (1985) (Ex. 4), at 3, 61-88.  ("The meanings
     attached to 'dominant firm' and 'monopoly' in the antitrust context are broader than the definitions
25   of those terms in economic theory.  A 'dominant firm' in economic theory is generally a single large
     seller facing many small, price-taking rivals, while a 'monopoly' is the only seller of some good or
26   service.  In antitrust, both terms are generally used to refer to a seller that is able to exercise substantial
     market power (or, equivalently, monopoly power) unilaterally, without the need for collusive
27   arrangements. . . . Most firms in developed economies have some market power; only a few have
     enough to be characterized as 'dominant' or 'monopolies.'  There is essentially no basis in economics
28   for the existence of a sharp dividing line between 'dominant' firms and others, however, since market
     power is measured along a continuum.").

7

**FILED UNDER SEAL**

1    *monopoly power* or *market power*."[6]   As these definitions make clear, there is no necessary

2    relationship between "monopoly power" and the exercise of anticompetitive conduct.  Rather, "[i]t

3    is a common mistake to think that the antitrust laws prohibit monopoly.  They do not; however, they

4    do prohibit certain actions that could allow a firm to acquire or maintain monopoly power."[7]



19   Dr. Hochberg's critiques find no support in antitrust law or academic literature.  *See* Sedona Conf., 7

20   Sedona Conf. J. at 85 (Principle I-3, Comment) ("the testimony from a witness qualified as an expert

21   in aspects of economics must be excluded if the principles of economics are not being applied").

---

25   [6]    Dennis W. Carlton & Jeffrey M. Perloff, *Modern Industrial Organization* (4th ed. 2005) (Ex. 5) at 93, 245, Table. 81 (emphasis in original).

26   [7]    *Id*. at 679.

27   [8]    Hochberg Errata, ¶33.

      [9]    *Id.*

28   [10]   *Id.*, ¶36.

8

**FILED UNDER SEAL**



Dr. Hochberg, again, misses the mark.

*See* Franklin M. Fisher, *Economic Analysis and 'Bright-Line' Tests*, 4 J. OF COMPETITION L. AND ECONS. 1 (2007) (Ex. 6).  To the contrary, Professor Fisher defines monopoly power                          : "Monopoly power is the power to raise prices above (or reduce quality below) the competitive level for a significant period of time."  *Id.* at 137.

Dr. Hochberg's                                              .[11]  Monopoly power and anticompetitive conduct are distinct concepts; a firm can have monopoly power without engaging in

---

[11]    Dr. Hochberg repeated

**FILED UNDER SEAL**

1  any anticompetitive conduct. As a result, the fundamental premises underlying Section III of Dr.

2  Hochberg's report are little more than *ipse dixit*, divorced from well-established legal and economic

3  concepts and wholly inapplicable to Kreitzman's and Williams' methodology. Accordingly, because

4  the "analytical gap between the data and the opinion offered" here is "simply too great," testimony

5  concerning the opinions contained in Section III should be excluded. *Gen. Elec. Co. v. Joiner*, 522

6  U.S. 136, 146 (1997).

7  **III.    DR. HOCHBERG'S EMPIRICAL ANALYSIS OF OTHER FIRMS' ECONOMIC
        PROFITABILITY IS IRRELEVANT AND PREJUDICIAL JUNK SCIENCE**

8

9        Dr. Hochberg also attempts ███████████████████████████████████████

10  █████████████████████████████████████████████████████████████████████

11  █████████████████████████████████████████████████████████████████████

12  █████████████████████████████████████████████████████████████████████

13  █████████████████████████████████

14        As a threshold matter, Dr. Hochberg's ████████████████████████  are simply

15  irrelevant. *See Utne v. Home Depot U.S.A., Inc.*, No. 16-CV-01854-RS, 2022 WL 16857061, at *3

16  (N.D. Cal. Nov. 10, 2022) ("Expert testimony which does not relate to any issue in the case is not

17  relevant and, ergo, non-helpful."). █████████████████████████████████

18  █████████████████████████████████████████████████████████████████████

19  █████████████████████████████████████████████████████████████████████

20  █████████████████████████████████████████████████████████████████████

21  █████████████████████████████████████████████████████████████████████

22  █████████████████████████████████████████████████████████████████████

23  █████████████████████████████████████████████████████████████████████

24  █████████████████████████████████████████████████████████████████████

25

26  ██████████████████████████

27  █████████████████████████████████████████████████████████████████████

28  █████████████████████████████████████████████████████████████████████

10

**FILED UNDER SEAL**

1

2

3

4

5

6

7

8

9

10

11 [redacted] Far from disproving the reliability of Kreitzman's and Williams'

12 methodology, [redacted]

13 [redacted]

14 More fundamentally, [redacted]

15 [redacted]

16 [redacted] [13] This vague and

17 faulty anecdotal reasoning is the quintessential opposite of an inference "derived by the scientific

18 method." *Daubert*, 509 U.S. at 590. It is cherry-picked junk science done under the guise of

19 expertise, which courts regularly exclude under the *Daubert* standard. *In re Apple iPhone Antitrust*

20 _____

21 [12] Dr. Hochberg attempted [redacted]

22 [redacted]

23 [redacted]

24 [13] For example, she [redacted]

25 [redacted]

26 [redacted]

27 [redacted]

28 [redacted]

**FILED UNDER SEAL**

1    *Litig.*, No. 11-CV-6714-YGR, 2022 WL 1284104, at \*3 (N.D. Cal. Mar. 29, 2022) (excluding the

2    testimony of Nobel laureate whose proposed but-for commission rate "was cherry-picked from a few

3    data points").

4    ████████████████████████████████████████████████████████████████

5    ████████████████████████████████████████████████████████████████

6    ████████████████████████████████████████████████████████████████

7    ████████████████████████████████████████████████████████████████

8    ████████████████████████████████████████████████████████████████

9    ████████████████████████████████████████████████████████████████

10   ████████████████████████████████████████████████████████████████

11   ████████████████████████████████████████████████████████████████

12   ████████████████████████████████████████████████████████████████

13   ████████████████████████████████████████████████████████████████

14   ████████████████████████████████████████████████████████████████

15   ████████████████████████████████████████████████████████████████

16   ████████████████████████████████████████████████

17   **IV.   NONE OF THE OPINIONS CONTAINED IN SECTIONS V AND VI OF DR.**

18   **HOCHBERG'S REPORT REQUIRE SPECIALIZED EXPERTISE TO WARRANT EXPERT TESTIMONY**

19        The Court should exclude the final two opinions provided in Dr. Hochberg's report. ████

20   ████████████████████████████████████████████████████████████████

21   ████████████████████████████████████████████████████████████████

22   ████████████████████████████████████████████████████████████████

23   ████████████████████████████████████████████████████████████████

24   ████████████████████████████████████████████████████████████████

25   ████████████████████████████████████████████████████████████████

26   ██████████████

27

28

**FILED UNDER SEAL**

1    Setting aside that both contentions are fatally unreliable,[14] they do not require the assistance

2    of an expert witness to make them. *See, e.g., DZ Rsrv. v. Meta Platforms, Inc.*, No. 3:18-CV-04978-

3    JD, 2022 WL 912890, at *9 (N.D. Cal. Mar. 29, 2022) (Donato, J.) (excluding opinions of proposed

4    witness whose "report does not offer any specialized or scientific expertise, or anything beyond the

5    typical knowledge and experience of a jury").   Rather, both criticisms are derived by ███████

6    ██████████████████████████████████████████████

7    Indeed, ████████████████████████████████ Dr. Hochberg ███████

8    ██████████████████████████████████████████████

9    ██████████████████████████████████████████████

10   ██████████████████████████████████████████████

11   ██████████████████████████████████████████████

12   ██████████████████████████████████████████████

13   ██████████████████████████████████████████████

14   ██████████████████████████████████████████████

15   ████████████████████████ Such basic arithmetic and multiplication are "reasonably

16   intelligible to a jury without special assistance." *DZ Rsrv.*, 2022 WL 912890, at *9.

17                              **CONCLUSION**

18   For the foregoing reasons, the Court should exclude the testimony of Dr. Hochberg as

19   unqualified.   To the extent the Court determines Dr. Hochberg is qualified as an expert in monopoly

20   power and antitrust damages, it should exclude the opinions expressed in Sections III, V, and VI of

21   her report on the grounds set forth herein.

22

23   [14]    Dr. Hochberg ignores ████████████████████████

24   ██████████████████████████████████████████████

25   ██████████████████████████████████████████████

26   ██████████████████████████████████████████ *See*

27   *Senne v. Kansas City Royals Baseball Corp.*, 591 F. Supp. 3d 453, 478 (N.D. Cal. 2022).   Instead,
     she admitted that ████████████████████████████████

28   ██████████████████████████████████████████████

**FILED UNDER SEAL**

Dated: October 6, 2023

**BATHAEE DUNNE LLP**

By:  */s/ Yavar Bathaee*
Yavar Bathaee (CA 282388)
yavar@bathaeedunne.com
Andrew C. Wolinsky (CA 345965)
awolinsky@bathaeedunne.com
Andrew M. Williamson (CA 344695)
awilliamson@bathaeedunne.com
Adam Ernette (*pro hac vice*)
aernette@bathaeedunne.com
Priscilla Ghiță (*pro hac vice*)
pghita@bathaeedunne.com
Chang Hahn (*pro hac vice*)
chahn@bathaeedunne.com
445 Park Avenue, 9th Floor
New York, NY 10022
Tel.: (332) 322-8835

Brian J. Dunne (CA 275689)
bdunne@bathaeedunne.com
Edward M. Grauman (*pro hac vice*)
egrauman@bathaeedunne.com
901 South MoPac Expressway
Barton Oaks Plaza I, Suite 300
Austin, TX 78746
Tel.: (213) 462-2772

Allison Watson Cross (CA 328596)
across@bathaeedunne.com
3420 Bristol St, Ste 600
Costa Mesa, CA 92626-7133

*Interim Co-Lead Counsel for the Advertiser Classes*

**LEVIN SEDRAN & BERMAN LLP**
Keith J. Verrier (*pro hac vice*)
kverrier@lfsblaw.com
Austin B. Cohen (*pro hac vice*)
acohen@lfsblaw.com
510 Walnut Street, Suite 500
Philadelphia, PA 19106-3997
Tel.: (215) 592-1500

*Members of Executive Committee for the Advertiser Classes*

**SCOTT+SCOTT**
**ATTORNEYS AT LAW LLP**

By:  */s/ Amanda F. Lawrence*
Amanda F. Lawrence (*pro hac vice*)
alawrence@scott-scott.com
Patrick J. McGahan (*pro hac vice*)
pmcgahan@scott-scott.com
Michael P. Srodoski (*pro hac vice*)
msrodoski@scott-scott.com
156 South Main Street, P.O. Box 192
Colchester, CT 06415
Tel.: (860) 537-5537

Patrick J. Coughlin (CA 111070)
pcoughlin@scott-scott.com
Carmen A. Medici
cmedici@scott-scott.com
Hal D. Cunningham (CA 243048)
hcunningham@scott-scott.com
Daniel J. Brockwell (CA 335983)
dbrockwell@scott-scott.com
600 W. Broadway, Suite 3300
San Diego, CA 92101
Tel.: (619) 233-4565

Patrick J. Rodriguez (*pro hac vice*)
prodriguez@scott-scott.com
230 Park Avenue, 17th Floor
New York, NY 10169
Tel.: (212) 223-6444

**AHDOOT & WOLFSON, PC**
Tina Wolfson (CA 174806)
twolfson@ahdootwolfson.com
Robert Ahdoot (CA 172098)
rahdoot@ahdootwolfson.com
Theodore W. Maya (CA 223242)
tmaya@ahdootwolfson.com
Henry J. Kelston (*pro hac vice*)
hkelston@ahdootwolfson.com
2600 West Olive Avenue, Suite 500
Burbank, CA 91505
Tel.: (310) 474-9111

14

FILED UNDER SEAL

**FILER ATTESTATION**

I am the ECF user who is filing this document.  Pursuant to Civil L.R. 5-1(h)(3), I hereby attest that each of the other signatories have concurred in the filing of the document.

Dated: October 6, 2023                    By:    /s/Amanda F. Lawrence
                                                  Amanda F. Lawrence

**CERTIFICATE OF SERVICE**

I hereby certify that on October 6, 2023, I caused a true and correct copy of the foregoing document to be served by electronic mail on all counsel of record.

Dated: October 6, 2023                    By:    /s/Amanda F. Lawrence
                                                  Amanda F. Lawrence