**FILED UNDER SEAL**

**BATHAEE DUNNE LLP**
Yavar Bathaee (CA 282388)
yavar@bathaeedunne.com
Andrew C. Wolinsky (CA 345965)
awolinsky@bathaeedunne.com
445 Park Avenue, 9th Floor
New York, NY 10022
Tel.: (332) 322-8835

Brian J. Dunne (CA 275689)
bdunne@bathaeedunne.com
Edward M. Grauman (*pro hac vice*)
egrauman@bathaeedunne.com
901 South MoPac Expressway
Barton Oaks Plaza I, Suite 300
Austin, TX 78746
Tel.: (213) 462-2772

*Interim Co-Lead Counsel for the Advertiser Classes*

[Additional counsel on signature page]

**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
Amanda F. Lawrence (*pro hac vice*)
alawrence@scott-scott.com
Patrick J. McGahan (*pro hac vice*)
pmcgahan@scott-scott.com
Michael P. Srodoski (*pro hac vice*)
msrodoski@scott-scott.com
156 South Main Street, P.O. Box 192
Colchester, CT 06415
Tel.: (860) 537-5537

Patrick J. Coughlin (CA 111070)
pcoughlin@scott-scott.com
Carmen A. Medici (CA 248417)
cmedici@scott-scott.com
Hal D. Cunningham (CA 243048)
hcunningham@scott-scott.com
Daniel J. Brockwell (CA 335983)
dbrockwell@scott-scott.com
600 W. Broadway, Suite 3300
San Diego, CA 92101
Tel.: (619) 233-4565

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| MAXIMILIAN KLEIN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>META PLATFORMS, INC.,<br><br>Defendant. | Case No. 3:20-cv-08570-JD<br><br>**ADVERTISER PLAINTIFFS' OPPOSITION TO MOTION TO EXCLUDE TESTIMONY OF SCOTT FASSER**<br><br>Hearing Date: December 14, 2023<br>Hearing Time: 10:00 a.m.<br>Courtroom 11, 19th Floor<br>Judge: The Honorable James Donato |

**FILED UNDER SEAL**

**TABLE OF CONTENTS**

INTRODUCTION ............................................................................................................................1

LEGAL STANDARD......................................................................................................................2

ARGUMENT ..................................................................................................................................3

    I.    Scott Fasser's Opinion Is Admissible ................................................................................3

        A.    Scott Fasser Is Qualified ........................................................................................3

        B.    Scott Fasser Uses Personal Experience and Specialized Knowledge to Form His Opinions.................................................................................................3

            i.    Scott Fasser Draws on His Personal Experience to Describe Meta's Ad Pricing and Purchasing Practices ..................................3

            ii.    Scott Fasser Interprets Complex Meta Advertising Documents......5

        C.    Scott Fasser's Deposition Testimony Does Not Affect the Admissibility of the Opinions in His Report ...........................................................6

CONCLUSION................................................................................................................................8

**FILED UNDER SEAL**

**TABLE OF AUTHORITIES**

Page(s)

**Cases**

*640 Octavia, LLC v. Pieper*,
  No. C 18-01047 WHA, 2019 WL 1201581 (N.D. Cal. Mar. 14, 2019) .....................................4

*Alaska Rent-A-Car, Inc. v. Avis Budget Grp., Inc.*,
  738 F.3d 960 (9th Cir. 2013) ..................................................................................................2

*City of Pomona v. SQM N. Am. Corp.*,
  750 F.3d 1036 (9th Cir. 2014) ................................................................................................3

*Comet Techs. USA Inc. v. XP Power LLC*,
  No. 20-CV-06408-NC, 2022 WL 2442810 (N.D. Cal. Mar. 2, 2022)......................................4

*Daubert v. Merrell Dow Pharms., Inc.*,
  509 U.S. 579 (1993) ...............................................................................................................2

*Elosu v. Middlefork Ranch Inc.*,
  26 F.4th 1017 (9th Cir. 2022) .................................................................................................2

*Fortune Dynamic, Inc. v. Victoria's Secret Stores Brand Mgmt., Inc.*,
  618 F.3d 1025 (9th Cir. 2010) ................................................................................................3

*Holdco, Inc. v. Beeline Loans, Inc.*,
  No. 20CIV8686JPCSN, 2023 WL 2711417 (S.D.N.Y. Mar. 30, 2023)...................................6

*In re JUUL Labs, Inc., Mktg. Sales Pracs. & Prod. Liab. Litig.*,
  609 F. Supp. 3d 942 (N.D. Cal. 2022) ....................................................................................6

*In re MyFord Touch Consumer Litig.*,
  291 F. Supp. 3d 936 (N.D. Cal. 2018) ....................................................................................7

*In re Twitter, Inc. Sec. Litig.*,
  No. 19-CV-07149 YGR, 2020 WL 9073168 (N.D. Cal. Apr. 20, 2020)..............................3, 4

*Krommenhock v. Post Foods, LLC*,
  334 F.R.D. 552 (N.D. Cal. 2020).............................................................................................7

*Kumho Tire Co. v. Carmichael*,
  526 U.S. 137 (1999)................................................................................................................2

*Merisant Co. v. McNeil Nutritionals, LLC*,
  515 F. Supp. 2d 509 (E.D. Pa. 2007) ......................................................................................6

*Monster Energy Co. v. Vital Pharms., Inc.*,
  No. EDCV181882JGBSHKX, 2022 WL 17218077 (C.D. Cal. Aug. 2, 2022)........................3

ii

**FILED UNDER SEAL**

*Pecover v. Elec. Arts Inc.*,
   No. 08-2820 VRW, 2010 WL 8742757 (N.D. Cal. Dec. 21, 2010) .......................................4, 5

*Primiano v. Cook*,
   598 F.3d 558 (9th Cir. 2010) ...........................................................................................2, 3

*United States v. Brody*,
   No. 3:22-CR-00168-WHO-1, 2023 WL 2541118 (N.D. Cal. Mar. 16, 2023) .........................4

*United States v. Morales*,
   108 F.3d 1031 (9th Cir. 1997) ................................................................................................6

**Statutes, Rules, and Regulations**

Federal Rule of Evidence
   Rule 702 ..................................................................................................................................2

Civil Local Rules
   Rule 5-1(h)(3) .........................................................................................................................9

**INTRODUCTION**

Meta seeks to exclude the expert report and reply report of digital marketing consultant and professor Scott Fasser, which were submitted in support of Advertiser Plaintiffs' motion for class certification.

Mr. Fasser holds a master's degree in business administration, has worked in digital marketing for over 27 years, and worked as an executive and consultant purchasing digital advertisements and implementing digital marketing strategies during the Class Period. Ex. 1 at Exhibit A.[1]  He is currently an adjunct professor at the University of Washington, where he teaches courses on digital marketing.  *Id*.  Mr. Fasser was retained for a limited purpose, within his area of specialized knowledge – to opine on ad pricing and purchasing issues in connection with class certification in this matter.  Mr. Fasser's opinions on these issues, memorialized in his opening and reply reports, were and are reliable, and are backed by the factual evidence in this case, including Meta's documents and witness testimony.

Ultimately, Mr. Fasser's reports confirm, from the perspective of an industry insider, that calculating damages for the proposed Advertiser Class will not require an individualized inquiry. Advertiser Plaintiffs' Class Certification Mot. at 13-14, 23-25.  Mr. Fasser opines on Meta's advertising pricing, auction dynamics, and general digital advertising practices during the Class Period by drawing on his experience in the digital advertising industry and by interpreting complex internal Meta advertising documents and contracts.  Mr. Fasser concludes that, during the Class Period, Meta primarily used cost per mille ("CPM")[2] pricing (Ex. 1, ¶¶6-7), ▇▇▇▇▇ (Ex. 2, ¶¶3-6), ▇▇▇▇▇ (*id*.), ▇▇▇▇▇ *Id*., ¶¶7-11. Although Meta's Daubert motion spills much

---

[1] Exhibit citations are to the Declaration of Amanda F. Lawrence in support of Opposition to Motion to Exclude Testimony of Scott Fasser, filed concurrently herewith.

[2] "Cost per mille" means cost per thousand impressions.  Cost per mille is a pricing model in which one pays a certain amount for 1,000 impressions, or the number of times one's ad appears to users.

ink attacking Mr. Fasser and pointing to allegedly confusing deposition testimony, it does not actually controvert Mr. Fasser's central opinions on any of the foregoing issues – because Mr. Fasser's opinions are correct. Meta's own documents, executives, and economic experts confirm as much, and establish that damages can be reliably calculated on a class wide basis. Meta's tactic of bootstrapping collateral issues to argue that Mr. Fasser's central opinions are unreliable should be seen as what it is: a farce. Meta cannot seriously dispute that Mr. Fasser is right on the central issues about Meta's auction and pricing, so it seeks to draw attention to these collateral issues (many outside the scope of Mr. Fasser's reports, preparation, and expertise).

Meta's improper motion challenges the weight, not admissibility, of Mr. Fasser's opinions. Mr. Fasser's reports are correct, supported by the facts, and reliable, and they should not be excluded. Meta's motion should be denied.

## LEGAL STANDARD

Under Federal Rule of Evidence 702, an expert witness's testimony is admissible if the "testimony both rests on a reliable foundation and is relevant to the task at hand." *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 597 (1993). "Expert opinion testimony is relevant if the knowledge underlying it has a valid connection to the pertinent inquiry. And it is reliable if the knowledge underlying it has a reliable basis in the knowledge and experience of the relevant discipline." *Primiano v. Cook*, 598 F.3d 558, 565 (9th Cir. 2010).[3]

When an expert's testimony is not based on traditional "scientific foundations," the reliability inquiry should "focus upon [the] personal knowledge or experience" of the expert. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 150 (1999). Indeed, "[a]n expert's specialized knowledge and experience can serve as the requisite 'facts or data' on which they render an opinion." *Elosu v. Middlefork Ranch Inc.*, 26 F.4th 1017, 1024 (9th Cir. 2022).

The district court's task is not to "decid[e] whether the expert is right or wrong, just whether his testimony has substance such that it would be helpful to a jury." *Alaska Rent-A-Car, Inc. v. Avis Budget Grp., Inc.*, 738 F.3d 960, 969-70 (9th Cir. 2013). "Shaky but admissible evidence is to be attacked by cross examination, contrary evidence, and attention to the burden of proof, not exclusion."

---

[3] Citations are omitted and emphasis is added throughout unless otherwise noted.

*Primiano*, 598 F.3d at 564.  "Challenges that go to the weight of the evidence are within the province of a fact finder, not a trial court judge.  A district court should not make credibility determinations that are reserved for the jury." *City of Pomona v. SQM N. Am. Corp.*, 750 F.3d 1036, 1044 (9th Cir. 2014).

## ARGUMENT

### I. SCOTT FASSER'S OPINION IS ADMISSIBLE

#### A. Scott Fasser Is Qualified

Scott Fasser, a digital marketing professor with 27 years of experience as a social and digital advertising consultant, is qualified to testify about Meta's advertising auction and pricing during the Class Period.  *See Fortune Dynamic, Inc. v. Victoria's Secret Stores Brand Mgmt., Inc.*, 618 F.3d 1025, 1043 (9th Cir. 2010) (reversing "plainly wrong" trial court decision in trademark dispute to exclude expert testimony on the "'standard practice in the advertising and marketing industry'" when the expert had "forty years of experience in the marketing and advertising industry"); *In re Twitter, Inc. Sec. Litig.*, No. 19-CV-07149 YGR, 2020 WL 9073168, at *12-*13 (N.D. Cal. Apr. 20, 2020) ("twelve years of experience working on various aspects of advertisement campaigns of digital publishers and social media platforms" was sufficient experience to opine on Twitter's advertising platform general practices and characteristics, including comparisons to Meta's advertising platform); *Monster Energy Co. v. Vital Pharms., Inc.*, No. EDCV181882JGBSHKX, 2022 WL 17218077, at *23 (C.D. Cal. Aug. 2, 2022) (declining to exclude marketing professor's expert testimony concerning Instagram marketing strategies).  There can thus be no serious dispute under the law that Mr. Fasser is qualified to testify about the topics for which he is proffered.

#### B. Scott Fasser Uses Personal Experience and Specialized Knowledge to Form His Opinions

##### i. Scott Fasser Draws on His Personal Experience to Describe Meta's Ad Pricing and Purchasing Practices

In his opening report, Mr. Fasser describes his expertise and explains that he was asked by Advertiser Plaintiffs' counsel to opine on "the purchase of social advertising on Meta properties such as Facebook and Instagram, as well as how certain types of advertising are priced in the ordinary course of business."  Ex. 1, ¶¶1-5.  Mr. Fasser concluded, based on his personal experience buying

Meta and other digital advertising for clients over many years, that, during the Class Period, Meta "primarily implement[ed] cost per mille ('CPM') pricing" while Google and other search advertisers were traditionally associated with cost per click ("CPC") pricing, all Meta advertisers are subject to Meta auction prices and dynamics, and Meta "did not routinely offer discounts to individual advertising buyers." *Id*., ¶¶6-9.

Mr. Fasser's relevant experience "in the marketing and advertising industry, during which []he worked on various aspects of the advertisement campaigns of [Meta] and other social media companies and digital publishers, are a sufficient basis to find [these] opinions reliable." *Twitter*, 2020 WL 9073168, at *12-*13; *Comet Techs. USA Inc. v. XP Power LLC*, No. 20-CV-06408-NC, 2022 WL 2442810, at *2 (N.D. Cal. Mar. 2, 2022) (finding that "courts within the Ninth Circuit have commonly allowed 'industry standards' testimony when supported by relevant experience").

Still, Meta argues that Mr. Fasser's relevant personal experience in digital advertising is insufficient to "reach the conclusions in his report about Meta's pricing mechanisms and ad auctions." Meta's Motion to Exclude Testimony of Scott Fasser and Joshua Gans ("MTE") at 7. This argument is misleading, is not supported by the cases relied on,[4] and indeed, a strikingly similar argument was rejected in *Pecover v. Elec. Arts Inc*., No. 08-2820 VRW, 2010 WL 8742757 (N.D. Cal. Dec. 21, 2010). There, plaintiffs moved to exclude defendant's video game industry expert on the basis that her qualifications and methodologies were insufficient to reach the conclusions in her report despite her being a "'well-qualified consultant in the video game industry'" with "years" of experience overseeing the selection of video games for in-store sale on behalf of video game retailer Best Buy. *Id*., at *3. The defendant's expert offered the "opinion that the video game industry is characterized" by a specific pricing format for "premium games" and specific "post-launch discounting" based on each individual game's performance. *Id*., at *5. As to the first opinion, plaintiffs challenged the methodology around how the expert defined and categorized games because it was based solely on

---

[4]   *United States v. Brody*, No. 3:22-CR-00168-WHO-1, 2023 WL 2541118, at *6 (N.D. Cal. Mar. 16, 2023) (excluding criminal defendant's forensic expert who, when opining that the evidence collection techniques of the police were flawed, "does not point to underlying evidence that anything was 'tainted,' nor does he explain what he means by 'tainted' or how that might affect the outcome of the investigation"); *640 Octavia, LLC v. Pieper*, No. C 18-01047 WHA, 2019 WL 1201581, at *2 (N.D. Cal. Mar. 14, 2019) (expert opinion that defendant's roommate "engaged in prostitution" excluded).

her personal experience. *Id*. The court refused to exclude the expert's opinion because the expert did not "reach[] this conclusion by virtue of having observed games, independently classified them as premium or value games and then observed the prices of these classes of games." *Id*. "Rather, she defers to her experience that publishers present their games to retailers as being either premium or value games (as a description of their quality) and that they price these games using standard industry prices based on this classification." *Id*. The court found the expert's "opinion to have a reliable basis in the expert's knowledge and experience of the relevant field" because the expert "base[d] this opinion directly on her observations of the behavior of publishers of video games during her years in the video game industry." *Id*. Similarly, the court found the opinion regarding general discount procedure in the industry to be reliable because the expert "ha[d] direct knowledge of the decision-making strategies of retailers by virtue of having served in that capacity for many years." *Id*.

Here, Mr. Fasser has 27 years of experience in the highly specialized digital advertising industry. His opinions concerning industry pricing and discount practices he personally observed during his career are reliable and admissible.

### ii. Scott Fasser Interprets Complex Meta Advertising Documents

In his rebuttal report, Mr. Fasser responded to certain issues raised by Meta's experts by relying on Meta's internal documents and built on his opening report. He concluded that, during the Class Period, ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ Ex. 2, ¶¶3-15.

Meta's internal documents that concern advertising pricing and auction dynamics are complex, contain industry-specific terminology, and require relevant industry experience to interpret. Therefore, Mr. Fasser's opinions that analyze Meta's documents and existing testimony are not duplicative of that evidence, and instead, interpret and put into context those existing facts and jargon. For example, one Meta internal email cited in the Fasser Reply concerning ███████████████████████████████



Ex. 3 at -0133.  In his rebuttal report, Mr. Fasser explains that this document, contrary to Meta's assertions, demonstrates that Meta ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ during the Class Period. Ex. 2, ¶6.

Documents such as this are "not the type of self-explanatory documents that jurors can comprehend based on common knowledge; expert analysis is helpful to interpret and explain them." *In re JUUL Labs, Inc., Mktg. Sales Pracs. & Prod. Liab. Litig.*, 609 F. Supp. 3d 942, 1005-07 (N.D. Cal. 2022) (refusing to exclude expert testimony of a marketing professor and former research director at Microsoft Advertising whose opinion summarized defendants' internal documents about defendant's advertising "reach," "brand awareness," and "target[ing] certain audiences"); *United States v. Morales*, 108 F.3d 1031, 1039 (9th Cir. 1997) (topic of bookkeeping principles "was clearly beyond the common knowledge of the average layperson"); *Merisant Co. v. McNeil Nutritionals, LLC*, 515 F. Supp. 2d 509, 540 (E.D. Pa. 2007) ("[T]he Court declines to accept McNeil's argument that its brand positioning strategies, including its multi-million dollar advertising and marketing campaigns, would be so ordinary, obvious and self-evident to a layperson that Dr. Fisher's opinions [as a marketing expert] would be so useless and redundant that they would not aid the jury in this case."). Mr. Fasser uses his experience to interpret and explain internal Meta documents rife with industry-specific terms and concepts – something courts routinely admit.

    **C.**    **Scott Fasser's Deposition Testimony Does Not Affect the Admissibility of the Opinions in His Report**

Meta claims that Fasser's deposition testimony somehow proves that the opinions in his reports are wrong and therefore, must be excluded. MTE at 4-8. However, this argument "go[es] to weight and not admissibility." *Holdco, Inc. v. Beeline Loans, Inc.*, No. 20CIV8686JPCSN, 2023 WL 2711417, at *21, *24 (S.D.N.Y. Mar. 30, 2023) (declining to exclude defendant's advertising expert's opinion even after the plaintiff argued that the expert "walked back his opinion at his deposition");

*Krommenhock v. Post Foods, LLC*, 334 F.R.D. 552, 581 (N.D. Cal. 2020) (denying motions to exclude both parties' advertising experts who offered conflicting opinions at class certification and leaving the parties to "raise specific arguments to exclude identified portions of that testimony *in limine* or at trial"). And more to the point, Meta's examination focused near-exclusively on penumbrae and on issues that Mr. Fasser was not asked to opine upon. Meta may have succeeded in confusing the witness (and all attending counsel) after hours of irrelevant questions, but it did not assail Mr. Fasser's central opinions regarding the function and prevalence of Meta's ad auction, the company's pricing, and the ▓▓▓▓▓. The reason for this is that Mr. Fasser's core opinions on Meta's ad auction and pricing are indisputably correct – indeed, they are in concordance with Meta's own documents and the testimony of its own executives, as Mr. Fasser's reports explain.

In any event, Meta's motion hardly creates an indisputable record as to Mr. Fasser's opinions. Quite the opposite. Meta ignores the substantial evidence that supports Mr. Fasser's opinions and instead relies on cherry-picked quotations from his deposition and inapplicable case law to claim that his reports are "indisputably wrong." MTE at 8 (citing *In re MyFord Touch Consumer Litig.*, 291 F. Supp. 3d 936, 968-74 (N.D. Cal. 2018)). Meta's out-of-context quotes purporting to demonstrate individualized issues are straightforward answers to carefully worded questions, and more importantly, have nothing to do with whether he is properly qualified as a digital marketing expert. Mr. Fasser's reports, the factual record, independent economic testimony, and even the balance of Mr. Fasser's deposition testimony itself make clear that an individualized inquiry is not necessary to determine how a Meta ad is purchased or priced. For example, Mr. Fasser testified ▓▓▓▓▓ ▓▓▓▓▓ ▓▓▓▓▓ Ex. 4, at 115:4-119:5.

Indeed, in his Reply Report, Mr. Fasser cites internal Meta documents that support the conclusions that Meta claims are incorrect: ▓▓▓▓▓ ▓▓▓▓▓ Ex. 3), ▓▓▓▓▓ (Ex. 5), ▓▓▓▓▓ (Ex. 6 at -049), ▓▓▓▓▓

█████████ (Ex. 7), ████████████████████████████████████████████████████████████ (Ex. 8 at slide 11).

Furthermore, in a misguided attempt to prove that Mr. Fasser's reports are duplicative of existing testimony, Meta cites and attaches to its motion deposition testimony from Meta executives in this case that provides factual support for Mr. Fasser's opinions that ████████████ ██████████████████████████████████████████████████████████████ MTE at 8 n.7 ████████████████████████████████████████████████████████████████████████████████ ████████████████████████████ This confirms that Mr. Fasser's reports are *correct*, not that they are "indisputably wrong."

## CONCLUSION

For the foregoing reasons, the Court should deny Meta's Motion.

Dated: October 13, 2023

| | |
|---|---|
| **BATHAEE DUNNE LLP** | **SCOTT+SCOTT ATTORNEYS AT LAW LLP** |
| By: */s/ Yavar Bathaee* <br> Yavar Bathaee (CA 282388) <br> yavar@bathaeedunne.com <br> Andrew C. Wolinsky (CA 345965) <br> awolinsky@bathaeedunne.com <br> Andrew M. Williamson (CA 344695) <br> awilliamson@bathaeedunne.com <br> Adam Ernette (*pro hac vice*) <br> aernette@bathaeedunne.com <br> 445 Park Avenue, 9th Floor <br> New York, NY 10022 <br> Tel.: (332) 322-8835 <br><br> Brian J. Dunne (CA 275689) <br> bdunne@bathaeedunne.com <br> Edward M. Grauman (*pro hac vice*) <br> egrauman@bathaeedunne.com <br> 901 South MoPac Expressway <br> Barton Oaks Plaza I, Suite 300 <br> Austin, TX 78746 <br> Tel.: (213) 462-2772 <br><br> Allison Watson Cross (CA 328596) <br> across@bathaeedunne.com <br> 3420 Bristol St, Ste 600 <br> Costa Mesa, CA 92626-7133 <br><br> *Interim Co-Lead Counsel for the Advertiser Classes* | By: */s/ Amanda F. Lawrence* <br> Amanda F. Lawrence (*pro hac vice*) <br> alawrence@scott-scott.com <br> Patrick J. McGahan (*pro hac vice*) <br> pmcgahan@scott-scott.com <br> Michael P. Srodoski (*pro hac vice*) <br> msrodoski@scott-scott.com <br> 156 South Main Street, P.O. Box 192 <br> Colchester, CT 06415 <br> Tel.: (860) 537-5537 <br><br> Patrick J. Coughlin (CA 111070) <br> pcoughlin@scott-scott.com <br> Carmen A. Medici (CA 248417) <br> cmedici@scott-scott.com <br> Hal D. Cunningham (CA 243048) <br> hcunningham@scott-scott.com <br> Daniel J. Brockwell (CA 335983) <br> dbrockwell@scott-scott.com <br> 600 W. Broadway, Suite 3300 <br> San Diego, CA 92101 <br> Tel.: (619) 233-4565 <br><br> Patrick J. Rodriguez (*pro hac vice*) <br> prodriguez@scott-scott.com <br> 230 Park Avenue, 17th Floor <br> New York, NY 10169 <br> Tel.: (212) 223-6444 |

| **LEVIN SEDRAN & BERMAN LLP** | **AHDOOT & WOLFSON, PC** |
|---|---|
| Keith J. Verrier (*pro hac vice*) | Tina Wolfson (CA 174806) |
| kverrier@lfsblaw.com | twolfson@ahdootwolfson.com |
| Austin B. Cohen (*pro hac vice*) | Robert Ahdoot (CA 172098) |
| acohen@lfsblaw.com | rahdoot@ahdootwolfson.com |
| 510 Walnut Street, Suite 500 | Theodore W. Maya (CA 223242) |
| Philadelphia, PA 19106-3997 | tmaya@ahdootwolfson.com |
| Tel.: (215) 592-1500 | Henry J. Kelson (*pro hac vice*) |
| | hkelston@ahdootwolfson.com |
| | 2600 West Olive Avenue, Suite 500 |
| *Members of Executive Committee for the Advertiser Classes* | Burbank, CA 91505 |
| | Tel.: (310) 474-9111 |

**FILER ATTESTATION**

I am the ECF user who is filing this document. Pursuant to Civil L.R. 5-1(h)(3), I hereby attest that each of the other signatories have concurred in the filing of the document.

Dated: October 13, 2023         By:   */s/Amanda F. Lawrence*
                                      Amanda F. Lawrence

**CERTIFICATE OF SERVICE**

I hereby certify that on October 13, 2023, I caused a true and correct copy of the foregoing document to be served by electronic mail on all counsel of record.

Dated: October 13, 2023         By:   */s/Amanda F. Lawrence*
                                      Amanda F. Lawrence