**FILED UNDER SEAL**

| | |
|---|---|
| **BATHAEE DUNNE LLP**<br>Yavar Bathaee (CA 282388)<br>yavar@bathaeedunne.com<br>Andrew C. Wolinsky (CA 345965)<br>awolinsky@bathaeedunne.com<br>445 Park Avenue, 9th Floor<br>New York, NY 10022<br>Tel.: (332) 322-8835<br><br>Brian J. Dunne (CA 275689)<br>bdunne@bathaeedunne.com<br>Edward M. Grauman (*pro hac vice*)<br>egrauman@bathaeedunne.com<br>901 South MoPac Expressway<br>Barton Oaks Plaza I, Suite 300<br>Austin, TX 78746<br>Tel.: (213) 462-2772<br><br>(Additional counsel on signature page)<br><br>*Interim Co-Lead Counsel for the Advertiser Classes* | **SCOTT+SCOTT ATTORNEYS AT LAW LLP**<br>Amanda F. Lawrence (*pro hac vice*)<br>alawrence@scott-scott.com<br>Patrick J. McGahan (*pro hac vice*)<br>pmcgahan@scott-scott.com<br>Michael P. Srodoski (*pro hac vice*)<br>msrodoski@scott-scott.com<br>156 South Main Street, P.O. Box 192<br>Colchester, CT 06415<br>Tel.: (860) 537-5537<br><br>Patrick J. Coughlin (CA 111070)<br>pcoughlin@scott-scott.com<br>Carmen A. Medici<br>cmedici@scott-scott.com<br>Hal D. Cunningham (CA 243048)<br>hcunningham@scott-scott.com<br>Daniel J. Brockwell (CA 335983)<br>dbrockwell@scott-scott.com<br>600 W. Broadway, Suite 3300<br>San Diego, CA 92101<br>Tel.: (619) 233-4565<br><br>(Additional counsel on signature page) |

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| MAXIMILIAN KLEIN, et al., on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>META PLATFORMS, INC.,<br><br>    Defendant. | Case No. 3:20-cv-08570-JD<br><br>Hon. James Donato<br><br>**ADVERTISER PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO EXCLUDE THE EXPERT REPORT AND TESTIMONY OF DR. CATHERINE TUCKER**<br><br>Hearing Date: December 14, 2023<br><br>Hearing Time: 10:00 a.m.<br><br>Courtroom 11, 19th Floor |

**FILED UNDER SEAL**

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ..................................................................................................1

ARGUMENT ...................................................................................................................................2

      I.     Dr. Tucker's opinions about social advertising are unreliable ................................2

      II.    Dr. Tucker offers no reliable opinions regarding Dr. Williams's injury and damages analyses ......................................................................................................5

      III.   Dr. Tucker's opinions regarding alleged "benefits" from Facebook's anticompetitive conduct should be excluded ............................................................7

CONCLUSION..................................................................................................................................8

i

Case No. 3:20-cv-08570-JD                      Advertiser Plaintiffs' Reply in Support of their Motion
to Exclude Tucker Report and Testimony

**FILED UNDER SEAL**

**TABLE OF AUTHORITIES**

**Cases**

*Clear-View Techs. Inc. v. Rasnick*,
    2015 WL 3509384 (N.D. Cal. Jun. 3, 2015) .......................................................................... 6

*Wadler v. Bio-Rad Lab'ys, Inc.*,
    2016 WL 6070530 (N.D. Cal. Oct. 17, 2016) ....................................................................... 6

*Waymo LLC v. Uber Techs., Inc.*,
    2017 WL 5148390 (N.D. Cal. Nov. 6, 2017) ........................................................................ 7

ii

Case No. 3:20-cv-08570-JD                    Advertiser Plaintiffs' Reply in Support of their Motion
                                                                to Exclude Tucker Report and Testimony

# PRELIMINARY STATEMENT[1]

Nothing in Facebook's opposition to Advertiser Plaintiffs' motion to exclude Dr. Catherine Tucker rebuts the three affirmative points central to that motion: (1) Dr. Tucker had no reliable basis for her opinions regarding Facebook's sale of social advertising during the Class Period; (2) Dr. Tucker's opinions regarding the impact of Facebook's conduct were (and are) unreliable in that they do not analyze the monopoly-maintenance aspect of that conduct; and (3) Dr. Tucker's opinions regarding alleged "benefits" from Facebook's monopoly maintenance scheme are excludably unreliable.

On the issue of social advertising, Facebook now affirmatively argues that it can "reliably and correctly" identify what is and isn't social advertising; admits that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮; and cites to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. It is not clear how this assists Facebook's argument that an Advertiser Class cannot be certified, but as to its bearing on Dr. Tucker, it doesn't solve the foundational problems with her testimony. Dr. Tucker didn't use the Social Advertising Market defined by Dr. Williams in her analysis, and she admitted at deposition that she didn't actually know ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ during the Class Period, and had never bothered to investigate the question.

As to Dr. Tucker's opinions on Dr. Williams's injury and damages models—and in particular, his yardstick analysis—Facebook's opposition admits that Advertiser Plaintiffs' motion was right: Dr. Tucker simply declined to evaluate the actual injury and damages analysis performed by Advertiser Plaintiffs' experts. To use Facebook's own words, Dr. Tucker did not "join Advertiser Plaintiffs' experts in evaluating the wrong question." Opp. at 10. Whether Facebook likes the "question" analyzed by Advertiser Plaintiffs' experts or not, a purported "rebuttal" report that avowedly analyzes something different is not something that can assist the Court in evaluating Advertiser Plaintiffs' class certification expert testimony.

---

[1] All defined terms are as used in Advertiser Plaintiffs' opening brief on this motion. All exhibit numbers refer to the exhibits to Advertiser Plaintiffs' opening brief, except Reply Exs. 1 & 2, which are exhibits to the Reply Declaration of Brian J. Dunne.

1

Case No. 3:20-cv-08570-JD                Advertiser Plaintiffs' Reply in Support of Their Motion
                                              to Exclude Tucker Report and Testimony

**FILED UNDER SEAL**

Finally, on the subject of alleged ███████████, asserted by Facebook as relevant to classwide injury, Facebook's opposition again does not dispute the central problem with Dr. Tucker's analysis—that Dr. Tucker never analyzed whether ████████████████████████████ in a but-for world *without a Facebook monopoly*, which is the actual but-for world asserted by Advertiser Plaintiffs in this monopoly maintenance case. Advertiser Plaintiffs assert that Facebook engaged in a pattern of anticompetitive conduct to maintain its monopoly in the United States Social Advertising Market during the Class Period, and that absent such conduct, there would have been meaningful competition in that market. This is the but-for world analyzed by Dr. Williams, and it is the case that will be proved by Advertiser Plaintiffs at trial. Yet Facebook's opposition does not even assert (because it cannot) that Dr. Tucker analyzed ████████████████████████████ in the actual world as against a but-for world in which Facebook did not anticompetitively maintain its monopoly, opening the U.S. Social Advertising Market to meaningful competition. Advertiser Plaintiffs explained this at length in their motion, and Meta had nothing to say about it, instead continuing to talk about "improvements" and "benefits" measured against some never-theorized but-for world that is neither the legally correct one, nor the one analyzed by Dr. Williams and Advertiser Plaintiffs' other experts.

Dr. Tucker's opinions should be excluded.

**ARGUMENT**

**I.    DR. TUCKER'S OPINIONS ABOUT SOCIAL ADVERTISING ARE UNRELIABLE**

Facebook's first assertion is that Dr. Tucker "reliably and correctly opined that not all ads Meta sold during the class period were 'social.'" Opp. at 4-8. This is a surprising argument—████████████████████████████████████████████████████, and Facebook has repeatedly asserted in this case that there's no such thing as social advertising, and there's no way to reliably identify it. What Dr. Tucker said in her report was that ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ Dr. Tucker's own view of social advertising was that ███

2

Case No. 3:20-cv-08570-JD          Advertiser Plaintiffs' Reply in Support of Their Motion
                                                to Exclude Tucker Report and Testimony

1  ██████████████████████████████████████ and as a result ████████████
2  ████████████████████████████████████████

3  It now appears that Facebook and its economic expert have changed their mind. They *do* agree
4  that social advertising is something that exists, and affirmatively assert that it can be "reliably and
5  correctly" identified, ████████████████████. *See* Opp. at 4-6. In fact, Facebook now asserts
6  that ███████████████████████████████████████████████████████████████████
7  ████████████████████████████████████████████████████.[2] The fact that Facebook and
8  its expert now concede that social advertising can be "reliably and correctly" identified, and that it
9  comprises ████████████████████████████████████████████████████████, is a
10 significant admission that weighs in favor of class certification—but it does not help the admissibility
11 of Dr. Tucker's report and testimony.

12  In reality, Dr. Williams opined that all of the ads sold by Facebook during the Class Period
13 were within the Social Advertising Market based on a lengthy economic analysis that introduced
14 social data and the social graph, Williams Rpt. (Mot. Ex. 1) ¶¶ 17-21; described social advertising
15 sold by Facebook, *id.* ¶¶ 22-53, and social advertising sold by other firms, *id.* ¶¶ 54-68; identified
16 products that are not social advertising, and explained why they are not, *id.* ¶¶ 69-126; and
17 economically defined a relevant antitrust market using the Horizontal Merger Guidelines
18 methodology, a SSNIP test, and the *Brown Shoe* factors, *id.* ¶¶ 127-33 (market definition overview),
19 134-43 (Horizontal Merger Guidelines and SSNIP), 144-211 (*Brown Shoe* analysis). Dr. Tucker never
20 responded to any of this. *See* Tucker Rpt. ¶¶ 21-29; Tucker Dep. (Reply Ex. 1) 11:12-21:22. And
21 indeed, the avowed basis—explained under oath by Dr. Tucker—as to why, in her view, some

---

[2] By Facebook's own analysis, it is able to determine ████████████████████
████████████████████████████████████████████████████████████████████████
████████████████████████████████. If Facebook's new argument that social advertising exists;
that it is uniquely identifiable ████████████████████; and that Facebook █████████
████████████████████████ is countenanced, this appears to concede that there is
a definite (and very large) group of commonly-injured advertisers who were overcharged due to
Facebook's Social Advertising Market monopoly. Facebook's new argument is that the proper class
of overcharged Facebook advertisers is ██████ than that proposed by Advertiser Plaintiffs—but is
still a definite, ascertainable, and commonly overcharged class of people who purchased ads from
Facebook during the Class Period. No individualized issues are presented by Facebook's new
████████████ definition of social advertising.

1  Facebook advertisements were not "social" was because Dr. Tucker believed that ▉
2  ▉
3  ▉ But *that* opinion is
4  indisputably without any basis at all: Dr. Tucker repeatedly testified that she has no clue what is
5  actually used to ▉
6  ▉ and she further testified that
7  her private definition of ▉
8  ▉[3]

9      Facebook offers no serious response to the fact that its own expert did not—and does not—
10 know anything about ▉
11 ▉ *See generally* Mot. 4-8. And what Facebook *does*
12 say, both on the relevance of this issue and the scope of Dr. Tucker's ignorance, is contrary to Dr.
13 Tucker's own testimony. Compare:

| **Facebook's *Daubert* Opposition** | **Dr. Tucker's Testimony** |
|---|---|
| Advertisers take issue with Tucker's testimony on which Meta ads are social because she purportedly "lack[s] basic knowledge about the very ad systems and formats" she discusses. Mot. 7-8. The only example Advertisers provide in support of this criticism is the fact that Tucker had not ▉ ▉ for a single format of Meta advertising, ▉ Mot. 7. Advertisers provide no explanation of why Tucker would have been required to study this specific piece of technical information concerning a single ad format in order to opine, as she did, that other types of Meta ads do not fit Advertisers' description of "social" | Q. ▉<br><br>A. ▉.[5]<br><br>Q. ▉<br><br>A. ▉[6] |

---

[3] Dr. Tucker's opinion on this point is not just baseless, it is contrary to ▉
▉
▉
[5] Tucker Dep. 82:25-83:8.
[6] Tucker Dep. 107:13-23 (objection omitted).

4

Case No. 3:20-cv-08570-JD                    Advertiser Plaintiffs' Reply in Support of Their Motion
                                                      to Exclude Tucker Report and Testimony

| | |
|---|---|
| advertisements.[4] | Q. ███████████████████<br>███████████████████<br><br>A. ███████████████████<br>███████████████████<br>███████████████████<br>███████████<br><br>Q. ███████████████████<br>███████████████████<br><br>A. ████ [7]<br>Q. ███████████████████<br>███████████████████<br>███████████████████<br>████<br><br>A. ███████████████████<br>███████████████████[8] |

## II. DR. TUCKER OFFERS NO RELIABLE OPINIONS REGARDING DR. WILLIAMS'S INJURY AND DAMAGES ANALYSES

In Section II of its opposition, Facebook concedes that Dr. Tucker did not analyze what Dr. Williams actually did in conducting his injury and damages analysis—██████████████████ ████████████████████████████████████████████████████████████████████████ ████████████████████████ *See* Opp. at 9-11. In lieu of rebutting Advertiser Plaintiffs' actual motion, Facebook regurgitates several legal arguments from its class certification opposition that are unsupported by Dr. Tucker's analysis—and that are wrong.

As explained in Advertiser Plaintiffs' *Daubert* motion, Dr. Williams used a scientifically reliable methodology—████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████ This analysis, by its terms, determines the amount of price inflation ***due to the conduct charged in this case—that Facebook anticompetitively***

---

[4] Opp. at 7-8.
[7] Tucker Dep. 108:1-17 (objection omitted).
[8] Tucker Dep. 31:11-19.

5

Case No. 3:20-cv-08570-JD                         Advertiser Plaintiffs' Reply in Support of Their Motion
                                                              to Exclude Tucker Report and Testimony

1  *maintained its Social Advertising Market monopoly during the Class Period*. Advertiser Plaintiffs
2  allege, and Dr. Williams analyzed, a course of conduct by Facebook that (i) maintained Facebook's
3  Social Advertising Market monopoly throughout the Class Period, and (ii) was illegal under the
4  Sherman Act. Williams Rpt. ¶¶ 6-7, 13-15; Dkt. 643 (Class Cert. Mot.) at 5-11, 19. This is what
5  Advertiser Plaintiffs will prove at trial in this case, and if proved, Advertiser Plaintiffs will have
6  shown that Facebook illegally maintained a monopoly in the Social Advertising Market, using
7  identified acts, during the Class Period.
8        Dr. Tucker, by Facebook's own admission, did not analyze Dr. Williams's actual
9  methodology. *See* Opp. at 10 (criticizing Advertiser Plaintiffs for "suggesting that Tucker should have
10 joined their experts in evaluating the wrong question"). For that reason alone, her opinions regarding
11 Dr. Williams's injury and damages analysis are irrelevant and unhelpful to the Court. *See Clear-View*
12 *Techs. Inc. v. Rasnick*, 2015 WL 3509384, at *2 (N.D. Cal. Jun. 3, 2015) ("a defendant's rebuttal
13 expert is limited to offering opinions rebutting and refuting the theories set forth by plaintiff's
14 expert(s)"); *see Wadler v. Bio-Rad Lab'ys, Inc.*, 2016 WL 6070530, at *3 (N.D. Cal. Oct. 17, 2016)
15 ("The test of whether an expert's opinion constitutes rebuttal or a 'new' opinion . . . [is] whether a
16 rebuttal attempts to put forward new theories outside the scope of the report it claims to rebut.").
17       To the extent Dr. Tucker offers any testimony purportedly targeted at Dr. Williams's injury
18 and damages methodology—for example, her argument that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
19 ▓▓▓—this is junk science at best and a parroting of incorrect legal arguments at worst. Economically,
20 it's contrary to Dr. Tucker's own testimony ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
21 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
22 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
23 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
24 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
25 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. Facebook may dispute whether, at trial, Advertiser Plaintiffs will be able to
26 prove that Facebook performed the exclusionary acts charged by Advertiser Plaintiffs, and/or that
27 these exclusionary acts did not cause Facebook to maintain its monopoly during the Class Period, but
28 that is indisputably what Advertiser Plaintiffs are alleging.

6

Case No. 3:20-cv-08570-JD        Advertiser Plaintiffs' Reply in Support of Their Motion
                                                         to Exclude Tucker Report and Testimony

In any event, Dr. Tucker's opinions on ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ are not the stuff of economics at all. They read like they were drawn straight from the mouths of Facebook's lawyers, and this is a separate basis for exclusion. *See Waymo LLC v. Uber Techs., Inc.*, 2017 WL 5148390, at *2 (N.D. Cal. Nov. 6, 2017) (excluding testimony that "made the same arguments that the lawyers can make based on other evidence in the case that can speak for itself").

### III. DR. TUCKER'S OPINIONS REGARDING ALLEGED "BENEFITS" FROM FACEBOOK'S ANTICOMPETITIVE CONDUCT SHOULD BE EXCLUDED

In the final section of its opposition, Facebook claims that Dr. Tucker "reliably and correctly opined that many class members benefited from the challenged conduct." Opp. at 11-14. It is hard to understand how Facebook could possibly argue this, given that its brief does not challenge—or even directly acknowledge—the fundamental problem with Dr. Tucker's opinions on alleged product improvement, which is that Dr. Tucker never even purported to analyze ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. This is a monopoly maintenance case; it is bizarre and unreliable for Facebook's expert to opine that the ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. After all, ***that*** is the relevant injury: during the Class Period, were Facebook advertisers worse off in the actual world than they would have been if Facebook didn't engage in its charged conduct, and thereby lost its monopoly? Indeed, that is both the legally relevant question and the economically relevant one—and it is the question ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇.

This simple fact, explained at length in Advertiser Plaintiffs' *Daubert* motion, Mot. at 10-13, is wholly ignored by Facebook, Opp. At 11-14—because it has no response for it. Advertiser Plaintiffs' contention on this score was and is unquestionably correct. Facebook's expert never opined on the correct issue in connection with alleged ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ and as a result Facebook has no expert testimony on the legally correct measure of advertiser injury here, and no expert testimony actually analyzing, let alone rebutting, Dr. Williams's injury analysis.

In the absence of any testimony—or any evidence at all—on whether ███████████ ████████████████████████████████████████████████████, Facebook lards its opposition with a series of red herrings. For example, citing to ███████████ ████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████ ██ Facebook asserts that "Advertisers have alleged an improvement to Meta's advertising offerings." Opp. at 12. But Facebook cannot assert—████████████████████████ ██████████████████████████████████ and that is the only thing that matters in evaluating *whether advertisers were injured by the monopoly maintenance scheme at issue in this case*. This is a point made by Advertiser Plaintiffs' own experts, including Professor Gans, *see* Mot. at 10 (citing Gans Reply (Mot. Ex. 4) ¶¶ 18-21, 29; Williams Reply (Mot. Ex. 5) ¶¶ 72-79), and Facebook has no serious response to it.

Here too, Dr. Tucker simply failed to address what Dr. Williams actually analyzed, and what Advertiser Plaintiffs will actually seek to prove at trial in this case. Dr. Tucker offers no reliable testimony—or any testimony, as Facebook's opposition makes clear—on any ████████████ ████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████ On the other hand, Advertiser Plaintiffs' experts squarely addressed this issue—and reliably so.

## CONCLUSION

For the foregoing reasons, Advertiser Plaintiffs respectfully request that the Advertiser Class Rebuttal Report of Catherine Tucker, as well as any related testimony, be excluded.

**FILED UNDER SEAL**

Dated: November 3, 2023

| | |
|---|---|
| **BATHAEE DUNNE LLP**<br><br>By: */s/ Yavar Bathaee*<br>Yavar Bathaee (CA 282388)<br>yavar@bathaeedunne.com<br>Andrew C. Wolinsky (CA 345965)<br>awolinsky@bathaeedunne.com<br>Andrew M. Williamson (CA 344695)<br>awilliamson@bathaeedunne.com<br>Adam Ernette (*pro hac vice*)<br>aernette@bathaeedunne.com<br>Priscilla Ghiță (*pro hac vice*)<br>pghita@bathaeedunne.com<br>Chang Hahn (*pro hac vice*)<br>chahn@bathaeedunne.com<br>445 Park Avenue, 9th Floor<br>New York, NY 10022<br>Tel.: (332) 322-8835<br><br>Brian J. Dunne (CA 275689)<br>bdunne@bathaeedunne.com<br>Edward M. Grauman (*pro hac vice*)<br>egrauman@bathaeedunne.com<br>901 South MoPac Expressway<br>Barton Oaks Plaza I, Suite 300<br>Austin, TX 78746<br>Tel.: (213) 462-2772<br><br>Allison Watson Cross (CA 328596)<br>across@bathaeedunne.com<br>3420 Bristol St, Ste 600<br>Costa Mesa, CA 92626-7133<br><br>*Interim Co-Lead Counsel for the Advertiser Classes*<br><br>**LEVIN SEDRAN & BERMAN LLP**<br><br>Keith J. Verrier (*pro hac vice*)<br>kverrier@lfsblaw.com<br>Austin B. Cohen (*pro hac vice*)<br>acohen@lfsblaw.com<br>510 Walnut Street, Suite 500<br>Philadelphia, PA 19106-3997<br>Tel.: (215) 592-1500<br><br>*Members of Executive Committee for the Advertiser Classes* | **SCOTT+SCOTT**<br>**ATTORNEYS AT LAW LLP**<br><br>By: */s/ Amanda F. Lawrence*<br>Amanda F. Lawrence (*pro hac vice*)<br>alawrence@scott-scott.com<br>Patrick J. McGahan (*pro hac vice*)<br>pmcgahan@scott-scott.com<br>Michael P. Srodoski (*pro hac vice*)<br>msrodoski@scott-scott.com<br>156 South Main Street, P.O. Box 192<br>Colchester, CT 06415<br>Tel.: (860) 537-5537<br><br>Patrick J. Coughlin (CA 111070)<br>pcoughlin@scott-scott.com<br>Carmen A. Medici<br>cmedici@scott-scott.com<br>Hal D. Cunningham (CA 243048)<br>hcunningham@scott-scott.com<br>Daniel J. Brockwell (CA 335983)<br>dbrockwell@scott-scott.com<br>600 W. Broadway, Suite 3300<br>San Diego, CA 92101<br>Tel.: (619) 233-4565<br><br>Patrick J. Rodriguez (*pro hac vice*)<br>prodriguez@scott-scott.com<br>230 Park Avenue, 17th Floor<br>New York, NY 10169<br>Tel.: (212) 223-6444<br><br>**AHDOOT & WOLFSON, PC**<br><br>Tina Wolfson (CA 174806)<br>twolfson@ahdootwolfson.com<br>Robert Ahdoot (CA 172098)<br>rahdoot@ahdootwolfson.com<br>Theodore W. Maya (CA 223242)<br>tmaya@ahdootwolfson.com<br>Henry J. Kelson (*pro hac vice*)<br>hkelston@ahdootwolfson.com<br>2600 West Olive Avenue, Suite 500<br>Burbank, CA 91505<br>Tel.: (310) 474-9111 |

9

Case No. 3:20-cv-08570-JD    Advertiser Plaintiffs' Reply in Support of Their Motion to Exclude Tucker Report and Testimony

**FILED UNDER SEAL**

**FILER ATTESTATION**

I am the ECF user who is filing this document. Pursuant to Civil L.R. 5-1(h)(3), I hereby attest that each of the other signatories have concurred in the filing of the document.

Dated: November 3, 2023          By: */s/ Brian J. Dunne*

10

Case No. 3:20-cv-08570-JD         Advertiser Plaintiffs' Reply in Support of Their Motion to Exclude Tucker Report and Testimony