**FILED UNDER SEAL**

| | |
|---|---|
| **BATHAEE DUNNE LLP**<br>Yavar Bathaee (CA 282388)<br>yavar@bathaeedunne.com<br>Andrew C. Wolinsky (CA 345965)<br>awolinsky@bathaeedunne.com<br>445 Park Avenue, 9th Floor<br>New York, NY 10022<br>Tel.: (332) 322-8835<br><br>Brian J. Dunne (CA 275689)<br>bdunne@bathaeedunne.com<br>Edward M. Grauman (*pro hac vice*)<br>egrauman@bathaeedunne.com<br>901 South MoPac Expressway<br>Barton Oaks Plaza I, Suite 300<br>Austin, TX 78746<br>Tel.: (213) 462-2772<br><br>(Additional counsel on signature page)<br><br>*Interim Co-Lead Counsel for the Advertiser Classes* | **SCOTT+SCOTT ATTORNEYS AT LAW LLP**<br>Amanda F. Lawrence (*pro hac vice*)<br>alawrence@scott-scott.com<br>Patrick J. McGahan (*pro hac vice*)<br>pmcgahan@scott-scott.com<br>Michael P. Srodoski (*pro hac vice*)<br>msrodoski@scott-scott.com<br>156 South Main Street, P.O. Box 192<br>Colchester, CT 06415<br>Tel.: (860) 537-5537<br><br>Patrick J. Coughlin (CA 111070)<br>pcoughlin@scott-scott.com<br>Carmen A. Medici<br>cmedici@scott-scott.com<br>Hal D. Cunningham (CA 243048)<br>hcunningham@scott-scott.com<br>Daniel J. Brockwell (CA 335983)<br>dbrockwell@scott-scott.com<br>600 W. Broadway, Suite 3300<br>San Diego, CA 92101<br>Tel.: (619) 233-4565<br><br>(Additional counsel on signature page) |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MAXIMILIAN KLEIN, *et al*.,<br><br>Plaintiffs,<br><br>vs.<br><br>META PLATFORMS, INC.,<br><br>Defendant. | Consolidated Case No. 3:20-cv-08570-JD<br><br>**ADVERTISER PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO EXCLUDE OPINIONS OF DR. HOCHBERG**<br><br>Hearing Date: December 14, 2023<br>Hearing Time: 10:00 a.m.<br>Courtroom: 11, 19th Floor<br>Judge: The Honorable James Donato |

**FILED UNDER SEAL**

**TABLE OF CONTENTS**

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................ 1

ARGUMENT ................................................................................................................................. 1

I.    DR. HOCHBERG'S FALSE CLAIM THAT FIRMS WITH MONOPOLY POWER HAVE NECESSARILY ENGAGED IN ANTICOMPETITIVE CONDUCT DEMONSTRATES HER LACK OF QUALIFICATIONS AND RENDERS SECTION III OF HER REPORT AND THE OPINIONS EXPRESSED THEREIN UNRELIABLE ........ 1

    A.    Dr. Hochberg Failed to Understand that Monopoly Power and Anticompetitive Conduct Are Not the Same Thing ................................................... 1

    B.    Dr. Hochberg Is Not Qualified ................................................................................. 3

    C.    Dr. Hochberg's Misunderstanding of Monopoly Power Permeates Her Entire Report ....................................................................................................................... 4

II.    DR. HOCHBERG'S EMPIRICAL ANALYSIS OF OTHER FIRMS' ECONOMIC PROFITABILITY IS JUNK SCIENCE .................................................................................... 5

II.    SECTIONS V AND VI OF DR. HOCHBERG'S REPORT ARE NOT EXPERT OPINIONS .................................................................................................................................... 7

CONCLUSION ............................................................................................................................. 9

ii

ADVERTISER PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF
MOTION TO EXCLUDE OPINIONS OF DR. HOCHBERG – Case No. 3:20-cv-08570-JD

**FILED UNDER SEAL**

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Daubert v. Merrell Dow Pharms., Inc.*,
   43 F.3d 1311 (9th Cir. 1995) .................................................................................................. 8, 9

*DZ Rsrv. v. Meta Platforms, Inc.*,
   No. 3:18-CV-04978-JD, 2022 WL 912890 (N.D. Cal. Mar. 29, 2022) (Donato, J.) ............................................................................................................................................. 8

*In re Google Play Store Antitrust Litig.*,
   No. 21-md-02981-JD, 2022 WL 17252587 (N.D. Cal. Nov. 28, 2022) (Donato, J.) ............................................................................................................................................. 1

*Kleen Prods. LLC v. Int'l Paper*,
   No. 10 C 5711, 2017 WL 2362567 (N.D. Ill. May 31, 2017) ....................................................... 3

*Schwartz v. Fortune Mag.*,
   193 F.R.D. 144 (S.D.N.Y. 2000) ................................................................................................... 8

*Waymo LLC v. Uber Techs., Inc.*,
   No. C 17-00939 WHA, 2017 WL 5148390 (N.D. Cal. Nov. 6, 2017) ................................. 8, 9

**Other Authorities**

Tim Koller, et al., *Valuation: Measuring and Managing the Value of Companies*
   (7th ed. 2020) ............................................................................................................................. 6

iii

ADVERTISER PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF
MOTION TO EXCLUDE OPINIONS OF DR. HOCHBERG – Case No. 3:20-cv-08570-JD

**FILED UNDER SEAL**

**MEMORANDUM OF POINTS AND AUTHORITIES**

Meta's[1] opposition (ECF No. 677-1; hereinafter, "Opposition" or "Opp.") confirms that the Court should act in its discretion as gatekeeper to exclude the unqualified, unreliable, irrelevant, and misleading opinions of Dr. Hochberg.

**ARGUMENT**

**I. DR. HOCHBERG'S FALSE CLAIM THAT FIRMS WITH MONOPOLY POWER HAVE NECESSARILY ENGAGED IN ANTICOMPETITIVE CONDUCT DEMONSTRATES HER LACK OF QUALIFICATIONS AND RENDERS SECTION III OF HER REPORT AND THE OPINIONS EXPRESSED THEREIN UNRELIABLE**

Dr. Hochberg misunderstands monopoly power, which is a basic concept in antitrust economics. This fundamental error alone should raise questions about Dr. Hochberg's qualifications. A review of those qualifications reveals that she is not a trained economist, nor does she have any training, coursework, or professional experience specific to monopoly power (or antitrust damages). Because monopoly power is so central to Dr. Hochberg's opinions, her definitional error requires at least Section III of her report to be excluded.

**A. Dr. Hochberg Failed to Understand that Monopoly Power and Anticompetitive Conduct Are Not the Same Thing**

As this Court is aware, in antitrust law, the possession of the power to influence prices in a given market and the acquisition of that power by anticompetitive means or use of that power for anticompetitive purposes are distinct concepts. *E.g.*, *In re Google Play Store Antitrust Litig.*, No. 21-md-02981-JD, 2022 WL 17252587, at *8 (N.D. Cal. Nov. 28, 2022) (Donato, J.) (listing "'possession of monopoly power in the relevant market'" and "'the willful acquisition or maintenance of that power'" as separate elements of Section 2 claim). The same is true for antitrust economics. *See* Declaration of Amanda F. Lawrence in Support of Advertiser Plaintiffs' Motion to Exclude Opinions of Dr. Hochberg (ECF No. 657-2, the "Mot. Decl."), Ex. 9, ¶134 (quoting commonly used textbook for definition of monopoly power: "'It is common practice to say that

---

[1] Unless otherwise indicated, capitalized terms have the meanings defined in Advertisers' opening brief. ECF No. 657-1 ("Mot."). Additionally, unless otherwise indicated, emphases are added, and citations are omitted.

1

ADVERTISER PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF
MOTION TO EXCLUDE OPINIONS OF DR. HOCHBERG – Case No. 3:20-cv-08570-JD

**FILED UNDER SEAL**

1 whenever a firm can profitably set its price above its marginal cost without making a loss, it has
2 monopoly power or market power.'"); *id.*, ¶135 (quoting same textbook for distinction between
3 monopoly power and anticompetitive conduct: "'It is a common mistake to think that the antitrust
4 laws prohibit monopoly. They do not; however, they do prohibit certain actions that could allow a
5 firm to acquire or maintain monopoly power.'").

      Dr. Hochberg clearly conflates these two distinct concepts. She notes:

[redacted]

13 Mot. Decl., Ex. 1, ¶33. This critique of Advertisers' experts' methodology is both circular
14 ([redacted]
15 [redacted]) and reveals Dr. Hochberg's critical
16 misunderstanding. Indeed, things such as [redacted]
17 [redacted] are not factors completely unrelated to monopoly power. This is because a
18 firm can obtain monopoly power through legitimate means, and Dr. Hochberg's report repeatedly
19 says [redacted].

      Meta's counsel attempts to rewrite Dr. Hochberg's plainly stated opinion, protesting that she
21 does ***not*** assume that in order for a firm to have monopoly power, it necessarily must have engaged
22 in anticompetitive conduct. Opp. at 7. But Meta then proceeds to explicitly admit that she ***does***
23 make this assumption:

> Hochberg showed in evaluating over 1,000 firms is that it is "not uncommon to see successful companies across many industries" – including several with profitability measures at or above the levels that Williams asserts are [redacted] [Dr. Hochberg's] analysis undermines the Kreitzman-Williams conclusion that Meta's profitability demonstrates ***unlawful*** monopoly power.

27 *Id.* at 10. However, neither Mr. Kreitzman nor Dr. Williams offered the opinion that Meta's EPR
28 demonstrated its "unlawful monopoly power." To the contrary, Dr. Williams offered the opinion

2

ADVERTISER PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF
MOTION TO EXCLUDE OPINIONS OF DR. HOCHBERG – Case No. 3:20-cv-08570-JD

1  that ████████████████████████████████████████████████████████████████
2  ████████████████████████████████████████████████████████████████████████
3  ████████████████████████████████████████████████████████████████████████
4  ██████████████████████████████████████████████ Mot. Decl., Ex. 9, ¶142.
5  Dr. Williams, thus, ████████████████████████████████████████████████████
6  ██████████████████████████████ Dr. Hochberg, however, does not make this distinction and thus
7  makes a fundamental mistake: her plainly stated opinion is that ████████████████████████
8  ████████████████████████████████████
9  In fact, Meta admits this is true and that Dr. Hochberg's opinion is that ████████████
10  ████████████████████████████████████████████████████████████████ stating:

> That 17 firms in Hochberg's analysis had an EPR or ROCE-WACC of █% or that 14 firms had ROCE-WACC of █% during the class period is consistent with Hochberg's opinion, not Kreitzman's and Williams's, that Meta's profitability level does not [provide] evidence [of] *unlawful* monopoly – not unless all 17 of those firms are *unlawful* monopolists too.

Opp. at 10. As Meta states at the bottom, Dr. Hochberg's opinion is that "profitability alone evinces nothing about *unlawful* monopoly power at all." *Id.* at 7. This opinion is tainted by her fundamental misunderstanding of monopoly power, and like the remainder of Dr. Hochberg's opinions, should be excluded.

**B.  Dr. Hochberg Is Not Qualified**

Dr. Hochberg's error about the meaning of a basic concept so critical to her opinion flatly reveals that she is simply not qualified to be an expert here. In order to get around this, Meta suggests that Dr. Hochberg is qualified because she "specifically researches and teaches about firm entry, competition, and innovation" as an expert on "entrepreneurship." Opp. at 5-6. However, as Advertisers note in the Motion, ████████████████████████████████████████████████████
████████████████████████████ Mot. at 6 (████████████████████████████████████
████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████). This is enough to exclude Dr. Hochberg's opinions. *See, e.g., Kleen Prods. LLC v. Int'l Paper*, No. 10 C 5711, 2017 WL 2362567, at *24 (N.D. Ill. May 31, 2017) (excluding testimony of rebuttal expert

3

ADVERTISER PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF
MOTION TO EXCLUDE OPINIONS OF DR. HOCHBERG – Case No. 3:20-cv-08570-JD

1 who admitted at deposition that he "is not an antitrust expert"). Meta's attempt to stretch the field
2 of entrepreneurship to cover ▇▇▇▇▇ is thus facially implausible.

      C.    **Dr. Hochberg's Misunderstanding of Monopoly Power Permeates Her Entire Report**

Far from Plaintiffs "nitpicking" Dr. Hochberg's word choice as to a tangential topic, monopoly power (specifically Advertisers' experts' methodology for determining whether Meta had monopoly power) is *critical* to all three of Dr. Hochberg's principal opinions in her report:[2]

- ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Mot. Decl., Ex. 1, ¶2;
- ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ *Id.*, ¶3; and
- ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ *Id.*, ¶4.

In fact, Dr. Hochberg's ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ *See, e.g., id.*, ¶36 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Mot. Decl., Ex. 9, ¶137. All three opinions include the incorrect assumption or belief that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

---

[2] ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ *See* Section III, below.

4

ADVERTISER PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF
MOTION TO EXCLUDE OPINIONS OF DR. HOCHBERG – Case No. 3:20-cv-08570-JD

**FILED UNDER SEAL**

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ *See* Mot. at 9 n.11. All three must, therefore, be excluded.

## II. DR. HOCHBERG'S EMPIRICAL ANALYSIS OF OTHER FIRMS' ECONOMIC PROFITABILITY IS JUNK SCIENCE

As explained in Advertisers' opening brief, Dr. Williams draws direct evidence of Meta's monopoly power from, among other things, three distinct empirical observations: ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Mot. at 10-11. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Mot. Decl., Ex. 1, ¶¶38-39. Instead, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ *See* Mot. Decl., Ex. 9, ¶147, Figure 4 & ¶153, Figure 7. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ (*id.*, ¶151, Figure 6):

[Figure redacted]

5

ADVERTISER PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF
MOTION TO EXCLUDE OPINIONS OF DR. HOCHBERG – Case No. 3:20-cv-08570-JD

**FILED UNDER SEAL**

Unable to diminish the significance of this data through valid statistical inference, Dr. Hochberg (and Meta's Opposition) move the goalposts, attacking opinions that Dr. Williams and Mr. Kreitzman never gave. These attacks are unhelpful to the factfinder and warrant exclusion.

***First***, Dr. Hochberg is clearly unqualified to provide opinions regarding economic profits. Dr. Hochberg testified that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Mot. Decl., Ex. 2 at 60. Dr. Hochberg is wrong. As correctly stated in a well-known textbook by experts from McKinsey & Company, the correct definition of economic profits is as follows:

Economic Profit = Invested Capital × (ROIC − Cost of Capital).

In other words, economic profit is the spread between the return on invested capital ("ROIC") and the cost of capital times the amount of invested capital.[3]

Dr. Hochberg's definition is not just wrong – it is nonsensical. A critical aspect of calculating a firm's economic profits is to subtract the opportuning cost of capital (*i.e.*, Invested Capital × Cost of Capital) from the firm's ROIC. Ex. 1 at 17. Dr. Hochberg's unique definition ▮▮▮▮▮▮▮. The fact that she was incapable of correctly defining the elementary but critical concept of economic profits demonstrates that she is unqualified to offer opinions on the work of Mr. Kreitzman and Dr. Williams that uses and relies on the correct definition of economic profits.

***Second***, Dr. Hochberg contends that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Mot. Decl., Ex. 1, ¶37. But this is irrelevant; ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. *Id.*, ¶38, Figure 1.

---

[3] Tim Koller, et al., *Valuation: Measuring and Managing the Value of Companies* (7th ed. 2020) at 41 (attached as Exhibit 1 to the Declaration of Amanda F. Lawrence in Support of Advertiser Plaintiffs' Reply Memorandum, filed concurrently herewith).

1     *Third*, Dr. Hochberg and Meta argue the inference of monopoly power as to Meta fails unless Advertisers prove "all 17 of those firms . . . are unlawful monopolists too." Opp. at 10; Mot. Decl., Ex. 1, ¶40. Again, Dr. Hochberg, and apparently Meta, fail to appreciate the difference between monopoly power and unlawful monopolization. Mot. Decl., Ex. 9, ¶157.

    As for Dr. Hochberg's yardstick damages analyses (Tables 3, 4, and 5), Meta's sole opposition is that Advertisers' "criticisms do not make sense" because Dr. Hochberg "is not positing an alternative yardstick model" and is instead mirroring the supposed "conceptual problems" with Williams' and Kreitzman's approach. Opp. at 11. But as explained in Advertisers' opening brief, Dr. Hochberg *specifically did not* follow Williams' and Kreitzman's methodology. Mot. at 12. Rather, she ███████████████████████████████████████████████████████████████████████

    Furthermore, Meta states that "Advertisers criticize Hochberg for supposedly 'cherry picking' data from ████████████████ to show that persistently positive EPRs and ROCE in excess of WACC are common. But Hochberg identified over 1,000 firms with such characteristics." Opp. at 10. Again, this is nonsense. Plaintiffs did not criticize Hochberg for cherry picking firms with *positive* EPRs. ████████████████████████████████████████████████████████████

███████████ Mot. at 11.[4]

## II. SECTIONS V AND VI OF DR. HOCHBERG'S REPORT ARE NOT EXPERT OPINIONS

    As Advertisers previously observed, "[s]omething doesn't become 'scientific knowledge' just because it's uttered by a scientist; nor can an expert's self-serving assertion that his conclusions were 'derived by the scientific method' be deemed conclusive" to justify the admissibility of specific purported expert testimony. Mot. at 4 (quoting *Daubert v. Merrell Dow Pharms., Inc.*, 43 F.3d 1311,

---

[4] In a footnote, Meta states: "Advertisers also briefly suggest that Hochberg's EPR calculations contain supposed errors concerning minutiae such as the accounting treatment of 'inventory' 'in the Homebuilding industry.'" Opp. at 11 n.5. Meta is wrong – far from being "minutiae," Dr. Hochberg's inability to understand and implement the EPR methodology is proven by her mistakes in calculating EPRs. Dr. Hochberg's mistakes demonstrate that "Dr. Hochberg failed in her attempt to use my methodology for calculating EPRs." Mot. Decl., Ex. 8, ¶11.

7

ADVERTISER PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF
MOTION TO EXCLUDE OPINIONS OF DR. HOCHBERG – Case No. 3:20-cv-08570-JD

**FILED UNDER SEAL**

1315-16 (9th Cir. 1995)). Accordingly, an "expert's bald assurance of validity is not enough. Rather, the party presenting the expert must show that the expert's findings are based on sound science, and this will require some objective, independent validation of the expert's methodology." *Daubert*, 43 F.3d at 1316. That is because the presentation of an expert witness inherently risks the likelihood that the testimony will "'carry special weight with the jury,'" especially when faulty opinions are submitted under the "misleading façade of expertise." *Waymo LLC v. Uber Techs., Inc.*, No. C 17-00939 WHA, 2017 WL 5148390, at *5 (N.D. Cal. Nov. 6, 2017).

Thus, the Court should exclude an expert that "does not offer any specialized or scientific expertise, or anything beyond the typical knowledge and experience of a jury." *DZ Rsrv. v. Meta Platforms, Inc.*, No. 3:18-CV-04978-JD, 2022 WL 912890, at *9 (N.D. Cal. Mar. 29, 2022) (Donato, J.). And as Meta has argued to this Court in other contexts,[5] basic multiplication and arithmetic are well within the ability of the typical juror. *See DZ Rsrv.*, 2022 WL 912890, at *9 (excluding expert that "used a price premium figure that he did not calculate, and merely applied it in an obvious fashion to the amount of money plaintiffs are said to have spent on advertising"); *Schwartz v. Fortune Mag.*, 193 F.R.D. 144, 147 (S.D.N.Y. 2000) (rejecting accountant's testimony that "was not based on any specialized knowledge, but rather involved basic calculations"); *Waymo LLC*, 2017 WL 5148390, at *5 ("Wagner simply adopted the opinions of others and performed grade-school arithmetic counsel can do on an easel. Where is any specialized knowledge? There is none.").

The opinions contained in Sections V and VI of Dr. Hochberg's report fit squarely into this category of inadmissible lay testimony. Devoid of reference to the factual record or academic literature, Dr. Hochberg makes no attempt to ground the reliability of her conclusions in the facts of the case or the relevant scholarly principles. Rather, at deposition, ████████

████████

████████ (Mot. Decl., Ex. 1, ¶63) – █

████████

---

[5] *DZ Rsrv. v. Meta Platforms, Inc.*, No. 3:18-CV-04978-JD, ECF No. 373 (N.D. Cal. Mar. 4, 2022), at 3-5 (arguing "The Factfinder Does Not Need [Proffered Expert] To Do Basic Multiplication" and collecting authorities).

8

ADVERTISER PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF
MOTION TO EXCLUDE OPINIONS OF DR. HOCHBERG – Case No. 3:20-cv-08570-JD

**FILED UNDER SEAL**

Mot. Decl., Ex. 2 at 117:11. Any juror can observe that Advertisers do in fact seek ▮▮▮ for their monopoly maintenance damages. Contrary to Meta's contention that Advertisers have somehow conceded that they fail class certification (Opp. at 12), the Court should not permit Dr. Hochberg to dress this observation (to the extent it carries any probative value) in the conclusive veneer of ▮▮▮

▮▮▮. Mot. Decl., Ex. 2 at 117:8-9, 117:23-24, 118:5-8.

Similarly, Dr. Hochberg's revised EPR calculations in Section VI are precisely the "misleading façade of expertise" courts regularly exclude under the *Daubert* standard. *See Waymo LLC*, 2017 WL 5148390, at *5. By her own admission, Dr. Hochberg ▮▮▮ Mot. Decl., Ex. 2 at 119:2-120:22, 122:5-123:25. ▮▮▮

*Id.* at 121:8-123:25; *see also* Mot. at 13 n.14. Rather, Dr. Hochberg ▮▮▮. Mot. Decl., Ex. 2 at 121:8-123:25. However, that Meta requested Dr. Hochberg to consider only how Consumers' damages claim (presumably for the sole reason that Consumers are consolidated with Advertisers in this case) would impact costs (and nothing else) merely demonstrates that her opinion is "nothing more than uncritical acceptance of other evidence in the case, which can speak for itself, plus some basic arithmetic." *Waymo LLC*, 2017 WL 5148390, at *6.

## CONCLUSION

For the foregoing reasons, the Court should exclude the testimony of Dr. Hochberg as unqualified. To the extent the Court determines Dr. Hochberg is qualified as an expert in monopoly

9

ADVERTISER PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF
MOTION TO EXCLUDE OPINIONS OF DR. HOCHBERG – Case No. 3:20-cv-08570-JD

**FILED UNDER SEAL**

power and antitrust damages, it should exclude the opinions expressed in Sections III, V, and VI of her report on the grounds set forth herein.

Dated: November 3, 2023

**BATHAEE DUNNE LLP**

By: /s/ Yavar Bathaee
Yavar Bathaee (CA 282388)
yavar@bathaeedunne.com
Andrew C. Wolinsky (CA 345965)
awolinsky@bathaeedunne.com
Andrew M. Williamson (CA 344695)
awilliamson@bathaeedunne.com
Adam Ernette (*pro hac vice*)
aernette@bathaeedunne.com
Priscilla Ghiță (*pro hac vice*)
pghita@bathaeedunne.com
Chang Hahn (*pro hac vice*)
chahn@bathaeedunne.com
445 Park Avenue, 9th Floor
New York, NY 10022
Tel.: (332) 322-8835

Brian J. Dunne (CA 275689)
bdunne@bathaeedunne.com
Edward M. Grauman (*pro hac vice*)
egrauman@bathaeedunne.com
901 South MoPac Expressway
Barton Oaks Plaza I, Suite 300
Austin, TX 78746
Tel.: (213) 462-2772

Allison Watson Cross (CA 328596)
across@bathaeedunne.com
3420 Bristol St, Ste 600
Costa Mesa, CA 92626-7133

*Interim Co-Lead Counsel for the Advertiser Classes*

**LEVIN SEDRAN & BERMAN LLP**
Keith J. Verrier (*pro hac vice*)
kverrier@lfsblaw.com
Austin B. Cohen (*pro hac vice*)
acohen@lfsblaw.com
510 Walnut Street, Suite 500
Philadelphia, PA 19106-3997
Tel.: (215) 592-1500

*Members of Executive Committee for the Advertiser Classes*

**SCOTT+SCOTT ATTORNEYS AT LAW LLP**

By: /s/ Amanda F. Lawrence
Amanda F. Lawrence (*pro hac vice*)
alawrence@scott-scott.com
Patrick J. McGahan (*pro hac vice*)
pmcgahan@scott-scott.com
Michael P. Srodoski (*pro hac vice*)
msrodoski@scott-scott.com
156 South Main Street, P.O. Box 192
Colchester, CT 06415
Tel.: (860) 537-5537

Patrick J. Coughlin (CA 111070)
pcoughlin@scott-scott.com
Carmen A. Medici
cmedici@scott-scott.com
Hal D. Cunningham (CA 243048)
hcunningham@scott-scott.com
Daniel J. Brockwell (CA 335983)
dbrockwell@scott-scott.com
600 W. Broadway, Suite 3300
San Diego, CA 92101
Tel.: (619) 233-4565

Patrick J. Rodriguez (*pro hac vice*)
prodriguez@scott-scott.com
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169
Tel.: (212) 223-6444

**AHDOOT & WOLFSON, PC**
Tina Wolfson (CA 174806)
twolfson@ahdootwolfson.com
Robert Ahdoot (CA 172098)
rahdoot@ahdootwolfson.com
Theodore W. Maya (CA 223242)
tmaya@ahdootwolfson.com
Henry J. Kelson (*pro hac vice*)
hkelston@ahdootwolfson.com
2600 West Olive Avenue, Suite 500
Burbank, CA 91505
Tel.: (310) 474-9111

ADVERTISER PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF
MOTION TO EXCLUDE OPINIONS OF DR. HOCHBERG – Case No. 3:20-cv-08570-JD

**FILED UNDER SEAL**

**FILER ATTESTATION**

I am the ECF user who is filing this document. Pursuant to Civil L.R. 5-1(h)(3), I hereby attest that each of the other signatories have concurred in the filing of the document.

Dated: November 3, 2023         By:   */s/Amanda F. Lawrence*
                                      Amanda F. Lawrence

**CERTIFICATE OF SERVICE**

I hereby certify that on November 3, 2023, I caused a true and correct copy of the foregoing document to be served by electronic mail on all counsel of record.

Dated: November 3, 2023         By:   */s/Amanda F. Lawrence*
                                      Amanda F. Lawrence

11

ADVERTISER PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF
MOTION TO EXCLUDE OPINIONS OF DR. HOCHBERG – Case No. 3:20-cv-08570-JD