HAGENS BERMAN SOBOL SHAPIRO LLP
Shana E. Scarlett (Bar No. 217895)
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Email: shanas@hbsslaw.com

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Kevin Y. Teruya (Bar No. 235916)
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
Telephone: (213) 443-3000
Email: kevinteruya@quinnemanuel.com

*Interim Co-Lead Consumer Class Counsel*

[Additional Counsel Listed in Signature Block]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| MAXIMILLIAN KLEIN, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> META PLATFORMS, INC., <br><br> Defendant. <br><br> This document relates to: *All Consumer Actions* | Consolidated Case No. 3:20-cv-08570-JD <br><br> **CONSUMER PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO EXCLUDE PORTIONS OF TESTIMONY OF DR. CATHERINE TUCKER** <br><br> **[REDACTED VERSION]** <br><br> The Hon. James Donato <br><br> Hearing Date: Dec. 14, 2023, at 10:00 a.m. |

# TABLE OF ABBREVIATIONS

| Abbreviation | Referenced Document |
|---|---|
| **Ex. __** | All exhibit references are to the Declaration of Kevin Y. Teruya in Support of Consumer Plaintiffs' Motion for Class Certification and Appointment of Class Counsel; and Motion to Exclude Portions of the Expert Report and Testimony of Dr. Catherine Tucker, filed with Consumer Plaintiffs' Motion for Class Certification and Appointment of Class Counsel. |
| **Mot. Class Cert. at __** | Consumer Plaintiffs' Motion for Class Certification and Appointment of Class Counsel. |
| **Economides ¶ __** | Expert Class Certification Report of Dr. Nicholas Economides, filed with Consumer Plaintiffs' Motion for Class Certification and Appointment of Class Counsel. |
| **Economides Reply ¶ __** | Reply Expert Class Certification Report of Dr. Nicholas Economides, filed with Consumer Plaintiffs' Motion for Class Certification and Appointment of Class Counsel. |
| **Tucker ¶ __** | Expert Class Certification User Rebuttal Report of Facebook Expert Dr. Catherine Tucker, filed with Consumer Pls.' Mot. for Class Certification and Appointment of Class Counsel. |
| **Mot. at __** | Consumer Plaintiffs' Motion to Exclude Portions of the Expert Report and Testimony of Dr. Catherine Tucker. |
| **Opp'n at __** | Facebook's Opposition to User Plaintiffs' Motion to Exclude Portions of Testimony of Dr. Catherine Tucker. |
| **Opp'n to Class Cert. at __** | Facebook's Opposition to Users' Motion for Class Certification. |

CONSUMER PLS.' REPLY ISO MOT. TO
EXCLUDE TUCKER TEST. - 1
Case No. 20-CV-08570-JD

## I.      INTRODUCTION

Facebook opposes Consumer Plaintiffs' motion to exclude certain pieces of testimony by Dr. Tucker by asserting that she simply does not give the opinion. But Facebook cannot unwrite her report. Dr. Tucker's report plainly criticizes Dr. Economides's yardstick damages programs for not ███████████████████████████████████████████████████████████."[1]

Facebook now suggests that Dr. Tucker opines only on the *comparability* of these yardsticks to the relevant market, and not that the yardsticks must themselves be found *within* the relevant market.[2] But this admission is critical for two reasons. *First*, Facebook's admission contradicts its assertion in its opposition to class certification, where it again makes the argument that Plaintiffs' yardsticks are "based on an entirely separate 'market price for data' [where] Meta is not alleged to have committed anticompetitive acts."[3] *Second*, comparability of yardsticks is a heavily fact-dependent issue that Courts hold is relevant for cross-examination, not exclusion (as Facebook again argues with respect to Dr. Economides).[4]

Facebook cannot have it both ways. Either Dr. Tucker (and Facebook) are no longer making the argument that a yardstick must be within the same market to be relevant, in which case those pieces of her opinion and page nineteen of the opposition to class certification must be excluded; or Dr. Tucker (and Facebook) are still making this argument, which is heavily undermined by all academic literature and Dr. Tucker's admissions at deposition, in which case the opinions must also be excluded.

## II.     ARGUMENT

**A.     Facebook concedes yardsticks are from outside the relevant market, and Dr. Tucker's opinion to the contrary must be excluded.**

As Consumer Plaintiffs outlined in their opening motion, the yardstick methodology—where an expert "computes antitrust damages by comparing the prices paid by plaintiffs with those paid by

---

[1] Tucker at p. 149, Sec. VII.A.1.

[2] Opp'n at 3.

[3] Opp'n to Class Cert. at 19.

[4] *See Image Tech. Servs., Inc. v. Eastman Kodak Co.*, 125 F.3d 1195, 1221 (9th Cir. 1997); *Syufy Enterprises v. Am. Multicinema, Inc.*, 793 F.2d 990, 1003 (9th Cir. 1986).

1  a consumer in a comparable market unaffected by the antitrust violation"—is "generally accepted."[5]

2  Dr. Tucker's report opposing class certification, and the use of yardsticks, focused heavily on

3  whether these yardsticks fell within the same market that is alleged to be monopolized: the personal

4  social network market. This opinion is contrary to academic support[6] and Dr. Tucker's own

5  admissions at deposition.[7]

6      Facebook now argues that Dr. Tucker never asserted that the yardsticks must be drawn from

7  the same relevant market. This is simply belied by the plain language of her report.

8      Topic VII.A from Dr. Tucker's report states: ███████████████

9  ████████████████████████████████████████

10  ███████████████And Topic VII.A.1 states: ███████████████

11  ████████████████████████████████████████

12  ███████████████"[9] This is not paraphrasing; these are the actual words in Dr.

13  Tucker's report. If Facebook wishes to withdraw these opinions from Dr. Tucker, so be it. But it

14  cannot simply pretend they were never made.

15      But unbelievably, on the same day as it filed its opposition to the motion to exclude this

16  testimony from Dr. Tucker, absolutely disclaiming any argument that "a yardstick analysis … must

17  use comparators from within the purportedly monopolized market,"[10] Facebook relied on precisely

18  this argument in opposition to class certification. In its opposition, Facebook argues:

19  > Users, however, offer no model for assessing damages attributable
20  > to conduct or harm in their proffered PSN market. Economides
    > instead ███████████████████████████

---

[5] *Nat'l ATM Council, Inc. v. Visa Inc.*, 2023 WL 4743013, at *7 (D.C. Cir. July 25, 2023); *see also* Mot. at 4.

[6] Justin McCrary and Daniel L. Rubinfeld, *Measuring Benchmark Damages in Antitrust Litigation*, 3 Journal of Econometric Methods 63-74 (2014); *In re Nw. Airlines Corp. Antitrust Litig.*, 197 F. Supp. 2d 908, 929 (E.D. Mich. 2002) (benchmarks "need not be wholly identical," just "somewhat comparable"); *Dial Corp. v. News Corp.*, 314 F.R.D. 108, 118-19 (S.D.N.Y. 2015) ("selection of perfectly comparable benchmark[s]" "impossible" as defendant's "alleged monopoly prevents comparable firms from operating within its market").

[7] Ex. 75, Tucker Dep. 296:16 – 297:4.

[8] Tucker at p. 148 (emphasis added).

[9] *Id.* at p. 149 (emphasis added).

[10] Opp'n at 1.

Case 3:20-cv-08570-JD   Document 697   Filed 11/03/23   Page 5 of 7

> ███████████████████████████████████████
> ***But Meta is not alleged to have committed anticompetitive acts in a market for*** ████████████
> much less monopolized it. And while Users never bother to delineate that amorphous market, the few examples that they give of transactions within it ████████████
> ████████████████ By Economides' own definition, these programs do not participate in (nor resemble participants in) their PSN market.[11]

To be clear, on the very same day that Facebook argued in one brief that "Catherine Tucker does ***not*** give" the opinion that a yardstick analysis "must use comparators from within the purportedly monopolized market,"[12] it also argued that Consumer Plaintiffs' yardstick methodology is flawed because the analysis involves companies from ████████████ where Facebook "is not alleged to have committed anticompetitive acts[,] . . . much less monopolized it."[13] If Facebook is not criticizing the yardsticks for being from a separate market, it is certainly difficult to understand what its criticism is.

**B.   Comparability of yardstick damages methodologies are a quintessential question of fact for a jury, subject to cross-examination and not exclusion.**

After devoting only a few sentences to defending the opinions that Dr. Tucker made (but now clearly wishes she did not), Facebook then pivots to suggesting that Dr. Economides did not provide sufficient analysis to the comparability of the twelve yardsticks he used to identify a market price for the type of user data Facebook collected. But this argument is misplaced.

The Ninth Circuit has long held that "[c]omparability is a question of fact."[14] It has twice reiterated that "[w]hether [an] 'unaffected' business properly compares to the relevant market presents a question of fact for the jury."[15] The Ninth Circuit, accordingly, refused to disturb juries'

---

[11] Opp'n to Class Cert. at 19 (emphasis added; internal citations omitted for clarity).

[12] Opp'n at 1 (emphasis added).

[13] Opp'n to Class Cert. at 19.

[14] *Syufy*, 793 F.2d at 1003.

[15] *Kodak*, 125 F.3d at 1221 (citing *Syufy*, 793 F.2d at 1003).

CONSUMER PLS.' REPLY ISO MOT. TO EXCLUDE TUCKER TEST. - 4
Case No. 20-CV-08570-JD

damages awards where "there was testimony that the two markets were comparable,"[16] and where an expert conducted analysis showing the yardsticks provided reasonable damages projections.[17]

While the comparability of the twelve data-value yardsticks has been extensively discussed in opposition to Facebook's motion to exclude this portion of Dr. Economides's testimony, Consumer Plaintiffs address it briefly again here to emphasize that Dr. Economides's yardsticks are reasonable comparators to the value of user data that Facebook collects. In calculating the competitive price Facebook would have paid Consumer Plaintiffs for their data, Dr. Economides relied on examples of twelve real-world services that collected and placed a value on comparable user data (as that collected by Facebook). The first two yardsticks are programs Facebook itself ran, and they are informative (to use Dr. Tucker's own standard) because they illustrate what the exact defendant in this case has been willing to pay users for data.[18] The remaining ten services are programs run by companies such as Google, Nielsen, Comscore, and Amazon, which collect and pay their users for the same essential type user data as what Facebook collects.[19] As Dr. Economides explains, these services yield comparable data valuations because—among other things—they collect data similar to the data Facebook collects from Consumer Plaintiffs, such as web browser history, app usage, and device data.[20] All together, these yardsticks provide a reasonable approximation of what Facebook would have paid Consumer Plaintiffs for the data it collects from them in the but-for world it prevented from existing.[21]

---

[16] *Syufy*, 793 F.2d at 1003.

[17] *Kodak*, 125 F.3d at 1222.

[18] Economides ¶¶ 375–83, 409–14.

[19] *Id.* ¶¶ 411–53, Table D1.

[20] *Id.* ¶¶ 408–11; Economides Reply ¶¶ 146–53, 173.

[21] *J. Truett Payne Co. v. Chrysler Motors Corp.*, 451 U.S. 557, 567 (1981) (recognizing that "relaxed damages rules" in antitrust cases allow "approximate" of damages); *Bigelow v. RKO Radio Pictures*, 327 U.S. 251, 265–66 (1946) (explaining that antitrust wrongdoer should not benefit from "uncertainty" its wrongdoing created as to damages); *Kodak*, 125 F.3d at 1221 (explaining that standard for proving damages in antitrust case is "relaxed" due to "market uncertainties").

### III. CONCLUSION

Admissions and concessions, more than anything, compel exclusion of Dr. Tucker's opinion. The parties mutually accept the judicially validated and economically sound yardstick damages model. The factual question of comparability is a question for the jury. Facebook cannot salvage an inherently flawed opinion by crediting snippets that are unmoored to context and economics. Accordingly, Consumer Plaintiffs request exclusion of Paragraphs 189 through 197 of Dr. Tucker's Rebuttal Opinion.

DATED: November 3, 2023

By: */s/ Shana E. Scarlett*
**HAGENS BERMAN SOBOL SHAPIRO LLP**
Shana E. Scarlett (Bar No. 217895)
    shanas@hbsslaw.com
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
(510) 725-3000

Steve W. Berman (admitted *pro hac vice*)
    steve@hbsslaw.com
1301 Second Avenue, Suite 2000
Seattle, WA 98101
(206) 623-7292

*Interim Co-Lead Consumer Class Counsel*


**LOCKRIDGE GRINDAL NAUEN P.L.L.P.**
W. Joseph Bruckner (admitted *pro hac vice*)
    wjbruckner@locklaw.com
Robert K. Shelquist (admitted *pro hac vice*)
    rkshelquist@locklaw.com
Brian D. Clark (admitted *pro hac vice*)
    bdclark@locklaw.com
Rebecca A. Peterson (Bar No. 241858)
    rapeterson@locklaw.com
Kyle Pozan (admitted *pro hac vice*)
    kjpozan@locklaw.com
Laura M. Matson (admitted *pro hac vice*)
    lmmatson@locklaw.com
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
(612) 339-6900

*Interim Counsel for the Consumer Class*

By: */s/ Kevin Y. Teruya*
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Kevin Y. Teruya (Bar No. 235916)
    kevinteruya@quinnemanuel.com
Adam B. Wolfson (Bar No. 262125)
    adamwolfson@quinnemanuel.com
Scott L. Watson (Bar No. 219147)
    scottwatson@quinnemanuel.com
Claire D. Hausman (Bar No. 282091)
    clairehausman@quinnemanuel.com
Brantley I. Pepperman (Bar No. 322057)
    brantleypepperman@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
(213) 443-3000

Michelle Schmit (admitted *pro hac vice*)
    michelleschmit@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606-1881
(312) 705-7400

Manisha M. Sheth (admitted *pro hac vice*)
    manishasheth@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, New York 10010
(212) 849-7000

*Interim Co-Lead Consumer Class Counsel*