# WILMERHALE

November 17, 2023

**Sonal N. Mehta**

+1 650 600 5051 (t)
+1 650 858 6100 (f)
sonal.mehta@wilmerhale.com

VIA ECF

The Honorable James Donato
United States District Judge for the Northern District of California
450 Golden Gate Avenue, Courtroom 11, 19th Floor
San Francisco, CA 94102

Re:     *Klein v. Meta Platforms, Inc.*, Case No. 3:20-cv-08570-JD

Dear Judge Donato:

Meta respectfully requests that the Court deny User Plaintiffs permission to bring one of their putative experts, Joseph Farrell, to the concurrent class certification expert proceeding on December 5, 2023. As it stands, the hot tub is crowded, with Users planning to bring four experts, Advertisers planning to bring another four, and Meta planning to bring three to cover both cases. The Court can alleviate some of that congestion because, based on the parties' joint statement regarding the class certification concurrent expert proceeding, Dkt. 704, there is no area of disagreement relating to market definition identified for discussion and thus no subject matter for Farrell to speak on. Nor has Meta filed a *Daubert* motion with respect to Farrell's opinions at the class certification stage.

Users purport to offer Farrell's opinion as to market definition, but Farrell has, by his own admission, not reached any conclusion on that topic:



Tr. 89:25–90:5.[1]

Tr. 104:21–10.

---

[1] Emphasis added, objections omitted throughout.

WILMERHALE

Judge Donato
November 17, 2023
Page 2

Importantly, because Farrell's analysis was incomplete and his opinions were tentative, Meta's experts have not offered opinions on market definition at the class certification stage. Rather, Meta intends for its experts to respond to Farrell's market definition opinions, should he ultimately offer a conclusion on market definition, during the merits expert phase. Farrell and Meta's market definition experts (including Meta's expert Professor Dennis Carlton) can then address the Court during the merits concurrent expert proceeding, after both sides' experts have analyzed and offered final opinions on that question. And while ███████████████████████████████████████████ Farrell Dep. 106:18-109:14, that is not a topic that the experts identified for discussion during the concurrent expert proceeding, *see* Dkt. 704. Put simply, there is nothing for Farrell to discuss at the class certification expert proceeding.[2]

Moreover, Farrell's incomplete market definition analysis does not aid the Court's analysis at class certification because it is disconnected from the class period. ███████████████████████████████ Farrell Dep. 208:11–14. ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

Farrell Dep. 204:20–205:3.

*   *   *

For these reasons, Farrell's participation in the already-crowded concurrent proceeding, at which Plaintiffs will have seven other experts and Meta will have three experts, would be improper and unhelpful to the proceedings. Meta respectfully requests that the Court deny Users permission to have Dr. Farrell participate in the proceeding.

---

[2] To be clear, Meta does dispute whether Users' showing on market definition suffices for class certification, *see* Dkt. 669-01 at 16–18, but it does so through its class-certification opposition, not through competing expert testimony. Meta expects to address the issue at the hearing on Users' motion for class certification.

**WILMERHALE**

Judge Donato
November 17, 2023
Page 3

Respectfully submitted,

By: */s/ Sonal N. Mehta*
**WILMER CUTLER PICKERING
HALE AND DORR LLP**
*Attorney for Defendant Meta Platforms, Inc.*