# VANDERSLICE DECL. EXHIBIT A1

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MAXIMILIAN KLEIN, et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>META PLATFORMS, INC., a Delaware corporation,<br><br>Defendant. | Case No. 3:20-cv-08570-JD<br><br>**DECLARATION OF AARON ROSS IN SUPPORT OF DEFENDANT'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED**<br><br>Hon. James Donato |

**DECLARATION OF AARON ROSS**

I, Aaron Ross, declare as follows:

1. I am currently employed by Amazon.com, Inc. ("Amazon") as Corporate Counsel, Litigation.

2. I have personal knowledge of the matters stated herein and if called upon, I could competently testify thereto.

3. Pursuant to Local Rule 79-5(f), I submit this Declaration in Support of Defendant Meta Corporation, Inc.'s ("Meta") Administrative Motions to Consider Whether Another Party's Material Should Be Sealed. I understand that Meta intends to seek to seal certain statements contained in class certification and *Daubert* motions briefing and supporting documents. I understand that certain documents filed in support of this briefing contain information sourced from evidence produced by Amazon, which Amazon previously designated as Highly Confidential when producing the materials to the parties.

4. In order to seal a document or portions thereof in a civil case, Local Rules 79-5(c)(1) and 79-5(f)(3) require a Designating Party to file a statement and/or declaration, which includes a specific statement of the applicable legal standard and the reasons for keeping a document under seal, including an explanation of (i) the legitimate private or public interests that warrant sealing;

1  (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient.

5.  This Court has "broad latitude . . . to prevent disclosure of materials for many types of information, including, but not limited to, trade secrets or other confidential research, development, or commercial information." *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002). Under the Ninth Circuit, a showing of good cause is required to seal documents related to non-dispositive motions, and a "compelling reason," supported by specific facts, is needed before the Court will consider sealing records involving dispositive motions.f  *See Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006); *see also DZ Rsrv. v. Facebook, Inc.*, No. 18-cv-04978- JD, 2021 WL 75734, at *1 (N.D. Cal. Jan. 8, 2021). The "vast majority" of courts within the Ninth Circuit "treat motions for class certification as non-dispositive motions to which the good cause sealing standard applies." *Dugan v. Lloyds TSB Bank, PLC*, No. 12-CV-02549-WHA NJV, 2013 WL 1435223, at *1 (N.D. Cal. Apr. 9, 2013) (cleaned up).

6.  The Supreme Court has stated that sealing may be appropriate to prevent judicial records from being used "as sources of business information that might harm litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978); *see also, e.g.*, *Philips v. Ford Motor Co.*, No. 14-CV-02989, 2016 WL 7374214, at *4 (N.D. Cal. Dec. 20, 2016) (finding "the need to avoid competitive disadvantage in contract negotiations and undercutting by competitors is a compelling reason that justifies sealing specific pricing and cost information").

7.  I have been informed that the parties filed four expert reports and rebuttal reports in the user and advertiser class actions before this Court that included information sourced from evidence produced by Amazon. I have reviewed all of the information sourced from evidence produced by Amazon across these four expert reports.

8.  I have determined that only two sets of statements, both in the Rebuttal Report of Catherine Tucker ("User Class Tucker Rebuttal Report", Dkt. Nos. 645-19, 663-4, 669-6), contain information sourced from evidence produced by Amazon that meet this Court's standard for sealing. Accordingly, Amazon seeks to seal only these two sets of statements from this one

report, the User Class Tucker Rebuttal Report. Both of these sets of statements originate from documents or a deposition marked by Amazon as "Highly Confidential" during discovery, in accordance with the governing Protective Order, Dkt. 314.

9. First, in the final sentence of paragraph 114, and in the accompanying footnote 241, of the User Class Tucker Rebuttal Report, Dkt. Nos. 645-19, 663-4, 669-6, Dr. Tucker reports the number of Twitch monthly active users, the number of Twitch "Affiliates," and the number of Twitch "Partners." In support, Dr. Tucker cites a confidential Twitch dataset as well as deposition testimony by a Twitch employee. Both of these sources were designated by Amazon as "Highly Confidential" during discovery. These metrics are confidential commercial and competitively sensitive information reflecting information about Twitch's customers and some of its most important commercial partners (i.e., content creators), the public disclosure of which would cause Amazon significant harm. Amazon itself takes considerable steps to keep this information confidential, including by limiting even internal access to it. There is no less restrictive alternative to sealing these metrics that would maintain their confidentiality, because Amazon seeks to seal only the specific sentence and footnote that report these numbers. Therefore, sealing this material meets both the "good cause" and "compelling reason" standards.

10. Second, in the final sentence of paragraph 169(e), of the User Class Tucker Rebuttal Report, Dkt. Nos. 645-19, 663-4, 669-6, Dr. Tucker reports the target number of monthly active users of Amazon's Shopper Panel, a highly confidential metric. In the first eight lines of the accompanying footnote 398, Dr. Tucker reports Amazon's detailed strategic business plans for the Shopper Panel, including targets for the number of monthly active users and other internal strategic business plans for the Shopper Panel. All of this information is sourced from an internal business document, which was designated by Amazon as "Highly Confidential" during discovery. This information is confidential commercial and competitively sensitive information, including future business plans, the public disclosure of which would cause Amazon significant harm. Making this information public would likely harm Amazon's business by placing it at a competitive disadvantage and could allow competitors to access Amazon's future business plans. Amazon itself takes considerable steps to keep this information confidential, including by limiting

1  even internal access to it.  There is no less restrictive alternative to sealing this information that would maintain its confidentiality, because Amazon seeks to seal only narrowly tailored information.  Therefore, sealing this material meets both the "good cause" and "compelling reason" standards.

11.  There is no meaningful public interest in disclosure of this discrete information about a single *non-party's* customers, commercial partners, and strategic plans, which is likely to have little to no bearing on the outcome of this case (indeed much of the information appears in a footnote, suggesting it has little, or at least less, relevance and importance than other evidence in this case).  In contrast, there is likely to be significant commercial and/or competitive harm to Amazon if its competitors and other potential trade partners are able to see this confidential information.  Sealing these narrowly tailored, limited, and discrete portions of a single expert report is the least restrictive means of protecting a non-party's legitimate interest in maintaining the confidentiality of information it was compelled to produce pursuant to compulsory process and having previously designated such information Highly Confidential.

12.  Amazon thus requests that this Court maintain the following, limited, and narrowly targeted statements in the User Class Tucker Rebuttal Report, Dkt. Nos. 645-19, 663-4, 669-6, under seal:

  a.  The final sentence of paragraph 114 and the accompanying footnote 241.
  b.  The final sentence of paragraph 169(e) and the first eight lines of the accompanying footnote.

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed this 19th day of November, 2023 at Seattle, Washington.



Aaron Ross
Amazon.com, Inc.