# VANDERSLICE DECL. EXHIBIT A2

BRADLEY T. TENNIS, SBN 281206
**WILSON SONSINI GOODRICH & ROSATI**
Professional Corporation
1700 K Street NW
Washington, DC 20006
Telephone: (202) 973-8800
Facsimile: (202) 973-8899
Email: btennis@wsgr.com

AMIT Q. GRESSEL, SBN 307663
**WILSON SONSINI GOODRICH & ROSATI**
Professional Corporation
One Market Plaza
Spear Tower, Suite 3300
San Francisco, CA 94105
Telephone: (415) 947-2000
Facsimile: (415) 947-2099
Email: agressel@wsgr.com

*Counsel for Google LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAXIMILIAN KLEIN, et al., on behalf of themselves and all others similarly situated,<br><br>                              Plaintiffs,<br><br>     v.<br><br>META PLATFORMS, INC., a Delaware Corporation,<br><br>                              Defendant. | Case No. 5:20-cv-08570-JD<br><br>**DECLARATION OF ALOK VERMA IN SUPPORT OF OMNIBUS SEALING MOTION(S) RELATING TO CLASS CERTIFICATION BRIEFING**<br><br>Judge: Hon. James Donato |

DocuSign Envelope ID: 82F9E120-BF38-44A6-BA6D-F55140044CBE

I, ALOK VERMA, declare as follows:

1. I am currently the Director of Strategic Partnerships for Ad Platforms for non-party Google LLC ("Google"). I have been employed by Google since 2014. I have had several titles during my employment at Google, but have held the same basic role as the head of advertising platform partnerships throughout that entire period. Over the course of my employment at Google, I have acquired personal knowledge of Google's practices and procedures concerning the maintenance of the confidentiality of its strategic, business, and marketing information.

2. I submit this declaration on behalf of non-party Google in support of the Omnibus Sealing Motion(s) filed by the parties on November 21, 2023 pursuant to Civil Local Rule 75-9 and the Stipulated Order Modifying Sealing Procedures Relating to Class Certification Briefing and Related Documents, Dkt. No. 656.

3. The facts set forth in this declaration are true and correct to the best of my knowledge, information, and belief, and are based on my personal knowledge of Google's policies and practices as they relate to the treatment of confidential information, the materials that were provided to me and reviewed by me, and/or conversations with other knowledgeable employees of Google. If called upon as a witness in this action, I could and would testify from my personal knowledge and knowledge acquired from sources with factual foundation.

**The Material to Be Sealed Is Highly Confidential Because it Reveals Google's Competitive Business Strategy, Discloses Personally-Identifying Information of Google Employees, and Reflects Google's Non-Public Commercial Agreements**

4. As demonstrated with factual particularity below, all of the material for which Google requests sealing is maintained as highly confidential or contains personally-identifying information of specific Google employees. To the best of my knowledge, none of this material has been publicly disclosed.

5. As a matter of routine practice and internal policy, Google and its employees strictly treat as confidential, inter alia, (i) non-public agreements with Google's partners; (ii) internal surveys and analyses of business strategy and competitive dynamics; and (iii) other sensitive material that, if publicly disclosed, could potentially enable Google's competitors to undermine Google's

competitive position in the marketplace, allow current or prospective business partners or counterparties to take unfair advantage of Google in negotiations or other business affairs, violate Google's confidentiality obligations to third parties, or otherwise prejudice Google's business interests.  In my experience and to the best of my knowledge, Google does not disclose internal documents, data, or information of this nature outside of the company, except to authorized third parties when so required or permitted by law or contract.  To that end and in order to prevent inadvertent revelation of this information to the public, Google has several policies in place like prohibiting employees from accessing information beyond what is reasonably necessary to perform their duties, limiting access to certain internal systems, permitting access to document databases on a need-to-know basis, and requiring the use of an encrypted email system.  I am also aware that, generally, Google employees are required to sign a confidentiality agreement requiring each employee to keep information confidential and shared only within the company.

<b>There is Good Cause and Compelling Reasons to Seal</b>
<b>Google's Highly Confidential Material</b>

6. As demonstrated with factual particularity below, there is "good cause" to seal Google's confidential materials.  But even if Google were required to demonstrate "compelling reasons" for sealing, the materials for which Google requests sealing would still satisfy that standard.  The public disclosure of Google's internal, confidential material could, among other things, harm Google's business and customer relationships, undermine Google's ability to retain and attract customers and business partners who entrust Google with their confidential information, jeopardize Google's ability to conduct business with current and prospective business partners, enable Google's competitors to undermine Google's competitive position in the marketplace, allow current or prospective business partners or counterparties to take unfair advantage of Google in negotiations or other business affairs, or otherwise prejudice Google's business interests.  These materials therefore derive economic value from not being generally known to Google's competitors, counterparties, or the public.  The release of this information to the public will cause tangible commercial injury to Google.

7. With regards to personally-identifying information of Google's employees, public disclosure of this information is likely to result in significant invasion of privacy and disruption of these employee's personal lives.

8. I understand that these Motion(s) requests that the Court maintain the specific information identified below under seal. For the reasons stated below, this information is confidential and highly sensitive, and if publicly disclosed, could significantly prejudice Google's competitive position by harming Google's relationship with business partners, putting Google at unfair disadvantage in future business negotiations, and permitting Google's competitors to gain unfair advantage in competition with Google.

### Specific Information to Be Sealed

9. **Expert Report of Yael Hochberg, PhD - Errata [Dkt. Nos. 657-3, 677-2]: page 15, footnote 34 (starting with "Custom" and ending with "capabilities.").** This text reflects non-public information regarding Google's confidential non-public internal strategic considerations related to Meta's and Google's ad targeting capabilities. This information has never been publicly disclosed. Disclosure of this information would adversely impact Google's current competitive position by revealing its strategic considerations regarding alternative advertising platforms, which could be used to its disadvantage in negotiations with customers and business partners.

10. **Exhibit 41 [Dkt. 642-5]: yellow highlights / redactions on pages 8 and 31.** This text contains (i) the names of Google employees listed as "contact[s]" for the 2018 Network Bidding Agreement with Facebook, and (ii) the names of the Google employees who signed the 2018 Network Bidding Agreement with Facebook. Public disclosure is likely to result in significant invasion of privacy and disruption of these employee's personal lives.

11. **Expert Report of Michael A. Williams, PhD [Dkt. Nos. 642-10, 643-9]: page 42, paragraph 93 in its entirety.** This information reflects Google's confidential non-public internal strategic considerations related to the digital advertising market, and Google's position therein compared to alternative advertising platforms. If publicly revealed, this information could cause Google competitive harm by giving other parties insight into Google's strategic considerations and thus a competitive advantage over Google in ongoing or future business negotiations.

12. **Declaration of Michael A. Williams, PhD [Dkt. Nos. 642-10, 643-9]: page 44, paragraph 99 in its entirety.** This information reflects Google's confidential non-public internal strategic considerations related to the digital advertising market, and Google's position therein compared to alternative advertising platforms. If publicly revealed, this information could cause Google competitive harm by giving other parties insight into Google's strategic considerations and thus a competitive advantage over Google in ongoing or future business negotiations.

13. **Declaration of Michael A. Williams, PhD [Dkt. Nos. 642-10, 643-9]: pages 65 to 66, paragraph 156 (from "Google also" to "display." on page 65, and "than Google" to "audiences." on page 66).** This information reflects Google's confidential non-public internal strategic considerations related to the digital advertising market, and Google's position therein compared to alternative advertising platforms. If publicly revealed, this information could cause Google competitive harm by giving other parties insight into Google's strategic considerations and thus a competitive advantage over Google in ongoing or future business negotiations.

14. **Declaration of Michael A. Williams, PhD [Dkt. Nos. 642-10, 643-9]: pages 155 to 156, paragraph 322 in its entirety and footnote 546 in its entirety.** This information reflects Google's confidential non-public internal strategic considerations related to the digital advertising market, and Google's position therein compared to alternative advertising platforms. If publicly revealed, this information could cause Google competitive harm by giving other parties insight into Google's strategic considerations and thus a competitive advantage over Google in ongoing or future business negotiations.

15. **Expert Reply Report of Michael A. Williams, PhD [Dkt. Nos. 642-10, 643-9]: page 19, text in the first column, second row of the chart beginning with "A November" and ending with "with Google."** This information reflects Google's confidential non-public internal strategic considerations related to the digital advertising market, and Google's position therein compared to alternative advertising platforms. If publicly revealed, this information could cause Google competitive harm by giving other parties insight into Google's strategic considerations and thus a competitive advantage over Google in ongoing or future business negotiations.

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed in Mountain View on November 18, 2023.

DocuSigned by:

*Alok Verma*

F30EF3670BB14EB...

Alok Verma

DECL. OF ALOK VERMA ISO OMNIBUS SEALING MOTION(S)
RELATING TO CLASS CERTIFICATION BRIEFING
Case No. 5:20-cv-08570-JD