# VANDERSLICE DECL. EXHIBIT A3

DocuSign Envelope ID: E3914FC0-8631-4D3D-AD1E-FB1F0BCF054C

BRADLEY T. TENNIS, SBN 281206
**WILSON SONSINI GOODRICH & ROSATI**
Professional Corporation
1700 K Street NW
Washington, DC 20006
Telephone: (202) 973-8800
Facsimile: (202) 973-8899
Email: btennis@wsgr.com

AMIT Q. GRESSEL, SBN 307663
**WILSON SONSINI GOODRICH & ROSATI**
Professional Corporation
One Market Plaza
Spear Tower, Suite 3300
San Francisco, CA 94105
Telephone: (415) 947-2000
Facsimile: (415) 947-2099
Email: agressel@wsgr.com

*Counsel for Google LLC*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAXIMILIAN KLEIN, et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>META PLATFORMS, INC., a Delaware Corporation,<br><br>Defendant. | Case No. 5:20-cv-08570-JD<br><br>**DECLARATION OF THOMAS KIM IN SUPPORT OF OMNIBUS SEALING MOTION(S) RELATING TO CLASS CERTIFICATION BRIEFING**<br><br>Judge: Hon. James Donato |

I, THOMAS KIM, declare as follows:

1. I am currently a Director of Product Management for YouTube, a subsidiary of non-party Google LLC ("Google"). I have been employed by Google since 2018. I have held my current role since 2022. Prior to my current role, I held the role of Director of Strategy for YouTube from 2021 to 2022, and Principal in Strategy for YouTube from 2018 to 2021. Over the course of my employment at Google, I have acquired personal knowledge of Google's practices and procedures concerning the maintenance of the confidentiality of its strategic, business, and marketing information.

2. I submit this declaration on behalf of non-party Google in support of the Omnibus Sealing Motion(s) filed by the parties on November 21, 2023 pursuant to Civil Local Rule 75-9 and the Stipulated Order Modifying Sealing Procedures Relating to Class Certification Briefing and Related Documents, Dkt. No. 656.

3. The facts set forth in this declaration are true and correct to the best of my knowledge, information, and belief, and are based on my personal knowledge of Google's policies and practices as they relate to the treatment of confidential information, the materials that were provided to me and reviewed by me, and/or conversations with other knowledgeable employees of Google. If called upon as a witness in this action, I could and would testify from my personal knowledge and knowledge acquired from sources with factual foundation.

**The Material to Be Sealed Is Highly Confidential Because it Reveals Non-Public Information Regarding Google's Business Strategy and Monetization on YouTube**

4. As demonstrated with factual particularity below, the material for which Google requests sealing is maintained as highly confidential. To the best of my knowledge, this material has not been publicly disclosed.

5. As a matter of routine practice and internal policy, Google and its employees strictly treat as confidential, inter alia, non-public business strategy, financial information, and other sensitive material that, if publicly disclosed, could potentially enable Google's competitors to undermine Google's competitive position in the marketplace, allow current or prospective business partners or counterparties to take unfair advantage of Google in negotiations or other

business affairs, or otherwise prejudice Google's business interests. In my experience and to the best of my knowledge, Google does not disclose internal documents, data, or information of this nature outside of the company, except to authorized third parties when so required or permitted by law or contract. To that end and in order to prevent inadvertent revelation of this information to the public, Google has several policies in place like prohibiting employees from accessing information beyond what is reasonably necessary to perform their duties, limiting access to certain internal systems, permitting access to document databases on a need-to-know basis, and requiring the use of an encrypted email system. I am also aware that, generally, Google employees are required to sign a confidentiality agreement requiring each employee to keep information confidential and shared only within the company.

**There is Good Cause and Compelling Reasons to Seal Google's Highly Confidential Material**

6. There is "good cause" to seal Google's confidential materials. But even if Google were required to demonstrate "compelling reasons" for sealing, the materials for which Google requests sealing would still satisfy that standard. The public disclosure of Google's internal, confidential material could, among other things, harm Google's business and customer relationships, undermine Google's ability to retain and attract customers and business partners who entrust Google with their confidential information, jeopardize Google's ability to conduct business with current and prospective business partners, enable Google's competitors to undermine Google's competitive position in the marketplace, allow current or prospective business partners or counterparties to take unfair advantage of Google in negotiations or other business affairs, or otherwise prejudice Google's business interests. These materials therefore derive economic value from not being generally known to Google's competitors, counterparties, or the public. The release of this information to the public will cause tangible commercial injury to Google.

7. I understand that the Omnibus Motion(s) request that the Court maintain the specific information identified below under seal. For the reasons stated below, this information is confidential and highly sensitive, and if publicly disclosed, could significantly prejudice

Google's competitive position by harming Google's relationship with business partners, putting Google at unfair disadvantage in future business negotiations, and permitting Google's competitors to gain unfair advantage in competition with Google.

### Specific Information to Be Sealed

8.  **User Class Rebuttal Report of Catherine Tucker [Dkt. No. 645-19, 663-4, 669-6]: page 86, the sentence that begins with "Approximately" and ends with "to apply" and the parenthetical in footnote 235 that begins with "Q. Approximately" and ends with "yes.".** This text reflects non-public business strategy and financial information related to YouTube's monetization program. This information has never been publicly disclosed at the level of specificity presented here. Disclosure of this information to competitors and potential business counterparties could be used to disadvantage Google. For example, if competitor platforms became aware of this information they could use it to inform their own strategies, unfairly leveraging Google's financial assessment and strategy to compete more effectively with YouTube.

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed in San Francisco, California on November 20, 2023.

*DocuSigned by:*
*17E1A94F524C49F...*
Thomas Kim