# VANDERSLICE DECL. EXHIBIT A10

John I. Karin (admitted *pro hac vice*)
Email: jkarin@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue of the Americas
40th Floor
New York, NY 10019-6022
Telephone: (212) 999-5800

*Counsel for Non-Party Snap Inc.*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| MAXIMILIAN KLEIN, et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>META PLATFORMS, INC., a Delaware Corporation,<br><br>Defendant. | Case No. 3:20-cv-08570-JD<br><br>**DECLARATION OF JOHN I. KARIN IN SUPPORT OF OMNIBUS SEALING MOTIONS RELATING TO CLASS CERTIFICATION BRIEFING AND RELATED DOCUMENTS**<br><br>Judge: Hon. James Donato |

I, John I. Karin, declare as follows:

1. I am an attorney at Wilson Sonsini Goodrich & Rosati P.C., and am counsel for Non-Party Snap Inc. ("Snap") in the above-captioned matter. I submit this Declaration in support of the

1  Omnibus Sealing Motions Relating to Class Certification Briefing and Related Documents.  I have personal knowledge of the facts set forth herein and am competent to testify thereto if called as a witness.

2. Counsel for Meta Platforms, Inc. ("Meta"), Advertiser Plaintiffs, and Consumer Plaintiffs provided counsel for Snap with excerpts of 16 documents filed under seal in connection with the class certification briefing because they contain information Snap designated Confidential or Highly Confidential under the protective order in this case.  After reviewing the documents,  Snap has determined to request continued sealing of only portions of two of these documents.

3. The public's right to access judicial records is not absolute.  *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978); *Kamakana v. City & Cty. Of Honolulu*, 447 F.3d 117, 1178 (9th Cir. 2006).  Indeed, the United States Supreme Court recognizes that courts have discretion to control and seal records and files in their possession.  *Nixon*, 435 U.S. at 598.  "Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." *Id*.  Thus, district courts have broad latitude to enter protective orders to prevent disclosure of many types of information, "including, but not limited to, trade secrets or other confidential research, development, or commercial information." *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002).

4. The Ninth Circuit has "carved out an exception to the presumption of access to judicial records . . . attached to a non-dispositive motion such that the usual presumption of the public's right of access is rebutted." *Kamakana*, 447 F.3d at 1179 (internal quotation marks omitted).  This exception exists because "the public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action." *Id*. (internal quotation marks omitted).  In such a case, a "particularized showing of good cause suffices to warrant preserving the secrecy of sealed discovery material attached to non-dispositive motions." *JUUL Labs, Inc. v. Chou*, 2022 WL 2165412, at *2 (C.D. Cal. Feb. 8, 2022).

1

5.      Good cause exists where sealing material would "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010).  This includes where publicly disclosing material could cause a non-party competitive harm. *See Monster Energy Co. v. Vital Pharmaceuticals, Inc*., 2019 WL 3099711, at *2 (C.D. Cal. June 17, 2019) ("Courts also routinely find that non-public financial, pricing, and strategy information could harm litigants' competitive standing and grant motions to seal such information").  Courts in the Ninth Circuit have found good cause where the information to be sealed included "confidential product and business information which [was] not intended for public disclosure." *Finisar Corp. v. Nistica, Inc*., 2015 WL 3988132, at *4 (N.D. Cal. June 30, 2015).

6.      The Ninth Circuit has not yet determined whether a motion for class certification is a non-dispositive motion subject to the "good cause" standard or a dispositive motion subject to the higher "compelling reasons" standard. *True Health Chiropractic Inc. v. McKesson Corp*., 2019 WL 11743580, at *2 (N.D. Cal. Aug. 13, 2019).  However, the majority of courts within this Circuit treat motions for class certification as non-dispositive motions to which the "good cause" standard applies. *Health v. Google LLC*, 2018 WL 11465387, at *2 (N.D. Cal. June 22, 2018).  Nevertheless, if the Court determines that the "compelling reasons" standard applies, then Snap respectfully submits that its requests still meet that standard.

7.      Courts in the Ninth Circuit have found that compelling reasons exist where the information under seal included information that would provide competitors with insight into their business model, strategies, and practices. *True Health Chiropractic Inc.*, 2019 WL 11743580, at *1; *In re Qualcomm Litig*., 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017).  This is particularly true for confidential information contained in "Board meeting agenda, minutes, packages, and presentations." *Guo v. Woodman*, 2018 U.S. Dist. LEXIS 28065, at *3-4 (N.D. Cal. Feb. 21, 2018).  Moreover, courts in this District look for specific harm that may result if such confidential information is made public. *Id*.  Such harm includes confidential information, that if revealed, would

1  allow the movant's competitors to compete more effectively against the movant and cause the
2  movant competitive harm. *Id*.

3      8.    The request to seal information must be narrowly tailored as to seek sealing of only
4  sealable material. *True Health Chiropractic Inc.*, 2019 WL 11743580, at *1.

5      9.    The documents at issue here consist of Exhibit 17 to Meta's Reply in Support of
6  Meta's Motion to Exclude Testimony of Scott Fasser and Joshua Gans (Dkt. No. 683-5), and the
7  User Class Rebuttal Report of Catherine Tucker (Dkt. Nos. 645-19, 663-4, 669-6).

8      10.    Snap requests that the Court maintain the following portions of these documents
9  under seal because the "good cause" standard as well as the "compelling reasons" standard are met.
10 Snap's proposed redactions are narrowly tailored to remove the information that if released to the
11 public would cause specific harm to Snap.  Excerpts of these documents are attached to this
12 Declaration and filed under seal with requested redactions highlighted in green.

| Exhibit Number to Karin Declaration | Document | Portions to Be Filed Under Seal | Reason for Sealing |
|---|---|---|---|
| 1 | Exhibit 17 to Meta's Reply in Support of Meta's Motion to Exclude Testimony of Scott Fasser and Joshua Gans. Dkt. No. 683-5. | Portions highlighted in green. | This document identifies Snap's highly sensitive business strategies, and Snap's non-public analysis of its competitive differentiators for its advertising products. |
| 2 | User Class Rebuttal Report of Catherine Tucker. Dkt. Nos. 645-19, 663-4, 669-6. | Portions highlighted in green. | This document quotes December 2021 materials for Snap's Board of Directors, and details highly sensitive internal business strategies Snap implemented to make Spotlight more competitive. |

1      11.     Exhibit 1 contains a detailed breakdown of Snap's assessment of its targeting suite and how Snap perceives its efforts to stack up against Snap's competitors. This is an internal assessment of Snap's advertising product offerings that is competitively sensitive and would cause significant harm to Snap if made public. Snap does not regularly disclose this type of information. Such information, if public, would provide Snap's competitors with insight into Snap's business strategies. Snap's competitors could use this document to develop ideas for how to improve their own products and therefore erode Snap's competitive advantages. *See True Health Chiropractic Inc.*, 2019 WL 11743580, at *1-2 (explaining that confidential business strategies meet the "compelling reasons" standard). Additionally, the portions proposed to be redacted are narrowly tailored to remove non-public Snap information regarding how Snap perceives the quality of its offerings when compared to the offerings of its key competitors.

       12.     Exhibit 2 is directly quoting December 2021 materials for Snap's Board of Directors. These Board materials are recent and discuss a competitively sensitive aspect of Snap's business. *See Guo*, 2018 U.S. Dist. LEXIS 28065, at *3-4 (finding that product information included in materials presented to the Board, if made public, would cause competitive harm to GoPro). The information Snap seeks to keep under seal contains a detailed analysis of Snap's Spotlight offering and efforts Snap implemented to improve its product. This information is recent and documents, in detail, Snap's strategic efforts regarding Spotlight. Snap does not regularly disclose this type of information, and proposes narrowly drawn redactions to seal information that reveals Snaps business strategies. Snap's competitors could use this document to develop ideas for how to improve their own products and therefore erode Snap's competitive advantages.

       I declare under penalty of perjury that the foregoing is true and correct. Executed this 13th day of November, 2023, in New York, New York.

                                                             _____
                                                             John I. Karin