WILMERHALE

December 4, 2023

**Sonal N. Mehta**

+1 650 600 5051 (t)
+1 650 858 6100 (f)
sonal.mehta@wilmerhale.com

<u>**VIA ECF**</u>

The Honorable James Donato
United States District Judge for the Northern District of California
450 Golden Gate Avenue, Courtroom 11, 19th Floor
San Francisco, CA 94102

Re:   *Klein v. Meta Platforms, Inc.*, Case No. 3:20-cv-08570-JD

Dear Judge Donato:

Meta respectfully seeks clarification of the Court's scheduling order, Dkt. 379, concerning the deadlines for service of merits-stage expert disclosures.[1]

The scheduling order calls for bilateral merits expert disclosures on January 12, 2024, and bilateral merits rebuttal expert disclosures on February 9, 2024. Dkt. 379 at 2. Meta's understanding of this schedule is that it tracks the parties' respective burdens of proof: the parties are to serve expert reports concerning issues on which they bear the burden of proof on January 12, 2024, and rebuttal reports concerning issues on which they do not bear the burden of proof on February 9, 2024. Plaintiffs have informed Meta that they "do not agree" with this understanding of the schedule.

Meta's understanding is sensible and will be most efficient for the Court and the parties. The allocation of the burden of proof in monopolization cases is well-established. *See, e.g.*, *FTC v. Qualcomm Inc.*, 969 F.3d 974, 991 (9th Cir. 2020). And it would be inefficient to require the experts to offer, in their opening reports, "prebuttal" opinions addressing issues on which the party sponsoring the expert does not bear the burden of proof. These opinions may not be responsive to the analyses the opposing experts actually perform.[2] This would introduce confusion and, potentially, motion practice to exclude expert testimony that proves to be irrelevant. Meta's proposal avoids these issues, and will ensure that the expert opinions are targeted and focused on the claims and defenses as-asserted by the parties with the applicable burdens of proof.

Meta respectfully requests that the Court enter an order clarifying that the parties' deadline to serve expert reports concerning issues on which they bear the burden of proof is January 12, 2024, and

---

[1] Meta intended to raise this issue at the class certification concurrent expert proceeding, but given the continuance, Dkt. 708, Meta raises it now in this letter.

[2] That is particularly likely here, where, for example, the User Plaintiffs did not respond to Meta's contention interrogatories concerning core elements of their claims, such as market definition and anticompetitive effects, on the grounds that these issues "would require expert analysis" and be "the subject of expert disclosure." Dkt. 378.

Wilmer Cutler Pickering Hale and Dorr LLP, 2600 El Camino Real, Suite 400, Palo Alto, CA 94306

Beijing    Berlin    Boston    Brussels    Denver    Frankfurt    London    Los Angeles    New York    Palo Alto    San Francisco    Washington

**WILMERHALE**

Judge Donato
December 4, 2023
Page 2

the parties' deadline to serve rebuttal reports concerning issues on which they do not bear the burden of proof is February 9, 2024.

    Respectfully submitted,

    By: _/s/ Sonal N. Mehta_
    **WILMER CUTLER PICKERING**
    **HALE AND DORR LLP**
    _Attorney for Defendant Meta Platforms, Inc._