December 5, 2023                                                                                           **VIA CM/ECF FILING**

Re:     Merits Expert Report Deadlines in *Klein v. Meta Platforms* – Case No. 3:20-cv-08570-JD

Dear Judge Donato:

        Consumer and Advertiser Plaintiffs write to oppose Facebook's letter request to modify this Court's scheduling order so that instead of "Bilateral merits expert disclosures" being due January 12, 2024, "expert reports concerning issues on which a party bears the burden of proof" are due on that date, and instead of "Bilateral merits rebuttal expert disclosures" being due February 9, 2024, "rebuttal reports concerning issues on which a party does not bear the burden of proof" are due on that date. *Compare* Dkt. 717 (Facebook's Letter) *to* Dkt. 379 (Scheduling Order).

        ***First***, Facebook's claimed understanding that expert disclosures in this case "track[] the parties' respective burdens of proof" is contrary to the clear language of the Court's scheduling order, the Federal Rules of Civil Procedure, and this Court's standing order. There is no mention in the scheduling order of opening expert disclosures being limited to a party's burden of proof. Instead, the scheduling order says what it means: ***each*** party's merits expert disclosures are due January 12, and ***each*** party's merits rebuttal expert disclosures are due February 9. This is consistent with both Rule 26(a)(2)(B) and the Court's Standing Order for Civil Discovery (¶ 17), which require disclosures of ***all opinions***, not just certain opinions related to burden of proof.

        ***Second***, Facebook's proposed modification is inefficient and unfair because it does not provide Plaintiffs the opportunity to respond to Facebook's experts' opinions. The schedule does not provide for merits expert reply reports. Accordingly, if Facebook holds back its expert disclosures until February 9, Plaintiffs' experts will not have an opportunity to disclose their responses to those opinions. If Facebook ***is*** permitted to disclose expert opinions for the first time on February 9, then fundamental fairness dictates that Plaintiffs' experts be permitted to respond during summary judgment or at trial, rather than be limited to what is in their merits reports.

        ***Third***, Facebook's proposed modification makes no sense and invites needless satellite disputes over which party has the burden of proof and thus when that party must make expert disclosures. Facebook's citation to *FTC v. Qualcomm Inc.*, 969 F.3d 974, 991 (9th Cir. 2020), makes this evident. *Qualcomm* addresses the "three-part ***burden-shifting*** test under the rule of reason" for anticompetitive conduct. *Id.* Under this test, Plaintiffs must prove Facebook's conduct "has a substantial anticompetitive effect"; then Facebook must proffer "a procompetitive rationale" for its conduct; and then Plaintiffs must demonstrate "the procompetitive efficiencies could be achieved through less anticompetitive means." *Id.* Facebook thus bears the burden to "show a procompetitive rationale" for its conduct, but will it claim it need not disclose expert opinions on this issue until February 9, because its shifted burden depends on Plaintiffs meeting their initial burden of showing anticompetitive effects? If so, the schedule does not permit reply reports, and Plaintiffs are deprived of the opportunity to disclose expert opinions as to whether whatever procompetitive efficiencies Facebook asserts could have been achieved through less restrictive means. As this one example shows, Facebook's proposal unnecessarily opens a can of worms.

        Facebook's claim that it does not know the issues and thus needs to wait until receiving Plaintiffs' expert reports on January 12 before first responding on February 9 is also baseless. Contrary to Facebook's footnote assertion, Consumers responded to its contention interrogatories, identifying the relevant market and its participants. Facebook, by contrast, has to date ***refused*** to answer reciprocal interrogatories Plaintiffs served years ago and to ever identify what relevant

1

market(s) it claims to participate in. Consumers and Advertisers each provided expert reports on relevant market, anticompetitive effects, and other issues at class certification; Facebook did not.

   Facebook's request should be denied. As the schedule already requires, the parties should disclose all expert opinions on January 12 and all expert rebuttal opinions on February 9.

DATED: December 5, 2023

By */s/ Shana E. Scarlett*
**HAGENS BERMAN SOBOL SHAPIRO LLP**
Shana E. Scarlett (Bar No. 217895)
  shanas@hbsslaw.com
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000

Steve W. Berman (*pro hac vice*)
  steve@hbsslaw.com
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292

**LOCKRIDGE GRINDAL NAUEN P.L.L.P.**
W. Joseph Bruckner (*pro hac vice*)
  wjbruckner@locklaw.com
Robert K. Shelquist (*pro hac vice*)
  rkshelquist@locklaw.com
Brian D. Clark (*pro hac vice*)
  bdclark@locklaw.com
Rebecca A. Peterson (Bar No. 241858)
  rapeterson@locklaw.com
Kyle J. Pozan (admitted *pro hac vice*)
  kjpozan@locklaw.com
Laura M. Matson (admitted *pro hac vice*)
  lmmatson@locklaw.com
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900

Respectfully submitted,

By */s/ Kevin Y. Teruya*
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Kevin Y. Teruya (Bar No. 235916)
  kevinteruya@quinnemanuel.com
Adam B. Wolfson (Bar No. 262125)
  adamwolfson@quinnemanuel.com
Scott L. Watson (Bar No. 219147)
  scottwatson@quinnemanuel.com
Claire D. Hausman (Bar No. 282091)
  clairehausman@quinnemanuel.com
Brantley I. Pepperman (Bar No. 322057)
  brantleypepperman@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000

Manisha M. Sheth (*pro hac vice*)
  manishasheth@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000

Michelle Schmit (*pro hac vice*)
  michelleschmit@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400

*Interim Counsel for the Consumer Class*

By: */s/ Yavar Bathaee*
**BATHAEE DUNNE LLP**
Yavar Bathaee (Bar No. 282388)
  yavar@bathaeedunne.com
Andrew C. Wolinsky (*pro hac vice*)
  awolinsky@bathaeedunne.com
445 Park Avenue, 9th Floor
New York, NY 10022
Telephone: (332) 322-8835

Brian J. Dunne (Bar No. 275689)
  bdunne@bathaeedunne.com
Edward M. Grauman (*pro hac vice*)
  egrauman@bathaeedunne.com
901 South MoPac Expressway
Barton Oaks Plaza I, Suite 300
Austin, TX 78746
Telephone: (512) 575-8848

**AHDOOT & WOLFSON, PC**
Tina Wolfson (Bar No. 174806)
  twolfson@ahdootwolfson.com
Robert Ahdoot (Bar No. 172098)
  rahdoot@ahdootwolfson.com
Theodore W. Maya (Bar No. 223242)
  tmaya@ahdootwolfson.com
Henry Kelston (*pro hac vice*)
  hkelston@ahdootwolfson.com
2600 West Olive Avenue, Suite 500
Burbank, CA 91505
Telephone: (310) 474-9111

By: */s/ Amanda F. Lawrence*
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
Amanda F. Lawrence (*pro hac vice*)
  alawrence@scott-scott.com
Patrick J. McGahan (*pro hac vice*)
  pmcgahan@scott-scott.com
Michael P. Srodoski (*pro hac vice*)
  msrodoski@scott-scott.com
156 South Main Street, P.O. Box 192
Colchester, CT 06415
Telephone: (860) 537-5537

Hal D. Cunningham (Bar No. 243048)
  hcunningham@scott-scott.com
Daniel J. Brockwell (Bar No. 335983)
  dbrockwell@scott-scott.com
600 W. Broadway, Suite 3300
San Diego, CA 92101
Telephone: (619) 233-4565

Patrick J. Rodriguez (pro hac vice)
  prodriguez@scott-scott.com
230 Park Avenue, 17th Floor
New York, NY 10169
Telephone: (212) 223-6444

**LEVIN SEDRAN & BERMAN LLP**
Keith J. Verrier (*pro hac vice*)
  kverrier@lfsblaw.com
Austin B. Cohen (*pro hac vice*)
  acohen@lfsblaw.com
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Telephone: (215) 592-1500

*Interim Counsel for the Advertiser Class*

4

## ATTESTATION OF KEVIN Y. TERUYA

This document is being filed through the Electronic Case Filing (ECF) system by attorney Kevin Y. Teruya. By his signature, Mr. Teruya attests that he has obtained concurrence in the filing of this document from each of the attorneys identified on the caption page and in the above signature block.

Dated: December 5, 2023    By:   */s/ Kevin Y. Teruya*
                                  Kevin Y. Teruya

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of December 2023, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System, causing the document to be electronically served on all attorneys of record.

Dated: December 5, 2023    By:   */s/ Kevin Y. Teruya*
                                  Kevin Y. Teruya