UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAXIMILIAN KLEIN, et al.,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>META PLATFORMS, INC.,<br><br>　　　　　　Defendant. | Case No. 3:20-cv-08570-JD<br><br>**ORDER RE MOTIONS TO SEAL** |

    A hallmark of our federal judiciary is the "strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003); *see also In re Google Play Store Antitrust Litig.*, 556 F. Supp. 3d 1106, 1107 (N.D. Cal. 2021). Public access maintains confidence in the fair and impartial administration of justice, and protects the integrity and independence of the courts. This is why the business of the federal judiciary is done in open court.

    In limited circumstances, there may be grounds for curtailing public access. This is an exception to the rule, and so a party requesting that a document or evidence be sealed from the public needs to present a good reason explaining why. A particularized showing of good cause is required to seal documents related to non-dispositive motions, and a compelling reason supported by specific facts is needed before the Court will consider sealing records involving dispositive motions. *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006).

    The parties have filed a slew of motions to provisionally seal portions of discovery letters. *See* Dkt. Nos. 487, 511, 513, 516, 517, 523, 524, 528, 558, 566, 567, 569, 570, 576, 577, 589, 591, 596, 597, 603, 606. For all but one letter, the Designating Party subsequently filed a statement that sealing was not required. *See* Dkt. Nos. 501, 532, 534, 536, 537, 538, 539, 561, 584, 610,

617, 619.  For Dkt. No. 523, Designating Party Cleveland Research Company, LLC did not file a supporting declaration as required by Civil Local Rule 79-5(f)(3).

Consequently, the only reason proffered for sealing those documents is that they were labeled as confidential during document production.  This is not enough to constitute a particularized showing of the need for sealing.  *See In re Google Play Store Antitrust Litig.*, 556 F. Supp. 3d at 1107.  The parties are directed to file by March 28, 2024, unredacted versions of Dkt. Nos. 487, 511, 513, 516, 517, 523, 524, 528, 558, 566, 567, 569, 570, 576, 577, 589, 591, 596, 597, 603, 606.  Civ. L.R. 79-5(g).

**IT IS SO ORDERED.**

Dated:  March 21, 2024

JAMES DONATO
United States District Judge