# EXHIBIT 1

SONAL N. MEHTA (SBN 222086)
 Sonal.Mehta@wilmerhale.com
**WILMER CUTLER PICKERING**
 **HALE AND DORR LLP**
2600 El Camino Real, Suite 400
Palo Alto, California 94306
Telephone: (650) 858-6000
Facsimile:  (650) 858-6100

DAVID Z. GRINGER (*pro hac vice*)
 David.Gringer@wilmerhale.com
ARI HOLTZBLATT (*pro hac vice*)
 Ari.Holtzblatt@wilmerhale.com
**WILMER CUTLER PICKERING**
 **HALE AND DORR LLP**
1875 Pennsylvania Ave NW
Washington, DC 20006
Telephone:  (202) 663-6000
Facsimile:   (202) 663-6363

AARON M. PANNER (*pro hac vice*)
 APanner@kellogghansen.com
MARK C. HANSEN (*pro hac vice*)
 MHansen@kellogghansen.com
**KELLOGG, HANSEN, TODD, FIGEL AND**
 **FREDERICK, P.L.L.C.**
1615 M Street, N.W., Suite 400
Washington, DC 20036
Telephone:  (202) 326-7921
Facsimile:   (202) 326-7999

*Attorneys for Defendant Facebook, Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| MAXIMILIAN KLEIN, et al., on behalf of themselves and all others similarly situated,<br><br>       Plaintiffs,<br><br> v.<br><br>FACEBOOK, INC., a Delaware Corporation headquartered in California,<br><br>       Defendant. | Case No. 5:20-cv-08570-LHK<br><br>**DEFENDANT FACEBOOK, INC.'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO ADVERTISER PLAINTIFFS**<br><br>Judge: Hon. Lucy H. Koh |

1  Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, and N.D. Cal. Civil
2  Rules 26-1 and 34-1, Defendant Facebook, Inc. hereby requests that the Advertiser Plaintiffs (as
3  defined below) produce for inspection the documents described below, within thirty (30) days
4  after service at the offices of Wilmer Cutler Pickering Hale and Dorr LLP, 2600 El Camino Real,
5  Suite 400, Palo Alto, California 94306 or at a time and place agreed to by the parties.

**DEFINITIONS**

A. The definitions and rules of construction set forth in Federal Rules of Civil Procedure 26 and 34, and N.D. Cal. Civil Rules 26-1 and 34-1, shall apply to these requests and are incorporated as if fully set forth herein.

B. "You" and "your" include the person or entity to whom these requests are directed, as well as its owners, partners, principals, members, officers, and directors, and all co-account holders, present or former representatives or agents, and any person, including attorneys, acting on behalf of any of the foregoing.

C. "User Complaint" refers to the Amended Consolidated Consumer Class Action Complaint filed in *Klein v. Facebook, Inc.*, Case No. 5:20-cv-08570-LHK (N.D. Cal.), ECF No. 87, by Maximilian Klein, Sarah Grabert, and Rachel Banks Kupcho (together the "User Plaintiffs").

D. "Advertiser Complaint" refers to the Amended Consolidated Advertiser Class Action Complaint filed in *Klein v. Facebook, Inc.*, Case No. 5:20-cv-08570-LHK (N.D. Cal.), ECF No. 86, by Affilious, Inc., Jessyca Frederick, Mark Young, Joshua Jeon, 406 Property Services, PLLC, Mark Berney, Katherine Loopers, and Zahara Mossman (together the "Advertiser Plaintiffs").

E. "Advertising Medium" refers to any and all advertising forms, channels, media, or services including without limitation advertising on any online services (as defined below), any digital advertising, any search advertising, and any television, radio, print, direct mail, and billboard advertising.

F. "Relevant Time Period" is the period from January 1, 2003, to the present.

G. "Document" is defined to be synonymous in meaning and equal in scope to the

**RESPONSE:**

**REQUEST NO. 30.**

All documents constituting or concerning any computation or quantification of the losses, damages, or injuries alleged in the User Complaint or Advertiser Complaint or that you claim to have sustained as a result of any act or practice that is a subject of your claims in this action.

**RESPONSE:**

**REQUEST NO. 31.**

All documents constituting or concerning any computation or quantification of the losses, damages, or injuries allegedly sustained by any member of the putative classes alleged in the User Complaint or Advertiser Complaint, or any of the putative classes as a whole, as a result of any act or practice that is a subject of your claims in this action.

**RESPONSE:**

**REQUEST NO. 32.**

All documents or communications that you have provided to, received from, exchanged with, or had with any governmental entities or officials concerning this lawsuit or the subject matter of this lawsuit, including but not limited to the Federal Trade Commission or any State Attorneys General.

**RESPONSE:**

**REQUEST NO. 33.**

Documents sufficient to identify each advertising purchase you made or advertisement you placed during the Relevant Time Period.

**RESPONSE:**

**REQUEST NO. 34.**

For each advertising purchase you made or advertisement you placed during the Relevant Time Period, all documents concerning the placement or purchase of the advertisement including without limitation where the advertisement ran, how much you spent on the advertisement (including *inter alia* per impression, per click, or total), the frequency on which the advertisement ran, the duration for which the advertisement ran, any parameters or criteria used to target the advertisement (including whether the ad was targeted based on geography, demographics, or other information), and all metrics concerning the advertisement's performance (including without limitation, views, conversion, engagement, etc.).

**RESPONSE:**

**REQUEST NO. 35.**

All documents and things concerning any and every Advertising Medium that you used, considered, or evaluated during the Relevant Time Period.

**RESPONSE:**

**REQUEST NO. 36.**

All documents concerning your return on investment from any advertisements you purchased from any source during the Relevant Time Period.

**RESPONSE:**

**REQUEST NO. 37.**

All documents concerning your advertisement objectives and strategy or its implementation during the Relevant Time Period, including but not limited to documents concerning your advertising policies, practices, analyses, metrics, evaluation, conversion rate, or other measures of advertising results, return on investment, criteria, reach, brand awareness, or design, and including but not limited to any such documents showing or comparing advertising on Facebook to any other Advertising Medium.

**RESPONSE:**

**REQUEST NO. 38.**

All documents concerning your participation in any advertising auction or exchange on any Advertising Medium.

**RESPONSE:**

**REQUEST NO. 39.**

All documents and things concerning any targeted advertising (including whether the ad was targeted based on geography, demographics, or other information) you used, considered, or evaluated, on Facebook or any other Advertising Medium, during the Relevant Time Period.

**RESPONSE:**

**REQUEST NO. 40.**

All communications with any company, including Facebook, concerning its advertisement products, advertisement services, or advertisement-related reporting metrics.

**RESPONSE:**

**REQUEST NO. 41.**

Documents relating to pricing for advertisements during the Relevant Time Period, including without limitation, documents concerning the relative price of advertising on Facebook versus advertising on any Advertising Medium.

**RESPONSE:**