WILMERHALE

**Sonal Mehta**

+1 650 600 5051 (t)
+1 650 858 6100 (f)
sonal.mehta@wilmerhale.com

June 15, 2023

VIA ECF

The Honorable James Donato
United States District Judge for the Northern District of California
450 Golden Gate Avenue, Courtroom 11, 19th Floor
San Francisco, CA 94102

Re:     *Klein v. Meta Platforms, Inc.*, Case No. 3:20-cv-08570-JD

Dear Judge Donato:

        Mere weeks after appearing before this Court and arguing that Meta's corporate designee was unprepared to speak to Advertisers' exceedingly overbroad Rule 30(b)(6) topic, Advertisers presented named Advertiser Plaintiff Jessyca Frederick as the corporate representative for named Advertiser Plaintiff Affilious, Inc.[1]   However, by Ms. Frederick's own testimony, she was woefully unprepared to speak to *any* of the eight topics included in Meta's Rule 30(b)(6) Notice, instead relying on her "memory" to inform her testimony.   Unsurprisingly, Ms. Frederick was unable to answer basic questions that plainly were within the scope of the notice.   Likewise, Ms. Frederick seemed entirely unaware of the case she brought, having not read the operative complaint, and evincing a total lack of familiarity with her theory of liability.   By failing to adequately prepare Ms. Frederick, Advertisers not only wasted counsel's time at Meta's expense, but severely prejudiced Meta's ability to seek discovery into topics directly relevant to Meta's defense in this action and to test Affilious, Inc.'s adequacy to serve as a class representative on behalf of purported nationwide class of advertisers who purchased advertising between December 2016,  and April 3, 2018.[2]   Given Ms. Frederick's failure to prepare for her Rule 30(b)(6) deposition, Meta respectfully requests that this Court restore Meta with three hours of Rule 30(b)(6) deposition time with Affilious, Inc. with a witness who is properly prepared to testify to the topics in Meta's Notice.   The parties met and conferred on June 14, 2023 and reached impasse.

---

[1] Meta served its Notice of Rule 30(b)(6) Deposition of Affilious, Inc., containing eight discrete and plain topics, on March 22, 2023.   Advertisers did not object to Meta's Notice.   Ms. Frederick's combined Rule 30(b)(1) and 30(b)(6) depositions took place on June 8, 2023.

[2] This prejudice is particularly significant given the fact that the deadline for Plaintiffs' and Meta's class certification expert disclosures are due on July 7, 2023 and August 4, 2023, respectively. Dkt. 379.   It is also significant because it appears Affilious, Inc. bought only a single ad during the class period for 34 cents.   Setting aside that Ms. Frederick's claim is literally that she was overcharged by a single nickel, the record revealed, though Ms. Frederick's memory was spotty, that Affilious, Inc. was reimbursed in full.   Affilious Rough Tr. 152:9-156:8.

Wilmer Cutler Pickering Hale and Dorr LLP, 2600 El Camino Real, Suite 400, Palo Alto, CA 94306

Beijing    Berlin    Boston    Brussels    Denver    Frankfurt    London    Los Angeles    New York    Palo Alto    San Francisco    Washington

Hon. James Donato
June 15, 2023
Page 2

## I.    Ms. Frederick Was Unprepared On *Any* Noticed Topic

A party has "an affirmative duty to educate and to prepare the designated representative for the [Rule 30(b)(6) deposition." *Molex v. City & Cnty. of San Francisco*, 2012 WL 1965607, at *2 (N.D. Cal. May 31, 2012). Where a party's failure to adequately educate and prepare a corporate designee is tantamount to a failure to appear under Rule 37(d)(1)(A)(i), sanctions are warranted. *See Slot Speaker Techs., Inc. v. Apple, Inc.*, 2017 WL 386345, at *2 (N.D. Cal. Jan. 27, 2017) (ordering sanctions where it was "undisputed that [plaintiff] produced a witness who was unable to adequately testify on its behalf"); *Lofton v. Verizon Wireless (VAW) LLC*, 308 F.R.D. 276, 289 (N.D. Cal. 2015) ("Sanctions are available under Rule 37(d)(1)(A)(i) when 'the failure to produce an adequately prepared witness pursuant to Rule 30(b)(6) is tantamount to a failure to appear.'" (citation omitted)); *Avago Techs., Inc. v. IPtronics Inc.*, 2015 WL 2395941, at *2, 5 (N.D. Cal. May 19, 2015) (sanctions warranted where 30(b)(6) deponent "could not speak to nine of the 24 noticed topics" and "had not reviewed [plaintiff's] operative complaint").

Ms. Frederick admitted she had not prepared. According to Ms. Frederick, she did not review a ***single document*** in preparation to serve as Affilious, Inc.'s representative and, apart from limited conversations with counsel, did nothing to prepare to serve as Affilious, Inc.'s representative, opting instead to "rely[] on [her] memory." Affilious Rough Tr. 37:3-16, 57:3-7. Ms. Frederick's testimony demonstrates her inadequate preparation. Meta includes a few of the many examples, below.

Topic 1 seeks testimony concerning Affilious's "understanding of the facts that form the basis for your claims in this lawsuit." According to Ms. Frederick, her understanding is that "Facebook has used a monopoly to set its advertising prices in a way that is not fair." *Id.* at 50:18-51:2. However, when pressed on this rudimentary understanding, Ms. Frederick testified she knew little more than that, testifying, for example, that she "really do[esn]'t know how Facebook's advertising works." *See id.* at 60:10-22. Moreover, when asked whether Affilious, Inc. ever paid for any ads on Facebook, Ms. Frederick responded, "I'm not sure . . . [A]t some point in time I looked at these records. I do not retain the specific information. So when I—when I filed the suit with my attorneys, I knew that information I represented at the time to be true, I just don't recall at this time what that information was." *Id.* at 124:15-125:1.

Topic 2 seeks testimony concerning the "Advertising Channels on which [Affilious, Inc.] ha[s] advertised, [its] reasons for doing so, the prices [it] paid, and the results [it] received from those Advertising Channels." Ms. Frederick testified that she ***did not review*** (i) any records or emails, (ii) any ads Affilious, Inc. purchased on Facebook, nor (iii) the prices Affilious, Inc. paid for the advertisements it purchased on Facebook. *Id.* at 56:5-57:2. Unsurprisingly, when Meta asked (i) what prices Affilious, Inc. paid to advertise on Facebook, Google, and Pinterest, and (ii) how the prices Affilious, Inc. paid for ads on Facebook compared to the prices it paid for ads on Google, Ms. Frederick was unable to answer any of those basic questions. *Id.* at 55:19-61:24, 66:4-5. The reason Ms. Frederick was unable to testify to these matters was because, as Ms. Frederick later testified in her capacity as Affilious, Inc.'s corporate representative, she did

Hon. James Donato
June 15, 2023
Page 3

***nothing to prepare*** to testify to the prices Affilious, Inc. paid for advertisements, nor the results it received, and was instead relying exclusively on her ***memory***, which is plainly insufficient.  *Id.* at 143:10-14; *see Integrated Glob. Concepts, Inc. v. j2 Glob., Inc.*, 2014 WL 12966857, at *2 (N.D. Cal. Mar. 20, 2014) (holding that deponent designed under Rule 30(b)(6) "had a duty to do more than rely on his memory.  He had a duty to investigate.").

Topic 3 seeks testimony concerning Affilious, Inc.'s "consideration of Advertising Channels, including Advertising Channels on which [it] did not advertise, and the factors [it] relied on in [its] consideration, including but not limited to targeting capabilities, reach, and price," which Advertisers have placed at issue though their contention that Meta's collection of unique granular user data for use in targeted advertising, differentiates the so-called "Social Advertising Market" because similar targeting features "are not comparably available as part of other forms of online advertising, such as banner ads or search ads [that] Advertisers anticipate proving the above through substantial documentary and ***testimonial evidence***."  Advertiser Pls.' Corrected 1st Supp. Resp. & Objs. to Meta's Interrog. No. 11 (Apr. 23. 2023) (emphasis added).  However, when asked what channels Affilious, Inc. considered, but did not advertise on, Ms. Frederick testified, "Twitter, Reddit, there are probably others that don't come to mind very easily," and in fact did nothing to prepare to speak to Topic 3 and was instead simply (yet again) "***replying on [her] memory***," which again is insufficient.  Affilious Rough Tr.  67:3-16 (emphasis added).  Furthermore, Ms. Frederick testified that she advertised on Facebook because Facebook "had interesting targeting tools," *id.* at 19:11-12, yet Ms. Frederick did not review any targeting information for the ads Affilious, Inc. purchased on Facebook, *id.* at 56:14-16.  As a result, Ms. Frederick could not answer whether she targeted Facebook ads based on geography, even though "geo targeting" "would have been important to [her]," *id.* at 20:1-2, 21:5-9, and she could not remember whether she targeted Facebook ads to people interested in wine, even though Affilious, Inc. primarily "writes content about wine and wine related products," *id.* at 44:10-12, 55:19-22.

Topic 8 seeks testimony concerning Affilious, Inc.'s "understanding of the conduct challenged in this lawsuit," which, according to Ms. Frederick's testimony, is little to none.  For example, concerning Advertisers' allegations concerning Facebook Marketplace, Ms. Frederick testified, "I don't know anything about the allegations in my lawsuit about Facebook [M]arketplace."  *Id.* at 186:23-187:1.  Ms. Frederick similarly was unaware that Affilious, Inc.'s lawsuit even challenges an agreement between Facebook and eBay.  *Id.* at 187:2-6.  Perhaps the reason for this, as Ms. Frederick testified, is that she has ***never read*** Affilious, Inc.'s operative complaint.  *Id.* at 188:12-13.

In light of Affilious Inc.'s witness's testimony that she did nothing to prepare for the deposition, and her statements that she did not know obvious facts related to claims or even basic information about case and nature of Affilious, Inc.'s alleged injury, Meta requests the Court restore three hours of Rule 30(b)(6) time with Affilious, Inc. with a designee that is adequately prepared.

Hon. James Donato
June 15, 2023
Page 4

Respectfully submitted,

By: */s/ Sonal N. Mehta*
**WILMER CUTLER PICKERING HALE
AND DORR LLP**
*Attorney for Defendant Meta Platforms, Inc.*