# EXHIBIT 8

1          UNITED STATES DISTRICT COURT

2          NORTHERN DISTRICT OF CALIFORNIA

3          SAN FRANCISCO DIVISION

4    - - - - - - - - - - - - - x

5    MAXIMILIAN KLEIN, et al.,    :

6    on behalf of themselves      :

7    and all others similarly     :

8    situated,                    :

9              Plaintiffs,    :

10     v.                      : Case No.

11   META PLATFORMS, INC., a    : 3:20-cv-08570-JD

12   Delaware Corporation        :

13   headquartered in            :

14   California,                 :

15              Defendant.  :

16   - - - - - - - - - - - - - x

17      Videotaped Deposition of JOSHUA GANS, Ph.D.

18           Conducted virtually via Zoom

19          Tuesday, September 26, 2023

20               10:11 a.m. EST

21

22   Job No.:  503845

23   Pages:  1 - 337

24   Reported by:  THERESA A. VORKAPIC,

25            CSR, RMR, CRR, RPR

1

2

3          Videotaped deposition of Joshua Gans, Ph.D.,

4   conducted virtually via Zoom, pursuant to notice

5   before Theresa A. Vorkapic, a Certified Shorthand

6   Reporter, Registered Merit Reporter, Certified

7   Realtime Reporter, Registered Professional

8   Reporter and a Notary Public in and for the State

9   of Illinois.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

```
 1              A P P E A R A N C E S

 2   ON BEHALF OF THE ADVERTISER PLAINTIFFS:

 3         PRISCILLA GHITA, ESQUIRE

 4         YAVAR BATHAEE, ESQUIRE

 5         ANDREW C. WOLINSKY, ESQUIRE

 6         BATHAEE DUNNE LLP

 7         445 Park Avenue, 9th Floor

 8         New York, New York 10022

 9         332-322-8835

10         pghita@bathaeedunne.com

11   ON BEHALF OF THE DEFENDANT:

12         DAVID GRINGER, ESQUIRE

13         WILMER CUTLER PICKERING HALE AND DORR LLP

14         2100 Pennsylvania Avenue NW

15         Washington, DC 20037

16         212-230-8864

17         david.gringer@wilmerhale.com

18              and

19         ERIN HUGHES, ESQUIRE

20         OLIVIA P. GREENE, ESQUIRE

21         PAUL VANDERSLICE, ESQUIRE

22         WILMER CUTLER PICKERING HALE AND DORR LLP

23         250 Greenwich Street, 7 World Trade Center

24         New York, New York 10007

25         212-295-6284 erin.hughes@wilmerhale.com
```

1    Q  You don't think any of the challenged          12:19:03

2  conduct allowed Meta to offer better data          12:19:05

3  targeting in its advertisements?          12:19:07

4        MS. GHITA:  Objection to form.          12:19:11

5  BY THE WITNESS:          12:19:12

6    A  I think all of the challenged conduct may          12:19:12

7  well have allowed that.          12:19:14

8  BY MR. GRINGER:          12:19:24

9    Q  You understand that all ads served by Meta          12:19:26

10  are part of the social advertising market?          12:19:28

11    A  I have not done any analysis where all ads          12:19:37

12  are part of the social advertising market because          12:19:40

13  I have not, for instance, analyzed the number of          12:19:44

14  people who are on Facebook, for instance, who have          12:19:47

15  no friends.          12:19:54

16    Q  Are ads that target purely on age and          12:19:57

17  location data on social connections between users?          12:20:00

18        MS. GHITA:  Objection to form.          12:20:04

19        THE WITNESS:  Just a second.  You might          12:20:08

20  have to repeat.  I got a message that I wasn't          12:20:09

21  being loud enough, that I've been lulled into too          12:20:11

22  soft a voice.  I'll move my microphone closer.          12:20:17

23        Can you repeat that question?          12:20:22

24  BY MR. GRINGER:          12:20:23

25    Q  Where did you get the message that you          12:20:23

1    weren't being loud enough?                                12:20:24

2        A  I was on the chat here from Michelle.             12:20:25

3        MR. GRINGER:  Michelle, please make sure             12:20:34

4    your posts to the witness are visible to everyone.       12:20:37

5    BY MR. GRINGER:

6        Q  Are ads that target purely on age and             12:20:48

7    location ads that use data on social connections         12:20:50

8    between users?                                           12:20:53

9        MS. GHITA:  Objection to form.                       12:20:54

10   BY THE WITNESS:                                          12:20:55

11       A  No.                                               12:20:56

12       MR. GRINGER:  We've been going for an               12:21:01

13   hour.  Would it be a good time to break?                12:21:03

14       MS. GHITA:  Dr. Gans, are you wanting to            12:21:06

15   take a lunch break now or just a short break?           12:21:07

16   It's 12:20 Eastern.                                     12:21:11

17       MR. GRINGER:  Let's go off the record so            12:21:13

18   we don't have to discuss lunch preferences on the       12:21:16

19   record.                                                 12:21:18

20       THE VIDEOGRAPHER:  We are going off the             12:21:18

21   record.  The time is now 12:21 p.m.                     12:21:20

22       (A lunch recess was had from 12:21 p.m. to

23       1:09 p.m. EST)                                      12:21:25

24

25

1          A F T E R N O O N   S E S S I O N                13:09:51

2          THE VIDEOGRAPHER:  We're going back on the       13:09:51

3    record.  The time is now 1:09 p.m.  Please            13:09:52

4    continue.                                             13:09:55

5          JOSHUA GANS,

6    called as a witness herein, having been previously

7    duly sworn and having testified, was examined and

8    testified further as follows:

9          EXAMINATION (Resumed)                           13:10:02

10   BY MR. GRINGER:                                       13:10:02

11     Q  Professor Gans, in your view is it               13:10:02

12   possible to answer the question of whether the        13:10:05

13   challenged conduct caused a common impact on the      13:10:07

14   putative class using empirical economic analysis?     13:10:12

15         MS. GHITA:  Objection to form.                  13:10:19

16   BY THE WITNESS:                                       13:10:27

17     A  If you take my definition of empirical           13:10:28

18   that I outlined to you earlier, then what we          13:10:31

19   regard as empirical evidence is what we would         13:10:36

20   regard as evidence, evidence that was found by a      13:10:39

21   factfinder or evidence that was contained in          13:10:43

22   documents or evidence that required the analysis      13:10:45

23   of data.  We use the economic lens to guide us        13:10:47

24   into the assumptions and other things that we         13:10:56

25   would use to draw inferences from, but ultimately     13:10:59

1    CERTIFICATE OF COURT REPORTER - NOTARY PUBLIC

2

3         I, Theresa A. Vorkapic, Certified

4    Shorthand Reporter No. 084-2589, CSR, RMR, CRR,

5    RPR, and a Notary Public in and for the County of

6    Kane, State of Illinois, the officer before whom

7    the foregoing deposition was taken, do hereby

8    certify that the foregoing transcript is a true

9    and correct record of the testimony given; that

10   said testimony was taken by me and thereafter

11   reduced to typewriting under my direction; that

12   reading and signing was not requested; and that I

13   am neither counsel for, related to, nor employed

14   by any of the parties to this case and have no

15   interest, financial or otherwise, in its outcome.

16        IN WITNESS WHEREOF, I have hereunto set my

17   hand and affixed my notarial seal this 29th day of

18   March, 2023.

19   My commission expires November 6, 2023.

20

21                 *Theresa A Vorkapic*

22         THERESA A. VORKAPIC

23         NOTARY PUBLIC IN AND FOR ILLINOIS

24

25