**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Kevin Teruya (Bar No. 235916)
kevinteruya@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000

**HAGENS BERMAN SOBOL SHAPIRO LLP**
Shana E. Scarlett (Bar No. 217895)
shanas@hbsslaw.com
715 Hearst Avenue, Suite 300
Berkeley, CA 94710
Telephone: (510) 725-3000

*Interim Co-Lead Consumer Class Counsel*

[Additional counsel listed on signature page]

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| MAXIMILIAN KLEIN, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> META PLATFORMS, INC., <br><br> Defendant. <br><br> This Document Relates To: *All Consumer Actions* | Consolidated Case No. 3:20-cv-08570-JD <br><br> **CONSUMER PLAINTIFFS' MOTION TO EXCLUDE FURTHER PORTIONS OF THE EXPERT REPORT AND TESTIMONY OF DR. CATHERINE TUCKER** <br><br> **[REDACTED VERSION]** <br><br> The Hon. James Donato <br> Hearing Date: June 20, 2024 <br> Hearing Time: 10:00 a.m. |

**NOTICE OF MOTION AND MOTION**

**PLEASE TAKE NOTICE** that on June 20, 2024 at 10:00 a.m., before the Honorable James Donato, of the United States District Court of the Northern District of California, San Francisco Division, 450 Golden Gate Avenue, San Francisco, California, Courtroom 11, 19th Floor, Plaintiffs Maximillian Klein, Sarah Grabert, and Rachel Banks Kupcho ("Consumers"), on behalf of themselves and all others similarly situated, hereby move the Court for an order excluding portions of the expert report and testimony of Dr. Catherine Tucker.

This motion is based upon this Notice of Motion, the accompanying Memorandum of Points and Authorities, all filed supportive declarations and exhibits, the records, pleadings, and other documents on file in this consolidated action, and any argument that may be presented to the Court.

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ................................................................................................................ 1

II. ARGUMENT ...................................................................................................................... 2

    A. Legal Standard ......................................................................................................... 2

    B. The Court Should Exclude Dr. Tucker's Opinion that ▓▓▓▓▓▓▓▓▓▓ ............. 2

        1. Dr. Tucker is not an expert in ▓▓▓▓▓▓ ▓▓▓▓▓▓ ............................... 3

        2. Dr. Tucker's class action opinions are not based on a reliable method. ........................................................................................ 3

        3. Federal Rule of Evidence 403 provides an alternative basis for excluding Dr. Tucker's ▓▓▓▓▓▓ ▓▓▓▓▓▓ opinions. ................................ 6

    C. The Court Should Exclude Dr. Tucker's Opinion that the ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ................................................................. 6

    D. The Court Should Exclude Dr. Tucker's Opinion that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. ................................................................................... 8

III. CONCLUSION ................................................................................................................. 10

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Cabrera v. Google LLC*,
  2022 WL 4468266 (N.D. Cal. Sept. 26, 2022) ................................................................. 2

*Daubert v. Merrell Dow Pharms., Inc.*,
  509 U.S. 579 (1993) .......................................................................................................... 2

*Domingo ex rel. Domingo v. T.K.*,
  289 F.3d 600 (9th Cir. 2002) ............................................................................................ 7

*Grodzitsky v. Am. Honda Motor Co.*,
  957 F.3d 979 (9th Cir. 2020) ............................................................................................ 5

*Mullins v. Premier Nutrition Corp.*,
  178 F. Supp. 3d 867 (N.D. Cal. 2016) ......................................................................... 2, 3

*United States v. Williams*,
  2017 WL 3498694 (N.D. Cal. Aug. 15, 2017) ................................................................. 6

**OTHER AUTHORITIES**

Fed. R. Evid. 403 ..................................................................................................................... 6

Fed. R. Evid. 702 ..................................................................................................................... 2

Fed. R. Civ. P. 23 ..................................................................................................................... 3

**STATEMENT OF ISSUES TO BE DECIDED**

Whether certain testimony of Facebook's expert, Dr. Catherine Tucker, should be excluded pursuant to Federal Rule of Evidence 702 provides the legally impermissible and economically unsupported opinions that:

1. █████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████

2. ████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
██████████████████████████████

3. █████████████████████████████████████████
██████████████████████████████████

-1-

# MEMORANDUM OF POINTS AND AUTHORITIES

**I.   INTRODUCTION**

Dr. Catherine Tucker is one of three economists offered by Facebook to provide testimony at trial. █████████████████████████████████████████████████
████████████████████████████████████████[2]█████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
██████████████████████████[2]███████████████████████████████████
████████████████████████████████████████████████████████████████
█████████████████████████████.[3]

Dr. Tucker's opinions relevant to this motion are those ████████████
████████████ Dr. Tucker opines that ████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████[4]
She further opines that ████████████████████████████████████████
████████████████████████████████ This opinion is based on ██████
███████████████████████████████████████████████████████████[5]

Plaintiffs respectfully request this court exclude three opinions that Dr. Tucker offers in her merits expert report: ██████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
█████████████████

---

[1] Decl. of Shana E. Scarlett in Supp. of Consumer Pls.' Mot. to Exclude Further Test. Of Dr. Catherine Tucker ("Scarlett Decl."), Ex. 1 at ¶¶ 3-4 (Tucker Opening Merits Report); Scarlett Decl., Ex. 2 at ¶¶ 2-5 (Tucker Rebuttal Merits Report).
[2] Scarlett Decl., Ex. 3 at ¶ 225 (Economides Opening Merits Report).
[3] *Id.*
[4] Scarlett Decl., Ex. 1 at ¶¶ 49-50, 72-78.
[5] *Id.* at ¶¶ 72-78.

## II. ARGUMENT

### A. Legal Standard

Expert testimony must be both relevant and reliable to be admitted.[6] A relevant expert opinion has a "valid connection to the pertinent inquiry."[7] An expert opinion is reliable if it has "a reliable basis in the knowledge and experience of his discipline."[8] Courts consider a number of non-exclusive factors when determining if an expert opinion is reliable, such as, "(1) whether a theory or technique can be (and has been) tested, (2) whether the theory or technique has been subjected to peer review and publication, (3) the known or potential error rate of the particular scientific theory or technique, and (4) the degree to which the scientific technique or theory is accepted in a relevant scientific community."[9] The expert opinion's proponent bears the burden of establishing its admissibility.[10]

### B. The Court Should Exclude Dr. Tucker's Opinion that ▮▮▮▮▮▮

To support her opinion that ▮▮▮▮▮▮

---

[6] Fed. R. Evid. 702; *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589 (1993).
[7] *Mullins v. Premier Nutrition Corp.*, 178 F. Supp. 3d 867, 888 (N.D. Cal. 2016) (quoting *United States v. Sandoval–Mendoza*, 472 F.3d 645, 654 (9th Cir.2006)).
[8] *Daubert*, 509 U.S. at 592.
[9] *Mullins*, 178 F. Supp. 3d at 888 (quoting *Daubert*, 509 U.S. at 593–94).
[10] *Cabrera v. Google LLC*, No. 5:11-cv-01263-EJD, 2022 WL 4468266, at *2 (N.D. Cal. Sept. 26, 2022).
[11] Scarlett Decl., Ex. 1 at ¶ 49.
[12] Scarlett Decl., Ex. 4 at 114:8-12 (Dep. Tr. of Dr. Catherine Tucker, Mar. 6, 2024).

1 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

2 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

3 ▓▓▓▓[14]

4 This academically baseless and staggeringly prejudicial opinion about the ▓▓▓▓

5 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ must be excluded ▓▓▓▓▓▓▓▓▓▓▓▓ for multiple reasons.

**1. Dr. Tucker is not an expert in ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓**

"Even the most qualified expert may not offer any opinion on any subject; the expert's opinion must be grounded in his or her personal 'knowledge, skill, experience, training, or education.'"[15] If an expert does not understand the topic about which she opines and does not claim that specific topic or field falls within their expertise, their opinions are not admissible.[16]

Dr. Tucker admits to having no expertise or insight regarding ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓[20]

For this reason alone, the Court should exclude her opinion that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.

**2. Dr. Tucker's class action opinions are not based on a reliable method.**

Dr. Tucker's scientific "methodology" is a collection of inaccurate statements, unverifiable citations, and unrepresentative statistics. None of these opinions are helpful to a jury.

---

[13] Scarlett Decl., Ex. 1 at ¶ 49, 56.
[14] *Id.* at ¶ 49, n.99; Scarlett Decl., Ex. 6 (Reddit posts).
[15] *Mullins*, 178 F. Supp. 3d at 900 (quoting Fed. R. Evid. 702).
[16] *Id.* at 900-901.
[17] Scarlett Decl., Ex. 4 at 110:23-111:7.
[18] *Id.* at 112:4-6; 9-13.
[19] *Id.* at 112:14-17; 120:5-11.
[20] *Id.* at 114:17-115:5.

First, her contention that ███████████████████████████████████████ ███████████████████████████████████████ ███████████████████████████████████████ ███████████████████████████████████████ ███████████████████████████████████████[23]

Second, Dr. Tucker's opinion depends in part on unverifiable sources. A key aspect of her opinion is that ████████████████████████████████████████ ████████████████████████████.[24] She cites as an example that ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ██████████████████. Such sources are so astonishingly unreliable that they cannot be allowed before a jury.

---

[21] *Id.* at 114:9-12; *see also* Scarlett Decl., Ex. 1 at ¶ 56.
[22] Scarlett Decl., Ex. 1 at ¶ 49. n.94 (██████████████████████████████████████████████████████████████████████████████████████████).
[23] *See Hesse v. Godiva*, No. 1:19-cv-00972-AJN (S.D.N.Y.), ECF No. 135 (Apr. 20, 2022) at ¶¶ 32-41 (reviewing and approving the settlement fund distribution method).
[24] Scarlett Decl., Ex. 1 at ¶ 49.
[25] Scarlett Decl., Ex. 4 at 99:22-100:2.
[26] *Id.* at 105:3-5.
[27] *Id.* at 101:7-11, 105:3-5.
[28] *Id.* at 105:12-106:7.
[29] *Id.* at 106:21-107:4.

CONSUMER PLS.' MOT. TO EXCLUDE
FURTHER TEST. OF DR. TUCKER [REDACTED VERSION]

Consolidated Case No. 3:20-cv-08570-JD

1    Third, Dr. Tucker's analysis is not based on a random sample of ▇▇▇▇. One possibly
2    appropriate inquiry might be to randomly sample ▇▇▇▇ and (speaking with
3    ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
4    ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
5    ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

6    Finally, Dr. Tucker's examples are unrepresentative. The Ninth Circuit has previously
7    excluded an expert opinion based on a study with a scientifically inadequate sample size. In
8    *Grodzitsky v. American Honda Motor Co.*, the panel found that sampling 26 out of 400,000
9    businesses was a valid basis for excluding the expert's opinions.[30] ▇▇▇▇▇▇▇▇
10   ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
11   ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
12   ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
13   ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
14   ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

---

[30] *Grodzitsky v. Am. Honda Motor Co.*, 957 F.3d 979, 985 (9th Cir. 2020).
[31] Duane Morris Class Action Review 2023 511-538 (Gerald Maatman & Jennifer Riley, eds., 2023), available at https://www.duanemorrisclassactionreview.com/ (listing 140 of the top class action settlements of 2023); Duane Morris Class Action Review 2022 395-420 (Gerald Maatman and Jennifer Riley, eds., 2022), available at https://emarketing.duanemorris.com/44/2813/uploads/duane-morris-class-action-review-2023.pdf (listing 130 of the top class action settlements of 2022).
[32] *See Grodzitsky*, 957 F.3d at 985.
[33] Scarlett Decl., Ex. 4 at 120:17-23; *see also* Edward Segal, Class Action and Government Lawsuit Settlements Topped $51 Billion In 2023, Forbes https://www.forbes.com/sites/edwardsegal/2024/01/09/class-action-and-government-lawsuit-settlements-topped-51-billion-in-2023/?sh=678f41824d3c.
[34] S.D.N.Y. approved the Godiva settlement in 2022. *See Hesse*, No. 1:19-cv-0972-LAP (Apr. 20, 2022), ECF No. 135. Distribution of the court-approved Celsius settlement began in 2023. "Celsius Class Action Settlement," https://www.celsiusclassactionsettlement.com/ (last accessed Mar. 28, 2024). ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. Scarlett Decl., Ex. 1 (Tucker Merits Report), ¶ 56. Federal courts approved **$63 billion** in class action settlements in 2022, and **$51 billion** in 2023. Brian Eckert, "2022 Was a Record-Breaking Year for Class Action Litigation," (July 17, 2023), https://milberg.com/news/2022-record-breaking-class-action-litigation/#:~:text=Antitrust%20class%20 20actions%20had%20the,increased%20151%25%20to%20%241.31%20billion (last accessed March 28, 2024); *see* Segal, *supra*. $123 million is 0.107% of $114 billion. *See also* Scarlett Decl., Ex. 7 at 12 (Tucker Dep. Ex. 2534); Scarlett Decl., Ex. 4 at 123:1-5.

▇▇▇

▇▇▇

▇▇▇. In short, Dr. Tucker's opinions about ▇▇▇

▇▇▇.

### 3. Federal Rule of Evidence 403 provides an alternative basis for excluding Dr. Tucker's ▇▇▇ opinions.

When faced with especially prejudicial testimony, as Dr. Tucker's is here, this district has previously considered Federal Rule of Evidence 403 as an alternative basis for excluding testimony whose prejudicial effect exceeds its probative value.[36] ▇▇▇ ▇▇▇ is unfairly prejudicial, confuses the issues, and would mislead the jury.[37] This wild extrapolation skips multiple logical steps and is entirely unhelpful to the jury. This enormously prejudicial opinion should be excluded.

### C. The Court Should Exclude Dr. Tucker's Opinion that the ▇▇▇

▇▇▇

▇▇▇

▇▇▇

▇▇▇

▇▇▇

---

[35] *See Hesse*, No. 1:19-cv-00972-AJN (S.D.N.Y.), ECF No. 105 (Mar. 21, 2022) at ¶ 13 ("As of March 21, 2022, based on its review and analysis, Kroll [claims administrator] has determined that there are 509,953 timely and valid Claims and has marked a total of 317,723 as not valid.") (citation omitted); *Hezi v. Celsius Holdings, Inc.*, No. 1:21-cv-09892-JHR (S.D.N.Y.), ECF No. 58-1 (Dec. 29, 2023) ¶ 5 (excluding fraudulent and duplicate claims before distributing funds); Scarlett Decl., Ex. 1 at ¶ 56 n.114 (▇▇▇).

[36] *United States v. Williams*, No. 3:13-CR-00764-WHO-1, 2017 WL 3498694, at *13 (N.D. Cal. Aug. 15, 2017).

[37] Fed. R. Evid. 403.

[38] Scarlett Decl., Ex. 4 at 91:21-25 ▇▇▇ ▇▇▇"); *id.* at 91:14-17 ▇▇▇").

1  ████████████████████████████████████████████
2  ████████████████████████████████████████████
3  ██.[40]

This opinion must be excluded because it rests on unverifiable evidence. "[I]f an expert did not conduct his or her own research, independent of the litigation, on the subject of the testimony, the district court must determine whether there exists any "objective, verifiable evidence that the testimony is based on 'scientifically valid principles.'"[41] Courts consider if the expert's opinion was subject "to normal scientific scrutiny through peer review and publication" or, absent these, that the expert explained "precisely" how they reached the conclusion and cited "some objective source—a learned treatise, the policy statement of a professional association, a published article in a reputable scientific journal or the like—to show that they have followed the scientific method, as it is practiced by (at least) a recognized minority of scientists in their field."[42]

No objective, verifiable evidence supports Dr. Tucker's opinion that ████████
██████████████████████████████████████████
██████████████████████████████████████████
██████████████████████████████████████████
████████████ ████████████████████████████
████████████ ██████████████████████████.[45]

---

[39] Scarlett Decl., Ex. 1 at ¶ 48.
[40] *Id.* ████████████████████████████████████
██████████████████████████████████████████.
[41] *Domingo ex rel. Domingo v. T.K.*, 289 F.3d 600, 605 (9th Cir. 2002) (quoting *Daubert v. Merrell Dow Pharms., Inc.*, 43 F.3d 1311, 1317–18 (9th Cir.1995) ("*Daubert II*")).
[42] *Domingo*, 289 F.3d at 605-606 (quoting *Daubert II* at 1318-19).
[43] Scarlett Decl., Ex. 4 at 95:18-96:11.
[44] Warzel, Charlie, "Shady Marketplaces Selling Fake Facebook Profiles Operate in Plain Sight," Buzzfeed News, May 16, 2018, https://www.buzzfeednews.com/article/charliewarzel/heres-how-easy-it-is-to-buy-fake-facebook-profiles.
[45] Scarlett Decl., Ex. 4 at 96:23-97:5.

1 ▉
2 ▉."46
3     At her deposition, Dr. Tucker claimed ▉
4 ▉
5 ▉.47 The data and her report from this other matter were not
6 produced in this case.48 As a result, Dr. Tucker has provided the Court and plaintiffs no opportunity
7 to determine if the evidence her opinion is based upon is objective and verifiable.
8     Moreover, Dr. Tucker's opinion that the ▉
9 ▉
10 ▉
11 ▉.49 Identifying fraudulent accounts is not an insurmountable
12 challenge. At the class certification stage ▉
13 ▉
14 ▉.50
15     For these reasons, Dr. Tucker's opinion that the *but-for* world would lead to mushrooming
16 fraudulent accounts that would cause Facebook's unraveling should be excluded.

17     **D.**     **The Court Should Exclude Dr. Tucker's Opinion that** ▉
18 ▉**.**
19     Dr. Tucker challenges Dr. Economides' ▉
20 ▉
21 ▉
22 ▉

---

46 *Id.* at 95:6-10.
47 *Id.* at 92:16-24, 93:3-22.
48 *Id.* at 94:1-4.
49 Scarlett Decl., Ex. 5 at 81:4-16 (Dep. Tr. of Dr. John List).
50 User Class Rebuttal Report of Catherine Tucker (Sept. 15, 2023), ECF No. 645-19 at ¶ 121.
51 Scarlett Decl., Ex. 1 at ¶ 68.

███████████████████████████████████████
███████████████████████████████████████.[52]
    ███████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████.[58]
    ███████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
████████████.[61]

Dr. Tucker's statistics do not shed any light on her ultimate conclusions and thus are flawed and unreliable. Dr. Tucker would like a jury to agree that ████████████████████
███████████████████████████████████████

---

[52] Scarlett Decl., Ex. 4 at 49:13-17.
[53] ███████████████████████████████
████████. Scarlett Decl., Ex. 4 at 79:2-10.
[54] Scarlett Decl., Ex. 1 at ¶ 72 ████████████████████
██████████████████████████████████").
[55] Scarlett Decl., Ex. 4 at 58:4-10.
[56] Scarlett Decl., Ex. 1 at ¶ 72.
[57] *Id.*
[58] Scarlett Decl., Ex. 4 at 73:12-17; Ex. 1 at Appx. E, ¶ 2 ██████████████
███████").
[59] Scarlett Decl., Ex. 1 at ¶ 74.
[60] *Id.* at ¶ 75.
[61] *Id.* at ¶ 77-78.

1  ████████████████████████████████████████████
2  ████████████████████████████████████████████
3  ████████████████████████████████████████████
4  ████████████████████████████████████████████
5  ████████████████████████████████████████████
6  ████████████████████████████████████████████
7  ████████████████████████████████████████████
8  ████████████████████████████████████████████
9  ████████████████████████████████████████████
10 ████████████████████████████████████████████
11 ████████████████████████████████████████████
12 ████████████████████████████████████████████
13 ████████████████████████████████████████████
14 ████████████████████████████████████████████
15 ████████████████████████████████████████████
16 ██████████████████████.

### III. CONCLUSION

Accordingly, Consumers respectfully request that the Court exclude the following paragraphs from Dr. Tucker's opening merits report: ¶¶ 48-50; 70-80, including Exhibits 3 and 4; and the following paragraphs from Dr. Tucker's rebuttal merits report: ¶¶ 3, 27-28, 32, 34, 36, 37, 41.

---

[62] Scarlett Decl., Ex. 4 at 65:13-15.
[63] *Id.* at 65:6-15.
[64] Scarlett Decl., Ex. 1 at ¶ 73; Scarlett Decl., Ex. 4 at 54:5-14.

DATED: April 5, 2024

By: */s/ Shana E. Scarlett*
**HAGENS BERMAN SOBOL SHAPIRO LLP**
Shana E. Scarlett (Bar No. 217895)
shanas@hbsslaw.com
715 Hearst Avenue, Suite 300
Berkeley, CA 94710
Telephone: (510) 725-3000

Steve W. Berman (admitted *pro hac vice*)
steve@hbsslaw.com
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292

*Interim Co-Lead Consumer Class Counsel*

**LOCKRIDGE GRINDAL NAUEN P.L.L.P.**
W. Joseph Bruckner (admitted *pro hac vice*)
wjbruckner@locklaw.com
Robert K. Shelquist (admitted *pro hac vice*)
rkshelquist@locklaw.com
Brian D. Clark (admitted *pro hac vice*)
bdclark@locklaw.com
Rebecca A. Peterson (Bar No. 241858)
rapeterson@locklaw.com
Kyle Pozan (admitted *pro hac vice*)
kjpozan@locklaw.com
Laura M. Matson (admitted *pro hac vice*)
lmmatson@locklaw.com
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900

*Interim Counsel for the Consumer Class*

By: */s/ Kevin Teruya*
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Kevin Y. Teruya (Bar No. 235916)
kevinteruya@quinnemanuel.com
Adam B. Wolfson (Bar No. 262125)
adamwolfson@quinnemanuel.com
Scott L. Watson (Bar No. 219147)
scottwatson@quinnemanuel.com
Claire D. Hausman (Bar No. 282091)
clairehausman@quinnemanuel.com
Brantley I. Pepperman (Bar No. 322057)
brantleypepperman@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
Telephone: (213) 443-3000

Michelle Schmit (admitted *pro hac vice*)
michelleschmit@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606-1881
Telephone: (312) 705-7400

Manisha M. Sheth (admitted *pro hac vice*)
manishasheth@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000

Interim Co-*Lead Consumer Class Counsel*

CONSUMER PLS.' MOT. TO EXCLUDE
FURTHER TEST. OF DR. TUCKER [REDACTED VERSION]
Consolidated Case No. 3:20-cv-08570-JD

## ATTESTATION OF SHANA E. SCARLETT

This document is being filed through the Electronic Case Filing (ECF) system by attorney Shana E. Scarlett. By her signature, Ms. Scarlett attests that she has obtained concurrence in the filing of this document from each of the attorneys identified on the caption page and in the above signature block.

Dated: April 5, 2024          By   */s/ Shana E. Scarlett*
                                   Shana E. Scarlett