| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MAXIMILLIAN KLEIN, *et al.*,<br><br>                              Plaintiffs,<br><br>     v.<br><br>META PLATFORMS, INC.,<br><br>                              Defendant.<br><br>This document relates to: *All Actions* | Consolidated Case No. 3:20-cv-08570-JD<br><br>**[PROPOSED] ORDER GRANTING CONSUMER PLAINTIFFS' MOTION TO EXCLUDE FURTHER PORTIONS OF THE EXPERT REPORT AND TESTIMONY OF<br>DR. CATHERINE TUCKER** |

1   Now before the Court is Consumer Plaintiffs' Motion to Exclude Testimony of Dr. Catherine
2   Tucker (the "Motion"). The Court, having considered the Motion and its accompanying
3   memorandum, hereby finds that the Motion is **GRANTED**.

4   Expert testimony must be both relevant and reliable to be admitted. Fed. R. Evid. 702; *Daubert*
5   *v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589 (1993). A relevant expert opinion has a "valid
6   connection to the pertinent inquiry." *Mullins v. Premier Nutrition Corp.*, 178 F. Supp. 3d 867, 888 (N.D.
7   Cal. 2016) (quoting *United States v. Sandoval–Mendoza*, 472 F.3d 645, 654 (9th Cir.2006)). An expert
8   opinion is reliable if it has "a reliable basis in the knowledge and experience of his discipline." *Daubert*,
9/10   509 U.S. at 592. Courts consider a number of non-exclusive factors when determining if an expert
11  opinion is reliable, such as, "(1) whether a theory or technique can be (and has been) tested, (2) whether
12  the theory or technique has been subjected to peer review and publication, (3) the known or potential
13  error rate of the particular scientific theory or technique, and (4) the degree to which the scientific
14  technique or theory is accepted in a relevant scientific community." *Mullins*, 178 F. Supp. 3d at 888
15/16 (quoting *Daubert*, 509 U.S. at 593–94). The expert opinion's proponent bears the burden of establishing
17  its admissibility. *Cabrera v. Google LLC*, No. 5:11-cv-01263-EJD, 2022 WL 4468266, at *2 (N.D. Cal.
18  Sept. 26, 2022).

19  Consumer Plaintiffs challenge three opinions of Dr. Catherine Tucker, one of Facebook's
20  expert economists: (1) class actions promulgate fraud; (2) the but-for world is implausible because
21  mushrooming fraudulent accounts would cause Facebook's unraveling; and, (3) if Facebook paid
22  users to access and use their data, Facebook would only pay users who generated high advertising
23  revenue for Facebook.

24  As to the first challenged opinion, Dr. Tucker admitted she is not an expert in class action
25  claims administration. She is not a qualified expert in this field, and her opinions on this topic must
26  be excluded. *Mullins*, 178 F. Supp. 3d at 900-01 (quoting Fed. R. Evid. 702).

1   With respect to the second challenged opinion, no objective, verifiable evidence supports Dr. Tucker's opinion that fraudulent Facebook accounts are available in bulk for this price on the dark web, much less that the bulk purchase of these accounts would cause Facebook's unraveling in the but-for world. Given this lack of both independent testing and verifiable evidence, this opinion must also be excluded. *Domingo ex rel. Domingo v. T.K.*, 289 F.3d 600, 605-06 (9th Cir. 2002).

Finally, the third opinion is not based on a scientifically reliable methodology must be excluded. *Daubert*, 509 U.S. at 592.

The following material is hereby excluded from the record under *Daubert v. Merrell Dow Pharmaceuticals, Inc.* and related precedents: Paragraphs ¶¶ 48-50; 70-80, including Exhibits 3 and 4, of Dr. Tucker's Opening Merits Report; Paragraphs ¶¶ 3, 27-28, 32, 34, 36, 37, 41; of Dr. Tucker's Rebuttal Merits Report; footnote citations in support of these paragraphs; and her deposition testimony on the excluded topics.

**IT IS SO ORDERED.**

Dated: _____, 2024

HONORABLE JAMES DONATO
UNITED STATES DISTRICT JUDGE