# EXHIBIT 12

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Kevin Y. Teruya (Bar No. 235916)
  kevinteruya@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000

**HAGENS BERMAN SOBOL SHAPIRO LLP**
Shana E. Scarlett (Bar No. 217895)
  shanas@hbsslaw.com
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
(510) 725-3000

*Interim Co-Lead Consumer Class Counsel*

[Additional counsel listed on signature page]

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| MAXIMILIAN KLEIN, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> META PLATFORMS, INC., <br><br> Defendant. <br><br> This Document Relates To: All Actions | Consolidated Case No. 3:20-cv-08570-JD <br><br> The Hon. James Donato <br><br> **CONSUMER PLAINTIFFS' THIRD SUPPLEMENTAL RESPONSES AND OBJECTIONS TO INTERROGATORY NO. 1 OF DEFENDANT META PLATFORMS, INC.'S FIRST SET OF INTERROGATORIES** |

14. Nothing in Consumer Plaintiffs' responses and objections are intended or shall be construed or deemed to be an admission or waiver by Consumer Plaintiffs regarding any issue, including the relevance or admissibility of any documents, data information, or subject matter.

15. Consumer Plaintiffs object to the "Definitions" section preceding the Interrogatories as vague and ambiguous, as well as overly broad, unduly burdensome, and disproportionate. By submitting these responses, Consumer Plaintiffs do not in any way adopt Facebook's purported definitions of words or phrases. Consumer Plaintiffs further object to Facebook's proposed "Definitions" to the extent that they are susceptible to more than one meaning or are inconsistent with the ordinary or customary meaning of such words and phrases or the rules governing the permissible scope of discovery.

16. Consumer Plaintiffs object to the "Instructions" section preceding the Interrogatories as vague and ambiguous, as well as overly broad, unduly burdensome, and disproportionate to the extent that they purport to impose an obligation on Consumer Plaintiffs to locate, obtain, and produce information, documents, and things that are not in the possession, custody, or control of Consumer Plaintiffs.

**SPECIFIC RESPONSES AND OBJECTIONS**

**INTERROGATORY NO. 1:**

Identify all Participant(s) in your alleged "Social Network Market."

**THIRD SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 1:**

Consumer Plaintiffs object to this Interrogatory on the grounds set forth in detail above in their General Objections. Consumer Plaintiffs further object to this Interrogatory on the grounds that by seeking the identification of "all Participant(s)" in the Social Network Market, the Interrogatory is premature because fact discovery is ongoing, Consumer Plaintiffs' investigation is continuing, Facebook continues to produce documents in response to Consumer Plaintiffs' discovery requests, and class and merits expert discovery is not set to commence until July 7, 2023, and January 12,

2024, respectively (Dkt. 379); *see also In re eBay Seller Antitrust Litig.*, 2008 WL 5212170, at *2 (N.D. Cal. Dec. 11, 2008) (in putative antitrust class action, where discovery ongoing, defendant's interrogatories to class plaintiffs regarding "market definition" were "premature at this stage of discovery"). Defining the relevant market "is a factual inquiry" that requires "the benefit of fact discovery" and expert analysis, including because it can often "involve a complicated economic analysis[.]" *Newcal Indus., Inc. v. Ikon Off. Sol.*, 513 F.3d 1038, 1045 (9th Cir. 2008); *Powderly v. Blue Cross & Blue Shield of N. Carolina*, 2008 WL 4129767, at *2 (W.D.N.C. Sept. 4, 2008); *U.S. Healthcare, Inc. v. Healthsource, Inc.*, 986 F.2d 589, 599 (1st Cir. 1993); *Theme Promotions, Inc. v. News Am. Mktg. FSI*, 546 F.3d 991, 1002 (9th Cir. 2008).

Consumer Plaintiffs further object to this Interrogatory to the extent that the Interrogatory seeks information that will necessarily be the subject of expert testimony and analysis. Consumer Plaintiffs will make expert disclosures and produce their expert reports pursuant to the schedule for expert discovery set by the Court.

Consumer Plaintiffs further object to this Interrogatory to the extent that the Interrogatory seeks information protected by the attorney-client privilege, common interest privilege, or work product doctrine, or that is otherwise privileged or protected from discovery.

Subject to and without waiving the foregoing General and Specific Objections, Consumer Plaintiffs respond as follows:

Consumer Plaintiffs' present response to Interrogatory No. 1 is necessarily preliminary and subject to supplementation, including based on not-yet obtained fact discovery and expert analysis. Consistent with the parties' agreement (*see* March 21, 2023 Email from B. Pepperman to O. Greene)—and based on the information currently available to them—Consumer Plaintiffs presently understand that "Participants" in the Social Network Market include, or have included (to the extent that they no longer exist): Bebo; Diaspora; Facebook; Flip.com; Friendster; Google+; Hi5; Instagram; MeWe; Myspace; Orkut; SixDegrees, Snapchat, and Xanga.

Because Consumer Plaintiffs have not yet completed their investigation, Facebook only recently substantially completed a subset of its document production and is continuing to produce documents, Facebook continues to produce documents and data, certain depositions and their

1 | transcripts remain outstanding, and expert discovery has not yet begun, Consumer Plaintiffs reserve
2 | the right to amend or supplement this response.

1  DATED: June 23, 2023

| | |
|---|---|
| By: */s/ Shana E. Scarlett* <br> **HAGENS BERMAN SOBOL SHAPIRO LLP** <br> Shana E. Scarlett (Bar No. 217895) <br>   shanas@hbsslaw.com <br> 715 Hearst Avenue, Suite 202 <br> Berkeley, CA 94710 <br> (510) 725-3000 <br><br> Steve W. Berman (admitted *pro hac vice*) <br>   steve@hbsslaw.com <br> 1301 Second Avenue, Suite 2000 <br> Seattle, WA 98101 <br> (206) 623-7292 <br><br> *Interim Co-Lead Consumer Class Counsel* <br><br> **LOCKRIDGE GRINDAL NAUEN P.L.L.P.** <br> W. Joseph Bruckner (admitted *pro hac vice*) <br>   wjbruckner@locklaw.com <br> Robert K. Shelquist (admitted *pro hac vice*) <br>   rkshelquist@locklaw.com <br> Brian D. Clark (admitted *pro hac vice*) <br>   bdclark@locklaw.com <br> Rebecca A. Peterson (Bar No. 241858) <br>   rapeterson@locklaw.com <br> Kyle Pozan (admitted *pro hac vice*) <br>   kjpozan@locklaw.com <br> Laura M. Matson (admitted *pro hac vice*) <br>   lmmatson@locklaw.com <br> 100 Washington Avenue South, Suite 2200 <br> Minneapolis, MN 55401 <br> (612) 339-6900 | By: */s/ Kevin Y. Teruya* <br> **QUINN EMANUEL URQUHART & SULLIVAN, LLP** <br> Kevin Y. Teruya (Bar No. 235916) <br>   kevinteruya@quinnemanuel.com <br> Adam B. Wolfson (Bar No. 262125) <br>   adamwolfson@quinnemanuel.com <br> Claire D. Hausman (Bar No. 282091) <br>   clairehausman@quinnemanuel.com <br> Brantley I. Pepperman (Bar No. 322057) <br>   brantleypepperman@quinnemanuel.com <br> 865 South Figueroa Street, 10th Floor <br> Los Angeles, CA 90017-2543 <br> (213) 443-3000 <br><br> Michelle Schmit (admitted *pro hac vice*) <br>   michelleschmit@quinnemanuel.com <br> 191 N. Wacker Drive, Suite 2700 <br> Chicago, IL 60606-1881 <br> (312) 705-7400 <br><br> Manisha M. Sheth (admitted *pro hac vice*) <br>   manishasheth@quinnemanuel.com <br> 51 Madison Avenue, 22nd Floor <br> New York, New York 10010 <br> (212) 849-7000 <br><br> *Interim Co-Lead Consumer Class Counsel* |