1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Kevin Y. Teruya (Bar No. 235916)
  kevinteruya@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
(213) 443-3000

**HAGENS BERMAN SOBOL SHAPIRO LLP**
Shana E. Scarlett (Bar No. 217895)
  shanas@hbsslaw.com
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
(510) 725-3000

*Interim Co-Lead Consumer Class Counsel*

**BATHAEE DUNNE LLP**
Yavar Bathaee (Bar No. 282388)
  yavar@bathaeedunne.com
445 Park Avenue, 9th Floor
New York, NY 10022
(332) 322-8835

**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
Amanda F. Lawrence (*pro hac vice*)
  alawrence@scott-scott.com
156 South Main Street, P.O. Box 192
Colchester, CT 06415
(860) 537-5537

*Interim Co-Lead Advertiser Class Counsel*

[Additional counsel listed on signature page]

**WILMER CUTLER PICKERING
HALE AND DORR LLP**
SONAL N. MEHTA (SBN 222086)
  Sonal.Mehta@wilmerhale.com
2600 El Camino Real, Suite 400
Palo Alto, California 94306
Telephone: (650) 858-6000

DAVID Z. GRINGER (*pro hac vice*)
  David.Gringer@wilmerhale.com
7 World Trade Center
250 Greenwich Street
New York, New York 10007
Telephone: (212) 230-8800

ARI HOLTZBLATT (*pro hac vice*)
  Ari.Holtzblatt@wilmerhale.com
MOLLY M. JENNINGS (*pro hac vice*)
  Molly.Jennings@wilmerhale.com
2100 Pennsylvania Ave NW
Washington, DC 20037
Telephone: (202) 663-6000

*Attorneys for Defendant Meta Platforms, Inc.*

[Additional counsel listed on signature page]

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| MAXIMILIAN KLEIN, et al., | Consolidated Case No. 3:20-cv-08570-JD |
| Plaintiffs, | **THIRTEENTH JOINT CASE MANAGEMENT STATEMENT** |
| vs. | The Hon. James Donato |
| META PLATFORMS, INC., | Hearing Date:  April 18, 2024 at 10:00 a.m. |
| Defendant. | |
| This Document Relates To: All Actions | |

## THIRTEENTH JOINT CASE MANAGEMENT STATEMENT

In advance of the April 18, 2024 Status Conference, counsel for Consumer Plaintiffs ("Consumers" or "Users"), Advertiser Plaintiffs ("Advertisers"), and defendant Meta Platforms, Inc. ("Meta" or "Facebook") respectfully submit this Thirteenth Joint Case Management Statement. This statement summarizes for the Court open items that the parties either jointly or individually contend are ripe for the Court's consideration or soon will be.

**I.      Pending Motions That Are Fully Briefed**

**A.      Motions for Class Certification**

On September 15, 2023, both Advertiser Plaintiffs and User Plaintiffs filed motions for class certification. Dkts. 643, 648. Meta opposed both motions, Dkts. 670, 672, and both groups of plaintiffs filed reply briefs, Dkts. 698, 700.

These motions have been fully briefed since November 3, 2023.

**B.      Class Certification *Daubert* Motions**

At the class certification stage, the parties moved to exclude certain proposed expert testimony from a subset of the experts who submitted reports:

- **Advertiser Plaintiffs** moved to exclude testimony from Meta's class certification-stage experts Yael Hochberg, Dkts. 658, 678, 691; and Catherine Tucker. Dkts. 660, 676, 682.

- **Meta** moved to exclude testimony from Advertiser Plaintiffs' class certification-stage experts Scott Fasser and Joshua Gans, Dkts. 644, 666, 668, 684; and Michael Williams and Kevin Kreitzman. Dkts. 662, 680, 686.

- **User Plaintiffs** moved to exclude testimony from Meta's class certification-stage expert Catherine Tucker. Dkts. 649, 664, 697.

- **Meta** moved to exclude testimony from User Plaintiffs' class certification-stage expert Nicholas Economides. Dkts. 650, 674, 695.

These motions have been fully briefed since November 3, 2023.

II.     **Pending Motions With Ongoing Briefing**

    A.     **Dispositive Motions**

On April 5, 2024, Meta moved for summary judgment on the claims raised by both the Advertiser Plaintiffs and User Plaintiffs. Dkts. 755, 767.

Oppositions are due on May 3, 2024, and reply briefs are due on May 21, 2024. Dkt. 379.

    B.     **Merits *Daubert* Motions**

At the merits stage, the parties moved to exclude certain proposed expert testimony from a subset of the experts who submitted reports:

- **Advertiser Plaintiffs** moved to exclude testimony from Meta's merits-stage experts Georgios Zervas, Dkt. 753; and Catherine Tucker, Dkt. 763.

- **Meta** moved to exclude testimony from Advertiser Plaintiffs' merits-stage experts Michael Williams, Dkt. 757; Kevin Kreitzman, Dkt. 759; Tilman Klumpp, Dkt. 761; and Markus Jakobsson, Dkt. 775.

- **User Plaintiffs** moved to exclude testimony from Meta's merits-stage experts Catherine Tucker, Dkt. 765; Anindya Ghose, Dkt. 778; John List, Dkt. 779; and Dennis Carlton, Dkt. 780.

- **Meta** moved to exclude testimony from User Plaintiffs' merits-stage experts Nicholas Economides, Dkt. 770; Joseph Farrell, Dkt. 773; Sarah Lamdan, Dkt. 777.

Oppositions are due on May 3, 2024, and reply briefs are due on May 21, 2024. Dkt. 379.

III.    **Schedule For Further Proceedings**

This Court's operative Scheduling Order, entered on November 18, 2022, scheduled a class certification concurrent expert proceeding for December 5, 2023; a class certification hearing for December 14, 2023; a merits concurrent expert proceeding for June 11, 2024; a dispositive and merits *Daubert* motions hearing for June 20, 2024; a pretrial conference for October 17, 2024; and a jury trial for November 12, 2024. Dkt. 379.

On November 10, 2023, the parties filed their joint submission for the class certification concurrent expert proceeding. Dkt. 704. On November 17, 2023, this Court rescheduled the class certification concurrent expert proceeding to March 12, 2024 and vacated the hearing on class

certification and related *Daubert* motions pending further order of the Court. Dkt. 708. On March 5, 2024, this Court rescheduled the class certification concurrent expert proceeding to August 22, 2024. Dkt. 730. The class certification hearing has not been rescheduled.

Thus, the current schedule for remaining proceedings is as follows:

- May 3, 2024:  Oppositions to dispositive and merits *Daubert* motions due
- May 21, 2024:  Reply briefs on dispositive and merits *Daubert* motions due
- May 28, 2024:  Joint submission for merits concurrent expert proceeding due
- June 11, 2024, 11:00 a.m.:  Merits concurrent expert proceeding
- June 20, 2024, 10:00 a.m.:  Dispositive and merits *Daubert* motions hearing
- August 22, 2024, 1:30 p.m.:  Class certification concurrent expert proceeding
- October 17, 2024, 1:30 p.m.:  Pretrial conference
- November 12, 2024, 9:00 a.m.:  Jury trial

**Meta's Statement Concerning the Schedule for Further Proceedings:** Meta respectfully requests an opportunity to discuss with the Court the schedule for remaining proceedings at the upcoming status conference in light of the following considerations.

After the recent schedule changes, two of Meta's experts have scheduling conflicts on the current dates for the merits concurrent expert proceeding and the class certification concurrent expert proceeding. Meta's expert Dr. John List, who offers opinions at the merits stage in relation to the User case, is unavailable on June 11, 2024, the date of the merits concurrent expert proceeding. Dr. List operates an annual summer program for high school students from underrepresented backgrounds with an interest in economics. The program is scheduled from June 9-11, and Dr. List's attendance is required on June 11. Meta's expert Dr. Catherine Tucker, who offers opinions at the class certification stage in relation to both the User and Advertiser cases, is unavailable on August 22, 2024, the new date of the class certification concurrent expert proceeding. Dr. Tucker will be out of the country on August 22 on travel that has been scheduled since before the August 22 date was set.

Meta also requests an opportunity to discuss the structure and timing of the concurrent expert proceedings for the Advertiser and User cases. As the Court knows, there are two consolidated, but

distinct and now substantially non-overlapping, cases—one brought by the Advertiser Plaintiffs, *see* Dkt. 237 (Amended Advertiser Compl.), and one brought by the User Plaintiffs, *see* Dkt. 87 (User Compl.). Each case involves different proposed classes of plaintiffs, different alleged relevant markets, different challenged conduct, and different damages theories and demands. As indicated in the parties' joint stipulation concerning the class certification concurrent expert proceeding, the Advertiser Plaintiffs intend to bring four experts to the class certification expert proceeding, and the User Plaintiffs intend to bring an additional four experts to the same proceeding. Dkt. 687.[1] Meta has three experts offering opinions at the class certification stage: one addressing issues in the Advertiser case (Dr. Yael Hochberg), one addressing issues in the User case (Rebecca Kirk Fair), and one separately addressing issues in both cases (Dr. Catherine Tucker). *Id.* Given the number of experts involved, Meta respectfully submits that it might be more administrable and helpful to the Court if the parties' experts addressed issues in the Advertiser case at class certification and merits concurrent expert proceedings that took place separately from the class certification and merits concurrent expert proceedings concerning the User case. As presently structured, the class certification concurrent expert proceeding on August 22, 2024 will involve testimony from 11 expert witnesses on two distinct and largely unrelated sets of topics, *see* Dkts. 704-1 (User-Meta topics), 704-2 (Advertiser-Meta topics), concerning two cases that the parties agree should be tried separately, *see infra*, which may be an unusually lengthy amount of material to cover in a single day.

Now that fact and expert discovery are closed, class certification briefing is complete, and summary judgment and merits *Daubert* briefing are soon to be complete, Meta also submits that it may be time for the parties and the Court to discuss what trial structure and order make sense in the event that either or both cases survive summary judgment and class certification and proceed to trial. The Court's guidance on which case will proceed to trial first may also inform the ordering of the concurrent expert proceedings under Meta's proposal.

---

[1] Meta continues to request that the Court deny permission for one of User Plaintiffs' putative class certification-stage experts, Joseph Farrell, to participate in the class certification concurrent expert proceeding given his testimony confirming the extremely limited scope and irrelevance of his class certification-stage opinions, as explained in Meta's November 17, 2023 letter. Dkt. 709.

1    Meta previously reached out to counsel for the User Plaintiffs to discuss certain of these

2    scheduling issues and the parties will continue to confer before next week's status conference

3    regarding these and other scheduling issues.

4    **Plaintiffs' Statement Concerning the Schedule for Further Proceedings:**

5    *Timing and structure of concurrent expert proceedings*: The parties jointly proposed

6    separate class certification concurrent expert proceedings—one for the Consumer case, and one for

7    the Advertiser case—to proceed on the same day.[2] To the extent that Meta is suggesting above that

8    class certification and merits concurrent expert proceedings occur on separate days as between the

9    Consumer and Advertiser cases—*i.e.*, the Consumer-Meta class certification expert concurrent

10   proceeding occur on one day, the Advertiser-Meta class certification expert concurrent proceeding

11   occur on another day, and the like for merits expert concurrent proceedings—Plaintiffs believe that

12   one day would be sufficient for these proceedings. In other words, the Consumer-Facebook and

13   Advertiser-Facebook class certification expert concurrent proceedings should occur on a single day,

14   and the Consumer-Facebook and Advertiser-Facebook merits expert concurrent proceedings should

15   occur on a single day. Each of Plaintiffs' experts are busy professionals with commitments

16   (academic and otherwise). Introducing additional days of testimony at this late stage would pose

17   challenges to their schedules. But Plaintiffs will accommodate whatever works for the Court's

18   schedules to the best of their abilities.

19   *Order of Trials:* Plaintiffs believe it is premature to discuss which of the plaintiff classes

20   will proceed first at trial. However, both Plaintiff classes agree with Meta that the Advertisers and

21   Consumers trials should proceed separately, not jointly.

22   *Meta's requested exclusion of Dr. Farrell from the class certification round table:* Consumer

23   Plaintiffs disagree with Facebook's continued request to exclude one of their experts, Dr. Farrell,

24   from the class certification concurrent proceeding. Facebook mischaracterizes Dr. Farrell's class

25   certification opinions; rather than rely on Facebook's characterization, Dr. Farrell should be

26   permitted to describe his opinions to the Court for himself at the class certification expert

27   _____

28   [2] Dkt. No. 704.

proceeding. Further, his class certification opinions are helpful to resolving whether market definition is a common, class-wide issue. Regardless, Facebook's purported concerns underlying its request to exclude Dr. Farrell from the class certification concurrent proceeding are moot because they are addressed by his merits reports and opinions.

### IV.     Settlement and ADR

The parties' ADR efforts to date have included a mediation that was scheduled for October 4-5, 2023 with Gregory Lindstrom. The parties mediated this case for one day but were unable to reach an agreement.

### V.     Update Regarding Related Lawsuits

In *Federal Trade Commission v. Meta Platforms, Inc.*, No. 1:20-cv-03590-JEB (D.D.C.), fact and expert discovery are closed. Meta moved for summary judgment on April 5, 2024. Dkt. 324. Briefing on dispositive motions in that action will be complete on August 9, 2024. No trial date has yet been set.

1    DATED: April 11, 2024                    Respectfully submitted,

2
     By:  */s/ Shana E. Scarlett*            By:  */s/ Kevin Y. Teruya*
3    **HAGENS BERMAN SOBOL SHAPIRO LLP**     **QUINN EMANUEL URQUHART & SULLIVAN,**
     Shana E. Scarlett (Bar No. 217895)      **LLP**
4      shanas@hbsslaw.com                     Kevin Y. Teruya (Bar No. 235916)
     715 Hearst Avenue, Suite 202              kevinteruya@quinnemanuel.com
5    Berkeley, CA 94710                       Adam B. Wolfson (Bar No. 262125)
     Telephone: (510) 725-3000                 adamwolfson@quinnemanuel.com
6                                             Claire D. Hausman (Bar No. 282091)
     Steve W. Berman (*pro hac vice*)          clairehausman@quinnemanuel.com
7    steve@hbsslaw.com                        Brantley I. Pepperman (Bar No. 322057)
     1301 Second Avenue, Suite 2000            brantleypepperman@quinnemanuel.com
8    Seattle, WA 98101                        865 South Figueroa Street, 10th Floor
     Telephone: (206) 623-7292                Los Angeles, CA 90017-2543
9                                             (213) 443-3000

10   **LOCKRIDGE GRINDAL NAUEN P.L.L.P.**
     W. Joseph Bruckner (*pro hac vice*)      Michelle Schmit
11     wjbruckner@locklaw.com                   michelleschmit@quinnemanuel.com
     Robert K. Shelquist (*pro hac vice*)     191 N. Wacker Drive, Suite 2700
12     rkshelquist@locklaw.com                Chicago, IL 60606
     Brian D. Clark (*pro hac vice*)          Telephone: (312) 705-7400
13     bdclark@locklaw.com
     Rebecca A. Peterson (Bar No. 241858)     Manisha M. Sheth (admitted *pro hac vice*)
14     rapeterson@locklaw.com                   manishasheth@quinnemanuel.com
     Arielle S. Wagner (*pro hac vice*)       51 Madison Avenue, 22nd Floor
15     aswagner@locklaw.com                   New York, New York 10010
     Kyle J. Pozan (admitted *pro hac vice*)  (212) 849-7000
16     kjpozan@locklaw.com
     Laura M. Matson (admitted *pro hac vice*)  *Interim Counsel for the Consumer Class*
17     lmmatson@locklaw.com
     100 Washington Avenue South, Suite 2200
18   Minneapolis, MN 55401
     Telephone: (612) 339-6900

19

20

21

22

23

24

25

26

27

28

By:  */s/ Yavar Bathaee*

**BATHAEE DUNNE LLP**
Yavar Bathaee (Bar No. 282388)
  yavar@bathaeedunne.com
Andrew C. Wolinsky (*pro hac vice*)
  awolinsky@bathaeedunne.com
445 Park Avenue, 9th Floor
New York, NY 10022
Telephone: (332) 322-8835

Brian J. Dunne (Bar No. 275689)
  bdunne@bathaeedunne.com
Edward M. Grauman (*pro hac vice*)
  egrauman@bathaeedunne.com
901 South MoPac Expressway
Barton Oaks Plaza I, Suite 300
Austin, TX 78746
Telephone: (512) 575-8848

**AHDOOT & WOLFSON, PC**
Tina Wolfson (Bar No. 174806)
  twolfson@ahdootwolfson.com
Robert Ahdoot (Bar No. 172098)
  rahdoot@ahdootwolfson.com
Theodore W. Maya (Bar No. 223242)
  tmaya@ahdootwolfson.com
Henry Kelston (*pro hac vice*)
  hkelston@ahdootwolfson.com
2600 West Olive Avenue, Suite 500
Burbank, CA 91505
 Telephone: (310) 474-9111

By:  */s/ Amanda F. Lawrence*

**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
Amanda F. Lawrence (*pro hac vice*)
  alawrence@scott-scott.com
Patrick J. McGahan (*pro hac vice*)
  pmcgahan@scott-scott.com
Michael P. Srodoski (*pro hac vice*)
  msrodoski@scott-scott.com
156 South Main Street, P.O. Box 192
Colchester, CT 06415
Telephone: (860) 537-5537

Hal D. Cunningham (Bar No. 243048)
  hcunningham@scott-scott.com
Daniel J. Brockwell (Bar No. 335983)
  dbrockwell@scott-scott.com
600 W. Broadway, Suite 3300
San Diego, CA 92101
Telephone: (619) 233-4565

Patrick J. Rodriguez (pro hac vice)
  prodriguez@scott-scott.com
230 Park Avenue, 17th Floor
New York, NY 10169
Telephone: (212) 223-6444

**LEVIN SEDRAN & BERMAN LLP**
Keith J. Verrier (*pro hac vice*)
  kverrier@lfsblaw.com
Austin B. Cohen (*pro hac vice*)
  acohen@lfsblaw.com
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Telephone: (215) 592-1500

*Interim Counsel for the Advertiser Class*

1          By: */s/ Sonal N. Mehta*

2          SONAL N. MEHTA (SBN 222086)
            Sonal.Mehta@wilmerhale.com
3          WILMER CUTLER PICKERING HALE
            AND DORR LLP
4          2600 El Camino Real, Suite 400
            Palo Alto, California 94306
5          Telephone: (650) 858-6000

6          DAVID Z. GRINGER (*pro hac vice*)
            David.Gringer@wilmerhale.com
7          ROSS E. FIRSENBAUM (*pro hac vice*)
            Ross.Firsenbaum@wilmerhale.com
8          RYAN CHABOT (*pro hac vice*)
            Ryan.Chabot@wilmerhale.com
9          PAUL VANDERSLICE (*pro hac vice*)
            Paul.Vanderslice@wilmerhale.com
10         WILMER CUTLER PICKERING HALE
            AND DORR LLP
11         7 World Trade Center
            250 Greenwich Street
12         New York, New York 10007
            Telephone: (212) 230-8800
13
           ARI HOLTZBLATT (*pro hac vice*)
14          Ari.Holtzblatt@wilmerhale.com
           MOLLY M. JENNINGS (*pro hac vice*)
15          Molly.Jennings@wilmerhale.com
           WILMER CUTLER PICKERING HALE
16          AND DORR LLP
           2100 Pennsylvania Avenue NW
17         Washington, DC 20037
           Telephone: (202) 663-6000
18
           MICHAELA P. SEWALL (*pro hac vice*)
19          Michaela.Sewall@wilmerhale.com
           WILMER CUTLER PICKERING HALE
20          AND DORR LLP
           60 State Street
21         Boston, Massachusetts 02109
           Telephone: (617) 526-6000
22

23         *Attorneys for Defendant Meta Platforms, Inc.*

24

25

26

27

28

1

## **ATTESTATION OF SHANA SCARLETT**

This document is being filed through the Electronic Case Filing (ECF) system by attorney Shana Scarlett.  By her signature, Ms. Scarlett attests that she has obtained concurrence in the filing of this document from each of the attorneys identified on the caption page and in the above signature block.

Dated: April 11, 2024                          By */s/ Shana Scarlett*

Shana Scarlett

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 11th day of April, 2024, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System, causing the document to be electronically served on all attorneys of record.

By */s/ Shana Scarlett*

Shana Scarlett