<u>**PUBLIC – REDACTED VERSION**</u>

| | |
|---|---|
| **BATHAEE DUNNE LLP**<br>Yavar Bathaee (CA 282388)<br>yavar@bathaeedunne.com<br>Andrew C. Wolinsky (CA 345965)<br>awolinsky@bathaeedunne.com<br>445 Park Avenue, 9th Floor<br>New York, NY 10022<br>Tel.: (332) 322-8835<br><br>Brian J. Dunne (CA 275689)<br>bdunne@bathaeedunne.com<br>Edward M. Grauman (*pro hac vice*)<br>egrauman@bathaeedunne.com<br>901 South MoPac Expressway<br>Barton Oaks Plaza I, Suite 300<br>Austin, TX 78746<br>Tel.: (213) 462-2772<br><br>*Interim Co-Lead Counsel for the Advertiser Classes*<br><br>[Additional counsel on signature page] | **SCOTT+SCOTT ATTORNEYS AT LAW LLP**<br>Amanda F. Lawrence (*pro hac vice*)<br>alawrence@scott-scott.com<br>Patrick J. McGahan (*pro hac vice*)<br>pmcgahan@scott-scott.com<br>Michael P. Srodoski (*pro hac vice*)<br>msrodoski@scott-scott.com<br>156 South Main Street, P.O. Box 192<br>Colchester, CT 06415<br>Tel.: (860) 537-5537<br><br>Patrick J. Coughlin (CA 111070)<br>pcoughlin@scott-scott.com<br>Carmen A. Medici (CA 248417)<br>cmedici@scott-scott.com<br>Hal D. Cunningham (CA 243048)<br>hcunningham@scott-scott.com<br>Daniel J. Brockwell (CA 335983)<br>dbrockwell@scott-scott.com<br>600 W. Broadway, Suite 3300<br>San Diego, CA 92101<br>Tel.: (619) 233-4565 |

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| MAXIMILIAN KLEIN, et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>META PLATFORMS, INC.,<br><br>Defendant. | Case No. 3:20-cv-08570-JD<br><br>**ADVERTISER PLAINTIFFS' OPPOSITION TO MOTION TO EXCLUDE TESTIMONY OF DR. MICHAEL WILLIAMS**<br><br>Hearing Date: To Be Determined<br>Hearing Time: To Be Determined<br>Courtroom 11, 19th Floor<br>Judge: The Honorable James Donato |

**PUBLIC – REDACTED VERSION**

# TABLE OF CONTENTS

INTRODUCTION ........................................................................................................................... 1

LEGAL STANDARD ..................................................................................................................... 2

ARGUMENT .................................................................................................................................. 2

    I.    DR. WILLIAMS'S OPINIONS ARE ADMISSIBLE ......................................... 2

        A.    The Link from EPR to Prices is Direct ....................................................... 3

        B.    Dr. Williams Explored that Meta's Profits May Be Due to Something Other than Anticompetitive Conduct .......................................................... 4

        C.    Dr. Williams's Yardstick Analysis Is Reliable .......................................... 6

        D.    The Resulting Yardstick Firms Are Comparable and Appropriate ............ 9

        E.    Dr. Williams's [REDACTED] Analysis is Not Junk Science ..................... 10

CONCLUSION ............................................................................................................................. 11

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Alaska Rent-A-Car, Inc. v. Avis Budget Grp., Inc.*,
  738 F.3d 960 (9th Cir. 2013)................................................................................................ 2

*Andy Mohr Truck Ctr., Inc. v. Volvo Trucks N. Am.*,
  No. 1:12-cv-448-WTL-DKL, ECF No. 319 (S.D. Ind. Feb. 2, 2015)..................................... 6

*CDW LLC v. NETech Corp.*,
  906 F. Supp. 2d 815 (S.D. Ind. 2012)..................................................................................... 6

*City of Pomona v. SQM N. Am. Corp.*,
  750 F.3d 1036 (9th Cir. 2014)................................................................................................ 2

*Daubert v. Merrell Dow Pharms., Inc.*,
  509 U.S. 579 (1993) ............................................................................................................... 2

*In re Blood Reagents Antitrust Litig.*,
  No. 09-2081, 2015 WL 6123211 (E.D. Pa. Oct. 19, 2015) .................................................... 6

*In re Google Play Store Antitrust Litig.*,
  No. 20-CV-05761-JD, 2023 WL 5532128 (N.D. Cal. Aug. 28, 2023) ................................... 4

*Loeffel Steel Prods., Inc. v. Delta Brands, Inc.*,
  387 F. Supp. 2d 794 (N.D. Ill. 2005), *amended*, No. 01 C 9389, 2005 WL
  8178971 (N.D. Ill. Sept. 8, 2005).......................................................................................... 6

*Muffett v. City of Yakima*,
  No. CV-10-3092-RMP, 2012 WL 12827492 (E.D. Wash. July 20, 2012)............................. 6

*Persian Gulf v. BP West Coast Products*,
  632 F. Supp. 3d 1108 (S.D. Cal. Sept. 30, 2022)..................................................................11

*Primiano v. Cook*,
  598 F.3d 558 (9th Cir. 2010).................................................................................................. 2

*Tawfilis v. Allergen, Inc.*,
  No. 8:15-cv-00307-JLS-JCG, 2017 WL 3084275 (C.D. Cal. June 26, 2017)........................ 6

INTRODUCTION

Disregarding this Court's instructions to limit *Daubert* motion practice, Defendant Meta Platforms, Inc. ("Meta") seeks to exclude the reports and testimony of Advertiser Plaintiffs' expert, Dr. Michael A. Williams ("Dr. Williams"). Dr. Williams is a Ph.D. economist specializing in antitrust, industrial organization, and regulation who has testified numerous times and is extremely well-published. *See* Report of Dr. Michael A. Williams, dated May 24, 2024 ("Williams Report") (ECF No. 795-19) at ¶¶1-9.[1] Dr. Williams offers his opinion on common impact and damages, calculating Meta's economic profit rate ("EPR") during the Class Period and the EPRs of selected and vetted yardstick firms for the same period. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.

In the face of this sound, respected, and reliable methodology, Meta makes four arguments to have Dr. Williams's yardstick analysis rejected: (1) that Dr. Williams somehow fails to consider how any changes in cost or quantity would result in ▓▓▓▓▓▓▓▓▓▓▓▓; (2) that Dr. Williams does not

---

[1] Hereinafter, all citations to "¶" or "¶¶" are to the Williams Report unless specified otherwise. Citations are omitted and emphasis is added throughout unless otherwise noted.

[2] While Meta makes much of the fact that Dr. Williams ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, it fails to note that the criteria entirely overlap except for the fact that Dr. Williams removed the final criterion.

account for lawful factors that may have ███████████████████████████████████; (3) various and spurious attacks on each of the criteria used in the yardstick model; and (4) that the ████████████ has several errors (largely repetitive of 1-3). None of these hold water and all suffer from the same basic infirmities: Meta conflates EPRs with accounting profits, prices, and even income in damages models and looks at each yardstick criterion in isolation rather than together. These mistakes are fatal as they demonstrate a deep misunderstanding and misappreciation of what Dr. Williams actually did. Furthermore, Meta's isolated quibbles with the criteria used in the yardstick analyses go entirely to the weight, rather than the admissibility, of Dr. Williams's opinions, no matter what they may claim.

## LEGAL STANDARD

Under Federal Rule of Evidence 702, an expert witness's testimony is admissible if the "testimony both rests on a reliable foundation and is relevant to the task at hand." *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 597 (1993). "'Expert opinion testimony is relevant if the knowledge underlying it has a valid connection to the pertinent inquiry. And it is reliable if the knowledge underlying it has a reliable basis in the knowledge and experience of the relevant discipline.'" *Primiano v. Cook*, 598 F.3d 558, 565 (9th Cir. 2010). The district court's task is not to "decid[e] whether the expert is right or wrong, just whether his testimony has substance such that it would be helpful to a jury." *Alaska Rent-A-Car, Inc. v. Avis Budget Grp., Inc.*, 738 F.3d 960, 969-70 (9th Cir. 2013). "Challenges that go to the weight of the evidence are within the province of a fact finder, not a trial court judge. A district court should not make credibility determinations that are reserved for the jury." *City of Pomona v. SQM N. Am. Corp.*, 750 F.3d 1036, 1044 (9th Cir. 2014).

## ARGUMENT

### I. DR. WILLIAMS'S OPINIONS ARE ADMISSIBLE

Because Meta's Motion ignores most of Dr. Williams's opinions, Advertisers briefly lay out Dr. Williams's unchallenged opinions for context. Dr. Williams opined that:

[REDACTED]

1  [REDACTED]
2  [REDACTED]
3  [REDACTED]

Meta's challenge is limited to Dr. Williams's use of a yardstick model in demonstrating that damages are calculable on a class-wide basis. *See* Motion to Exclude Expert Testimony and Opinions of Michael Williams ("Motion") (ECF No. 800) at 1-3 (motion "focuses" on Meta's "four most significant" criticisms of "Williams's yardstick methodology"). Dr. Williams's yardstick analysis is robust, supportable, and admissible even in the face of Meta's four separate challenges here.

### A.   The Link from EPR to Prices is Direct

Most of Meta's criticisms of the Williams Report flow directly from his use of EPR in comparing firms. [REDACTED].[3]

In the face of this, Meta's first attack is to suggest that Dr. Williams's damages model "fails to analyze prices." Mot. at 5. Meta suggests that Dr. Williams needed to consider whether, in the but-for world, Meta's "costs or the quantity of advertising that it sold" would have differed. *Id.* However, as Dr. Williams has explained, this argument is simply wrong on economic grounds alone. [REDACTED]

---

[3]  Meta has not, and cannot, argue that Dr. Williams is unqualified to perform the EPR analysis.

[REDACTED]

[REDACTED]

[REDACTED]. This demonstrates that Meta's first argument is entirely spurious and should be disregarded.

Furthermore, in Dr. Williams's Reply Report,[4] he explains that [REDACTED]

[REDACTED].[5]

### B. Dr. Williams Explored that Meta's Profits May Be Due to Something Other than Anticompetitive Conduct

Meta's second attempt to exclude Dr. Williams is to suggest that he does not control for "lawful" factors potentially affecting EPRs. Mot. at 6-7. With this, Meta reveals a fundamental flaw that permeates its Motion: it conflates the use of EPRs with the use of accounting profits and/or prices. However, using EPRs in a yardstick analysis, as Dr. Williams did, necessarily accounts for any purported lawful conduct.

Different measures used for cross-firm comparison have different implications about the additional factors that need to be controlled for in a yardstick analysis. Accounting profits and prices may not be comparable due to differences in product quality, product innovation, etc. In contrast, EPRs, which measure economic profits as a percentage of economic capital, by design are comparable

---

[4] *See* Reply Report of Dr. Michael Williams, dated July 8, 2024 ("Williams Reply Report"), filed contemporaneously herewith as Exhibit A to the Declaration of Amanda F. Lawrence in Support of Advertiser Plaintiffs' Opposition, at Section III.A.ii.

[5] Meta's reliance on *In re Google Play Store Antitrust Litig.*, No. 20-CV-05761-JD, 2023 WL 5532128 (N.D. Cal. Aug. 28, 2023) is misplaced. As the Court knows, that opinion dealt with a regression analysis, not a yardstick, and the Court was evaluating the use of logit functions to determine market share, not EPRs. *Id.* at *9. Meta's reliance on *Google Play Store* is also ironic, as Dr. Williams was an expert for a different class in that case, and offered an EPR-based yardstick damages opinion that was not excluded. *See* ¶86 and n. 91.

1  across firms.  While Meta complains that "EPRs are not magic" (Mot. at 7), the very purpose behind
2  using EPRs is to enable apples-to-apples comparisons of firms to be made (based on their economic
3  profits and capital) in a methodology that does not require further analyses of firm characteristics
4  such as prices, costs, management styles, and innovation.  *See generally* Williams Reply Report,
5  ¶¶52-73.  All firms, regardless of the products or services they produce, can be evaluated on an apples-
6  to-apples basis by calculating and comparing their EPRs.  Firms' valuations are calculated based on
7  their fundamental financial characteristics: economic profits and capital.  After measuring firms'
8  economic profits and capital, their EPRs can be used to compare economic profitability regardless of
9  differences in, for example, "innovation, R&D, management quality and human capital" across firms.
10 Mot. at 7.  That is, the controls Meta says are missing are in fact already taken into account in the
11 calculation of a firm's economic profits and capital.  This explains why, for example, basic economic
12 theory shows that all firms in a perfectly competitive market earn the same zero EPR regardless of
13 their differences in product quality, management, and so on.  *See* ¶28 and n. 34.

[redacted lines 14–21]

22        Lastly, in this section Meta makes a halfhearted attempt to argue that Dr. Williams needed to
23 account for Meta's advertising that was "non 'social.'"  Mot. at 8. [redacted]

[redacted lines 24–27]

28

5

CASE NO. 3:20-CV-08570-JD                                        ADVERTISER PLAINTIFFS' OPP. TO MOTION
                                                                 TO EXCLUDE TESTIMONY OF DR. MICHAEL WILLIAMS

### C. Dr. Williams's Yardstick Analysis Is Reliable

Meta advances arguments related to the filters Dr. Williams used to select comparable firms to include in his yardstick, but its criticisms amount to a preference that Dr. Williams use some other criteria that Meta does not identify. The authorities cited by Dr. Williams demonstrate that considerable professional judgment goes into picking both the denominator (the pool) and the numerator (the narrowing criteria) in the yardstick process. It is because of this inherent discretion that "[a]rguments about what factors an expert should have controlled for in conducting a yardstick analysis generally go to the weight, rather than the admissibility, of [an] expert's testimony." *Tawfilis v. Allergen, Inc.*, No. 8:15-cv-00307-JLS-JCG, 2017 WL 3084275, at *6 (C.D. Cal. June 26, 2017); *Andy Mohr Truck Ctr., Inc. v. Volvo Trucks N. Am.*, No. 1:12-cv-448-WTL-DKL, ECF No. 319, Entry on Various Pretrial Motions (S.D. Ind. Feb. 2, 2015), at 9-10 ("quibbles" with yardstick analysis choices better explored at cross examination).[6]

The closest Meta comes to offering an alternative criterion is its suggestion that the Court take notice of the absence from the yardstick group several firms "that commentators typically mention in the same breath as Meta." Mot. at 9. First, "mentioned in the same breath" is not an objective criterion that can be defined or applied. Whether a company is mentioned in the "same breath" as another is entirely irrelevant to selecting yardstick firms. Second, this statement by Meta is patently wrong. Dr.

---

[6] The cases Meta cites for their argument that issues with the selection criteria go to admissibility, rather than weight, all dealt with experts who knew almost nothing about the firms they selected as comparators or why they were selected at all. This is illustrated by the full quote from *In re Blood Reagents Antitrust Litig.*, No. 09-2081, 2015 WL 6123211 (E.D. Pa. Oct. 19, 2015), which Meta selectively quotes on page 12 of the Motion: "A proposed yardstick must be rejected as inadmissible where the expert testimony is ***so deficient that the 'comparison is manifestly unreliable and cannot logically advance a material aspect of the proposing party's case***.' This generally occurs when an expert has failed to perform any substantive analysis of those factors most relevant to comparability." *Id.* at *22; *see also Loeffel Steel Prods., Inc. v. Delta Brands, Inc.*, 387 F. Supp. 2d 794, 814 (N.D. Ill. 2005), *amended*, No. 01 C 9389, 2005 WL 8178971 (N.D. Ill. Sept. 8, 2005) ("[Expert] lacked the qualifications to conclude that merely because all nine companies could be classified as 'service centers,' they necessarily competed with Loeffel or that they were comparable. Spending a few minutes on the internet does not make one an expert on any 'industry' or on any topic."); *Muffett v. City of Yakima*, No. CV-10-3092-RMP, 2012 WL 12827492, at *3 (E.D. Wash. July 20, 2012) ("[Expert] made clear that he did not consult the actual data of the businesses . . . Instead, [Expert] gauged the proposed numbers presented by Mr. Muffett against his memory . . . ."); *CDW LLC v. NETech Corp.*, 906 F. Supp. 2d 815, 824 (S.D. Ind. 2012) (criticizing "average of unknowns" yardstick where expert "made no (and did not rely on any) economic analysis of the Indianapolis market or any other market" from which averages were calculated).

1   Williams's Report ███████████████████████████████████████
2 ████████████████████████████████████████████████████████████
3 ████████████████████████████████████████████████████████████
4 ████████████████████████████████████████████████████████████
5 ██████████████████████████.
6       Undeterred, Meta invites the Court to "[c]onsider each filter in turn," Mot. at 9, which is an
7 invitation to adopt the incorrect analytical frame. When identifying a set of yardstick firms, all
8 selection criteria must be considered jointly. ████████████████████████████
9 ████████████████████████████████████████████████████████████
10 ████████████████████████████████████████████████████████████
11 ███████████████████████
12       Therefore, Dr. Williams did exactly what he should have to come to a list of comparable firms.
13 ████████████████████████████████████████████████████████████
14 ████████████████████████████████████████████████████████████
15 ████████████████████████████████████████████████████████████
16 ████████████████████████████████████████████████████████████
17 ████████████████████████████████████████████████████████████
18 ████████████████████████████████████████████████████████████
19 ███████████████. None of Meta's nit-picking serves to invalidate the filters employed.
20 ████████████████████████████████████████
21 ████████████████████████████████████████████████████████████
22 ████████████████████████████████████████████████████████████
23   [7] ████████████████████████████████████████████████
24 ████████████████████████████████████████████████████████████
25 ████████████████████████████████████████████████████████████
26 ████████████████████████████████████████████████████████████
27 ████████████████████████████████████████████████████████████
28 ██████████████████████████████████████████



1. ████████████████████████████████████████████████████████
2. ████████████████████████████████████████████████████████
3. ████████████████████████████████████████████████████████
4. ████████████████████████████████████████████████████████
5. ██████████████████
6.   ████████████████████████████████████████████████████
7.   ██████████████████████████████████████████████. Meta
8. attempts to pick apart each filter individually without offering alternatives or suggesting that the vast
9. majority of the filters eliminated any identified or reasonable comparators.  Not only are their attacks
10. baseless, but they are better left to cross-examination.

11.     **D.**    **The Resulting Yardstick Firms Are Comparable and Appropriate**

12. ████████████████████████████████████████████████████████
13. ████████████████████████████████████████████████████████
14. ████████████████████████████████████████████████████████
15. ████████████████████████████████████████████████████████
16. ████████████████████████████████████████████████████████
17. ████████████████████████████████████████████████████████
18. ████████████████████████████████████████████████████████
19. ██████████████████████████████████████
20.   ██████████████████████████████████████████████████████
21. ████████████████████████████████████████████████████████
22. ████████████████████████████████████████████████████████
23. ████████████████████████████████████████████████████████
24. ██████████████████ ██████████████████████████████████████
25. ████████████████████████████████████████████████████████
26.
27. ─────────────────────────
28. [8]   *ISS Homepage*, https://www.issgovernance.com/eva/ (last visited July 8, 2024) (emphasis added).

[Lines 1–21: redacted]

**E. Dr. Williams's [REDACTED] Analysis is Not Junk Science**

The Williams Report [REDACTED]

[Lines 24–28: redacted]

[REDACTED]

Additionally, Meta suggests the [REDACTED]

[REDACTED][10] In sum, Dr. Williams's [REDACTED] analysis is consistent with, and supports the conclusions reached in the rest of the Williams Report. Like the rest of the Williams Report, it constitutes reliable economic analysis.

## CONCLUSION

For the foregoing reasons, the Court should deny Meta's Motion.

Dated: July 8, 2024

| BATHAEE DUNNE LLP | SCOTT+SCOTT ATTORNEYS AT LAW LLP |
|---|---|
| By: /s/ Yavar Bathaee<br>Yavar Bathaee (CA 282388)<br>yavar@bathaeedunne.com<br>Andrew C. Wolinsky (CA 345965)<br>awolinsky@bathaeedunne.com<br>Andrew M. Williamson (CA 344695)<br>awilliamson@bathaeedunne.com<br>Adam Ernette (*pro hac vice*)<br>aernette@bathaeedunne.com<br>445 Park Avenue, 9th Floor | By: /s/ Amanda F. Lawrence<br>Amanda F. Lawrence (*pro hac vice*)<br>alawrence@scott-scott.com<br>Patrick J. McGahan (*pro hac vice*)<br>pmcgahan@scott-scott.com<br>Michael P. Srodoski (*pro hac vice*)<br>msrodoski@scott-scott.com<br>156 South Main Street, P.O. Box 192<br>Colchester, CT 06415<br>Tel.: (860) 537-5537 |

---

[10] Meta's reference to the *Persian Gulf v. BP West Coast Products*, 632 F. Supp. 3d 1108 (S.D. Cal. Sept. 30, 2022) case does not move the needle. Mot. at 13-14. That case, in which Dr. Williams used a forecasting regression model to estimate but-for wholesale gasoline prices, rested on entirely different facts and assumptions made by the Court, including that because the plaintiffs had alleged that some evidence of conspiratorial conduct existed in the period from 2012-2014, that *necessarily* meant that prices in that period were affected by the alleged conspiracy. Dr. Williams's analysis there demonstrated, however, that there actually were no price effects of the alleged conspiratorial conduct in the period 2012-2014.

New York, NY 10022
Tel.: (332) 322-8835

Brian J. Dunne (CA 275689)
bdunne@bathaeedunne.com
Edward M. Grauman (*pro hac vice*)
egrauman@bathaeedunne.com
901 South MoPac Expressway
Barton Oaks Plaza I, Suite 300
Austin, TX 78746
Tel.: (213) 462-2772

Allison Watson Cross (CA 328596)
across@bathaeedunne.com
3420 Bristol St, Ste 600
Costa Mesa, CA 92626-7133

*Interim Co-Lead Counsel for the Advertiser Classes*

Patrick J. Coughlin (CA 111070)
pcoughlin@scott-scott.com
Carmen A. Medici (CA 248417)
cmedici@scott-scott.com
Hal D. Cunningham (CA 243048)
hcunningham@scott-scott.com
Daniel J. Brockwell (CA 335983)
dbrockwell@scott-scott.com
600 W. Broadway, Suite 3300
San Diego, CA 92101
Tel.: (619) 233-4565

Patrick J. Rodriguez (*pro hac vice*)
prodriguez@scott-scott.com
230 Park Avenue, 17th Floor
New York, NY 10169
Tel.: (212) 223-6444

**LEVIN SEDRAN & BERMAN LLP**

Keith J. Verrier (*pro hac vice*)
kverrier@lfsblaw.com
Austin B. Cohen (*pro hac vice*)
acohen@lfsblaw.com
510 Walnut Street, Suite 500
Philadelphia, PA 19106-3997
Tel.: (215) 592-1500

*Members of Executive Committee for the Advertiser Classes*

**AHDOOT & WOLFSON, PC**

Tina Wolfson (CA 174806)
twolfson@ahdootwolfson.com
Robert Ahdoot (CA 172098)
rahdoot@ahdootwolfson.com
Theodore W. Maya (CA 223242)
tmaya@ahdootwolfson.com
Henry J. Kelson (*pro hac vice*)
hkelston@ahdootwolfson.com
2600 West Olive Avenue, Suite 500
Burbank, CA 91505
Tel.: (310) 474-9111

**FILER ATTESTATION**

I am the ECF user who is filing this document. Pursuant to Civil L.R. 5-1(h)(3), I hereby attest that each of the other signatories have concurred in the filing of the document.

Dated: July 8, 2024              By:    /s/Amanda F. Lawrence
                                        Amanda F. Lawrence

**CERTIFICATE OF SERVICE**

I hereby certify that on July 8, 2024, I caused a true and correct copy of the foregoing document to be served by electronic mail on all counsel of record.

Dated: July 8, 2024              By:    /s/Amanda F. Lawrence
                                        Amanda F. Lawrence