| | |
|---|---|
| WILMER CUTLER PICKERING<br> HALE AND DORR LLP | ARI HOLTZBLATT (SBN 354631)<br> Ari.Holtzblatt@wilmerhale.com |
| SONAL N. MEHTA (SBN 222086)<br> Sonal.Mehta@wilmerhale.com<br>2600 El Camino Real, Suite 400<br>Palo Alto, California 94306<br>Telephone: (650) 858-6000 | MOLLY M. JENNINGS (*pro hac vice*)<br> Molly.Jennings@wilmerhale.com<br>2100 Pennsylvania Ave NW<br>Washington, DC 20037<br>Telephone: (202) 663-6000 |
| DAVID Z. GRINGER (*pro hac vice*)<br> David.Gringer@wilmerhale.com<br>ROSS E. FIRSENBAUM (*pro hac vice*)<br> Ross.Firsenbaum@wilmerhale.com<br>RYAN CHABOT (*pro hac vice*)<br> Ryan.Chabot@wilmerhale.com<br>PAUL VANDERSLICE (*pro hac vice*)<br> Paul.Vanderslice@wilmerhale.com<br>7 World Trade Center<br>250 Greenwich Street<br>New York, New York 10007<br>Telephone: (212) 230-8800 | MICHAELA P. SEWALL (*pro hac vice*)<br> Michaela.Sewall@wilmerhale.com<br>60 State Street<br>Boston, Massachusetts 02109<br>Telephone: (617) 526-6000 |

*Attorneys for Defendant Meta Platforms, Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| MAXIMILIAN KLEIN, et al., on behalf of themselves and all others similarly situated,<br><br>　　　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>META PLATFORMS, INC., a Delaware Corporation,<br><br>　　　　　　　　　　Defendant. | Case No. 3:20-cv-08570-JD<br><br>**DEFENDANT META PLATFORMS, INC.'S CONDITIONAL PROFFER OF EXPERT TESTIMONY IN THE ADVERTISER CASE**<br><br>Judge: Hon. James Donato |

**INTRODUCTION**

Meta intends to offer testimony from two experts: Dr. Steven Tadelis will cover damages and the competitive effects of the challenged conduct, and Dr. Catherine Tucker will cover market definition and monopoly power. Their testimony addresses and rebuts the opinions of Advertiser Plaintiffs' putative experts Dr. Michael Williams, who covers market definition, monopoly power, and damages, and Dr. Tilman Klumpp, who covers competitive effects.

Advertisers also seek leave to offer a putative technical expert, Dr. Markus Jakobsson. If the Court permits Dr. Jakobsson to testify—and Meta's position is that it should not—Meta respectfully seeks leave to offer the rebuttal expert testimony of Dr. Georgios Zervas. Dr. Jakobsson's principal opinion is that Meta engaged in "wiretapping" through a market research tool called the Facebook Research App. Advertisers say that this testimony involves "very technical issues" and "an extremely technical set of facts." April 18, 2024 Hr'g Tr. 12:6-9, 12:21-13:2. Meta maintains that Dr. Jakobsson's opinions are improper expert testimony and irrelevant to any issue in this antitrust case.

However, should the Court accept Advertisers' proffer and allow Dr. Jakobsson to testify, Dr. Zervas's responsive technical opinions are important to Meta's defense to Advertisers' allegations. Dr. Zervas is a computer science and data science expert who holds a Ph.D. in Computer Science from Boston University, where he is now a tenured professor and a founding member of its Faculty of Computing & Data Sciences. If Dr. Jakobsson testifies, Dr. Zervas will provide a technical rebuttal explaining how Dr. Jakobsson's analysis of the Facebook Research App is wrong. Should Dr. Jakobsson be allowed to testify, Dr. Zervas's testimony will "be useful to the jury and the Court," Dkt. 789, as it will allow the fact finder to hear technical testimony on this topic from both sides. Dr. Zervas's testimony will not be "duplicative" of Dr. Tadelis or Dr. Tucker, *id.*, neither of whom offer technical opinions on this issue.

**ARGUMENT**

The Facebook Research App (which Advertisers and Dr. Jakobsson refer to as Meta's "in-app action panel" or "IAAP" program) was a market research tool through which panelists who signed up to participate installed the app and consented to send Meta data about their usage of

other apps. Advertisers contend that Meta harmed competition by allegedly "wiretapping" Snapchat through the Facebook Research App so that it could copy Snapchat's public "Stories" feature—despite Meta having already launched its own "Stories" feature before the alleged "wiretapping" began—and to engage in other, still unspecified product development. Dr. Jakobsson's reports claim that the Facebook Research App's technical method for collecting data amounted to "wiretapping," constituted an "unambiguous cybercrime," and is "generally associated with sophisticated cybercrime organizations and large nation-state actors."

Dr. Jakobsson's testimony is unnecessary and will not be useful to the factfinder. He did not review the Facebook Research App's code (or any other source code), use the app himself, or even determine what data the app actually collected. His testimony also will not aid the jury in determining liability. Advertisers' claims turn on the competitive effects, if any, of Meta's alleged *use* of data collected through the Facebook Research App. The manner in which the data was *collected* had no effect on competition, and Advertisers do not contend otherwise, so Dr. Jakobsson's testimony is irrelevant.

Nevertheless, if the Court allows Dr. Jakobsson to testify, it should allow Meta to offer Dr. Zervas's opinions in rebuttal. Dr. Zervas explains, in easy-to-understand terms, the technical method by which the Facebook Research App collected data from consenting users' devices, and that comparable technologies are commonplace across the Internet and have numerous commercial applications. All of this testimony will aid the jury in understanding the technical issues implicated by Dr. Jakobsson's proposed testimony.

If Advertisers are permitted to offer a technical expert on this topic without the opportunity to present a rebuttal expert of its own, Meta would be prejudiced. Because they will be presented with the veneer of expert analysis, the jury may give greater weight to Dr. Jakobsson's opinions about the Facebook Research App than to the testimony of Meta's percipient fact witnesses. To ensure that the jury hears testimony from an expert from a corresponding discipline, and that the record is balanced and not unduly weighted towards Advertisers' putative expert, Meta should be permitted to offer its responsive technical expert if Dr. Jakobsson is permitted to testify.

**CONCLUSION**

For these reasons, Meta respectfully requests that, if the Court permits Dr. Markus Jakobsson to testify (which it should not do), it also permit Meta to offer Dr. Georgios Zervas's testimony in rebuttal.

Dated: August 9, 2024 　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　By: */s/ Sonal N. Mehta*

　　　　　　　　　　　　　　　　　　　　　WILMER CUTLER PICKERING HALE
　　　　　　　　　　　　　　　　　　　　　AND DORR LLP
　　　　　　　　　　　　　　　　　　　　　*Attorney for Defendant Meta Platforms, Inc.*