WILMER CUTLER PICKERING
HALE AND DORR LLP

SONAL N. MEHTA (SBN 222086)
  Sonal.Mehta@wilmerhale.com
2600 El Camino Real, Suite 400
Palo Alto, California 94306
Telephone: (650) 858-6000

DAVID Z. GRINGER (*pro hac vice*)
  David.Gringer@wilmerhale.com
ROSS E. FIRSENBAUM (*pro hac vice*)
  Ross.Firsenbaum@wilmerhale.com
RYAN CHABOT (*pro hac vice*)
  Ryan.Chabot@wilmerhale.com
PAUL VANDERSLICE (*pro hac vice*)
  Paul.Vanderslice@wilmerhale.com
7 World Trade Center
250 Greenwich Street
New York, New York 10007
Telephone: (212) 230-8800

ARI HOLTZBLATT (SBN 222086)
  Ari.Holtzblatt@wilmerhale.com
MOLLY M. JENNINGS (*pro hac vice*)
  Molly.Jennings@wilmerhale.com
2100 Pennsylvania Ave NW
Washington, DC 20037
Telephone: (202) 663-6000

MICHAELA P. SEWALL (*pro hac vice*)
  Michaela.Sewall@wilmerhale.com
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000

*Attorneys for Defendant Meta Platforms, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MAXIMILIAN KLEIN, et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>META PLATFORMS, INC., a Delaware Corporation,<br><br>Defendant. | Case No. 3:20-cv-08570-JD<br><br>**OMNIBUS MOTION TO SEAL MATERIALS SUBMITTED IN CONNECTION WITH CLASS CERTIFICATION AND *DAUBERT* BRIEFING AND MERITS EXPERT PROFFERS IN THE ADVERTISER CASE**<br><br>Judge: Hon. James Donato |

Pursuant to the Court's March 25, 2024 Order regarding sealing procedures, Dkt. 745, Meta Platforms, Inc. respectfully submits this omnibus motion to seal certain narrowly tailored portions of the class certification and *Daubert* briefing in the Advertiser case. This motion also contains sealing requests from non-parties for the class certification-related briefing, and Meta's response to the sealing motion Advertisers submitted with their August 9, 2024 expert proffer. Dkt. 824.

**Meta's Sealing Requests.** Meta respectfully requests that the Court seal seven narrow categories of non-public information: (1) employee information, including personally identifying information and personnel files; (2) details of negotiation strategies and specific contractual terms with third parties; (3) descriptions of the technical functionality of Meta's advertising systems; (4) confidential pricing information; (5) internal research and analysis on user behavior and app performance, including proprietary methods for conducting that research and analysis; (6) confidential financial information or data; and (7) confidential business strategies, including those concerning unreleased products. Meta's proposed redactions are narrowly tailored to cover only documents or portions thereof falling within these seven categories; all of which courts regularly recognize as sealable material. The specific items to be sealed and associated reasons are given in the attached Declaration of Meta's Director of Finance Amrish Acharya, who has personal knowledge of Meta's confidentiality practices. If the Court denies this sealing motion, in whole or in part, Meta respectfully requests that the Court delay the effect of such order for fourteen (14) days to allow affected parties to make appropriate plans and raise potential issues, if necessary.

**Non-Party Sealing Requests.** Meta takes no position on the non-party sealing requests. Advertisers did not respond to Meta's inquiry asking for their position on these requests.

## BACKGROUND

The parties submitted briefing and associated documents related to Advertisers' renewed motion for class certification and Meta's motion to exclude Advertisers' putative expert Michael Williams. Dkts. 795-796, 799-802, 810-811, 813-814, 818-819, 828-829. Advertisers also filed a merits-stage proffer for a putative technical expert, Markus Jakobsson. Dkts. 824-825. For the Court's convenience, Meta submits this omnibus motion addressing sealing requests from Meta and certain non-parties concerning these filings together.

1   Meta provided Advertiser Plaintiffs with an initial list of its class certification-related
2   sealing requests on August 5, 2024. Meta then continued to refine these requests to ensure they
3   were narrowly tailored and well-supported. *See* Dkt. 344. Accordingly, in this motion Meta is
4   seeking to seal far less information than was included in the initial list provided to Advertisers.
5   Because Meta has ensured that its requests cover "only the sealable material" by, *e.g.*, requesting
6   to seal only particular numbers in a sentence, rather than the whole sentence, *see* Civil L.R. 79-
7   5(c)(3), the number of discrete sealing requests is higher than that initially provided to Advertisers.
8   On August 10, Advertisers informed Meta that they opposed all of Meta's sealing requests
9   for the class certification-related briefing and "any attempt by Meta to seal any portion of the
10  Advertiser Proffer." The parties met and conferred on August 13, during which Advertisers stated
11  that they would take no position on the sealing of Meta employee email addresses, but otherwise
12  failed to articulate any substantive basis for opposing the remainder of Meta's sealing requests.

**ARGUMENT**

14  Courts may "seal documents related to non-dispositive motions"—such as class
15  certification and *Daubert* motions—upon "[a] particularized showing of good cause" made by the
16  requesting party. *Finjan LLC v. Palo Alto Networks, Inc.*, 2023 WL 5211321, at *1 (N.D. Cal.
17  Aug. 14, 2023) (Donato, J.); *DZ Reserve v. Facebook, Inc.*, 2021 WL 75734, at *1 (N.D. Cal. Jan.
18  8, 2021) (Donato, J.); *DZ Reserve v. Meta Platforms, Inc.*, No. 3:18-cv-04978-JD, Dkt. No. 350 at
19  1 (N.D. Cal. Dec. 3, 2021) (Donato, J.) ("motion for class certification and various motions to
20  exclude expert witnesses … are not dispositive proceedings"). The "good cause" standard is less
21  demanding than the "compelling reasons" showing required to seal dispositive pleadings, such as
22  complaints and motions for summary judgment. *See Kamakana v. City & County of Honolulu*, 447
23  F.3d 1172, 1180 (9th Cir. 2006). This is because the "public has less of a need for access to court
24  records attached only to non-dispositive motions," and "public policies that support the right of
25  access to dispositive motions … do not apply with equal force." *Id.* at 1179-1180.
26  Meta's requests satisfy both the "compelling reasons" and "good cause" standards. Meta
27  seeks to seal documents or portions of documents falling into seven categories of information that
28  have "traditionally been kept secret for important policy reasons." *Kamakana*, 447 F.3d at 1185.

1  Each request is supported by a declaration attesting that the "the precise information at issue is
2  confidential and not publicly known, and identifying the competitive harm that would likely flow
3  from public disclosure of that precise information." *Krommenhock v. Post Foods, LLC*, 334 F.R.D.
4  552, 587 (N.D. Cal. 2020).

### A. Non-Party Employee Information

The Court should seal contact information and personnel files of current or former Meta employees. *See* Acharya Decl. rows 23, 24, 25, 27, 29. These employees are not parties to this case and have a legitimate, legally recognized privacy interest in protecting their contact information from public disclosure. Disclosure may subject these employees to "annoyance," "oppression, or undue burden," Fed. R. Civ. P. 26(c), such as unsolicited contact from the press or public, which could rise to the level of threats or harassment. Recognizing employees' right to privacy, courts routinely seal such information, including this Court in this case. Dkt. 344; *In re Bofi Holding, Inc. Sec. Litig.*, 2021 WL 3700749, at *8 (S.D. Cal. July 27, 2021); *Snapkeys Ltd. v. Google LLC*, 2021 WL 1951250, at *3 (N.D. Cal. May 14, 2021). The Court should also seal performance evaluations of Meta employees, "given the reputational and privacy interests at stake" from disclosure of these materials. *ImprimisRx, LLC v. OSRX, Inc.*, 2023 WL 7029210, at *7 (S.D. Cal. Oct. 24, 2023); *DiMercurio v. Equilon Enterprises LLC*, 2021 WL 3885973, at *12 (N.D. Cal. Aug. 30, 2021); *William v. Morrison & Foerster LLP*, 2021 WL 461891, at *2 (N.D. Cal. Feb. 9, 2021).

### B. Business Dealings and Contract Terms with Third Parties

The Court should seal sensitive details about Meta's negotiation strategies and specific contractual terms with third parties, disclosure of which will harm Meta's business relationships, hurt its negotiating position with other parties, and cause competitive harm to Meta. *See* Acharya Decl. rows 4-8, 11, 31, 43, 102-109, 114-115, and 174. This commercially sensitive information can be exploited to improve others' negotiating position with Meta. Courts—including this Court in this case, *see* Dkt. 344—have sealed confidential information about Meta's business relationships and contractual arrangements, *DZ Reserve*, Dkt. No. 350 at 1; *In re Google Play Store Antitrust Litig.*, 556 F. Supp. 3d 1106, 1109 (N.D. Cal. 2021) (Donato, J.); *Milliner v. Bock Evans Fin. Counsel, Ltd.*, 2020 WL 1492692, at *2 (Mar. 27, 2020) (Donato, J.).

### C. Technical Functionality of Advertising Systems

The Court should seal commercially sensitive technical functions of Meta's advertising systems. *See* Acharya Decl. rows 15-17, 33-34, 36, 49-52, 83- 95, 136, 141-152. The narrow set of materials proposed for sealing discuss the inner workings of Meta's ad auction and ad targeting and delivery systems. These systems are proprietary technologies that Meta has developed over several years, and help Meta distinguish its advertising products from other advertising platforms. Courts regularly seal proprietary product design information like this. *DZ Reserve*, Dkt. No. 350 at 1; *Johnstech Int'l Corp. v. JF Microtechnology SDN BHD*, 2016 WL 4091388, at *4 (N.D. Cal. Aug. 2, 2016) (Donato, J.); *dotStrategy Co. v. Facebook Inc.*, No. 3:20-cv-00170-WHA, Dkt. No. 140 at 5 (N.D. Cal. June 10, 2021); *In re Google Inc. Gmail Litig.*, 2013 WL 5366963, at *3 (N.D. Cal. Sept. 25, 2013).

### D. Confidential Pricing Information

The Court should seal Meta's confidential pricing information, including customized pricing arrangements with particular advertisers and how those prices are determined. *See* Acharya Decl. rows 37, 96-99, 101-104, 116, 153-157, 161, 174. Disclosure of this information would influence the competitive decision-making and business strategies employed by Meta's advertising competitors and customers, who could leverage it to Meta's competitive disadvantage. Courts routinely seal confidential pricing information, including Meta's. *DZ Reserve*, Dkt. No. 350 at 1; *LELO, Inc. v. Standard Innovation (US) Corp.*, 2014 WL 2879851, at *6 (N.D. Cal. June 24, 2014) (Donato, J.); *Cal. Spine & Neurosurgery Inst. v. United Healthcare Ins. Co.*, 2021 WL 1146216, at *2-3 (N.D. Cal. Feb. 12, 2021).

### E. Internal Research or Analyses on User Behavior and App Performance

The Court should seal Meta's internal research and analyses on user activity and app performance and its proprietary methods for conducting that research or analysis. *See* Acharya Decl. rows 18-22, 25, 28, 171-173. Meta treats these analyses and methodologies as strictly confidential because, if publicly revealed, competitors could use this information to Meta's competitive disadvantage. Courts routinely seal proprietary analysis like this because its disclosure could cause competitive harm. *See, e.g.*, *DZ Reserve*, Dkt. No. 350 at 1-2; *Johnstech*, 2016 WL

4091388, at *2 (Donato, J.); *Calhoun v. Google LLC*, 2022 WL 3348583, at *1 (N.D. Cal. Aug. 12, 2022)

### F.  Confidential Financial Data or Information

The Court should seal Meta's confidential financial data, including advertising spend by individual advertisers on Meta's ad products and revenue associated with particular advertising formats and products. *See* Acharya Decl. rows 32, 35, 37-42, 44-48, 53-82, 97-100, 110-113, 118-135, 137-140, 153-160, 162-166, 170. Disclosure of this information would influence the competitive decision-making and strategies employed by Meta's competitors by giving them improper insight into the performance of Meta's business. Confidential financial data like this is routinely sealed due to the risk of competitive harm to litigants. *DZ Reserve*, Dkt. No. 350 at 1; *IntegrityMessageBoards.com v. Facebook, Inc.*, 2020 WL 6544411, at *12-13 (N.D. Cal. Nov. 6, 2020); *Gearsource Holdings, LLC v. Google LLC*, 2020 WL 3833258, at *15 (N.D. Cal. July 8, 2020); *Philliben v. Uber Techs., Inc.*, 2016 WL 9185000, at *3 (N.D. Cal. Apr. 15, 2016).

### G.  Confidential Business Strategies Concerning Unreleased Products

The Court should seal Meta's confidential internal business strategies, including internal analysis of unreleased products and features. *See* Acharya Decl. rows 8-10, 12-14, 30, 35, 117, 167-169. The disclosure of these materials could cause substantial competitive harm to Meta, as its competitors would receive unprecedented access to Meta's strategic decision-making and could piggy-back off the work that Meta has done. Confidential business strategies are routinely sealed to protect litigants from competitive harm. *DZ Reserve*, Dkt. No. 350 at 1; *Arista Networks, Inc. v. Cisco Sys., Inc.*, 2017 WL 6043303, at *2 (N.D. Cal. Nov. 28, 2017); *Music Grp. Macao Commercial Offshore Ltd. v. Foote*, 2015 WL 3993147, at *1 (N.D. Cal. June 30, 2015); *Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1223-28 (Fed. Cir. 2013).

### CONCLUSION

For the foregoing reasons, the Court should grant Meta's sealing requests as detailed in the declaration of Amrish Acharya submitted herewith and in the attached proposed order.

| | | |
|---|---|---|
| 1 | Dated: August 14, 2024 | Respectfully submitted, |
| 2 | | By: /s/ Sonal N. Mehta |
| 3 | | WILMER CUTLER PICKERING HALE AND DORR LLP |
| 4 | | *Attorney for Defendant Meta Platforms, Inc.* |