| | |
|---|---|
| **BATHAEE DUNNE LLP** | **SCOTT+SCOTT ATTORNEYS AT LAW LLP** |
| Yavar Bathaee (CA 282388) | Amanda F. Lawrence (*pro hac vice*) |
| yavar@bathaeedunne.com | alawrence@scott-scott.com |
| Andrew C. Wolinsky (CA 345965) | Patrick J. McGahan (*pro hac vice*) |
| awolinsky@bathaeedunne.com | pmcgahan@scott-scott.com |
| 445 Park Avenue, 9th Floor | Michael P. Srodoski (*pro hac vice*) |
| New York, NY 10022 | msrodoski@scott-scott.com |
| Tel.: (332) 322-8835 | 156 South Main Street, P.O. Box 192 |
| | Colchester, CT 06415 |
| Brian J. Dunne (CA 275689) | Tel.: (860) 537-5537 |
| bdunne@bathaeedunne.com | |
| Edward M. Grauman (*pro hac vice*) | Patrick J. Coughlin (CA 111070) |
| egrauman@bathaeedunne.com | pcoughlin@scott-scott.com |
| 901 South MoPac Expressway | Carmen A. Medici (CA 248417) |
| Barton Oaks Plaza I, Suite 300 | cmedici@scott-scott.com |
| Austin, TX 78746 | Hal D. Cunningham (CA 243048) |
| Tel.: (213) 462-2772 | hcunningham@scott-scott.com |
| | Daniel J. Brockwell (CA 335983) |
| *Interim Co-Lead Counsel for the Advertiser Class* | dbrockwell@scott-scott.com |
| | 600 W. Broadway, Suite 3300 |
| | San Diego, CA 92101 |
| | Tel.: (619) 233-4565 |
| | |
| | [Additional counsel on signature page] |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MAXIMILIAN KLEIN, et al., | Case No. 3:20-cv-08570-JD |
| Plaintiffs, | Hon. James Donato |
| v. | **ADVERTISER PLAINTIFFS' OPPOSITION TO THE OMNIBUS MOTION TO SEAL MATERIALS SUBMITTED IN CONNECTION WITH CLASS CERTIFICATION AND *DAUBERT* BRIEFING AND MERITS EXPERT PROFFERS IN THE ADVERTISER CASE** |
| META PLATFORMS, INC., | |
| Defendant. | |

**FILED UNDER SEAL**

## INTRODUCTION

Meta's proposal to seal large portions of Advertiser Plaintiffs' class certification briefing and exhibits bears no meaningful relation to the applicable standard, ignores an express admonition by the Court just four months ago, Hr'g (CMC) Tr. 13:3-17, Apr. 18, 2024, and at bottom seeks to hide from the public objectively terrible—indeed, likely criminal—conduct by Meta as it sought to maintain its social advertising monopoly power. A simple review of the evidence Meta seeks to shield from the public in connection with Advertisers' case shows it is several years old, is in many cases publicly available, and relates to issues the public has both an interest in and a right to know about. Meta's motion to seal regarding the Advertiser case, Dkt. 830, should be denied.

## ARGUMENT

As explained in the accompanying Declaration of Brian J. Dunne, every sealing request by Meta, except for one category that Advertisers take no position on—the actual @fb.com email addresses of Meta employees—does not meet the applicable sealing standard, which for Meta's sealing motion is the "compelling reasons" test, described by the Ninth Circuit as a "stringent standard" in which "a court may seal records only when it finds a compelling reason and articulates the factual basis for this ruling, without relying on hypothesis or conjecture." *Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1096-97 (9th Cir. 2016) (cleaned up).[1]

*First*, **every** piece of evidence that Meta now seeks to seal, in late 2024, is several years old, from a class period ending in December 2020. *See* Dunne Decl. ¶ 3 Rows 1-174. Most of the

---

[1] Although this Court has previously applied the "good cause" standard to class certification and *Daubert* sealing requests, Advertisers respectfully submit that Ninth Circuit precedent requires the stricter "compelling reasons" standard here. While the Ninth Circuit has sometimes said that the "compelling reasons" standard applies to "dispositive" motions, in *Center for Auto Safety* the court clarified that "public access to filed motions and their attachments does not merely depend on whether the motion is technically 'dispositive.' Rather, public access will turn on whether the motion is *more than tangentially related to the merits of a case*." 809 F.3d 1092 at 1101 (emphasis added).

A class certification motion requires a "rigorous analysis" that "frequently will entail some overlap with the merits of the plaintiff's underlying claim." *DZ Rsrv. v. Meta Platforms, Inc.*, 96 F.4th 1223, 1232 (9th Cir. 2024) (cleaned up). Accordingly, "most district courts to consider the question have found that motions for class certification are 'more than tangentially related to the underlying cause of action' and therefore apply the 'compelling reasons' standard." *Hadley v. Kellogg Sales Co.*, 2018 WL 7814785, at *2 (N.D. Cal. Sept. 5, 2018); *see also Ctr. for Auto Safety*, 809 F.3d at 1101 n.8 (noting that a motion "to permit maintenance of a class action" is considered "dispositive" in the context of magistrate jurisdiction). Likewise, *Daubert* motions—and by analogy, expert proffers—are subject to the "compelling reasons" standard because "the expert's opinion is more than tangentially related to the underlying cause of action." *Hadley*, 2018 WL 7814785, at *2.

information, including every word about Meta's so-called In-App Action Panel (IAAP) program to wiretap Snapchat and other potential competitive threats, is more than ***five years old***. (The IAAP program ran from late 2016 to early 2019.) Similarly, evidence concerning Meta's private API agreements with companies like Apple and Ticketmaster is from 2019 or earlier; evidence relating to Meta's "Jedi Blue" agreement with Google dates from 2017 through late 2018, when a contract was executed; and evidence concerning Meta's agreement with Netflix and the gerrymandering of Facebook Watch comes from 2017, 2018, and 2019. Ad pricing and revenue information are for the Class Period—definitionally beginning seven years ago and ending in late 2020.

Such stale information—whose current vitality Meta does not specifically explain—is not sealable, particularly as all of it is squarely material to Advertisers' antitrust claims. *See, e.g.*, *Williams v. Apple, Inc.*, 2021 WL 2476916, at *4 (N.D. Cal. Jun. 17, 2021) ("[Apple] does not explain why statistics from 2018 or before would harm Apple's competitive standing today [in 2021]."); *Ramirez v. Trans Union, LLC*, 2017 WL 1549330, at *6 (N.D. Cal. May 1, 2017) ("As Trans Union has not explained how this six-year old information contains confidential, proprietary information which would competitively harm Trans Union if disclosed, the request for sealing is denied."); *Pac. Marine Propellers, Inc. v. Wartsila Def., Inc.*, 2018 WL 6601671, at *2 (S.D. Cal. Dec. 14, 2018) ("[T]he financial information . . . is several years old. Defendants have not shown why this outdated information would have any effect on WDI's competitive standing at the present.").

<u>Second</u>, large swathes of information in Meta's sealing submission—thirty-four out of the 174 items that Meta seeks to seal in connection with Advertisers' case—is ***demonstrably public***, as identified in publicly available hyperlinks identified in Advertisers' Dunne Declaration. Such information is not sealable. *See TML Recovery, LLC v. Cigna Corp.*, 2024 WL 1699349, at *4 (C.D. Cal. Feb. 2, 2024) (declining to seal "portions of a deposition transcript describing . . . something Cigna states on its website"); *Apple Inc. v. Psystar Corp.*, 2012 WL 10852, at *2 (N.D. Cal. Jan. 3, 2012) (denying motion to seal information that was publicly available, but not released by Apple); *Williams*, 2021 WL 2476916, at *3-*4, *6 (denying sealing requests covering information "reported in the press" and/or that had been "publicly admitted" by Apple).

*Third*, Meta seeks to seal information from and about several squarely relevant contracts, including Meta's Private API agreements with companies it deemed potentially competitive such as Apple and Ticketmaster. *See, e.g.*, Dkt. 830-09 at 8 (seeking to seal statements from "Services Integration Agreement" restricting Apple from ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. Beyond age issues, where information is "relevant and critical" to the court's consideration of a motion, it cannot be sealed, even if it is part of a contract. *TML Recovery, LLC*, 2024 WL 1699349, at *4. Moreover, Meta's (and select third parties') submissions as to why years-old contracts remain competitively sensitive are decidedly non-specific and vague about why unsealing relevant portions would impact Meta or its counterparties today. *See, e.g.*, *U.S. Ethernet Innovations, LLC v. Acer, Inc.*, 2013 WL 4426507, at *5 (N.D. Cal. Aug. 14, 2013); *FibroGen, Inc. v. Hangzhou Andao Pharm. Ltd.*, 2023 WL 6237986, at *3-*4 (N.D. Cal. Sep. 22, 2023).

*Finally*, of particular concern, Meta seeks to keep from public knowledge details of an anticompetitive wiretapping program—IAAP—that is several years old, appears to have involved multiple computer crimes, and has drawn press and public interest when partially disclosed.[2] Specifically, in proposed redactions identified at Rows 1-3, 18-22, 25, 27-28, and 171-73 of Advertisers' Dunne Declaration, Meta seeks to shield from public view details of the company's program to intercept and decrypt secure analytics traffic from Snapchat and other potential competitive threats between late 2017 and early 2019. As set forth below, the information Meta seeks to redact is not only years old, but relates to a discontinued program—and Meta specifically identifies for redaction, among other things, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇.

---

[2] *See, e.g.*, *Mark Zuckerberg told Meta executives to 'figure out' how to crack encrypted Snapchat data: court docs*, NEW YORK POST (Mar. 28, 2024), https://bit.ly/3WULJr3; *Facebook's top secret 'Project Ghostbusters' spied on Snapchat, documents reveal*, THE INDEPENDENT (Mar. 27, 2024), https://bit.ly/46TpyWE; *Facebook snooped on users' Snapchat traffic in secret project, documents reveal*, TECHCRUNCH (Mar. 26, 2024), https://bit.ly/4dMmo9q; *Mark Zuckerberg told Facebook execs to 'figure out' how to track encrypted usage on rival apps like Snap and YouTube, unsealed documents show*, BUSINESS INSIDER, https://bit.ly/3YWsQql; *Facebook secretly looked at Snapchat, Amazon, and YouTube user data, documents reveal – "Project Ghostbusters" lies at the core of it all*, MASHABLE (Mar. 27, 2024), https://bit.ly/4dtL3zE.

1    At the outset, Advertisers agree with Meta's declarant that as a general matter, "nonpublic and confidential research regarding app performance data" is competitively sensitive information, which if revealed to a competitor "could influence the competitive decision-making and business strategies employed by Meta's competitors . . . ." Dkt. 830-1 at 83 (and many other places); *see also* Dkt. 830 at 4:23-5:2. This is, of course, why it was an antitrust problem for Meta, a monopolist, to steal such information from actual and potential competitors, including Snap, through an illegal wiretapping program several years ago. To be clear, it is details of ***that program***—old, discontinued, and of great public interest—that Meta now asserts should be sealed from view.

By way of specific examples, Meta seeks to seal portions of PX 2256, an "IAAP Technical Analysis" document used at the deposition of Mark Zuckerberg, that identify specific analytics information intercepted and decrypted from social advertising rival Snapchat. *See, e.g.*, Dkt. 830-10 at PALM-012863801 (under "what [decrypted Snapchat] information is being sent to servers for analysis?": ███████████████████████████████████████████████████████████████████████████████). Meta further seeks to seal portions of PX 414—a July 2016 discussion amongst Onavo team members, Meta executives, and now-Meta COO Javier Olivan regarding the launch of the IAAP program—in which ██████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████.

Meta seeks to seal nearly the entirety of a ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████.

And finally, Meta seeks to seal portions of Advertiser's class certification motion itself that discuss ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, would have been a serious computer crime.[3]

None of this information—or anything else in Rows 1-3, 18-22, 25, 27-28, or 171-73 of the Dunne Declaration—meets the sealing standard. First, the information is indisputably old: it comes from documents dated June 2016 through early 2019, and pertains to a program that Meta states was discontinued in early 2019. Further, Meta's IAAP program is no longer in use, and Meta's declarants do not contend that the company plans to restart intercepting and decrypting competitors' encrypted app analytics in the future. The crimes of Meta's past are not trade secrets going forward. *See, e.g.*, *Ramirez*, 2017 WL 1549330, at *4 (denying sealing of information about a particular product where "Trans Union by its own admission no longer uses [the] product"). As to Dkt. 795-07, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ which Meta seeks to seal in its near-entirety, an exhibit like this one—which establishes important information about a material issue in the case and is presented for that purpose—is not subject to sealing for employee privacy concerns (to the extent those are even cognizable as a compelling interest). *See Stout v. Hartford Life and Accident Ins. Co.*, 2012 WL 6025770, at *2 (N.D. Cal. Dec. 4, 2012).

## CONCLUSION

The Court should deny Meta's Omnibus Motion to Seal Materials Submitted in Connection with Class Certification and *Daubert* Briefing and Merits Expert Proffers in the Advertiser Case, Dkt. 830, as more specifically detailed, item-by-item, in the Dunne Declaration.

---

[3] Meta's sealing submission identifies, but does not seek to redact, the source document for this discussion in Advertisers' motion. *See* Dkt. 795-08 at PALM-0087584356 ▮▮▮▮▮▮▮▮▮▮▮▮ Dkt. 830-15 (same document in Meta's sealing motion, with no proposed redactions). To the extent that Meta does not seek to seal this exhibit, the portions of Advertisers' motion discussing and citing it should not be inconsistently sealed. To the extent that Meta's non-redaction proposal for Dkt. 795-08 was an error or oversight, Advertisers oppose sealing any portion of this document.

Dated: August 19, 2024

| | |
|---|---|
| **SCOTT+SCOTT ATTORNEYS AT LAW LLP** | **BATHAEE DUNNE LLP** |
| Amanda F. Lawrence (*pro hac vice*) <br> alawrence@scott-scott.com <br> Patrick J. McGahan (*pro hac vice*) <br> pmcgahan@scott-scott.com <br> Michael P. Srodoski (*pro hac vice*) <br> msrodoski@scott-scott.com <br> 156 South Main Street, P.O. Box 192 <br> Colchester, CT 06415 <br> Tel.: (860) 537-5537 <br><br> Patrick J. Coughlin (CA 111070) <br> pcoughlin@scott-scott.com <br> Carmen A. Medici (CA 248417) <br> cmedici@scott-scott.com <br> Hal D. Cunningham (CA 243048) <br> hcunningham@scott-scott.com <br> Daniel J. Brockwell (CA 335983) <br> dbrockwell@scott-scott.com <br> 600 W. Broadway, Suite 3300 <br> San Diego, CA 92101 <br> Tel.: (619) 233-4565 <br><br> Patrick J. Rodriguez (*pro hac vice*) <br> prodriguez@scott-scott.com <br> 230 Park Avenue, 17th Floor <br> New York, NY 10169 <br> Tel.: (212) 223-6444 <br><br> *Interim Co-Lead Counsel for the Advertiser Classes* | By:  */s/ Brian J. Dunne* <br> Yavar Bathaee (CA 282388) <br> yavar@bathaeedunne.com <br> Andrew C. Wolinsky (CA 345965) <br> awolinsky@bathaeedunne.com <br> Andrew M. Williamson (CA 344695) <br> awilliamson@bathaeedunne.com <br> 445 Park Avenue, 9th Floor <br> New York, NY 10022 <br> Tel.: (332) 322-8835 <br><br> Brian J. Dunne (CA 275689) <br> bdunne@bathaeedunne.com <br> Edward M. Grauman (*pro hac vice*) <br> egrauman@bathaeedunne.com <br> Priscilla Ghiță (*pro hac vice*) <br> 901 South MoPac Expressway <br> Barton Oaks Plaza I, Suite 300 <br> Austin, TX 78746 <br> Tel.: (213) 462-2772 <br><br> Allison Watson (CA 328596) <br> awatson@bathaeedunne.com <br> 3420 Bristol St, Ste 600 <br> Costa Mesa, CA 92626-7133 |
| **LEVIN SEDRAN & BERMAN LLP** <br><br> Keith J. Verrier (*pro hac vice*) <br> kverrier@lfsblaw.com <br> Austin B. Cohen (*pro hac vice*) <br> acohen@lfsblaw.com <br> 510 Walnut Street, Suite 500 <br> Philadelphia, PA 19106-3997 <br> Tel.: (215) 592-1500 <br><br> *Members of Executive Committee for the Advertiser Classes* | **AHDOOT & WOLFSON, PC** <br><br> Tina Wolfson (CA 174806) <br> twolfson@ahdootwolfson.com <br> Robert Ahdoot (CA 172098) <br> rahdoot@ahdootwolfson.com <br> Theodore W. Maya (CA 223242) <br> tmaya@ahdootwolfson.com <br> Henry J. Kelson (*pro hac vice*) <br> hkelston@ahdootwolfson.com <br> 2600 West Olive Avenue, Suite 500 <br> Burbank, CA 91505 <br> Tel.: (310) 474-9111 |