Caroline Van Ness (Bar No. 281675)
caroline.vanness@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
525 University Avenue
Palo Alto, California 94301
Tel: (650) 470-4500

Karen Hoffman Lent (admitted pro hac vice)
karen.lent@skadden.com
Evan Kreiner (admitted pro hac vice)
evan.kreiner@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
One Manhattan West
New York, NY 10001
Tel: (212) 735-3000

*Counsel for Non-Party Apple Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MAXIMILIAN KLEIN, et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>META PLATFORMS, INC., a Delaware Corporation,<br><br>Defendant. | Case No. 3:20-cv-08570-JD<br><br>**NON-PARTY APPLE INC.'S STATEMENT IN SUPPORT OF DEFENDANT META PLATFORMS, INC.'S RESPONSE TO ADVERTISER PLAINTIFFS' MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED (DKT. 837)**<br><br>Judge: Hon. James Donato |

Pursuant to Civil Local Rule 79-5(f)(4), non-party Apple Inc. ("Apple") hereby submits this statement in support of Defendant Meta Platforms, Inc.'s ("Meta") Response to Advertiser Plaintiffs' Motion (the "Response," Dkt. 837). In the Motion to Consider Whether Another Party's Material Should Be Sealed (the "Motion," Dkt. 834), Advertiser Plaintiffs seek to unseal confidential contracts between Apple and Meta. Apple respectfully requests that the Court grant Meta's requested, targeted redactions to this material to protect Apple's confidential, competitively sensitive information. Apple further submits this statement to note that Advertiser Plaintiffs failed to provide notice to Apple regarding the use of Apple confidential information.

Advertiser Plaintiffs utilize two contracts between Apple and Meta in their recent filings. Apple understands that Advertiser Plaintiffs cite the Services Integration Agreement between Apple and Meta as well as a Side Letter to the Services Integration Agreement in the Motion for Class Certification. Dkt. 795/796 at 8:3-9. Apple also understands that Advertiser Plaintiffs quote the Services Integration Agreement in the Opposition to the Omnibus Sealing Motion. Dkt. 835 at 3:4-6.

While these contracts were produced and designated Highly Confidential by Meta, the content in these documents clearly constitutes Apple confidential information as well. The Services Integration Agreement explicitly states that "Confidential Information" means "the terms and conditions of this Agreement." Although the citations to these contracts remain redacted under the Court's Order governing sealing procedures relating to class certification (Dkt. 656), Advertiser Plaintiffs seek to unseal those portions through the Motion and their Opposition. Apple supports Meta in opposing Advertiser Plaintiffs' unsealing requests for the following reasons.

The narrow and targeted redactions currently applied to the Opposition to the Omnibus Sealing Motion (as well as the Motion for Class Certification) are appropriate and should remain in order to adequately protect Apple confidential information. Courts may "seal documents related to non-dispositive motions"—such as class certification motions and associated briefing—upon "[a] particularized showing of good cause" made by the requesting party. *Finjan LLC v. Palo Alto Networks, Inc.,* 2023 WL 5211321, at *1 (N.D. Cal. Aug. 14, 2023) (Donato, J.).

In their Motion, Advertiser Plaintiffs incorrectly claim that "nearly all of this information"

does not "meet[] the sealing standard." This perfunctory statement, which presumably includes the lines from the Opposition to Omnibus Sealing Motion noted above, ignores the fact that this Court has already sealed similar contractual language where disclosure of terms "would potentially harm Meta's competitive standing." Dkt. 344 at 3. Further, courts routinely seal information about confidential commercial agreements like these when, as here, its disclosure risks harming the parties' "competitive standing" by placing a party "in a diminished bargaining position in future negotiations with potential customers and competitors." *In re Google Play Store Antitrust Litig.,* 556 F. Supp. 3d 1106, 1109-10 (N.D. Cal. 2021) (Donato, J.) (granting sealing request for "deal terms that might be used against Google in other negotiations and deals").

Here, as noted in the Declaration of Catherine Spevak, disclosure of the above-mentioned non-public information from the Services Integration Agreement and the Side Letter to that agreement "may result in competitive harm to Apple, as it reveals confidential contract terms, which could give a competitor or potential business partner unfair leverage in competing against or negotiating with Apple." Further, "Apple's competitors could use this non-party information to unfairly target Apple's business partners." Exhibit A, at 2. As a result, redactions to this material are appropriate to protect non-party Apple's confidentiality interests.

Additionally, Apple raises confidentiality concerns related to the Motion for Class Certification now because Advertiser Plaintiffs did not provide Apple notice that their class certification papers included confidential Apple information, even though the operative Protective Order requires "*appropriate notice to all interested persons*." (Dkt. 314 at 18) (emphasis added). This meant Apple did not have the opportunity to join Meta and other non-parties in the Omnibus Sealing Motion. Advertiser Plaintiffs' position on redactions related to Apple's non-public, sensitive business information and failure to follow Court-ordered notice requirements demonstrate a concerning disregard for non-party confidential materials.

For the foregoing reasons, Apple supports Meta's sealing requests as detailed in the Response to Advertiser Plaintiffs' Motion.

DATED: August 30, 2024

**SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP**

By /s/ *Caroline Van Ness*

Caroline Van Ness (Bar No. 281675)
caroline.vanness@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
525 University Avenue
Palo Alto, California 94301
Tel: (650) 470-4500

Karen Hoffman Lent (admitted *pro hac vice*)
karen.lent@skadden.com
Evan Kreiner (admitted *pro hac vice*)
evan.kreiner@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
One Manhattan West
New York, NY 10001
Tel: (212) 735-3000

*Counsel for Non-Party Apple Inc.*