# WILMERHALE

December 2, 2024

**Sonal N. Mehta**

+1 650 600 5051 (t)
+1 650 858 6100 (f)
sonal.mehta@wilmerhale.com

VIA ECF

The Honorable James Donato
United States District Judge for the Northern District of California
450 Golden Gate Avenue, Courtroom 11, 19th Floor
San Francisco, CA 94102

Re:   *Klein v. Meta Platforms, Inc.*, Case No. 3:20-cv-08570-JD

Dear Judge Donato:

At the November 14, 2024 hearing, the Court requested that User Plaintiffs lodge a single report from their putative expert Sarah Lamdan so that the Court could consider whether Ms. Lamdan should testify. Dkt. 853. Instead of simply filing Ms. Lamdan's report, Users filed on the docket the entirety of their *ten* different merits expert reports, including several that Users declined to proffer. Dkts. 857, 858. Meta respectfully requests that the Court strike Users' filings, which include more than 1,000 pages of additional materials that Users submitted without authorization. These materials are irrelevant to any issue before the Court and serve no legitimate purpose, while imposing unnecessary burdens on the Court, Meta, and non-parties. The Court, in its discretion, may then re-order Users to refile just "Professor Lamdan's expert report." Dkt. 853.

The Court has repeatedly instructed the parties to "to be smarter about your experts" and warned against "expert creep." Nov. 14, 2024 Hr'g Tr. 3:23-24. To prevent duplicative or cumulative testimony, the Court presumptively limited each side to "one liability expert and one damages expert" for summary judgment and trial, providing the parties an opportunity to proffer additional experts based on a showing that they would "be useful to the jury and the Court," and "avoid duplicative testimony." Dkt. 789. Users named Joseph Farrell and Nicholas Economides as merits experts, purporting to have them both testify on the relevant market, monopoly power, and harm to competition. Dkt. 820-1. Users chose to proffer in addition only Ms. Lamdan, a law librarian purporting here to serve as a generalized privacy expert. *Id.* Users made the affirmative decision not to proffer their other merits experts, Robert Klein, Ned Barnes, and Becky Yoose (who is offered only in rebuttal), thus abandoning their right to rely on those experts in this litigation.

On November 14, 2024, the Court held a hearing on the merits expert proffers. As to Users' liability experts, Farrell and Economides, the Court gave Users multiple opportunities to make a showing that these two experts should testify on the overlapping subject matter but ultimately found that permitting both to testify on the same issues would be "duplicative, wasteful and inefficient" and would only serve to "confus[e] and mislead[]" the jury. Nov. 14, 2024 Hr'g Tr. 6:5-11. The Court ordered Users to "[p]ick one." *Id.* at 7:14-16. With respect to Ms. Lamdan, the Court stated, "I usually don't do this, but lodge her report with me and I will take a look at it. I have doubts, but I will read her report before I decide." *Id.* at 24:13-15. The Court then directed Users to "lodge *Professor Lamdan's* expert report by November 22, 2024." Dkt. 853 (emphasis added).

Rather than follow the Court's order, Users filed each of the *10* merits expert reports they

Hon. James Donato
December 2, 2024
Page 2

**WILMERHALE**

had prepared in this litigation, totaling nearly 1,300 pages. Dkts. 857, 858. Four of the reports are from Klein, Barnes, and Yoose, who Users elected not to proffer when given the opportunity. And although the Court directed Users only to *choose* among Farrell and Economides to avoid duplicative testimony, Users also submitted the four reports in their entirety authored by those experts. Just two reports among the ten are from Lamdan.

Users provide no legitimate explanation for their abuse of the Court's instructions because there is none. The only plausible explanation is that Users seek to inject these expert materials into the record in a misguided effort to create a record for appeal. *See* Nov. 14, 2024 Hr'g Tr. 7:7-18 (objecting to orders on experts "for appeal"). But the desire to manufacture a record for appeal—including improperly submitting reports for experts that Users abandoned even after the Court gave them the opportunity to submit proffers—provides no basis to disregard the Court's order.

The Court should strike all of the expert reports filed at Dkts. 857 & 858. *See In re Wells Fargo Mortg. Discrimination Litig.*, No. 3:22-cv-00990-JD, Dkt. 237 (N.D. Cal. May 24, 2024) (rejecting submission of reports as "unduly burdensome and unhelpful to the Court and opposing counsel," and ordering "[w]holesale copies of expert reports should not be filed unless requested by the Court"). Striking Users' filings from the record also preserves substantial judicial, party, and non-party resources that would otherwise be wasted in connection with reviewing the extensive Meta and non-party confidential material referenced throughout the nearly 1,300 pages of submitted expert reports and adjudicating potential sealing requests. Users recognize the substantial burden their filing imposes on the Court, Meta, and non-parties, acknowledging that they will need to "coordinate with Facebook and non-parties to file an omnibus sealing motion." Dkt. 857. Left unsaid is that the only party that will not be burdened is Users themselves, who "do not wish to maintain this material under seal." *Id.*

Accordingly, Meta respectfully requests that the Court strike Users' improper and unsolicited submission of all of their merits reports, Dkts. 857, 858, and correspondingly order that the parties and affected non-parties need not file an omnibus sealing motion covering those reports and that the Court will not unlock the associated docket entries (Dkts. 857-2 through 857-11). The Court may then direct Users to refile only the Lamdan report it requested. In the alternative, Meta respectfully requests leave to file its own merits expert reports on the docket to ensure that the Users are not permitted to fabricate a one-sided record for appeal.[1]

Respectfully submitted,

By: */s/ Sonal N. Mehta*
**WILMER CUTLER PICKERING HALE AND DORR LLP**
*Attorney for Defendant Meta Platforms, Inc.*

---

[1] To avoid exacerbating these burdens, Meta is not simply filing its own reports but instead seeks leave from the Court to do so only if the Court allows Users to file their ten reports. For the avoidance of doubt, Meta's position is that Users' reports should be stricken.