December 17, 2024                                                                                          **VIA CM/ECF FILING**

The Honorable James Donato, U.S. District Judge
San Francisco Courthouse, U.S. District Court
450 Golden Gate Avenue, Courtroom 11 – 19th Floor
San Francisco, CA 94102

Re:   Response to Facebook's Letter Brief re Consumers' Filing of Expert Reports (Dkt. 861) in *Klein v. Meta Platforms* – Case No. 3:20-cv-08570-JD

Dear Judge Donato:

Pursuant to the Court's instructions (Dkt. 862), Consumer Plaintiffs write in response to Facebook's letter brief, which seeks to strike from the docket the full universe of Consumers' already-served merits expert reports. *See* Dkt. 861 ("Mot."). The Court should deny Facebook's request, and if the Court does deny Facebook's request, then Consumers do not oppose Facebook's filing of its own merits expert reports on the docket.

### I.   BACKGROUND REGARDING CONSUMERS' EXPERT REPORTS

Consumers first moved for class certification on September 15, 2023. Dkt. 645. In support, Consumers submitted class certification expert reports from their experts Dr. Nicholas Economides, Dr. Joseph Farrell, Robert Klein, and Professor Sarah Lamdan. Dkts. 645-5, 645-6, 645-7, 645-8, 645-9, 645-10, 645-11. Facebook received those reports, deposed Consumers' experts on them, and also served its own class certification reports.

While Consumers' class certification motion was pending, the parties engaged in and completed merits expert discovery. Consumers served merits expert reports from Prof. Lamdan, Dr. Economides, Dr. Farrell, Mr. Klein, Ned Barnes, and Becky Yoose. Facebook received those reports, deposed Consumers' experts on them, and also served its own merits expert reports.

After the parties completed merits expert discovery and Facebook moved for summary judgment, and while Consumers' initial class certification motion was still pending, the Court ordered the parties to re-brief class certification with "one expert witness" each. Dkt. 789. The Court also terminated Facebook's summary judgment motion as well as the parties' respective merits *Daubert* motions, and the Court ordered that "[f]or trial and summary judgment, . . . each plaintiff group may have one liability expert and one damages expert" and "may request an additional expert" through a proffer process. *Id.*[1]

To comply with the Court's order, Consumers under objection submitted their ordered proffer on August 9, 2024. Dkts. 820, 821. Consumers identified Dr. Farrell and Dr. Economides as their two Court-allotted experts, and Prof. Lamdan as their proffered third. The Court then scheduled a hearing on the parties' expert proffers for November 14, 2024. Dkt. 847. The Court

---

[1] The Court's order did not allow any party to proffer any proposed additional experts for renewed class certification proceedings beyond the one the Court allotted. Dkt. 789. Based on the Court's order, which Consumers followed as required, Consumers supported their renewed class certification motion with abridged opening and rebuttal expert reports from Dr. Economides (the one expert the Court allowed for renewed class certification). Dkts. 794-1, 794-2, 812-1, 812-3.

1

then ordered that Consumer Plaintiffs could only "present one expert economist to opine on market definition and market power," that Consumer Plaintiffs must "identify the expert economist by November 22, 2024," and that Consumer Plaintiffs must also submit "Professor Lamdan's expert report by November 22, 2024." Dkt. 853. During the hearing, Consumers objected to the Court's orders limiting the record and experts for class certification, summary judgment, and trial. *See* November 14, 2024 Hrg. Tr. at 7.

Consumers subsequently submitted their notice of compelled election on market definition and monopoly power issues. Dkt. 859. That same day, Consumers also submitted Prof. Lamdan's two merits expert reports (Dkts. 857-2 & 857-3), along with the merits reports of their other experts Economides (Dkts. 857-4 & 857-5), Farrell (Dkts. 857-6 & 857-7), Klein (Dkts. 857-8 & 857-9), Barnes (Dkt. 857-10), and Yoose (Dkt. 857-11). Both Consumers' notice of compelled election on market definition and monopoly power issues and their notice of submission of expert reports made clear Consumers' continued objection to the Court's orders limiting the record and experts for resolving this case. Dkts. 858 at 1, 859 at 1.

## II. THE COURT SHOULD DENY FACEBOOK'S REQUESTS TO STRIKE

Facebook's request that the Court order the refiling of only one of Prof. Lamdan's merits reports and strike Consumers' other merits reports from the docket is both pointless and baseless, raising supposed procedural, waiver, relevance, and sealing issues that are unfounded. Mot. at 1–2. Facebook's request should therefore be denied.

*First*, Facebook incorrectly asserts that Consumers somehow did something improper by filing both of Prof. Lamdan's merits reports, instead of "a single report" from her. *See* Mot. at 1. But as Facebook acknowledges, Prof. Lamdan submitted "two reports" in this case at the merits stage. *Id.* at 2. Consumers submitted both those reports—an opening report and a rebuttal report, *see* Dkts. 857-2 & 857-3—which *together* provide the anticipated scope of Prof. Lamdan's testimony at summary judgment and trial. To the extent that the Court seeks to decide for itself whether Consumers may present Prof. Lamdan at summary judgment and/or trial, the Court should do so with full context, which consists of Prof. Lamdan's two reports (not one).

*Second*, Facebook wrongly states that Consumers "abandon[ed] their right to rely on" their other merits experts—Klein, Barnes, and Yoose—by not proffering them "when given the opportunity." Mot. at 1–2. That is flatly wrong. In early 2024, Consumers disclosed merits expert reports from each of Klein, Barnes, and Yoose *because* Consumers intended to rely on them. After the parties completed expert discovery (including based on the reports and opinions of Klein, Barnes, and Yoose), the Court then issued an order limiting the number of experts Consumers could rely on at summary judgment and/or trial, stating that "[f]or trial and summary judgment, each plaintiff group may have one liability expert and one damages expert" and that Consumers could "request *an additional expert*" with a proffer. Dkt. 789. Contrary to Facebook's statement, Consumers could not have proffered more than Dr. Farrell, Dr. Economides, and a third expert (Prof. Lamdan), because under the Court's order, Consumers could only proffer one additional expert (singular), not multiple experts (plural). Doing what the Court's order required is not a waiver, and Consumers have in any event repeatedly noted their objections to the Court's orders limiting the record and experts in this case. *See supra*.

*Third*, Facebook's claim that the full universe of Consumers' merits expert reports "are irrelevant to any issue before the Court and serves no legitimate purpose" is also mistaken. Mot.

2

at 1–2. As one example, the Court has asked questions regarding Consumers' relevant market (the Personal Social Network Market), antitrust impact (destruction of competition by Facebook's deception regarding its privacy and data practices), and damages theories (under-compensation for data). *E.g.*, April 18, 2024 Hrg. Tr. at 9; Oct. 31, 2024 Hrg. Tr. at 9–13. While Consumers submit that questions about the sufficiency of proof on those theories are not issues for class certification, all of Consumers' merits expert reports detail the substantial evidence and logic that support them—which is consistent with the prior court order in this case finding that Facebook's under-compensation for data is a legally cognizable and plausible antitrust injury, as well as the denial of Facebook's summary judgment motion on the issue of the same Personal Social Network Market at issue in the FTC's parallel antitrust case. *See* Dkt. 214 at 65–69; Dkt. 850-1.

In addition, Consumers are not—contrary to Facebook's misstatement—"manufactur[ing] a record for appeal[.]" Mot. at 2. Rather, Consumers already have objected to the Court's orders limiting the record and number of experts, and Consumers' proffer is made in an abundance of caution to continue to preserve that objection, including for appeal. Consumers continue to maintain that this case should be decided based on the full record, including all of Consumers' merits expert reports. And the Court already acknowledged Consumers' taking such steps for appellate purposes, stating "I understand. I get it; okay . . . You can do whatever you want on appeal." Nov. 14, 2024 Hrg. Tr. at 7.

***Finally***, Facebook's gripes about sealing make much ado about nothing. Mot. at 2. Consumers submitted their expert reports to the Court under seal, so they are currently locked and cannot be accessed publicly—Facebook does not explain why any further action from the Court, Facebook, or any non-party is required now. In any event, this Court has explained that it "is a courtroom of the people of the United States," April 18, 2024 Hrg. Tr. at 13, and there is a public "right of access to" proceedings in "antitrust litigation." *In re Google Play Store Antitrust Litig.*, 556 F. Supp. 3d 1106, 1107 (N.D. Cal. 2021) (Donato, J.). To the extent Facebook or a non-party has improperly over-designated information as confidential, that is not Consumers' doing. Nevertheless, Consumers agreed to a stipulation that would extend the time for sealing papers by almost three months to March 13, 2025, Dkt. 863, easing whatever claimed burden exists.

\*   \*   \*

As explained above, there is nothing unusual about Consumers' maintaining that this case should be decided on the full record, including all of Consumers' already-served merits expert reports. Consumers' submission of all these reports also preserves Consumers' continued objection to the Court's orders limiting the record and experts, a concern the Court already indicated it understands. Facebook's request to strike Consumers' expert reports should therefore be denied.

DATED: December 17, 2024

By */s/ Shana E. Scarlett*
**HAGENS BERMAN SOBOL SHAPIRO LLP**
Shana E. Scarlett (Bar No. 217895)
  shanas@hbsslaw.com
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000

Steve W. Berman (*pro hac vice*)
  steve@hbsslaw.com
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292

**LOCKRIDGE GRINDAL NAUEN P.L.L.P.**
W. Joseph Bruckner (*pro hac vice*)
  wjbruckner@locklaw.com
Robert K. Shelquist (*pro hac vice*)
  rkshelquist@locklaw.com
Brian D. Clark (*pro hac vice*)
  bdclark@locklaw.com
Kyle J. Pozan (admitted *pro hac vice*)
  kjpozan@locklaw.com
Laura M. Matson (admitted *pro hac vice*)
  lmmatson@locklaw.com
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900

Respectfully submitted,

By */s/ Kevin Y. Teruya*
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Kevin Y. Teruya (Bar No. 235916)
  kevinteruya@quinnemanuel.com
Adam B. Wolfson (Bar No. 262125)
  adamwolfson@quinnemanuel.com
Scott L. Watson (Bar No. 219147)
  scottwatson@quinnemanuel.com
Claire D. Hausman (Bar No. 282091)
  clairehausman@quinnemanuel.com
Brantley I. Pepperman (Bar No. 322057)
  brantleypepperman@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000

Manisha M. Sheth (*pro hac vice*)
  manishasheth@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000

Michelle Schmit (*pro hac vice*)
  michelleschmit@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400

*Interim Counsel for the Consumer Class*

## ATTESTATION OF KEVIN Y. TERUYA

This document is being filed through the Electronic Case Filing (ECF) system by attorney Kevin Y. Teruya. By his signature, Mr. Teruya attests that he has obtained concurrence in the filing of this document from each of the attorneys identified on the caption page and in the above signature block.

Dated: December 17, 2024          By:   */s/ Kevin Y. Teruya*
                                        Kevin Y. Teruya

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of December 2024, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System, causing the document to be electronically served on all attorneys of record.

Dated: December 17, 2024          By:   */s/ Kevin Y. Teruya*
                                        Kevin Y. Teruya