**PUBLIC-REDACTED**

**BATHAEE DUNNE LLP**
Yavar Bathaee (CA 282388)
yavar@bathaeedunne.com
Andrew C. Wolinsky (CA 345965)
awolinsky@bathaeedunne.com
Allison Watson (CA 328596)
awatson@bathaeedunne.com
Priscilla Ghiţă (*pro hac vice*)
pghita@bathaeedunne.com
445 Park Avenue, 9th Floor
New York, NY 10022
Tel.: (332) 322-8835

Brian J. Dunne (CA 275689)
bdunne@bathaeedunne.com
Edward M. Grauman (*pro hac vice*)
egrauman@bathaeedunne.com
901 South MoPac Expressway
Barton Oaks Plaza I, Suite 300
Austin, TX 78746
Tel.: (213) 462-2772

*Interim Co-Lead Counsel for the
Advertiser Class*

[Additional counsel on signature page]

**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
Amanda F. Lawrence (*pro hac vice*)
alawrence@scott-scott.com
Patrick J. McGahan (*pro hac vice*)
pmcgahan@scott-scott.com
Michael P. Srodoski (*pro hac vice*)
msrodoski@scott-scott.com
156 South Main Street, P.O. Box 192
Colchester, CT 06415
Tel.: (860) 537-5537

Patrick J. Coughlin (CA 111070)
pcoughlin@scott-scott.com
Carmen A. Medici (CA 248417)
cmedici@scott-scott.com
Hal D. Cunningham (CA 243048)
hcunningham@scott-scott.com
Patrick J. Rodriguez (*pro hac vice*)
prodriguez@scott-scott.com
Daniel J. Brockwell (CA 335983)
dbrockwell@scott-scott.com
600 W. Broadway, Suite 3300
San Diego, CA 92101
Tel.: (619) 233-4565

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| MAXIMILIAN KLEIN, et al., on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>    v.<br><br>META PLATFORMS, INC.,<br><br>        Defendant. | Case No. 3:20-cv-08570-JD<br><br>Hon. James Donato<br><br>**ADVERTISER PLAINTIFFS' OPPOSITION TO DEFENDANT META PLATFORMS, INC.'S MOTION TO EXCLUDE TESTIMONY OF DR. TILMAN KLUMPP**<br><br>Hearing Date: To Be Determined<br>Hearing Time: To Be Determined<br>Courtroom 11, 19th Floor<br>Judge: The Honorable James Donato |

**PUBLIC-REDACTED**

## TABLE OF CONTENTS

INTRODUCTION...................................................................................................... 1

LEGAL STANDARD ............................................................................................... 2

I.    DR. KLUMPP'S PROPOSED TESTIMONY AND REPORT ARE ADMISSIBLE ....... 2

    A.    Dr. Klumpp's Acceptance of Meta's Market Power and Plaintiffs' Allegations is Appropriate ........................................................................ 4

    B.    ████████████████████████ ................................ 5

    C.    ███████████████████████████.............. 8

    D.    ██████████████████████████████ 9

    E.    ███████████████..............................11

    F.    ████████████████...........................13

    G.    Dr. Klumpp Did Not Conflate Monopoly Maintenance with Anticompetitive Effect........................................................................14

CONCLUSION..........................................................................................................15

i

Case No. 3:20-cv-08570-JD    ADVERTISER PLAINTIFFS' OPPOSITION TO META'S MOTION TO EXCLUDE EXPERT TESTIMONY AND OPINIONS OF DR. TILMAN KLUMPP

<u>PUBLIC-REDACTED</u>

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>**TABLE OF AUTHORITIES**</u>

**Page(s)**

**Cases**

*Aguilar v. Int'l Longshoremen's Union Loc. No. 10,*
   966 F.2d 443 (9th Cir. 1992)..............................................................................12

*AIG Ret. Servs., Inc. v. Altus Fin. S.A.,*
   2011 WL 13213589 (C.D. Cal. Sept. 26, 2011).................................................14

*In re Aluminum Warehousing Antitrust Litig.,*
   336 F.R.D. 5 (S.D.N.Y. 2020) ........................................................................... 7

*Bumpus v. Realogy Brokerage Grp. LLC,*
   2022 WL 867256 (N.D. Cal. Mar. 23, 2022)...........................................2, 4, 8, 10

*In re Capacitors Antitrust Litig.,*
   2020 WL 870927 (N.D. Cal. Feb. 21, 2020) ..................................................... 5

*CFM Commc'ns, LLC v. Mitts Telecasting Co.,*
   424 F. Supp. 2d 1229 (E.D. Cal. 2005) .............................................................14

*CZ Servs., Inc. v. Express Scripts Holding Co.,*
   2020 WL 4518978 (N.D. Cal. Aug. 5, 2020)................................................2, 12

*Daubert v. Merrell Dow Pharms., Inc.,*
   509 U.S. 579 (1993) ..............................................................................1, 2, 12

*Epic Games, Inc. v. Apple Inc.,*
   493 F. Supp. 3d 817 (N.D. Cal. 2020) ............................................................. 1

*F.T.C. v. Actavis, Inc.,*
   570 U.S. 136 (2013) ......................................................................................12

*Fed. Trade Comm'n v. Qualcomm Inc.,*
   969 F.3d 974 (9th Cir. 2020)..........................................................................10

*In re Google Play Store Antitrust Litig.,*
   2022 WL 17252587 (N.D. Cal. Nov. 28, 2022).................................................. 2

*King Drug Co. of Florence v. Smithkline Beecham Corp.,*
   791 F.3d 388 (3d Cir. 2015)..........................................................................12

*Klein v. Meta Platforms, Inc.,*
   2022 WL 17477101 (N.D. Cal. Dec. 6, 2022) ................................................... 1

       Advertiser Plaintiffs' Opposition to Meta's Motion to
Exclude Expert Testimony and Opinions of Dr. Tilman Klumpp

*Koger v. Costco Wholesale Corp.*,
  2023 WL 8188842 (N.D. Cal. Nov. 27, 2023).........................................................13

*LePage's Inc. v. 3M*,
  324 F.3d 141 (3d Cir. 2003).................................................................................15

*Maldonado v. Apple, Inc.*,
  2021 WL 1947512 (N.D. Cal. May 14, 2021) .......................................................10

*Maney v. Oregon*,
  2024 WL 1695083 (D. Or. Apr. 19, 2024) ............................................................. 5

*PixArt Imaging, Inc. v. Avago Tech. Gen. IP (Singapore) Pte. Ltd.*,
  2011 WL 5417090 (N.D. Cal. Oct. 27, 2011).........................................................12

*Primiano v. Cook*,
  598 F.3d 558 (9th Cir. 2010)................................................................................. 2

*In re Rezulin Prods. Liab. Litig.*,
  309 F. Supp. 2d 531 (S.D.N.Y. 2004) ....................................................................14

*Sec. & Exch. Comm'n v. Ripple Labs, Inc.*,
  2023 WL 5670711 (S.D.N.Y. Mar. 6, 2023) ........................................................12

*Takeda Pharms. USA, Inc. v. Spireas*,
  2019 WL 9596536 (E.D. Pa. Sept. 4, 2019) ..........................................................12

*Twin Cities Bakery Workers Health & Welfare Fund v. Biovail Corp.*,
  2005 WL 3675999 (D.D.C. Mar. 31, 2005), *aff'd sub nom. Meijer, Inc. v. Biovail
  Corp.*, 533 F.3d 857 (D.C. Cir. 2008) ...................................................................14

*United States v. Grinnell Corp.*,
  384 U.S. 563 (1966) ............................................................................................. 1

*Williams v. Illinois*,
  567 U.S. 50 (2012),
  *abrogated on other grounds by Smith v. Arizona*, 602 U.S. 779 (2024) ................. 5

*Zavislak v. Netflix, Inc.*,
  2024 WL 2884649 (N.D. Cal. June 7, 2024).................................................9, 10, 12

**Statutes**

Fed. R. Evid. 702..................................................................................................... 2

ADVERTISER PLAINTIFFS' OPPOSITION TO META'S MOTION TO
EXCLUDE EXPERT TESTIMONY AND OPINIONS OF DR. TILMAN KLUMPP

**INTRODUCTION**

Yet again Defendant Meta Platforms, Inc. ("Meta") has disregarded the Court's admonition against *Daubert* motions and seeks to have Dr. Tilman Klumpp ("Klumpp"), an expert relied upon by Advertiser Plaintiffs ("Advertisers"), excluded.  In their motion, it is clear that Meta fails to understand the purpose of Dr. Klumpp's opinions as they relate to the applicable antitrust laws.

Advertisers allege Meta illegally maintained its monopoly in the social advertising market through several courses of "predatory and exclusionary conduct."  *See Klein v. Meta Platforms, Inc.*, 2022 WL 17477101, at *2 (N.D. Cal. Dec. 6, 2022) (Donato, J.).  To prevail at trial on this theory, Advertisers must show "(1) the possession of monopoly power in the relevant market and (2) the willful acquisition or maintenance of that power as distinguished from growth or development as a consequence of a superior product, business acumen, or historic accident." *Epic Games, Inc. v. Apple Inc.*, 493 F. Supp. 3d 817, 834 (N.D. Cal. 2020) (Donato, J.) (quoting *United States v. Grinnell Corp.*, 384 U.S. 563, 570-71 (1966)).  The first part of this test involves evidence related to defining the relevant antitrust market and determining whether Meta has "the power to control prices or exclude competition" from the relevant market. *Epic Games*, 493 F. Supp. 3d at 834.  The second part of this test involves evidence that Meta's conduct was "predatory or exclusionary" in that it resulted in "a less competitive market." *Id*. at 836.

Advertisers offer the testimony of two expert economists on these issues.  Dr. Michael Williams is prepared to testify as to, *inter alia*, the contours of the relevant antitrust market, the social advertising market, and Meta's market power in that market (*i.e.*, part one of the *Grinnell* test).  Dr. Klumpp is prepared to testify as to whether the conduct alleged by Advertisers, if proven, would have led to a less competitive social advertising market (*i.e.*, part two of the *Grinnell* test).  Klumpp's is root liability testimony by a qualified economist who reviewed a mountain of evidence in this case. None of Meta's grounds for exclusion contained it its motion to exclude (the "Motion" or "Mot.")[1] hold water.  As such, the Motion should be denied.

---

[1]     ECF No. 878-1.

## LEGAL STANDARD

Dr. Klumpp's opinions are admissible if "they are relevant, supported by the evidence, based on sound methodologies, and useful to the jury on topics that ordinary people would not necessarily understand without help." *In re Google Play Store Antitrust Litig.*, 2022 WL 17252587, at *3 (N.D. Cal. Nov. 28, 2022) (Donato, J.).[2]  Relevance and connection to the evidence are linked.  *See Primiano v. Cook*, 598 F.3d 558, 565 (9th Cir. 2010) ("Expert opinion testimony is relevant if the knowledge underlying it has a valid connection to the pertinent inquiry.").  An expert's methodologies are sound if they have "a reliable basis in the knowledge and experience of the relevant discipline." *Primiano*, 598 F.3d at 565.  For an expert's testimony to be useful, it "must 'fit' the case, and be tied to the claims and facts in a way that helps the jury decide the dispute between the parties." *CZ Servs., Inc. v. Express Scripts Holding Co.*, 2020 WL 4518978, at *1 (N.D. Cal. Aug. 5, 2020) (Donato, J.).

Meta has moved to exclude Dr. Klumpp's testimony under Fed. R. Evid. 702 and *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993).[3]  As applied to expert testimony challenged under *Daubert*, "[t]he Rule 702 inquiry is 'a flexible one,' with no 'definitive checklist or test.'" *Google Play Store*, 2022 WL 17252587, at *3 (quoting *Daubert*).  "Rule 702 should be applied with a liberal thrust favoring admission." *Id.* at *4.  Dr. Klumpp's testimony and report should be excluded only if his "approach is 'junk science' akin to predicting criminality by feeling the bumps on a person's head." *Bumpus v. Realogy Brokerage Grp. LLC*, 2022 WL 867256, at *3 (N.D. Cal. Mar. 23, 2022) (Donato, J.).  Because "the Court is a gatekeeper, not a fact finder . . . objections short of that are fodder for cross-examination and not exclusion." *Google Play Store*, 2022 WL 17252587, at *4.

## ARGUMENT

## I.    DR. KLUMPP'S PROPOSED TESTIMONY AND REPORT ARE ADMISSIBLE

Dr. Klumpp holds M.A. and Ph.D. degrees in Economics and is a Professor of Economics at the University of Alberta, Canada, with extensive research and publications on microeconomics, law and economics, industrial organization, and public economies.  He applied this expertise to his

---

[2]    Unless otherwise indicated, emphasis is added and quotations are cleaned up.

[3]    Mot. at 1.

2

Case No. 3:20-cv-08570-JD                    Advertiser Plaintiffs' Opposition to Meta's Motion to
                                             Exclude Expert Testimony and Opinions of Dr. Tilman Klumpp

**PUBLIC-REDACTED**

1    analysis of the record evidence in this case, in particular ████████████████ that Advertisers

2    allege impaired competition in the U.S. social advertising market.  Dr. Klumpp submitted a detailed

3    merits report on January 12, 2024 ("Klumpp Report"),[4] outlining the factual and theoretical

4    foundations for his expert opinion, offered to assist the jury in determining ██████████████

5    ████████████████████████████████  ████████████████████

6    • ████████████████████████████████████

7    ████████████████████████████████████

8    ███████████████████

9    • ████████████████████████████████████

10   ████████████████████████████████████

11   ████████

12   • ████████████████████████████████████

13   ████████████████████████████████████

14   ██████████

15   • ████████████████████████████████████

16   ████████████████████████████████████

17   ██

18   • ████████████████████████████████████

19   ███████████████████

20       In drafting his report and coming to these well-found conclusions, Dr. Klumpp consulted over

21   200 unique documents from the record in this case, 17 deposition transcripts, and over 70 secondary

22   sources, citing to nearly all of that material in his report.[6]  Given the centrality of these issues to the

23

---

24   [4]    All "¶" cites are in reference to the Klumpp Report.  The Klumpp Report and the Expert Merits
25   Rebuttal Report of Dr. Tilman Klumpp, dated February 9, 2024 ("Klumpp Rebuttal") are attached at
     Exs. 4 and 5, respectively, to the Declaration of Dr. Tilman Klumpp in Support of Advertiser
26   Plaintiffs' Opposition to Meta's Motion for Summary Judgment, filed contemporaneously herewith.

27   [5]    *See* ECF No. 825 at 3.

28   [6]    *See* Klumpp Report at pp. 98-118.

case, and the breadth of relevant material Dr. Klumpp reviewed and cited, Meta substantially concedes that Dr. Klumpp's opinions and report are relevant and based on the evidence. But Meta argues his opinions should be excluded based largely upon the methodology he used (or in some instances, opted not to use) to reach them.

Dr. Klumpp's conclusions are admissible, then, barring a fatal flaw in his methodology. *Bumpus*, 2022 WL 867256, at *3 ("If the method is valid and reliable, and fits the case, it will be admitted; attacks on the quality of the data the expert used, the application of the methodology to the data, and the overall persuasiveness of the expert's opinions are matters for cross-examination."). No fatal flaw exists here. Meta's attacks on Dr. Klumpp's methodology, discussed in detail below, all fall into the categories of attacks on the quality of data, application of his methodology, and the overall persuasiveness of Dr. Klumpp's opinions. None warrant excluding Dr. Klumpp's opinions, as they at most go to the weight and not the admissibility of his opinions.

A.    **Dr. Klumpp's Acceptance of Meta's Market Power and Plaintiffs' Allegations Is Appropriate**

In several places in its Motion, Meta criticizes the underlying assumptions Dr. Klumpp makes as a foundation for his opinions.[7] These criticisms take two forms: first, that Dr. Klumpp improperly assumed Meta's position as a monopolist in the relevant market and/or misunderstood monopoly maintenance,[8] and second, that Dr. Klumpp improperly assumed that Advertisers will prove their claims at trial (*i.e.*, offered his opinions on an "if proven" basis).[9] Both assumptions are entirely proper.

To begin with, in accordance with the Court's clear instruction that there be no overlap between Advertisers' expert economists, Dr. Klumpp's proposed testimony on anticompetitive effects will not overlap with Dr. Williams's proposed testimony on the contours of the relevant antitrust market and Meta's market power within it. It is therefore appropriate for Dr. Klumpp to adopt Dr.

---

[7]  *See, e.g.*, ¶¶69, 133, 139.

[8]  Mot. at 1. Dr. Klumpp's understanding of monopoly maintenance is addressed separately, below.

[9]  *Id*. at 2, 8-9.

Williams's conclusions that the relevant market in this case is the social advertising market, and Meta possesses market power within that market.  *See, e.g.*, *Maney v. Oregon*, 2024 WL 1695083, at *13 (D. Or. Apr. 19, 2024) (noting it is "well established that an expert may rely on the opinions of other experts in formulating the expert's own opinions").

It is also proper for Dr. Klumpp to assume the truth of Advertisers' allegations—whether those allegations are proven by the evidence is the province of the jury, not an expert.  *See Williams v. Illinois*, 567 U.S. 50, 57 (2012) ("Under settled evidence law, an expert may express an opinion that is based on facts that the expert assumes, but does not know, to be true.  It is then up to the party who calls the expert to introduce other evidence establishing the facts assumed by the expert."), *abrogated on other grounds by Smith v. Arizona*, 602 U.S. 779 (2024); *accord In re Capacitors Antitrust Litig.*, 2020 WL 870927, at *2 (N.D. Cal. Feb. 21, 2020) (Donato, J.) ("Defendants' objection that McClave accepted the conspiracy period from class counsel without 'independently verifying' it is also a topic for possible cross-examination and argument at trial, but not exclusion from the record.  It is rather odd to say that McClave did not 'independently verify' the conspiracy period.  If he had opined on what the conspiracy period properly should have been based on his own investigation and analysis, defendants undoubtedly would have moved to strike such an opinion as legal in nature and improper.").  Thus, Meta's foundational attacks on Dr. Klumpp are defeated by copious antitrust law.

**B.** ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Dr. Klumpp reviewed evidence related to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ From this review and using his experience and expertise, Dr. Klumpp concludes that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

5

**PUBLIC-REDACTED**

1 ██████████████████████████████████████████████████████████████████

2 ██████████████████████████████████████████████████████████████████

3 ██████████████████████████████████████████████████████████████████

4 ████████████████████████████████████████████

5    Unable to attack Dr. Klumpp's reasonable conclusion head-on, Meta makes several tangential

6 arguments, suggesting that Dr. Klumpp is unqualified to opine as to ██████████████████████

7 ███████████ Meta spends ***several pages*** of its Motion criticizing Dr. Klumpp's conclusion that

8 ██████████████████████████████████████████████████████████████████

9 ██████████████████████████████████████████████████████████████████

10 ███████████████████████████████████ This line of argument misses the point—

11 Dr. Klumpp is providing economic analysis as to whether Meta's conduct was exclusionary and

12 anticompetitive. The label used to name the evidence Dr. Klumpp relied on is a red herring. In any

13 event, the record in this case is replete with evidence that: ████████████████████████████

14 ██████████████████████████████████████████████████████████████████

15 ██████████████████████████████████████████████████████████████████

16 ██████████████████████████████████████████████████████████████████

17 ██████████████████████████████████████████████████████████████████

18 ██████████████████████████████████████████████████████████████████

19 ██████████████████████████████████████████████████████████████████

20 ██████████████████████████████████████████████████████████████████

21 ██████████████████████████████████████████████████████████████████

22 ██████████████████████████████████████████████████████████████████

23 █████████████████████████████████████████████. Meta's pages of arguments

24 that Dr. Klumpp "applied no economic reasoning" to observe undisputed facts underlying his

---

[10]   *See* Mot. at 4-6.

[11]   *See* Expert Merits Report of Markus Jakobsson, Ph.D., dated January 12, 2024, attached at Ex. 6 to the Declaration of Markus Jakobsson, Ph.D. in Support of Advertiser Plaintiffs' Opposition to Meta's Motion for Summary Judgment, filed contemporaneously herewith, at ¶¶46-140.

**PUBLIC-REDACTED**

1  opinions, or its fight over what "generally known" or "legitimately obtained" means, simply do not

2  matter for purposes of his analysis.[12] ████████████████████████████████████████

3  ███████████████████████████████████████████.

4      Meta specifically attacks Dr. Klumpp's application of ██████████████████████

5  ███████████████████████████, arguing that because Dr. Klumpp's opinions relate to this

6  definition, they must be legal opinions.[13]  Even setting aside that ███████████████████

7  █████████████████ ████████████████████████████████████████

8  ███████████████████████████████████████████.  In his report,

9  ████████████████████████████████████████████████

10  ████████████████████████████████████████████████

11  ████████████████████████████████████████████████

12  ████████████████████████████████████████████████

13  ████████████████████████████████████████████████

14  ████████████████████████████████████████████████

15  ███████████████████

16      There is nothing improper in Dr. Klumpp applying a definition that includes economic

17  concepts to the facts of this case.  *See, e.g.*, *In re Aluminum Warehousing Antitrust Litig.*, 336 F.R.D.

18  5, 32 (S.D.N.Y. 2020) ("Kaplan's use of the terms 'individualized inquiry' and 'conflicts' in his report

19  do not transform his empirical and economic analysis into testimony stating ultimate legal

20  conclusions.").  Meta's cited legal authorities do not compel a contrary finding, as each of them

21  addresses only whether an expert is improperly reaching a legal conclusion, which is not the case

22  here.

23      In sum, Dr. Klumpp's opinion on the anticompetitive effects ████████████████ should

24  not be excluded on the basis of his use ████████████████████████ because his use of that

---

[12] Mot. at 5.

[13] *Id.* at 5-6.

[14] ███████████████████████████████████████████



definition was proper, and ███████████████████████████████████

████████████████████████████████████████████████████████

███████████████ This is an "attack[] on . . . the application of the methodology to the data."

*Bumpus*, 2022 WL 867256, at *3.  Accordingly, Dr. Klumpp's conclusion that a monopolist's █████

████████████████████████ would have a chilling effect on entry remains reliable and admissible.

**C.** ████████████████████████████████████████

████████████

Dr. Klumpp did a thorough analysis of ████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

████████████████████████████████████. Dr. Klumpp's ultimate conclusion is that

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████

Meta seeks to exclude Dr. Klumpp's opinions on the █████████████████

███████████████████████████████████████████████████

████████████████.[15] Meta faults Dr. Klumpp for concluding that █████████████

███████████████████████████████████████████████████████

███████████████████████████████████████

However, Dr. Klumpp's opinion on the ██████ is tethered to evidence in this case and is

---

[15]  Mot. at 9.

[16]  *Id.*

8

1  therefore reliable.  He reviewed the entirety of the ███████████████████ that Meta

2  inaccurately argues is his entire basis for his conclusion.  ¶¶88-89, 96 (analyzing various ██████

3  ████████).  He reviewed evidence that demonstrates the ██████████████████████████

4  ████████████████████████████████████████ Meta cannot point to any

5  record evidence to suggest ████████████████████████████████████.

6  Meta also does not point to any ███████████████████████████████████

7  ███████████████████████████████████████████████████████████████████████

8  ███████████████████████████████████████████████████████████████████████

9  ██████████  In short, Meta faults Dr. Klumpp for not reviewing contracts outside this litigation that

10  are not in the record or publicly available—and provides no contrary evidence of its own.  "An

11  argument that an expert should have addressed different evidence at best, goes to the weight or

12  credibility of the expert's analysis, not its admissibility."  *Zavislak v. Netflix, Inc.*, 2024 WL 2884649,

13  at \*15 (N.D. Cal. June 7, 2024).  This is not grounds for exclusion.

14      **D.**    ████████████████████████████████████████████████████████

15      Again here, Dr. Klumpp undertook a detailed review of the evidence in the record (and

16  publicly available information as well) regarding Meta's agreement with ██████████████████

17  ███████████████████████████████████████████████████████████████████████

18  ███████████████████████████████████████████████████████████████████████

19  ███████████████████████████████████████████████████████████████████████

20  ███████████████████████████████████████████████████████████████████████

21  ███████████████████████████████████████████████████████████████████████

22  ██████████.  He then undertook an analysis of the likely anticompetitive effects of the ██████████

23  ███████████████████████████████████████████████████████████████████████

24  Dr. Klumpp concludes that ██████████████████████████████████████████████

25  ███████████████████████████████████████████████████████████████████████

26  ███████████████████████████████████████████████████████████████████████

27  ███████████████████████████████████████████████████████████████████████

28  ███████████████████████████████████████████████████████████████████████

9

Case No. 3:20-cv-08570-JD                    ADVERTISER PLAINTIFFS' OPPOSITION TO META'S MOTION TO
                                             EXCLUDE EXPERT TESTIMONY AND OPINIONS OF DR. TILMAN KLUMPP

1 ████████████████████████████████████████████████████████

2 ████████████████████████████████████████████████████████

3 ████

4   Meta's primary criticism of Dr. Klumpp's ████████████████████

5 ████████████████████████████████████████████████████████

6 ███████   "Review" of an agreement, especially one in an antitrust case that is alleged to be hidden

7 from public eye, is not a requirement for an expert's opinion on the anticompetitive effects of that

8 agreement to be admissible.  *See, e.g.*, *Zavislak*, 2024 WL 2884649, at *15.  Because demonstrating

9 anticompetitive effects is a requirement under both Section 1 and 2 of the Sherman Act,[18] applying

10 the standard Meta proposes would effectively immunize unwritten agreements from Sherman Act

11 treble damages actions.[19]

12   And, as explained above, it was entirely proper for Dr. Klumpp to assume Advertisers would

13 prove the existence of ████████████ at trial and offer an opinion on the anticompetitive

14 effects of ████████████ on an "if proven" basis.  This is another "attack[] on . . . the

15 application of the methodology to the data," *Bumpus*, 2022 WL 867256, at *3, that does not warrant

16 excluding Dr. Klumpp's opinions.[20]

---

17 [17] Mot. at 8 ████████████████████████████████████████████

18 ████.

19 [18] *See Fed. Trade Comm'n v. Qualcomm Inc.*, 969 F.3d 974, 991 (9th Cir. 2020) ("Regardless of
whether the alleged antitrust violation involves concerted anticompetitive conduct under § 1 or

20 independent anticompetitive conduct under § 2, the three-part burden-shifting test under the rule of
reason is essentially the same.").

21 [19] Meta's cites *Maldonado v. Apple, Inc.*, 2021 WL 1947512 (N.D. Cal. May 14, 2021), but its

22 parenthetical does not even support their position—Dr. Klumpp *did* review the evidence relating to
the agreement.  In that case, Apple attempted to use one expert's testimony to "bolster" the reliability

23 of another of Apple's expert's survey, despite admitting to having "not seen the results" of that survey.
*Id*. at *20.

24 [20] Meta also complains that Dr. Klumpp did not consider whether ████████████

25 ████████████████████████ But in fact he did. ████

26 ████████████████████████████████████████████████████████

27 ████████████████████████████████████████████████████████

28

10

Case No. 3:20-cv-08570-JD                    ADVERTISER PLAINTIFFS' OPPOSITION TO META'S MOTION TO
                                             EXCLUDE EXPERT TESTIMONY AND OPINIONS OF DR. TILMAN KLUMPP

**PUBLIC-REDACTED**

1

2    **E.** ████████████████████████

3    For his analysis of ████████████████, Dr. Klumpp reviewed: ████████████

4 ████████████████████████████████████████████████

5 ████████████████████████████████████████████████

6 ████████████████████████████████████████████████

7 ████████████████████████████████████████████████

8 ███████████████████████████████████████████. Dr.

9 Klumpp, applying his expertise, ultimately concludes that the "████████████████████

10 ████████████████████████████████████████████████

11 ████████████████████████████████████████████████

12 ████████████████████████████████████████████████

13 ████████████████████████████████  In sum, Dr. Klumpp

14 reasonably concludes that ████████████████████████████████

15 ████████████████████████████████████████████████

16 ████████████████████████████████████████.

17    In seeking to exclude Dr. Klumpp's testimony on this topic, Meta contradicts its prior

18 positions on Dr. Klumpp's review of the ████████████████ and argues that Dr.

19 Klumpp's opinions must be excluded because he **did** review the ████████████.[21] Meta contends

20 that because Dr. Klumpp reviewed the ████████████████████████

21 ████████████████████████, his opinion is somehow an improper legal

22 interpretation of "the rights of a party to a contract."[22]

23    But Meta's proposed standard is not the law under the Sherman Act.  Dr. Klumpp is not

24 ─────────────────────

25 ████████████████████████████████████████████████

26 ████████████████████████████████████████

27 [21] Mot. at 7 ("Klumpp cannot opine on the meaning of Meta's contracts.").

28 [22] *Id.* at 7.

11

**PUBLIC-REDACTED**

opining on whether one party breached the contracts in question and this is not a circumstance where the parties' respective rights or performance under the ▮▮▮▮▮▮▮ is outcome-determinative.[23] Dr. Klumpp is prepared to testify about the anticompetitive effects of a series of contracts, a topic that is the purview of countless expert reports in federal antitrust litigation.[24] To do that analysis, he must be permitted to review the contracts and draw **some** conclusions about the rights and obligations those contracts impose on the parties.[25] Imposing Meta's cumulative standard would effectively immunize all agreements from economic scrutiny in Sherman Act litigation. When evaluating the

---

[23] Meta's cited authority is distinguishable. In *PixArt Imaging, Inc. v. Avago Tech. Gen. IP (Singapore) Pte. Ltd.*, 2011 WL 5417090, at *6 (N.D. Cal. Oct. 27, 2011), the court admitted the expert in question, finding that the expert's conclusions that one party had "overstate[d] the amount that [the counterparty] should have reported for purposes of royalty calculations" under a contract were "not evaluations of the rights of the parties under the [contract]." In *Aguilar v. Int'l Longshoremen's Union Loc. No. 10*, 966 F.2d 443, 447 (9th Cir. 1992), the Ninth Circuit affirmed exclusion of an expert's opinion that it was reasonable to presume classwide reliance on a term in an employment contract, a fundamental legal issue in the case. Dr. Klumpp's opinion and report make no such naked legal conclusions, but rather are straightforward readings of contractual provisions. Similarly, in *CZ Servs.*, 2020 WL 4518978 at *4, this Court was concerned with limiting testimony about whether certain "practices were illegal or unlawful", *id.* at *3, or "whether any contractual provisions were satisfied or breached," *id.* at *4, neither of which topics Dr. Klumpp will opine on.

[24] *See, e.g., Zavislak*, 2024 WL 2884649, at *16 ("An expert may also refer to the law in expressing an opinion without that reference rendering the testimony inadmissible."); *Sec. & Exch. Comm'n v. Ripple Labs, Inc.*, 2023 WL 5670711, at *22 (S.D.N.Y. Mar. 6, 2023) ("Ferrell's opinion about the XRP contracts is limited to describing the commercial purposes of those contracts; he does not opine on any ultimate issues of law that govern this case. Ferrell does not offer any analysis of contract law or interpret a disputed contract provision—indeed, the parties do not have any legal disputes about the contracts. His opinion about the commercial purposes of the Ripple contracts is proper expert witness testimony that may explain how a contract operates in the marketplace."); *Takeda Pharms. USA, Inc. v. Spireas*, 2019 WL 9596536, at *1 (E.D. Pa. Sept. 4, 2019) (rejecting argument that expert report included "improper legal analysis of contracts involving the parties," concluding that even though the report "references legal documents, it does not appear that [the expert] is trying to 'explain the law' or render an opinion about 'what the law requires.' As such, the report and [the expert's] opinions do not warrant exclusion under *Daubert*.").

[25] Meta's argument that Dr. Klumpp's analysis of litigation risk has "no basis in economics" is belied by decades of federal jurisprudence, including U.S. Supreme Court opinions, analyzing the interplay between litigation risk and competition risk in the pharmaceutical pay-for-delay settlement context. *See, e.g., King Drug Co. of Florence v. Smithkline Beecham Corp.*, 791 F.3d 388, 404 (3d Cir. 2015) ("[T]he [Supreme] Court reasoned [in *Actavis*] that 'even a small risk of invalidity' may not justify a 'large payment' (presumably enabled by 'patent-generated monopoly profits') that 'likely seeks to prevent the risk of competition.'") (quoting *F.T.C. v. Actavis, Inc.*, 570 U.S. 136, 157 (2013)).

12

**PUBLIC-REDACTED**

anticompetitive effects of a contract or other agreement under the Sherman Act, for an expert's opinion to be admissible under Meta's standards, the expert cannot assume the agreement will be proven, must read and review the agreement, but then cannot opine as to what the agreement says or means for the parties.  Conveniently for Meta, under this standard, an economist cannot opine on the anticompetitive effects of an anticompetitive contract or agreement at all.  These too are "attacks on . . . the application of the methodology to the data," *Koger v. Costco Wholesale Corp.*, 2023 WL 8188842, at *1 (N.D. Cal. Nov. 27, 2023) (Donato, J.), and are "matters for cross-examination."

███  ████████████████████████████████

Dr. Klumpp opines that Meta's ████████████████████████████████████████

██████████████████████████████████████████████████████  Meta seeks exclusion of this opinion because Dr. Klumpp, in Meta's view, cannot offer opinions as to ████████

██████████████████████████████████████████████████████████████████████

████ .[26]  But contrary to Meta's argument, Dr. Klumpp does not opine on any ████████████

█████████████████████████████████████████████

Well within the scope of his expertise, Dr. Klumpp analyzes the anticompetitive effects of Meta's conduct in the factual record.  Faced with ███████████████████████████████████

█████████████████████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████████████████████

████████████████████████████████████ .  As such, nothing in Dr. Klumpp's opinion requires

---

[26]  Mot. at 2-4.

13

1    ███████████████████.[27] To reach his conclusion, Dr. Klumpp assumes, and the record amply

2    reflects, that Meta succeeded in making ████████████████████████████. ¶173.

3    The finder-of-fact need only take Meta's senior leadership at its word.

4         Meta emphasizes the ██████████████████,[28] but that case – which seeks the

5    exact same remedies Dr. Klumpp suggests – actually corroborates Dr. Klumpp's reliability. ██

6    ████████████████████████████████████████████████████████

7    ████████████████████████████████████████████████████████

8    ████████████████████████████████████████████████████████

9    ████████████████████████████████████████. But that is the subject

10   of trial.  Meta does not seriously dispute Dr. Klumpp's economic opinion that an █████████

11   ████████████████████████████████████████████████████████

12   █████████. Thus, such ███████████████████████████████████████

13   ██████████████████████████████████████████████████.

## G.    Dr. Klumpp Did Not Conflate Monopoly Maintenance with Anticompetitive Effect

16        Finally, Meta argues that Dr. Klumpp improperly asserts that "the maintenance of monopoly

17   power on its own constitutes an anticompetitive effect."[29]  This is a gross mischaracterization of Dr.

18   Klumpp's report.  As outlined above, Dr. Klumpp's conclusions all discuss frustration of competitive

19   entry, a canonical anticompetitive effect.  *See LePage's Inc. v. 3M*, 324 F.3d 141, 159 (3d Cir. 2003)

---

[27]    This distinguishes Meta's cited authorities, each of which excluded experts that simply speculated into the relevant actor's mind.  *See AIG Ret. Servs., Inc. v. Altus Fin. S.A.*, 2011 WL 13213589, at *3 (C.D. Cal. Sept. 26, 2011) (excluding testimony into the decision-making of the hypothetical "prudent commissioner"); *Twin Cities Bakery Workers Health & Welfare Fund v. Biovail Corp.*, 2005 WL 3675999, at *3 (D.D.C. Mar. 31, 2005), *aff'd sub nom. Meijer, Inc. v. Biovail Corp.*, 533 F.3d 857 (D.C. Cir. 2008) (excluding unsupported testimony into when the FDA would have approved a new drug); *CFM Commc'ns, LLC v. Mitts Telecasting Co.*, 424 F. Supp. 2d 1229, 1236 (E.D. Cal. 2005) (excluding expert's prediction as to the FCC's application of statutes and regulations); *In re Rezulin Prods. Liab. Litig.*, 309 F. Supp. 2d 531, 556-57 (S.D.N.Y. 2004) (excluding opinion as to whether physicians would have prescribed a particular drug under different labelling).

[28]    Mot. at 4.

[29]    Mot. at 10-11.

14

Case No. 3:20-cv-08570-JD                  ADVERTISER PLAINTIFFS' OPPOSITION TO META'S MOTION TO
                                           EXCLUDE EXPERT TESTIMONY AND OPINIONS OF DR. TILMAN KLUMPP

1  ("When a monopolist's actions are designed to prevent one or more new or potential competitors from

2  gaining a foothold in the market by exclusionary, *i.e.* predatory, conduct, its success in that goal is

3  not only injurious to the potential competitor but also to competition in general."); Phillip E. Areeda

4  (late) & Herbert Hovenkamp, *Antitrust Law: An Analysis of Antitrust Principles and Their*

5  *Application*, ¶651(b)(5) (5th Ed.) ("Several anticompetitive actions by dominant firms are best

6  explained as efforts to limit rivals' market access by increasing their costs.").

7        Meta's cherry-picked excerpts of Dr. Klumpp's deposition are a feeble attempt to manufacture

8  a foundational economic error from a difference in the terms Meta's deposing counsel and Dr.

9  Klumpp were using to describe the same concept:



19  Klumpp Depo. Tr. at 44:13-44:25 (Bathaee Decl. Ex. 103).

20                              **CONCLUSION**

21        All of Dr. Klumpp's conclusions will be useful to the jury in understanding how and why the

22  specific actions Meta took, when viewed in the context of Meta's monopoly power, produced

23  anticompetitive effects in the social advertising market.  All of Dr. Klumpp's conclusions are

24  admissible.  Meta's Motion to Exclude the Report and Testimony of Dr. Tilman Klumpp should be

25  denied.

26  Dated: January 29, 2025

27

28

15

Case No. 3:20-cv-08570-JD                    ADVERTISER PLAINTIFFS' OPPOSITION TO META'S MOTION TO
                                             EXCLUDE EXPERT TESTIMONY AND OPINIONS OF DR. TILMAN KLUMPP

1

**BATHAEE DUNNE LLP**

2

By:  */s/ Yavar Bathaee*

3
Yavar Bathaee (CA 282388)
yavar@bathaeedunne.com

4
Andrew C. Wolinsky (CA 345965)
awolinsky@bathaeedunne.com

5
Priscilla Ghiţă (*pro hac vice*)
pghita@bathaeedunne.com

6
445 Park Avenue, 9th Floor
New York, NY 10022

7
Tel.: (332) 322-8835

8
Brian J. Dunne (CA 275689)
bdunne@bathaeedunne.com

9
Edward M. Grauman (*pro hac vice*)
egrauman@bathaeedunne.com

10
901 South MoPac Expressway
Barton Oaks Plaza I, Suite 300

11
Austin, TX 78746
Tel.: (213) 462-2772

12

Allison Watson (CA 328596)

13
awatson@bathaeedunne.com
3420 Bristol St, Ste 600

14
Costa Mesa, CA 92626-7133

15
*Interim Co-Lead Counsel for the Advertiser Class*

16

17
**LEVIN SEDRAN & BERMAN LLP**

18
Keith J. Verrier (*pro hac vice*)
kverrier@lfsblaw.com

19
Austin B. Cohen (*pro hac vice*)
acohen@lfsblaw.com

20
510 Walnut Street, Suite 500
Philadelphia, PA 19106-3997

21
Tel.: (215) 592-1500

22
*Members of Executive Committee for the Advertiser Class*

23

24

25

26

27

28

**SCOTT+SCOTT
ATTORNEYS AT LAW LLP**

By:  */s/ Amanda F. Lawrence*
Amanda F. Lawrence (*pro hac vice*)
alawrence@scott-scott.com
Patrick J. McGahan (*pro hac vice*)
pmcgahan@scott-scott.com
Michael P. Srodoski (*pro hac vice*)
msrodoski@scott-scott.com
156 South Main Street, P.O. Box 192
Colchester, CT 06415
Tel.: (860) 537-5537

Patrick J. Coughlin (CA 111070)
pcoughlin@scott-scott.com
Carmen A. Medici (CA 248417)
cmedici@scott-scott.com
Hal D. Cunningham (CA 243048)
hcunningham@scott-scott.com
Patrick J. Rodriguez (*pro hac vice*)
prodriguez@scott-scott.com
Daniel J. Brockwell (CA 335983)
dbrockwell@scott-scott.com
600 W. Broadway, Suite 3300
San Diego, CA 92101
Tel.: (619) 233-4565

**AHDOOT & WOLFSON, PC**

Tina Wolfson (CA 174806)
twolfson@ahdootwolfson.com
Robert Ahdoot (CA 172098)
rahdoot@ahdootwolfson.com
Theodore W. Maya (CA 223242)
tmaya@ahdootwolfson.com
Henry J. Kelston (*pro hac vice*)
hkelston@ahdootwolfson.com
2600 West Olive Avenue, Suite 500
Burbank, CA 91505
Tel.: (310) 474-9111

16

**PUBLIC-REDACTED**

### FILER ATTESTATION

I am the ECF user who is filing this document. Pursuant to Civil L.R. 5-1(i)(3), I hereby attest that each of the other signatories have concurred in the filing of the document.

Dated: January 29, 2025                    By: _/s/Amanda F. Lawrence_
                                                  Amanda F. Lawrence

### CERTIFICATE OF SERVICE

I hereby certify that on January 29, 2025, I caused a true and correct copy of the foregoing document to be served by electronic mail on all counsel of record.

Dated: January 29, 2025                    By: _/s/Amanda F. Lawrence_
                                                  Amanda F. Lawrence

ADVERTISER PLAINTIFFS' OPPOSITION TO META'S MOTION TO
                                                  EXCLUDE EXPERT TESTIMONY AND OPINIONS OF DR. TILMAN KLUMPP