| | |
|---|---|
| WILMER CUTLER PICKERING HALE AND DORR LLP | ARI HOLTZBLATT (SBN 222086)<br>  Ari.Holtzblatt@wilmerhale.com<br>MOLLY M. JENNINGS (*pro hac vice*)<br>  Molly.Jennings@wilmerhale.com<br>2100 Pennsylvania Ave NW<br>Washington, DC 20037<br>Telephone: (202) 663-6000 |
| SONAL N. MEHTA (SBN 222086)<br>  Sonal.Mehta@wilmerhale.com<br>2600 El Camino Real, Suite 400<br>Palo Alto, California 94306<br>Telephone: (650) 858-6000 | |
| DAVID Z. GRINGER (*pro hac vice*)<br>  David.Gringer@wilmerhale.com<br>ROSS E. FIRSENBAUM (*pro hac vice*)<br>  Ross.Firsenbaum@wilmerhale.com<br>RYAN CHABOT (*pro hac vice*)<br>  Ryan.Chabot@wilmerhale.com<br>PAUL VANDERSLICE (*pro hac vice*)<br>  Paul.Vanderslice@wilmerhale.com<br>7 World Trade Center<br>250 Greenwich Street<br>New York, New York 10007<br>Telephone: (212) 230-8800 | MICHAELA P. SEWALL (*pro hac vice*)<br>  Michaela.Sewall@wilmerhale.com<br>60 State Street<br>Boston, Massachusetts 02109<br>Telephone: (617) 526-6000 |

*Attorneys for Defendant Meta Platforms, Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| MAXIMILIAN KLEIN, et al., on behalf of themselves and all others similarly situated,<br><br>                              Plaintiffs,<br><br>     v.<br><br>META PLATFORMS, INC., a Delaware Corporation,<br><br>                              Defendant. | Case No. 3:20-cv-08570-JD<br><br>**OMNIBUS MOTION TO SEAL MATERIALS SUBMITTED IN CONNECTION WITH SUMMARY JUDGMENT AND *DAUBERT* BRIEFING IN THE ADVERTISER CASE**<br><br>Judge: Hon. James Donato |

Pursuant to the Court's March 25, 2024 Order regarding sealing procedures, Dkt. 745, Meta Platforms, Inc. respectfully submits this omnibus motion to seal certain portions of materials filed in connection with motion for summary judgment and merits *Daubert* briefing in the Advertiser case, as set forth herein and in the supporting declarations. This motion also contains sealing requests from non-parties for the summary judgment and merits *Daubert* briefing. This omnibus motion is submitted for the purpose of judicial administrative convenience and clarity.

Documents subject to sealing requests in this Motion have been filed under seal, with highlighting reflecting the sealing positions of Meta (in orange) and non-parties (in green). Following the Court's resolution of this Motion, the parties will file public versions of the summary judgment and merits *Daubert* briefing with redactions consistent with the Court's ruling.

**Meta's Sealing Requests.** Meta respectfully requests that the Court seal seven narrow categories of non-public information: (1) employee information, including personally identifying information and personnel files; (2) details of negotiation strategies and specific contractual terms with third parties; (3) descriptions of the technical functionality of Meta's advertising systems; (4) confidential pricing information; (5) internal research and analysis on user behavior and app performance, including proprietary methods for conducting that research and analysis; (6) confidential financial information or data; and (7) confidential business strategies, including those concerning unreleased products. Meta's proposed redactions are narrowly tailored to these seven categories; all of which courts regularly recognize as sealable. The items to be sealed and reasons therefor are in the attached Declaration of Meta's Director of Finance Amrish Acharya, who has personal knowledge of Meta's confidentiality practices. If the Court denies this motion, in whole or in part, Meta respectfully requests that the Court delay the effect of such order fourteen (14) days to allow affected parties to make appropriate plans and raise potential issues, if necessary.

**Non-Party Sealing Requests.** Meta and Advertiser Plaintiffs take no position on the non-party sealing requests.

## BACKGROUND

The parties submitted briefing and associated documents related to Meta's motion for summary judgment (Dkt. Nos. 874, 892, 903) and motions to exclude the testimony and opinions

1  of Advertiser Plaintiffs' experts Michael Williams (Dkt. Nos. 876, 890, 899), Tilman Klumpp
2  (Dkt. Nos. 878, 888, 901), and Markus Jakobsson (Dkt. Nos. 880, 886, 899).
3      Advertiser Plaintiffs have informed Meta they take no position on any non-party sealing
4  requests. They have also informed Meta that they do not oppose Meta's requests to seal Meta
5  employee email addresses, but otherwise oppose Meta's sealing requests. The attached proposed
6  order reflects Advertiser Plaintiffs' position on Meta's and non-parties' sealing requests.

**ARGUMENT**

Courts may seal "records attached to a dispositive motion"—such as motions for summary judgment—if the requesting party "articulates compelling reasons supported by specific factual findings." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178-1179 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Relatedly, courts may "seal documents related to non-dispositive motions"—such as *Daubert* motions—upon "[a] particularized showing of good cause" made by the requesting party. *Finjan LLC v. Palo Alto Networks, Inc.*, 2023 WL 5211321, at *1 (N.D. Cal. Aug. 14, 2023) (Donato, J.); *DZ Reserve v. Facebook, Inc.*, 2021 WL 75734, at *1 (N.D. Cal. Jan. 8, 2021) (Donato, J.); *DZ Reserve v. Meta Platforms, Inc.*, No. 3:18-cv-04978-JD, Dkt. No. 350 at 1 (N.D. Cal. Dec. 3, 2021) (Donato, J.) ("motion for class certification and various motions to exclude expert witnesses … are not dispositive proceedings"). The "good cause" standard is less demanding than the "compelling reasons" because the "public has less of a need for access to court records attached only to non-dispositive motions," and "public policies that support the right of access to dispositive motions … do not apply with equal force." *See Kamakana*, 447 F.3d at 1179-80.

Meta's requests satisfy both the "compelling reasons" and "good cause" standards. Meta seeks to seal documents or portions thereof falling into seven categories "traditionally [] kept secret for important policy reasons." *Kamakana*, 447 F.3d at 1185. Each request is supported by a declaration attesting "the precise information at issue is confidential and not publicly known, and identifying the competitive harm that would likely flow from public disclosure of that precise information." *Krommenhock v. Post Foods, LLC*, 334 F.R.D. 552, 587 (N.D. Cal. 2020).

#### A. Meta Employee Information

The Court should seal contact information and personnel files of current or former Meta employees. *See* Acharya Decl. rows 226, 233-34, 236, 240-41, 244-45, 275, 278, 291, 295. These employees are not parties to this case and have a legitimate, legally recognized privacy interest in protecting their contact information from public disclosure. Disclosure may subject these employees to "annoyance," "oppression, or undue burden," Fed. R. Civ. P. 26(c), such as unsolicited contact from the press or public, which could rise to the level of threats or harassment. Recognizing this, courts routinely seal such information, including this Court in this case. Dkt. 344; *In re Bofi Holding, Inc. Sec. Litig.*, 2021 WL 3700749, at *8 (S.D. Cal. July 27, 2021); *Snapkeys Ltd. v. Google LLC*, 2021 WL 1951250, at *3 (N.D. Cal. May 14, 2021). The Court should also seal performance evaluations of Meta employees, "given the reputational and privacy interests at stake." *ImprimisRx, LLC v. OSRX, Inc.*, 2023 WL 7029210, at *7 (S.D. Cal. Oct. 24, 2023); *DiMercurio v. Equilon Enter. LLC*, 2021 WL 3885973, at *12 (N.D. Cal. Aug. 30, 2021); *see* Acharya Decl. rows 67, 69, 134, 220, 235.

#### B. Business Dealings and Contract Terms with Third Parties

The Court should seal sensitive details about Meta's negotiation strategies and specific contractual terms with third parties, disclosure of which will harm Meta's business relationships, hurt its negotiating position with other parties, and cause competitive harm to Meta. *See* Acharya Decl. rows 1-4, 9-15, 23, 25-31, 76-78, 80, 89, 133, 146-52, 171-75, 187, 190, 222, 238, 247-71, 273-74, 276, 279, 281-84, 289-90, 294, 296-98, 312, 315. This commercially sensitive information can be exploited to improve others' negotiating position with Meta. Courts—including this Court in this case, *see* Dkt. 344—have sealed confidential information about Meta's business relationships and contractual arrangements, *DZ Reserve*, Dkt. 350 at 1; *In re Google Play Store Antitrust Litig.*, 556 F. Supp. 3d 1106, 1109 (N.D. Cal. 2021) (Donato, J.).

#### C. Technical Functionality of Advertising Systems

The Court should seal commercially sensitive technical functions of Meta's advertising systems. *See* Acharya Decl. rows 84, 86, 92-100, 105, 168-70, 188-89, 300-301. The proposed materials discuss the inner workings of Meta's ad auction and ad targeting and delivery systems.

1  These systems are proprietary technologies Meta has developed over several years, and help Meta
2  distinguish its advertising products from other advertising platforms. Courts regularly seal
3  proprietary product design information. *DZ Reserve*, Dkt. 350 at 1; *Johnstech Int'l Corp. v. JF*
4  *Microtech. SDN BHD*, 2016 WL 4091388, at *4 (N.D. Cal. Aug. 2, 2016) (Donato, J.); *dotStrategy*
5  *Co. v. Facebook Inc.*, No. 3:20-cv-00170-WHA, Dkt. 140 at 5 (N.D. Cal. June 10, 2021).

### D. Confidential Pricing Information

The Court should seal Meta's confidential pricing information, including customized pricing arrangements with particular advertisers and how those prices are determined. *See* Acharya Decl. rows 112, 117, 130-31. Disclosure would influence the competitive decision-making and business strategies employed by Meta's advertising competitors and customers, who could leverage it to Meta's competitive disadvantage. Courts routinely seal confidential pricing information, including Meta's. *DZ Reserve*, Dkt. 350 at 1; *LELO, Inc. v. Standard Innovation (US) Corp.*, 2014 WL 2879851, at *6 (N.D. Cal. June 24, 2014) (Donato, J.).

### E. Internal Research or Analyses on User Behavior and App Performance

The Court should seal Meta's internal research and analyses on user activity and app performance and its proprietary methods for conducting that research or analysis. *See* Acharya Decl. rows 21, 38-68, 70-73, 79, 132, 134, 160, 164-67, 191-98, 200-02, 204-221, 224-25, 227-32, 235, 237, 246, 272, 302-310. Meta treats these analyses and methodologies as strictly confidential because, if publicly revealed, competitors could use them to Meta's competitive disadvantage. Courts routinely seal proprietary analysis because disclosure could cause competitive harm. *DZ Reserve*, Dkt. 350 at 1-2; *Johnstech*, 2016 WL 4091388, at *2 (Donato, J.); *Calhoun v. Google LLC*, 2022 WL 3348583, at *1 (N.D. Cal. Aug. 12, 2022).

### F. Confidential Financial Data or Information

The Court should seal Meta's confidential financial data, including advertising spend by individual advertisers on Meta's ad products and revenue associated with particular advertising formats and products. *See* Acharya Decl. rows 5-7, 22, 37, 87, 88, 101-104, 106-11, 113-16, 118-29, 135-37, 139-40, 163, 185-86, 239, 280, 286-88, 292-93, 313-14, 316. Disclosure of this information would influence the competitive decision-making and strategies of Meta's competitors

1  by giving them improper insight into the performance of Meta's business. Confidential financial
2  data is routinely sealed due to risk of competitive harm. *DZ Reserve*, Dkt. 350 at 1; *Integrity*
3  *MessageBoards.com v. Facebook, Inc.*, 2020 WL 6544411, at *12-13 (N.D. Cal. Nov. 6, 2020);
4  *Gearsource Holdings, LLC v. Google LLC*, 2020 WL 3833258, at *15 (N.D. Cal. July 8, 2020).

### G. Confidential Business Strategies Concerning Unreleased Products

The Court should seal Meta's confidential internal business strategies, including internal analysis of unreleased products and features. *See* Acharya Decl. rows 8, 16-20, 24, 32-36, 74-75, 81-83, 85, 90-91, 138, 141-45, 153-59, 161-62, 176-84, 199, 203, 223, 242-43, 277, 285, 299, 311. The disclosure of these materials could cause substantial competitive harm to Meta, as its competitors would receive unprecedented access to Meta's strategic decision-making and could piggy-back off the work that Meta has done. Confidential business strategies are routinely sealed to protect against competitive harm. *DZ Reserve*, Dkt. No. 350 at 1; *Arista Networks, Inc. v. Cisco Sys., Inc.*, 2017 WL 6043303, at *2 (N.D. Cal. Nov. 28, 2017); *Music Grp. Macao Commercial Offshore Ltd. v. Foote*, 2015 WL 3993147, at *1 (N.D. Cal. June 30, 2015).

### CONCLUSION

For the foregoing reasons, the Court should grant Meta's sealing requests as detailed in the declaration of Amrish Acharya submitted herewith and in the attached proposed order.

Dated: March 14, 2025              Respectfully submitted,

                                   By: /s/ Paul Vanderslice

                                   WILMER CUTLER PICKERING HALE
                                   AND DORR LLP
                                   *Attorney for Defendant Meta Platforms, Inc.*