# VANDERSLICE DECL. EXHIBIT A4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| MAXIMILIAN KLEIN, et al., on behalf of themselves and all others similarly situated, | Case No. 3:20-cv-08570-JD |
| Plaintiffs, | **DECLARATION OF CATHERINE SPEVAK** |
| v. | Judge: Hon. James Donato |
| META PLATFORMS, INC., a Delaware Corporation, | |
| Defendant. | |

1    I, Catherine Spevak, do hereby declare as follows:

2    1.    I am a Finance Manager at Apple Inc.  I have been employed by Apple since

3 November 2021 and have held my current title since January 2023.  Over the course of my

4 employment at Apple, I have acquired personal knowledge of Apple's practices and procedures

5 concerning the maintenance of the confidentiality of its strategic, business, and financial

6 information.

7    2.    I respectfully submit this declaration in support of the Omnibus Sealing Motion that

8 I understand will be filed on March 14, 2025, in the action captioned *Klein v. Meta Platforms, Inc.*,

9 Case No. 3:20-cv-08570-JD (N.D. Cal.).

10    3.    The facts set forth in this declaration are true and correct to the best of my

11 knowledge, information, and belief, and are based on my personal knowledge of Apple's policies

12 and practices as they relate to the treatment of confidential information and materials that were

13 provided to me and reviewed by me.  If called upon as a witness in this action, I could and would

14 testify from my personal knowledge and knowledge acquired from sources with factual foundation.

15    4.    The Services Integration Agreement and the Side Letter to that agreement—which

16 I understand have been filed on the docket under seal as Exhibit 10 (Dkt. 892-9) and Exhibit 40

17 (Dkt. 892-10), respectively, to the Declaration of Yavar Bathaee In Support of Advertiser

18 Plaintiffs' Opposition to Defendant Meta Platforms, Inc.'s Motion for Summary Judgment—are

19 maintained as highly confidential.  To the best of my knowledge, neither of these contracts has

20 been publicly disclosed.  In fact, Apple has already supported maintaining these contracts under

21 seal in this action, and I previously submitted a declaration in connection with that effort.  (*See*

22 Non-Party Apple Inc.'s Statement in Support of Def. Meta Platforms, Inc.'s Response to Advertiser

23 Pls.' Mot. to Consider Whether Another Party's Material Should Be Sealed (Aug. 30, 2024), Dkt.

24 839; Declaration of Catherine Spevak in Support of Non-Party Apple Inc.'s Statement in Support

25 of Def. Meta Platforms, Inc.'s Response to Advertiser Pls.' Mot. to Consider Whether Another

26 Party's Material Should Be Sealed (Aug. 30, 2024), Dkt. 839-1.)  The information in these

27 contracts is highly sensitive.  Moreover, because these contracts reveal terms that Apple agreed to

28 with a counterparty, if publicly disclosed, they could prejudice Apple's competitive position by

1  harming Apple's relationships with business partners, developers, and advertisers, putting Apple

2  at an unfair disadvantage in future business negotiations, and permitting Apple's competitors to

3  gain an unfair advantage in competition with Apple.  Apple believes these documents should be

4  maintained under seal.

5       5.       The text appearing in Advertiser Plaintiffs' Opposition to Defendant Meta

6  Platforms, Inc.'s Motion for Summary Judgment (Dkt. 892) reflected in the below chart contains

7  confidential, non-public information that implicates Apple's confidentiality interests by revealing

8  contractual terms in which Apple has a reasonable expectation of confidentiality.

| Document | Line Numbers | Confidential Text |
|---|---|---|
| Advertiser Plaintiffs' Opposition to Defendant Meta Platforms, Inc.'s Motion for Summary Judgment (Dkt. 892) | 1:12 | Between "restricts Apple's" and "Ex. 10" |
| Advertiser Plaintiffs' Opposition to Defendant Meta Platforms, Inc.'s Motion for Summary Judgment (Dkt. 892) | 2:10–2:11 | Between "restricted Apple's" and "Ex. 10" |
| Advertiser Plaintiffs' Opposition to Defendant Meta Platforms, Inc.'s Motion for Summary Judgment (Dkt. 892) | 9:15–9:16 | Between "limiting Apple's" and the end of the paragraph. |
| Advertiser Plaintiffs' Opposition to Defendant Meta Platforms, Inc.'s Motion for Summary Judgment (Dkt. 892) | 17:9–17:13 | Between "restricted from" and "Ex. 10" |

23  Disclosure of this non-public information may result in competitive harm to Apple, as it reveals

24  confidential contract terms, which, as detailed above, could give a competitor or potential business

25  partner unfair leverage in competing against or negotiating with Apple.  Apple believes this

26  information should be maintained under seal.

27       6.       The text appearing in Exhibit 4 to the Declaration of Tilman Klumpp, Ph.D, i.e., the

28  Expert Merits Report of Tilman Klumpp, Ph.D., dated January 12, 2024 (Dkt. 892-5) reflected in

the below chart contains confidential, non-public information that implicates Apple's confidentiality interests by revealing contractual terms in which Apple has a reasonable expectation of confidentiality.

| Document | Page/Paragraph/Footnote Numbers | Confidential Text |
|---|---|---|
| Declaration of Tilman Klumpp, Ph.D, Ex. 4 (Dkt. 892-5) | Pages 79–80, Paragraph 157 | Between "expressly addresses" and the end of the paragraph |
| Declaration of Tilman Klumpp, Ph.D, Ex. 4 (Dkt. 892-5) | Page 79, Paragraph 157, Footnote 345 | Between "-690" and the end of the footnote |

Disclosure of this non-public information may result in competitive harm to Apple, as it reveals confidential contract terms, which, as detailed above, could give a competitor or potential business partner unfair leverage in competing against or negotiating with Apple.  Apple believes this information should be maintained under seal.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on March 11, 2025 at San Francisco, California.


_____

Catherine Spevak