| | |
|---|---|
| WILMER CUTLER PICKERING HALE AND DORR LLP | ARI HOLTZBLATT (SBN 354631) Ari.Holtzblatt@wilmerhale.com MOLLY M. JENNINGS (*pro hac vice*) Molly.Jennings@wilmerhale.com 2100 Pennsylvania Ave NW Washington, DC 20037 Telephone: (202) 663-6000 |

SONAL N. MEHTA (SBN 222086)
 Sonal.Mehta@wilmerhale.com
2600 El Camino Real, Suite 400
Palo Alto, California 94306
Telephone: (650) 858-6000

DAVID Z. GRINGER (*pro hac vice*)
 David.Gringer@wilmerhale.com
ROSS E. FIRSENBAUM (*pro hac vice*)
 Ross.Firsenbaum@wilmerhale.com
RYAN CHABOT (*pro hac vice*)
 Ryan.Chabot@wilmerhale.com
PAUL VANDERSLICE (*pro hac vice*)
 Paul.Vanderslice@wilmerhale.com
7 World Trade Center
250 Greenwich Street
New York, New York 10007
Telephone: (212) 230-8800

MICHAELA P. SEWALL (*pro hac vice*)
 Michaela.Sewall@wilmerhale.com
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000

*Attorneys for Defendant Meta Platforms, Inc.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| MAXIMILIAN KLEIN, et al., on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> META PLATFORMS, INC., a Delaware Corporation headquartered in California, <br><br> Defendant. | Case No. 3:20-cv-08570-JD <br><br> **DECLARATION OF AMRISH ACHARYA IN SUPPORT OF META'S RESPONSE TO ADVERTISER PLAINTIFFS' MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED** <br><br> Judge: Hon. James Donato |

No. 3:20-cv-08570-JD

DECLARATION OF AMRISH ACHARYA ISO META'S RESPONSE TO MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED

1. I, Amrish Acharya, declare as follows:

2. I am a Director of Finance at Meta Platforms, Inc. I have been employed by Meta since 2015 and have held my current title since 2021. Over the course of my employment at Meta, I have acquired personal knowledge of Meta's practices and procedures concerning the maintenance of the confidentiality of its strategic, business, financial, technical, and marketing information.

3. I respectfully submit this declaration in support of Meta's Response to Advertiser Plaintiffs' Motion to Consider Whether Another Party's Material Should Be Sealed, filed on March 18, 2025 in *Klein v. Meta Platforms, Inc.*, Case No. 3:20-cv-08570-JD (N.D. Cal.).

4. The facts set forth in this declaration are true and correct to the best of my knowledge, information, and belief, and are based on my personal knowledge of Meta's policies and practices as they relate to the treatment of confidential information, materials that were provided to me and reviewed by me, or conversations with other knowledgeable employees of Meta. If called upon as a witness in this action, I could and would testify from my personal knowledge and knowledge acquired from sources with factual foundation.

5. All the material for which Meta requests sealing is maintained as highly confidential. To the best of my knowledge, none of this material has been publicly disclosed. As demonstrated with factual particularity below, there are compelling reasons and good cause to seal Meta's highly confidential materials.

6. For the reasons stated below, this information is highly sensitive, and if publicly disclosed, could significantly prejudice Meta's competitive position by harming Meta's relationships with business partners, developers, and advertisers, putting Meta at unfair disadvantage in future business negotiations, and permitting Meta's competitors to gain an unfair advantage in competition with Meta. For example, the public disclosure of Meta's internal, confidential material could reveal Meta's strategic decision-making and influence the business strategies employed by Meta's competitors by enabling them to mimic Meta's confidential strategies in an effort to attract users or advertisers away from Meta. The disclosure of Meta's

1  confidential material might also give a competitor or a potential business partner unfair leverage
2  in competing against or negotiating with Meta.

3        7.     As a matter of internal policy, Meta and its employees treat as strictly confidential,
4  among other things: (1) nonpublic business dealings with third parties, including specific deal
5  teams; (2) internal research or analyses, including proprietary methods for conducting that research
6  or analysis; and (3) other sensitive information that, if publicly disclosed, could prejudice Meta's
7  business interests. In my experience and to the best of my knowledge, Meta does not disclose
8  internal documents, data, or information of this nature outside of the company, except to authorized
9  third parties when so required or permitted by law or contract.

10        8.     The specific information Meta seeks to seal is identified in the tables below, with
11  numbered rows for the Court's ease of reference:

| Row No. | Dkt. No. | Portion of Document Sought to Be Sealed | Basis for Sealing |
|---|---|---|---|
| 1 | 910-3 | 2:20-22, between "that restrict it from" and "Beyond age" | This text contains confidential, non-public information regarding a non-party developer and business partner and implicates its confidentiality interests by revealing contractual terms that it has a reasonable expectation Meta will maintain the confidentiality of. It also quotes specific contract terms between Meta and that non-party business partner. Further, disclosure of this non-public information is likely to result in competitive harm to Meta, as it reveals confidential contract terms, which, for example, could give a competitor or potential business partner unfair leverage in competing against or negotiating with Meta. Moreover, Meta's competitors could use this non-party information to unfairly target Meta's business partners. |

| Row No. | Dkt. No. | Portion of Document Sought to Be Sealed | Basis for Sealing |
|---|---|---|---|
| 2 | 910-3 | 4:17-18, between "analysis?:'" and "Meta further" | This text describes proprietary sources and methods for gathering market research. This information contains nonpublic and confidential data or research regarding app performance data, including proprietary methods for obtaining that data or conducting that research. This information has never been disclosed publicly and Meta's product team treats it as strictly confidential. If publicly revealed, this information could influence the competitive decision-making and business strategies employed by Meta's competitors, for example by influencing how those competitors conduct market research and how they distinguish themselves from Meta. |
| 3 | 910-3 | 4:23-26, between "technical details" and "and competitive importance" | This text describes proprietary sources and methods for gathering market research. This information contains nonpublic and confidential data or research regarding app performance data, including proprietary methods for obtaining that data or conducting that research. This information has never been disclosed publicly and Meta's product team treats it as strictly confidential. If publicly revealed, this information could influence the competitive decision-making and business strategies employed by Meta's competitors, for example by influencing how those competitors conduct market research and how they distinguish themselves from Meta. |
| 4 | 910-3 | 5:5, between "iOS to" and "in order to" | This text details confidential research into potential methodologies for conducting market research. This information has never been disclosed publicly and Meta's product team treats it as strictly confidential. If publicly revealed, this information could influence the competitive decision-making and business strategies employed by Meta's competitors, for example by influencing how those competitors conduct market research and how they distinguish themselves from Meta. |

No. 3:20-cv-08570-JD     -3-     DECLARATION OF AMRISH ACHARYA ISO META'S RESPONSE TO MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED

1  I declare that the foregoing is true and correct under penalty of perjury.

2  Executed on this  21  day of March, 2025, in  Los Altos, CA  .

By:  *Amrish Acharya*

Amrish Acharya

---

No. 3:20-cv-08570-JD

DECLARATION OF AMRISH ACHARYA ISO META'S RESPONSE TO MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED

|     |     |
| --- | --- |
| 1   | **SIGNATURE ATTESTATION** |
| 2   | This document is being filed through the Electronic Case Filing (ECF) system by attorney |
| 3   | Paul Vanderslice. By his signature, Mr. Vanderslice attests that he has obtained concurrence in the |
| 4   | filing of this document from the signatory. |
| 5   | By:  */s/ Paul Vanderslice*<br>Paul Vanderslice |

No. 3:20-cv-08570-JD

DECLARATION OF AMRISH ACHARYA ISO META'S RESPONSE TO MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED