**FILED UNDER SEAL**

| | |
|---|---|
| **BATHAEE DUNNE LLP** | **SCOTT+SCOTT ATTORNEYS AT LAW LLP** |
| Yavar Bathaee (CA 282388) | Amanda F. Lawrence (*pro hac vice*) |
| yavar@bathaeedunne.com | alawrence@scott-scott.com |
| Andrew C. Wolinsky (CA 345965) | Patrick J. McGahan (*pro hac vice*) |
| awolinsky@bathaeedunne.com | pmcgahan@scott-scott.com |
| Priscilla Ghiṭă (*pro hac vice*) | Michael P. Srodoski (*pro hac vice*) |
| pghita@bathaeedunne.com | msrodoski@scott-scott.com |
| 445 Park Avenue, 9th Floor | 156 South Main Street, P.O. Box 192 |
| New York, NY 10022 | Colchester, CT 06415 |
| Tel.: (332) 322-8835 | Tel.: (860) 537-5537 |
| | |
| Brian J. Dunne (CA 275689) | Patrick J. Coughlin (CA 111070) |
| bdunne@bathaeedunne.com | pcoughlin@scott-scott.com |
| Edward M. Grauman (*pro hac vice*) | Carmen A. Medici (CA 248417) |
| egrauman@bathaeedunne.com | cmedici@scott-scott.com |
| 901 South MoPac Expressway | Hal D. Cunningham (CA 243048) |
| Barton Oaks Plaza I, Suite 300 | hcunningham@scott-scott.com |
| Austin, TX 78746 | Daniel J. Brockwell (CA 335983) |
| Tel.: (213) 462-2772 | dbrockwell@scott-scott.com |
| | 600 W. Broadway, Suite 3300 |
| Allison Watson (CA 328596) | San Diego, CA 92101 |
| awatson@bathaeedunne.com | Tel.: (619) 233-4565 |
| 3420 Bristol St, Ste 600 | |
| Costa Mesa, CA 92626-7133 | [Additional counsel on signature page] |

*Interim Co-Lead Counsel for the Advertiser Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MAXIMILIAN KLEIN, et al., | Case No. 3:20-cv-08570-JD |
| Plaintiffs, | Hon. James Donato |
| v. | **ADVERTISER PLAINTIFFS' OPPOSITION TO THE OMNIBUS MOTION TO SEAL MATERIALS SUBMITTED IN CONNECTION WITH SUMMARY JUDGMENT AND *DAUBERT* BRIEFING IN THE ADVERTISER CASE** |
| META PLATFORMS, INC., | |
| Defendant. | |

<u>**FILED UNDER SEAL**</u>

## INTRODUCTION

Meta's motion to seal large portions of Advertiser Plaintiffs' summary judgment briefing and underlying evidence—much of the core evidence showing that Meta unlawfully monopolized the United States Social Advertising Market, and greatly inflated advertising prices in doing so—does not come close to meeting the relevant standard. Meta's motion ignores the Court's explicit directive regarding sealing procedure, Hr'g (CMC) Tr. 13:3-17, Apr. 18, 2024, and seeks to hide from the public exclusionary conduct Meta undertook to maintain its social advertising monopoly power. Yet the evidence Meta seeks to shield from the public in connection with Advertisers' case is at least several years old, is in some cases publicly available, and even comprises evidence—Meta ad pricing information analyzed by Dr. Williams—that Meta has repeatedly told the Court is not part of the evidentiary record. Meta's motion to seal Advertiser-related summary judgment and merits *Daubert* information, Dkt. 909, should be denied.

## LEGAL STANDARD

Though Meta acknowledges that the stringent "compelling reasons" standard applies to its requests to seal documents attached to the parties' summary judgment briefs, *see Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097-98 (9th Cir. 2016), it wrongly claims that the less-exacting "good cause" standard applies to the merits *Daubert* briefing. Where, as here, a *Daubert* motion "pertain[s] to central issues bearing on defendant's summary judgment motion," it too is subject to the "compelling reasons" standard. *Id.* at 1100 (citation omitted).

## ARGUMENT

As explained in the accompanying Declaration of Brian J. Dunne, every sealing request by Meta, except for one category that Advertisers take no position on—the @fb.com email addresses of Meta employees—does not meet the "compelling reasons" sealing standard.

First, every piece of evidence that Meta seeks to seal is at least several years old, as the Class Period in this case begins in December 2016 and ends in December 2020. *See* Dunne Decl. ¶ 3 Rows 1-316. Meta's ad pricing and revenue information covers the Class Period, with a few documents containing data from 2022 at the latest. Indeed, most of the information concerning Meta's exclusionary conduct is more than six years old, including material that details Meta's In-App Action

**FILED UNDER SEAL**

1   Panel ("IAAP") program to wiretap Snapchat and other potential competitive threats, which ran from
2   late 2016 to early 2019. Similarly, evidence concerning Meta's private API agreements with
3   companies like Apple and Ticketmaster is from 2019 or earlier; evidence relating to Meta's "Jedi
4   Blue" agreement with Google dates from 2017 through late 2018, when a contract was executed; and
5   evidence concerning Meta's agreement with Netflix and the gerrymandering of Facebook Watch
6   comes from 2017, 2018, and 2019. Such stale information—whose current vitality Meta does not
7   specifically explain—is not sealable, particularly as all of it is squarely material to Advertisers'
8   antitrust claims. *See, e.g.*, *Williams v. Apple, Inc.*, 2021 WL 2476916, at *4 (N.D. Cal. Jun. 17, 2021)
9   ("[Apple] does not explain why statistics from 2018 or before would harm Apple's competitive
10  standing today [in 2021]."); *Ramirez v. Trans Union, LLC,* 2017 WL 1549330, at *6 (N.D. Cal. May
11  1, 2017) ("As Trans Union has not explained how this six-year old information contains confidential,
12  proprietary information which would competitively harm Trans Union if disclosed, the request for
13  sealing is denied."); *Pac. Marine Propellers, Inc. v. Wartsila Def., Inc.*, 2018 WL 6601671, at *2
14  (S.D. Cal. Dec. 14, 2018) ("[T]he financial information . . . is several years old. Defendants have not
15  shown why this outdated information would have any effect on WDI's competitive standing at the
16  present.").

17  Second, Meta seeks to seal information from and about several squarely relevant contracts,
18  including Meta's Private API agreements with companies it deemed potentially competitive such as
19  Apple and Ticketmaster. *See, e.g.*, Dkt. 909-1 at Row 222 (seeking to seal entire "Services Integration
20  Agreement" with Apple including statements that restrict it from ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
21  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
22  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮). Beyond age issues, where information is "relevant and
23  critical" to the court's consideration of a motion, it cannot be sealed, even if it is part of a contract.
24  *TML Recovery, LLC v. Cigna Corp.*, 2024 WL 1699349, at *4 (C.D. Cal. Feb. 2, 2024). Moreover,
25  Meta's submissions as to why years-old contracts remain competitively sensitive are decidedly non-
26  specific and vague about why unsealing relevant portions would impact Meta or its counterparties
27  today and do not support sealing. *See, e.g.*, *FibroGen, Inc. v. Hangzhou Andao Pharm. Ltd.*, 2023
28

1. WL 6237986, at *3 (N.D. Cal. Sep. 22, 2023); *U.S. Ethernet Innovations, LLC v. Acer, Inc.*, 2013
2. WL 4426507, at *5 (N.D. Cal. Aug. 14, 2013).

   Third, information in Meta's sealing submission—at least 13 out of the 316 items that Meta seeks to seal in connection with Advertisers' case—is demonstrably public, as identified in publicly available hyperlinks identified in Advertisers' Dunne Declaration. Such information is not sealable. *See TML Recovery*, 2024 WL 1699349 at *4 (declining to seal "portions of a deposition transcript describing . . . something Cigna states on its website"); *Apple Inc. v. Psystar Corp.*, 2012 WL 10852, at *2 (N.D. Cal. Jan. 3, 2012) (denying motion to seal information that was publicly available, but not released by Apple); *Williams*, 2021 WL 2476916, at *3-4, *6 (denying sealing requests covering information "reported in the press" and/or that had been "publicly admitted" by Apple).

   Meta also improperly seeks to seal Dr. Williams's analysis of the company's ad prices—pricing analysis Meta has repeatedly told this court never happened, *see, e.g.,* Dkt. 874-1 at 4-7—but these materials don't meet the sealing standard either. For one thing, the pricing materials Meta seeks to seal are from several years ago—at the latest, 2022. *See* Dunne Decl. at Rows 112, 117, 130-31. Meta offers no serious showing why the public disclosure of three-year-old pricing information will harm Meta's competitive standing today—let alone a showing that meets the "compelling reasons" standard. *See Pac. Marine Propellers, Inc.*, 2018 WL 6601671, at *2. Further, the information relates to both the monopolization of a substantial domestic product market and to Plaintiffs' damages calculations, so the public interest in the disclosure of Meta's ad pricing materials is therefore high. *See In re Google Play Store Antitrust Litig.*, 2021 WL 4305017, at *1 (N.D. Cal. Aug. 18, 2021) ("allege[d] violations of the antitrust laws . . . are matters where the public interest is particularly strong"); *Apple, Inc. v. Samsung Elecs. Co.*, 2012 WL 4936595, at *4 (N.D. Cal. Oct. 17, 2012) ("increas[ed]" public interest in access to financial information essential to damages calculations).

   Finally, of particular concern, Meta again seeks to keep from public knowledge details of an anticompetitive wiretapping program—==IAAP (also called "Ghostbusters")==—that is several years old, appears to have involved multiple computer crimes, and has drawn press and public interest when partially disclosed. In proposed redactions identified at Rows 22, 38-73, 79, 191-221, 224-225, and 227-232 of Advertisers' Dunne Declaration, Meta seeks to shield from public view details of this

1  program, which involved the interception and decryption of secure analytics traffic from Snapchat
2  and other potential competitive threats between late 2016 and early 2019. As set forth below, the
3  information Meta seeks to redact is not only years old, but relates to a discontinued program—and
4  Meta specifically identifies for redaction details of that program that are material to its anticompetitive
5  nature and impact. To be clear, Advertisers *do* agree with Meta's declarant that as a general matter,
6  "nonpublic and confidential research regarding app performance data" is competitively sensitive
7  information, which if revealed to a competitor "could influence the competitive decision-making and
8  business strategies employed by Meta's competitors . . . ." *See* Dkt. 909-1 at Row 134, 191-92; 195-
9  98 (and several other places); *see also* Dkt. 909 at 4. This is, of course, why it was an antitrust problem
10 for Meta, a monopolist, to steal such information from actual and potential competitors, including
11 Snap, through an illegal wiretapping program several years ago. But it is details of that ***program***—
12 old, discontinued, and of great public interest—that Meta now asserts should be sealed from view.

13       By way of specific examples, Meta seeks to seal portions of PX 2256, an "IAAP Technical
14 Analysis" document used at the deposition of Mark Zuckerberg, that identify specific analytics
15 information intercepted and decrypted from social advertising rival Snapchat. *See, e.g.,* Dkt. 909-33
16 at PALM-012863801 (under "what [decrypted Snapchat] information is being sent to servers for
17 analysis?": 
18 ). Meta further seeks to seal portions of PX 414—a
19 July 2016 discussion amongst Onavo team members, Meta executives, and now-Meta COO Javier
20 Olivan regarding the launch of the IAAP program specifies it is targeting teens (*See, e.g.*, Dkt. 909-
21 32 at PALM-010629831 ("There are challenges with scale and teen recruitment")), and explains its
22 plans for "Avoiding detection (masking)," *id.* at PALM-010629832, in its IAAP program. Meta seeks
23 to seal nearly the entirety of documents discussing the technical details
24
25
26           and competitive importance ("Project need and priority came directly from the top levels
27 in the company") of the IAAP program. Dkt. 909-36 at PALM-005538382; *see also id.* at PALM-
28 005538385 ("This project directly informed leadership level interests in the company and the results

1   ==. . . were delivered to Mark and will influence key teen and Instagram team strategy – the teen team==
2   ==that's meant to get all the product focus next year . . . – will base much of its strategy on this new==
3   ==resource we have."). And finally, Meta seeks to seal portions of Advertiser's opposition to Meta's==
4   ==motion for summary judgment itself that discuss a late 2017 recommendation by Meta's IAAP team==
5   ==leads that the company acquire a zero-day exploit for iOS to ▇▇▇▇▇▇▇▇▇▇▇▇ in order==
6   ==to maintain Meta's ability to intercept and decrypt SSL-protected Snapchat analytics—a==
7   ==recommendation that, if carried out, would have been a serious computer crime.== None of this
8   information—or anything else in Rows 22, 38-73, 79, 191-221, 224-225, and 227-232 of the Dunne
9   Declaration—meets the sealing standard. First, the information is indisputably old: it comes from
10  documents dated June 2016 through early 2019 and pertains to a program that Meta states was
11  discontinued in early 2019. Further, Meta's IAAP program is no longer in use, and Meta's declarants
12  do not contend that the company plans to restart intercepting and decrypting competitors' encrypted
13  app analytics in the future. The crimes of Meta's past are not trade secrets going forward. *See, e.g.,*
14  *Ramirez*, 2017 WL 1549330, at *4 (denying sealing of information about a particular product where
15  "Trans Union by its own admission no longer uses [the] product").

16          As to Rows 67 and 235, concerning the 2017 performance review marked as PX 2984, which
17  Meta seeks to seal in its entirety, an exhibit like this one—which establishes important information
18  about a material issue in the case and is presented for that purpose—is not subject to sealing for
19  employee privacy concerns (to the extent those are even cognizable as a compelling interest). *See*
20  *Stout v. Hartford Life & Accident Ins. Co.*, 2012 WL 6025770, at *2 (N.D. Cal. Dec. 4, 2012).

21                                              **CONCLUSION**

22          The Court should deny Meta's Omnibus Motion to Seal Materials Submitted in Connection
23  with Summary Judgment and *Daubert* Briefing in the Advertiser Case, Dkt. 909, as more specifically
24  detailed, item by item, in the Dunne Declaration.

1  Dated: March 18, 2025

2  **SCOTT+SCOTT**  **BATHAEE DUNNE LLP**
   **ATTORNEYS AT LAW LLP**
3

4  Amanda F. Lawrence (*pro hac vice*)          By: */s/ Brian J. Dunne*
   alawrence@scott-scott.com                    Yavar Bathaee (CA 282388)
5  Patrick J. McGahan (*pro hac vice*)          yavar@bathaeedunne.com
   pmcgahan@scott-scott.com                     Andrew C. Wolinsky (CA 345965)
6  Michael P. Srodoski (*pro hac vice*)         awolinsky@bathaeedunne.com
   msrodoski@scott-scott.com                    Priscilla Ghiță (*pro hac vice*)
7  156 South Main Street, P.O. Box 192          pghita@bathaeedunne.com
   Colchester, CT 06415                         445 Park Avenue, 9th Floor
8  Tel.: (860) 537-5537                         New York, NY 10022
                                                Tel.: (332) 322-8835
9  Patrick J. Coughlin (CA 111070)
10 pcoughlin@scott-scott.com                    Brian J. Dunne (CA 275689)
   Carmen A. Medici (CA 248417)                 bdunne@bathaeedunne.com
11 cmedici@scott-scott.com                      Edward M. Grauman (*pro hac vice*)
   Hal D. Cunningham (CA 243048)                egrauman@bathaeedunne.com
12 hcunningham@scott-scott.com                  901 South MoPac Expressway
   Patrick J. Rodriguez (*pro hac vice*)        Barton Oaks Plaza I, Suite 300
13 prodriguez@scott-scott.com                   Austin, TX 78746
   Daniel J. Brockwell (CA 335983)              Tel.: (213) 462-2772
14 dbrockwell@scott-scott.com
15 600 W. Broadway, Suite 3300                  Allison Watson (CA 328596)
   San Diego, CA 92101                          awatson@bathaeedunne.com
16 Tel.: (619) 233-4565                         3420 Bristol St, Ste 600
                                                Costa Mesa, CA 92626-7133
17

18
   *Interim Co-Lead Counsel for the Advertiser Classes*
19

20 **LEVIN SEDRAN & BERMAN LLP**                **AHDOOT & WOLFSON, PC**

21 Keith J. Verrier (*pro hac vice*)            Tina Wolfson (CA 174806)
   kverrier@lfsblaw.com                         twolfson@ahdootwolfson.com
22 Austin B. Cohen (*pro hac vice*)             Robert Ahdoot (CA 172098)
   acohen@lfsblaw.com                           rahdoot@ahdootwolfson.com
23 510 Walnut Street, Suite 500                 Theodore W. Maya (CA 223242)
   Philadelphia, PA 19106-3997                  tmaya@ahdootwolfson.com
24 Tel.: (215) 592-1500                         Henry J. Kelston (*pro hac vice*)
                                                hkelston@ahdootwolfson.com
25                                              2600 West Olive Avenue, Suite 500
                                                Burbank, CA 91505
26                                              Tel.: (310) 474-9111

27 *Members of Executive Committee for the Advertiser Classes*
28