# EXHIBIT 10

WILMER CUTLER PICKERING
 HALE AND DORR LLP
SONAL N. MEHTA (SBN 222086)
 Sonal.Mehta@wilmerhale.com
2600 El Camino Real, Suite 400
Palo Alto, California 94306
Telephone: (650) 858-6000

DAVID Z. GRINGER (*pro hac vice*)
 David.Gringer@wilmerhale.com
7 World Trade Center
250 Greenwich Street
New York, New York 10007
Telephone: (212) 230-8800

ARI HOLTZBLATT (*pro hac vice*)
 Ari.Holtzblatt@wilmerhale.com
MOLLY M. JENNINGS (*pro hac vice*)
 Molly.Jennings@wilmerhale.com
1875 Pennsylvania Ave NW
Washington, DC 20006
Telephone: (202) 663-6000

*Attorneys for Defendant Meta Platforms, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MAXIMILIAN KLEIN, et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>META PLATFORMS, INC., a Delaware Corporation headquartered in California,<br><br>Defendant. | Case No. 3:20-cv-08570-JD<br><br>**DEFENDANT META PLATFORMS, INC.'S RESPONSES AND OBJECTIONS TO CONSUMER PLAINTIFFS' FIFTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**<br><br>Judge: Hon. James Donato |

## RESPONSES TO REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 50:**

Documents sufficient to show for each named plaintiff, the output file (zip archive and PDF) that is used by Your Law Enforcement Response Team (LERT) to respond to law enforcement requests for data and information regarding Facebook users.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

Meta incorporates by reference its General Objections and its Objections to the Definitions and Instructions.

Meta objects to this Request to the extent it seeks information that Meta does not maintain in its normal course of business. Meta further objects to this Request to the extent it seeks the discovery of documents that are protected from disclosure by the attorney-client privilege, or work-product doctrine, or other applicable privilege or immunity. Meta also objects to this Request as vague and ambiguous, including without limitation to the extent it relies on the term "output file." Meta additionally objects to this Request to the extent that it seeks documents duplicative of material already produced to Plaintiffs, including the materials from Meta's internal tool produced at PALM-016302325 through PALM-016410644. Meta further objects to this Request to the extent it seeks data pertaining to non-plaintiff users who have not consented to the release of their information in this litigation; such information has been redacted from the materials produced at PALM-016302325 through PALM-016410644. Meta also objects to this Request to the extent it seeks to require Meta to generate documents that do not already exist. And, Meta objects to this Request to the extent that it requests production of documents in a format inconsistent with the Stipulated ESI Protocol, Dkt, No. 306.

Subject to and without waiving its objections, Meta refers Plaintiffs to the documents it previously produced at PALM-016302325 through PALM-016410644.

**REQUEST FOR PRODUCTION NO. 51:**

Structured data for an anonymized sample of Facebook users (to be agreed upon between the parties) in the Consumer class of the following information on a daily basis:

1  A.  User ID;

2  B.  User characteristics, such as gender and age;

3  C.  User geographic information;

4  D.  Date;

5  E.  Activity the user was engaged in (e.g., personal networking, watching videos,
6  reading news);

7  F.  The name of the platform on which the activity occurred (e.g., Facebook,
8  Instagram, WhatsApp, Messenger);

9  G.  Usage information, including types of content the user viewed or engaged with,
10 features the user utilized, actions the user took, privacy settings the user selected, people or
11 accounts the user interacted with, and time, frequency, and duration of these interactions and/or
12 activities;

13 H.  Number of ads served to the user during their Facebook activity;

14 I.  All information about the user's off-Facebook activity gathered, received, or
15 retained by Facebook, including sites or types of sites visited, purchases made, affinity ("Like"
16 button) or other tracking information, and user characteristics inferred or categorizations defined
17 based on off-Facebook activity, broken down by whether or not the user was logged into a
18 Facebook site [or app] at the time;

19 J.  Number of ads served by Facebook to the user during their off-Facebook activity;

20 K.  Number of ads served by Facebook to the user based on their Facebook activity;

21 L.  Number of ads served by Facebook to the user based on their off-Facebook activity;

22 M.  Device category (mobile, tablets, PC);

23 N.  Device type (e.g., iPhone, Android);

24 O.  All data about the user shared with any third party, including but not limited to app
25 developers, including the content of the data shared and the identity of the third party;

26 P.  Any data about the user that Facebook learned or inferred from data about other
27 users;

28

Q. Any data about the user that was used by Facebook to learn or infer data about other users; and

R. For each user in the sample, the data in this specification should be provided in raw form in which the information is maintained in the regular course of business and in summary form by applying the tools and methods that Facebook uses in the ordinary course of business to summarize the data that it collects on individual users.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

Meta incorporates by reference its General Objections and its Objections to the Definitions and Instructions.

Meta objects to this Request on the ground that it is overly broad, unduly burdensome, and not proportional to the needs of the case, including without limitation because this Request seeks more than 30 categories of information on a "daily basis" for a 14-year time period for some undefined set of Facebook users. Meta further objects to this Request on the ground that it is overly broad, unduly burdensome, and not proportional to the needs of the case, including without limitation because it requests "all" or "any" data or information. Meta further objects to this Request as vague and ambiguous, including without limitation to the extent it relies on the terms "geographic information," "activity," "shared," "features the users utilized," "usage information," "actions the user took," "based on," "off-Facebook activity," "tracking information," "user characteristics," "infer," "learn," "structured data," "raw form," "summary form," "number of ads," and "tools and methods," each of which is undefined and susceptible to more than one meaning. Meta further objects to this Request as unduly burdensome and not proportional to the needs of this case to the extent that it is cumulative of information sought in other Requests (including without limitation Request No. 52 of Consumer Plaintiffs' Fifth Set of Requests for Production) but purports to put the burden on Meta to produce cumulative information separately or in a different form. Meta additionally objects to this Request to the extent it seeks information that Meta does not maintain in its normal course of business. Meta further objects to this Request to the extent it seeks the discovery of documents that are protected from disclosure by the attorney-

client privilege, work-product doctrine, or other applicable privilege or immunity. Meta objects to this Request as vague and ambiguous, including without limitation because it seeks information about ads that Meta served to Facebook users during their off-Facebook activity. And, Meta objects to this Request to the extent it seeks information about "any data" that Facebook "learned or inferred" or "was used by Facebook to learn or infer" about a user, as irrelevant to the issues in the case, and vague and ambiguous and, depending on the intended scope, overbroad, unduly burdensome and disproportionate to the needs of the case. Meta further objects to the instructions in Subpart R as overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent that it purports to require duplicative and cumulative production of materials sought in other Requests, including without limitation this Request.

Subject to and without waiving its objections, Meta stands ready to meet and confer as to the scope of this Request. For the avoidance of doubt, Meta will not produce any documents in response to this Request unless and until the Parties have mutually agreed on the scope of production and subject matters implicated by this Request.

**REQUEST FOR PRODUCTION NO. 52:**

The following user metrics and statistics from January 2007 through the present (broken out by user characteristics, including but not limited to geographic location, gender, age group, education):

    A.    Daily, weekly, monthly, and annual average number of active users;

    B.    Daily time spent by activity (e.g., personal networking, watching videos, reading news);

    C.    Daily number of ads served to users; and

    D.    The above for each of Facebook's properties including but not limited to Facebook, Instagram, WhatsApp and Messenger.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

Meta incorporates by reference its General Objections and its Objections to the Definitions and Instructions.

1    Meta objects to this request on the ground that it is vague and ambiguous, and potentially
2 overly broad, unduly burdensome, and disproportional to the needs of the case, including without
3 limitation to the extent it fails to define the user population for which Consumer Plaintiffs seek
4 these "user metrics and statics," some of which are requested on a "daily" basis. Meta further
5 objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of
6 the case, including without limitation because it seeks data created over a more than 14-year period
7 (which also predates Meta's acquisition of Instagram and WhatsApp, and the introduction of
8 Messenger). Meta further objects to this Request as vague and ambiguous, including without
9 limitation to the extent it relies on the terms "activity" and "number of ads," which are undefined
10 and susceptible to more than one meaning and of an undefined scope. Meta further objects to this
11 request as vague and ambiguous, including without limitation to the extent it seeks metrics and
12 statistics for "each of Facebook's properties" for the period before Meta's acquisition of Instagram
13 and WhatsApp, or the introduction of Messenger. Meta also objects to this Request as vague and
14 ambiguous, including without limitation to the extent it seeks metrics and statistics regarding "ads
15 served to users" without identifying a location for where the ad was served. Meta further objects
16 to this Request as vague and ambiguous, including without limitation to the extent it relies on the
17 terms "personal networking," "watching videos," and "reading news," "geographic location," "age
18 group," and "education," each of which is undefined and susceptible to more than one meaning.
19 Meta additionally objects to this Request to the extent it seeks information that Meta does not
20 maintain in its normal course of business. Meta further objects to this Request to the extent it seeks
21 the discovery of documents that are protected from disclosure by the attorney-client privilege,
22 work-product doctrine, or other applicable privilege or immunity. Meta also objects to this Request
23 as irrelevant, including without limitation to the extent that it seeks data for properties other than
24 Facebook, when Users proposed putative class is defined as "All persons in the United States who
25 maintained a Facebook profile at any point from 2007 up to the date of the filing of this action."
26 See Complaint ¶ 248.
27
28

Subject to and without waiving its objections, Meta stands ready to meet and confer as to the scope of this Request. For the avoidance of doubt, Meta will not produce any documents in response to this Request unless and until the Parties have mutually agreed on the scope of production and subject matters implicated by this Request.

**REQUEST FOR PRODUCTION NO. 53:**

Average revenue per user from January 2007 through the present on a weekly basis:

A. Broken out by advertising revenue and non-advertising revenue; and

B. The above for each of Facebook's properties including but not limited to Facebook, Instagram, WhatsApp and Messenger.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

Meta incorporates by reference its General Objections and its Objections to the Definitions and Instructions.

Meta objects to this Request on the ground that it is overly broad, unduly burdensome, and disproportionate to the needs of the case, including without limitation because it seeks data created over a more than 14-year period on a "weekly" basis. Meta objects to this Request to the extent it seeks information that Meta does not maintain in its normal course of business. Meta additionally objects to this Request to the extent Consumer Plaintiffs seek information available to them from more convenient, less burdensome, or less expensive sources, including without limitation Meta's publicly filed quarterly, annual, and periodic reports. Meta also objects to this Request as unduly burdensome and not proportional to the needs of this case to the extent that it purports to require production of materials sought in other Requests (including without limitation Requests No. 8 and No. 9 of Advertiser Plaintiffs' First Set of Requests for Production). Meta further objects to this Request to the extent it seeks the discovery of documents that are protected from disclosure by the attorney-client privilege, work-product doctrine, or other applicable privilege or immunity. Meta also objects to this Request as irrelevant, including without limitation to the extent that it seeks data for properties other than Facebook, when Users proposed putative class is defined as "All

persons in the United States who maintained a Facebook profile at any point from 2007 up to the date of the filing of this action." See Complaint ¶ 248.

Subject to and without waiving its objections, Meta stands ready to meet and confer as to the scope of this Request. For the avoidance of doubt, Meta will not produce any documents in response to this Request unless and until the Parties have mutually agreed on the scope of production and subject matters implicated by this Request.

**REQUEST FOR PRODUCTION NO. 54:**

Total revenue from and number of ads served through Facebook Advertising Network on non-Facebook properties for 2014 through the present on a weekly basis.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

Meta incorporates by reference its General Objections and its Objections to the Definitions and Instructions.

Meta objects to this Request on the ground that it is overly broad, unduly burdensome, and disproportionate to the needs of the case, including without limitation because it seeks data created over a more than 14-year period on a "weekly" basis. Meta objects to this Request to the extent it seeks information that Meta does not maintain in its normal course of business. Meta further objects to this Request to the extent it seeks the discovery of documents that are protected from disclosure by the attorney-client privilege, work-product doctrine, or other applicable privilege or immunity. Meta further objects to this request as vague and ambiguous, including without limitation to the extent it relies on the terms "total revenue" and "number of ads," which are undefined and subject to more than one meaning. Meta further objects to this Request to the extent it refers to "Facebook Advertising Network," which does not exist. Meta will interpret this request as seeking information related to the Meta Audience Network (formerly known as the Facebook Audience Network).

Subject to and without waiving its objections, Meta will produce data for Audience Network by month and year for the time period January 2014 through October 2021 sufficient to show the Company's advertising revenue (in dollars) in the United States.

**REQUEST FOR PRODUCTION NO. 55:**

Structured data for an anonymized sample of non-Facebook users in the United States of the following information on a daily basis:

 A. Database ID;

 B. Non-user characteristics, such as gender and age;

 C. Non-user geographic information;

 D. Date;

 E. All information about the non-user's on- and off-Facebook activity, including sites or types of sites visited, purchases made, affinity ("Like" button) or other tracking information, and user characteristics inferred or categorizations defined based on off-Facebook activity;

 F. Number of ads served to the non-user by Facebook during their off-Facebook activity;

 G. Number of ads served by Facebook to the user based on their Facebook activity;

 H. Number of ads served by Facebook to the user based on their off-Facebook activity;

 I. Device category (mobile, tablets, PC);

 J. Device type (e.g., iPhone, Android);

 K. All data about the non-user shared with any third party, including but not limited to app developers, including the content of the data and the identity of the third party; and

 L. For each non-user in the sample, the data in this specification should be provided in raw form and in summary form by applying the tools and methods that Facebook uses in the ordinary course of business to summarize the data that it collects on individual non-users.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

Meta incorporates by reference its General Objections and its Objections to the Definitions and Instructions.

Meta objects to this Request as irrelevant to the extent it seeks data and information regarding "non-Facebook users," as Plaintiffs' purported class is comprised solely of Facebook users and any data that Meta may or may not maintain regarding non-Facebook users is not relevant

to any claim or defense in this action. Meta further objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case, including without limitation because this Request seeks more than 16 categories of information on a "daily basis" for a 14-year time period, including without limitation requests for "all information about the non-user's on- and off-Facebook activity" and "all data about the non-user shared with any third party." Meta additionally objects to this Request as vague and ambiguous, including without limitation to the extent it relies on the terms "non-Facebook users," "geographic information," "activity," "based on," "on- and off-Facebook activity," "tracking information," "non-user characteristics," "Database ID," "number of ads,"and "structured data," "inferred," "raw form," "summary form," "tools and methods" and "shared" each of which is undefined and susceptible to more than one meaning. Meta additionally objects to this Request to the extent it seeks information that Meta does not maintain in its normal course of business. Meta further objects to this Request to the extent it seeks the discovery of documents that are protected from disclosure by the attorney-client privilege, work-product doctrine, or other applicable privilege or immunity.

Subject to and without waiving its objections, Meta stands ready to meet and confer as to the scope of this Request. For the avoidance of doubt, Meta will not produce any documents in response to this Request unless and until the Parties have mutually agreed on the scope of production and subject matters implicated by this Request.

**REQUEST FOR PRODUCTION NO. 56:**

Structured data for an anonymized sample of users in the Consumer class and advertisements served to those users on both Facebook and on Facebook Advertising Network sites, on a daily basis, sufficient to identify:

A. Identity of the advertiser;

B. Internet location where advertisement was served (URL and any other available description or categorization);

C. All characteristics identified to the advertiser for the purpose of selling the advertisement, including but not limited to demographic information, location, social connections, Facebook group memberships, media viewed, or previous purchases;

D. The price paid by the advertiser for showing the ad to the user, including but not limited to per-impression rates, click-throughs or purchase bonuses, or per-campaign fees;

E. Whether any of the bidders knew the specific identity of the user, and if so whether the bidder provided the identity to Facebook or whether the bidder determined the identity in whole or in part on the basis of information received from Facebook; and

F. Whether the user purchased the advertised product or service, and the name and price of the product or service if purchased, regardless of which site or app the item was purchased on, and any additional revenues Facebook received as a result.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

Meta incorporates by reference its General Objections and its Objections to the Definitions and Instructions.

Meta objects to this Request on the ground that it is overly broad, unduly burdensome, and not proportional to the needs of the case, including without limitation because it broadly seeks data regarding "all characteristics identified to the advertiser for the purpose of selling the advertisement" without regard to relevance or proportionality. Meta further objects to this Request on the ground that it is overly broad, unduly burdensome, and not proportional to the needs of the case, including without limitation because it seeks structured data regarding all advertisements served to a sample of users during a more than 14-year period on a "daily" basis. Meta also objects to this Request as vague and ambiguous, including without limitation to the extent it relies on the terms "internet location," "demographic information," "location," "social connections," "media viewed," "previous purchases," "click-throughs or purchase bonuses," and "per-campaign fees," each of which is undefined and susceptible to more than one meaning. Meta additionally objects to this Request to the extent it seeks information that Meta does not maintain in its normal course of business. Meta further objects to this Request to the extent it seeks the discovery of documents

1  that are protected from disclosure by the attorney-client privilege, work-product doctrine, or other
2  applicable privilege or immunity. Meta further objects to this Request to the extent it refers to
3  "Facebook Advertising Network," which does not exist. Meta will interpret this request as seeking
4  information related to the Meta Audience Network (formerly known as the Facebook Audience
5  Network).
6      Subject to and without waiving its objections, Meta stands ready to meet and confer as to
7  the scope of this Request. For the avoidance of doubt, Meta will not produce any documents in
8  response to this Request unless and until the Parties have mutually agreed on the scope of
9  production and subject matters implicated by this Request.

| | | |
|---|---|---|
| 1 | | |
| 2 | Dated: January 23, 2023 | Respectfully submitted, |
| 3 | | By: /s/ Molly M. Jennings |
| 4 | | SONAL N. MEHTA (SBN 222086) |
| 5 | | Sonal.Mehta@wilmerhale.com<br>WILMER CUTLER PICKERING HALE |
| 6 | | AND DORR LLP<br>2600 El Camino Real, Suite 400 |
| 7 | | Palo Alto, California 94306<br>Telephone: (650) 858-6000 |
| 8 | | |
| 9 | | DAVID Z. GRINGER (*pro hac vice*)<br>David.Gringer@wilmerhale.com |
| 10 | | WILMER CUTLER PICKERING HALE<br>AND DORR LLP |
| 11 | | 7 World Trade Center<br>250 Greenwich Street |
| 12 | | New York, New York 10007<br>Telephone: (212) 230-8800 |
| 13 | | |
| 14 | | ARI HOLTZBLATT (*pro hac vice*)<br>Ari.Holtzblatt@wilmerhale.com |
| 15 | | MOLLY M. JENNINGS (*pro hac vice*)<br>Molly.Jennings@wilmerhale.com |
| 16 | | WILMER CUTLER PICKERING HALE<br>AND DORR LLP |
| 17 | | 1875 Pennsylvania Ave NW<br>Washington, DC 20006 |
| 18 | | Telephone: (202) 663-6000 |
| 19 | | |
| 20 | | *Attorneys for Defendant Meta Platforms, Inc.* |