# EXHIBIT 13



# 1-6 Antitrust Law Developments 6B-3-c

Antitrust Law Developments > VOLUME I > CHAPTER 6 RELEVANT MARKET > B. Product Market Definition > 3. Economic Tests and Analyses

## c. NATURAL EXPERIMENTS

Analysis of **natural experiments**, which is specifically mentioned in the *2010 Merger Guidelines*,[240] allows the comparison of certain key economic factors, such as prices in different geographic markets with different numbers of competitors or prices in a hypothetical market before and after an alleged anticompetitive act. Such comparisons, when conducted properly to control for temporal differences as well as differences in the geographic market, can allow economists to draw conclusions on the competitive impact of the behavior being studied and can be used to analyze market definition.[241]

In *FTC v. Staples, Inc.*,[242] the FTC successfully challenged the merger of two office superstore chains by comparing prices in geographic areas where the two chains were co-located to prices in areas where they were not co-located. This comparison constituted a natural experiment with the areas without co-location serving as a proxy for how the merged firm would behave. The court agreed that this analysis demonstrated that prices were lower in areas where Staples and Office Depot were co-located.

Another type of natural experiment is price correlation. The rationale for analyzing price correlation in defining a relevant market is that if two products are in the same product market, then their prices should tend to move together over time.[243] Even though commentators have questioned the relevance of

---

[240] 2010 MERGER GUIDELINES, *supra* note 20, §§ 2.12, 6.1.

[241] *See, e.g.*, Mary Coleman & James Langenfeld, *Natural Experiments*, in 1 ABA SECTION OF ANTITRUST LAW, ISSUES IN COMPETITION LAW AND POL'Y, 743-72 (2008).

[242] 970 F. Supp. 1066 (D.D.C. 1997).

[243] United Food Mart v. Motiva Enters., 404 F. Supp. 2d 1344, 1348 (S.D. Fla. 2005).

price correlation as a tool for relevant market analysis,[244] some courts have found it to be informative but not dispositive.[245]

Antitrust Law Developments Ninth Edition

Copyright © 2024 American Bar Association    All Rights Reserved

---

**End of Document**

---

[244] *See, e.g.*, Daniel L. Rubinfeld, *Econometric Issues in Antitrust Analysis*, J. INSTITUTIONAL & THEORETICAL ECON. 62-77 (2010); Patrick J. Coe & David Krause, *An Analysis of Price-Based Tests of Antitrust Market Delineation*, 4 J. COMPETITION L. & ECON. 983-1007 (Apr. 2008).

[245] *See, e.g.*, United States v. Archer-Daniels-Midland Co., 866 F.2d 242, 246 (8th Cir. 1988) (acknowledging price correlation between sugar and high fructose corn syrup (HFCS), but holding that it was not dispositive because government support for sugar created an artificial price differential between the products to the point where sugar did not act as a constraint on HFCS).