**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Kevin Y. Teruya (Bar No. 235916)
 kevinteruya@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000

**HAGENS BERMAN SOBOL SHAPIRO LLP**
Shana E. Scarlett (Bar No. 217895)
 shanas@hbsslaw.com
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000

*Attorneys for Plaintiffs Maximilian Klein, Sarah Grabert, and Rachel Banks Kupcho*

[additional counsel information listed on the signature page]

**WILMER CUTLER PICKERING HALE AND DORR LLP**
SONAL N. MEHTA (SBN 222086)
 Sonal.Mehta@wilmerhale.com
2600 El Camino Real, Suite 400
Palo Alto, California 94306
Telephone: (650) 858-6000

DAVID Z. GRINGER (*pro hac vice*)
 David.Gringer@wilmerhale.com
7 World Trade Center
250 Greenwich Street
New York, New York 10007
Telephone: (212) 230-8800

*Attorneys for Defendant Meta Platforms, Inc.*

[additional counsel information listed on the signature page]

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| MAXIMILIAN KLEIN, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>META PLATFORMS, INC.,<br><br>Defendant.<br><br>This Document Relates To: All Consumer Actions | Consolidated Case No. 3:20-cv-08570-JD<br><br>**JOINT SUBMISSION OF PROPOSED VOIR DIRE QUESTIONS**<br><br>The Hon. James Donato<br><br>Pretrial Conference: September 25, 2025<br>Trial:                      November 17, 2025 |

Pursuant to the Court's Standing Order for Civil Jury Trials Before Judge James Donato, the Parties hereby submit the following set of proposed Voir Dire Questions.

I. **JOINTLY PROPOSED VOIR DIRE QUESTIONS**

The parties jointly propose the following questions for the Court's voir dire:

1. Counsel for Plaintiffs will introduce themselves and their clients.
   a. Do you know any of the attorneys?
   b. Are you personally acquainted with any of the Plaintiffs?
   c. Have you ever had any interactions, such as financial dealings, with any of the Plaintiffs?
2. Counsel for Defendant will introduce themselves and their clients.
   a. Do you know any of the attorneys?
   b. Are you personally acquainted with an officer, director, or employee of Meta Platforms, Inc., Facebook, Instagram, Oculus, or WhatsApp?
   c. Are you a Facebook, Instagram, or WhatsApp user? [Specify]
   d. Have you, an organization you are affiliated with, an employer, or someone close to you ever purchased advertising on Facebook or Instagram?
   e. Have you ever had any financial dealings with Meta Platforms or any of its divisions, such as Facebook, Instagram, Oculus, or WhatsApp?
   f. Do you own, or have you owned, stock in Meta Platforms, Inc., including its predecessor Facebook, Inc.?
3. Here is a list of potential witnesses who may testify at trial. Do you know any of these people?
4. Have you or has anyone close to you ever had background, training, or experience working in software/app development or social media?
5. Do you or anyone close to you have experience, education, or training in data collection, use, privacy, or cyber security?
6. Have you or anyone close to you been involved in a dispute about data collection, use, privacy, or protection, or cyber security?

7. Have you or anyone close to you ever worked for, or applied to work for, a social media company?
    a. If so, what company?
    b. If so, what was the job?
8. Do you have strong opinions, either positive or negative, about social media companies? If so, what is your opinion?
9. Do you have strong opinions, either positive or negative, about large technology companies? If so, what is your opinion?
10. Do you have strong opinions, either positive or negative, about Meta Platforms, Inc. or any of its products or services (e.g., Facebook, Instagram, WhatsApp, Messenger, Oculus)?
11. Have you seen the movie the "Social Network"?
12. Do you have any education, training or work experience with antitrust laws?
13. Have you ever worked for a company that was involved in an antitrust lawsuit or investigation?
    a. If so, who was your employer and what happened?
14. Do you have any education, training or work experience with data or privacy laws?
15. Have you ever worked for a company that was involved in a data or privacy lawsuit or investigation?
    a. If so, who was your employer and what happened?
16. Do you think there is enough competition between companies in the U.S. today?
17. Do you have any difficulty understanding English, or reading documents in English?
18. Have you read or heard anything about this case other than what you've heard here today?
19. Have you read or heard anything about a lawsuit filed by the FTC against Meta relating to Meta's acquisitions of Instagram and WhatsApp?
20. Do you have any medical, physical, psychological, or other personal issues that may affect your ability to serve on a jury?

21. As I mentioned earlier, the trial is expected to last at least two weeks. Is there anyone for whom the length of the trial will cause a genuine hardship?

22. Do you have any other problems that would make it impossible or difficult for you to concentrate on this case?

23. Is there anything I have not asked you about you that you believe could affect your ability to serve as a fair and impartial juror for this trial?

## II. META'S ADDITIONAL PROPOSED VOIR DIRE QUESTIONS

1. Do you believe that the involvement of Mark Zuckerberg in this case will prevent you from being a fair juror?

2. Do you use social media apps other than those from Meta, including TikTok, YouTube, Snap, or Twitter / X?

3. Are you hesitant to share your data or other information with the apps or websites that you use? Please explain.

4. Do you think that, when it comes to companies collecting your data, the potential risks outweigh any benefits?

5. Do you think that large technology companies intrude on consumers' privacy without permission for the purpose of collecting their private data?

6. Have you or has anyone close to you ever worked for Google, YouTube, TikTok, Snap, Twitter / X, the U.S. Department of Justice, or the Federal Trade Commission?

7. Do you think the social media industry should face additional regulation?

## III. PLAINTIFFS' ADDITIONAL PROPOSED VOIR DIRE QUESTIONS

1. Do you think that there are too many lawsuits in the U.S. today?

IV. **PLAINTIFFS' OBJECTIONS TO META'S PROPOSED VOIR DIRE AND SUPPORT FOR PLAINTIFFS' PROPOSED VOIR DIRE**

**Meta Q1:** Reference to "the involvement of Mark Zuckerberg in this case" is confusing and vague. The question also improperly suggests that a negative reaction after hearing relevant testimony from Mr. Zuckerberg that he publicly stated that Meta protected users' data while privately Meta was doing otherwise, would constitute being an "unfair juror."

**Meta Q2**: This question improperly and unnecessarily characterizes as "social media" selected apps Meta intends to use at trial to challenge Plaintiffs' relevant market definition. It also improperly places emphasis on certain apps, by asking jurors use about a selected subset of apps Meta intends to use to challenge Plaintiffs' relevant market definition.

**Meta Q3-Q4**: This question biases the jury by wrongly suggesting that they know or have control over whether they are "sharing their data or other information with the apps or websites that they use" or having companies "collect their data." In fact, the evidence of this case will show when it comes to using Facebook and Instagram they do not, because Meta has deceived these users about its collection and use of their data.  Meta's Question 4 further biases the jury by wrongly suggesting a company collecting a user's data has inherent "risks" that cannot be avoided, when in fact the evidence in this case will show bad outcomes involving users' data were due to Meta's intentional and deceitful conduct.

**Meta Q5**: This question improperly asks potential jurors to, before hearing the evidence in this case, decide a question that is closely related to issues they will be asked to decide, including whether Meta "intrude[d] on consumers' privacy without permission for the purpose of collecting their private data" by making misrepresentations about its data collection and use practices in order to monopolize the relevant market.

**Meta Q6-Q7**:  These questions are designed to unfairly identify and strike jurors who agree with antitrust laws that are the subject of this lawsuit

**Plaintiffs Q1**: This question properly identifies jurors who may not decide this case on the merits.

## V. META'S OBJECTIONS TO PLAINTIFFS' PROPOSED VOIR DIRE AND SUPPORT FOR META'S PROPOSED VOIR DIRE

**Plaintiffs Q1**: This question is unnecessary and overly broad, and will not identify potential biases relevant to this case. Whether a member of the venire thinks there are "too many lawsuits in the U.S." generally has nothing to do with his or her ability to fairly evaluate the parties' claims and defenses.

**Meta Q1**: Mr. Zuckerberg is a well-known public figure and Plaintiffs have made clear (including in this submission) that they intend to make him a focus of their case. This question properly identifies jurors who may have views about Mr. Zuckerberg that should be explored in voir dire.

**Meta Q2**: This question properly identifies jurors who have experience with relevant apps so that the Court can determine whether follow-up questions are appropriate to ensure that jurors decide this case on the merits. Insofar as Plaintiffs' objection is to the identification of exemplar social media apps, that parenthetical does not prejudge Plaintiffs' proposed market, which is for Personal Social Networking Services, not social media generally. At a minimum, the question should be asked initially without the examples in the parenthetical.

**Meta Q3-Q4**: These questions properly identify jurors who may not decide this case on the merits. Plaintiffs' objections boil down to their view that the questions do not include Plaintiffs' arguments in this case.

**Meta Q5**: This question properly identifies jurors who may not decide this case on the merits. Plaintiffs concede this question is "closely related to issues they will be asked to decide," and it thus is especially important that the Court understand whether jurors' preexisting views on that issue would prevent them from an unbiased determination based on the evidence in this case.

**Meta Q6-Q7**: These questions properly identify jurors who may not decide this case on the merits. Plaintiffs' objection—that "these questions are designed to unfairly identify and strike jurors who agree with antitrust laws that are the subject of this lawsuit"—makes no sense. Question 6 asks for work history for the juror or a close family member that may bear on a juror's ability to decide this case on the merits (including e.g., work for the FTC which has filed a case with overlapping

allegations). Question 7 asks at a high-level about preexisting views that might prevent jurors from an unbiased determination based on the evidence in this case so that the Court can determine whether additional follow-up is appropriate.

DATED: September 11, 2025

| By: */s/ Shana E. Scarlett* | By: */s/ Kevin Y. Teruya* |
|---|---|
| **HAGENS BERMAN SOBOL SHAPIRO LLP** | **QUINN EMANUEL URQUHART & SULLIVAN, LLP** |
| Shana E. Scarlett (Bar No. 217895) | Kevin Y. Teruya (Bar No. 235916) |
| shanas@hbsslaw.com | kevinteruya@quinnemanuel.com |
| 715 Hearst Avenue, Suite 202 | Adam B. Wolfson (Bar No. 262125) |
| Berkeley, CA 94710 | adamwolfson@quinnemanuel.com |
| (510) 725-3000 | Scott L. Watson (Bar No. 219147) |
|  | scottwatson@quinnemanuel.com |
| Steve W. Berman (admitted *pro hac vice*) | Claire D. Hausman (Bar No. 282091) |
| steve@hbsslaw.com | clairehausman@quinnemanuel.com |
| 1301 Second Avenue, Suite 2000 | Brantley I. Pepperman (Bar No. 322057) |
| Seattle, WA 98101 | brantleypepperman@quinnemanuel.com |
| (206) 623-7292 | 865 South Figueroa Street, 10th Floor |
|  | Los Angeles, CA 90017-2543 |
| **LOCKRIDGE GRINDAL NAUEN P.L.L.P.** | (213) 443-3000 |
| W. Joseph Bruckner (admitted *pro hac vice*) |  |
| wjbruckner@locklaw.com | Michelle Schmit (admitted *pro hac vice*) |
| Robert K. Shelquist (admitted *pro hac vice*) | michelleschmit@quinnemanuel.com |
| rkshelquist@locklaw.com | 191 N. Wacker Drive, Suite 2700 |
| Brian D. Clark (admitted *pro hac vice*) | Chicago, IL 60606-1881 |
| bdclark@locklaw.com | (312) 705-7400 |
| Laura M. Matson (admitted *pro hac vice*) |  |
| lmmatson@locklaw.com | Manisha M. Sheth (admitted *pro hac vice*) |
| 100 Washington Ave South, Suite 2200 | manishasheth@quinnemanuel.com |
| Minneapolis, MN 55401 | 295 5th Avenue, 9th Floor |
| (612) 339-6900 | New York, New York 10016 |
|  | (212) 849-7000 |
| Kyle Pozan (admitted pro hac vice) |  |
| kjpozan@locklaw.com |  |
| 1165 N Clark Street, Suite 700 |  |
| Chicago, IL 60610 |  |
| (312) 470-4333 |  |

*Attorneys for Plaintiffs Maximilian Klein, Rachel Banks Kupcho, and Sarah Grabert*

By: */s/ Sonal N. Mehta*
**WILMER CUTLER PICKERING HALE AND DORR LLP**
SONAL N. MEHTA (Bar No. 222086)
  Sonal.Mehta@wilmerhale.com
2600 El Camino Real, Suite 400
Palo Alto, California 94306
Telephone: (650) 858-6000

DAVID Z. GRINGER (*pro hac vice*)
  David.Gringer@wilmerhale.com
ALEX W. MILLER (*pro hac vice*)
  Alex.Miller@wilmerhale.com
PAUL VANDERSLICE (*pro hac vice*)
  Paul.Vanderslice@wilmerhale.com
7 World Trade Center
250 Greenwich Street
New York, New York 10007
Telephone: (212) 230-8800

MOLLY M. JENNINGS (*pro hac vice*)
  Molly.Jennings@wilmerhale.com
2100 Pennsylvania Avenue NW
Washington, DC 20037
Telephone: (202) 663-6000

*Attorneys for Defendant Meta Platforms, Inc.*

**ATTESTATION OF KEVIN Y. TERUYA**

This document is being filed through the Electronic Case Filing (ECF) system by attorney Kevin Y. Teruya. By his signature, Mr. Teruya attests that he has obtained concurrence in the filing of this document from each of the attorneys identified on the caption page and in the above signature block.

Dated: September 11, 2025          By  /s/ Kevin Y. Teruya
                                        Kevin Y. Teruya