**HAGENS BERMAN SOBOL SHAPIRO LLP**
Shana E. Scarlett (Bar No. 217895)
shanas@hbsslaw.com
715 Hearst Avenue, Suite 300
Berkeley, CA 94710
Telephone: (510) 725-3000

**QUINN EMANUEL URQUHART &
SULLIVAN, LLP**
Kevin Y. Teruya (Bar No. 235916)
kevinteruya@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000

*Attorneys for Plaintiffs Maximilian Klein,
Rachel Banks Kupcho, and Sarah Grabert*

**WILMER CUTLER PICKERING
  HALE AND DORR LLP**
Sonal N. Mehta (SBN 222086)
  Sonal.Mehta@wilmerhale.com
2600 El Camino Real, Suite 400
Palo Alto, California 94306
Telephone:  (650) 858-6000

David Z. Gringer (*pro hac vice*)
  David.Gringer@wilmerhale.com
7 World Trade Center
250 Greenwich Street
New York, New York 10007
Telephone:  (212) 230-8800

*Attorneys for Defendant Meta Platforms, Inc.*

[Additional counsel listed on signature page]

### UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| MAXIMILIAN KLEIN, et al., | Consolidated Case No. 3:20-cv-08570-JD |
| Plaintiffs, | **JOINT PROPOSED VERDICT FORMS AND OBJECTIONS** |
| vs. | The Hon. James Donato |
| META PLATFORMS, INC., | Pretrial Conference: September 25, 2025 |
| Defendant. | Trial:            November 17, 2025 |
| This Document Relates To:  All Consumer Actions | |

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

PLAINTIFFS' PROPOSED VERDICT FORM ................................................................................ 1
PLAINTIFFS' ALTERNATIVE PROPOSED VERDICT FORM (IF SPECIAL VERDICT FORM GIVEN OVER PLAINTIFFS OBJECTION) ....................................................................................... 3
META'S PROPOSED VERDICT FORM ...................................................................................... 8
PLAINTIFFS' POSITION RE VERDICT FORM ......................................................................... 13
META'S POSITION RE VERDICT FORM ................................................................................... 15

## PLAINTIFFS' PROPOSED VERDICT FORM

When answering the following questions and filling out this Verdict Form, please follow the directions provided throughout the form.  Your verdict must be unanimous.

We, the jury, return these answers as our verdict in this case:

### Count I – Monopolization, Section 2 of the Sherman Act

**Question No. 1:**

Did Plaintiffs prove, by a preponderance of evidence, that Meta willfully acquired or maintained monopoly power by engaging in anticompetitive conduct?

YES _____          NO _____

**If you answered "Yes" to Question No. 1, then continue to Question No. 2.**

**If you answered "No" to Question No. 1, then continue to Question No. 3.**

**Question No. 2:**

If you answered "Yes" to Question No. 1, state the amount of damages proven by Plaintiffs for Meta's monopolization that you found.

Plaintiff Maximilian Klein:          $_____

Plaintiff Sarah Grabert:          $_____

Plaintiff Rachel Banks Kupcho:          $_____

### Count II – Attempted Monopolization, Section 2 of the Sherman Act

**Question No. 3:**

Did Plaintiffs prove, by a preponderance of evidence, that Meta attempted to acquire or maintain monopoly power by engaging in anticompetitive conduct?

YES _____          NO _____

**If you answered "Yes" to Question No. 3, then continue to Question No. 4.**

**If you answered "No" to Question No. 3, then go to the bottom of the form.**

**Question No. 4:**

If you answered "Yes" to Question No. 3, state the amount of damages proven by Plaintiffs for Meta's attempted monopolization that you found.

Plaintiff Maximilian Klein:              $_____

Plaintiff Sarah Grabert:                 $_____

Plaintiff Rachel Banks Kupcho:        $_____

You have now reached the end of the Verdict Form and should review it to ensure it accurately reflects your unanimous determinations.  The Presiding Juror should then sign and date the Verdict Form in the spaces below and notify the Courtroom Deputy that you have reached a verdict.  The Presiding Juror should retain possession of the Verdict Form and bring it when the jury is brought back into the courtroom.

DATED: _____              Signed:


                                                          _____

                                                          Presiding Juror

JOINT PROPOSED VERDICT FORMS AND OBJECTIONS

**PLAINTIFFS' ALTERNATIVE PROPOSED VERDICT FORM (IF SPECIAL VERDICT FORM GIVEN OVER PLAINTIFFS OBJECTION)**

When answering the following questions and filling out this Verdict Form, please follow the directions provided throughout the form.  Your verdict must be unanimous.

We, the jury, return these answers as our verdict in this case:

**Count I – Monopolization, Section 2 of the Sherman Act**

**Question No. 1:**

Did Plaintiffs prove the existence of the Personal Social Networking Services Market in the United States?

YES _____          NO _____

**If you answered "Yes" to Question No. 1, then proceed directly to Question No. 3.**

**If you answered "No" to Question No. 1, then continue to Question No. 2.**

**Question No. 2:**

If you answered "No" to Question 1, did Plaintiffs prove the existence of another relevant antitrust market?

YES _____          NO _____

**If you answered "Yes" to Question No. 2, please specify the relevant product market and associated geographic market that Plaintiffs proved, then continue to Question No. 3.**

| Relevant Product Market | Relevant Geographic Market |
|---|---|
|  |  |

**If you answered "No" to Question No. 2, then go to Question No. 6.**

**Question No. 3:**

Did Plaintiffs prove that Meta willfully acquired or maintained monopoly power by engaging in anticompetitive conduct in any market that you specified in response to Question No. 1 or Question No. 2?

YES _____          NO _____

**If you answered "Yes" to Question No. 3, then continue to Question No. 4.**

**If you answered "No" to Question No. 3, then go to Question No. 6.**

**Question No. 4:**

If you answered "Yes" to Question No. 3, did Plaintiffs prove that they were injured as a result of Meta's violation of the antitrust laws?

YES _____          NO _____

**If you answered "Yes" to Question No. 4, then continue to Question No. 5.**

**If you answered "No" to Question No. 4, then go to Question No. 6.**

**Question No. 5:**

If you answered "Yes" to Question No. 4, state the amount of damages proven by Plaintiffs for Meta's monopolization that you found.

Plaintiff Maximilian Klein:                     $_____

Plaintiff Sarah Grabert:                        $_____

Plaintiff Rachel Banks Kupcho:                  $_____

**Count II – Attempted Monopolization, Section 2 of the Sherman Act**

**Question No. 6:**

Did Plaintiffs prove the existence of the Personal Social Networking Services Market in the United States?

YES _____    NO _____

**If you answered "Yes" to Question No. 6, then proceed directly to Question No. 8.**

**If you answered "No" to Question No. 6, then continue to Question No. 7.**

**Question No. 7:**

If you answered "No" to Question 6, did Plaintiffs prove the existence of another relevant antitrust market?

YES _____    NO _____

**If you answered "Yes" to Question No. 7, please specify the relevant product market and associated geographic market that Plaintiffs proved, then continue to Question No. 8.**

| Relevant Product Market | Relevant Geographic Market |
|---|---|
|  |  |

**If you answered "No" to Question No. 7, then go to the bottom of the form.**

**Question No. 8:**

Did Plaintiffs prove that Meta, with a specific intent, had a dangerous probability of acquiring or maintaining monopoly power by engaging in anticompetitive conduct in any market that you specified in response to Question No. 6 or Question No. 7?

YES _____          NO _____

**If you answered "Yes" to Question No. 8, then continue to Question No. 9.**

**If you answered "No" to Question No. 8, then go to the bottom of the form.**

**Question No. 9:**

If you answered "Yes" to Question No. 8, did Plaintiffs prove that they were injured as a result of Meta's violation of the antitrust laws?

YES _____          NO _____

**If you answered "Yes" to Question No. 9, then continue to Question No. 10.**

**If you answered "No" to Question No. 9, then go to the bottom of the form.**

**Question No. 10:**

If you answered "Yes" to Question No. 9, state the amount of damages proven by Plaintiffs for Meta's attempted monopolization that you found.

Plaintiff Maximilian Klein:                 $_____

Plaintiff Sarah Grabert:                     $_____

Plaintiff Rachel Banks Kupcho:          $_____

1
2
3

You have now reached the end of the Verdict Form and should review it to ensure it accurately reflects your unanimous determinations. The Presiding Juror should then sign and date the Verdict Form in the spaces below and notify the Courtroom Deputy that you have reached a verdict. The Presiding Juror should retain possession of the Verdict Form and bring it when the jury is brought back into the courtroom.

4
5

DATED: _____        Signed:

6
7

_____

8

Presiding Juror

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## META'S PROPOSED VERDICT FORM

You, the Jury, are to answer the following questions based on the evidence you've seen during this trial and according to the instructions.

## COUNT ONE

(Sherman Act § 2—Monopolization)

### Question 1

1. Have Plaintiffs proved that Personal Social Networking Services constitutes a relevant antitrust market?

☐ YES                ☐ NO

If you answered "NO" to Question 1, please proceed to the end of the verdict form, then sign and date the form.

If you answered "YES" to Question 1, proceed to Question 2.

### Question 2

2. Have Plaintiffs proved that the United States is a relevant geographic market?

☐ YES                ☐ NO

If you answered "NO" to Question 2, please proceed to the end of the verdict form, then sign and date the form.

If you answered "YES" to Question 2, proceed to Question 3.

### Question 3

3. Have Plaintiffs proved that Meta possesses monopoly power in the Personal Social Networking Services Market in the United States?

☐ YES                ☐ NO

If you answered "NO," please proceed to the end of the verdict form, then sign and date the form.

If you answered "YES," please proceed to Question 4.

**Question 4**

4.  Have Plaintiffs proved that each of the challenged representations and omissions were:

| Alleged Conduct | Answer | |
|---|---|---|
| Made by Meta or its authorized agent | ☐ YES | ☐ NO |
| Clearly false | ☐ YES | ☐ NO |
| Clearly material | ☐ YES | ☐ NO |
| Clearly likely to induce reasonable reliance | ☐ YES | ☐ NO |
| Made to persons without knowledge of the subject matter | ☐ YES | ☐ NO |
| Continued for prolonged periods of time | ☐ YES | ☐ NO |
| Not readily susceptible of neutralization or other offset by rivals | ☐ YES | ☐ NO |

If you answered "NO" to ANY of the parts of Question 4 in the table above, please proceed to the end of the verdict form, then sign and date the form.

If you answered "YES" to ALL parts of Question 4 in the table above, have Plaintiffs proved that each of the challenged representations and omissions had a significant and enduring adverse impact on competition?

☐ YES          ☐ NO

If you answered "NO," please proceed to the end of the verdict form, then sign and date the form.

If you answered "YES," please proceed to Question 5.

**Question 5**

5.  Please write the statement(s) for which you answered all aspects of Question 4 "YES."  If you did not answer all aspects of Question 4 "YES" for any statement, please check the box for "NONE":

| Statement | Speaker | Source | Date |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

☐ NONE

If you selected "NONE," please proceed to the end of the verdict form, then sign and date the form.

If you listed one or more statements, please proceed to Question 6.

**Question 6**

6.  Has Meta shown that the conduct challenged had a legitimate business justification?

☐ YES            ☐ NO

If you answered "NO," please proceed to Question 7.

If you answered "YES," please proceed to the end of the verdict form, then sign and date the form.

**Question 7**

7. Have Plaintiffs proved that they suffered injury to their business or property because of the statements you identified in response to Question 5?

☐ YES          ☐ NO

If you answered "NO," please proceed to the end of the verdict form, then sign and date the form.

If you answered "YES," please proceed to Question 8.


**Question 8**

8. Did any of the statements you identified in Question 5 occur before December 3, 2016?

☐ YES          ☐ NO

If you answered "NO," please proceed to Question 11.

If you answered "YES," please proceed to Question 9.


**Question 9**

9. Have Plaintiffs proved that Meta committed a new and independent act after December 3, 2016 that was not merely a reaffirmation of a previous act?

☐ YES          ☐ NO

If you answered "NO," please proceed to the end of the verdict form, then sign and date the form.

If you answered "YES," please proceed to Question 10.

**Question 10**

10. Have Plaintiffs proved that the statements you identified in Question 5 inflicted a new and accumulating injury on plaintiffs after December 3, 2016?

☐ YES          ☐ NO

If you answered "NO," please proceed to the end of the verdict form, then sign and date the form.

If you answered "YES," please proceed to Question 11.

**Question 11**

11. State the damages to each plaintiff caused by the statements you identified in Question 5 that occurred after December 3, 2016:

Maximilian Klein: _____

Sarah Grabert: _____

Rachel Banks Kupcho: _____

*Please sign and date the verdict form below.*

Dated: _____     FOREPERSON_____

**ATTEMPT INSTRUCTIONS (If Given Over Meta's Objection)**

1. Have Plaintiffs proved that Meta willfully made the statements identified in Question [X] with specific intent to achieve monopoly power in the Personal Social Networking Services Market in the United States?

2. Have Plaintiffs proved that there was a dangerous probability that Meta would achieve its goal of obtaining monopoly power in the Personal Social Networking Services Market in the United States through the statements you identified in response to Question [X]?

## PLAINTIFFS' POSITION RE VERDICT FORM

Plaintiffs propose a general verdict form. If the Court is inclined to give a special form over their objection, Plaintiffs propose one based on this Court's *Epic* and *Capacitors* forms.

***First***, Meta's form improperly omits questions regarding Plaintiffs' attempted monopolization claim. Meta's position that Plaintiffs "waived" their attempt claim during discovery and/or at summary judgment is baseless. Plaintiffs' complaint reflects each count (Dkt. 87 ¶¶ 260–83), and this Court acknowledged both of them in its class certification order (Dkt. 905 at 2). At no point has the Court dismissed Plaintiffs' attempt claim. Meta's argument Plaintiffs cannot alternatively maintain claims for both "monopoly maintenance" and attempted monopolization is wrong, as Plaintiffs detail in their arguments as to Jury Instructions Nos. 2, 16, 22, and the like. The verdict form must reflect Plaintiffs' attempt claim, and allow the jury flexibility as to "acquisition," as Plaintiffs' form does.[1]

***Second***, Meta's form is improperly restrictive in referencing the PSNS Market. In Meta's form, Plaintiffs lose if they do not prove the ***PSNS Market*** or Meta's power in **the PSNS Market**. Plaintiffs object to any verdict form that requires defining a market as an element of Plaintiffs' claims, as market definition is only necessary where showing the defendant's power indirectly (defining a market and calculating share), not directly (through anticompetitive effects). *Broadcom Corp. v. Qualcomm Inc.*, 501 F.3d 297, 307 n.3 (3d Cir. 2007). Plaintiffs will provide direct and indirect proof of Meta's power, permitting the jury to find for Plaintiffs without defining the market. Even were market definition required, Meta errs in asserting Plaintiffs take nothing if they do not prove the ***PSNS Market*** and Meta's power in that market only. The proof supporting the PSNS Market is overwhelming, but the jury must be permitted to find Meta has monopoly power in another market, including a permutation of the PSNS Market. That is what this Court recognized in *Epic*, which is why it ruled the verdict form should not be limited to the Epic's proffered market but instead allow the jury to find an alternate one. Case No. 3:21-md-2981-J.D. (N.D. Cal.), Dkts. 861 & 849 at 3244–

---

[1]    Meta's in the alternative "attempt" questions should also be rejected. Plaintiffs' general form addresses the "specific intent" and "dangerous probability" elements for an attempt claim by requiring the jury to answer whether Plaintiffs proved that claim, those elements on which the jury will be instructed. Plaintiffs' special form also addresses those elements with specific questions (Nos. 8 & 9). Meta's "attempt" questions also err by specifically requiring the jury to find the PSNS Market (rather than "a relevant market"), as discussed below.

45; *Epic Games, Inc. v. Apple, Inc.*, 67 F.4th 946, 978 n.9 (9th Cir. 2023). Plaintiffs form does so.

**Third**, Meta's Question Nos. 4 and 5 misstate what is required as to Plaintiffs' theory of anticompetitive conduct based on Meta's deception. Meta invokes the six-part test from *Am. Pro. Testing Serv., Inc. v. Harcourt Brace Jovanovich Legal & Pro. Publications, Inc.*, which concerns a defendant's "disparagement" of a rival. 108 F.3d 1147, 1152 (9th Cir. 1997). That test is not applicable here—Plaintiffs assert Meta monopolized the market by deceiving the market as to Meta's own privacy and data practices, not by disparaging a rival. *CoStar Grp., Inc. v. Com. Real Est. Exch., Inc.*, 2025 WL 2573045, at *12 (9th Cir. Sept. 5, 2025) (defendant's deception to adopt its platform is anticompetitive; not mentioning *Harcourt Brace* or six-part test). While Judge Koh previously applied *Harcourt Brace* to Plaintiffs' claims, over Plaintiffs' objection (Dkts. 109 at 22–23, 648 at 5), other courts have not applied that framework (which Plaintiffs referenced at summary judgment, Dkt. 953 at 13), and the Ninth Circuit did not in *CoStar*, which post-dates Judge Koh's ruling. Other courts have also not applied *Harcourt Brace* where, as here, the defendant deceives the market to adopt its own technology. *Arista Networks, Inc. v. Cisco Sys. Inc.*, 2018 WL 11230167, at *12 (N.D. Cal. May 21, 2018). Further, Meta's questions are legally erroneous in requiring Plaintiffs to meet **each** element of *Harcourt Brace* as to **each** deception. Nor, as required in Meta's Question No. 4, must Plaintiffs prove that "**each**" deception (as in all) affected competition; it is enough if one did.

**Fourth**, Meta's Question No. 6 regarding "legitimate business justification" is unnecessary, incomplete, and invites legal error. In answering whether Meta acted anticompetitively, the jury will have answered whether Meta's conduct was justified. Additionally, even if Meta establishes a legitimate business justification, under the law, that does not constitute a finding of no liability, as Meta's form incorrectly requires. Instead, Plaintiff may then counter it (Step 3 of the rule-of-reason), and, in any event, there is subsequent balancing (Step 4 of the rule-of-reason). *Epic Games, Inc. v. Apple, Inc.*, 67 F.4th 946, 990 (9th Cir. 2023). Meta's form includes none of these factors.

**Finally**, Plaintiffs object to Meta's inclusion of three separate questions relating to the statute of limitations. As explained in Plaintiffs' Arguments as to Jury Instruction Nos. 34 and 35, Plaintiffs challenge conduct and seek to recover for injuries that occurred **during** the limitations period. At a minimum, Meta's three separate questions are unnecessary and confusing.

## META'S POSITION RE VERDICT FORM

Meta's proposal is modeled after this Court's jury instructions and the verdict forms provided in *In re Capacitors Antitrust Litigation*, Case No. 3:14-cv-03264-JD and *Epic Games, Inc. v. Google LLC et al*., Case No. 3:20-cv-05671-JD. Plaintiffs' "general" verdict form fails to include questions on topics reflected in the jury instructions and specific questions the Ninth Circuit has instructed must be answered. Plaintiffs then proposed an equally deficient "special" verdict form the night before this filing. Both are incomplete, confusing, would impede review, and are incorrect as a matter of law.

*First*, plaintiffs' proposals invite the jury to find liability without determining whether plaintiffs satisfied every element of a Section 2 claim.  Courts frequently adopt verdict forms with the level of detail included in Meta's form, especially for complex antitrust claims.  *E.g.*, *MCI Commc'ns Corp. v. ATT Co.*, 708 F.2d 1081, 1093 (7th Cir. 1983) (upholding "special verdict form [that] required the jury to make a separate finding of liability as to each of the fifteen charges"); *Sidibe v. Sutter Health*, No. 3:12-cv-04584, Dkt. 1530 (N.D. Cal. Mar. 11, 2022) (verdict form asking for element-by-element factual findings in antitrust case); *In re: HIV Antitrust Litig.*, No. 3:19-cv-02573, ECF No. 2057 (N.D. Cal. June 30, 2023) (same). Plaintiffs' general verdict form is particularly deficient because it omits the requirement that plaintiffs prove a relevant market—"[a] threshold step in any antitrust case." *FTC v. Qualcomm Inc.*, 969 F.3d 974, 992 (9th Cir. 2020). "Failing to define a relevant market alone is fatal to an antitrust claim," and plaintiffs' general form elides that requirement entirely.  *Coronavirus Rep. v. Apple, Inc.*, 85 F.4th 948, 957 (9th Cir. 2023). Plaintiffs' special verdict form suffers similar faults, improperly rolling together numerous requiring findings into single questions like "Did Plaintiffs prove that Meta willfully acquired or maintained monopoly power by engaging in anticompetitive conduct in any market that you specified to Question No. 1 or Question No. 2?"  The failure to require a specific finding on monopoly power alone is legally dispositive; Meta cannot be found liable for monopolization absent such a determination by the jury.

*Second*, plaintiffs' forms ignore the legal test applicable to their claims, and suggest that Meta's conduct could violate the antitrust laws without the jury applying the *Harcourt* test.  Antitrust

claims premised on deception "should presumptively be ignored" and the Ninth Circuit has established a six-part test to identify those rare instances in which such allegations can "overcome a presumption that the effect on competition . . . [i]s de minimis." *Am. Pro. Testing Serv., Inc. v. Harcourt Brace Jovanovich Legal & Pro. Publications, Inc.*, 108 F.3d 1147, 1151-52 (9th Cir. 1997). Plaintiffs expressly told this Court their claims were subject to the *Harcourt* test, Hr'g Tr. 9:10-18 (Apr. 26, 2024),[2] and failed to challenge application of *Harcourt* in their opposition to Meta's motion for summary judgment. MSJ Opp. 10, 13, & n.4, Dkt. 952-01.

Moreover, plaintiffs' argument that *Harcourt* only applies to so-called rival disparagement claims has already been rejected ***in this case***. In response to plaintiffs' similar argument on their motion to dismiss, the Court found that the *Harcourt* test applies to claims like this one, where the claim is that "the defendant made false statements about its own product." *Klein v. Facebook, Inc.*, 580 F. Supp. 3d 743, 785 (N.D. Cal. 2022) (citing cases); *see also* Areeda & Hovenkamp, Antitrust Law ¶782b (recognizing application of *Harcourt* to statements about a defendant's products).

***Third***, plaintiffs direct the jury to make findings on issues that are not properly part of this case. On relevant market, plaintiffs invite the jury to select a market other than the sole market (PSNS) plaintiffs allege. That is improper. Plaintiffs point to the verdict form in *Epic*, but that case involved multiple asserted markets. Here, plaintiffs have advanced only one, and so the only question before the jury is whether plaintiffs have proved the one market they have alleged. Likewise, plaintiffs should not be able to present their acquisition and attempt theories to the jury for the reasons set forth in Meta's objections to plaintiffs' jury instructions Nos. 2 and 16. Thus, neither belongs on the verdict form. If the Court decides to instruct the jury on attempt, Meta proposes potential instructions above.

***Finally***, plaintiffs omit Meta's business justification defense. Meta is entitled to raise that argument, and the jury instructions explain the necessary showing, so it belongs on the verdict form.

---

[2] "MS. SCARLETT: The test that applies to the case that the consumers have brought—separate from the advertisers—is under a Ninth Circuit called Harcourt Brace. And there are six factors. One whether or not the deceptive conduct continued for a prolonged period, whether it was clearly material to consumers, whether it was clearly false, whether or not it was likely to induce reasonable reliance, and whether it was made to buyers with knowledge of the subject."

1    DATED: September 11, 2025

2    By: /s/ Shana E. Scarlett                          By: /s/ Kevin Y. Teruya
     **HAGENS BERMAN SOBOL SHAPIRO LLP**                **QUINN EMANUEL URQUHART & SULLIVAN, LLP**
3    Shana E. Scarlett (Bar No. 217895)                 Kevin Y. Teruya (Bar No. 235916)
      shanas@hbsslaw.com                                 kevinteruya@quinnemanuel.com
4    715 Hearst Avenue, Suite 202                        Adam B. Wolfson (Bar No. 262125)
     Berkeley, CA 94710                                   adamwolfson@quinnemanuel.com
5    (510) 725-3000                                      Scott L. Watson (Bar No. 219147)
                                                          scottwatson@quinnemanuel.com
6    Steve W. Berman (admitted *pro hac vice*)           Claire D. Hausman (Bar No. 282091)
      steve@hbsslaw.com                                   clairehausman@quinnemanuel.com
7    1301 Second Avenue, Suite 2000                      Brantley I. Pepperman (Bar No. 322057)
     Seattle, WA 98101                                    brantleypepperman@quinnemanuel.com
8    (206) 623-7292                                      865 South Figueroa Street, 10th Floor
                                                         Los Angeles, CA 90017-2543
9    **LOCKRIDGE GRINDAL NAUEN P.L.L.P.**                (213) 443-3000
     W. Joseph Bruckner (admitted *pro hac
10   vice*)                                              Michelle Schmit (admitted *pro hac vice*)
      wjbruckner@locklaw.com                              michelleschmit@quinnemanuel.com
11   Robert K. Shelquist (admitted *pro hac              191 N. Wacker Drive, Suite 2700
     vice*)                                              Chicago, IL 60606-1881
12    rkshelquist@locklaw.com                            (312) 705-7400
     Brian D. Clark (admitted *pro hac vice*)
13    bdclark@locklaw.com                                Manisha M. Sheth (admitted *pro hac vice*)
     Laura M. Matson (admitted *pro hac vice*)            manishasheth@quinnemanuel.com
14    lmmatson@locklaw.com                               295 5th Avenue, 9th Floor
     100 Washington Ave South, Suite 2200               New York, New York 10016
15   Minneapolis, MN 55401                               (212) 849-7000
     (612) 339-6900
16
     Kyle Pozan (admitted pro hac vice)
17    kjpozan@locklaw.com
     1165 N Clark Street, Suite 700
18   Chicago, IL 60610
     (312) 470-4333
19
                  *Attorneys for Plaintiffs Maximilian Klein,*
20                *Rachel Banks Kupcho, and Sarah Grabert*

21

22

23

24

25

26

27

28

By:  */s/ Sonal N. Mehta*
**WILMER CUTLER PICKERING HALE AND DORR LLP**
SONAL N. MEHTA (Bar No. 222086)
  Sonal.Mehta@wilmerhale.com
2600 El Camino Real, Suite 400
Palo Alto, California 94306
Telephone: (650) 858-6000

DAVID Z. GRINGER (*pro hac vice*)
  David.Gringer@wilmerhale.com
ALEX W. MILLER (*pro hac vice*)
  Alex.Miller@wilmerhale.com
PAUL VANDERSLICE (*pro hac vice*)
  Paul.Vanderslice@wilmerhale.com
7 World Trade Center
250 Greenwich Street
New York, New York 10007
Telephone: (212) 230-8800

MOLLY M. JENNINGS (*pro hac vice*)
  Molly.Jennings@wilmerhale.com
2100 Pennsylvania Avenue NW
Washington, DC 20037
Telephone: (202) 663-6000


***Attorneys for Defendant Meta Platforms, Inc.***

## ATTESTATION OF KEVIN Y. TERUYA

This document is being filed through the Electronic Case Filing (ECF) system by attorney Kevin Y. Teruya. By his signature, Mr. Teruya attests that he has obtained concurrence in the filing of this document from each of the attorneys identified on the caption page and in the above signature block.

Dated: September 11, 2025          By   */s/ Kevin Y. Teruya*
                                            Kevin Y. Teruya